UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CHEVRON CORPORATION,

                Plaintiff,

     v.

STEVEN DONZIGER, THE LAW OFFICES OF
STEVEN R. DONZIGER, PABLO FAJARDO
MENDOZA, LUIS YANZA, FRENTE DE
DEFENSA DE LA AMAZONIA A/K/A AMAZON
DEFENSE FRONT, SELVA VIVA SELVIVA
CIA, LTDA., STRATUS CONSULTING, INC.,
DOUGLAS BELTMAN, ANN MAEST, MARIA
AGUINDA SALAZAR, CARLOS GREFA
HUATATOCA, CATALINA ANTONIA
AGUINDA SALAZAR, LIDIA ALEXANDRA
AGUINDA AGUINDA, PATRICIO ALBERTO
CHIMBO YUMBO, CLIDE RAMIRO AGUINDA
AGUINDA, LUIS ARMANDO CHIMBO
YUMBO, BEATRIZ MERCEDES GREFA
TANGUILA, LUCIO ENRIQUE GREFA
TANGUILA, PATRICIO WILSON AGUINDA
AGUINDA, CELIA IRENE VIVEROS
CUSANGUA, FRANCISCO MATIAS
ALVARADO YUMBO, FRANCISCO
ALVARADO YUMBO, OLGA GLORIA GREFA
CERDA, LORENZO JOSÉ ALVARADO
YUMBO, NARCISA AIDA TANGUILA
NARVÁEZ, BERTHA ANTONIA YUMBO
TANGUILA, GLORIA LUCRECIA TANGUILA
GREFA, FRANCISCO VICTOR TANGUILLA

Case No. 11-CV-0691

**DECLARATION OF
KRISTEN L. HENDRICKS IN
SUPPORT OF CHEVRON
CORPORATION'S MOTION
FOR PRELIMINARY
INJUNCTION**

1

GREFA, ROSA TERESA CHIMBO TANGUILA,      :
JOSÉ GABRIEL REVELO LLORE, MARÍA         :
CLELIA REASCOS REVELO, MARÍA
MAGDALENA RODRÍGUEZ BARCENES,            :
HUGO GERARDO CAMACHO NARANJO, JOSÉ       :
MIGUEL IPIALES CHICAIZA, HELEODORO
PATARON GUARACA, LUISA DELIA             :
TANGUILA NARVÁEZ, LOURDES BEATRIZ        :
CHIMBO TANGUILA, MARÍA HORTENCIA         :
VIVEROS CUSANGUA, SEGUNDO ÁNGEL          :
AMANTA MILÁN, OCTAVIO ISMAEL             :
CÓRDOVA HUANCA, ELIAS ROBERTO            :
PIYAHUAJE PAYAHUAJE, JAVIER PIAGUAJE     :
PAYAGUAJE, DANIEL CARLOS LUSITANDE       :
YAIGUAJE, BENANCIO FREDY CHIMBO          :
GREFA, GUILLERMO VICENTE PAYAGUAJE       :
LUSITANTE, DELFÍN LEONIDAS PAYAGUAJE     :
PAYAGUAJE, ALFREDO DONALDO               :
PAYAGUAJE PAYAGUAJE, TEODORO             :
GONZALO PIAGUAJE PAYAGUAJE, MIGUEL       :
MARIO PAYAGUAJE PAYAGUAJE, FERMIN        :
PIAGUAJE PAYAGUAJE, REINALDO             :
LUSITANDE YAIGUAJE, LUIS AGUSTÍN         :
PAYAGUAJE PIAGUAJE, EMILIO MARTÍN        :
LUSITANDE YAIGUAJE, SIMON LUSITANDE      :
YAIGUAJE. ARMANDO WILFRIDO PIAGUAJE      :
PAYAGUAJE, and ÁNGEL JUSTINO             :
PIAGUAGE LUCITANTE,                      :
                                         :
            Defendants.                  :
                                         :
- - - - - - - - - - - - - - - - - - - - - :
                                         x

     I, Kristen L. Hendricks, hereby declare under penalty of perjury pursuant to 28 U.S.C.

§ 1746, that the following is true and correct:

     1.    I am an attorney licensed to practice law in the State of New York and before this

Court.  I am an associate in the law firm of Gibson, Dunn & Crutcher, LLP, counsel of record for

Chevron Corporation ("Chevron") in the above-captioned matter.  I make this declaration, based

on personal knowledge, in support of Chevron's Motion for Preliminary Injunction.  If called as a witness, I could and would testify to the same as stated herein.

## *CRUDE* OUTTAKES AND MEDIA FILES

2.      Attached hereto as Exhibit 1 is a CD containing true and correct copies of selected excerpts from the unreleased footage from the movie *Crude*.  Pursuant to the orders of this Court and the Second Circuit Court of Appeals, on July 19, 2010, filmmaker Joseph Berlinger began producing to Chevron unreleased footage ("outtakes") gathered during the filming of the movie *Crude*.  The excerpts included in Exhibit 1 are segments of video excerpted from digitized copies of the tapes produced by Mr. Berlinger.  The digitized copies were created, pursuant to Mr. Berlinger's request, by a reputable post production house called PostWorks New York, located in New York City.

3.      Attached as Exhibit 2 are true and correct copies of the certified transcriptions and translations of the video files contained in Exhibit 1.

4.      I have reviewed both the video files contained on Exhibit 1 and the certified transcriptions and translations of these video files contained in Exhibit 2.  During the course of my representation of Chevron, I have developed personal knowledge of the visual identities of the following individuals:

- Richard Cabrera (court expert in the Lago Agrio Litigation)
- Carlos Beristain (member of Cabrera's team)
- Steven Donziger (counsel for the Lago Agrio Plaintiffs)
- Pablo Fajardo Mendoza (counsel for the Lago Agrio Plaintiffs)
- Joseph Kohn (financier of the Lago Agrio Plaintiffs' case)
- Luis Yanza (coordinator for the Lago Agrio Plaintiffs and representative of the Amazon Defense Front or Frente de Defensa de la Amazonia)
- Ann Maest (Managing Scientist at Stratus Consulting, Inc. and E-Tech International, consultants for the Lago Agrio Plaintiffs)
- Douglas Beltman (Executive Vice President of Stratus Consulting, Inc.)
- Joshua Lipton (President of Stratus Consulting, Inc.)
- David Chapman (Principal of Stratus Consulting, Inc.)

3

- Preston Sowell (of Stratus Consulting, Inc.)
- Charles Champ (of Champ Science and Engineering, consultant for Lago Agrio Plaintiffs)
- Richard ("Dick") Kamp (of E-Tech International)
- William Powers (subcontractor for Stratus Consulting, Inc.)
- Mark Quarles (consultant for the Lago Agrio Plaintiffs)
- Atossa Soltani (founder and director of Amazon Watch)
- Kevin Koenig (of Amazon Watch)
- Leila Salazar (of Amazon Watch)
- Alejandro Ponce Villacis (counsel for the Lago Agrio Plaintiffs)
- Julio Prieto Mendez (counsel for the Lago Agrio Plaintiffs)
- Juan Pablo Saenz Mena (counsel for the Lago Agrio Plaintiffs)
- Olga Lucía Gomez (member of the Lago Agrio Plaintiffs' technical team)
- Luis Villacreces (expert for the Lago Agrio Plaintiffs)
- Luis Macas (leader of the Confederación de Nacionalidades Indigenas de Ecuador, a group of indigenous people in Ecuador)
- Ana Albán Mora (former Ecuadorian Minister of the Environment under President Correa)
- Alexis Mera (Secretary of Judicial Affairs, Ecuador)
- Trudie Styler (wife of singer Sting)
- Darryl Hannah (American actress)
- Adolfo Maldonado (of Acción Ecológica, an organization affiliated with the Amazon Defense Front)

5.      I have discussed and confirmed the identification of the individuals in paragraph 4 in the video files contained on Exhibit 1 with other attorneys who represent Chevron. In addition, I have consulted various third-party resources to confirm the identities of these individuals. For example, I have viewed the movie *Crude* in its entirety. Richard Cabrera, Steven Donziger, Pablo Fajardo, and Luis Yanza are identified by name and role in the movie. I have also visited E-Tech International's website (http://www.etechinternational.org) and viewed pictures of Ann Maest and Richard Kamp.

6.      Attached hereto as Exhibit 3 is a true and correct copy of a tape log from the movie *Crude*, which was produced by Joseph Berlinger.

7.      Attached hereto as Exhibit 4 is a true and correct copy of *Crude* the movie.

8.      Attached hereto as Exhibit 5 is a true and correct copy of other media.

4

9.      The video file identified on Exhibit 1 as CRS-028-01, shot on March 8, 2006 (according to J. Berlinger's footage log), depicts S. Donziger, P. Fajardo, and others discussing how there may be a "violent incident" if the judge does not allow their people to enter the judicial inspection.

10.     The video file identified on Exhibit 1 as CRS-032-00-CLIP-01, shot on March 9, 2006 (according to J. Berlinger's footage log), depicts S. Donziger discussing efforts to mobilize the country politically "so that no judge can rule against [the Lago Agrio Plaintiffs]."

11.     The video file identified on Exhibit 1 as CRS-034-03-CLIP-03, shot on March 9, 2006 (according to J. Berlinger's footage log), depicts a meeting between A. Soltani, A. Maest, M. Quarles, and W. Powers.  Soltani tells the others that the judge "gave me his, uh, name, number, address, home number, cell phone, email."

12.     The video file identified on Exhibit 1 as CRS-052-00-CLIP-05, shot on March 30, 2006 (according to J. Berlinger's footage log), depicts S. Donziger saying that "we're gonna confront" the judge and explaining that "this is something you would never do in the United States," "[b]ut Ecuador, you know, there's almost no rules here.  And this is how the game is played, it's dirty."

13.     The video file identified on Exhibit 1 as CRS-052-00-CLIP-06, shot on March 30, 2006 (according to J. Berlinger's footage log), depicts S. Donziger explaining that the Lago Agrio Plaintiffs intend to "pressure," "intimidat[e]," and "humiliat[e]" the judge.

14.     The video file identified on Exhibit 1 as CRS-053-01, shot on March 30, 2006 (according to J. Berlinger's footage log), depicts S. Donziger and others discussing their reactions to Donziger's act of barging into an Ecuadorian judge's office.

15.     The video file identified on Exhibit 1 as CRS-053-02-CLIP-03, shot on March 30, 2006 (according to J. Berlinger's footage log), depicts S. Donziger and A. Ponce discussing how Ecuadorian judges are "all corrupt!"

16.     The video file identified on Exhibit 1 as CRS-059-00-CLIP-01, shot on an unknown date in early 2006 (according to J. Berlinger's footage log), depicts a meeting between S. Donziger and K. Koenig.  Koenig reports that he spoke with the judge about how the other side gets more time to talk, and that the judge told him, "I just let them speak because they shoot themselves in the, in the foot."

17.     The video file identified on Exhibit 1 as CRS-060-00-CLIP-04, shot on April 13, 2006 (according to J. Berlinger's footage log), depicts S. Donziger explaining that "this is not a legal case, this is a political battle that's being played out through a legal case" and "that's why we spend so much time on the politics."

18.     The video file identified on Exhibit 1 as CRS-069-02-CLIP-03, shot on an unknown date, depicts S. Donziger discussing how the judicial inspections are "choreographed," and that "it's all about politics and arguing and bullshit and show."

19.     The video file identified on Exhibit 1 as CRS-104-01-CLIP-01, shot on July 24, 2006 (according to J. Berlinger's footage log), depicts S. Donziger discussing the need to exert "personal psychological pressure" on Chevron's "top executives."

20.     The video file identified on Exhibit 1 as CRS-105-00-CLIP-02, shot on July 24, 2006 (according to J. Berlinger's footage log), depicts a press conference speech by a representative of the Coalición Nacional, formed to support the Amazon Defense Front.  The representative states that "the Coalition will direct its troops, its artillery, so that [TexPet] is condemned once and for all in Ecuador and the international community."

21.     The video file identified on Exhibit 1 as CRS-109-00-CLIP-01, shot on November 14, 2006 (according to J. Berlinger's footage log), depicts S. Donziger saying that "[w]e got these secret Texaco documents from a New York law firm that is representing the government of Ecuador in a contract dispute with Chevron," but that "the New York law firm isn't sure we should use them 'cause they're worried it will have a negative impact on their client's interest in the New York case, which could also hurt us."

22.     The video file identified on Exhibit 1 as CRS-109-00-CLIP-02, shot on November 14, 2006 (according to J. Berlinger's footage log), depicts S. Donziger expressing concern about doing something that "reinforces the notion that we're [the Lago Agrio Plaintiffs and the Ecuadorian government] all . . . in bed together."

23.     The video file identified on Exhibit 1 as CRS-116-01-CLIP-01, shot on November 16 and 17, 2006 (according to J. Berlinger's footage log), depicts S. Donziger and L. Yanza discussing seeking damages from Texaco instead of the government because Texaco can pay a judgment.

24.     The video file identified on Exhibit 1 as CRS-129-00-CLIP-02, shot on an unknown date in late 2006 (according to J. Berlinger's footage log), depicts S. Donziger, A. Ponce, and an unidentified woman at a restaurant.  The woman observes that no judge would rule against the Lago Agrio Plaintiffs because "[h]e'll be killed."  Donziger agrees, then comments, "He might not be, but . . . he thinks he will be . . . .  Which is just as good."  Donziger then states, "You can solve anything with politics as long as the judges are intelligent enough to understand the politics . . . . [T]hey don't have to be intelligent enough to understand the law, just as long as they understand the politics."

25.     The video file identified on Exhibit 1 as CRS-137-03-CLIP-01, shot on December 6, 2006 (according to J. Berlinger's footage log), depicts a meeting at which a video presentation is being shown.  The presentation depicts S. Donziger, L. Salazar and A. Soltani of Amazon Watch.  In the video, Salazar states, "[w]e're working to turn up the heat on Chevron through various means, shareholder resolutions, major media coverage and major investigations through, for example, the Securities and Exchange Commission."

26.     The video file identified on Exhibit 1 as CRS-138-02-CLIP-01, shot on December 6, 2006 (according to J. Berlinger's footage log), depicts a discussion between S. Donziger and A. Soltani.  Donziger states, "The judge is going to appoint a guy in Ecuador, um, to be the expert but really, you know, we'll be supporting him with the work-- our people, E-Tech, whoever we choose to use."

27.     The video file identified on Exhibit 1 as CRS-138-02-CLIP-02, shot on December 6, 2006 (according to J. Berlinger's footage log), depicts S. Donziger saying that "the six billion" number "was based on this very rough estimate," and "[t]he reality is, based on what this guy is telling me, [it] would cost less than that.  Significantly less than that, you know?"

28.     The video file identified on Exhibit 1 as CRS-145-03-CLIP-01, shot on January 16, 2007 (according to J. Berlinger's footage log), depicts S. Donziger, L. Yanza, and others discussing a plan to accuse the two lead Texaco lawyers have not paid their taxes, even while recognizing that "it's not been established."

29.     The video file identified on Exhibit 1 as CRS-148-01-CLIP-01, shot on January 17, 2007 (according to J. Berlinger's footage log), depicts S. Donziger telling L. Yanza that it is problematic that the newspaper has run a photograph of them with a Winston & Strawn attorney

for the Republic of Ecuador.  Donziger says that he will deny that he is in the photo, and that they have to be very careful.

30.     The video file identified on Exhibit 1 as CRS-158-02-CLIP-06, shot on January 16, 2007 (according to J. Berlinger's footage log), depicts P. Fajardo reporting that he had two meetings with the President of the court of justice about the global expert examination, that they had tentatively set February 7 as the date the examination will begin.  Fajardo says, "we have more or less an idea of who it could be," and that "the expert that the court will be placing will be out of town prior to the 7th."

31.     The video file identified on Exhibit 1 as CRS-158-02-CLIP-09, shot on January 16, 2007 (according to J. Berlinger's footage log), depicts a meeting among S. Donziger, P. Fajardo, A. Villacis, J. Saenz, and J. Prieto about E-Tech's role in the global expert assessment. Donziger explains that "[s]cience has to serve the law practice; the law practice doesn't serve science."

32.     The video file identified on Exhibit 1 as CRS-159-00-CLIP-06, shot on January 16, 2007 (according to J. Berlinger's footage log), depicts a meeting among S. Donziger, P. Fajardo, L. Yanza, J. Saenz, and J. Prieto.  Donziger discusses strategies for determining the amount of damages to seek.

33.     The video file identified on Exhibit 1 as CRS-159-00-CLIP-10, shot on January 16, 2007 (according to J. Berlinger's footage log), depicts S. Donziger, P. Fajardo, J. Prieto, A. Ponce, and others discussing how studies do not show a causal link between oil contamination and cancer.

34.     The video file identified on Exhibit 1 as CRS-161-01-01-CLIP-01, shot on January 17, 2007 (according to J. Berlinger's footage log), depicts S. Donziger, P. Fajardo, L. Yanza, and others discussing getting Carlos Beristain involved in the global assessment.

35.     The video file identified on Exhibit 1 as CRS-162-03-CLIP-01, shot on January 17 and 18, 2007 (according to J. Berlinger's footage log), depicts S. Donziger saying that he is "really upset" that Petroecuador, "has a, a cleanup plan, to clean up a bunch of pits."  Donziger also discusses his meeting with President Correa and states, "You know, he's our friend, can we get to him?  And we have to get to him."

36.     The video file identified on Exhibit 1 as CRS-163-02-CLIP-02, shot on January 18, 2007 (according to J. Berlinger's footage log), depicts S. Donziger explaining that the Lago Agrio Plaintiffs and the Ecuadorian government have "been really helping each other."

37.     The video file identified on Exhibit 1 as CRS-169-05-CLIP-01, shot on January 31, 2007 (according to J. Berlinger's footage log), depicts a portion of a meeting (the "January 31st meeting) between S. Donziger and J. Kohn.  Donziger tells Kohn that the court will appointing the expert, and Kohn confirms that "our people would do the basic work and give it to this guy . . . 'Cause he's not gonna go out and do . . . the study."  Donziger informs Kohn that "[i]t would be our team . . . that we would pay . . . ."

38.     The video file identified on Exhibit 1 as CRS-169-05-CLIP-09, shot on January 31, 2007 (according to J. Berlinger's footage log), depicts a portion of the January 31st Meeting during which S. Donziger and J. Kohn discuss Chevron's concerns about a potential "conspiracy" between the Lago Agrio Plaintiffs and the Ecuadorian government.  Kohn says, "If only they knew."

39.     The video file identified on Exhibit 1 as CRS-169-05-CLIP-10, shot on January 31, 2007 (according to J. Berlinger's footage log), depicts a portion of the January 31st Meeting during which S. Donziger and J. Kohn discuss the proceedings before Judge Sand.  Donziger notes that he was "helping [Ecuador's counsel] with [its response to Chevron's statement of undisputed facts] last night."

40.     The video file identified on Exhibit 1 as CRS-170-00-CLIP-00, shot on January 31, 2007 (according to J. Berlinger's footage log), depicts a portion of the January 31st Meeting during which S. Donziger and J. Kohn discuss a report that the Attorney General of Ecuador gave to the U.S. Department of Justice.  Donziger explains that the Lago Agrio Plaintiffs' attorneys and the Amazon Defense Front prepared the report for the Attorney General, and Kohn comments that this report is something that the Lago Agrio Plaintiffs "could facilitate going away at the right time…"

41.     The video file identified on Exhibit 1 as CRS-170-00-CLIP-04, shot on January 31, 2007 (according to J. Berlinger's footage log), depicts a meeting between J. Kohn and an unidentified male.  Kohn states that the Lago Agrio case "was not taken as a *pro bono* case," and "a lot of my motivation is that I think at the end of the day it will be a lucrative case for the firm."

42.     The video file identified on Exhibit 1 as CRS-170-00-CLIP-06, shot on January 31, 2007 (according to J. Berlinger's footage log), depict S. Donziger and J. Kohn discussing the campaign against Chevron executives.  Donziger explains the "cost-benefit" calculation of the pressure campaign:  "I also think that if you run the costs in terms of the hassle, the management time, reputation, dealing with the board, looking bad, having your kids in school have friends who say 'hey, what did your daddy do in Ecuador'—I think all of that factors into it in an

11

extremely significant way, much more than the hard core costs, out of pocket expenses and stuff—I think that's where they're most vulnerable."

43.    The video file identified on Exhibit 1 as CRS-181-00-CLIP-04, shot on February 15, 2007 (according to J. Berlinger's footage log), depicts S. Donziger discussing strategies for enforcing an Ecuadorian judgment overseas.

44.    The video file identified on Exhibit 1 as CRS-187-01-02, shot on March 3, 2007 (according to J. Berlinger's footage log), depicts a portion of a meeting (the "March 3rd Meeting") at Selva Viva headquarters among members of the Lago Agrio Plaintiffs' legal team (including S. Donziger, P. Fajardo, and L. Yanza), their technical team (including A. Maest, R. Kamp, C. Champ), and Richard Cabrera, who was officially appointed two weeks after the meeting to be the "independent" court expert in the Lago Agrio Litigation. In this meeting, the participants set out how they will plan and execute the "global assessment" that is supposed to be undertaken and completed by the "independent" expert. This excerpt shows Cabrera sitting next to a screen showing a PowerPoint presentation titled "Plan Para El Examen Pericial Global." P. Fajardo discusses the content of the expert report, including how the final report should look.

45.    The video file identified on Exhibit 1 as CRS-188-00-CLIP-02, shot on March 3, 2007 (according to J. Berlinger's footage log), depicts a portion of the March 3rd Meeting. Donziger discusses the legal standards they intend to apply in testing for contamination.

46.    The video file identified on Exhibit 1 as CRS-188-01-CLIP-01, shot on March 3, 2007 (according to J. Berlinger's footage log), depicts a portion of the March 3rd Meeting. S. Donziger describes the remediation performed by Texaco as fraudulent and a "criminal offense" and discusses the actions brought by the State of Ecuador in relation to the remediation.

47.     The video file identified on Exhibit 1 as CRS-189-00-CLIP-02, shot on March 3, 2007 (according to J. Berlinger's footage log), depicts a portion of the March 3rd Meeting during which S. Donziger discusses a "work plan" for the global assessment to be prepared by the "independent" expert.

48.     The video file identified on Exhibit 1 as CRS-189-00-CLIP-03, shot on March 3, 2007 (according to J. Berlinger's footage log), depicts a portion of the March 3rd Meeting during which S. Donziger discusses the plan for the afternoon and appears to address Richard Cabrera directly.

49.     The video file identified on Exhibit 1 as CRS-189-00-CLIP-05, shot on March 3, 2007 (according to J. Berlinger's footage log), depicts a portion of the March 3rd Meeting during which S. Donziger discusses forming a work committee with A. Maest and the U.S. consultants to define and draft the work plan.

50.     The video file identified on Exhibit 1 as CRS-189-01-CLIP-01, shot on March 3, 2007 (according to J. Berlinger's footage log), depicts a portion of the March 3rd Meeting during which P. Fajardo, S. Donziger, and L. Yanza, and others discuss the presence of the FARC in the area.

51.     The video file identified on Exhibit 1 as CRS-191-00-CLIP-02, shot on March 3, 2007 (according to J. Berlinger's footage log), depicts a portion of the March 3rd Meeting. Richard Cabrera introduces himself and appears briefly on screen.

52.     The video file identified on Exhibit 1 as CRS-191-00-CLIP-03, shot on March 3, 2007 (according to J. Berlinger's footage log), depicts a portion of the March 3rd Meeting. P. Fajardo discusses how writing the expert report is the responsibility of everyone in the room.

53.     The video file identified on Exhibit 1 as CRS-192-00-CLIP-01, shot on March 3, 2007 (according to J. Berlinger's footage log), depicts a portion of the March 3rd Meeting. Richard Cabrera is depicted.

54.     The video file identified on Exhibit 1 as CRS-193-00-CLIP-01, shot on March 3, 2007 (according to J. Berlinger's footage log), depicts a portion of the March 3rd Meeting. S. Donziger discusses damages and suggests that the damages could be increased to $30 billion.

55.     The video file identified on Exhibit 1 as CRS-195-05-CLIP-01, shot on March 4, 2007 (according to J. Berlinger's footage log), depicts a portion of a meeting among S. Donziger, A. Maest, C. Champ, and R. Kamp, during which they discuss the global assessment (the "March 4th Meeting"). One of the experts discusses the need for evidence, and Donziger responds that they can "say whatever [they] want and at the end of the day," what will matter is public pressure on the court. Donziger also notes that "this is all for the Court just a bunch of smoke and mirrors and bullshit."

56.     The video file identified on Exhibit 1 as CRS-196-00-CLIP-01, shot on March 4, 2007 (according to J. Berlinger's footage log), depicts a portion of the March 4th Meeting during which S. Donziger says that the Lago Agrio Plaintiffs' "goal is that [Chevron doesn't] know shit." After one of the environmental experts references their interaction with Cabrera, Donziger instructs him not to talk about it and tells the camera crew that those statements were "off the record."

57.     The video file identified on Exhibit 1 as CRS-198-00-CLIP-06, shot on March 4, 2007 (according to J. Berlinger's footage log), depicts a portion of the March 4th Meeting during which S. Donziger says that a lawyer he worked for told him, "Facts do not exist. Facts are created." Donziger says that "ever since that day, I realized how the law works."

58.     The video file identified on Exhibit 1 as CRS-200-02-CLIP-03, shot on March 3 and 4, 2007 (according to J. Berlinger's footage log), depicts S. Donziger discussing the fees he would obtain from a settlement.

59.     The video file identified on Exhibit 1 as CRS-208-02-CLIP-01, shot on March 5, 2007 (according to J. Berlinger's footage log), depicts S. Donziger saying that the judge is "just not moving on a key issue and we're meeting with a Supreme Court judge today to talk about it."

60.     The video file identified on Exhibit 1 as CRS-210-02-CLIP-01, shot on March 6, 2007 (according to J. Berlinger's footage log), depicts a press conference during which the Lago Agrio Plaintiffs' representative L. Macas noted that Plaintiffs had held a meeting with Judge German Yánez the day prior, concerning the global expert report.

61.     The video file identified on Exhibit 1 as CRS-211-01-CLIP-01, shot on March 6, 2007 (according to J. Berlinger's footage log), depicts S. Donziger later referring to L. Macas's comments as "dangerous" because "we have to be very careful to not give the idea" that the Lago Agrio Plaintiffs are not "respecting the basis of the case."

62.     The video file identified on Exhibit 1 as CRS-221-02-CLIP-01, shot on March 29, 2007 (according to J. Berlinger's footage log), depicts a meeting of P. Fajardo, A. Ponce, and J. Prieto, and L. Yanza with A. Mera, Ecuador's Secretary of Judicial Affairs.

63.     The video file identified on Exhibit 1 as CRS-255-00-CLIP-01, shot on April 24, 2007 (according to J. Berlinger's footage log), depicts S. Donziger discussing the United States-Ecuador Bilateral Investment Treaty and stating that "one of the things we're talking about now with Ecuador's Government is to either get rid of these treaties or modify them."

64.     The video file identified on Exhibit 1 as CRS-261-00-CLIP-01, shot on April 24, 2007 (according to J. Berlinger's footage log), depicts S. Donziger discussing the work of

Amazon Watch, and stating that "the pain Amazon Watch can cause Chevron in many respects is greater than the pain we can cause."

65.     The video file identified on Exhibit 1 as CRS-268-00-CLIP-01, shot on April 26, 2007 (according to J. Berlinger's footage log), depicts S. Donziger talking on the phone and saying that it might be time to "ask for the head of Perez Pallares."

66.     The video file identified on Exhibit 1 as CRS-269-01-04, shot on April 26, 2007 (according to J. Berlinger's footage log), depicts a meeting (the "April 26th Meeting") held at Stratus's office.  The video shows A. Maest at the meeting, and S. Donziger confirms that D. Chapman, J. Lipton, P. Sowell, and D. Beltman are also present.  Donziger explains that they recently received an order that the damages claim needs to be finished in 120 days.

67.     The video file identified on Exhibit 1 as CRS-269-01-08, shot on April 26, 2007 (according to J. Berlinger's footage log), depicts a later part of the April 26th Meeting. J. Lipton recaps some of the damages categories discussed and says to S. Donziger, "we loved the whole package."

68.     The video file identified on Exhibit 1 as CRS-345-02-CLIP-05, shot on June 4, 2007 (according to J. Berlinger's footage log), depicts S. Donziger and P. Fajardo meeting *ex parte* with Lago Agrio Judge Yánez about swearing in Richard Cabrera.

69.     The video file identified on Exhibit 1 as CRS-346-00-CLIP-02, shot on June 4, 2007 (according to J. Berlinger's footage log), depicts S. Donziger and P. Fajardo discussing the need to "be more and more aggressive," and "organize pressure demonstrations at the court and vigilance."  Fajardo notes that "the idea is to teach a lesson to this judge" and send a "message to the court."

70.     The video file identified on Exhibit 1 as CRS-347-00-CLIP-01, shot on June 4 and 5, 2007 (according to J. Berlinger's footage log), depicts A. Soltani, actress D. Hannah, and others meeting *ex parte* with Lago Agrio Judge Yánez.  Soltani questions Judge Yánez about why the global expert investigation process has not yet started.

71.     The video file identified on Exhibit 1 as CRS-350-04-CLIP-01, shot on June 6, 2007 (according to J. Berlinger's footage log), depicts a portion of the June 6th Meeting. S. Donziger discusses the need for the Lago Agrio Plaintiffs to "do more, politically, to control the court, to pressure the court" since, according to Donziger, the Ecuadorian court "make[s] decisions based on who they fear the most."

72.     The video file identified on Exhibit 1 as CRS-350-04-CLIP-02, shot on June 6, 2007 (according to J. Berlinger's footage log), depicts a portion of the June 6th Meeting during which S. Donziger discusses the Lago Agrio Plaintiffs' need for their "own army . . . to watch over the court."  The group discusses this idea in some detail with L. Yanza noting that they can "provide weapons" to the army if need be.  A. Soltani points out to Donziger that "it's illegal to conspire to break the law" and asks whether the *Crude* footage can be subpoenaed.

73.     The video file identified on Exhibit 1 as CRS-361-11-CLIP-01, shot on June 13, 2007 (according to J. Berlinger's footage log), depicts S. Donziger stating that the court "never would have done [Richard Cabrera's appointment] had we not really pushed him."

74.     The video file identified on Exhibit 1 as CRS-376-03-CLIP-01, shot on June 8, 2007 (according to J. Berlinger's footage log), depicts P. Fajardo discussing "re-open[ing]" the "investigation into the fraud of—of the contract between Texaco and the Ecuadorian Government."

75.     The video file identified on Exhibit 1 as CRS-376-04-CLIP-01, shot on June 8, 2007 (according to J. Berlinger's footage log), depicts S. Donziger discussing that the Lago Agrio Plaintiffs need to control and pressure the judge, in part by using the President's influence: "[l]ike the President of the country calling him out." Donziger discusses "pressuring the national prosecutor to open criminal cases."

76.     The video file identified on Exhibit 1 as CRS-421-00-CLIP-03, shot on July 24, 2007 (according to J. Berlinger's footage log), depicts a meeting P. Fajardo, S. Donziger, T. Styler, A. Albán, and several unidentified people. Albán, who is presenting to the group, says that a "very close . . . friend of the [Lago Agrio Plaintiffs' group] Frente de Amazonía" is working with her on the remediation.

77.     The video file identified on Exhibit 1 as CRS-482-00-CLIP-01, shot on April 14, 2008 (according to J. Berlinger's footage log), depicts S. Donziger speaking about the strategy to enforce the Ecuadorian judgment.

## EVIDENCE CITED IN ANNOTATED COMPLAINT

## INTRODUCTION

78.     Attached hereto as Exhibit 6 is a true and correct copy of portions of the transcript of the deposition of Steven Donziger, taken on November 29, 2010, December 1, 2010, December 8, 2010, December 22, 2010, December 13, 2010, December 22, 2010, December 23, 2010, December 29, 2010, January 8, 2011, January 18, 2011, and January 19, 2011 in *In re Application of Chevron*, No. 10 MC 00002 (LAK) (S.D.N.Y.).

79.     Attached hereto as Exhibit 7 is a true and correct copy of a filing by P. Fajardo in the Lago Agrio Litigation on September 16, 2008, purporting to pose comments and questions

about the "Expert Opinion submitted by the Expert, Richard Cabrera," and a certified English translation thereof.

80.     Attached hereto as Exhibit 8 is a true and correct copy of Cabrera's Supplemental Report, filed in the Lago Agrio Litigation on November 17, 2008, and a certified English translation thereof.

81.     Attached hereto as Exhibit 9 is a true and correct copy of an email chain dated October 27, 2008 among D. Beltman, J. Peers, and A. Maest with the subject, "Ecuador. Doug – you should read this," produced by Stratus and bearing the Bates numbers STRATUS-NATIVE051388 – 051389.

82.     Attached hereto as Exhibit 10 is a true and correct copy of an email dated August 1, 2008 from D. Beltman to A. Maest and others at Stratus with the subject, "Cabrera report comments," produced by Stratus and bearing the Bates numbers STRATUS-NATIVE058697 – 058698.

83.     Attached hereto as Exhibit 11 is a true and correct copy of an email dated March 30, 2010 from J. Prieto to S. Donziger, L. Yanza, and P. Fajardo with the subject, "Protection Action," produced by S. Donziger and bearing the Bates number DONZ00055225, and a certified English translation thereof.

84.     Attached hereto as Exhibit 12 is a true and correct copy of an email chain dated May 16, 2010 among J. Horowitz, A. Wilson, S. Donziger, and others with the subject, "Rule 60(b) And Stratus Materials," produced by S. Donziger and bearing the Bates number DONZ00056679.

85.     Attached hereto as Exhibit 13 is a true and correct copy of an email chain dated May 25, 2010 among E. Westenberger, J. Abady, and others ending with an email with the

subject, "print for trip," produced by S. Donziger and bearing the Bates numbers

DONZ00067932 – 00067933.

## PARTIES AND RELEVANT NON-PARTIES

86.     Attached hereto as Exhibit 14 is true and correct copy of an email dated

November 3, 2006 from S. Donziger to David Kuhn with the subject, "Book Proposal attached,"

and attachments, produced by S. Donziger and bearing the Bates numbers DONZ00006706 –

00006709.

## SUBJECT MATTER  JURSIDICTION AND VENUE

## PERSONAL JURSIDICTION

## FACTUAL BASIS FOR CLAIMS

### A.     Background

#### 1.     TexPet Participates in Ecuador's State Oil Consortium and Negotiates Release From Liability in Return for Specified Remediation

87.     Attached hereto as Exhibit 15 is a true and correct copy of Superior Decree No.

205-A, dated February 5, 1964, published in Official Record No. 186 on February 21, 1964, and

a certified English translation thereof.

88.     Attached hereto as Exhibit 16 is a true and correct copy of an Agreement Between

the Government of Ecuador, Ecuadorian Gulf Oil Company, and Texaco Petroleum Company,

dated August 6, 1973, and a certified English translation thereof.

89.     Attached hereto as Exhibit 17 is a true and correct copy of an Agreement Among

the Government of Ecuador, Ecuadorian Petroleum Corporation, and Ecuadorian Gulf Oil

Company, dated May 27, 1977, bearing the Bates number ROE002547 – 002571, and a certified

English translation thereof.

90.     Attached hereto as Exhibit 18 is a true and correct copy of the Napo Agreements and Napo Joint Operating Agreement made and entered into on January 1, 1965.

91.     Attached hereto as Exhibit 19  is a true and correct copy of an Agreement for the Change of Operator of the Consortium Petroecuador-Texaco, dated June 30, 1990, and a contemporaneous English translation thereof.

92.     Attached hereto as Exhibit 20  is a true and correct copy of an article by Kristi Jacques entitled, "Environmental Justice Case Study: Texaco's Oil Production in the Ecuadorian Rainforest," *available at* http://www.umich.edu/~snre492/Jones/texaco.htm.

93.     Attached hereto as Exhibit 21 is a true and correct copy of an article entitled, "Petroecuador diagnostica los daños ambientales por crudo" ["Petroecuador assesses environmental damage caused by crude oil"], EL UNIVERSO, dated February 28, 2009, *available at* http://www.eluniverso.com/2009/02/28/1/1356/45286F57B7784D0EBCD19E45E5A974DE.html, and a certified English translation thereof.

94.     Attached hereto as Exhibit 22 is a true and correct copy of a statements made by President Rafael Correa at a press conference in Lago Agrio, Ecuador, dated April 27, 2007, and a certified English translation thereof.

95.     Filed concurrently herewith as Exhibit 5 is a DVD with a true and correct copy of an audio recording of the statements made by President Rafael Correa at the press conference in Lago Agrio, Ecuador on April 27, 2007.

96.     Attached hereto as Exhibit 23 is a true and correct copy of the Final Report of the FLACSO-Petroecuador Project Phase Two:  Study on Socio-Environmental Conflicts in the

Sacha and Shushufindi Fields (1994-2002) by Dr. Guillaume Fontaine, dated November 2003, and a certified English translation thereof.

97.     Attached hereto as Exhibit 24 is a true and correct copy of portions of the transcript of the deposition of Diego Tamariz, taken on November 14, 2006, in *Republic of Ecuador v. ChevronTexaco Corp.*, No. 04CV8378LBS (S.D.N.Y.).

98.     Attached hereto as Exhibit 25 is a true and correct copy of a letter from Diego Tamariz Serrano, Minister of Energy and Mines, to Luis Román Lazo, Executive President of Petroecuador, and a contemporaneous English translation thereof.

99.     Attached hereto as Exhibit 26 is a true and correct copy of a letter dated May 11, 1990 from Diego Tamariz Serrano, Minister of Energy and Mines, to Warren Gillies, General Manager of Texaco Petroleum Company, and a contemporaneous English translation thereof.

100.     Attached hereto as Exhibit 27 is a true and correct copy of a letter dated June 1, 1990 from Warren Gillies, Vice President and Managing Director of Texaco Petroleum Company, to Diego Tamariz, Minister of Energy and Mining, and a contemporaneous English translation thereof.

101.     Attached hereto as Exhibit 28 is a true and correct copy of a letter dated June 1, 1992 from Nat. Hydrocarbons Dir., Department of Technical Registry to Rafael Almeida Mancheno, Minister of Energy and Mining, and a contemporaneous English translation thereof.

102.     Attached hereto as Exhibit 29 is a true and correct copy of portions of the transcript of the deposition of Giovanni Elicio Mario Rosania Schiavone, taken on October 19, 2006, in *Republic of Ecuador v. ChevronTexaco Corp.*, No. 04 CV 8378 LBS (S.D.N.Y.).

103.     Attached hereto as Exhibit 30 is a true and correct copy of a letter dated July 8, 1994 from Patrick Lynch to Alberto Dahik, Constitutional Vice President of the Republic of Ecuador, and a contemporaneous English translation thereof.

104.     Attached hereto as Exhibit 31 is a true and correct copy of the Opinion of Dr. Celia Armas Erazo de Tobar, Deputy Prosecutor General addressed to the Presiding Justice of the Criminal Division of the Ecuadorian Supreme Court, regarding the Preliminary Criminal Investigation commenced by means of a criminal complaint filed against Ricardo Reis Veiga, Rodrigo Pérez Pallares, and others, and a certified English translation thereof.

105.     Attached hereto as Exhibit 32 is a true and correct copy of a Memorandum of Understanding Between the Government of Ecuador, Petroecuador and Texaco Petroleum Company, dated December 14, 1994, and a certified English translation thereof.

106.     Attached hereto as Exhibit 33 is a true and correct copy of the Constitution of the Republic of Ecuador, Codification of 1993, Law No. 25, Official Registry No. 183, and a certified English translation thereof.

107.     Attached hereto as Exhibit 34 is a true and correct copy of the Affidavit of Ambassador Edgar Terán dated January 3, 1996, filed in *Aguinda v. Texaco, Inc.*, No. 93 CIV. 7527 (BDP) (LMS) (S.DN.Y.).

108.     Attached hereto as Exhibit 35 is a true and correct copy of the Supplemental Brief *Amicus Curiae* of the Republic of Ecuador dated January 11, 1996, filed in *Aguinda v. Texaco, Inc.*, No. 93 CIV. 7527 (BDP) (LMS) (S.DN.Y.).

109.     Attached hereto as Exhibit 36 is a true and correct copy of the Report of the Special Permanent Environmental Commission of the National Congress, dated November 9, 1994, and contemporaneous English translation thereof.

110.    Attached hereto as Exhibit 37 is a true and correct copy of a letter dated October 20, 1994 from Environmental Advisers to Alberto Dahik, Vice President of the Republic of Ecuador.

111.    Attached hereto as Exhibit 38 is a true and correct copy of a letter dated November 10, 1994 from D. York LeCorgne, President of Texaco Petroleum Company, to Alberto Dahik, Constitutional Vice President of the Republic of Ecuador and President in Charge, and a contemporaneous English translation thereof.

112.    Attached hereto as Exhibit 39 is a true and correct copy of a letter dated October 5, 1994 from L. Yanza, President of Frente de Defensa de la Amazonia, and Edmundo Vargas, President of Confeniae, to Durán Ballén, Constitutional President of the Republic of Ecuador, and a contemporaneous English translation thereof.

113.    Attached hereto as Exhibit 40 is a true and correct copy of a letter dated October 20, 1994 from Teodoro Bustamante, National Executive Director of Fundación Natura, to Geovanny Rosanía, Department of Environmental Protection of Petroecuador, enclosing the comments of the Fundación Natura to the draft Agreement between TexPet and Petroecuador, and a contemporaneous English translation thereof.

114.    Attached hereto as Exhibit 41 is a true and correct copy of a letter dated February 22, 1995 from L. Yanza, President of Frente de Defensa de la Amazonia, to Galo Abril, Minister of Energy and Mines, and a certified English translation thereof.

115.    Attached hereto as Exhibit 42 is a true and correct copy of portions of the transcript of the deposition of Galo Abril Ojeda, taken on October 10, 2006 in *Rep. of Ecuador v. ChevronTexaco Corp.*, No. 04cv8378 (LBS) (S.D.N.Y.).

116.    Attached hereto as Exhibit 43 is a true and correct copy of the Republic of Ecuador Ministry of Energy and Mines, Work Session Record, TexPet Remediation Agreement, dated February 22, 1995, and a certified English translation thereof.

117.    Attached hereto as Exhibit 44 is a true and correct copy of the Scope of the Environmental Remedial Work agreed upon by the Ecuadorian Government, Petroecuador, and Texaco Petroleum Company, and a contemporaneous English translation thereof.

118.    Attached hereto as Exhibit 45 is a true and correct copy of the Delivery – Acceptance of Meeting Minutes, Minister of Energy and Mines/Petroecuador/TexPet, dated November 15, 1995, and a contemporaneous English translation thereof.

119.    Attached hereto as Exhibit 46 is a true and correct copy of the Final Document dated September 30, 1998, by and between the Government of the Republic of Ecuador, Petroecuador, Petroproducción, and TexPet, and a contemporaneous English translation thereof.

120.    Attached hereto as Exhibit 47 is a true and correct copy of the Contract for Implementing of Environmental Remedial Work and Release From Obligations, Liability and Claims by and between the Government of Ecuador, Petroecuador, and Texaco Petroleum Company, dated May 4, 1995, and a contemporaneous English translation thereof.

121.    Attached hereto as Exhibit 48 is a true and correct copy of the Lago Agrio Municipality Complaint filed on July 25, 1994, and contemporaneous translation thereof.

122.    Attached hereto as Exhibit 49 is a true and correct copy of the Joya De Los Sachas Complaint, May 12, 1994, ¶ 4 (seeking to vindicate "the health of all citizens, animals, species, flora, fauna, rivers, water sources and soil"), and contemporaneous translation thereof.

123.    Attached hereto as Exhibit 50 is a true and correct copy of the Francisco de Orellana (Coca) Municipality Complaint, August 23, 1994 (same). *Id.* at 5 (citing Municipal

System Law, arts. 2, 12, 19, 20, 164 (entrusting the municipalities with "[c]aring for the . . . health of the canton," and "ensuring faithful compliance with the legal rules on [the] environment[] . . . and especially those rules related to . . . toxic . . . emissions and other factors that may affect the health and well-being of the population"), and contemporaneous translation thereof.

124.    Attached hereto as Exhibit 51 is a true and correct copy of the Shushufindi Municipality Complaint, July 20, 1994 (seeking to vindicate "the rights of the community at large" with respect to environmental pollution), and a certified English translation thereof.

125.    Attached hereto as Exhibit 52 is a true and correct copy of the Contract of Settlement and Release From Obligations and Claims, Executed Between the Municipality of Lago Agrio, Province of Sucumbios, and the Company Texaco Petroleum Company, dated May 2, 1996, and a contemporaneous English translation thereof.

126.    Attached hereto as Exhibit 53 is a true and correct copy of the Contract of Settlement and Release From Obligations, Responsibilities, and Claims, Executed Between the Municipality of La Joya de los Sachas and Texaco Petroleum Company, dated May 2, 1996, and a contemporaneous English translation thereof.

127.    Attached hereto as Exhibit 54 is a true and correct copy of the Contract of Settlement and Release From Obligations, Responsibilities and Claims, Executed Between the Municipality of the Canton of Francisco de Orellana (Coca) and the Company Texaco Petroleum Company, dated May 2, 1996, and a contemporaneous English translation thereof.

128.    Attached hereto as Exhibit 55 is a true and correct copy of the Contract of Settlement and Release From Obligations, Responsibilities and Claims, Executed Between the

Municipality of Shushufindi and Texaco Petroleum Company, dated May 2, 1996, and a contemporaneous English translation thereof.

129.     Attached hereto as Exhibit 56 is a true and correct copy of the Judgment Approving the Settlement, Court in Civil Matters of Napo, Los Joya de los Sachas, June 12, 1996, and a contemporaneous translation thereof.

130.     Attached hereto as Exhibit 57 is a true and correct copy of the Judgment Approving the Settlement, Second Court in Civil Matters of Sucumbios, Shushufindi, May 8, 1996, and a contemporaneous translation thereof.

131.     Attached hereto as Exhibit 58 is a true and correct copy of the Judgment Approving the Settlement, Court in Civil Matters of Orellana, June 25, 1996, and a contemporaneous translation thereof.

132.     Attached hereto as Exhibit 59 is a true and correct copy of the Judgment Approving the Settlement between the Municipality of Lago Agrio and Texaco Petroleum Company, First Civil Court Sucumbíos, dated September 19, 1996, and a contemporaneous English translation thereof.

133.     Attached hereto as Exhibit 60 is a true and correct copy of the Contract of Settlement and Release From Obligations, Responsibilities and Claims, Executed Between the Provincial Prefect's Office of Sucumbios and Texaco Petroleum Company, dated May 2, 1996, and a contemporaneous English translation thereof.

134.     Attached hereto as Exhibit 61 is a true and correct copy of the Instrument of Settlement and Release From Obligations, Responsibilities and Claims by the Municipalities Consortium of the Province of Napo-Comuna, releasing Texaco Petroleum Company, Texaco,

Inc., and any other affiliate, subsidiary or related company, dated April 26, 1996, and a contemporaneous English translation thereof.

135.    Attached hereto as Exhibit 62 is a true and correct copy of the Remedial Action Plan for the Former Petroecuador-TexPet Consortium, dated September 8, 1995, and a contemporaneous translation thereof.

136.    Attached hereto as Exhibit 63 is a true and correct copy of sections one and nine of Woodward-Clyde International's Final Report of the remediation and reclamation work completed for TexPet dated May 2000.

137.    Attached hereto as Exhibit 64 is a true and correct copy of Acta 1 [Certificate 1] dated February 26, 1996, by Ecuador's Undersecretary of Environmental Protection, Head of Environmental Protection Unit of Petroecuador, National Director of Environmental Protection, and Ricardo Reis Veiga and Rodrigo Pérez of TexPet, and a certified English translation thereof.

138.    Attached hereto as Exhibit 65 is a true and correct copy of Acta 2 [Certificate 2] dated March 14, 1996, by Ecuador's Undersecretary of Environmental Protection, Head of Environmental Protection Unit of Petroecuador, National Director of Environmental Protection, and Ricardo Reis Veiga and Rodrigo Pérez of TexPet, and a certified English translation thereof.

139.    Attached hereto as Exhibit 66 is a true and correct copy of Acta 3 [Certificate 3] dated April 11, 1996, by Ecuador's Undersecretary of Environmental Protection, National Director of Environmental Protection, and Ricardo Reis Veiga and Rodrigo Pérez of TexPet, and a certified English translation thereof.

140.    Attached hereto as Exhibit 67 is a true and correct copy of Acta 4 [Certificate 4] dated July 24, 1996, by Ecuador's Undersecretary of Environmental Protection, National

Director of Environmental Protection, and Ricardo Reis Veiga and Rodrigo Pérez of TexPet, and a certified English translation thereof.

141.    Attached hereto as Exhibit 68 is a true and correct copy of Acta 5 [Certificate 5] dated July 24, 1996, by Ecuador's Undersecretary of Environmental Protection, National Director of Environmental Protection, and Ricardo Reis Veiga and Rodrigo Pérez of TexPet, and a certified English translation thereof.

142.    Attached hereto as Exhibit 69 is a true and correct copy of Acta 6 [Certificate 6] dated November 22, 1996, by Ecuador's Undersecretary of Environmental Protection, and Ricardo Reis Veiga and Rodrigo Pérez of TexPet, and a certified English translation thereof.

143.    Attached hereto as Exhibit 70 is a true and correct copy of Acta 7 [Certificate 7] dated March 20, 1997, by Ecuador's Undersecretary of Environmental Protection, and Ricardo Reis Veiga and Rodrigo Pérez of TexPet, and a certified English translation thereof.

144.    Attached hereto as Exhibit 71 is a true and correct copy of Acta 8 [Certificate 8] dated May 14, 1997, by Ecuador's Undersecretary of Environmental Protection, and Ricardo Reis Veiga and Rodrigo Pérez of TexPet, and a certified English translation thereof.

145.    Attached hereto as Exhibit 72 is a true and correct copy of Acta 9 [Certificate 9] dated October 16, 1997, by Ecuador's Undersecretary of Environmental Protection, Ricardo Reis Veiga and Rodrigo Pérez of TexPet, and a certified English translation thereof.

146.    Attached hereto as Exhibit 73 is a true and correct copy of a memorandum dated April 21, 1995 from M. Peñaherrera to Undersecretary of the Environment at 4 (internal ROE counsel acknowledging that the settlement was "legally appropriate and can be legalized by the Minister [of Energy and Mines], after having been legalized by the Executive President of

Petroecuador and the legal representatives of Texaco Petroleum Company."), and certified English translation thereof.

147.    Attached hereto as Exhibit 74 is a true and correct copy of filing by the Lago Agrio Plaintiffs in the Lago Agrio Litigation dated December 6, 2010, and a certified English translation thereof.

148.    Attached hereto as Exhibit 75 is a true and correct copy of a letter dated June 10, 1996 from Ambassador Edgar Terán to Judge Rakoff, re: *Maria Aguinda, et al. v. Texaco Inc.*

### 2.    U.S. Plaintiffs' Lawyers Devise Baseless Litigation Against Chevron in Ecuador

149.    Attached hereto as Exhibit 76 is a true and correct copy of a collection of pages containing entries from S. Donziger's personal notes.  This exhibit comprises selected pages from five different documents containing entries produced by S. Donziger:  DONZ00027156 (pp. 1-2 of 111), DONZ00027256 (pp. 1-58 of 109), DONZ00036266, DONZ00036274-82, DONZ00036231-42, DONZ00023089 (pp. 21-22 of 52), DONZ00036243-72, and DONZ00036325.  The five produced documents contained significant overlap and duplication, and one document, DONZ00036243-72, included hand-written markings on the face of the document.  The collection was compiled by combining pages from the five documents into one comprehensive document containing all of the entries in chronological order and then omitting duplicate entries.  No text was altered in the creation of the collection, nor was any text left out, except for pages containing only identical entries, which were removed.

150.    Attached hereto as Exhibit 77 is a true and correct copy of portions of the transcript of the deposition of Michael Bonfiglio, taken on November 30, 2010 and December 2, 2010, in *In re Application of Chevron*, No. 10 MC 00001 (LAK) (S.D.N.Y.).

151.    Attached hereto as Exhibit 78 is a true and correct copy of an undated letter from S. Donziger to R. DeLeon, produced by S. Donziger, and bearing the Bates number DONZ00081966.

152.    Attached hereto as Exhibit 79 is a true and correct copy of an email dated January 2, 2008 from P. Fajardo to A.Ponce, S. Donziger, L. Yanza, and others with the subject, "TAREAS" ["TASKS"], and attached document entitled, "TAREAS NECESARIAS A DEARROLLAR EN EL AÑO 2008" ["NECESSARY TASKS TO BE COMPLETED IN THE YEAR 2008"], produced by S. Donziger and bearing the Bates numbers DONZ00025653 – 00025654, and a certified English translation thereof.

153.    Attached hereto as Exhibit 80 is a true and correct copy of an article entitled, "Petroecuador no sera perjudicada" ["Petroecuador will not be damaged"], EL COMMERCIO, dated April 22, 1997, and a certified English translation thereof.

154.    Attached hereto as Exhibit 81 is a true and correct copy of Waiver of Rights, dated November 20, 1996, in *Aguinda v. Texaco*, No. 93-CV-7527 (S.D.N.Y.) (CH-0000233), and a certified English translation thereof.

155.    Attached hereto as Exhibit 82 is a true and correct copy of an article by Judith Kimerling entitled, "Indigenous Peoples and the Oil Frontier in Amazonia: The Case of Ecuador, ChevronTexaco, and Aguinda v. Texaco," 38 N.Y.U. JOURNAL OF INTERNATIONAL LAW & POLITICS 413, Spring 2006.

156.    Attached hereto as Exhibit 83 is a true and correct copy of an article by Gonzalo Solano entitled, "US lawyers take $1 billion lawsuit against ChevronTexaco to Ecuador," ASSOCIATED PRESS, dated May 6, 2003.

157.     Attached hereto as Exhibit 84 is a true and correct copy of the 1999 Environmental Management Act, and a certified English translation thereof.

158.     Attached hereto as Exhibit 85 is a true and correct copy of the Declaration of Gus. R. Lesnevich dated November 19, 2010.

159.     Attached hereto as Exhibit 86 is a true and correct copy of the English translation of the complaint in the Lago Agrio Litigation, *Maria Aguinda Salazar, et al. v. Chevron Corp.*, filed on May 7, 2003.

160.     Attached hereto as Exhibit 87 is a true and correct copy of a certified English translation of a transcript of Prosecutor Washington Pesántez's press conference on September 4, 2009.

161.     Filed concurrently herewith as Exhibit 5 is a DVD with a true and correct copy of three audio files from Prosecutor Washington Pesántez's press conference on September 4, 2009.

162.     Attached hereto as Exhibit 88 is a true and correct copy of an email dated October 12, 2010 among N. Purrington, E. Beime and others with the subject, "Ecuador – Security," produced by S. Donziger and bearing the Bates number DONZ000106262.

163.     Attached hereto as Exhibit 89 is a true and correct copy of an email dated September 9, 2008 from S. Donziger to L. Yanza with the subject, "pregunta importante/CONFIANZA" ["important question/CONFIDENTIAL"], produced by S. Donziger and bearing the Bates number DONZ0030370, and a certified English translation thereof.

164.     Attached hereto as Exhibit 90 is a true and correct copy of an email dated July 12, 2009 from S. Donziger, J. Prieto, P. Fajardo, L. Yanza and others with the subject in the last email, "highly confidential," produced by S. Donziger and bearing the Bates number DONZ00066538, and a certified English translation thereof.

**B.    The Conspirators Are Corrupting the Judicial Process to Extort a Payment From Chevron**

165.    Attached hereto as Exhibit 91 is a true and correct copy of a transcript of the theatrical version of *Crude*, produced by M. Bonfiglio and bearing the Bates numbers MB-NonWaiver00092726 – 00092787.

166.    Filed concurrently herewith as Exhibit 4 is a true and correct copy of the released version of the *Crude* film on DVD.

167.    Attached hereto as Exhibit 92 is a true and correct copy of a press release issued by Amazon Watch / Frente de Defensa de la Amazonia entitled, "Ecuador Rising-Hatarinchej: Chevron's Recent Setbacks in U.S. Courts Forced Its Hand on Arbitration Claim, Lawyers Say," dated September 29, 2009, *available at* http://ecuador-rising.blogspot.com/2009/09/chevrons-recent-setbacks-in-us-courts.html.

168.    Attached hereto as Exhibit 93 is a true and correct copy of a certified transcription of a portion of a speech given by S. Donziger on November 15, 2010.

169.    Filed concurrently herewith as Exhibit 5 is a DVD with a true and correct copy of an audio file of a speech given by S. Donziger on November 15, 2010.

170.    Attached hereto as Exhibit 94 is a true and correct copy of the Lago Agrio Plaintiffs' Complaint to Stay Arbitration, filed on January 14, 2010 in *Yaiguaje, et al. v. Chevron Corp. & Texaco Petroleum Co.*, No. 10 CV 0316 (LBS) (S.D.N.Y.).

171.    Attached hereto as Exhibit 95 is a true and correct copy of a transcription of a Radio Quito interview with P. Farjardo on September 4, 2009, and a certified English translation thereof.

172.    Filed concurrently herewith as Exhibit 5 is a DVD with a true and correct copy of an audio file of the Radio Quito interview with P. Fajardo on September 4, 2009.

1.      **Pressuring the Lago Agrio Court and Manufacturing Evidence**

      a.      **Implementing Pressure Tactics and Colluding With Ecuadorian Government Officials**

173.    Attached hereto as Exhibit 96 is a true and correct copy of an email dated from June 14, 2006 from S. Donziger to A. Villacis with the subject, "Need plan," produced by S. Donziger and bearing the Bates number DONZ00086533.

174.    Attached hereto as Exhibit 97 is a true and correct copy of a document entitled "Plan De Acciones 2009-01-05, Selva Viva" ["Action Plan 5/1/2009 Selva Viva"], produced by S. Donziger and bearing the Bates numbers DONZ00036220 – 00036222, and a certified English translation thereof.

175.    Attached hereto as Exhibit 98 is a true and correct copy of an email dated June 26, 2008 from S. Donziger to J. Saenz and J. Prieto, copying P. Fajardo and L. Yanza at toxico@ecaunex.net.ec, with the subject, "important," produced by S. Donziger and bearing the Bates number DONZ00026544.

176.    Attached hereto as Exhibit 99 is a true and correct copy of an email chain dated June 28, 2007 among M. Bonfiglio, J. Berlinger, and S. Donziger with the subject, "update," produced by J. Berlinger and bearing the Bates numbers JB-NonWaiver00061808 – 00061809.

177.    Attached hereto as Exhibit 100 is a true and correct copy of an email chain dated February 9, 2006 among S. Donziger, A. Ponce, and others with the subject, "idea," produced by S. Donziger and bearing the Bates number DONZ00040410, and certified English translation thereof.

178.    Attached hereto as Exhibit 101 is a true and correct copy of an email from S. Donziger to A. Marr, dated September 5, 2006 with the subject, "one other thing," produced by S. Donziger and bearing the Bates number DONZ00106774.

179.     Attached hereto as Exhibit 102 is a true and correct copy of an email chain dated October 12, 2006 among S. Donziger, L. Yanza, J. Prieto, P. Fajardo, and others with the subject, "winston's money," produced by S. Donziger and bearing the Bates number DONZ00023523, and a certified English translation thereof.

180.     Attached hereto as Exhibit 103 is a true and correct copy of an email chain between J. Mutti, S. Donziger, and others, re: "Temas" ["Topics"] and dated August 18, 2006 and bearing the Bates number DONZ00041387, and a certified English translation thereof.

181.     Attached hereto as Exhibit 104 is a true and correct copy of a document dated February 20, 2006 entitled "Strategy Plan," produced by S. Donziger and bearing the Bates number DONZ00084801.

182.     Attached hereto as Exhibit 105 is a true and correct copy of the transcript of a hearing held on April 19, 2007 in *Republic of Ecuador v. ChevronTexaco*, No. 04 CV 8378 (LBS) (S.D.N.Y.).

183.     Attached hereto as Exhibit 106 is a true and correct copy of the Republic of Ecuador's Memorandum of Law in Partial Opposition to Applications for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings Filed by Chevron Corporation and Rodrigo Perez Pallares and Ricardo Reis Veiga, filed on December 1, 2010 in *In re Application of Chevron Corp.*, Nos. 10-mc-00208, 10-mc-00209 (JD) (E.D. Pa.).

184.     Attached hereto as Exhibit 107 is a true and correct copy of an email chain dated October 31, 2007 between R. Herrera and S. Donziger with the subject, "WSJ idea," produced by S. Donziger and bearing the Bates number DONZ00021209.

185.    Attached hereto as Exhibit 108 is a true and correct copy of an email chain dated October 31, 2007 between R. Herrera and S. Donziger with the subject, "try this," produced by S. Donziger and bearing the Bates number DONZ00021212.

186.    Attached hereto as Exhibit 109 is a true and correct copy of an email dated November 1, 2007 from R. Herrera to S. Donziger with the subject, "carta," and attachment entitled, "CARTA EDITOR WALL STREET JOURNAL.doc," produced by S. Donziger and bearing the Bates numbers DONZ00021214 – 00021215.

187.    Attached hereto as Exhibit 110 is a true and correct copy of an email chain dated September 30, 2009 between S. Donziger and D. Beltman with the subject, "can u be available tomorrow afternoon for a phone call?," produced by Stratus and bearing the Bates number STRATUS-NATIVE 050326.

188.    Attached hereto as Exhibit 111 is a true and correct copy of an email chain dated September 2, 2009 between J. Sáenz to S. Donziger with the subject, "Chevron Charged With Dirty Tricks in Ecuador," produced by S. Donziger and bearing the Bates number DONZ00052196.

189.    Attached hereto as Exhibit 112 is a true and correct copy of an email chain dated June 22, 2009 between S. Donziger, J. Saenz, P. Fajardo, and L. Yanza with the subject, "PREOCUPANTE" ["WORRISOME"], and bearing the Bates number DONZ00066371, and certified English translation thereof.

190.    Attached hereto as Exhibit 113 is a true and correct copy of an article by Isabel Ordonez entitled, "Amazon Oil Row: US-Ecuador Ties Influence Chevron Amazon Dispute," DOW JONES NEWSWIRES, dated August 7, 2008.

191.    Attached hereto Exhibit 114  as is a true and correct copy of a transcript of a June 4, 2010 interview with Attorney General Diego Garcia entitled "The Ecuadorian Government is Not Responsible for the Environmental Damage Caused by Chevron."

192.    Attached hereto as Exhibit 115 is a true and correct copy of an article entitled, "Defensor del Pueblo pide prioridad al caso Texaco" ["Ombudsman Requests Priority for Texaco Case"], HOY, dated September 15, 2009, and a certified English translation thereof.

193.    Attached hereto as Exhibit 116 is a true and correct copy of an article by Cristhian Reyes H. entitled, "Defensor del Pueblo dice que caso Chevron ya se debería sentenciar" ["Ombudsman  says that decision in Chevron case should already have been decided"], EFE, dated September 10, 2009, and a certified English translation thereof.

194.    Attached hereto as Exhibit 117 is a true and correct copy of the 2009 World Bank Worldwide Governance Indicators for Ecuador, Liberia, and North Korea, *available at* http://info.worldbank.org/governance/wgi/index.asp.

195.    Attached hereto as Exhibit 118 is a true and correct copy of the U.S. Department of State, Bureau of Democracy, Human Rights, and Labor, Country Reports on Human Rights Practices – Ecuador for 2007, 2008, and 2009, *available at* http://www.state.gov/g/drl/rls/hrrpt/2007/100638.htm, http://www.state.gov/g/drl/rls/hrrpt/2008/wha/119158.htm, http://www.state.gov/g/drl/rls/hrrpt/2009/wha/136111.htm.

196.    Attached hereto as Exhibit 119 is a true and correct copy of a press release issued by the United Nations Special Rapporteur entitled, "UN independent expert finds 'astonishingly high rates of impunity for killings in Ecuador,'" dated July 15, 2010, *available at* http://www.ohchr.org/en/NewsEvents/Pages/DisplayNews.aspx?NewsID=10213&LangID=E.

### b.   Manipulating and Falsifying Their Own Experts' Findings to Corrupt the Judicial Inspection Process

197.   Attached hereto as Exhibit 120 is a true and correct copy of an Order dated October 29, 2003 issued in the Lago Agrio Litigation, regarding the appointment of expert witnesses, and a certified English translation thereof.

198.   Attached hereto as Exhibit 121 is a true and correct copy of a transcription of the August 7, 2004 Summary Oral Hearing No. 002-2003 in the Lago Agrio Litigation, regarding the Procedural Agreement for experts, including Terms of Reference, Sampling Plan, and Analysis terms of reference regarding experts, Plan, and a certified English translation thereof.

199.   Attached hereto as Exhibit 122 is a true and correct copy of Ecuadorian Code of Civil Procedure, Art. 259, and certified English translation thereof.

200.   Attached hereto as Exhibit 122A is a true and correct copy of an Order dated August 26, 2004 issued in the Lago Agrio Litigation, adopting Procedural Agreement for experts, and a certified English translation thereof.

201.   Attached hereto as Exhibit 123 is a true and correct copy of an email dated September 9, 2004 from S. Donziger to himself with the subject, "memo," attaching a memorandum from S. Donziger to Ecuador v. Texaco Case Team, produced by S. Donziger and bearing the Bates numbers DONZ00022694 – 00022695.

202.   Attached hereto as Exhibit 124 is a true and correct copy of a filing by R. Cabrera in the Lago Agrio Litigation dated July 12, 2007, requesting that Petroecuador suspend remediation of former oil production sites subject to judicial inspection, and a certified English translation thereof.

203.    Attached hereto as Exhibit 125 is a true and correct copy of a filing by P. Fajardo in the Lago Agrio Litigation on October 29, 2007, endorsing R. Cabrera's request that Petroecuador's remediation efforts be suspended, and a certified English translation thereof.

204.    Attached hereto as Exhibit 126 is a true and correct copy of an email dated December 21, 2006 from S. Donziger to P. Fajardo, L. Yanza, J. Prieto, and J. Saenz with the subject, "CONSULTA URGENTE" ["URGENT PROPOSAL"], produced by S. Donziger and bearing the Bates number DONZ00020233, and a certified English translation thereof.

205.    Attached hereto as Exhibit 127 is a true and correct copy of the Report of the "Settling Experts" on the Judicial Inspection of the Sacha 53 Well in the Lago Agrio Litigation, dated February 1, 2006, and a certified English translation thereof.

206.    Attached hereto as Exhibit 128 is a true and correct copy of an email dated December 22, 2006 from L. Lopez to S. Donziger with the subject, "Makarik Nihua/Judith's concerns..."

207.    Attached hereto as Exhibit 129 is a true and correct copy of a letter dated February 14, 2006 from David Russell, an expert retained by Defendants, to S. Donziger with the subject, "Cease and Desist," produced by William Powers and bearing the Bates number POWERS-NATIVE09594.

208.    Attached hereto as Exhibit 130 is a true and correct copy of an email chain December 12, 2004 from D. Russell to S. Donziger, C. Bonifaz, A. Wray, and others with the subject, "I disagree!," produced by S. Donziger and bearing the Bates numbers DONZ00036208 – 00036215.

209.    Attached hereto as Exhibit 131 is a true and correct copy of a memorandum dated December 27, 2004 from D. Russell to S. Donziger, with the subject "Mid Course Corrections

and the Scope of the Global Inspection," produced by S. Donziger and bearing the Bates number DONZ00038519.

210.    Attached hereto as Exhibit 132 is a true and correct copy of an email chain dated February 11, 2005 among S. Donziger, D. Russell, and Edison Camino with the subject, "Needed: A different analysis," produced by S. Donziger and bearing the Bates number DONZ00038567.

211.    Attached hereto as Exhibit 133 is a true and correct copy of an email dated January 9, 2007 from C. Champ to S. Donziger with the subject, "epiphany," produced by S. Donziger and bearing the Bates number DONZ00048774.

212.    Attached hereto as Exhibit 134 is a true and correct copy of an email chain dated February 14, 2006 among S. Donziger, W. Powers, A. Maest, and R. Kamp with the subject, "Russell backing off cost estimate – important," produced by S. Donziger and bearing the Bates numbers DONZ00038651 – 00038652.

213.    Attached hereto as Exhibit 135 is a true and correct copy of a press release issued by Amazon Watch entitled, "Ecuador Court Speeds up Chevron's $6 Billion Amazon Trial Over Rainforest Contamination," dated March 20, 2007, *available at* http://chevrontoxico.com/news-and-multimedia/2007/0320-ecuador-court-speeds-up-chevrons-6-billion-amazon-trial.html.

214.    Attached hereto as Exhibit 136 is a true and correct copy of portions of the transcript of the deposition of Charles W. Calmbacher, taken on March 29, 2010 in *In re Application of Chevron Corp.*, 1:10-MI-0076-TWT-GGB (N.D. Ga.).

215.    Attached hereto as Exhibit 137 is a true and correct copy of an email chain dated August 14, 2007 among S. Donziger, J. Kohn, Karen Wilson of Kohn Swift, and others with the

subject "Critical money transfer," produced by S. Donziger and bearing the Bates number DONZ00024887.

216.     Attached hereto as Exhibit 138 is a true and correct copy of an email chain dated July 25, 2005 among S. Donziger, P. Fajardo, A. Ponce, and others with the subject, "importante -- Chuck Calmbacher," produced by S. Donziger and bearing the Bates number DONZ00027787, and a certified English translation thereof.

217.     Attached hereto as Exhibit 139 is a true and correct copy of an email dated October 26, 2004 from C. Calmbacher to D. Russell and S. Donziger with the subject, "Apologies," produced by S. Donziger and bearing the Bates number DONZ00022792.

218.     Attached hereto as Exhibit 140 is a true and correct copy of an email dated October 20, 2004 from S. Donziger to A. Wray with the subject, "Latest Information," produced by S. Donziger and bearing the Bates number DONZ00027447.

219.     Attached hereto as Exhibit 141 is a true and correct copy of an email dated October 24, 2004 from C. Calmbacher to D. Russell and S. Donziger with the subject, "Perito's Responsibilities," produced by S. Donziger and bearing the Bates number DONZ00022790.

220.     Attached hereto as Exhibit 142 is a true and correct copy of an email dated October 25, 2004 from S. Donziger to M. Pallares, A. Wray, J. Kohn, C. Bonifaz, and J. Bonifaz with the subject, "Update on Case From Ecuador," produced by S. Donziger and bearing the Bates number DONZ00027304.

221.     Attached hereto as Exhibit 143 is a true and correct copy of Chevron's motion for terminating sanctions filed in the Lago Agrio Litigation on August 6, 2010, and a certified English translation thereof.

     **c.**     **Arranging Cabrera's Appointment as Global Assessment**
                    **Expert and Secretly Writing His Supposedly "Independent"**
                    **Report**

222.    Attached hereto as Exhibit 144 is a true and correct copy of a filing by P. Fajardo in the Lago Agrio Litigation on January 27, 2006, moving to withdraw from requested judicial inspections at specified sites, and a certified English translation thereof.

223.    Attached hereto as Exhibit 145 is a true and correct copy of a filing by P. Fajardo in the Lago Agrio Litigation on July 21, 2006, moving to relinquish judicial inspections, dated July 21, 2006, and a certified English translation thereof.

224.    Attached hereto as Exhibit 146 is a true and correct copy of a filing by P. Fajardo in the Lago Agrio Litigation on December 4, 2006, requesting the court to order the performance of an expert assessment, and a certified English translation thereof.

225.    Attached hereto as Exhibit 147 is a true and correct copy of an email chain dated March 11, 2008 between D. Beltman and S. Donziger with the subject, "one other thing," and attachment entitled, "DRAFT – Outline for PG Report," produced by Stratus and bearing the Bates numbers STRATUS-NATIVE067410 – 067418.

226.    Attached hereto as Exhibit 148 is a true and correct copy of an email dated May 7, 2008 from J. Berlinger to M. Bonfiglio with the subject, "Ask Pablo," produced by J. Berlinger and bearing the Bates number JB-NONWAIVER00092520.

227.    Attached hereto as Exhibit 149 is a true and correct copy of an email chain dated July 26, 2006 among Joseph Mutti, S. Donziger, and J. Kohn with the subject, "Potentially huge," and attached draft letter from L. Yanza and A. Ponce to Attorney General Alberto Gonzales, Director of the Criminal Division, U.S. Department of Justice Alice Fisher, and Director of the Division of Enforcement, U.S. Securities & Exchange Commission Linda

Chatman Thomsen, produced by S. Donziger and bearing the Bates numbers DONZ00023182 – 00023183.

228.    Attached hereto as Exhibit 150 is a true and correct copy of an Order dated March 19, 2007 issued in the Lago Agrio Litigation, appointing R. Cabrera as global assessment expert, and a certified English translation thereof.

229.    Attached hereto as Exhibit 151  is a true and correct copy of an Order dated October 3, 2007 issued in the Lago Agrio Litigation, detailing Cabrera's duties and obligations, and a certified English translation thereof.

230.    Attached hereto as Exhibit 152 is a true and correct copy of an email chain dated May 10, 2007 between S. Donziger and P. Fajardo with the subject, "PREOCUPACION CONFIDENCIAL" ["CONCERN CONFIDENTIAL"], produced by S. Donziger and bearing the Bates number DONZ00108564, and certified English translation thereof.

231.    Attached hereto as Exhibit 153 is a true and correct copy of an email chain dated June 13, 2007 among M. Bonfiglio, J. Berlinger, and S. Donziger with the subject, "emergency," produced by Berlinger and bearing the Bates number JB-NonWaiver00062204.

232.    Attached hereto as Exhibit 154 is a true and correct copy of the Certificate of Swearing-In of Expert R. Cabrera on June 13, 2007, and a certified English translation thereof.

233.    Attached hereto as Exhibit 155 is a true and correct copy of an Order dated November 29, 2007 in the Lago Agrio Litigation, regarding supporting documents to Cabrera's report, and a certified English translation thereof.

234.    Attached hereto as Exhibit 156 is a true and correct copy of an email dated July 17, 2007 from S. Donziger to L. Yanza and P. Fajardo with the subject, "Ideas para reunion con

Richard" ["Ideas for meeting with Richard]," produced by S. Donziger and bearing the Bates number DONZ00062680, and certified English translation thereof.

235.     Attached hereto as Exhibit 157 is a true and correct copy of an email dated April 3, 2007 from S. Donziger to D. Chapman, A. Maest, and D. Mills with the subject, "Approach for assessment," produced by S. Donziger and bearing the Bates number DONZ00061973, and certified English translation thereof.

236.     Attached hereto as Exhibit 158 is a true and correct copy of portions of the transcript of the deposition of David Chapman, taken on April 23, 2010, in *Chevron Corp. v. Stratus Consulting, Inc.*, No. 1:10-cv-00047-MSK-MEH (D. Colo.).

237.     Attached hereto as Exhibit 159 is a true and correct copy of notes from "Ecuador Meeting in Boulder," dated June 4 and 5, 2008, produced by Stratus and bearing the Bates numbers STRATUS-NATIVE096796 – 096800.

238.     Attached hereto as Exhibit 160 is a true and correct copy of the Contract Agreement dated August 20, 2007 between Kohn, Swift & Graf and Stratus Consulting, Inc., produced by Stratus and bearing the Bates numbers STRATUS-NATIVE043270 – 043278.

239.     Attached hereto as Exhibit 161 is a true and correct copy of an email chain dated June 29, 2008 – July 7, 2008 among J. Kohn, D. Beltman, S. Donziger, and others with the subject, "approval for upcoming work," produced by Stratus and bearing the Bates numbers STRATUS-NATIVE066482 – 066484.

240.     Attached hereto as Exhibit 162 is a true and correct copy of a letter dated August 9, 2010 from J. Kohn to P. Fajardo, L. Yanza, and others; a letter dated November 10, 2009 from J. Kohn to L. Yanza and P. Fajardo with the subject, "Ecuador-Texaco Case"; and a letter dated November 19, 2009 from J. Kohn to L. Yanza and P. Fajardo with the subject, "Ecuador-Texaco

Case," and an attachment entitled "Payments to Selva Viva CIA Ltda. In Re Texaco/Chevron Years 2007 – 2008 - 2009," produced by S. Donziger and bearing the Bates number DONZ00026949.

241.   Attached hereto as Exhibit 163 is a true and correct copy of an email dated February 8, 2008 from D. Beltman to S. Donziger, and copying P. Fajardo, A. Maest, and others at Stratus, and attachment entitled, "DRAFT – Outline for PG Report," produced by Stratus with the Bates numbers STRATUS-NATIVE070483 – 070487.

242.   Attached hereto as Exhibit 164 is a true and correct copy of an email dated February 26, 2008 from D. Beltman to A. Maest and others at Stratus with the subject, "Ecuador annex schedule," and attachment entitled, "DRAFT – Outline for PG Report," produced by Stratus and bearing Bates numbers STRATUS-NATIVE043849 – 043859.

243.   Attached hereto as Exhibit 165 is a true and correct copy of an email dated March 10, 2008 from D. Beltman to A. Maest and others at Stratus with the subject, "Annex translation update," produced by Stratus and bearing the Bates number STRATUS-NATIVE040664.

244.   Attached hereto as Exhibit 166 is a true and correct copy of an email chain dated November 17, 2007 among S. Donziger, D. Beltman, J. Kohn, and A. Maest with the subject, "Unjust Enrichment," produced by S. Donziger and bearing the Bates number DONZ00025512.

245.   Attached hereto as Exhibit 167 is a true and correct copy of an email chain dated September 19, 2007 among S. Donziger, D. Beltman, A. Maest, and others with the subject, "Important idea," produced by S. Donziger and bearing the Bates number DONZ00025160.

246.   Attached hereto as Exhibit 168 is a true and correct copy of an email dated February 22, 2008 from D. Beltman to "Science Group" at Stratus, D. Chapman, and others at

Stratus with the subject, "CONFIDENTIAL -- Ecuador Project Update," produced by Stratus and bearing the Bates numbers STRATUS-NATIVE043232 – 043233.

247.     Attached hereto as Exhibit 169 is a true and correct copy of an email chain dated March 11, 2008 among A. Maest, D. Beltman, and J. Peers with the subject, "Report help," produced by Stratus and bearing the Bates number STRATUS-NATIVE053742.

248.     Attached hereto as Exhibit 170 is a true and correct copy of an email chain dated February 27, 2008 between S. Donziger and D. Beltman with the subject, "Start on report text; human text annex," produced by S. Donziger and bearing the Bates number DONZ00025833.

249.     Attached hereto as Exhibit 171 is a true and correct copy of portions of the transcript of the deposition of William Powers, taken on September 10, 2010, in *In re Application of Chevron Corp.*, No. 10-cv-01146-IEG (WMC) (S.D. Cal.).

250.     Attached hereto as Exhibit 172 is a true and correct copy of portions of the transcript of the deposition of Randy Horsak, taken on October 27, 2010, in *In re Application of Chevron Corp.*, No. 4:10-mc-134 (S.D. Tex.).

251.     Attached hereto as Exhibit 173 is a true and correct copy of an email chain dated March 6, 2008 between D. Beltman and S. Donziger with the subject, "we have spanish translation of Uhl report already," produced by Stratus and bearing the Bates number STRATUS-NATIVE069116 – 069117.

252.     Attached hereto as Exhibit 174 is a true and correct copy of an email chain dated May 14, 2008 between S. Donziger and D. Beltman with the subject, "Urgent issue," produced by Stratus and bearing the Bates number STRATUS-NATIVE068772.

253.     Attached hereto as Exhibit 175 is a true and correct copy of an email dated July 28, 2008 from D. Beltman to B. Lazar at Stratus, copying others at Stratus, with the subject,

"english translations," produced by Stratus and bearing the Bates number STRATUS-NATIVE044716.

254.    Attached hereto as Exhibit 176 is a true and correct copy of an email dated March 12, 2008 from D. Beltman to info@translatingspanish.com, copying A. Maest, with the subject, "Big Report," and attachment entitled, "PERITAJE GLOBAL SUMMARY REPORT," produced by Stratus and bearing the Bates numbers STRATUS-NATIVE058388 – 058419.

255.    Attached hereto as Exhibit 177 is a true and correct copy of an email dated March 13, 2008 from Yves Lang to D. Beltman with the subject, "Confidentiality agreements," produced by Stratus and bearing the Bates numbers STRATUS-NATIVE065206 – 65207.

256.    Attached hereto as Exhibit 178 is a true and correct copy of the Summary Report of Expert Examination by Richard Stalin Cabrera Vega dated March 24, 2008, filed by R. Cabrera in the Lago Agrio Litigation on April 1, 2008, and a certified English translation thereof.

257.    Attached hereto as Exhibit 179 is a true and correct copy of an email dated March 13, 2008 from D. Beltman to info@translatingspanish.com, copying A. Maest, with the subject, "Last annex: Unjust enrichment," produced by Stratus and bearing the Bates numbers STRATUS-NATIVE062935 – 062943.

258.    Attached hereto as Exhibit 180 is a true and correct copy of an email dated March 7, 2008 from D. Beltman to info@translatingspanish.com with the subject, "Two more annexes for translation," produced by Stratus and bearing the Bates number STRATUS-NATIVE070414.

259.    Attached hereto as Exhibit 181 is a true and correct copy of an email dated May 7, 2007 from S. Donziger to Luis Francisco with the subject, "JK," produced S. Donziger and bearing the Bates stamp DONZ00108534, and certified English translation thereof.

260.    Attached hereto as Exhibit 182 is a true and correct copy of an email dated March 23, 2008 from D. Beltman to S. Donziger with the subject, "Powers Report," produced by Stratus and bearing the Bates number STRATUS-NATIVE063676.

261.    Attached hereto as Exhibit 183 is a true and correct copy of an email dated January 22, 2008 from Luis Miguel García Aragón, a member of R. Cabrera's team, to D. Beltman with the subject, "reestablishing communication," produced by Stratus and bearing the Bates number STRATUS07302010 000003.

262.    Attached here to as Exhibit 184 is a true and correct copy of portions of the transcript of the deposition of Jennifer Peers, taken on December 22, 2010 in *Chevron Corp. v. Stratus Consulting, Inc.*, No. 1:10-cv-00047-MSK-MEH (D. Colo.).

263.    Attached hereto as Exhibit 185 is a true and correct copy of an email dated May 16, 2010 from J. Abady to S. Donziger, I. Maazel, and others with the subject, "Motion Under Rule 60 (B)(3)," produced by S. Donziger and bearing the Bates number DONZ00056668.

264.    Attached hereto as Exhibit 186 is a true and correct copy of Brief of Ecuadorian Plaintiffs filed January 19, 2011 in *In re Application of Chevron Corp.*, Nos. 10-4699, 11-1099 (3d Cir.).

265.    Attached hereto as Exhibit 187 is a true and correct copy of an email dated May 14, 2008 from D. Beltman to S. Donziger, K. Hinton, and others with the subject, "A few additional comments," produced by Stratus and bearing the Bates numbers STRATUS-NATIVE049270 – 049277.

266.    Attached hereto as Exhibit 188 is a true and correct copy of an email dated November 18, 2008 from D. Beltman to S. Donziger with the subject, "Ecuador trip report and health summary," forwarding emails from Richard Clapp, and attached document entitled,

"Report of Richard Clapp, D.Sc., MPH," produced by Stratus and bearing the Bates numbers STRATUS-NATIVE061311 – 061316.

267.    Attached hereto as Exhibit 189 is a true and correct copy of an email dated July 28, 2008 from D. Beltman to D. Mills with the subject, "another annex for Clapp," produced by Stratus and bearing the Bates number STRATUS-NATIVE057803.

268.    Attached hereto as Exhibit 190 is a true and correct copy of portions of the transcript of the deposition of David M. Mills, taken on October 20, 2010, in *Chevron Corp. v. Stratus Consulting, Inc.*, No. 1:10-cv-00047-MSK-MEH (D. Colo.).

269.    Attached hereto as Exhibit 191 is a true and correct copy of an email dated March 18, 2009 from S. Donziger to P. Fajardo with the subject, "Necesito repuesta" ["I need a response"], produced by S. Donziger and bearing the Bates number DONZ00050214, and a certified English translation thereof.

270.    Attached hereto as Exhibit 192 is a true and correct copy of E-Tech International's tax returns for 2006, 2007, and 2008.

271.    Attached hereto as Exhibit 193 is a true and correct copy of a certification of cancellation from the New Mexico Office of the Public Regulation Commission dated May 21, 2010 and certification of incorporation dated September 10, 2003.

272.    Attached hereto as Exhibit 194 is a true and correct copy of a press release issued by Frente de Defensa de la Amazonia entitled, "Court Expert Smacks Chevron With Up To $16 Billion In Damages for Polluting Indigenous Lands In Amazon," dated April 2, 2008.

273.    Attached hereto as Exhibit 195 is a true and correct copy of an email dated April 1, 2008 from S. Donziger to J. Kohn with the subject, "DRAFT ONLY -- DO NOT SHOW TO ANYBODY," produced by S. Donziger and bearing the Bates numbers DONZ00025894.

274.     Attached hereto as Exhibit 196 is a true and correct copy of an email chain dated October 29, 2008 among D. Beltman, J. Peers, and A. Maest with the subject, "Plan for rough estimate of groundwater damages," produced by Stratus and bearing the Bates number STRATUS-NATIVE053480.

275.     Attached as Exhibit 197 is a true and correct copy of an email dated October 31, 2008 from A. Maest to W. Powers, copying D. Beltman and J. Peers with the subject, "Reinjection and gas capture questions," produced by W. Powers and bearing the Bates number CA000816-17, and a certified English translation thereof.

276.     Attached hereto as Exhibit 198 is a true and correct copy of an email chain dated November 6, 2008 between D. Beltman and S. Donziger with the subject, "clapp," produced by Stratus and bearing the Bates number STRATUS-NATIVE065062.

277.     Attached hereto as Exhibit 199 is a true and correct copy of portions of the transcript of the deposition of Douglas C. Allen, taken on December 16, 2010, in *Application of Chevron Corp. v. Allen*, 2:10-mc-00091-WKS (D. Vt.).

278.     Attached hereto as Exhibit 200 is a true and correct copy of an email dated June 26, 2008 from D. Beltman to members of Amazon Watch with the subject, "Greetings, and….," and attachment entitled, "Technical Summary Report By: Engineer Richard Stalin Cabrera Vega," dated March 24, 2008, produced by Stratus and bearing the Bates numbers STRATUS07162010 000001 – 07162010 000053.

279.     Attached hereto as Exhibit 201 is a true and correct copy of Stratus Consulting, Inc.'s "Comments on the Report of the Court-Appointed Expert Richard Cabrera Vega in the Case of Maria Aguinda y Otros v. Chevron Corp.," dated December 1, 2008, signed by Executive Vice President D. Beltman, Principal D. Chapman, Managing Scientist A. Maest,