UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHEVRON CORPORATION,

                          Plaintiff,

           -against-                                    11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

                          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### ORDER ON PLAINTIFF'S MOTION
### FOR A TEMPORARY RESTRAINING ORDER

LEWIS A. KAPLAN, *District Judge.*

        The Court is satisfied, for the present purpose, that Chevron is faced with a serious threat of immediate and irreparable injury. That is most assuredly true if the anticipated judgment were rendered and were influenced by corruption or undue influence. It would be true in any case, however, as the threatened multiplicity of enforcement actions around the world invokes the traditional equitable ground for relief against a multiplicity of suits, particularly where, as here, there appears to be evidence that the purpose and effect of the multiplicity of actions may be to create so much disruption to Chevron's operations as to coerce a settlement without regard to the merits of the case for enforcement of any Ecuadorian judgment.

        The Court is satisfied also, on the existing record, that the balance of hardships tips decidedly in favor of Chevron. The Lago Agrio plaintiffs would not be injured in any material way by a delay in judgment enforcement proceedings of sufficient length to permit determination of the preliminary injunction motion whereas Chevron likely would be seriously injured in the interim in

the absence of a temporary restraining order.

Finally, there appear to be at least sufficiently serious questions going to the merits of Chevron's claim that the anticipated judgment cannot properly be enforced to make them a fair ground for litigation.

Accordingly, the motion for a temporary restraining order is granted. Defendants, their officers, agents, servants, employees and attorneys and all other persons in active concert or participation with any of the foregoing be and they hereby are restrained, to and including 11:59 p.m. on February 22, 2011, from funding, commencing, prosecuting, advancing in any way, or receiving benefit from, directly or indirectly, any action or proceeding for recognition or enforcement of any judgment entered against Chevron in *Maria Aguinda y Otros* v. *Chevron Corporation,* No. 002-2003 (the "Lago Agrio Litigation") currently pending in the Provincial Court of Justice of Sucumbios in Ecuador, or for prejudgment seizure or attachment of assets based on any such judgment. The continuation of the temporary restraining order beyond noon on February 11, 2011 is conditioned upon Chevron having posted a bond in the amount of $10,000 prior to that time.

It is further ordered as follows:

1. All papers in opposition to plaintiff's motion for a preliminary injunction shall be filed and served no later than February 11, 2011 at 5 p.m., and any reply papers in support of that motion shall be filed and served no later than February 15, 2011 at 5 p.m.

2. Unless otherwise ordered, the Court will hear argument on the motion for a preliminary injunction on February 18, 2011 at 9:30 a.m.

3

       3.      The parties shall hold the period beginning on February 22, 2011 available for an evidentiary hearing in the event the Court determines that such a hearing is necessary or appropriate.

       SO ORDERED.

Dated:      February 8, 2011
Issued at:   5:00 p.m.

_____
Lewis A. Kaplan
United States District Judge