# EXHIBIT 488

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
ILANN M. MAAZEL
ERIC HECKER
MARIANN MEIER WANG
SARAH NETBURN
KATHERINE ROSENFELD
O. ANDREW F. WILSON
ELIZABETH SAYLOR
KENNISHA AUSTIN
DEBRA GREENBERGER
ELORA MUKHERJEE

# EMERY CELLI BRINCKERHOFF & ABADY LLP

ATTORNEYS AT LAW
75 ROCKEFELLER PLAZA, 20TH FLOOR
NEW YORK, NEW YORK 10019

TELEPHONE
(212) 763-5000
TELECOPIER
(212) 763-5001
WEB ADDRESS
www.ecbalaw.com

November __, 2009

**By Email and Regular Mail**

Steven R. Donziger
Law Offices of Steven R. Donziger, P.C.
245 W. 104th St., #7D
New York, NY 10025

Luis Yanza

Pablo Fajardo

Re:   *Co-counseling Agreement*

Dear Steve and Joe:

This letter confirms the agreement pursuant to which Emery Celli Brinckerhoff & Abady LLP (the "Firm" or "ECBA") has agreed to represent the plaintiff class in *Aguinda v. Texaco 93 Civ. 7527 (JSR)* in a federal litigation to be newly commenced before the Southern District of New York (SDNY).[1] This parties to this agreement are on the one hand Emery, Celli, Brinckerhoff & Abady (the Firm), and on the other hand Steven Donziger (U.S. counsel for the Amazon Defense Coalition in Ecuador), Luis Yanza (coordinator of the Aguinda case for the ADC), and Pablo Fajardo, lead Ecuadorian counsel on the Aguinda matter (collectively the "Clients"). Except as set forth in section 5 below, this agreement pertains to and covers only litigation in the SDNY attempting to defeat the attempt by Chevron Texaco to prosecute the arbitration before the United Nations Commission on International Trade Law filed under UNCITRAL Arbitration Rules by Chevron on September 23, 2009. Any work by our Firm beyond representation in the SDNY attempting to extinguish Chevron's September 2009 UNCITRAL filing will have to be the subject of a new and separate agreement entered into amongst the parties, except as limited by the terms of this agreement.

---

[1] *Aguinda v. Texaco 93 Civ. 7527 (JSR)*(also hereinafter referred to as the "underlying litigation") is the matter currently being litigated in Ecuador pursuant to a conditional dismissal under the doctrine of *forum non conveniens Id.*.

1

DONZ00026931 Page 1 of 4

EMERY CELLI BRINCKERHOFF & ABADY LLP

        **1.**     **Option Agreement for Attorneys' Fees and Costs:** Our compensation for work on this matter will be provided either on an hourly basis (with a discretionary bonus or kicker) (Option A) or on a straight contingent fee basis (Option B) as set forth below. Under the terms of this agreement, ECBA is given election rights to select whether its compensation will be pursuant to Option A or Option B.

        ***Option A/Hourly Fee Agreement Plus Discretionary Bonus***: Under this option, the Firm may elect to be compensated through payment for our work on an hourly basis, pursuant to the hours expended by all ECBA attorneys and other staff working on this matter, at our full customary, hourly rates.[2] Although typically an up-front retainer is required for such hourly engagements, we agree to waive the retainer requirement in this instance and accept the first payment of our hourly time charges within four months from the date of this agreement. On or before four months from the date of this agreement, if this option for compensation is elected, the full amount of time charges and any accrued expenses will be forwarded to the Firm. All bills for work beyond that point shall be paid within 30 days of the date of the bill. Such billing invoices from the Firm will be issued on a monthly basis. If the bill is not paid in full within 30 days of its date of issue, interest will be charged on the unpaid balance at the annual rate of 12% from 10 days after the date of the bill. In addition to your obligation to pay our attorneys' fees on an hourly basis, you also agree, under this option, to consider in good faith a discretionary bonus at the conclusion of this case, taking into account the overall recovery for the plaintiffs, the amount received in attorneys fees and this Firm's contribution to any result. If Donziger/ADC choose to forego the payment of fees upon the Firm's election under Option A, payment to the Firm will be governed by the terms in Option B below.

        ***Option B/Straight Contingency Fee Agreement***: The Firm may elect to forgo payment of its hourly time charges and receive compensation in the form of a contingent interest (the "Contingent Fee"). If elected, this Contingent Fee will be calculated pursuant to the following formula: In the event that the underlying litigation (*see* footnote #1 *supra*) is resolved (by settlement, judgment or by any other means), ECBA shall receive as compensation for its work .75% of the gross amount of attorneys fees recovered or awarded, after costs and all "above the line" expenses have been deducted as outlined in the footnote.[3]

---

[2] The firm=s hourly rates, which are subject to change without notice, are as follows: $750 (Richard D. Emery); $525 (Andrew G. Celli Jr., Jonathan S. Abady, and Matthew D. Brinckerhoff); $450 (Ilann M. Maazel, Mariann M. Wang, and Eric Hecker); $400 (Sarah Netburn); $325-$375 (Associates).

[3] Costs and expenses include all costs expended by counsel for the plaintiffs during the entirety of the litigation, as well as certain "above the line" commitments to investors and possible obligations to prior counsel, fees in related litigations that might be paid at the discretion of Donziger/ADC, and funds to set up a humanitarian foundation on behalf of the Amazon communities from any recovery of fees. Donziger/ADC estimates these total "above the line" commitments today constitute anywhere from 10% to 25% of the overall fee recovery. The contingent interest extended to the Firm under this agreement will be equal in right to the interest of Donziger and other counsel not named above after expenses and "above the line" commitments have been disbursed. Litigation expenses include expenses and stipends to working counsel in the U.S. and Ecuador, out of pocket payments (including those for experts, investigators, depositions, transcripts, legal research, court costs, telephone and photocopying, travel, lodging, meals, courts costs, etc.), expenditures for various advocacy efforts including media and lobbying activities, and other activities deemed necessary by counsel and the ADC to advance the litigation.

DONZ00026931 Page 2 of 4

EMERY CELLI BRINCKERHOFF & ABADY LLP

        2.        **Expenses:** Under either Option A or Option B, ECBA agrees to advance the cost for routine out-of-pocket disbursements, such as for photocopying charges, postage, overnight mail, messenger service, long distance telephone, telefax, legal research, court costs, stenographic reporters, secretarial overtime, overtime meals, transportation, and other disbursements as are necessary to conduct our representation. However, any single expense of $2500 or more will require the approval of your law offices and will be advanced by your firms. At the end of the case, you will reimburse ECBA for all of its out of pocket expenses to the extent reimbursement has not already been effectuated.

        3.        **Duty to Assist and Cooperate**: All of the parties agree to work in good faith to advance the interests of the plaintiff class consistent with our ethical obligations and applicable law. This includes, but is not limited to, your obligation to facilitate our access and inspection of all evidence, witnesses, proof, pleadings and other legal documents necessary for us to discharge our obligations in rendering legal services. This firm agrees that, consistent with the firm's professional needs to complete and timely file documents on the plaintiffs' behalf, you, as co counsel, will be given a reasonable opportunity to review all documents to be filed on the clients' behalf, prior to filing, and that the clients will have final authority over all strategic decisions related to the litigation subject to the Firm's consent. It is contemplated by the parties that both the Law Offices of Steven R. Donziger P.C. and Kohn Swift & Graf, P.C. will be active in strategy and advice on the case, will have editing and review rights, and will appear on court filings and papers if desired.

        [Not sure this next paragraph is necessary]
Clients further warrant, as a material representation, and subject to the conditions outlined in Footnote #3 above, that any obligation to other counsel to pay fees and/or disbursements, or that other counsel may claim to fees and/or disbursements, will not and cannot diminish your obligation to pay the full hourly or Contingent Fee to this firm, and that you will not assert, argue or claim otherwise and that you will support, in any court proceeding, this firm's right to collect its full fee.

        4.        **Direct Retainer with Class Representatives:** A condition of this co-counseling agreement and representation is a direct retention between our firm and the plaintiff class authorizing our retention for the work described herein. You agree to facilitate that retention to the degree possible and necessary and recognize that without it, we will not be authorized to proceed with this engagement.

        5.        **Good Faith Agreement to Renegotiate Under Changed Circumstances:**
Notwithstanding the limited scope of our representation as set forth in the first paragraph to this letter, if during the pendency of the SDNY litigation there is a simultaneous, parallel and active UNCITRAL Arbitration, ECBA agrees to represent the plaintiff class in such a proceeding if it is determined advisable and desirable. If at any time our representation on one or more of these two matters separately or together reaches a total lodestar investment on the part of ECBA (ie, time charges computed by the number of hours expended multiplied by our hourly rates, plus accrued expenses) of $350,000.00, you agree to negotiate in good faith a reformation or adjustment to the

3

EMERY CELLI BRINCKERHOFF & ABADY LLP

Contingent Fee as set forth here. [need to edit this paragraph]

6.     **Arbitration:** By executing this letter, you agree that if any dispute between you and this firm arises regarding this agreement, our relationship with you, fees, malpractice, or our performance of any current or future legal services (whether those services are the subject of this particular agreement or otherwise), that dispute will be resolved by binding arbitration in New York City under the rules of American Arbitration Association.

The agreement of the parties to arbitrate all disputes and the results and awards rendered through arbitration, will be final and binding on you and us. Arbitration will be the sole means of resolving such disputes. The arbitrator will be empowered to award all relief available in a court of law. Both parties waive their rights to resolve disputes by court proceedings or any other means, and both parties irrevocably waive their rights to appeal the arbitrator's decision in any forum. In addition, you expressly agree to submit to personal jurisdiction in New York State in any arbitrated dispute as to legal fees.

If this letter accurately sets forth your understanding, please sign on the line above your name and return the executed copy to me.

Very truly yours,

Jonathan S. Abady

_____
ACCEPTED AND AGREED
Steven R. Donziger

Dated: _____

_____
ACCEPTED AND AGREED
Joseph C. Kohn

Dated: _____

4