UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
CHEVRON CORPORATION,

                    Plaintiff,

          -against-                            11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

                    Defendants.
------------------------------------x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        The Court is in receipt of a letter (bearing no indication that copies were sent to or served on the other parties to this case) from Pablo Fajardo Mendoza, who is a defendant in this action and, in addition, states that he is the Ecuadorian lawyer for "the Ecuadorian nationals and organizations" that have been sued here.[1] He requests an extension of time to March 16, 2011 within which to respond to the complaint on behalf of himself and the Ecuadorian nationals and organizations named as defendants. The letter raises several issues.

        First, appearances have been filed by duly qualified counsel (not Mr. Fajardo) on behalf of two Ecuadorian national defendants, Hugh Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje. As Mr. Fajardo does not represent those defendants in this action in this Court, whatever his other relationships with them, he may not act on their behalf in this respect.

        Second, only a member of the Bar of this Court or an attorney admitted *pro hac vice* may enter an appearance or otherwise act on behalf of a party. Mr. Fajardo is not admitted to practice here. Accordingly, he may not seek an extension on behalf of the Ecuadorian defendants other than himself.[2]

---

[1] The letter was hand delivered to the Courthouse in an envelope bearing a return address in Lago Agrio, Ecuador.

[2] These other Ecuadorian defendants have been represented by various licensed attorneys in related proceedings in this Court over the years.

Third, Mr. Fajardo, like anyone else, may represent himself. Accordingly, the Court will entertain the application insofar as it is made on behalf of Mr. Fajardo.

Fourth, while the Court may act *ex parte* on a proper and timely motion for an extension, *see* Fed. R. Civ. P. 6(b)(1)(A), it seems appropriate in this case not to grant any substantial extension without affording the other parties notice of and an opportunity to be heard on the application.

In all the circumstances,

(1) Mr. Fajardo's application, insofar as it is made on behalf of himself, is granted to the extent that his time to answer, move or otherwise respond to the complaint is extended to and including March 1, 2011. The application, insofar as it is brought on his behalf, is denied in all other respects without prejudice to a timely motion for a further extension made on notice to all parties.

(2) Insofar as the application is made on behalf of Ecuadorian defendants other than Messrs. Camacho Naranjo and Piaguaje Payaguaje, it is denied without prejudice to a renewed motion made on notice to all parties by duly admitted counsel or by the individuals in question *pro se*.

(3) The Court, on its own motion, extends the time of the Ecuadorian defendants other than Messrs. Camacho Naranjo and Piaguaje Payaguaje to answer, moved or otherwise respond to the complaint to and including March 1, 2011. It will consider a further extension in the event a stipulation or proper application seeking one is properly presented.

(4) Insofar as the application is made on behalf of Messrs. Camacho Naranjo and Piaguaje Payaguaje, it is denied as moot.

SO ORDERED.

Dated:         February 24, 2011

_____
Lewis A. Kaplan
United States District Judge