**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHEVRON CORPORATION,<br><br>                    Plaintiff,<br><br>          v.<br><br>STEVEN DONZIGER, et al.,<br><br>                    Defendants. | Case No. 11-cv-691-LAK |

**DECLARATION OF JULIO C. GOMEZ IN SUPPORT OF**
**SUPPLEMENTAL MEMORANDUM OF LAW OF DEFENDANTS**
**HUGO GERARDO CAMACHO NARANJO AND JAVIER PIAGUAJE PAYAGUAJE**
**IN FURTHER OPPOSITION TO CHEVRON CORPORATION'S**
**MOTION FOR PRELIMINARY INJUNCTION**

I, Julio C. Gomez, pursuant to 28 U.S.C. § 1746, declare as follows:

1.  I am the sole member of the firm **GOMEZ LLC Attorney At Law**.  I submit this Declaration pursuant to Local Civil Rule 6.1 and in support of the Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje's Supplemental Memorandum of Law in Further Opposition to Chevron Corporation's Motion for Preliminary Injunction.

**DOCUMENTS PRODUCED FROM 28 U.S.C. § 1782 ACTION AGAINST RESPONDENT DIEGO BORJA**

2.  On December 30, 2010, the Ecuadorian Plaintiffs (including Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje) initiated an action under 28 U.S.C. § 1782 in the United States District Court for the Northern District of California seeking documents and deposition testimony from Diego Borja.  Chevron Corporation first appeared in that action January 13, 2011 and opposed discovery.  Over Chevron's and Borja's objections, the court granted the Ecuadorian Plaintiffs' application for § 1782 discovery on February 22, 2011.

Pursuant to the orders of the United States District Court for the Northern District of California, Diego Borja began producing documents – just <u>two</u> days ago, on Wednesday, March 2, 2011.

3.   The documents produced in the Northern District of California action are subject to a protective order and are therefore marked "Confidential – Subject to Protective Order." However, the Protective Order issued by the Northern District of California court specifically allows the individual applicants, including Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje, to use any discovery "for the purposes of preparing for and conducting the trial in *Aguinda v. ChevronTexaco Corp.*, Case No. 002-2003 in the Superior Court of Nueva Loja, any appeals or judgments from that action, any actions under 28 U.S.C. § 1782 seeking discovery for use in those proceedings, ***and any other related civil actions in which Applicants are a party, have appeared, or have an interest*** ('Lago Agrio Litigation')." (emphasis added).  There is no requirement that any documents be filed under seal.  Attached hereto as Exhibit 1 is a true and accurate copy of the Protective Order entered in the proceedings *In re Application of Daniel Carlos Lusitand Yaiguaje et al.*, No. 10-MC-80324 CRB (EMC), Dkt. 46 (entered Feb. 25, 2011).

4.   All evidence obtained from the 28 U.S.C. § 1782 action in the Northern District of California was gathered in aid of the Lago Agrio, Ecuador Litigation, and will be utilized in that case as appropriate.  The evidence, however, happens to be highly relevant to the instant proceedings as well.  Exhibit numbers 2 through 65, described in the succeeding paragraphs (and attached hereto) are true and accurate copies of documents produced by Diego Borja in the § 1782 action.

5.   Attached hereto as Exhibit 2 is a true and accurate copy of an email from Borja counsel Michael Anderson to Chevron Corporation counsel Caroline N. Mitchell (Jones Day),

dated July 9, 2009, noting "[w]e haven't seen Diego's stipend check, which is usually here by now."

6.   Attached hereto as Exhibit 3 is a true and accurate copy of an email from Wayne Hansen to "Mr. Beard" (iri.pi@sbcgobal.net), dated July 14, 2009, in which Mr. Hansen indicates that he "will not hold back.  I need to hear from a real player with a plan for Wayne.  If I do not hear from the oil co. by July 17, 09 [(sic)] I must think I have been left out and I am to do what and think what………… I have been dooped [(sic)]."

7.   Attached hereto as Exhibit 4 is a true and accurate copy of a Chevron Corporation "Employment Application" signed by Diego Borja, dated August 11, 2009.  This exhibit has been redacted to remove personal identifiers and other private information, to protect the Borjas' privacy.

8.   Attached hereto as Exhibit 5 is a true and accurate copy of a Chevron Corporation "Employment Application" signed by Borja's spouse, Sara Portilla (a/k/a Sara Wanderley), dated August 11, 2009 (the exact same date as Borja's application).  This exhibit has been redacted to remove personal identifiers and other private information, to protect the Borjas' privacy.

9.   Attached hereto as Exhibit 6 is a true and accurate copy of a payment made by Chevron Corporation to "Borja Diego," dated August 13, 2009.  The payment is in the amount of $10,000 and the reference for the payment is "STIPEND MATTER."  This exhibit has been redacted to remove personal identifiers and other private information, to protect the Borjas' privacy.

10.   Attached hereto as Exhibit 7 is a true and accurate copy an email from David Moyer, in-house counsel for Chevron Corporation to other attorneys, dated August 26, 2009, in part

regarding Chevron Corporation's "recommend[ation] to Diego Borja that he retain [the law firm Arguedes, Cassman and Headley ("Arguedas")] for independent counsel at the company's expense."

11.  Attached hereto as Exhibit 8 is a true and accurate copy of an email chain which includes an August 26, 2009 email from Chevron Corporation counsel John Cline (Jones Day) to Laurel Headley (Arguedas) proposing that Borja's "independent counsel" (*see supra*, at ¶ 10.) meet with John Cline (Jones Day) and Chevron Corporation counsel David Moyer (by phone) in advance of a meeting with Mr. Borja.

12.  Attached hereto as Exhibit 9 is a true and accurate copy of an email, dated August 27, 2009, from Arguedas attorney Laurel Headley to Chevron Corporation counsel David Moyer offering the assistance of a "Litigation Specialist" in connection "with finding a rental for Diego and Sara."

13.  Attached hereto as Exhibit 10 is a true and accurate copy of a payment made by Chevron Corporation to "Borja Diego," dated September 10, 2009.  The payment is in the amount of $10,000 and the reference for the payment is "SEPTEMBER STIPEND."  This exhibit has been redacted to remove personal identifiers and other private information, to protect the Borjas' privacy.

14.  Attached hereto as Exhibit 11 is a true and accurate copy of an email chain between Arguedas attorney Cris Arguedas and Chevron Corporation counsel John Cline (Jones Day), dated September 15, 2009, noting Mr. Borja "is [understandably] expressing frustration with the fact that there has been no forward movement on finding him and Sarah a job."  Ms. Arguedas asks Mr. Cline, "Can you find out what is going on and who at Chevron we should be talking to about it?"

15.  Attached hereto as Exhibit 12 is a true and accurate copy of an email chain, in which Mr. Borja is copied, corresponding regarding disposal of Texaco equipment and lab samples, including "Disposal of ALL sampling and lab waste from Coca and Quito," dated September 16, 2009.

16.  Attached hereto as Exhibit 13 is a true and accurate copy of an email from Chevron Corporation counsel David Moyer approving a 3-month furniture rental agreement between CORT-Rental and Mr. Borja, dated September 18, 2009.

17.  Attached hereto as Exhibit 14 is a true and accurate copy of an invoice for furniture rental – including artwork – addressed to "CHEVRON Diego Borja," dated September 18, 2009. This exhibit has been redacted to remove personal identifiers and other private information, to protect the Borjas' privacy.

18.  Attached hereto as Exhibit 15 is a true and accurate copy of non-negotiable "record[s] of your pay" from Chevron Corporation to Mr. Borja's spouse, Sara R. Wanderley.  This exhibit has been redacted to remove personal identifiers and other private information, to protect the Borjas' privacy.

19.  Attached hereto as Exhibit 16 is a true and accurate copy of a payment made by Chevron Corporation to "Borja Diego," dated October 8, 2009.  The payment is in the amount of $10,000 and the reference for the payment is "STIPEND."  This exhibit has been redacted to remove personal identifiers and other private information, to protect the Borjas' privacy.

20.  Attached hereto as Exhibit 17 is a true and accurate copy of an executed "Statement by Diego Borja," dated October 19, 2009.

21.  Attached hereto as Exhibit 18 is a true and accurate copy of a payment made by Chevron Corporation to "Borja Diego," dated November 3, 2009.  The payment is in the amount of $10,000 and the reference for the payment is "STIPEND."  This exhibit has been redacted to remove personal identifiers and other private information, to protect the Borjas' privacy.

22.  Attached hereto as Exhibit 19 is a true and accurate copy of a payment made by Chevron Corporation to "Borja Diego," dated December 7, 2009.  The payment is in the amount of $10,000 and the reference for the payment is "STIPEND."  This exhibit has been redacted to remove personal identifiers and other private information, to protect the Borjas' privacy.

23.  Attached hereto as Exhibit 20 is a true and accurate copy of a payment made by Chevron Corporation to "Borja Diego," dated January 11, 2010.  The payment is in the amount of $5,000 and the reference for the payment is "LEGAL MATTER."  This exhibit has been redacted to remove personal identifiers and other private information, to protect the Borjas' privacy.

24.  Attached hereto as Exhibit 21 is a true and accurate copy of a payment made by Chevron Corporation to "Borja Diego," dated February 4, 2010.  The payment is in the amount of $5,000 and the reference for the payment is "LEGAL PAYMENT."  This exhibit has been redacted to remove personal identifiers and other private information, to protect the Borjas' privacy.

25.  Attached hereto as Exhibit 22 is a true and accurate copy of a payment made by Chevron Corporation to "Borja Diego," dated February 26, 2010.  The payment is in the amount of $5,000 and the reference for the payment is "LEGAL MATTER."  This exhibit has been redacted to remove personal identifiers and other private information, to protect the Borjas' privacy.

26.   Attached hereto as Exhibit 23 is a true and accurate copy of an email from Chevron Corporation counsel Caroline Mitchell (Jones Day) to Arguedas attorney Mike Anderson, dated April 2, 2010, subject line "MBA Program."   Ms. Mitchell's email inquires:   "Can your [(sic)] provide the details, e.g., the school, the length of the degree program, the cost[?]"

27.   Attached hereto as Exhibit 24 is a true and accurate copy of a payment made by Chevron Corporation to "Borja Diego," dated April 13, 2010.   The payment is in the amount of $5,000 and the reference for the payment is "LEGAL MATTER."   This exhibit has been redacted to remove personal identifiers and other private information, to protect the Borjas' privacy.

28.   Attached hereto as Exhibit 25 is a true and accurate copy of a "Declaration of Diego Borja," dated April 29, 2009.   Mr. Borja claims in his Declaration, in part, that "[a]t no time did I test or analyze samples."

29.   Attached hereto as Exhibit 26 is a true and accurate copy of a payment made by Chevron Corporation to "Borja Diego," dated May 6, 2010.   The payment is in the amount of $5,000 and the reference for the payment is "LEGAL REQUESTED PAYMENT; STIPEND." This exhibit has been redacted to remove personal identifiers and other private information, to protect the Borjas' privacy.

30.   Attached hereto as Exhibit 27 is a true and accurate copy of a payment made by Chevron Corporation to "Borja Diego," dated June 2, 2010.   The payment is in the amount of $5,000 and the reference for the payment is "LEGAL PAYMENT."   This exhibit has been redacted to remove personal identifiers and other private information, to protect the Borjas' privacy.

31.  Attached hereto as Exhibit 28 is a true and accurate copy of an email chain between Arguedas attorney Mike Anderson and Chevron Corporation counsel Caroline N. Mitchell (Jones Day), dated June 7, 2010.  Mr. Arguedas attaches Mr. Borja's "car bill for the last two months" and notes that, "[a]s you can see, it is over the $700/month budget."

32.  Attached hereto as Exhibit 29 is a true and accurate copy of an email chain between Chevron Corporation counsel Caroline N. Mitchell (Jones Day) and Arguedas attorney Mike Anderson, subject line "Diego's Car Bill," dated June 28, 2010.  Ms. Mitchell informs Mr. Anderson that "Chevron is going to send you a check for $1400 for Diego for the two months of car bills."

33.  Attached hereto as Exhibit 30 is a true and accurate copy of a document titled "Declaration of Diego Borja," dated June 29, 2010.

34.  Attached hereto as Exhibit 31 is a true and accurate copy of a payment made by Chevron Corporation to "Borja Diego," dated June 30, 2010.  The payment is in the amount of $1,400 and the reference for the payment is "LEGAL ISSUE."  This exhibit has been redacted to remove personal identifiers and other private information, to protect the Borjas' privacy.

35.  Attached hereto as Exhibit 32 is a true and accurate copy of a payment made by Chevron Corporation to "Borja Diego," dated July 7, 2010.  The payment is in the amount of $5,000 and the reference for the payment is "LEGAL."  This exhibit has been redacted to remove personal identifiers and other private information, to protect the Borjas' privacy.

36.  Attached hereto as Exhibit 33 is a true and accurate copy of a payment made by Chevron Corporation to "Borja Diego," dated August 3, 2010.  The payment is in the amount of

$5,000 and the reference for the payment is "LEGAL ISSUE."  This exhibit has been redacted to remove personal identifiers and other private information, to protect the Borjas' privacy.

37. Attached hereto as Exhibit 34 is a true and accurate copy of a payment made by Chevron Corporation to "Borja Diego," dated August 3, 2010.  The payment is in the amount of $5,000 and the reference for the payment is "LEGAL MATTER."  This exhibit has been redacted to remove personal identifiers and other private information, to protect the Borjas' privacy.

38. Attached hereto as Exhibit 35 is a true and accurate copy of an email from Arguenda attorney Mike Anderson to Chevron Corporation counsel Caroline N. Mitchell (Jones Day), dated August 20, 2010, subject line "Sara's job application," regarding "[t]he requisition number for the job Sara is applying for."

39. Attached hereto as Exhibit 36 is a true and accurate copy of a payment made by Chevron Corporation to "Borja Diego," dated August 24, 2010.  The payment is in the amount of $5,000 and the reference for the payment is "STIPEND."  This exhibit has been redacted to remove personal identifiers and other private information, to protect the Borjas' privacy.

40. Attached hereto as Exhibit 37 is a true and accurate copy of an email chain between Arguedas attorney from Anderson to Chevron Corporation counsel Caroline N. Mitchell (Jones Day), subject line "Jobs for Sara," dated August 26, 2010, indicating "the two openings that Sara feels are a better fit with her qualifications."

41. Attached hereto as Exhibit 38 is a true and accurate copy of an email from Chevron Corporation counsel Caroline N. Mitchell (Jones Day) to Arguedas attorney Mike Anderson, subject line "Job in Houston," dated August 26, 2010, forwarding a "Job Description" for an

"Information Management Analyst" position in "the Health, Environment & Safety (HES) Department of Chevron's Energy Technology Company (ETC)."

42.  Attached hereto as Exhibit 39 is a true and accurate copy of an email chain between Chevron Corporation counsel Caroline N. Mitchell (Jones Day) and Arguedas attorney Mike Anderson, subject line "RE: Jobs for Sara," dated August 26, 2010.  In the email chain Mr. Anderson inquires of Ms. Mitchell whether "the job offer you sent [is] something that Sara needs to apply for immediately?  And if she applies, is there any question about whether she would get it?"

43.  Attached hereto as Exhibit 40 is a true and accurate copy of an email chain between Arguedas attorneys Cris Arguedas and Mike Anderson, and Chevron Corporation counsel Robert A. Mittelstaedt (partner-in-charge of the Jones Day San Francisco office), dated August 31, 2010.  Ms. Arguedas, in an email to Mr. Mittelstaedt, confirms that "[y]ou indicated that Chevron was willing to pay Diego his monthly for another year."

44.  Attached hereto as Exhibit 41 is a true and accurate copy of an email from Diego Borja forwarding an email subject line "RE: INTERINTELG INVOICES AUGUST 2009," dated September 7, 2010 (on which Mr. Borja is copied), from Chevron Energy Technology Global Laboratory Coordinator Al Verstuyft which discusses "the closure of STL-Coca Laboratory."

45.  Attached hereto as Exhibit 42 is a true and accurate copy of an email from Arguedas attorney Mike Anderson to Chevron Corporation counsel Caroline N. Mitchell (Jones Day), subject line "Sara's Job," dated September 10, 2010.  Mr. Anderson indicates "Sara hasn't heard anything from Chevron about her job yet."

46.  Attached hereto as Exhibit 43 is a true and accurate copy of a payment made by Chevron Corporation to "Borja Diego," dated October 4, 2010.  The payment is in the amount of $5,000 and the reference for the payment is "STIPEND."   This exhibit has been redacted to remove personal identifiers and other private information, to protect the Borjas' privacy.

47.  Attached hereto as Exhibit 44 is a true and accurate copy of a payment made by Chevron Corporation to "Borja Diego," dated October 11, 2010.  The payment is in the amount of $1,650 and the reference for the payment is "WITNESS MONTHLY RENT."  This exhibit has been redacted to remove personal identifiers and other private information, to protect the Borjas' privacy.

48.  Attached hereto as Exhibit 45 is a true and accurate copy of a payment made by Chevron Corporation to "Borja Diego," dated October 11, 2010.  The payment is in the amount of $695.73 and the reference for the payment is "WITNESS CAR RENTAL."  This exhibit has been redacted to remove personal identifiers and other private information, to protect the Borjas' privacy.

49.  Attached hereto as Exhibit 46 is a true and accurate copy of an email from Diego Borja to Arguedas attorney Mike Anderson, subject line "Fwd: Car Rental for the 09/12/10" (sic), dated October 14, 2010, noting "[p]lease see below the car rental for my first trip when I came to find a place to live" and attaching a $134 invoice for same.

50.  Attached hereto as Exhibit 47 is a true and accurate copy of an email from Diego Borja to Arguedas attorney Mike Anderson, subject line "Fwd: Auto Transport," dated October 14, 2010, noting [b]elow you will find the auto shipping CALIFORNIA-HOUSTON" and attaching an unsigned $895 "Contract for Service."

51.   Attached hereto as Exhibit 48 is a true and accurate copy of an email from Diego Borja to Arguedas attorney Mike Anderson, dated October 14, 2010.  Mr. Borja notes "[p]lease see below the bill for my first trip to find a place to live" and attaching a confirmation for airfare and lodging.

52.   Attached hereto as Exhibit 49 is a true and accurate copy of an email from Diego Borja to Arguedas attorney Mike Anderson, dated October 14, 2010.  Mr. Borja notes "[p]lease see below the total airfare for the three of us" and attaches a confirmation for, in part, First Class airplane tickets from San Francisco, California to Houston, Texas.

53.   Attached hereto as Exhibit 50 is a true and accurate copy of an email from Chevron Corporation counsel Caroline N. Mitchell (Jones Day) to Aguedas attorney Michael W. Anderson, subject line "Metro PCS account," dated November 4, 2010.  Ms. Mitchell notes that "Chevron has been paying for Diego's Metro PCS bill."

54.   Attached hereto as Exhibit 51 is a true and accurate copy of a payment made by Chevron Corporation to "Borja Diego," dated November 9, 2010.  The payment is in the amount of $695.73 and the reference for the payment is "WITNESS/RENT."  This exhibit has been redacted to remove personal identifiers and other private information, to protect the Borjas' privacy.

55.   Attached hereto as Exhibit 52 is a true and accurate copy of a payment made by Chevron Corporation to "Borja Diego," dated November 22, 2010.  The payment is in the amount of $1,650 and the reference for the payment is "WITNESS/RENT."  This exhibit has been redacted to remove personal identifiers and other private information, to protect the Borjas' privacy.

56.  Attached hereto as Exhibit 53 is a true and accurate copy of a payment made by Chevron Corporation to "Borja Diego," dated December 14, 2010.  The payment is in the amount of $5,000 and the reference for the payment is "STIPEND."  This exhibit has been redacted to remove personal identifiers and other private information, to protect the Borjas' privacy.

57.  Attached hereto as Exhibit 54 is a true and accurate copy of an email from Wayne Hansen to Eric Mason at Mason Investigative Services, dated December 3, 2010.  Mr. Hansen indicates he has moved to Peru.  Counsel for Mr. Borja has represented that Mason Investigation Group either "represent[s] Diego Borja, or [was] retained by firms representing Diego Borja in connection with their representation of Diego Borja."  (*See* Exhibit A to the privilege log submitted by Diego Borja, appended hereto as Exhibit 59.)

58.  Attached hereto as Exhibit 55 is a true and accurate copy of a payment made by Chevron Corporation to "Borja Diego," dated January 13, 2011.  The payment is in the amount of $5,000 and the reference for the payment is "STIPEND."  This exhibit has been redacted to remove personal identifiers and other private information, to protect the Borjas' privacy.  The document reflects the fact that Mr. Borja is being paid by Chevron Corporation to an address in Ecuador.

59.  Attached hereto as Exhibit 56 is a true and accurate copy of what appears to be a draft check to the United States Internal Revenue Service, dated January 17, 2011, by Chevron Corporation in the name of Diego Borja and Sara Borja, and in the amount of $45,709.  The Exhibit also includes what appears to be a draft check to the State of California Franchise Tax Board, by Chevron Corporation in the name of Diego Borja and Sara Borja, and in the amount of

$3,758.   This exhibit has been redacted to remove personal identifiers and other private information, to protect the Borjas' privacy.

60.   Attached hereto as Exhibit 57 is a true and accurate copy of an email from Aguendas attorney Michael W. Anderson to Chevron Corporation counsel Caroline N. Mitchell (Jones Day), subject line "Borja Rent," dated January 17, 2011.  Mr. Anderson attaches "Diego's latest rent payment."

61.   Attached hereto as Exhibit 58 is a true and accurate copy of a payment made by Chevron Corporation to "Borja Diego," dated February 7, 2011.  The payment is in the amount of $8,300 and the reference for the payment is "STIPEND," "WITNESS/RENT – JANUARY 2011," "WITNESS/RENT - DECEMBER."  This exhibit has been redacted to remove personal identifiers and other private information, to protect the Borjas' privacy.  The document reflects the fact that Mr. Borja is being paid by Chevron Corporation to an address in Ecuador.

62.   Attached hereto as Exhibit 59 is a true and accurate copy of a Privilege Log submitted by Aguendas attorney in connection with Diego Borja, dated March 2, 2011.  It attaches an "Exhibit A" which lists firms retained by Mr. Borja, and attorneys representing Chevron Corporation.

63.   Attached hereto as Exhibit 60 is a true and accurate copy of Diego Borja and Sara Portilla's Wells Fargo Combined Statement of Accounts ranging from December 2009 to January 25, 2011.   These account statements display numerous deposits from Chevron Corporation marked "Chevron Corporat Reg Salary Sara R. Wanderley."  The deposit amounts vary.

64.  Attached hereto as Exhibit 61 is a true and accurate copy of Invoices to Chevron from InterIntelg.  On information and belief, and based on the transcript of Mr. Borja's discussions with Pablo Escobar, as attached to Declaration of Juan Pablo Sáenz M., InterIntelg was a company set-up and/or managed  by Mr. Borja and which received payments from Chevron Corporation.

65.  Attached hereto as Exhibit 62 is a true and accurate copy of what appears to be an undated résumé of Diego Borja.  The undated résumé lists Mr. Borja as what appears to be an employee of Texaco and ChevronTexaco, despite Mr. Borja's public statements that he has not been employed by those companies.  This exhibit has been redacted to remove personal identifiers and other private information, to protect the Borjas' privacy.

66.  Attached hereto as Exhibit 63 is a true and accurate copy of what appears to be an undated résumé of Sara Portilla.  This exhibit has been redacted to remove personal identifiers and other private information, to protect the Borjas' privacy.

67.  Attached hereto as Exhibit 64 is a true and accurate copy of a September 17, 2010 Sears (Woodland, Texas) receipt for what appears to be a Kenmore washing (laundry) machine and electric dryer.  This receipt was presented as responsive to the Ecuadorian Plaintiffs' subpoena in the Northern District of California litigation.

68.  Attached hereto as Exhibit 65 is a true and accurate copy of a Chevron check stub in the amount of $ 1,391.00 dated August 3, 2010.  This exhibit has been redacted to remove personal identifiers and other private information, to protect the Borjas' privacy.

## OTHER EVIDENCE CITED IN THE SUPPLEMENTAL MEMORANDUM OF LAW

69.  Attached hereto as Exhibit 66 is a true and accurate copy of a Chevron Press Release, *Videos Reveal Serious Judicial Misconduct and Political Influence in Ecuador lawsuit* dated August 31, 2009.  The press release discloses only that "Chevron has assisted him and his family with relocation expenses and other interim support."

70.  Attached hereto as Exhibit 67 is a true and accurate copy of an article from the Associated Press, *Felon involved in clandestine videos in Ecuador*, dated October 29, 2009.  The article documents that Wayne Hansen, who participated in the recording of the Ecuadorian judge, had in 1987 pled guilty to facilitating the importation of marijuana and was responsible for flying 275,000 pounds of marijuana from the United States to Columbia.

71.  Attached hereto as Exhibit 68 is a true and accurate copy of excerpts from the Transcript of the April 30, 2010 hearing before the Honorable Lewis A. Kaplan in *In re Application of Chevron Corporation*, M-19-111 in which this Court recognized, in proceedings related to the Lago Agrio, Ecuador litigation, that "I don't for a minute assume *a priori* that anyone's hands in this matter are clean.  Anybody's."

72.  Attached hereto as Exhibit 69 is a true and accurate copy of a letter from Thomas F. Cullen, Jr. of Jones Day to Dr. Washington Pesántez Muñoz, Preosecutor General of Ecuador regarding Fraud in Connection with the Expert Report of Richard Stalin Carbrera Vega, dated July 14, 2010.

///

///

///

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and ability.


Dated:  March 4, 2011

                                              s/
                                         _____
                                         Julio C. Gomez
                                         SDNY Bar No. JG0005

                                         GOMEZ LLC
                                         The Trump Building
                                         40 Wall Street, 28th Floor
                                         New York, NY 10005
                                         Tel 212-400-7150
                                         Fax 212-4007151
                                         E-mail: jgomez@gomezllc.com

                                         *Attorneys for Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje*