

LAW OFFICES

# KEKER & VAN NEST
### LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

JOHN W. KEKER

February 17, 2011



**VIA HAND DELIVERY AND U.S. MAIL**

The Honorable Lewis A. Kaplan
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   *Chevron Corporation v. Donziger, et al.*
      United States District Court, Southern District of New York, Case No. 11-CV-0691

Dear Judge Kaplan:

         We have been retained today to represent Steven Donziger and the Law Offices of Steven R. Donziger (collectively "Mr. Donziger") in the referenced matter.  We intend to appear tomorrow in Your Honor's courtroom in connection with a hearing on Chevron's Motion for a Preliminary Injunction.[1]

         We respectfully request that the Preliminary Injunction hearing(s) be continued 60 days. Mr. Donziger is willing to stipulate to the TRO being extended to cover that time period.  We have asked counsel for Chevron to agree to such a continuance, and they have declined, on the grounds that all defendants (whom we do not represent) must consent too.  While failure to grant such a continuance would be prejudicial to Mr. Donziger, granting this continuance as to Mr. Donziger, with the present TRO in place, preserves the status quo and visits no harm whatever on Chevron.

         The situation has changed since the TRO was granted.  An Ecuadorian Court has issued an approximately $9 billion Judgment against Chevron, accompanied by a 188 page opinion in the Spanish language, which none of us have yet even read, much less had the opportunity carefully to consider.  The Judgment is actually smaller than many expected, and represents a

---

[1] Mr. Peters is a member of the Bar of this Court.  He will move for Mr. Keker's and Ms. Little's admission *pro hac vice* at the first opportunity.)

545434.01

Hon. Lewis A. Kaplan
February 17, 2011
Page 2

fraction of Chevron's 2010 profits.  Under Ecuadorian law as we understand it, Chevron has a
right to appeal, and the judgment does not become final or collectible until that appeal is decided.
A press release from the office of Ecuador's Attorney General (attached), commenting on an
arbitration tribunal order, states "this order requests from Ecuador to take measures that are
already recognized by Ecuadorian law, *i.e.*, that no first-instance judgment that is on appeal and
therefore has not been enforced, can be recognized or enforced in Ecuador or abroad."  So there
is no immediate threat of any change in the status quo.  While Chevron's Reply brief filed
yesterday is quick to disparage the forum selected for litigation of the underlying
environmental case ("Injustice is swift in Ecuador") it would seem prudent for this Court and the
litigants to at least read the Order of the Ecuadorian Court before drawing conclusions about it.

     We have been thinking about this case and the legal and factual issues it presents for less
than 24 hours now, but it is clear that it presents numerous compelling issues which merit
briefing, investigation and argument, including at least the following:

- Whether and to what extent this Court has jurisdiction to enjoin persons from
  taking steps outside the United States to enforce a non-final judgment entered in a
  foreign court.

- Whether and to what extent this Court has jurisdiction to enjoin a lawyer from
  taking any steps whatever to further the interests of his client with respect to a
  non-final judgment entered in a foreign court.

- Whether and to what extent this Court has jurisdiction to enter an injunction
  pursuant to the RICO statute, the scope of which is to enjoin a lawyer from taking
  lawful steps to protect his clients with respect to a non-final judgment entered in a
  foreign court.

- Whether the RICO cause of action in the complaint can survive a 12(b)(6)
  challenge, and whether Chevron can be deemed likely to succeed on such an
  action, when Chevron alleges that litigation in a foreign court (which it selected)
  is tantamount to "extortion" of Chevron under "color of official right," and
  whether alleged fraud in connection with the 1782 proceedings has anything to do
  with the Ecuadorian judgment, enforcement of which Chevron seeks to enjoin.

- Whether the Ecuadorian plaintiffs can be vicariously liable under RICO without
  any showing that they committed the predicate acts alleged?

- Whether, given the numerous legal avenues available to Chevron to attack
  enforcement of the judgment (e.g., in New York Courts pursuant to New York's
  CPLR or in the courts of other sovereign states or nations) by raising the very

same facts and argument presented to Your Honor, Chevron can satisfy the standard of proving that it will suffer immediate and irreparable harm if the preliminary injunction is not granted.

- Whether and to what extent the Court in Ecuador received evidence on and considered the very same facts and arguments being presented by Chevron here.

- Whether and to what extent, when seeking to have this case transferred to Ecuador, Chevron made promises and representations about its trust and faith in the Ecuadorian justice system, and explicitly promised to honor a judgment rendered in Ecuador, and to limit any collateral attack on it.

- Whether and to what extent Mr. Donziger should be permitted to take discovery of Chevron by way of requests for production of documents and 30(b)(6) depositions with respect to its claims of irreparable harm and its own conduct with respect to experts in connection with the Ecuadorian litigation.

- Whether and to what extent Mr. Donziger should be permitted to retain experts and present evidence from experts with respect to the Ecuadorian judicial system and procedures there, particularly with respect to interacting with court appointed experts.

- Whether in light of the Ecuadorian Judgment, Chevron should be required to post a bond sufficiently large to cover the amount of that Judgment, plus interest and attorneys fees, in order to obtain the relief it seeks.

- Whether assignment of this case to Your Honor was appropriate under the District's Case Assignment Plan, since the original, lower numbered case transferred to Ecuador, which now gives rise to the judgment Chevron seeks to enjoin our client from taking any steps to enforce, was assigned to Judge Rakoff.

- Whether Your Honor should be recused from presiding over this case in light of your apparent role as a witness, your comments having been quoted in the complaint, and Chevron's apparent view that Your Honor played a role in formulating the legal theories set forth in its complaint.

This case raises a significant number of complex factual and legal questions. As a defendant in this matter, who has just retained counsel, and who is willing to stipulate to extending the TRO and thereby preserve the status quo, Mr. Donziger deserves to be afforded the opportunity to be represented by counsel who are given the necessary time to prepare and file

Hon. Lewis A. Kaplan
February 17, 2011
Page 4

briefs with the Court, and present evidence, demonstrating why the injunctive relief sought by Chevron is improper and unwarranted.  We respectfully request to be afforded that opportunity.

Very truly yours,

John W. Keker
Elliot R. Peters
Jan Nielsen Little

By: _____
JOHN W. KEKER

JWK/nsn
cc:   Randy Mastro
      Norman Siegel
      Steven J. Hyman

545434.01



**FOR IMMEDIATE RELEASE**
Quito, February 11 2011
CS/006

**AN ARBITRAL TRIBUNAL, CONSTITUTED UNDER THE ARBITRATION RULES OF THE UNITED NATIONS COMMISSION ON INTERNATIONAL TRADE LAW (UNCITRAL), ORDERED THE ADOPTION OF PROVISIONAL MEASURES**

Quito, February 11, 2011 .- On February 9, 2011, in the last arbitration proceeding initiated (in September, 2009) by the companies Chevron Corporation and Texaco Petroleum Company (Chevron) against the Republic of Ecuador, an arbitration tribunal issued a new order of provisional measures. In this order the Court asked Ecuador to "take all measures at its disposal to suspend or cause to be suspended any measure for recognition or enforcement in or out of Ecuador against Chevron." This order is related to the case known as Lago Agrio case, in which a group of communities in the Ecuadorian Amazon Region filed an environmental claim 18 years ago (first before the U.S. courts and later it was transferred to the courts of Ecuador at the request of Chevron) with the purpose to get a judgment against the company for alleged environmental damage and impact on the health of the citizens of the Amazon region, allegedly caused after 30 years of its operation in the Amazon region of Ecuador.

This order requests from Ecuador to take measures that are already recognized by Ecuadorian law, i.e., that no first-instance judgment that is on appeal and therefore has not been enforced, can be recognized or enforced in Ecuador or abroad.

The Attorney General of Ecuador stated that "Ecuador is analyzing, with its local and international lawyers in charge of representing the State, all legal and appropriate measures than can be taken to comply with the order from the Tribunal. Ecuador, despite the fact that it does not agree with the provisional measures ordered by the arbitral tribunal, which unnecessarily interfere in our administration of justice, is a sovereign country that recognizes its obligations under international law, and also is very aware of those obligations that Ecuadorian authorities have under the domestic law, which should be equally respected".

The Attorney General also pointed out in his statement that "the Tribunal makes clear in its ruling that this order does not affect at all the jurisdictional objections filed by Ecuador, which still are awaiting a decision by the Tribunal. Nor imply any statement about the allegations on the merits. Yet, there is still no court ruling of the judge hearing the Lago Agrio case, and the eyes of the national and international community are looking at that case, which we all hope that whatever the judgment is, to be in compliance with the law and based on the facts of the case."

**SOCIAL COMMUNICATION AND PUBLIC RELATIONS DEPARTMENT**
Phone: (593-2) 22559308
www.pge.gob.ec