UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHEVRON CORPORATION,

                Plaintiff,

        -against-                                 11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

        This matter is before the Court on a motion to transfer this case from the undersigned to the Honorable Jed S. Rakoff, under the Rules for the Division of Business Among District Judges ("RDB"),[1] on the ground that it is "related" to a case concluded in 2001 before Judge Rakoff. The motion is without merit.

I

        The so-called Lago Agrio plaintiffs[2] (the "LAPs") recently obtained a judgment against Chevron from a provincial court in Ecuador for more than $8.6 billion for alleged environmental pollution by Texaco, Inc. ("Texaco"), the shares of which now are owned, directly

---

[1] The RDB are available at http://www.nyed.uscourts.gov/pub/docs/localrules.pdf at 94.

[2] The Lago Agrio plaintiffs are forty-eight individuals.

2

or indirectly, by Chevron.[3] Defendant Steven Donziger, a New York attorney, has been a lead lawyer for them for many years.

On February 1, 2011, Chevron brought this action against Donziger, his Ecuadorian clients, and others. It asserts, among other things, that the Ecuadorian judgment is not entitled to recognition or enforcement because the Ecuadorian judicial system "does not provide impartial tribunals or procedures compatible with the requirements of due process of law"[4] and because it was obtained by fraud by Donziger and others. Chevron seeks, in addition to other relief, a declaration that the judgment is not entitled to enforcement or recognition and an injunction barring its enforcement outside Ecuador.

At the time this case began, the undersigned had been presiding for months over two proceedings brought pursuant to 28 U.S.C. § 1782 in which Chevron has sought discovery relating to the Ecuadorian litigation, the first from a documentary film maker, Joseph Berlinger, and the second from Donziger.[5] Those proceedings involved, among other things, issues concerning the relevance of the discovery sought to the proceedings in Ecuador and the claims of improper behavior by Donziger and others in relation to that case. They thus required the undersigned to become familiar with some aspects of the Lago Agrio action and, as important, the context in which it was

---

[3] Chevron acquired Texaco in 2001, after Texaco discontinued operations in Ecuador and settled environmental claims with its government.

[4] N.Y. C.P.L.R. § 5304(a)(1).

[5] *See, e.g., In re Chevron Corp.*, 709 F. Supp.2d 283 (S.D.N.Y.), *aff'd sub nom., Chevron Corp. v. Berlinger*, 629 F.3d 297 (2d Cir. 2010); *In re Chevron Corp.*, __ F. Supp.2d ___, 2010 WL 4910248 (S.D.N.Y. Nov. 10, 2010), *on reconsideration*, __ F. Supp.2d ___, 2010 WL 4922312 (S.D.N.Y. Nov. 30, 2010), *aff'd sub nom., Lago Agrio Plaintiffs v. Chevron Corp.*, Nos. 10-4341-cv, 10-4405-cv(CON), 2010 WL 5151325 (2d Cir. Dec. 15, 2010).

3

litigated – a matter highly pertinent to the claim that the judgment should neither be recognized nor enforced.[6]

Upon filing this case, Chevron noted on the civil cover sheet, as it was obliged to do, its belief that this case is related to the two pending Section 1782 proceedings. In accordance with routine practice, this case then was referred to and accepted by the undersigned, pursuant to RDB 15, as a related case.

Chevron promptly sought a temporary restraining order ("TRO") and a preliminary injunction barring enforcement of the Lago Agrio judgment. The TRO was granted on February 8, 2011. The motion for a preliminary injunction is being decided today by separate opinion.

On February 28, Donziger moved to transfer this case, pursuant to the RDB, to Judge Rakoff,[7] who had presided over a purported class action brought against Texaco by many or all of the LAPs and others that was dismissed in 2001 (*"Aguinda"*).[8] He argues that Chevron should have disclosed that this case is "related" to *Aguinda*[9] instead of, or in addition to, the Section 1782 proceedings and that it should have been assigned to Judge Rakoff rather than to the undersigned

---

[6] *See, e.g., In re Chevron Corp.*, 709 F. Supp.2d at 295-98; *Chevron Corp. v. Berlinger,* 629 F.3d at 304-05.

[7] DI 160. The two LAPs who have appeared in this action joined in the motion. DI 167.

[8] *Aguinda v. Texaco, Inc.*, 142 F. Supp.2d 534 (S.D.N.Y. 2001), *aff'd as modified*, 303 F.3d 470 (2d Cir. 2002). The motion is quite ironic, as the LAPs moved in 2000 to disqualify Judge Rakoff. *See In re Aguinda*, 241 F.3d 194 (2d Cir. 2001).

[9] Donziger appears to protest also Chevron's failure to state that this action is related to certain closed proceedings brought before Judge Sand in which, *inter alia*, Ecuador and/or the LAPs sought to block Chevron's arbitration proceeding against Ecuador. *See Republic of Ecuador, et ano v. ChevronTexaco, et al.*, 04 Civ. 8378 (LBS); *Republic of Ecuador v. Chevron Corp.*, 09 Civ. 9958 (LBS); *Yaiguaje et al v. Chevron Corp.*, 10 Civ. 316 (LBS).

4

because *Aguinda* had been the first-filed among the related cases. Donziger contends also that Chevron failed to do so in an effort to "steer" this case to the undersigned because it perceives him to be disposed favorably to its positions, citing rulings and certain comments and questions by him in the Section 1782 proceedings.[10]

II

Donziger's motion is based entirely on the Court's RDB, the first paragraph of which states that:

> "These rules are adopted for the internal management of the case load of the court and shall not be deemed to vest any rights in litigants or their attorneys . . . ."

Accordingly, as the RDB clearly state, and as both the Second Circuit and this Court have held, no litigant would have any right to reassignment even if there had been a departure from the RDB.[11] The motion therefore is without merit.

In any event, there was no violation of the local rules. An attorney's duty to refer to related cases when filing actions in this Court is defined by SDNY Civ. R. 1.6(a), which provides

---

[10] DI 160, at 9-13.

[11] *United States v. Davila-Bajana,* 172 F.3d 38 (2d Cir. 1998) (complaint about reassignment of case under Eastern District assignment rules "legally baseless" in light of their identical provision that "[t]hese rules are adopted for the internal management of the case load of the court and shall not be deemed to vest any rights in litigants or their attorneys"); *United States v. Gonzalez*, 421 F. Supp.2d 727, 732 (S.D.N.Y. 2006) (same), *vacated in part on different grounds*, 421 F. Supp.2d 392 (2d Cir. 2008); *Gashi v. County of Westchester*, No. 02 Civ. 6934, 2005 WL 195517, at *15 (S.D.N.Y. Jan. 27, 2005) (same); *Nikac v. Pozzi,* 172 F. Supp.2d 414, 416 (S.D.N.Y. 2001) (same); *Irish Lesbian and Gay Org. v. Giuliani*, 918 F. Supp. 728, 729 (S.D.N.Y. 1996) (same); *United States v. Int'l Bhd. of Teamsters*, 697 F. Supp. 710, 712 (S.D.N.Y. 1988) (same); *see also United States v. Agate*, No. 08 Cr. 76, 2008 WL 699513 (E.D.N.Y. Mar. 13, 2008) (same); *United States v. Astra Motor Cars*, 352 F. Supp.2d 370, 372 (E.D.N.Y. 2005) (same); *United States v. Garces*, 849 F.Supp. 852, 861 (E.D.N.Y.1994) (same).

in relevant part that

> "[i]t shall be the continuing duty of each attorney appearing in any civil or criminal case to bring promptly to the attention of the clerk all facts which said attorney believes are relevant to a determination that said case and one or more *pending* civil or criminal cases should be heard by the same judge, in order to avoid unnecessary duplication of judicial effort."[12] (emphasis added).

Consistent with the rule, the civil cover sheet form that lawyers file when commencing a new action requires counsel to note only "pending" related cases. Thus, neither the rule nor the civil cover sheet required Chevron to identify the *Aguinda* action as a pending case when it commenced this suit. Judge Rakoff dismissed the *Aguinda* action in mid-2001, and his decision was affirmed in 2002. The case therefore has not been "pending" in this Court for many years.[13]

In any event, this case is "related" to the Section 1782 proceedings and not to *Aguinda*. RDB 15(a) states:

> "a civil case will be deemed related to one or more other civil cases and will be transferred for consolidation or coordinated pretrial proceedings when the interests of justice and efficiency will be served. In determining relatedness, a judge will consider whether (i) a substantial saving of judicial resources would result; or (ii) the just efficient and economical conduct of the litigations would be advanced; or (iii) the convenience of the parties or witnesses would be served."

---

[12] *See also* RDB 15(c) ("A case filed . . . and designated as related shall be forward to the judge before whom the earlier filed case *is then pending* who shall accept or reject the case in his or her sole discretion.") (emphasis added).

[13] Donziger argues that "a case need not be 'currently pending' in order to be the subject of disclosure as 'related'" because, otherwise, "a litigant could file a complaint, see it assigned to a judge he does not like, dismiss the case, and re-file it, hoping to secure a different judge." DI 160, at 7. He would dismiss the significance of the word "pending" as a "one-word technicality." *Id*.

The argument is directly inconsistent with the plain language of S.D.N.Y. CIV. R. 1.6(a). Nor need S.D.N.Y. CIV. R. 1.6(a) be construed as Donziger proposes, in the face of its plain language, in order to bar dismissal and refiling to seek another judge because the "dismiss and refile" gambit is prohibited explicitly by RDB 4(b).

*Aguinda* was a putative class action against Texaco and affiliates, brought mainly to recover for alleged personal injuries and property damages allegedly caused by pollution.[14] It was dismissed on the ground of *forum non conveniens* without any determination of the merits of the underlying claims. This case, in contrast, involves Chevron's claims that the Lago Agrio judgment is tainted by fraud, was rendered in a judicial system that is not compatible with principles of due process, and therefore is not entitled to recognition and enforcement. Moreover, the Lago Agrio litigation differed fundamentally from the *Aguinda* suit, as it was brought under a 1999 Ecuadorian statute that purports to permit private persons to sue for degradation of the environment as a whole. It does not assert individual or class claims for personal injuries or property damage. Finally, Donziger's contention that the judgment in the *Aguinda* case "was *the very case whose judgment the instant action now seeks to invalidate*"[15] is simply wrong. The judgment that is the subject of this action was entered by the Ecuadorian court on February 14, 2011, not by Judge Rakoff ten years ago.

III

Donziger devotes much of his papers to a claim that Chevron tried to "steer" the case to the undersigned because the undersigned manifested sympathy to Chevron's positions and antipathy to its adversaries in the Section 1782 proceedings. The argument is based entirely on rulings previously affirmed by the Court of Appeals as well as comments selectively quoted and

---

[14] *Aguinda*, 142 F. Supp.2d at 537 (S.D.N.Y. 2001).

[15] DI 160, at 5 (emphasis in original).

wrenched from context, and made in all but one instance[16] months ago in one or the other of the Section 1782 proceedings. There is no need to address that contention here.

As an initial matter, this motion depends exclusively on the erroneous assertions that (1) Chevron should have stated that this action is "related" to the long-closed *Aguinda* action, in which case Donziger assumes that this action would have been assigned to Judge Rakoff pursuant to the RDB, and (2) Donziger in that case would be entitled to its reassignment. As demonstrated above, each of these premises, both of which are essential to the motion, is incorrect. The motion therefore must be denied regardless of Donziger's argument as to Chevron's motive and his incidental criticism of this Court.

In any case, any issue as to whether the undersigned should have been disqualified would have been a matter for a recusal motion, not a motion to transfer the case to a judge selected by the movant. No motion to recuse the undersigned was made in the Section 1782 proceedings. Nor, despite repeated threats of such a motion here,[17] has any been made in this case.

---

[16] The lone exception is one interjection by the Court during the argument of the TRO application in this case. Counsel for two of the LAPs there asserted that "Chevron's game is to leave these peasants with their land ruined and this oil down there uncleaned up." Tr., Feb. 8, 2011, at 38:25-39:2. That of course is simply wrong. The Court interjected that it understood "that Chevron never did business in Ecuador and . . . that Texaco was out of Ecuador for years before they acquired Texaco and further that Texaco has been out of Ecuador for 19 years and that whatever has happened since 1992 has happened on the watch of the Ecuadorian-owned oil company," which was followed by a request to counsel to "try to keep some facts more or less in order." *Id.* at 39:6-12. The accuracy of the Court's understanding is undisputed.

[17] *See* DI 158; DI 180, at 3; Tr., Feb. 18, 2011, at 39:19-25.

8

IV

The motion to transfer this case [DI 160] is denied.

SO ORDERED.

Dated:    March 7, 2011

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)