**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| CHEVRON CORPORATION, | Case No. 11-CV-0691 (LAK) |
| Plaintiff, | |
| v. | |
| STEVEN DONZIGER, et al., | |
| Defendants. | |

---

| | |
|---|---|
| CHEVRON CORPORATION, | Case No. 11-CV-3718 (LAK) |
| Plaintiff, | |
| v. | **FIRST AMENDED ANSWER TO** |
| MARIA AGUINDA SALAZAR, *et al.*, | **AMENDED COMPLAINT, SEPARATE** |
| Defendants, | **DEFENSES AND JURY** |
| | **TRIAL DEMAND** |
| STEVEN DONZIGER *et al.,* | |
| Intervenors. | |

---

Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje (collectively, the "Ecuadorian Plaintiffs") by and through their attorneys, Gomez LLC and F. Gerald Maples, P.A., as and for their Answer to the Amended Complaint ("Complaint") of Plaintiff Chevron Corporation ("Chevron"), state the following:[1]

---

[1] The majority of the allegations of the Complaint are directed at defendants other than the Ecuadorian Plaintiffs. Thus, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of majority of the allegations contained in the Complaint. To the extent Chevron's vague allegations of "conspirators" could ever apply to the Ecuadorian Plaintiffs (and they could not), those allegations are denied.

## AS TO THE INTRODUCTION[2]

1.      The allegations contained in Paragraph 1 of the Complaint are not directed at the Ecuadorian Plaintiffs and therefore no response is required.  Moreover, the allegations contained in Paragraph 1 of the Complaint contain legal conclusions to which no response is necessary. The Ecuadorian Plaintiffs affirmatively state that they have not been sued under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and that they are not vicariously liable for the alleged acts described therein.  To the extent an answer is deemed necessary, the Ecuadorian Plaintiffs deny the allegations contained in Paragraph 1 of the Complaint insofar as they may pertain to the Ecuadorian Plaintiffs.

2.      The allegations contained in Paragraph 2 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.   Moreover, the allegations contained in Paragraph 2 of the Complaint contain legal conclusions to which no response is necessary.  To the extent an answer is deemed necessary, the Ecuadorian Plaintiffs deny the allegations contained in Paragraph 2 of the Complaint insofar as they may pertain to the Ecuadorian Plaintiffs.

3.      The allegations contained in Paragraph 3 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.   Moreover, the allegations contained in Paragraph 3 of the Complaint contain legal conclusions to which no response is necessary.  To the extent an answer is deemed necessary, the Ecuadorian Plaintiffs deny the allegations contained in Paragraph 3 of the Complaint insofar as they may pertain to the Ecuadorian Plaintiffs.

---

[2] Many of the sub-headings contained in the Complaint are argumentative and contain allegations that, to the extent they can be interpreted to be directed at the Ecuadorian Plaintiffs, are denied.

4.      The allegations contained in Paragraph 4 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  Moreover, the allegations contained in Paragraph 4 of the Complaint contain legal conclusions to which no response is necessary.   To the extent an answer is deemed necessary, the Ecuadorian Plaintiffs deny the allegations contained in Paragraph 4 of the Complaint insofar as they may pertain to the Ecuadorian Plaintiffs.

5.      The allegations contained in Paragraph 5 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  Moreover, the allegations contained in Paragraph 5 of the Complaint contain legal conclusions to which no response is necessary.   To the extent an answer is deemed necessary, the Ecuadorian Plaintiffs deny the allegations contained in Paragraph 5 of the Complaint insofar as they may pertain to the conduct of the Ecuadorian Plaintiffs.

## AS TO PARTIES AND RELEVANT NON-PARTIES

6.      The Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7.      The allegations contained in Paragraph 7 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.   Moreover, the allegations contained in Paragraph 7 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8.      The allegations contained in Paragraph 8 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.   Moreover, the allegations contained in

Paragraph 8 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.      The allegations contained in Paragraph 9 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required. Moreover, the allegations contained in Paragraph 9 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10.      The allegations contained in Paragraph 10 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required. Moreover, the allegations contained in Paragraph 10 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.      The allegations contained in Paragraph 11 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required. Moreover, the allegations contained in Paragraph 11 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed necessary, the Ecuadorian Plaintiffs admit that Pablo Fajardo Mendoza is their counsel for suit No. 2003-002 in the Provincial Court of Justice of Sucumbios but otherwise deny knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 11 of the Complaint.

12.    The allegations contained in Paragraph 12 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  Moreover, the allegations contained in Paragraph 12 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs admit that Luis Yanza is the General Manager for Selva Viva but otherwise deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the Complaint.

13.    The allegations contained in Paragraph 13 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  Moreover, the allegations contained in Paragraph 13 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs admit they are aware of the existence of the Frente de Defensa de la Amazonia, but otherwise deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.    The allegations contained in Paragraph 14 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  Moreover, the allegations contained in Paragraph 14 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs admit they are aware of the existence of Selva Viva, but otherwise deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15.    The allegations contained in Paragraph 15 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  Moreover, the allegations contained in Paragraph 15 of the Complaint contain legal conclusions to which no response is required.  To

the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16.     The allegations contained in Paragraph 16 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  Moreover, the allegations contained in Paragraph 16 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17.     The allegations contained in Paragraph 17 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  Moreover, the allegations contained in Paragraph 17 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18.     The allegations contained in Paragraph 18 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, except admit that Alberto Wray, Critóbal Bonifaz, Juan Pablo Saenz, Julio Prieto, and Patton Boggs LLP have acted as their counsel.

19.     The allegations contained in Paragraph 19 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  Moreover, the allegations contained in

Paragraph 19 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20.     The Ecuadorian Plaintiffs admit that they are individuals residing in the Republic of Ecuador and that they and the other individuals identified in Appendix A are parties to the Lago Agrio Litigation, but deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in the remainder of Paragraph 20 of the Complaint.

21.     The allegations contained in Paragraph 21 of the Complaint contain legal conclusions to which no response is required.  However, the Ecuadorian Plaintiffs admit that Pablo Fajardo Mendoza is their counsel for suit No. 2003-002 in the Provincial Court of Justice of Sucumbios, and that they executed powers of attorney authorizing Pablo Fajardo Mendoza to represent their legal interests.  The Ecuadorian Plaintiffs deny Chevron's characterization of those powers of attorney and refer the Court to those powers of attorney for a recitation of their terms.  The Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of the Complaint.

22.     The allegations contained in Paragraph 22 of the Complaint are legal conclusions to which no response is required.  To the extent an answer is deemed necessary, the allegations are denied.

**AS TO SUBJECT MATTER JURISDICTION AND VENUE**

23.     The allegations of Paragraph 23 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny the allegations contained in Paragraph 23 of the Complaint.

24.     The allegations of Paragraph 24 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny the allegations contained in Paragraph 24 of the Complaint.

## AS TO PERSONAL JURISDICTION

25.     The allegations of Paragraph 25 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, but aver that this Court does not have personal jurisdiction over the Ecuadorian Plaintiffs.

26.     The allegations of Paragraph 26 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, but aver that this Court does not have personal jurisdiction over the Ecuadorian Plaintiffs.

27.     The allegations of Paragraph 27 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, but aver that this Court does not have personal jurisdiction over the Ecuadorian Plaintiffs.

28.     The allegations of Paragraph 28 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 28 of the Complaint, but aver that this Court does not have personal jurisdiction over the Ecuadorian Plaintiffs.

29.     The allegations of Paragraph 29 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, but aver that this Court does not have personal jurisdiction over the Ecuadorian Plaintiffs.

30.     The allegations of Paragraph 30 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, but aver that this Court does not have personal jurisdiction over the Ecuadorian Plaintiffs.

31.     The allegations of Paragraph 31 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint, but aver that this Court does not have personal jurisdiction over the Ecuadorian Plaintiffs.

32.     The allegations contained in Paragraph 32 of the Complaint contain legal conclusions to which no response is required.  To the extent an answer is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and further deny that this Court has personal jurisdiction over the Ecuadorian Plaintiffs.

**AS TO FACTUAL BASIS FOR CLAIMS**

33.     The allegations contained in Paragraph 33 are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34.     The allegations contained in Paragraph 34 are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35.     The allegations contained in Paragraph 35 are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36.     The allegations contained in Paragraph 36 are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37.     The allegations contained in Paragraph 37 are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38.     The allegations contained in Paragraph 38 are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the

Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39.     The allegations contained in Paragraph 39 are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40.     The allegations contained in Paragraph 40 are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41.     The allegations contained in Paragraph 41 are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint.

42.     The allegations contained in Paragraph 42 are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43.     The allegations contained in Paragraph 43 are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44.    The allegations contained in Paragraph 44 are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint.

45.    The allegations contained in Paragraph 45 are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint.

46.    The allegations contained in Paragraph 46 are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint.

47.    The allegations contained in Paragraph 47 are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint.

48.    The allegations contained in Paragraph 48 are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint.

49.    The allegations contained in Paragraph 49 are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the

Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint.

50.     The allegations contained in Paragraph 50 are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint.

51.     The allegations contained in Paragraph 51 are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint.

52.     The allegations contained in Paragraph 52 are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint.

53.     The allegations contained in Paragraph 53 are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint.

54.     The allegations contained in Paragraph 54 are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint.

55.     The allegations contained in Paragraph 55 are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint.

56.     The allegations contained in Paragraph 56 are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint.

57.     The allegations contained in Paragraph 57 are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint.

58.     The allegations contained in Paragraph 58 are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint.

59.     The Ecuadorian Plaintiffs admit that in 1993 and 1994, certain U.S. plaintiffs' attorneys filed two lawsuits against Texaco in New York and that the cases were dismissed.  As to the remaining allegations contained in Paragraph 59, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of allegations contained in Paragraph 59 of the Complaint, and refer to Court records which may reflect the grounds on which the cases were dismissed.

60.     The allegations contained in Paragraph 60 are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint.

61.     The allegations contained in Paragraph 61 are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint.

62.     The allegations contained in Paragraph 62 are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint.

63.     The allegations contained in Paragraph 63 are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs admit that the Environmental Management Act of 1999 was passed, but otherwise deny knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 63 of the Complaint.

64.     The Ecuadorian Plaintiffs admit that the action referred to in Paragraph 64 of the Complaint was filed, but otherwise deny the remainder of the allegations in Paragraph 64 of the Complaint.

65.     The Ecuadorian Plaintiffs deny Chevron's characterizations of the Lago Agrio Litigation contained in Paragraph 65 of the Complaint.  Moreover, the allegations contained in Paragraph 65 are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To

the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint.

66.     The Ecuadorian Plaintiffs deny Chevron's characterizations of the Lago Agrio Litigation contained in Paragraph 66 of the Complaint.  Moreover, the allegations contained in Paragraph 66 are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint.

67.     The Ecuadorian Plaintiffs deny Chevron's characterizations of the Lago Agrio Litigation contained in Paragraph 67 of the Complaint.  Moreover, the allegations contained in Paragraph 67 are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint.

68.     The allegations contained in Paragraph 68 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint.

69.     The allegations contained in Paragraph 69 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint.

70.     The allegations contained in Paragraph 70 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint.

71.     The Ecuadorian Plaintiffs deny Chevron's characterization of any statements purportedly made by the Lago Agrio Plaintiffs to this Court.  The remainder of the allegations contained in Paragraph 71 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint.

72.     The allegations contained in Paragraph 72 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint.

73.     The allegations contained in Paragraph 73 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint.

74.     The allegations contained in Paragraph 74 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint.

75.     The allegations contained in Paragraph 75 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.   To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint.

76.     The allegations contained in Paragraph 76 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.   To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint.

77.     The allegations contained in Paragraph 77 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.   To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint.

78.     The allegations contained in Paragraph 78 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.   To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint.

79.     The allegations contained in Paragraph 79 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.   To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint.

80.     The allegations contained in Paragraph 80 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.   To the extent a response is deemed

necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint.

81.     The allegations contained in Paragraph 81 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.   To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint.

82.     The allegations contained in Paragraph 82 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.   To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint.

83.     The allegations contained in Paragraph 83 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.   To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint.

84.     The allegations contained in Paragraph 84 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.   To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint.

85.     The allegations contained in Paragraph 85 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.   To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint.

86.     The allegations contained in Paragraph 86 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint.

87.     The allegations contained in Paragraph 87 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny the allegations contained in Paragraph 87 of the Complaint insofar as they may pertain to the Ecuadorian Plaintiffs, and they specifically deny Chevron's characterizations of Ecuador's judicial system.

88.     The allegations contained in Paragraph 88 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint.

89.     The allegations contained in Paragraph 89 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint.

90.     The allegations contained in Paragraph 90 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint.

91.     The Ecuadorian Plaintiffs deny Chevron's allegations that the Lago Agrio Litigation was subject to corruption and undue influence.  The remainder of the allegations

contained in Paragraph 91 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint.

92.     The allegations contained in Paragraph 92 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint.

93.     The allegations contained in Paragraph 93 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint.

94.     The allegations contained in Paragraph 94 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint.

95.     The allegations contained in Paragraph 95 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint.

96.     The allegations contained in Paragraph 96 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed

necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Complaint.

97.     The allegations contained in Paragraph 97 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny the allegations contained in Paragraph 97 of the Complaint insofar as they may pertain to the Ecuadorian Plaintiffs, and they specifically deny Chevron's characterizations of Ecuador's judicial system.

98.     The allegations contained in Paragraph 98 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Complaint.

99.     The allegations contained in Paragraph 99 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint.

100.    The allegations contained in Paragraph 100 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint.

101.    The allegations contained in Paragraph 101 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint.

102.    The allegations contained in Paragraph 102 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint.

103.    The allegations contained in Paragraph 103 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint.

104.    The allegations contained in Paragraph 104 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint.

105.    The allegations contained in Paragraph 105 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Complaint.

106.    The allegations contained in Paragraph 106 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint.

107.    The allegations contained in Paragraph 107 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed

necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of the Complaint.

108.    The allegations contained in Paragraph 108 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the Complaint.

109.    The allegations contained in Paragraph 109 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Complaint.

110.    The allegations contained in Paragraph 110 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of the Complaint.

111.    The allegations contained in Paragraph 111 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Complaint.

112.    The allegations contained in Paragraph 112 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the Complaint.

113.    The allegations contained in Paragraph 113 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 of the Complaint.

114.    The allegations contained in Paragraph 114 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of the Complaint.

115.    The allegations contained in Paragraph 115 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of the Complaint.

116.    The allegations contained in Paragraph 116 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of the Complaint.

117.    The allegations contained in Paragraph 117 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of the Complaint.

118.    The allegations contained in Paragraph 118 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed

necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 of the Complaint.

119.    The allegations contained in Paragraph 119 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of the Complaint.

120.    The allegations contained in Paragraph 120 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the Complaint.

121.    The allegations contained in Paragraph 121 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of the Complaint.

122.    The allegations contained in Paragraph 122 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 of the Complaint.

123.    The allegations contained in Paragraph 123 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of the Complaint.

124.    The allegations contained in Paragraph 124 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 of the Complaint.

125.    The allegations contained in Paragraph 125 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 of the Complaint.

126.    The allegations contained in Paragraph 126 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 of the Complaint.

127.    The allegations contained in Paragraph 127 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 of the Complaint.

128.    The allegations contained in Paragraph 128 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 of the Complaint.

129.    The allegations contained in Paragraph 129 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed

necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 of the Complaint.

130.    The allegations contained in Paragraph 130 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the Complaint.

131.    The allegations contained in Paragraph 131 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 of the Complaint.

132.    The allegations contained in Paragraph 132 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of the Complaint.

133.    The allegations contained in Paragraph 133 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of the Complaint.

134.    The allegations contained in Paragraph 134 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 of the Complaint.

135.    The allegations contained in Paragraph 135 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 of the Complaint.

136.    The allegations contained in Paragraph 136 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136 of the Complaint.

137.    The allegations contained in Paragraph 137 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 of the Complaint.

138.    The allegations contained in Paragraph 138 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 of the Complaint.

139.    The allegations contained in Paragraph 139 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 of the Complaint.

140.    The allegations contained in Paragraph 140 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed

necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 of the Complaint.

141.   The allegations contained in Paragraph 141 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 of the Complaint.

142.   The allegations contained in Paragraph 142 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142 of the Complaint.

143.   The allegations contained in Paragraph 143 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 of the Complaint.

144.   The allegations contained in Paragraph 144 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144 of the Complaint.

145.   The allegations contained in Paragraph 145 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 of the Complaint.

146.    The allegations contained in Paragraph 146 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 of the Complaint.

147.    The allegations contained in Paragraph 147 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147 of the Complaint.

148.    The allegations contained in Paragraph 148 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148 of the Complaint.

149.    The allegations contained in Paragraph 149 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149 of the Complaint.

150.    The allegations contained in Paragraph 150 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150 of the Complaint.

151.    The allegations contained in Paragraph 151 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed

necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151 of the Complaint.

152.    The allegations contained in Paragraph 152 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152 of the Complaint.

153.    The allegations contained in Paragraph 153 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153 of the Complaint.

154.    The allegations contained in Paragraph 154 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154 of the Complaint.

155.    The allegations contained in Paragraph 155 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155 of the Complaint.

156.    The allegations contained in Paragraph 156 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156 of the Complaint.

157.     The allegations contained in Paragraph 157 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 157 of the Complaint.

158.     The allegations contained in Paragraph 158 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158 of the Complaint.

159.     The allegations contained in Paragraph 159 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159 of the Complaint.

160.     The allegations contained in Paragraph 160 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 160 of the Complaint.

161.     The allegations contained in Paragraph 161 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161 of the Complaint.

162.     The allegations contained in Paragraph 162 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed

necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162 of the Complaint.

163.    The allegations contained in Paragraph 163 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163 of the Complaint.

164.    The allegations contained in Paragraph 164 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164 of the Complaint.

165.    The allegations contained in Paragraph 165 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165 of the Complaint.

166.    The allegations contained in Paragraph 166 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166 of the Complaint.

167.    The allegations contained in Paragraph 167 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 167 of the Complaint.

168.     The allegations contained in Paragraph 168 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168 of the Complaint.

169.     The allegations contained in Paragraph 169 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 169 of the Complaint.

170.     The allegations contained in Paragraph 170 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 170 of the Complaint.

171.     The allegations contained in Paragraph 171 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 171 of the Complaint.

172.     The allegations contained in Paragraph 172 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 172 of the Complaint.

173.     The allegations contained in Paragraph 173 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed

necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173 of the Complaint.

174.    The allegations contained in Paragraph 174 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 174 of the Complaint.

175.    The allegations contained in Paragraph 175 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175 of the Complaint.

176.    The allegations contained in Paragraph 176 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 176 of the Complaint.

177.    The allegations contained in Paragraph 177 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 177 of the Complaint.

178.    The allegations contained in Paragraph 178 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 178 of the Complaint.

179.    The allegations contained in Paragraph 179 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 179 of the Complaint.

180.    The allegations contained in Paragraph 180 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 180 of the Complaint.

181.    The allegations contained in Paragraph 181 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 181 of the Complaint.

182.    The allegations contained in Paragraph 182 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182 of the Complaint.

183.    The allegations contained in Paragraph 183 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 183 of the Complaint.

184.    The allegations contained in Paragraph 184 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed

necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 184 of the Complaint.

185.    The allegations contained in Paragraph 185 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 185 of the Complaint.

186.    The allegations contained in Paragraph 186 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 186 of the Complaint.

187.    The allegations contained in Paragraph 187 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 187 of the Complaint.

188.    The allegations contained in Paragraph 188 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188 of the Complaint.

189.    The allegations contained in Paragraph 189 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 189 of the Complaint.

190.     The allegations contained in Paragraph 190 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 190 of the Complaint.

191.     The allegations contained in Paragraph 191 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 191 of the Complaint.

192.     The allegations contained in Paragraph 192 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 192 of the Complaint.

193.     The allegations contained in Paragraph 193 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 193 of the Complaint.

194.     The allegations contained in Paragraph 194 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 194 of the Complaint.

195.     The allegations contained in Paragraph 195 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed

necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 195 of the Complaint.

196.    The allegations contained in Paragraph 196 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196 of the Complaint.

197.    The allegations contained in Paragraph 197 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 197 of the Complaint.

198.    The allegations contained in Paragraph 198 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 198 of the Complaint.

199.    The allegations contained in Paragraph 199 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 199 of the Complaint.

200.    The allegations contained in Paragraph 200 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 200 of the Complaint.

201.    The allegations contained in Paragraph 201 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 201 of the Complaint.

202.    The allegations contained in Paragraph 202 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 202 of the Complaint.

203.    The allegations contained in Paragraph 203 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 203 of the Complaint.

204.    The allegations contained in Paragraph 204 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 204 of the Complaint.

205.    The allegations contained in Paragraph 205 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 205 of the Complaint.

206.    The allegations contained in Paragraph 206 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed

necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 206 of the Complaint.

207.    The allegations contained in Paragraph 207 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 207 of the Complaint.

208.    The allegations contained in Paragraph 208 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 208 of the Complaint.

209.    The allegations contained in Paragraph 209 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 209 of the Complaint.

210.    The allegations contained in Paragraph 210 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 210 of the Complaint.

211.    The allegations contained in Paragraph 211 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 211 of the Complaint.

212.    The allegations contained in Paragraph 212 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 212 of the Complaint.

213.    The allegations contained in Paragraph 213 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 213 of the Complaint.

214.    The allegations contained in Paragraph 214 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 214 of the Complaint.

215.    The allegations contained in Paragraph 215 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 215 of the Complaint.

216.    The allegations contained in Paragraph 216 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 216 of the Complaint.

217.    The allegations contained in Paragraph 217 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed

necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 217 of the Complaint.

218.    The allegations contained in Paragraph 218 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 218 of the Complaint.

219.    The allegations contained in Paragraph 219 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 219 of the Complaint.

220.    The allegations contained in Paragraph 220 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 220 of the Complaint.

221.    The allegations contained in Paragraph 221 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 221 of the Complaint.

222.    The allegations contained in Paragraph 222 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 222 of the Complaint.

223.    The allegations contained in Paragraph 223 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 223 of the Complaint.

224.    The allegations contained in Paragraph 224 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 224 of the Complaint.

225.    The allegations contained in Paragraph 225 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 225 of the Complaint.

226.    The allegations contained in Paragraph 226 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 226 of the Complaint.

227.    The allegations contained in Paragraph 227 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 227 of the Complaint.

228.    The allegations contained in Paragraph 228 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed

necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 228 of the Complaint.

229.    The allegations contained in Paragraph 229 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 229 of the Complaint.

230.    The allegations contained in Paragraph 230 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 230 of the Complaint.

231.    The allegations contained in Paragraph 231 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 231 of the Complaint.

232.    The allegations contained in Paragraph 232 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 232 of the Complaint.

233.    The allegations contained in Paragraph 233 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 233 of the Complaint.

234.    The allegations contained in Paragraph 234 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 234 of the Complaint.

235.    The allegations contained in Paragraph 235 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 235 of the Complaint.

236.    The allegations contained in Paragraph 236 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 236 of the Complaint.

237.    The allegations contained in Paragraph 237 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 237 of the Complaint.

238.    The allegations contained in Paragraph 238 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 238 of the Complaint.

239.    The allegations contained in Paragraph 239 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed

necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 239 of the Complaint.

240.   The allegations contained in Paragraph 240 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 240 of the Complaint.

241.   The allegations contained in Paragraph 241 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 241 of the Complaint.

242.   The allegations contained in Paragraph 242 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 242 of the Complaint.

243.   The allegations contained in Paragraph 243 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 243 of the Complaint.

244.   The allegations contained in Paragraph 244 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 244 of the Complaint.

245.    The allegations contained in Paragraph 245 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 245 of the Complaint.

246.    The allegations contained in Paragraph 246 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 246 of the Complaint.

247.    The allegations contained in Paragraph 247 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 247 of the Complaint.

248.    The allegations contained in Paragraph 248 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 248 of the Complaint.

249.    The allegations contained in Paragraph 249 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 249 of the Complaint.

250.    The allegations contained in Paragraph 250 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed

necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 250 of the Complaint.

251.    The allegations contained in Paragraph 251 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 251 of the Complaint.

252.    The allegations contained in Paragraph 252 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 252 of the Complaint.

253.    The allegations contained in Paragraph 253 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 253 of the Complaint.

254.    The allegations contained in Paragraph 254 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 254 of the Complaint.

255.    The allegations contained in Paragraph 255 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 255 of the Complaint.

256.    The allegations contained in Paragraph 256 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 256 of the Complaint.

257.    The allegations contained in Paragraph 257 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 257 of the Complaint.

258.    The allegations contained in Paragraph 258 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 258 of the Complaint.

259.    The allegations contained in Paragraph 259 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 259 of the Complaint.

260.    The allegations contained in Paragraph 260 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 260 of the Complaint.

261.    The allegations contained in Paragraph 261 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed

necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 261 of the Complaint.

262.    The allegations contained in Paragraph 262 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 262 of the Complaint.

263.    The allegations contained in Paragraph 263 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 263 of the Complaint.

264.    The allegations contained in Paragraph 264 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 264 of the Complaint.

265.    The allegations contained in Paragraph 265 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 265 of the Complaint.

266.    The allegations contained in Paragraph 266 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 266 of the Complaint.

267.     The allegations contained in Paragraph 267 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 267 of the Complaint.

268.     The allegations contained in Paragraph 268 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 268 of the Complaint.

269.     The allegations contained in Paragraph 269 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 269 of the Complaint.

270.     The allegations contained in Paragraph 270 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 270 of the Complaint.

271.     The allegations contained in Paragraph 271 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 271 of the Complaint.

272.     The allegations contained in Paragraph 272 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed

necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 272 of the Complaint.

273.    The allegations contained in Paragraph 273 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 273 of the Complaint.

274.    The allegations contained in Paragraph 274 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 274 of the Complaint.

275.    The allegations contained in Paragraph 275 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 275 of the Complaint.

276.    The allegations contained in Paragraph 276 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 276 of the Complaint.

277.    The allegations contained in Paragraph 277 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 277 of the Complaint.

278.    The allegations contained in Paragraph 278 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 278 of the Complaint.

279.    The allegations contained in Paragraph 279 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 279 of the Complaint.

280.    The allegations contained in Paragraph 280 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 280 of the Complaint.

281.    The allegations contained in Paragraph 281 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 281 of the Complaint.

282.    The allegations contained in Paragraph 282 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 282 of the Complaint.

283.    The allegations contained in Paragraph 283 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed

necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 283 of the Complaint.

284.    The allegations contained in Paragraph 284 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 284 of the Complaint.

285.    The allegations contained in Paragraph 285 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 285 of the Complaint.

286.    The allegations contained in Paragraph 286 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 286 of the Complaint.

287.    The allegations contained in Paragraph 287 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 287 of the Complaint.

288.    The allegations contained in Paragraph 288 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 288 of the Complaint.

289.     The allegations contained in Paragraph 289 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 289 of the Complaint.

290.     The allegations contained in Paragraph 290 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 290 of the Complaint.

291.     The allegations contained in Paragraph 291 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 291 of the Complaint.

292.     The allegations contained in Paragraph 292 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 292 of the Complaint.

293.     The allegations contained in Paragraph 293 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 293 of the Complaint.

294.     The allegations contained in Paragraph 294 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed

necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 294 of the Complaint.

295.   The allegations contained in Paragraph 295 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 295 of the Complaint.

296.   The allegations contained in Paragraph 296 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 296 of the Complaint.

297.   The allegations contained in Paragraph 297 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 297 of the Complaint.

298.   The allegations contained in Paragraph 298 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 298 of the Complaint.

299.   The allegations contained in Paragraph 299 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 299 of the Complaint.

300.    The allegations contained in Paragraph 300 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 300 of the Complaint.

301.    The allegations contained in Paragraph 301 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 301 of the Complaint.

302.    The allegations contained in Paragraph 302 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 302 of the Complaint.

303.    The allegations contained in Paragraph 303 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 303 of the Complaint.

304.    The allegations contained in Paragraph 304 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 304 of the Complaint.

305.    The allegations contained in Paragraph 305 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed

necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 305 of the Complaint.

306.    The allegations contained in Paragraph 306 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 306 of the Complaint.

307.    The allegations contained in Paragraph 307 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 307 of the Complaint.

308.    The allegations contained in Paragraph 308 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 308 of the Complaint.

309.    The allegations contained in Paragraph 309 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 309 of the Complaint.

310.    The allegations contained in Paragraph 310 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 310 of the Complaint.

311.    The allegations contained in Paragraph 311 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 311 of the Complaint.

312.    The allegations contained in Paragraph 312 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 312 of the Complaint.

313.    The allegations contained in Paragraph 313 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 313 of the Complaint.

314.    The allegations contained in Paragraph 314 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 314 of the Complaint.

315.    The allegations contained in Paragraph 315 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 315 of the Complaint.

316.    The allegations contained in Paragraph 316 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed

necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 316 of the Complaint.

317.    The allegations contained in Paragraph 317 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 317 of the Complaint.

318.    The allegations contained in Paragraph 318 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 318 of the Complaint.

319.    The allegations contained in Paragraph 319 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 319 of the Complaint.

320.    The allegations contained in Paragraph 320 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 320 of the Complaint.\

321.    The allegations contained in Paragraph 321 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 321 of the Complaint.

322.    The allegations contained in Paragraph 322 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 322 of the Complaint.

323.    The allegations contained in Paragraph 323 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 323 of the Complaint.

324.    The allegations contained in Paragraph 324 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 324 of the Complaint.

325.    The Ecuadorian Plaintiffs admit that the court in Ecuador issued its judgment in the Lago Agrio Litigation on February 14, 2011.  The Ecuadorian Plaintiffs deny the remaining allegations contained in Paragraph 325 of the Complaint including Chevron's characterizations of that judgment and refer to the judgment for a recitation of its contents.

326.    The allegations contained in Paragraph 326 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 326 of the Complaint.

327.    The Ecuadorian Plaintiffs admit that an appeal from the judgment in Ecuador has been taken, but deny knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 327 of the Complaint.

328.    The allegations contained in Paragraph 328 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 328 of the Complaint.

329.    The allegations contained in Paragraph 329 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 329 of the Complaint.

330.    The allegations contained in Paragraph 330 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 330 of the Complaint.

331.    The allegations contained in Paragraph 331 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 331 of the Complaint.

332.    The allegations contained in Paragraph 332 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 332 of the Complaint.

333.    The allegations contained in Paragraph 333 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed

necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 333 of the Complaint.

334.    The Ecuadorian Plaintiffs deny the allegations contained in Paragraph 334 of the Complaint, insofar as the allegations are directed to them, and deny knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 334 of the Complaint.

335.    The Ecuadorian Plaintiffs deny the allegations contained in Paragraph 335 of the Complaint, insofar as the allegations are directed to them, and deny knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 335 of the Complaint.

336.    The allegations contained in Paragraph 336 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 336 of the Complaint.

337.    The allegations contained in Paragraph 337 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 337 of the Complaint.

338.    The allegations contained in Paragraph 338 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 338 of the Complaint.

## <u>AS TO THE FIRST CLAIM FOR RELIEF</u>
### (Violations of RICO, 18 U.S.C. § 1962(c))

**(Against All RICO Defendants)**

339.    The Ecuadorian Plaintiffs repeat their responses and averments contained in the preceding Paragraphs as if fully set forth herein.

340.    The allegations contained in Paragraph 340 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 340 of the Complaint.

341.    The allegations contained in Paragraph 341 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 341 of the Complaint.

342.    The allegations contained in Paragraph 342 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 342 of the Complaint.  To the extent that Paragraph 342 of the Complaint can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

343.    The allegations contained in Paragraph 343 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 343 of the Complaint.  To the extent that Paragraph 343 of the Complaint can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

344.     The allegations contained in Paragraph 344 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 344 of the Complaint.  To the extent that Paragraph 344 of the Complaint can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

345.     The allegations contained in Paragraph 345 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 345 of the Complaint.  To the extent that Paragraph 345 of the Complaint can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

346.     The allegations contained in Paragraph 346 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 346 of the Complaint.

347.     The allegations contained in Paragraph 347 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 347 of the Complaint.  To the extent that Paragraph 347 of the Complaint can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

348.    The allegations contained in Paragraph 348 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 348 of the Complaint.  To the extent that Paragraph 348 of the Complaint can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

349.    The allegations contained in Paragraph 349 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 349 of the Complaint.  To the extent that Paragraph 349 of the Complaint can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

350.    The allegations contained in Paragraph 350 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 350 of the Complaint.  To the extent that Paragraph 350 of the Complaint can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

351.    The allegations contained in Paragraph 351 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 351 of the Complaint.  To the extent that

Paragraph 351 of the Complaint can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

352.   The allegations contained in Paragraph 352 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 352 of the Complaint.  To the extent that Paragraph 352 of the Complaint can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

353.   The allegations contained in Paragraph 353 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 353 of the Complaint.  To the extent that Paragraph 353 of the Complaint can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

354.   The allegations contained in Paragraph 354 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 354 of the Complaint.  To the extent that Paragraph 354 of the Complaint can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

355.   The allegations contained in Paragraph 355 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief

as to the truth of the matters asserted in Paragraph 355 of the Complaint.  To the extent that Paragraph 355 of the Complaint can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

356.    The allegations contained in Paragraph 356 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 356 of the Complaint.  To the extent that Paragraph 356 of the Complaint can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

357.    The allegations contained in Paragraph 357 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 357 of the Complaint.  To the extent that Paragraph 357 of the Complaint can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

358.    The allegations contained in Paragraph 358 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 358 of the Complaint.  To the extent that Paragraph 358 of the Complaint can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

359.    The allegations contained in Paragraph 359 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed

necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 359 of the Complaint. To the extent that Paragraph 359 of the Complaint can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

360.   The allegations contained in Paragraph 360 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required. To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 360 of the Complaint. To the extent that Paragraph 360 of the Complaint can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

361.   The allegations contained in Paragraph 361 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required. To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 361 of the Complaint.

362.   The allegations contained in Paragraph 362 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required. To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 362 of the Complaint. To the extent that Paragraph 362 of the Complaint can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

363.   The allegations contained in Paragraph 363 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required. To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief

as to the truth of the matters asserted in Paragraph 363 of the Complaint.  To the extent that Paragraph 363 of the Complaint can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

364.   The allegations contained in Paragraph 364 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 364 of the Complaint.  To the extent that Paragraph 364 of the Complaint can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

365.   The allegations contained in Paragraph 365 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 365 of the Complaint.  To the extent that Paragraph 365 of the Complaint can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

366.   The allegations contained in Paragraph 366 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 366 of the Complaint.  To the extent that Paragraph 366 of the Complaint can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

367.   The allegations contained in Paragraph 367 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed

necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 367 of the Complaint.  To the extent that Paragraph 367 of the Complaint can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

368.   The allegations contained in Paragraph 368 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 368 of the Complaint.  To the extent that Paragraph 368 of the Complaint can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

369.   The allegations contained in Paragraph 369 of the Complaint are not at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 369 of the Complaint.  To the extent that Paragraph 369 of the Complaint can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

370.   The allegations contained in Paragraph 370 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 370 of the Complaint.  To the extent that Paragraph 370 of the Complaint can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

371.    The allegations contained in Paragraph 371 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 371 of the Complaint.  To the extent that Paragraph 371 of the Complaint can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

372.    The allegations contained in Paragraph 372 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 372 of the Complaint.  To the extent that Paragraph 372 of the Complaint can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

373.    The allegations contained in Paragraph 373 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 373 of the Complaint.  To the extent that Paragraph 373 of the Complaint can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

374.    The allegations contained in Paragraph 374 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 374 of the Complaint.  To the extent that

Paragraph 374 of the Complaint can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

375.    The allegations contained in Paragraph 375 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 375 of the Complaint.  To the extent that Paragraph 375 of the Complaint can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

376.    The allegations contained in Paragraph 376 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 376 of the Complaint.  To the extent that Paragraph 376 of the Complaint can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

377.    The allegations contained in Paragraph 377 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 377 of the Complaint.  To the extent that Paragraph 377 of the Complaint can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

378.    The allegations contained in Paragraph 378 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief

as to the truth of the matters asserted in Paragraph 378 of the Complaint.  To the extent that Paragraph 378 of the Complaint can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

379.    The Ecuadorian Plaintiffs deny that Chevron is entitled to any of the relief requested in Paragraph 379 of the Complaint.

### AS TO THE SECOND CLAIM FOR RELIEF
**(Conspiracy to Violate RICO, Violation of 18 U.S.C. § 1962(d))**
**(Against All RICO Defendants)**

380.    The Ecuadorian Plaintiffs repeat their responses and averments contained in the preceding Paragraphs as if fully set forth herein.

381.    The allegations contained in Paragraph 381 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 381.  To the extent Paragraph 381 can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

382.    The allegations contained in Paragraph 382 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 382.  To the extent Paragraph 382 can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

383.    The allegations contained in Paragraph 383 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief

as to the truth of the matters asserted in Paragraph 383.  To the extent Paragraph 383 can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

384.    The allegations contained in Paragraph 384 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 384.  To the extent Paragraph 384 can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

385.    The allegations contained in Paragraph 385 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 385.  To the extent Paragraph 385 can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

386.    The allegations contained in Paragraph 386 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 386.  To the extent Paragraph 386 can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

387.    The Ecuadorian Plaintiffs deny that Chevron is entitled to any of the relief requested in Paragraph 387 of the Complaint.

## <u>AS TO THE THIRD CLAIM FOR RELIEF</u>
### (Fraud)
### (Against All Defendants)

388.    The Ecuadorian Plaintiffs repeat their responses and averments contained in the preceding Paragraphs as if fully set forth herein.

389.    The Ecuadorian Plaintiffs deny the allegations contained in Paragraph 389 of the Complaint.

390.    The Ecuadorian Plaintiffs deny the allegations contained in Paragraph 390 of the Complaint.

391.    The Ecuadorian Plaintiffs deny the allegations contained in Paragraph 391 of the Complaint.

392.    The Ecuadorian Plaintiffs deny the allegations contained in Paragraph 392 of the Complaint.

393.    The Ecuadorian Plaintiffs deny the allegations contained in Paragraph 393 of the Complaint.

394.    The Ecuadorian Plaintiffs deny the allegations contained in Paragraph 394 of the Complaint.

395.    The Ecuadorian Plaintiffs deny that Chevron is entitled to any of the relief requested in Paragraph 395 of the Complaint.

## AS TO THE FOURTH CLAIM FOR RELIEF
### (Tortious Interference With Contract)
### (Against All Defendants)

396.    The Ecuadorian Plaintiffs repeat their responses and averments contained in the preceding Paragraphs as if fully set forth herein.

397.    The Ecuadorian Plaintiffs deny the allegations contained in Paragraph 397 of the Complaint.

398.    The Ecuadorian Plaintiffs deny the allegations contained in Paragraph 398 of the Complaint.

399.    The Ecuadorian Plaintiffs deny the allegations contained in Paragraph 399 of the Complaint.

400.    The Ecuadorian Plaintiffs deny the allegations contained in Paragraph 400 of the Complaint.

401.    The Ecuadorian Plaintiffs deny the allegations contained in Paragraph 401 of the Complaint.

402.    The Ecuadorian Plaintiffs deny that Chevron is entitled to any of the relief requested in Paragraph 402 of the Complaint.

**AS TO THE FIFTH CLAIM FOR RELIEF**
**(Trespass to Chattels)**
**(Against All Defendants)**

403.    The Ecuadorian Plaintiffs repeat their responses and averments contained in the preceding Paragraphs as if fully set forth herein.

404.    The Ecuadorian Plaintiffs deny the allegations contained in Paragraph 404 of the Complaint.

405.    The Ecuadorian Plaintiffs deny the allegations contained in Paragraph 405 of the Complaint.

406.    The Ecuadorian Plaintiffs deny the allegations contained in Paragraph 406 of the Complaint.

407.    The Ecuadorian Plaintiffs deny the allegations contained in Paragraph 407 of the Complaint.

408.    The Ecuadorian Plaintiffs deny the allegations contained in Paragraph 408 of the Complaint.

409.     The Ecuadorian Plaintiffs deny that Chevron is entitled to any of the relief requested in Paragraph 409 of the Complaint.

## AS TO THE SIXTH CLAIM FOR RELIEF
### (Unjust Enrichment)
### (Against all Defendants)

410.     The Ecuadorian Plaintiffs repeat their responses and averments contained in the preceding Paragraphs as if fully set forth herein.

411.     The Ecuadorian Plaintiffs deny the allegations contained in Paragraph 411 of the Complaint.

412.     The Ecuadorian Plaintiffs deny the allegations contained in Paragraph 412 of the Complaint.

413.     The Ecuadorian Plaintiffs deny that Chevron is entitled to any of the relief requested in Paragraph 413 of the Complaint.

## AS TO THE SEVENTH CLAIM FOR RELIEF
### (Civil Conspiracy)
### (Against All Defendants)

414.     The Ecuadorian Plaintiffs repeat their responses and averments contained in the preceding Paragraphs as if fully set forth herein.

415.     The Ecuadorian Plaintiffs deny the allegations contained in Paragraph 415 of the Complaint.

416.     The Ecuadorian Plaintiffs deny the allegations contained in Paragraph 416 of the Complaint.

417.     The Ecuadorian Plaintiffs deny the allegations contained in Paragraph 417 of the Complaint.

418.    The Ecuadorian Plaintiffs deny the allegations contained the Paragraph 418 of the Complaint.

419.    The Ecuadorian Plaintiffs deny that Chevron is entitled to any of the relief requested in Paragraph 419 of the Complaint.

<u>AS TO THE EIGHTH CLAIM FOR RELIEF</u>
**(Violations of New York Judiciary Law § 487)**
**(Against Defendants Donziger and the Law Offices of Steven R. Donziger)**

420.    The Ecuadorian Plaintiffs repeat their responses and averments contained in the preceding Paragraphs as if fully set forth herein.

421.    The allegations contained in Paragraph 421 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 421 of the Complaint.  To the extent the allegations in Paragraph 421 can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

422.    The allegations contained in Paragraph 422 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 422 of the Complaint.  To the extent the allegations in Paragraph 422 can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

423.    The allegations contained in Paragraph 423 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief

as to the truth of the matters asserted in Paragraph 423 of the Complaint.  To the extent the allegations in Paragraph 423 can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

424.    The allegations contained in Paragraph 424 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 424 of the Complaint.  To the extent the allegations in Paragraph 424 can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

425.    The allegations contained in Paragraph 425 of the Complaint are not directed at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 425 of the Complaint.  To the extent the allegations in Paragraph 425 can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

426.    The allegations contained in Paragraph 426 of the Complaint are not at the Ecuadorian Plaintiffs and thus no response is required.  To the extent a response is deemed necessary, the Ecuadorian Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 426 of the Complaint.  To the extent the allegations in Paragraph 426 can be construed to apply to the Ecuadorian Plaintiffs, the allegations are denied.

## AS TO THE NINTH CLAIM FOR RELIEF
### (Request for Declaratory Judgment That the Judgment by the Lago Agrio Court Against Chevron is Unenforceable and Non-Recognizable)
### (Against All Defendants)

427.    The Ecuadorian Plaintiffs repeat their responses and averments contained in the preceding Paragraphs as if fully set forth herein.

428.    The Ecuadorian Plaintiffs deny the allegations contained in Paragraph 428 of the Complaint.

429.    The Ecuadorian Plaintiffs deny the allegations contained in Paragraph 429 of the Complaint.

430.    The Ecuadorian Plaintiffs deny the allegations contained in Paragraph 430 of the Complaint.

431.    The Ecuadorian Plaintiffs deny the allegations contained in Paragraph 431 of the Complaint.

432.    The Ecuadorian Plaintiffs deny the allegations contained in Paragraph 432 of the Complaint.

433.    The Ecuadorian Plaintiffs deny that Chevron is entitled to any of the relief requested in Paragraph 433 of the Complaint.

## SEPARATE DEFENSES

By asserting the following defenses, the Ecuadorian Plaintiffs do not intend to assume any burden of proof with respect to any matters upon which Chevron bears the burden.

### FIRST SEPARATE DEFENSE

The Complaint fails to state a claim against the Ecuadorian Plaintiffs upon which relief may be granted.

## SECOND SEPARATE DEFENSE

The Complaint must be dismissed against the Ecuadorian Plaintiffs because this Court lacks personal jurisdiction over the Ecuadorian Plaintiffs.

## THIRD SEPARATE DEFENSE

The Complaint must be dismissed against the Ecuadorian Plaintiffs because of the insufficiency of process directed to the Ecuadorian Plaintiffs.

## FOURTH SEPARATE DEFENSE

The Complaint must be dismissed against the Ecuadorian Plaintiffs because of the insufficiency of service of process on the Ecuadorian Plaintiffs.

## FIFTH SEPARATE DEFENSE

The Complaint must be dismissed because of improper venue.

## SIXTH SEPARATE DEFENSE

The Complaint must be dismissed because of a lack of subject matter jurisdiction.

## SEVENTH SEPARATE DEFENSE

Chevron's claims of fraud are not pleaded with the requisite degree of particularity.

## EIGHTH SEPARATE DEFENSE

To the extent Counts 1 and/or 2 of the Complaint can be interpreted to apply to the Ecuadorian Plaintiffs, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) does not apply extraterritorially to them.

## NINTH SEPARATE DEFENSE

To the extent Counts 1 and/or 2 of the Complaint can be interpreted to apply to the Ecuadorian Plaintiffs, the Complaint fails to allege two or more acts constituting a pattern of racketeering activity.

## TENTH SEPARATE DEFENSE

To the extent Counts 1 and/or 2 of the Complaint can be interpreted to apply to the Ecuadorian Plaintiffs, the Complaint fails to allege that any of the Ecuadorian Plaintiffs actually threatened Chevron or engaged in any misconduct toward Chevron.

## ELEVENTH SEPARATE DEFENSE

The claims asserted in the Complaint and any relief sought thereunder are barred, in whole or in part, by the doctrine of judicial estoppel.

## TWELFTH SEPARATE DEFENSE

The claims asserted in the Complaint and any relief sought thereunder are barred, in whole or in part, by the doctrine of equitable estoppel.

## THIRTEENTH SEPARATE DEFENSE

The claims asserted in the Complaint and any relief sought thereunder are barred, in whole or in part, by the doctrine of waiver.

## FOURTEENTH SEPARATE DEFENSE

The claims asserted in the Complaint and any relief sought thereunder are barred, in whole or in part, by the doctrine of laches.

## FIFTEENTH SEPARATE DEFENSE

The claims asserted in the Complaint and any relief sought thereunder are barred, in whole or in part, by the applicable statute of limitations, time limits to exercise rights and/or statute of repose.

## SIXTEENTH SEPARATE DEFENSE

Chevron's injuries and damages, if any, were caused in whole or in part by its own conduct and/or the conduct of the other entities or parties over whom the Ecuadorian Plaintiffs had no control or right of control.

## SEVENTEENTH SEPARATE DEFENSE

The Ecuadorian Plaintiffs did not make any statement to Chevron upon which Chevron relied.

## EIGHTEENTH SEPARATE DEFENSE

Chevron did not justifiably rely on any statements made by the Ecuadorian Plaintiffs, or any of their putative agents or representatives.

## NINETEENTH SEPARATE DEFENSE

Chevron has not been damaged by any of the Ecuadorian Plaintiffs' actions.

## TWENTIETH SEPARATE DEFNESE

There is no actual case or controversy that would warrant relief under the Declaratory Judgment Act.

## TWENTY-FIRST SEPARATE DEFENSE

Chevron's claims are not cognizable under the laws of Ecuador, which govern the relevant conduct of the parties.

## TWENTY-SECOND SEPARATE DEFENSE

Chevron has not established that it would suffer irreparable harm.

## TWENTY-THIRD SEPARATE DEFENSE

Chevron's claims for equitable relief are barred because an adequate remedy at law exists.

### TWENTY-FOURTH SEPARATE DEFENSE

Chevron has not established likelihood of success on the merits.

### TWENTY-FIFTH SEPARATE DEFENSE

Chevron is not entitled to any damages, whether compensatory, punitive or otherwise.

### TWENTY-SIXTH SEPARATE DEFENSE

The Ecuadorian Plaintiffs did not cause Chevron to suffer any damage.

### TWENTY-SEVENTH SEPARATE DEFENSE

To the extent Chevron has suffered any damage, it has failed to observe and discharge its duty to mitigate damages.

### TWENTY-EIGHTH SEPARATE DEFENSE

The claims asserted in the Complaint and the relief sought thereunder are barred, in whole or in part, by Chevron's own fraudulent conduct.  Chevron has used its overwhelming resources to take improper advantage of U.S. courts' unfamiliarity with Ecuadorian law, resulting in the total evisceration of the Ecuadorian Plaintiffs' privilege, and now threatening their right to enforce a lawful judgment.  Chevron's fraud on the U.S. courts is one of commission as well as omission—the company has presented U.S. courts with an utterly false picture of what transpired in the Ecuadorian litigation, and omitted critical facts about its own conduct that undoubtedly would have changed the outcome of the many collateral U.S. proceedings initiated by Chevron since 2009.

Since December 2009, Chevron has launched roughly 20 separate proceedings under 28 U.S.C. § 1782 and obtained otherwise privileged material from the Ecuadorian Plaintiffs' attorneys and consultants primarily by citing the alleged involvement of the Ecuadorian Plaintiffs' agents with the preparation of an Ecuadorian court-appointed expert's report

concerning the issue of damages valuation, known as the "Cabrera Report." *See, e.g.*, *Chevron Corp. v. Stratus Consulting*, No. 10-cv-00047 (D. Colo. Dec. 18, 2009) (granting Chevron's § 1782 application against Plaintiffs' consulting expert); *Chevron Corp. v. Calmbacher*, No. 10-mi-00076 (N.D. Ga. Feb. 19, 2010) (same); *Chevron Corp. v. Berlinger*, No. 10-mc-00001 (S.D.N.Y. April 9, 2010) (granting Chevron's § 1782 application against director of documentary, *Crude*); *Chevron Corp. v. Uhl, Baron, Rana & Assoc., Inc.,* No. 10-cv-2675 (D.N.J. May 25, 2010) (granting Chevron's § 1782 application against Plaintiffs' consulting expert); *Chevron Corp. v. E-Tech Int'l*, No. 10-cv-01146 (S.D. Cal. May 26, 2010) (same); *Chevron Corp. v. 3TM Consulting, LLC*, No.10-mc-00134 (S.D. Tex. Mar. 29, 2010) (same); *Chevron Corp. v. Norman Nelson Alberto Wray Espinosa*, No. 10-mc-00371 (D.D.C. June 08, 2010) (granting Chevron's § 1782 application against Plaintiffs' counsel); *Chevron Corp. v. Mark Quarles*, No. 10-cv-00686 (M.D. Tenn. July 16, 2010) (granting Chevron's § 1782 application against Plaintiffs' consulting expert); *Chevron Corp. v. Steven Donziger*, No. 10-mc-00002 (S.D.N.Y. Aug. 4, 2010) (granting Chevron's § 1782 application against Plaintiffs' counsel); *Chevron Corp. v. Richard Kamp*, No. 10-mc-00021 (D.N.M. Aug. 16, 2010) (granting Chevron's § 1782 application against Plaintiffs' consulting experts); *Chevron Corp. v. Charles Champ*, No. 10-mc-00027 (W.D.N.C. Aug. 18, 2010) (same); *Chevron Corp. v. Daniel Rourke*, No. 10-cv-02989 (D. Md. Oct. 22, 2010) (granting Chevron's § 1782 application against Plaintiffs' expert); *Chevron Corp. v. Carlos Emilio Picone*, No. 10-cv-02990 (D. Md. Oct. 22, 2010) (same); *Chevron Corp. v. Jonathan S. Shefftz*, No. 10-mc-10352 (D. Mass. Oct. 22, 2010) (same); *Chevron Corp. v. Douglas C. Allen*, No. 10-mc-00091 (D. Vt. Oct. 22, 2010) (same); *Chevron Corp. v. Lawrence W. Barnthouse*, No. 10-mc-00053 (S.D. Ohio Oct. 22, 2010) (same); *Chevron Corp. v. Robert Paolo Scardina*, No. 10-cv-00549 (W.D. Va. Nov. 04, 2010) (same);

*Chevron Corp. v. Kohn, Swift & Graf, P.C.*, No. 10-mc-00208 (E.D. Pa. Nov. 16, 2010) (granting Chevron's § 1782 application against Plaintiffs' former counsel); *Chevron Corp. v. Cristobal Bonifaz*, No. 10-mc-30022 (D. Mass. Nov. 19, 2010) (same); *Chevron Corp. v. Weinberg Group*, No. 11-mc-00030, (D.D.C. Jan. 21, 2011) (granting Chevron's § 1782 application against Plaintiffs' consulting experts).

By way of example, in an effort to incite outrage and obtain otherwise privileged documents, Chevron represented to the Southern District of New York that "[Donziger] and U.S.-based consultants he hired had improper *ex parte* contacts with both Cabrera and multiple members of his team." Chevron represented to the Eastern District of Pennsylvania that "Cabrera's claims of independence were false. Outtakes from Crude obtained by Chevron in another Section 1782 proceeding show Plaintiffs' representatives and consultants meeting *with Cabrera* to plan his expert report on March 3, 2007, two weeks *before* Cabrera's appointment as the court's global damages expert." (emphasis in original). And Chevron represented to the District of New Mexico that "Chevron has obtained filmed evidence of E-Tech's Director, Respondent Richard Kamp, and E-Tech's "Chief Scientist," Ann Maest, along with Plaintiffs' U.S. and Ecuadorian counsel and other consultants, meeting *with Cabrera* to plan his expert report on March 3, 2007, *two weeks before* his appointment as the court's global damages expert." (emphasis in original).

What Chevron omits from its narrative of purported fraud is that not only does Ecuadorian law permit *ex parte* contact with court-appointed experts, but that Chevron itself engaged in the very same conduct vis à vis other court-appointed, neutral experts in the case. Chevron knew that, if U.S. courts were made aware of its own *ex parte* contacts with Ecuadorian

court-appointed experts, its gambit to discredit the Ecuadorian Plaintiffs in the United States would be severely undermined.

For example, in March of 2009, upon Chevron's request for the appointment of an expert to inspect and prepare reports related to a predetermined group of former Texaco sites, the Court appointed Dr. Marcel Muñoz Herrería.  In an October 29, 2010 letter to the Ecuadorian Court, Dr. Muñoz represented that, on March 9, 2010, he met with Chevron's technical consultant, Engineer Alfredo Guerrero, at the Hotel Coca for a "technical planning meeting."  Like the videotaped meeting between the Ecuadorian Plaintiffs' counsel and Mr. Cabrera that serves as the centerpiece of Chevron's fraud narrative, the meeting between Chevron's technical consultant and Dr. Muñoz took place *before* Muñoz was formally appointed as a court expert.  In various letters to the court, Dr. Muñoz has indicated that a work plan, road map and proposed findings for the expert report were discussed with Chevron's technical consultant.  Indeed, Dr. Muñoz attached a work plan *solicited and approved* by Engineer Guerrero to the letter referencing the March 9 meeting.  Moreover, upon information and belief, Dr. Muñoz was not the only court-appointed expert with whom Chevron interacted in this manner.

The very foundation of Chevron's assault upon the Lago Agrio Litigation is the alleged Cabrera Report "fraud"; it is the pretext under which Chevron brought the case back to the United States, the basis for obtaining the *Crude* video outtakes, the basis for pillorying the Ecuadorian Plaintiffs' then-lead counsel, Steven Donziger, and for demanding production of the entirety of Mr. Donziger's eighteen-year case file.  It is now clear that this unprecedented intrusion into *every aspect* of the Ecuadorian Plaintiffs' legal strategy—right up to the present day—was an ill-gotten gain, made possible by Chevron's failure to inform any U.S. court that its

own team was meeting with neutral, court-appointed experts in Ecuador as well.  The Ecuadorian Plaintiffs anticipate that additional contacts will be uncovered through discovery in this matter.

### TWENTY-NINTH SEPARATE DEFENSE

Chevron's claims are barred, in whole or in part, because Chevron has not identified any personal property of Chevron with which the Ecuadorian Plaintiffs have interfered, obtained or retained.

### THIRTIETH SEPARATE DEFENSE

The claims asserted in the Complaint and any relief sought thereunder are barred, in whole or in part, under the doctrine of unclean hands.   The following constitutes a non-exhaustive list of the conduct supporting application of this defense, pending further discovery:

(1)    At the same time Chevron was arguing to the Southern District of New York and the Second Circuit that the *Aguinda* case should be tried in Ecuador (and secretly working with the Ecuadorian government to pressure the Southern District of New York to grant a *forum non conveniens* dismissal), Chevron was colluding with Ecuadorian government officials—some of whom ultimately resigned and/or fled the country in the face of scandal—to assure that the case would be quashed.

In 1993, Chevron executives appear to have ghostwritten a letter from Ecuadorian ambassador Edgar Teran to the U.S. Department of State, prevailing upon the Department of State to intervene and further the company's objective to cause the dismissal of the *Aguinda* plaintiffs' claims and re-venue the case in Ecuador.  The letter purportedly from the Ambassador, but apparently the product of Texaco (and later, Chevron) executive Michael Kostiw, prevailed upon the Department of State to intervene in the *Aguinda* case and bring about its dismissal. Ironically, the letter identified *international comity concerns* as the primary reason why the U.S.

courts should abstain from taking jurisdiction of the case—and why U.S. courts should not stand in judgment of the Ecuadorian judicial system.

While Chevron was secretly tapping its political connections in Ecuador to help the company convince the U.S. courts to send the case there, Chevron was also working with other government officials to assure that the case would be swiftly quashed once it got to Ecuador.  A series of memoranda prepared by Chevron's "image management" firm, Holwill & Company, confirm the company's belief that the Ecuadorian government was safely in its pocket.  One such memorandum confirms Chevron's mobilization of its Ecuadorian political connections in order to defeat the *Aguinda* case, based upon Chevron's threat that allowing the company to be held accountable for its misconduct will deter future American investment in Ecuador.  Another Holwill & Company memorandum from 1993 noted the apparent eagerness of Ecuadorian government officials to clear Chevron's name so as to decrease resistance to further Chevron investment in Ecuador.  A third memorandum confirms that the Ecuadorian government officials who were colluding with Chevron had no intention of allowing Chevron to be held accountable for its misdeeds in Ecuador, notwithstanding public statements to the contrary, apparently designed to placate concerned citizens.

Further, at a deposition in 2006, Chevron attorney Ricardo Reis Veiga admitted that he and other Chevron representatives met privately with the Ecuadorian Attorney General and sought assurances that the outcome of the case would be favorable to Chevron:

> Q: Then when the lawsuit was filed in Lago Agrio, did there come a time where you and/or Dr. Perez went to see representatives of the Attorney General's Office to get some comfort as to how the case would be treated in the Ecuadorian courts?
>
> A: Yes.
>
> Q: How many meetings did you have? I assume these were face-to-face meetings.

A: We had face-to-face meetings

* * *

Q: 2003, okay. From that point, can you remember the first time you personally approached the Attorney General or any of his representatives about how the case would be handled?

A: I think the first approach was perhaps at the end of 2003 or beginning of 2004 with the Attorney General himself.

Q: Mr. Borja?

A: Mr. Borja.

Q: And was that in his office, or was it somewhere else?

A: Was in his office.

Q: Who was with you? Was Dr. Perez with you?

A: Dr. Rodrigo Perez was with me.

Q: And was anyone with Attorney General Borja?

A: I think in this first meeting he was by himself. Eventually, someone will get into his office, but he was by himself."

(2)     Chevron's forum non conveniens dismissal in the *Aguinda* case, which is what sent the case to Ecuador in the first instance, was premised on a bald-faced lie.  Notwithstanding the fact that Texaco, and later, "ChevronTexaco," promised this the Southern District and the Second Circuit repeatedly that it would *not object to jurisdiction in Ecuador* as a means of securing its *forum non conveniens* dismissal, the very first argument made by ChevronTexaco during the "Audiencia de Conciliación" (an initial hearing before the Ecuadorian Court) was that the Ecuadorian Court lacked jurisdiction over the company.  The company's lawyer asserted that "there [is] absolutely no legal grounds for suing ChevronTexaco" and that the judge "lacks absolutely all jurisdiction" over the company.

(3)     In a February 28, 2000 affidavit submitted to the Southern District of New York on behalf of Chevron, Dr. Jaime Espinosa Ramírez stated: "Based on my own experience, as indicated, and my knowledge of Ecuadorian courts, I can affirm to Judge Rakoff that the

plaintiffs, in both the "Aguinda" and in the "Jota" cases, can obtain from Ecuadorian civil courts impartial and independent justice, *without corruption or interference from the military* or any other public or private entity." (emphasis added). However, despite promising the Southern District of New York that the Ecuadorian military would not exert influence over the Ecuadorian Court as part of its inducement of a *forum non conveniens* dismissal, Chevron actually *caused* the Ecuadorian military to affect the outcome of the case, using its influence over the Ecuadorian military to block the collection of scientific evidence at a site where Chevron anticipated particularly damaging results. On October 19, 2005, then-presiding Judge Efrain Novillo was scheduled to hold an inspection of the Guanta separation station near the town of Lago Agrio. Due to the large volume of oil processed and waste historically discharged at the station and its location on ancestral lands of an indigenous group (the Cofán), this was to be one of the most critical site inspections in the trial. Many of the Cofán people made arrangements to attend the judicial inspection, as was their right. The inspection had also piqued the interest of the international media, which was expected to turn out in force. Confronted with the possibility that its contamination would be exposed in an especially devastating, public manner, Chevron devised a scheme to stop the Guanta site inspection from occurring. On the day before the Guanta inspection was scheduled to occur, Chevron affiliates delivered to the court an Ecuadorian military report warning of a security threat at the Guanta site. Ten minutes after the delivery of this report, Chevron's lawyers followed up with a signed request that the Court cancel the inspection. The Ecuadorian Court issued an order canceling the inspection at 5:59 p.m. (the court closes at 6:00); the Ecuadorian Plaintiffs and their attorneys were never contacted about the cancellation by opposing counsel.

The puzzling circumstances surrounding the cancellation of the critical Guanta site inspection compelled the Ecuadorian Plaintiffs' attorneys to investigate.  Lt. Col. Francisco Narváez, commander of the military base from which the report emanated, denied that the report could have come from his base and added that he would never issue a report on the basis of unspecified and unsubstantiated allegations.  Lt. Col. Narváez, however, admitted that Chevron's lead counsel was his close friend and that many Chevron representatives lived at the military base during active periods of the trial.  In the days following the cancellation of the Guanta inspection, additional facts came to light and Lt. Col. Narváez was forced to admit that the unsubstantiated report had come from his base and was signed by his subordinate, Major Arturo Velasco.  In response to public pressure, the Ministry of Defense finally released, in late November 2005, a contract between Chevron and the military.  The contract confirmed that Chevron's lawyers and other agents lived in a fully-equipped "villa" on the base that Chevron had constructed at its own expense—a villa that, by operation of the contract, ultimately would be "donated" to the base for the "enjoyment" of the military officers as soon as the Lago Agrio Litigation ended.  As public attention to the matter increased in early December 2005, the contract was suspended by the Minister of Defense himself.  Eventually, the Ecuadorian Court forwarded a request to the Ministry of Defense calling for an independent investigation into the Guanta incident.  On February 3, 2006, the Subsecretary of National Defense responded by providing the Court with an official report, which included a sworn affidavit from Major Velasco, the official who signed the false Guanta "threat" report.

In his affidavit, Major Velasco recalled that at 1:00 p.m. on the day before the scheduled Guanta inspection, he was approached by an unnamed Chevron official and an employee of Chevron's local security company, a man named Manuel Bravo—a former Senior Captain in the

Ecuadorian military.  Acting expressly on Chevron's behalf, the men claimed to have received information about security threats surrounding the inspection.  The Chevron officials were not interested in additional security; rather, "what they wanted was to suspend the judicial inspection," and to accomplish this they needed Major Velasco to communicate their "information" to the judge in his official capacity.  Although Major Velasco initially resisted the idea of preparing a report, Chevron's security agent Bravo pressured Major Velasco with increasing "insistence."  Bravo claimed that the National Police were investigating the issue, but that they were acting too slowly, and that if a document did not get to the Court before 6 p.m., there were "going to be problems."  Major Velasco eventually agreed to provide Bravo with a document until such time as the National Police could finish their investigation.   Bravo immediately delivered the document to the Court, which promptly suspended the inspection. It was later revealed that the National Police were never alerted to any threat—this had been a lie concocted by Chevron to persuade the reluctant military official to act as an accomplice in its fraud.

In the weeks following the cancellation of the Guanta site inspection, which produced intensive media coverage in Ecuador unfavorable to Chevron, several of Plaintiffs' representatives began to suffer from a pattern of human rights abuses.  These abuses included death threats, robberies, and home invasions.  Indeed, the abuses were so grave that both the Inter-American Commission on Human Rights and the United Nations Special Representative on Human Rights Defenders promptly intervened to request that the Ecuadorian government immediately implement "precautionary measures" to safeguard the victims.

(4)     Chevron orchestrated a "sting" operation against the presiding Ecuadorian judge, attempting to entrap the judge in misconduct while surreptitiously videotaping him.  The

company initially misrepresented the nature of its involvement in the operation to the Ecuadorian Court and to the public, and has been involved for the past two years in an elaborate operation to cover up the full scope of its involvement with the sting operation and other misconduct vis à vis the Lago Agrio Litigation.  On August 31, 2009, Chevron launched a press statement trumpeting the company's public release of a series of clandestine video recordings purportedly "reveal[ing] a $3 million bribery scheme implicating" Judge Juan Núñez who, at the time, was presiding over the trial in Ecuador.  In its press release, Chevron represented that the two men, an Ecuadorian, Diego Borja, and an "American businessman," Wayne Hansen, who created the video recordings on a pen camera purchased at a spy shop, were environmental remediation contractors "pursuing business opportunities in Ecuador" who had happened onto "serious judicial misconduct." Chevron claimed that the videos, in addition to evidencing the judge's willingness to accept a bribe in exchange for a remediation contract, also show that the two men were able to coax the judge into revealing that he would rule in favor of the Ecuadorian Plaintiffs.  From the beginning, Chevron denied any involvement in staging the plot.  To that end, Chevron claimed that the company did not pay either Borja or Hansen for the recordings, and that Borja was formerly affiliated with the company but no longer had any contractual ties with Chevron. Ecuador's Prosecutor General commenced an investigation of all individuals identified in Chevron's allegations.  While Judge Núñez denied any wrongdoing, he recused himself from the proceedings to eliminate any appearance of impropriety.

But Chevron's carefully constructed narrative, as set forth in its press release and related court filings in Ecuador, quickly began to unravel.  It was later revealed that neither Borja nor Hansen had ever worked in the field of environmental remediation.  Borja, at the time of the recordings, was *actively* contracted by Chevron, charged with handling litigation-related

97

laboratory samples and moving Chevron laboratory equipment.  Hansen did not work in the remediation field, but was in fact a *convicted felon* who served nineteen months in prison for drug-trafficking.  It was also revealed that attorneys with the law firm of Jones Day, which has represented Chevron for many years in connection with the Lago Agrio Litigation, had met with Borja at the firm's San Francisco offices several days before the third of Borja's four videotaped meetings, and had met with Chevron's Ecuadorian lawyers and investigators regarding the tapes even earlier than that.

Moreover, between August and October of 2009, a former childhood friend of Borja named Santiago Escobar—apparently disgusted by Borja's various undertakings—recorded approximately six hours of conversations between himself and Mr. Borja via *Skype*, an internet telephone service.  The conversations reveal alarming misconduct on the part of Chevron with respect to the Lago Agrio Litigation.  Borja conceded to his childhood friend that the bribery scheme was illusory, *i.e.*, no bribe was offered to Judge Núñez.  Borja also asserted that Chevron, *inter alia*, "cooked" the evidence in the Lago Agrio litigation, used labs that were supposedly independent but actually belonged to Chevron, and generally engaged in misconduct that, if publicly revealed, would cause the U.S. courts to "close [Chevron] down."  Borja made it very clear that if Chevron and its associates did not take good care of him, he would reveal the company's misdeeds known to the world:

> [I]f something bad happened to me…and they don't give my wife what they have to . . . what it supposedly should be . . . . There's a document for that, where I . . . immediately go to the other side . . . I have correspondence that talks about things you can't even imagine, dude . . . . I can't talk about them here, dude, because I'm afraid, but they're things that can make the Amazons win this just like that (snapping his fingers).

Mr. Borja elaborated on his intentions to reveal information damaging to Chevron and its associates unless he is well taken care of:

> BORJA:  I'll shit on them in a second. . . . I mean, what they . . . what I'm trying to explain to them is that I also have . . . I don't know how much to say, but I have only so much patience, you get it? In other words, I don't know how much time, but it all depends on how . . . how it goes and how things go. That's why I read the newspaper every day and all that, you get it? So then, like I don't feel it's the right moment now, but when I feel it's the right moment, that time has to pass, because if that time doesn't pass, the next day [unintelligible] "boom."

> ESCOBAR:  What's "boom?"

> BORJA:  In other words, "boom," I'll go to the other side.

Chevron and its attorneys apparently have taken Mr. Borja's threats to expose their misdeeds very seriously.  Borja was plucked from Ecuador shortly after the recordings were made, and housed in a luxury villa proximate to Chevron's California headquarters.  Although Borja performs no work for Chevron, he has for the past two years received, and continues to receive from the company, a monthly "stipend" in the amount $10,000.  Indeed, Jones Day appears to have been positioned as Borja's personal life-sponsor since August of 2009, when the firm arranged for Mr. Borja to be represented by the same California law firm that recently represented former baseball star Barry Bonds in a highly-publicized perjury trial, a firm that describes itself as the "criminal defense dream team."  Chevron foots the bill for the services of the multiple, powerful law firms that Chevron has literally enveloped Borja with.  Chevron appears to be conferring exorbitant amounts of cash and benefits upon Borja, who, before recording the alleged "bribery" videos, was ostensibly nothing more than one of the company's many low-level servants in Ecuador.

Chevron also appears to have taken an unusual interest in the life of Borja's associate, Wayne Hansen.  In July of 2009, Hansen expressed frustration to one of Chevron's private investigation firms that he was not receiving the same royal treatment as Borja—and also expressed that he would go public with information damaging to Chevron if the company did not make his situation improve:

> It seems that the oil co has cut a deal with Diego and I have not heard a word from anyone but Diego.  What am I to think??? . . . . As I can see the window of my life closing I will not hold back.  I need to hear from a real player with a plan for Wayne.  If I do not hear from the oil co. by July 17, [20]09[,] I must think I have been left out and I am to do what and think what . . . . I have been dooped [sic].

It remains unclear whether Chevron and its associates ever granted Mr. Hansen's wish, but this much is now apparent: the Republic of Ecuador filed a 28 U.S.C. § 1782 discovery application against Mr. Hansen in his home state of California on September 14, 2010; but by October 2010, Mr. Hansen was living a life of leisure in Peru.

(5)    Chevron operated a sham laboratory under the name of a legitimate one to create an appearance of independence.  Although Chevron purports to have used Severn Trent Laboratories to perform analysis of the samples taken in connection with the Lago Agrio trial, it appears that Chevron merely co-opted the *name* of a legitimate outlet to cover up the fact that it was manipulating the scientific evidence.  Diego Borja, who set up a series of "logistics" companies in Ecuador for the apparent purpose of creating the appearance of independence from Chevron, has stated asserted that Chevron "cooked" the evidence in the Lago Agrio litigation, and used labs that were supposedly independent but actually belonged to Chevron.  Diego Borja's wife, Sara Portilla, who worked as a technician and manager at the supposedly *independent* laboratory used by Chevron for sampling in the Lago Agrio Litigation, is now on

Chevron's payroll—a fact which appears confirmatory of Borja's statements that the laboratory used by Chevron was far from independent.

(6)     Chevron engaged in an array of procedural misconduct designed to stonewall the Lago Agrio Litigation, including the harassment of expert witnesses and threats of criminal sanctions directed against the judge in order to coerce him to rule in Chevron's favor.  On August 5, 2010 alone, Chevron filed approximately *twenty* motions with the Court.  Of these numerous filings, *eighteen* requested relief in connection with the *same* July 30, 2010 Court order.  All of these motions, which of course should have been filed as a single brief, were filed *within thirty minutes* of the court's 6:00 p.m. closing time—a ploy to make it nearly impossible for the Court to accept Chevron's many motions into the record in a timely manner.  The company also has used its cavalcade of lawyers to repeatedly file identical motions.  For example, on October 14, 2010, within a twenty-minute period, Chevron filed two *identical* motions in response to the Court's October 11, 2010 order.  On the same day, Chevron's various attorneys filed four different motions, within a thirty minute period, requesting the revocation of paragraph nine of the very same court order.  Further, two Chevron attorneys filed additional motions regarding the same paragraph nine, and within the same thirty minute period, this time requesting no relief at all but merely chastising the Court for the order.  There was no basis for this conduct other than to clutter the record and paralyze a court that Chevron believed to be too weak to effectively deal with such tactics, which were designed to trigger a provision of law which requires judges to formally accept filings into the record within a short, specified time period.  Chevron's many motions were ordinarily filed well outside the time period permissible under Ecuadorian law, a fact of which Chevron's savvy and experienced attorneys were keenly aware.  As a matter of substance, these motions often demanded either an instantaneous ruling

prior to judgment or intermediate appellate relief, although Chevron knew full well that under Ecuadorian law, most of its petitions would be appropriately considered only upon final judgment.  Chevron's "kill the Court with motions" strategy ultimately led to the September 2010 recusal of Judge Ordoñez (predecessor to Judge Zambrano, who ultimately rendered a judgment), who was either unable, or perhaps, understandably unwilling, to take all of Chevron's hundreds of bogus motions into the record.

Moreover, while Chevron had long threatened that the court must comply with Chevron's demands or be deemed in violation of the company's right to due process of law, in a filing on December 20, 2010, Chevron ultimately went so far as to threaten Judge Zambrano with *criminal liability* if the company's demands were not met.  In another submission filed two days later related to filings on the issue of damages submitted to the court, Chevron expanded on its earlier threat, explicitly promising Judge Zambrano *imprisonment* if he did not comply.

Chevron also did everything in its power to obstruct the evidence-gathering process in Ecuador.  In a November 2003 filing with the Lago Agrio Court, Chevron raised a litany of pretextual challenges to the planned judicial site inspections, asking the court to postpone *all* inspections until these "issues" could be sorted out.  Yet, in 2006, when the Plaintiffs sought to bring the inspection process to a close because, after many dozens of site inspections, an adequate sampling had been obtained, Chevron objected vehemently, petitioning the court at least three times in less than one month to order that the inspections move forward *indefinitely* into the future.  It was clear that Chevron did not want scientific evidence to be gathered at all, but having failed to stop the process entirely, its secondary goal of delay would have been served by inspecting each and every plot of soil within the Napo Concession, which is roughly the size of Rhode Island.  Throughout the course of the trial, Chevron also engaged in other tactics

similarly designed to thwart the evidentiary process.  For example, on December 15, the Ecuadorian Court-appointed expert José René López Chávez filed his proposed work plan with the court, making clear that he would not be able to commence work until he received payment from Chevron.  After three months of pretextual nitpicking of the work plan and refusal to pay, Chevron finally agreed to pay only half the cost of the expert's work, but continued to withhold payment for necessary costs, such as laboratory work.  Chevron employed similar delay and intimidation tactics vis à vis other Ecuadorian Court-appointed experts, such as the aforementioned Dr. Marcel Muñoz, to whom Chevron delayed final payment of necessary costs for over six months for the dual purpose of delaying the trial and extracting a favorable report.

As observed by the Ecuadorian Court in its final judgment, Chevron also engaged in the following procedural misconduct: raising at the eleventh hour "unresolved issues" previously abandoned by Chevron in an effort to delay resolution of the case; obstructing the evidence-gathering process by launching frivolous attacks upon each and every expert report not submitted by a Chevron-affiliate, which the Court found to be designed to "impede the normal advance of the evidence gathering process, or even prolong it indefinitely;" and frontally attacking the court in a display of shocking disrespect for the judicial process.  Further, In summation of Chevron's behavior throughout the course of the litigation, the Court observed that "the following constitutes a display of procedural bad faith on the defendant's part: failure to…[produce]…documents ordered coupled with a failure to submit an excuse on the date indicated; attempting to abuse the merger between Chevron Corp. and Texaco Inc. as a mechanism to evade liability; abuse of the rights granted under procedural law, such as the right to submit the motions that the law allows for [. . .]; repeated motions on issues already ruled upon, and motions that by operation of law are inadmissible within summary verbal proceedings, and that have all

warranted admonishments and fines against defense counsel defendant from the various Judges who have presided over this Court; [and] delays provoked through conduct that in principle is legitimate, but…[which have]…unfair consequences for the proceedings…such as refusing and creating obstacles for payment of the experts who took office, thus preventing them from being able to commence their work. . . ."

(7)    Chevron attempted to influence witnesses in the context of its 28 U.S.C. § 1782 discovery proceedings in an effort to obtain documents and testimony over which the Ecuadorian Plaintiffs hold a claim of privilege.  And in an effort to punish the Ecuadorian Plaintiffs' legal representatives and consultants and deprive the Ecuadorian Plaintiffs of representation going forward, upon information and belief, Chevron has engaged in a smear campaign whereby it has attempted to induce clients of the Ecuadorian Plaintiffs' legal representatives and consultants to terminate their relationships with those entities.   All of this conduct was designed to impair the Ecuadorian Plaintiffs' ability to litigate the Lago Agrio case.

### THIRTY-FIRST SEPARATE DEFENSE

The claims asserted in the Complaint and any relief sought thereunder are barred, in whole or in part, under the doctrine of *in pari delicto*.  The Ecuadorian Plaintiffs incorporate herein by reference each of the allegations set forth in support of their Twenty-Eighth and Thirtieth Separate Defenses.  Chevron fought for approximately eight years to dismiss the *Aguinda* litigation filed in the Southern District of New York on the basis that Ecuador was the proper forum for the environmental dispute between the Amazon communities and Chevron.  In so doing, Chevron presented numerous affidavits from its own Ecuadorian lawyers and other affiants touting the virtues of the Ecuadorian court system.  However, Chevron's stated reasons for its desire to re-venue the case in Ecuador—namely, that the evidence was located there and

that the country provided a fair forum for the dispute—were pretextual.  Chevron believed that Ecuador was corrupt, and it believed that it could manipulate that corruption to its favor. Chevron intended either to use its political connections and intimidation tactics to quash the case, or, failing that, Chevron believed that it could corrupt the litigation to such an extent that a court presented with a petition to recognize any judgment in favor of the Ecuadorian Plaintiffs would hesitate to do so.  Faced with growing and irrefutable evidence of its own liability, Chevron's primary strategy in Ecuador was not to actually win on the merits, but to ensure that any judgment against it would never be enforced.  Chevron attempted to corrupt and intimidate judges, and now seeks to point the finger at the Ecuadorian Plaintiffs for attempting to *counteract* Chevron's efforts to bring about the degeneration of the case.  Even assuming that it was improper for the Ecuadorian Plaintiffs to lobby the Ecuadorian government as a means of achieving a favorable outcome in the case—and it was not—Chevron used its massive resources to move both the Ecuadorian and United States governments to take action in its favor, and necessitated that the Ecuadorian Plaintiffs do the same.  Even assuming that it was improper for the Ecuadorian Plaintiffs to have *ex parte* contacts with the Ecuadorian Court—and, under Ecuadorian law at the time, it was not—Chevron's own *ex parte* contacts with the Ecuadorian Court necessitated that the Ecuadorian Plaintiffs do the same.  Even assuming that it was improper for the Ecuadorian Plaintiffs to have *ex parte* contacts with court-appointed experts— and, under Ecuadorian law, it is not—Chevron's own manipulation of court-appointed experts (including intimidation, withholding of payment, and, indeed, the very *ex parte* contacts for which Chevron has condemned the Ecuadorian Plaintiffs) necessitated that the Ecuadorian Plaintiffs work with court-appointed experts on an *ex parte* basis.  Moreover, Chevron abused process with impunity in Ecuador, as outlined in the Ecuadorian Court's final judgment in the

case; and now that the Ecuadorian Court has held the company accountable for its tactics in the form of punitive damages, Chevron claims that the "unfair" treatment it received should result in a worldwide injunction against enforcement.  In sum, if it were true that Chevron was somehow victimized in Ecuador—and it is not—Chevron not only *contributed* to that state of affairs, but in fact, willingly *created* it from the moment it sought dismissal of the *Aguinda* case *on forum non conveniens* grounds and for the ensuing eighteen years.

### THIRTY-SECOND SEPARATE DEFENSE

Chevron's claims are barred, in whole or in part, because the Ecuadorian Plaintiffs have not retained any benefit at Chevron's expense.

### THIRTY-THIRD SEPARATE DEFENSE

The claims asserted in the Complaint and any relief sought thereunder are barred, in whole or in part, under the doctrines of res judicata and/or collateral estoppel.

### THIRTY-FOURTH SEPARATE DEFENSE

The claims asserted in the Complaint and any relief sought thereunder are barred, in whole or in part, under the doctrine of international comity.

### THIRTY-FIFTH SEPARATE DEFENSE

Chevron's alleged damages are speculative, uncertain and/or contingent, have not accrued, and are not recoverable.

### THIRTY-SIXTH SEPARATE DEFENSE

Chevron does not have standing to bring this action, in whole or in part.

### THIRTY-SEVENTH SEPARATE DEFENSE

The claims asserted in the Complaint and any relief sought thereunder are barred, in whole or in part, because they seek relief beyond the provisions of defenses reserved and not waived, if any.

### THIRTY-EIGHTH SEPARATE DEFENSE

The claims asserted in the Complaint and any relief sought thereunder are barred, in whole or in part, by the act of state doctrine.

### THIRTY-NINTH SEPARATE DEFENSE

The claims asserted in the Complaint and any relief sought thereunder are barred, in whole or in part, by Chevron's failure to join necessary and indispensable parties.

### FORTIETH SEPARATE DEFENSE

The claims asserted in the Complaint and any relief sought thereunder are barred, in whole or in part, by the federal and New York State litigation privileges.

### FORTY-FIRST SEPARATE DEFENSE

The claims asserted in the Complaint and any relief sought thereunder are barred, in whole or in part, because the judgment rendered in *Maria Aguinda y Otros v. Chevron Corporation*, No. 002-2003, is not yet final.

### FORTY-SECOND SEPARATE DEFENSE

Courts in Ecuador provide impartial tribunals and procedures compatible with due process of law.

### FORTY-THIRD SEPARATE DEFENSE

Chevron was not denied due process of law.

### FORTY-FOURTH SEPARATE DEFENSE

The judgment rendered in *Maria Aguinda y Otros v. Chevron Corporation*, No. 002-2003, was not obtained by fraud.

**FORTY-FIFTH SEPARATE DEFENSE**

Chevron is subject to the jurisdiction of the Court in Ecuador and should be required to exhaust all its rights, remedies and appeals in that forum.

**FORTY-SIXTH SEPARATE DEFENSE**

The Ecuadorian Plaintiffs never transacted business in New York.

**FORTY SEVENTH SEPARATE DEFENSE**

Chevron's claims are barred, in whole or in part, because the conduct of and attributable to the Ecuadorian Plaintiffs was proper under applicable law.

**FORTY-EIGHTH SEPARATE DEFENSE**

The Ecuadorian Plaintiffs reserve the right to adopt any defenses raised by other defendants in this case.

**RESERVATION OF RIGHTS**

The Ecuadorian Plaintiffs reserve unto themselves all of the defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure and such other defenses, affirmative or otherwise, as may prove through discovery to be applicable.  Because of the generality of the allegations in the Complaint, the Ecuadorian Plaintiffs reserve the right to amend their Answer and Separate Defenses if investigation, discovery, and further information warrants such amendment, and further to assert any applicable matters of law during the pendency of this action.  The Ecuadorian Plaintiffs reserve the right to assert such claims, counterclaims, third-party claims, or other claims as investigation and discovery may prove applicable and hereby reserve unto themselves all of their rights associated with any such claim or potential claim.  The Ecuadorian

Plaintiffs also reserve all rights to pursue all claims, cross-claims, third-party claims or otherwise.

**WHEREFORE,** Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje respectfully demand judgment as follows:

      (i)     dismissing the Complaint in its entirety with prejudice;

      (ii)    awarding the Ecuadorian Plaintiffs their reasonable attorneys' fees and costs; and

      (iii)   awarding the Ecuadorian Plaintiffs such other and further relief as is just and proper.

Dated:  June 21, 2011

By:    *s/ Julio C. Gomez*
        Julio C. Gomez
        SDNY Bar No. JG0005
        GOMEZ LLC
        ATTORNEY AT LAW
        The Trump Building
        40 Wall Street, 28th Floor
        New York, NY 10005
        Tel 212-400-7150
        Fax 212-400-7151
        Email: jgomez@gomezllc.com

        *s/ Carlos A. Zelaya, II*
        Carlos A. Zelaya, II
        (*Admitted Pro Hac Vice*)
        F. Gerald Males
        (*Admitted Pro Hac Vice*)
        F. Gerald Maples, PA
        365 Canal Street, Suite 2650
        New Orleans, Louisiana 70130
        Tel: 504-569-8732
        Fax: 504-525-6932
        Email: czelaya@fgmapleslaw.com

## DEMAND FOR A JURY TRIAL

Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje hereby demand a jury trial of all issues in this action triable as of right by a jury.

Dated: June 21, 2011

By:      s/ Julio C. Gomez_____
Julio C. Gomez
SDNY Bar No. JG0005
GOMEZ LLC
ATTORNEY AT LAW
The Trump Building
40 Wall Street, 28th Floor
New York, NY 10005
Tel 212-400-7150
Fax 212-400-7151
Email: jgomez@gomezllc.com


s/ Carlos A. Zelaya, II_____
Carlos A. Zelaya, II
(*Admitted Pro Hac Vice*)
F. Gerald Males
(*Admitted Pro Hac Vice*)
F. Gerald Maples, PA
365 Canal Street, Suite 2650
New Orleans, Louisiana 70130
Tel: 504-569-8732
Fax: 504-525-6932
Email: czelaya@fgmapleslaw.com

## CERTIFICATION OF SERVICE

I, Julio C. Gomez, certify that on June 21, 2011, I caused the aforementioned document to be electronically filed with the clerk of the court via ECF, which, pursuant to Local Rule 5.2, is deemed served for purposes of <u>Fed. R. Civ. P.</u> 5.

I certify under penalty of perjury that the foregoing is true and correct.  Executed on this 21st day of June, 2011

By:     <u>*s/ Julio C. Gomez*               </u>
Julio C. Gomez
SDNY Bar No. JG0005
GOMEZ LLC
ATTORNEY AT LAW
The Trump Building
40 Wall Street, 28th Floor
New York, NY 10005
Tel 212-400-7150
Fax 212-400-7151
Email: jgomez@gomezllc.com