UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHEVRON CORPORATION,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, et al.,<br><br>　　　　　　　Defendants. | CASE NO. 11-CV-0691(LAK)<br><br>DEFENDANTS STEVEN DONZIGER, THE LAW OFFICES OF STEVEN DONZIGER, DONZIGER & ASSOCIATES, PLLC, JAVIER PIAGUAJE PAYAGUAJE AND HUGO GERARDO CAMACHO NARANJO'S REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR LEAVE TO FILE SUR-REPLY TO CHEVRON'S MOTION FOR AN ORDER OF ATTACHMENT AND OTHER RELIEF AND IN FURTHER SUPPORT OF THEIR MOTION TO STRIKE THE DECLARATIONS OF KRISTEN HENDRICKS AND MARY BETH MALONEY IN SUPPORT OF CHEVRON'S MOTION FOR AN ORDER OF ATTACHMENT |

　　　　Defendants Steven Donziger, The Law Offices of Steven R. Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, and Hugo Gerardo Camacho Naranjo (collectively "Defendants") respectfully submit this Reply in Support of their Motion for Leave to File Sur-Reply to Plaintiff Chevron Corporation's ("Chevron") Motion for an Order of Attachment and Other Relief and their related Motion to Strike.[1]

　　　　**The Court should grant Defendants leave to file a sur-reply.** First, in spite of the undisputed fact that Chevron's reply brief contained an additional 1,100 pages of exhibits,

---

[1] By filing this motion, the Ecuadorian Plaintiffs do not intend to waive any defenses they may have in connection with this proceeding or case No. 11-cv-3718-LAK, including but not limited to, a lack of personal jurisdiction, improper venue, insufficiency of process, and insufficiency of service of process. In fact, their appeal of this Court's earlier finding of jurisdiction to the United States Court of Appeals for the Second Circuit remains pending. See No. 11-1150 (2d Cir.).

330900.2

Chevron insists it raised no new arguments in the brief. Dkt. 375 at 4 ("there are none"). In light of that concession, Chevron's reply is superfluous; it may safely withdraw its reply and 1,100 pages of exhibits, rendering the Defendants' Sur-Reply unnecessary and the motion for leave moot. In reality, Chevron's perceived need to bloat the record with this new "evidence" gives lie to its argument that its alleged evidence of purported wrongdoing is undisputed.

Chevron states in its Reply that Defendants had not denied Chevron's accusations of extortion, bribery, money laundering, or ghost-writing the Ecuadorian Judgment. Not so. Defendants denied those allegations in their answer and did so again in their Sur-Reply. Chevron now argues that "these boilerplate denials lack any good faith basis" and should not be accepted because "they lack any sworn declarations." Without any evidence of its own, Chevron accuses counsel of falling "far short of their duty of candor to this Court" and cites to Rule 11 of the Federal Rules of Civil Procedure.

Chevron's accusations show nothing more than the shrill incivility with which it customarily proceeds. Rule 11(a) says: "Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit." No rule or statute requires a "sworn declaration" to be filed in a Sur-Reply to a Motion for Attachment.[2] Rule 11(b)(4) provides that by signing a pleading an attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or lack of information." Counsel complied with Rule 11.

---

[2] Chevron directs the Court to inapposite summary judgment cases to support its argument that Defendants' denials are not sufficient to dispute Chevron's allegations. This is not summary judgment. Chevron has not directed the Court to any authority stating that denials are insufficient in the attachment context. In any event, Chevron cannot say that its falsehoods and misstatements are "undisputed." Defendants have disputed all of Chevron's allegations. They do so again now.

Second, Defendants were not required to marshal their evidence against Chevron's motion for an order of attachment. As Defendants' Response—and previous briefing incorporated therein—explains, Chevron's motion fails as a matter of law: the Court needs no evidence to decide this issue.[3] Tellingly, Chevron did not deny that Texaco contaminated the Oriente and that the despoliation remains. Were Chevron's position correct, these facts would be deemed admitted. Of course, such facts are undisputed and indisputable, and Chevron's arguments against the judgment all fail for lack of causation. There can be no question that if pollution and environmental despoliation of this magnitude occurred in the United States that the civil and criminal penalties it would face would far exceed the amount of the Ecuadorian Judgment. Only if the Court determines that it will not decide the Motion as a matter of law should evidence be taken. In that event, and only in that event, Defendants request that discovery be permitted as a precursor to factual briefing on the attachment issue.

Third, discovery has not occurred on the issues raised by Chevron's request for attachment. Discovery—incomplete and rushed—occurred only in Count 9. Chevron made certain, for instance, that the Donziger Defendants were prevented from participating in that discovery because Count 9 applied only to the Ecuadorian Plaintiffs. No discovery has occurred on the claims on which the attachment motion is based. Likewise, other discovery Chevron now offers occurred in 1782 proceedings in which all or some of the Defendants were not parties.[4]

---

[3] In any event, Chevron's arguments regarding the Cabrera report are not only a rehash of old, thin gruel but also beside the point. Cabrera's report cannot constitute fraud in the judgment since the Ecuadorian trial court did not rely on the Cabrera report in fashioning its judgment. Two of the basic legal elements of fraud are therefore missing: reliance and causation. As such, any "evidence" relating to the Cabrera report cannot establish that Chevron's claims are likely to succeed.

[4] By statute, § 1782 proceedings are limited to the procurement of discovery for use in foreign proceedings, not as a ruse to obtain a pre-suit fishing expedition in order to justify bringing a domestic action.

330900.2

3

Chevron's arguments to the contrary are based on cases in which courts refused to grant protective orders and which have no relation to attachment. *See, e.g., U.S. v. Hooker Chems. & Plastics Corp.*, 90 F.R.D. 421, 426 (W.D.N.Y. 1981) (refusing to grant a protective order preventing use of materials disclosed by defendant in other litigation *against that defendant*); *Williams v. Johnson & Johnson*, 50 F.R.D. 31, 32 (S.D.N.Y. 1970) (refusing protective order in the absence of evidence of misconduct by plaintiffs' attorneys). Chevron attempts to use its discovery in cases in which Defendants were not parties as an excuse to short-circuit discovery on claims 1-8. In addition, Chevron improperly withheld materials it should have produced in the declaratory judgment action, frustrating the Ecuadorian Plaintiffs' ability to obtain the discovery to which they were entitled by propounding improper privilege logs. (11-cv-3718, Dkt. 360, at 3) ("Distressingly, Chevron has taken a view of its own discovery responsibilities sharply different from the obligations it seeks to impose on the defendants and on non-parties. . . . The manner in which Chevron has implemented its categorical privilege logs has thus impeded the defendants' ability to challenge Chevron's assertion of privilege and discovery immunity."). Although attachment is legally improper, even were there any doubt—and there is not—the Court should permit discovery so that the parties are on equal footing.

Fourth, the attachment motion is logically absurd. Chevron requests to attach itself. Chevron has the assets it seeks to attach: it has the money. If a court enforces the judgment against Chevron, it will be for money that belongs to Chevron, not for Defendants' interest in that judgment.

Finally, Defendants have not offered "conflicting contentions." Dkt. 375 at 4. Defendants' positions have been laid out in plain language, are easy to understand, and are logically consistent. First, the Court should take no action on Chevron's motion for an order of

attachment or its request to lift the stay on Counts 1-8 until the Second Circuit issues its promised decision. Second, should the Court choose to act on Chevron's premature motion over Defendants' objections, Defendants are entitled to discovery and a full evidentiary hearing on the factual justification claimed for any attachment before the Court rules on the motion. These positions are not confusing.

**The Court should grant Defendants' Motion to Strike.** First, Defendants' objections to Chevron's declarations are timely. Chevron does not even attempt to argue that Defendants' motion is untimely with respect to the Maloney declaration. In any event, Defendants' objections to the Hendrick's affidavits are timely because the Court has not yet ruled on the motion for an order of attachment and the Court has not accepted the evidence into the record.[5] Thus, Chevron has the opportunity to "take proper corrective measures." Dkt. 375 at 7 (citing *Carson*). It has simply chosen not to do so.

Second, Defendants have not waived their objections by choosing not to object to Chevron's voluminous declarations page-by-page. As already established, the Court need not review the evidentiary record because the attachment motion fails as a matter of law. If the Court chooses to review the evidence, Defendants' objections are intended as a practical preservation of their rights to object to Chevron's improper evidentiary submissions. Given the time constraints and page limit available, it was not possible to parse the thousands of pages Chevron filed. Further, even a cursory reading of the declarations demonstrates their argumentative nature, making them invalid. Defendants provided the Court with examples of the

---

[5] Neither Rule 12 nor Rule 103 apply to the attachment context. Chevron's case citations are irrelevant. See *U.S. v. Carson*, 52 F.3d 1173, 1178 (2d Cir. 1995) (addressing party's failure to object to evidence accepted into evidence *during trial*). Curiously, Chevron ignores the Court's ability to consider a motion to strike under Rule 12(f) *at any time*. *Estee Lauder, Inc. v. Fragrance Counter, Inc.*, 189 F.R.D. 269, 271 (S.D.N.Y. 1999) ("The Court is clearly given the authority, at any time, to consider a motion to strike even if made after the twenty (20) day period.").

declarations' defects. In particular, Chevron failed to provide any adequate response to the notion that Maloney's affidavit is from an individual who had no personal knowledge of the matters attested to.

Defendants contend that no evidentiary hearing is necessary because the motion for attachment fails as a matter of law. However, if the Courts intends to proceed to the factual merits, Defendants request that they be permitted to take discovery and that, after appropriate discovery, the Court hold an evidentiary hearing.

The Court should therefore grant Defendants' motion for leave to file a sur-reply and motion to strike.

Respectfully submitted,

Dated: January 5, 2011
Houston, TX

By: _____/s/ Tyler G. Doyle_____
TYLER G. DOYLE
CRAIG SMYSER (*pro hac vice pending*)
LARRY R. VESELKA (*pro hac vice pending*)
SMYSER KAPLAN & VESELKA, L.L.P.
700 Louisiana, Suite 2300
Houston, TX 77002
Telephone: 713.221.2330
Facsimile:  713.221.2320
Email:     tydoyle@skv.com
Email:     csmyser@skv.com
Email:     lveselka@skv.com

Julio C. Gomez
GOMEZ LLC
The Trump Building
400 Wall Street, 28th Floor
New York, NY  10005
Tel:    212.400.7150
Fax:    212.400.7151
Email: jgomez@gomezllc.com

330900.2

6

*Attorneys for Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje*

By: /s/ John W. Keker
    JOHN W. KEKER (*Pro Hac Vice*)
    ELLIOT R. PETERS
    JAN NIELSEN LITTLE (*Pro Hac Vice*)
    KEKER & VAN NEST LLP
    710 Sansome Street
    San Francisco, CA 94111-1704
    Telephone: 415.391.5400
    Facsimile: 415.397.7188
    Email:    jkeker@kvn.com
    Email:    epeters@kvn.com
    Email:    jlittle@kvn.com

*Attorneys for Defendants Steven Donziger, The Law Offices of Steven R. Donziger, and Donziger & Associates, PLLC*