UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHEVRON CORPORATION,

                Plaintiff,

        -against-                                        11 Civ. 0691 (LAK)

STEVEN DONZIGER et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OPINION

Appearances:

Randy M. Mastro
Andrea E. Neuman
Scott A. Edelman
William E. Thompson
GIBSON, DUNN & CRUTCHER, LLP
*Attorneys for Plaintiff*

John W. Keker
Elliot R. Peters
Jan Nielsen Little
KEKER & VAN NEST, LLP
*Attorneys for Donziger Defendants*

Julio C. Gomez
GOMEZ, ATTORNEY AT LAW LLC

Tyler G. Doyle
Craig Smyser
Larry R. Veselka
SMYSER KAPLAN & VESELKA, L.L.P.
*Attorneys for Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje*

Stuart A. Krause
Benjamin H. Green
ZEICHNER ELLMAN & KRAUSE LLP

Joe L. Silver
Martin D. Beier
SILVER & DEBOSKEY
*Attorneys for Stratus Defendants*

LEWIS A. KAPLAN, *District Judge.*

Earlier last year, an Ecuadorian court entered a multibillion dollar judgment (the "Judgment") against Chevron Corporation ("Chevron") in an action brought by the 47 Lago Agrio plaintiffs (the "LAPs"), two of whom, Camacho Naranjo and Piaguaje Payaguaje (the "LAP Representatives"), have appeared in this action, and others. This Court entered a preliminary injunction restraining the enforcement and recognition of the Judgment, an injunction later vacated by the Court of Appeals.[1]

Chevron recently moved in this action[2] for an order of attachment against defendants' assets, "including treble the amount of Defendants' Ecuadorian judgment," a temporary restraining order ("TRO") precluding defendants "from assigning, alienating, transferring, encumbering or otherwise dispersing their interest in the fraudulent Ecuadorian judgment, or otherwise collecting proceeds until such time as this motion for an order of attachment is determined," and for other relief.[3]

This week, an appellate court in Ecuador reportedly affirmed the Judgment in all material respects, whereupon Chevron reiterated its request that this Court immediately enter a TRO.

---

[1]
*Chevron Corp. v. Donziger*, 768 F. Supp. 2d 581 (S.D.N.Y. 2011), *rev'd sub nom.*, *Chevron Corp. v. Naranjo*, 2011 WL 4375022 (2d Cir. Sept. 19, 2011).

The Circuit has not yet rendered an opinion or otherwise stated the basis for the vacatur of the preliminary injunction. Nevertheless, the mandate issued some time ago.

[2]
The amended complaint in this action contains nine claims for relief, one of which was severed and continued under the caption *Chevron Corp. v. Salazar*, 11 Civ. 3718 (LAK). What remains in this case is the first eight claims for relief.

[3]
DI 353.

3

This is the Court's decision on the motion for an order of attachment. The Court assumes familiarity with the extensive history of this controversy in this Court and the Court of Appeals, which is fully set out in numerous published decisions.[4]

*Discussion*

In order to obtain an order of attachment, the applicant must establish that: (1) the applicant has a cause of action, (2) it is likely to succeed on the merits, (3) one or more grounds for attachment set out in CPLR Section 6201 exists, (4) the amount demanded exceeds all counterclaims known to the applicant, and (5) the applicant has a need for the security that an attachment would yield.[5] For present purposes, one of these factors is dispositive.[6]

---

[4]   These include the following:

Decisions in proceedings brought under 28 U.S.C. § 1782: *In re Chevron Corp.*, 709 F. Supp. 2d 283 (S.D.N.Y. 2010), *aff'd sub nom.*, *Chevron Corp. v. Berlinger*, 629 F.3d 297 (2d Cir. 2010); *In re Chevron Corp.*, 736 F. Supp. 2d 773 (S.D.N.Y. 2010); *In re Chevron Corp.*, 749 F. Supp. 2d 135 (S.D.N.Y. 2010), *fuller opinion*, *In re Chevron Corp.*, 749 F. Supp. 2d 141 (S.D.N.Y. 2010), *on reconsideration*, 749 F. Supp. 2d 170 (S.D.N.Y. 2010), *aff'd sub nom.*, *Lago Agrio Plaintiffs v. Chevron Corp.*, Nos. 10-4341-cv, 10-4405-cv (CON), 2010 WL 5151325 (2d Cir. Dec. 15, 2010).

Other decisions: *Chevron Corp. v. Donziger*, 768 F. Supp. 2d 581 (S.D.N.Y. 2011) ("*Donziger I*") (granting preliminary injunction); *Chevron Corp. v. Donziger*, 800 F. Supp. 2d 484 (S.D.N.Y. 2011) (granting separate trial and expedited discovery on claim for declaratory judgment) ("*Donziger II*").

[5]   N.Y. CPLR § 6212(a) (McKinney 2010); *see, e.g*, *Davila Pena v. Morgan*, 149 F. Supp. 2d 91, 93-94 (S.D.N.Y. 2001) ("continuing need for security"); *Ames v. Clifford*, 863 F. Supp. 175 (S.D.N.Y. 1994) (same).

The required showing that the amount demanded exceeds counterclaims known to the applicant rarely is meaningful, as it applies only to counterclaims that are conceded by the applicant for the order of attachment. *E.g.*, *Bard-Parker Co. v. Dictograph Prods. Co.*, 258 App. Div. 638, 640, 17 N.Y.S.2d 588, 590 (1st Dept. 1940); Vincent C. Alexander, *Practice Commentaries* C6212:2, in 7B McKinney's Cons. Laws of N.Y. Ann., Civ. Prac. Law

4

The essence of Chevron's application for an order of attachment is that:

- Chevron already has been damaged as a result of wrongful actions of the defendants in that it has sustained attorneys' fees and other expenses, damage to its reputation, and other pecuniary losses.

- It will be damaged further if and to the extent that the Judgment ever is collected.

- The defendants have no means of satisfying any judgment that Chevron may obtain in this action save to the extent that their interests in the Judgment are applied to any such judgment from this action.

- Defendants are attempting to frustrate Chevron's ability to recover on any judgment in its favor here by putting the defendants' interests in the Judgment out of reach as, for example, by diverting proceeds offshore to an Ecuadorian trust and an array of shell companies organized elsewhere by litigation funders attempting to purchase interests in the Judgment.

Apart from the fact that the amount of the Judgment is known, however, Chevron has made no effort to quantify the damages it allegedly has sustained to date, let alone to support any such damage claim with evidence. Thus, the question whether it has shown a likelihood of success on its motion for an

---

AND RULES 6001-6300 (2010).

6 *See Davila Pena*, 149 F. Supp. 2d at 94 (discussing how the various attachment factors, including likelihood of success on the merits, inform the ultimate decision on an attachment motion, and noting that "once the applicant's chance of ultimate success surpasses some minimum threshold, the likelihood of his obtaining an attachment will depend on a weighing of its probability of ultimate success and its need for the relief"); *see also Encore Credit Corp. v. LaMattina*, No. CV-05-5442, 2006 WL 148909, at *3 (E.D.N.Y. Jan. 18, 2006).

5

order of attachment depends in substance on whether plaintiff's claim that the Judgment was procured by fraud is likely to support an order of attachment at this stage.

  Implicit in the requirement that the applicant for an order of attachment demonstrate a probability of success on the merits is that the applicant demonstrate also a likelihood of recovery of the amount sought to be attached, even assuming a likelihood of victory as to the fundamental merits of the claim. This typically presents no difficulty in a simple action for a liquidated sum as, for example, an action on a promissory note. The matter may be otherwise, however, where the claim is unliquidated. As the First Department put it even before the CPLR was amended to include an explicit requirement of a showing of likely success,[7] where an order of attachment "is sought upon an unliquidated claim, it must clearly appear by prima facie evidence at least that the plaintiff is entitled to recover the amount of damages which he demands."[8]

  Chevron has put in no proof of any damages in support of its motion for an order of attachment except the fact and the amount of the Judgment. But it has not established that it has paid any part of the Judgment. The amount of the Judgment therefore is not a measure of any damages

---

[7] DAVID D. SIEGEL, NEW YORK PRACTICE. § 315 (5th ed. 2011) ("In addition [in 1977], CPLR 6212(a) was amended to require the plaintiff to show not only that he has a cause of action against the defendant, but 'that it is probable that the plaintiff will succeed on the merits', a showing that was often exacted of the plaintiff as a matter of common practice even before the amendment.").

[8] *Prentiss v. Greene*, 193 App. Div. 672, 679-80, 184 N.Y.S. 558, 563 (1st Dept. 1920). *Accord, e.g.*, *Usdan v. Dunn Paper Co.*, 392 F. Supp. 953, 956-57 (E.D.N.Y. 1975); *Mueller v. Rayon Consultants, Inc.*, 193 F. Supp. 650, 651 (S.D.N.Y. 1961); *Corcoran & Kostelanetz v. Dupuy*, 6 A.D.2d 776, 175 N.Y.S.2d 153 (1st Dept. 1958); 12 WEINSTEIN-KORN-MILLER, NEW YORK CIVIL PRACTICE ¶ 6212.04 (2d ed. 2011) (citing cases); 30 N.Y. JUR.2D, *Creditors' Rights & Remedies* § 66 (2006) (same).

6

that it has suffered to date.[9]  In these circumstances, Chevron has not demonstrated a likelihood of recovering any specific amount of damages.

This is not to say that Chevron is unlikely to prevail on its claim that the Judgment was procured by fraud or is unenforceable for other reasons.  It is not to say that Chevron's ability to enforce any damages judgment it may secure in this case would not be frustrated by transfers of the sort that it here seeks effectively to prevent.  Nor is it to say that Chevron could not make out a sufficient case for some order of attachment, now or in the future.  It is to say only that an order of attachment is not available on the present showing because Chevron has not established a likelihood of recovery in any specific amount.

*Conclusion*

For the foregoing reason, Chevron's motion for an order of attachment and other relief [DI 353] is denied.  Insofar as this order declines to lift the stay of proceedings in this action, it is without prejudice to renewal following the Circuit's ruling on Chevron's pending motion in No. 11-1150 and receipt of a certified translation of the Ecuadorian appellate decision.

SO ORDERED.

Dated:       January 6, 2012

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)

---

[9]   Its position is analogous to an indemnitee, whose claim against an indemnitor does not arise until the indemnitee pays a third party a sum from which it is entitled to indemnity. *Bay Ridge Air Rights v. State*, 44 N.Y.2d 49, 54 (1978).