UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHEVRON CORPORATION,

                              Plaintiff,


                -against-                                          11 Civ. 0691 (LAK)


STEVEN DONZIGER, et al.,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## MEMORANDUM OPINION
### (Corrected)

                Appearances:


| | |
|---|---|
| Randy M. Mastro | Julio C. Gomez |
| Andrea E. Neuman | GOMEZ, ATTORNEY AT LAW LLC |
| Kristen L. Hendricks | |
| Scott A. Edelman | Tyler G. Doyle |
| William E. Thompson | Craig Smyser |
| GIBSON, DUNN & CRUTCHER, LLP | Larry R. Veselka |
| *Attorneys for Plaintiff* | Christina A. Bryan |
| | Garland D. Murphy, IV |
| John W. Keker | SMYSER KAPLAN & VESELKA, L.L.P. |
| Elliot R. Peters | |
| Christopher J. Young | *Attorneys for Defendants Hugo Gerardo,* |
| Jan Nielsen Little | *Camacho Naranjo and Javier Piaguaje* |
| Matthew M. Werdeger | *Payaguaje* |
| Nikki H. Vo | |
| Paula L. Blizzard | |
| William S. Hicks | |
| KEKER & VAN NEST, LLP | |
| *Attorneys for Donziger Defendants* | |

LEWIS A. KAPLAN, *District Judge.*

This matter, which has a lengthy history, is before the Court on the motion of plaintiff Chevron Corporation ("Chevron"), to exonerate the preliminary injunction bond filed last March in connection with a preliminary injunction that eventually was reversed by the Court of Appeals.

*Facts*

This case relates to a lawsuit brought in Ecuador against Chevron for alleged environmental damage that has resulted in the entry in that nation on February 14, 2011 of a judgment for more than $18 billion (the "Judgment").[1] The validity and enforceability of the Judgment beyond the borders of Ecuador are hotly contested.

In early 2011, Chevron commenced this action seeking a declaration that the Judgment was neither recognizable nor enforceable outside Ecuador and an injunction restraining its enforcement.[2] On March 7, 2011, the Court granted Chevron's motion for a preliminary injunction and restrained enforcement of the Judgment pending the resolution of this action.[3] In so doing, it noted

---

[1]

The background of the litigation is amply set forth in prior decisions of this Court including: *In re Chevron Corp.*, 709 F. Supp. 2d 283 (S.D.N.Y. 2010), *aff'd sub nom.*, *Chevron Corp. v. Berlinger*, 629 F.3d 297 (2d Cir. 2010); *In re Chevron Corp.*, 736 F. Supp. 2d 773 (S.D.N.Y. 2010); *In re Chevron Corp.*, 749 F. Supp. 2d 135 (S.D.N.Y. 2010), *fuller opinion*, *In re Chevron Corp.*, 749 F. Supp. 2d 141 (S.D.N.Y. 2010), *on reconsideration*, 749 F. Supp. 2d 170 (S.D.N.Y. 2010), *aff'd sub nom.*, *Lago Agrio Plaintiffs v. Chevron Corp.*, Nos. 10-4341-cv, 10-4405-cv (CON), 2010 WL 5151325 (2d Cir. Dec. 15, 2010); *Chevron Corp. v. Donziger*, 768 F. Supp. 2d 581 (S.D.N.Y. 2011) ("*Donziger I*") (granting preliminary injunction), *rev'd*, 667 F.3d 232 (2d Cir. 2012); *Chevron Corp. v. Donziger*, 800 F. Supp. 2d 484 (S.D.N.Y. 2011) (granting separate trial and expedited discovery on claim for declaratory judgment) ("*Donziger II*").

[2]

DI 1, at 144-45.

[3]

*Donziger I*, 768 F. Supp. 2d at 660.

that the bond requirement of Rule 65 "serves only to guarantee payment of any damages sustained 'during the period [the enjoined party] is prohibited in engaging in certain activities.'"[4]  Noting that the LAP Representatives had "not shown any basis for supposing that they would be harmed in any quantifiable amount by a delay in the enforceability of the [Ecuadorian] judgment for the period necessary to resolve this case on the merits," the Court fixed the amount of the bond at $21.8 million, a figure reflecting the only sort of potential injury that was claimed, the time value of money.[5]  The bond, consistent with the Court's order, was conditioned to:

> "pay to the Defendants, so enjoined, such damages and costs not exceeding the sum of TWENTY-ONE MILION [*sic*] EIGHT HUNDRED THOUSAND AND 00/100 ($21,800,000.00) DOLLARS as they may sustain by reason of the Preliminary Injunction, if the Court shall finally decide that the Plaintiff was not entitled thereto."[6]

As this Court found in March 2011,[7] and as counsel for the defendants repeatedly represented to the Court of Appeals, the Judgment was not enforceable under Ecuadorian law "at least until the intermediate Ecuadorian appeals court renders its decision."[8] Indeed, at oral argument before the Circuit, counsel for the LAP Representatives stated that "[t]he [Ecuadorian] judgment cannot be enforced until the final disposition of the Ecuadorian intermediate court and a decision by Chevron not

---

[4]

Id. at 657 (quoting 11A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2954, at 292 (1995)).

[5]

Id.

[6]

DI 198.

[7]

Donziger I, 768 F. Supp. 2d at 621 ("Under Ecuadorian law, a lower court's judgment is stayed during the pendency of an initial appeal.").

[8]

Chevron Corp. v. Naranjo, No. 11-1150, DI 159, at 54; see also Chevron Corp. v. Naranjo, No. 11-1150, DI 163, at 54 ("[T]he Judgment is . . . non-final and unenforceable in Ecuador while the appeal . . . is pending.").

to appeal further or, if a bond is required, not to post the bond."[9]

On September 19, 2011, the Second Circuit entered an order vacating the preliminary injunction.[10]  In the event, the intermediate appellate court in Ecuador did not render its decision until January 3, 2012[11] and did not declare the Judgment final and enforceable under Ecuadorian law until March 1, 2012.[12]  In consequence, the Judgment was not enforceable from the date it first was entered in the trial court in February 2011 until March 1, 2012.  But the preliminary injunction of this Court was entered on March 7, 2011, and it was vacated on September 19, 2011.  Thus, throughout the entire period during which the preliminary injunction was in effect, the Judgment was not enforceable under Ecuadorian law.

*Discussion*

The purpose of a preliminary injunction bond "is to guarantee payment of costs and damages sustained by a party who is wrongfully enjoined or restrained.  However, the proceeds from such a bond may not be applied to compensate for attorney's fees."[13]

---

[9]

　　DI 355, Exh. 1014, at 7.

[10]

　　DI 351.

[11]

　　DI 417, Exh. A.

[12]

　　DI 414, at 4; DI 416, at 3.

[13]

　　13 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 65.50[3], at 65-100 (3d ed. 2011); *see also Nokia Corp. v. InterDigital, Inc.*, 645 F.3d 553, 560 (2d Cir. 2011) (adhering to the "well established" rule that "'[a]ttorney's fees are not recoverable as damages in an action on an injunction bond'") (quoting *Matek v. Murat*, 862 F.2d 720, 734 (9th Cir. 1988)); *Fireman's Fund Ins. Co. v. S.E.K. Const. Co.*, 436 F.2d 1345, 1351 (10th Cir. 1971) (same); 13 MOORE ET AL., *supra*, § 65.53, at 65-104; 11A WRIGHT ET AL., *supra* note 4, § 2954, at 287 n.1.

In this case, none of the defendants nor, for that matter, anyone else has submitted to this Court any claim for damages against the bond.  Nor could any properly have done so.

First, the preliminary injunction barred the defendants from enforcing or attempting to enforce the Judgment.  As the defendants have asserted, however, it was not enforceable throughout the entire period during which the injunction was in effect.[14]  The preliminary injunction therefore could not have delayed any enforcement actions or caused any injury to the defendants for which they are able to recover.[15]

Second, any claim for attorneys' fees incurred in connection with appealing the preliminary injunction would have been without merit.  As noted above, attorneys' fees are not recoverable on a preliminary injunction bond even when the injunction is overturned on appeal.[16]

The LAP Representatives argue that this Court should not exonerate the bond because

---

[14]  Ecuador is a party to treaties with other Latin American countries, including Columbia, under which the LAPs would have been able to seek prejudgement measures – such as freezing or attaching Chevron's assets – before the intermediate Ecuadorian appellate court rendered its decision in the absence of the preliminary injunction.  *See Donziger I*, 768 F. Supp. 2d at 629-31.  The LAPs nevertheless were unable, under Ecuadorian law, to enforce or collect any part of the judgment at any point during which the preliminary injunction was in effect.  *Id.* at 621; *see* sources cited *supra* notes 7-9 and accompanying text.

[15]  *See, e.g.*, *Medafrica Line, S.P.A. v. Am. W. African Freight Conf.*, 654 F. Supp. 155, 156 (S.D.N.Y. 1987) ("[A] defendant who has been wrongfully enjoined is only entitled to recover damages shown to have been proximately caused by the injunction.") (citing *Factors Etc., Inc. v. Pro Arts, Inc.*, 562 F. Supp. 304 (S.D.N.Y. 1983)); *see also* 11A WRIGHT ET AL., *supra* note 4, § 2973, at 464 ("If, however, a bond is posted, the liability is limited by the conditions expressed in the surety agreements or in the order of the court that required the posting."); *cf. Osage Oil & Ref. Co. v. Chandler*, 287 F. 848, 851 (2d Cir. 1923) ("The general principles for measuring damages ordinarily apply in actions for wrongfully suing out injunctions; and the damages allowed are those which are the actual, natural, and proximate result of the wrong committed.").

[16]  *E.g.*, *Nokia Corp.*, 645 F.3d at 560; *Matek*, 862 F.2d at 734, *abrogated on other grounds by*, *Koch v. Hankins*, 928 F.2d 1471 (9th Cir. 1991); *Fireman's Fund Ins. Co.*, 436 F.2d at 1351; 13 MOORE ET AL., *supra* note 13, § 65.50[3], at 65-100; 11A WRIGHT ET AL., *supra* note 4, § 2954, at 287 n.1.

certain attorneys who claim to represent some or all of the LAPs have brought an action on behalf of their law firm in the District of New Jersey in an attempt to collect on the bond on behalf of the law firm.[17]  Those attorneys were served with the motion in this case.  They have an office in New York.  Their lead counsel is a member of the Bar of this Court.  They even claim, in papers in their New Jersey action, that their "rights purportedly may be impaired [by a decision on this motion] as early as March 27, 2011 [*sic*], the due-date for any responses to Chevron's" motion.[18]  Yet they have not interposed any claim here.

The defendants in this case, both those who have appeared and those who have defaulted, had a perfect right to respond to this motion by submitting claims for damages.  The law firm that sued in New Jersey could have done so as well, at least subject to the availability of a right or leave to intervene.  But for reasons sufficient unto themselves, they elected not to do so.  They must live with the consequences of their tactical decision to forego that opportunity.

In any event, the LAP Representatives' suggestion that exonerating a preliminary injunction bond (1) following an appellate ruling on the preliminary injunction and (2) after all secured parties have been afforded notice and an opportunity to make claims is premature[19] is unsupported by any authority[20] and is contrary to common sense.  There is no independent reason to encourage the sort

---

[17]  DI 454, at 1-2.

[18]  *Patton Boggs LLP v. Chevron Corp.*, No. 2:12-cv-00901-ES-CLW, DI 10-2, at 3.

The date March 27, 2011 listed in the brief is incorrect.  The due date for any response to Chevron's motion to exonerate the injunction bond was due March 27, 2012.  DI 426.

[19]  DI 454, at 1-3.

[20]  The LAP Representatives rely principally in *Buddy Sys., Inc. v. Exer-Genie, Inc*., 545 F.2d 1164 (9th Cir. 1976).  That case expressed the view that the district court there erred in exonerating a preliminary injunction bond when (a) the case was decided on its merits after

7

of forum shopping in which the defendants' lawyers so patently are engaged.[21]  But there is a still more important consideration – if any of them had made such a claim, it would have been entirely without merit.

As noted, the defendants do not claim any injury flowing from the fact that they were enjoined from seeking to enforce the Judgment because, by their own admission, they were not free to have done so at any time during which the injunction was in effect.[22]  Moreover, the plaintiff law firm in the New Jersey action has no legally sufficient claim on the bond – either there or here – because the bond runs in favor only of the defendants in this action.[23]  As the Ninth Circuit has

---

trial in favor of the party that had obtained the preliminary injunction but (b) before the losing party had had an opportunity to appeal.  The district court's action there thus had foreclosed recovery on the bond in the event the appellate court held that the preliminary injunction had been erroneous.  Here, on the other hand, the appellate process has concluded.  The defendants who were secured by the preliminary injunction bond have had notice of this motion and an opportunity to make a claim on the preliminary injunction bond.  *Buddy Systems, Inc.* therefore is not pertinent here.

[21]

Although several circuits have concluded that 28 U.S.C. § 1352 gives district courts jurisdiction over "any action on a bond executed under any law of the United States," including injunction bonds issued under Rule 65, the Second Circuit has held that even proven damages may be disallowed for a good reason such as, but not limited to, unreasonableness or the failure to mitigate damages.  *Nokia Corp.*, 645 F.3d at 558-59.  At least two circuits have stated also that "[t]he awarding of damages pursuant to an injunction bond rests in the sound discretion of the court's equity jurisdiction."  *H & R Block, Inc. v. McCaslin*, 541 F.2d 1098, 1099 (5th Cir. 1976); *see also State of Kan. ex rel. Stephan v. Adams*, 705 F.2d 1267, 1269 (10th Cir. 1983).  Thus, at least some level of discretion exists in determining whether to allow plaintiffs to recover under the bond even proven damages.  And even though other district courts possess jurisdiction over actions on Rule 65 injunction bonds under 28 U.S.C. § 1352, the district court that issued the bond and that is presiding over the remainder of the case has the greatest familiarity with the case and is in the best position to exercise any such discretion in deciding which damages, if any, are justified and should be awarded.

[22]

*See* sources cited *supra* notes 7-12 and accompanying text; *see also Medafrica Line, S.P.A.*, 654 F. Supp. at 156; 11A WRIGHT ET AL., *supra* note 4, § 2973, at 464.

[23]

DI 198.

8

observed, "[i]f a bond is posted, liability is limited by the terms of the bond or the order of the court that required the posting."[24]  In any event, attorneys' fees may not be recovered against an injunction bond.[25]

<em>Conclusion</em>

Chevron's motion to exonerate the preliminary injunction bond issued by this Court [DI 423] is granted in all respects.  The bond is exonerated and discharged.

SO ORDERED.

Dated:        April 2, 2012

_____

Lewis A. Kaplan<br>
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)

---

[24]

     *Buddy Sys., Inc.*, 545 F.2d at 1168.

[25]

     *See* sources cited *supra* note 13.