# GIBSON DUNN

**DOCKET**



Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Randy M. Mastro
Direct: 212.351.3825
Fax: 212.351.5219
RMastro@gibsondunn.com

Client: T 19624-00020

April 5, 2012

VIA HAND DELIVERY

The Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Chevron Corp. v. Donziger, et al.*, Case No. 11 Civ. 0691(LAK)

Dear Judge Kaplan:

    I write as Chevron's counsel to object to the Defendants' improper surreply submitted by letter yesterday on Chevron's summary judgment motion. This District's Local Rules do not authorize sur-replies, and courts in this District deem them "improper" "without leave." *See, e.g., Colida v. Nokia Am. Corp.*, No. 05 Civ. 9920 KMW HBP, 2006 WL 2597902, at *4 (S.D.N.Y. Sep. 11, 2006). And Defendants' proffered surreply is unwarranted because it reargues points already briefed (e.g. "advisory opinion"), advances arguments based on evidence long known to Defendants (e.g. Exhibit A), and attempts to cure two deficiencies admitted in their opposition. First, Defendants purport to identify for the first time prior rulings they claim have preclusive effect, but they clearly do not.[1] Second, they argue that their failure to comply with L.R. 56.1 is not an admission because their defenses are somehow "not at issue in this case," yet by pleading them, Defendants put them at issue. The Court should strike their letter.

Respectfully,

Randy M. Mastro

cc: All Counsel of Record

---

[1] It is Defendants' burden to support their defense with specific evidence that a prior ruling potentially resolves a disputed issue in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (movant may shift burden by pointing to "an absence of evidence to support the nonmoving party's case"). Defendants were obligated to do so in their opposition, but they did not do so then, and do not now. Defendants invoke *Aguinda v. Texaco, Inc.*, 303 F.3d 470 (2d Cir. 2002), and *Repub. of Ecuador v. Chevron Corp.*, 638 F.3d 384 (2d Cir. 2011), on the Ecuadorian court's jurisdiction over Chevron. But that issue is not a defense to Chevron's complaint here, and is relevant only to recognition of the Ecuadorian judgment—which Defendants put at issue by asserting res judicata and collateral estoppel defenses. Moreover, *Chevron Corp. v. Allen*, No. 2:10-mc-00091 (D. Vt. Dec. 2, 2010), and *Chevron Corp. v. Bonifaz*, No. 3:10-mc-30022-MAP, 2010 WL 5437234 (D. Mass. Dec. 22, 2010), cannot be the bases on which Defendants asserted these defenses, because they concern something not at issue here—the applicability of the crime-fraud exception to the named parties in those discovery actions. And Defendants ignore the many other courts that have made crime-fraud findings here, including one directed at Donziger. *See* Dkt. 400 at 1-3 (¶ 3) (summary of findings of fraud by U.S. courts); *Chevron Corp. v. The Weinberg Group*, No. 11-mc-00409-JMF (D.D.C. Sept. 8, 2011) (applying crime-fraud exception to coordinator of cleansing experts, including Allen).