# SMYSER KAPLAN & VESELKA, L.L.P.

BANK OF AMERICA CENTER
700 LOUISIANA  SUITE 2300  HOUSTON, TEXAS 77002
TELEPHONE 713.221.2300  FACSIMILE 713.221.2320

Direct Dial Number:
(713) 221-2330

Author's E-mail Address:
csmyser@skv.com

April 4, 2012

*Via Hand Delivery*

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/9/12

RECEIVED
APR - 6 2012
JUDGE KAPLAN'S CHAMBERS

Re: Case No. 11-cv-0691 (LAK); *Chevron Corporation v. Steven Donziger, et al.*, In the United States District Court for the Southern District of New York

Dear Judge Kaplan:

We write on behalf of our respective clients Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje; and Steven Donziger, the Law Offices of Steven R. Donziger, and Donziger & Associates, PLLC to correct several misstatements and misimpressions fostered by Chevron Corporation's Reply in Support of Its Motion for Summary Judgment or Partial Summary Judgment On Defendants' Affirmative Defenses of Res Judicata and Collateral Estoppel.[1] (Dkt. #461).

The Court should reject Chevron's invitation to issue an advisory opinion. First, even a cursory examination shows that Chevron's claimed "assertions" of the defense of res judicata or collateral estoppel were made before the September 7, 2011 stipulation in which the Ecuadorian Plaintiffs stated they would not seek enforcement or recognition of the Ecuadorian Judgment in New York, were made in other cases in other fora, or in fact do not assert the defenses. *See* Exhibit A.[2]

Second, Chevron ignores the language of Defendants' answers and stipulations, which mooted the issue presented here long before a summary judgment motion was filed. Nothing in Defendant's Answers shows that they have asserted the defense of res judicata or collateral

---

[1] By submitting this letter, Defendants Camacho and Piaguaje do not concede that the assertion of personal jurisdiction over them by this Court is lawful or proper, and specifically reserve their rights to continue to contest the lawfulness and propriety of this Court purporting to subject them to such jurisdiction.

[2] Exhibit A highlights the assertions that pre-date the stipulation and that are made in other fora. It also highlights how Defendants' post-stipulation statements are not assertions of an affirmative defense, but instead attacks on Chevron's failure to establish the elements of its fraud (e.g. reliance and causation) and RICO (proximate cause and standing) claims and a submission of a certified translated copy of the Jan. 3, 2012 Ecuadorian appellate decision.

344223.2

Honorable Lewis A. Kaplan
United States District Judge
April 4, 2012
Page 2

---

estoppel with respect to the Ecuadorian judgment. Because Chevron never moved for a more definite statement under Rule 12(e), Defendants do not have, as Chevron wrongly claims, any "burden" to identify the judgments that form the basis of the general, non-specific defense asserted in their Answers. However, although not required to do so, Defendants now identify the following examples of judgments or rulings entitled to preclusive effect in this suit: (1) *Aguinda v. Texaco, Inc.*, 303 F.3d 470, 475 (2d Cir. 2002) ("Texaco consented to personal jurisdiction in Ecuador as to the Aguinda plaintiffs . . . ."); (2) *Republic of Ecuador v. Chevron Corp.*, 638 F.3d 384, 390 (2d Cir. 2011) ("As a result, that promise, along with Texaco's more general promises to submit to Ecuadorian jurisdiction, is enforceable against Chevron in this action and any future proceedings between the parties, including enforcement actions, contempt proceedings, and attempts to confirm arbitral awards."); (3) *Chevron Corp. v. Allen*, No. 2:10-mc-00091, Dkt. 38, Order at 13 (D. Vt. Dec. 2, 2010) ("Having reviewed the materials [submitted for in camera review], the Court is satisfied that no evidence of fraud, false pretenses or undue influence appears."); and (4) *Chevron Corp. v. Bonifaz*, No. 3:10-mc-30022-MAP, 2010 WL 5437234, at *11 (D. Mass. Dec. 22, 2010) ("To the extent Chevron . . . assert[s] that the crime-fraud exception should overcome any privilege, the court finds that they have not met their heavy burden in establishing that narrow exception.").

Third, even assuming that the general language in Defendants' Answers was sufficient to invoke the affirmative defense specifically with respect to the Ecuadorian judgment (as opposed to the other judgments identified above), Defendants effectively withdrew that specific defense in this case six (6) months before Chevron filed its motion for summary judgment by stipulating that they would *never* seek recognition of the Ecuadorian judgment in New York "by any means or under any law."[3] So any assertions that pre-date September 7 or that are made in other jurisdictions have no bearing on what Defendants' defenses are in *this* case in New York. The only other "assertions" Chevron relies on—those made post-stipulation and in this case—do not show any intent to assert the Ecuadorian judgment as an affirmative defense. *See* Exhibit A.

Defendants do not "admit" anything alleged by Chevron and have repeatedly denied the various repetitions of the allegations. Defendants did not submit a response to Chevron's Rule 56.1 Statement because the motion seeks a ruling on a defense that is not at issue in this case.[4]

---

[3] As a result, all of the cases Chevron cites involving withdrawal of claims "in the face of summary judgment" are inapposite. Chevron decided to ignore Defendants' September 2011 stipulation—obviously not made "in the face of" a summary judgment that had not been filed—in its rush to obtain an advisory opinion from this Court.

[4] The *Gubitosi*, *Mu Yan Lin*, and *Riddick* cases are thus distinguishable because there, a party simply failed to file a response to the movant's statement of facts that accompanied an otherwise valid motion. None of these cases concerned a motion for summary judgment that was moot, and none of the cases support the absurd conclusion that a party is required to file a Local Rule 56.1 response regarding claims or defenses it has not made.

344223.2

---

Any opinion ruling on the merits of Chevron's motion would be improper and unconstitutional.

Respectfully submitted,

Craig Smyser
*Counsel for Ecuadorian Plaintiff*
*Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje*

John Keker by cs
*Counsel for Defendants Steven Donziger,*
*The Law Offices of Steven R. Donziger, and*
*Donziger & Associates, PLLC*

cc: All counsel of record via electronic mail

344223.2

**EXHIBIT A**

## Defendants' Assertions That the Ecuadorian Judgment Has Preclusive Effect in U.S. Courts

### I. Assertions in RICO, Count 9, and Related Subpoena Proceedings

| Source | Quote |
|---|---|
| **Donziger Defendants' Motion to Dismiss Chevron's Amended Complaint**<br><br>*Chevron Corp. v. Donziger, et al.*, No. 1:11-cv-00691-LAK, Dkt. 303 (S.D.N.Y. May 4, 2011), at 15<br><br>Exhibit 2362 | In other words, the Lago Agrio Court has expressly disclaimed reliance on any of defendants' allegedly fraudulent submissions. But, <u>even if the Lago Agrio Court relied on fraudulent evidence, its informed decision to do so,</u> despite Chevron's repeated claims to that Court that the evidence was fraudulent and must be disregarded, <u>is an independent intervening factor that breaks any causal connection between Donziger's alleged scheme to submit fraudulent evidence to the Lago Agrio court and the court's subsequent judgment.</u> |
| **LAPs Representatives' Principal Brief On Appeal**<br><br>*Chevron Corp. v. Naranjo, et al.*, No. 11-1150, Dkt. 163 (2d Cir. June 2, 2011) at 76 & n. 151<br><br>Exhibit 2363 | The district court's determination that Chevron raised "serious questions" as to whether the Judgment was procured by "fraud in the Ecuadorian proceedings" (SPA86) was based upon a "misapprehension of the scope of the statutory exception" provided in § 5304(b)(3).148 To serve as a basis of non-recognition, the "fraud" contemplated by § 5304(b)(3) "must relate to matters other than issues that could have been litigated and must be a fraud on the court." The exception does not offer the losing party a second bite at the apple. <u>Parties are not permitted to re-litigate claims of fraud in an enforcement proceeding that were already litigated in the foreign court that considered them in the underlying dispute.</u>[FOOTNOTE] A contrary interpretation would plainly be improper and beyond the scope of the statute because it would compel U.S. courts hearing enforcement actions to serve as appeals courts from foreign court decisions, a role which U.S. courts have long rejected as offensive to principles of comity. The district court did exactly that when it allowed Chevron to re-litigate the same claims of fraud that were litigated and are still being litigated before the Ecuadorian courts.<br><br>[FOOTNOTE] *Thomas & Agnes Carvel Found. v. Carvel*, 736 F. Supp. 2d 730, 752 (S.D.N.Y. 2010); *see also In re Application of Chevron Corp.*, 2011 WL 2023257, at 12-13 (positing that "the Lago Agrio Court's findings [may be] entitled to issue preclusive |

| | |
|---|---|
| | or claim preclusive effect ... [because] the Lago Agrio Court did not consider the Cabrera Report in issuing its judgment."). |
| **LAPs Representatives' Motion To Stay Discovery Pending Completion Of Second Circuit Briefing**<br><br>*Chevron Corp. v. Salazar, et al.*, No. 1:11-cv-03718-LAK, Dkt. 6 (S.D.N.Y. June 3, 2011) at 2<br><br>Exhibit 2364 | Chevron has decided to use discovery in this action to re-try the merits of the Lago Agrio proceedings that resulted in the February 14, 2011 judgment against the company. |
| **LAPs Representatives' Opposition To Motion To Compel Kohn Documents**<br><br>*Chevron Corp. v. Salazar, et al.*, No. 1:11-cv-03718-LAK, Dkt. 92 (S.D.N.Y. June 29, 2011), at 21<br><br>Exhibit 2365 | As the Lago Agrio court was presented with much of the same discovery Chevron presents here (including outtakes from Crude) but rejected Chevron's repeated requests to nullify the judgment on the basis of a purported fraud, Chevron should be estopped from arguing that the Ecuadorian Plaintiffs' contacts with Cabrera show "probable cause" of a crime or fraud. |
| **LAPs Representatives' Appellate Reply Brief**<br><br>*Chevron Corp. v. Naranjo, et al.*, No. 11-1150, Dkt. 377 (2d Cir. July 5, 2011) at 14 & n.33<br><br>Exhibit 2366 | Nor does Chevron dispute that many countries will not recognize an enforcement defense sounding in fraud if the party litigated (or could have litigated) its fraud claims in the underlying court. (EDLC.Br.11-13.) Instead, Chevron baldly asserts its fraud claims were "not meaningfully the subject of prior adjudication." (Chevron.Br.43.) This too is false. Chevron litigated (and still is litigating) the same fraud claims in Ecuador as in this "non-enforcement" action. [FOOTNOTE]<br><br>[FOOTNOTE] Principles of estoppel should preclude Chevron from re-litigating its fraud claims in the lower court, but the district court appears poised to disregard this well-settled principle. *See Karaha*, 500 F.3d at 121-23; *see also In re Application of Chevron*, 2011 U.S. App. LEXIS 10510 at *44 |
| **LAPs Representatives' Reply In Further Support Of Motion To Stay**<br><br>*Chevron Corp. v. Naranjo, et al.*, No. 11-1150, Dkt. 444-1 (2d Cir. July 12, | On July 1, Chevron proffered twenty-nine expert reports totaling 4,242 pages, most of which raise arguments outside the scope of C.P.L.R. 5304 and reveal Chevron's intention to re-litigate the merits of the underlying claims in the district court—the same claims that were litigated, at Chevron's demand, for the past eight years in Ecuador. |

| | |
|---|---|
| 2011), at 8<br><br>Exhibit 2367 | |
| **Oral Argument Regarding Discovery From Garr, Woods, and Kohn**<br><br>*Chevron Corp. v. Salazar, et al.*, No. 1:11-cv-03718-LAK, Hr'g Tr. (S.D.N.Y. July 19, 2011), at 115:7-116:4<br><br>Exhibit 2373 | 7 And, in fact, when the Third Circuit<br>8 remanded, one of the issues that <u>it instructed the Court to</u><br>9 <u>look at is the claim preclusive or issue preclusive effect</u> as<br>10 it pertains to the crime-fraud analysis. And that becomes<br>11 important because under – <u>basically under principles of</u><br>12 <u>estoppel, when a party has raised the identical issue in a</u><br>13 <u>previous proceeding, and that issue was actually litigated and</u><br>14 <u>decided, it had a full, fair opportunity to be heard and that</u><br>15 <u>issue was resolved, they cannot come back and get a second bite</u><br>16 <u>at the apple to try to relitigate</u>.<br>17 I bring that up because these exact same arguments<br>18 were presented to the Court in Ecuador. <u>Chevron said, look</u><br>19 <u>what we've uncovered. They've briefed it. They raised it.</u><br>20 <u>They said, look what happened with Cabrera. There's an attempt</u><br>21 <u>to portray a fraud against this Court. The Ecuadoran court</u><br>22 <u>considered that, rejected it, and in issuing its judgment did</u><br>23 <u>not rely upon the Cabrera report. And I think that buttresses</u><br>24 <u>our estoppel argument</u>, because now what Chevron's seeking to do<br>25 is have this New York court sit in judgment on whether there<br>1 made this argument, the entirety of this argument in the<br>2 Eastern District of Pennsylvania that's been reviewed by the<br>3 Third Circuit and reversed and remanded for further<br>4 proceedings. |
| **LAPs Representatives' Order To Show Cause To Strike Expert Witnesses**<br><br>*Chevron Corp. v. Salazar, et al.*, No. 1:11-cv-03718-LAK, Dkt. 130 (S.D.N.Y. July 21, 2011), at 7, 9, 15<br><br>Exhibit 2368 | Thus, any expert reports intended to support Chevron's claims of fraud under § 5304(b)(3) must relate to claims of extrinsic fraud that were not capable of being litigated in Ecuador. To the contrary, Chevron's claims of fraud are all intrinsic and were litigated or are still being litigated in Ecuador. Thus, <u>Chevron cannot re-litigate those claims in an enforcement proceeding</u>. p.7<br><br>New York law <u>does not permit Chevron to retry in this Court</u> a case it lost in its chosen forum of Ecuador. p. 9<br><br>Having gotten its wish for bifurcation, <u>Chevron now seems intent on expanding the "narrow" case and retrying</u> the contamination and pollution case it lost in Ecuador and other <u>issues, such as the propriety of the Cabrera and Calmbacher reports</u>, that <u>all were raised (or are being raised) in Ecuador</u>. p. 15 |
| **LAPs Representatives'** | Chevron's attempts through trumped-up claims of fraud to |

3

| | |
|---|---|
| **Motion For Judgment On The Pleadings**<br><br>*Chevron Corp. v. Salazar, et al.*, No. 1:11-cv-03718-LAK, Dkt. 150 (S.D.N.Y. July 27, 2011), at 2, 27<br><br>Exhibit 2369 | relitigate the merits of the case it lost in Ecuador also fail because those same claims were presented to and considered by the Ecuadorian Court in rendering its decision and are currently being considered by an Ecuadorian appeals court. p. 2<br><br>All of Chevron's claims of alleged fraudulent conduct could have been—and were— made to the Ecuadorian Court. (See, e.g., Compl. ¶ 325 ("the judgment all but ignored Chevron's undisputed evidence of the RICO Defendants' misconduct, including the Calmbacher and Cabrera frauds"); Ex. R at 48-52, 56-58.)13 In addition, Chevron may raise (and indeed has raised) each and every one of its "fraud" accusations in its pending appeal in Ecuador—including Chevron's theories regarding authorship of the Judgment and about the selection process for the judges hearing the appeal. New York law prohibits Chevron's attempts to retry these issues in this Court. Accordingly, Chevron's argument that the Judgment is unenforceable under New York law because it was allegedly "obtained by fraud" fails as a matter of law. p. 27 |
| **LAPs Representatives' Reply In Support Of Order To Show Cause To Strike Expert Witnesses**<br><br>*Chevron Corp. v. Salazar, et al.*, No. 1:11-cv-03718-LAK, Dkt. 160 (S.D.N.Y. July 28, 2011), at 2<br><br>Exhibit 2370 | Chevron's decision to designate 29 expert witnesses in this "streamlined" proceeding floods the Court with irrelevant information—a practice the Second Circuit criticized—and attempts to relitigate the case it resoundingly lost in Ecuador on the merits. |
| **Donziger Defendants' Renewed Application For Reconsideration Of Court's Order On Intervention**<br><br>*Chevron Corp. v. Salazar, et al.*, No. 1:11-cv-03718-LAK, Dkt. 201 (S.D.N.Y. Aug. 11, 2011), at 6<br><br>Exhibit 2371 | Chevron's August 4 expert list makes plain that Chevron intends to re-litigate the merits of the Ecuadorian trial. Chevron has designated experts to testify that the Ecuadorian trial court allegedly erroneously applied Ecuadorian law, that the environmental and other scientific and cultural testimony presented in Ecuador failed to support the Ecuadorian Court's damages award, and on the ramifications and effects in Ecuador of the Ecuadorian judgment. These experts will support Chevron's effort to get a "do-over"; that is, to re-litigate in New York the case Chevron lost in Ecuador. Donziger, as a person with direct financial, professional and reputational interests in the judgment that was won in the trial court in Ecuador (discussed in part F, infra), should be entitled to intervene in this action to try to protect that judgment and, therefore, his own interests. |
| **LAPs Representatives'** | This Court should follow the lead of the Third Circuit, which, |

4

| | |
|---|---|
| **Response To Order To Show Cause Why They Should Not Be Found In Contempt, Ordered To Produce Documents, And Sanctioned**<br><br>*Chevron Corp. v. Salazar, et al.*, No. 1:11-cv-03718-LAK, Dkt. 215 (S.D.N.Y. Aug. 12, 2011), at 29-30<br><br>Exhibit 2387 | when presented with the evidence of alleged fraud concerning the Cabrera Report and other aspects of Chevron's fraud claims, cautioned: "[T]he circumstances supporting the claim of fraud largely are allegations and allegations are not factual findings... .Though it is obvious that the Ecuadorian judicial system is different from that in the United States, those differences provide no basis for disregarding or disparaging that system." *In re Application of Chevron Corp.*, __ F.3d __, 2011 WL 2023257, at *14 (3d Cir. May 25, 2011); *see also id.* at *13 (issuing guidance to the district court to "determine, in the first instance, whether the Lago Agrio Court's findings are entitled to issue preclusive or claim preclusive effect [concerning the alleged Cabrera Report fraud].... and whether the Chevron applicants' claim remains viable inasmuch as the Lago Agrio Court did not consider the Cabrera report in issuing its judgment.") |
| **Opposition To Amended Motion To Compel The Weinberg Group To Produce Documents**<br><br>*Chevron Corp. v. The Weinberg Group*, No. 1:11-mc-00409-CKK-JMF, Dkt. 20 (D.D.C. Aug. 15, 2011), at 5, 22 n.15, 24<br><br>Exhibit 2372 | Finally, this Court must be mindful that the Lago Agrio court, fully apprised of Chevron's claims that the six supplemental expert reports were "tainted" by the specter of fraud in the Cabrera Report, rendered its Judgment expressly disclaiming any reliance on the Cabrera Report. In light of that, the Third Circuit has already noted that <u>the issue of fraud in procuring the Ecuadorian Judgment may well be subject to the preclusive effect of res judicata</u>. p.5<br><br>As the Lago Agrio court was presented with much of the same discovery Chevron has presented before U.S. Courts (including outtakes from Crude) but rejected Chevron's repeated requests to nullify the judgment on the basis of a purported fraud, <u>Chevron should be estopped from arguing that the Ecuadorian Plaintiffs' contacts with Cabrera show any evidence of a crime or fraud</u>. p.22 n.15.<br><br>If this Court is inclined to look to other courts for guidance, it should look to the Third Circuit, which noted <u>the Lago Agrio Court's judgment may preclude a crime-fraud determination</u> and that Chevron's claim may not be viable considering the Lago Agrio court's exclusion of the Cabrera report from its findings. p. 24 |
| **Donziger Defendants' Reply In Support Of Renewed Application For Reconsideration Of Court's Order On Intervention** | Chevron's August 4, 2011 expert list revealing that <u>Chevron intends to relitigate the Ecuadorian trial</u> and intends to litigate fraud issues directly implicating Donziger .... |

5

| | |
|---|---|
| *Chevron Corp. v. Salazar, et al.*, No. 1:11-cv-03718-LAK, Dkt. 232 (S.D.N.Y. Aug. 18, 2011), at 3<br><br>Exhibit 2374 | |
| **Weinberg Group's And LAPs Representatives' Motion For Reconsideration And Protective Order**<br><br>*Chevron Corp. v. The Weinberg Group*, No. 1:11-mc-00409-CKK-JMF, Dkt. 27-1 (D.D.C. Sept. 9, 2011), at 4<br><br>Exhibit 2375 | [T]his Court . . . fails to consider a more recent Third Circuit decision which directed the district court on remand to consider whether Chevron may even be able to make crime-fraud arguments regarding the Cabrera Report because the Ecuadorian trial court did not consider it. In re Application of Chevron Corp., __ F.3d __, 2011 WL 2023257 at *13 (3d Cir. May 25, 2011) ("We will leave it to the District Court to determine, in the first instance, whether the Lago Agrio Court's findings are entitled to issue preclusive or claim preclusive effect given the surrounding circumstances, and whether the Chevron applicants' claim remains viable inasmuch as the Lago Agrio Court did not consider the Cabrera report in issuing its judgment."). For the same reasons, this Court need consider the Ecuadorian judgment's preclusive effects of declining to make any finding of fraud. If there is any genuine "law of the case" to be followed, it is the law of the Ecuadorian case, not the Southern District of New York case. |
| **LAPs' Principal Brief on Appeal of Count 9 Subpoena to Weinberg Group**<br><br>*Chevron Corp. v. Weinberg Group*, No. 11-7097, Dkt. 1350727 (D.C. Cir. Jan. 3, 2012), at 39<br><br>(Brief On Behalf Of Respondent-Appellant)<br><br>Exhibit 2376 | The Ecuadorian Court's holding on this point is at least entitled to substantial deference. Indeed, in a related appeal, the Third Circuit suggested that the rejection of Chevron's fraud allegations by the Ecuadorian Court (the alleged victim of the fraud) may be entitled to preclusive effect in U.S. courts. |
| **LAPs' Reply Brief Seeking Leave to File Sur Reply**<br><br>*Chevron Corp. v. Donziger, et al.*, No. 1:11-cv-00691-LAK, Dkt. 376 (S.D.N.Y. | In any event, Chevron's arguments regarding the Cabrera report are not only a rehash of old, thin gruel but also beside the point. Cabrera's report cannot constitute fraud in the judgment since the Ecuadorian trial court did not rely on the Cabrera report in fashioning its judgment. Two of the basic legal elements of fraud are therefore missing: reliance and causation. As such, any "evidence" relating to the Cabrera report cannot establish that |

6

| | |
|---|---|
| Jan. 5, 2012), at 3 n.3<br><br>Exhibit 2377 | Chevron's claims are likely to succeed. |
| **LAPs Representatives' Opposition To Emergency Motion For Relief**<br><br>*Chevron Corp. v. Naranjo, et al.*, No. 11-1150, Dkt. 629-1 (2d Cir. Jan. 13, 2012), at 18<br><br>Exhibit 2378 | <u>Chevron also cannot prove that the Judgment was procured by fraud on the Ecuadorian Court because all of Chevron's claims have been presented to and addressed by the Ecuadorian Trial and Appellate Courts and are also likely to be the subject of Chevron's further appeal in Ecuador. Those judgments are entitled to substantial deference under international law principles.</u> |
| **LAPs' Letter Submitting "Clarification Order" to Second Circuit**<br><br>*Chevron Corp. v. Naranjo, et al.*, No. 11-1150, Dkt. 635-1–635-2 (2d Cir. Jan. 17, 2012), at 1<br><br>Exhibit 2379 | <u>I respectfully direct the merits panel to the Court's ruling on the Ecuadorian Plaintiffs' seventh clarification request, which begins at the top of page 3. The Court confirmed that it considered and rejected "as baseless" all of Chevron's fraud allegations, including its claim that the Ecuadorian Plaintiffs' provided "secret assistance" to the Ecuadorian Trial Court in drafting the Judgment.</u> (Ex. A at 3-4.) |
| **Defendants' Response To Order To Show Cause Why Temporary Restraining Order Should Not Be Entered**<br><br>*Chevron Corp. v. Donziger, et al.*, No. 1:11-cv-00691-LAK, Dkt. 420 (S.D.N.Y. Mar. 11, 2012) at 3, 9<br><br>Exhibit 2380 | <u>The Ecuadorian trial and appellate decisions…establish that nothing in Chevron's complaint in this case had any effect on the Judgment.</u> In short, Chevron has failed to establish any nexus between any fees it has incurred and the specific allegations of the Chevron Amended Complaint.<br><br>And <u>Chevron presented the courts in Ecuador with all of the same allegations of fraud that are at issue in this case, and the Ecuadorian courts rejected those allegations</u> and concluded the Chevron was liable for its predecessor's environmental crimes. Therefore, at most, the Donziger defendants "merely 'facilitated'" the Ecuadorian Judgment, to the extent that the rulings of a sovereign nation's trial and appellate courts can be said to have been facilitated by alleged misconduct that was known to and considered by those courts in rendering their decisions, which is insufficient to establish proximate cause and RICO standing. |
| **Oral Argument on TRO In Connection With Chevron's Motion for Attachment** | 9    With respect to RICO in particular, because that is a<br>10   focus of their motion, Chevron at this time lacks standing to<br>11   bring that claim on two grounds.<br>12   First, it has not established and cannot establish |

7

| | |
|---|---|
| *Chevron Corp. v. Donziger, et al.*, No. 1:11-cv-00691-LAK, Hr'g Tr. (S.D.N.Y. Mar. 15, 2012), at 20:9-25<br><br>Exhibit 2392 | 13   that Mr. Donziger has proximately caused any of the harm that<br>14   it is alleging. <u>At this point in time, two courts in Ecuador</u><br>15   <u>have upheld the Ecuadorian judgment despite Chevron's best</u><br>16   <u>efforts to present all the same claims they are presenting</u><br>17   <u>here. Those courts constitute an intervening independent actor</u><br>18   <u>that precludes a finding of proximate cause we believe</u>.<br>19   And then secondly, Chevron's harm remains speculative<br>20   and uncertain. It hasn't paid a penny on the judgment, no<br>21   enforcement actions have been done, and until the harm, if<br>22   there is harm, from the judgment, that's found to be true,<br>23   until that harm is known, its claim is unripe, and it lacks<br>24   standing under RICO law.<br>25   Thank you, your Honor. |
| **Defendants' Opposition to Chevron's Motion for Attachment**<br><br>*Chevron Corp. v. Donziger, et al.*, No. 1:11-cv-00691-LAK, Dkt. 444 (S.D.N.Y. Mar. 20, 2012), at 14<br><br>Exhibit 2388 | No enforcement proceedings are under way, and even could such proceedings give rise to RICO damages—and they cannot—the Court has no way to make a fair and reasonable estimate of Chevron's damages. At present the Court is left to speculate about where and when enforcement proceedings might be brought and to predict the decision of a foreign court. Therein lies the rub. <u>Any decision by a foreign court to enforce the judgment against Chevron--notwithstanding Chevron's claims of fraud in connection with the procurement of the judgment--would sever any possible causal link between Chevron's speculative future damages and the RICO Defendants</u>. Thus, Chevron's RICO claims cannot support the requested attachment. |

8

## II. Assertions in Related Actions

| Source | Quote |
|---|---|
| **LAPs Representatives' Letter To Third Circuit In Kohn 1782**<br><br>*In re Application of Chevron Corp.* (Kohn), Case No. 10-4699, Document 003110444435 (3d Cir. Feb. 21, 2011) (letter from James Tyrrell to Third Circuit), at 2<br><br>Exhibit 2381 | In addition, Chevron's letter omitted several important facts concerning the judgment issued by the Lago Agrio Court. For example, the court noted that it had reviewed the substantial amount of information submitted by Chevron in support of its claim that the Cabrera Report had been procured by fraud and determined that there was no legal basis for a finding of fraud. Nevertheless, the court granted Chevron's request to exclude the Cabrera Report from evidence. Thus, <u>any prejudice claimed by Chevron with respect to this purported "fraud" was extinguished by the court's decision to exclude the report. The Lago Agrio Court also dismissed Chevron's claims that the Ecuadorian Plaintiffs or their counsel exerted improper pressure on the court</u>. |
| **Third Circuit Oral Argument In Kohn 1782**<br><br>*In re Application of Chevron Corp.* (Kohn), Case No. 10-4699, Hr'g Tr. (3d Cir. Feb. 22, 2011), at 85:6-86:9 (James Tyrrell speaking)<br><br>Exhibit 2382 | The court says that that evidence does not constitute proof of fraud. However, however, in order to protect everybody's rights, I will not consider that evidence and I will not consider the Cabrera report. And on the issue of was the court swayed by any of this, the court in Ecuador addressed that squarely and said no pressure has been effectively exerted on this court. <u>I suggest to you they're bound by that decision. That's collateral estoppel or res judicata, at least it would be in our courts</u>. They presented their whole megillah to the court and the court said not proof of fraud by my standards under Ecuadorian law. And in any event, this court has not been affected by it. |
| **LAPs Representatives' Letter To Third Circuit In Kohn 1782**<br><br>*In re Application of Chevron Corp.* (Kohn), Case No. 10-4699, Document 003110448528 (3d Cir. Feb. 24, 2011) (letter from James Tyrrell to Third Circuit, providing certified translation of Feb. 14, 2011 Ecuadorian judgment) | <u>I respectfully direct the Court to pages 48 to 52, wherein the Ecuadorian Court addresses several of the issues raised at oral argument and relevant to this appeal</u>. Specifically, these pages discuss the Ecuadorian Court's express exclusion of the Cabrera report and the Calmbacher report, as well as the Court's declaration that "No pressure has been effectively exerted on this Court." |

9

| | |
|---|---|
| Exhibit 2383 | |
| **LAPs Representatives' Letter To Third Circuit In Kohn 1782**<br><br>*In re Application of Chevron Corp.* (Kohn), Case No. 10-4699, Document 003110465668 (3d Cir. Mar. 11, 2011) (letter from James Tyrrell to Third Circuit, enclosing certified translation of the Ecuadorian court's March 4, 2011 clarification order), at 1<br><br>Exhibit 2384 | <u>I respectfully direct the Court to page 8 of the [Clarification] Order, wherein the Ecuadorian Court makes absolutely clear that it "decided to refrain entirely from relying on Expert Cabrera's report when rendering judgment" and that "the report had NO bearing on the decision.</u> So even if there was fraud, it could not cause any harm to [Chevron]." |
| **Page's And LAPs Representatives' Opposition To Chevron's Application For Discovery In Page 1782**<br><br>*In re Chevron Corp.* (Page), No. 8:11-cv-00395-RWT, Dkt. 15 (D. Md. Dec. 1, 2011), at 32<br><br>Exhibit 2389 | Chevron also alleges Page "collaborated with U.S. consultants who ghostwrote the Cabrera report." (Mov. Br. at 14). This argument, however, already has been addressed by the U.S. Court of Appeals for the Third Circuit—which placed great weight on the fact that the Lago Agrio Court both "expressly declined to consider the Cabrera Report in reaching its judgment" and refused to nullify the Ecuadorian Judgment on the basis of the alleged fraud. <u>The Third Circuit suggested that the Lago Agrio Court's decision may be "entitled to issue preclusive or claim preclusive effect given the surrounding circumstances," bringing into question the "viab[ility]" of Chevron's claims</u>. *In re Application of Chevron Corp.*, 650 F.3d 276, 294 (3d Cir. 2011). Indeed, <u>the Lago Agrio Court considered much of the same discovery Chevron presents before this Court, but nevertheless rejected Chevron's argument that the Ecuadorian Plaintiffs' ex parte contacts with Cabrera constitute a crime or fraud. This Court, therefore, should estop Chevron from recycling this same argument in this proceeding.</u> |
| **Page's And LAPs Representatives' Motion To Strike In Page 1782**<br><br>*In re Chevron Corp.* (Page), No. 8:11-cv-00395-RWT, Dkt. 27-1 (D. Md. | <u>Chevron's claims of "fraud" and "ghostwriting" are no longer pending before the Ecuadorian Appellate Court – the appellate court of first-instance has rejected such claims. These determinations are entitled to deference and preclusive effect</u>. *See In re Application of Chevron Corp.*, 650 F.3d 276, 294 (3d Cir. 2011) (vacating crime-fraud determination and noting <u>Ecuadorian Trial Court's denial of Chevron's fraud claims may well be</u> |

10

| | |
|---|---|
| Jan. 19, 2012), at 8-10<br><br>Exhibit 2385 | "entitled to issue preclusive or claim preclusive effect given the surrounding circumstances"). |
| LAPs Representatives' Reply In Support Of Motion To Intervene As Interested Parties In Banco Pichincha 1782<br><br>*In re Chevron Corp.* (Banco Pichincha), No. 1:11-cv-24599-MGC, Dkt. 28 (S.D. Fla. Jan. 27, 2012), at 5-6, 7<br><br>Exhibit 2390 | Chevron incorrectly claims that the Appellate Court "declined to address" Chevron's purported evidence. (See D.E. 19 at 3 n.3.) The Court rejected each of the fraud claims, but it also clarified that that, consistent with principles of international comity, "the parties retain their right . . . to continue with the legal actions filed in the United States of America . . . since obviously this Court has no authority to hear and resolve proceedings corresponding to other jurisdictions." (Veselka Decl., Ex. 3 at 5.) However, the Court "express[ed] its concern that [Chevron's] abuse of the legal process extends even to a foreign jurisdiction, with the same demonstrated attempt to deprive the plaintiffs of the rights to which they are entitled in this legal action." (Id.)<br><br>These determinations by the Ecuadorian Appellate Court are entitled to deference and preclusive effect. *See In re Application of Chevron Corp.*, 650 F.3d 276, 294 (3d Cir. 2011) (vacating crime-fraud determination and noting Ecuadorian Trial Court's denial of Chevron's fraud claims may well be "entitled to issue preclusive or claim preclusive effect given the surrounding circumstances"). The Ecuadorian Trial and Appellate Courts addressed and rejected Chevron's claims of fraud and ghostwriting. Those judgments by Ecuador's sovereign courts are entitled to substantial deference under international law principles. See DANIEL P. O'CONNELL, INTERNATIONAL LAW, 948 (2d ed. 1970) ("[T]here is a presumption in favour of the judicial process."); Don Wallace, Jr., Fair and Equitable Treatment and Denial of Justice: Loewen v. United States and Chattin v. Mexico, in INTERNATIONAL INVESTMENT LAW AND ARBITRATION: LEADING CASES FROM ICSID, NAFTA, BILATERAL TREATIES AND CUSTOMARY LAW 7 (Todd Weiler ed., 2005) ("[T]here must be a presumption of deference to the foreign court whose performance is being judged; such courts have a certain sovereign 'majesty'; and contrawise the reviewing international tribunal must not sit as a court of appeal over the foreign court."). p. 5-6<br><br>Thus, while Chevron's fraud claims have no relevance to their non-opposition to the Ecuadorian Plaintiffs' motion for intervention to begin with, the Ecuadorian Trial Court and the Ecuadorian Appellate Court have already rejected those claims. Those decisions have res judicata effect, rendering Chevron's continued posturing meaningless. p. 7 |

11

| | |
|---|---|
| **LAPs Representatives' Request For Precautionary Measures**<br><br>Letter to Dr. Santiago Cantón, Executive Secretary, Inter-American Commission on Human Rights, requesting precautionary measures, Feb. 9, 2012, at 2<br><br>Exhibit 2386 | Subsequently, Chevron sought further review from the [sic] Ecuador's National Court of Justice, but declined to ask for the placement of an appeal bond that would have suspended the finality and enforceability of the judgment pending that appeal, leaving the affirmed verdict final, res judicata, and will soon be fully enforceable. |