```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/14/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHEVRON CORPORATION,

                      Plaintiff,

          -against-                                  11 Civ. 0691 (LAK)

STEVEN DONZIGER et al.,

                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge*.

        Early last year, an Ecuadorian court entered a multibillion dollar judgment (the "Judgment") against Chevron Corporation ("Chevron") in an action brought by the 47 Lago Agrio plaintiffs (the "LAPs"), two of whom, Camacho Naranjo and Piaguaje Payaguaje (the "LAP Representatives"), have appeared in this action, and others. More recently, an appellate court in Ecuador affirmed the Judgment in all material respects.[1]

        Late last year, Chevron moved here[2] for an order of attachment against defendants' assets, "including treble the amount of Defendants' Ecuadorian judgment." On January 6, 2012, this

---

[1] This Court previously entered a preliminary injunction restraining the enforcement and recognition of the Judgment, but that injunction has been vacated by the Court of Appeals. *Chevron Corp. v. Donziger*, 768 F. Supp. 2d 581 (S.D.N.Y. 2011), *rev'd sub nom.*, *Chevron Corp. v. Naranjo*, 667 F.3d 232 (2d Cir. 2012).

[2] The amended complaint in this action contains nine claims for relief, one of which was severed and continued under the caption *Chevron Corp. v. Salazar*, 11 Civ. 3718 (LAK). *See* DI 279. What remains in this case is the first eight claims for relief.

Court denied the motion without prejudice on the ground that Chevron had failed to demonstrate a likelihood of recovery of any specific amount of damages.[3] Chevron now has filed a renewed motion for an order of attachment, asserting principally that it is entitled to an order of attachment in the amount of $780 million consisting of (1) treble the alleged $200 million value of the uncollected Judgment in the hands of the LAPs, (2) including the $10 million that they have raised from litigation funders for interests in the Judgment, and (3) treble the $60 million in attorneys' fees that Chevron allegedly has expended in defending the Ecuadorian litigation and in pursuing Section 1782 proceedings to obtain evidence of fraud in the procurement of the Judgment.

This is the Court's decision on the renewed motion for an order of attachment. The Court assumes familiarity with the extensive history of this controversy, both in this Court and the Court of Appeals, which is fully set out in numerous published decisions.[4]

---

[3] *Chevron Corp. v. Donziger*, ___ F. Supp.2d ___, No. 11 Civ. 0691 (LAK), 2012 WL 32234 (S.D.N.Y. Jan. 6, 2012).

[4] These include the following:

Decisions in proceedings brought under 28 U.S.C. § 1782: *In re Chevron Corp.*, 709 F. Supp. 2d 283 (S.D.N.Y. 2010), *aff'd sub nom.*, *Chevron Corp. v. Berlinger*, 629 F.3d 297 (2d Cir. 2010); *In re Chevron Corp.*, 736 F. Supp. 2d 773 (S.D.N.Y. 2010); *In re Chevron Corp.*, 749 F. Supp. 2d 135 (S.D.N.Y. 2010), *fuller opinion*, *In re Chevron Corp.*, 749 F. Supp. 2d 141 (S.D.N.Y. 2010), *on reconsideration*, 749 F. Supp. 2d 170 (S.D.N.Y. 2010), *aff'd sub nom.*, *Lago Agrio Plaintiffs v. Chevron Corp.*, Nos. 10-4341-cv, 10-4405-cv (CON), 2010 WL 5151325 (2d Cir. Dec. 15, 2010).

Other decisions: *Chevron Corp. v. Donziger*, 768 F. Supp. 2d 581 (S.D.N.Y. 2011) ("*Donziger I*") (granting preliminary injunction); *Chevron Corp. v. Donziger*, 800 F. Supp. 2d 484 (S.D.N.Y. 2011) (granting separate trial and expedited discovery on claim for declaratory judgment) ("*Donziger II*").

*Discussion*

In order to obtain an order of attachment, the applicant must establish that: (1) the applicant has a cause of action, (2) it is likely to succeed on the merits, (3) one or more grounds for attachment set out in CPLR Section 6201 exists, (4) the amount demanded exceeds all counterclaims known to the applicant, and (5) the applicant has a need for the security that an attachment would yield.[5] In considering whether these requirements have been satisfied, it is important to distinguish between defendant Steven Donziger, as not all of the the claims against him are asserted against the LAPs, and among the pertinent claims.

*Defendant Donziger*

Steven Donziger is a New York resident and lawyer. Accordingly, the only ground for attachment pressed by Chevron with respect to him is that he has removed or is about to remove property from the state to "frustrate the enforcement of a judgment that might be rendered in plaintiff's favor."[6] It relies for this proposition on the fact that Donziger, who stands to receive a contingent fee in the hundreds of millions of dollars or more if the Judgment ultimately is collected,

---

[5] N.Y. CPLR § 6212(a) (MCKINNEY 2010); *see, e.g*, *Davila Pena v. Morgan*, 149 F. Supp. 2d 91, 93-94 (S.D.N.Y. 2001) ("continuing need for security"); *Ames v. Clifford*, 863 F. Supp. 175 (S.D.N.Y. 1994) (same).

The required showing that the amount demanded exceeds counterclaims known to the applicant rarely is meaningful, as it applies only to counterclaims that are conceded by the applicant for the order of attachment. E.g., *Bard-Parker Co. v. Dictograph Prods. Co.*, 258 App. Div. 638, 640, 17 N.Y.S.2d 588, 590 (1st Dep't 1940); Vincent C. Alexander, *Practice Commentaries* C6212:2, in 7B MCKINNEY'S CONS. LAWS OF N.Y. ANN., CIV. PRAC. LAW AND RULES 6001-6300 (2010).

[6] N.Y. CPLR § 6201(3).

4

has been a party to arrangements whereby he and litigation funders have agreed to hold funds collected in trust "where those proceeds are received"[7] and thus to keep his major asset, the possible contingent fee, beyond the reach of this Court.

The Court assumes without deciding that Chevron is likely to establish that this ground for attachment exists with respect to Donziger. But there remains the question whether it has established a likelihood of success on the merits as to any specific sums. The Court holds that its showing again is deficient.

First, Donziger is not a judgment creditor with respect to the Judgment. He is a lawyer with a contingent fee arrangement with his clients. Thus, to the extent that Chevron seeks an order of attachment in an amount equal to the alleged value of the Judgment in the hands of the judgment creditors, its application is misguided insofar as it applies to Donziger.

The request for an order of attachment measured by the amount that the judgment creditors have raised from litigation funders for interests in the Judgment suffers from the same flaw. To whatever extent the LAPs have been paid for interests in the Judgment, those funds were paid in the first instance to them or, far more likely, to others acting or purporting to act for them. If and to the extent any of it reached Donziger, one reasonably might suppose that it did so to reimburse him for expenses or pay fees. But that is a matter of speculation. The important point is that Chevron has offered no proof substantiating the implicit assertion that some of that money went to Donziger. In any case, the Court today has granted Donziger's motion to dismiss Chevron's unjust enrichment

---

[7] DI 354, at 15 (incorporated by reference at DI 405, at 5-6).

claim as against him as premature.[8] Chevron therefore is not likely to prevail at this time on a claim that Donziger has been enriched unjustly by his receipt of money obtained from litigation funders in exchange for interests in the Judgment.

This leaves Chevron's assertion that it is likely to prevail on its RICO claims against Donziger and to recover treble the $60 million of the money it has spent to defend the allegedly fraudulent Lago Agrio litigation that resulted in the Judgment and to litigate the Section 1782 proceedings it brought to uncover evidence of the RICO Defendants' alleged fraud and racketeering.

This Court previously found that Chevron has "raised serious questions . . . as to whether the decision in the Lago Agrio litigation" was "procured by fraud."[9] Evidence of Donziger's conduct is at or near the heart of those questions. But that decision did not address Chevron's RICO claims. Moreover, while the Court today denies Donziger's motion to dismiss the RICO claims for alleged failure to state a claim upon which relief may be granted, that ruling acknowledges that *Morrison v. National Australia Bank Ltd.*[10] has raised a question concerning whether and to what extent Chevron may recover under RICO for injuries sustained in whole or part as a result of events that occurred beyond the boundaries of the United States.[11] Suffice it to say for present purposes that Chevron on the present record has not established that it is likely to prevail on its claim that the money it spent to defend the case in Ecuador and to obtain evidence in the United States for that

---

[8]   Slip op. at 47-49.

[9]   *Donziger I*, 768 F. Supp.2d at 636.

[10]  130 S. Ct. 2869 (2010).

[11]  Slip op. at 19-21 & nn.63-66.

purpose. Accordingly, its request for an order of attachment against Donziger to secure the recoverability of damages under RICO based on these damages fails.

*The LAPs*

Chevron's position, given the parameters of the present application, is both stronger and weaker with respect to the LAPs than it is with respect to Donziger. It is stronger in the senses that (1) all of the LAPs are non-residents and non-domiciliaries of New York, by virtue of which a ground for attachment indisputably exists,[12] and (2) the LAPs are plaintiffs in the Lago Agrio case in which the Judgment was entered. But it is weaker because they are not even defendants on the RICO claims in this case.[13] And taking it all together, the application for an order of attachment fails as against them as well.

Chevron seeks to attach its obligation to pay the Judgment on the theory that payment of the Judgment would enrich the LAPs unjustly, and Chevron would be unable to enforce any damages judgment it may obtain against them because they are in Ecuador and for other reasons. Creative as the argument is, it fails in light of the Court's dismissal today of Chevron's unjust enrichment claim against the LAPs on the ground that it fails to state a claim upon which relief may be granted.[14]

---

[12] N.Y. CPLR § 6201(1).

[13] Amended Complaint [DI 283], ¶ 1 (defining "RICO Defendants").

[14] Slip op. at 47-49.

7

*Conclusion*

For the foregoing reasons, Chevron's renewed motion for an order of attachment is denied.

SO ORDERED.

Dated:   May 14, 2012

_____
Lewis A. Kaplan
United States District Judge