Stuart A. Krause  
Benjamin H. Green  
ZEICHNER ELLMAN & KRAUSE LLP  
575 Lexington Avenue  
New York, New York 10022  
(212) 223-0400  

Co-Counsel  
Joe L. Silver  
Martin D. Beier  
SILVER & DEBOSKEY  
1801 York Street  
Denver, Colorado 80206  
(303) 399-3000  

*Attorneys for Defendants Stratus Consulting Inc., Ann Maest and Douglas Beltman*

UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHEVRON CORPORATION,<br><br>        Plaintiff,<br><br> - against -<br><br>STEVEN DONZIGER, et al.,<br><br>        Defendants. | Case No. 11 cv 0691 (LAK) |

**MEMORANDUM OF LAW IN OPPOSITION TO CHEVRON CORPORATION'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT ON THE STRATUS DEFENDANTS' AFFIRMATIVE DEFENSES OF RES JUDICATA AND COLLATERAL ESTOPPEL**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

POINT I  CHEVRON'S MOTION IS MOOT BECAUSE STRATUS
FILED AN AMENDED ANSWER AS OF RIGHT AND
THEREBY NULLIFIED THE PLEADING AGAINST
WHICH CHEVRON MOVED......................................................................1

POINT II  CHEVRON'S MOTION IS MOOT BECAUSE IT SEEKS
RELIEF CONCERNING DEFENSES THAT ARE NOT
PLED IN STRATUS'S AMENDED ANSWER ............................................2

CONCLUSION .................................................................................................................3

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

County of Washington v. Counties of Warren and Washington Indus. Dev. Agency, et al.,
    177 F.R.D. 119 (N.D.N.Y. 1998) ........................................................................2

In re MetLife Demutualization Litigation,
    624 F.Supp.2d 232 (E.D.N.Y. 2009) ..................................................................1

LaGrande v. Key Bank Nat'l Ass'n,
    393 F.Supp.2d 213 (S.D.N.Y. 2005) ..................................................................1

Lucente v. International Business Machines Corp.,
    310 F.3d 243 (2d Cir. 2002) ...............................................................................1

**RULES**

Fed.R.Civ.P. 15..........................................................................................................2

Rule 56(d) .................................................................................................................2

## PRELIMINARY STATEMENT

Chevron's motion for summary judgment or partial summary judgment against Stratus[1] is both procedurally and substantively moot. It is moot, in the first instance, because it addresses a pleading (Stratus's original answer dated June 7, 2012) that was rendered a nullity by the filing, as of right, of Stratus's Amended Answer on June 28, 2012. Moreover, Chevron's motion concerns affirmative defenses (res judicata and collateral estoppel based on the Ecuadorian proceedings or judgment) that are not asserted in Stratus's Amended Answer. For each of these reasons, Chevron's motion must be denied as moot.

## POINT I

### CHEVRON'S MOTION IS MOOT BECAUSE STRATUS FILED AN AMENDED ANSWER AS OF RIGHT AND THEREBY NULLIFIED THE PLEADING AGAINST WHICH CHEVRON MOVED

It is beyond cavil that "[p]rior pleadings are deemed withdrawn upon filing of amended pleadings...." In re MetLife Demutualization Litigation, 624 F.Supp.2d 232, 269 (E.D.N.Y. 2009); see also Lucente v. International Business Machines Corp., 310 F.3d 243, 260 (2d Cir. 2002) (holding it is "a cardinal rule of civil procedure [that] an amended [pleading] ordinarily renders the original [pleading] of no legal effect. It is as though the original [pleading] was never served") (internal citations and quotations omitted); LaGrande v. Key Bank Nat'l Ass'n, 393 F.Supp.2d 213, 216 (S.D.N.Y. 2005) ("It is well-established that an amended [pleading] supersedes the original and renders it of no legal effect ... .").

---

[1] "Stratus" refers to defendants Stratus Consulting Inc., Douglas Beltman and Ann Maest.

Here, Stratus's Amended Answer (filed as of right within 21 days of their original Answer under Fed.R.Civ.P. 15) renders the original pleading a nullity. (A copy of Stratus's Amended Answer is attached as Exhibit A to the accompanying Declaration of Stuart A. Krause.) Accordingly, for this reason alone, Chevron's summary judgment motion against Stratus's original answer must be denied as moot.

## POINT II

### CHEVRON'S MOTION IS MOOT BECAUSE IT SEEKS RELIEF CONCERNING DEFENSES THAT ARE NOT PLED IN STRATUS'S AMENDED ANSWER

Chevron's motion is also substantively moot because it seeks dismissal of defenses that are not in Stratus's Amended Answer. See County of Washington v. Counties of Warren and Washington Indus. Dev. Agency, et al., 177 F.R.D. 119, 124 (N.D.N.Y. 1998) (holding that, where plaintiff amended its complaint to remove two claims, defendants' motion for summary judgment was moot because "such claims are no longer before the Court."). Chevron's motion for partial summary judgment is limited to the potential preclusive effect of the Ecuadorian judgment and appellate decisions. However, because Stratus has no interest in the legal enforceability of the Ecuadorian Judgment (a fact that even Chevron conceded in its motion for an attachment (Docket No. 430 at 5)), its Amended Answer makes clear that "no part of [Stratus's res judicata or collateral estoppel affirmative defenses] relies on any judicial determination or judgment in Ecuador." See Stratus Amended Answer, Aff. Defenses Nos. 10 and 16.[2] Thus, the

---

[2] In the same regard, Stratus withdrew its comity defense altogether. See Amended Answer, p. 90.

2

Amended Answer merely clarifies and confirms that Stratus has no incentive or need to carry the flag of the Ecuadorian Judgment in Chevron's global fights with the LAPs.

Accordingly, Chevron's motion must be denied as moot because it is directed to defenses that are no longer before the Court.[3]

## CONCLUSION

For each of the foregoing reasons, the Court should deny Chevron's motion for partial summary judgment as moot.

Dated: New York, New York
July 2, 2012

ZEICHNER ELLMAN & KRAUSE LLP

By: _____
Stuart A. Krause
Benjamin H. Green
  Attorneys for Defendants Stratus
  Consulting Inc., Ann Maest and
  Douglas Beltman
575 Lexington Avenue
New York, New York 10022
(212) 223-0400

Joe L. Silver
Martin D. Beier
SILVER & DEBOSKEY
1801 York Street
Denver, Colorado 80206
(303) 399-3000

---

[3] If Chevron's motion were not rendered moot by the submission of an Amended Answer, Stratus would have argued that the motion was premature under Rule 56(d).

670740.3