UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                 :
CHEVRON CORPORATION,        :
                 :
          Plaintiff,    :
                 :
   -against-         :  Case No. 11 Civ. 0691 (LAK)
                 :
STEVEN R. DONZIGER, et al.,  :
                 :
       Defendants.   :
                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CHEVRON CORPORATION'S REPLY IN SUPPORT OF ITS MOTION
FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT
ON STRATUS DEFENDANTS' AFFIRMATIVE DEFENSES OF
RES JUDICATA AND COLLATERAL ESTOPPEL**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

*Attorneys for Plaintiff Chevron Corporation*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT ............................................................................................................................... 3

I.      The Stratus Defendants Fail to Dispute *Any* of Chevron's Facts or Evidence—
        All 245 of Chevron's Stated Facts are Deemed Admitted ................................................ 3

II.     Stratus Cannot Escape Adjudication of Defenses It Has Put at Issue ............................... 4

III.    As With the Other Defendants, Summary Judgment Is Appropriate Because
        Stratus Has Identified No Judgment or Order Having Preclusive Effect ........................... 6

CONCLUSION ............................................................................................................................ 7

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*ARW Exploration Corp. v. Aguirre,*
   947 F.2d 450 (10th Cir. 1991) ................................................................... 4

*Central Hudson Gas & Elec. v. Empresa Naviera Santa SA,*
   56 F. 3d 359 (2d Cir. 1995) ....................................................................... 7

*D'Alto v. Dahon California, Inc.,*
   100 F.3d 281 (2d Cir. 1996) ...................................................................... 4

*DiCola v. SwissRe Holding (N. Am.), Inc.,*
   996 F.2d 30 (2d Cir.1993) .......................................................................... 7

*F.D.I.C. v. Giammettei,*
   34 F. 3d 51 (2nd Cir. 1994) ....................................................................... 7

*F.D.I.C. v. Great Am. Ins. Co.,*
   607 F.3d 288 (2d Cir. 2010) ...................................................................... 3

*Jones v. SEC,*
   298 U.S. 1 (1936) ....................................................................................... 4

*Kapoulas v. Williams Ins. Agency, Inc.,*
   11 F.3d 1380 (7th Cir. 1993) ..................................................................... 4

*Quad Envtl. Tech. v. Union Sanitary Dist.,*
   C-No. 88-1806 (FMS), 1990 U.S. Dist. LEXIS 18685 (N.D. Cal. Feb 21, 1990) ................... 6

*Solis v. Cindy's Total Care,*
   No. 10 Civ. 7242 (PAE), 2011 WL 5170009 (S.D.N.Y Oct. 31, 2011) ................................. 6

*Wakefield v. Northern Telecom Inc.,*
   769 F.2d 109 (2d Cir. 1985) ...................................................................... 4

*Zagano v. Fordham Univ.,*
   900 F.2d 12 (2d Cir. 1990) ........................................................................ 4

**Rules**

Fed. R. Civ. P. 56(a) ................................................................................ 6

L.R. 56.1(c) ............................................................................................. 3

## PRELIMINARY STATEMENT

With Stratus's purported withdrawal of its express reliance on the supposed preclusive effect of the Ecuadorian judgment, Defendants' shell game continues.  In every available forum, including this action, all of the defendants have asserted that the Ecuadorian judgment is entitled to "deference" and bars Chevron's claims against them.  But when challenged to defend the legitimacy of that judgment with evidence rather than ipse dixits, Defendants have abandoned any pretense of defending it on the merits and instead attempted to run away from the judgment.

Stratus's most recent ploy is particularly brazen.  Three months ago, Chevron filed a motion for summary judgment against Stratus's co-defendants, Steven Donziger and the Lago Agrio Plaintiffs ("LAPs"), on their affirmative defenses of res judicata and collateral estoppel, by which those defendants attempted to assert, among other things, the preclusive effect of the Ecuadorian judgment.  Dkt. 396.  Chevron's motion at that time expressly noted that the grounds asserted "would apply equally to any Stratus attempt to assert similar defenses."  Dkt. 397 at 21 n.9.  In response, Donziger and the LAPs attempted to disclaim reliance on the judgment, posturing that they had never intended to rely on it, despite their repeated invocations of its preclusive effect in this Court and elsewhere.  *See* Dkt. 461 at 2.  Stratus filed its answer long after that motion had been fully briefed, and rejected its co-defendants' abandonment of the judgment.  Stratus unequivocally asserted that the Ecuadorian judgment had preclusive effect here.  Dkt. 474 at 90.  Yet now that Chevron has brought the same challenge to Stratus's answer—a challenge Stratus *knew* Chevron would bring—Stratus also seeks to evade adjudication by abandoning the defense.

Like the similar maneuver of its co-defendants, Stratus's purported abandonment is ineffective to preclude summary judgment on the affirmative defenses against which Chevron moved.  Like its co-defendants, Stratus continues to assert blanket defenses of "res judicata" and

1

"collateral estoppel," but has failed to identify any other judgment or order that it claims is entitled to res judicata or collateral estoppel effect, much less put forth evidence creating a genuine issue of material fact requiring trial on the claimed preclusive effect of any such judgment or order.  Like its co-defendants, Stratus does not even attempt to contest a single one of Chevron's 245 undisputed facts, which for purposes of this motion are therefore deemed admitted.  As with the other defendants, Chevron's motion thus shifted the burden to Stratus to go forward on its claimed defenses, but Stratus has failed even to attempt to do so.  Under these circumstances, summary judgment is both appropriate, and required.

Furthermore, even with respect to the Ecuadorian judgment, Stratus's purported withdrawal is ambiguous and partial.  In its amended answer, Stratus refused to let go of the judgment entirely, cryptically stating that "those aspects of the Ecuadorian proceedings which Stratus seeks to present to the Court can and will be presented in connection with Chevron's case in chief[.]"  Dkt. 499 at 90 n.5.  Stratus thus states its intention to put on its case for "deference" to the Ecuadorian judgment "in connection with Chevron's case in chief."  Stratus's cryptic statement is not a withdrawal of a defense, and does not "moot" Chevron's motion.  This is especially true because Stratus continues to attempt to obtain payment of its defense costs *in this action* based in part on its claim that the Ecuadorian judgment is entitled to preclusive "deference."  Exs. 2398 at 39-40 & 2399 at 35.

The launching of the LAPs' enforcement actions around the world has given Chevron's request for judgment on this issue a new urgency.  After filing an enforcement action in Canada on May 30, 2012, the LAPs claim to have filed a second action in Brazil on June 27, 2012 (*see* July 6, 2012 Letter to Court from Randy Mastro, and attached press release and news article).  And a news article published just this week reports that LAPs' counsel Julio Prieto indicated that

"the plaintiffs plan to go to two or three dozen foreign countries as part of its strategy to try to enforce the Ecuadorian ruling."  *Id.*

　　This Court can and should stop Defendants' game-playing.  There is no doubt about the merits.  Three groups of defendants—Donziger, the LAPs, and Stratus—have all been put to the test of defending the Ecuadorian judgment, and none has done so.  None has challenged or proffered a single fact or piece of evidence, even after the Court granted Donziger and the LAPs an extension of time to do just that, and despite the LAPs' repeated representations that New York provides Chevron with "a forum and a venue" to challenge the Ecuadorian judgment.  Dkt. 49-9 at 83:17-19.  Consequently, Chevron respectfully requests that this Court grant both this and its earlier motion, and do so on the full, and undisputed, factual record.

### ARGUMENT

**I.**　　**The Stratus Defendants Fail to Dispute *Any* of Chevron's Facts or Evidence—All 245 of Chevron's Stated Facts are Deemed Admitted**

　　Once again, defendants in this action have failed to defend the Ecuadorian judgment "with specific evidence demonstrating the existence of a genuine dispute of material fact." *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010).  By failing to controvert *any* of Chevron's 245 separately stated material facts, the Stratus Defendants admit each and every one of them, just as their co-defendants did in their response to Chevron's motion two months ago. L.R. 56.1(c); Dkt. 450.

　　Like the other defendants, Stratus proposes no alternative inferences to be drawn from those facts, and disputes none of Chevron's legal theories.  It suggests no basis beyond the fraudulent Ecuadorian judgment upon which the challenged defenses may be sustained.  And once again, the failure to rebut Chevron's factual allegations reflects not merely a strategic wager, but an inability to rebut the evidence, which is drawn largely from Defendants' own files, in

their own words.

## II.     Stratus Cannot Escape Adjudication of Defenses It Has Put at Issue

Rather than defend the judgment it helped procure, Stratus purports to abandon it.  But this purported abandonment, like that of Donziger and the LAPs, is improper and disingenuous. While amendment within 21 days is *procedurally* proper under Rule 15, the Rules do not countenance the gamesmanship embodied in Stratus's amendment.  And the obscure qualifying footnote added to Stratus's amended answer suggests that Stratus has not in fact abandoned the judgment.  Dkt. 499 at 90 n.5.  Nor has Stratus abandoned reliance on the judgment in related litigation, where they seek to force their insurance providers to fund their defense in this action in part based on the Ecuadorian judgment's purported preclusive effect.  Exs. 2398 at 39-40 & 2399 at 35.

Stratus bears a "heavy burden" seeking to avoid adjudication based on voluntary abandonment.  *ARW Explr'n Corp. v. Aguirre*, 947 F.2d 450, 453 (10th Cir. 1991).[1]  It cannot carry that burden here.  In its initial answer, filed June 7, 2012, Stratus's reliance on the fraudulent judgment was unequivocal.  *See* Dkt. 474 at 90 (Affirmative Defense 23) ("Chevron's claims against the Stratus Defendants are barred, in whole or in part, by this Court's obligation to afford deference to, international comity to and/or to presume the regularity of the judicial proceedings and validity of the judgment and reasons therefore as entered by the Courts in Ecuador[.]").

---

[1]    The withdrawal of claims in the face of adjudication is disfavored.  *See Jones v. SEC*, 298 U.S. 1, 20 (1936) ("Having been put to the trouble of getting his counter case properly pleaded and ready, [a party] may insist that the cause proceed to a decree." (internal quotation marks and citation omitted)); *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990) (identifying factors for withdrawing claim); *D'Alto v. Dahon Calif., Inc.*, 100 F.3d 281, 284 (2d Cir. 1996) (denying motion to withdraw where "no reason was offered by plaintiffs, and none was sought by the court, as to why venue in the state court would be more favorable."); *Wakefield v. Northern Telecom Inc.*, 769 F.2d 109, 114 (2d Cir. 1985) ("Weight must also be given to the fact that [defendant] has had to defend this claim, and considerations of fairness require some showing as to the plaintiff's need to pursue it a second time elsewhere."); *Kapoulas v. Williams Ins. Agency, Inc.*, 11 F.3d 1380, 1383 (7th Cir. 1993) (affirming denial of motion to withdraw claim where, "upon questioning by the district court, the plaintiffs responded that they intended to refile the case in state court, *clearly evidencing an intent to avoid further adverse rulings by the district court*") (emphasis added).

Stratus submitted its reliance upon the judgment to this Court three months after Chevron had moved for summary judgment on precisely this issue with respect to the answers filed by Stratus's co-defendants, Dkt. 396 and two months after Chevron argued in its reply papers that the attempted abandonment of the judgment by those co-defendants was improper, Dkt. 461. And Chevron made it clear in its earlier motion that its arguments "would apply equally to any Stratus attempt to assert similar defenses." Dkt. 397 at 21 n.9. On notice, then, that Chevron would move against any such defense, Stratus asserted the defense anyway. Now, in the face of a motion they *knew* Chevron would file, Stratus would evade adjudication of that defense. Such gamesmanship should not be countenanced.

First, Stratus's purported withdrawal, like that of its co-defendants, is incomplete and thus ineffective. Stratus's amended answer states that "those aspects of the Ecuadorian proceedings which Stratus seeks to present to the Court can and will be presented in connection with Chevron's case in chief." Dkt. 499 at 90 n.5. This evasive qualification demonstrates that Stratus intends to raise the Ecuadorian judgment in its defense, even as they attempt to avoid adjudication as to its legitimacy.

Stratus's continued reliance on the judgment in this action is consistent with Stratus's continued express reliance on the judgment elsewhere, and its footnote 5 should be viewed within that context. In a separate action currently proceeding in the United States District Court for the District of Colorado, Stratus is litigating against its insurance carriers, seeking a court order requiring those companies to cover the costs of Stratus's defense in this action, notwithstanding various limitations and disclosure requirements in the relevant policies. Ex. 2398 at 39-40. In that action, Stratus has asserted: "The Ecuadorian appeal's [sic] court's statement that there was no reliable evidence of an 'unlawful act' or 'fraud' by either the plaintiffs or its representatives in

the Lago Agrio Litigation refutes Chevron's conclusory allegations against the Stratus Parties."
Ex. 2399 at 35.  Stratus has not withdrawn that reliance in the District of Colorado nor has it in-
formed the court that it has purportedly abandoned its reliance on the judgment in this action.

This conduct makes clear that the judgment's preclusive effect continues to be a live is-
sue, and may yet be raised in this action, as well as in related actions, as a defense.  Rule 56(a)
permits Chevron to move for summary judgment on a "claim or defense [or a] part of each claim
or defense," and provides that this court "shall" grant the motion "if the movant shows that there
is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of
law."  Fed. R. Civ. P. 56(a).  It further provides: "The court should state on the record the rea-
sons for granting or denying the motion."  *Id.*  Accordingly, Chevron requests that this Court
grant summary judgment on the full grounds set forth in Chevron's motion.  *See also Solis  v.
Cindy's Total Care Inc.*, No. 10 Civ. 7242 (PAE), 2011 WL 5170009, at *1 n.1 (S.D.N.Y. Oct.
31, 2011)  ("Shortly before the issuance of this opinion, Cindy's submitted a letter to the Court
stating that it was consenting to withdraw this affirmative defense and was no longer opposing
[Solis's] motion in limine.  Although Cindy's therefore has abandoned its prior intention of elic-
iting such evidence, this opinion is issued to explain why such evidence, if offered, would have
been excluded."); *Quad Envtl. Tech. v. Union Sanitary Dist.*, C-No. 88-1806 (FMS), 1990 U.S.
Dist. LEXIS 18685, at *2 (N.D. Cal. Feb. 21, 1990) (Ex. 2396) (granting summary judgment
motion on affirmative defenses "[i]n the interests of justice," despite defendants' request to with-
draw, where "Defendants have had ample opportunity to develop the facts needed to support the-
se defenses").

### III.  As With the Other Defendants, Summary Judgment Is Appropriate Because Stratus Has Identified No Judgment or Order Having Preclusive Effect

"Where a plaintiff uses a summary judgment motion, in part, to challenge the legal suffi-

ciency of an affirmative defense—on which the defendant bears the burden of proof at trial—a plaintiff 'may satisfy its Rule 56 burden by showing "that there is an absence of evidence to support [an essential element of] the [non-moving party's] case.'" *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *DiCola v. SwissRe Holding (N. Am.), Inc.*, 996 F.2d 30, 32 (2d Cir. 1993) (alterations in original) (internal quotation marks and citation omitted)). Defenses of res judicata and collateral estoppel require, at their core, a judgment in another case that bears on a disputed issue in the present case. *Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 368 (2d Cir. 1995) (referring to "issues actually litigated and decided *in the prior proceeding*") (emphasis added).

In its opposition, Stratus does not even attempt to identify any such judgment. Instead, it tries to rewrite Chevron's motion as limited to their reliance on the Ecuadorian judgment. *See* Opp. at 2 ("Chevron's motion for partial summary judgment is limited to the potential preclusive effect of the Ecuadorian judgment and appellate decisions."). Chevron suggested no such limitation, and expressly moved against *three* of Stratus defenses. Dkt. 484 at 1. Just as the other Defendants were required to, but in their Oppositions did not, Stratus was obligated to produce evidence supporting its contention that there is a judgment with preclusive effect over Chevron's claims. Its failure to do so is fatal, and Chevron's motion should be granted.

## CONCLUSION

To establish a res judicata or collateral estoppel defense here, Stratus has to prove something it cannot—that the Ecuadorian judgment is entitled to recognition. Because "there is an absence of evidence to support [an essential element of] the [non-moving party's] case" (*Giammettei*, 34 F.3d at 54), Chevron's summary judgment motion should be granted.

Dated: July 6, 2012                                  Respectfully submitted,
       New York, NY

_/s/ Randy M. Mastro_

Randy M. Mastro
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Telephone: 212.351.4000
Facsimile:  212.351.4035

Andrea E. Neuman
3161 Michelson Dr.
Irvine, CA 92612
Telephone: 949.451.3800
Facsimile:  949.451.4220

William E. Thomson
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
Facsimile:  213.229.7520

_Attorneys for Chevron Corporation_