UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
CHEVRON CORPORATION, :
:
              Plaintiff, :
:
    v. : 11 Civ. 0691 (LAK)
:
STEVEN DONZIGER, et al., :
:
              Defendants. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CHEVRON CORPORATION'S MOTION TO COMPEL DEFENDANTS STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, DONZIGER & ASSOCIATES, PLLC, JAVIER PIAGUAJE PAYAGUAJE, AND HUGO GERARDO CAMACHO NARANJO TO PRODUCE DOCUMENTS**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Attorneys for Plaintiff Chevron Corporation

While the parties are continuing to "meet-and-confer" in an effort to resolve or narrow a number of disputes concerning Defendants' document-production obligations, one threshold issue is ripe for the Court's immediate resolution. Defendants contend that they are not obligated to produce documents held on their behalf by their agents, because those agents reside in Ecuador. On this basis, Defendants refuse to collect and produce documents in the possession, custody, or control of: Pablo Fajardo, Juan Pablo Saenz, Julio Prieto, Alberto Wray, and other lawyers, as well as Luis Yanza, the Amazon Defense Front, Selva Viva, and others.[1] Defendants' contention contradicts well-settled case law, including orders in this action and related proceedings. The Court's recent decision granting in part Chevron's summary judgment motion on Defendants' collateral estoppel and res judicata defenses—including its finding that "the uncontradicted evidence demonstrates that the [Cabrera] report and subsequent responses filed in Cabrera's name were tainted by fraud" (Dkt. 550 at 91), and recognition of the "serious questions concerning the preparation of the Judgment itself" (*id.* at 97)—underscores the relevance, importance, and discoverability of this evidence. Accordingly, Chevron now seeks relief from the Court.

**1. Defendants are obligated to produce all responsive documents in the possession, custody, or control of their attorneys and other agents in Ecuador**. Chevron is entitled to all relevant, non-privileged documents within Defendants' "possession, custody or control." FED. R. CIV. P. 34(a)(1). "If the producing party has the legal right *or the practical ability* to obtain

---

[1] On July 19, 2012 the parties conducted their first of several "meet-and-confer" calls relating to Chevron's First Set of Requests for Production. Chevron's counsel raised on this call, as one of the threshold issues, whether the Defendants will be collecting documents from the Ecuadorians agents. Counsel for the LAPs, Larry Veselka, and counsel for the Donziger Defendants, Matthew Werdegar, confirmed that their clients would not be collecting or producing documents from the Ecuadorians.

the documents, then it is deemed to have 'control,' even if the documents are actually in the possession of a non-party." *Riddell Sports Inc. v. Brooks*, 158 F.R.D. 555, 558 (S.D.N.Y. 1994) (Francis, M.J.) (emphasis added). The Court has already found that Camacho and Piaguaje must "produce documents within the possession, custody or control of their lawyers and other agents." *See* Dkt. 101 in 1:11-cv-03718, at 3 (July 6, 2011). Furthermore, these documents are not otherwise available to Chevron, because the custodians at issue are not directly subject to compulsory process of this Court. In fact, several of these custodians have already defaulted in this action.

Defendants' obligation is not excused because documents or custodians are located in Ecuador. Under Rule 34, "'[t]he test for the production of documents is control, not location.' Documents may be within the control of a party even if they are located abroad." *In re Flag Telecom Holdings, Ltd. Securities Litig.*, 236 F.R.D. 177, 180 (S.D.N.Y. 2006) (Conner, J.) (internal citation omitted) (quoting *Marc Rich & Co., A.G. v. United States*, 707 F.2d 663, 667 (2d Cir. 1983)). As this Court has previously ruled, Defendants' obligation to produce responsive documents "extend[s] to documents in the physical custody of their Ecuadorian attorneys," Dkt. 311 in 1:11-cv-03718, at 3 (Sept. 12, 2011), and the other Ecuadorian agents.

**2. The persons in possession of the relevant documents are within Defendants' control.** It is beyond dispute that all of the documents being held by the Ecuadorian attorneys are within Camacho and Piaguaje's control. A principal has the control required by Rule 34 over any documents in the possession, custody, or control of his agent. *E.g.*, *McKesson Corp. v. Islamic Republic of Iran*, 185 F.R.D. 70, 77–78 (D.D.C. 1999). As the Court has previously recognized, "Lawyers are agents for their clients. Fajardo, Saenz and Prieto therefore are agents of the LAPs on that basis alone." Dkt. 84 in 1:11-cv-03718, at 8–9 (footnote omitted) (June 28, 2011) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34 (1962) and *Jenkins v. Gen. Motors*

*Corp.*, 164 F.R.D. 318, 320 (N.D.N.Y. 1996)); *see also* Dkt. 559 at 6-8 (describing contractual relationship between LAPs and Fajardo, including power of attorney granting Fajardo "the widest of powers and attributes that the law confers").

The Court has also previously found that the existence of an "agent-principal relationship[]" between Yanza and Camacho and Piaguaje has been "conclusively established" by evidence that Yanza has entered into retention agreements with American law firms on the LAPs' behalf. *Id.* at 8. More generally, the other Ecuadorian agents have been working at the direction, and under the supervision, of the Ecuadorian attorneys. For Rule 34 purposes, the attorneys have "control" over the other agents' documents, and that control is imputed to Defendants.

Donziger, too, has control over documents possessed or controlled by the Ecuadorian attorneys and other agents. Donziger "effectively masterminded the Lago Agrio litigation." *Chevron v. Salazar*, 275 F.R.D. 437, 441 (S.D.N.Y. 2011). He was "the field general of the Lago Agrio plaintiffs' efforts in Ecuador," *In re Chevron Corp.* 749 F. Supp. 2d 141, 144 (S.D.N.Y. 2010), *aff'd*, 409 F. App'x 393 (2d Cir. 2010), and "the person primarily responsible for putting [the Lago Agrio] team together and supervising it," Dkt. 283 ¶ 8. Donziger has controlled the flow of money from the United States to the attorneys and other agents in Ecuador, sometimes even transferring funds from his own bank accounts. *See* Ex. 1. He has authorized more than $1.8 million in payments to Selva Viva, decided what salaries would be paid to Fajardo, Saenz, Prieto, and Yanza, determined which of them would receive bonuses, fixed the size of their bonuses, and paid their bonuses. *See* Ex. 2, 3. In fact, Donziger has acted in some respects like the Ecuadorian lawyers' virtual employer. Given the leading role he has played in Defendants' fraudulent scheme, Donziger can obtain any document being held by an Ecuadorian attorney or other agent with nothing more than an email. *See, e.g.*, Dkt. 400-3 (Fajardo emails to Donziger,

3

"Commander, this is the document submitted by the expert that you requested."). He has the practical ability to obtain those documents.

Accordingly, the Court should order the defendants to collect and produce all responsive documents in the possession, custody, or control of their agents in Ecuador.

| | |
|---|---|
| Dated: August 13, 2012<br>New York, New York | Respectfully submitted,<br><br>GIBSON, DUNN & CRUTCHER LLP<br><br>*/s/ Randy M. Mastro*<br>Randy M. Mastro<br>200 Park Avenue<br>New York, New York 10166<br>Telephone: 212.351.4000<br>Facsimile: 212.351.4035<br><br>Andrea E. Neuman<br>3161 Michelson Drive<br>Irvine, California 92612<br>Telephone: 949.451.3800<br>Facsimile: 949.451.4220<br><br>William E. Thomson<br>333 South Grand Avenue<br>Los Angeles, California 90071<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>Attorneys for Chevron Corporation |

4

*Chevron Corp. v. Donziger*, No. 1:11-cv-0691-LAK

**Index of Exhibits to Chevron Corporation's Motion to Compel Responses to Requests for Production of Documents from Defendants Steven Donziger, The Law Offices of Steven R. Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, and Hugo Gerardo Camacho Naranjo.**

Exhibit 1: Excerpts of Chase Bank statements from October 31, 2009 to April 11, 2011 for the primary accounts ending in 0218, 5365, 2758, 5678 held by Steven R. Donziger and Steven R. Donziger Atty at Law showing payments to Selva Viva in the amount of $475,000, produced by Steven Donziger in the matter of In re Applic. of Chevron Corp. (Donziger), 10-mc-00002 (LAK)(S.D.N.Y.), and bearing the Bates numbers DONZ00133080, DONZ00133479, DONZ00132914, DONZ00132933, DONZ00132892, DONZ00133498, DONZ00132918, DONZ00132898, DONZ00132900, DONZ00133524, DONZ00133518, DONZ00133474, DONZ00133915, DONZ00133911, DONZ00133923, DONZ00133538

Exhibit 2: Excerpts from transcript of the deposition of Steven Donziger taken in the matter of In re Applic. of Chevron Corp. (Donziger), 10-mc-00002 (LAK)(S.D.N.Y.) at 4911:14–4938:11.

Exhibit 3: Exhibits 1818, 1819, 1821, 1822 to deposition of Steven Donziger taken in the matter of In re Applic. of Chevron Corp. (Donziger), 10-mc-00002 (LAK)(S.D.N.Y.)