Kaplan, J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHEVRON CORPORATION,

          Plaintiff,

    v.

STEVEN DONZIGER et al.,

          Defendants.

CASE NO. 11-CV-691 (LAK)



## DISCOVERY STIPULATION

       The Parties[1] hereby stipulate to the following agreements concerning discovery in the above-referenced matter. The Parties agree to move jointly for approval of this stipulation to the extent certain of the terms agreed upon herein require the Court's approval.

## DOCUMENT PRODUCTION SCHEDULE

       The parties have agreed to a general schedule governing document productions. Specifically, each party will begin producing non-objectionable materials: (a) within twenty-one (21) days of serving written responses to another party's requests for production ("RFPs"); and/or (b) within twenty-one (21) days of successful meet-and-confer efforts resolving objections to the production of broad identifiable categories of materials.[2] All productions made pursuant to this schedule will be completed on a rolling basis within ninety (90) days of commencement, and will include good faith interim productions made at regular intervals over the course of the overall production period.

---

[1]     As used herein, "Parties" refers to Chevron Corporation, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, Steven Donziger, The Law Offices of Steven R. Donziger, Donziger & Associates, PLLC, Stratus Consulting Inc., Ann Maest and Douglas Beltman. By filing this stipulation, Defendants Camacho and Piaguaje do not concede that the assertion of personal jurisdiction over them by this Court is lawful or proper, and specifically reserve their rights to continue to contest the lawfulness and propriety of this Court purporting to subject them to such jurisdiction.

[2]     Given the timing of the parties' agreement on a general document production schedule and the ongoing meet-and-confer discussions addressing Defendants' objections to Chevron's RFPs, Chevron acknowledges that Defendants' initial productions will be governed by the schedule set forth in subsection (b) of this bullet point.

To the extent the parties cannot resolve a dispute concerning the proper scope of document discovery and must resort to motion practice, a party will begin producing any applicable materials within twenty-one (21) days of a court order resolving the dispute, and complete its production on a rolling basis within forty-five (45) days of such ruling.

## PRIVILEGE LOGS

The parties have agreed to waive the application of Local Civil Rule 26.2 with respect to the timing of privilege assertions in response to RFPs, and each party instead will produce initial and supplemental privilege logs on a rolling basis within two weeks of its corresponding document productions made pursuant to the overall schedule outlined above.

While no agreement has been reached concerning specific privileged materials that would be exempt from logging or appropriately logged on a categorical basis, the parties are continuing to meet and confer in an effort to identify such materials. Relatedly, to the extent the parties cannot reach agreement on the appropriate logging approach for certain types of materials, the parties have agreed in principle to present these issues jointly to the Court for expedited resolution.

## CONTENTION RFPS AND INTERROGATORIES

The parties have agreed to defer "contention" RFPs and interrogatories until later in the discovery period. Specifically, any party may serve such written discovery after November 15, 2012 (subject to any other applicable deadlines established by the Court's June 25, 2012 Scheduling Order). Based on the foregoing, no party presently is obligated to respond to pending contention RFPs served in this matter.

## PROTECTIVE ORDER

Consistent with the March 7, 2012 Joint Report submitted by the parties to the Court, the parties have agreed to negotiate a stipulated protective order to preserve the confidentiality of certain designated information and to address the inadvertent production of privileged materials. Meet-and-confer discussions concerning the terms of such order are continuing.

## INTERROGATORIES

The parties have agreed to limit the total number of interrogatories served in this action to seventy-five (75) per side, with the further limitation of twenty-five (25) interrogatories to/from each of the three groups of Defendants (the two Ecuadorian individuals, the Donziger parties, and the Stratus parties). These sub-limits would be increased proportionately to the extent any Defendant group no longer is in the case.

## DEPOSITIONS

While the parties have agreed in principle to adjust the presumption established by Rule 30 of the Federal Rules of Civil Procedure to permit each side to take more than ten (10)

depositions without leave of Court, the Parties have not yet agreed upon an appropriate number. For frame of reference, Chevron suggests twenty-five (25) depositions per side, while Defendants propose forty-five (45) depositions per side without leave. The parties are continuing to discuss this issue and will notify the Court if they need its guidance.

Also, pursuant to the March 7 Joint Report, the Parties have agreed generally to cooperate in resolving the approach to depositions in foreign countries, depositions of Spanish-speaking witnesses, and depositions under Rule 30(b)(6).

* * * *

Dated:  August 23, 2012

By:  *Randy M. Mastro/CJ*
Randy M. Mastro
Andrea E. Neuman
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, New York 10166
Telephone:     212.351.4000
Facsimile:      212.351.4035
Email:           rmastro@gibsondunn.com

William E. Thomson
333 South Grand Avenue
Los Angeles, California  90071
Telephone:     213.229.7000
Facsimile:      213.229.7520

ATTORNEYS FOR CHEVRON CORPORATION

By: _Tyler G. Doyle /cg_

Tyler G. Doyle
Craig Smyser (*pro hac vice*)
Larry R. Veselka (*pro hac vice*)
SMYSER KAPLAN & VESELKA, LLP
700 Louisiana, Suite 2300
Houston, TX 77002
Telephone:     713.221.2330
Facsimile:     713.221.2320
Email:         csmyser@skv.com
Email:         lveselka@skv.com

By: _Julio C. Gomez /cg_

Julio C. Gomez
GOMEZ LLC
The Trump Building
400 Wall Street, 28th Floor
New York, NY 10005
Telephone:     212.400.7150
Facsimile:     212.400.7151
Email:         jgomez@gomezllc.com

ATTORNEYS FOR DEFENDANTS HUGO
GERARDO CAMACHO NARANJO AND JAVIER
PIAGUAJE PAYAGUAJE

By: _Elliott R. Peters /cg_

Elliott R. Peters
John W. Keker (*pro hac vice*)
Jan Nielsen Little (*pro hac vice*)
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415.391.5400
Facsimile:     415.397.7188
Email:         epeters@kvn.com
Email:         jkeker@kvn.com
Email:         jlittle@kvn.com

ATTORNEYS     FOR     DEFENDANTS     STEVEN
DONZIGER, THE LAW OFFICES OF STEVEN R.
DONZIGER, AND DONZIGER & ASSOCIATES,
PLLC

By: _Stuart A. Krause/cg_
Stuart A. Krause
Benjamin H. Green
ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, New York 10022
Telephone:    212.223.0400

Joe L. Silver
Martin D. Beier
Silver & Deboskey
1801 York Street
Denver, Colorado 80206
Telephone:    303.399.3000

ATTORNEYS FOR DEFENDANTS STRATUS
CONSULTING INC., ANN MAEST AND DOUGLAS
BELTMAN

SO ORDERED.

Lewis A. Kaplan, U.S.D.J.

Dated: New York, New York
        August ___, 2012