# MEMO ENDORSED

IN THE UNITED STATES DISTRICT COURT
Southern District of New York
RE THIRD PARTY SUBPOENA

RECEIVED OCT 10 2012 JUDGE KAPLAN'S CHAMBERS

| | |
|---|---|
| Chevron Corp. ) | |
| *Plaintiff* ) | |
| ) | |
| v. ) | Civil Action No. 11 (USDC SDNY) (LAK) |
| ) | DOCUMENT ELECTRONICALLY FILED |
| Steven Donziger, et al. ) | DOC #: |
| *Defendant* | DATE FILED: 10/11/12 |

## NONPARTY'S MOTION TO QUASH OR LIMIT CHEVRON SUBPOENA

I am representing myself pro se, and provide this Motion to Quash and/or Limit Subpoena. Google was served a subpoena in case no. 11-civ-0691 to turn over personal and account information regarding my gmail account including: (A) detailed account information; and (B) usage of my gmail (belanger.laura@gmail.com) including IP logs, IP address information at time or registration and usage, and computer usage logs, among other information.

I, Laura Belanger, **affirm under penalty of perjury** that:

1.  I, Laura Belanger, am a nonparty in the above entitled action, and respectfully move this Court, before the Honorable Lewis A. Kaplan, United States District Judge, for an order pursuant to Rule 26 of the Federal Rules of Civil Procedure granting an order to quash or limit the Chevron subpoena.

2.  The reason is that the subpoena is overly broad, overly burdensome and is not reasonably calculated to lead to discovery of admissible evidence. My involvement with Steven Donziger's Ecuador work was extremely limited in time and scope, and involved no opinions or interaction with the court or appointed experts. If not quashed the subpoena should be limited in date and scope.

1

I was hired by ETech International (ETech) as an environmental consultant, regarding the *Aguinda v. ChevronTexaco* case in Ecuador. I consulted over the two month period of May 1, 2007 to June 30, 2007 during which time I compiled an electronic database of data from publically available, hard copy existing reports as well as from hard copy judicial reports which were part of the *Aguinda v. ChevronTexaco* case record. I developed no new data, completed no analysis of the data, provided no opinions on the data, and had no further involvement in the case once the database was delivered.

Federal Rule of Civil Procedure, General Provisions Regarding Discovery, Rule 26 (b) (1) states that "Parties may obtain discovery regarding any nonprivileged matter **that is relevant** to any party's claim or defense …" Section 26 (b) (2) (B) states "A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of **undue burden** or cost." Section 26 (b) (2) (C) (iii) states that "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that…the burden or expense of the proposed discovery **outweighs its likely benefit, considering the needs of the case**, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." [**bold** emphasis above is mine.]

Regarding Rule 26, the Chevron subpoena is unduly burdensome and overly broad. The vast majority of the data that would be divulged by Google is personal and completely unrelated to the Donziger case. The Chevron subpoena is for information related to my gmail account, which was in existence long before and since the brief two month period when I consulted in relation to the *Aguinda v. ChevronTexaco* case. The subpoena could have, but does not, set limits on the time period for which information is to be provided. Additionally, the subpoena is not

limited to direct discovery towards information that is relevant to Chevron's claim. As such, the subpoena outweighs its likely benefit. Because this is my personal email, the subpoena would result in Google providing information extending far beyond what is relevant in this case. If not quashed, the subpoena should be limited to data associated with subject lines related to the consulting I did for ETech and/or that were sent to or received by individuals listed on the subpoena or associated with the *Aguinda v. ChevronTexaco* case. Additionally, under 26 (b) (5), I claim that much of the information requested by Chevron is associated with spousal communications so is privileged. My husband John Rodgers (email: rodgers.john@gmail.com) consulted on the Ecuador project with me, and is also listed on the subpoena. Though this subpoena is not requesting specific emails, any information related to my husband and me, not specifically associated with our Ecuador work, is private.

For the foregoing reasons, I respectfully request the Court to issue and order granting that the subpoena be quashed or limited. If the subpoena is not quashed in its entirety, then its overly broad requests should be narrowed considerably. The subpoena should be limited to the time period for which I consulted for ETech International (May 1, 2007 through June 30, 2007) and to information associated with emails with subject lines related to this work and/or sent to or from individuals involved in the *Aguinda v. ChevronTexaco* case.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated:  Golden, Colorado     Signature  _Laura Belan_

  October 4, 2012     Address  6090 Crestone Street, Golden, CO 80403

       Telephone  303-215-9122

CC: Honorable Lewis A. Kaplan, United States District Judge

**Attached:** Chevron Google Subpoena

3

<u>Memorandum Endorsement</u>              <u>Chevron Corp. v. Donziger  11 Civ. 0691 (LAK)</u>

      Fed. R. Civ. P. 45(c)(3) provides that "the issuing court must quash or modify a subpoena" on timely motion in circumstances there specified. Any motion to quash or modify therefore must be made in the issuing court, which was the United States District Court for the Northern District of California and not this Court. 9 MOORE'S FEDERAL PRACTICE § 45.50[4] (4th ed. 2012) ("only the issuing court has the power to grant a motion to quash or modify the subpoena"). Accordingly, this motion to quash or modify the subpoena is denied without prejudice to a proper filing in the issuing court.

      SO ORDERED.

Dated:     October 11, 2012

                                      Lewis A. Kaplan
                                United States District Judge