```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
CHEVRON CORPORATION,

                        Plaintiff,

        -against-                                    11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

                        Defendants.
------------------------------------------------x
```

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

On the basis and subject to the limitations set forth on the record on September 25, 2012 (Tr. 3:22-7:24) and to existing or subsequent agreements between plaintiff and Patton Boggs LLC ("PB"), PB's responses and objections to plaintiff's subpoena to produce documents (the "Subpoena") are disposed of as follows:

*Subpoena Specifications*

1. The objections to Specifications 4, 6, 10 through 12, 15, 25, 38, 39, 46, 50, and 51 of the Subpoena are sustained.

2. The objections to Specifications 5, 8, 13, 14, 16 through 24, 28 through 30, 33, 37, 41 through 43, 45, 47, 49, 52, and 55 through 58 of the Subpoena are overruled.

3. The objections to Specifications 35 and 36 are sustained. To the extent the discovery process reveals that the documents requested are relevant to the allegations in the complaint, Plaintiff may request that the Court revisit its ruling on these Specifications.

4. The objection to Specification 40 is overruled. To the extent PB bases its

objection on the fact that Plaintiff has taken similar positions in its responses to Defendants' document requests, Defendants are free to challenge the positions Plaintiff has taken. The parties are free also to come to any mutually satisfactory agreement regarding these objections, but the Court overrules this objection on the merits.

5. The objection to Specification 44 is overruled. The objection seeks to create the appearance that the request seeks every submission "on behalf of *any* of the LAGO AGRIO PLAINTIFF RELATED PARTIES to *any* international agency," when it actually is limited only to such submissions that are related to Chevron or the Chevron litigations.

6. The objection to Specification 48 is overruled as it has been withdrawn by the Plaintiff. [Tr. 130: 24-25.]

7. Plaintiff has not provided the Court with a proposed definition of the term "NGO." The objection to Specification 54 therefore is sustained without prejudice to Plaintiff, within five business days, submitting a proposed definition to the Court and to PB.

8. Specifications 1 through 3, 9, 26, 27, 31, 32, 34, and 53 are modified in the respects set forth below. The objections to those specifications as modified are overruled:

    a. Specification 1 is modified by striking therefrom the words "RELATED TO the scope of" and substituting therefor the words "documents discussing, referring to, or evidencing." [Tr. 12:12- 13:4.]

    b. Specification 2 is modified by striking therefrom the words "or the appeal of the LAGO AGRIO JUDGMENT" and substituting therefor the words "the alegato, the cleansing motions, and any post-judgment motion or application." [Tr. 20:21- 21:3.]

    c. Specification 3 is modified by striking the language in its entirety and substituting therefor the words "A single travel log relating to YOUR travel to Ecuador,

including the identity of each attorney, the arrival and departure dates of each trip and, with respect to each meeting relating to the Chevron litigations in any way, the dates, times, durations, and participants of such meetings." [Tr. 22:20-24.]

        d.      Specification 9 is modified by striking the language "DOCUMENTS RELATED TO the funding of" therefrom and substituting therefor the words "final executed funding agreements relating to." [Tr. 34:16-18.]

        e.      Specification 26 is modified by striking the language "or any other representative, agent, or advocate for the LAGO AGRIO PLAINTIFFS" therefrom. The term "LAGO AGRIO PLAINTIFF RELATED PARTIES" shall mean the "RICO DEFENDANTS, CO-CONSPIRATORS, FRONT, ASSEMBLY OF THE AFFECTED; LAGO AGRIO PLAINTIFF LAW FIRMS; LAGO AGRIO PLAINTIFF CONSULTANTS; LAGO AGRIO PLAINTIFF LOBBYISTS; LAGO AGRIO PLAINTIFFS PUBLIC RELATIONS CONSULTANTS," for purposes of this Specification. [Tr. 95:15-22.]

        f.      Specification 27 is modified by (1) inserting after the phase "ALL DOCUMENTS RELATED TO," the words "communications actual or proposed with" and (2) inserting the phrase "relating to the LAGO AGRIO LITIGATION" after the words "nonjudicial capacities." [Tr. 97:17-19; 113:1-9.]

        g.      Specification 31 is modified by (1) limiting the term "LAGO AGRIO PLAINTIFF RELATED PARTIES" as used therein to the "RICO DEFENDANTS, CO-CONSPIRATORS, FRONT, ASSEMBLY OF THE AFFECTED; LAGO AGRIO PLAINTIFF LAW FIRMS; LAGO AGRIO PLAINTIFF CONSULTANTS; LAGO AGRIO PLAINTIFF LOBBYISTS; LAGO AGRIO PLAINTIFFS PUBLIC RELATIONS CONSULTANTS," and (2) by striking therefrom the language "or the LAGO AGRIO APPELLATE PANEL," and "the LAGO

AGRIO APPELLATE DECISION, the LAGO AGRIO APPELLATE CLARIFICATION ORDER, the February 17, 2012 Order of the LAGO AGRIO APPELLATE PANEL, and the March 1, 2012 Order of the LAGO AGRIO APPELLATE PANEL." [Tr. 108:25 - 109:1-5.]

    h. Specification 32 is modified by (1) striking therefrom the phrase "RELATED TO the LAGO AGRIO LITIGATION and" and (2) inserting after the word "issued" the phrase "in the LAGO AGRIO LITIGATION." It is modified also by striking therefrom the language "the LAGO AGRIO APPELLATE DECISION, the LAGO AGRIO APPELLATE CLARIFICATION ORDER, the February 17, 2012 Order of the LAGO AGRIO APPELLATE PANEL, and the March 1, 2012 Order of the LAGO AGRIO APPELLATE PANEL." [Tr. 110: 21-24; 111:4-6.]

    i. Specification 34 is modified by (1) inserting after the phase "ALL DOCUMENTS RELATED TO," the words "communications actual or proposed with,"and (2) inserting the phrase "relating to the LAGO AGRIO LITIGATION" after the words "nonjudicial capacities." [ [Tr. 97:17-19; 113:1-9.]

    j. Specification 53 is modified by striking therefrom the words "or other events."

*General Objections*

    9. General Objections 1, 4, 6, 7, 10, 11, 13, and 14 and whatever objections may be intended by the section entitled Introduction are overruled.

    10. With respect to General Objection 2, the Court will fix a schedule for production at a later date.

    11. General Objection 3 is sustained to the extent that PB will not be required to

produce documents in the possession of PB's legislative attorneys for purposes of their representation of the Republic of Ecuador on matters unrelated to the Chevron Litigation. It is otherwise overruled. To the extent Patton Boggs claims that any documents responsive to the Specifications as modified belong to the Republic of Ecuador, it may assert privilege or work product protections.

12. General Objection 5 is sustained to the extent that PB will not be required to produce or log documents created solely in connection in proceedings in which Patton Boggs is a plaintiff and Chevron or Gibson Dunn & Crutcher LLP a defendant. It is otherwise overruled.

13. General Objections 8 and 9 are overruled as they have been mooted by agreement of the parties. [Tr. 8:12-16; 9:2-13.]

14. General Objection 12 objects to the production of documents that already have been produced to Chevron in the 1782 ACTIONS and other U.S. proceedings. Insofar as the objection seeks to relieve PB only of the obligation to search through and produce discrete, readily identifiable collections of documents that contain *only* documents that already have been produced to Chevron, it is well taken and is sustained. Insofar as the objection properly is understood as suggesting that PB should not be required to search for and produce or log documents that are not within such discrete and readily identifiable collections consisting *only* of documents that already have been produced, however, it is without merit. Any such documents as a matter of definition are contained in a broader universe of materials that will have to be searched in any event for responsive documents that have not been produced previously. The task of identifying and excluding from the products of the search of that broader universe responsive documents on the ground that those documents already have been produced in other litigations would not add to rather than subtract to the effort required to comply with the Subpoena. In other words, the unnecessary


6

effort to avoid a duplicate production from that broader universe outweighs any benefit gained from avoiding a second production.

15. General Objections 15 through 20 are not actually objections but statements of position and require no ruling.

*Definitions*

16. The definition of any person or entity referred to in the Subpoena is modified to mean the person or entity named and, in addition, the officers, directors, employees, agents, and attorneys of such person or entity. *See* Fed. R. Civ. P. 65(d); S.D.N.Y. Civ. R. 26.3(c)(5). Objection 21, 22, 28, 29, 52, 67, 72, 77, and 80 to the Subpoena as modified are overruled.

17. Objections 23, 25, 27, 30 through 36, 38, 42 through 46, 53, 55, 57 through 60, 62, 63, 68 through 71, 73, 75, 76, 79, 82 through 87, 89, and 90 are overruled.

18. Objection 24, insofar as it objects to the definition of AAA LITIGATION, is overruled. As noted elsewhere, any privilege objections will be resolved separately.

19. Objections 26, 37, 39, 40, 49, 64, 74, and 78 are sustained.

20. Objection 41 is moot in view of the agreement of the parties.

21. Objection 56 is moot in light of paragraph 22 below.

22. Objection 61 is sustained. The term LAGO AGRIO PLAINTIFF RELATED PARTY shall refer to "RICO DEFENDANTS; CO-CONSPIRATORS; THE FRONT; ASSEMBLY OF THE AFFECTED; LAGO AGRIO PLAINTIFF LAW FIRMS; LAGO AGRIO PLAINTIFF CONSULTANTS; LAGO AGRIO PLAINTIFF LOBBYISTS; LAGO AGRIO PLAINTIFFS PUBLIC RELATIONS CONSULTANTS; and any other PERSON employed, paid, or contracted with to perform services for the LAGO AGRIO PLAINTIFFS."

23. Objections 47, 51, 54, 65, 81, and 88 are overruled. One's obligation is to make a reasonable, good faith search for responsive documents.

24. Objections 48, 50, and 66 are moot in view of the Court's rulings on PB's objections to the specifications.

*Instructions*

Objection 99 is sustained. The remaining objections to the Subpoena's instructions are overruled.

SO ORDERED.

Dated:     November 16, 2012

_____
Lewis A. Kaplan
United States District Judge