MEMO ENDORSED

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHEVRON CORPORATION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STEVEN DONZIGER, THE LAW<br>OFFICES OF STEVEN R. DONZIGER,<br><br>et al.,<br><br>　　　　Defendants. | CASE NO. 11-CV-0691(LAK) |



**DEFENDANTS HUGO GERARDO CAMACHO NARANJO AND
JAVIER PIAGUAJE PAYAGUAJE'S NOTICE OF
<u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, upon the accompanying Memorandum of Law dated October 23, 2012, Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje, by and through undersigned counsel, hereby move this Court, before the Honorable Lewis A. Kaplan, at the United States Courthouse for the Southern District of New York, Courtroom 12D, 500 Pearl Street, New York, New York 10007, at such time as counsel may be heard, for an Order, pursuant to Federal Rule of Civil Procedure 12(c), dismissing Chevron's Amended Complaint with prejudice and for other and further relief as this Court may deem just and proper.

PLEASE TAKE FURTHER NOTICE that counsel for Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje hereby requests oral argument.

386066.1

1

Memorandum Endorsement          <u>Chevron Corp. v. Donziger  11 Civ. 0691 (LAK)</u>

The motion of the LAP Representatives for judgment on the pleadings dismissing the amended complaint [DI 600] is granted to the extent that so much of the third claim for relief as is premised on detrimental reliance by Chevron and the fourth through the sixth claims for relief all are dismissed, provided, however, that the dismissal of the claim for damages asserted in the sixth claim is dismissed only as premature. *Chevron Corp. v. Donziger*, __ F. Supp.2d ___, No. 11 Civ. 0691 (LAK), 2012 WL 1711521 (S.D.N.Y. May 14, 2012). It is denied in all other respects. The Court adds only this:

The LAP Representatives use this motion to attempt to reargue the point decided adversely to their point of view on the similar motion of their attorney, Steven Donziger, viz. whether, as a matter of New York law, a claim for common law fraud lies based on third-party reliance to the injury of the plaintiff. As Donziger did, they attempt to make a great deal of the Second Circuit's decisions in *City of New York v. Smokes-Spirits.com, Inc.*, 541 F.3d 425, 4455 (2d Cir. 2008), *rev'd on other grounds sub nom.*, *Hemi Group LLC v. City of New York*, 130 S. Ct. 983 (2010), and *Cement & Concrete Workers Dist. Council Welfare Fund v. Lollo*, 148 F.3d 194, 196 (2d Cir. 1998). As this Court recognized in its earlier decisions, *Cement & Concrete Workers* decided that it does not, and *Smokes-Spirits,* without analysis and based solely on a citation to *Cement & Concrete Workers* took the same view. But, as this Court's prior opinion made clear, New York authority, including two appellate decisions subsequent to *Cement & Concrete Workers,* one of which is subsequent also to *Smokes-Spirits,* came out the other way.

As the Second Circuit also said in *Smokes-Spirits,* "if the New York Court of Appeals has not ruled on an issue of state law, 'we are bound to apply the law as interpreted by New York's intermediate appellate courts unless we find persuasive evidence that the New York Court of Appeals, which has not ruled on this issue, would reach a different conclusion.'" 541 F.3d at 456 (citation omitted). That is no less true of this Court in the absence of a holding by the Second Circuit that the law of New York is as the Second Circuit previously construed it despite the fact that a subsequent Appellate Division decision is to the contrary.

        SO ORDERED.

Dated:     November 27, 2012

                                          _____
                                                 Lewis A. Kaplan
                                            United States District Judge