```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/27/12
```

**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
Southern District of New York
RE THIRD PARTY SUBPOENA

RECEIVED
SDNY PRO SE OFFICE
2012 OCT 10 P 1:00

|   |   |   |
|---|---|---|
| Chevron Corp. | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil Action No. 11 Civ 0691 (LAK) |
| | ) | |
| Steven Donziger, et al. | ) | |
| *Defendant* | | |

### NONPARTY'S MOTION TO QUASH OR LIMIT CHEVRON SUBPOENA

I am representing myself pro se, and provide this Motion to Quash and/or Limit Subpoena. Google was served a subpoena in case no. 11-civ-0691 to turn over personal and account information regarding my gmail account including: (A) detailed account information; and (B) usage of my gmail (rodgers.john@gmail.com) including IP logs, IP address information at time or registration and usage, and computer usage logs, among other information.

I, John Rodgers, **affirm under penalty of perjury** that:

1.  I, John Rodgers, am a nonparty in the above entitled action, and respectfully move this Court, before the Honorable Lewis A. Kaplan, United States District Judge, for an order pursuant to Rule 26 of the Federal Rules of Civil Procedure granting an order to quash or limit the Chevron subpoena.

2.  The reason is that the subpoena is overly broad, overly burdensome and is not reasonably calculated to lead to discovery of admissible evidence. My involvement with Steven Donziger's Ecuador work was extremely limited in time and scope, and involved no opinions or interaction with the court or appointed experts. If not quashed the subpoena should be limited in date and scope.

Memorandum Endorsement						Chevron Corp. v. Donziger  11 Civ. 0691 (LAK)

        John Rodgers moves *pro se* to quash or limit a subpoena served upon Google in this case. The motion does not contain a copy of the subpoena or identify the court by which it was issued. It states, however, that Mr. Rodgers is the husband of Laura Belanger and says that she also was listed on the subpoena. She too moved to quash [DI 592], and her motion attached the subpoena, which was issued by the United States District Court for the Northern District of California.

        Fed. R. Civ. P. 45(c)(3) provides that "the issuing court must quash or modify a subpoena" on timely motion in circumstances there specified. Any motion to quash or modify therefore must be made in the issuing court, which was the United States District Court for the Northern District of California and not this Court. 9 MOORE'S FEDERAL PRACTICE § 45.50[4] (4th ed. 2012) ("only the issuing court has the power to grant a motion to quash or modify the subpoena"). Accordingly, this motion to quash or modify the subpoena is denied without prejudice to a proper filing in the issuing court.

        SO ORDERED.

Dated:	November 27, 2012

_____<br>
Lewis A. Kaplan<br>
United States District Judge