UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

CHEVRON CORPORATION,

        Plaintiff,

v.

STEVEN DONZIGER et al.,

        Defendants.

------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/11/13

CASE NO. 11-CV-0691 (LAK)

## PROTECTIVE ORDER

All parties to the above-captioned matter (the "Action") having requested that the Court issue a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect the confidentiality of certain information that may be disclosed in connection with discovery in this case, the parties having agreed to the following terms, and the Court having found that good cause exists for issuance of a protective order, it is therefore hereby

ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants—shall adhere to the following terms:

**Information that May Be Designated Confidential**

1.    The term "Information" as used herein shall include any document as that term is defined in Local Civil Rule 26.3, including, without limitation, electronic or computerized data compilations, deposition testimony, deposition exhibits, interrogatory responses, responses to requests for admission, or any other materials or information disclosed or produced by or on behalf of a party (or any of its attorneys, representatives or other agents), or by or on behalf of a

non-party (or any of its attorneys, representatives or other agents), and all information derived therefrom.

    2.    "Confidential Information" includes Information that a party or non-party ("Producing Party") in good faith believes reflects:

    a.    sensitive personal information, including, for example, private details such as social security numbers, financial information, home addresses, personal email addresses or personal telephone numbers;

    b.    confidential business information, including, for example, non-public financial, customer or commercial information, or other information that the Producing Party believes in good faith to be entitled to protection under Federal Rule of Civil Procedure 26(c)(1)(G); or

    c.    information the Producing Party is contractually or legally obligated to keep confidential.

**Designation of Discovery Materials as Confidential**

    3.    Information may be designated as "Confidential" within the meaning of this Protective Order by any Producing Party, , including all parties and any non-parties from whom discovery is sought in this Action.

    4.    Confidential Information may be so designated by the Producing Party by providing copies of the Information so designated, stamped, or electronically tagged with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." For certain tangible media, such as recordings, magnetic media, floppy disks, CD-ROMs, or photographs, the Producing Party may affix such legend to the material or to a container for that material, in any suitable manner.

    5.    Deposition testimony and the transcripts and video recordings of depositions and/or the exhibits thereto, conducted during pretrial discovery, shall be treated as Confidential for a period of twenty-one (21) days, or for as many days as the parties shall agree, after receipt

of such deposition transcripts and/or video recordings to allow time for the deponent or counsel for that deponent, or any party or non-party or its counsel, to notify all parties of any Confidential Information designations. Such designations shall include the transcript page and line number, and video cassettes (or other storage media) shall be labeled in accordance with the provisions of this Order. Confidential Information also may be designated at the deposition by making a statement for inclusion in the deposition transcript.

**Permissible Uses of Confidential Information**

6. Subject to the qualification set forth in this paragraph concerning Confidential Information produced by the Stratus Parties, the parties may use any Confidential Information produced by others solely in connection with the legal pursuit or defense of this Action, or any other proceedings relating to the subject matter of this Action, including, for example, investment treaty arbitrations, foreign enforcement proceedings, and actions instituted under 28 U.S.C. Section 1782 (collectively, "Related Actions"). To the extent a party seeks to use in a Related Action any Confidential Information produced by the Stratus Parties, the party first will confirm that the Stratus Parties do not object to such use, with such assent not to be unreasonably withheld.

7. Nothing herein shall impose any restrictions on the use or disclosure by a party, non-party, or witness of documents, materials, or information obtained by such party, non-party, or witness independently of discovery in this Action, whether or not such documents, materials, or information also are obtained through discovery in this Action.

8. Confidential Information, except with the prior consent of the Producing Party or upon prior order of this Court, shall not be disclosed by any party to any person other than the following:

a. the Court in this Action or in any Related Action, any appellate court, and any mediator or arbitrator engaged by the parties to this Action or any Related Action or appointed by the Court in this Action or in any Related Action;

b. outside counsel for the parties, regardless of whether they appear in this Action or in any Related Action, and their secretaries, legal assistants, or other support personnel as reasonably necessary to assist outside counsel in this Action or in any Related Action;

c. outside experts, consultants, and/or litigation support vendors or services, including outside copying services or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, and who are expressly retained to assist counsel for a party in this Action or in any Related Action (collectively, "Outside Litigation Assistants"), and provided that any report created by such expert or consultant relying on or incorporating Confidential Information in whole or in part shall be designated as "Confidential" by the party responsible having such report created;

d. associated personnel of any person within categories (a) through (c) for whom access to Confidential Information is necessary to assist such persons in this Action or in any Related Action, including any Court personnel, secretarial or other clerical personnel, stenographers, court reporters, videographers, or other persons who are retained to transcribe or videotape testimony in this Action or in any Related Action, and principals and employees of the firm with which consultants or experts are associated;

e. as to any document, its author and any person indicated on the face of the document as having received a copy;

f. during their depositions or at a hearing, subject to the provisions of Paragraph 10, *supra*, witnesses in this Action or in any Related Action to whom the disclosure is reasonably necessary; and

g. parties and/or in-house counsel for a party and legal assistants and other support personnel assisting in-house counsel in this Action or in any Related Action.

9. Persons described in Paragraphs 8(b) and 8(g) (and their associated personnel) shall be deemed bound by the terms of this Order upon its entry by the Court. A party disclosing Confidential Information to any other person described in Paragraph 8 (with the exception of

4

court personnel) first must: (i) advise the recipient that the Information is Confidential and may only be used in connection with this Action or any Related Action; and (ii) provide the recipient with a copy of this Order; and (iii) obtain the recipient's execution of a signed certification in the form attached as Exhibit A to this Order ("Certification"). Executed Certifications shall be maintained by counsel who disclosed Confidential Information to the persons executing said Certification and shall be served on counsel for the applicable Producing Party no later than thirty (30) days after the final disposition of this Action or any Related Action, including any appeals (whichever occurs latest).

10. Subject to the terms of this Order and the Federal Rules of Civil Procedure, any party may use Confidential Information in the course of a deposition or hearing provided that, prior to any examination of a witness with respect to such Confidential Information, the witness is furnished with a copy of this Order and submits an executed Certification. Counsel for each party representing a deposition witness shall have responsibility for supplying this Order to that witness before the deposition and attempting to obtain his or her execution of the Certification. Witnesses not represented by a party's counsel shall be provided with a copy of this Order at the start of the examination and shall be advised on the record that he or she is subject to sanctions for violating the terms of this Order. If a witness refuses to execute a copy of the Certification, the admonition in the immediately preceding sentence shall serve as a substitute for the execution of the Certification and shall be sufficient to allow for examination of the witness as to Confidential Information.

11. Nothing in this Order shall prevent any counsel from advising his or her client concerning this Action or any Related Action and, in the course of providing such advice, from referring to Confidential Information.

12. Nothing in this Order shall prevent the Producing Party from using the Confidential Information that they produced in any way that they so choose.

**Challenges to Confidential Designations**

13. No party shall be obligated to challenge the propriety of a designation of information as Confidential Information when initially received, and a failure to do so shall not preclude a subsequent challenge thereto.

14. If, at any time, a party objects to the designation of information as Confidential Information, the objecting party shall notify the Producing Party in writing. Within seven (7) days of the receipt of such notification, counsel for the Producing Party and the objecting party shall meet and confer in an effort to resolve the objection. If the parties cannot resolve their disagreement, the objecting party may seek appropriate relief pursuant to the Court's Individual Practices for Discovery Disputes. The Producing Party bears the burden of persuading the Court that the Information is in fact Confidential as set forth above. Until the dispute is resolved, the designated material shall be treated as Confidential Information under this Order.

**Procedures Concerning Inadvertent Disclosures**

15. Failure to designate Confidential Information shall not be deemed a waiver of the Producing Party's claim of confidentiality or other applicable privilege as to such Information or as to the subject matter of such information, and the Producing Party may thereafter designate such information as Confidential.

16. In the event that a party or non-party produces two or more identical or substantially identical copies of a document or other Information, and any copy is designated Confidential while other copies are not so designated, all such identical or substantially identical documents or other Information shall be treated as Confidential once notice is given of the

inconsistent designation. Any Party that becomes aware of the inconsistent designation shall be responsible for giving notice of such inconsistent designation.

17. Inadvertent disclosure of any Information produced in response to a discovery request in this Action that a party or non-party later claims should have been withheld on grounds of privilege, including, for example, the attorney-client privilege or the work product doctrine (collectively referred to hereinafter as "Inadvertently Disclosed Information"), will not be deemed to have waived any such privilege as to the Information itself or the subject matter of that Information solely because of the inadvertent disclosure.

18. The procedure for handling Inadvertently Disclosed Information shall be as follows:

   a. A Producing Party may request the return of Inadvertently Disclosed Information by giving notice to each party to which it produced such Information identifying such Information and stating the basis for its privilege assertion ("Notice of Recall").

   b. In the event that only part of the Inadvertently Disclosed Information is claimed to be privileged or protected, the Producing Party asserting inadvertent disclosure shall furnish to the parties to which it produced the Inadvertently Disclosed Information a redacted copy of such information, removing only the part(s) thereof claimed to be privileged or protected, together with such written notice.

   c. Upon receipt of the Notice of Recall, a party shall use reasonable efforts to promptly destroy or return to the Producing Party asserting inadvertent disclosure all copies of the Inadvertently Disclosed Information and refrain from reviewing the same for any purpose. If a receiving party has already disclosed the Inadvertently Disclosed Information, that receiving party must take commercially reasonable efforts to retrieve all copies of the Inadvertently Disclosed Information and either destroy or return such materials to the Producing Party asserting inadvertent disclosure.

   d. Within ten (10) business days of receipt of the Notice of Recall, a party contesting application of the privilege must give written notice to the Producing Party.

   e. Within ten (10) business days of giving notice that the party is contesting

privilege or some other date as may be mutually agreed upon between the parties, the parties shall meet and confer regarding the privilege claim.

  f.  If, after compliance with the foregoing steps (a) through (e), a party contesting application of the privilege concludes that it still disputes the validity of the claim of privilege, it may bring the matter to the Court's attention under Local Civil Rule 37.2 within (i) ten (10) days after the parties' meet and confer; or (ii) ten (10) days after a party's request for a meet and confer, in the case that the meet and confer does not timely occur; or (iii) such other time period as to which the applicable parties and/or non-parties have agreed in writing; or (iv) such time required pursuant to a Court order.

  g.  If the recall of the Inadvertently Disclosed Information is made during the taking of a deposition or shortly before the occurrence of a deposition, the examining counsel, defending counsel, and counsel for the Producing Party shall meet and confer in good faith at the earliest possible opportunity and in any event prior to the conclusion of the deposition to determine appropriate steps under the circumstances. In the event the parties cannot agree to the appropriate steps under the circumstances, the Inadvertently Disclosed Information shall not be used at the deposition. In the event the claim of privilege is withdrawn or the Court determines the Inadvertently Disclosed Information not to be subject to a valid claim of privilege after the deposition has concluded, if examining counsel and defending counsel do not agree otherwise, the Court shall determine any appropriate remedy, including whether, and to what extent, a reopening of the deposition may be necessary.

  h.  If a request for an informal conference pursuant to Local Civil Rule 37.2 has been denied or the discovery dispute has not been resolved as a consequence of such conference, no party moving the Court for an Order compelling production of the material shall assert as ground for entering such an Order that the Producing Party waived any privilege because of the inadvertent disclosure.

**Filing Under Seal**

19. In the event a party wishes to file with a court documents, tangible things or other Information designated as Confidential Information, or any pleading, motion, or other paper filed with a court containing or disclosing Confidential Information not so designated by the filing party, the filing party shall file such Information under seal with the clerk of the court, or follow such local procedures as are available to seal or to seek otherwise to maintain confidentiality of

8

the filing. The filing party shall contemporaneously notify the Producing Party that such a filing has been made. In cases of filings of submissions made to this Court, the Producing Party shall have at least seven (7) days to submit a declaration explaining why the Information should remain under seal. The Clerk of the Court shall keep the Information under seal until further order of the Court. The parties will use their best efforts to minimize such sealing, and the Court retains discretion whether to afford confidential treatment to any Information filed with the Court.

### Use of Confidential Information at Trial

20.  The parties shall confer and attempt to agree before any trial or other hearing on the procedures under which Confidential Information may be introduced into evidence or otherwise used at such trial or hearing. Upon reaching such agreement, the parties shall give notice of the terms of such agreement to each non-party producing any Confidential Information that may be used or introduced at such trial or hearing.

21.  Absent agreement, the parties shall request that the court issue an order governing the use of such Confidential Information at trial or hearing upon reasonable notice to all parties and/or non-parties who have produced such information.

### Procedures Upon Termination of Action

22.  All provisions of this Protective Order restricting the use of Information obtained during discovery shall continue to be binding after the conclusion of this Action, including settlement or judgment and all appeals, until further order of the Court, unless the parties agree otherwise in writing, and except to the extent necessary for counsel to defend its conduct if such conduct is challenged in a collateral or pending action. Any and all originals and copies of documents or other Information deemed to be Confidential shall, at the request of the Producing

Party, be destroyed or (at the expense of the Producing Party) be returned to the Producing Party, within 60 days after a final judgment and all appeals herein, or settlement of this Action or any Related Action (whichever is latest), except that outside counsel for each party (whether or not counsel of record) may maintain in its files copies of each pleading and litigation document filed with this Court or any court in a Related Action, each written discovery request and written response thereto, deposition transcripts or exhibits thereto, designated trial exhibits, or copies of documents filed with this Court or any court in a Related Action that contain Confidential Information. If the possessing party elects to destroy the Information rather than return it, the possessing party shall provide the Producing Party written certification that the destruction has been completed using commercially reasonable efforts. This paragraph does not create an obligation to return or destroy attorney work product or attorney-client communications that contain or reflect Confidential Information. Nothing in this provision shall limit the right, if any, of any party or non-party to object to, and seek a ruling of the Court concerning, a party's retention of any Information produced. To the extent any person or entity retains copies of Information pursuant to the terms of this Paragraph, such Information shall continue to be subject to the protections provided by this Order. In addition, all restrictions in this Order regarding the use by any person or entity of anything contained in or obtained from the Information shall continue even after such Information is returned or destroyed.

**Miscellaneous**

23. Producing or receiving Confidential Information pursuant to, or otherwise complying with the terms of, this Protective Order shall not:

    a. operate as an admission by any party or Producing Party that any particular Confidential contains or reflects confidential information;

    b.    prejudice in any way the rights of any party or Producing Party to object to the production of documents it considers not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Information;

    c.    prejudice in any way the rights of any party or Producing Party to object to the relevancy, authenticity, or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

    d.    prejudice in any way the rights of any party or Producing Party to seek a determination by the Court whether any Information, whether Confidential or not, should be subject to the terms of this Protective Order;

    e.    prejudice in any way the rights of any party or Producing Party to petition the Court for a further protective order relating to any confidential information;

    f.    prejudice in any way the rights of any party or Producing Party to move the Court to broaden or restrict the right of access to and use of particular Information;

    g.    prevent the parties to this Protective Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Information; or

    h.    be construed as an agreement by any person or entity to produce or supply any document, or as a waiver by any person or entity of its right to object to the production of any document, or as a waiver of any claim of privilege with respect to the production of any document.

24.    The parties shall serve a copy of this Order simultaneously with any discovery request made to any non-party in this Action.

25.    This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

26. This order resolves the Joint Motion for Confidentiality Protective Order (Dkt. 676). The Clerk shall terminate that motion.

27. Notwithstanding anything to the contrary herein:

a. Any papers filed under seal in this action shall be made part of the public record on or after January 1, 2018 unless the Court otherwise orders.

b. Any person may apply to the Court for access to any papers filed under seal pursuant to this order. Should such an application be made, the person or persons who designated the sealed material as Confidential shall have the burden of establishing good cause for the continuation of the sealing order unless the Court previously made an individualized determination of the existence of good cause for sealing.

SO ORDERED.

Dated:     January 11, 2013

_____
Lewis A. Kaplan
United States District Judge

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
:
CHEVRON CORPORATION,                 :
:
           Plaintiff,                :
:     CASE NO. 11-CV-0691 (LAK)
    v.                               :
:
STEVEN DONZIGER et al.,              :
:
           Defendants.               :
:
------------------------------------- x

## CERTIFICATION

I, _____, hereby certify that: (a) I have reviewed the Protective Order governing Confidential Information (the "Order") issued by the Court in the above-captioned action, and I understand its terms; (b) I understand that the Confidential Information is being provided to me pursuant to the terms of the Order; (c) I agree to be bound by the provisions of the Order; and (d) I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcing the Order.

Dated: _____     Signature: _____

13