# MEMO ENDORSED

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

CHEVRON CORPORATION,

          Plaintiff,

    v.

STEVEN DONZIGER, THE LAW OFFIC-
ES OF STEVEN R. DONZIGER,
et al.,

          Defendants.

**CASE NO. 11-CV-0691(LAK)**



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/23/13

**DEFENDANTS HUGO GERARDO CAMACHO NARANJO AND JAVIER PIAGUAJE
PAYAGUAJE'S RENEWED MOTION FOR A PROTECTIVE ORDER TO STRIKE
PLAINTIFF CHEVRON CORPORATION'S SUBPOENAS TO PRODUCE
DOCUMENTS, INFORMATION, OR OBJECTS**

The LAP Representatives here move – for a second time – for a protective order with respect to certain subpoenas served by Chevron on non-party witnesses, purportedly pursuant to leave granted by the Court in its order disposing of the earlier motion.[1] Dkt. 708, at 3-4.

1.      The last date for the service of document requests, which as the Court has ruled includes document subpoenas on non-party witnesses, was December 1, 2012. Subpoenas 2, 4, 5, 8, 12a, 12b, 14a, 15a, 16 and 18 listed on Dkt. 698, Ex. A (which correspond to nos. 1 through 10 and Exhibit 1 to Dkt. 728), concededly were served after December 1, 2012. Subpoenas 14a and 15a, which were issued in this action by this Court, are quashed. Remitting the LAP Representatives to motions to quash late subpoenas issued by courts other than this one would entail at least some risk that one or more courts would allow the contested discovery, thus affording Chevron discovery broader than this Court has permitted. As this Court recently held, a motion for a protective order is appropriate to eliminate this risk notwithstanding that a subpoena may be quashed or modified only by the court that issued it. Important also is that it is difficult to see any substantial purpose that would be served by precipitating motions to quash these subpoenas in five different districts, all on the ground that the subpoenas were served beyond the last date fixed by this Court's scheduling order, as they obviously were. Accordingly, the motion for a protective order will be granted as to these late-served subpoenas.[2]

2.      Movants next contend that some of the remaining subpoenas are overly broad in light of Chevron's clarification of the scope of its allegations that the Lago Agrio case was "sham litigation" and the Court's ruling sustaining some of Chevron's objections to certain document requests of the LAP Representatives. The only subpoenas they specifically mentioned in their motion are those to Richard Clapp, Industrial Economics ("IE"), and Partners in Health ("PH"). A table attached to their motion refers also to a subpoena addressed to David Russell.

a.      In view of paragraph 1, any issue as to the scope of the Clapp subpoena now is moot. In any case, Mr. Clapp already has stated that he has no documents responsive to the subpoena served upon him. Dkt. 733 Ex. G.

b.      David Russell was an expert for the LAPs in the Lago Agrio litigation, at least in its earlier stages. As previously noted, in 2003 he estimated the cost of an environmental cleanup at $6 billion. By 2006, however, he had concluded that the $6 billion figure had been a huge overestimate, "perhaps by a factor of ten, or more." Donziger, however, continued to use that estimate. *In re Chevron Corp.,* 749 F.Supp.2d 141, 153 n.63 (S.D.N.Y.), *aff'd without consideration of the point sub nom. Lago Agrio Plaintiffs v. Chevron Corp.,* 409 Fed. Appx. 393 (2d Cir. 2010). Discovery concerning these matters is directly relevant to Chevron's RICO, fraud, and extortion claims. Moreover, the Court is informed that Mr. Russell has completed production save of documents as to which the LAP Representatives have claimed privilege (Dkt. 733 Ex. J), so the motion is moot to that extent. That said, however, specifications 3-7 and 14 to the Russell subpoena go beyond what should be permitted in light of some of the considerations enumerated by Rule 26(b)(2)(C), even assuming *arguendo* that the information they seek were relevant. As a ruling with respect to these specifications would affect the number of documents as to which privilege determinations may be required, that part of the controversy remains alive.

---

[1]      The motion arguably goes well beyond the leave previously granted, but disposing of it on its merits would better serve the overall goal of the just, speedy and efficient determination of the action. *See* FED. R. CIV. P. 1.

[2]      The Court rejects Chevron's invitation to make timeliness dependent upon when the subpoenas were served on the parties. While one recognizes that service on non-party witnesses sometimes takes time, parties confronted with a discovery deadline framed in terms of dates of service, as was this one, ought to allow adequate time within which to effect service.

c.    In light of the fact that this case is not a relitigation of the merits of the pollution claims at issue in Ecuador but, rather, a claim of fraud and extortion against the defendants,[3] Specification 8 and 10 of the IE subpoena and Specifications 4, 9, and 15 of the PH subpoena go beyond what should be permitted in light of some of the considerations enumerated by Rule 26(b)(2)(C), even assuming *arguendo* that the information they seek were relevant.

3.    The LAP Representatives argue also that the same considerations that led the Court to question their good faith in obtaining last-minute non-party document subpoenas apply also to Chevron, which also obtained some non-party subpoenas at the last moment. But there is an undeniable difference between the situations. Chevron, at least as much as any other plaintiff, appears to have every interest in moving this case expeditiously to final judgment. The defendants have every interest in delay coupled with a record of pursuing that goal. No more need be said.

\*    \*    \*

Accordingly, this motion is granted to the extent that (a) Chevron shall take no action to enforce Subpoenas 2, 4, 5, 8, 12a, 12b, 14a, 15a, 16 and 18 listed on Dkt. 698, Ex. A (which correspond to nos. 1 through 10 and Exhibit 1 to Dkt. 728) nor obtain any documents or things pursuant thereto, (b) Subpoenas 14a and 15a are quashed, and (c) Chevron shall take no action to enforce specifications 3 through 7 or 14 of the Russell subpoena, specification 8 or 10 of the IE subpoena, and specifications 4, 9, and 15 of the PH subpoena or obtain any documents or other things pursuant thereto. The stay contained in the final sentence of Dkt.708 is vacated, as it has been superseded by this order as to Subpoenas 2, 4, 5, 8, 12a, 12b, 14a, 15a, 16 and 18 and no longer is necessary or appropriate as to the others.

SO ORDERED.

Dated:    January 23, 2013

Lewis A. Kaplan
United States District Judge

---

[3] This is elaborated upon in *Chevron Corp. v. Donziger*, No. 11 Civ. 0691 (LAK), 2012 WL 6634670, at \*3-4 (S.D.N.Y. Dec. 19, 2012).