UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
:
:
:
CHEVRON CORPORATION,                          :
:
                Plaintiff,    :
:  Docket No. 11 CV 0691 (LAK)
     v.                                     :
:
STEVEN DONZIGER, et al.,                      :
:
                Defendant.    :
---------------------------------------------------------x

**MOTION IN SUPPORT OF PLAINTIFF CHEVRON CORPORATION'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER STRIKING SUBPOENAS**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
Telephone:   212.351.4000
Facsimile:    212.351.4035

*Attorneys for Plaintiff Chevron Corporation*

Plaintiff Chevron Corporation ("Chevron") respectfully submits this memorandum of law in support of its motion for partial reconsideration of the Court's January 23, 2013 Order striking Chevron's subpoenas issued to ten non-parties, including Amazon Watch. Dkt. 738. Chevron respectfully requests on reconsideration that the Court permit its subpoena to Amazon Watch to proceed because it was timely served on November 28, 2012.

Reconsideration is proper because the sole basis for the Court's order with respect to the Amazon Watch subpoena was that it was "concededly . . . served after December 1, 2012." But that is incorrect: Chevron has not conceded this. Indeed, it has submitted proof that the subpoena was properly and timely served on Amazon Watch by personal service on its Program Director on November 28, 2012. Dkt. 706-1; Dkt. 733 at 4 n.2. Neither the LAPs nor Amazon Watch have made any showing that that service was untimely or improper. Instead, Amazon Watch attempted to confuse the issue by falsely claiming, in a submission to this Court to which Chevron had not yet had the opportunity to respond, that Chevron "agreed" to an effective service date of December 7, 2012. Dkt. 741. To the contrary, Chevron maintained then—and always has maintained—that Amazon Watch was timely and properly served on November 28.

**1. The standard for reconsideration is met.** Reconsideration is appropriate where the moving party points to matters that the court overlooked and "that might reasonably be expected to alter the conclusion reached by the court." *Cnty. of Suffolk v. First Am. Real Estate Solutions*, 261 F.3d 179, 187 (2d Cir. 2001); *see also Hogan-Cross v. Metro. Life Ins. Co.*, 568 F. Supp. 2d 410, 413 (S.D.N.Y. 2008).

**2. Chevron timely and properly served the subpoena on Amazon Watch, and has never conceded otherwise.** Chevron issued the Amazon Watch subpoena to uncover further evidence of the organization's involvement with the RICO enterprise. Amazon Watch, named as

1

a co-conspirator in Chevron's RICO complaint, serves as Defendants' public relations wing, and has played a crucial role in their public pressure campaign. As Donziger has stated, "the pain Amazon Watch can cause Chevron in many respects is greater than the pain we can cause." Dkt. 283 ¶ 218. Amazon Watch has sought to put Chevron's management and board "in a position where, to survive intact in American society as a reputable company with a competitive edge, they will be forced to settle the lawsuit." *Id*. ¶ 219. It has issued press releases that were drafted by Donziger with no or minimal revisions (*id*. ¶ 221), sought to persuade the SEC to investigate Chevron by touting the fraudulent Cabrera report (*id*. ¶ 240), and targeted shareholders to urge them to freeze purchases of Chevron stock (*id*. ¶ 252). Amazon Watch's founder, Atossa Soltani, participated in the discussion where Donziger and others plotted to shut down the Lago Agrio court with a massive protest and vowed to put together an "army" with "weapons," where she asked if the videotapes of the discussion could be subpoenaed and advised: "I just want you to know that it's—it's illegal to conspire to break the law." *Id*. ¶ 75.

Chevron served Amazon Watch at its headquarters in San Francisco on November 28, 2012 by personally serving its Program Director, Leila Salazar-Lopez. Dkt. 733 at 4 n.2. After Ms. Salazar-Lopez advised the process server on November 28 that Amazon Watch's registered agent was not available, the process server asked whether anyone authorized to accept service was available. Dkt. 733 Ex. D. Ms. Salazar-Lopez identified herself, and when asked if she was authorized to accept service, Ms. Salazar-Lopez responded "yes, I guess." Dkt. 733 Ex. D.[1]

The subpoena thus was properly served pursuant to Federal Rule of Civil Procedure 4(h), and California Code of Civil Procedure § 416.10(b). Ms. Salazar-Lopez is a "managing or

---

[1] Amazon Watch subsequently advised Chevron that its registered agent, Thomas Cavanaugh, "no longer works for the company." Dkt. 733 Ex. E. Even now, Mr. Cavanaugh is identified as Amazon Watch's registered agent for service of process, in violation of California law. *See* Cal. Corp. Code § 1504 ("If a natural person who has been designated agent for service of process . . . resigns or no longer resides in the state . . . , the corporation shall forthwith file a designation of a new agent[.]").

2

general agent" of Amazon Watch within the meaning of Federal Rule of Civil Procedure 4(h):

> [S]ervice of process is not limited solely to officially designated officers, managing agents, or agents appointed by law for the receipt of process. . . . [S]ervice can be made "upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service."

*Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (quoting *Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa*, 428 F. Supp. 1237, 1251 (S.D.N.Y. 1977)). In *Direct Mail* and *Top Form*, organizations were properly served by means of personal service on a receptionist and secretary, respectively, because they were sufficiently integrated within the organization and knew what to do with the papers. 840 F.2d at 688–89; 428 F. Supp. at 1251.

Ms. Salazar-Lopez is substantially more senior in the Amazon Watch organization than a receptionist or secretary, and is "the Program Director at Amazon Watch overseeing its programs and campaigns to defend the Amazon and advance indigenous rights." (Amazon Watch Staff and Board, http://amazonwatch.org/about/staff-and-board (last visited Jan. 28, 2013). Thus, she holds a position of sufficient authority to render it fair, reasonable and just to imply authority on her part to accept service on behalf of Amazon Watch. *See Direct Mail*, 840 F.2d at 688. Moreover, Amazon Watch's counsel contacted Chevron shortly after the subpoena was served, demonstrating that notice was accomplished. *See id*.

In any event, Ms. Salazar-Lopez's authority to accept service was not merely "implied." Ms. Salazar-Lopez advised the process server that she was authorized to accept service on behalf of Amazon Watch. Dkt. 733 Ex. D ("yes, I guess"). Both the Federal Rules of Civil Procedure and the California Code of Civil Procedure permit service on individuals authorized by the corporation to accept service. Fed. R. Civ. P. 4(h)(1)(B); Cal. Civ. Proc. Code § 416.10(b).

3

**3. Chevron never agreed that service was effected as of December 7, 2012.** Neither the LAPs nor Amazon Watch has made any showing that the November 28 service on Amazon Watch was ineffective. Instead, Amazon Watch falsely claims Chevron "agreed that service was effected as of December 7, 2012." Dkt. 741. It is unclear when Mr. Herz delivered the letter to the Court, and whether the Court considered Amazon Watch's inaccurate representations. If it did so, Chevron respectfully submits that reconsideration would be warranted for the additional reason that Chevron had no opportunity to respond to Amazon Watch's false assertions.

Both the letter and the supporting declaration of Marco Simons mischaracterize the communications between Amazon Watch and Chevron regarding service of the subpoena. Chevron never agreed that service would only be considered effective as of December 7. Rather, Chevron agreed to extend the original response date from December 12 to December 21 as a compromise, so as not to have to litigate whether service was effective. Amazon Watch's unilateral "acknowledgement" of service as of December 7 does not change the fact that service was validly effected as of November 28. Nor does the fact that Chevron granted Amazon Watch additional time to respond—something it did with many subpoena recipients—mean that Chevron "agreed" with Amazon Watch that the effective service date was December 7.

Mr. Simons's declaration attaches misleading excerpts of the relevant correspondence, but the complete correspondence demonstrates that Chevron's position has always been that service was effected on November 28. *See* Exs. A, B (email correspondence). Contrary to Mr. Simons's assertions, counsel for Chevron never agreed that the November 28 service upon Ms. Salazar-Lopez was ineffectual or that December 7 would replace it as the effective service date. Chevron only agreed to extend the date by which Amazon Watch would have to respond to the subpoena. *See* Exs. C, D ("meet and confer" correspondence).

Dated: January 28, 2013  Respectfully submitted,
New York, New York

        */s/ Randy M. Mastro*
Randy M. Mastro
Andrea E. Neuman
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Telephone: 212.351.4000
Facsimile: 212.351.4035

William E. Thomson
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520
Attorneys for Chevron Corporation

**Index of Exhibits**

Exhibit A:    12.07.2012 Email from Mark Doerr to Marco Simons
Exhibit B:    12.07.2012 Email from Mark Doerr to Marco Simons
Exhibit C:    01.11.2013 Letter from Richard Herz to Ethan Dettmer
Exhibit D:    01.14.2013 Letter from Ethan Dettmer to Richard Herz