UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
                                                            :
CHEVRON CORPORATION,                                        :
                                                            :
                Plaintiff,                              :   11 Civ. 0691 (LAK)
                                                            :
      v.                                                  :
                                                            :
STEVEN DONZIGER, et al.,                                    :
                                                            :
                Defendant.                              :
------------------------------------------------------------x


**PLAINTIFF CHEVRON CORPORATION'S OPPOSITION TO VERIFIED MOTIONS OF ATTORNEYS JOE L. SILVER AND MARTIN D. BEIER TO WITHDRAW AS COUNSEL FOR STRATUS DEFENDANTS**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
Telephone:    212.351.4000
Facsimile:    212.351.4035

*Attorneys for Plaintiff Chevron Corporation*

On February 27, 2013, counsel for the Stratus Defendants, Joe L. Silver and Martin D. Beier, sought this Court's leave to withdraw as counsel in this action. Their motions to withdraw omit recent disclosures concerning their conduct that is at issue in this case—disclosures that likely are their true motive for withdrawing. Silver and Beier are percipient witnesses to acts of fraud and obstruction of justice, including the statement of knowing falsehoods to U.S. courts. Because Silver and Beier's withdrawal risks prejudicing Chevron, if by withdrawing they claim to put themselves outside the reach of this Court's jurisdiction, Chevron objects to their withdrawal, and requests that the Court retain jurisdiction over them as witnesses in this action.

Silver and Beier have represented the Stratus Defendants in connection with Chevron matters since March 2010. They have represented the Stratus Defendants in this action from the outset of the proceedings, making their first appearance on March 28, 2011. Dkt. 234.

On April 27, 2010, on behalf of Stratus, Silver appeared in the District of Colorado in connection with Chevron's 28 U.S.C. § 1782 application for discovery from Stratus. At that hearing, he made various representations to the court suggesting that the Stratus Defendants had no direct role in the drafting of the Cabrera Report. Among other things, he described his client's "astonishment" at the "similarity" between their work and Cabrera's, and stated that there had been no direct communications between Stratus and Cabrera. Dkt. 47-62 (Ex. 300) at 69:12–13. But these representations were false. *See* Dkt. 843 at 9–10.

Several weeks later, Stratus, again through Silver, submitted a "Status Report" to the District of Colorado, which suggested that Silver's statements to the court were consistent with what Silver had been told at the time, but that "continued inquiry suggests that there were communications between Mr. Cabrera and two representatives of Stratus." Dkt. 47-62 (Ex. 301). But even that admission left in place the false impression Silver created on April 27 that Stratus had not

had any knowing role in drafting material that was submitted under Cabrera's name.

Chevron served a subpoena on Silver & DeBoskey PC on November 30, 2012, seeking documents related to these misleading representations to the District of Colorado. In an agreement negotiated between Chevron, the Silver firm, and the Stratus Defendants, Silver & Deboskey produced a small number of responsive documents, heavily redacted, on February 28, 2013.

These documents are not privileged, and Chevron intends to seek a full production of documents responsive to the subpoena. Furthermore, these documents are in the control of Stratus, and Stratus should have produced them in response to Chevron Requests for Production Nos. 28, 61–63, 82, 83, 90–97, etc. Ex. A. But Stratus did not produce them. Chevron has noticed Silver's deposition for March 13, may also seek to depose Beier, and may call one or both at trial.[1]

The day before these heavily redacted documents were produced, however, Silver and Beier submitted their motion for leave to withdraw as counsel for the Stratus Defendants in this action. Neither attorney mentions this discovery. Instead they assert that Stratus prefers to rely on a single law firm, and Silver asserts that he is limiting his practice. In light of this timing, the basis for withdrawal appears to be a pretext. Regardless, however, Chevron objects to the withdrawal insomuch as it requests the court to maintain jurisdiction over Silver and Beier, pending resolution of motions practice, depositions, and trial testimony. *See Logicom Inclusive, Inc. v. W.P. Stewart & Co.*, No. 04 Civ. 604(CSH)(DFE), 2008 WL 1777855, *4 (S.D.N.Y. Apr. 16, 2008) (acknowledging right of opposing party to oppose a motion to withdraw pursuant to Local

---

[1] The Second Circuit has sustained this Court's authority to authorize the deposition of counsel of record, including trial counsel. *See In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 72 (2d Cir. 2003) ("[T]he standards set forth in Rule 26 require a flexible approach to lawyer depositions whereby the judicial officer supervising discovery takes into consideration all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship. Such considerations may include the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted.").

Rule 1.4 and, although granting leave to withdraw, retaining jurisdiction over former counsel of record for any future motion opposing party may bring against former counsel for litigation conduct occurring prior to withdrawal).

Dated: March 4, 2013
New York, New York

Respectfully submitted,

/s/ Randy M. Mastro
Randy M. Mastro
Andrea E. Neuman
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Telephone: 212.351.4000
Facsimile: 212.351.4035

William E. Thomson
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520
Attorneys for Chevron Corporation

**Index of Exhibits**

Exhibit A:   Chevron Corporation's First Set of Requests for Production of Documents to Defendant Stratus Consulting, Inc.