UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CHEVRON CORPORATION,

                 Plaintiff,

-against-                                11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

                 Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/7/2013

## RULE 16 ORDER

LEWIS A. KAPLAN, *District Judge*.

       The Court held a Rule 16 conference with counsel on March 5, 2013. It hereby issues the following order, pursuant to Fed. R. Civ. P. 16(d), reciting the action taken.

       1.      Number of Depositions

       Chevron, the LAP Representatives, and the Stratus Defendants agree, subject to Court approval, that 21 depositions should be allowed for the defendants collectively and 21 for Chevron. The Donziger Defendants requested that there be no more than 10 depositions for each side. Neither the LAP Representatives nor the Stratus Defendants objected to the Donziger Defendants' request that the limit be 10 depositions on each side.

       The Court directed the parties to confer and to report by March 12, 2013 any agreement of all parties as to the number of depositions for each side, subject to court approval if the number proposed exceeds ten. Failing agreement, the parties shall submit their respective positions with respect to the number of depositions per side, as well as justification for any depositions beyond 10 per side and a definitive list of who the proposed deponents are.

       2.      Foreign Depositions

       a.      It was agreed, and the Court now directs, that all depositions of foreign resident persons or entities who do not come to the United States and submit to depositions here shall be conducted in United States Embassies in their countries of residence or in a country in South or Central America reasonably close to their countries of residence.

2

b. The LAP Representatives agreed to the foregoing with respect to Ecuadorian witnesses with the reservation that those depositions should take place if at all possible at the United States embassy in Quito. The Court referred to the pending dispute as to whether any depositions should be taken within the geographic boundaries of Ecuador and granted plaintiff until March 11, 2013 to make any additional submission on that point, with the opposing side's response to be filed no later than March 18, 2013. Following those submissions, the Court will determine whether depositions of Ecuadorian witnesses shall take place at a United States Embassy in a country other than Ecuador.

c. In the case of foreign witnesses whose depositions are taken by plaintiff outside of the home country of a witness, Chevron will reimburse the witnesses for the reasonable transportation, subsistence, lodging, and incidental expenses incurred by them with respect to the travel from Quito, Ecuador to the deposition location.

3. Foreign Witnesses Who Decline to Be Deposed

Chevron, the LAP Representatives, and the Stratus Defendants agree, subject to Court approval, that no foreign witness who fails to submit to a deposition abroad in a United States Embassy as outlined in paragraph 2 shall be permitted to testify at trial or other proceedings. The Donziger Defendants requested that there be a procedure for seeking leave of the court for exceptions to this rule to permit such a witness to testify after the witness submits to deposition in the United States prior to trial.

The Court directed the parties to confer and report by March 12, 2013 any agreement as to such a procedure or, in the absence of any agreement, the parties' respective positions and whether any party feels that further briefing or evidentiary submissions are necessary.

4. Chevron's Proposed Motion for Sanctions

Chevron's proposed motion is to be filed no later than March 12, 2013. Responsive papers shall be filed no later than March 26, 2013. Reply papers shall be filed no later than April 2, 2013.

The moving and answering briefs are not to exceed 25 pages and the reply brief is not to exceed 15 pages.

5. Chevron's Motion for Partial Summary Judgment

The non-moving parties' time to file papers in opposition to Chevron's pending motion for partial summary judgment is extended to and including March 18, 2013, defendants all having agreed that there will be no further extension after that date.

3

      6.    <u>Subpoena to Patton Boggs</u>

Counsel for Patton Boggs reported that Patton Boggs has produced all responsive hard copy documents and intends to produce a privilege log with respect to those documents by March 15, 2013, both as directed by the Court's February 4, 2013 order.

The Court suggested to counsel for Patton Boggs that, upon issuance of the Court's decision of the remaining issues with respect to the subpoena, Patton Boggs will be obliged to complete production much more quickly than it had reported it expected it would.

SO ORDERED.

Dated:    March 7, 2013

_____
Lewis A. Kaplan
United States District Judge