# UNITED STATES DISTRICT COURT   MEMO ENDORSED
## SOUTHERN DISTRICT OF NEW YORK

CHEVRON CORPORATION,

               Plaintiff,

    v.

STEVEN DONZIGER, THE LAW OFFIC-
ES OF STEVEN R. DONZIGER,
et al.,

               Defendants.

CASE NO. 11-CV-0691(LAK)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/13/13

## DEFENDANTS HUGO GERARDO CAMACHO NARANJO AND JAVIER PIAGUAJE PAYAGUAJE'S MOTION TO COMPEL PLAINTIFF CHEVRON CORPORATION'S RESPONSES TO INTERROGATORIES AND REQUESTS FOR ADMISSION

400744.3

Memorandum Endorsement                    Chevron Corp. v Donziger, 11 Civ. 0691 (LAK)

      1.     Movants' arguments with respect to the so-called "science and environmental discovery requests" (Dkt. 812, at 1) are unpersuasive both because the requested material exceeds even the broad scope of relevant discovery and, to any extent that it does not, because "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case . . . and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

      2.     The movants seek to compel Chevron to answer their "Interrogatory No. 10 and related requests" relating to *ex parte* contacts and meetings in Ecuador. Chevron's objection to Interrogatory No. 10 is overruled. Insofar as the movants' implicitly seek under this heading to compel production in response to requests for production ("RFP"s) nos. 262 and 263, Chevron's objection that RFP 263 is overbroad is sustained to the extent the request includes the phrase "and any representative or agency of the government of the United States of America" and otherwise overruled.

      3.     Movants seek to compel a response to Interrogatory No. 12, which seeks information concerning Chevron's contacts in countries in which enforcement proceedings are pending. Dkt. 812, at 3.

      The LAPs and the Donziger Defendants are alleged to be engaged in an extortion effort, one of the pillars of which is threatening Chevron with harm unrelated to the inherent merit or lack thereof of the Ecuadorian judgment. Among the contributing factors is the threat of the use by the LAPs counsel of political and other contacts in countries in which enforcement has been or may be sought. *See, e.g., Chevron Corp v. Donziger,* 768 F. Supp.2d 581, 622-24 & nn.224-30 (S.D.N.Y. 2011), *rev'd sub nom. on other grounds, Chevron Corp. v. Naranjo,* 667 F.2d 232 (2d Cir.), *cert. denied,* 133 S.Ct. 423 (2012). Thus, discovery with respect to the contacts of these defendants in such countries is relevant.

      There is no comparable allegation against Chevron. The closest these defendants come is the assertion in their motion papers that contacts by Chevron in countries in which enforcement efforts have been brought would be pertinent to these defendants' unclean hands defenses. There is at least one major difficulty with that argument. These defendants' unclean hands defenses do not allege that Chevron has been guilty of any improper actions in any country in which enforcement has been or may be sought, let alone any actions that have an "immediate and necessary relation to the equity that plaintiff seeks in respect of the matter in litigation," as would be essential to any unclean hands assertion.[1] As previously noted, the unclean hands defenses that have been asserted are far narrower, say nothing at all about any alleged actions in any country in which enforcement has been or may be sought, and are legally sufficient, if at all, only "to the extent [they are] . . . based . . . on . . . [certain] allegations of misconduct in or in relation to the Lago Agrio litigation." *Chevron Corp. v. Salazar,* No. 11 Civ. 3718 (LAK), 2011 WL 3628843, at *9-10 (S.D.N.Y. Aug. 17, 2011) (LAP Representatives' unclean hands defense); *see* Tr., Sept. 25, 2012, at 112:21-113:2 (Donziger Defendants).

---

[1]     *Specialty Minerals, Inc. v. Pluess-Staufer AG,* 395 F. Supp.2d 109, 112 (S.D.N.Y.2005).

4.       Movants seek to compel an answer to Interrogatory 13 which states asks:

> "Identify all PERSONS involved with the Yasuni-ITT Initiative, and any representative or agent of the project, that YOU met with and/or communicated with, CONCERNING the ECUADORIAN LITIGATION, the REMEDIATION, the RELEASE, the CRIMINAL CHARGES, the JUDICIAL STING OPERATION, and/or THIS CASE and identify the date, location, and brief description of the substance of the communication of each meeting and communication." Dkt. 811, Ex. K, at 20.

They claim, moreover, that "Chevron sought discovery on each of these topics . . . and has been ordered to produce documents concerning each." *Id.* & nn. 4-5.

It of course is true that Chevron sought and in some instances should obtain discovery concerning "the Ecuadorian Litigation" and other listed subjects. But this amounts to an argument that this Interrogatory should be answered because Chevron has sought discovery concerning this case, which is not exactly a persuasive or sensible argument.

In fact, the subject of the Yasuni project came up during a hearing on the movants' application to compel document production by Chevron. After hearing the LAP Representatives' explanation of their request, the Court observed that the requests were "about as far fetched as anything." The LAP Representatives' counsel responded, "We'll withdraw this topic . . . as to the Yasuni. Tr., Dec. 21, 2012, 168:6-170:22.

It is entirely likely that the expansive discovery to which Chevron has agreed or that the Court, over its objection, has ordered will include documents relating to a plethora of communications with various people, including people involved in the Yasuni project, on all of the subjects listed in Interrogatory 13. In view of that fact, of the tacit concession by the LAP Representatives that the Yasuni project was too far afield to justify their documents requests on that subject, and of the lack of any showing that Chevron has been or is likely to be unresponsive or evasive at depositions or otherwise, the Court is satisfied that this is another instance in which "the burden or expense of responding to this discovery outweighs its likely benefit, considering the needs of the case . . . and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

5.       Movants next seek to compel production of videos that, movants argue, were created or commissioned in 2005-06 "to document [Chevron" pre-inspection procedures carried out in anticipation of the Ecuadorian court's judicial inspections," (Dkt. 812, at 4 [incorporating Dkt. 811, at 1]), inspections that never were fully carried out because the movants coerced an Ecuadorian judge to terminate them by threatening him with a misconduct complaint.[2] In view of the fact that

---

[2]

E.g., *Chevron Corp. v. Donziger,* 886 F. Supp.2d 235, 2012 WL 3538749, at *3, *11-12, *32 *et seq.*   (S.D.N.Y. 2012).

3

the Ecuador pollution case is not to be retried here, these videos are not relevant. Even if they had some relevance, "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case . . . and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

Accordingly, the motion to compel [Dkt. 812] is granted to the extent that Chevron shall respond to Interrogatory No. 10 and produce the documents requested by RFP Nos. 262 and 263 as modified. It is denied in all other respects.

SO ORDERED.

Dated:         March 13, 2013

_____
Lewis A. Kaplan
United States District Judge