UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHEVRON CORPORATION,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>STEVEN DONZIGER, THE LAW OFFICES<br>OF STEVEN R. DONZIGER; et al.,<br><br>　　　　　　　Defendants. | Case No. 11-CV-0691 (LAK) |

**DECLARATION OF STEVEN DONZIGER IN SUPPORT OF STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, AND DONZIGER & ASSOCIATES, PLLC'S OPPOSITION TO CHEVRON CORPORATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON ALL CLAIMS, COUNTERCLAIMS, AND AFFIRMATIVE DEFENSES, AND SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSE OF COLLATERAL ESTOPPEL**

734206.01

I, STEVEN DONZIGER, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am a defendant in the above-captioned matter. I submit this declaration in support of Donziger's Opposition to Chevron Corporation's Motion for Partial Summary Judgment on all Claims, Counterclaims, and Affirmative Defenses, and Summary Judgment on Defendants' Affirmative Defense of Collateral Estoppel ("Motion"). I have personal knowledge of the facts stated in this declaration, and if I were called to testify about these facts, I would and could do so.

2. I have reviewed the publicly filed Declaration of Alberto Guerra Bastidas, dated November 17, 2012 (Dkt. No. 746-3, Ex. C) ("Guerra Decl."), which Chevron submitted in support of its Motion. I address here only the specific allegations in the Guerra Decl. made about me.

3. In Guerra Decl. ¶13, Guerra alleges that in a restaurant in Quito, Ecuador, I "thanked [Guerra] for [his] work as a ghostwriter in this case and for helping to steer the case in favor of Plaintiffs". I deny that this occurred. I am unaware that Guerra has ever ghostwritten decisions in the Lago Agrio litigation; I am unaware of any "help" by Guerra to "steer" the decision in favor of plaintiffs in the Lago Agrio litigation; and I never thanked Guerra for these things.

4. In Guerra Decl. ¶19, Guerra alleges that, in response to an email request he made to me for assistance in connection with an immigration matter, I "sent word through Mr. Fajardo that [I] had received the email and that [I] would look into the issue." I deny that this occurred. Although I recall receiving an email from Guerra seeking immigration assistance on behalf of a relative or friend, I never sent word through Mr. Fajardo confirming that I "would

2

734206.01

look into the issue," nor did I take any steps, directly or indirectly, to assist him in any immigration matter. Instead, I simply ignored Guerra's email.

5. In Guerra Decl. ¶23, Guerra alleges that I discussed with him his proposal by which the Lago Agrio Plaintiffs "could obtain a verdict in their favor in exchange for a payment of at least $500,000 to Mr. Zambrano and whatever amount [Guerra] could negotiate or agree to for [himself]", and that I responded that "at the moment" the Lago Agio Plaintiffs did not have that sum of money to pay [Guerro and Zambrano]." I deny that this occurred. I do recall being at a restaurant in Quito with Guerra, when Guerra asked for a bribe of $500,000. I refused Guerra, and told him that neither I nor anyone on the Lago Agrio Plaintiffs' team would do such a thing. I did not respond (as Guerra asserts) that the Lago Agrio Plaintiffs lacked that sum of money "at the moment." I have never sought to pay any money in exchange for a favorable verdict in the Lago Agrio litigation, nor have I encouraged or solicited anyone else to discuss or pursue paying money for a favorable verdict.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 15th day of March, 2013 at New York, New York.

*/s/ Steven Donziger*

Steven Donziger

3

734206.01