UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CHEVRON CORPORATION,

                Plaintiff,

-against-                                           11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/26/13

## ORDER OF APPOINTMENT

LEWIS A. KAPLAN, *District Judge*.

        The Court on March 1, 2013 granted Chevron's motion for the appointment of a special master to the extent that it ruled that it would appoint at least two special masters in order to handle depositions in this matter. Affidavits of Messrs. Max Gitter and Theodore H. Katz, whom the Court is considering for appointment, have been filed pursuant to Fed. R. Civ. P. 53(b)(3)(A), and the parties were given an opportunity to object. Having considered the parties' responses, it is hereby

        ORDERED, as follows:

        1.     The objections to the appointment of Mr. Gitter, all or most of which have been considered and rejected on previous occasions, all are without merit and are overruled.

        2.     The special master shall

                a.     Preside at such depositions as the parties may agree or as the Court may designate and, at each such deposition, exercise such powers (save with respect to contempt) as the trial judge could exercise if the witness were testifying at trial including without limitation to regulate the conduct of counsel and witnesses, rule on objections to questions (including privilege objections), and direct witnesses to answer questions.

                b.     Establish deposition schedules consistent with the Court's scheduling order, resolve all issues relating to the scheduling and conduct of depositions save to the extent that the Court previously has resolved or hereafter resolves such issues,

determine subject to the orders of the Court the locations of depositions, impose any non-contempt sanction provided by Rule 37 or 45 in connection with any discovery matter within the scope of this order, and recommend contempt sanctions to the Court in relation thereto.

    c.    Attempt to resolve informally any conflicts with respect to depositions where such efforts appear to the special master to warrant such attempts.

    d.    Consult with the Court with respect to such matters relating to this case as the Court may request or permit.

    e.    Direct, supervise, monitor, and report upon implementation of and compliance with the Court's orders with respect to discovery and make recommendations with respect to remedial action if he deems it advisable or the Court so requests.

    f.    Interpret any agreements reached by the parties with respect to discovery.

    g.    Communicate with parties and attorneys to permit the full and efficient performance of these duties.

    h.    Perform such other duties as the Court may request or direct or as are permitted by Fed. R. Civ. P. 53(c).

    3.    The special masters may communicate *ex parte* with the Court, with each other, and with any assistant(s) employed in accordance with paragraph nine, in each case at their discretion, without providing notice to the parties. Each may communicate *ex parte* with any party or witness, or counsel for any party or witness, upon prior notice to and with consent from counsel for all parties.

    4.    The special master shall preserve and file as the record of his activities any written requests for relief and supporting papers, any opposing papers, any reply papers, any transcripts of any oral proceedings with respect to any such requests, and any ruling or recommendation to the Court with respect thereto. He shall not otherwise be obliged to preserve or file any records.

    5.    Except to the extent any different standard is prescribed by Fed. R. Civ. P. 53, the special master's orders, findings and recommendations shall be reviewable by the Court *de novo* as to issues of law and for clear error as to issues of fact. In the event of any such request for review, the special master in question promptly shall file such parts of the record as may be designated by any party as relevant to the request for review.

    6.    Any application for review of any ruling by a special master with respect to objections (including privilege) or directions to answer questions during the course of any deposition

3

shall be filed no later than 48 hours of the ruling. Any other objections shall be filed no later than seven days after the order or ruling with respect to which review is sought.

7. The singular use of the phrase "special master" in paragraph 1, 2 and 3 through 6 of this order includes both the singular and the plural. The special masters may act singly or collectively, as they deem appropriate, provided, however, that only one special master shall preside at the deposition of any single witness.

8. Mr. Gitter shall be compensated at the hourly rate schedule he maintains at Cleary, Gottlieb, Steen & Hamilton ("Cleary"), and Judge Katz shall be compensated at the hourly rate schedule he maintains at JAMS. The time records, compensation, and expenses of the special masters and any assistants (*infra* ¶ 9) shall be administered by Cleary and JAMS, respectively. They and any assistants shall also be reimbursed for disbursements in accordance with the policies of their respective organizations, as well as for the costs of travel, lodging, meals, and incidental expenses, while traveling in order to perform their duties hereunder. The special masters shall bill monthly for their compensation, disbursements, and expenses. On an interim basis, each shall bill plaintiff for 50 percent of the cost and defendants (other than the Stratus Defendants) for 50 percent of the costs. The defendants other than the Stratus Defendants shall be jointly and severally liable for payment of the bills. The ultimate allocation of the costs of the special masters shall be fixed at the conclusion of their services, taking into account the factors enumerated in Fed. R. Civ. P. 53(g)(3). *See Lago Agrio Plaintiffs v. Chevron Corp.*, 409 Fed. Appx. 393, 395 (2d Cir. 2010).

9. Mr. Gitter is authorized to employ up to one Cleary associate and up to one Cleary legal assistant to facilitate the performance of his duties hereunder. Any such assistants may travel in connection with their duties only if and to the extent the Court subsequently may authorize.

SO ORDERED.

Dated:     March 26, 2013

_____
Lewis A. Kaplan
United States District Judge