UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHEVRON CORPORATION,<br><br>               Plaintiff,<br><br>    v.<br><br>STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, et al.,<br><br>               Defendants. | CASE NO. 11-CV-0691(LAK) |

**DEFENDANTS HUGO GERARDO CAMACHO NARANJO'S, JAVIER PIAGUAJE PAYAGUAJE'S, AND THE DONZIGER DEFENDANTS' JOINT MOTION TO RECONSIDER THE COURT'S MARCH 15, 2013 ORDER REGARDING CHEVRON'S SUBPOENA TO <u>PATTON BOGGS, DKT. 905</u>**

    Defendants Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, and the Donziger Defendants respectfully request that the Court reconsider its March 15, 2013 Order regarding Chevron's subpoena to Patton Boggs, Dkt. 905. In its rush to render findings that the Court plans to use to attack the recognizibilty of the Lago Agrio Judgment, the Court has gone outside the record in the relevant briefing. Moreover, to do so the Court reached beyond the record to rely on numerous pieces of evidence *raised for the first time* by Chevron in its Motion for Summary Judgment, Dkt. 745—filed three weeks after briefing closed on the Patton Boggs subpoena issue—before Defendants had the opportunity to respond. Specifically, before

Defendants' opposition to Chevron's Motion for Summary Judgment was even due, the Court adopted as true the bought-and-paid-for declaration of disgraced former Ecuadorian Judge Alberto Guerra, Dkt. 746, as well as unexamined physical evidence purportedly from Guerra, and even cited to *Chevron's Rule 56.1 Statement*. Dkt. 905. The Court also cited as support for its Order conclusions from Chevron's army of expert witnesses, none of whom have yet been deposed. In addition, the Court relied on information submitted by Chevron in its Motion for Sanctions for Contempt, filed on March 12, 2013, Dkt. 894, more than two months after the Patton Boggs briefing closed. The Court relied on Chevron's submissions with that motion *more than two weeks* before Defendants' briefing in opposition was due.

In short, the Court found probable cause to believe that there was fraud in the procurement of the Lago Agrio Judgment without so much as waiting for the Defendants to respond to Chevron's later-submitted evidence, or for the discovery process to take its course. The Court's order was either procedurally improper for considering information outside of the record of the Patton Boggs subpoena matter, or premature for relying on Chevron's evidence submitted in other proceedings before Camacho and Piaguaje had an opportunity to file their oppositions, said oppositions disputing nearly every contention made by Chevron. Therefore, the Court should reconsider its prior order.

The Court's Order, in addition to crediting evidence that should be stricken, rewards Chevron for its repeated bad faith tactic of withholding evidence and then flooding the record by dumping thousands of documents upon Defendants. In December 2012, Defendants Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, and the Donziger Defendants jointly moved to stay briefing on only the first prong of the issue of the crime-fraud exception to attorney-client privilege raised by Chevron in its subpoena to Patton Boggs. Dkt. 677.

Defendants requested that the crime-fraud analysis be deferred to the main case, allowing both (1) the opportunity to rebut properly Chevron's mountains of "new evidence" and (2) a ruling based on a complete record. *Id.* The Court quickly denied that motion, *see* Dkt. 681, finding "no reason whatever" why further briefing on the issue should proceed apart from the main case, and as a result, the parties completed their briefing on the subpoena on January 7, 2013.

In a February 4, 2013 hearing before the Court, the Court indicated that it was "preparing a ruling," and gave no indication that the record for the purposes of the Patton Boggs subpoena had been reopened. Feb. 4, 2013 Tr. at 51:18-25, Dkt. 839. Later, during a March 5, 2013 hearing, the Court pronounced its order as coming "soon," and being "very close" to completion. Mar. 5, 2013 Tr. at 43:2-8. At no point was there any indication, much less any order, by the Court that it was reopening the record for the purposes of the Patton Boggs subpoena. *Id.* Nonetheless, ten days later, Defendants' concerns were validated, as on March 15, 2013, the Court ruled, based largely on evidence submitted for the first time in Chevron's later—and *still* not fully briefed—Motion for Partial Summary Judgment, that Chevron had established probable cause to believe that there was fraud in the Lago Agrio Judgment. Dkt. 905. The Court rushed that ruling out on March 15, 2013 knowing that Defendants' opposition to the motion for partial summary judgment was due March 18, and their opposition to the Motion for Sanctions was due March 26.

Specifically, the Court's Order quotes liberally from the declaration of former Judge Alberto Guerra—a witness that Chevron is paying hundreds of thousands of dollars for his "information" and "cooperation"—as well as new reports from Chevron's experts, none of whom have been deposed. *Id.* Moreover, in relying on Chevron's Motion for Sanctions—and not waiting for Defendants to respond—the Court made multiple errors of fact, concluding,

3

incorrectly, that the Protection Order issued in Ecuador was the result of "collusive" proceedings in which (1) both sides were represented by the same counsel, (2) Pablo Fajardo argued for both parties, and (3) "ostensible defendants agreed with the ostensible plaintiff." Dkt. 905 at 48. All three of these findings are disproved by the record itself. *See* LAP Response in Opp. to Chevron Mtn. for Sanctions, Dkt. 950, at 19-21. Had the Court simply provided Defendants the opportunity to respond, such errors could have been avoided.[1]

If the Court's Order is going to be based upon a wider portion of the record, then the Court should consider *all* of the record. For example, the Court need consider Defendants' Oppositions to Chevron's Motion for Summary Judgment, their responses to Chevron's Rule 56.1 Statement, their Motions to Strike several of Chevron's declarations, including Guerra's, and Defendants' Opposition to the Motion for Sanctions for Contempt, and Defendants incorporate these documents by reference. *See* Dkts. 916-22, 930, 947-48, and 950-52. Accordingly, Defendants

---

[1] Although Defendants take exception almost in total to the Court's characterization of the facts—which adopts Chevron's narrative in whole cloth to the virtual exclusion of contrary facts in the record—the Opinion contains several additional, undisputable errors that deserve mention. For example, in discussing the LAPs' defense of Chevron's § 1782 proceeding in Colorado and the submission of a declaration by Pablo Fajardo to the Colorado court, the Court writes: "PB was heavily involved in drafting the Fajardo Declaration which, in the words of one PB partner, Eric Westenberger, was intended to 'cleanse any perceived impropriety related to the Cabrera Report.'" Dkt. 905 at 32. But the referenced email has nothing to do with the Fajardo Declaration or the Colorado proceeding; rather, it speaks to a "Petition that [the LAPs were] contemplating filing before the Ecuadorian court" that would seek the opportunity to submit additional expert reports on the issue of damages. *See* Dkt. 9-08. Also, what the Court repeatedly refers to as "another Fajardo declaration" filed in *Ecuador* (*see, e.g*., Dkt. 905 at 38) is not a declaration, but rather, a brief. *See* Dkt. 549-4 at 58. The Court's confusion may result from the fact that the brief begins with "I, Pablo Fajardo Mendoza. . . ," but that is how the briefing submitted to the Lago Agrio Court, including Chevron's, typically opened—the parties' briefs are generally written in the first person. In any event, these types of errors have a way of perpetuating themselves and becoming "fact" in this case—and they should not. Finally, Defendants continue to be disturbed by the Court's unwillingness to acknowledge any fact that would tend to undermine Chevron's narrative about what occurred in Ecuador—exclusion that often borders on misleading. For instance, describing a series of events that the Court describes as among the "*foci* of this case," the Court writes that "the LAPs asked the Lago Agrio court to end the judicial inspection process" and that the Ecuadorian "court adopted that proposal . . . and cancelled most of the remaining inspections." Dkt. 905 at 10. Similarly, in another recent Order denying the LAP's motion to compel Chevron to produce videos related to its judicial site inspections, the Court stated that Chevron's "inspections . . . never were fully carried out because the movants coerced an Ecuadorian judge to terminate them. . . ." Dkt. 901 at 3. But the Court consistently refuses to acknowledge the undisputed, material fact that *Chevron was permitted to complete all of the inspections that it asked for* at the outset of the judicial site inspection process, notwithstanding the fact that the LAPs chose to forego some of theirs because they believed they had done enough to prove their case and lacked resources. *See, e.g*., Dkt. 614 at ¶ 179.

Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje respectfully request that the Court reconsider its March 15, 2013 Order regarding Chevron's subpoena to Patton Boggs.

Dated: March 29, 2013
       Houston, Texas

                                  Respectfully submitted,

                                  /s/ *Tyler G. Doyle*
                            CRAIG SMYSER (*pro hac vice*)
                            LARRY R. VESELKA (*pro hac vice*)
                            TYLER G. DOYLE
                            SMYSER KAPLAN & VESELKA, L.L.P.
                            700 Louisiana, Suite 2300
                            Houston, TX 77002
                            Telephone:    (713) 221-2330
                            Facsimile:    (713) 221-2320
                            Email:     tydoyle@skv.com
                            Email:     csmyser@skv.com
                            Email:     lveselka@skv.com

                            Julio C. Gomez
                            GOMEZ LLC
                            The Trump Building
                            40 Wall Street, 28th Floor
                            New York, NY  10005
                            Telephone:    (212) 400-7150
                            Facsimile     (212) 400-7151
                            Email:     jgomez@gomezllc.com

                            *Attorneys for Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje*


By:        */s/ John W. Keker*
       John W. Keker  (*pro hac vice*)
       Elliot R. Peters
       Jan Nielsen Little  (*pro hac vice*)
       Matthew M. Werdegar (*pro hac vice*)
       Keker & Van Nest LLP
       633 Battery Street
       San Francisco, CA  94111-1809
       Telephone:   415.391.5400
       Facsimile:    415.397.7188

Email: jkeker@kvn.com
Email: epeters@kvn.com
Email: jlittle@kvn.com
Email: mwerdegar@kvn.com

*Attorneys for Defendants Steven Donziger, The Law Offices of Steven R. Donziger, and Donziger & Associates, PLLC*