UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHEVRON CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, et al.,<br><br>    Defendants. | CASE NO. 11-CV-0691(LAK) |

**DEFENDANTS HUGO GERARDO CAMACHO NARANJO AND JAVIER PIAGUAJE PAYAGUAJE'S MOTION TO SUPPLEMENT THE SUMMARY JUDGMENT RECORD WITH NEW EVIDENCE**

Defendants Hugo Gerardo Camacho Naranjo ("Camacho") and Javier Piaguaje Payaguaje ("Piaguaje") move to supplement the summary judgment record with the recent sworn declaration of Nicolás Augusto Zambrano Lozada, and its attached exhibits. Mr. Zambrano is the judge who presided over and wrote and entered the February 14, 2011 judgment against Chevron Corporation in *Maria Aguinda et al versus Chevron Corp.*, Case No. 2003-002, in the Provincial Court of Sucumbíos, Ecuador ("*Aguinda*"). His March 28, 2013 declaration contradicts and undercuts Chevron's allegations of fraud, ghostwriting, and bribery. Mr. Zambrano declares that he alone wrote the Ecuadorian Judgment that Chevron claims was "ghostwritten" by the Ecuadorian Plaintiffs' legal team. He contradicts Chevron's paid witness, Alberto Guerro Bastidas, on many specific factual points, including details such as that Guerra never worked on or reviewed the Judgment, that Guerra has never been in Mr. Zambrano's house, and that Guerra was never asked by Mr. Zambrano to approach the parties for money. Mr. Zambrano declares that the judgment in *Aguinda* was based on his review of the facts and evidence, which he believes make Chevron responsible for the amount of damages in the judgment.

The declaration shows that Chevron's key witness, Guerra, is a liar who has provided false testimony in exchange for hundreds of thousands of dollars in payments and other benefits from Chevron. Mr. Zambrano's declaration, given voluntarily and not in exchange for money (unlike Guerra's), was not available at the time Camacho and Piaguaje responded to Chevron's motion for partial summary judgment on March 18, 2013. In fact, Mr. Zambrano just executed it on March 28, 2013 and released it to respond to Guerra's lies. The Court should consider this declaration in considering Chevron's motion for partial summary judgment.

1

A court has broad discretion to supplement the summary judgment record. *See, e.g., Pfizer Inc. v. Astra Pharm. Prods., Inc.,* 858 F. Supp. 1305, 1308 n.l (S.D.N.Y. 1994) (granting plaintiff's motion to supplement summary judgment record filed after briefing and oral argument). Courts grant motions to supplement when, as here, new evidence becomes available after the parties have filed their summary judgment papers. *See, e.g., Atlantic Mut. Cos. v. Home Depot U.S.A., Inc.,* No. 02- 2241-KHV, 2003 WL 202607, at *6 n.9 (D. Kan. Jan. 27, 2003) (granting leave to supplement summary judgment record where defendants had "new evidence").

In his declaration, Mr. Zambrano affirms, under penalty of perjury, that he is "the only author of the judgment that [he] issued on February 14, 2011", that he "did not receive support or assistance from Dr. Alberto Guerra or from any other person, much less from the litigant parties" in writing the judgment, that he "composed and prepared the judgment on the computer that the Judiciary Council had assigned" him at the Lago Agrio courthouse, and that he "never prepared one word of the judgment on any other computer." (Declaration of Craig Smyser, Ex. 1, ¶¶ 14-15). Mr. Zambrano reviewed "each of the documents submitted by the litigant parties", as well as "documents related to the case that were not incorporated into the process [that] were left at the door to [his] office at the Court," some of which "indicated that they were courtesy of Chevron." (*Id.*, ¶¶ 15-16). Mr. Zambrano considered all of that information, along with each of "the objections made by Chevron", and "[b]ased on the evidence analyzed and submitted by the parties in the file, [he] concluded that Chevron was liable for the amount of damages indicated in the judgment." (*Id.*, ¶ 14-16). Mr. Zambrano affirms that he never "told Dr. Guerra to approach the parties to ask them for money." (*Id.*, ¶ 14). Mr. Zambrano has "not requested or received money, nor ha[s] [he] been offered any present or future remuneration in exchange for making this sworn declaration." (Smyser Decl., Ex. 1, at 1).

2

407745.2

Mr. Zambrano also affirms that Chevron attempted to bribe him into providing a sworn declaration in the company's favor, as Chevron did with Guerra. In August 2012, after Guerra began secretly working with Chevron, Guerra gave Mr. Zambrano "a folder of documents with the business card of . . . Andrés Rivero [] an attorney who worked for Chevron" and told him that "Chevron was offering" Mr. Zambrano "a minimum of one million dollars to start . . . in exchange for a statement in favor of Chevron." (*Id.*, ¶ 19). Mr. Zambrano rejected Chevron's bribe. (*Id.*). He also rebuffed subsequent attempts by Mr. Rivero to obtain his declaration for Chevron. (*Id.*, ¶ 20). And Mr. Zambrano recounts how he and his partner have been surveilled and persecuted by several ex-police officers, one of whom admitted that an oil company was investigating him because he had issued a judgment in the province of Sucumbíos. (*Id.*, ¶ 21).

The sworn declaration of Mr. Zambrano raises significant material fact issues that undercut the pillars of Chevron's case—its allegations that the Ecuadorian Plaintiffs' legal team "ghostwrote" the *Aguinda* judgment and bribed the judge to enter that judgment—and that defeat Chevron's motion for partial summary judgment. Subject to their request for continuance pursuant to Rule 56(d) and the other objections stated in their opposition, Dkt. 917, Defendants Camacho and Piaguaje move to supplement their evidence in response to the statements in Chevron's 56.1 Statement of Material Facts where Mr. Zambrano's recent sworn declaration raises a material fact issue, including the following: 104, 105, 106, 107, 108, 109, 111, 112, 114, 125, 126, 127, 128, 129, 139, 140, 143, 144, 145, 146, 148, 149, 150, 151, 153, 156, 157, 160, 161, 162, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 177, 178, 179, 180, 181, 182, 184, 186, 188, 189, 190, 191, 192, 193, 194, 195, 196, 204, 205, and 206. (*See also* Dkt. 919).

Chevron would not suffer any prejudice if Mr. Zambrano's recent declaration were included in the summary judgment record. The declaration is relevant evidence and touches on

3

most of the factual bases for Chevron's motion. Chevron cannot claim prejudice, as the "evidence" it has to respond to Mr. Zambrano's sworn declaration has already been purchased by Chevron and provided by Guerra. *See, e.g.*, *F.T.C. v. Medical Billers Network, Inc.*, 543 F.Supp.2d 283, 308 n. 26 (S.D.N.Y.2008) (granting the plaintiff's motion to supplement the summary judgment record and finding no prejudice to the defendant). Surely Chevron does not want to stand on the false testimony that it paid Guerra to provide. Mr. Zambrano's evidence strikes at the heart of Chevron's case and is relevant to the most material facts of this case. Therefore, the Court should consider this declaration in ruling on Chevron's motion.[1] *See, e.g.*, *Tackman v. Goord*, No. 99-CV-0438A(F), 2005 WL 2347111, *12 (W.D.N.Y. Sept. 26, 2005) (granting motion to supplement the record because the supplemental evidence was probative of a material fact in the case).

Based on the material fact issues raised by Mr. Zambrano's declaration, the Court should outright deny Chevron's motion for partial summary judgment and let the parties prepare for a trial on the merits before a jury.

---

[1] Defendants Camacho and Piaguaje also request, pursuant to their motion for reconsideration of the Court's March 15, 2013 Order Regarding Chevron's Subpoena to Patton Boggs, Dkt. 959, that if the Court's Order on the Subpoena is going to be based on a wider portion of the record, the Court should consider *all* of the record, including Mr. Zambrano's declaration.

Dated:  April 4, 2013
Houston, Texas

                                      Respectfully submitted,

                                              /s/  *Tyler G. Doyle*
CRAIG SMYSER (*pro hac vice*)
LARRY R. VESELKA (*pro hac vice)*
TYLER G. DOYLE
SMYSER KAPLAN & VESELKA, L.L.P.
700 Louisiana, Suite 2300
Houston, TX 77002
Telephone:     (713) 221-2330
Facsimile:     (713) 221-2320
Email:     tydoyle@skv.com
Email:     csmyser@skv.com
Email:     lveselka@skv.com

Julio C. Gomez
GOMEZ LLC
The Trump Building
40 Wall Street, 28th Floor
New York, NY  10005
Telephone:     (212) 400-7150
Facsimile     (212) 400-7151
Email:     jgomez@gomezllc.com

*Attorneys for Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje*

5

407745.2