```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CHEVRON CORPORATION,

                            Plaintiff,

        -against-                                                    11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

                            Defendants.
------------------------------------------------------------x
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/8/13

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

  This motion is before the Court on the motion of Plaintiff Chevron Corporation ("Chevron") and defendants Stratus Consulting, Inc., Ann Maest, and Douglas Beltman (collectively, the "Stratus Defendants") for an order "(1) entering the dismissal, pursuant to Federal Rule of Civil Procedure 41(a)(2), of Chevron's claims against the Stratus Defendants only and the Stratus Defendants' counterclaims against Chevron, in accordance with the terms of the Settlement Agreement and Mutual Release ('Settlement Agreement') attached as Exhibit 1 to the Declaration of Randy M. Mastro, and (2) staying all deadlines applicable to the Stratus Defendants pending the outcome of this motion."[1]

---

[1] DI 933, at 1.

*Background and Prior Proceedings*

*The Settlement Agreement*

The Settlement Agreement, in brief summary, provides in principal part that (1) the Stratus Defendants will cooperate in responding to Chevron requests for discovery or information in this action and certain other proceedings, including by (a) making employees available to testify and (b) removing confidentiality designations on documents and not asserting certain privilege and work product claims, (2) the settling parties will refrain from making certain types of public statements and, in the case of Chevron, remove certain content from websites and other internet media, (3) the Stratus defendants will not provide services in various matters relating to Chevron, (4) there will be an exchange of releases and an approved public statement. It further provides that:

> "The effectiveness of this Agreement is conditioned on the following: The entry of an order by the Honorable Lewis A. Kaplan (a) granting approval of this Agreement, and (b) that the United States District Court for the Southern District of New York will retaining continuing jurisdiction over the Parties as set forth in Section 4 of this Agreement[,]"[2] which provides for resolution of disputes relating to breach of the cooperation provisions relating to the prosecution of this case.

Finally, the Agreement states that:

> "Upon execution of this Agreement, the Parties will execute, by their respective attorneys, a Stipulation of Dismissal, with prejudice . . . and upon Conditions Precedent to such Stipulation of Dismissal shall be filed with the United States District Court for the Souther District of New York promptly thereafter."[3]

The proposed final form of stipulation of dismissal has not been provided to the Court.

---

[2] Settlement Agreement § 22.

[3] *Id.* § 6.

*Prior Proceedings*

On March 26, 2013, the non-settling defendants moved for certain discovery in connection with the motion by the settling defendants and for additional time in which to respond to the settling defendants' motion. They argued that (a) the motion by the settling defendants seeks more than dismissal of Chevron's claims against Stratus, namely court approval "– whatever that term means in this context –" of the Settlement Agreement, (b) the Settlement Agreement makes court approval a condition precedent to the effectiveness of the settlement, (c) the moving parties "seem[] to conflate the concept of 'approving' the dismissal itself with approving the terms of the Proposed Settlement," (d) the Court's authority to approve those terms as opposed to the dismissal is questionable, and (e) the additional time is required to obtain the requested discovery and address both the Court's authority to approve the terms of the settlement and their propriety.[4]

On March 28, 2013, the Court entered an order that:

- Stated that it shared "the concerns of the non-settling defendants as to whether it has authority to approve the terms of the proposed settlement as distinguished from merely approving the dismissal of the claims *inter se* between Chevron and the Stratus Defendants as Rule 41(a)(2) appears to require in the absence of consent of all parties."

- Expressed the preliminary view, subject to further consideration, that (a) the Court lacked authority to approve or disapprove the substantive terms of a private settlement in an action like this, and (b) "[t]he purpose of the grant of discretion under Rule 41(a)(2) that permits the district court judge to consider

---

[4] DI 949.

4

whether dismissal is appropriate under the circumstances of the case is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions."[5]

- Stated that:

    "Given these considerations, the concerns of the non-settling parties as to the Court's authority to consider or approve the terms of the proposed settlement – as distinguished from approving the dismissal with prejudice of the claims asserted by Chevron against the Stratus Defendants and *vice versa* – may prove well founded. If that is the case, there would seem to be little or no reason or, for that matter, justification, for considering the terms of the settlement from any substantive point of view or for any discovery for the purpose of addressing the propriety of those terms."[6]

- Further observed that:

    "The existence of the Settlement Agreement condition making court approval a condition precedent to the effectiveness of the settlement does not appear to change this analysis. As an initial matter, the non-settling parties rightly have noted that the meaning of the term 'court approval' in this context is not self evident. It perhaps means nothing more than approval of the dismissal of the claims between and among

---

[5] DI 955, 3 (quoting 9 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 2364 (2012) (internal quotation marks omitted)).

[6] *Id.*

the settling parties. And if it means something more, the settling parties have not in fact moved for such approval, at least thus far. Moreover, were the Court to conclude that its proper role here is no more than approving or disapproving the dismissal of the claims between and among the settling parties – in other words, allowing or not allowing them to drop the litigation between them with prejudice given the private settlement of their disputes – and to decline to pass on the terms of the private Settlement Agreement itself, there would be at least three possibilities. First, the Court might decline to approve the dismissal, in which case any controversy regarding the settlement terms presumably would be moot. Second, it might approve the dismissal without addressing the propriety of the settlement terms. Were it to take the latter course, the settling parties might either (a) waive or modify the condition, or (b) stand on the condition, in which event the Settlement Agreement by its terms would not become effective."[7]

The Court therefore resolved first to "limit its consideration of the settling defendants' motion to matters that do not involve consideration of the propriety of the substantive terms of the settlement, focusing principally on whether those substantive terms are any proper concern of the Court."[8] Accordingly, it denied so-much of the non-settling defendants' motion as sought discovery

---

[7]     *Id.* at 4.

[8]     *Id.* at 5.

concerning the terms of proposed settlement and granted additional time for briefing the matters not involving those terms.

*The Parties' Positions*

The briefing contemplated by the March 28 order was completed on April 3, 2013,[9] and the positions of the parties are as follows:

1. The non-settling defendants "do not oppose Chevron's release of the Stratus Defendants [in] this action in theory."[10] Indeed, they argue that the Court lacks authority to approve, or justification for approving, the proposed settlement, relying principally on the authorities cited by the Court in its March 28 order.[11] They accurately point out that Rule 41(a)(2) "calls for the exercise of judicial discretion to avoid an unfair effect on anyone else incident upon such a termination of the suit."[12] They then suggest that Chevron improperly coerced what they characterize as "the Stratus Defendants' extraordinary capitulation,"[13] and go on to say that the Court "should refer the Proposed Settlement Agreement to the appropriate authorities, whether in the State Bar or in law enforcement" and should "make explicit that its approval of any stipulation of dismissal does not provide a judicial

---

[9] Both sides subsequently have flooded the Court, without leave and in violation of settled practice, with additional argument in the form of letters.

[10] DI 960, at 2.

[11] *Id.*, at 3-5.

[12] *Id.* at 5 (quoting *Beaver Assocs. v. Cannon*, 59 F.R.D. 508, 510 (S.D.N.Y. 1973).

[13] *Id.* at 5-12.

approval of the terms of the Proposed Settlement."[14] They conclude that the Court should grant the requested order of dismissal only if it abstains from approving the Settlement Agreement.[15]

2.  The Stratus Defendants, consistent with the order to show cause that brought on this motion, make clear that the only relief sought by the motion before the Court is "an order pursuant to Fed R. Civ. P. 41(a)(2) approving the dismissal, with prejudice, of all claims between and among Chevron and the Stratus Defendants."[16] "[T]he settling parties," they say, "do not ask the Court to evaluate or approve the terms of their settlement."[17] "Accordingly," the Stratus Defendants conclude, "the Court should grant the joint motion and enter an order dismissing with prejudice, and without condition, all claims between and among Chevron and the Stratus Defendants."[18] The Stratus Defendants do not mention Section 22 of the Settlement Agreement, which conditions the effectiveness of the settlement upon court approval of the Settlement Agreement as well as retention of jurisdiction for limited purposes.

3.  Chevron argues that the Court has the authority to approve the Settlement Agreement in the course of granting the agreed dismissal under Rule 41(a), that it should do so because the substantive terms of the settlement are proper, and that there is no basis for any referral

---

[14] *Id.* at 12.

[15] *Id.* at 13.

[16] DI 967, at 1.

[17] *Id.*

[18] *Id.* at 2.

to professional or law enforcement authorities.[19]

*Discussion*

Despite all of the sound and fury, this is a straightforward matter. Rule 41 requires a court order to dismiss the claims between and among Chevron and the Stratus Defendants. For reasons expressed in the March 28 order, however, the scope of the Court's discretion in granting such an order, especially where, as here, the dismissal of those claims is with prejudice, is quite limited. This is a private agreement among private parties, who have a perfect right to settle their private lawsuit as they see fit. It is not, for example, a class action or other specialized form of litigation in which the Court's role is more expansive in order to protect the interests of absent class members or others not before the Court. Thus, "[t]he purpose of the grant of discretion under Rule 41(a)(2) that permits the district court judge to consider whether dismissal is appropriate under the circumstances of the case is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions."[20]

In this case, no one suggests that Chevron and the Stratus Defendants can or should be prevented from dismissing the claims they have asserted against each other on whatever terms suit them. The non-settling defendants have not established any legal prejudice to themselves by reason of the dismissal of those claims. For that matter, they concede, at least in theory, that the settling parties are free to release one another on all of those claims. So only three matters remain for discussion – (1) the non-settling defendants' contention that this Court should consider the substantive

---

[19] *See* DI 969.

[20] DI 955, at 3 (quoting 9 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 2364 (2012) (internal quotation marks omitted)).

terms of the settlement for the purpose of concluding that there is reason to believe that the settling parties are guilty of professional or criminal misconduct by entering into the settlement, (2) Chevron's contention that the Court should do so for the purpose of declaring that the substantive terms of the settlement are entirely appropriate, and (3) the failure of the settling parties thus far to submit the final proposed stipulation of dismissal.

As to the first two points, the Court declines both invitations for the same reason. The non-settling defendants are correct in asserting that the Court's authority does not extend to approving, disapproving, or otherwise passing on the substantive terms of a private settlement of private claims in this ordinary civil litigation. As the non-settling defendants have not established any legal prejudice flowing from the dismissal, the Court's role under Rule 41 is at an end. The Court declines to express any view as to the propriety of the settlement agreement terms, which is not to be taken as an implication of anything at all on the point.

Finally, as noted, the Settlement Agreement provides for submission of a stipulation of dismissal upon satisfaction of the conditions precedent among which is "approval of th[e] Agreement."[21] Although the Stratus Defendants' position appears to be that the condition would be satisfied by a determination that a Rule 41(a) dismissal would be granted or, perhaps, that they waive any more exacting condition, Chevron has not been clear on that point. Accordingly, the order will make appropriate provision against the possibility that the Settlement Agreement fails to become effective.

---

[21] Settlement Agreement §§ 6, 22.

*Conclusion*

For the foregoing reasons, as amplified in some respects by the March 28, 2013 order, the joint motion [DI 935] is granted to the extent that Chevron's action as against the Stratus Defendants and the counterclaims of the Stratus Defendants against Chevron are dismissed with prejudice and without costs or attorneys' fees, provided, however, that this dismissal will be vacated upon the filing, on or before April 12, 2013, of a written notice by any of Chevron and the Stratus Defendants that the Settlement Agreement has not become effective, and provided further that this Court retains continuing jurisdiction over Chevron and the Stratus Defendants as set forth in Section 4 of the Settlement Agreement. The motion is otherwise denied.

SO ORDERED.

Dated:   April 8, 2013

_____
Lewis A. Kaplan
United States District Judge