



**MEMO ENDORSED**

Philadelphia Office
Two Penn Center, Suite 200
Philadelphia, PA 19102
tel 215.755.0455
fax 215.405.2999

630 Third Avenue, 17th Floor, New York, New York 10017
tel 212.486.2400  fax 212.486.3099  www.leaderberkon.com

March 28, 2013



**VIA HAND DELIVERY**

Hon. Lewis A. Kaplan
United States District Judge
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

   Re: ***Chevron Corp. v. Donziger, et al., Case No. 11 Civ. 0691 (LAK)***

Dear Judge Kaplan:

  We write to respectfully request the Court's clarification and guidance with respect to Patton Boggs LLP's ("Patton Boggs") obligation to produce documents responsive to Specification 35 in Chevron Corporation's ("Chevron") subpoena *duces tecum* (the "Subpoena") served on Patton Boggs. The conclusion of this Court's March 15, 2013 Opinion (Dkt. 905) states that Patton Boggs must respond to Specification 35, but, for the reasons stated below, we believe that Specification 35 may have been inadvertently included.

  Specification 35 requests the production of:

> ALL DOCUMENTS CONCERNING the concept of, necessity or desirability of, or the creation of any trust, account, or legal entity created or to be created for the purpose of holding, managing or administering any of the proceeds of the LAGO AGRIO LITIGATION, including but not limited to all DOCUMENTS concerning the JUDGMENT TRUST discussed in the LAGO AGRIO JUDGMENT, and all COMMUNICATIONS with the LAGO AGRIO COURT concerning the JUDGMENT TRUST.


Honorable Lewis A. Kaplan     -2-     March 28, 2013

      Patton Boggs objected to this Specification. In the Court's November 16, 2012 Order, Your Honor sustained Patton Boggs's objection to Specification 35. (Dkt. 621). Although the Court indicated that Chevron could request that the Court revisit its ruling at a later date, Chevron has not done so as of the date of this letter. More importantly, nothing in the reasoning or substance of this Court's March 15, 2013 Opinion appears to suggest that the Court intended to reconsider its prior ruling as to Specification 35. Nor does Specification 35 appear to relate to the specific subjects addressed in the Court's March 15, 2013 Opinion, in which the Court limited the substance of the subpoena. (Dkt. 905 at 67) ("Accordingly, the Subpoena in substance will be limited further by confining its analysis . . . to those specifications that seek documents related to the foregoing subjects.")

      Accordingly, Patton Boggs respectfully requests the Court's clarification with respect to whether Your Honor intended to require Patton Boggs to produce documents related to the Judgment Trust as indicated in Specification 35.

Respectfully Submitted,

*/s/ James K. Leader*

JAMES K. LEADER

cc: All Counsel of Record (via email)

<u>Memorandum Endorsement</u>                <u>Chevron Corp. v. Donziger, 11 Civ. 0691 (LAK)</u>

       In view of Chevron's failures to seek revision of the Court's November 16, 2012 ruling with respect to Specification 35 and to respond to PB's letter of March 28, 2013, the March 15, 2013 Opinion (DI 905) (the "Opinion") is modified by deleting Specification 35 from the list of Specifications to which PB must respond pursuant to the Opinion.

       SO ORDERED.

Dated:     April 10, 2013

                                                  Lewis A. Kaplan
                                            United States District Judge