UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
: 
CHEVRON CORPORATION, :
:
        Plaintiff, :
:
 -against- :
: Case No. 11 Civ. 0691 (LAK)
:
STEVEN R. DONZIGER, et al., :
:
        Defendants. :
:
------------------------------------- x

# CHEVRON CORPORATION'S MOTION FOR LEAVE TO SERVE A SECOND DOCUMENT SUBPOENA ON AMAZON WATCH

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

*Attorneys for Plaintiff Chevron Corporation*

As pleaded in Chevron's Amended Complaint and as shown by the evidence, Amazon Watch has had an extensive role in Defendants' extortionate scheme against Chevron. Nonetheless, a Magistrate Judge of the Northern District of California quashed Chevron's document and deposition subpoenas directed at Amazon Watch because he found that they exceeded the scope of permissible discovery as defined by the categories this Court found subject to the crime-fraud exception in its March 15, 2013 opinion on the Patton Boggs subpoena. Ex. A. This, despite the fact that no attorney-client or work-product protection was at issue. The Magistrate Judge expressly deferred to what he thought was this Court's determination of what discovery would be "highly relevant" to this action, but mistakenly took the crime-fraud findings in the Patton Boggs opinion as this Court's definitive statement of such relevance. And because he concluded that the Amazon Watch subpoenas went beyond the Patton Boggs crime-fraud topics, the Magistrate Judge ruled that they did not seek "highly relevant" information and were not "carefully tailored" to avoid infringing on activity conditionally shielded from discovery under the First Amendment as set forth in *Perry v. Schwarzenegger*, 591 F.3d 1147 (9th Cir. 2010). *See id*.

In quashing the subpoenas, the Magistrate Judge ruled that he would permit Chevron to serve revised subpoenas by April 19, 2013, so long as it "tether[ed] its subpoena to those facts" that *this Court* has found highly relevant to Chevron's claims. *Id.* at 10. Because the deadline for serving document subpoenas without leave of Court has passed, Chevron seeks leave of the Court to serve the revised document subpoena the Magistrate Judge invited. *See* Dkt. 494 ¶ 2(b) (requiring "leave of the Court" to serve document requests after December 1, 2012); Fed. R. Civ. P. 16(b)(4); Ex. B (Revised Document Requests). Further, given the Magistrate Judge's reliance on this Court's relevance determinations, Ex. A at 8–10, as well as this Court's previously expressed "willingness to accept transfer or remittal of the motion from the issuing court," Dkt. 819

at 2, Chevron asks this Court to find that the attached document requests seek information that is highly relevant to Chevron's claims and unavailable via other means. *See* Exs. B, C (Revised Deposition Topics).[1]

**1. Leave to serve a revised document subpoena is warranted because Chevron diligently sought highly relevant evidence from Amazon Watch regarding the Cabrera fraud and the RICO Defendants' extortionate pressure campaign.** Chevron timely served a document subpoena on Amazon Watch, *see* Dkt. 819, seeking, *inter alia*, documents relating to:

- Amazon Watch's *ex parte* meetings—alongside the LAPs' lawyers—with judges presiding over the Lago Agrio litigation;

- Amazon Watch's efforts to prompt government regulators to investigate Chevron (based on false statements set forth in ghostwritten submissions); and

- The U.S. pressure campaign jointly run by Amazon Watch and its co-conspirators.[2]

Amazon Watch moved to quash, arguing that "Chevron's allegations amount to nothing more than the assertion that [Amazon Watch] at times coordinated its message with the defendants" and invoking the First Amendment and Rule 45. Ex. E at 1–2.

In ruling on the motion, the Magistrate Judge cited this Court's March 15, 2013 opinion on Chevron's subpoena to Patton Boggs as this Court's definitive relevance determination. The Magistrate Judge stated he would "follow[] Judge Kaplan's lead and look[] to the five instances in which Chevron has established probable cause to believe the RICO defendants have engaged in some fraud when considering what is 'highly' relevant' to the claims in the litigation." Ex. A at 8. Relying solely on this Court's March 15 opinion to define relevance, the Magistrate Judge

---

[1] Although Chevron's revised deposition subpoena does not require leave of Court, Chevron submits it here so this Court is fully apprised of the scope of discovery Chevron seeks from Amazon Watch.
[2] All of the subpoena's requests were relevant to Chevron's claims regarding Amazon Watch's role in the extortionate pressure campaign against Chevron. *Compare* Ex. D (Nov. 28, 2012 Subpoena), *with* Dkt. 283 ¶¶ 18(f)–(g), 75, 105–08, 214–24, 229–30, 233, 238–41, 250–59.

concluded that the requests were not limited to highly relevant evidence as defined in that opinion, and thus were overbroad under *Perry*.[3]  *Id.* at 8–9.  The Magistrate Judge acknowledged that the Patton Boggs opinion did not have "anything to do with the alleged pressure campaign or Amazon Watch," *id.* at 7, but apparently declined to examine Chevron's complaint to assess the relevance of this discovery, choosing to defer to what this Court had previously held to be relevant in the different context of the Patton Boggs subpoena.[4]

**2.  There is good cause to permit Chevron to serve a revised document subpoena.**
"A finding of good cause depends on the diligence of the moving party." *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003).  Where, as here, the moving party diligently seeks discovery, but cannot reasonably meet the discovery deadline, good cause exists.  *See Myers v. Dolac*, No. 09-CV-6642P, 2011 WL 4553107, at *3 (W.D.N.Y. Sept. 29, 2011).  Chevron timely served the initial subpoena on Amazon Watch, *see* Dkt. 494, and even moved the issuing court to expedite its consideration of the dispute, *see* Ex. G.  And the issuing court authorized Chevron to issue a new subpoena by April 19, 2013, provided the subpoena satisfied this Court's case management deadlines.  Ex. A at 10–11.  Given Chevron's diligence and the issuing court's express acquiescence to a second subpoena, good cause exists.

The discovery Chevron seeks from Amazon Watch is highly relevant.  Amazon Watch's prominent role in Defendants' pressure campaign against Chevron and connection to the Cabrera fraud is reflected in the Amended Complaint's extensive factual allegations.  *See, e.g.*, Dkt. 283

---

[3] Ninth Circuit precedent imposes no "probable cause" standard for discovery here—particularly where the subpoena is not issued to a law firm and there is no attorney-client privilege or work product immunity at issue.  Nor does Ninth Circuit precedent require that the document requests be related to "those facts that [have been] established with a reasonable degree of certainty."  *See* Ex. A at 10.  What *Perry* requires is that discovery implicating First Amendment rights be "highly relevant to the claims or defenses in the litigation." 591 F.3d at 1161.

[4] The Magistrate Judge stated he was "in a poor position" to "make a finding that Amazon Watch's conduct is fraudulent or is in furtherance of the conspiracy."  Ex. A at 6–7.  Chevron sought to avoid this issue by moving to transfer the proceeding to this Court, but the issuing court denied the motion.  *See* Ex. F.

3

¶¶ 18(f)–(g), 214–224, 239–241.  And the attached document requests are narrowly focused.  They are limited to documents "constituting or concerning" communications with Defendants and their co-conspirators, Ex. B ¶ 1, a limitation that protects any First Amendment rights Amazon Watch might have in expressive conduct undertaken independent of Defendants and focuses the discovery on Amazon Watch's relationship with Defendants.  And the requests are limited to topics with regard to which Chevron has submitted evidence of fraud.  Given this Court's familiarity with Chevron's claims, Chevron respectfully requests this Court to approve service of the modified subpoena on the grounds that it seeks highly relevant information regarding:

- *Ex parte* meetings with and payments to the Lago Agrio court or Ecuadorian judicial officials, *compare* Dkt. 283 ¶¶ 122, 125, 140, *with* Ex. B ¶¶ A–B, H;

- Defendants' ghostwriting of the Cabrera Report and claims that Cabrera was "independent, *compare* Dkt. 283 ¶¶ 122–189, 229–237, *with* Ex. B ¶¶ C–G, K;

- Defendants' ghostwriting of the judgment, *compare* Dkt. 283 ¶ 326, *with* Ex. B ¶¶ A, H;

- The forged and fraudulent reports Defendants submitted under the name of Dr. Charles Calmbacher and Defendants' attempts to capitalize on the "findings" of their fraudulent reports, *compare* Dkt. 283 ¶¶ 109–21, *with* Ex. B ¶¶ I, K;

- David Russell's disavowed $6 billion damages estimate and Defendants' continued reliance upon it in attacking Chevron, *compare* Dkt. 283 ¶¶ 101–08, *with* Ex. B ¶¶ J, K;

- Defendants' knowingly false public assertions regarding the Lago Agrio Litigation, and Amazon Watch's knowledge of the facts, *compare* Dkt. 283 ¶¶ 347, 389, *with* Ex. B ¶ K.[5]

Moreover, this discovery cannot be obtained from other sources.  Only Amazon Watch has possession of its internal documents, and with respect to communications with Defendants and co-conspirators, those parties have either refused to produce documents, *see* Dkt. 894, or "have resisted discovery to an astonishing degree," Dkt. 809 at 1–2.

---

[5] Chevron also seeks routine information about Amazon Watch's evidence retention practices, because it has suggested no "litigation hold" may have instituted until over a year after it became aware of this litigation.  *See* Ex. H.

4

Dated:  April 10, 2013                                    Respectfully submitted,

                                    */s/ Randy M. Mastro*
                          Randy M. Mastro
                          Andrea E. Neuman
                          GIBSON, DUNN & CRUTCHER LLP
                          200 Park Avenue
                          New York, New York 10166
                          Telephone: 212.351.4000
                          Facsimile:  212.351.4035

                          William E. Thomson
                          333 South Grand Avenue
                          Los Angeles, California 90071
                          Telephone: 213.229.7000
                          Facsimile:  213.229.7520

                          *Attorneys for Chevron Corporation*

**Index of Exhibits**

Exhibit A:    Order Quashing Subpoenas, No. 13-mc-80038 CRB (NC) (N.D. Cal. Apr. 5, 2013), Dkt. 59.

Exhibit B:    Revised Amazon Watch Document Requests.

Exhibit C:    Revised Amazon Watch Deposition Topics.

Exhibit D:    Amazon Watch Subpoena to Produce Documents, dated November 28, 2012.

Exhibit E:    Amazon Watch's Motion to Quash and/or Modify Subpoena, No. 13-mc-80038 CRB (NC) (N.D. Cal. Feb. 25, 2013), Dkt. 3.

Exhibit F:    Order Denying Chevron's Motion to Transfer, No. 13-mc-80038 CRB (NC) (N.D. Cal. Mar. 14, 2013), Dkt. 45.

Exhibit G:    Chevron's Motion to Shorten Time for Hearing, No. 13-mc-80038 CRB (NC) (N.D. Cal. Mar. 15, 2013), Dkt. 46.

Exhibit H:    Email from Marco Simons to Ethan Dettmer, dated April 3, 2013.