UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

MEMO ENDORSED

| | |
|---|---|
| CHEVRON CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER; et al.,<br><br>    Defendants. | Case No. 11-CV-0691 (LAK) |

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/17/13

**DEFENDANTS HUGO CAMACHO AND JAVIER PIAGUAJE AND DONZIGER DEFENDANTS' JOINT MOTION FOR EXTENSION OF TIME TO RESPOND TO CHEVRON'S MOTIONS TO COMPEL**

747714.01

<u>Memorandum Endorsement</u>                    <u>Chevron Corp. v. Donziger, 11 Civ. 0691 (LAK)</u>

This motion is entirely unnecessary.

As movants' counsel are very well aware, Donziger's counsel suggested to the Court during the examination of Mr. Stewart this morning that all of the emails that are the subject of both of Chevron's motions be provided to the Court for *in camera* review and that "after lunch or sometime we can finish this today if he is the last witness, you look at the documents, . . . make a decision about what is going to happen, and if Mr. Stewart or Mr. Smyser needs to testify further about them, whatever, we can do it today rather than come back tomorrow if that meets with the court's approval." Tr., Apr. 17, 2013, at 269-70. In order to accommodate Donziger's counsel, and without objection from the LAP Representatives' counsel, documents were furnished *in camera* over the lunch hour with this goal in view. Following the luncheon recess, and well before this motion for an extension was filed, the Court ruled that any privilege with respect to the chain of two emails dated October 9, 2012 – the subject of the first of Chevron's two motions (DI 1023) – had been waived by the reliance of defendants on counsel's accounts of the substance of those email communications while at the same time resisting production of the mails themselves. That motion, moreover, was decided without reaching the question whether any otherwise applicable privilege was vitiated by the crime-fraud exception. *Id.*, at 276.

In view of the foregoing, the motion for an extension of time with respect to Chevron's motion to compel the production of the October 9, 2012 e-mail chain (DI 1023) is moot. Moreover, in view of the fact that it was decided without reaching the crime-fraud issue – the presence of which is the only basis cited as warranting an extension of time to respond – there was absolutely no basis for granting an extension.

The motion seeks an extension also with respect to Chevron's motion (DI 1031) to compel the production of certain other documents. At least some of those already have been provided to the Court for *in camera* inspection. These have been produced to Chevron without waiver under Rule 502, also in order to facilitate a ruling as the earliest possible moment. Once again, the sole basis for the requested extension is counsel's claimed need for more time in order to respond to the crime-fraud allegations, DI 1040, at 1, this despite the fact that the first ground on which Chevron seeks disclosure is the contention that defendants placed the contents of those communications in issued and thereby waived any otherwise applicable claim of privilege.

In the circumstances, this aspect of the motion is denied as well, albeit without prejudice to renewal during tomorrow's proceedings.

SO ORDERED.

Dated:     April 17, 2013

_____
Lewis A. Kaplan
United States District Judge