UNITED STATES DISTRICT COURT   MEMO ENDORSED

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHEVRON CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, et al.,<br><br>        Defendants. | CASE NO. 11-CV-0691(LAK)<br><br>USDS SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 4/19/13 |

**DEFENDANTS HUGO GERARDO CAMACHO NARANJO, JAVIER PIAGUAJE PAYAGUAJE, STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, AND DONZIGER & ASSOCIATES, PLLC'S MOTION TO STRIKE CHEVRON'S EXCESSIVE AND IRRELEVANT EXPERTS**

Memorandum Endorsement     Chevron Corp. v. Donziger, 11 Civ. 0691 (LAK)
---

The motion (DI 968) is denied substantially for the reasons set forth in plaintiff's opposition. Without setting forth *in extenso* all of the grounds, the Court notes the following:

1. The motion is premature.

2. Movants have made no serious effort – in their four page submission with respect to 35 different witnesses – to address the question whether the testimony of the particular experts in question would be admissible at trial. Their failure is aggravated by the fact that they have attached to their motion 35 exhibits totaling several hundred pages without even providing a list of which expert's report is which exhibit, thus greatly increasing the burden on the Court. It is further aggravated by the movants' having provided the Court, apart from the electronic version of their motion, only with a hard copy or copies of their papers that are unbound, and lack labels or exhibit tabs or markers. In other words, counsel has simply dumped a large pile of paper and, in the case of the electronic version, a large set of digital files on the Court without making the slightest effort to facilitate reference to relevant material. The Court is not obliged to tolerate with such behavior.

3. What movants term the "Count 9 Topics" remain in this case by virtue of their affirmative defenses of collateral estoppel and their own concession that, in order to succeed on a collateral estoppel defense based on a foreign judgment, that judgment must be entitled to recognition and enforcement here. *See Chevron Corp. v Donziger,* 886 F. Supp.2d 235, 278 (S.D.N.Y. 2012) (citing DI 450 (Defs.' Mem at 1).

This ruling is without prejudice to well supported applications at an appropriate time.

SO ORDERED.

Dated:  April 19, 2013

                       Lewis A. Kaplan
                     United States District Judge