UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHEVRON CORPORATION,

                                    Plaintiff,

            -against-                                                    10 MC 0002 (LAK)

STEVEN DONZIGER, et al.,

                                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHEVRON CORPORATION,

                                    Plaintiff,

            -against-
                                                                         11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

                                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


                                    **ORDER**


LEWIS A. KAPLAN, *District Judge.*

            There is a motion pending in 10 MC 0002 to hold defendant Donziger in civil contempt
on the ground that he failed to produce, pursuant to subpoena and court order, certain documents said to
be in the personal possession or control of Laura Garr, who in turn is said to be under Donziger's practical
control. Ms. Garr allegedly has declined to turn the documents over to Donziger for production pursuant
to the subpoena and this Court's order. Represented in that regard by Donziger's counsel, she seeks to
justify that position on the basis of protection of a claim of privilege or work product of the Lago Agrio
Plaintiffs ("LAPs").[1]

            In addition, this Court on April 12, 2013 granted a motion in 11 Civ. 0691 to compel Ms.
Garr and Joseph Kohn and his law firm (collectively, "Kohn") to produce documents pursuant to
subpoenas served upon them in that action over claims of privilege and work product, also made on behalf
of the LAPs. The documents that are the subject of that order insofar as it is directed to Ms. Garr appear

----

[1]         Both this Court and the Court of Appeals held that all such claims had been waived.

to be the same as those implicated by the contempt motion in 10 MC 0002. The Court assumes that both Ms. Garr and Kohn have provided Chevron with privilege logs.

It appears to the Court that the dispute regarding the Garr documents might well be resolved entirely, or at least narrowed, if counsel to Chevron were permitted to view the allegedly privileged documents without prejudice to the position Ms. Garr has asserted on behalf of the LAPs. The same may well be true with respect to the Kohn documents. It may well be, for example, that Chevron, having seen the documents, may conclude that it need not press its demands for some or all of them. The proposed procedure was employed to good effect during the recent evidentiary hearing in 11 Civ. 0691.

Accordingly, counsel for all of the parties to these two matters shall meet and confer, on or before May 3, 2013 in order to explore these possibilities. They shall report to the Court by joint, non-argumentative letter and provide the Court with copies of any privilege logs that have been served on or before May 6, 2013. Should those concerned reach any helpful agreement, the Court would entertain an application for an appropriate Fed. R. Evid. 502(d) order.

Further, the parties shall furnish the Court, on or before May 6, 2013, with a copy of each privilege log served with respect to the Garr and Kohn subpoenas so that the Court may make an informed judgment as to whether to conduct an *in camera* inspection of any documents as to which privilege or work product protection has been claimed.

In the circumstances, the date for production of documents fixed by the April 12, 2013 order in 11 Civ. 0691 is extended to and including May 15, 2013.

SO ORDERED.

Dated:       April 25, 2013

_____
Lewis A. Kaplan
United States District Judge