# MEMO ENDORSED

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

CHEVRON CORPORATION,

       Plaintiff,

  v.

STEVEN DONZIGER, THE LAW
OFFICES OF STEVEN R. DONZIGER,
et al.,

       Defendants.

**CASE NO. 11-CV-0691(LAK)**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/25/13

## DEFENDANTS HUGO GERARDO CAMACHO NARANJO AND JAVIER PIAGUAJE PAYAGUAJE'S MOTION TO STRIKE AFFIDAVITS ACCOMPANYING CHEVRON'S MOTION FOR PARTIAL SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

Defendants Hugo Camacho and Javier Piaguaje move to strike the affidavit of Alberto Guerra Bastidas and the affidavits of four Chevron lawyers—Adolfo Callejas Ribadeneira, Ivan Alberto Racines Enriquez, Patricio Efrain Campuzano Merion, and Enrique Carvajal Salas—that Chevron submitted in support of its motion for partial summary judgment. (Dkts. 746-3, 746-10, 746-11, 746-12, 746-13.) The affidavits describe, in large part, purported contacts between Guerra and Chevron in 2009 and 2010 in which Guerra allegedly offered to fix the Lago Agrio litigation in Chevron's favor, and contacts between Guerra and Zambrano in which Zambrano supposedly hired Guerra to negotiate a financial agreement with Chevron. Because (1) the

Memorandum Endorsement                    Chevron Corp. v. Donziger, 11 Civ. 0691 (LAK)

        Defendants move to strike the affidavit of Alberto Guerra Bastidas and the affidavits of Messrs. Callejas, Racines, Campuzano and Carvajal "that Chevron submitted in support of its motion for partial summary judgment." They argue that "the Guerra affidavit was purchased by Chevron," that all four "affidavits contain [some allegedly] inadmissible hearsay," and that Chevron improperly failed to disclose the affidavits of Messrs. Callejas, Racines, Campuzano and Carvajal during discovery.

        On April 24, 2013, the Court denied Chevron's motion, insofar as it sought partial summary judgment against the remaining defendants, "without prejudice and with leave to renew after the conclusion of the discovery period or at such other time as the Court may permit." The Court reserved judgment as to so much of the motion as seeks an order, pursuant to Fed. R. Civ. P. 56(g), "stating any material fact . . . that is not genuinely in dispute and treating the fact as established in the case."

        While the motion for partial summary judgment may be renewed, the motion to strike is moot unless and until (a) the motion is renewed, and (b) the renewed motion relies on these affidavits. The Court will rule on defendants' contentions as to the admissibility and utility of these affidavits in connection with any ruling on Chevron's alternative request for entry of a Rule 56(g) order to the extent the affidavits prove material for that purpose.

        Accordingly, the present motion to strike [DI 916] is denied without prejudice to the extent indicated above.

        SO ORDERED.

Dated:     April 25, 2013

                                           Lewis A. Kaplan
                                United States District Judge