# MANDATE

S.D.N.Y.–N.Y.C.
11-cv-691
Kaplan, J.

## United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of April, two thousand thirteen.

Present:

    John M. Walker, Jr.,
    Denny Chin,
        *Circuit Judges*,
    Jane A. Restani,[*]
        *Judge, U.S. Court of International Trade.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 02, 2013

Chevron Corporation,

    *Plaintiff-Counter-Defendant-Appellee*,

    v.

Republic of Ecuador, Patton Boggs LLP,

    *Appellants*,

Steven R. Donziger, *et. al*,

    *Defendants-Counter-Claimants*,

Kemperi Baihua Huani, *et. al*,

    *Intervenors-Defendants*.

12-5005(L);
12-5031(Con)

---

[*]Judge Jane A. Restani, of the United States Court of International Trade, sitting by designation.

SAO-JM

**MANDATE ISSUED ON 05/02/2013**

Chevron Corporation, through counsel, moves to dismiss the appeals for lack of appellate jurisdiction. Appellants, through counsel, oppose the motions. Upon due consideration, it is hereby ORDERED that the motion to dismiss is GRANTED because neither the collateral order doctrine nor *Perlman v. United States*, 247 U.S. 7 (1918), provide a basis for an immediate appeal. *See Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 430–31 (1985) (finding that the collateral order doctrine is limited in its application to "trial court orders affecting rights that will be irretrievably lost in the absence of an immediate appeal"); *In re Air Crash at Belle Harbor, New York on Nov. 21, 2011*, 490 F.3d 99, 106 (2d Cir. 2007) (recognizing that *Perlman* allows the holder of privilege to immediately appeal an order directed at a third-party only where the third-party "does not object to providing the testimony or documents at issue"); *United States v. Constr. Prod. Research, Inc.*, 73 F.3d 464, 469 (2d Cir. 1996) (explaining that "[t]o obtain appellate review, [a] subpoenaed party must defy the district court's enforcement order, be held in contempt, and then appeal the contempt order, which is regarded as final under [28 U.S.C.] § 1291"). The Court expresses no view as to the merits of Appellants' argument regarding the application of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602, *et seq.*

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

SAO-JM

2