# Exhibit A

# SMYSER KAPLAN & VESELKA, L.L.P.

BANK OF AMERICA CENTER
700 LOUISIANA  SUITE 2300  HOUSTON, TEXAS 77002
TELEPHONE 713.221.2300  FACSIMILE 713.221.2320

Direct Dial Number:
(713) 221-2330

Author's E-mail Address:
csmyser@skv.com

March 1, 2013

*Via Hand Delivery*

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   Case No. 11-cv-00691 (LAK); *Chevron Corporation v. Steven Donziger, et al.*, In the United States District Court for the Southern District of New York

Dear Judge Kaplan,

We write as counsel for Defendants Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, Steven Donziger, The Law Offices of Steven R. Donziger and Donziger & Associates, PLLC.

Over the last two months, Chevron has inundated the Court and counsel with an avalanche of motions, papers, and complaints. In its recently produced privilege log, which itself *exceeded 15,000 pages*, Chevron listed 114 lawyers from Gibson Dunn alone, in addition to lawyers from over 60 other firms, working on this case. Chevron's list of legal personnel whose names might appear on documents exceeded 2,000 people – this is more people than inhabit many of the towns in the rain forest where Chevron drilled for 30 years. It has sued Defendants' funders. It is using its seemingly infinite resources to make it impossible for Defendants to comply with the Court's Scheduling Order.

Now, Chevron wants to force the parties to take depositions (1) before the pleadings are set, (2) before document discovery has been completed, and (3) before motion practice concerning discovery is resolved. This rush to judgment, this mismatch of resources, this abuse of the civil litigation system to bulldoze a result must stop. The Court should step in to restore order and provide due process to all the litigants before it, not just to the wealthiest.

Let there be no mistake: this is not about delay. We look forward to a trial to a jury hearing our evidence. We ask for a fair trial, however, not a show trial.

402270.1

Hon. Lewis Kaplan
March 1, 2013
Page 2

**Pleadings are incomplete.** First, the case pleadings, including the establishment of what will be the basic causes of action the parties will face, are not set:

- The Court has before it since last year Donziger's amended pleading asserting counter claims against Chevron, and Chevron's motion to strike awaits Court decision.

- The Court has before it Stratus' counterclaims against Chevron; Stratus is not even due to respond to Chevron's opposition until April 4, 2013, after which the Court will be called on to rule.

- The Court has before it Chevron's Motion for Summary Judgment on Count 8 – New York Judiciary Law.

- The Court has pending Chevron's motion to reassert, *nunc pro tunc*, its unjust enrichment claim and the Defendants' Opposition to which Chevron has yet to reply.

- The Court is still receiving briefing on Chevron's Motion for Partial Summary Judgment; Defendants' opposition is not due until March 8, after which Chevron will respond.

Absent a settling of the issues raised by these motions, or, in the case of the Motion for Partial Summary Judgment, a postponement of that Motion until discovery is completed, the parties cannot know what witnesses to depose, what additional discovery might be needed, and what experts would be necessary.

The reason for the delay in resolving all motions is not hard to find: court records show that over the last three months alone, over 224 filings in CV-0691 have occurred. That is a ridiculous, out of control pace for any case.

**Paper discovery is incomplete.** Despite endless and often unproductive meets and confers in an effort to resolve discovery disputes, some 13 discovery motions (now 14 as Chevron filed another even as this letter is being written) are pending before the court. And these motions generally only involve a settling of the scope of discovery. Extended motion practice will be inevitable with respect to, for instance, claims of privilege.

**Chevron seeks to overwhelm Defendants with the volume of material and legal motions.** In the last two months, Chevron has produced some 6 million pages of material. Defendants do not have the resources – the sheer manpower – to review this volume of paper in the time frame provided. Before depositions can begin, the documents must be reviewed.

Over the last 30 days, Chevron has served Defendants with more than 10,000 pages of motions, briefs, letters, and notices. And this volume of paper does not include the thousands of pages associated with § 1782 proceedings, the BIT arbitration, and other proceedings initiated by Chevron through its three law firms and many hundreds of lawyers. Chevron has filed four

402270.1

Hon. Lewis Kaplan
March 1, 2013
Page 3

separate motions for summary judgment in the past year, each with thousands of pages of exhibits. The last two motions included 56.1 statements, together totaling more than 175 pages in length with citations to hundreds of exhibits.

Chevron's intent is to leverage its huge advantage in money to bury the LAPs, Donziger, and Stratus under wave after wave of motions and discovery maneuvering to make it impossible for Defendants to mount a coherent defense. Chevron's CEO John Watson made that plain two weeks ago in a public statement reminiscent of Nikita Khrushchev's "We will bury you:"

> "Investors just want to know when it will end. The short answer is, it will end when the plaintiffs' lawyers give up." Feb. 13, 2013,
> http://www.forbes.com/sites/christopherhelman/2013/02/13/chevrons-expensive-problems/

And part of Chevron's "we will bury you" strategy is to deprive the Defendants of money to proceed: it has sued one of the funders for the LAPs, subpoenaed others, and intervened in Stratus' dispute with its insurer to argue that Stratus should not receive coverage to pay for counsel in this case. Nor is this the first time that Chevron's "we will bury you" tactic has drawn comment, as the Second Circuit noted that Chevron had "bombard[ed] this Court with distracting and irrelevant documents." *Republic of Ecuador v. Chevron*, 638 F. 3d 384, 388 Fn.2 (2nd Cir. 2011).

**The current schedule and pace is unfair and deprives Defendants of their due process rights.** The current scheduling order provides that discovery ends in three months. The first deposition has not been taken. Expert disclosures are due March 1 – how can experts be disclosed when the pleadings are not fixed? When document discovery is incomplete – it remains at least a month or more from completion – and not a single fact witness has been deposed? Chevron has resources to designate dozens of experts to cover all potential topics; the Defendants cannot be required to expend resources in that fashion with so much uncertainty in the scope of the case and the causes of action against them and against Chevron.

**Scheduling.** Defendants request the Court intervene at this time and impose order on chaos. A fair and rational scheduling regime must be imposed. Pursuant to Rule 26(b)(2)(c), this Court is obligated to "limit the frequency or extent of discovery. . . if it determines that. . . the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *See SEC v. Collins & Aikman Corp.*, 256 F.R.D. 403, 414 (S.D.N.Y. 2009). Under Rule 16(b)(4), the Court may modify the existing schedule for "good cause." *See Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009). Moreover, "what constitutes good cause sufficient to justify the modification of a scheduling order necessarily varies with the circumstances of each case." *6A Wright & Miller, Federal Practice and Procedure* § 1522.2 (3d. ed). Chevron's belated disclosure of the Guerra allegations constitute good cause. *See W.R. Grace & Co.-Conn. v. Zotos Int'l., Inc., supra.* Chevron's refusal to respond to defendants' discovery constitutes good

402270.1

Hon. Lewis Kaplan
March 1, 2013
Page 4

cause. *See Reid v. Carico*, Civ. Action No. 2:11cv00031, 2012 WL 4458891 (W.D. Va. 2012) ("A party's failure to respond to discovery requests . . . constitutes good cause for modifying a scheduling order").

              Respectfully submitted,

_____     _____
Craig Smyser            John Keker
Attorneys for Defendants      Attorneys for Steven
Hugo Gerardo Camacho     Donziger, The Law Offices
Naranjo and Javier         of Steven R. Donziger and
Piaguaje Payaguaje        Donziger & Associates,
                     PLLC

_____
Julio C. Gomez
GOMEZ LLC
Attorney for Defendants
Hugo Gerardo Camacho
Naranjo and Javier
Piaguaje Payaguaje

cc: All counsel of record