# Exhibit B

## LAW OFFICES
## KEKER & VAN NEST
### LLP

633 BATTERY STREET
SAN FRANCISCO, CA 94111-1809
TELEPHONE (415) 391-5400
FAX (415) 397-7188

JOHN W. KEKER
jkeker@kvn.com

**MEMO ENDORSED**



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/9/13

March 28, 2013

**VIA HAND DELIVERY**

The Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Chevron Corporation v. Steven Donziger, et al.*
Case No. 1:11-cv-00691-LAK

Dear Judge Kaplan:

    We received the attached letter dated March 27, 2013 from counsel for Chevron, capitalizing on the Court's "Order of Appointment" docketed March 26 (Dkt. 942) concerning the appointment of Special Masters.

    The Court's March 26 Order states that Special Masters will be appointed to attend depositions, with Max Gitter being paid his Clearly Gottlieb hourly rate and Judge Katz being paid his JAMS hourly rate. The Court also authorized Mr. Gitter additionally to employ (and bill for) a Cleary Gottlieb associate and a Cleary Gottlieb legal assistant. And the Court ordered that the bills for these fees and costs were to be allocated 50% to the defendants other than Stratus, i.e. to the three individuals Steven Donziger, Hugo Camacho and Javier Piaguaje, and 50% to Chevron. In response to the Court's order, Chevron's counsel wrote the attached March 27 letter indicating that it wants the Special Masters to attend a minimum of 27 depositions, at least a third of them in Peru, while reserving the option to ask for masters at even more depositions.

    Donziger has previously objected to being required to pay for Special Masters, *see* Dkts. 822, 890 and 943, as did Camacho and Piaguaje. Donziger has asked both Chevron and the Court for information on how much Mr. Gitter charged in the 1782 litigation, *see* Dkt. 890 and 943 et al. and no information has been provided. Donziger has advised the Court that due to financial constraints it is unlikely that he will send counsel to attend most depositions, and that it is particularly unfair to charge Donziger Special Master fees for depositions his counsel does not even attend. *See* Dkt. 943 at n. 2. Camacho and Piaguaje face similar financial constraints and may also be unlikely to attend a number of depositions. There has been no response to these requests and statements.

740868.01

The Honorable Lewis A. Kaplan
March 28, 2013
Page 2

      We do not know what Mr. Gitter's hourly billing rate is. Two years ago the Wall Street Journal published billing rates of "Top Attorneys in the U.S." and top Cleary Gottlieb partners were listed as billing at $1,020- $1,160 per hour. That was two years ago, and we assume rates are even higher today, and that Mr. Gitter is considered a "Top Attorney" at Cleary. Back of the envelope math suggests that Special Masters' fees and costs will end up near or above $10,000 per day, not to mention associate and paralegal time, travel time, preparation time, travel expenses, and the like, meaning that the total fees and costs for Special Masters serving as Chevron has requested will total several hundred thousand dollars. Chevron, whose profits last year exceeded $26 billion (about $50,000 per minute), can afford this. Mere mortals Donziger, Camacho and Piaguaje cannot.

      Without waiving any attorney client privilege or work product protections, Donziger's counsel must advise the Court that Keker & Van Nest LLP was hired on a straight hourly rate basis, and has no contingent interest in the outcome of this or any other litigation. Keker & Van Nest's bills have been seriously in arrears for some time, and Mr. Donziger currently owes the firm fees and costs in excess of $1 million. He cannot afford to pay his own attorneys, and he certainly cannot afford to pay Clearly Gottlieb, JAMS, or any other third party Chevron is seeking to hire. Also without waiving any attorney client privilege or work product protections we advise the Court that although Camacho and Piaguaje hired Smyser Kaplan Veselka, L.L.P. on a mixed contingent and hourly rate basis, Smyser Kaplan Veselka is also currently owed fees and costs in excess of $1 million. They, too, cannot afford to pay Cleary Gottlieb, JAMS, or any other third party Chevron seeks to hire.

      Accordingly, we are writing to advise that, unless circumstances change, neither Mr. Donziger nor Camacho and Piaguaje are going to be able to pay any bills submitted by Mr. Gitter or Judge Katz.

Respectfully submitted,

KEKER & VAN NEST LLP

_____
JOHN W. KEKER

JWK:srg
cc: All Counsel of Record

SMYSER KAPLAN & VESELKA

_____
CRAIG SMYSER

> Counsel and their clients, whose claims of financial hardship are undocumented, proceed at their own risk.
>
> SO ORDERED
> _____
> LEWIS A. KAPLAN, USDJ
> 4/9/13

740868.01

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Avi Weitzman
Direct: +1 212.351.2465
Fax: +1 212.351.5265
AWeitzman@gibsondunn.com

March 27, 2013

VIA ELECTRONIC MAIL

Craig Smyser, Esquire
Smyser Kaplan & Veselka, LLP
700 Louisiana
Suite 2300
Houston, TX 77002
csmyser@skv.com

John Keker, Esquire
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
jkeker@kvn.com

Julio C. Gómez, Esquire
The Sturde Building
111 Quimby Street, Suite 8
Westfield, NJ 07090
jgomez@gomezllc.com

Re: *Chevron Corp. v. Donziger*, Case No. 11 Civ. 0691 (LAK)

Counsel:

I write regarding Judge Kaplan's Order of Appointment (Dkt. 942), issued yesterday, which overrules the objections of the LAP and Donziger defendants to the appointment of Mr. Gitter, and further seeks the parties' agreement regarding the depositions over which a special master should preside.

We understand that you have objected to the appointment and use of special masters at depositions. Nonetheless, as ordered by the Court, we request that the defendants agree to have a special master preside over depositions of the following witnesses:

   Alberto Guerra
   Andrew Woods
   Andres Rivero
   Pablo Fajardo
   Julio Prieto
   Juan Pablo Sáenz M

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Hong Kong • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

# GIBSON DUNN

March 27, 2013
Page 2

      - Luis Francisco Yanza
        Judge Nicolas Zambrano Lozada
        Emery Celli Brinckerhoff & Abady, LLC 30(b)(6)
        Jeffrey I. Shinder
        Joseph Kohn
        Laura Garr
        Silver and DeBoskey 30(b)(6)
        Amazon Watch 30(b)(6)
        Ximena Centeno
        Hugo Camacho Naranjo
        Ramiro Fernando Reyes
        Javier Piaguaje Payaguaje
        John McDermott
        Dave Russell
        Patton Boggs LLP 30(b)(6)
        Donziger & Associates 30(b)(6)
        Adolfo Callejas
        Enrique Carvajal
        Ivan Alberto Racines
        Alfredo Guerrero
        Servio Curipoma

Please note that Chevron reserves the right to request the presence of a special master at any additional depositions that are noticed by any party to this action as it deems appropriate.[1] Please advise us no later than 5:00pm EST March 29, 2013, over which depositions you will agree to have a special master preside.

Sincerely,

*Avi Weitzman* /rg

Avi Weitzman

AW/rg
cc: all counsel of record

---

[1] Chevron has previously indicated its intent to object to depositions of 30(b)(6) witnesses from Chevron and Kroll, Inc., as well as John Watson, Chevron's CEO and Chairman, and Ed Scott, Chevron's General Counsel. In the event that Chevron is ordered to produce these witnesses and depending on the topics identified in the 30(b)(6) notices, Chevron reserves the right to request the presence of a special master at these depositions.