UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHEVRON CORPORATION,<br><br>               Plaintiff,<br><br>     v.<br><br>STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, et al.,<br><br>               Defendants. | **CASE NO. 11-CV-0691(LAK)** |

**MEMORANDUM OF LAW IN SUPPORT OF SMYSER KAPLAN & VESELKA, L.L.P.'S MOTION TO WITHDRAW AS ATTORNEY IN CHARGE FOR DEFENDANTS HUGO GERARDO CAMACHO NARANJO AND JAVIER PIAGUAJE PAYAGUAJE**

Pursuant to Southern District of New York Local Civil Rule 1.4, Smyser Kaplan & Veselka, L.L.P. ("SKV") and its individual attorneys who have appeared in this Court ask the Court to allow them to withdraw as attorney-in-charge for Defendants Hugo Gerardo Camacho Naranjo ("Camacho") and Javier Piaguaje Payaguaje ("Piaguaje") based on non-payment of legal fees.

## I. Background

Plaintiff Chevron Corporation sued Camacho and Piaguaje for fraud, tortious interference with contract, trespass to chattels, unjust enrichment, civil conspiracy, and declaratory judgment. At the time of the filing of this motion, all claims save the fraud claim based on reliance by a third party and the civil conspiracy claim have been dismissed. Camacho and Piaguaje continue to object that Chevron has failed to plead a legally viable fraud claim against them. Camacho and Piaguaje, Ecuadorian citizens living in the rainforest, also continue to object to this Court's exercise of personal jurisdiction over them, given their utter lack of contacts with New York.

Discovery is underway. Depositions just began, and will continue throughout the rest of the discovery period, which is scheduled to close on May 31, 2013. The Court has set this matter for trial on October 15, 2013.

Given that a number of depositions will take place in the next month, that many of those depositions will be in Lima, Peru and other destinations requiring significant travel, and that the litigation tactics of Chevron involve and portend continued extensive motion practice, all of which is time-intensive for the lawyers working on the case and will result in SKV incurring substantially more legal fees, SKV asks that the Court consider this motion as soon as possible so that the issue of SKV's withdrawal may be resolved with a minimal amount of new legal fees being incurred by SKV or its clients.

### A.     Defendants Camacho and Piaguaje cannot pay their legal fees.

Defendants Camacho and Piaguaje are unable to pay and have not paid SKV's fees in accordance with their contractual arrangement.  Currently, Defendants' payments for SKV's representation are in arrears for an amount in excess of $1.77 million.  Declaration of Craig Smyser, ¶ 4.

Without waiving privilege, SKV's original fee arrangement with Defendants Camacho and Piaguaje provided for a straight hourly rate billing structure, with Defendants responsible for payment of all costs and expenses.  *Id.*, ¶ 2.  Without waiving privilege, after Chevron's scorched earth litigation tactics proved to be too costly for Defendants, SKV agreed to convert the fee agreement to provide for a mixed hourly and contingent fee, with Defendants retaining responsibility for payment of all costs and expenses.  *Id.,* ¶ 3.

Due to Chevron's legal blitzkrieg, which included an army of over 100 lawyers at Gibson Dunn & Crutcher LLP alone, SKV has had to bill over 16,000 hours on this representation since June 2011.  Smyser Decl., ¶ 5.  Many of those hours were spent defending Camacho and Piaguaje against an unfounded worldwide anti-enforcement injunction that was ultimately reversed and dismissed by the Second Circuit.  *See id.*  The rest of those hours have been spent defending Camacho and Piaguaje against a legally infirm cause of action for third-party fraud, in a jurisdiction with which they have no contacts and which they contend lacks personal jurisdiction over them.  *Id.*

Camacho and Piaguaje have been unable to pay the hourly fee portion of the fee agreement for a long period of time, with some invoices unpaid for nearly one year.  *Id.*, ¶ 7. There is no reasonable prospect of SKV's recovery of its current outstanding receivable of nearly $1.8 million, nor of receiving substantial payment for the future fees and costs that would be

incurred if SKV were to continue on as counsel. *Id*. SKV does not have a retaining or charging lien. *Id.*, ¶ 8.

### B. SKV cannot financially sustain its operations if it continues as counsel without payment for its work.

SKV is a law firm of 11 full-time lawyers and two of counsel, one of whom is a law school professor who does not practice regularly at SKV. Smyser Decl., ¶ 6. At one time or another, eight of SKV's lawyers have worked on the case. *Id*. Four lawyers work full time on the representation now, with others working part-time. *Id.* SKV cannot financially sustain its operations as a firm with this level of involvement in the case without payment of its fees pursuant to its contract. *Id.*

Without waiving privilege, SKV has discussed this issue of fees owed with Camacho and Piaguaje and their lawyers in Ecuador. Smyser Decl., ¶ 7. SKV has explained that absent payment, SKV would be forced to seek to withdraw from the representation. *Id.* These discussions concerning non-payment of fees have been ongoing for more than a year, and the fees SKV is owed are in some cases nearly a year past due. *Id.* Camacho and Piaguaje and their representatives have made efforts to raise sufficient funds to pay their contractual obligations but have been unable to do so, in part because of Chevron's efforts to scare off funders by suing or subpoenaing persons and entities that have contributed funds to the case. The funds that Camacho and Piaguaje and their representatives did have were spent unnecessarily in defending against Chevron's onslaught of motions (many of which included thousands of pages of exhibits), discovery requests, letters, emails, and other filings in this case. Chevron's goal is apparently to bulldoze a result using its limitless financial resources to win a self-created war of attrition in New York. Camacho and Piaguaje understand SKV's financial position and therefore do not oppose SKV's motion to withdraw. *Id.*, ¶ 9.

4

## II.     Argument

When considering whether to grant a motion to [withdraw], district courts must [] analyze two factors: the reasons for the withdrawal and the impact of the withdrawal on the timing of the proceeding." *Blue Angel Films, Ltd. V. First Look Studios, Inc.*, 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011) (Francis, M.J.).

### A.     Defendants' failure to pay SKV's legal fees warrants granting SKV's motion to withdraw.

Under sound precedent, non-payment of legal fees constitutes adequate justification for withdrawal. *See, e.g.*, *Police Officers for a Proper Promotional Process v. Port Authority of New York and New Jersey*, No. 11 Civ. 7478, 2012 WL 4841849, at *1 (S.D.N.Y. Oct. 10, 2012) (Francis, M.J.) ("it is well-settled in the Eastern and Southern Districts of New York that non-payment of legal fees is a valid basis for granting a motion to withdraw pursuant to Local Civil Rule 1.4."); *Centrifugal Force, Inc. v. SoftNet Commc'n, Inc.*, 2009 WL 969925 (S.D.N.Y. Apr. 6, 2009) ("Attorneys are not required to represent clients without remuneration, and the failure to pay invoices over an extended period is widely recognized as grounds for leave to withdraw."); *Blue Angel Films*, 2011 WL 672245, at *1 ("non-payment of legal fees alone can be a satisfactory reason for withdrawal"); *Sentient Flight Group, LLC v. Klein,* 7:09-CV-07170, 2011 WL 1431987 (S.D.N.Y. Jan. 6, 2011) ("Non-payment of attorney's fees is a proper basis for a withdrawal of counsel."); *Farr Man Coffee Inc. v. M/S Bernhard S*, 1989 WL 31529, *1 (S.D.N.Y. March 28, 1989) ("It hardly needs saying that a client's refusal to pay the attorney . . . is a satisfactory reason for allowing the attorney to withdraw."). This is especially so where nonpayment of a substantial amount of fees continues for a significant period of time. *See Stair v. Calhoun*, 722 F.Supp.2d 258, 265-66 (E.D.N.Y. 2010) (granting motion to withdraw where

5

client owed counsel over $58,000 and counsel had been attempting to obtain payment for months).

"Lawyers are not indentured servants; they have a right to be paid for their services and refusal to pay can constitute a valid ground for withdrawal." *In re Chase*, 372 B.R. 142, 151 (Bankr. S.D.N.Y. 2007). "The Court cannot force [] counsel to proceed pro bono, accordingly, standing alone, this is sufficient grounds to grant leave to withdraw." *Cower v. Albany Law Sch. of Union Univ.*, 04 CIV. 0643 (DAB), 2005 WL 1606057, *5 (S.D.N.Y. July 8, 2005). Here, SKV cannot survive financially as a going concern if it is forced to continue the representation at the current and projected pace of this matter, without any reasonable prospect of being paid for its work. Smyser Decl., ¶ 6. Defendants' long-standing non-payment of fees owed to SKV constitutes a sound basis for permitting SKV to withdraw from the representation of Camacho and Piaguaje in this matter.

### B. Withdrawal by SKV will not disrupt or delay the case schedule, nor will it prejudice the parties.

In evaluating a request to withdraw, the Court may also consider "the posture of the case" and whether "the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." *Whiting v. Lacara,* 187 F.3d 317, 320-21 (2d Cir. 1999). "The Court may also examine likely prejudice to the client, whether the motion is opposed, and whether the unpaid representation has become a severe financial hardship to the firm." *Kariminian v. Time Equities, Inc.*, 2011 WL 1900092, at *3 (S.D.N.Y. May 11, 2011) (Francis. M.J.). "Where discovery in a case has not yet closed and the case is not 'on the verge of trial readiness,' prejudice is unlikely to be found." *Id.* (citing *Blue Angel Films*, 2011 WL 672245, at *2).

At the time of filing, this case is not on the "verge of trial readiness." Both paper and deposition discovery are continuing, and depositions are or will be scheduled throughout the

6

month of May. *See Kariminian v. Time Equities, Inc.*, 2011 WL 1900092, at *3 (granting motion to withdraw; "although substantial discovery has taken place, discovery has not yet closed, and trial is still several months away."); *Furlow v. City of New York*, No. 90 Civ. 3956, 1993 WL 88260, at *2 (S.D.N.Y. March 22, 1993) (where document discovery was complete but depositions had not been taken, withdrawal permissible because "this action is not trial ready and resolution of this matter will not be delayed substantially by counsel's withdrawal at this juncture"). Due to the financial constraints that prevent Defendants from paying SKV's fees, Defendants are likely unable to afford to have their counsel attend many or perhaps all of the depositions. Motion practice has begun and can be expected to continue. The case is set on the trial docket in mid-October, more than five months from the date of this motion to withdraw. *See Thekkek v. LaserSculpt, Inc.*, 2012 WL 225924, at *2 (S,D.N.Y. Jan. 23, 2012) (granting motion to withdraw where trial was months away because "this is not a case that is on the verge of being tried").

      Camacho and Piaguaje will continue to be represented in the case by Mr. Julio Gomez, who was their attorney before they hired SKV and who has continued to represent them during SKV's and Mr. Smyser's tenure as attorney-in-charge. *See Callaway Golf Co. v. Corporate Trade Inc.*, 2011 WL 2899192, at *3 (S.D.N.Y. July 6, 2011) (granting motion to withdraw where defendant had other counsel). Mr. Gomez will be substituted in as attorney-in-charge. The withdrawal is not sought to delay or hinder these proceedings. It will not prejudice any of the parties to this case nor will it adversely affect the scheduling order.[1]

---

[1] *Cf. Welch v. Niagara Falls Gazette*, No. 98 CV 685E, 2000 WL 1737947, at *3 (W.D.N.Y. Nov. 17, 2000) ("When a court denies an attorney leave to withdraw it is usually because the client's rights will be prejudiced by the delay necessitated in obtaining replacement counsel or because the court's trial calendar will be adversely affected.").

**III. Conclusion**

For these reasons, SKV asks this Court to grant their motion to withdraw and to substitute in Mr. Gomez as attorney-in-charge for Defendants Camacho and Piaguaje.

Dated: May 6, 2013
      Houston, Texas

Respectfully submitted,

    /s/ *Tyler G. Doyle*
CRAIG SMYSER (*pro hac vice*)
LARRY R. VESELKA (*pro hac vice*)
TYLER G. DOYLE
SMYSER KAPLAN & VESELKA, L.L.P.
700 Louisiana, Suite 2300
Houston, TX 77002
Telephone:   (713) 221-2330
Facsimile:   (713) 221-2320
Email:   tydoyle@skv.com
Email:   csmyser@skv.com
Email:   lveselka@skv.com

Julio C. Gomez
GOMEZ LLC
The Trump Building
40 Wall Street, 28th Floor
New York, NY 10005
Telephone:   (212) 400-7150
Facsimile    (212) 400-7151
Email:   jgomez@gomezllc.com

*Attorneys for Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje*

8