UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**MEMO ENDORSED**

------------------------------------- x
CHEVRON CORPORATION,

        Plaintiff,

  v.                                          :   11 Civ. 0691 (LAK)

STEVEN DONZIGER, *et al.*,

        Defendants.
------------------------------------- x

**PLAINTIFF CHEVRON CORPORATION'S MOTION FOR A PROTECTIVE ORDER
REGARDING DEFENDANTS' RULE 30(b)(6) NOTICE OF DEPOSITION**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Attorneys for Plaintiff Chevron Corporation

Memorandum Endorsement                               Chevron Corp. v. Donziger, 11 Civ. 0691 (LAK)

        Chevron moves for a protective order striking from the permissible Subjects of examination of a Chevron Rule 30(b)(6) witness by the LAP Representatives Subjects 1, 6-9, 12, 19, 20, and 24-29 and deferring any examination on Subject 21 pending a decision on the motion to dismiss defendant Donziger's counterclaim.

        1.     The LAP Representatives do not seek to defend Subjects 8, 9, 12, and 29. DI 1120, *passim.*

        2.     Chevron claims that Subjects 1, 22, and 28 improperly target privileged matters and legal conclusions and that Subject 1, in addition, is overly broad and would be an improper use of Rule 30(b)(6). Subject 22 indeed raises privilege concerns but Chevron will be free to assert privilege or work product protection in response to specific questions, subject to rulings by a special master and/or the Court. Subject 28 is objectionable not because it seeks privileged information but because it is an improper use of Rule 30(b)(6). Whether and how Chevron claims privilege over these documents will be apparent from its privilege log. Subject 1 does not appear to raise privilege related questions, although that of course remains to be seen. More significantly, however, are the other difficulties it raises.

> The subject, as stated, is "[t]he factual basis for CHEVRON's fraud allegations against Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje . . ."

        To be sure, these defendants are entitled to appropriate discovery of relevant facts, which includes facts that are material to Chevron's contention that they are liable for the alleged fraud. And if this were a simple case – one in which these two defendants, for example, were alleged to have made fraudulent misrepresentations with intent to deceive – there probably would be no serious question about the propriety of the inquiry as stated. But it is not that simple. True, the amended complaint speaks broadly in some places of "each and every Defendant" having knowingly made false statements or omissions or actually or constructively having known that others had done so on his or its behalf. *E.g.,* DI 283, ¶¶ 389 *et seq.* Nevertheless, it is clear from the entire record of this litigation that the fraud claim against these two particular defendants – who their counsel describe as "a *campesino* and a canoe operator operating in the remote Ecuadorian jungle"[1] – is premised entirely or at least predominantly on theories of liability for the alleged actions of their agents and attorneys. To that extent, "the factual basis" for the fraud allegations might be read to embrace the factual allegations of allegedly fraudulent behavior by the agents and attorneys as well as factual allegations concerning such matters as powers of attorney given to some of them, the scope of the employment of the agents and attorneys, and doubtless other matters. A deposition of a 30(b)(6) witness on the subject as stated thus would be likely to deteriorate into a quagmire of objections and arguments concerning whether questions improperly called upon the witness to assume or voice judgments on legal propositions in order to answer questions about facts.

        No useful purpose would be served by embarking on such an enterprise. The LAP Representatives have the benefit of an extremely detailed, 166-page amended complaint as well as an annotated version of that pleading citing to evidence. They have had extensive document discovery and promulgated extensive interrogatories. They have been afforded the opportunity to conduct up to 21 depositions. No one has prevented them from seeking information as to exactly

---

[1] *See* DI 518, at 1.

what Chevron claims was fraudulent and the facts upon which it relies. Accordingly, a 30(b)(6) deposition on Subject 1 – given its breadth, the complexity implicit in its misleadingly simple words, and the legal context that would be necessary for any witness to answer properly and coherently – would be inappropriate in light of the considerations set forth in Fed. R. Civ. P. 26(b)(2)(C). Subject 1 is modified as follows: "Any allegation by Chevron that either defendant Hugo Gerardo Camacho Naranjo or Javier Piaguaje Payaguaje personally made any material false statement of fact or material omission or personally committed or participated in the commission of any material wrongful conduct and, if so, the factual basis for such allegation."

3. Subjects 6 and 7 are not relevant on the basis of considerations that the Court has expressed more than once.

4. Subjects 24-27, which are utterly unlimited as to time, all go to the question of the propriety of piercing the corporate veil between Texaco and Chevron, which the LAP Representatives say is made "relevant by [Chevron's] continuing to insist on an improper ruling about whether the Ecuadorian Judgment is entitled to recognition in New York." DI 1120, at 4. To be sure, the LAP Representatives, as the Court has held, assert a defense of collateral estoppel based on the Ecuadorian judgment. Further, as the LAP Representatives have agreed, a necessary but not sufficient condition for such issue preclusion is the recognizability and enforceability of that judgment. *Chevron v. Donziger,* 886 F. Supp. 2d 235, 278 (S.D.N.Y. 2012). And it is correct that the LAP Representatives previously have contended, unsuccessfully, that Chevron is judicially estopped to deny certain statements made by Texaco prior to the acquisition of its stock by Chevron as to the adequacy of the Ecuadorian courts. *Chevron Corp. v. Salazar,* 807 F. Supp.2d 189 (S.D.N.Y. 2011). But, as this Court has pointed out in the past, "a litigant seeking to impose corporate obligations on a shareholder or shareholders must allege facts that, if proven, would justify disregard of the corporate entity. The LAP Representatives have alleged no such facts in this case." *Id.* at 197. Accordingly, Subjects 24-27 are not relevant.

5. Any examination on Subject 21 should be deferred unless and until the Court rejects Magistrate Judge Francis' recommendation that defendant Donziger's counterclaim be dismissed, as it is relevant only to that.

For the foregoing reasons, Chevron's motion for a protective order [DI 1098] is granted to the extent that Subjects 6-9, 12, 24-27, and 29 are stricken, Subject 1 is modified as set forth above, and any examination on Subject 21 is stayed as indicated. The motion is denied as to Subjects 19, 20, and 22.

SO ORDERED.

Dated: May 9, 2013

_____
Lewis A. Kaplan
United States District Judge