UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CHEVRON CORPORATION,

            Plaintiff,

    -against-

STEVEN DONZIGER, et al.,

            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

11 Civ. 0691 (LAK)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/9/13

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        Chevron Corporation ("Chevron") moves to compel the law firms of Constantine Cannon LLP and Brownstein Hyatt Farber Schreck, LLP (collectively, the "Firms") to produce documents pursuant to subpoenas served upon each of them. The documents relate to the firms' brief representation of the Lago Agrio Plaintiffs (the "LAPs"), two of whom are defendants here (the "LAP Representatives"), in opposing discovery sought by Chevron in 2010 in a 28 U.S.C. § 1782 proceeding against Stratus Consulting, Inc. and others in the District of Colorado. Both firms resigned, allegedly when they learned, as Chevron puts it, that "Donziger [one of the LAPs' U.S. lawyers] intended for them to fraudulently conceal Stratus's role as the ghostwriter-in-chief of an Ecuadorian court expert report by making false statements and taking unsupported positions." DI 850, at 1. Neither Firm claims any independent basis for withholding documents responsive to the subpoenas. Each, acting on the instructions of the LAPs and Donziger, has asserted privilege and work product with respect to the responsive documents. Neither Firm is alleged knowingly to have participated in any crime, fraud, or other misconduct.

        It appears to the Court that the dispute regarding the Firms' documents might well be resolved entirely, or at least narrowed, if counsel to Chevron were permitted to view the allegedly privileged documents without prejudice to the position defendants have asserted regarding privilege and work product. It may be, for example, that Chevron, having seen the documents, may conclude that it need not press its demands for some or all of them. The proposed procedure was employed to good effect during the recent evidentiary hearing in 11 Civ. 0691, and is currently being employed in attempt to resolve the motions to compel other non-parties in this action.

        Accordingly, counsel for all of the parties to this matter shall meet and confer, on or before May 15, 2013 in order to explore these possibilities. They shall report to the Court by joint,

non-argumentative letter and provide the Court with copies of any privilege logs that have been served on or before May 16, 2013. Should those concerned reach any helpful agreement, the Court would entertain an application for an appropriate Fed. R. Evid. 502(d) order.

        SO ORDERED.

Dated:      May 9, 2013

_____
Lewis A. Kaplan
United States District Judge