UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
CHEVRON CORPORATION,

                Plaintiff,

                -against-
                                        11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

                Defendants.
------------------------------------------------x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        Chevron appeals from Magistrate Judge James C. Francis IV's order of May 7, 2013, which denied Chevron's motion to quash deposition notices for its chief executive officer and a vice president and general counsel of a Chevron business group, John Watson and Edward Scott, respectively. It argues first that the magistrate judge erred in applying the principles that apply to so-called "apex depositions" as these. It then contends that the order improperly "finds that Mr. Watson must testify about: (a) his experiences as CEO 'monitor[ing] litigation that creates potential liability for Chevron in the tens of billions of dollars,' and (b) Chevron's 'integration effort following the Chevron-Texaco merger" which, Chevron maintains, are not relevant here. Next, it argues that defendants have utterly failed to articulate any relevant, non-privileged subject on which they propose to examine Mr. Scott. Fourth, it argues that examination with respect to any topics relevant only to Donziger's counterclaims (which Judge Francis has recommended be dismissed) should not occur unless and until the Court rejects that recommendation. Finally, if it fails to obtain an order quashing both depositions, it submits that only one of these two individuals should be deposed or, alternatively, that the deposition of each should be limited to 3.5 hours.

        The bottom line of all of this is simple enough. The motion before Judge Francis was to quash the deposition notices. He declined to do so. The Court finds no error of law or fact or abuse of discretion in that ruling. Accordingly, the holding – viz., that the depositions may go forward – is affirmed.

        The relevance and permissibility of questions put to the witnesses will be determined by the special master(s) presiding over them, who will apply this Court rulings and, in the absence of pertinent rulings, use their own best judgment, in each case subject to review by this Court. It makes far more sense for such determinations to be made in the context of specific questions than

in the abstract.

        Chevron's final request also is rejected subject to the fact that the duration of each deposition is entirely subject, in the first instance, to the discretion of the special master presiding. Among the options available are shortening or lengthening the duration of any deposition for good cause.

        For the foregoing reasons, the May 7, 2013 order, to the extent it denied Chevron's motion to quash the deposition notices for Messrs. Watson and Scott, is affirmed. The scope and duration of the depositions will be controlled by the special master(s) presiding subject to review by the undersigned.

        SO ORDERED.

Dated:      May 14, 2013

                                            _____
                                                  Lewis A. Kaplan
                                                United States District Judge