UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHEVRON CORPORATION,

        Plaintiff,

     -against-                11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

               **ORDER**

LEWIS A. KAPLAN, *District Judge.*

    On April 12, 2013, the Court granted Chevron's motions to compel the production, pursuant to subpoenas, of certain documents in the possession or control of third parties Laura Garr, and Joseph Kohn and his law firm (collectively, "Kohn").[1] (The ruling is referred to below as the "Opinion"). Ms. Garr formerly worked for and/or with Steven Donziger, counsel to the LAPs. Kohn at an earlier stage worked closely with Donziger and provided financing for the Ecuadorian litigation.

    In 2011, this Court held that the LAPs had waived attorney-client privilege and work product protection with respect to documents sought by a 28 U.S.C. § 1782 subpoena served on Mr. Donziger which, like all subpoenas, extended to all responsive documents in his possession, custody, or control. The Court ordered that the responsive documents be produced. Its ruling was affirmed by the Court of Appeals. *In re Chevron Corp.*, 749 F. Supp. 2d 135 (S.D.N.Y.) ("*Donziger §1782 I*"), *fuller opinion, In re Chevron Corp.*, 749 F. Supp. 2d 141 (S.D.N.Y.) ("*Donziger §1782 II*"), *on reconsideration*, 749 F. Supp. 2d 170 (S.D.N.Y.) ("*Donziger § 1782 III*"), *aff'd sub nom., Lago Agrio Plaintiffs v. Chevron Corp.*, 409 Fed. Appx. 393 (2d Cir. 2010).

    It eventually came to light that Mr. Donziger had not produced certain documents that were in the physical custody of Garr and Kohn but allegedly subject to Donziger's practical control. This led to a contempt motion against Donziger that remains pending in the Section 1782 proceeding. In addition, however, Chevron served subpoenas on Garr and Kohn in this action for the same documents, perhaps among others. Garr and Kohn then invoked privilege and work product objections on behalf of the LAPs. Chevron responded by moving to compel production. It argued that, among other things, any privilege or work product protection that the LAPs otherwise might have had was (1) waived in consequence of Mr. Donziger's actions in the Section 1782 proceeding and, in any event,

---

[1] DI 1012.

(2) would be vitiated the crime-fraud exception to the attorney client privilege and work product protection. Donziger and the LAP Representatives opposed the motions and asked that, should the Court grant them, a stay be entered pending appeal.

In the April 12 Opinion, the Court held that (1) the waiver in the Section 1782 proceeding applied to all the documents at issue, and (2) Chevron had satisfied the first prong of the crime-fraud exception to the attorney client privilege with respect to certain categories of documents sought by the subpoenas. The Court, however, found it unnecessary to determine whether and to what extent the responsive documents were in furtherance of the crimes or fraud as to which there was probable cause, as the waiver ruling was sufficient in itself to require production of the documents. This was a practical course of action because the volume of documents as to which "in furtherance" determinations then would have been required was in the thousands. The Court ordered that the documents be produced by May 11, 2013, subsequently extended to May 20, 2013, and reserved decision on Donziger and the LAP Representatives' request for a stay.

On April 25, 2013, the Court directed the parties to meet and confer to determine whether the dispute regarding Garr and Kohn's documents "could be resolved entirely, or at least narrowed, if counsel to Chevron were permitted to view the allegedly privileged documents without prejudice to the position Ms. Garr [and Kohn] ha[ve] asserted on behalf of the LAPs."[2] On May 8, 2013, following a series of meet and confers, the parties stipulated that the responsive and allegedly protected documents held by Garr and Kohn would be produced to Chevron, that such production would not constitute a subject matter waiver of any privilege or protection as provided by Federal Rule of Evidence 502(d), and that Chevron would review the documents and "return . . . all copies of documents Chevron chooses not to continue to seek."[3]

On May 14, 2013, following its review of the Garr and Kohn documents pursuant to the procedure to which the parties stipulated, Chevron informed the Court that, of the 29,000 documents it initially sought from Kohn and the 9,000 it initially sought from Garr, it had identified a subset of approximately 150 documents it still wanted from Garr and 300 documents it wanted from Kohn "for immediate use."[4] Discussions, moreover, were continuing.

In light of the drastic reduction in the number of documents in dispute, and in order to provide as complete a determination of the issues relating to them as possible, the Court has concluded that the prudent course is to determine whether and to what extent the roughly 450 documents that still are in dispute (which may be reduced further in consequence of the ongoing discussions) must be produced on the ground that any disclosure protection for them has been vitiated because they were in furtherance of the alleged misconduct as to which the Court previously held that there is probable cause. This is so because, to the extent any disclosure protection for these documents is vitiated by

---

[2] DI 1070.

[3] DI 1126, at 2.

[4] DI 1156.

3

the crime-fraud exception to the attorney client privilege and work product doctrine, this would provide a basis for ordering production of such documents independent of the waiver issue decided in the April 12 Opinion.

Accordingly, upon completion of the ongoing discussions or the close of business on May 20, 2013, whichever first occurs, Garr and Kohn shall produce forthwith to Special Master Gitter for *in camera* review the roughly 450 documents Chevron that has identified or such smaller number as remains in dispute. Mr. Gitter will rule on (1) whether and to what extent the documents are in fact privileged or protected by the opinion work product doctrine (independent of any waiver and of any showing of crime-fraud), and (2) to whatever extent they are, whether any such protection has been vitiated by the crime-fraud exception. Any party may object to the Special Master's rulings by appropriate filing in this Court within three business days   Production shall not be required prior to the expiration of that period and, if any objections are filed, with respect to any particular documents required to be produced pending this Court's determination of the objections. Following the resolution of all objections by this Court, the Court will rule on the LAPs' request for a stay of the April 12 order pending appeal if and to the extent it has not been mooted. The April 12 order requiring production, as modified, by May 20, 2013, is stayed pending further order of the Court.

SO ORDERED.

Dated:      May 17, 2013

_____
Lewis A. Kaplan
United States District Judge