UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHEVRON CORPORATION,

                   Plaintiff,

        -against-

STEVEN DONZIGER, et al.,

                   Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/21/13

11 Civ. 0691 (LAK)

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

*Background*

        Plaintiff Chevron Corporation ("Chevron") recently moved for an order permitting it to substitute James Tyrrell, Esq., a partner at Patton Boggs LLP ("PB"), as a deposition witness in place of a Rule 30(b)(6) witness on behalf of PB.[1] In addition, it served a deposition subpoena on Mr. Tyrrell.

        In its response to Chevron's motion, PB stated that it did not object to the substitution of Mr. Tyrrell for a PB 30(b)(6) witness.[2] It nevertheless requested that the Court "quash the Tyrrell subpoena" or, in the alternative, limit the scope of his deposition in accordance with the Court's orders of November 16, 2012, February 4, 2013 and March 25, 2013 regarding Chevron's document subpoena

---

[1]         DI 1097.

[2]         DI 1116, at 1.

2

to PB.[3]

PB made this request only in response to Chevron's motion to substitute and thus without giving Chevron an opportunity to respond. The Court, on May 8, 2013, therefore granted Chevron's motion to substitute to the extent of permitting it to add Mr. Tyrrell to its list of deponents (subject to the overall limitation on the number of depositions) and permitted further briefing on the request to quash the Tyrrell subpoena.[4] The additional briefing has been completed and the matter is ripe for decision.

*Discussion*

*The Request to Quash*

PB argues that the Tyrrell subpoena should be quashed pursuant to the teachings of *In re Friedman*,[5] a case in which the Court of Appeals articulated a "flexible" approach to the determination whether to permit a deposition of opposing counsel. As PB argues, the considerations to be taken into account include "(1) the need to depose opposing counsel; (2) the lawyer's role in connection with the pending litigation; (3) the risk of encountering privilege and work product issues; and (4) the extent of discovery already concluded."[6]

This Court already has considered carefully and at length the implications of *Friedman* with respect to the questions whether and to what extent Chevron should be given discovery of documents

---

[3]

   *Id.*

[4]

   DI 1127.

[5]

   350 F.3d 65 (2d Cir. 2003).

[6]

   DI 1116, at 2.

from PB.[7]  The Court assumes familiarity with that opinion.  For present purposes, however, it notes that the Court concluded among other things that (1) there was little risk of encountering attorney-client privilege issues even with respect to documents, (2) Chevron's substantial need  for discovery overcame any ordinary work product protection, (3) the first prong of the crime-fraud exception to the attorney-client privilege and opinion work product protection had been satisfied as to several defined subjects, (4) the other *Friedman* factors warranted document production (subject to ultimate resolution of remaining privilege and work product claims with respect to responsive documents), and (5) the document subpoena nevertheless would limited further (*i.e.*, beyond the effect of prior rulings that had narrowed it very substantially) "[i]n view of the desirability of focusing only on that which is most important, of limiting the discovery required from these adversary attorneys, and of avoiding unduly complicated or time consuming privilege issues to the extent that would be fair and reasonable."[8]

The analysis in the previous opinion applies entirely to the present situation with the exception that any privilege and opinion work product issues that may arise in a single seven hour deposition – particularly given that this one would be presided over by a special master quite familiar with the complexities of this case – may be handled swiftly and most efficiently.  The special master would be in a position to rule on privilege and work product issues on the spot, subject to prompt review by the Court.  In any case, the deposition would be over in the equivalent of one full working day.  Accordingly, the Court concludes that a deposition of Mr. Tyrrell would involve no undue burden and that any privilege and work product issues could be dealt with speedily and properly.  All of the other reasons supporting

---

[7]     *Chevron Corp. v. Donziger,* No. 11 Civ. 6091 (LAK), 2013 WL 1087236 (S.D.N.Y. Mar. 15, 2013).

[8]     *Id.* at *30.

discovery from PB in the context of the document subpoena apply with full force here.

PB's attempt to limit the scope of the deposition to the subjects as to which the Court ordered document production – that is, to certain subjects as to which the first prong of the crime-fraud exception has been satisfied – is wide of the mark. As the Court made abundantly clear, the document subpoena presented serious issues of burden, cost, and intrusion. Its rulings as to the permissible scope of production were approached:

> "first and foremost, with Rule 26(b)(2)(C) in mind. That gives district courts discretion to limit the extent of discovery, even of relevant matters, for several reasons. One of them is that its burden or expense outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake, and the importance of the discovery in resolving the issues."[9]

It went on to add:

> "Unless I otherwise indicate, the rulings that I make should be understood as practical judgments about the appropriate scope of the subpoena in light fo these considerations in the present posture of the case, rather than rulings as to relevance as a purely legal matter of the material sought."[10]

Thus, the Court's rulings with respect to the document subpoena – which PB mistakenly seeks to portray as establishing the parameters of relevancy here[11] – did no such thing. Moreover, Mr. Tyrrell is quite likely to have highly relevant, non-privileged information on other subjects of consequence.

There is no persuasive reason why Mr. Tyrrell should not be deposed. The need is very substantial, particularly in view of the failure of the LAP Representatives and Mr. Donziger to produce the relevant documents that are in Ecuador and the refusal of the LAPs' Ecuadorian attorneys and other

---

[9]

Tr., Sept. 25, 2012, at 5:10-17.

[10]

*Id.* at 5:17-23.

[11]

DI 1167, at 3.

5

agents to submit to depositions.  Mr. Tyrrell has had a central role in both the Ecuadorian and the U.S.

litigation since early 2010.  The risk of privilege and work product issues is limited and quite manageable

in the context of a single deposition.  The discovery to date – and discovery is substantially over – leaves

a gaping void that Mr. Tyrrell should be in a position to contribute to filling in significant measure.  His

role in the overall controversy between the parties gives him no immunity from deposition given the

balance of the *Friedman* factors in this case.


*Rule 30(b)(6) Deposition*

In view of the fact that Chevron sought to substitute Mr. Tyrrell for a 30(b)(6) witness,

Chevron's attempt both to have its cake and to eat it as well by adding back a PB 30(b)6) witness will not

be countenanced.


*Conclusion*

For the foregoing reasons, PB's request to quash the deposition subpoena served on Mr.

Tyrrell and to foreclose Chevron from adding back a PB 30(b)(6) witness is granted to the extent that

there will be no 30(b)(6) deposition of PB given present circumstances.  It is denied in all other requests.

Mr. Tyrrell shall comply with the subpoena.

SO ORDERED.

Dated:        May 21, 2013

_____
Lewis A. Kaplan
United States District Judge