```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
CHEVRON CORPORATION,

                        Plaintiff,

        -against-                                    11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

                        Defendants.
------------------------------------------------x
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/24/13

## ORDER

LEWIS A. KAPLAN, *District Judge.*

This matter is before the Court on a motion, filed on May 20, 2013, by the Donziger defendants for miscellaneous relief, including most notably a two week delay in the completion of the remaining depositions said to be required to permit him to prepare properly. The Court has had the benefit of submissions by the parties, the Special Masters' Interim Report No. 2 ("SMR 2"), and a conference today during which Mr. Donziger altered his position of just three days ago and requested a three month delay in the completion of the depositions.

*Background*

The scheduling order in this case, dated June 25, 2012, requires the completion of all discovery no later than May 31, 2013. With the exception of a number of depositions and some outstanding motion practice with respect to subpoenas to non-party witnesses and certain requests for admission, it has been completed already. Moreover, on May 15, 2013, the parties submitted a joint report setting forth, among other things, a schedule for the remaining depositions under which all would have been concluded by the May 31, 2013 date. SMR 2, at 1.

On May 17, 2013, the Court granted motions by the Keker and Smyser firms – the former previously counsel for the Donziger defendants and the latter among the counsel for the LAP Representatives – to withdraw based on the breach of their clients of their obligations to pay counsel. Both motions represented in substance that the proposed withdrawals would not disrupt the case schedule. SMR 2, at 6 ¶ 1.

As is detailed in SMR 2, it initially seemed that the remainder of the depositions would be completed without much difficulty, largely as a result of the skilled and dedicated efforts

of the special masters. Suddenly, however, Mr. Donziger and counsel for the LAP Representatives, Mr. Gomez, altered their positions in a manner that pushed the parties farther apart.

In the last analysis, the special masters recommended a schedule for the completion of the depositions that takes into account various concerns of the parties, including importantly Mr. Donziger's requests that there be no double-tracking of depositions in view of the fact that he now is the only lawyer of record for the Donziger defendants and that he be given some additional time for preparation and study. But then the landscape changed again with Mr. Donziger's sudden request for an extension of three months, which the Court rejected. It left the scheduling to the special masters subject to the requirement that the remaining depositions (save for two involving witnesses in extenuating circumstances) be concluded by June 14, 2013. The Court now, on its own motion, has reconsidered that ruling.

*Discussion*

The Court is unpersuaded on the present record that there is sufficient reason for extending the completion of depositions (with the two noted exceptions) beyond June 14. Nevertheless, it hereby affords Mr. Donziger the two weeks he requested only three days ago and therefore modifies the date for completion of the remaining depositions to June 28, 2013. The exact scheduling is left to determination by the special masters, if possible with the agreement of the parties.

In addition, the Court, as it indicated during today's conference, remains willing to consider any further request that Mr. Donziger may make on the basis of affidavits and other competent evidence addressing all of the pertinent issues. But there are genuine concerns with respect to any request for additional time. Among other things, Chevron has argued that the withdrawal of the Keker and Smyser firms cannot have come as any surprise to Mr. Donziger:

> "That Donziger, a New York-licensed lawyer, is now in charge of his own case cannot have come to him as a surprise. The withdrawal of his former counsel was neither sudden nor unexpected. According to the withdrawal papers, Donziger has been in arrears on his legal bills since September [2012], and his former counsel made it clear to him that withdrawal would be the eventual result of a failure to pay. Dkt. 1111, ¶ 9, 14. His counsel initially sought to withdraw by order to show cause on May 3, 2013 (Dkt. 1100), and when that was denied without prejudice (Dkt. 1108), by regular motion on May 6 (Dkt. 1109). Thus, when this Court permitted the withdrawal on May 17, Donziger had been on notice of his counsel's intent for at least two weeks, and almost certainly for a significant time before that. Donziger does not explain why he did not take advantage of this time to get 'up to speed on the legal issues.' Dkt. 1168-1 at 1.
>
> "Moreover, his counsel's request to withdraw was predicated on assurances that 'Donziger is prepared to represent himself and his law firms in this matter' (Dkt. 1110 at 10) and that '[w]ithdrawing at this stage of the litigation would not unduly

disrupt the existing case schedule' (*id.* at 9). Indeed, withdrawing counsel was obligated by law to ensure that withdrawal did not have a 'material adverse effect' on Donziger's interests. N.Y.R.P.C. 1.16(c). Donziger does not identify what steps his former counsel took to ensure that he was 'prepared to represent himself and his law firms in this matter,' or explain how those steps were so deficient that he requires the entire case be put on a two-week hiatus in order to become 'prepared.'" (DI 1181, at 2)

The Court has formed no ultimate judgment on these and other pertinent concerns. It is willing to consider these issues in the event a well supported motion is filed. But it will not now grant anything beyond the two weeks that Mr. Donziger requested only three days ago.

*Conclusion*

The Donziger Defendants' application [DI 1168] is granted to the extent that the deadline for the completion of the remaining depositions is extended until June 28, 2013 with the scheduling left to the discretion of the special masters. It is disposed of in all other respects as indicated on the record at today's conference.

SO ORDERED.

Dated:      May 23, 2013

_____
Lewis A. Kaplan
United States District Judge