```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/6/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHEVRON CORPORATION,

                       Plaintiff,

       -against-                                       11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

                       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER

LEWIS A. KAPLAN, *District Judge*.

        Chevron moves to compel the defendants to produce documents and recordings that LAP agents have publicly claimed they have relating to alleged contacts between Chevron representatives and witnesses in Ecuador. Among other *foci* of the motion are alleged recordings of a conversation between a private attorney representing Chevron and former Ecuadorian Judge Zambrano.

        Defendants initially declined to produce these materials on the ground that they were created after July 10, 2012. In responding to this motion, however, the LAP Representatives claimed also that they "do not have the recordings that are the subject of Chevron's motion" and that they "have not decided to use recordings that they do not possess in the trial of this case." DI 870, at 1. The Donziger defendants adhered to their position that the materials fell outside the date range of required production, adding only that they "do not intend to rely on these materials at trial." DI 871, at 1.

        On March 15, 2013, the Court granted Chevron's motion and required production. DI 912. Donziger then sought reconsideration, again arguing that the materials were created after July 10, 2012 and that they did not fall within Chevron's request for production because Donziger "does not intend to use the documents at trial." The Court on March 25, 2013 granted reconsideration and vacated the March 15 order. DI 937.

        On April 1, 2013, Chevron sought clarification of the March 25 order. DI 1075-2. It sought a determination as to whether the March 15 order had been vacated not only with respect to the Donziger defendants, but also as to the LAP Representatives and as to whether the Donziger defendants had waived the right to introduce evidence regarding alleged interactions between Chevron and certain potential witnesses, presumably referring to interactions as to which there are documents and recordings that were the subject of the motion to compel.

        In the fullness of (not very much) time, it developed that the claims that the defendants did not have the recordings and documents in question and in any case that they did not intend to use them at trial rested, at best, on hair splitting and questionable distinctions between (1) personal physical possession on their individual parts and the possession, custody or control of the

materials by the LAPs' attorneys or other agents in Ecuador,[1] and (2) use at trial versus use on motions. The proof lies in the fact that, on April 4, 2013, the LAP Representatives, joined by the Donziger defendants, moved to supplement the record on Chevron's motion for partial summary judgment to include transcriptions of two of the recordings that are among the subjects of Chevron's motion. Motion [DI 973]; Smyser Decl. [DI 974] Exs. 2-3; Joinder [DI 975].

In the circumstances, the March 25, 2013 order [DI 937] is vacated in all respects. This leaves in place the Court's March 15, 2013 order requiring production. Any failure to produce *all* of the requested documents and recordings may result in sanctions which may include, but may not be limited to, preclusion of the use of evidence that is or is related to the requested documents and recordings.

SO ORDERED.

Dated:   June 6, 2013

_____
Lewis A. Kaplan
United States District Judge

---

[1] *See, e.g.,* Apr. 17, 2013 Tr. at 257:14-260:18.