UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CHEVRON CORPORATION,

                Plaintiff,

        -against-                        11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

                Defendants.
------------------------------------------------------------------X

## SPECIAL MASTERS ORDER NO. 17

       By letter dated June 10, 2013, Chevron seeks a protective order precluding or limiting defendants from questioning it about Topic No. 20 of Messrs. Camacho and Piaguaje's notice of Chevron's deposition pursuant to Rule 30(b)(6), which relates to certain "pre-inspection videos."[1] But as both Chevron and defendants note, Judge Kaplan has already denied a motion by Chevron for a protective order relating to Topic 20. Without expressing any views on the merits of the parties' positions, we believe the better course here is for the presiding Special Master to await examining counsel's questions on this topic and rule on any objections at that time. Chevron's motion for a protective order is accordingly denied without prejudice to its right to object to particular questions about Topic 20 during the Chevron 30(b)(6) deposition.

       So ordered.

Dated: June 13, 2013
       New York, New York

       /s/ Theodore H. Katz               /s/ Max Gitter
       Theodore H. Katz, Special Master     Max Gitter, Special Master

---

[1] The correspondence relevant to this Order is annexed as Exhibit A.

# **Exhibit A**

| | |
|---|---|
| **From:** | jgomez@gomezllc.com |
| **To:** | pseley@gibsondunn.com; StevenRDonziger@gmail.com; Gitter, Max; tkatz@jamsadr.com; Ormand, Justin L. |
| **Cc:** | RMastro@gibsondunn.com; aneuman@gibsondunn.com; aweitzman@gibsondunn.com; rgray@gibsondunn.com |
| **Subject:** | RE: Donziger/Gomez response to Seley Ltr About Use of Pre-inspection videos |
| **Date:** | Wednesday, June 12, 2013 6:51:41 PM |

Dear Special Masters:

On behalf of all defendants, I write to respond to Mr. Seley's e-mail below.

Judge Kaplan has ordered questioning on Topic 20 of the Chevron 30(b)(6) notice to proceed. To the extent that Judge Kaplan considered Chevron's claims of privilege when he refused to strike Topic 20 (pre-inspection videos) of the Chevron 30(b)(6) deposition notice, then respectfully Your Honors have no authority to reverse Judge Kaplan and questioning on, and use of, the videos must be allowed.

To the extent that Chevron did not raise a claim of privilege either to the subject matter of pre-inspection videos or the use of the pre-inspection videos when they filed their motion before Judge Kaplan on May 23, 2013 (Dkt. 1098) - at a time when they were well aware that defendants possessed such videos -- then they have waived such claims and cannot raise them now as a means to strike questioning on Topic 20.

Either way, Chevron is not entitled to the relief sought by their counsel at this late hour.

Additionally, the pre-inspection videos are central to defendants' claims that no fraud was committed: they disprove that defendants fabricated expert findings, and they corroborate the fact that there was evidence before the Lago Agrio court to support the judgment's findings independent of the Cabrera report.

For all of these reasons, defendants should not be foreclosed from questioning Sara McMillen (Chevron's 30(b)(6) designee on this topic) about pre-inspection videos or to use such videos during her questioning.

# GOMEZ LLC

ATTORNEY AT LAW

THE STURCKE BUILDING
1 1 1 QUIMBY ST. SUITE 8
WESTFIELD, NJ 07090
TEL 908 789 1080
FAX 908 789 1081

THE TRUMP BUILDING*
40 WALL ST. 28TH FLOOR
NEW YORK, NY 10005
TEL 212 400 7150
FAX 212 400 7151

WWW.GOMEZLLC.COM

*FEDERAL LAW PRACTICE ONLY.

THIS E-MAIL MAY CONTAIN MATERIAL THAT IS CONFIDENTIAL, PRIVILEGED AND/OR ATTORNEY WORK PRODUCT FOR THE SOLE USE OF THE INTENDED RECIPIENT. ANY REVIEW, RELIANCE, OR DISTRIBUTION BY OTHERS OR FORWARDING WITHOUT EXPRESS PERMISSION IS STRICTLY PROHIBITED. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE NOTIFY THE SENDER AND DELETE ALL COPIES.

| | |
|---|---|
| **From:** | StevenRDonziger@gmail.com |
| **To:** | pseley@gibsondunn.com |
| **Cc:** | Gitter, Max; tkatz@jamsadr.com; Ormand, Justin L.; jgomez@gomezllc.com; RMastro@gibsondunn.com; aneuman@gibsondunn.com; aweitzman@gibsondunn.com; rgray@gibsondunn.com |
| **Subject:** | Re: Donziger/Gomez response to Seley Ltr About Use of Pre-inspection videos |
| **Date:** | Wednesday, June 12, 2013 5:32:41 PM |

Mr. Special Masters:

Our response to what we believe are misleading arguments in Mr. Seley's second submission follows. I understand that Mr. Gomez joins in this request, but is also sending a separate submission.

First, Mr. Seley does not disclose that when Chevron moved on May 3 before Judge Kaplan for a protective order on our 30(b)(6) topics, it cited "privilege" as the basis to exclude several *but not all* of the topics. Significantly, for the topic at issue regarding the pre-inspection videos (Topic 20), Chevron did *not* move for a protective order based on privilege. If Chevron had privilege objections to Topic 20, it should have so moved at that time. By not so moving, it has waived privilege with regard to Topic 20.

Second, contrary to Mr. Seley's claim, the videos were obtained properly since they are not confidential for the reasons stated. The reality is that Chevron improperly violated its discovery obligations to the defendants by not producing photos and videos (all in the pre-inspection videos) that contain witness statements about the harm done to the residents of Ecuador's Amazon. Chevron's videos also contain graphic photos of the oil contamination left by Chevron in Ecuador that still causes grave harm to innocent people. The federal rules require that Chevron produce these materials to us, and Chevron has refused.

Third, in regard to Mr. Seley's assertion that these videos are listed in Chevron's privilege log, we dispute that. We looked through the privilege log and could not find these particular pre-inspection videos listed.

Fourth, in regard to Mr. Seley's assertion that the issue of "science" has been foreclosed in its totality by the court and that somehow that should foreclose use of the videos in question, we respectfully and strenuously disagree. While Judge Kaplan ruled that the action would not re-litigate the Lago Agrio case, narrower issues concerning Chevron's manipulation of science and its consciousness of guilt that are blatantly evident in the videos bear heavily on our ability to mount a defense. The videos are also impeachment material – they call into credibility of Chevron witnesses such as Ms. McMillan who we believe has lied by claiming there is no evidence of harmful contamination attributable to Chevron in Ecuador. At a minimum this is potential impeachment material and it is highly relevant to my state of mind which is an element of all the predicate offenses of the RICO action against me.

Furthermore, even if Judge Kaplan ultimately sustains a Chevron objection to the admissibility of the videos, the defendants must have the ability to make an offer of proof to preserve the issue for appeal. If the Masters were to preemptively limit the defendants ability to make such an offer of proof by preventing the defendants from asking about the videos in depositions, the Masters would be prejudicing the appellate rights of the defendants as well.

We strongly believe we have a right to use the pre-inspection videos based on these arguments. If the Special Masters were to grant Chevron's baseless attempt to hide this

critical evidence at the last minute, we will immediately request adjournment of the McMillan deposition until a date after Judge Kaplan has time to decide this issue based on full briefing by the parties.

Thank you for the consideration.

Steven Donziger

On Wed, Jun 12, 2013 at 3:00 PM, Seley, Peter E. <PSeley@gibsondunn.com> wrote:

> Dear Special Masters:
>
> I write as counsel for Chevron in brief response to three misstatements made by Mr. Donziger in his email below.
>
> First, granting the relief requested would not violate Judge Kaplan's prior order at Dkt. 1130.  Chevron argued in its motion for a protective order (Dkt. 1098) that Topic No. 20 was irrelevant, and Judge Kaplan denied Chevron's request.  There is no basis for Mr. Donziger's assertion that in so ruling, Judge Kaplan has precluded Chevron from asserting work product protection over the videos at issue.
>
> Second, Chevron has consistently asserted work product protection over its pre-inspection videos, and has set out in detail the foundation for that claim.  *See* Dkt. 831; *see also*, Dkt. 811 (LAPs acknowledging that "Chevron created or commissioned videos to document its preinspection procedures carried out in anticipation of the Ecuadorian court's judicial inspections.").  Contrary to the statement in Mr. Donziger's email, Chevron also identified pre-inspection videos on its privilege log.  *See* Chevron Priv. Log Vol. 6.3 (served on Feb. 22, 2013).  And the fact that the LAPs improperly obtained Chevron's work product through Amazon Watch and refused to return it is not in any way evidence that Chevron "waived" work product protection.  Dkt. 831, 831-1.
>
> Third, Mr. Donziger's description of "substantial need" is grounded entirely in claims about the environmental conditions existing in the Oriente or the relative, substantive merit of opinions on that subject—topics that the Court has ruled on multiple occasions are irrelevant to the claims in this case.  *E.g.* Dkt. 720.  They cannot constitute the requisite substantial need to overcome work product protection.

Respectfully,


Peter Seley



**Peter E. Seley**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3689 • Fax +1 202.530.9594
PSeley@gibsondunn.com • www.gibsondunn.com


**From:** Steven Donziger  [mailto:stevenrdonziger@gmail.com]

**Sent:** Wednesday, June 12, 2013 1:34 PM
**To:** Gitter, Max; tkatz@jamsadr. com; Ormand, Justin L
**Cc:** Mastro, Randy M.; Neuman, Andrea E.; Weitzman, Avi; Seley, Peter E.

**Subject:** Donziger/Gomez response to Seley Ltr About Use of Pre-inspection videos


Mr. Special Masters:

I write on behalf of Mr. Gomez and myself to respond to Mr. Seley's correspondence dated June 10 seeking to strike questioning of Chevron witness Sara McMillan regarding the pre-inspection videos.

The request should be rejected because it would require the Masters to violate a court order.  For authority, Mr. Seley relies on a prior order (Dkt. 901) where Judge Kaplan ruled on requests from Messrs. Camacho and Piaguaje for admissions and responses to interrogatories.  However, in a subsequent order (Dkt. 1130) that precisely addressed the question of whether Topic 20 would be allowed at the Rule 30(b)(6) deposition, Judge Kaplan declined Chevron's request for the relief Mr. Seley now seeks.  (Mr. Seley is uncharacteristically sheepish about the subsequent order.  He buries reference to it in a footnote.)   It would be entirely inappropriate for the Special Masters to "reverse" Judge Kaplan and in fact the Masters already have ruled they will not do so.  (Kroll Dep. Tr. at 20:4-8).  This alone should resolve the

matter.  If it does, there is no need to read further.

Second, Mr. Seley's assertion that the pre-inspection videos are "work product" is unavailing.  Mr. Seley has not established an adequate foundation for assertion of work product privilege over these videos.  Chevron waived any "work product" privilege that might have attached when a third party adverse to Chevron (Amazon Watch) gained possession of them.   They were further waived when Chevron did not list the videos in its privilege log.

If ever there was any "work product" protection for these videos, there is substantial need for the defense to use them. This is particularly true during depositions where wide latitude is granted to seek admissible evidence. The videos clearly undermine many of Chevron's trumped-up claims about the Lago Agrio litigation.  They show Chevron's own technicians laughing at, and trying to hide, the pollution Chevron left in Ecuador.  The videos would help the defense combat what we assert are Chevron's baseless allegations that it was the victim of "fraud" in Ecuador, which goes *inter alia* to issues of materiality.   There is also a high likelihood use of the videos would provide impeachment material and evidence for an offer of proof at trial should the court rule the videos cannot be used.

Use of the videos in the context of the upcoming Rule 30(b)(6) deposition has been decided.  Chevron must respect the Court's decision.

Steven Donziger

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Peter E. Seley
Direct: +1 202.887.3689
Fax: +1 202.530.9594
PSeley@gibsondunn.com

Client: 19624-00020

June 10, 2013

VIA ELECTRONIC MAIL

The Honorable Theodore H. Katz
JAMS
620 Eighth Avenue
34th Floor
New York, NY 10018

Max Gitter, Esquire
Senior Counsel
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006

Re:   30(b)(6) Deposition of Chevron Corporation,
      *Chevron Corp. v. Donziger*, Case No. 11 Civ. 0691 (LAK)

Dear Special Masters Katz and Gitter:

    I write as counsel for Plaintiff Chevron Corporation ("Chevron") to request a protective order limiting Defendants' questioning of Chevron on Topic No. 20 of the LAPs' Notice of Deposition of Plaintiff Chevron Corporation Pursuant to Fed. R. Civ. P. 30(b)(6) ("30(b)(6) Notice").[1]

    Judge Kaplan already has ruled that written discovery related to the pre-inspection videos is unwarranted, holding that "[i]n view of the fact that the Ecuador pollution case is not to be retried here, *these videos are not relevant*." Dkt. 901 at 2-3 (emphasis added); *see also* Dkt. 904 at 1 (denying the LAPs' motion to compel production of documents (including requests relating to pre-inspection videos) "substantially for the reasons set forth in DI 831 [Chevron's opposition to the LAPs' motion to compel]"). In addition, Judge Kaplan held that "[e]ven if [the videos] had some relevance, 'the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case . . . and the importance of the discovery in resolving the issues.'" Dkt. 901 at 3 (quoting Fed. R. Civ. P. 26(b)(2)(C)(iii)).[2] Because Judge Kaplan determined that the pre-inspection videos are irrelevant, he did not resolve Chevron's work product objections regarding the videos.

---

[1] Topic No. 20 reads, in its entirety, "The PRE-INSPECTION VIDEOS, including their creation, the persons present and depicted in the videos, and the content of the videos." The PRE-INSPECTION VIDEOS are defined as a series of videos that the LAPs produced in discovery at Bates range LAP0000669-LAP0000718. Chevron has designated Dr. Sara McMillen as its 30(b)(6) witness on Topic No. 20, and her deposition is scheduled for June 14, 2013, in New York.

[2] Judge Kaplan denied without explanation Chevron's motion for a protective order regarding the LAPs' 30(b)(6) Notice on Topic No. 20. Dkt. 1130.

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Hong Kong • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

# GIBSON DUNN

The Honorable Theodore H. Katz
Max Gitter, Esquire
June 10, 2013
Page 2

The issue of work product protection has been fully briefed. Dkt. 831. In sum, the pre-inspection videos were prepared by Chevron for the Lago Agrio litigation at the direction of counsel. *Id.* The LAPs' former counsel claimed that an "anonymous source" gave Chevron's pre-inspection videos to Amazon Watch, which in turn gave them to Pablo Fajardo, who gave them to the LAPs' counsel. Dkt. 831-1, 831-2. Chevron requested the return of the videos, and the LAPs' counsel refused. *Id.*

Counsel receiving an adversary's privileged or confidential materials from an undetermined source has a "clear ethical responsibility to notify [opposing] counsel and either follow the latter's instructions with respect to the disposition of the documents or refrain from using them pending ruling by the Court." *Knitting Fever, Inc. v. Coats Holding Ltd.*, No. 05CV1065(DRH)(MLO), 2005 WL 3050299, at *4 (E.D.N.Y. Nov. 14, 2005); N.Y. Cnty. Lawyers' Ass'n Comm. on Prof'l Ethics, Ethics Op. No. 30, 2002 WL 31962702, at *7 (2002). The videos "may not be used by Defendants or their counsel, directly or indirectly, in any way during the course of this litigation, or otherwise[,]" and any evidence "secured through use of" the videos should not be used "in any way." *Burt Hill, Inc. v. Hassan*, No. Civ.A. 09-1285, 2010 WL 419433, at *9 (W.D. Pa. Jan. 29, 2010) (also holding that sanctions beyond the return of privileged materials were necessary, as "[t]here appears no way of preventing a litigant who has obtained his opponent's privileged and/or confidential materials from claiming that the materials were received through an 'anonymous' source."); *Maldonado v. New Jersey*, 225 F.R.D. 120, 139-42 (D.N.J. 2004) (disqualifying counsel for failing to notify and return privileged documents that its client received anonymously).

Chevron respectfully requests a protective order precluding Defendants from questioning Chevron regarding the pre-inspection videos, or in the alternative, limiting questioning to the factual predicate for work product protection.

Respectfully,

Peter E. Seley

PES/mml