# EXHIBIT 12

# SMYSER KAPLAN & VESELKA, L.L.P.

BANK OF AMERICA CENTER
700 LOUISIANA  SUITE 2300  HOUSTON, TEXAS 77002
TELEPHONE 713.221.2300  FACSIMILE 713.221.2320

Direct Dial Number:  
(713) 221-2330

Author's E-mail Address:  
csmyser@skv.com

May 2, 2013

*Via Email*

Mr. Ethan D. Dettmer
Gibson, Dunn & Crutcher LLP
555 Mission Street
San Francisco, CA 94105-0921

      Re:    *Chevron v. Donziger, et al.*, Case No. 11-CIV-0691-LAK

Dear Mr. Dettmer:

      We write on behalf of Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje and the Donziger Defendants concerning a number of deficiencies and irregularities relative to your production of documents originating with Burford Capital LLC and its related entities ("Burford").

      On April 17, 2013, Chevron filed in connection with the above-referenced matter a declaration signed by Christopher Bogart, Burford's Chief Executive Officer. (Dkt. 1039-02, the "Bogart Declaration.") Mr. Bogart's declaration charges that the Defendants "misled" Burford into providing litigation financing to the Lago Agrio Plaintiffs. The Court has since cited Mr. Bogart's declaration as new "evidence" cutting against Mr. Donziger's application for a protective order limiting the duration of his deposition. (Dkt. 1060.) Upon learning of Mr. Bogart's charges, Defendants examined documents that Chevron presumably obtained by way of its subpoena to Burford and in turn produced to Defendants. We then discovered several irregularities with respect to that document production. The issues are as follows:

      **Abuse of "Confidentiality" Designation.** Nearly every document contained in Chevron's production of Burford documents is labeled "Confidential." Abuse is readily apparent. For example, a one-sentence email in which Mr. Bogart congratulated Randy Mastro for being awarded "Litigator of the Week" by the American Lawyer magazine has been designated as "confidential." (BUR0071161.)

      As an initial matter, it is unclear whether it was Burford or Chevron, or some combination thereof, that designated documents in the Burford production as "Confidential." *Please advise as to which is the case.* Assuming that Burford is responsible for all of the confidentiality designations relative to the Burford productions, under the terms of the Chevron/Burford Settlement Agreement, at Chevron's request, Burford *must* de-designate documents improperly labeled "Confidential":

412259

Mr. Ethan D. Dettmer
May 2, 2013
Page 2

>Chevron may request that the Burford Parties remove confidentiality designations on particular documents they have already produced, and the Burford Parties shall comply with any such request unless the document contains confidential business information pertaining to any of the Burford Parties. Chevron may also request that the Burford Parties agree to redact any confidential business information from a document and agree to removal of the confidentiality designation from the document in its redacted form and the Burford Parties shall not unreasonably withhold such consent.

(Dkt. 1039-01 at 4.) In light of Chevron's assumption of control over Burford with respect to confidentiality designations, this letter shall serve as the commencement of a meet-and-confer between Chevron and Defendants on this issue, in advance of a motion by Defendants, if necessary. At a minimum, there is no legitimate basis for designating "Confidential"—whether "confidential business information" or otherwise—all or any portion of the documents identified at Appendix A. *Please advise as to whether Chevron will order Burford to relinquish its claim of confidentiality pertaining to these documents.* Defendants reserve the right to demand further de-designations as the review process unfolds.

**Documents "Redacted as Non-Responsive."** Many of the Burford documents include "non-responsiveness" redactions that are highly questionable—*i.e.*, it appears almost certain that the redacted portions of the document relate to the Chevron/Ecuador litigation. It is not clear to us whether (a) Chevron redacted documents it received from Burford before it produced those documents to Defendants, on the basis that portions of these documents are purportedly not responsive to Defendants' document demands propounded on Chevron; (b) Burford redacted documents on the basis that portions of them were not responsive to Chevron's subpoena to Burford; or (c) some combination of (a) and (b). *Please confirm which of the foregoing is accurate so that we may understand what type of material is being withheld from us. In the event that either (b) or (c) is accurate, please also confirm whether Chevron offered Burford any input in the decision to redact portions of documents as "non-responsive."*

**Complete Production.** Finally, please confirm that Chevron has produced to Defendants (a) each and every document that Burford produced to Chevron in connection with its subpoena, and (b) all documents that Chevron may otherwise have obtained from Burford. If that is not the case, please state Chevron's basis for withholding certain documents collected from Burford.

* * *

These issues require expedient resolution in light of in the gravity of the charges set forth in the Bogart Declaration. As such, we must ask that you respond to the inquiries raised herein by next Monday, May 6, 2013. Otherwise, we will seek all appropriate relief from the Court.

Mr. Ethan D. Dettmer
May 2, 2013
Page 3

                    Sincerely,

                    */s/ Craig Smyser*
                    Craig Smyser
                    SMYSER KAPLAN & VESELKA, L.L.P.

                    *Attorneys for Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje*

                    */s/ Jan Little*
                    Jan Little
                    KEKER & VAN NEST LLP

                    *Attorneys for Steven Donziger, The Law Offices of Steven R. Donziger and Donziger & Associates, PLLC*

CS/sgg
cc:     All Counsel of Record (via email)