# EXHIBIT 14

# SMYSER KAPLAN & VESELKA, L.L.P.

BANK OF AMERICA CENTER
700 LOUISIANA  SUITE 2300  HOUSTON, TEXAS 77002
TELEPHONE 713.221.2300  FACSIMILE 713.221.2320

Direct Dial Number:
(713) 221-2330

Author's E-mail Address:
csmyser@skv.com

May 8, 2013

***Via email***

Mr. Andrew E. Goldsmith
Kellogg, Huber, Hansen,
  Todd, Evans & Figel, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036

     Re:    *Chevron v. Donziger, et al., Case No. 11-CIV-0691-LAK (S.D.N.Y.)*

Dear Mr. Goldsmith:

We write on behalf of Hugo Gerardo Camachao Naranjo, Javier Piaguaje Payaguaje, Steven Donziger, The Law Offices of Steven R. Donziger and Donziger & Associates—Defendants in the above-referenced action—concerning Glenavy Capital LLC's and Burford Group LLC's (collectively, "Burford") production of documents.

Specifically, it has come to our attention that Burford indiscriminately designated as "confidential" nearly every one of the thousands of documents that it produced in connection with this litigation. We previously reached out to Chevron's counsel to inquire whether this issue can be resolved without application to the Court. (Ex. 1.) Chevron's counsel, however, claims that these abusive designations are not Chevron's problem, but rather, yours. (Ex. 2.)

Accordingly, please advise forthwith as to whether Burford will relinquish its claim of confidentiality pertaining to the documents identified in "Appendix A" to our May 2, 2013 letter to Ethan Dettmer of Gibson Dunn & Crutcher.[1] (Ex. 1.) To inform your decision, we have attached as "Exhibit 3" hereto a copy of the Hon. Lewis Kaplan, U.S.D.J.'s opinion in *In re Parmalat*, 258 F.R.D. 236 (S.D.N.Y. 2009). Observing that the alleged "confidential business information" at issue was not "sufficiently valuable and secret" such that its disclosure "could cause competitive harm" (*id.* at 257), Judge Kaplan struck confidentiality designations as to communications concerning diverse strategic and financial issues, including, *inter alia*: whether

---

[1] Defendants reserve the right to demand further de-designations as their review process continues.

Mr. Andrew E. Goldsmith
Kellogg, Huber, Hansen,
  Todd, Evans & Figel, P.L.L.C.
May 8, 2013
Page 2

and why the firm would continue or terminate its relationships with clients, the solicitation and retention clients, reshaping the firm's client base, and pricing. *See also Fears v. Wilhelmina Model Agency, Inc.*, 2003 U.S. Dist. LEXIS 12850 (S.D.N.Y. July 22, 2003) (where party marked its entire production "confidential," court warned that if counsel did not reconsider its position and remove designations made "in bad faith and without an adequate factual basis," it would impose sanctions on producing party and/or its counsel); *In re Ullico*, 237 F.R.D. 314 (D.D.C. 2006) (court ordering producing party to pay fees and costs incurred by opposing party forced to bring motion to remove improper confidentially designations as to ninety-nine percent of roughly 60,000 documents produced).

Sincerely,

Craig Smyser
SMYSER KAPLAN & VESELKA, L.L.P.

*Attorneys for Defendants Hugo Gerardo Camacho
Naranjo and Javier Piaguaje Payaguaje*

Matt Werdegar
KEKER & VAN NEST LLP

*Attorneys for Steven Donziger, The Law Offices
of Steven R. Donziger and Donziger & Associates,
PLLC*

cc:      All Counsel of Record (via email)

413474.1