UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CHEVRON CORPORATION,

                Plaintiff,

       -against-                                11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        The date by which discovery was to have been completed in this action was May 31, 2013. The parties were well on their way to achieving that when the previous counsel of record for the Donziger defendants and some of the lawyers representing the other defendants were permitted to withdraw as counsel on May 17, 2013 after representing to the Court in substance that the proposed withdrawals would not disrupt the case schedule. Special Masters Interim Report No. 2 ("SMR"), at 6 ¶ 1.

        In the wake of their withdrawal, the Special Masters immediately considered changes to the schedule for completing depositions to accommodate the defendants. Mr. Donziger – himself a member of the Bar of this Court and a Harvard Law School graduate – on May 19, 2013, requested a two-week stay of the case to give him time to prepare for the remaining depositions. *Id.* at 3. By the close of May 19, there appeared to be agreement all around on an extension of the discovery period until June 9. *Id.* On May 20, however, Mr. Donziger reverted to his request for a two week stay. *Id.* at 4. In the last analysis, the Court extended the deadline for completion of the remaining depositions until June 28, 2013 (DI 1185), thus giving Mr. Donziger somewhat more time than he requested after his counsel were permitted to withdraw, albeit not in the form of a two-week hiatus followed by nine days of depositions but in the form of a more relaxed schedule for conducting the depositions. The Court stated that it was "willing to consider any further request that Mr. Donziger may make on the basis of affidavits and other competent evidence addressing all of the pertinent issues."[1] And it specified that, should Mr. Donziger make such a request, it must be presented "on the basis of evidence, sworn affidavits and other appropriate evidence."[2]

---

[1]         DI 1185, at 1.

[2]         May 23, 2013 Hearing Tr. at 14:25.

After an indication on May 23 that they might do so, the Donziger defendants on June 5, 2013 moved to stay this litigation for three months and for other relief.[3]  DI 1211.  They supported their motion with a declaration by Mr. Donziger, in which he largely reiterated the arguments made in his motion, as well as a declaration regarding surveillance of Mr. Donziger that allegedly took place on a single occasion over a year ago.[4]  Neither declaration put forward any evidence regarding Mr. Donziger's financial situation or proved in any way that Donziger would be unduly prejudiced absent a stay. The motion sought no interim relief.

On June 7, 2013, before Chevron had responded to the June 5 motion, the Donziger defendants filed another motion (DI 1221), this time seeking "an immediate protective order staying the progress of discovery in this case until such time as the Court can rule on my earlier request for relief" or, in the alternative, other relief.  The motion was not supported by any evidence or sworn affidavits.  The Court construed the Donziger defendants' request for "an immediate protective order" as a request for an order to show cause and a temporary restraining order or its substantial equivalent.  The very next day, it entered an order denying the request for immediate relief but ordered an expedited response by Chevron and permitted a reply thereto by the Donziger defendants with respect to the motion for "an immediate protective order staying the progress of discovery in this case until such time as the Court can rule on [the Donziger defendants'] earlier request for relief" or, in the alternative, other relief.

The briefing on the immediate protective order motion was completed on June 18 with the filing of the Donziger defendants' reply memorandum [DI 1249], so it is appropriate to evaluate the need for immediate relief pending the Court's determination of the June 5 motion for a three-month stay.

Discovery in this case now is virtually complete.  All document production and other written discovery was completed long ago subject only to resolution of (a) a few fully briefed motions with respect to the sufficiency of the parties' responses to certain requests to one another, (b) objections to two rulings by the Special Masters in connection with the depositions already completed, and (c) the possible resolution of privilege and work product issues raised by non-party Patton Boggs to a document subpoena served upon it by Chevron.[5]  There remain for completion only four depositions – those of Mr. Donziger (presumptively limited to two days, almost a full day of which has been taken already), Chevron's chief executive officer (presumptively limited to one day), and two non-party witnesses (each presumptively limited to ½ day).

Not only is discovery virtually complete, but there is not much more to do in the immediate future except to prepare for trial.  The date for filing the joint pretrial order, which had been

---

[3]  An attempt was made to file the same or a similar motion on June 1, 2013 but was rejected by the Clerk's office.  DI 1197.

[4]  DI 1212, Exs. 1, 2.

[5]  The latter does not involve the Donziger defendants at all, as Patton Boggs does not represent them and does not purport to assert privilege or other protection derived from them.

June 30, 2013, recently was extended until July 30, 2013 to accommodate defendants.[6]  Trial does not begin until October 15, 2013.  Thus, the defendants will have approximately three and one-half months between the completion of the last deposition and the commencement of the trial within which to complete their preparations.  Indeed, as recently as May 20, 2013, Mr. Donziger stated that he wished to proceed on that date,[7] although it appears that he has changed his mind.

The Court sees no need for immediate relief to stay the completion of these few depositions pending its ruling on the requested three month stay.  Nor is there any satisfactory reason to hold up the Court's resolution of the few remaining discovery disputes.  Despite repeated instruction from the Court that any stay application must supported by evidence, Donziger has failed to submit a single sworn affidavit or piece of evidence showing that he would be prejudiced absent further interim relief.  Accordingly, the request for "an immediate protective order staying the progress of discovery in this case until such time as the Court can rule on [the Donziger defendants'] earlier request for relief"[8] is denied.

Nor is there any short term need for the alternative relief sought.  Certainly the Court declines to issue an unconstitutionally vague order "enjoining Chevron and its counsel at Gibson Dunn from making public statements that interfere with [the Donziger defendants'] efforts to retain substitute counsel, whatever that might mean, which in any case would be a prior restraint violative of the First Amendment, even if there were an factual basis suggesting a need for such relief, which there is not.  It sees no reason to require Chevron's counsel to "designate one lawyer to communicate with [Mr. Donziger] and counsel for the Ecuadorians on a once daily basis regarding all outstanding issues;" Messrs. Donziger and Gomez and those assisting them are perfectly capable of managing incoming emails, letters and phone calls.  The request for "latitude to examine Chevron deponents consistent with the previously submitted list of topics and as may be necessary to develop [Mr. Donziger's] basic defenses" appears to be an effort to obtain reconsideration of the Court's May 9, 2013 ruling on Chevron's motion for a protective order with respect to the LAP Representatives' Rule 30(b)(6) deposition notice [DI 1130].  But Mr. Donziger's then counsel of record never noticed a Rule 30(b)(6) deposition of Chevron and never opposed Chevron's motion.[9]  Any motion for reconsideration in any

---

[6]

May 23, 2013 Hearing Tr. at 29:4-12.

[7]

Donziger defendants' request for transitional procedural safeguards and other relief [DI 1168] at 1 (requesting "two week delay of all depositions, 'meet and confer' discussions, and other deadlines (*while maintaining the current trial schedule*)") (filed May 20, 2013) (emphasis added); Special Masters Order No. 16, [DI 1238] Ex B. (May 19, 2013 Tr. Telephonic. Conf. Call), at 28:16-24) ("MR. DONZIGER: . . . I want to be very, very clear that I am committed to the extent my rights can be protected to the schedule that Judge Kaplan has set out to have a trial starting the 15th of October.  I want that trial to happen on that date.")

[8]

DI 1221, at 4.

[9]

The Donziger Defendants on May 22, 2013 belatedly joined in the LAP Representatives' Rule 30(b)(6) notice of Chevron's deposition.  DI 1238, Ex. A, at 16-20 of 94.  The scope of that

case would be untimely.[10]   And even if that matter were considered on its merits, the Donziger defendants have offered no convincing rationale for altering the previous ruling.

The final item of alternative relief sought is "an extension of the deadline for appealing any ruling of the Special Masters to a minimum of 14 days." The Order of Appointment[11], entered March 26, 2013, without objection on this point from any of the defendants' counsel, provided that any "application for review of any ruling by a special master with respect to objections (including privilege) or directions to answer questions during the course of any deposition" be made within 48 hours and that any applications for review of any other rulings be made within seven days.[12]   A similar provision was contained in a corresponding order relating to the Special Master in the Section 1782 proceeding. Neither has occasioned the slightest difficulty.   Nor has any counsel ever applied for an extension of time, as they readily could have done and could do in the future.   Indeed, in the entirety of the two cases in which this provision has existed, only two applications for review have been made – both this week. Thus, there plainly is no need for an interim modification of this provision of the order of appointment. If the Donziger Defendants wish to apply for review of a ruling and find themselves short of time, they always can seek an extension on consent or, failing that, from the Court.   Moreover, in view of the fact that depositions are virtually over, it seems that this point is likely to be entirely academic.

The motion for an "immediate protective order staying the progress of discovery in this case until such time as the Court can rule on [Mr. Donziger's] earlier request for relief" or, in the alternative, other relief [DI 1221] is denied.   The Court will issue a decision on the June 5 motion [DI 1211] as promptly as is practicable in all of the circumstances.

SO ORDERED.

Dated:        June 25, 2013

Lewis A. Kaplan
United States District Judge

---

notice already had been litigated and determined.

[10]

S.D.N.Y. Civ. R. 6.3 requires that motions for reconsideration be made within 14 days after entry of the order in question.

[11]

DI 942.

[12]

*Id.* ¶ 6.