UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHEVRON CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN DONZIGER, THE LAW OFFICES<br>OF STEVEN R. DONZIGER; et al.,<br><br>Defendants. | Case No. 11-CV-0691 (LAK)<br><br>MEMO ENDORSED |

---

**OBJECTIONS TO RULINGS BY THE SPECIAL MASTER
IN THE JUNE 6, 2013 DEPOSITION OF DANIEL E.
KARSON (KROLL, INC. 30(b)(6))**

---

Memorandum Endorsement                    Chevron Corp. v. Donziger, 11 Civ. 0691 (LAK)

        The Donziger Defendants object to the Special Master's ruling at their Rule 30(b)(6) deposition of Kroll, Inc. ("Kroll") on June 10, 2013,[1] which stayed any examination of Kroll with respect to alleged surveillance activities. Some background is necessary to understand the ruling.

        To begin with, the LAP Representatives, but not initially the Donziger Defendants, served a Rule 30(b)(6) notice for a deposition of Kroll. DI 1069 Ex. 1. Chevron moved for a protective order striking the notice entirely on the ground that it improperly sought privileged communications and work product, was overbroad and unduly burdensome, and harassing. DI 1069. Magistrate Judge Francis denied the motion, reasoning that determination of work product and privilege objections required "analysis of specific disputed materials and communications" and concluding that the record provided "an insufficient basis for finding that the work product doctrine applies to all information that might be elicited in Kroll's deposition." DI 1119, at 5-8. The subjects for examination that were specified in accordance with Rule 30(b)(6) were not addressed by the motion to quash or the magistrate judge's ruling.

        In the meantime, the LAP Representatives, but initially not the Donziger Defendants, had served a Rule 30(b)(6) notice for a deposition of Chevron. Subject 21 sought examination with respect to all investigation by or on behalf of Chevron, including surveillance, of any of the LAPs, their lawyers, judges or former judges in the Ecuadorian litigation, and analogous matters. DI 1098, Ex. 1, at 10. Chevron moved for a protective order. With respect to Subject 21, it argued that "alleged investigations conducted by Chevron during the Lago Agrio litigation," if relevant at all, were "only relevant to Defendant Steven Donziger's counterclaims" and that discovery on that subject should be delayed unless the counterclaims withstand the pending motion to dismiss, which Magistrate Judge Francis has recommended be granted. DI 1098, at 4. While the LAP Representatives defended the propriety of many of the proposed subjects of examination, they did not contest Chevron's assertion that Subject 21 was relevant, if at all, only to Donziger's counterclaims and that examination on that subject should be permitted only if the pending motion to dismiss those counterclaims were denied. DI 1120, *passim*. The Donziger Defendants did not respond to Chevron's motion at all. On May 9, 2013, the Court granted the motion in part and denied it in part. DI 1130. In view of the lack of opposition from either the LAP Representatives or the Donziger Defendants, it deferred any examination with respect to Subject 21 unless and until the Court rejects Magistrate Judge Francis's recommendation.

        The Donziger Defendants subsequently adopted the Rule 30(b)(6) notices to examine Chevron and Kroll that previously had been served by the LAP Representatives. DI 1238, Ex. A, at 16-20 of 94. The subjects specified pursuant to Rule 30(b)(6) in that notice (DI 1069 Ex. 1, at 6-7), are more specific than those contained in Subject 21 of the LAP Representatives' 30(b)(6) notice to Chevron but come within that earlier specification, which extended to all investigation by or on behalf of Chevron.

        At the outset of the Kroll deposition, Chevron sought to stay any examination of

_____

[1]

        The objection misstates the date of the deposition as June 6, 2013.

Kroll on the subject of surveillance based on this Court's ruling staying disclosure with respect to Subject 21 of the LAP Representatives' 30(b)(6) notice of Chevron's deposition. The Special Master granted that application. The Donziger Defendants' object. DI 1252. The objection is overruled.

*First.* The order appointing the Special Masters provides that "[a]ny application for review of any ruling by a special master with respect to objections (including privilege) . . . during the course of any deposition shall be filed no later than 48 hours of the ruling." DI 942 ¶ 6. This provision – a similar counterpart which was in effect throughout the Section 1782 deposition of Mr. Donziger in 10 MC 0002 (LAK) without objection or incident and which was included in the order of appointment in this case on March 26, 2013 without objection until quite recently and without any prior incident – serves the important purpose of ensuring that rulings during the course of a deposition of series of depositions, which may be relied upon in rapidly ensuing sessions, are reviewed promptly whenever possible. Moreover, the 48 hour period is subject to extension for good cause on timely application. Fed. R. Civ. P. 6(b). In this instance, however, the Donziger Defendants sought no extension of time and nonetheless did not file their objection until nine days after the ruling. The objection is untimely.

*Second.* Even if the Court were to reach the merits, it would overrule the objection. The Court previously ruled that the subject of surveillance activities by Kroll was relevant only to Donziger's counterclaims. A motion to dismiss those counterclaims is pending on a recommendation by Magistrate Judge Francis that it be granted and objections by Donziger. If the motion were granted, the discovery would not be relevant. Accordingly, insofar as the counterclaims are concerned, a stay pending determination of that motion is appropriate.

*Third.* The Donziger Defendants now argue that examination of the Kroll witness could have gone into matters that would be relevant independent of the fate of the counterclaims, viz. (a) whether Kroll observed any of the alleged meetings between former Ecuadorian judges Guerra and Zambrano is said to be relevant to whether those meetings occurred, (b) surveillance by Kroll of Donziger and Fajardo is said to be relevant to (i) whether they had the *mens rea* necessary to the RICO predicate acts that they allegedly committed, and (ii) whether their awareness of surveillance provides a benign explanation for their alleged secretive behavior, which otherwise is said to suggest guilty knowledge, and (c) testimony as to what evidence Kroll obtained for Chevron and the manner of its procurement is said to go to its credibility. DI 1252, at 2-3.

The issue of possible surveillance by Kroll of any of the alleged meetings between Guerra and Zambrano, as well as others, has arisen on the LAP Representatives' motion to compel Chevron to produce documents relating to alleged surveillance activities as to which Chevron has claimed work product protection. In an opinion issued today, the Court has granted the LAP Representatives' motion to the extent of requiring submission for *in camera* inspection of documents pertinent to a determination whether the LAP Representatives have a substantial need for otherwise protected documents relating to the alleged Guerra meetings to warrant their production. In the event the Court ultimately concludes that they do and requires production of documents relating to any surveillance of those alleged meetings, the documents produced will be available to all of the defendants. Thus, if and to the extent that there is substantial need for production by Chevron of "ordinary" work product documents bearing on Guerra's allegations concerning those meetings, the

3

Donziger Defendants will have them. Especially in these circumstances, he was shown no substantial need for examination of the Kroll witness on that point.

The objections [DI 1252] are overruled.

SO ORDERED.

Dated:      June 28, 2013

_____
Lewis A. Kaplan
United States District Judge