UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEMO ENDORSED

CHEVRON CORPORATION,

Plaintiff,

v.

STEVEN DONZIGER et al.,

Defendants.

CASE NO. 11-CV-0691 (LAK)

**DEFENDANTS HUGO GERARDO CAMACHO NARANJO'S AND JAVIER PIAGUAJE PAYAGUAJE'S OBJECTION TO SPECIAL MASTER'S RULING AT DEPOSITION OF JOSEPH KOHN WAIVING DEFENDANTS' CLAIMS OF PRIVILEGE AND WORK PRODUCT PRESERVED BY THE PARTIES' STIPULATION AND ORDER PURSUANT TO FED. R. CIV. P. 502(D)[1]**

[1]Since the Special Master's ruling at issue did not arise from an objection or directions to answer questions during the course of the deposition, an appeal of the ruling was due within seven (7) days (Dkt. No. 942); in light of the current deposition schedule and the limited personnel and resources of counsel, defendants hereby request leave to file this appeal out of time.

This matter is before the Court on objections to the Special Master's denial of a motion to strike certain testimony given at the deposition of attorney Joseph Kohn.

*Facts*

*The Discovery Dispute*

During the course of discovery, there was a dispute concerning Chevron's effort to obtain documents from Joseph Kohn, who at one time financed and was associated with Steven Donziger in representing the LAPs in connection with the Ecuadorian litigation. Chevron filed a motion to compel production. Mr. Donziger and the LAP Representatives opposed the motion, arguing in essence that the documents in question were protected by attorney-client privilege and work product. In an opinion dated April 12, 2013, this Court granted the motion to compel. DI 1012.

*The Rule 502 Stipulations*

On April 25, 2013, the Court entered an order in which it observed that the dispute concerning the Kohn documents might be narrowed or resolved if Chevron were permitted to see the documents, which might result in its abandoning its efforts with respect to at least some of them. It directed the parties to confer in order to explore that possibility and expressed the willingness to entertain an application for an order under Fed. R. Evid. 502(d).

In due course, the parties entered into a stipulation, approved by the Court (the "First 502 Stip"), that provided in principal part that the Kohn documents would be produced to Chevron on the understanding that (a) such disclosure would not constitute "a subject matter waiver of any privilege or protection pursuant to Rule 502(d)," and (b) following production, Chevron would identify those Kohn documents for which it would continue to seek disclosure and return all others. DI 1126. The 502 Stip was entirely silent on the use of the documents that Chevron was to identify as items for which it would continue to seek disclosure.

Two weeks later, the parties entered into a second stipulation, also approved by the Court (the "Second 502 Stip"), that further provided in relevant part that (a) Chevron was free to use up to 300 of the Kohn documents, selected at its discretion (the "Selected Kohn Documents"), in this among other cases "in any respect, including but not limited to all depositions," provided that Chevron would not argue that such disclosure and use constituted a waiver or subject matter waiver of any privilege or protection under Rule 502(d), and (b) except as otherwise stated therein, the parties did not waive any work product protection or attorney-client privilege. DI 1179.

*The Deposition*

Mr. Kohn's deposition was taken by Chevron on June 6, 2013. He was represented at the deposition by his own counsel, and the LAP Representatives were represented by their counsel in this case, Mr. Gomez.

During the course of Chevron's examination, Mr. Kohn, to quote Mr. Gomez's description, answered "numerous questions regarding his mental impressions of the Lago Agrio litigation." Kohn Dep.[1] 393:2-3. At the conclusion of Chevron's examination, Mr. Gomez asserted that "many of those impressions arise out of questions that originated with the documents that were the subject of the 502." He moved " to strike all of the testimony regarding his mental impressions of such, or, in the alternative, to preserve, as per the 502 agreement, my clients' objections." Kohn Dep. 393:9-13. The special master denied the motion on the ground that Mr. Gomez had not objected to the use of the documents or the questions based upon them except in one instance and thus waived any claim of privilege or work product protection that otherwise might properly have been made with respect to the testimony. *Id.* at 393:14-399:15. In so doing, he pointed out that this issue had arisen with Mr. Gomez in previous depositions, that it had been made clear to Mr. Gomez that contemporaneous objections would be required to preserve claims of privilege and work product protection, and that Mr. Gomez in prior depositions in fact had asserted such claims. *Id.* at 393:20-394:11, 396:13-397:7.

*Discussion*

*Scope of Review*

The Court reviews this ruling, which involves questions of law and fact, *de novo.* *See* Fed. R. Civ. P. 53(f)(3). 53(f)(4).

*Analysis*

1. The order appointing the Special Masters provides that "[a]ny application for review of any ruling by a special master with respect to objections (including privilege) . . . during the course of any deposition shall be filed no later than 48 hours of the ruling." DI 942 ¶ 6. All other objections to their rulings must be filed no later than seven days after the rulings are made. *Id.* This provision – a similar counterpart of which was in effect throughout the Section 1782 deposition of Mr. Donziger in 10 MC 0002 (LAK) without objection or incident and which was included in the order of appointment in this case on March 26, 2013 without objection until quite recently and without any prior incident – serves the important purpose of ensuring that rulings

---

1 The Kohn deposition transcript is Exhibit D to Special Masters Interim Report No. 3, DI 1274.

during the course of a deposition of series of depositions, which may be relied upon in rapidly ensuing sessions, are reviewed promptly whenever possible. Moreover, both the 48 hour and seven day periods are subject to extension for good cause on timely application. Fed. R. Civ. P. 6(b). In this instance, however, the LAP Representatives sought no extension of time and nonetheless did not file their objection until nine days after the ruling. While the parties disagree as to whether this ruling was subject to the 48 hour or the seven day time limit, the LAP Representatives acknowledge that this application is untimely in either case. DI 1246 fn.1. While they seek a dispensation in light of the deposition schedule and their allegedly "limited personnel" (*id.*), that is not an appealing position. Mr. Gomez, whatever precisely his situation is, is being assisted by the Patton Boggs firm. *See* DI 1214, at 20:12-21. His resources are not as spare as he suggests. Nor is any real explanation given for the failure to file a timely application or, at least, a very brief application for an extension of time. Accordingly, the application is denied as untimely.

2. Even if the Court were to overlook the untimeliness of the application, it would deny it on the merits.

The LAP Representatives contend that one or both of the 502 Stips obviated the need for them to object to questions based on the Selected Kohn Documents that called for testimony as to which they wished to claim attorney-client privilege or work product protection. They contend that a requirement of contemporaneous objections to such questions "contradicts the plain language of the stipulation" and would make no sense.[2] The argument is unpersuasive. Moreover, the special master's ruling is entirely equitable, as this ground had been gone over with Mr. Gomez in depositions prior to Mr. Kohn's, Mr. Gomez well knew that contemporaneous objections (at least in the special master's view) were required to preserve privilege and work product claims, and conducted himself in a manner consistent with that understanding.

*First.* Simple review of the First and Second 502 Stips demonstrate that they deal entirely with the production and use of the documents, not with testimony. Had the parties intended to preserve privilege and work product objections with respect to testimony, even testimony concerning or based upon documents produced pursuant to those stipulations, without the need for contemporaneous objections, it would have been a very simple matter so to do. But they did not.

*Second.* Mr. Gomez in any case well understood that contemporaneous objections were necessary to preserve objections with respect to testimony in consequence of a number of events before the Kohn deposition.

Initially, a dispute similar to that involving the Kohn documents had arisen also with respect to documents held by the Brownstein law firm. The parties and the Brownstein firm entered on May 17, 2013 into a stipulation similar to the aggregate of the First and Second 502

---

2 DI 1246, at 1.

Stips involving Kohn. *Compare* DI 1163 with DI 1126, DI 1179. On the same day, the Brownstein firm advised all counsel that Mr. McDermott would testify at his deposition on May 21 and that he would "answer all questions as to which the Defendants make no [privilege or work product] objection, but would abide the master's ruling before answering questions as to which such objections were interposed. DI 1172. The need for a contemporaneous objection, notwithstanding the 502 stipulation, thus was clear. Nor was this the only such occasion.

On Monday, May 20, 2013, Mr. Gomez was advised by Special Master Gitter, in response to his question, that there would be "no issue for a document review by me or any other judicial officer arises *until the document is used and/or a question is asked about the document at a deposition or at trial.*"[3] This at least suggested that a contemporaneous objection would be necessary to preserve privilege and work product claims, and that become even clearer on the following day.

Attorney McDermott of the Brownstein firm was deposed on May 21, 2013. Early in the deposition, Mr. McDermott was examined, based on a document, concerning a conversation between himself and Mr. Donziger. Mr. Gomez objected on the ground of privilege, which led to an extended colloquy. The special master overruled the objection, whereupon the following occurred:

> "THE SPECIAL MASTER: And you should assume -- you should assume, therefore, that in each instance, unless I say to the contrary, that in each instance the bases for my overruling an objection based on privilege are going to be the waiver I described and the crime fraud exception, okay?
>
> "MR. GOMEZ: Very well. Mr. Gitter, just so I don't -- just so I understand about preserving the record, do you still want to -- should we just assume that those objections are preserved going forward with your ruling or do I need to actually say objection, privilege as we go forward?
>
> "THE SPECIAL MASTER: I think you need to say objection, privilege as we go forward. You're not going to get -- that doesn't interrupt very much --
>
> "MR. GOMEZ: Okay, that's fine."[4]

It thus became absolutely clear yet again that contemporaneous objections were necessary to

---

3 Special Masters Interim Report No. 3 ("SMR 3"), Ex. E, email M. Gitter to J. Gomez (May 20, 2013 5:48 p.m.) (emphasis added).

4 McDermott Dep. 44:10-25. The McDermott transcript is Exhibit B to Special Masters Interim Report No. 3.

preserve privilege. Not surprisingly, Mr. Gomez then made privilege objections to questions about or based upon documents that had passed between Mr. Donziger and the Brownstein firm.[5] He did the same during the Garr deposition, which occurred on May 21, 2013.[6]

And even this was not the end. At the very outset of Mr. Kohn's deposition, his attorney made the following statement:

> "MS. HAMMILL: I just wanted to make it clear that Mr. Kohn is here today pursuant to a subpoena served on him by plaintiff Chevron Corporation. Mr. Kohn is an attorney who formerly represented a group of Ecuadorian individuals identified in this matter as the Lago Agrio plaintiffs. With his testimony today, Mr. Kohn does not intend to and will not invoke privilege on behalf of his former clients; instead, it is his expectation and understanding that current counsel, Mr. Gomez, for the Lago Agrio plaintiffs, will lodge any privilege objections he deems appropriate.
>
> "If no objection is made by Mr. Gomez, Mr. Kohn will assume that no privilege is at issue and will respond to the question posed. If Mr. Gomez does raise a privilege objection, Mr. Kohn will await Special Master Gitter's ruling on the objection and will be guided by that ruling as to whether to proceed or not with an answer to the question posed."[7]

Mr. Gomez responded, "I concur."[8]

In these circumstances, Mr. Gomez's failure to make contemporaneous objections waived any privilege and work product objections that otherwise might have been made.

*Third.* The Special Master's ruling makes perfect sense. Had the LAP Representatives asserted contemporaneous objections, the examining party would have been in a position to question the witness concerning facts that might have demonstrated the invalidity of the

---

5 McDermott Dep. 73:4-74:6, 100:9-101:21, 121:15-123:21.

6 Garr Dep. 136:18-139:17. The Garr transcript is Exhibit C to Special Masters Interim Report No. 3. Production of Garr's documents also was covered by the First and Second 502 Stips that applied to Kohn.

7 Kohn Dep. 6:19-7:19.

8 *Id.* at 7:20.

objection.[9] Had contemporaneous objections been made, the special master would have been obliged to rule on their merits.

*Conclusion*

The LAP Representatives' objection to the special master's ruing at the Joseph Kohn deposition [DI 1246] is overruled.

SO ORDERED.

Dated: June 28, 2013

Lewis A. Kaplan
United States District Judge

9 To take a simple hypothetical example, the witness might have testified that an allegedly privileged conversation between the witness and Mr. Donziger took place in the presence of a stranger to the privilege such as a newspaper reporter, thus destroying the confidentiality essential to the attorney-client privilege.