UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**MEMO ENDORSED**

------------------------------------- x
CHEVRON CORPORATION,  :
　　　　　　　　　　　　　　　　　　 :
　　　　　　Plaintiff,　　　　　　　　 :
　　　　　　　　　　　　　　　　　　 :　CASE NO. 11-CV-0691 (LAK)
　　v.　　　　　　　　　　　　　　　 :
　　　　　　　　　　　　　　　　　　 :
STEVEN DONZIGER et al.,　　　　　　 :
　　　　　　　　　　　　　　　　　　 :
　　　　　　Defendants.　　　　　　　 :
------------------------------------- x

**JAVIER PIAGUAJE PAYAGUAJE'S AND HUGO GERARDO CAMACHO
NARANJO'S MOTION TO STRIKING CERTAIN OF CHEVRON'S
CONFIDENTIALITY DESIGNATIONS AND FOR AN ORDER REQUIRING
CHEVRON TO DEMONSTRATE WHY OTHER DOCUMENTS MERIT PROTECTION**
[REDACTED PUBLIC VERSION]

Memorandum Endorsement (Corrected)                Chevron Corp. v. Donziger, 11 Civ. 0691 (LAK)

       The protective order in this case, agreed to by all parties, permits either side to designate as Confidential Information any information that the producing party in good faith believes reflects, *inter alia,* "confidential business information, including, for example, non-public . . . commercial . . . or other information that the Producing Party believes in good faith to be entitled to protection under Federal Rule of Civil Procedure 26(c)(1)(G)." DI 723 ¶ 2b. Confidential Information then is protected against public disclosure subject to the right of any non-producing party to object to the designation of information as Confidential Information. In the event of such an objection, "[t]he Producing Party bears the burden of persuading the Court that the information is in fact Confidential as set forth above." *Id.* ¶ 14.

       The LAP Representatives here challenge as improper the Confidential designations by Chevron of up to 16 documents and, on the assumption that those designations were improper, ask that all of Chevron's designations be stricken.

       1.    Even if Chevron improperly classified these 16 documents as Confidential, that would be no excuse for striking its designations as to thousands of others, the designations of which have not been challenged.

       2.    Paragraph 14 of the Confidentiality Order requires any party objecting to a designation of a document as Confidential to notify the Producing Party in writing and then to meet and confer to resolve the challenge without court intervention. Movants do not claim that they satisfied this requirement. Chevron states, without contradiction, that defendants raised objections with respect to only four of the documents, never mentioned the others challenged on this motion, and filed the motion within 24 hours of the challenge as to the four documents. DI 1247, Ex. 1. Thus, there was no good faith compliance with the requirements of paragraph 14, which is sufficient to deny the motion.

       3.    Chevron has acknowledged that two of the 16 documents mistakenly were designated Confidential and has withdrawn its designation of three others. DI 1247, Ex. 1.

       Accordingly, the motion [DI 1241] is denied. In view of the foregoing, the Court has no need to consider the propriety of the designations of the remaining 11 documents.

       SO ORDERED.

Dated:    July 2, 2013
Corrected:    July 3, 2013

                              Lewis A. Kaplan
                           United States District Judge

{The manuscript signature above is not an image of the signature on the original document in the Court file.}