UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHEVRON CORPORATION,

            Plaintiff,

   v.

STEVEN DONZIGER et al.,

            Defendants.

---

CASE NO. 11-CV-0691 (LAK)

**DEFENDANTS' JOINT RESPONSE
TO ORDER TO SHOW CAUSE (DKT. 1253)**

On June 19, 2013, this Court ordered the parties to show cause, on or before June 24, 2013, why an order should not be entered directing (1) Chevron to advance payment on the Special Masters' bills on behalf of defendants (in the absence of full payment by defendants); and (2) potentially granting Chevron a judgment against the defendants for any funds advanced by Chevron. (Dkt. 1253)

To date the Special Masters have not billed the defendants at all as contemplated by the order of appointment, the March 1, 2013 Order, or the Court's most recent June 19, 2013 Order to Show Cause. (Dkt. 1253, p. 2).

On June 24, 2013, defendants Camacho and Piaguaje sought an extension of time to respond only <u>after</u> receipt of the Special Masters' bills. (Dkt. 1266); the Donziger defendants also sought an extension of time. (Dkt. 1267) On June 27, 2013, this Court denied defendants' motion for an extension after receipt of the bills in question, and granted only a brief extension of time to respond. (Dkt. 1271).

On July 2, 2013, defendants Camacho and Piaguaje requested the Special Masters provide some "estimate, range or indication" of the anticipated total amount of their bills so that defendants could file a more informed response today. The next day, the Special Masters flatly denied that request.

**Argument**

Defendants are ordered today to show cause why an order should not be entered directing (1) Chevron to advance payment on the Special Masters' bills on behalf of defendants (in the absence of full payment by defendants); and (2) potentially granting Chevron a judgment against the defendants for any funds advanced by Chevron. Defendants are ordered to show cause without any knowledge whatsoever of the amount in question.

For the same reasons previously advanced by the defendants (incorporated herein by reference, *see* Dkts. 822, 1266 and 1267), defendants maintain that no order should be entered granting Chevron any judgment against the defendants for any amount paid by Chevron to the Special Masters for their services.

First, Rule 53 authorizes the appointment of Special Masters only under certain circumstances – none of which are present here. The parties have not "consented to" their appointment. *Fed. R. Civ. P.* 53(a)(1)(A). They are not holding trial proceedings or making recommended findings of fact. *Id*. at 53(a)(1)(B). The pretrial matters they addressed could have been "effectively and timely addressed by an available district judge or magistrate judge of the district." *Id.* at 53(a)(1)(C). Therefore, the fact that the Special Masters' services were not properly authorized under Rule 53 weighs strongly against burdening the defendants with payment for their services.

Second, Rule 53 requires a court to "consider the fairness of imposing the likely expenses on the parties and must protect against unreasonable expense or delay." *Fed. R. Civ. P.* 53(a)(3). In this case, the Special Masters were appointed over defendants' protests that they could not afford the expense, and their appointment maintained despite the withdrawal of counsel and sworn statements attesting to a lack of funds to support the defense of this case. (Dkts. 822, 1111, and 1114). Now, without any knowledge of the amount of the bills in question, or, any knowledge of the burden that such bills might impose not just on defendants' ability to continue to defend this case, but also on their economic well-being, this Court stands poised to order a judgment *sua sponte* against defendants for whatever amount Chevron pays on their behalf. Defendants maintain that is it impossible for this Court to assess the "fairness of imposing" the expense of the Special Masters on them without any knowledge or any attempt to know the

2

amount at issue, and to impose a judgment under such circumstances would be outrageous.

Third, Rule 53 further requires this Court to "allocate payment among the parties after considering the nature and amount of the controversy, the parties' means, and the extent to which any party is more responsible than other parties for the reference to a master." *Fed. R. Civ. P.* 53(g)(3). Entering an order directing Chevron to advance payment on the Special Masters' bills on behalf of defendants and granting Chevron a judgment against the defendants for any funds advanced by Chevron, without any knowledge of the amount in question, at this time, would contradict the letter and spirit of Rule 53(g)(3). No order allocating payment can be entered without "considering the nature and amount of the controversy" and yet despite defendants' repeated requests, this Court and the Special Masters have either refused or failed to require any transparency on the "amount of the controversy" before threatening defendants with a judgment. Hiding the ball is not what this Court nor the Special Masters should do. And without knowing what the amount in controversy is, Rule 53 prohibits any allocation – and especially any judgment – against any party for payment.

Fourth, defendants cannot afford the ordinary costs of this litigation; any additional expense such as this will drain further the limited resources they possess at the expense of their defense and right to due process; to impose this additional burden on Mr. Donziger especially, who cannot afford to hire an attorney to represent him in this case would be particularly egregious. Here, the right of defendants to mount a proper defense has been hampered at every turn by the disparity of resources between the parties to conduct investigations, to undertake discovery, to litigate myriad disputes, and to adapt to shortened schedules. At every turn Chevron has taken advantage of its infinite resources to exact greater pressure on defendants in this case (e.g., proceeding by way of Order to Show Cause rather than ordinary motion practice;

3

enlisting thirty-five affirmative experts, several on overlapping topics; serving millions of pages of documents; demanding depositions outside of Ecuador).  As the Supreme Court cautioned almost 100 years ago, "[t]he rights of those who ultimately pay [for a special master] must be carefully protected."  *Newton v. Consolidated Gas Co.*, 259 U.S. 101, 105 (1922).  In this case, this Court must consider the impact that the cost of paying the Special Masters will bear on defendants' ability to defend themselves in this action, particularly what aspect of their defense shall be sacrificed in order to pay a share of the bills in question, and the fairness of imposing that cost in light of Plaintiffs' overwhelming resources.  No such consideration has been given.

At this time, the only arguably just order regarding payment of the Special Masters' bills that could be entered by this Court is to impose payment fully and squarely on the only party that has never raised any objection; the only party whose wealth and ability to pay is not in doubt; and the only party that requested the Special Masters' appointment in the first place: Chevron.  Any other order, at this time, would run afoul of Rule 53, and should be summarily rejected by this Court.

Dated: July 5, 2013                                  Respectfully submitted,

*s/      Julio C. Gomez*
         Julio C. Gomez

GOMEZ LLC
The Sturcke Building
111 Quimby Street, Suite 8
Westfield, NJ 07090
Telephone:  908.789.1080
Facsimile:  908.789.1080
Email:  jgomez@gomezllc.com

*Counsel for Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje*

By:    *s/ Steven R. Donziger*

       Steven R. Donziger
       Law Offices of Steven R. Donziger, P.C.
       245 W. 104th Street, #7D
       New York, NY  10025
       Tel:      (917) 678-3943
       Fax:      (212) 409-8628

       Email:    StevenRDonziger@gmail.com

       *Pro Se*

       LAW OFFICES OF STEVEN R. DONZIGER, P.C.

By:
       *s/ Steven R. Donziger*
       Steven R. Donziger
       245 W. 104th Street, #7D
       New York, NY  10025
       Tel:      (212) 570-4499
       Fax:      (212) 409-8628

       Email:    StevenRDonziger@gmail.com

       Attorney for Defendants Law Offices of Steven R. Donziger LLC and Donziger & Associates, PLLC

5