UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

CHEVRON CORPORATION,

                Plaintiff,

      -against-                                         11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

                Defendants.

------------------------------------------x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

      In the memorandum and order dated June 28, 2013 [DI 1276], the Court held that the LAP Representatives' contention, on their motion to compel [DI 1193], that they had demonstrated substantial need justifying production of work product consisting of or relating to surveillance photos and videos was "largely baseless" subject to the possibility that "one point – on certain factual assumptions that ha[d] not been made out . . . theoretically might have a grain of merit." DI 1276, at 6. Notwithstanding the LAP Representatives' failure to offer evidence sufficient to make out those factual assumptions, the Court, in the interest of justice, directed Chevron to submit for *in camera* inspection documents sufficient to show the dates and hours, if any, during which Chevron, its attorneys, or any contractors employed by Chevron or its attorneys, had any of Messrs. Zambrano, Fajardo, Donziger, Yanza and Guerra under physical surveillance in Ecuador during the periods October 1, 2009 through March 12, 2010 and October 1, 2010 through February 14, 2011. The object was to determine whether the unsupported assumptions upon which the LAP Representatives relied had sufficient basis to justify production of the requested work product.

      The Court has reviewed Chevron's submissions, which have been or will be filed under seal. The *in camera* submissions make clear that any surveillance during the relevant period occurred over no more than a handful of days and observed no more than one of the individuals noted above. It therefore has no probative value with respect to the credibility of former judge Guerra. The Court therefore holds, on the basis of the *in camera* submissions and the lack of substantiation by the LAP Representatives, that the LAP Representatives have not shown the substantial need required by Rule 26(b)(3)(A)(ii) in order to overcome the work product protection that attaches to the documents in question. Accordingly, to the limited extent that the motion to compel [DI 1193] was not disposed of by the June 28 memorandum and order, that motion now is denied in its entirety.

      SO ORDERED.

Dated:    July 18, 2013

                                                                  Lewis A. Kaplan
                                                              United States District Judge