UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
                                      :
CHEVRON CORPORATION,                  :
                                      :
                 Plaintiff,           :
                                      :
        v.                            :   11 Civ. 0691 (LAK)
                                      :
STEVEN DONZIGER, et al.,              :
                                      :
                 Defendants.          :
                                      :
------------------------------------- x

**CHEVRON CORPORATION'S MOTION FOR LEAVE TO FILE
MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 15, 2013 ORDER
FINDING NO CRIME-FRAUD AS TO THE CLEANSING EXPERTS (DKT. 905)**

Pursuant to Local Rule 6.3 of this Court's Local Civil Rules, Chevron Corporation ("Chevron") respectfully requests the Court's permission to file the attached Motion for Reconsideration (Attachment 1) and accompanying exhibits.

Chevron seeks to submit a motion for reconsideration based on new evidence uncovered at the recent deposition of Ted Dunkelberger, a former employee of the Weinberg Group who coordinated the cleansing process and oversaw the creation of the cleansing expert reports. *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (noting availability of new evidence is a proper basis for reconsideration). Dunkelberger provided relevant testimony that supports Chevron's contention that the cleansing expert process was tainted by fraud and that the crime-fraud exception has been triggered as to that subject matter, at least with respect to communications between Patton Boggs and the Weinberg Group. This Court's March 15, 2013 order did not find crime-fraud on this issue, citing insufficient evidence "upon the present record." *Chevron Corp. v. Donziger*, No. 11 Civ. 0691, 2013 WL 1087236,

*29 (S.D.N.Y. March 15, 2013). Dunkelberger's testimony, however, shows that the process that produced the cleansing expert reports was tainted by intentional misrepresentations and fraud. In fact, but for Patton Boggs's and Donziger's material misrepresentations and omissions Weinberg would not have told the cleansing experts to rely on the Cabrera report and may not have accepted the assignment at all, and that those misrepresentations and omissions were meant to further a fraudulent scheme.

Chevron had no way of uncovering this evidence before Dunkelberger was deposed, which it was not able to do until last month. Thus, this evidence "could not have been found by due diligence" prior to Court's decision on Patton Boggs's objections to Chevron's subpoena. *See United States v. Billini*, No 99 CR 156 (JGK), 2006 WL 3457834, at *1 (S.D.N.Y. Nov. 22, 2006); *see also Word v. Croce*, No. 01 Civ. 9614(LTS)(DF), 2004 WL 434038, at *4 (S.D.N.Y. Mar. 9, 2004) (noting evidence "not available previously" may justify reconsideration). Given that less than a month has transpired since acquiring this new evidence, Chevron's motion is as timely as can be.

Accordingly, Chevron respectfully requests that the Court grant it leave file the motion for reconsideration attached herein as Attachment 1, and accompanying exhibits, and find probable cause of a crime or fraud relating to the cleansing expert scheme.[1]

Date: July 19, 2013

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

*/s/Randy M. Mastro*
Randy M. Mastro

---

[1] In the interests of judicial economy and efficiency, if the Court grants leave for motion to file the attached motion for reconsideration, Chevron respectfully requests that the Court deem Attachment 1 as duly filed on the day the Court grants leave.

Andrea E. Neuman
Reed Brodsky
200 Park Avenue
New York, New York 10166
Telephone: 212.351.4000
Facsimile: 212.351.4035

William E. Thomson
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

*Attorneys for Chevron Corporation*