UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHEVRON CORPORATION,                                  CASE NO. 11 CV 0691-LAK
                          Plaintiff,

vs.

STEVEN DONZIGER, et al
                          Defendants.

**MEMORANDUM OF LAW SUBMITTED BY DEFENDANTS IN SUPPORT OF THEIR APPLICATION BY ORDER TO SHOW CAUSE WHY ALL DEADLINES IN THIS MATTER SHOULD NOT BE
<u>ADJOURNED 30 DAYS</u>**

### I.     MOTION

Defendants Steven Donziger, the Law Offices of Steven Donziger, Donziger & Associates, and Gerardo Camacho Naranjo, and Javier Piaguaje Payaguaje (collectively "Defendants") move the Court for an Order adjourning all deadlines in this matter by thirty days, including without limitation those set in the Order by Judge James Francis, Dkt. 1333.

### II.     PRELIMINARY STATEMENT

In the evening of <u>August 9, 2013</u>, Magistrate Judge James Francis IV issued an order granting in part and denying in part Plaintiff Chevron Corp.'s ("Plaintiff") Motions to Compel Production of Documents by Defendants ("Francis Order"). Dkt. 1333. The Order requires *inter alia* that Defendants Steven Donziger, the Law Offices of Steven Donziger, Donziger & Associates (collectively, "Donziger Defendants") supplement the descriptions of approximately 2,500 entries on their privilege log, and do so with sufficient detail or "risk . . . a broad finding of waiver." *Id.* at 8. It further requires Donziger Defendants produce certain other documents listed on the privilege log. *Id.* at 9.

As to Gerardo Camacho Naranjo, and Javier Piaguaje Payaguaje (collectively "Ecuadorian Defendants"), the Order requires that they "supplement their privilege log to

include documents reflecting communications with common interest counsel, clients, or defendants created in connection with that Section 1782 proceeding" and supplement the descriptions of approximately 477 entries on their privilege log, with the same stated risk of waiver if done so insufficiently. *Id.* at 13, 15.

The deadline set for Defendants to complete this work is August 23, 2013.

As discussed herein, it would be impossible for Defendants to meet this deadline if they did no other work than that required to comply with the Francis Order. However, in fact, Defendants are facing an avalanche of work that is necessary in order to prepare for trial set to begin in less than eight weeks, meet numerous pretrial obligations, and engage in meet and confers with Plaintiff concerning various related and outstanding issues. Thus, as it stands, Defendants are faced with the following dilemma: Defendants can focus all of their time and energy into meeting the requirements of the Francis Order, knowing that the effort is almost certainly doomed to fail for lack of sufficient time to comply, resulting in a broad finding of waiver over communications (many of which very likely concern conduct of the instant litigation) and, in so doing, cease doing any of the work necessary to prepare for trial or meet their pretrial obligations to the Court; or Defendants can continue to prepare for trial, not comply with the Francis Order, and have a broad finding of waiver over the communications entered against them.

There is no solution to this dilemma other than to adjourn all deadlines in this matter, including those set in the Francis Order, by 30 days. Without this relief, which is urgently needed given the imminence of the current deadline set in the Francis Order, Defendants' interests will be severely prejudiced.

### III.  FACTUAL AND PROCEDURAL BACKGROUND

A.  <u>Obligations Facing Defendants In Addition to Those Set Forth in the Francis Order</u>

In addition to the obligations set forth in the Francis Order, Defendants are facing the following Court set deadlines:

| | |
|---|---|
| 08/30/13 | Proposed Verdict Form and Joint Pretrial Order Due |
| 09/03/13 | Foreign Witness Applications Due |
| 09/05/13 | Foreign Law Statements Due |
| 09/08/13 | Motions *in Limine* Due |
| 09/08/13 | Motions to Bifurcate Due |
| 09/09/13 | Objections to Hardship Questionnaire for the Jury Due |
| 09/15/13 | Opp. to Foreign Law Statements Due |
| 09/19/13 | Opp. to *Limine*/Bifurcate Motions Due |
| 09/20/13 | Opp. to Foreign Witnesses Due |
| 09/23/13 | Jury Instructions Due |
| 09/25/13 | Reply to *Limine*/Bifurcate Motions Due |

Furthermore, it is likely that Plaintiff will file yet another motion for summary judgment today, <u>August 16, 20123</u>, to which Defendants will need to spend time responding. *See* Declaration of Julio Gomez ("Gomez Dec."), ¶¶ 4-5 Declaration of Steven Donziger ("Donziger Dec."), ¶¶ 5- 6.

The undersigned is the sole attorney handling these tasks for the Ecuadorian Defendants. I am a solo practitioner, with two assistants, neither of whom is a trained paralegal or has even worked in a law office before. Gomez Dec., ¶ 2. I am getting no assistance in this work from any other person, including without limitation any lawyer at Patton Boggs. *Id*. It's just me. Furthermore, I have other cases and other clients that I must service; thus, it is not possible for me or my assistants to work full-time on this matter. *Id.*

Mr. Donziger is representing himself, with limited help from a young human rights lawyer based in Washington, D.C., Aaron Page, and a solo practitioner in San Francisco, CA, Stuart Gross, who is very busy with other matters. Donziger Dec., ¶ 2. Because of continuing difficulties to raising financing, Messrs. Page and Gross having been providing this assistance

3

substantially without compensation. *Id*. For this reason and others, the assistance they have been, and are, able to provide has been very limited. *Id.* Therefore, the responsibility to meet all of these obligations falls principally on Mr. Donziger. *Id.* Mr. Donziger is not an experienced federal court litigator and has no experience doing the work necessary to meet the Donziger Defendants' pretrial obligations. *Id.*, ¶ 3.

Furthermore, as both the undersigned and Mr. Donziger assumed their respective positions as lead counsel late in the proceedings, both are engaged in a significant amount of catch-up work. Donziger Dec., ¶ 3; Gomez Dec., ¶ 2. For example, in order to prepare their respective portions of the pretrial order, the undersigned and Mr. Donziger have both been required to spend hours reviewing discovery responses and deposition transcripts to identify facts for stipulation, exhibits for trial, and witness testimony. Donziger Dec., ¶ 5; Gomez Dec., ¶ 4. In many instances, neither of us has ever reviewed the particular materials before. Donziger Dec., ¶ 5; Gomez Dec., ¶ 4. It is also necessary for a significant amount of time to be spent on the legal research necessary to draft the proposed verdict form and jury instructions. Donziger Dec., ¶ 5; Gomez Dec., ¶ 4. While Mr. Donziger is getting some assistance from Messrs. Page and Gross, that assistance is very limited. Donziger Dec., ¶ 2. I am not getting assistance from any person other than my non-lawyer assistants. Gomez Dec., ¶ 2.

To this are added practical difficulties related to access to materials that has resulted from the change in counsel. Much of the documentary discovery that Plaintiff has produced is effectively unavailable to Defendants, without the investment of significant time and resources. Donziger Dec., ¶ 7; Gomez Dec., ¶ 6. Indeed, the same is also true concerning documentary discovery produced by Defendants. Donziger Dec., ¶ 7; Gomez Dec., ¶ 6. However, even if such

obstacles to access to such materials did not exist, Defendants would not have the time to organize and review such materials. Donziger Dec., ¶ 7; Gomez Dec., ¶ 6.[1]

As the Donziger Defendants have articulated repeatedly in prior requests for relief and reasonable accommodation, the Defendants' ability to mount a meaningful defense has been, and continues to be, almost completely strangled by the rapid-fire schedule of deadlines and Chevron's practice of constantly interposing additional and unnecessary discovery and procedural demands on Defendants. Even without the additional unforeseen obligations placed on Defendants by the Francis Order, Defendants are being prevented from preparing in any meaningful way to respond to Plaintiff's case and present their own case at trial.

**B.      Francis Order and the Obligations it Imposes**

   **1.      Donziger Defendants**

The Francis Order requires that the Donziger Defendants, by August 23, 2013, produce certain documents listed on their privilege log and provide updated descriptions of certain other documents. Dkt. 1333 at 8-9. The latter obligation is by far the most burdensome. While the Order does not identify the particular entries at issue, Plaintiff's moving papers identify approximately 2,500 entries that have purportedly inadequate descriptions. Dkt. 1194 at 1. A review of the privilege log indicates that all but a very small handful of the documents to which these entries correspond are emails between Steven Donziger and his own attorneys or co-counsel that post-date the filing of the Complaint in the instant action and continue well into 2012. *See id.*, Ex. A. The communications are therefore highly likely to concern the instant

---

[1] Mr. Donziger's time is further occupied by efforts to secure financing and the related effort to retain replacement counsel to represent him in the upcoming trial, efforts that that have been made significantly more time consuming and difficult by Plaintiff's affirmative efforts to discourage lawyers from representing me and investors from providing funding. Donziger Dec., ¶ 7.

5

litigation, both making their relevance to Plaintiff's claims dubious and making their potential disclosure to Plaintiff potentially very prejudicial to Defendants.

Therefore, if the Francis Order is not reversed, it will be incumbent on the Donziger Defendants to heed Judge Francis' caution that "that failure to sufficiently supplement the log will expose him to the "risk [of] a broad finding of waiver." Dkt. 1333 (internal quotation omitted). This will require a significant amount of time. Indeed, Mr. Donziger estimates that it would take him or another person at least one month to complete the work, if his or another person's full-time attention was dedicated to it. Donziger Dec., ¶ 4. No one has agreed to do any part of this work; thus, it will be Mr. Donziger's responsibility to complete. *Id*.

### 2.   **The Ecuadorian Defendants**

The Order requires that the Ecuadorian Defendants, by August 23, 2013, "supplement their privilege log to include documents reflecting communications with common interest counsel, clients, or defendants created in connection with that Section 1782 proceeding" and supplement the descriptions of approximately 477 entries on their privilege log. Dkt. 1333 at 13, 15.

In order to comply, the undersigned will need to do the following: reach out to co-counsel of record to ascertain if they have responsive documents; rely on co-counsel (most of whom are owed fees) to search their files and locate responsive documents in their possession; receive their responsive documents, if any, and log them individually into a supplemental privilege log; review 477 privileged documents listed on the current privilege log (totaling approximately 2238 pages), many of which are in Spanish, and revise descriptions deemed inadequate by the Court. Gomez Dec., ¶ 3. As stated in my sworn affidavit, I estimate that even if I work full time on the project, I would need at least 30 days to complete it. *Id.*

## IV.     ARGUMENT

**A.     <u>Legal Standard</u>**

This Court can reconsider any non-dispositive pretrial matter decided by a magistrate "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Fed. R. Civ. P. 72(a) governs the district court's referral of "pretrial matter[s] not dispositive of a claim or defense of a party" to a magistrate judge. *See Catskill Development, L.L.C. v. Park Place Entm't Corp.,* 206 F.R.D. 78, 86 (S.D.N.Y. 2002). When faced with objections to non-dispositive orders, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ.P. 72(a); see also 28 U.S.C. § 636(b)(1)(A). "An order is 'clearly erroneous' when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed," while an "order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Collens v. City of New York*, 222 F.R.D. 249, 251 (S.D.N.Y. 2004) (citation and internal quotation marks omitted).

Fed. R. Civ. P. 1 requires that courts construe and administer the Federal Rules of Procedure "to secure the <u>just</u>, speedy and inexpensive determination of every action and proceeding." (emphasis added). Fed. R. Civ. P. 16(b)(4) provides for modification of schedules based on a showing of good cause. "For purposes of Rule 16(b), 'good cause' requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Oxaal v. Internet Pictures Corp*., No. 00-CV-1863 (LEK/DRH), 2002 U.S. Dist. LEXIS 5178, 2-3 (N.D.N.Y. March 27, 2002) (internal quotation omitted; collecting cases). Accordingly, "[t]he inquiry focuses on the moving party's reason for requesting

7

the extension." *Id.* "Events occurring after the entry of a scheduling order which were reasonably unforeseeable may suffice to establish good cause." *Id.* (collecting cases).

### B. Judge Francis' Order Requiring Compliance by August 23, 2013 is Clearly Erroneous

As Judge Francis acknowledged in his order "'only flagrant violations of [discovery] rules should result in a waiver of privilege.'" Dkt. 1333 (quoting with modification *Dey, L.P. v. Sepracor, Inc.*, No. 07 Civ. 2353, 2010 WL 5094406, at *2 (S.D.N.Y. Dec. 8, 2010). He further found that none of deficiencies complained of by Plaintiff concerning Defendants' respective privilege logs met this standard. However, the deadline Judge Francis set for Defendants to comply with his order to supplement those privilege logs effectively guarantees that Defendants will be placed into a position of compelled waiver of their privilege claims over these documents, as it would be impossible for Defendants to comply with his order by that deadline.

Defendants were not provided an opportunity to present argument concerning the burden that supplementation would impose, the time that would be required of them to do so, or their resources (or lack thereof) to dedicate to the project. And Judge Francis' erroneous determination that a deadline of August 23, 2013 is feasible may have been based on his lack of information in this regard. Whatever the reason, by setting a deadline that guarantees the result that Judge Francis claimed to be rejecting – compelled waiver of privilege by Defendants on the basis of purportedly inadequate privilege logging – Judge Francis issued an order that was clearly erroneous and must be reversed.

### C. Good Cause Exists to Adjourn All Deadlines in this Matter by 30 Days

As discussed above, Defendants have been working diligently to meet the deadlines set in the scheduling orders but, even absent the unforeseen obligations imposed by the Francis Order, there are questions whether such deadlines could reasonably be met. With these new unforeseen

obligations, no amount of diligence would be sufficient to achieve the deadlines. It would simply not be possible to meet the obligations established in the Francis Order and Defendants' pretrial obligations under the current schedule. One or both sets of obligations would be left unfulfilled resulting in substantial prejudice to Defendants.

**D.     The Relief Sought Herein Is Needed on an Emergency Basis**

The deadline concerning which relief is here sought will occur within **one week** of the date of this Motion. Defendants cannot comply with their obligations under the Francis Order within this time period. If Defendants do not comply they run the significant risk of having the privilege protecting highly sensitive communications concerning the instant litigation disclosed and their privilege claims over the communications deemed waived. Defendant's therefore require relief on an emergency basis. Accordingly, no other procedure other than this application by order to show cause is available to seek the requested relief.  See S.D.N.Y Local Civ. R. 6.1(d).  No application for similar relief in light of the Francis order [1333] has been made by Defendants.

## V.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that all deadlines in this case, including that set in the Francis Order, Dkt. 1333, be adjourned by 30 days.

Dated:     August 16, 2013                           GOMEZ LLC
                                                     ATTORNEY AT LAW

                                                     By:    s/ Julio C. Gomez
                                                            Julio C. Gomez

                                                     The Sturcke Building
                                                     111 Quimby Street, Suite 8
                                                     Westfield, NJ
                                                     T: 908-789-1080
                                                     F: 908-789-1081

9

E-mail: jgomez@gomezllc.com

*Attorney for Defendants*
*Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje*

Dated: August 16, 2013

By: */s/ Steven R. Donziger*

Steven R. Donziger
245 W. 104th Street, #7D
New York, NY  10025
Tel:     (917) 678-3943
Fax:    (212) 409-8628
Email:   StevenRDonziger@gmail.com

*Pro Se*

Dated: August 16, 2013

LAW OFFICES OF STEVEN R. DONZIGER, P.C.

By: */s/ Steven R. Donziger*

Steven R. Donziger
245 W. 104th Street, #7D
New York, NY  10025
Tel:     (212) 570-4499
Fax:    (212) 409-8628
Email:   StevenRDonziger@gmail.com

Attorney for Defendants Law Offices of Steven R. Donziger LLC and Donziger & Associates, PLLC