```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/20/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
CHEVRON CORPORATION,

                Plaintiff,

  -against-                                11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

                Defendants.
------------------------------------x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

      There are certain questions of Ecuadorian law that may be germane to the Court's resolution of so much of Chevron's January 28, 2013 motion as seeks an order under Fed. R. Civ. P. 56(g) and/or at trial. The Court pursuant to Fed. R. Civ. P. 44.1 therefore invites the parties on or before September 18, 2013 to respond to the following questions and to provide such declarations and copies of English language versions of pertinent Ecuadorian codes, rules, and other legal materials as may be necessary or helpful to the Court's resolution of the following questions:

    1.    Under Ecuadorian law, was the trial judge entitled, in rendering the judgment, to consider evidence in addition to that contained in the Lago Agrio Record?[1]

    2.    If the answer to Question 1 is affirmative, respond to the following additional questions, in each case with respect to Ecuadorian law:

        (a)    what additional types of evidence was the judge permitted to consider for that purpose?

        (b)    by what means could such evidence properly be obtained by or brought to the attention of the judge for that purpose?

SO ORDERED.

Dated:    August 20, 2013

                                            _____
                                            Lewis A. Kaplan
                                            United States District Judge

---

[1] The "Lago Agrio Record" is defined as the hand-numbered pages 1 to 216338 maintained by the Provincial Court of Sucumbios in Lago Agrio, Ecuador. *See* Chevron 56.1 Stmnt. [DI 764], ¶¶ 101-102.