UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHEVRON CORPORATION,<br><br>           Plaintiff,<br><br>      v.<br><br>STEVEN DONZIGER *et al.*,<br><br>           Defendants. | 11-CV-0691<br><br>The Honorable Lewis A. Kaplan, U.S.D.J.<br>The Honorable James C. Francis, U.S.M.J. |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT APPLICATION OF DEFENDANTS HUGO GERARDO CAMACHO NARANJO, JAVIER PIAGUAJE PAYAGUAJE, STEVEN R. DONZIGER, THE LAW OFFICE OF STEVEN R. DONZIGER LLC, AND DONZIGER & ASSOCIATES, PLLC BY ORDER TO SHOW CAUSE WHY PROCEEDINGS SHOULD NOT BE STAYED PENDING DISPOSITION OF PETITION FOR A WRIT OF MANDAMUS UNDER CONSIDERATION BY THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje (the "Lago Agrio Plaintiffs") as well as Steven R. Donziger, The Law Office of Steven R. Donziger, and Donziger & Associates, PLLC ("Donziger") hereby jointly submit this Memorandum of Law in Support of their Application By Order To Show Cause why all proceedings in this Court should not be stayed pending the United States Court of Appeals for the Second Circuit's disposition of Defendants' Petition for a Writ of Mandamus ("Petition"), No. 13-372-cv (2d Cir.), which is fully briefed and as to which oral argument is calendared for September 26, 2013.

## ARGUMENT

**I.   THIS COURT SHOULD ENTER A STAY PENDING DISPOSITION OF DEFENDANTS' PETITION FOR WRIT OF MANDAMUS**

In determining whether a stay is appropriate, the Court must consider whether: (1) there is a substantial possibility that Defendants' Petition will be granted; (2) there exists a risk of

irreparable injury to Defendants absent a stay; (3) Chevron may be substantially harmed by a stay; and (4) the stay would be inconsistent with the public interest. *See, e.g.*, *Hirshfield v. Board of Elections*, 984 F.2d 35, 39 (2d Cir. 1993); *Optimum Shipping & Trading v. Prestige Marine Servs. Pte.*, 613 F. Supp. 2d 502, 503 (S.D.N.Y. 2009). Each factor weighs in favor of the Court's entry of a stay.

### A. There Exists a Substantial Possibility of Success on the Merits

The Court has likely reviewed the parties' respective filings in the Mandamus proceedings, and undoubtedly is familiar with the substance and arguments contained therein from Defendants' filings in this Court. Defendants believe that the arguments in their Petition are likely to succeed on the merits, but the Court has rejected those arguments in multiple orders. Any further attempt to persuade the Court that the parties should not be litigating in this Court questions as to whether the Ecuadorian judgment is entitled to respect, recognition, whether it should be set aside, etc., would be superfluous. And though we do not expect that the Court has changed its views, the Court should bear in mind that "[t]he probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [the applicant] will suffer absent the stay. Simply stated, more of one excuses less of the other." *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002) (internal quotation marks omitted).

### B. Defendants Will Suffer Irreparable Injury Absent a Stay

Absent a stay, Defendants will be irreparably harmed in at least two ways.

*First*, Defendants will be compelled to waste resources preparing for, and perhaps conducting, a trial that may look dramatically different upon the Second Circuit's disposition of the Petition. By September 23, 2013, the parties must submit a joint pre-trial report, a jury verdict form, foreign witness applications, foreign law statements, motions *in limine*, motions to bifurcate, and jury instructions. Under the current schedule, then, all of this work must be

completed just days before oral argument on the merits of the Petition on September 26, 2013. The competent and timely execution of all of the foregoing tasks—in addition to general trial preparation, preparation of a response to Chevron's latest motion for summary judgment motion (notwithstanding the Court's partial denial of that motion), and performance of other day-to-day responsibilities both foreseen and unforeseen—will be extraordinarily difficult, if not impossible, for the Lago Agrio Plaintiffs and Donziger, represented by a solo practitioner and appearing *pro se*, respectively.[1] But more importantly, even if Defendants' capacity to execute all of this work in roughly a month's time were far greater than it is, to push forward to trial with the Second Circuit's disposition of the Petition now on the horizon would be wasteful. This Court is aware of the subject matter of the Mandamus proceedings; the outcome holds the potential to alter substantially the nature of the looming pre-trial submissions, not to mention the trial itself. There is no reason to require Defendants to expend their limited resources now when a forthcoming decision from the Second Circuit may require the parties to go back to the drawing board, at least in part. Indeed, there is no reason for *any* party, or the Court, for that matter, to expend substantial resources under the circumstances.

---

[1] Though the Court has expressed skepticism about the degree to which Defendants are handicapped by a lack of resources, the proposition that their capacity to litigate this case is feeble *relative to Chevron's* should not be controversial. In dismissing Defendants' pleas that they are ill-equipped to put up a reasonable fight, the Court has more than once cited evidence that they have received several million dollars of funding in the past. But even so, the Court cannot possibly believe that this funding is more than a drop in the bucket compared to the bills generated by Chevron's counsel on a monthly basis. The Court also has rejected the notion that Defendants are overwhelmed based on the Court's belief that they have made a conscious decision to direct their limited funds elsewhere. But even if true, this is a global litigation. The fact that the litigation must be fought on more than just Chevron's chosen front does not change the fact that it is a battle of few resources versus unlimited resources. Otherwise, the Court is punishing the Lago Agrio Plaintiffs for not abandoning the work they must do elsewhere in places like Ecuador, Argentina, and other nations where they have chosen to seek recognition of the judgment—as is their right—so that they can stand a chance of defending their judgment in this Court. That is not fair, nor is it consistent with the Second Circuit's disposition of Count Nine.

*Second*, should all or relevant aspects of this case proceed to a final disposition before the Second Circuit rules on the merits of the Petition, Chevron would undoubtedly, and in short order, place any rulings adverse to Defendants before the courts in which Lago Agrio Plaintiffs have sought recognition of their judgment. Even if the Second Circuit's disposition of the Petition were to nullify in whole or part the rulings and/or verdicts emanating from this Court, as a practical matter, the damage would already be done—the Lago Agrio Plaintiffs would be unduly prejudiced vis à vis their enforcement proceedings.

### C. A Stay Will Not be Prejudicial to Chevron

The requested stay will not prejudice Chevron. Even assuming that the Court may properly consider it "prejudicial" if one of the Lago Agrio Plaintiffs' judgment recognition actions were to conclude before proceedings here—and that is not a proper consideration—there is no indication whatsoever that any of the Lago Agrio Plaintiffs' three pending actions for recognition of their judgment are near final disposition. Chevron cannot claim otherwise. Nor can it identify any other conceivable prejudice arising from a stay that would simply allow the Mandamus proceedings to run their course.

### D. A Stay Would Not Offend Any Public Interest

Granting of a stay would not offend the public interest. To the contrary, the public interest is well-served by a stay that would allow the Second Circuit to, among other important considerations, determine whether further proceedings in this Court may be just as offensive to notions of international comity as the now-dismissed Count Nine.

### **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that all proceedings in this Court be stayed pending the United States Court of Appeals for the Second Circuit's disposition

of Defendants' Petition for a Writ of Mandamus, No. 13-372-cv (2d Cir.).


Dated:     August 27, 2013

GOMEZ LLC
ATTORNEY AT LAW

By:   *s/ Julio C. Gomez*
        Julio C. Gomez

The Sturcke Building
111 Quimby Street, Suite 8
Westfield, NJ
T: 908-789-1080
F: 908-789-1081
E-mail: jgomez@gomezllc.com

*Attorney for Defendants*
*Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje*


Dated: August 27, 2013

By:   */s/ Steven R. Donziger*

Steven R. Donziger
245 W. 104th Street, #7D
New York, NY  10025
Tel:      (917) 678-3943
Fax:      (212) 409-8628
Email:   StevenRDonziger@gmail.com

*Pro Se*


Dated: August 27, 2013

LAW OFFICES OF STEVEN R. DONZIGER, P.C.

By: */s/ Steven R. Donziger*

5

Steven R. Donziger
245 W. 104th Street, #7D
New York, NY  10025
Tel:     (212) 570-4499
Fax:    (212) 409-8628
Email:   StevenRDonziger@gmail.com

Attorney for Defendants Law Offices of Steven R. Donziger LLC and Donziger & Associates, PLLC

6