UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
CHEVRON CORPORATION,                          :
:
       Plaintiff,                         :
:
  v.                                         :  CASE NO. 11-CV-0691 (LAK)
:
STEVEN DONZIGER, et al.,                      :
:
       Defendant.                        :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**PLAINTIFF CHEVRON CORPORATION'S PROPOSED SPECIAL VERDICT FORM**


GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

*Attorneys for Plaintiff Chevron Corporation*

Plaintiff Chevron Corporation ("Chevron") hereby respectfully submits the following Proposed Verdict Form.  Chevron respectfully reserves the right to revise, amend, or supplement this Proposed Verdict Form and to object to requests by the Defendants.

**Substantive RICO Claim Against Steven Donziger, Law Offices of
<u>Steven R. Donziger, Donziger & Associates, PLLC</u>**

**Has Chevron proven by a preponderance of the evidence the following:**

1. A group of people associated together for a common purpose as an "enterprise" affecting interstate or foreign commerce, as defined in the Court's Instructions?

   Yes: _____

   No: _____

*If you answered Question 1 "yes," proceed to the next question. If you answered Question 1 "no," leave Questions 2 through 9 blank and proceed to Question 10.*

2. Defendant Steven Donziger (hereinafter "Donziger") was associated with that enterprise?

   Yes: _____

   No: _____

*If you answered Question 2 "yes," proceed to the next question. If you answered Question 2 "no," leave Questions 3 through 9 blank and proceed to Question 10.*

3. Defendant Donziger knowingly engaged in a "pattern of racketeering activity" by committing at least two "predicate acts," as defined in the Court's Instructions, that related to each other and that amounted to continued criminal activity or threatened the likelihood of continued criminal activity?

   Yes: _____

   No: _____

*If you answered Question 3 "yes," proceed to answer Question 3(a). If you answered Question 3 "no," leave Questions 3(a) through 6 blank and proceed to Question 7.*

3(a).    Identify which of the following two or more such predicate acts Defendant Donziger committed. If "yes," put a check mark by the enumerated act. If "no," leave that particular act blank.

(1) Attempted extortion through the wrongful use of fear of economic harm,       _____
threatened force, actual force, or violence, in violation of federal law.

(2) Attempted extortion through efforts to appropriate Chevron's property by       _____
instilling fear that Chevron would be materially harmed with respect to its busi-

ness, financial condition, or reputation, in violation of state law.

(3) Use of the wires (including telephone, internet or email) in connection with a fraudulent scheme to cause the Republic of Ecuador to file criminal charges against attorneys Rodrigo Perez Pallares and Ricardo Reis-Veiga.                    _____

(4) Use of the wires (including telephone, internet or email) in connection with a fraudulent scheme to publish David Russell's $6 billion remediation cost estimate after Dr. Russell had disavowed the validity of the cost estimate.                    _____

(5) Use of the mail or wires (including telephone, internet or email) in connection with a fraudulent scheme to file one or more false judicial inspection reports with the Ecuadorian court in the name of Dr. Charles Calmbacher.                    _____

(6) Use of the wires (including telephone, internet or email) in connection with a fraudulent scheme to make secret payments to the purportedly "independent" monitor overseeing the judicial inspection process, Fernando Reyes.                    _____

(7) Use of the wires (including telephone, internet or email) in connection with a fraudulent scheme to make secret payments outside of the established Court process to the court-appointed "global expert," Richard Stalin Cabrera Vega.                    _____

(8) Use of the wires (including telephone, internet or email) in connection with a fraudulent scheme to make payments within the established Court process to the court-appointed "global expert," Richard Stalin Cabrera Vega, for work he did not perform.                    _____

(9) Use of the wires (including telephone, internet or email) in connection with a fraudulent scheme to have the Cabrera Report and its annexes secretly written by representatives of the Ecuadorian Plaintiffs, including Stratus Consulting and Juan Cristobal Villao Yepez.                    _____

(10) Use of the wires (including telephone, internet or email) in connection with a fraudulent scheme to have the Supplemental Cabrera Report secretly written by representatives of the Ecuadorian Plaintiffs, including Stratus Consulting.                    _____

(11) Use of the wires (including telephone, internet or email) in connection with a fraudulent scheme to have "cleansing" experts issue reports based on findings or data in the Cabrera Report, without disclosing to the "cleansing" experts that the Cabrera Report had been written by Stratus Consulting.                    _____

(12) Use of the wires (including telephone, internet or email) in connection with a fraudulent scheme to publish false statements describing Richard Stalin Cabrera Vega as "independent."                    _____

(13) Use of the wires (including telephone, internet or email) in connection with a fraudulent scheme to use false or misleading statements to urge a federal or                    _____

state law enforcement authority, a federal or state regulator other government agency, or Congress to investigate Chevron.

(14) Use of the wires (including telephone, internet or email) in connection with a fraudulent scheme to use false or misleading publicly-released statements to pressure Chevron to pay off Defendants to end the Ecuador lawsuit.  _____

(15) Use of the wires (including telephone, internet or email) in connection with a fraudulent scheme to make secret payments to former judge Alberto Guerra Bastidas to write orders and rulings for then-judge Nicolas Zambrano in favor of the Ecuadorian Plaintiffs in the Ecuador lawsuit.  _____

(16) Use of the wires (including telephone, internet or email) in connection with a scheme to obtain, and in fact obtaining, a judgment in favor of the Ecuadorian Plaintiffs procured by fraud.  _____

(17) Use of the wires (including telephone, internet or email) in connection with a fraudulent scheme to use secret payments to procure a judgment in favor of the Ecuadorian Plaintiffs.  _____

(18) Use of the wires (including telephone, internet or email) in connection with a fraudulent scheme to have the Ecuadorian Judgment rely on materials outside the official court record.  _____

(19) Use of the wires (including telephone, internet or email) in connection with a fraudulent scheme to ghostwrite an $18 billion judgment in favor of the Ecuadorian Plaintiffs.  _____

(20) Use of the wires (including telephone, internet or email) in connection with a fraudulent scheme to obtain litigation funding from Burford.  _____

(21) Use of the wires (including telephone, internet or email) in connection with a fraudulent scheme to obtain litigation funding from Joseph Kohn.  _____

(22) Obstruction of justice during the Stratus 1782 proceeding in Colorado through at least one misrepresentation or omission of material fact regarding the relationship between Cabrera and the Ecuadorian Plaintiffs' representatives, including Stratus Consulting.  _____

(23) Obstruction of justice through at least one abusive or unethical discovery tactic in the Stratus 1782 proceeding in Colorado, including withholding documents from production to Chevron without a valid basis.  _____

(24) Obstruction of justice through the filing of the May 5, 2010 materially false declaration signed by Pablo Fajardo in one or more Federal court proceedings in the United States.  _____

(25) Obstruction of justice during the 3TM 1782 proceeding in Texas through at least one material misrepresentation or omission of material fact in a court filing regarding the relationship between Cabrera and the Ecuadorian Plaintiffs' representatives, including Stratus Consulting.   _____

(26) Obstruction of justice during the E-Tech 1782 proceeding in California through at least one material misrepresentation or omission of material fact in a court filing regarding the relationship between Richard Stalin Cabrera Vega and the Ecuadorian Plaintiffs' representatives, including Stratus Consulting.   _____

(27) Obstruction of justice during the UBR 1782 proceeding in New Jersey through at least one material misrepresentation or omission of material fact regarding the relationship among Juan Cristobal Villao Yepez, the Ecuadorian Plaintiffs and Cabrera.   _____

(28) Obstruction of justice through at least one material misrepresentation or omission of material fact about the independence of Richard Stalin Cabrera Vega in the September 17, 2007 affidavit signed by Mark Quarles and filed with the United States District Court for the Southern District of New York.   _____

(29) Obstruction of justice through misrepresentations about the Ecuador lawsuit in an affidavit signed by Andrew Woods and filed with the United States District Court, District of Colorado.   _____

(30) Obstruction of justice through the filing of a collusive lawsuit in Ecuador to prevent the production of documents and other information to Chevron in this case.   _____

(31) Witness tampering through a corrupt effort to persuade Dr. Charles Calmbacher not to testify at his deposition in an official federal proceeding in Georgia.   _____

(32) Witness tampering through at least one misrepresentation intended to persuade Mark Quarles to file a materially false declaration in an official federal proceeding in New York.   _____

(33) Witness tampering through at least one misrepresentation intended to persuade Andrew Woods to file a materially false declaration in the Stratus 1782 proceeding in Colorado.   _____

(34) Corrupt payments to a foreign official in Ecuador, namely Richard Stalin Cabrera Vega, with the intent to obtain an advantage in the Ecuadorian lawsuit.   _____

(35) Corrupt payments or promises to pay a foreign official in Ecuador, namely Nicolas Zambrano, with the intent to procure a judgment in favor of the Ecuadorian Plaintiffs.   _____

4

(36) The transfer of funds from or through bank accounts in the United States to bank accounts in Ecuador with the intent to promote the carrying on of specified unlawful activities.    _____

(37) The transfer of funds from or through the United States to the "secret account" at Banco Pichincha with the intent to promote the carrying on of specified unlawful activities.    _____

(38) The transfer of funds from or through bank accounts outside the United States to bank accounts in the United States with the intent to promote the carrying on of specified unlawful activities.    _____

(39) The transfer of funds between or among bank accounts in the United States with the intent to promote the carrying on of specified unlawful activities.    _____

*Proceed to the next question.*

4. Defendant Donziger conducted or participated in, either directly or indirectly, the conduct of the enterprise through that pattern of racketeering activity?

   Yes: _____

   No: _____

*If you answered Question 4 "yes," proceed to the next question. If you answered Question 4 "no," leave Questions 5 and 6 blank and proceed to Question 7.*

5. Chevron suffered injury to its business or property as a result of that pattern of racketeering activity?

   Yes: _____

   No: _____

*If you answered Question 5 "yes," proceed to the next question. If you answered Question 5 "no," leave Question 6 blank and proceed to Question 7.*

6. In engaging in a pattern of racketeering activity, Defendant Donziger had the authority to act in the name or on behalf of both Defendants the Law Offices of Steven R. Donziger and Donziger & Associates, PLLC?

   Yes: _____

   No: _____

*Complete the following only if you answered Questions 1 through 5 "yes."*

We find that Chevron should be awarded compensatory damages in the amount of:

$ _____

**RICO Conspiracy Claim Against Steven Donziger, Law Offices of
Steven R. Donziger, Donziger & Associates, PLLC**

**Has Chevron proven by a preponderance of the evidence the following:**

7. Defendant Donziger knowingly and willfully became a member of a conspiracy to conduct or participate in the affairs of the enterprise through a pattern of racketeering activity?

   Yes: _____

   No: _____

*If you answered Question 7 "yes," proceed to the next question. If you answered Question 7 "no," leave Questions 8 and 9 blank and proceed to Question 10.*

8. Chevron suffered injury to its business or property as a result of that pattern of racketeering activity?

   Yes: _____

   No: _____

*If you answered Question 8 "yes," proceed to the next question. If you answered Question 8 "no," leave Question 9 blank and proceed to Question 10.*

9. In agreeing to facilitate the enterprise's pattern of racketeering activity, Defendant Donziger had the authority to act in the name or on behalf of both Defendants the Law Offices of Steven R. Donziger and Donziger & Associates, PLLC?

   Yes: _____

   No: _____

*Complete the following only if you answered Questions 7 and 8 "yes."*

We find that Chevron should be awarded compensatory damages in the amount of:

$ _____

**Fraud Against Steven Donziger, Law Offices of Steven R. Donziger, Donziger & Associates, PLLC, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje**

**Has Chevron proven by clear and convincing evidence the following:**

10. Defendant Donziger made or caused others to make one or more false statements or material omissions of fact?

Yes: _____

No: _____

*If you answered Question 10 "yes," proceed to answer Question 10(a). If you answered Question 10 "no," leave Questions 10(a) through 21 blank and proceed to Question 22.*

10(a).  Put a check mark beside any fraudulent statement or material omission Defendant Donziger made or caused others to make:

    (1) One or more false statements or omissions of material fact to a prosecutor in Ecuador to cause the filing of criminal charges against attorneys Rodrigo Perez Pallares and Ricardo Reis-Veiga.  _____

    (2) One or more false statements or omissions of material fact in at least one press release or public statement regarding David Russell's $6 billion remediation cost estimate after Dr. Russell told Donziger to cease and desist from using that cost estimate.  _____

    (3) One or more false statements or omissions of material fact in at least one judicial inspection report filed with the Ecuadorian court in the name of Dr. Charles Calmbacher.  _____

    (4) One or more false statements or omissions of material fact about Stratus's role in writing the Cabrera Report in a filing or submission to one or more United States District Courts.  _____

    (5) One or more false statements or omissions of material fact in a statement made to a federal or state law enforcement authority, a federal or state regulator or other government agency, or Congress regarding the independence of the court-appointed "global expert," Richard Stalin Cabrera Vega.  _____

    (6) One or more false statements or omissions of material fact in at least one court filing or public statement regarding secret payments made to the court-appointed "global expert," Richard Stalin Cabrera Vega.  _____

(7) One or more false statements or omissions of material fact to Mark Quarles that resulted in Quarles's signing a false affidavit about the independence of Richard Stalin Cabrera Vega. _____

(8) One or more false statements or omissions of material fact to Andrew Woods that resulted in Woods's signing a false affidavit about the Ecuador lawsuit. _____

(9) One or more false statements or omissions of material fact to the Weinberg Group or "cleansing" experts regarding Stratus's role in ghostwriting the Cabrera Report or the independence of the court-appointed "global expert," Richard Stalin Cabrera Vega. _____

(10) One or more false statements or omissions of material fact in at least one court filing or public statement regarding the secret payments made to former judge Alberto Guerra Bastidas. _____

(11) One or more false statements or omissions of material fact concerning the fraudulent judgment obtained in Ecuador that was, in fact, procured by fraud. _____

(12) One or more false statements or omissions of material fact in at least one court filing or public statement regarding the role of the Ecuadorian Plaintiffs' representatives in ghostwriting the Ecuadorian judgment issued by Judge Nicolas Zambrano. _____

(13) One or more false statements or omissions of material fact regarding the Ecuadorian judgment in a court filing to a court outside the United States in connection with enforcement proceedings. _____

(14) One or more false statements or omissions of material fact to Burford that resulted in Burford providing funding for the Ecuadorian lawsuit. _____

(15) One or more false statements or omissions of material fact to Joseph Kohn that resulted in Burford providing funding for the Ecuadorian lawsuit. _____

*Proceed to the next question.*

9

11. For any statements as to which a "yes" answer was given in Question 10(a), Defendant Donziger knew that the statement or omission of material fact was false, or he made or caused others to make the statement or omission recklessly without regard to whether it was true or false?

               Yes: _____

               No: _____

*If you answered Question 11 "yes," proceed to the next question. If you answered Question 11 "no," leave Questions 12 through 20 blank and proceed to Question 21.*

12. For any statements as to which a "yes" answer was given in Question 10(a), Defendant Donziger made or caused others to make the false statement or material omission with the intent to induce a third party to rely upon it?

               Yes: _____

               No: _____

*If you answered Question 12 "yes," proceed to the next question. If you answered Question 12 "no," leave Questions 13 through 20 blank and proceed to Question 21.*

13. A third party justifiably relied upon the false statement or material omission?

               Yes: _____

               No: _____

*If you answered Question 13 "yes," proceed to the next question. If you answered Question 13 "no," leave Questions 14 through 20 blank and proceed to Question 21.*

14. Chevron suffered injury to its business or property as a proximate result of a false statement or material omission made or caused to be made by Defendant Donziger?

               Yes: _____

               No: _____

*If you answered Question 14 "yes," proceed to the next question. If you answered Question 14 "no," leave Questions 15 through 20 blank and proceed to Question 21.*

15. In making or causing others to make a false statement or material omission, Defendant Donziger had the authority to act in the name or on behalf of both Defendants the Law Offices of Steven R. Donziger and Donziger & Associates, PLLC?

Yes: _____

No: _____

*Proceed to the next question.*

16. Defendant Donziger or any other person who made a false statement or material omission was acting as an agent of Defendant Hugo Gerardo Camacho Naranjo within the scope of his/her authority when the false statement or material omission was made?

Yes: _____

No: _____

*Proceed to the next question.*

17. Defendant Hugo Gerardo Camacho Naranjo ratified the conduct of Defendant Donziger or any other person who made a false statement or material omission and retained the benefits or anticipated future benefits to be derived from that conduct, as defined in the Court's Instructions?

Yes: _____

No: _____

*Proceed to the next question.*

18. Defendant Donziger or any other person who made a false statement or material omission was acting as an agent of Defendant Javier Piaguaje Payaguaje within the scope of his/her authority when the false statement or material omission was made, as defined in the Court's Instructions?

Yes: _____

No: _____

*Proceed to the next question.*

19. Defendant Javier Piaguaje Payaguaje ratified the conduct of Defendant Donziger or any other person who made a false statement or material omission and retained the benefits or anticipated future benefits to be derived from that conduct, as defined in the Court's Instructions?

Yes: _____

No: _____

*Note: Complete the following only if you answered Questions 10 through 14 "yes."*

We find that Chevron should be awarded compensatory damages in the amount of:
$_____

*If you found in favor of Chevron on its claim of fraud, proceed to the next question.*

20. The Defendants' conduct reflected utter disregard for, or indifference to, the potential consequences of their conduct on the safety or rights of others?

                              Yes: _____

                              No: _____

**Civil Conspiracy Claim Against Steven Donziger, Law Offices of Steven R. Donziger, Donziger & Associates, PLLC, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje**

**Has Chevron proven by a preponderance of the evidence the following:**

21. Defendant Donziger entered into an agreement with at least one other individual to obtain property from Chevron through tortious acts?

    Yes: _____

    No: _____

*If you answered Question 21 "yes," proceed to the next question. If you answered Question 21 "no," leave Questions 22 through 30 blank and proceed to Question 31.*

22. A member of the conspiracy committed an "overt act," as defined in the Court's Instructions, in furtherance of the corrupt agreement?

    Yes: _____

    No: _____

*If you answered Question 20 "yes," proceed to the next question. If you answered Question 22 "no," leave Questions 21 through 30 blank and proceed to Question 31.*

23. Defendant Donziger participated in the conspiracy with the intent to further its plan or purpose to obtain property from Chevron through tortious acts?

    Yes: _____

    No: _____

*If you answered Question 21 "yes," proceed to the next question. If you answered Question 23 "no," leave Questions 22 through 30 blank and proceed to Question 31.*

24. Chevron suffered injury to its business or property as a result of the conspiracy?

    Yes: _____

    No: _____

*If you answered Question 22 "yes," proceed to the next question. If you answered Question 24 "no," leave Questions 23 through 30 blank and proceed to Question 31.*

25. In participating in the conspiracy, Defendant Donziger had the authority to act in the name or on behalf of both Defendants the Law Offices of Steven R. Donziger and Donziger & Asso-

13

ciates, PLLC?

Yes: _____

No: _____

*Proceed to the next question.*

26. Defendant Donziger or any other member of the conspiracy was acting as an agent of Defendant Hugo Gerardo Camacho Naranjo within the scope of his/her authority when he or she entered into the corrupt agreement to obtain property from Chevron through tortious acts?

Yes: _____

No: _____

*Proceed to the next question.*

27. Defendant Hugo Gerardo Camacho Naranjo ratified the conduct of Defendant Donziger or any other member of the conspiracy and retained the benefits or anticipated future benefits to be derived from that conduct, as defined in the Court's Instructions?

Yes: _____

No: _____

28. Defendant Donziger or any other member of the conspiracy was acting as an agent of Defendant Javier Piaguaje Payaguaje within the scope of his/her authority when he or she entered into the corrupt agreement to obtain property from Chevron through tortious acts?

Yes: _____

No: _____

*Proceed to the next question.*

29. Defendant Javier Piaguaje Payaguaje ratified the conduct of Defendant Donziger or any other member of the conspiracy and retained the benefits or anticipated future benefits to be derived from that conduct, as defined in the Court's Instructions?

Yes: _____

No: _____

*Note:  Complete the following only if you answered Questions 21 through 24 "yes."*

We find that Chevron should be awarded compensatory damages in the amount of: $_____

14

*If you found in favor of Chevron on its claim of civil conspiracy, proceed to the next question.*

30. The Defendants' conduct reflected utter disregard for, or indifference to, the potential consequences of their conduct on the safety or rights of others?

 Yes: _____

 No: _____

**New York Judiciary Law § 487 Claim Against Steven Donziger, Law Offices of Steven R. Donziger, Donziger & Associates**

**Has Chevron proven by a preponderance of the evidence the following:**

31. Defendant Donziger actively participated in preparing and filing a court submission that included false and misleading statements, including one or more of the following:

Yes: _____

No:  _____

*If you Question 31 "yes," proceed to Question 31(a).  If you answered Question 31 "no," do not proceed further.*

31(a).  Put a check mark beside any court submission Defendant Donziger actively participated in preparing and filing that included false and misleading statements:

(1) Declaration of Mark Quarles, filed with the United States District Court, Southern District of New York, on September 17, 2007, misrepresenting Richard Stalin Cabrera Vega as having "acted independently."   _____

(2) Memorandum in Support of the Lago Agrio Plaintiffs' Application to Stay Arbitration, filed with the United States District Court, Southern District of New York, on January 14, 2010, misrepresenting Richard Stalin Cabrera Vega as "independent" and "neutral."   _____

(3) Memorandum in Opposition to Chevron's Section 1782 Application for Discovery from Steven Donziger, filed with the United States District Court, Southern District of New York, on August 28, 2010, denying any improper collusion between the Lago Agrio Plaintiffs' Representatives and Richard Stalin Cabrera Vega.   _____

*Proceed to the next question.*

32. In participating in the preparation and filing of a false and misleading court submission, Defendant Donziger acted with an intent to deceive the court?

Yes: _____

No:  _____

*If you answered Question 32 "yes," proceed to the next question. If you answered Question 32 "no," do not proceed further.*

33. Chevron suffered injury to its business or property as a proximate result of the deceit?

                Yes: _____

                No: _____

*If you answered Question 33 "yes," proceed to the next question. If you answered Question 33 "no," do not proceed further.*

34. In participating in the preparation and filing of a false and misleading court submission, Defendant Donziger had the authority to act in the name or on behalf of both Defendants the Law Offices of Steven R. Donziger and Donziger & Associates, PLLC?

                Yes: _____

                No: _____

*Proceed to the next question.*

*Note: Complete the following if you answered Questions 31 through 33 "yes."*

We find that Chevron should be awarded compensatory damages in the amount of: $_____