MEMO ENDORSED

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/3/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
CHEVRON CORPORATION,
    Plaintiff,
  v.
STEVEN DONZIGER, *et al.*,
    Defendants.
------------------------------------- x

11 Civ. 0691 (LAK)

**PLAINTIFF CHEVRON CORPORATION'S MOTION TO COMPEL DONZIGER AND
THE LAPS TO PRODUCE WITHHELD MATERIALS**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035
*Attorneys for Plaintiff Chevron Corporation*

Memorandum Endorsement                    Chevron Corp. v. Donziger, 11 Civ. 0691 (LAK)

        Chevron moves to compel the Donziger Defendants to produce certain documents. DI 1374. In most cases, it contends, Donziger has been ordered to but failed to produce, the existence and his possession of which he allegedly admitted at his deposition, and for related relief. The items in question and related information appears in Exhibit 3 to Chevron's motion. The summary terminology used to describe the documents in question follows that in Mr. Donziger's response, which is DI 1375. It is undisputed that the Court previously ordered the production of all of these materials save to the extent that Mr. Donziger implicitly claims otherwise with respect to Chevron's request for copies of his passports.

*Patton Boggs Retainer*

        Mr. Donziger testified at his deposition that he has a copy of the executed Patton Boggs retainer agreement. He now responds, albeit not under oath, that he has been unable to locate it. He has provided no information about what efforts have been made to locate it. He will be directed to produce it. In conformity with usual practice, the question whether he has made the necessary efforts to comply with the order is appropriately considered when, as and if a motion for sanctions is made.

*Executed Master Agreement, Assignment of Rights, and Fajardo equity interest*

        It is not clear from Chevron's submission that Mr. Donziger previously admitted possession of these documents. Mr. Donziger, on the other hand, does not exactly say that they are not within his possession, custody or control. Rather, he responds to each of these items by stating that he "does not have any additional documents to produce." This Delphic response is consistent with a number of interpretations such as (1) "I already produced it," (2) "Fajardo or other Ecuadorians have it and I disclaim the ability to require its production," (3) "I have produced whatever I intend to produce, regardless of whether I have it or can get it," and (4) "I don't have it and cannot get it."

        As there is no dispute that Mr. Donziger is obliged to produce these materials, he will be ordered to do so. In conformity with usual practice, the question whether he has made the necessary efforts to comply with the order is appropriately considered when, as and if a motion for sanctions is made.

*Accountings related to Ecuador litigation*

        Mr. Donziger testified unequivocally to his possession of an accounting for his trust account and to having been provided with one or more accountings with respect to the Selva Viva account in Ecuador. DI 1374, Ex. 1, at 105-08, 117-22. He testified also to his belief that he previously had produced the Selva Viva accountings. He now responds to Chevron's motion, which claims that he has produced neither, by stating that he has "not been able to obtain any additional documents." Mr. Donziger will be ordered to produce these documents to the extent they are within his possession, custody or control.

*Passports*

        Chevron seeks production of copies of Mr. Donziger's passports. Mr. Donziger objects to doing so, arguing that they are collateral and sought for harassment purposes.

        Chevron's request for production ("RFP") 4 sought "[a]ll documents related to any travel

2

by any of the non-Ecuador RICO defendants [which include Mr. Donziger] . . . to Ecuador related to Chevron or the Chevron litigations, including . . . passports." Mr. Donziger agreed to produce in response to this request "through February 14, 2011 limited to documents sufficient to show time and purpose of travel, related to Lago Agrio Litigation and any 1782 action" DI 608, Ex. 17, at 2. Shortly thereafter, the Court directed the parties to meet and confer with respect to discovery disputes including Chevron's RFPs and then to report to the Court the areas of agreement and the remaining disputes. DI 633. The parties' subsequent joint report identified no outstanding dispute with respect to RFP 4. DI 663. The logical conclusion from this is that Chevron acquiesced in Mr. Donziger's position, viz. that he would respond to RFP 4 by producing documents sufficient to show the time and purpose of his travels to Ecuador through February 14, 2011, relating to the Lago Agrio Litigation and any 1782 action. Even if that were not so, Chevron's failure to raise any outstanding issue with respect to the scope of RFP 4 and any objections thereto at the December 20, 2012 hearing means that this demand comes far too late. While the Court does not accept Mr. Donziger's contention that the request for his passports is for harassment purposes, the Court as a matter of sound case management will not now compel production pursuant to the RFPs more than eight months after Chevron's motion to compel with respect to those RFPs was fully litigated.

*Chase Bank and Woods Documents*

Mr. Donziger acknowledges his obligation to produce these documents. He says that he is in the process of attempting to locating those for the Chase account and that he needs to review a set of Woods-related documents for privilege. This must be done promptly.

*Conclusion*

Chevron's motion to compel [DI 1374] is granted in all respects except as to Mr. Donziger's passports, as to which it is denied. Mr. Donziger shall produce the documents listed in Exhibit 3 to Chevron's motion (except the passports) forthwith.

SO ORDERED.

Dated: September 3, 2013

_____
Lewis A. Kaplan
United States District Judge