UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHEVRON CORPORATION,

                Plaintiff,

         -against-                                11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| USDS SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: _9/4/13_ |

### ORDER SUBSTANTIALLY GRANTING MOTION
### FOR EXTENSIONS OF TIME FOR PRETRIAL SUBMISSIONS

LEWIS A. KAPLAN, *District Judge.*

        This matter is before the Court on defendants' motion for "an Order adjourning all deadlines in this matter by thirty days, including without limitation those set in the Order by Judge James Francis." DI 1344, *see also* DI 1345, DI 1346, DI 1347. The motion does not seek an adjournment of the trial, which long has been scheduled to commence on October 15, 2013.[1]

        As discussed below, there has been no serious showing that the requested extension is necessary. Nevertheless, the Court either already has removed, or here will remove, any even arguable basis for the alleged concerns enumerated by defendants in support of the motion in the interest of affording defendants the benefit of any conceivable doubt and permitting this case to proceed to trial.

---

[1]       Without awaiting a decision on this motion, defendants subsequently moved to stay all proceedings in this case, including the trial. That motion is *sub judice.*

*Background*

*The Genesis and Stated Basis for this Motion*

On July 16, 2013, the Court denied the Donziger Defendants' motion for a three month stay of all proceedings (DI 1302), although on July 18, 2013 it granted the defendant LAP Representatives' request to extend the schedule for submission of certain pretrial materials (DI 1308, DI 1318, at 16 *et seq.*)   Then, on August 9, 2013, Magistrate Judge Francis granted in part and denied in part Chevron's motions to compel production by defendants of documents as to which they had claimed privilege or work product protection.   His order, among other things, afforded them an opportunity to cure deficient privilege log entries within two weeks.

Following Magistrate Judge Francis's August 9 order, defendants on August 15, 2013, filed this motion, which seeks "an Order adjourning all deadlines in this matter by thirty days, including without limitation those set in the Order by Judge James Francis."   As noted, they did not seek an adjournment of the trial.   To the contrary, their motion presupposed that the trial would go forward as scheduled, but that they need thirty additional days if they were to comply *both* with Judge Francis's invitation to supplement their privilege logs and with their "pretrial obligations" to this Court::

> "[I]it would be impossible for Defendants to meet this deadline if they did no other work than that required to comply with the Francis Order. However, in fact, Defendants are facing an avalanche of work that is necessary in order to prepare for trial set to begin in less than eight weeks, meet numerous pretrial obligations, and engage in meet and confers with Plaintiff concerning various related and outstanding issues. Thus, as it stands, Defendants are faced with the following dilemma: Defendants can focus all of their time and energy into meeting the requirements of the Francis Order, knowing that the effort is almost certainly doomed to fail for lack of sufficient time to comply, resulting in a broad finding of waiver over communications (many of which very likely concern conduct of the instant litigation) and, in so doing, cease doing any of the work necessary to prepare for trial or meet their pretrial obligations to the Court; or Defendants can continue to prepare for trial, not comply with the Francis Order, and have a broad finding of waiver over

the communications entered against them."  DI 1344, at 2.

The "pretrial obligations" to which they referred in the quoted passage included  the required filing of the joint pretrial order (the date for which had been extended until August 30 at their prior request), their need to respond to what then was only an anticipated motion for summary judgment by Chevron, and a few other possible pretrial submissions such as motions *in limine*.

Although defendants had not so requested, the Court on August 16, 2013, stayed Magistrate Judge Francis's deadline for supplementation of defendants' deficient privilege logs in order to permit the Court to consider that deadline in the context of the overall schedule for the trial. DI 1350  Thus, the "dilemma" supposedly created by Magistrate Judge Francis's August 9 order and its opportunity to remedy privilege log deficiencies was at least put off almost as soon as it allegedly was created.

*Discussion*

*The Partial Summary Judgment Motion*

One of defendants' stated concerns was an anticipated summary judgment motion by Chevron.  They argued that responding to that motion would interfere with their preparation for trial.

That concern has been removed already.  While Chevron did move for partial summary judgment after defendants made this motion, the Court denied most of that motion on August 22, 2013 without requiring a response from defendants.  DI 1362.  The only remaining part of the motion is limited to the sufficiency of and basis for some of defendants' affirmative defenses. Even in the absence of the remaining part of the motion, defendants would have to disclose the bases for and support those pleaded defenses at trial on both the law and the facts.  Those defenses were

4

asserted no later than May 2011.[2]  Defendants' counsel then certified under Rule 11(b) that they were warranted by law and have evidentiary support.  Moreover, defendants subsequently served their witness and exhibit lists, so they must have considered which of these defenses they will pursue and what evidence they propose to offer in their support.  They have not claimed otherwise.

In these circumstances, defendants ought to be in a position to respond to the remaining part of Chevron's motion – which as previously noted does nothing more than invoke the principle that defendants now must come forward with admissible evidence to support those pleaded defenses or suffer summary judgment dismissing them[3] – promptly.  They have had more than two years to consider them.  Their discovery has been concluded for some time.  They already have identified their evidence.  Nevertheless, the Court already has extended defendants' time to respond to what remains of the partial summary judgment motion until September 29, 2013 – the full thirty day extension of the deadline for a response that they seek in this motion.  DI 1362.

*Magistrate Judge Francis's August 9 Order*

Another of defendants' stated concerns was the supposed impossibility of supplementing their privilege logs within the time fixed by Judge Francis' August 9 order and complying with the schedule for submission of pretrial materials to this Court.  They seek an additional 30 days beyond the two weeks afforded by Judge Francis.

This Court will grant even more relief than the defendants have sought – the deadline for supplementing the deficient privilege logs is extended indefinitely if the trial begins as scheduled

---

[2]

DI 307, DI 311.

[3]

DI 1362, at 13-14.

on October 15, 2013 or, if it does not, until October 22, 2013.  Thus, rather than the additional thirty days defendants have requested, they will be afforded a minimum of sixty days within which to provide the permitted supplementation.

*The Joint Pretrial Order*

      This Court's required form of joint pretrial order requires only two things from the defendants – their witness list (including deposition designations) and their exhibit list.[4]  On August 31, 2013, defendants filed purported witness and exhibit lists.  DI 1377. The only piece necessary to complete the joint pretrial order is the deposition designations for those of the 27 defense witnesses whom defendants have said may testify by deposition who are (1) unwilling or unable to appear voluntarily at trial, and (2) beyond the Court's subpoena power. *See* Fed. R. Civ. P. 32(a)(4).

      The Court extends defendants' time to file that information until September 29, 2013 – the full thirty days requested.

*Proposed Verdict Form and Requests to Charge*

      On January 13, 2013 – over seven months ago – the Court entered an order advising counsel that its practice in civil cases is to take special verdicts, directing them to confer on a proposed verdict form, and requiring them to submit, by June 30, 2013, requested jury instructions

---

[4]    Individual Practices of Hon. Lewis A. Kaplan, at 7-8 (available at http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=772). While it also must contain any stipulations to which the parties agree, it does not compel parties to stipulate to anything.  In addition, the form of joint pretrial order required by the Court's individual practices states in § V that "[a]ny objections not set forth herein will be considered waived absent good cause shown."  The Court hereby confirms its advice to counsel at a conference on September 3, 2013 that they need not set forth any objections to exhibits in the joint pretrial order.

together with either an agreed proposed form of special verdict or, to the extent there was disagreement, a joint report summarizing their differences.  DI 725.  The June 30, 2013 date later was extended, in consequence of defendants' request and over Chevron's objection, until August 30, 2013 for the proposed verdict form and report and September 23, 2013 for requests to charge. DI 1307, DI 1310.

Both sides filed proposed special verdict forms on August 31, 2013.  DI 1376, DI 1378.  Having reviewed them, the Court hereby dispenses with the requirement of a joint submission with respect to the verdict form.  Defendants' motion, to the extent it sought an extension with respect to the submission of verdict form material, therefore is moot.  The time of all parties for submission of requests of charge is extended until October 23, 2013 – the full thirty days requested.

*The July 30 Order*

By order dated July 30, as corrected (the "July 30 Order"),[5] the Court set a schedule for a handful of simple, routine, pretrial submissions that do little more than set an explicit schedule for things that would be done routinely prior to most trials.  Defendants request that this schedule should be expanded by thirty additional days.  The implication is that the order imposed some heavy and unexpected burden on them for which additional time is required.  That implication is quite wrong.

---

[5]     DI 1327 as corrected by DI 1339.

*1.     Jury Questionnaire*

The Court has proposed the use of a questionnaire to be completed by prospective jurors. The questionnaire is limited to the issue of hardship of jury service on this case. It contains only *three questions* and is just over *two pages* long. DI 1339, at 3-5. On July 30, 2013, it required submission of any objections to this procedure and to the questionnaire by September 9, 2013. DI 1339, ¶ 2.

As even the briefest look at this briefest questionnaire would reveal, the five weeks allowed for the submission of any objections was more than sufficient. No extension is warranted. Moreover, allowance must be made for determining any objections in sufficient time to permit the questionnaire to be finalized and completed by prospective jurors and for counsel to review the completed questionnaires in order to excuse in advance individuals whom the parties agree should be excused on the basis of hardship.

*2.     So-Called Foreign Witness Applications*

The July 30 Order directed as follows:

> "As reflected in the Rule 16 orders dated March 7 and 15, 2013 (DI 882, DI 910), the parties agreed and the Court ordered that no foreign witness who declined to testify at a deposition abroad in a United States Embassy will be permitted to testify at trial absent leave of the Court granted on an application by the proponent of the witness and the submission by the witness prior to any trial testimony to a deposition in the United States in connection with the trial. Any application for leave to present trial testimony by any such foreign witness shall be filed on or before September 3, 2013 and any response thereto shall be filed no later than September 20, 2013 in order to ensure sufficient time for consideration of the application and the conduct of any deposition without disruption of the trial." DI 1339, ¶ 3.

The defendants know which of the foreign individuals on their witness list declined

8

to testify at a deposition abroad.[6]  They yesterday requested and received a 24-hour extension of the

September 3, 2013 deadline for making the required application with respect to any such witnesses

whom they intend to call at trial.  Accordingly, the application for a thirty day extension in this

respect is moot.


3.    *Pretrial Motions*

The July 30 Order requires the filing of any *in limine* motions and motions for

bifurcation or separate trial of any issues by September 8 and responses to any such motions by

September 19.  DI 1339, ¶ 1.  In order to avoid voluminous motion papers, the Court limited

memoranda in support of and in opposition to such motions to ten double-spaced pages.  *Id.*

Defendants have not suggested that they intend to make any *in limine* motions.  Nor,

absent a contrary order, would the failure to raise an evidentiary objection *in limine* waive the point

for trial – the objection may be asserted when the evidence is offered.  Thus, the September 8

deadline, insofar as it applies to defendants, seems academic.

Nor have defendants suggested that they intend to seek bifurcation or a separate trial

of any issue.[7]  In the event Chevron does so, and it is not clear whether it will, defendants will be

---

[6]     The Court is certain of the existence of only one – former Ecuadorian judge Nicholas
Zambrano.

[7]     The inclusion in the July 30 Order of a requirement for filing any such motions initially was
prompted by the Court's usual practice, mentioned to counsel on July 18, with respect to the
customary bifurcation of the issue of punitive damages from the liability and compensatory
damages portion of the case.  Tr., July 18, 2013 [DI 1318] at 19-20; *see Simpson v.
Pittsburgh Corning Corp.,* 901 F.2d 277, 283 (2d Cir. 1990) (split trials preferred on liability
and compensatory damages and then, if appropriate, on punitive damages);  *Rupert v.
Sellers,* 48 A.D.2d 265, 272-73, 368 N.Y.S.2d 904, 913 (4th Dept. 1975) (requiring split
trials).  This does not appear to be a controversial matter.

free to apply for any extension they seek necessary.

### 4.    Foreign Law

Fed. R. Civ. P. 44.1 requires that litigants who intend to raise issues of foreign law give reasonable notice of those issues and permits them to submit to the Court any material relevant to the Court's determination of those issues.  Defendants filed notices of intention to raise issues of foreign law in May 2011.  DI 3156, DI 316.  The defendant LAP Representatives supplemented their notice in March 2013, nearly six months ago.  DI 875.  Those notices, however, are couched in vague terms.[8]   In only a handful of instances have the defendants supplied the Court with material relevant to the determination of the many "issues" they allegedly intend to raise.  Accordingly, the Court directed that all parties by September 5, 2013 identify each proposition of foreign law that they assert and provide the Court with English language materials relevant to determination of those issues. DI 1339, ¶ 4.

Once again, this should not cause any difficulty, as the defendants themselves placed the matter of foreign law on the table over two years ago.  Presumably they had more than a little idea of what they had in mind.  Moreover, the foreign law upon which they intend to rely in almost all cases is Ecuadorian, and they have a team of Ecuadorian lawyers with whom they have been working for years.  Indeed, they have put forward two experts on Ecuadorian law who have given affidavits or declarations as well as depositions as to some points.  The claimed need for more time on this point stands unjustified.

---

[8]     For example, the LAP Representatives' supplemental notice states that they intend to rely on "[t]he law of Ecuador as it pertains to whether and in what circumstances a client may be vicariously liable for any misconduct by the client's attorney or other agents."  DI 875, ¶ 3.

10

Nevertheless, the Court will extend the time for compliance from September 5, 2013 until October 4, 2013 – the full thirty day extension sought by defendants.

*Conclusion*

Defendants' motion to "adjourn[] all deadlines in this matter by thirty days, including without limitation those set in the Order by Judge James Francis" (DI 1344) is granted to the extent that:

- The deadline for supplementing the deficient privilege logs set by Judge Francis's August 9 order is extended until the later of October 22, 2013 or, if the trial begins on October 15, 2013, until further order of this Court (which will not fix an earlier date). This extension is at least double that sought by the defendants' motion.

- The deadline for submission by all parties of requests to charge is extended until October 23, 2013. This extension is exactly what defendants' motion seeks.

- The deadline for defendants' time for compliance with paragraph 4 of the July 30 Order (relating to foreign law) is extended until October 4, 2013. This extension is at least double that sought by the defendants' motion.

- The deadline for submission of requests to charge is extended until October 21, 2013. This extension is exactly what defendants' motion seeks.

The motion is denied as moot insofar as it seeks additional time to (1) respond to Chevron's partial summary judgment motion because defendants already have been given the full thirty days they here seek to respond to that limited part of the motion that has not already been

denied, (2) submit a proposed special verdict form and defendants' witness and exhibit lists, their

principal contribution to the joint pretrial order, as those have been submitted, and (3) make any

application to present trial testimony of any foreign witnesses who previously declined to give

depositions abroad, as defendants yesterday sought and obtained an extension of the time within

which to do so only  until September 4, 2013.  The motion is denied as academic as to any

enumerated pretrial motions by defendants and as premature as to defendants' time to respond to

any enumerated pretrial motions by Chevron.  It is denied to the extent, if any, that it seeks any other

extension that is not dealt with above.

      As noted above, this order, together with the prior order on Chevron's partial

summary judgment motion, grants defendants substantially all of the relief sought by their motion.

      SO ORDERED.

Dated:      September 4, 2013

                      _____

                          Lewis A. Kaplan

                      United States District Judge