UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHEVRON CORPORATION,<br><br>                    Plaintiff,<br><br>         v.<br><br>STEVEN DONZIGER *et al.*,<br><br>                    Defendants. | 11-CV-0691<br><br>The Honorable Lewis A. Kaplan, U.S.D.J.<br>The Honorable James C. Francis, U.S.M.J. |

**DEFENDANTS' JOINT
FOREIGN WITNESS APPLICATION**

Pursuant to Rule 16 Orders dated March 7 and 15, 2013 (DI 882, DI910), the parties agreed and the Court ordered that no foreign witness who declined to testify at a deposition abroad in a United States Embassy will be permitted to testify at trial absent leave of the Court granted on an application by the proponent of the witness and the submission by the witness prior to any trial testimony to a deposition in the United States in connection with the trial.

Defendants Hugo Gerardo Camacho, Javier Piaguaje Payaguaje, Steven Donziger, Donziger & Associates, PLLC, and the Law Offices of Steven R. Donziger, LLC (collectively, "Defendants") hereby submit this application for an order granting leave for Judge Nicolás Augusto Zambrano to appear as a witness at trial and ordering him to submit to a deposition in New York on the weekend preceding his scheduled testimony at trial in this case.

## THE WITNESS[1]

Nicolás Augusto Zambrano is arguably the most important foreign witness in this case.

Chevron alleges that "material parts of the Ecuadorian judgment were ghost-written by Donziger and persons acting in concert with him or at his direction, and not by the judge over whose name the Ecuadorian judgment was issued."  Plaintiff Chevron Corporation's Proposed Pretrial Order, p. 5.  However, that allegation is at odds with the most direct evidence in this case on the authorship of the judgment: the word of the Judge who wrote it.

The Honorable Judge Nicolás Augusto Zambrano presided over the Ecuadorian litigation at issue in this case from October 2009 to February 2010, and then again from October 2010 to February 2011.  DI 974-1 at p. 3.  He has signed a sworn statement filed in this case attesting to the fact that he is "the only author of the judgment" issued on February 14, 2011; that he "did not

---

[1] Defaulting defendants Luis Yanza and Julio Prieto are also listed as potential witnesses in defendants' draft pretrial submissions.  DI 1377.  They possess personal knowledge about facts and issues in dispute in this case that are central to Chevron's allegations.  Unfortunately, defendants are not in a position to include them in this application at this time.  Nevertheless, defendants reserve the right to apply for leave to present them as witnesses before trial.

1

receive support or assistance from Dr. Alberto Guerra" – Chevron's "star" witness; or "from any other person, much less the litigant parties." DI 974-1 at p. 4. He also offers an explanation for the appearance of unfiled material in his written opinion: Chevron.

He declares:

> "[O]ccasionally documents related to the case that were not incorporated into the process were left at the door to my office at the Court. <u>Some folders indicated that they were courtesy of Chevron</u>. I verified all of that information regarding the case, that is to say, I made sure that it was not false information and also that the basis for such information is in the record. This was relevant information that, as I read it, I realized it could be of use in my decision."

DI 974-1 at p. 5 (emphasis added).

Pursuant to this Court's orders, Chevron noticed the deposition of Judge Zambrano at the U.S. Embassy in Lima, Peru for May 15 and/or 16, 2013. At that time Judge Zambrano declined to testify, even despite undersigned counsel Julio Gomez's last minute effort to fly to Ecuador (during the depositions in Lima) meet with him in person and plead him to appear.

Leading up to the deadline in this case to file this application, Judge Zambrano has finally confirmed to undersigned counsel Julio Gomez that he will appear for a deposition and give testimony at the trial of this case subject to an order of the Court granting leave to do so. His preference is to submit to a deposition in New York the weekend before his scheduled testimony at trial and defendants respectfully request such an order for the sake of convenience and reduced travel expenses.[2]

## ARGUMENT

In determining whether to permit or preclude a witness from testifying at trial, a court should consider the explanation for the failure to name the witness, the importance of the

---

[2] Alternatively, to the extent the Court requires his deposition take place in advance of trial, defendants request that it be conducted in Ecuador, or, by video conference, again for the sake of expediency and cost.

2

testimony of the witness, the need for time to prepare to meet the testimony and the possibility of a continuance. *See Outley v. City of New York*, 837 F.2d 587, 590 (2d Cir. 1988). A court must also consider the prejudice to the party inconvenienced. *Id.* Numerous courts have applied these factors in determining to grant leave for a witness to appear to testify despite noncompliance with a prior discovery rule, request or order. *See e.g. Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*, 571 F.3d 206, 212-213 (2d Cir. 2009) (citing *Outley* and overturning trial court's preclusion of "critical" witness as abuse of discretion); *In re 650 Fifth Ave. & Related Props.*, 2013 U.S. Dist. LEXIS 80248, 11-14 (S.D.N.Y. 2013) (applying *Outlay* and permitting witnesses to testify despite late notice where the other party was "able to meet the testimony" and the "identity of the witnesses has largely been evident through the production of [] key documents"); *Webb v. Buchanan Marine*, 2000 U.S. Dist. LEXIS 4148, 9 (S.D.N.Y. 2000) (denying request for preclusion of fact and expert witnesses where "identities of these witnesses either were known to or could easily have been discovered by the defendants"); *Barnett v. Conn. Light & Power Co.*, 2013 U.S. Dist. LEXIS 41667, 2-5 (D. Conn. 2013) (applying *Outlay* and permitting "crucial" witness to testify); *Marquez v. Quarishi*, 2001 U.S. Dist. LEXIS 12889 (S.D.N.Y. 2001) (same). In this instance, each of the controlling factors weighs in favor of an order granting leave and ordering Judge Zambrano to submit to a deposition before testifying at trial.

First, there has never been a failure to name Judge Zambrano as a witness. Judge Zambrano appears in defendants' initial disclosures. His sworn statement was submitted in opposition to Chevron's motion for partial summary judgment. DI 974-1. And he appears in defendants' draft joint pretrial witness list. DI 1377. He was obviously known to the parties as the judge who presided over the case and the significance of his testimony was understood the

day Chevron filed its Amended Complaint on April 20, 2011.  DI 283 at ¶¶ 326 and 327.  No party can genuinely deny knowledge of Judge Zambrano as a potential witness.  And Chevron, like the defendants, have had ample opportunity to contact him and speak to him, though to date it is not clear that Chevron has done anything but surveil and disparage him.[3]

Second, the importance of the testimony of Judge Zambrano has no equal.  Judge Zambrano is the only person on defendants' witness list who can testify regarding the authorship of the judgment; the only person capable of explaining its formulation, its content and his understanding of his authority under Ecuadorian law to issue it as he did.[4]

Third, Chevron can hardly claim it needs time to prepare and meet the testimony of this witness.  Chevron has possessed knowledge of Judge Zambrano's sworn statement since April 4, 2013.  DI 974-1.  Chevron was prepared to take his deposition in May, until it was fortuitously canceled the day before.  Chevron has demonstrated by virtue of its numerous, extensive and voluminous filings that it possesses the resources and wherewithal to take Judge Zambrano's deposition on short notice and prepare for his testimony at trial.

Fourth, no continuance of the trial is necessary to accommodate Judge Zambrano.  He has offered to appear for a deposition on the weekend preceding his testimony in court.  Therefore, neither the Court nor the jury would be affected or inconvenienced if leave were to be granted an no continuance or postponement of the trial date would result.

Lastly, to the extent Chevron were to claim any prejudice – which it cannot given its

---

[3] Given the evidence in the record demonstrating that Judge Zambrano was under surveillance by Chevron, DI 754-02, 03, 04, 05; Judge Zambrano's knowledge of the surveillance, DI 974-1 at p. 5 ¶ 17 ("From the time I issued the judgment of the court of first instance until now I have been pursued by strangers, many of them linked to Chevron"); and Chevron's charges against him, DI 745 ("Defendants bribed the Judge to Issue Their Own Ghostwritten Judgment), Judge Zambrano's reluctance to appear for a deposition in a foreign U.S. Embassy is not unreasonable.

[4] The latter being relevant to this Court's most recent inquiries regarding Ecuadorian law.  DI 1356.

4

knowledge of Zambrano's sworn statement and the cooperation of Alberto Guerra who contests it – the Court should balance any such claim against the significance of this witnesses' testimony and the fact that defendants cannot and do not exercise control over him and therefore should not be penalized for their failure to persuade him to appear in Lima.  Defendants have made every effort to present Judge Zambrano as a witness in this case.  His testimony is crucial and should be received by this Court and/or considered by a jury, whichever the case may be, in any trial of this matter.

      For these reasons, defendants respectfully request an order granting leave for Judge Nicolás Augusto Zambrano to appear as a witness at trial and ordering him to submit to a deposition in New York on the weekend preceding his scheduled testimony in this case.  For the Court's convenience, a proposed form of order is filed contemporaneously herewith.

//

//

//

Respectfully submitted,

September 4, 2013							GOMEZ LLC
									Attorney at Law

						By:	s/ Julio C. Gomez
									Julio C. Gomez

									The Sturcke Building
									111 Quimby Street, Suite 8
									Westfield, NJ
									T: 908-789-1080
									F: 908-789-1081
									E-mail: jgomez@gomezllc.com

									*Attorney for Defendants*
									*Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje*

September 4, 2013				By:	 s/ Steven R. Donziger
									Steven R. Donziger
									245 W. 104th Street, #7D
									New York, NY 10025
									Telephone: (917) 678-3943
									Facsimile: (212) 409-8628
									Email: StevenRDonziger@gmail.com

									*Pro Se*

									LAW OFFICES OF STEVEN R.
									DONZIGER, P.C.

September 4, 2013
						By:	 s/ Steven R. Donziger
									Steven R. Donziger
									245 W. 104th Street, #7D
									New York, NY 10025
									Telephone: (212) 570-4499
									Facsimile: (212) 409-8628
									Email: StevenRDonziger@gmail.com

									*Attorney for Defendants Law Offices of Steven R. Donziger LLC and Donziger & Associates, PLLC*

6