UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHEVRON CORPORATION,<br><br>                    Plaintiff,<br>     v.<br><br>STEVEN DONZIGER, *et al.*,<br><br>                    Defendants. | CASE NO. 11-CV-0691(LAK) |

**DEFENDANTS' JOINT MOTION FOR A PROTECTIVE ORDER PRECLUDING PLAINTIFF FROM TAKING DISCOVERY FROM MICROSOFT, GOOGLE AND YAHOO! AFTER THE CLOSE OF DISCOVERY**

According to the Court's June 25, 2012, Scheduling Order, all discovery in this case was to be completed "no later than May 31, 2013." DI 494 ¶ 2(e). That gave Chevron more than a year to complete discovery. Chevron served subpoenas on Google, Yahoo!, and Microsoft, seeking the identity and usage information of more than 100 email account owners, on September 19, 2012. It has now been more than three months since the close of discovery and Chevron has made no effort to extend the discovery period with respect to these three subpoenas, nor filed a motion to compel Google, Yahoo!, or Microsoft to respond to their discovery subpoenas. Any effort to enforce these subpoenas at this late date would be in violation of the Court's scheduling order and invalid. Therefore, the Court should enter a protective order stating that Google, Yahoo!, and Microsoft are under no obligation to produce the documents requested by these subpoenas.

     **1.    It is too late for either a motion to compel or an extension to be granted.** "[A] party seeking to file a motion to compel after discovery has closed must . . . establish good cause." *Gucci Am., Inc. v. Guess?, Inc.*, 790 F. Supp. 2d 136, 139-40 (S.D.N.Y. 2011). In *Gucci*, the court held that the moving party could not establish good cause because the party knew about the need for the requested information well before the discovery cutoff and had "ample opportunity to obtain the information" before the close of the discovery period. *Id.* at 141-42 (quoting Fed. R. Civ. P. 26(b)(2)(c)(ii)).

     Courts in the Second Circuit generally disfavor motions to compel filed after the cutoff date when they clearly could have been filed before the cutoff, but were not. *See e.g. Worldcom Network Services, Inc. v. Metro Access, Inc.*, 205 F.R.D. 136, 144 (S.D.N.Y .2002) (denying application to compel response to discovery requests "as untimely because the discovery cutoff ha[d] long since passed" and noting that "[b]ecause no motion to compel was ever sought prior

1

to the conclusion of the discovery period . . . it is unnecessary for the Court to make any findings as to when the documents were in fact served"); *Capozzi v. Gale Group, Inc.,* No. 300 CV 2129, 2002 WL 1627626, at *2 (D. Conn. 2002) (noting plaintiff had ten months to file the motion to compel, thus "plaintiff *could* easily have filed the motion prior to the discovery cutoff date"; therefore, denying the motion "in light of plaintiff's lack of diligence").

This Court held similarly in *Eng-Hatcher v. Sprint Nextel Corp.,* when it said that "[w]hile Fed.R.Civ.P. 37 does not establish any time limits for filing a motion," a motion to compel filed after discovery has closed "requires the Court to consider modifying the discovery schedule . . . which, in turn, imposes a burden on the [moving party] to establish good cause for the modification necessitated by her motion to compel." No. 07 Civ. 7350, 2008 WL 4104015, at *3 (S.D.N.Y. Aug. 28, 2008). Therefore, were Chevron to file a motion to compel after the cutoff, they would effectively be seeking a modification of the scheduling order.

In *Eng–Hatcher*, this Court ruled that a party moving for a modification of the discovery cutoff "must demonstrate that, despite its diligent efforts, the schedule *could not* have reasonably been met." *Id.* at *1 (emphasis added). Beyond that, an application for an extension of a discovery deadline generally "must be made prior to the expiration of the deadline." *McNerney v. Archer Daniels Midland Co.,* 164 F.R.D. 584, 588 (W.D.N.Y. 1995).

In this case, Chevron issued the subpoenas in September 2012, John Doe Movants and Defendant Steven Donziger filed motions to quash in October 2012, *see* Ex. 1; Ex. 2, and December 2012, *see* Ex. 3, and document discovery closed on May 31, 2013, DI 494 ¶ 2(e). Therefore, Chevron had at least seven months after the first motion to quash to file a motion to compel or for an extension of the discovery period, and did neither. Chevron can establish no good cause for its failure to exercise due diligence, thus the Court should issue a protective order

2

stating that Google, Yahoo!, and Microsoft are under no obligation to produce the subpoenaed documents.

2.  **This Court has strictly limited extensions of discovery time and emphasized the binding nature of scheduling orders.**  Earlier this year, Defendants' moved for additional time to complete discovery in light of the fact that the vast majority of counsel on the defense had withdrawn, leaving the Donziger Defendants *pro se* and completely overwhelmed with discovery and other obligations.  *See, e.g.*, DI 1221, 1249.  The Court denied any scheduling relief, noting both that it had already given Donziger two weeks additional time and that "discovery [is] virtually complete [and] there is not much more to do in the immediate future except to prepare for trial."  DI 1268 at 2-4.  The Court has also strictly held the parties to the scheduling order with regards to service.  The Court granted Chevron a protective order on December 19, 2012, for certain subpoenas served by Defendants shortly after the deadline, suggesting that Defendants' "last second" service of the subpoenas raised "a substantial issue as to [] good faith."  DI 679 at 15-16 & n.45.  The Court also granted a motion made by Defendants for a protective order with respect to subpoenas served after the discovery deadline, even without making the same implication of bad faith as to Chevron. DI 738 at 2-3.

Chevron has also implicitly acknowledged that the May 31 discovery cutoff applies to production of documents and motions to compel. On May 29, 2013, Patton Boggs and Chevron stipulated that, in light of the approaching discovery cutoff of May 31, 2013, if they were "unable to reach an agreement" as to the production of documents responsive to a subpoena served by Chevron on Patton Boggs ("PB"),

> Chevron [would] be permitted to move to compel PB to produce certain documents . . . following the discovery deadline . . . and PB [would] not contend that the motion [was] untimely or should be denied based on its date of filing, including that such motion [was] filed after the close of discovery.

3

DI 1191 at 1-2. This stipulation shows an acknowledgment that absent the stipulated extension, any motions to compel were to be filed prior to the close of discovery. It is now more than three months past the close of discovery, and even Plaintiff's own statements indicate that any effort to enforce the subpoenas at this late date would be untimely.

3. **Chevron's lack of diligence is not excused.** It is no answer that Chevron was waiting for the Court to rule on the John Does' motions to quash. Chevron need not have waited until the Court ruled on the motions to quash in order to file a motion to compel; it could have filed a motion to compel at the same time as John Does filed their motions to quash. In fact, that is exactly what Chevron did when non-party Amazon Watch filed a motion to quash subpoenas issued to the organization by Chevron. *See* Ex. 4; Ex. 5. And even if Chevron opted not to file a motion to compel simultaneous with the motions to quash, it should have subsequently recognized that the cutoff was approaching and moved diligently to either extend the deadline or move to compel. Chevron did neither.

For the foregoing reasons, the Court should issue a protective order stating that Google, Yahoo!, and Microsoft are under no obligation to produce information under the subpoenas.

Dated: September 6, 2013

Respectfully submitted,

/s/ Julio C. Gomez
Julio C. Gomez
GOMEZ LLC
The Sturcke Building
111 Quimby Street, Suite 8
Westfield, NJ  07090
T: 908-789-1080
F: 908-789-1081
Email: jgomez@gomezllc.com

4

*Attorney for Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje*

    /s/ Steven R. Donziger
Steven R. Donziger
245 W. 104th Street, #7D
New York, NY 10025
Tel: (917) 678-3943
Fax: (212) 409-8628
Email: StevenRDonziger@gmail.com

*Pro Se*

    /s/ Steven R. Donziger

Steven R. Donziger
245 W. 104th Street, #7D
New York, NY 10025
Tel: (212) 570-4499
Fax: (212) 409-8628
Email: StevenRDonziger@gmail.com

*Attorney for Defendants Law Offices of Steven R. Donziger and Donziger & Associates, PLLC*

## LIST OF EXHIBITS

| | |
|---|---|
| Ex. 1 | Memorandum of Law in Support of Motion to Quash, *Chevron Corp. v. Donziger*, No. 1:12-cv-65-GLS-CFH, Dkt. 2-1 (N.D.N.Y. filed Oct. 22, 2012) |
| Ex. 2 | Motion to Quash, *Chevron Corp. v. Donziger*, No. 12-mc-80237-CRB, Dkt. 1, 30 (N.D. Cal. filed Oct. 22, 2012) |
| Ex. 3 | Motion to Quash, *Chevron Corp. v. Donziger*, No. 12-mc-80237-CR, Dkt. 43 (N.D. Cal. filed Dec. 19, 2012) |
| Ex. 4 | Motion to Quash, *Chevron Corp. v. Donziger*, No. 13-mc-80038-CRB, Dkt. 3 (N.D. Cal. filed Feb. 25, 2013) |
| Ex. 5 | Motion to Enforce, *Chevron Corp. v. Donziger*, No. 13-mc-80038-CRB, Dkt. 13 (N.D. Cal. filed Feb. 25, 2013) |