USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/10/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHEVRON CORPORATION,

                Plaintiff,

-against-                              11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge*.

        Plaintiff Chevron Corporation ("Chevron") recently moved for an

"order pursuant to Fed. R. Civ. P. 42(b) providing that the trial of this action shall proceed in the following manner:

        "The liability of defendants Steven R. Donziger, The Law Offices of Steven R. Donziger, and Donziger & Associates PLLC (the "Donziger Defendants") on all claims shall be tried to a jury.

        "Upon a verdict of liability, the amounts of compensatory and punitive damages, if any, owed to plaintiff by the Donziger Defendants shall be tried by the same jury.

        "Upon conclusion of the jury proceedings, and to the extent the Court deems necessary based on the outcome of the jury proceedings, the liability of Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje on all claims to which they are defendants (as to which Chevron now seeks only equitable relief against them), all equitable relief and equitable defenses, and the personal jurisdiction and collateral estoppel defenses, will be tried to the Court without a jury." DI 1405.

The matter has not yet been fully briefed and, in the main, therefore is not yet ripe for decision.

Upon review of the moving papers, however, it is apparent that one aspect of the proposed relief –

the division of liability determinations as to the Donziger Defendants and the LAP Representatives, respectively, into two separate trials – would be inadvisable absent a concession or stipulation by defendants that is quite unlikely. Accordingly, in the interests of sparing all concerned needless effort, the Court disposes of that now.

*The Context*

The overall background of this case by now has been related many times. The Court assumes familiarity with those of its opinions that recapitulate it.[1] For present purposes, it is necessary to state only the following.

Chevron's claims against the Donziger Defendants are for racketeering and conspiracy to commit racketeering in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), fraud, civil conspiracy to commit fraud, and violation of New York Judiciary Law Section 487. It seeks damages and equitable relief against them.

Its claims against the LAP Representatives are for fraud and civil conspiracy to commit fraud. There is no RICO claim against them. Moreover, in light of Chevron's recent waiver of damages claims against the LAP Representatives, it seeks only equitable relief against these defendants. The essence of the claims against them, however, is very much the same as the RICO and fraud claims against Donziger except in this respect – the principal and perhaps exclusive basis of the claims against the LAP Representatives rest on vicarious liability rather than allegedly culpable participation in the alleged misbehavior by the Donziger Defendants and others.

---

[1] *See, e.g., Chevron Corp. v. Donziger,* 886 F. Supp. 2d 235 (S.D.N.Y. 2012); *Chevron Corp. v. Donziger,* 11 Civ. 691 (LAK), 2013 WL 646399 (S.D.N.Y. Feb. 21, 2013); *Chevron Corp. v. Donziger,* 11 Civ. 691 (LAK), 2013 WL 1087236 (S.D.N.Y. Mar. 15, 2013) *adhered to on reconsideration,* 11 Civ. 691 (LAK), 2013 WL 1975439 (S.D.N.Y. May 14, 2013).

*Discussion*

Chevron's waiver of any claim to damages from the LAP Representatives, it asserts, eliminates any claim against those defendants as to which there is a right to trial by jury. The damages claims against the Donziger Defendants, however, make their liability a matter triable as of right to a jury. Chevron therefore maintains that the liability of these two groups of defendants – the Donziger Defendants and the LAP Representatives – should be determined in separate trials, the liability of the former in jury trial that would occur first and that of the latter in a bench trial.

Structuring the trial in this particular way as Chevron suggests would be enormously inefficient. The Court assumes *arguendo* – but without so deciding – that Chevron's waiver of any damages claim as against the LAP Representatives eliminates any right to a trial by jury of those claims. But that certainly does not mean that separate trials of liability – the first to a jury with the Donziger Defendants and the second to the Court as to the LAP Representatives – would make practical sense. Moreover, such a course could introduce into the case potentially time consuming issues that could be avoided altogether if the liability of all defendants were determined in a single trial.

Regardless of whether the LAP Representatives have a right to a jury trial as to Chevron's claims against them, they certainly have a right to be heard at trial, to cross examine witnesses, to present evidence, and so on. If the Donziger Defendants were tried separately, the LAP Representatives would not have that right in that proposed first trial. In consequence, the Court sees only three possibilities consistent with the LAP Representatives' rights with respect to a second and subsequent trial of the LAP Representatives. One of course is that Chevron could retry virtually its entire case against the Donziger Defendants in the separate trial of the LAP Representatives – that is, recall all its witnesses, etc. – in order to afford those defendants their opportunities to argue,

4

present evidence, cross examine, and so on. Second, the LAP Representatives could consent to be bound by the outcome of the Donziger Defendants' trial except as to the vicarious liability issues such as whether they are liable for the actions of Donziger and other alleged tortfeasors. Third, it is conceivable that the LAP Representatives could be collaterally estopped by any findings adverse to the Donziger Defendants, although that certainly is not an issue that the Court is deciding now.

None of these options is likely to solve this problem. The first – two extensively duplicative trials – is unacceptable. The second – an agreement by the LAP Representatives to be bound by findings in a preceding trial against the Donziger Defendants – is unlikely. The third unnecessarily would introduce into this case brand new issues as to collateral estoppel by any verdict against the Donziger Defendants.

All of these problems could be avoided by trying the liability issues at the same time as to all defendants. If, as Chevron asserts, there is no right to a jury trial with respect to its remaining claims against the LAP Representatives, the Court rather than the jury would be obliged to make the findings necessary to decide the case as to those defendants unless the parties agreed to have those issues decided by the jury despite the lack of any right to a jury trial on them.[2] Moreover, the Court would have the option of submitting the factual issues with respect to claims against the LAP Representatives to the trial jury, which would act in an advisory capacity only as to the LAP Representatives.[3]

___

[2] Fed. R. Civ. P. 39(c)(2).

[3] *Id.* 39(c)(1).

*Conclusion*

For the foregoing reasons, Chevron's motion to bifurcate the trial [DI 1405], to the extent – and only to the extent – that the motion seeks a separate trial as to the liability of the defendant LAP Representatives on all claims as to which they are defendants, with that trial to follow the conclusion of jury proceedings with respect to the claims against the Donziger Defendants that are triable as of right to a jury, is denied. The balance of the motion remains pending. Accordingly, the Clerk shall not terminate the motion.

SO ORDERED.

Dated:     September 10, 2013

_____
Lewis A. Kaplan
United States District Judge