UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHEVRON CORPORATION,<br><br>                    Plaintiff,<br><br>        v.<br><br>STEVEN DONZIGER *et al.*,<br><br>                    Defendants. | 11-CV-0691<br><br>The Honorable Lewis A. Kaplan, U.S.D.J.<br>The Honorable James C. Francis, U.S.M.J. |

### DONZIGER DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF AN ORDER TO SHOW CAUSE WHY CHEVRON SHOULD NOT BE REQUIRED TO STATE WITH FINALITY THE NATURE OF ITS CLAIMS AND WHY ALL DEADLINES AND THE TRIAL DATE SHOULD NOT BE SUSPENDED IN THE INTERIM

In its memorandum of law in support of its motion to bifurcate filed September 8, 2013, DI 1406, Chevron states as follows:

> Chevron commits that it will apprise the Court before the end of September whether it will seek only equitable relief against [Donziger] at a bench trial, as unfolding events and resolution of outstanding issues may potentially bear on that decision. If the Court directs Chevron to make that commitment one way or the other sooner than the end of September, Chevron will do so.

But the Court has already "direct[ed] Chevron to make that commitment one way or the other." At the status conference Sept. 3, the Court directed Chevron to "get off the dime"[1]

---

[1] Movants apologize for the lack of a precise citation to the status conference transcript but are unfortunately not in a financial position to be able to order the transcript from the reporting service.

on this very issue and counsel for Chevron assured the Court it would have a decision at the time of the motion to bifurcate.  But Chevron did not, in fact, get off the dime. Chevron instead submitted a wooden nickel, dropping claims and moving for a bench trial against the Ecuadorians but leaving its intentions with Mr. Donziger up in the air, with a trial barely a month away.[2]

The Donziger Defendants hereby submit that it is abusive that Chevron at this late date continues to hide the ball from the Court and Defendants as to the fundamental nature of its claims and the trial it seeks.  The same Sunday evening (Sept. 8) that Chevron filed its motion to bifurcate it also hit Defendants with no less than 15 separate motions in limine—well over 100 pages of legal briefing—many of which would be entirely irrelevant if there is a non-jury trial and all of which would require a fundamentally different type of opposition depending on how the court resolves Chevron's likely request for a non-jury trial for Mr. Donziger.  The other jury-related tasks Defendants are facing now are legion and the need for clarity is clear.  In practical terms, Chevron's offer to make up its mind by the end of September is worthless: Defendants would be forced to oppose the issue at a time of maximum intensity in trial preparation, the issue would likely remain unresolved until just days before the start of the trial, and the defendants would in the meantime waste even more of their precious

---

[2] The Court's latest order rejecting Chevron's absurd suggestion of entirely bifurcated trials for Donziger and the Ecuadorians, DI 1410, makes Chevron's response even more ineffectual.  There will be only one trial for all Defendants, and currently no Defendant knows what form that trial will take. It is impossible to prepare effectively for trial when the defendants are in the dark about whether it will be a jury trial or not.

resources responding to the motions in limine and engaging other jury-related work for for a jury that may never be empanelled.[3]

After almost three years of proceedings on a highly complex and fact-intensive case, Chevron is not at this stage entitled to hold its position on this critical issue secret to the tactical disadvantage of Defendants and the inconvenience of the Court. *See, e.g.*, *Jackson v. Diversified Collection Services, Inc.*, 485 Fed. Appx. 311 (10th Cir. 2012) (affirming district court holding that an "'attorney's actions of waiting until the very eve of trial to withdraw several claims and dismiss a defendant' was 'objectively unreasonable'" and warranted an application for sanctions).  This is yet another strategic manuever to waste Defendants' limited resources—a strategy Chevron has followed from the beginning of this case, as exemplified by its wildly premature motions for summary judgment that were summarily denied by the Court but forced Defendants to expend massive amounts of their limited resources.  DI 878, 1063.  Chevron could and should have clarified its position on the issue months ago and should be ordered to do so immediately.[4]  In the interim, the Donziger Defendants request that all deadlines in this case and the trial date itself be held in abeyance until this fundamental issue is resolved.

---

[3]  To be clear, the Donziger Defendants will vigorously oppose any last-minute stunt by Chevron to chicken out and avoid having to face a jury in this action, especially after Chevron has spent the last three years tarring Mr. Donziger with salacious "racketeering" allegations that Chevron has known from the beginning must ultimately be proven to the satisfaction of a jury of Mr. Donziger's peers, per his constitutional rights.

[4]  The standard notice of motion procedure would be completely ineffectual in light of the relief requested here.  Specifically, it would result in completed briefing on the issue around the same that Chevron has offered to decide the issue on its own—an offer that is highly prejudicial to Defendants and inconvenient to the Court in light of the impending trial date and trial preparation burdens, as described above.  No previous application for similar relief has been made.

Dated: September 11, 2013

        Respectfully submitted,

           /s/ Steven R. Donziger
        Steven R. Donziger
        245 W. 104th Street, #7D
        New York, NY 10025
        Tel: (917) 678-3943
        Fax: (212) 409-8628
        StevenRDonziger@gmail.com

*Pro Se*

           /s/ Steven R. Donziger
        Steven R. Donziger
        245 W. 104th Street, #7D
        New York, NY 10025
        Tel: (212) 570-4499
        Fax: (212) 409-8628
        StevenRDonziger@gmail.com

*Attorney for Defendants Law Offices of Steven R. Donziger and Donziger & Associates, PLLC*