```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
CHEVRON CORPORATION,

                        Plaintiff,

        -against-                                    11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

                        Defendants.
------------------------------------------------x
```

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/12/13
```

## ORDER

LEWIS A. KAPLAN, *District Judge.*

By order dated July 30, 2013, the Court proposed the use of a brief jury questionnaire (containing three questions) directed solely to the issue of hardship of jury service in this case in connection with the jury selection and a procedure and schedule for its use. DI 1327, ¶ 2. The order required submission of any objections by September 9, 2013. *Id.*

Defendants Camacho and Piaguaje "object to the use of hardship questions that (1) [they believe] suggest or imply a definition of 'hardship' to a prospective juror either based upon travel, distance from the courthouse or economic hardship to an employer; and thus (2) invite prospective jurors to disqualify themselves on these grounds." DI 1409, at 2. They have no objection to the procedure or to other questions on the proposed questionnaire.

The first point to be made is that prospective jurors cannot disqualify themselves. If the parties agree based on the answers to the questionnaire, they may stipulate to excuse particular jurors. The Court will conduct *voir dire* in the regular way with respect to those not excused by the lawyers on consent.

Second, hardship based on distance for the courthouse or travel time are appropriate and established criteria for excusing prospective jurors from service. 28 U.S.C. § 1866(c)(1) provides in relevant part "[t]hat any person summoned for jury service may be (1) excused by the court, or by the clerk under supervision of the court if the court's jury selection plan so authorizes, upon a showing of undue hardship or extreme inconvenience." "Undue hardship or extreme inconvenience" is defined to include "great distance, either in miles or traveltime, from the place of holding court, grave illness in the family or any other emergency which outweighs in immediacy and urgency the obligation to serve as a juror when summoned, or any other factor which the court

2

determines to constitute an undue hardship or to create an extreme inconvenience to the juror; and in addition, in situations where it is anticipated that a trial or grand jury proceeding may require more than thirty days of service, the court may consider, as a further basis for temporary excuse, severe economic hardship to an employer which would result from the absence of a key employee during the period of such service." *Id.* § 1869j. Thus, a jury questionnaire of *voir dire* that inquires with respect to the distance of the juror's residence from the courthouse, the travel time to the courthouse and – in this case, which is expected to last more than thirty days – economic hardship to an employer is entirely appropriate. Accordingly, defendants' objections are overruled.

The Court hereby adopts the questionnaire and procedure set forth in the July 30 order. DI 1327. Prospective jurors will be summoned to the courthouse on October 8 for the purpose of filling out the questionnaire. The procedure with respect to the questionnaire shall conform to the set out in the July 30 order.

SO ORDERED.

Dated:         September 12, 2013

_____
Lewis A. Kaplan
United States District Judge