USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/12/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHEVRON CORPORATION,

           Plaintiff,

     -against-                                         11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

           Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER

LEWIS A. KAPLAN, District Judge.

        Chevron has moved *in limine* for a variety of evidentiary and related rulings. DI 1388. It points out that, "[a]lthough the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." DI 1390, at 1 (quoting *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (internal quotation marks omitted). But the question whether to make pretrial rulings on evidentiary matters lies within the discretion of the trial judge. *United States v. Valencia*, 826 F.2d 169, 172 (2d Cir. 1987). "Many rulings on evidence cannot be made until the course of the trial reveals whether the disputed evidence is relevant, cumulative, or prejudicial." *Id.* In other circumstances, it is far from clear that issues tendered in advance of trial by *in limine* motions in fact will need to be decided, as evidence to which they might apply may or may not ultimately be offered. Accordingly, in the interests of confining litigation with respect to these *in limine* requests to that which could achieve meaningful economies and avoiding possible unnecessary burdens on the Court and counsel, the Court has reviewed the motions and made the following determinations.

(The numerical references correspond to the numerical references in Chevron's notice of motion. (DI 1388))

<u>Requests 4, 6, 7, 8, 10, 14, and 15</u> all are denied without prejudice to plaintiff's objections in the event the evidence in question actually is offered at trial. None of these matters is sufficiently complex as to require determination in advance of trial.

<u>Requests 3 and 5</u> likewise are not sufficiently complex as to require determination at this stage of the litigation and could become academic. They are denied without prejudice to renewal by oral motion prior to opening statements.

<u>Requests 2 and 9</u> pertain to evidence that might be relevant to defendants' affirmative defenses of unclean hands. *See Chevron Corp. v. Salazar,* No. 11 Civ. 3718 (LAK), 2011 WL 3628843, at *8-10 (S.D.N.Y. Aug. 17, 2011). There is a motion pending to dismiss or limit that defense that could moot or otherwise affect these requests. There is pending as well a motion to try this defense, to whatever extent it survives, separately from liability, relief that if granted could affect the disposition of these requests. Accordingly, these requests are denied without prejudice to renewal in light of those rulings.

Defendants are relieved of any obligation to respond in writing to the foregoing requests although they are free to do so if they wish. Accordingly, the only requests for relief that remain pending as part of Chevron's *in limine* motion are Requests 1 and 11 through 13.

SO ORDERED.

Dated:       September 12, 2013

_____
Lewis A. Kaplan
United States District Judge