UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHEVRON CORPORATION,

                Plaintiff,

      -against-                            11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### PRETRIAL ORDER

        The parties have failed to submit a joint pretrial order as required by the individual practices of this Court. Plaintiff, however, has submitted its proposed joint pretrial order,[1] which contains among other things its exhibit and witness lists and deposition designations. Defendants have separately filed a document entitled Defendants' Proposed Pretrial Order Submissions (hereinafter "Def. PTO") (DI 1377), which contains among other things their respective exhibit and witness lists. (They have been granted additional time within which to submit their deposition designations.)

        In view of the parties' failure to submit a joint pretrial order, the following is adopted as the Pretrial Order herein.

### I. NATURE OF THE CASE

        The parties have failed to submit an agreed statement of the nature of the case.

### II. JURY/NON-JURY

        Section II of each of the Chevron PTO and the Def. PTO agree that all parties have demanded jury trial.

---

[1] Plaintiff Chevron Corporation's Proposed Pretrial Order, dated Aug. 30, 2013 (hereinafter "Chevron PTO").

2

### III. STIPULATED FACTS

There are no stipulated facts set forth in either the Chevron or the Def. PTO.

### IV. EXHIBITS

Plaintiff's exhibit list is set forth in Section IV of the Chevron PTO. Defendants' exhibit list is set forth in Exhibits 1 and 2 Def. PTO.

As set forth in the Court's required standard form of joint pretrial order, no exhibit not listed in the parties' respective exhibit lists may be used at trial except (a) for cross-examination purposes, (b) by plaintiff on rebuttal, or (c) if good cause for its exclusion from the pretrial order is shown. In addition, any party may seek to use demonstrative exhibits provided they are disclosed to all parties reasonably in advance of their use.

### V. GENERAL PROVISIONS, STIPULATIONS, AND OBJECTIONS WITH RESPECT TO EXHIBITS

Section V of the Chevron PTO refers to previously stipulated agreements and admissions, between the parties, as well as discovery responses and admissions, regarding the authenticity of documents. Any issues with respect thereto will be deal with at trial

### VI. PLAINTIFF'S WITNESS LIST

The witnesses listed and the deposition excerpts set forth in Section VI of the Chevron PTO may be called or read, respectively, at trial. Subject to the outcome of Chevron's motion to substitute an expert (DI 1340), no witnesses or deposition testimony not identified therein shall be permitted to testify or be read on plaintiff's case in chief absent good cause show.

### VII. DEFENDANTS' WITNESS LIST

Subject to the objections set forth in Chevron's motion *in limine* (DI 1388) and the outcome of defendants' foreign witness application (DI 1385), the witnesses listed in Section VII of the Def. PTO may be called at trial. No witness not identified therein shall be permitted to testify on the case in chief of any defendant absent good cause shown. No deposition testimony not identified in a timely filed designation shall be read on any defendant's case in chief absent good cause shown.

3

## VIII.  RELIEF SOUGHT

Section VIII of the Chevron PTO contains its position with respect to the relief sought.

SO ORDERED.

Dated:   September 12, 2013

_____
Lewis A. Kaplan
United States District Judge