**EXHIBIT 2**

## DECLARATION OF ERWIN CHEMERINSKY

I, Erwin Chemerinsky, declare as follows:

1. I am currently the Dean and Distinguished Professor of Law, and Raymond Pryke Professor of First Amendment Law, at the University of California, Irvine School of Law. I make this declaration based on my experience and knowledge of legal ethics.

2. I have not been retained as an expert witness by any party in this matter. I am not being compensated for this declaration, and sign it in my capacity as a law professor only.

## QUALIFICATIONS

3. I have been teaching legal ethics and professional responsibility for over 30 years. From 1980-1983, I was an Assistant Professor at DePaul University College of Law in Chicago, Illinois. From 1983-2004, I taught at the University of Southern California School of Law; from 1997-2004 I held the position of the Sydney M. Irmas Professor of Public Interest Law, Legal Ethics, and Political Science. From 2004-2008, I held the position of the Alston & Bird Professor of Law and Political Science at Duke University. I have held my current position since 2008.

4. A partial list of my professional experience relating to legal ethics and professional responsibility includes:

   - Member, Task Force on Professional Responsibility, Committee of Bar Examiners, State of California, 1987

   - Member, Steering Committee, Section on Professional Responsibility, American Association of Law Schools, 1987-88; 1989-90

   - Reporter, Ninth Circuit Rule 11 Study Committee, 1990-1992 (prepared,

1

"Rule 11 in the Ninth Circuit," Report of the Ninth Circuit Rule 11 Study Committee (1992))

- Served as an expert witness on issues of professional responsibility on many occasions
- Lecturer, BAR/BRI, on Professional Responsibility, 1986-present

**PAYMENTS TO FACT WITNESSES**

5.  Pursuant to the ABA's Model Rule of Professional Conduct 3.4(b), lawyers shall not offer any inducements to witnesses that are prohibited by law. As the commentary to the rule states, the general rule is that fact witnesses may not be compensated for testifying beyond reimbursement of their expenses and a reasonable fee to compensate for lost time.

6.  If a lawyer pays a witness compensation that he or she would not receive if he or she were not testifying, this violates the rule.

7.  Although not expressly contemplated by the rules, if a witness faces a bona fide personal safety or security risk due to his or her testimony, in my opinion it is permissible for attorneys to pay expenses reasonably necessary to keep the witness in a safe location. Such expenses should, however, be carefully scrutinized to ensure that the security threat is real, and that the expenses paid are reasonable and do not amount to an inducement to testify or compensation for testifying.

8.  In my opinion, payment of a salary to a witness, in exchange for the witness's agreement to testify or to be available to testify, is a clear violation of the rule.

9.  Lawyers may pay reasonable costs to gather documents and other physical evidence from various sources. If, however, a lawyer pays a testifying witness for

physical evidence, such payments must be based on the reasonable value of the evidence, and a reasonable fee for the witness's time spent gathering the evidence.

10. For example, if a lawyer were to pay to obtain a computer from a witness, the lawyer should not pay the witness more than the replacement cost of the computer, and any costs incidental to copying necessary data.

11. In my opinion, the reasonable value of the physical evidence should not be based on its value to the lawyer or party obtaining the evidence. If that were the rule, there would be virtually no limitation on payments that lawyers could make to fact witnesses under the guise of obtaining evidence.

12. A lawyer who pays a testifying fact witness for physical evidence, beyond the reasonable value of such evidence, violates the rule against compensating witnesses.

13. In my opinion, if a party or its counsel were permitted to pay a testifying witness for physical evidence, beyond the reasonable value of that evidence, and to pay the witness a salary in exchange for an agreement to testify, there would be little left of the rule against compensating fact witnesses. Lawyers always could circumvent the prohibition of paying non-expert witnesses for their testimony by saying it was to pay for documents or other physical evidence.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed July 26, 2013.

*Erwin Chemerinsky*
Erwin Chemerinsky

3