UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK **MEMO ENDORSED**

| | |
|---|---|
| CHEVRON CORPORATION,<br><br>                Plaintiff,<br>v.<br><br>STEVEN DONZIGER, *et al.*,<br><br>                Defendants. | CASE NO. 11-CV-0691(LAK)<br><br>USDS SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 9/13/13 |

**DEFENDANTS' JOINT MOTION FOR A PROTECTIVE ORDER PRECLUDING PLAINTIFF FROM TAKING DISCOVERY FROM MICROSOFT, GOOGLE AND YAHOO! AFTER THE CLOSE OF DISCOVERY**

Memorandum Endorsement        Chevron Corp. v. Donziger, 11 Civ. 0691 (LAK)

The scheduling order in this case required the service of all document requests by December 1, 2012 and the completion of all discovery by May 31, 2013.[1] DI 494

In September 2012, well within the time for the service of document requests, Chevron served document subpoenas on Google, Yahoo!, and Microsoft seeking, broadly speaking metadata and account information (but not content) for a number of email addresses at each. Owners of a few of those addresses and defendants in this case moved to quash the subpoenas in the courts that issued them, the Northern District of California and the Northern District of New York. The Northern District of New York denied the motion as to Microsoft on June 25, 2013. The Northern District of California granted the motion in part and denied it in part on August 22, 2013. *Chevron Corp. v. Donziger,* No. 12-mc-65 (LAK) (N.D. N.Y. filed June 25, 2013); *Chevron Corp. v. Donziger,* No. 12-mc-80237 (CRB) (N.D. Calif. filed Aug. 22, 2013).[2]

Defendants now move for "a protective order stating that Google, Yahoo!, and Microsoft are under no obligation to produce the documents requested by these subpoenas." DI 1387, at 1. They do so on the theory that Chevron's failure to move to compel production – while the motions to quash were pending and before the end of the discovery period set by the scheduling order in this case – foreclosed any effort by it to obtain the documents once the courts that issued the subpoenas ruled.

This Court has strictly enforced – against all parties – the scheduling order's requirement that all document requests, including subpoenas to nonparties, served by December 1, 2012. It granted motions both by Chevron and defendants for protective orders precluding their adversaries from obtaining discovery pursuant to subpoenas served after December 1, 2012 because the subpoenas were served beyond the permitted date. *Chevron Corp. v. Donziger,* 11 Civ. 0691 (LAK), 2012 WL 6634680 (S.D.N.Y. Dec. 19, 2012) (Chevron motion); DI 738 (defendants' motion). But this is an entirely different situation.

"[A] subpoena is an order of the court." 9 MOORE'S FEDERAL PRACTICE § 45.62[2][b] (3d ed. 2012). A recipient who fails to obey it "without adequate excuse" may be held in contempt of court. FED. R. CIV. P. 45(e). The pendency of a motion to quash a subpoena, however, generally constitutes an "adequate excuse." MOORE'S § 45.62[2][b].

Once a motion to quash a subpoena is resolved adversely to the subpoena recipient, the "adequate excuse" provided by its pendency vanishes. The recipient again becomes subject to the unqualified duty, imposed by the court's issuance of the subpoena itself, to comply. There

---

[1] The May 31, 2013 deadline was extended until June 28, 2013 for purposes not relevant here.

[2] Objections from parts of the California magistrate judge's order have been filed both by Chevron and by certain alleged account owners. An appeal has been taken from the Northern District of New York order.

simply is no good reason to foreclose the server of a timely subpoena – whose efforts to obtain the subpoenaed materials have been frustrated by ultimately meritless motions to quash – from seeking to compel compliance with that court process in the event the subpoena recipients do not then comply.

This issue may become moot, as the case is scheduled for trial on October 15, 2013. The likelihood of ultimate resolution of the appeals from the orders denying the motions to quash before the end of the trial perhaps is not great. Nevertheless, the protective order defendants seek is unwarranted. It (DI 1387) therefore is denied.

SO ORDERED.

Dated: September 12, 2013
Corrected: September 13, 2013

_____
Lewis A. Kaplan
United States District Judge