UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHEVRON CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> STEVEN DONZIGER *et al.*, <br><br> Defendants. | 11-CV-0691 <br><br> The Honorable Lewis A. Kaplan, U.S.D.J. <br> The Honorable James C. Francis, U.S.M.J. |

**DONZIGER DEFENDANTS' MOTION FOR RECONSIDERATION
OF DI 1436**

Donziger Defendants hereby "move for reconsideration [of the Court's order of September 17, 2013, DI 1436] and submit [a] proposed reply," DI 1436 fn. 21, to respond to the Court's unwarranted, unexplained, wholesale adoption of Chevron's offensive position that Chevron's right to deprive Defendants of their constitutional right to a jury is so absolute that it raises "no 'issue'" for Defendants to legitimately oppose. *See* DI 1436 fn. 9, DI 1433 n.4. Nothing could be further from the truth. Given that before this action was even filed, this Court publicly announced that it "got it from the beginning" that Mr. Donziger was playing a "giant game" and "trying to become the next big thing in fixing the balance of payments deficit," *In re Chevron Corp.*, 10-MC-00002-LAK (S.D.N.Y.), September 23, 2010 Hearing Transcript at 78:11-13, Donziger Defendants have always regarded their Seventh Amendment right to a jury trial to be far and away the most important legal issue in this case. In the unique context here, applicable precedent and core constitutional principles demand that Chevron be required to prove its claims to a jury, so long as the underlying nature of those claims sound in "racketeering,"

"fraud," "extortion," "obstruction of justice," or any of the other plainly at-law charges that Chevron has gleefully leveled against Donziger for the last two-plus years. Donziger Defendants will make this argument in full at the appropriate time, but file this motion for reconsideration to make sure the Court understands that this remains a critically important issue that by no means has been conceded either by me or the Ecuadorian defendants Hugo Camacho and Javier Piaguaje. To the degree that the Court's conclusion in DI 1436 was based on its understanding that Defendants suffer no prejudice because they will not have to oppose on this issue if/when Chevron drops its claims and seeks refuge in a bench trial, Defendants demand reconsideration.

*First*, that Chevron might withdraw its money damages claims against me without outright seeking dismissal of the entire action will cause me severe prejudice, violate rights conferred on all U.S. citizens, and put us in the realm of make-believe. The law is abundantly clear that equitable relief under RICO is *not* available to private litigants—nor is the availability of such relief an "open question" as this court has disingenuously tried to claim. Indeed, when another judge of this Court methodically examined the "the weight of Second Circuit authority" on this question *Am. Med. Ass'n v. United Healthcare Corp.*, 588 F. Supp. 2d 432, 446 (S.D.N.Y. 2008), the conclusion was:

> As it now stands, no Court controlling within this jurisdiction has recognized a right to injunctive relief for private litigants under Section 1964(a) of RICO—with one exception: *Motorola Credit Corp. v. Uzan,* 202 F.Supp.2d 239, 242 (S.D.N.Y.2002) (Rakoff, J.), *rev'd. on other grounds,* 322 F.3d 130 (2d Cir. 2003). Significantly, however, this case (as well as, *NOW, Inc. v. Scheidler,* 267 F.3d 687 (7th Cir.2001), *rev'd. on other grounds,* 537 U.S. 393, 123 S.Ct. 1057, 154 L.Ed.2d 991 (2003), the 7th Circuit precedent upon which it was based) was reversed on other grounds and is no longer considered good law.

This conclusion was and is not news: the RICO civil action statute "was not intended to provide private parties injunctive relief." *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 741 F.2d 482, 490 (2d Cir.

1984), *rev'd, on other grounds,* 473 U.S. 479 (1985) (citations omitted)[1]; *Trane Co. v. O'Connor Sees.,* 718 F.2d 26, 28-29 (2d Cir. 1983). *Religious Tech. Ctr. v. Wollersheim,* 796 F.2d 1076, 1085-86 (9th Cir. 1986) ("[I]n considering civil RICO, Congress was repeatedly presented with the opportunity *expressly* to include a provision permitting private plaintiffs to secure injunctive relief.  On each occasion, Congress *rejected* the addition of any such provision."); *In re Fredeman Litigation,* 843 F.2d 821, 830 (5th Cir. 1988) ("Congress indeed had several opportunities to give express authorization to private injunctive actions but chose not to do so, apparently because it hesitated in the face of the ramifications of that remedy.").  There is no equitable relief available under RICO to private litigants, despite what Your Honor seems to believe, consistent with his pre-ordained proclivity to help Chevron's "rescue team" at Gibson Dunn avoid a real trial before an impartial fact finder.

If there is no equitable relief available under RICO, and Chevron drops its RICO money damages claims, there is nothing left in this case sounding in RICO.  After months and months of ranting and raving about my so-called "racketeering," Chevron would be left at most holding the bag on a state law fraud claim about alleged acts that occurred almost entirely outside the United States in the country of Ecuador.  Such a radical change in the nature of the claims at the eleventh hour, whilst the Plaintiff has had an active eight months of "contemplating" on this decision, as the Court points out in DI 1436, is plainly abusive, unreasonable, vexatious, and outrageous.

*Second,* as a practical matter, the Court's assertion that a unilateral decision by Chevron to "eliminate a jury" would "not significantly affect the Donziger Defendant's trial preparation,"

---

[1] In *Sedima*, the Supreme Court examined the legislative history of RICO and concluded that sections 1964 (a), (b) and (d) apply only to the government use of the statute. *See Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 486-87 (1985).

DI 1436 at 8, is belied by the experience of any lawyer who has actually faced the challenges of preparing a case for a bench versus a jury trial.  The fact that the Donziger Defendants are currently struggling to find the time and resources to focus on the task of drafting proposed jury instructions to meet the Court's September 23, 2013, deadline only highlights the absurdity of any suggestion to the contrary.

***Third,*** the main point here is not about my trial preparation, but about my constitutional rights.  Chevron has relished in tarnishing me with its outrageously false and trumped-up "racketeering" claims two-plus years, knowing the whole time that the claims are undeniably at-law and only triable (especially because there is no available equitable relief) before a jury.  Chevron has essentially been enjoying the "thermonuclear" effect of its RICO claims, *Schmidt v. Fleet Bank*, 16 F. Supp. 2d 340, 346 (S.D.N.Y.1998).  This Court has cautioned time and again that courts should be careful not to allow private litigants to toy with such a device to the prejudice of their adversaries:

> The terrorizing aspect of a RICO charge conjures dreadful images of the defendant's involvement in the racketeering schemes of the prototypical colorful mobsters and violent thugs who ordinarily fill the plots of organized crime. For plaintiffs seeking to score a tactical edge or to deal the heaviest possible vengeful blow to the defendant's personal reputation, shocking RICO accusations may serve to strengthen their hand or induce sooner capitulation in any settlement discussions. The extraordinary costs associated with defending complex charges may also inflict added pain and provide defendants greater incentive to curtail RICO litigation.

*Gross v. Waywell*, 2009 U.S. Dist. LEXIS 52599 (S.D.N.Y. June 16, 2009).  The idea that Chevron, after months of "terrorizing" of me in this way, could suddenly pull a bait and switch to relieve itself of the burden of proving its racketeering claims to a jury is patently noxious to basic notions of fairness and my constitutional rights.  Courts have tempered RICO terrorization by plaintiffs by imposing a heightened pleading standard at the front end of litigation, *see, e.g.*, *Plount v. American Home Assur. Co., Inc.*, 668 F. Supp. 204, 206 (S.D.N.Y. 1987), but the real

check on abuse of RICO comes at the back end through the fact that patently at-law RICO claims must be proven to the satisfaction of a jury.  *See, e.g., Maersk, Inc. v. Neewra, Inc.,* 687 F. Supp. 2d 300, 340-41 (S.D.N.Y. 2009) *aff'd sub nom. Maersk, Inc. v. Sahni*, 450 F. App'x 3 (2d Cir. 2011) ("a civil RICO claim closely resembles an action sounding in tort that would have been recognized as legal in 18th-century England").  For the Court to allow Chevron to use the RICO statute in this fashion to tar my professional reputation and terrorize me and my family, and then endorse (or even amplify and encourage) Chevron's last-minute withdrawal of the RICO claims in order to avoid scrutiny of an unbiased jury, would amount to an abuse of discretion, another failure of case management, and an outright violation of my Seventh Amendment rights.[2]  And as Chevron's own cited cases make clear, even when the relief sought is equitable, the right to a jury may still attach.  Indeed, while Chevron's lead case, *Stonewall Ins. Co. v. Nat'l Gypsum Co.*, 86 CIV. 9671 (JSM), 1992 WL 281401 (S.D.N.Y. Sept. 25, 1992), states in dicta that "when a party withdraws its damages claims and pursues only equitable relief, a jury trial is no longer available," the court there actually focused on the "underlying nature" of the action (completely absent in Your Honor's facile analysis) and concluded that because "National Gypsum's claim is essentially legal in nature . . . a jury trial may be demanded" ***notwithstanding the withdrawal of money damages claims*** by the counterclaim plaintiff.  *Id*.  In fact, none of Chevron's cited cases, which this Court appeared to adopt wholesale in fn. 9 of DI 1436, address the issue of whether common law fraud and conspiracy claims in New York require a jury trial for factual findings even if the relief sought is equitable.

      For the foregoing reasons, the Court should reconsider DI 1436, grant the relief it denied

---

[2]  Should RICO claims be effectively withdrawn, any other remaining claims in the case would also necessarily require determination by a jury.  *See Maersk*, 687 F. Supp. 2d at 340-41 ("It goes without saying that the Seventh Amendment right to a jury trial attaches to common-law fraud claims.").

therein, or at minimum recognize that Defendants still maintain a fundamental contrary position to Chevron's purported unilateral right to "eliminate" Defendants' right to jury trial in light of the nature of the claims that would remain following any withdrawal of money damages and the nature of the action generally.[3] Only Chevron's request for dismissal of this action entirely pursuant to Fed. R. Civ. P. 41 would truly cure these problems.

Dated: September 18, 2013

                                                                                                     Respectfully submitted,

                                                                                         /s/ Steven R. Donziger
                                                              Steven R. Donziger
                                                              245 W. 104th Street, #7D
                                                              New York, NY 10025
                                                              Tel: (917) 678-3943
                                                              Fax: (212) 409-8628
                                                              Email: StevenRDonziger@gmail.com

                                                             *Pro Se*

                                                              /s/ Steven R. Donziger

                                                             Steven R. Donziger
                                                             245 W. 104th Street, #7D
                                                             New York, NY 10025
                                                             Tel: (212) 570-4499
                                                             Fax: (212) 409-8628
                                                             Email: StevenRDonziger@gmail.com

                                                             *Attorney for Defendants Law Offices of Steven R. Donziger and Donziger & Associates, PLLC*

---

[3]     "[I]f the power of judging were entirely trusted with the magistrates, or any select body of men, named by the executive authority, their decisions, in spite of their own natural integrity, would have a biass [sic] towards those of their own rank and dignity; for it is not to be expected, that the few should be attentive to the rights of the many. The [jury trial] therefore preserves in the hands of the people, that share which they ought to have in the in the administration of justice, and prevents the encroachments of the more powerful and wealthy citizens." 4 THE COMPLETE ANTI-FEDERALIST 149 (H. Storing ed. 1981) (Letters of Centinel) (citing 3 BLACKSTONE, COMMENTARIES ON THE LAWS OF ENGLAND 379-80.