UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHEVRON CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> STEVEN DONZIGER *et al.*, <br><br> Defendants. | 11-CV-0691 <br><br> The Honorable Lewis A. Kaplan, U.S.D.J. <br> The Honorable James C. Francis, U.S.M.J. |

**DEFENDANTS' REPLY TO CHEVRON'S OPPOSITION
TO DEFENDANTS' JOINT FOREIGN WITNESS APPLICATION**

On September 4, 2013, Defendants Hugo Gerardo Camacho, Javier Piaguaje Payaguaje, Steven Donziger, Donziger & Associates, PLLC, and the Law Offices of Steven R. Donziger, LLC (collectively, "Defendants") moved this Court for an order granting leave for Ecuadorian Judge Nicolás Agusto Zambrano to appear as a witness at trial and ordering him to submit to a deposition in New York on the weekend preceding his scheduled testimony at trial in this case. DI 1385

Chevron opposed defendants' joint foreign witness application on the grounds that defendants have forfeited their opportunity to offer Judge Zambrano's testimony by failing to secure his appearance in Lima, Peru; by failing to produce his recordings; and by failing to produce documents in their Ecuadorian counsel's possession.  DI 1448  In the alternative, Chevron demands a litany of conditions to Judge Zambrano's participation

Defendants submit the following reply in opposition to Chevron's varied arguments.

## ARGUMENT

### I. JUSTICE REQUIRES ZAMBRANO TO BE A WITNESS AT THIS TRIAL

First and foremost, let's set the record straight.  Defendants do not have a "long history of cooperation" with Judge Zambrano.  The fact that Defendants have had to file this motion is proof positive that Judge Zambrano is not at Defendants' beck and call.  If he were, he would likely be living in the United States right now, in the company of his family, with every accommodation paid for in advance, with legal representation, prepped and ready to take the stand.  He is not.

Defendants have no more control over or cooperation with Judge Zambrano than they would over Your Honor were you to issue a judgment unfavorable to Chevron and Chevron were to accuse you of collusion as a result.  Chevron's claims that "Zambrano has been cooperating with Defendants throughout" is hogwash.  Had Judge Zambrano been cooperating, he would

1

have sat for a deposition in Lima, and defendants would not be at risk of being barred from calling the only person capable of contradicting Chevron's allegations of bribery and ghostwriting the Judgment. If this case is going to be about getting at the truth of who wrote the judgment and why, then Judge Zambrano, who issued that opinion, must be allowed to take the stand.

From time immemorial it is clear: "Common justice requires that no man shall be condemned in his person or property without notice and an opportunity to make his defence." *Baldwin v. Hale*, 68 U.S. 223, 233 (1863). Defendants have absolutely no way to defend against Chevron's false charges of bribery and ghostwriting of the judgment absent Judge Zambrano's testimony. Chevron knows this – as does Your Honor. Defendants are not alleged to be direct participants in the bribery and ghostwriting scheme; they have no personal involvement or knowledge on these matters; they cannot dispute the details of Alberto Guerra's paid for confession.

Judge Zambrano is the only person in the world who can testify whether or not he was promised anything to issue the judgment at the center of this case; he is the only person who can speak to Guerra's accusations. He is now volunteering to testify. He will make himself available for a deposition in advance of trial. Chevron has asked for and can be permitted to depose him for seven hours with supervision to cure any prejudice whatsoever caused by his lat participation. There is absolutely no reason why Judge Zambrano cannot and should not be barred from taking the stand. And if truth is the purpose of these proceedings, then Judge Zambrano's testimony must be permitted and must be considered in a case that challenges the legitimacy of the judgment he issued.

## II. DEFENDANTS ARE NOT OPPOSED TO THE COURT'S IMPOSITION OF REASONABLE REQUIREMENTS

Should this Court permit Judge Zambrano to appear at trial, Chevron demands a whole series of preconditions: (1) evidence that he holds a current Ecuadorian passport and visa permitting him to enter the United States; (2) Zambrano's availability for deposition one week before trial; (3) a pretrial deposition under Court supervision; (4) that Chevron question Judge Zambrano first; and (5) defendants' production of all document's subject to the Court's February 13, 2013 order granting Chevron's motion to compel (DI 787). Defendants are not opposed to the Court's imposition of reasonable requirements, but Chevron's demands are not all reasonable.

First, defendants are informed that Judge Zambrano holds a valid Ecuadorian passport; he also possessed a multi-year multiple use visa to enter the United States that is currently being renewed. To the extent that this Court grants leave for Judge Zambrano to testify, defendants are prepared to submit You Honor's order to the State Department to expedite his visa renewal. In the meantime, Judge Zambrano can be deposed in Ecuador if Chevron so desires or by videoconference.

Second, Zambrano has already offered to be deposed in advance of trial albeit in Ecuador. However, if Chevron is prepared to pay the expenses of his travel to the United States for a deposition in advance of trial, and the deposition can be scheduled on a weekend to avoid time off from work on short notice, then defendants have no objection. Presuming that Judge Zambrano can be excused from his employment, defendants are prepared to work to make him so available if this Court so orders it at Chevron's expense.

Third, defendants have no objection to a deposition in Your Honor's courtroom or a deposition otherwise supervised by the Court or a special master. Judge Zambrano is not afraid

of being so deposed.

Fourth, defendants have no objection to Chevron questioning Judge Zambrano first.

Chevron's fifth demand, however, exceeds the bounds of reasonableness. As defendants have made clear multiple times before this Court, even through the testimony of their former counsel, defendants cannot command and do not control documents in the possession of their Ecuadorian attorneys. Evidence has been presented that they are bound by Ecuadorian law not to produce the material in question. There is no point repeating here what the parties have clearly stated on the record on this issue. Defendants' leave to present Judge Zambrano cannot be conditioned on the requirement that their Ecuadorian counsel violate Ecuadorian law.

Having no objection to most of Chevron's requirements (with reasonable modification to some as stated), Defendants respectfully request an order granting leave for Judge Nicolás Agusto Zambrano to appear as a witness at trial and ordering him to submit to a deposition with conditions that are agreeable to the parties.

Respectfully submitted,

Date: September 26, 2013                    GOMEZ LLC
                                            Attorney At Law

                                   By:      *s/ Julio C. Gomez*
                                            Julio C. Gomez

                                            The Sturcke Building
                                            111 Quimby Street, Suite 8
                                            Westfield, NJ
                                            Telephone: 908.789.1080
                                            Facsimile: 908.789.1081
                                            Email: jgomez@gomezllc.com

                                            *Attorney for Defendants*
                                            *Hugo Gerardo Camacho Naranjo and*
                                            *Javier Piaguaje Payaguaje*


Date: September 26, 2013           By:      *s/ Steven R. Donziger*
                                            Steven R. Donziger
                                            245 W. 104th Street, #7D
                                            New York, NY 10025
                                            Telephone: 917.678.3943
                                            Facsimile: 212.409.8628
                                            Email: StevenRDonziger@gmail.com

                                            *Pro Se*


                                            LAW OFFICES OF
                                            STEVEN R. DONZIGER, P.C.

Date: September 26, 2013           By:      *s/ Steven R. Donziger*
                                            Steven R. Donziger
                                            245 W. 104th Street, #7D
                                            New York, NY 10025
                                            Telephone: 212.570.4499
                                            Facsimile: 212.409.8628
                                            Email: StevenRDonziger@gmail.com

                                            *Attorney for Defendants Law Offices of*
                                            *Steven R. Donziger LLC and Donziger &*
                                            *Associates, PLLC*

5