UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x
CHEVRON CORPORATION,

              Plaintiff,

  -against-

                                   Case No.  11 Civ.  0691 (LAK)

STEVEN R. DONZIGER, et al.,

              Defendants.
------------------------------------ x

**CHEVRON CORPORATION'S NOTICE OF INTENT TO WAIVE MONEY DAMAGES AGAINST STEVEN R. DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, AND DONZIGER & ASSOCIATES, PLLC IN THIS ACTION**

      TO ALL PARTIES AND COUNSEL OF RECORD, Chevron Corporation ("Chevron") hereby gives notice that, upon a finding from this Court under Fed. R. Civ. P. 39(a)(2) that all issues in this case will be tried by the Court: (i) Chevron will not seek money damages against Steven R. Donziger, The Law Offices of Steven R. Donziger, and Donziger & Associates, PLLC ("Donziger Defendants") only in this action; (ii) at trial and in all other phases of this action, Chevron will seek only equitable relief against the Donziger Defendants, and; (iii) Chevron will waive all claims for money damages relief against the Donziger Defendants only for money damages that have accrued and are asserted in this action only.[1]

---

[1] In waiving money damages against the Donziger Defendants on its RICO claims, Chevron reserves any rights this Court finds Chevron may have, including any statutory right under RICO it may have to be awarded by the Court its costs and reasonable attorneys' fees as the prevailing plaintiff, even though seeking only equitable relief against the Donziger Defendants and therefore not proceeding before a jury.

With respect to bifurcation, Chevron advises the Court that it adheres to its position that the phased structure Chevron proposed in its bifurcation motion, Dkt. 1406—namely, that there should be a liability phase and then, if liability is found, a remedies phase—remains the fairest and most efficient means to proceed with the trial in this action, except that the jury trial phases proposed in Chevron's bifurcation motion would now be tried to the Court.  The organization and sequence of issues should generally follow Chevron's proposed structure.  Moreover, while concerns about jury prejudice are not present in a bench trial, the risk of extra-judicial prejudice remains a consideration.  *See Industrias Metalicas Marva v. Lausell*, 172 F.R.D. 1, 2-3 (D.P R. 1997).  Chevron's proposal to try equitable relief and defenses only after liability has been established is efficient—as the issue may never be reached—and minimizes the extent to which Defendants will attempt to use the liability phase to offer evidence only to the remedy in the event of a liability finding.

Dated:   September 30, 2013  
New York, New York

Respectfully submitted,

/s/ Randy M. Mastro  
Randy M. Mastro  
Andrea E. Neuman  
GIBSON, DUNN & CRUTCHER LLP  
200 Park Avenue  
New York, New York 10166  
Telephone: 212.351.4000  
Facsimile:  212.351.4035

William E. Thomson  
333 South Grand Avenue  
Los Angeles, California 90071  
Telephone: 213.229.7000  
Facsimile:  213.229.7520

*Attorneys for Chevron Corporation*