UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------x
                                                      :
                                                      :
CHEVRON CORPORATION,                                  :
                                                      :
              Plaintiff,                              :
                                                      :   Docket No. 11 CV 0691 (LAK)
       v.                                             :
                                                      :
STEVEN DONZIGER, et al.,                              :
                                                      :
              Defendant.                              :
------------------------------------------------------x
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/1/13

**PLAINTIFF CHEVRON CORPORATION'S NOTICE OF MOTION FOR LEAVE TO SUBSTITUTE EXPERT AND TO SUPPLEMENT EXPERT DISCLOSURE**

PLEASE TAKE NOTICE that upon the Declaration of James M. Sabovich, dated August 15, 2013, together with the exhibits thereto, and the accompanying Memorandum of Law submitted herewith, Plaintiff Chevron Corporation will move this Court before the Honorable Lewis A. Kaplan, United States District Judge, for leave to substitute expert Spencer Lynch for previously-designated expert Michael Younger and to supplement its expert disclosure.

Dated: August 15, 2013
       New York, New York

Respectfully submitted,

_/s/ Randy M. Mastro_
Randy M. Mastro
Andrea E. Neuman
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Telephone: 212.351.4000
Facsimile: 212.351.4035

William E. Thomson
333 South Grand Avenue

1

<u>Memorandum Endorsement</u>    <u>Chevron Corp. v. Donziger, 11 Civ. 0691 (LAK)</u>

Chevron filed a motion to substitute expert Spencer Lynch for a previously-designated testifying expert and to supplement the expert disclosure on August 15, 2013, on the ground that the previously-designated expert was unable to testify due to an illness. DI 1340. Defendants responded that "Chevron [had] failed to append Mr. Lynch's expert report to [its] motion," and that defendants could not "take a position on the matter of Chevron's request to substitute until the replacement report is made available for everyone's inspection." DI 1368. Defendants therefore requested that Chevron's motion "be held in abeyance until such time as Chevron serves a full and complete copy of Mr. Lynch's expert report; and that the Court enter an order allowing defendants to supplement [their] [o]pposition within 7 days after the service of the expert report." *Id.* The Court accordingly ordered Chevron to serve a complete copy of Mr. Spencer Lynch's expert report in the event it had not already done so, and afforded defendants additional opportunity to oppose Chevron's motion. DI 1429.

That same day, Chevron informed the Court that it had served Mr. Lynch's report on defendants two weeks earlier, on August 30. DI 1430. Defendants then submitted their supplemental opposition, stating that they were "opposed to the substitution of expert Spencer Lynch to the extent that his opinions or analyses supplement or exceed the work performed by" Chevron's previously-designated expert. DI 1449, at 1. They further requested that "Chevron make Mr. Lynch available for a deposition at a time that is mutually convenient for the parties." *Id.* at 2.

The Court grants Chevron's motion [DI 1340] to substitute expert Spencer Lynch for a previously-testifying expert and to supplement the expert disclosure subject to Chevron's production of Mr. Lynch for deposition by the defendants. To the extent Mr. Lynch's report covers topics the previous expert's report did not, defendants, having had the opportunity to question him on these topics, will suffer no prejudice from the substitution of his report. The parties shall agree amongst themselves to the time and location of Mr. Lynch's deposition. To the extent they are unable to agree, they shall so inform the Court and the time and location will be determined by the special masters.

SO ORDERED.

Dated:     October 1, 2013

_____
Lewis A. Kaplan
United States District Judge