UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHEVRON CORPORATION,

                    Plaintiff,


          -against-                                          11 Civ. 0691 (LAK)


STEVEN DONZIGER, et al.,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/3/13

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

          Chevron moves *in limine* for an order precluding expert testimony from fifteen witnesses listed on defendants' pretrial witness lists.[1]  Defendants oppose the motion.


                              *Background*

          The LAP Representatives on March 1, 2013 provided Chevron with their expert disclosures (the "March 1 disclosure"), in which they identified 45 "non-retained experts" from whom they allegedly expected "to elicit factual and opinion testimony."[2]  They divided the 45 purported experts into three categories and provided a list of topics about which they expected each

---

[1]      DI 1399.

[2]      DI 1399, Ex. B, at 2.

group to testify.[3]  The Donziger Defendants made no expert disclosures.[4]

One week later, counsel for Chevron contacted counsel for the LAP Representatives, complaining, *inter alia*, that the "non-retained expert" disclosures were insufficient under Fed. R. Civ. P. 26(a)(2)C), which governs disclosure requirements of non-retained expert witnesses. Counsel for the LAP Representatives responded that, while Chevron was correct that Rule 26(a)(2)(C) required them "to make a basic disclosure" of the expert's expected testimony, the LAP Representatives properly had done so.[5]  The LAP Representatives have not since supplemented their disclosures for the 45 non-retained expert witnesses, not even in the face of this motion.

On August 31, 2013, defendants filed their pretrial order submissions, including their proposed witness list.[6]  The list included three witnesses designated as "expert witnesses" (all of whom had been identified in the March 1 disclosure as retained experts), and 63 designated as "fact witnesses."[7]  Of the 63 fact witnesses, fifteen of them had been identified as "non-retained experts" on the LAP Representatives' March 1, 2013 disclosure.[8]

Chevron moves to preclude these fifteen witness from providing expert testimony

---

[3]    *Id.* at 2-4.

[4]    DI 1399, at 3.

[5]    *Id.* Ex. E (Mar. 8, 2013 Ltr. from Craig Smyser to Peter Seley), at 2.

[6]    DI 1377.

[7]    *Id.* at 4-6.

[8]    The fifteen witnesses are: Douglas Beltman, Ann Maest, Mark Quarles, David Chapman, Charles Champ, William Powers, Richard Kamp, John Connor, GSI Environmental, Richard Stalin Cabrera Vega, Lawrence Barnthouse, Jonathan Shefftz, Douglas Allen, Robert Scardina, and Carlos Emilio Picone.

3

at trial on the ground that the LAP Representatives have failed to comply with Rule 26(a)(2)(C).[9]

*Discussion*

Fed. R. Civ. P. 26(a)(2)(A) provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." A witness designated as an expert under Rule 26(a)(2)(B) – one who has been "retained or specially employed to provide expert testimony in the case" – must submit a detailed report containing among other things a statement of the opinions to which that expert will testify, the facts or data the expert considered in forming those opinions, and exhibits that will be used. On the other hand, the disclosure with respect to a witness designated as an expert pursuant to Rule 26(a)(2)(C) – an expert who has not been "retained or specifically employed" –need state only: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Rule 37 in turn provides that a party who fails to make such disclosures "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[10]

Chevron contends that the fifteen witnesses listed on defendants' August 31, 2013 witness list who previously were identified as "non-retained experts" in the March 1 disclosures should be precluded from providing expert testimony at trial. "The LAPs merely divided [the non-retained experts] into three groups, and provided cursory and vague descriptions of the subject

---

[9]  DI 1399.

[10]  FED. R. CIV. P. 37(c)(1).

4

matter upon which they intended to elicit expert opinion for the witnesses in each category."[11]  Such

descriptions, Chevron argues, fail to satisfy the disclosure requirements under Rule 26(a)(2)(C).

Defendants in the main do not address Chevron's arguments concerning the

deficiencies of their Rule 26(a)(2)(C) disclosures.  Instead, they argue that "people with expertise

in a particular subject matter . . . are certainly qualified to testify as to facts regarding their

involvement and are listed to give factual testimony on the work they performed and the nature of

their findings."[12]  They contend also that, "to the extent that they may be called upon to give an

expert opinion during their fact testimony, they may be so qualified under Rule 702 and the scope

or permissibility of such testimony should be determined on a case by case basis following a specific

objection to a particular question."[13]  With respect to the disclosure requirements, the defendants

argue only that "Chevron has full knowledge of the work performed by certain fact witnesses with

expertise listed in Defendants' witness lists by virtue of those witness's writings, reports and

analyses generated and produced throughout the course of the underlying litigation in Ecuador" and

that "Chevron can hardly claim surprising regarding the work performed and opinions possessed"

by these witnesses.[14]  Defendants have provided no evidence to support that broad assertion.  They

are, moreover, incorrect.

The information the LAP Representatives' provided concerning their non-retained

---

[11]  DI 1399, at 3.

[12]  DI 1446, at 10.

[13]  *Id.*

[14]  *Id.* at 11.

experts in the March 1 disclosures is insufficient under Rule 26(a)(2)(C).  It is true that the disclosure required under Rule 26(a)(2)(C) is "considerably less extensive than the report required by Rule 26(a)(2)(B)."[15]  But the March 1 disclosures plainly fail even under this relaxed standard.[16]  Instead of providing "the subject matter" of *each* expert's testimony, as well as a summary of the facts and opinions about which *each* expert would testify, the LAP Representatives provided lists of topics for entire groups.  Rule 26(a)(2)(C) would be gutted if such cursory "disclosures" were deemed acceptable.

Defendants' contention that Chevron has "full knowledge" of the witnesses' opinions and writings and therefore "can hardly claim surprise over the work" they performed in substance is an argument that defendants' inadequate expert disclosures are "harmless" under Rule 37(c)(1) and therefore should be excused.  This argument fails.  Chevron cannot reasonably be expected to parse the publications, papers, speeches, and other works of fifteen witnesses, compare these materials to the vague and generalized descriptions provided by the LAP Representatives in the March 1 disclosure, and discern the topics which, and more particularly the opinions about which, each witness will testify.  Defendants failed sufficiently to disclose the information required by Rule

---

[15]   FED. R. CIV. P. 26 advisory committee's note.

[16]   *E.g.*, *Millennium Pipeline Co., L.L.C. v. Certain Permanent & Temp. Easements*, 919 F. Supp. 2d 297, 300 (W.D.N.Y. 2013) ("Although less is required in a disclosure of such witnesses [*i.e.*, Rule 26(a)(2)(C) witnesses] than of those covered by Rule 26(a)(2)(B), then, a mere list of names, accompanied by three-word descriptions of the subject matter of their testimony, is plainly not enough."); *Puglisi v. Town of Hempstead Sanitary Dist. No. 2*, No. 11CV0445(PKC), 2013 WL 4046263, at *4–6 (E.D.N.Y. Aug. 08, 2013) (brief summary of facts and opinions insufficient under Rule 26(a)(2)(C)); *Anderson v. E. CT Health Network, Inc.*, 12 Civ. 785 (RNC), 2013 WL 5308269, at *1 (D. Conn. Sept. 20, 2013) (precluding expert testimony where "[p]laintiff has identified only one of the opinions that [witness] is expected to render and otherwise has failed to provide the straightforward summary of facts and opinions required by Rule 26(a)(2)(C)(ii)").

6

26(a)(2)(C) and failed subsequently to supplement the information they did provide in the five months since the initial disclosures were made, even in the face of this motion.  The fifteen witnesses therefore are precluded from providing expert testimony at trial.  These witnesses, however, may testify as lay witnesses under Federal Rule of Evidence 701 and provide appropriate fact and opinion testimony in that capacity.[17]

*Conclusion*

For the foregoing reasons, Chevron's application to preclude the fifteen witnesses from testifying as experts, which is part of the relief sought by DI 1388, is granted.

SO ORDERED.

Dated:          October 3, 2013

Lewis A. Kaplan
United States District Judge

---

[17]  FED. R. EVID. 701(a).  *See also* FED. R. EVID. 701 advisory committee's note ("a party [may] not evade the expert witness disclosure requirements set forth in Fed.R.Civ.P. 26 . . . by simply calling an expert witness in the guise of a layperson."); *United States v. Glenn*, 312 F.3d 58, 67 (2d Cir. 2002) ("a lay opinion must be rationally based on the perception of the witness. . . . This requirement is the familiar requirement of first hand knowledge or observation.") (internal citation and quotation marks omitted); *Bank of China, New York Branch v. NBM LLC*, 359 F.3d 171, 182 (2d Cir. 2004).