UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHEVRON CORPORATION,<br><br>                    Plaintiff,<br><br>         v.<br><br>STEVEN DONZIGER *et al.*,<br><br>                    Defendants. | 11-CV-0691<br><br>The Honorable Lewis A. Kaplan, U.S.D.J.<br>The Honorable James C. Francis, U.S.M.J. |

**MOTION FOR RELIEF FROM THE "NARRATIVE" DECLARATION REQUIREMENT IN THE COURT'S INDIVIDUAL RULES OF PRACTICE**

The Court's Individual Rules of Practice applicable exclusively "[i]n bench trials" provide that:

> Unless otherwise ordered and as provided below, a declaration or affidavit containing the direct testimony of each witness stated in narrative, rather than question and answer, form shall be provided shall be provided [sic] for each witness that a party intends to call on its case in chief. The declaration or affidavit shall contain all of the relevant facts to which the witness would testify including facts necessary to establish the foundation for the testimony.

Indiv. R. of Prac. at 4-5.  The Rules provide that these "narratives" containing "all of the [witness's] relevant facts" must be exchanged "at least one week" before trial. *Id.* at 4. Defendants respectfully request relief from this rule as compliance for the defendants would be impossible, manifestly unworkable, burdensome, and inappropriate in the context of this case. For the reasons described below, Defendants respectfully request that the Court relieve Defendants of the "narrative" requirement for the upcoming trial and allow them to proceed with direct examinations in the normal course.

First, Chevron only confirmed three days ago that it would attempt to transform this fundamentally jury-oriented case (founded on fundamentally jury triable issues of RICO and fraud and, until recently, loaded with various demands for hundreds of millions or even billions in money damages) into a bench trial. DI 1469. And even putting aside the question of motions for reconsideration, interlocutory appeal, applications for stay, and the like, the Court has stated that it won't make a final determination whether this will be a "bench trial" until the evening of Sunday, Oct. 6—only 72 hours before the narratives would then be due under the individual rule for a trial starting Oct. 15. Preparing and finalizing the narratives by the deadline of Oct. 8 is simply impossible for the Defendants. To be frank, Defendants just do not have the resources to accomplish this task in the given time.

Second, as the Defendants in this case who carry no burden of proof and are in a responsive posture, it is impossible for the Defendants to anticipate now what their witnesses would need to say at trial. Even if an army of legally-trained elves or angels were to arrive at the offices (and home office) of Defendants ready to assist in the preparation of such narratives, such elves or angels would need to also be clairvoyant and able to magically divine how Chevron intends to prosecute this case and how the Court will rule on outstanding key issues. Again, Chevron sought to completely upend the nature of this case only days ago. DI 1469. That leaves Defendants with the question of whether RICO will even continue to play a role in this case, given that with neither money damages or equitable relief at issue or available under RICO. On a more practical level, it is impossible even at this late date to know what parts of Chevron's broad-brush allegations of conspiracy, fraud, extortion, and the like—which were always founded more on rhetoric than evidence, and which recent developments suggest may only be in this case for publicity and "expressive" purposes, *see* DI 1469—will actually come up at trial and

need to addressed in Defendants' case in chief.  This is especially true for Defendant Steven Donziger.  Chevron has used this case to put Mr. Donziger on trial—all of him, or pretty well close to all.  If Chevron intends to continue this strategy at trial, Mr. Donziger's narrative would need to be book-length to truly address "all of the relevant facts."  By contrast, if Chevron brings—or the Court only allows—fewer and narrower attacks on Mr. Donziger, direct examination in the normal course as part of Defendants' case in chief would be able to proceed in a much more efficient and focused manner.

For the foregoing reasons, Defendants respectfully request that Court order that Defendants' may proceed with direct examinations in the normal course for this trial.

Dated: October 3, 2013              Respectfully submitted,
       New York, New York

                                     *s/ Steven R. Donziger*
                                     Steven R. Donziger
                                     245 W. 104th Street, #7D
                                     New York, NY 10025
                                     Tel: (917) 678-3943
                                     Fax: (212) 409-8628
                                     Email: StevenRDonziger@gmail.com

                                     *Pro Se*

                                     *s/ Steven R. Donziger*
                                     Steven R. Donziger
                                     245 W. 104th Street, #7D
                                     New York, NY 10025
                                     Tel: (212) 570-4499
                                     Fax: (212) 409-8628
                                     Email: StevenRDonziger@gmail.com

                                     *Attorney for Defendants Law Offices of Steven R. Donziger and Donziger & Associates, PLLC*

3

*s/ Julio C. Gomez*
Julio C. Gomez
GOMEZ LLC
The Sturcke Building
111 Quimby Street, Suite 8
Westfield, NJ 07090
Telephone: 908.789.1080
Facsimile: 908.789.1080
Email: jgomez@gomezllc.com

*Counsel for Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje*