UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
CHEVRON CORPORATION, :
:
            Plaintiff, :
:
  -against- :
: Case No.  11 Civ.  0691 (LAK)
:
STEVEN R. DONZIGER, et al., :
:
           Defendants. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**CHEVRON CORPORATION'S RESPONSE TO DEFENDANTS'
MEMORANDUM OF LAW IN RESPONSE TO THE COURT'S ORAL
ORDER TO SHOW CAUSE ON WHY DEFENDANTS SHOULD NOT BE
DEPRIVED OF A JURY DESPITE CHEVRON'S WITHDRAWAL OF ITS
MONEY DAMAGES CLAIMS**


GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

*Attorneys for Plaintiff Chevron Corporation*

## TABLE OF CONTENTS

<u>Page</u>

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    A.     There Is No Right to a Jury Trial Where the Plaintiff Seeks Only Equitable Relief. ........................................................................................................ 2

    B.     Any Seventh Amendment Right to a Jury Trial a Party May Have Had at the Outset of a Case Is Eliminated Once Damages Are Waived. ........................ 6

    C.     Chevron's Unjust Enrichment Claim Would Not Create a Jury Trial Right. ................................................................................................................................. 7

    D.     Defendants' Remaining Arguments Are Baseless and Irrelevant. ........................... 9

CONCLUSION ............................................................................................................................. 11

EXHIBITS .................................................................................................................................... 13

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alcan Int'l Ltd v. S.A. Day Mfg. Co.*,
   179 F.R.D. 398 (W.D.N.Y. 1998) ................................................................................. 8

*Anti-Monopoly, Inc. v. General Mills Fun Grp., Inc.*,
   195 U.S.P.Q. 633 (N.D. Cal. 1976) ............................................................................... 6

*Atlas Roofing Co., Inc. v. Occupational Safety & Health Review Comm'n*,
   430 U.S. 442 (1977) ...................................................................................................... 1

*Austin v. United States*,
   509 U.S. 602 (1993) .................................................................................................... 11

*Barry v. Edmunds*,
   116 U.S. 550 (1886) ...................................................................................................... 8

*Beacon Theatres, Inc. v. Westover*,
   359 U.S. 500 (1959) ...................................................................................................... 5

*Black v. Boyd*,
   248 F.2d 156 (6th Cir. 1957) ......................................................................................... 5

*Boyd v. United States*,
   116 U.S. 616 (1866) .................................................................................................... 10

*Conroy v. New York State Dep't of Corr. Servs.*,
   333 F.3d 88 (2d Cir. 2003) ............................................................................................ 3

*Cunningham v. State*,
   835 N.E.2d 1075 (Ind. Ct. App. 2005) ....................................................................... 10

*Dairy Queen, Inc. v. Wood*,
   369 U.S. 469 (1962) ...................................................................................................... 5

*Daisy Grp., Ltd. v. Newport News, Inc.*,
   999 F. Supp. 548 (S.D.N.Y. 1998) ............................................................................ 7, 8

*Design Strategies, Inc. v. Davis*,
   367 F. Supp. 2d 630 (S.D.N.Y. 2005) .......................................................................... 3

*Dimick v. Schiedt*,
   293 U.S. 474 (1935) ...................................................................................................... 8

*Empresa Cubana Del Tabaco v. Culbro Corp.*,
   123 F. Supp. 2d 203 (S.D.N.Y. 2000) ....................................................................... 1, 7

*F.T.C. v. Verity Int'l, Ltd.*,
   443 F.3d 48 (2d Cir. 2006) ......................................................................................... 1, 4

*Francis v. Dietrick*,
    682 F.2d 485 (4th Cir. 1982) ................................................................................................ 6

*George Basch Co., Inc. v. Blue Coral, Inc.*,
    968 F.2d 1532 (2d Cir. 1992) .............................................................................................. 7

*Granfinanciera v. Nordberg*,
    492 U.S. 33 (1989) ............................................................................................................... 3

*In re Friedberg*,
    131 B.R. 6 (S.D.N.Y. 1991) ................................................................................................. 4

*Kemp v. Tyson Foods, Inc.*,
    No. CIV. 5–96–173–JRT (RLE), 2001 WL 1636512 (D. Minn. Nov. 19, 2001) ................ 6

*Maersk, Inc. v. Neewra, Inc.*,
    687 F. Supp. 2d 300 (S.D.N.Y. 2009) .................................................................................. 5

*Markman v. Westview Instruments, Inc.*,
    517 U.S. 370 (1996) .............................................................................................................. 2

*Molloy v. Primus Auto. Fin. Servs.*,
    247 B.R. 804 (Bankr. C.D. Cal. 2000) ................................................................................ 5

*NSC Int'l Corp. v. Ryan*,
    531 F. Supp. 362 (D. Ill. 1981) ........................................................................................... 5

*Pac. Mut. Life Ins. Co. v. Haslip*,
    499 U.S. 1 (1999) ............................................................................................................... 11

*Partecipazioni Bulgari, S.p.A. v. Meige*,
    No. 86–2516–CIV–RYS (KAMP), 1988 WL 113346 (S.D. Fla. May 23, 1988) ................ 6

*People by Abrahms v. 11 Cornwell Co.*,
    695 F.2d 34 (2d Cir. 1982) .................................................................................................. 6

*Pereira v. Farace*,
    413 F.3d 330 (2d Cir. 2005) ................................................................................................ 3

*Plechner v. Widener College, Inc.*,
    569 F.2d 1250 (3d Cir. 1977) .............................................................................................. 5

*R.B. Ventures, Ltd. v. Shane*,
    112 F.3d 54 (2d Cir. 1997) .............................................................................................. 1, 8

*Rosenman Colin Freund Lewis & Cohen v. Richard*,
    656 F. Supp. 196 (S.D.N.Y. 1987) ...................................................................................... 7

*S.E.C. v. Commonwealth Chem. Sec., Inc.*,
    574 F.2d 90 (2d Cir. 1978) .............................................................................................. 3, 9

*Skippy, Inc. v. CPC Int'l, Inc.*,
    674 F.2d 209 (4th Cir. 1982) .............................................................................................. 4

*Stonewall Ins. Co. v. Nat'l Gypsum Co.*,
    No. 86 Civ. 9671 (JSM), 1992 WL 281401 (S.D.N.Y. Sept. 25, 1992) ........................... 4, 6

*United States v. Carson*,
    52 F.3d 1173 (2d Cir. 1995) .................................................................................... 4, 9

*United States v. Int'l Brotherhood of Teamsters*,
    708 F. Supp. 1388 (S.D.N.Y. 1989) .................................................................. 4, 9, 10

*United States v. Philip Morris, Inc.*,
    273 F. Supp. 2d 3 (D.D.C. 2002) ...................................................................... 4, 9, 10

*United States v. Private Sanitation Indus. Ass'n*,
    44 F.3d 1082 (2d Cir. 1986) ....................................................................................... 11

*United States v. Stein*,
    452 F. Supp. 2d 276 (S.D.N.Y. 2006) ........................................................................ 5

*Whitson v. Knox Cnty. Bd. of Educ.*,
    468 F. App'x 532 (6th Cir. 2012) ............................................................................... 6

*Windsurfing Int'l, Inc. v. Osterman*,
    534 F. Supp. 581 (S.D.N.Y. 1982) ............................................................................. 5

*Woodell v. Int'l Brotherhood of Elec. Workers*,
    502 U.S. 93 (1991) ..................................................................................................... 3

## Other Authorities

Charles Alan Wright, et al., *Federal Practice & Procedure* § 2311 (3d ed. 2013) ........................ 5

M*oore's Federal Practice - Civil* § 38.30 (3d ed. 2013) .................................................. 4

N.Y. Pattern Jury Instr. – Civil 4:2 (3d ed. 2013) .......................................................... 7

## Rules

Fed. R. Civ. P. 39(a)–(b) ............................................................................................. 6

**PRELIMINARY STATEMENT**

The sole question presented here is straightforward: Whether Defendants have a Seventh Amendment right to a jury trial despite the fact that Chevron Corporation ("Chevron") has waived money damages and has declared its intention to pursue only equitable relief at the upcoming trial. The answer to this question is a resounding "no." "The fact that only an equitable remedy is available eviscerates the defendants-appellants' contention that the Seventh Amendment confers a right to a jury trial in this case." *F.T.C. v. Verity Int'l, Ltd.*, 443 F.3d 48, 67 (2d Cir. 2006). Indeed, this has been a settled question since the Seventh Amendment's ratification in 1791. *See, e.g., Atlas Roofing Co., Inc. v. Occupational Safety & Health Review Comm'n*, 430 U.S. 442, 460 (1977) ("[T]he Seventh Amendment was never intended to establish the jury as the exclusive mechanism for factfinding in civil cases.").

Defendants also claim that if this Court allows Chevron to reinstate its claim for unjust enrichment it will somehow trigger a jury trial right. Defendants are wrong. Courts have consistently held that disgorgement of profits via unjust enrichment is an equitable claim. *See, e.g., Empresa Cubana Del Tabaco v. Culbro Corp.*, 123 F. Supp. 2d 203, 206 (S.D.N.Y. 2000); *see also R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 60 (2d Cir. 1997) (under New York law, unjust enrichment is a "non-contractual, equitable remed[y]"). And that is all Chevron seeks by way of reinstatement of its unjust enrichment claim—an equitable remedy to prevent these Defendants from being unjustly enriched now that they have obtained beneficial ownership of Chevron IP trademarks through foreign enforcement proceedings in Ecuador.

Devoid of any plausible "right" to have a jury decide Chevron's equitable claims, Defendants have filed yet another press release under the guise of a legal brief. They continue to hurl baseless insults at this Court—contending, for instance, that the result of any bench trial would "lack legitimacy and credibility," Dkt. 1491 at 1—just eight days after the Second Circuit

1

rejected this scurrilous strategy the same day the matter was argued.  In addition, Defendants claim that a jury right attaches because Chevron has called Donziger a "criminal" and "stigmatized" him.  To be sure, Donziger *is* a criminal.  But this case is a civil proceeding subject to well-established Seventh Amendment principles, which do not provide a jury trial right here now that Chevron is pursuing only equitable relief.  Defendants also lodge several critiques about the form of injunction that Chevron seeks and whether it is available, but this has nothing to do with the jury-trial question presented here.  Those are questions to be resolved by the Court later if and when it finds liability.  There is no question now, though, that this is a bench trial.

In sum, waiver of money damages means Defendants have no right to a jury trial.  The Court should so find, and the bench trial should proceed as scheduled on October 15.

## ARGUMENT

### A. There Is No Right to a Jury Trial Where the Plaintiff Seeks Only Equitable Relief.

The civil RICO statute, 18 U.S.C. § 1964, and New York Judiciary Law section 487 do not provide a statutory jury-trial right.  Accordingly, the only possible "right" to a jury trial that could exist here would be under the Seventh Amendment.  But the Seventh Amendment does not provide a jury-trial right where a plaintiff seeks only equitable relief, as Chevron does here.

The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved."  U.S. Const., Amend. 7.  "[T]he right of trial by jury thus preserved is the right which existed under the English common law when the Amendment was adopted."  *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 376 (1996).  In other words, the Seventh Amendment preserves the right to jury trials in "[s]uits at common law," which refers to "suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recog-

2

nized, and equitable remedies were administered." *Granfinanciera v. Nordberg*, 492 U.S. 33, 41 (1989) (emphasis in original; quotation marks and citation omitted).

Federal courts employ a two-part test to determine whether the Seventh Amendment provides a jury-trial right for a particular claim, examining both the nature of the claim and the remedy sought. Courts first must "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity" and second, must "examine the remedy sought and determine whether it is legal or equitable in nature." *Woodell v. Int'l Brotherhood of Elec. Workers*, 502 U.S. 93, 97 (1991). "The second inquiry [remedy] is the more important in our analysis." *Id.*; *see also Granfinanciera*, 492 U.S. at 42 ("The second stage of this analysis is more important than the first."); *Pereira v. Farace*, 413 F.3d 330, 337 (2d Cir. 2005) (courts must "giv[e] greater weight to" the second inquiry).[1]

Indeed, the second inquiry (the form of remedy) is dispositive where—as here—a plaintiff seeks only equitable relief. *See, e.g., S.E.C. v. Commonwealth Chem. Sec., Inc.*, 574 F.2d 90, 94–95 (2d Cir. 1978) (Friendly, J.) (explaining the longstanding view that "a suit for an injunction, whether by the Government or a private party, was the antithesis of a suit 'at common law' in which the Seventh Amendment requires that the right to trial by jury"); *Conroy v. New York State Dep't of Corr. Servs.*, 333 F.3d 88, 99 n.1 (2d Cir. 2003) (noting that a plaintiff "[sought]

---

[1] Defendants rely on *Design Strategies, Inc. v. Davis*, 367 F. Supp. 2d 630 (S.D.N.Y. 2005), for the proposition that the "label that attaches to a given cause of action or remedy may not by itself tell us whether the claim is legal or equitable." Dkt. 1491 at 3 (citing *Design Strategies*, 367 F. Supp. 2d at 637). Chevron, however, is not relying merely on labels, but on the fact that will be seeking traditional equitable remedies rather than money damages. A look behind the labels does not compel a finding that there is a right to a jury trial, as Defendants' own case demonstrates. The court in *Design Strategies* proceeded to analyze the plaintiff's claims for which it did not seek money damages and concluded that they were "equitable in nature [and] there is no longer any basis on which [plaintiff] may correctly claim to be entitled to a jury." *Id.* at 646.

3

only equitable relief, and therefore, is not entitled to a jury trial under the Seventh Amendment"); *Verity Int'l*, 443 F.3d at 67.[2]

Courts have thus held that civil RICO defendants do not have a right to a jury trial where the plaintiff seeks only equitable relief, including relief in the form of disgorgement. *See United States v. Philip Morris, Inc.*, 273 F. Supp. 2d 3, 8 (D.D.C. 2002) (concluding that disgorgement under RICO is "equitable in nature"); *United States v. Int'l Brotherhood of Teamsters*, 708 F. Supp. 1388, 1408 (S.D.N.Y. 1989) (where government sought an injunction and disgorgement in civil RICO suit, the relief sought was "equitable in nature, thereby not giving rise to the right to a jury trial"); *see also Moore's Federal Practice - Civil* § 38.30 (3d ed. 2013) (civil RICO claims do not warrant a jury trial where only equitable relief is sought); *United States v. Carson*, 52 F.3d 1173, 1181 (2d Cir. 1995) ("Included within [a court's] broad equitable power [under 18 U.S.C. § 1964] is the power to order defendants to disgorge any proceeds from the unlawful conduct of or participation in the enterprise's affairs." (quotation marks and citation omitted)).[3]

Similarly, "claims grounded in fraud are not distinctively legal or equitable," and "the jury right turns on the remedy sought and the context in which the claim of fraud arises." *In re Friedberg*, 131 B.R. 6, 12 (S.D.N.Y. 1991) (quotation marks and citation omitted); *see also Skippy, Inc. v. CPC Int'l, Inc.*, 674 F.2d 209, 214 (4th Cir. 1982) ("[T]he jury right [in fraud

---

[2]   Defendants cite a single case where a court required a jury trial on equitable claims after a plaintiff withdrew its request for damages. Dkt. 1491 at 4. But the case is inapposite. In *Stonewall Ins. Co. v. Nat'l Gypsum Co.*, the plaintiff sought a declaratory judgment that its insurers were "obligated to pay certain sums and indemnify [the plaintiff] for sums within the policy limits." No. 86 Civ. 9671 (JSM), 1992 WL 281401, at *1 (S.D.N.Y. Sept. 25, 1992). At bottom, the claim sought monetary relief under a contract—and such claims were deemed common law claims pre-merger—thus giving rise to a jury trial right. *Id*. The court acknowledged, however, that "[w]ere [the plaintiff's] remaining claims solely equitable in nature, the Court would be compelled to grant [the plaintiff's] demand for a bench trial." *Id*.

[3]   Moreover, at least one court has expressly found a civil RICO action not to be an action at law under the first prong of the Seventh Amendment inquiry. *See Philip Morris*, 273 F. Supp. 2d at 6–7.

4

claims] turns on the remedy sought.").[4]  Here, to the extent Chevron seeks only equitable relief—not damages—this is "relief of a kind historically available only in equity," and therefore "there is no right to a jury" on a common-law fraud claim.  Charles Alan Wright, et al., *Federal Practice & Procedure* § 2311 (3d ed. 2013); *see also Plechner v. Widener College, Inc.*, 569 F.2d 1250, 1258 (3d Cir. 1977) (no right to jury where claimant can be made whole by specific relief available in equity); *Black v. Boyd*, 248 F.2d 156, 161–62 (6th Cir. 1957) (no jury right attached to fraud claim seeking only equitable relief); *cf. United States v. Stein*, 452 F. Supp. 2d 276, 279 (S.D.N.Y. 2006) ("Actions for specific performance and for injunctions always have been equitable in nature.  The Seventh Amendment therefore affords [defendant] no right to a jury trial.").[5]

In short, the Seventh Amendment does not provide a right to a jury trial where, a party has waived money damages, as Chevron has done here, and seeks only equitable relief on its RICO, fraud, and other claims.

---

[4]  Defendants cite three cases as support for their argument that they are entitled to a jury trial on Chevron's RICO claims.  Dkt. 1491 at 5.  In all three of those cases, however, the plaintiff sought money damages, not merely injunctive relief.  *See Maersk, Inc. v. Neewra, Inc.*, 687 F. Supp. 2d 300, 340–41 (S.D.N.Y. 2009) (noting that the plaintiffs sought money damages, which the court recognized was the "more important" consideration and what ultimately gave rise to a jury trial right); *Molloy v. Primus Auto. Fin. Servs.*, 247 B.R. 804, 807 (Bankr. C.D. Cal. 2000) ("Plaintiff seeks compensatory and punitive damages . . . ."); *NSC Int'l Corp. v. Ryan*, 531 F. Supp. 362, 363 (D. Ill. 1981) ("Monetary damages for injury to property have traditionally been considered a legal remedy for purposes of the seventh amendment.").

[5]  Ignoring these settled principles and well developed case law, Defendants argue that the Seventh Amendment provides a right to a jury trial on Chevron's fraud claim because Chevron will have to show "irreparable harm and inadequacy of legal remedies" in order to obtain an injunction.  Dkt. 1491 at 6.  Defendants assert that Chevron "has not" and "cannot" make this showing.  *Id*.  But whether or not Chevron is able to prove *entitlement* to equitable relief at trial (and Chevron believes that it will) has nothing to do with the Seventh Amendment and whether a jury or court decides this issue.  Even further afield is Defendants' reliance on *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500 (1959), and *Dairy Queen, Inc. v. Wood*, 369 U.S. 469 (1962).  Dkt. 1491 at 6.  These cases address whether a defendant is entitled to a jury trial on equitable issues that are in "common" with issues presented in a plaintiff's claims for damages, which must be tried to a jury.  When courts are confronted with such "common" issues, "the legal claims involved in the action must be determined prior to any final court determination of respondents' equitable claims."  *Dairy Queen*, 369 U.S. at 479.  Again, this rule is inapplicable here because it presupposes a legal claim for damages—which Chevron has waived.  For this same reason, *Windsurfing Int'l, Inc. v. Osterman*, 534 F. Supp. 581 (S.D.N.Y. 1982), cited on pages 4–5 of Defendants' brief, is also irrelevant.  *See id.* at 585 (denying request to strike jury demand where the complaint sought both damages and injunctive relief, and the plaintiff's decision to seek declaratory relief first did not "extinguish" the jury trial right on the other claims).

5

**B.     Any Seventh Amendment Right to a Jury Trial a Party May Have Had at the Outset of a Case Is Eliminated Once Damages Are Waived.**

Defendants also suggest that Chevron would be bound by the jury demand in its complaint, even after expressly waiving money damages. *See* Dkt. 1491 at 1 ("Fundamental fairness requires a jury trial. Chevron demanded a jury when it filed the instant matter more than two years ago."). Defendants are wrong. "[T]he right to a jury trial does not depend only on the initial pleadings. When subsequent events leave only equitable issues to be resolved, the right to a jury trial does not exist and is not preserved by the Seventh Amendment or Federal Rule of Civil Procedure 38." *Whitson v. Knox Cnty. Bd. of Educ.*, 468 F. App'x 532, 537–38 (6th Cir. 2012); *see Francis v. Dietrick*, 682 F.2d 485, 486–87 (4th Cir. 1982) (affirming denial of request for a jury trial after plaintiff amended his complaint to withdraw a request for legal damages).[6]

Federal Rule of Civil Procedure 39 makes clear that if before trial the Court "finds that on some or all of those issues [to be tried] there is no federal right to a jury trial," then the issues are to be "tried by the court." Fed. R. Civ. P. 39(a)–(b). Accordingly, "[i]t is well settled that when a party withdraws its damages claims and pursues only equitable relief, a jury trial is no longer available and issues must be tried by the court." *Stonewall*, 1992 WL 281401, at *1; *see also People by Abrahms v. 11 Cornwell Co.*, 695 F.2d 34, 43 (2d Cir. 1982) ("Once the State withdrew its claim for damages, however, the suit was entirely in equity and there was no right to trial by jury."), *vacated on other grounds*, 718 F.2d 22 (2d Cir. 1983); *Rosenman Colin Freund*

---

[6] *See also Kemp v. Tyson Foods, Inc.*, No. CIV. 5–96–173–JRT (RLE), 2001 WL 1636512, at *2 (D. Minn. Nov. 19, 2001) (holding that "the nature of [plaintiff's] claims and withdrawal of its damage claims . . . require[d] that the jury demand . . . be stricken"); *Partecipazioni Bulgari, S.p.A. v. Meige*, No. 86–2516–CIV–RYS (KAMP), 1988 WL 113346, at *3 (S.D. Fla. May 23, 1988) (holding that "the right to trial by jury is determined by the issues, not by the pleadings," and "a plaintiff may amend his complaint and withdraw his claim for damages, and where the remaining issues are only equitable in nature there is no right to trial by jury"); *Anti-Monopoly, Inc. v. General Mills Fun Grp., Inc.*, 195 U.S.P.Q. 633, 633–34 (N.D. Cal. 1976) (holding that the plaintiff no longer had a right to a jury trial because the defendant withdrew its claim for damages).

*Lewis & Cohen v. Richard*, 656 F. Supp. 196, 196 (S.D.N.Y. 1987) (striking jury demand because "the instant petition is equitable in nature and therefore must be tried to the court").

C. **Chevron's Unjust Enrichment Claim Would Not Create a Jury Trial Right.**

Defendants admit that "an unjust enrichment claim may be equitable in nature" depending on the "remedy sought." Dkt. 1491 at 11. Defendants also concede that "pure disgorgement may be wholly equitable." *Id*. And because the only remedies Chevron seeks on its unjust enrichment claim are equitable—that is, to have its trademarks restored and a constructive trust to ensure that any ill-gotten gains obtained by the LAPs are disgorged—the reinstatement of Chevron's unjust enrichment claim does not give Defendants a right to a jury trial.[7]

Contrary to Defendants' arguments, Chevron's request for disgorgement as a remedy for unjust enrichment is not a "rough proxy" for damages. Dkt. 1491 at 11. Despite Defendants' attempt to muddy the waters, Dkt. 1491 at 11, the Second Circuit *has* "resolved" the issue of whether "disgorgement of profits in a trademark case constitutes a claim for damages entitling the defendant to a jury trial." *Empresa Cubana Del Tabaco*, 123 F. Supp. 2d at 206. Specifically, in *George Basch Co., Inc. v. Blue Coral, Inc.*, the Second Circuit explained that courts have the *equitable* power to grant complete relief by awarding profits for unjust enrichment in trademark infringement suits. 968 F.2d 1532, 1538 (2d Cir. 1992). Accordingly, disgorgement of profits on an unjust enrichment theory did not entitle the parties to a jury trial in *Empresa*. 123 F. Supp. 2d at 206. The district court in *Daisy Grp., Ltd. v. Newport News, Inc.*, on which De-

---

[7] Defendants also claim that because of Chevron's unjust enrichment claim, if the case is tried to the bench, "significant parts of the case if not the whole case would have to be re-tried in front of a jury." Dkt. 1491 at 11. This is incorrect. The model jury instructions issued by the New York judiciary, on which Defendants rely, presume a legal claim exists in the case, giving rise to the jury trial right. *See* N.Y. Pattern Jury Instr. – Civil 4:2 (3d ed. 2013) (stating that "[t]his charge is for use in unjust enrichment cases" involving "quasi-contractual remedies" and that "[i]t should never be left for the jury to decide whether equitable considerations warrant a finding of unjust enrichment"). The issue here is whether there exists any Seventh Amendment right to a jury trial if Chevron seeks *only* equitable relief under its claim for unjust enrichment.

7

fendants also rely, arrived at a different result because the plaintiff sought disgorgement as a "rough proxy measure of its damages." 999 F. Supp. 548, 552 (S.D.N.Y. 1998). The plaintiff had no evidence of lost sales as a result of the alleged trademark infringement, so it sought disgorgement of the defendant's profits as a "surrogate for damages," thus the "remedy [was] fundamentally compensatory and legal in nature." *Id.* (quotation marks and citation omitted). But the court in *Daisy* acknowledged that a straightforward "claim for profits based on a theory of unjust enrichment, a traditionally equitable theory of recovery, is triable *without a jury*." *Id.* (emphasis added); *cf. Alcan Int'l Ltd v. S.A. Day Mfg. Co.*, 179 F.R.D. 398, 401–02 (W.D.N.Y. 1998) (holding that where a claim for profits for trademark infringement is "a rough proxy measure [of] damages"—as distinct from a claim profits based on a theory that "defendant has been unjustly enriched"—the remedy is compensatory).

       The harm for which Chevron seeks restitution is neither "the mere entry of the judgment against it" nor any of its lost profits. Dkt. 1491 at 11. Instead, Chevron has requested that its property—*i.e.*, its Ecuadorian trademarks—be restored and that any unjust windfall to the LAPs from the use or sale of those trademarks be disgorged.[8] Dkt. 1471. Chevron's unjust enrichment claim does not result from, for example, Defendants and Chevron being parties to a broken contract. Rather, Defendants unjustly possess Chevron's property, which Chevron seeks to have returned. This is an equitable action. *See R.B. Ventures*, 112 F.3d at 60 (under New York law, unjust enrichment is a "non-contractual, equitable remed[y]"). Because "the court is not awarding

---

[8] Defendants also rely on *Dimick v. Schiedt*, 293 U.S. 474 (1935), and *Barry v. Edmunds*, 116 U.S. 550 (1886), to argue that a determination of the extent of LAPs' unjust enrichment is a "factual matter[] that cannot be abrogated from the jury." Dkt. 1491 at 12. But *Dimick* and *Barry* addressed whether a court may reject or alter a verdict issued by an already empaneled jury, which only begs the question. *See Dimick*, 293 U.S. at 486; *Barry*, 116 U.S. at 565. Thus, both cases are inapposite, because each involved claims for money damages in which it was clear that a Seventh Amendment jury right existed in the first instance. But whatever limitations may apply when a court believes a jury has come to the wrong decision, those limitations are inapplicable here.

8

damages to which plaintiff is legally entitled but is exercising [its] discretion to prevent unjust enrichment," the disgorgement sought here is an equitable remedy. *Commonwealth Chem. Sec.*, 574 F.2d at 95 (Friendly, J.); *see also Carson*, 52 F.3d at 1181; *Philip Morris*, 273 F. Supp. 2d at 8; *Teamsters*, 708 F. Supp. at 1408.

### D. Defendants' Remaining Arguments Are Baseless and Irrelevant.

Lacking any plausible support under the Seventh Amendment, Defendants also invoke various other Amendments, and notions of "fairness," in an effort to conjure up a jury trial right that does not exist. Defendants' various arguments can be easily dispatched.

First, Defendants claim that "[f]undamental fairness requires a jury trial" because this Court is biased against them. Dkt. 1491 at 1; *see also id*. (arguing that the Court has "promoted, encouraged, and amplified" Chevron's "global smear campaign" against Donziger); *id*. at 2 (claiming that Chevron is "retreat[ing] to the safe offices of [this] court" instead of "an impartial fact finder"); *id*. ("Your Honor (with all his documented biases readily obvious) . . . ."); *id*. (arguing that any decision by this Court "will lack legitimacy and credibility"). As the Court is well aware, this Court's alleged "bias" formed the cornerstone of Defendants' failed petition and reassignment request, which the Second Circuit denied last week. Defendants' attacks on this Court are disgraceful and sanctionable, and at the very least they do not give rise to a jury trial "right."

Second, Defendants claim that they have a right to a jury trial because Chevron has called Donziger a "criminal" in open court and elsewhere, and because Chevron has "stigmatiz[ed]" Defendants with "the 'terrorizing' effect of civil RICO." Dkt. 1491 at 1, 3. As noted above, Donziger *is* a criminal, and the supporting evidence is overwhelming. But Chevron is a civil plaintiff seeking equitable relief on civil claims. No Seventh (or Sixth) Amendment right to jury trial attaches merely because the plaintiff in a civil case refers to the defendant as a "criminal." And as discussed above, courts have held that there is no jury trial right in a civil RICO action

9

where the plaintiff seeks only equitable relief.  *See*, *e.g.*, *Philip Morris*, 273 F. Supp. 2d at 8; *Teamsters*, 708 F. Supp. at 1408.

Third, Defendants argue that injunctive relief is unavailable on Chevron's RICO claim. Dkt. 1491 at 5.  This Court has stated that it "will deal with that question when, as, and if [Chevron] prevail[s] on liability."  Ex. 1 (Hr'g Tr. 12:09–10 Sept. 3, 2013).  Accordingly, assuming Chevron does prevail in the liability phase of the upcoming trial, Defendants will have the opportunity to persuade this Court that Chevron may not obtain equitable remedies on its RICO claim. In any event, this question has nothing to do with Defendants' supposed jury trial right.

Fourth, Defendants claim that the precise form of equitable relief that Chevron seeks is "obviously and perilously close to the relief that the Court entered and the Second Circuit vacated in the Count 9 injunction."  Dkt. 1491 at 6.  Again, even if true, this is irrelevant to the question of whether Defendants have a jury trial right.  And as the Second Circuit necessarily found in denying Defendants' mandamus petition, Count 9 was a different case—if this Court ultimately awards Chevron any equitable remedies, such relief will be reviewable on appeal.[9]

Fifth, Defendants posit a new "rule" that whenever "a civil plaintiff seeks to invoke criminal law or *concepts*, or even just the *stigmatizing language* of criminal law," the right to a jury trial attaches. Dkt. 1491 at 8–9 (emphasis added).  Defendants' cited authorities say no such thing.  *See Boyd v. United States*, 116 U.S. 616, 634 (1886) (no mention of the Seventh Amendment, but noting that certain the Fourth and Fifth Amendment protections applied in civil forfeiture proceedings); *Cunningham v. State*, 835 N.E.2d 1075, 1079 (Ind. Ct. App. 2005) (defendant

---

[9]  It bears mention that during the Second Circuit argument last week, Judge Parker asked the LAPs' counsel: "[A]ssuming arguendo . . . that the judge who entered a judgment had been bribed, would it be beyond the authority of the court to enjoin the person who paid the bribe from benefitting from the judgment?"  Ex. 2 (Hr'g Tr. 24:13–17 Sept. 26, 2013 (2d Cir.)).  The LAPs' counsel eventually conceded:  "As a legal proposition -- as against the person who gave the bribe, I would not have a problem with that."  *Id*. at 25:03–15.

in a speeding case had a right to a jury trial under the Indiana Constitution, because "speeding infractions remain quasi-criminal in nature").

Finally, Defendants argue that a jury right attaches here because courts have required "strong procedural safeguards" when awarding "punitive damages," which are "quasi-criminal punishment." Dkt. 1491 at 10 (quoting *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 54 (1999)). But such "safeguards" do not include a jury trial right—and in any event this is entirely beside the point where Chevron is not seeking *any* damages, punitive or otherwise. Likewise, Defendants cannot locate a jury trial right anywhere in the Eighth Amendment. Dkt. 1491 at 10 (citing *Austin v. United States*, 509 U.S. 602 (1993) (discussing the Eighth Amendment's Excessive Fines Clause in the context of a civil forfeiture remedy)).[10]

## CONCLUSION

For these reasons, the Court should find that Defendants do not retain a Seventh Amendment right to a jury trial as Chevron has waived money damages and has indicated it will be pursuing only equitable relief at the upcoming trial, and accordingly that this case will be tried to the Court.

Dated: October 5, 2013　　　　　　　　　　　　　Respectfully submitted,
New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Randy M. Mastro
　　　　　　　　　　　　　　　　　　　　　　　Randy M. Mastro
　　　　　　　　　　　　　　　　　　　　　　　Andrea E. Neuman
　　　　　　　　　　　　　　　　　　　　　　　GIBSON, DUNN & CRUTCHER LLP
　　　　　　　　　　　　　　　　　　　　　　　200 Park Avenue
　　　　　　　　　　　　　　　　　　　　　　　New York, New York 10166

---

[10] Defendants also quote Judge Heaney's dissent in *United States v. Private Sanitation Indus. Ass'n*, Dkt. 1491 at 10, but omit the italicized text: "*Government-prosecuted* civil RICO actions in which the remedies go beyond rough compensation must be considered quasi-criminal." 44 F.3d 1082, 1086 (2d Cir. 1986) (Heaney, J., dissenting) (emphasis added). The quoted language is irrelevant here because this is not a "Government-prosecuted" action. In any event, Judge Heaney's view—which he acknowledged was "contrary" to the law of the Circuit—was that the conventional summary judgment standards should not apply to a government-prosecuted RICO case. *Id.* at 1085, 1089. That view has no bearing on Defendants' right to a jury at the upcoming trial.

11

Telephone: 212.351.4000
Facsimile: 212.351.4035

William E. Thomson
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

*Attorneys for Chevron Corporation*

12

# EXHIBITS

## Index of Exhibits to Chevron Corporation's Response to Defendants' Memorandum of Law in Response to the Court's Oral Order to Show Cause on Why Defendants Should Not Be Deprived of a Jury Despite Chevron's Withdrawal of Its Money Damages Claims

Exhibit 1:   Excerpts from the transcript of a hearing held before the Southern District of New York on September 3, 2013 in *Chevron Corp. v. Donziger*, No. 11 Civ. 691 (LAK).

Exhibit 2:   Excerpts from the transcript of a hearing held before the Second Circuit Court of Appeals on September 26, 2013 in *Naranjo v. Chevron Corp.*, No. 13-772-cv.