UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHEVRON CORPORATION,

                Plaintiff,

      -against-                                                11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OPINION

Appearances:

        Randy Mastro
        Andrea E. Neuman
        William E. Thompson
        GIBSON, DUNN & CRUTCHER LLP
        *Attorneys for Plaintiff*


        Steven Donziger
        *Pro Se and Attorney for Defendant Donziger & Associates, PLLC*


        Julio Gomez
        GOMEZ LLC
        *Attorney for Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje*

LEWIS A. KAPLAN, *District Judge*.

This case, familiarity with which is assumed,[1] is set for trial on October 15, 2013. The complaint and amended complaint sought damages and equitable relief. All parties demanded trial by jury. The relief sought, however, has changed, which raises the question whether there now is any right to a jury trial in this case.

*Recent Developments*

On September 8, 2013, plaintiff Chevron Corporation ("Chevron") gave

> "notice that it will not seek money damages against Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje ('LAP Defendants') in this action. At trial and in all other phases of this action, Chevron will seek only equitable relief against the LAP Defendants. Chevron waives all claims for money damages relief against the LAP Defendants for money damages that have accrued and are asserted in this action only." DI 1404.

It immediately took the position in its motion for a bifurcated trial that its waiver of damage claims against the LAP Defendants and its restriction of the relief sought against them to relief that would be equitable in nature eliminated any right to a jury trial with respect to its claims against the LAP Defendants and the defenses thereto. *E.g.*, DI 1406.

On September 30, 2013, Chevron filed further:

> "notice that, upon a finding from this Court under Fed. R. Civ. P. 39(a)(2) that all issues in this case will be tried by the Court: (i) Chevron will not seek money damages against Steven R. Donziger, The Law Offices of Steven R. Donziger, and Donziger & Associates, PLLC ('Donziger Defendants') only in this action; (ii) at trial and in all other phases of this action, Chevron will seek only equitable relief against the

---

[1] *See, e.g.*, *Chevron Corp. v. Donziger*, 768 F. Supp. 2d 581, *vacated sub nom. Chevron Corp. v. Naranjo*, 11-1150-CV L, 2011 WL 4375022 (2d Cir. Sept. 19, 2011) *and rev'd and remanded sub nom. Chevron Corp. v. Naranjo*, 667 F.3d 232 (2d Cir. 2012) *cert. denied*, 133 S. Ct. 423, 184 L. Ed. 2d 288 (U.S. 2012); *Chevron Corp. v. Donziger*, 886 F. Supp. 2d 235 (S.D.N.Y. 2012); *Chevron Corp. v. Donziger*, 11 Civ. 0691 (LAK), 2013 WL 1087236 (S.D.N.Y. Mar. 15, 2013).

2

Donziger Defendants, and; (iii) Chevron will waive all claims for money damages relief against the Donziger Defendants only for money damages that have accrued and are asserted in this action only.1" DI 1469.[2]

In a telephonic Rule 16 conference on October 1, 2013, Chevron's counsel stated that it is Chevron's position that it does not and will not seek, and waives, any claim to money damages against the Donziger Defendants in this action and that it will seek against them in this action only equitable relief.[3] At that point, the defendants asked for an opportunity to submit additional papers in support of their contention that they nevertheless are entitled to a jury trial. Those submissions have been made, and the issue now is ripe for determination.

*Discussion*

Any right to jury trial in this case stems from the Seventh Amendment to the Constitution, which provides in relevant part that "the right of trial by jury shall be preserved" "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars."[4] The question whether there remains any right to a jury trial thus depends upon whether the Seventh Amendment

---

[2] The footnote reads as follows: "In waiving money damages against the Donziger Defendants on its RICO claims, Chevron reserves any rights this Court finds Chevron may have, including any statutory right under RICO it may have to be awarded by the Court its costs and reasonable attorneys' fees as the prevailing plaintiff, even though seeking only equitable relief against the Donziger Defendants and therefore not proceeding before a jury."

[3] Tr., Oct. 1, 2013, at 2-3.

The only qualification, apart from the footnote in their September 30, 2013 filing, was that Chevron reserved the right to pursue all remedies that would be available in the event the Court concluded that the Donziger Defendants were entitled to a jury trial notwithstanding Chevron's new position. *Id.*

[4] U.S. CONST., AMEND. VII.

3

applies, given the change in the nature of the action from one seeking damages and equitable relief to a case seeking equitable relief alone.

As an initial matter, "[i]t is well settled that when a party withdraws its damages claims and pursues only equitable relief, a jury trial is no longer available and issues must be tried by the court."[5] Given Chevron's unequivocal commitment to "seek in this action only equitable relief,"[6] that is the end of the matter. The cases cited by the defendants are not to the contrary.[7]

Nor is there any merit in defendants' attempt to characterize the claims asserted or the limited relief still sought as legal. Equity long has granted relief in appropriate cases on the ground

---

[5] *Stonewall Insurance Co. v. National Gypsum Co.*, No. 86 Civ. 9671 (JSM), 1992 WL 281401 (S.D.N.Y. Sept, 25, 1992). *Accord, e.g., Toyota Motors Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1183-84 (9th Cir. 2010); *People By Abrams v. 11 Cornwell Co.*, 695 F.2d 34, 43 (2d Cir. 1982), *vacated sub nom. on other grounds by People of State of N.Y. by Abrams v. 11 Cornwell Co.*, 718 F.2d 22 (2d Cir. 1983); *Francis v. Dietrick,* 682 F.2d 485, 486–87 (4th Cir. 1982) (no right to jury trial after plaintiff amended his complaint to withdraw a request for legal damages)*; Anti-Monopoly, Inc. v. General Mills Fun Group,* 611 F.2d 296, 307 (9th Cir. 1979); *Overbeck Corp. v. Overbeck GmbH*, No. 03–CV–0844 (DRH), 2007 WL 1029025, at *4 (E.D.N.Y. Mar. 30, 2007). As the Sixth Circuit put it, "the right to a jury trial does not depend only on the initial pleadings. When subsequent events leave only equitable issues to be resolved, the right to a jury trial does not exist and is not preserved by the Seventh Amendment or Federal Rule of Civil Procedure 38." *Whitson v. Knox Cnty. Bd. of Educ.,* 468 Fed. App'x. 532, 537–38 (6th Cir. 2012).

[6] Tr., Oct. 1, 2013, at 3.

[7] They rely upon *Stonewall Ins. Co.*, 1992 WL 281401, and *Maersk, Inc. v. Neewra, Inc.*, 687 F. Supp.2d 300, 3401-41 (S.D.N.Y. 2009), neither of which supports their position. *Stonewall* held that there was a right to a jury trial in a declaratory judgment action in which the nature of the underlying claim was legal in nature – a determination that the defendant was liable to pay money and indemnify. Insofar as it is relevant here, *Maersk* stands only for the uncontroversial proposition that there is a right to trial by jury of a common law fraud claim that seeks money damages. *See id.* at 312 (noting claim for more than $19 million in damages). The withdrawal of the damage claims here renders both cases inapplicable.

of fraud.[8] Cases seeking only injunctions, imposition of constructive trusts, and disgorgement – including RICO cases based on alleged mail and wire fraud seeking only such relief – all are purely equitable and carry no right to trial by jury.[9] Chevron unequivocally has surrendered any claim to money damages as well as to any other relief that is not equitable in nature. That too is an end to the matter

Defendants point to Judge McMahon's statement in *Maersk* as follows:

---

[8] *E.g.,* JOSEPH STORY, COMMENTARIES ON EQUITY JURISPRUDENCE § 184, at 112 (1st Eng. ed. Grigsby ed. 1884) ("courts of equity exercise a general jurisdiction in cases of fraud, sometimes concurrent with, and sometimes exclusive of, other courts"); 3 SPENCER W. SYMONS, POMEROY'S EQUITY JURISPRUDENCE § 872, at 419 (5th ed. 1941) (fraud lies within equitable jurisdiction).

[9] *E.g., City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 719 (1999) (no right to jury trial in action for injunction); *Toyota Motor Sales*, 610 F.3d 1171, 1183 (9th Cir. 2010) (same); *CBS Broadcasting, Inc. v. EchoStar Communications Corp.*, 450 F.3d 505, 518 n.25 (11th Cir. 2006) ("no right to a jury trial . . . when the plaintiffs seek purely equitable relief such as an injunction"); *Tenneco Oil Co. v. JoinerI* 696 F.2d 768, 776-77 (10th Cir. 1982) (no right to jury trial on constructive trust claim); *Beverly Hills Nat. Bank & Trust Co. v. Compania de Navigacione Almirante S.A., Panama,* 437 F.2d 301, 306-07 (9th Cir. 1971) (same); *SEC v. Commonwealth Chem. Sec.*, 574 F.2d 90, 94-97 (2d Cir. 1978) (no right to jury in action for disgorgement and injunction); *United States v. Philip Morris, Inc.,* 273 F. Supp.2d 3, 6-10 (D. D.C. 2002) (no right to jury in RICO case seeking disgorgement; disgorgement equitable remedy); *United States v. Int'l Brotherhood of Teamsters*, 708 F. Supp. 1388, 1408 (S.D.N.Y. 1989) (where government sought an injunction and disgorgement in civil RICO suit, the relief sought was "equitable in nature, thereby not giving rise to the right to a jury trial"); *see Tull v. United States*, 481 U.S. 412, 424 (1987) ("disgorgement of improper profits [is] traditionally considered an equitable remedy"); *Strom v. Goldman, Sachs & Co.*, 202 F.3d 138, 143-44 (2d Cir. 1999) (constructive trust is equitable remedy for fraud).

The reference in Chevron's proposed pretrial order to the possibility of seeking an order of attachment – which defendants did not mention – is of no moment. The availability of an order of attachment, if sought, would be controlled by New York law. FED. R. CIV. P. 64. In New York, attachment is merely a provisional remedy. *E.g., Kornblum v. Kornblum,* 34 A.D.3d 748, 848 N.Y.S.2d 404, 405 (2d Dept. 2006). Even if the characterization of a provisional remedy were material to the jury trial issue, and even if attachment were characterized as legal in nature, Chevron's commitment to seek only equitable relief would foreclose it from obtaining that remedy.

> "The Seventh Amendment to the United States Constitution provides: 'In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . .' The Seventh Amendment protects the fundamental right to a jury trial for actions at law, not those in equity. *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 41, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). A two-step inquiry is required to determine when the jury right attaches: first, the court must consider whether the action would have been deemed legal or equitable in 18th-century England before the merger of courts of law and equity; second, the court must "examine the remedy sought and determine whether it is legal or equitable in nature." *Id.* at 42, 109 S.Ct. 2782 ( quoting *Tull v. United States,* 481 U.S. 412, 417-18, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987)); *Pereira v. Farace,* 413 F.3d 330, 337 (2d Cir.2005). The second part of this test (the nature of the remedy) is more important than the first. *Granfinanciera,* 492 U.S. at 42, 109 S.Ct. 2782." *Maersk,* 687 F. Supp.2d at 338."[10]

That is an accurate statement of the law, but it does not support defendants' argument. Defendants cite no authority – and the Court is aware of none – for the proposition that a suit for an injunction and other purely equitable relief "would have been deemed legal [and therefore cognizable in the law courts] . . . in 18th-century England before the merger of courts of law and equity." And, for reasons already mentioned, the relief sought here is entirely equitable in nature.

Finally, defendants argue that they are entitled to a jury as a matter of fairness. But that argument – even if it had merit, which it does not[11] – is beside the point. Insofar as is relevant to this

---

[10] *Maersk*, 687 F. Supp. 2d at 338. *Maersk* was an admiralty action, in which plaintiff moved to strike defendants' demand for a jury trial. Plaintiff argued that the action as a whole was an "admiralty or maritime matter such that there is no right to a trial by jury." *Id.* (internal quotation marks omitted). The court granted the motion as to plaintiff's maritime contract claim, but denied it as to plaintiff's RICO, fraud, and other non-maritime claims. *Id.* at 339-247. The court found that the RICO and fraud claims did not fall within its admiralty jurisdiction and therefore defendants were entitled to try them to a jury. *Maersk* is wholly distinguishable from this case, however, because, as noted, plaintiff there sought damages, not equitable relief.

[11] Defendants' claims of bias have been rejected repeatedly both by this Court and the Court of Appeals. *Naranjo v. Chevron Corp.,* No. 13-772, DI 183 (2d Cir. filed Sept. 26, 2013) (denying petition for writ of mandamus requiring reassignment to a different judge); *Naranjo*

6

case, the availability of trial by jury depends on one thing alone – whether the Seventh Amendment to the United States Constitution requires it. The law is clear – it does not. In such circumstances, trial by jury is available *only* if the parties and the trial judge *all* agree to it. Under the plain language of Rule 39(c)(1), the trial court may not otherwise permit trial by jury even if some of the parties would prefer to obtain a jury verdict. As the parties do not all agree to trial by jury, the Court lacks the power to grant a jury trial.[12]

---

*v. Chevron Corp.,* Nos. 11-1150, 11-2264, 11-2259, 2011 WL 4375022 (2d Cir. filed Sept. 19, 2011) (denying petition for writ of mandamus compelling recusal of the undersigned), *cert. denied,* 133 S.Ct. 423 (2012); *Chevron Corp. v. Donziger,* No. 11 Civ. 0691 (LAK), 2011 WL 979609 (S.D.N.Y. Mar. 7, 2011) (denying motion to transfer case to different judge); *Chevron Corp. v. Donziger,* No. 11 Civ. 0691 (LAK) DI 392 (S.D.N.Y. Feb. 24, 2012) (denying second motion for recusal); *id.* 783 F. Supp. 2d 213 (S.D.N.Y. 2011) (denying first motion for recusal). *See also Lago Agrio Plaintiffs v. Chevron Corp.,* 409 Fed. App'x. 393, 2010 WL 5151325 (2d Cir. 2010) (noting the "exemplary manner in which the able District Judge has discharged his duties").

[12] FED. R. CIV. P. 39(c)(1) (in action not triable as of right by a jury court "may, *with the parties' consent*, try any issue by a jury") (emphasis added). Indeed, the Second Circuit has held that a trial court may not permit a jury to decide a case that is not so triable as of right unless all parties consent. *Fitzgerald v. United States Lines Co.,* 306 F.2d 461(2d Cir. 1962) (*in banc*), *rev'd without consideration of the point,* 374 U.S. 16 (1953). As Judge Friendly wrote for the plurality of the *in banc* court:

"The mode of trial in actions governed by the Rules is dealt with, clearly and comprehensively, in F.R.Civ.Proc. 38 and 39. These rules set up a basic division between issues as to which the right of jury trial is 'declared by the Seventh Amendment * * * or * * * given by a statute of the United States,' and others. As to the former the right 'shall be preserved to the parties inviolate,' F.R.Civ.Proc. 38(a), subject only to timely demand, F.R.Civ.Proc. 38(b); even when timely demand has not been made, the court may in its discretion 'upon motion' order a jury trial of such issues, F.R.Civ.Proc. 39(b). However, under the plain language of the Rules, that is the limit of the court's freedom. *If the issue is not one triable to a jury as of right, the court is limited to an advisory jury, unless both parties consent to 'a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right.'* F.R.Civ.Proc. 39(c). This meshes with the direction in Rule 52(a) that in non-jury matters 'the court shall find the facts specially and state separately its conclusions of law thereon,' a meshing made all the plainer by the 1946 amendment explicitly making Rule 52(a) applicable when there has been an advisory jury . . . .

7

*Conclusion*

The Court has considered all of defendants arguments and concluded that all are without merit. Accordingly, the Court holds that there is no right to trial by jury. The Court declines to order a jury trial in this case.

SO ORDERED.

Dated:   October 7, 2013

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)

---

\*   \*   \*

"The sharp distinction made between the court's discretion to order an ordinary jury trial on an issue where this might have been but was not demanded, Rule 39(b), and the limitations imposed upon the court, Rule 39(c), with respect to issues 'not triable of right,' forbids a construction permitting a judge to order 'a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right' on an issue where no right to such a trial exists, merely because he might deem this convenient."  *Id.* at 469-70 (emphasis added).

Judges Smith and Waterman concurred, taking the view that a claim for maintenance and cure may not be submitted to a jury unless there is an independent basis of federal subject matter jurisdiction or it arises out of the same event as a Jones Act claim, as to which there is a right to a jury trial.  *Id.* at 478.

In this case, neither of the qualifications noted in the concurring opinion applies. The possibility of submission of a maintenance and cure claim to a jury by virtue of the "saving to suitors" clause of 28 U.S.C. § 1333(1) where there is an independent basis of subject matter jurisdiction – the subject of the first of the qualifications – has no bearing in this case. Nor does the second, as there is no claim in this case – comparable to a Jones Act claim such as was mentioned by the concurring judges in *Fitzgerald* – as to which there is any right to a jury trial. The concurring judges in *Fitzgerald* therefore were in agreement with the plurality, thus constituting a majority of the *in banc* court, that a case such as this one may not be tried to a jury absent the consent of all parties. Moreover, even if this Court had discretion to order a binding jury trial in this case, it would not do so in view of the much greater time, cost, complexity, and difficulty of such a trial.