UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
CHEVRON CORPORATION, :
:
               Plaintiff, :
:
  v. : 11 Civ. 0691 (LAK)
:
STEVEN DONZIGER, *et al.*, :
:
               Defendants. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CHEVRON CORPORATION'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION BY ORDER TO SHOW CAUSE WHY CERTAIN
DOCUMENTS SHOULD NOT BE DISCLOSED TO CHEVRON**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

*Attorneys for Plaintiff Chevron Corporation*

I.  PRELIMINARY STATEMENT

In recent days, an individual unaffiliated with Chevron Corporation ("Chevron") has come forward with documents that she says "might be relevant to claims that certain parties were conspiring against Chevron in connection with the Lago Agrio litigation." Ex. B (Sworn Statement of Margaret L. Petito), at 2. Neither Chevron nor its trial counsel in this action has at any time had possession of the documents or reviewed them. *See* Mastro Declaration, ¶ 4 & Ex. A (Declaration of Patton G. Lochridge), ¶¶ 7, 11. Instead, Chevron asked a different outside counsel, Patton G. Lochridge of the law firm McGinnis Lochridge, to take possession of the documents and determine, insofar as possible, what their origin is and whether they are subject to any claim of privilege—without revealing their content to anyone outside his law firm. Mr. Lochridge reports that at least some of the documents appear to be clearly not privileged or protected with respect to Chevron—including a document that Chevron itself produced in this litigation and designated "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" under this Court's protective order. That such a document has apparently been disseminated contrary to the protective order and is in the hands of those who are not entitled to possess it is disturbing in itself. Mr. Lochridge further reports that the remaining documents do appear to be relevant to the lawsuit before this Court, and while unclear, could be subject to a claim of privilege, although any such privilege could be vitiated by the crime-fraud exception.

In order to resolve whether any privilege or other protection—or any exception—applies, Chevron respectfully requests that this Court authorize Mr. Lochridge's firm (McGinnis Lochridge) to submit the documents to the clerk's office under seal, along with an index his firm has prepared but that Chevron and Chevron's counsel in this litigation has not reviewed. Upon *in camera* review of the documents and/or the index, the Court could then issue an order to show

1

cause to all potentially interested parties, including Defendants and the Republic of Ecuador via its U.S. counsel Winston & Strawn, attaching the index if appropriate. The Court could, alternatively, authorize the magistrate judge or special master to initially review the documents, the volume of which is apparently not large. Any party desiring to claim the documents or claim any privilege or protection would then be required to demonstrate why the documents should not be released to Chevron. Given that one or more documents appears to be a confidential Chevron document disseminated in violation of this Court's protective order, Chevron would request that the documents remain under seal and be disclosed to the parties, if at all, only on a restricted, attorney's-eyes-only basis.

Chevron moves by order to show cause rather than regular motion because the documents may be relevant to the trial of this action, scheduled to commence next week.

## II.   PROCEDURAL BACKGROUND

On or about September 24, 2013, Margaret Petito ("Ms. Petito") voluntarily contacted Chevron's counsel in this action, Gibson Dunn & Crutcher LLP, and indicated that she had documents that she believed were relevant to Chevron's claims and defenses in this case and related litigation. Ex. A (Lochridge Decl.), ¶ 3. Ms. Petito is not affiliated with Chevron and indicates that she is not affiliated with any party to this action. Ex. B (Petito Sworn Statement) at 1. She indicated that she had received from an anonymous source documents which in her view "might be relevant to claims that certain parties were conspiring against Chevron in connection with the Lago Agrio litigation." *Id.* at 2. Chevron retained outside counsel Pat Lochridge at the law firm McGinnis Lochridge to respond to this unsolicited offer of potentially relevant evidence. Ex. A (Lochridge Decl.), ¶ 4.

Mr. Lochridge agreed to take possession of the documents and, on September 27, 2013, sent an attorney from his firm to meet with Ms. Petito and obtain the documentary evidence. Ex. A (Lochridge Decl.), ¶ 5. Mr. Lochridge reports that the documents consist of multiple emails along with various attachments. *Id.*, ¶ 6. Chevron requested that Mr. Lochridge independently screen these unsolicited documents to determine whether or not Chevron and its trial lawyers should have access to these documents and how to handle the documents. *Id.*, ¶ 7. Chevron instructed Mr. Lochridge not to disclose the contents of the documents or to deliver the documents to counsel for Chevron or Chevron until he had concluded his review. *Id.* Mr. Lochridge has complied with those instructions. *Id.* ¶ 11. Mr. Lochridge proceeded to review the documents and created an index that describes the documents with basic information such as that typically provided in a privilege log. *See id.* (describing the index as "modeled after a privilege log"). Due to a lack of familiarity with the senders and recipients of the emails, Mr. Lochridge was unable conclusively to determine the privilege status of the documents, but concluded that at least some of the documents were not likely to be privileged because they were produced by Chevron. *Id.*, ¶ 9. Many of the documents include Alexis Mera, an advisor to Ecuadorian President Correa who is mentioned in Chevron's Amended Complaint (*see* Dkt. 283, ¶ 207), as either an email sender or recipient. Ex. A (Lochridge Decl.), ¶ 10. Some of the emails attach documents that Chevron produced in this action subject to the Protective Order. These documents were marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." *Id.*, ¶ 9. Since the Republic of Ecuador is not a party to the protective order in this case, Mr. Mera's possession of confidential documents would appear to violate this Court's order.

### III.   ARGUMENT

**A.   The Court Should Order the Clerk to Accept McGinnis Lochridge's Submission of the Documents Under Seal**

In order to enable the Court to make a preliminary assessment of the potential privilege status of the documents, Chevron respectfully requests that the Court order the Clerk of Court to accept the documents under seal. Mr. Lochridge has attested that he is willing immediately to provide the documents to the Court under seal if so authorized. Ex. A (Lochridge Decl.), ¶ 11. This procedure will ensure that neither Chevron nor Defendants can view the documents until, as discussed below, the Court can review the documents *in camera* for relevance and privilege and determine, at least provisionally, whether any interested party has a privilege interest in the documents.

**B.   The Court Should Issue an Order to Show Cause Why the Documents Should Not Be Disclosed to Chevron**

It appears that the documents are potentially relevant to this action. In light of this potential relevance, the Court should review the documents *in camera* to determine whether, in fact, the documents are relevant to the claims or defenses in this action and whether the documents appear subject to any privilege. Such a procedure will ensure that neither Chevron nor Defendants can view the documents until such time as the Court has resolved any issues of relevance and privilege.

Mr. Lochridge attests that it is unlikely Chevron's adversaries have privilege claims over at least some of the documents because those documents were produced by Chevron in this action subject to the Protective Order. Ex. A (Lochridge Decl.), ¶ 9. Following an *in camera* review of the documents and the index Mr. Lochridge has prepared, this Court should be able to determine—at least provisionally—whether Defendants, the Republic of Ecuador, or some other person or entity may have a privilege interest in any of the documents. The Court then should

4

issue an Order To Show Cause requiring any individual or entity claiming any privilege or protection to show why Chevron should not get access to the documents. If the Court so indicates, Mr. Lochridge is willing to provide the documents and/or the index to any such party's counsel, including Winston & Strawn, who act as counsel for the Republic of Ecuador in the related Bilateral Investment Treaty Arbitration. *See id.*, ¶ 10. To the extent any party can demonstrate a need to review the documents, the Court should provide the documents on an attorney's-eyes-only basis and instruct counsel not to disclose the documents to anyone other than U.S. counsel. If any party responds to the OSC, Chevron requests access to the privilege log and an opportunity to reply. Because trial is rapidly approaching, Chevron requests that the return and reply dates for any OSC be appropriately short.

## IV.   CONCLUSION

For the foregoing reasons, Chevron respectfully requests the Court to order the clerk's office to accept the documents under seal, and that the Court review *in camera* the documents and order that they be disclosed to Chevron if not subject to privilege for which no exception applies.

Dated: October 7, 2013  
New York, New York

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

/s/ Randy M. Mastro

Randy M. Mastro  
Andrea E. Neuman  
200 Park Avenue  
New York, New York 10166  
Telephone: 212.351.4000  
Facsimile: 212.351.4035

5

William E. Thomson
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Chevron Corporation