UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHEVRON CORPORATION,<br><br>                Plaintiff,<br><br>     v.<br><br>STEVEN DONZIGER *et al.*,<br><br>                Defendants. | 11-CV-0691<br><br>The Honorable Lewis A. Kaplan, U.S.D.J.<br>The Honorable James C. Francis, U.S.M.J. |

**DEFENDANT STEVEN DONZIGER'S OPPOSITION
TO CHEVRON'S MOTION FOR SANCTIONS (DI 1466)**

       I, Steven R. Donziger, *pro se*, on behalf of myself and my law firms, submit this opposition in response to Chevron's recent motion regarding certain outstanding discovery items (DI 1466). The motion should be denied.

      **I.**    **Chase bank account and Selva Viva accounting**

    *Chase account.* Chevron claims there is "[no] question that the Court ordered Donziger to produce these documents." DI 1466 at 4. This is inaccurate. In my opposition to Chevron's motion to compel, I stated that I was "in the process of attempting to locate information for the specified account." DI 1375. The Court ordered that "[t]his must be done promptly." DI 1380. I did in fact locate the information promptly and then informed Chevron of my findings. DI 1467-1. The fact Chevron now seeks a contempt finding is itself contemptible.

      Chevron ignores the substance of my response and hopes the Court will overlook the fact that it has again been misled. As Chevron certainly knew at the time it made its initial demand, the Chase account in question was opened *after* the last discovery cut-off date approved by this

Court. In the middle of a brutal phase of the discovery process, representing myself, I was not aware of this at the time—I thus candidly stated that I was in the process of locating the account information and subsequently, promptly, did so. Now Chevron asks the Court to make yet another finding of waiver, essentially because I as an individual cannot keep pace with the Gibson Dunn rescue team's constant burdensome demands while still trying to search for counsel and prepare for trial. There should be no waiver finding and, due to the Court's discovery cut-off date, I should not be ordered to turn over records from this account.

*Selva Viva accounting.* I have fully explained my position and have no control over the situation. Chevron seeks only leave to subpoena the accountant. I do not oppose. If the Court grants leave, I will provide Chevron the contact information for the accountant.

## II.     Woods documents

Again, Chevron distorts and accuses with no basis. The Court ordered me to "promptly" conduct the necessary privilege review of the documents. I promptly did so. Per the email Chevron cites, it is true that I do not have control over the production of the documents. As far as I understand, the production must be done by the attorney for Andrew Woods. I recently requested again that Woods attorney produce the documents, and I understand that he has now done so.

## III.    Patton Boggs retainer

I testified at deposition that I thought I had a document. I subsequently looked for it and could not find the document. DI 1375. Chevron now moves to hold me in contempt, seething that I should be ordered "to provide a sworn declaration setting forth in detail the search [I] undertook" and "should also be ordered to explain whether [my] testimony at deposition about [my] possession of the Patton Boggs agreement was false." DI 1466 at 9-10.

2

My testimony at deposition about the executed Patton Boggs retainer was not "false." It does appear that I was mistaken. I thought I had a copy, but I have searched my computer, email account, and my limited paper files several times and have been unable to locate it. On the basis of my investigation, I am confident I do not have a copy of the document.

Dated: October 7, 2013  
       New York, New York

Respectfully submitted,

*s/ Steven R. Donziger*
Steven R. Donziger
245 W. 104th Street, #7D
New York, NY 10025
Tel: (917) 678-3943
Fax: (212) 409-8628
Email: StevenRDonziger@gmail.com

*Pro Se*