**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHEVRON CORPORATION,<br><br>               Plaintiff,<br><br>    v.<br><br>STEVEN DONZIGER *et al.*,<br><br>               Defendants. | 11-CV-0691<br><br>The Honorable Lewis A. Kaplan, U.S.D.J.<br>The Honorable James C. Francis, U.S.M.J. |

## NOTICE OF MOTION FOR ADMISSION *PRO HAC VICE*

**PLEASE TAKE NOTICE** that, upon the declaration submitted herewith, Defendants Steven R. Donziger, Law Offices of Steven R. Donziger, and Donziger & Associates, PLLC, by their undersigned attorney, will move this Court, in the Courtroom of the Honorable Lewis A. Kaplan, United States District Judge, United States Courthouse, 500 Pearl Street, Courtroom 12D, New York, New York, at a time and date to be determined by this Court, for an Order admitting Richard H. Friedman and Zoe B. Littlepage *pro hac vice* pursuant to Rule 1.3(c) of the Local Civil Rules of the United States District Court for the Southern District of New York. A proposed order is annexed hereto.

Dated: October 4, 2013
       New York, New York

Respectfully submitted,

    *s/ Steven R. Donziger*
Steven R. Donziger
245 W. 104th Street, #7D
New York, NY 10025
Tel: (917) 678-3943
Fax: (212) 409-8628
Email: StevenRDonziger@gmail.com

*Pro Se*

2

      *s/ Steven R. Donziger*

Steven R. Donziger
245 W. 104th Street, #7D
New York, NY 10025
Tel: (212) 570-4499
Fax: (212) 409-8628
Email: StevenRDonziger@gmail.com

*Attorney for Defendants Law Offices of Steven R. Donziger and Donziger & Associates, PLLC*

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHEVRON CORPORATION,

        Plaintiff,

  v.

STEVEN DONZIGER *et al.*,

        Defendants.

11-CV-0691

The Honorable Lewis A. Kaplan, U.S.D.J.
The Honorable James C. Francis, U.S.M.J.

## DECLARATION OF STEVEN R. DONZIGER

      I, STEVEN R. DONZIGER, pursuant to 28 U.S.C. § 1746, declare under the penalty of perjury that the following is true and correct:

      1.    I am an attorney admitted to practice in the State of New York, United States District Courts for the Southern District of New York and the District of Columbia, and the United States Court of Appeals for the Second Circuit. I am the founder of the Law Offices of Steven R. Donziger and Donziger & Associates, PLLC and represent my law firms and myself *pro se* in the above-captioned action. I make this affidavit in support of the Defendants' motion, pursuant to Rule 1.3(c) of the Local Civil Rules of this Court, for the admission of Richard H. Friedman and Zoe B. Littlepage, to the bar of this Court *pro hac vice.*

      3.    Mr. Friedman is a member of the Friedman | Rubin firm located in Bremerton, Washington. Mr. Friedman is a member in good standing of the bars in Washington, California, Alaska and Nevada. *See* Exhibit 1 (Certificates from the State Bar of Washington, dated Oct. 2, 2013; State Bar of Nevada, dated Sept. 30, 2013, State Bar of California, dated Sept. 30, 2013,

and State Bar of Alaska, dated Oct. 2, 2013).  Mr. Friedman is familiar with the Federal Rules of Civil Procedure and with the Rules of this Court.

2. Ms. Littlepage is a member of The Littlepage Firm located in Houston, Texas.  Ms. Littlepage is a member in good standing of the bar of the state of Texas.  *See* Exhibit 2 (Certificate from the State Bar of Texas, dated Oct. 3, 2013).  Ms. Littlepage is familiar with the Federal Rules of Civil Procedure and with the Rules of this Court.

3. Attached as Exhibit 3 is a copy of an order of the Court in *In re Rezulin Products Liability Litigation* (MDL No. 1348), 00 Civ. 2843 (LAK), dated March 17, 2005, provided here per the Court's instructions in that order.

4. I respectfully request that Mr. Friedman and Ms. Littlepage be admitted to the bar of this Court *pro hac vice.*

Dated: October 4, 2013          Respectfully submitted,
       New York, New York

                                 *s/ Steven R. Donziger*
                                 Steven R. Donziger
                                 245 W. 104th Street, #7D
                                 New York, NY 10025
                                 Tel: (917) 678-3943
                                 Fax: (212) 409-8628
                                 Email: StevenRDonziger@gmail.com

                                 *Pro Se*

                                 *s/ Steven R. Donziger*

                                 Steven R. Donziger
                                 245 W. 104th Street, #7D
                                 New York, NY 10025
                                 Tel: (212) 570-4499
                                 Fax: (212) 409-8628
                                 Email: StevenRDonziger@gmail.com

                                 *Attorney for Defendants Law Offices of Steven R. Donziger and Donziger & Associates, PLLC*

2

**EXHIBIT 1**

# CERTIFICATION OF CURRENT STATUS

October 2, 2013

TO WHOM IT MAY CONCERN:

This is to certify that according to the records of the Washington State Bar Association, **Mr. Richard Friedman**, WSBA ID# **30626** was admitted to the practice of law in this state by the Supreme Court of Washington on **November 27 2000**, and is, as of today's date, an **Active member** of the Washington State Bar Association, <u>**Eligible**</u> to practice law in this state.

This certificate reflects the member's status as of the date stated. Historical information about status, including periods on inactive status, administrative and disciplinary suspensions, disbarments, resignations, etc., are not reflected in this information, but are available through a Certification of Status History. Complete discipline information, including confidential and public information about grievances and disciplinary proceedings, is available with written authorization signed by the member, through a Discipline History Certificate.

Paula C. Littlewood
Executive Director

Washington State Bar Association
1325 Fourth Ave, Suite 600
Seattle, WA 98101-2539
206-443-WSBA



# Certificate of Good Standing

### Richard H. Friedman

*(Bar Number 12743) was admitted by the Supreme Court of the State of Nevada on 12/17/2012 as an*

*Attorney and Counselor at law duly licensed to practice in all courts of the State of Nevada. It is hereby further certified that*

**Richard H. Friedman** *is now an* **Active** *member of the State Bar of Nevada in good standing.*

DATED this Monday, September 30, 2013

Laurie K. Scheffler
Member Services Administrator
State Bar of Nevada

**THE STATE BAR OF CALIFORNIA**

180 HOWARD STREET, SAN FRANCISCO, CALIFORNIA 94105-1617          TELEPHONE: 888-800-3400

# CERTIFICATE OF STANDING

September 30, 2013

TO WHOM IT MAY CONCERN:

This is to certify that according to the records of the State Bar, RICHARD HENRY FRIEDMAN, #221622 was admitted to the practice of law in this state by the Supreme Court of California on December 2, 2002; and has been since that date, and is at date hereof, an ACTIVE member of the State Bar of California; and that no recommendation for discipline for professional or other misconduct has ever been made by the Board of Trustees or a Disciplinary Board to the Supreme Court of the State of California.

THE STATE BAR OF CALIFORNIA

Louise Turner
Custodian of Membership Records



**STATE OF ALASKA**

**THIRD JUDICIAL DISTRICT**

I, Deborah O'Regan, Executive Director of the Alaska Bar Association and custodian of its records hereby certify that <u>**Richard H. Friedman**</u> was admitted to the Alaska Bar Association and to the practice of law in this State since November of 1979; and is presently an active member in good standing of the Alaska Bar Association.

IN WITNESS WHEREOF, I have here unto set my hand on this the 2nd of October, 2013.

ALASKA BAR ASSOCIATION

Deborah O'Regan
Executive Director

G:\ADMIN\LRS\Templates\Certificates ACTIVE.doc

P.O. Box 100279 • Anchorage, Alaska 99510-0279
907-272-7469 • Fax 907-272-2932 • http://www.alaskabar.org

**EXHIBIT 2**

# STATE BAR OF TEXAS



*Office of the Chief Disciplinary Counsel*

October 3, 2013

Re:   Zoe Brigitta Littlepage, State Bar Number 12430050

To Whom It May Concern:

This is to certify that Ms. Zoe Brigitta Littlepage was licensed to practice law in Texas on November 2, 1990, and is an active member in good standing with the State Bar of Texas. "Good standing" means that the attorney is current on payment of Bar dues and attorney occupation tax; has met Minimum Continuing Legal Education requirements; and is not presently under either administrative or disciplinary suspension.

No previous disciplinary sanctions have been entered against Ms. Littlepage's law license.

Sincerely,

Linda A. Acevedo
Chief Disciplinary Counsel

LA/lm

**EXHIBIT 3**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
In re:                                                                          MASTER FILE

REZULIN PRODUCTS LIABILITY LITIGATION
(MDL No. 1348)                                                              00 Civ. 2843 (LAK)

This Document Relates to:     00 Civ. 9168
------------------------------------------------x


**PRETRIAL ORDER NO. 356**
(*Brown* - Sanctions)


LEWIS A. KAPLAN, *District Judge*.

   Pretrial Order No. 353 directed plaintiffs' counsel, Zoe Littlepage, Esq., to show cause why she should not be sanctioned pursuant to Fed. R. Civ. P. 11 for three reasons:

- First, she and her firm failed to respond appropriately when the family at least twice failed to document the appointment of Ms. Hyde as personal representative, despite the firm's requests. These failures both predated and post-dated defendants' requests for documentation.

- Second, from early 2004 until after defendants moved for summary judgment, Ms. Littlepage allowed the complaint alleging that Ms. Hyde was the personal representative of the estate to stand despite the fact that she and her firm knew that Ms. Hyde never had be so appointed. This forced a partly unnecessary motion for summary judgment.

- Third, Ms. Littlepage then proceeded to move to substitute Mr. Tedesco, in his capacity as executor, notwithstanding that the failure of a personal representative to sue within two years of the date of death was fatal to the motion, as the most cursory research would have revealed. *See* PTO 351.

Ms. Littlepage now has responded to the order to show cause.

   With respect to the first two reasons, Ms. Littlepage correctly points out that Rule 11 applies only to the signing of the papers in question. *Olivieri v. Thompson*, 803 F.3d 1265, 1274-75 (2d Cir. 1986), *cert. denied*, 480 U.S. 918 (1987). Rule 11 sanctions for this behavior - the substance of which is not denied - therefore would be inappropriate. While sanctions might well be permissible in these circumstances under 28 U.S.C. § 1927, *see id.* at 1274, the Court declines to rely on that statute inasmuch as notice that it might do so was not given. Moreover, Section 1927 is designed primarily to afford a remedy to an opposing litigant, and the defendants have not sought relief

thereunder. In all the circumstances, the Court has concluded that it will not impose sanctions with respect to the first two matters, although it wishes to make clear that it regards Ms. Littlepage's behavior as having been improper.

The third reason is another matter. In 2002, the Indiana Supreme Court squarely held "that only a personal representative appointed within two years of the decedent's death may file [an] action" under the Indiana Wrongful Death Statute. *Goleski v. Fritz*, 768 N.E.2d 889, 890 (2002). Notwithstanding that holding, Ms. Littlepage moved to substitute Mr. Tedesco, who first was appointed personal representative of the decedent long after the two year period had expired. Indeed, her motion did not disclose the existence of that decision in APPARENT violation of professional standards. *See, e.g., Estate of Washington v. United States*, 53 F.3d 1173, 1176 (10th Cir. 1995); N.Y. Code of Prof. Resp. DR 7-106(B)(1), NYCPR § 1200.37(B)(1); ABA Model Rule of Prof. Conduct R. 3.3(a)(2).

Ms. Littlepage argues that sanctions would be inappropriate because there was a "nonfrivolous argument for the extension, modification or reversal of existing law" on this point, *see* Fed. R. Civ. P. 11(b)(2), because the *Goleski* decision "did not expressly address the split of authority among the [Indiana] courts of appeals" on this point, Littlepage Mem. 6-7. This argument is baseless.

The problem with this argument is that whatever difference of opinion may have existed previously among lower courts in Indiana, the Indiana Supreme Court resolved the matter in *Goleski*. The fact that it did not refer to the previous differences of view is utterly immaterial. Furthermore, the notion that Ms. Littlepage moved to substitute Mr. Tedesco notwithstanding the ruling in *Goleski* because there was a nonfrivolous argument to change the law is belied by two salient facts. First, there is no doubt at all that this Court, as well as the Second Circuit and even the United States Supreme Court, is bound by the *Goleski* decision on a matter of Indiana law. Second, Ms. Littlepage did not make any argument for changing, modifying or extending the law on this point in litigating the motion to substitute Mr. Tedesko. Indeed, when the defense cited *Goleski* in opposition to the motion, she filed no response.

Ms. Littlepage is hereby sanctioned pursuant to Fed. R. Civ. P. 11(c)(1)(B) on the ground that her motion to substitute Mr. Tedesco violated Rule 11(b)(2) because the motion, contrary to the certification represented by her signature on it, was not warranted by existing law or by any nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law. The sanction imposed is a formal reprimand. Ms. Littlepage is directed to attach a copy of this ruling to any future application by her for permission to appear *pro hac vice* in this district.

SO ORDERED.

Dated March 17, 2005

Copies mailed 3/17/05
Chambers of Judge Kaplan

Lewis A. Kaplan
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHEVRON CORPORATION,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STEVEN DONZIGER *et al.*,<br><br>　　　　　　Defendants. | 11-CV-0691<br><br>The Honorable Lewis A. Kaplan, U.S.D.J.<br>The Honorable James C. Francis, U.S.M.J. |

**ORDER**

　　Upon consideration of the Notice of Motion for Admission *Pro Hac Vice* of Defendants Steven Donziger, Law Offices of Steven R. Donziger, and Donziger & Associates, PLLC, and the declaration submitted in support thereof, and good cause having been shown, it is

SO ORDERED that Richard H. Friedman and Zoe B. Littlepage are admitted to the bar of this Court *pro hac vice* this _____ day of October 2013.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　HONORABLE LEWIS A. KAPLAN
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge