UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHEVRON CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>STEVEN DONZIGER, THE LAW OFFICES<br>OF STEVEN R. DONZIGER; et al.,<br><br>    Defendants. | Case No. 11-CV-0691 (LAK) |

---

**DEFENDANTS STEVEN DONZIGER, THE LAW OFFICE
OF STEVEN R. DONZIGER AND DONZIGER &
ASSOCIATES, PLLC'S RESPONSES AND OBJECTIONS
TO CHEVRON CORPORATION'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS**

---

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Civil Rules 26.2 and 26.3 for the United States District Court for the Southern District of New York, as modified by agreement of the parties as reflected in the parties' Joint Report Concerning Scheduling and Discovery Matters ("Joint Report") (Dk. No. 415), Defendants STEVEN DONZIGER, THE LAW OFFICE OF STEVEN R. DONZIGER, AND DONZIGER & ASSOCIATES, PLLC (collectively, "Donziger") hereby respond to Plaintiff CHEVRON CORPORATION'S ("Chevron") First Set of Requests for Production of Documents and Things (Nos. 1-177) as follows:

## PRELIMINARY STATEMENT

Donziger's responses are made without waiving, in any way: (1) the right to object on any basis permitted by law to the use of any information provided in connection with these responses, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (2) the right to object on any basis permitted by law to any other discovery request or proceeding involving or relating to the subject matter of Chevron's requests or these responses.  In particular, Donziger reserves the right to object or to question the authenticity, competency, relevance, materiality, privilege, or admissibility or any document or thing produced in response to Chevron's requests, if such document or thing is offered as evidence in any proceeding or trial in this or any other action for any purpose whatsoever.

Donziger's responses are made to the best of Donziger's present knowledge, information and belief.  Donziger's responses are at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Donziger's recollection, are subject to such refreshing of recollection, and such additional knowledge of facts, as may result from further discovery or investigation.  Donziger reserves the right to make any use of, or to introduce at any hearing or trial, documents that are responsive to Chevron's requests, but discovered subsequent to Donziger's production, including, but not limited to, any documents filed, served, or obtained in discovery in this action.

Where Donziger states that he will produce documents or is searching for documents,

2

Donziger will respond to each document request, subject to Donziger's general and specific objections set forth below, with responsive, non-privileged documents currently in Donziger's possession, custody, or control located after a reasonable search.  Donziger does not represent that any documents actually exist, but rather that Donziger will undertake a good faith search and attempt to ascertain whether documents responsive to these requests do in fact exist.

To the extent that pleadings and/or papers filed or served in this action or the *Chevron v. Salazar,* 11 Civ. 3718 (LAK), action are responsive to these requests, and without waiving the right to rely on any such documents for any purposes in this action, Donziger will not separately produce such pleadings and/or papers in response to discovery requests.  Donziger reserves the right to decide whether the documents produced shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in Chevron's requests, in accordance with Rule 34(b) of the Federal Rules of Civil Procedure.

Subject to all objections, privileges and other exceptions stated herein, Donziger shall produce the documents requested in Chevron's requests at a time and place mutually agreeable to the parties, consistent with the parties' positions and agreements as reflected in the Joint Report.

## GENERAL OBJECTIONS

The following general objections apply to, and are hereby incorporated by reference in, each and every response to each specific request for the production of documents.  Donziger's specification of one or more objections in any given response is not intended to preclude the applicability of any of the general objections.

1.      Donziger objects to each definition and each request to the extent that they imply any unlawful or wrongful conduct on the part of Donziger.

2.      Donziger objects to each request to the extent that it seeks documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.  In particular, Donziger objects to Chevron's instructions and to each request to the extent that it seeks documents post-dating February 14, 2011.  The facts and events alleged in Chevron's Amended Complaint only extend through February 14, 2011,

the date of the judgment issued by the Provincial Court of Justice of Sucumbios in the *Maria Aguinda y Otros v. Chevron Corp.* litigation.  Documents post-dating February 14, 2011, therefore, are not relevant to Chevron's allegations and claims, and Chevron's requests for such documents are not reasonably calculated to lead to the discovery of admissible evidence. Moreover, gathering, reviewing, and producing or logging post-February 14, 2011 documents would impose an undue burden and expense on Donziger, especially given that Chevron's requests seek, in whole or in significant part, privileged materials relating to the ongoing *Aguinda* Litigation in Ecuador, as well as related proceedings in the United States and elsewhere in the world, which are immune from discovery.  In this regard, Donziger notes that it is Chevron's own position, as reflected in the Joint Report, that the default relevant period for discovery in this action should extend only up to February 14, 2011.  *See* Joint Report, at 6.

3. Donziger objects to each and every request to the extent that it fails to describe the documents requested with "reasonable particularity," as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure.

4. Donziger objects to each and every request that seeks "all" documents regarding a given topic or topics, on the grounds that such requests are overly broad and unduly burdensome. Donziger and Chevron have agreed to endeavor to develop mutually acceptable keyword search terms to be applied to document collections, in conjunction with other, traditional document search methods.  *See* Joint Report, at 7-8.  Subject to future meet and confer discussions between Donziger and Chevron regarding the relevance, propriety, and scope of specific requests, the appropriate document custodians to be searched, and appropriate keyword search terms to be used in connection with searching potentially responsive documents within Donziger's possession, custody or control, Donziger will make a diligent search and reasonable inquiry for materials from particular custodians who are reasonably likely to possess information responsive to Chevron's requests.

5. Donziger objects to Chevron's requests to the extent that they call for production of documents or information protected by the attorney-client privilege, the work product

4

doctrine, the common interest doctrine, and/or any other applicable privilege or immunity from discovery afforded by federal law, or to the extent applicable, the laws of the State of New York, and laws of Ecuador, Canada, or Brazil.  Many of Chevron's requests call for material that is privileged on its face, and Donziger objects that such requests are improper and harassing for that reason.  Chevron is not entitled to discovery of privileged information.  *See* Fed. R. Civ. P. 26(b)(1).  By responding to Chevron's requests, Donziger does not waive any applicable privilege or immunity.  Donziger is willing to meet and confer with Chevron regarding the privilege implications of its requests, but Donziger will not produce privileged or otherwise protected documents or information in response to Chevron's requests.  Any inadvertent production of privileged or protected documents or information shall not be deemed a waiver of any applicable privilege or immunity.  Any such inadvertent production shall be returned to Donziger.  In particular, Donziger categorically will withhold from production any documents constituting or reflecting:

(i) Donziger's work product and other protected trial preparation materials in connection with—applying Chevron's definitions—the Lago Agrio Litigation, the *Aguinda* Litigation, the Jota Litigation, the *Salazar* action, this action, the pending judgment recognition actions in Ontario, Canada and Brasilia, Brazil, or any other legal action or proceeding in which the Lago Agrio Plaintiffs have filed pleadings or otherwise appeared or in which they have a legal interest, including, but not limited, to the 1782 Actions, the ROE Litigation, and the BIT Arbitration;

(ii) Attorney-client communications between or among the Lago Agrio Plaintiffs and their legal agents or representatives and any counsel representing or working on behalf of the Lago Agrio Plaintiffs in Ecuador, the United States, Canada, Brazil, or any other country.

(iii) Litigation-related correspondence, work product and trial preparation materials of any other attorneys, expert consultants or advisors, litigation support service providers, or public relations or media consultants representing and/or working on

behalf of the Lago Agrio Plaintiffs regarding the Lago Agrio Litigation, the *Aguinda* Litigation, the Jota Litigation, the *Salazar* action, this action, the pending judgment recognition actions in Ontario, Canada and Brasilia, Brazil, or any other legal action or proceeding in which the Lago Agrio Plaintiffs have filed pleadings or otherwise appeared or in which they have a legal interest, including, but not limited to, the 1782 Actions, the ROE Litigation, and the BIT Arbitration;

(iv)    Donziger's attorney-client communications with his own counsel, including, but not limited to, attorneys at the law firms of Keker & Van Nest LLP, Friedman Kaplan Seiler & Adelman, LLP, and Gerald B. Lefcourt, P.C., including any and all such communications pertaining to any actions or proceedings to which Donziger is a defendant or an interested party, including *In re Application of Chevron Corp.*, 10-MC-00002 (LAK), other 1782 Actions, the *Salazar* action, and this action;

(v)     Donziger's common-interest communications with other counsel representing any other party in any legal action or proceeding to which Donziger himself and/or the Lago Agrio Plaintiffs are parties or interested parties, including the 1782 Actions, the ROE Litigation, the *Salazar* action, the BIT Arbitration, and this action; and

(vi)    Donziger's or any other Lago Agrio Plaintiffs' counsels' common-interest communications with any person or entity providing litigation funding or support on behalf of the Lago Agrio Plaintiffs in connection with the Lago Agrio Litigation, the Aguinda Litigation, the Jota Litigation, the *Salazar* action, this action, the pending judgment recognition actions in Ontario, Canada and Brasilia, Brazil, or any other legal action or proceeding in which the Lago Agrio Plaintiffs have filed pleadings or otherwise appeared or in which they have a legal interest, including, but not limited to, the 1782 Actions, the ROE Litigation, and the BIT Arbitration.

The persons and entities with whom Donziger may have had communications during the relevant

time period over which he intends to claim privilege include, but are not necessarily limited to, the persons and entities identified in the Supplemental Appendix to Privilege Logs by Non-Parties Andrew Woods and Laura J. Garr, submitted to the Court and provided to Chevron in the *Chevron Corp. v. Salazar*, No. 11-Civ-03718 (LAK), action on July 15, 2011.  Many of these individuals and entities are expressly included within Chevron's definitions of "DEFENDANTS' agents, attorneys, and representations," "AGUINDA PLAINTIFFS," "AMAZON DEFENSE FRONT," "AMAZON WATCH," "ASSEMBLY OF THE AFFECTED," "BURFORD," "CO-CONSPIRATORS," "DONZIGER & ASSOCIATES," "ELAW," "LAGO AGRIO PLAINTIFF ACTIVISTS," "LAGO AGRIO PLAINTIFF CONSULTANTS," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFFS," "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," and "UHL & ASSOCIATES."

6.      The parties have agreed that, with respect to the timing of the production of privilege logs, Local Rule 26.2 should not apply and that the parties will provide privilege logs on a rolling basis.  *See* Joint Report at 12.  In keeping with the parties' agreement, and consistent with Local Rule 26.2(c) and the Committee Note thereto, Donziger is willing to further meet and confer with Chevron regarding the scope and timing of any privilege logs to be produced by the parties to this action in response to discovery requests.

7.      Donziger objects to each request to the extent that it calls for confidential and/or proprietary information of any individual or entity other than Donziger, which Donziger is obligated to maintain as confidential information.  Such information includes, but is not limited to, documents that are within the scope of a confidentiality agreement, protective order or settlement agreement, or that otherwise require consent of any third-party prior to production. Donziger will produce such documents only subject to the approval of those third parties or as ordered by the Court.

8.      Donziger objects to the production of any confidential, sensitive, personal or proprietary documents or information absent an appropriate protective order limiting the

677206

dissemination of such documents or information and the use of such documents or information by Chevron.

9.      Donziger objects to Chevron's instructions, definitions, and requests to the extent that they purport to give meaning or legal significance to documents, facts or purported facts, whose meaning or significance is the subject of dispute between the parties.  By responding to Chevron's requests, Donziger in no way admits any of Chevron's allegations or agrees with its characterizations of any facts or any of its legal conclusions, as reflected in Chevron's instructions, definitions, and requests, or elsewhere.

10.      Donziger objects to Chevron's instructions and definitions to the extent that they purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific request on the ground that such enlargement, expansion, or alteration renders such a term or request vague, ambiguous, unintelligible, overly broad, unduly burdensome, and/or uncertain.

11.      Donziger objects to the Chevron's instructions and definitions to the extent that they purport to enlarge, expand, or alter in any way Donziger's discovery obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Civil Rules for the Southern District of New York, or any other orders entered by the Court in this action (collectively, the "Rules").  In particular, Donziger objects to Instruction No. 1, which mischaracterizes Donziger's relationship with numerous individuals and entities, and purports to require Donziger to produce documents not in his possession, custody or control, but rather in the possession, custody or control of a host of other individuals and entities, many of whom are located outside the territorial boundaries of the United States.  Donziger also objects to Chevron's definitions of "YOU," "YOUR," "DONZIGER & ASSOCIATES," and "LAW OFFICES OF STEVEN R. DONZIGER" as exceeding the permissible scope of any term meant to refer to a party, as defined in Local Civil Rule 26.3(c)(5), and thus violating the prohibition that "[n]o discovery request shall use broader definitions or rules of construction than those set forth in paragraphs (c) and (d)" of Local Civil Rule 26.3.  Consistent with Local Civil Rule 26.3(c)(5), in responding to

8

these requests Donziger will interpret the terms "YOU," "YOUR," "DEFENDANTS," "RESPONDENTS," "DONZIGER & ASSOCIATES," and "LAW OFFICES OF STEVEN R. DONZIGER" to mean and include only Steven Donziger, the Law Offices of Steven R. Donziger, Donziger & Associates, PLLC, and their respective officers, directors, employees, or partners.

12.     Donziger objects to all instructions, definitions and requests as premature to the extent that they seek the disclosure of expert opinions or analysis or require expert opinions or analysis to identify what is being requested.

13.     Donziger objects to each instruction and request to the extent that the purport to require Donziger to prepare any document or other information that does not already exist.

14.     Donziger objects to each request to the extent that it seeks documents that are a matter of public record or are equally available to or readily ascertainable by Chevron.

15.     Donziger objects to each request to the extent that it (1) is vague, ambiguous, overly broad, and unduly burdensome; (2) is posed for improper purposes, including, without limitation, embarrassment, undue annoyance, harassment, delay, or to increase the expense of litigation, in violation of Rule 26(g) of the Federal Rules of Civil Procedure; and/or (3) calls for legal conclusion or opinion.

16.     Donziger reserves the right to object on any ground at any time to such other or supplemental requests for production as Chevron may propound involving or relating to the same subject matter of these requests.

17.     Donziger incorporates all of the above into each response set forth below.

## RESPONSES TO REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS RELATED TO any payment, compensation, revenue, or any other thing of value YOU have received, contracted to receive, or have been promised RELATED TO YOUR involvement in, or WORK CONCERNING, the CHEVRON LITIGATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Whether and to what extent Donziger has received or contracted or been promised to receive payment or compensation in connection with work in connection with any "CHEVRON LITIGATIONS," especially as this term is broadly defined by Chevron in these requests, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing. Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine. Donziger objects to this request on grounds that the purportedly defined terms "YOU" and "YOUR" are vague, ambiguous, undefined, and overbroad. Donziger further objects to the definition of "YOU" and "YOUR" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "agents," "attorneys," and "accountants," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined. Donziger will interpret the terms "YOU" and "YOUR" consistent with Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York. Donziger objects to the defined terms "RELATED TO" and "CONCERNING" to the extent that Chevron's purported definitions are inconsistent with, or seek to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York. Donziger objects to this request on grounds that the defined term "CHEVRON LITIGATIONS" is vague, ambiguous, overbroad, and includes proceedings and events that are beyond the scope of the claims and defenses at issue in this litigation. Donziger further objects to this request on grounds that the defined term "WORK" is overbroad and incomprehensibly vague in its use of the terms "supervision," "guidance," advising," "ideas," "assumption," "technique," and "fieldwork." Donziger further objects to the definition of "WORK" in conjunction with the definition of the term "CHEVRON LITIGATIONS," as Chevron's definition of "WORK" pertains only to certain specific litigation.

10

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATED TO any travel by any of the non-US resident RICO DEFENDANTS or non-US resident CO-CONSPIRATORS to the United States RELATED TO CHEVRON or the CHEVRON LITIGATIONS, including but not limited to passports, itineraries, credit card bills, receipts, invoices, expense reports, notes, sketches, diaries, calendars, trip logs, photographs and video recordings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Whether and to what extent any non-US resident RICO defendants or alleged co-conspirators have traveled to the United States in connection with "CHEVRON" or the "CHEVRON LITIGATIONS," especially as these terms are broadly defined by Chevron in these requests, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request on grounds that the defined term "CHEVRON LITIGATIONS" is vague, ambiguous, overbroad, and includes

677206

proceedings and events that are beyond the scope of the claims and defenses at issue in this litigation.  Donziger objects to the definition of "CHEVRON" as vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to the definition of "CHEVRON" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "current and former subsidiaries, affiliates, partners, officers, directors, employees, representatives, agents, or any other PERSON acting, or purporting to act, on their behalf, or any predecessors or successors of the foregoing" or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger will interpret "CHEVRON" to have the meaning set forth in Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York.  Donziger further objects to this request on grounds that the defined term "CO-CONSPIRATORS" is argumentative, unreasonably prejudicial, assumes facts not in evidence, and calls for a legal conclusion.  In responding to Chevron's requests, Donziger interprets "CO-CONSPIRATORS" to refer to the persons and entities that Chevron alleges acted in concert with the "RICO DEFENDANTS," as defined by Chevron, but Donziger in no way admits Chevron's allegations.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS RELATED TO any travel by any of the non-US resident RICO DEFENDANTS or non-US resident CO-CONSPIRATORS to New York RELATED TO CHEVRON or the CHEVRON LITIGATIONS, including but not limited to passports, itineraries, credit card bills, receipts, invoices, expense reports, notes, sketches, diaries,

12

calendars, trip logs, photographs and video recordings.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Whether and to what extent any non-US resident RICO defendants or alleged co-conspirators have traveled to the New York in connection with "CHEVRON" or the "CHEVRON LITIGATIONS," especially as these terms are broadly defined by Chevron in these requests, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request on grounds that the defined term "CHEVRON LITIGATIONS" is vague, ambiguous, overbroad, and includes proceedings and events that are beyond the scope of the claims and defenses at issue in this litigation.  Donziger objects to the definition of "CHEVRON" as vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to the definition of "CHEVRON" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "current and former subsidiaries, affiliates, partners, officers, directors, employees, representatives, agents, or any other PERSON acting, or purporting to act, on their behalf, or any predecessors or successors of the foregoing" or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger will interpret "CHEVRON" to have the meaning set forth in Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York.  Donziger further objects to this request on grounds that the defined term "CO-CONSPIRATORS" is argumentative, unreasonably prejudicial, assumes facts not in evidence, and calls for a legal

conclusion.  In responding to Chevron's requests, Donziger interprets "CO-CONSPIRATORS" to refer to the persons and entities that Chevron alleges acted in concert with the "RICO DEFENDANTS," as defined by Chevron, but Donziger in no way admits Chevron's allegations. Donziger further objects to this request as duplicative and cumulative.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS RELATED TO any travel by any of the non-Ecuador resident RICO DEFENDANTS or non-Ecuador resident CO-CONSPIRATORS to Ecuador RELATED TO CHEVRON or the CHEVRON LITIGATIONS, including but not limited to passports, itineraries, credit card bills, receipts, invoices, expense reports, notes, sketches, diaries, calendars, trip logs, photographs and video recordings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Whether and to what extent any non-Ecuador resident RICO defendants or alleged co-conspirators have traveled to Ecuador in connection with "CHEVRON" or the "CHEVRON LITIGATIONS," especially as these terms are broadly defined by Chevron in these requests, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.  Donziger objects to the defined term "RELATED TO" to the

14

extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request on grounds that the defined term "CHEVRON LITIGATIONS" is vague, ambiguous, overbroad, and includes proceedings and events that are beyond the scope of the claims and defenses at issue in this litigation. Donziger objects to the definition of "CHEVRON" as vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to the definition of "CHEVRON" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "current and former subsidiaries, affiliates, partners, officers, directors, employees, representatives, agents, or any other PERSON acting, or purporting to act, on their behalf, or any predecessors or successors of the foregoing" or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger will interpret "CHEVRON" to have the meaning set forth in Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York.  Donziger further objects to this request on grounds that the defined term "CO-CONSPIRATORS" is argumentative, unreasonably prejudicial, assumes facts not in evidence, and calls for a legal conclusion.  In responding to Chevron's requests, Donziger interprets "CO-CONSPIRATORS" to refer to the persons and entities that Chevron alleges acted in concert with the "RICO DEFENDANTS," as defined by Chevron, but Donziger in no way admits Chevron's allegations.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS RELATED TO any travel by YOU, any of the other RICO DEFENDANTS or any of the CO-CONSPIRATORS to Brazil, Canada, Colombia, Panama or Venezuela RELATED TO CHEVRON or the CHEVRON LITIGATIONS, including but not limited to passports, itineraries, credit card bills, receipts, invoices, expense reports, notes, sketches, diaries, calendars, trip logs, photographs and video recordings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Whether and to what extent Donziger, any of the other RICO defendants, or any of the alleged co-conspirators have traveled to Brazil, Canada, Colombia, Panama or Venezuela in connection with "CHEVRON" or the "CHEVRON LITIGATIONS," especially as these terms are broadly defined by Chevron in these requests, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request on grounds that the defined term "CHEVRON LITIGATIONS" is vague, ambiguous, overbroad, and includes proceedings and events that are beyond the scope of the claims and defenses at issue in this litigation.  Donziger objects to this request on grounds that the purportedly defined terms "YOU" and "YOUR" are vague, ambiguous, undefined, and overbroad.  Donziger further objects to the definition of "YOU" and "YOUR" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "agents," "attorneys," and "accountants," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger

677206

will interpret the terms "YOU" and "YOUR" consistent with Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York.  Donziger objects to the definition of "CHEVRON" as vague, ambiguous, overbroad, and subject to multiple interpretations. Donziger further objects to the definition of "CHEVRON" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "current and former subsidiaries, affiliates, partners, officers, directors, employees, representatives, agents, or any other PERSON acting, or purporting to act, on their behalf, or any predecessors or successors of the foregoing" or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger will interpret "CHEVRON" to have the meaning set forth in Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York.  Donziger further objects to this request on grounds that the defined term "CO-CONSPIRATORS" is argumentative, unreasonably prejudicial, assumes facts not in evidence, and calls for a legal conclusion.  In responding to Chevron's requests, Donziger interprets "CO-CONSPIRATORS" to refer to the persons and entities that Chevron alleges acted in concert with the "RICO DEFENDANTS," as defined by Chevron, but Donziger in no way admits Chevron's allegations.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS RELATED TO any video recordings RELATED TO the CHEVRON LITIGATIONS, including but not limited to the recordings themselves.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Donziger objects to this request to the extent it calls for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other privilege or immunit from discovery.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request on grounds that the defined term "CHEVRON LITIGATIONS" is vague, ambiguous, overbroad, and includes proceedings and events that are beyond the scope of the claims and defenses at issue in this litigation.  Donziger objects to this request to the extent it seeks information that is publicly available or equally available to Chevron, such as video records prepared by news media or other third parties.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS RELATED TO any LAGO AGRIO PLAINTIFF RELATED PARTIES' involvement in drafting, lobbying for, supporting, or enactment of the EMA or any other Ecuadorian law or constitutional amendment RELATED TO the CHEVRON LITIGATIONS.

677206

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly in light of Chevron's use of the overbroad and vague defined term "LAGO AGRIO PLAINTIFF RELATED PARTIES." Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion. In particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations. Whether and to what extent parties other than Donziger or the named defendants had involvement in the drafting, lobbying for, supporting, or enactment of the EMA or "any other Ecuadorian law or constitutional amendment" somehow related to one of the numerous legal proceedings encompassed within Chevron's definition of "CHEVRON LITIGATIONS" seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing. Donziger objects to this request to the extent that it enquires about, and ostensibly seeks to exert a chilling effect upon, activities constituting free speech, free association, and free expression on matters of public concern, as well as petitioning the government, all of which activities are protected by the First Amendment to the United States Constitution. Donziger further objects to this request on grounds that the phrase "other Ecuadorian law or constitutional amendment RELATED TO the CHEVRON LITIGATIONS" is

19

vague, ambiguous, subject to multiple interpretations, and calls for expert analysis and legal conclusions. Donziger objects to this request on grounds that the defined term "CHEVRON LITIGATIONS" is vague, ambiguous, overbroad, and includes proceedings and events that are beyond the scope of the claims and defenses at issue in this litigation. Donziger objects to this request to the extent it calls for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity. Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows: Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS RELATED TO any LAGO AGRIO PLAINTIFF RELATED PARTIES' involvement in the planning, drafting, finalization, translation, and submission of the LAGO AGRIO COMPLAINT on behalf of the LAGO AGRIO PLAINTIFFS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine. Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly in light of Chevron's use of the overbroad and vague defined

20

term "LAGO AGRIO PLAINTIFF RELATED PARTIES."  Donziger objects to the definition of
"LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous,
overbroad, assuming facts not in evidence, and calling for a legal conclusion.  In particular, this
definition is argumentative and incomprehensibly vague in its use of the term "working on behalf
of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in
turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT,"
"ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO
AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-
CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF
LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF
PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of
which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations.
Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported
definition is inconsistent with, or seeks to impose obligations on Donziger greater than that
imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.

    Without waiving any of the general and specific objections stated above, but rather
specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and
confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality
implications of this request, and the timing and manner of production of any relevant,
responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement
with respect to the foregoing issues, to produce any relevant, responsive, non-privileged
documents.

## REQUEST FOR PRODUCTION NO. 9:

    All DOCUMENTS RELATED TO any and all claims alleged in the complaint filed on
behalf of the AGUINDA PLAINTIFFS in the AGUINDA LITIGATION.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

    Donziger objects to this request as vague, ambiguous, overbroad, unduly burdensome,

harassing, not reasonably tailored to seek the discovery of admissible evidence, and falling to to specify with "reasonable particularity" the documents requested as requred by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure.  Donziger further objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.  Read literally, this request calls for any and all documents in any way related to any of the claims at issue in the "AGUINDA LITIGATION," including all of the underlying evidence that existed and/or now exists pertaining to those claims, all of the pleadings and filings in that litigation, and all of the work product and attorney-client communications of the attorneys representing the "AGUINDA PLAINTIFFS."  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS RELATED TO the signing of the LAGO AGRIO COMPLAINT in the LAGO AGRIO LITIGATION, soliciting individuals to participate in the LAGO AGRIO LITIGATION or gathering the signatures of the LAGO AGRIO PLAINTIFFS on the LAGO AGRIO COMPLAINT, any actual or possible forgery of any signatures of the LAGO AGRIO PLAINTIFFS on the LAGO AGRIO COMPLAINT, and the identities of the LAGO AGRIO PLAINTIFFS.

677206

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Donziger objects to this request as vague, ambiguous, overbroad, argumentative, and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Whether and to what extent any person encouraged or asked individuals to participate in the "LAGO AGRIO LITIGATION," all facts concerning the signing of the "LAGO AGRIO COMPLAINT" and the identities of the "LAGO AGRIO PLAINTIFFS," especially as these terms are broadly defined by Chevron in these requests, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing. Donziger objects to the definition of "LAGO AGRIO LITIGATION" as vague and ambiguous in its use of the phrase "any appeals and enforcement actions stemming therefrom." Donziger further objects to the definition of "LAGO AGRIO LITIGATION" as overbroad as to time and subject matter to the extent that it encompasses any "enforcement actions" and thus purports to call for the production of any documents pertaining to any enforcement actions. Donziger further objects to this request on grounds that the phrases "soliciting individuals to participate in the LAGO AGRIO LITIGATION," "gathering the signatures of the LAGO AGRIO PLAINTIFFS on the LAGO AGRIO COMPLAINT," and "any actual or possible forgery of any signatures," are vague, ambiguous, subject to multiple interpretations, call for expert analysis and legal conclusions, argumentative, and assume facts not in evidence. Donziger further objects to this request on the grounds that the phrase "the identities of the LAGO AGRIO PLAINTIFFS" is vague and ambiguous, especially given that the "LAGO AGRIO PLAINTIFFS" are identified in Chevron's own definition of this term. It is unclear what additional information Chevron is seeking. Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York. Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections state above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS RELATED TO the hiring or retention of counsel for the LAGO AGRIO LITIGATION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Donziger objects to this request as vague, ambiguous, overbroad, unduly burdensome, harassing, and not reasonably tailored to seek the discovery of admissible evidence, particularly in light of Chevron's use of the defined term "LAGO AGRIO LITIGATION."  Donziger objects to the definition of "LAGO AGRIO LITIGATION" as vague and ambiguous in its use of the phrase "any appeals and enforcement actions stemming therefrom."  Donziger further objects to the definition of "LAGO AGRIO LITIGATION" as overbroad as to time and subject matter to the extent that it encompasses any "enforcement actions" and thus purports to call for the production of any documents pertaining to any enforcement actions.  Whether, how, and to what extent any counsel has been hired or retained in connection with any enforcement actions is not relevant.  Donziger further objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.

Without waiving any of the general and specific objections stated above, but rather

specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS RELATED TO YOUR authority to act on behalf of the LAGO AGRIO PLAINTIFFS in the United States or Ecuador.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Whether and to what extent Donziger has authority to act on behalf of the "LAGO AGRIO PLAINTIFFS" in the United States or Ecuador seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing. Donziger further objects to this request as vague, ambiguous, subject to multiple interpretations, and calling for expert analysis and legal conclusions.  In particular, this request is vague in its use of the term "authority to act on behalf of."  Donziger objects to this request on grounds that the purportedly defined terms "YOU" and "YOUR" are vague, ambiguous, undefined, and overbroad.  Donziger further objects to the definition of "YOU" and "YOUR" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "agents," "attorneys," and "accountants," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger will interpret the terms "YOU" and "YOUR" consistent with Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules

for the Southern District of New York.  Donziger further objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS RELATED TO the authority of PATTON BOGGS to act on behalf of the LAGO AGRIO PLAINTIFFS in the United States, Ecuador or Canada.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly in light of Chevron's use of the defined term "PATTON BOGGS." Donziger objects to the definition of "PATTON BOGGS" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "former parents," "subsidiaries," "affiliates," "partners," "representatives," "agents," "and any other PERSON acting, or purporting to act on [Patton Boggs LLP's] behalf," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Whether and to what extent non-party "PATTON BOGGS" has authority to act on behalf of the "LAGO AGRIO PLAINTIFFS" in the United States, Ecuador, or Canada seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger further objects to this request as vague, ambiguous, subject to multiple interpretations, calling for expert analysis and legal conclusions.

677206

In particular, this request is vague in its use of the term "authority to act on behalf of."  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger further objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS RELATED TO any power of attorney granted by any LAGO AGRIO PLAINTIFF to anyone, including but not limited to, Pablo Fajardo Mendoza, Luis Yanza, Julio Prieto Mendéz, Juan Pablo Sáenz or Ermel Chávez, related to the LAGO AGRIO LITIGATION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Donziger objects to this request as vague, ambiguous, overbroad, and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Whether and to what extent any LAGO AGRIO PLAINTIFF has granted any power of attorney to anyone in connection with the "LAGO AGRIO LITIGATION," especially as that term is broadly defined by Chevron in these requests, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger objects to the definition of "LAGO AGRIO LITIGATION" as vague and ambiguous in its use of the phrase "any appeals and enforcement actions stemming therefrom."  Donziger further objects to the definition of "LAGO AGRIO

27

LITIGATION" as overbroad as to time and subject matter to the extent that it encompasses any "enforcement actions" and thus purports to call for the production of any documents pertaining to any enforcement actions.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections state above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS RELATED TO any personal injury claims alleged by the AGUINDA PLAINTIFFS, or any PERSONS on behalf of the AGUINDA PLAINTIFFS, in connection with the AGUINDA LITIGATION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Read literally, this request, particularly if read in conjunction with request number 17, calls for any and all documents in any way related to any of the claims at issue in the AGUINDA LITIGATION, including all of the underlying evidence that existed and/or now exists pertaining to those claims, all of the pleadings and filings in that litigation, and all of the work product and attorney-client communications of the attorneys representing the AGUINDA PLAINTIFFS.

Moreover, by requesting all documents concerning any personal injury claims by the AGUINDA PLAINTIFFS' in the AGUINDA LITIGATION, this request seeks information that goes far beyond what is legitimately relevant to this case, both temporarily and in terms of subject matter, and is unduly burdensome, improper and harassing.  Donziger further objects to this request as vague, ambiguous, subject to multiple interpretations, and calling for legal conclusions.  In particular, this request is vague in its use of the phrase "claims alleged by the AGUINDA PLAINTIFFS . . . in connection with the AGUINDA LITIGATION."  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.  Donziger further objects to this request as duplicative and cumulative.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

## REQUEST FOR PRODUCTION NO. 16:

All DOCUMENTS RELATED TO any personal injury claims alleged by the LAGO AGRIO PLAINTIFFS, or any PERSONS on behalf of the LAGO AGRIO PLAINTIFFS, in connection with the CHEVRON LITIGATIONS.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible

29

evidence.  Read literally, this request, particularly if read in conjunction with request number 18, calls for any and all documents in any way related to any of the claims at issue in the CHEVRON LITIGATIONS, including all of the underlying evidence that existed and/or now exists pertaining to those claims, all of the pleadings and filings in that litigation, all of the work product and attorney-client communications of the attorneys representing the LAGO AGRIO PLAINTIFFS.  Donziger objects to this request on grounds that the defined term "CHEVRON LITIGATIONS" is vague, ambiguous, overbroad, and includes proceedings and events that are beyond the scope of the claims and defenses at issue in this litigation.  Donziger further objects to this request as vague, ambiguous, and subject to multiple interpretations in its use of the phrase "claims alleged by the LAGO AGRIO PLAINTIFFS . . . in connection with the CHEVRON LITIGATIONS."  Many of the legal proceedings included within Chevron's definition of the "CHEVRON LITIGATIONS" do not involve any assertion of any claims by the LAGO AGRIO PLAINTIFFS, so it is unclear what documents Chevron is seeking.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.  Donziger further objects to this request as duplicative and cumulative.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

677206

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS RELATED TO any property damage claims alleged by the AGUINDA PLAINTIFFS, or any PERSONS on behalf of the AGUINDA PLAINTIFFS, in connection with the AGUINDA LITIGATION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Read literally, this request, particularly if read in conjunction with request number 15, calls for any and all documents in any way related to any of the claims at issue in the AGUINDA LITIGATION, including all of the underlying evidence that existed and/or now exists pertaining to those claims, all of the pleadings and filings in that litigation, and all of the work product and attorney-client communications of the attorneys representing the AGUINDA PLAINTIFFS. Moreover, by requesting all documents concerning any property damage claims by the AGUINDA PLAINTIFFS' in the AGUINDA LITIGATION, this request seeks information that goes far beyond what is legitimately relevant to this case, both temporarily and in terms of subject matter, and is unduly burdensome, improper and harassing. Donziger further objects to this request as vague, ambiguous, subject to multiple interpretations, and calling for legal conclusions. In particular, this request is vague in its use of the phrase "claims alleged by the AGUINDA PLAINTIFFS . . . in connection with the AGUINDA LITIGATION." Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York. Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine. Donziger further objects to this request as duplicative and cumulative.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows: Donziger is willing to meet and

confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

## REQUEST FOR PRODUCTION NO. 18:

All DOCUMENTS RELATED TO any property damage claims alleged by the LAGO AGRIO PLAINTIFFS, or any PERSONS on behalf of the LAGO AGRIO PLAINTIFFS, in connection with the CHEVRON LITIGATIONS.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Read literally, this request, particularly if read in conjunction with request number 16, calls for any and all documents in any way related to any of the claims at issue in the CHEVRON LITIGATIONS, including all of the underlying evidence that existed and/or now exists pertaining to those claims, all of the pleadings and filings in that litigation, and all of the work product and attorney-client communications of the attorneys representing the LAGO AGRIO PLAINTIFFS.  Donziger objects to this request on grounds that the defined term "CHEVRON LITIGATIONS" is vague, ambiguous, overbroad, and includes proceedings and events that are beyond the scope of the claims and defenses at issue in this litigation.  Donziger further objects to this request as vague, ambiguous, and subject to multiple interpretations in its use of the phrase "claims alleged by the LAGO AGRIO PLAINTIFFS . . . in connection with the CHEVRON LITIGATIONS."  Many of the legal proceedings included within Chevron's definition of the "CHEVRON LITIGATIONS" do not involve any assertion of any claims by the LAGO AGRIO PLAINTIFFS, so it is unclear what documents Chevron is seeking.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule

26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.  Donziger further objects to this request as duplicative and cumulative.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

## REQUEST FOR PRODUCTION NO. 19:

All DOCUMENTS RELATED TO any AGUINDA PLAINTIFF not pursuing any claim asserted in the AGUINDA LITIGATION in the LAGO AGRIO LITIGATION.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Whether, why and to what extent claims asserted in the AGUINDA LITIGATION were or were not asserted in the LAGO AGRIO LITIGATION seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger further objects to this request as vague, ambiguous, subject to multiple interpretations, calling for expert analysis and legal conclusions, argumentative, and assuming facts not in evidence.  In particular, this request is vague, subject to multiple interpretations, requires and expert analysis and legal conclusions in its use of the phrase "not pursuing any claim asserted in the AGUINDA LITIGATION in the LAGO AGRIO LITIGATION."  Donziger objects to the definition of "LAGO AGRIO LITIGATION" as vague and ambiguous in its use of the phrase "any appeals and enforcement actions stemming therefrom."  Donziger further objects

to the definition of "LAGO AGRIO LITIGATION" as overbroad as to time and subject matter to the extent that it encompasses any "enforcement actions" and thus purports to call for the production of any documents pertaining to any enforcement actions.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS RELATED TO the decision that the LAGO AGRIO PLAINTIFFS not pursue personal injury or property damage claims in the LAGO AGRIO LITIGATION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Whether, why and to what extent claims asserted in the AGUINDA LITIGATION were or were not asserted in the LAGO AGRIO LITIGATION seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger further objects to this request as vague, ambiguous, subject to multiple interpretations, calling for expert analysis and legal conclusions, argumentative, and assuming facts not in evidence.  In particular, this request is vague, subject to multiple interpretations,

34

requires and expert analysis and legal conclusions in its use of the phrase "decision that the

LAGO AGRIO PLAINTIFFS not pursue personal injury or property damage claims in the LAGO

AGRIO LITIGATION."  Donziger objects to the definition of "LAGO AGRIO LITIGATION"

as vague and ambiguous in its use of the phrase "any appeals and enforcement actions stemming

therefrom." Donziger further objects to the definition of "LAGO AGRIO LITIGATION" as

overbroad as to time and subject matter to the extent that it encompasses any "enforcement

actions" and thus purports to call for the production of any documents pertaining to any

enforcement actions.  Donziger objects to the defined term "RELATED TO" to the extent that

Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger

greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of

New York.  Donziger objects to this request as calling for information protected from discovery

by the attorney-client privilege, the attorney work product doctrine, and the common interest

doctrine.

Without waiving any of the general and specific objections stated above, but rather

specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and

confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality

implications of this request, and the timing and manner of production of any relevant,

responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement

with respect to the foregoing issues, to produce any relevant, responsive, non-privileged

documents.

**REQUEST FOR PRODUCTION NO. 21:**

If YOU contend that any of the LAGO AGRIO PLAINTIFFS currently live or previously

lived in the FORMER CONCESSION AREA, all DOCUMENTS in support of that contention.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Donziger objects to this request on grounds that it is a contention interrogatory disguised

as a request for production and is premature and violates Local Civil Rule 33.3 for the United

States District Court for the Southern District of New York, as discovery has just commenced.

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Whether and to what extent Donziger contends or believes that any of the LAGO AGRIO PLAINTIFFS currently lives or previously lived in the FORMER CONCESSION AREA, especially as this term is broadly and vaguely defined by Chevron, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger objects to this request on grounds that the defined term FORMER CONCESSION AREA is vague and ambiguous, overbroad, subject to multiple interpretations, and requires information that is not within Donziger's personal knowledge to interpret.  Donziger objects to this request on grounds that the purportedly defined terms "YOU" and "YOUR" are vague, ambiguous, undefined, and overbroad.  Donziger further objects to the definition of "YOU" and "YOUR" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "agents," "attorneys," and "accountants," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger will interpret the terms "YOU" and "YOUR" consistent with Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 22:**

       If YOU contend that any of the AGUINDA PLAINTIFFS currently live or previously

lived in the FORMER CONCESSION AREA, all DOCUMENTS in support of that contention.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Donziger objects to this request on grounds that it is a contention interrogatory disguised as a request for production and is premature and violates Local Civil Rule 33.3 for the United States District Court for the Southern District of New York, as discovery has just commenced. Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Whether and to what extent Donziger contends or believes that any of the AGUINDA PLAINTIFFS currently lives or previously lived in the FORMER CONCESSION AREA, especially as this term is broadly and vaguely defined by Chevron, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing. Donziger objects to this request on grounds that the defined term FORMER CONCESSION AREA is vague and ambiguous, overbroad, subject to multiple interpretations, and requires information that is not within Donziger's personal knowledge to interpret. Donziger objects to this request on grounds that the purportedly defined terms "YOU" and "YOUR" are vague, ambiguous, undefined, and overbroad. Donziger further objects to the definition of "YOU" and "YOUR" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "agents," "attorneys," and "accountants," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined. Donziger will interpret the terms "YOU" and "YOUR" consistent with Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York. Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections state above, but rather specifically subject to them, Donziger responds as follows: Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant,

responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS RELATED TO the withdrawal or resignation of any lawyer or law firm that provided legal counsel to the LAGO AGRIO PLAINTIFFS in connection with the CHEVRON LITIGATIONS, including but not limited to KOHN SWIFT & GRAF, Constantine Canon LLP; Brownstein Hyatt Farber Schreck LLP; Recht Kornfield PC; Horowitz Forbes LLP; and Wheeler Trigg O'Donnell LLP.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Whether any lawyer or law firm that has provided legal counsel in connection with the "CHEVRON LITIGATIONS," withdrew or resigned, especially as the term "CHEVRON LITIGATIONS" is broadly defined by Chevron in these requests, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing. Donziger objects to this request on grounds that the defined term "CHEVRON LITIGATIONS" is vague, ambiguous, overbroad, and includes proceedings and events that are beyond the scope of the claims and defenses at issue in this litigation. Donziger objects to the definition of "KOHN SWIFT & GRAF" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "current and former parents," "subsidiaries," "affiliates," "partners," "representatives," "agents," "and any other PERSON acting, or purporting to act on [Kohn Swift & Graf, P.C.'s] behalf," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined. Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seek to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.

38

Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 24:**

All COMMUNICATIONS between YOU and any LAGO AGRIO PLAINTIFF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  This request for "all communications" between Donziger and any LAGO AGRIO PLAINTIFF seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger objects to this request on grounds that the purportedly defined terms "YOU" and "YOUR" are vague, ambiguous, undefined, and overbroad.  Donziger further objects to the definition of "YOU" and "YOUR" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "agents," "attorneys," and "accountants," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger will interpret the terms "YOU" and "YOUR" consistent with Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York.  Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request as

39

calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 25:**

All AGREEMENTS RELATED TO the funding of the LAGO AGRIO LITIGATION or the CRIMINAL CASES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The manner in which monies relating to the "LAGO AGRIO LITIGATION" or the "CRIMINAL CASES," especially as these terms are broadly defined by Chevron in these requests, were obtained or paidseeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger objects to this request as vague, ambiguous, subject to multiple interpretations, argumentative, and assuming facts in evidence.  In particular, this request is vague in its use of the undefined term "funding."  Donziger objects to this request on grounds that the defined term "AGREEMENTS" is overbroad, vague, ambiguous, subject to multiple interpretations, calls for expert analysis and legal conclusions and argumentative.  In particular, this definition is overbroad incomprehensibly vague in its use of the phrase "regardless of whether or not the agreement was communicated or finalized."  Donziger objects to the definition of "LAGO AGRIO LITIGATION" as vague and ambiguous in its use of the phrase "any appeals and enforcement actions stemming therefrom."

Donziger objects to the definition of "LAGO AGRIO LITIGATION" as overbroad as to time and subject matter to the extent that it encompasses any "enforcement actions" and thus purports to call for the production of any documents pertaining to any enforcement actions.  Donziger objects to the definition of "CRIMINAL CASES" as vague, ambiguous, overbroad, subject to multiple interpretations, and calling for expert analysis and legal conclusions.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seek to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS RELATED TO any PERSON, excluding any counsel of record, who financially supported or invested in, was asked to financially support or invest in, or who offered to financially support or invest in the LAGO AGRIO LITIGATION or the CRIMINAL CASES, including but not limited to BURFORD; Christopher Bogart; Selvyn Seidel; Russell DeLeon; Orin Kramer; Torvia Limited; H5; Elliott Management; Nugent Investments Limited; Calunius; Credit Suisse; IMF Australia; Juridica; Ironshore; Integro Group; Ambridge Partners; AON; KOHN SWIFT & GRAF; Joseph Kohn; Oil Watch; AMAZON WATCH; RAINFOREST ACTION NETWORK; New Orleans Group; Satee GMBH; 88 Capital LLC; Jonaks Limited; Equitable Outcomes; David Sherman; Glen Krevlin; Michael Donziger;

41

Russell O. Wiese; Calumnia Capital; Douglas Ellenoff; Eric Saltzman, and John Weintraub.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Read literally, this request calls for every document that is somehow related to any person, regardless of the date, subject matter, or purpose of the document, who has or had any connection to any financial support or investment in "LAGO AGRIO LITIGATION" or the "CRIMINAL CASES," especially as these terms are broadly defined by Chevron in these requests. This request thus seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing. Donziger objects to the definition of "LAGO AGRIO LITIGATION" as vague and ambiguous in its use of the phrase "any appeals and enforcement actions stemming therefrom." Donziger further objects to the definition of "LAGO AGRIO LITIGATION" as overbroad as to time and subject matter to the extent that it encompasses any "enforcement actions" and thus purports to call for the production of any documents pertaining to any enforcement actions. Donziger objects to the definition of "CRIMINAL CASES" as vague, ambiguous, overbroad, subject to multiple interpretations, and calling for expert analysis and legal conclusions. Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seek to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York. Donziger objects to the definition of "BURFORD" as vague, ambiguous, overbroad, and subject to multiple interpretations. Donziger further objects to the definition of "BURFORD" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "current and former parents," "subsidiaries," "affiliates," "partners," "representatives," "agents," "and any other PERSON acting, or purporting to act on [Burford Capital Limited, Burford Group Limited and Treca Financial Solutions's] behalf," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined. Donziger objects to

this request on grounds that the term "AON" is vague, ambiguous, and undefined.  Donziger objects to the definition of "KOHN SWIFT & GRAF" as vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to the definition of "KOHN SWIFT & GRAF" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "current and former parents," "subsidiaries," "affiliates," "partners," "representatives," "agents," "and any other PERSON acting, or purporting to act on [Kohn Swift & Graf, P.C.'s] behalf," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger objects to the definition of "AMAZON WATCH" as vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to the definition of "AMAZON WATCH" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "members," "partners," "contractors," "servants," "representatives," "agents," "insurance companies," "attorneys, "accountants," "assigns," "or any other PERSON or entity acting for, at the direction of, or on behalf of AMAZON WATCH," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger objects to the definition of "RAINFOREST ACTION NETWORK" as vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to the definition of "RAINFOREST ACTION NETWORK" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "members," "partners," "contractors," "servants," "representatives," "agents," "insurance companies," "attorneys, "accountants," "assigns," "or any other PERSON or entity acting for, at the direction of, or on behalf of RAINFOREST ACTION NETWORK," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and

43

677206

confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS concerning the funding of the LAGO AGRIO LITIGATION that are COMMUNICATIONS with, or mention, PATTON BOGGS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The manner in which monies relating to the "LAGO AGRIO LITIGATION," especially as this term ks broadly defined by Chevron in these requests, were obtained or paid seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing. Donziger objects to the definition of "LAGO AGRIO LITIGATION" as vague and ambiguous in its use of the phrase "any appeals and enforcement actions stemming therefrom." Donziger further objects to the definition of "LAGO AGRIO LITIGATION" as overbroad as to time and subject matter to the extent that it encompasses any "enforcement actions" and thus purports to call for the production of any documents pertaining to any enforcement actions. Donziger objects to this request as vague, ambiguous, subject to multiple interpretations, argumentative, and assuming facts in evidence. In particular, this request is vague in its use of the undefined term "funding." Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Civil Rules for the Southern District of New York. Donziger objects to the definition of "PATTON BOGGS" as vague, ambiguous, overbroad, and subject to multiple interpretations. Donziger further objects to the definition of "PATTON BOGGS" to the extent it purports to

44

impute to Donziger any knowledge of persons or entities falling within the scope of the terms "former parents," "subsidiaries," "affiliates," "partners," "representatives," "agents," "and any other PERSON acting, or purporting to act on [Patton Boggs LLP's] behalf," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.  Donziger further objects to this request as duplicative and cumulative.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS RELATED TO any savings accounts, checking accounts, money market accounts, brokerage accounts, certificates of deposit or any other credit or debit accounts, whether open or closed, from which any monies were paid to CABRERA, any member of the PURPORTED CABRERA TEAM, COURT EXPERTS, or any ROE government officials, agencies, employees, representatives, contractors, judges, judicial staff or any other PERSON or entity acting, or purporting to act, on the ROE's behalf.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Donziger objects to this request on grounds that it is argumentative and assumes facts not in evidence.  Donziger objects to this request to the extent it purports to impute to Donziger any knowledge concerning the referenced accounts or impose duties to ascertain any information

677206

relating to such accounts.  Donziger objects to the defined term "PURPORTED CABRERA TEAM" as vague, ambiguous, argumentative, and subject to multiple interpretations.  Donziger objects to the definition of "COURT EXPERTS" as vague, ambiguous, and subject to multiple interpretations.  Donziger further objects to the definition of "COURT EXPERTS" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "settling expert(s)," and "other experts considered but not ultimately appointed by the LAGO AGRIO COURT," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger objects to the definition of "ROE" as vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to the definition of "ROE" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "current and former presidents, attorneys general, judges, other officials, politicians, partners, contractors, employees, servants, representatives, agents, agencies, officers, insurance companies, attorneys, accountants, assigns, or any other PERSON acting, or purporting to act on [the ROE's]" behalf, either directly or indirectly" or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement

with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS RELATED TO BANCO PICHINCHA account number 39324298-00 (referred to as the "secret account" in DONZ-HDD-0124585), held by or in the name of Frente de Defensa de la Amazonia a/k/a Amazon Defense Front or Amazon Defense Coalition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Donziger objects to this request to the extent it purports to impute to Donziger any knowledge concerning the referenced bank account or impose duties to ascertain any information relating to such account.  Donziger objects to the definition of "BANCHO PICHINCHA" as vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to the definition of "BANCH PICHINCHA" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "affiliates," "subsidiaries," branches," "agencies," "managers," "employees," "agents," "representatives," "consultants," "attorneys" and "any other person or entity acting for, at the direction of, or on behalf of," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger objects to this request to the extent it seeks information or materials equally available to Chevron.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather

specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS RELATED TO BANCO PICHINCHA account number 32564450-04, held by or in the name of Selva Viva Selviva Cia Ltda. a/k/a Selva Viva or Selva Viva Cia Ltda.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Donziger objects to this request to the extent it purports to impute to Donziger any knowledge concerning the referenced bank account or impose duties to ascertain any information relating to such account.  Donziger objects to the definition of "BANCHO PICHINCHA" as vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to the definition of "BANCH PICHINCHA" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "affiliates," "subsidiaries," "branches," "agencies," "managers," "employees," "agents," "representatives," "consultants," "attorneys" and "any other person or entity acting for, at the direction of, or on behalf of," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger objects to this request to the extent it seeks information or materials equally available to Chevron.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent that it seeks

48

information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS RELATED TO Andres Snaider.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  This request for all documents that relate in any way to a person, regardless of the date of the document, its subject matter, or purpose, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality

implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS RELATED TO NEXTANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly in light of Chevron's use of the defined term "NEXTANT." This request for all documents in any way related to "NEXTANT," regardless of the date of the document, its subject matter, or purpose, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing. Donziger objects to the definition of "NEXTANT" as vague, ambiguous, overbroad, and subject to multiple interpretations. Donziger further objects to the definition of "NEXTANT" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "affiliates," "partners," "employees," "representatives," "agents," and "any other PERSON acting, or purporting to act, on [Nextant LLC's] behalf," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined. Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York. Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows: Donziger is willing to meet and

confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS RELATED TO funding by KOHN SWIFT & GRAF (including Joseph Kohn) of the CHEVRON LITIGATIONS, including but not limited to DOCUMENTS reflecting KOHN SWIFT & GRAF deposits into savings, checking, money market, brokerage or any other credit or debit accounts and DOCUMENTS REFLECTING KOHN SWIFT & GRAF payments or compensation for any services and expenses RELATING TO the CHEVRON LITIGATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Whether and to what extent KOHN SWIFT & GRAF, as broadly and vaguely defined by Chevron, has paid or compensated anyone in connection with any litigation encompassed within Chevron's vague and overgroad defined term "CHEVRON LITIGATIONS" seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger objects to this request as vague, ambiguous, and subject to multiple interpretations.  In particular, this request is vague in its use of the undefined term "funding."  Donziger also objects to this request on grounds that the defined term "CHEVRON LITIGATIONS" is vague, ambiguous, overbroad, and includes proceedings and events that are beyond the scope of the claims and defenses at issue in this litigation.  Donziger objects to the definition of "KOHN SWIFT & GRAF" as vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to the definition of "KOHN SWIFT & GRAF" to the extent it purports to impute to Donziger any knowledge of persons or entities

51

falling within the scope of the terms "current and former parents," "subsidiaries," "affiliates," "partners," "representatives," "agents," "and any other PERSON acting, or purporting to act on [Kohn Swift & Graf, P.C.'s] behalf," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS that set forth an accounting of the expenditures for the CHEVRON LITIGATIONS including but not limited to any accountings prepared by SELVA VIVA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  This request for information relating to all expenditures in any way related to the "CHEVRON LITIGATIONS," especially as this term is broadly defined by Chevron in these requests, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger objects to this request on grounds that it is vague, ambiguous, subject to multiple interpretations, and argumentative.  In particular, this

request is argumentative and incomprehensibly vague in its use of the terms "accounting of" and "accountings" and the phrase "expenditures for the CHEVRON LITIGATIONS."  Donziger objects to this request on grounds that the defined term "CHEVRON LITIGATIONS" is vague, ambiguous, overbroad, and includes proceedings and events that are beyond the scope of the claims and defenses at issue in this litigation.  Donziger objects to the definition of "SELVA VIVA" as vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to the definition of "SELVA VIVA" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "current and former subsidiaries," "affiliates," "partners," "representatives," "agents," "and any other PERSON acting, or purporting to act on [Defendant Selva Viva Selviva Cia. Ltda.'s]" behalf," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS RELATED TO the CHEVRON LITIGATIONS associated with savings, checking, money market, brokerage or any other credit or debit accounts belonging to YOU, operated by YOU, controlled by YOU, or for which YOU are a signatory, that were used in RELATION TO any of the CHEVRON LITIGATIONS, including but not limited to:

53

a.      Chase Bank Account Number 000000742190218

b.      Chase Bank Account Number 000000828422758

c.      Chase Bank Account Number 000151112225365

d.      Chase Bank Account Number 000002745715678

e.      Chase Bank Account Number 239-0048161-65

f.      Chase Bank Account Number 239-0047601-65

g.      Chase Bank Account Number 151-0291052-65

h.      Chase IOLA Trust Account #00000074218922

i.      Chase Bank Account Number 455001782965

j.      Chase Bank Account Number 773420989

k.      Synovus Bank Account Number 001-001-056-4

h.      Citi Smith Barney Account Number 71G 26750.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Donziger further objects that this request is vague, ambiguous, and subject to multiple interpretations in its use of the undefined term "associated with."  In it unclear what association is required to bring any given document that somehow relates in any way to CHEVRON LITIGATIONS, as broadly defined by Chevron, within the scope of this request.  But however this request is interpreted, it seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger further objects to this request on grounds that the defined term "CHEVRON LITIGATIONS" is vague, ambiguous, overbroad, and includes proceedings and events that are beyond the scope of the claims and defenses at issue in this litigation.  Donziger objects to this request on grounds that the purportedly defined terms "YOU" and "YOUR" are vague, ambiguous, undefined, and

54

overbroad.  Donziger further objects to the definition of "YOU" and "YOUR" to the extent it

purports to impute to Donziger any knowledge of persons or entities falling within the scope of

the terms "agents," "attorneys," and "accountants," or impose duties to ascertain the identity,

existence or relationships of or among any of the persons or entities listed or defined.  Donziger

will interpret the terms "YOU" and "YOUR" consistent with Rule 26.3(c)(5) of the Local Civil

Rules for the Southern District of New York.  Donziger objects to the defined term "RELATED

TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose

obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules

for the Southern District of New York.  Donziger objects to this request as calling for

information protected from discovery by the attorney-client privilege, the attorney work product

doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather

specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and

confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality

implications of this request, and the timing and manner of production of any relevant,

responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement

with respect to the foregoing issues, to produce any relevant, responsive, non-privileged

documents.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS RELATED TO COMMUNICATIONS with, interference with,

guidance to, instruction to, or pressure on the LAGO AGRIO COURT by the ROE

REGARDING CHEVRON or the CHEVRON LITIGATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Donziger objects to this request as overbroad and calling for documents and information

that are neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence.  Whether the "ROE," especially as broadly and vaguely defined by Chevron, had

communications with the LAGO AGRIO COURT in some way related to "CHEVRON" or the

numerous legal proceedings encompassed within Chevron's definition of "CHEVRON

LITIGATIONS" goes far beyond what is legitimately relevant to this case. Donziger further

objects to this request as argumentative and assuming facts not in evidence. Donziger further

objects to this request on grounds that the terms "interference," "guidance," "instruction," and

"pressure" are vague, ambiguous, subject to multiple interpretations, argumentative, and call for

legal conclusions. Donziger objects to this request on grounds that the defined term

"CHEVRON LITIGATIONS" is vague, ambiguous, overbroad, and includes proceedings and

events that are beyond the scope of the claims and defenses at issue in this litigation. Donziger

objects to the definition of "ROE" as vague, ambiguous, overbroad, and subject to multiple

interpretations. Donziger further objects to the definition of "ROE" to the extent it purports to

impute to Donziger any knowledge of persons or entities falling within the scope of the terms

"current and former presidents, attorneys general, judges, other officials, politicians, partners,

contractors, employees, servants, representatives, agents, agencies, officers, insurance

companies, attorneys, accountants, assigns, or any other PERSON acting, or purporting to act on

[the ROE's] behalf, either directly or indirectly" or impose duties to ascertain the identity,

existence or relationships of or among any of the persons or entities listed or defined. Donziger

objects to the definition of "CHEVRON" as vague, ambiguous, overbroad, and subject to

multiple interpretations. Donziger further objects to the definition of "CHEVRON" to the extent

it purports to impute to Donziger any knowledge of persons or entities falling within the scope of

the terms "current and former subsidiaries, affiliates, partners, officers, directors, employees,

representatives, agents, or any other PERSON acting, or purporting to act, on their behalf, or any

predecessors or successors of the foregoing" or impose duties to ascertain the identity, existence

or relationships of or among any of the persons or entities listed or defined. Donziger will

interpret "CHEVRON" to have the meaning set forth in Rule 26.3(c)(5) of the Local Civil Rules

for the Southern District of New York. Donziger objects to the defined term "RELATED TO" to

the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations

on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the

56

Southern District of New York.  Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS RELATED TO meetings or COMMUNICATIONS between any PERSON on the one hand, and the ROE, on the other hand, REGARDING CHEVRON or the CHEVRON LITIGATIONS, including but not limited to meetings or COMMUNICATIONS with President Rafael Correa and his staff, all government ministries (including the Ministry of Environment), all executive branch agencies, prosecutors, legislators, judicial bodies, and judges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Read literally, this request calls for any and all documents in any way related to any communication between the ROE, as broadly and vaguely defined by Chevron, and any other person related in any way to Chevron or one of the numerous legal proceedings encompassed within Chevron's definition of "CHEVRON LITIGATIONS."  This request thus seeks

information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing. Donziger further objects to this request to the extent it seeks information that is in Chevron's possession or is publicly available or equally or more readily available to Chevron. Donziger objects to this request to the extent that it enquires about, and ostensibly seeks to exert a chilling effect upon, activities constituting free speech, free association, and free expression on matters of public concern, as well as petitioning the government, all of which activities are protected by the First Amendment to the United States Constitution. Donziger objects to this request on grounds that the defined term "CHEVRON LITIGATIONS" is vague, ambiguous, overbroad, and includes proceedings and events that are beyond the scope of the claims and defenses at issue in this litigation. Donziger objects to the definition of "ROE" as vague, ambiguous, overbroad, and subject to multiple interpretations. Donziger further objects to the definition of "ROE" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "current and former presidents, attorneys general, judges, other officials, politicians, partners, contractors, employees, servants, representatives, agents, agencies, officers, insurance companies, attorneys, accountants, assigns, or any other PERSON acting, or purporting to act on [the ROE's] behalf, either directly or indirectly" or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined. Donziger objects to the definition of "CHEVRON" as vague, ambiguous, overbroad, and subject to multiple interpretations. Donziger further objects to the definition of "CHEVRON" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "current and former subsidiaries, affiliates, partners, officers, directors, employees, representatives, agents, or any other PERSON acting, or purporting to act, on their behalf, or any predecessors or successors of the foregoing" or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined. Donziger will interpret "CHEVRON" to have the meaning set forth in Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York. Donziger objects to the defined terms "RELATED TO" and

58

"REGARDING" to the extent that Chevron's purported definitions are inconsistent with, or seek to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS RELATED TO COMMUNICATIONS with Pereina Correa.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Read literally, this request calls for any and all documents in any way related to any communications that any person has had with Pereina Correa, regardless of subject matter, and thus seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger further objects to this request to the extent it seeks information that is in Chevron's possession or is publicly available or equally or more readily available to Chevron.  Donziger objects to this request to the extent that it enquires

59

about, and ostensibly seeks to exert a chilling effect upon, activities constituting free speech, free association, and free expression on matters of public concern, as well as petitioning the government, all of which activities are protected by the First Amendment to the United States Constitution. Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York. Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Civil Rules for the Southern District of New York. Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows: Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS RELATED TO the writing, drafting, creation, editing, advance knowledge of, or revision by any of the LAGO AGRIO PLAINTIFF RELATED PARTIES of any official communication, order, statement, ruling, report, judgment, sentencia, escrito, providencia, edict, or other writing issued by the ROE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible

60

evidence, particularly in light of Chevron's use of the overbroad and vague defined term "LAGO AGRIO PLAINTIFF RELATED PARTIES."  Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion.  In particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations.  Whether and to what extent parties other than Donziger, the other named defendants, the purported non-party co-conspirators, or Chevron or anyone acting on its behalf had any involvement in the writing, drafting, creation, or editing of, or had advance notice of any official communication or writing issued by the ROE seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger objects to the undefined terms "advance knowledge of" and "other writings" as vague, ambiguous, and subject to multiple interpretations.  Donziger objects to the definition of "ROE" as vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to the definition of "ROE" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "current and former presidents, attorneys general, judges, other officials, politicians, partners, contractors, employees, servants, representatives, agents, agencies, officers, insurance companies, attorneys, accountants, assigns, or any other PERSON acting, or purporting to act on [the ROE's]" behalf, either directly or indirectly" or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities

listed or defined.  Donziger objects to the defined term "RELATED TO" to the extent that
Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger
greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of
New York.  Donziger objects to this request to the extent it seeks information protected from
discovery by the attorney-client privilege, the attorney work product doctrine, the common
interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather
specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and
confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality
implications of this request, and the timing and manner of production of any relevant,
responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement
with respect to the foregoing issues, to produce any relevant, responsive, non-privileged
documents.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS RELATED TO payments, expenses, invoices, receipts, or bills for
goods or services RELATED TO the LAGO AGRIO LITIGATION, and made or rendered to or
by the ROE or counsel for the ROE including Winston & Strawn LLP.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Donziger objects to this request as overbroad and calling for documents and information
that are neither relevant nor reasonably calculated to lead to the discovery of admissible
evidence.  Read literally, this request calls for any and all documents in any way related to any
requested or actual exchange of money involving the ROE and the LAGO AGRIO
LITIGATION.  This request seeks information that goes far beyond what is legitimately relevant
to this case, and is unduly burdensome, improper and harassing.  Donziger objects to the
definition of "LAGO AGRIO LITIGATION" as vague and ambiguous in its use of the phrase
"any appeals and enforcement actions stemming therefrom."  Donziger further objects to the
definition of "LAGO AGRIO LITIGATION" as overbroad as to time and subject matter to the

extent that it encompasses any "enforcement actions" and thus purports to call for the production of any documents pertaining to any enforcement actions.  Donziger objects to the undefined phrases "made or rendered to or by" and "counsel for the ROE" as vague, ambiguous, subject to multiple interpretation, and calling for legal conclusions.  Donziger objects to the definition of "ROE" as vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to the definition of "ROE" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "current and former presidents, attorneys general, judges, other officials, politicians, partners, contractors, employees, servants, representatives, agents, agencies, officers, insurance companies, attorneys, accountants, assigns, or any other PERSON acting, or purporting to act on [the ROE's]" behalf, either directly or indirectly" or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS RELATED TO any AGREEMENTS between the LAGO AGRIO

PLAINTIFFS or any of the LAGO AGRIO PLAINTIFF RELATED PARTIES, on the one hand, and the ROE or PETROECUADOR, on the other hand, including but not limited to: (1) AGREEMENTS between THE FRONT and the Ministry of Environment of Ecuador or any other agency or program that is part of or supported by the ROE RELATING TO relocation or housing of certain residents of the FORMER CONCESSION AREA or other areas allegedly affected by petroleum production operations ("Proyecto de Reparación Ambiental y Social" or "PRAS Fund"); (2) AGREEMENTS RELATED TO the Special Account for Economic Reactivation ("Cuenta Especial de la Reactivación Productiva y Social, del Desarrollo Científico-Tecnológico y de la Estabilización Fiscal" or the "CEREPS Fund"); and (3) AGREEMENTS REGARDING any potential claims, lawsuits, or other forms of legal action against the ROE or PETROECUADOR, including, but not limited to the CHEVRON LITIGATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly in light of Chevron's use of the vabue and overbroad defined terms "AGREEMENTS," "LAGO AGRIO PLAINTIFFS," "LAGO AGRIO PLAINTIFF RELATED PARTIES," the "FRONT," and "ROE." Read literally, this request calls for any and all documents in any way related to any actual or contemplated agreement between any of the LAGO AGRIO PLAINTIFFS or LAGO AGRIO PLAINTIFF RELATED PARTIES, as broadly and vaguely defined by Chevron, and the ROE, as broadly and vaguely defined by Chevron, or PETROECUADOR, without limitation as to subject-matter. This request thus seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing. Donziger objects to this request on grounds that it is vague, ambiguous, subject to multiple interpretations, calls for expert analysis and legal conclusions, and assumes facts not in evidence. In particular, this request is argumentative and vague in its use of the undefined terms "agency or program that is part of or supported by the ROE," and "relocation or housing of certain residents of the FORMER CONCESSION AREA or other areas allegedly

64

affected by petroleum production operations." Donziger objects to this request on grounds that the defined term FORMER CONCESSION AREA is vague and ambiguous, overbroad, subject to multiple interpretations, and requires information that is not within Donziger's personal knowledge to interpret. Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion. In particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations. Donziger objects to the definition of "ROE" as vague, ambiguous, overbroad, and subject to multiple interpretations. Donziger further objects to the definition of "ROE" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "current and former presidents, attorneys general, judges, other officials, politicians, partners, contractors, employees, servants, representatives, agents, agencies, officers, insurance companies, attorneys, accountants, assigns, or any other PERSON acting, or purporting to act on [the ROE's]" behalf, either directly or indirectly" or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined. Donziger objects to the definition of the "FRONT" as vague, ambiguous, overbroad, and subject to multiple interpretations. Donziger further objects to the definition of the "FRONT" to the extent it purports to impute to Donziger any knowledge or persons or entities falling within the scope of the terms "members, partners, contractors, employees, servants, representatives, agents, insurance companies, attorneys,

65

accountants, assigns, or any other PERSON or entity acting, or purporting to act, on the Front's

behalf, either directly or indirectly" or impose duties to ascertain the identity, existence,

relationships of or among any of the persons or entities listed or defined.  Donziger objects to

this request on grounds that the defined term "AGREEMENTS" is overbroad, vague, ambiguous,

subject to multiple interpretations, calls for expert analysis and legal conclusions and

argumentative.  In particular, this definition is overbroad and vague in its use of the phrase

"regardless of whether or not the agreement was communicated or finalized."  Donziger objects

to this request on grounds that the defined term "CHEVRON LITIGATIONS" is vague,

ambiguous, overbroad, and includes proceedings and events that are beyond the scope of the

claims and defenses at issue in this litigation.  Donziger objects to the defined term "RELATED

TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose

obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules

for the Southern District of New York.  Donziger objects to this request to the extent it seeks

information protected from discovery by the attorney-client privilege, the attorney work product

doctrine, the common interest doctrine, or any other applicable privilege or immunity from

discovery.

Without waiving any of the general and specific objections stated above, but rather

specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and

confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality

implications of this request, and the timing and manner of production of any relevant,

responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement

with respect to the foregoing issues, to produce any relevant, responsive, non-privileged

documents.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS RELATED TO the transfer, or exchange of funds, services,

information, technology, software, of any kind whatsoever, including but not limited to

DOCUMENTS RELATED TO the Special Account for Economic Reactivation ("Cuenta

Especial de la Reactivación Productiva y Social, del Desarrollo Científico-Tecnológico y de la Estabilización Fiscal" or the "CEREPS Fund"), between the ROE or PETROECUADOR, on the one hand, and any of the LAGO AGRIO PLAINTIFF RELATED PARTIES, on the other hand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence particularly in light of Chevron's use of the overbroad and vague defined term "LAGO AGRIO PLAINTIFF RELATED PARTIES."  Read literally, this request calls for any and all documents in any way related to any transfer or exchange of any money, goods, or services of any kind between any of the LAGO AGRIO PLAINTIFF RELATED PARTIES, as broadly and vaguely defined by Chevron, and the ROE, as broadly and vaguely defined by Chevron, or PETROECUADOR, without limitation as to subject-matter.  This request thus seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion.  In particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger objects to the definition of "ROE" as vague, ambiguous, overbroad, and subject to multiple interpretations. Donziger further objects to the definition of "ROE" to the extent it purports to impute to

67

Donziger any knowledge of persons or entities falling within the scope of the terms "current and former presidents, attorneys general, judges, other officials, politicians, partners, contractors, employees, servants, representatives, agents, agencies, officers, insurance companies, attorneys, accountants, assigns, or any other PERSON acting, or purporting to act on [the ROE's]" behalf, either directly or indirectly" or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS RELATED TO PETROECUADOR's relationship to the LAGO AGRIO LITIGATION, including but not limited to: (1) PETROECUADOR's activities in the FORMER CONCESSION AREA, including but not limited to any remediation, oil exploration and production activities conducted by PETROECUADOR in the FORMER CONCESSION AREA; (2) any COMMUNICATIONS between PETROECUADOR, on the one hand, and any of the LAGO AGRIO PLAINTIFF RELATED PARTIES, on the other hand, RELATED TO CHEVRON or the CHEVRON LITIGATIONS; (3) PETROECUADOR's release from liability

RELATED TO its activities in the FORMER CONCESSION AREA; and (4) any assistance, whether monetary or material, provided by PETROECUADOR to any of the LAGO AGRIO PLAINTIFF RELATED PARTIES in connection with the LAGO AGRIO LITIGATION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Read literally, this request appears to call for any and all documents in any way related to PETROECUADOR'S operations in the FORMER CONCESSION AREA and the claims at issue in the LAGO AGRIO LITIGATION, including all of the underlying evidence that existed and/or now exists pertaining to those claims, all of the pleadings and filings in that litigation, and all of the work product and attorney-client communications of the attorneys representing the "LAGO AGRIO PLAINTIFFS" in any way pertaining to Petroecuador. This request thus seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing. Donziger further objects to this request on grounds that it is vague, ambiguous, subject to multiple interpretations, and calls for expert analysis and legal conclusions. In particular, this request is vague and ambiguous in its use of the terms "relationship to the LAGO AGRIO LITIGATION," "activities in the FORMER CONCESSION AREA," "release from liability," and "assistance." Donziger objects to the definition of "LAGO AGRIO LITIGATION" as vague and ambiguous in its use of the phrase "any appeals and enforcement actions stemming therefrom." Donziger further objects to the definition of "LAGO AGRIO LITIGATION" as overbroad as to time and subject matter to the extent that it encompasses any "enforcement actions" and thus purports to call for the production of any documents pertaining to any enforcement actions. Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion. In particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in

69

turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT,"

"ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO

AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-

CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF

LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF

PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of

which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations.

Donziger objects to this request on grounds that the defined term "CHEVRON LITIGATIONS"

is vague, ambiguous, overbroad, and includes proceedings and events that are beyond the scope

of the claims and defenses at issue in this litigation.  Donziger objects to the defined term

"COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with,

or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the

Local Civil Rules for the Southern District of New York.  Donziger objects to the defined term

"RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks

to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local

Civil Rules for the Southern District of New York.  Donziger objects to this request as calling for

information protected from discovery by the attorney-client privilege, the attorney work product

doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather

specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and

confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality

implications of this request, and the timing and manner of production of any relevant,

responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement

with respect to the foregoing issues, to produce any relevant, responsive, non-privileged

documents.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS RELATED TO any planned, contemplated or ongoing remediation,

70

waste clean-up, provision of any services relating to health and/or human services, cultural restoration or environmental restoration in the FORMER CONCESSION AREA, including but not limited to remediation by PETROECUADOR or PEPDA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

      Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Whether and to what extent any person or entity plans to, contemplates, or is performing clean-up, remediation, or restoration activities or is providing any type of human-related services in the FORMER CONCESSION AREA seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing. Donziger objects to this request on grounds that it seeks information that is already in Chevron's possession, is publicly available, or is equally or more readily available to Chevron.  Donziger further objects to this request as vague, ambiguous, subject to multiple interpretations, and calling for expert analysis and legal conclusions.  In particular, this request is vague in its use of the terms "any services relating to health and/or human services," and "cultural restoration." Donziger objects to this request on grounds that the defined term FORMER CONCESSION AREA is vague and ambiguous, overbroad, subject to multiple interpretations, and requires information that is not within Donziger's personal knowledge to interpret.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

      Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality

implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS RELATED TO attempts by any of the LAGO AGRIO PLAINTIFF RELATED PARTIES to halt, delay, or influence PETROECUADOR's ongoing activities in the FORMER CONCESSION AREA, including but not limited to any remediation activities conducted by PETROECUADOR or PEPDA in the FORMER CONCESSION AREA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly in light of Chevron's use of the overbroad and vague defined term "LAGO AGRIO PLAINTIFF RELATED PARTIES."  Whether any parties other than Donziger, the other named defendants in this action, the alleged non-party co-conspirators, or Chevron on anyone acting on its behalf attempted in some way to "halt, delay or influence" PETROECUADOR'S "ongoing activities in the FORMER CONCESSION AREA" seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion.  In particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO

72

AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to this request on grounds that it is argumentative, unduly prejudicial, assumes facts not in evidence, vague, ambiguous, and subject to multiple interpretations.  In particular, this request is incomprehensibly vague in its use of the terms "influence," and "ongoing activities." Donziger objects to this request on grounds that the defined term FORMER CONCESSION AREA is vague and ambiguous, overbroad, subject to multiple interpretations, and requires information that is not within Donziger's personal knowledge to interpret.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections state above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 46:**

If YOU contend that any party to the TEXPET REMEDIATION AND RELEASE failed to perform under the TEXPET REMEDIATION AND RELEASE, all DOCUMENTS that support YOUR contention.  IF YOU contend that any party committed fraud associated with the TEXPET REMEDIATION AND RELEASE, all DOCUMENTS that support YOUR contention.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Donziger objects to this request on grounds that it is a contention interrogatory disguised as a request for production and is premature and violates Local Civil Rule 33.3 for the United States District Court for the Southern District of New York, as discovery has just commenced. Donziger objects to this request as vague and ambiguous, and calling for expert analysis and legal conclusions, as unduly burdensome. In particular, this request is vague and ambiguous in its use of the terms "failed to perform under the TEXPET REMEDIATION AND RELEASE," and "fraud associated with the TEXPET REMEDIATION AND RELEASE." Donziger objects to this request on grounds it is compound. Donziger objects to this request as seeking the premature disclosure of expert opinions and analysis. Donziger objects to this request on grounds that the purportedly defined terms "YOU" and "YOUR" are vague, ambiguous, undefined, and overbroad. Donziger further objects to the definition of "YOU" and "YOUR" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "agents," "attorneys," and "accountants," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined. Donziger will interpret the terms "YOU" and "YOUR" consistent with Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York. Donziger objects to this request on grounds that the defined term TEXPET REMEDIATION AND RELEASE is argumentative, vague, ambiguous, overbroad, and calls for a legal conclusion, in particular in its use of the phrases "performance of any legal obligation" and "scope of work." Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows: Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement

74

with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

## REQUEST FOR PRODUCTION NO. 47:

All DOCUMENTS RELATED TO any compensation received by any of the LAGO AGRIO PLAINTIFFS from TEXPET in satisfaction of claims made by any of the LAGO AGRIO PLAINTIFFS.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 47:

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Read literally, this request encompasses any and all documents in any way related to any "claim" made by any LAGO AGRIO PLAINTIFF to TEXPET, without limitation as to the subject-matter of the claim, the time the claim was made or the forum in which the claim was made.   This request thus seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger objects to this request on grounds that it is vague and ambiguous, subject to multiple interpretations, and calls for legal conclusions.  In particular, this request is vague and ambiguous and subject to multiple interpretations in its use of the terms "compensation," "satisfaction," and "claims made." Donziger further objects to this request to the extent that it seeks documents or information already in Chevron's possession or equally or more readily available to Chevron.  Chevron is best positioned to know if and to what extent its subsidiary has provided any compensation to any of the LAGO AGRIO PLAINTIFFS.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

75

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows: Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS RELATED TO the CRIMINAL CASES and any purported basis for the CRIMINAL CASES, including documents provided to the Ecuadorian Attorney General in support of criminal prosecutions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Donziger objects to the definition of "CRIMINAL CASES" as vague, ambiguous, overbroad, subject to multiple interpretations, and calling for expert analysis and legal conclusions. Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York. Donziger further objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows: Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS RELATED TO Rodrigo Pérez Pallares or Ricardo Reis Veiga.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  This request for any and all documents in any way related to Rodrigo Pérez Pallares or Ricardo Reis Veiga, regardless of subject matter, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger further objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS RELATED TO Dr. Charles Calmbacher, including but not limited to:

> a.  all DOCUMENTS RELATED TO the PREPARATION or filing of any DOCUMENT purportedly submitted to the LAGO AGRIO COURT by Dr. Charles Calmbacher or in the name of Dr. Charles Calmbacher;
>
> b.  all DOCUMENTS RELATED TO any payments to Dr. Charles Calmbacher in connection with the LAGO AGRIO LITIGATION;

and

c.    all DOCUMENTS RELATED TO COMMUNICATIONS with
Dr. Charles Calmbacher RELATING TO his May 29, 2010
deposition.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 50:

Donziger objects to this request as overbroad, argumentative, assuming facts not in

evidence, and calling for documents and information that are neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence.  This request for any and all

documents in any way related to Dr. Charles Calmbacher, regardless of subject matter, seeks

information that goes far beyond what is legitimately relevant to this case, and is unduly

burdensome, improper and harassing.  Donziger objects to the definition of "PREPARATION"

as overbroad, vague, ambiguous, subject to multiple interpretations, and argumentative.  In

particular, this definition is vague and argumentative in its use of the terms "proposing,"

"editing," "ghostwriting," "advance knowledge," and "revising."  Donziger objects to the

defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent

with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of

the Local Civil Rules for the Southern District of New York.  Donziger objects to the defined

term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent

with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of

the Local Civil Rules for the Southern District of New York.  Donziger further objects to this

request as calling for information protected from discovery by the attorney-client privilege, the

attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather

specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and

confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality

implications of this request, and the timing and manner of production of any relevant,

responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement

with respect to the foregoing issues, to produce any relevant, responsive, non-privileged

78

documents.

**REQUEST FOR PRODUCTION NO. 51:**

All DOCUMENTS RELATED TO Edison Camino Castro, including any payments to Mr. Castro.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. This request for any and all documents in any way related to Edison Camino Castro, regardless of subject matter, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing. Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York. Donziger further objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows: Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 52:**

All DOCUMENTS RELATED TO David Lloyd Russell, including any payments to Mr. Russell.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Donziger objects to this request as overbroad and calling for documents and information

677206

that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  This request for any and all documents in any way related to David Lloyd Russell, regardless of subject matter, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger further objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS including COMMUNICATIONS among any of the LAGO AGRIO PLAINTIFF RELATED PARTIES RELATED TO the PREPARATION of the SAMPLING AND ANALYSIS PLAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Donziger objects to this request as argumentative, assuming facts not in evidence, vague, ambiguous, overbroad, unduly burdensome, harassing, and not reasonably tailored to seek the discovery of admissible evidence, particularly in light of Chevron's use of the overbroad and vague defined term "LAGO AGRIO PLAINTIFF RELATED PARTIES."  Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion.  In

particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger objects to the definition of "PREPARATION" as overbroad, vague, ambiguous, subject to multiple interpretations, and argumentative.  In particular, this definition is vague and argumentative in its use of the terms "proposing," "editing," "ghostwriting," "advance knowledge," and "revising."  Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Civil Rules for the Southern District of New York.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement

81

with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 54:**

All DOCUMENTS including COMMUNICATIONS among any of the LAGO AGRIO PLAINTIFF RELATED PARTIES RELATED TO the implementation of the SAMPLING AND ANALYSIS PLAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Donziger objects to this request as argumentative, assuming facts not in evidence, vague, ambiguous, overbroad, unduly burdensome, harassing, and not reasonably tailored to seek the discovery of admissible evidence, particularly in light of Chevron's use of the overbroad and vague defined term "LAGO AGRIO PLAINTIFF RELATED PARTIES." Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion. In particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations. Donziger further objects to this request on grounds it is vague and ambiguous and subject to multiple interpretations in its use of the undefined term "implementation." Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Civil Rules for the Southern

82

District of New York.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTS RELATED TO CESAQ-PUCE's work on behalf of the LAGO AGRIO PLAINTIFF RELATED PARTIES, test results reported by CESAQ-PUCE to the LAGO AGRIO PLAINTIFF RELATED PARTIES, COMMUNICATIONS with CESAQ-PUCE, and the decision to hire a laboratory other than CESAQ-PUCE to conduct analysis for the LAGO AGRIO PLAINTIFF RELATED PARTIES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Donziger objects to this request as vague, ambiguous, overbroad, argumentative and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly in light of Chevron's use of the overbroad and vague defined term "LAGO AGRIO PLAINTIFF RELATED PARTIES."  This request for all documents that in any way relate to any interaction between any LAGO AGRIO PLAINTIFF RELATED PARTY and CESAQ-PUCE, especially as these terms are broadly defined by Chevron in these requests, seeks information that goes far beyond what is legitimately relevant to

this case, and is unduly burdensome, improper and harassing.  Donziger objects to the definition

of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous,

overbroad, assuming facts not in evidence, and calling for a legal conclusion.  In particular, this

definition is argumentative and incomprehensibly vague in its use of the term "working on behalf

of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in

turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT,"

"ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO

AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-

CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF

LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF

PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of

which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations.

Donziger objects to this request as vague and ambiguous and subject to multiple interpretations

in its use of the terms "work on behalf of," "reported," and "analysis."  Donziger objects to the

defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is

inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule

26.3(c)(1) of the Local Civil Rules for the Southern District of New York.  Donziger objects to

the defined term "RELATED TO" to the extent that Chevron's purported definition is

inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule

26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to

this request as calling for information protected from discovery by the attorney-client privilege,

the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather

specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and

confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality

implications of this request, and the timing and manner of production of any relevant,

responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement

with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 56:**

All DOCUMENTS RELATED TO HAVOC including (1) the hiring of HAVOC by the LAGO AGRIO PLAINTIFF RELATED PARTIES; (2) inspections of or visits to HAVOC by the LAGO AGRIO PLAINTIFF RELATED PARTIES; (3) payments to HAVOC by the LAGO AGRIO PLAINTIFF RELATED PARTIES; (4) HAVOC's WORK on behalf of the LAGO AGRIO PLAINTIFF RELATED PARTIES; (5) HAVOC's equipment including any equipment or testing materials provided by the LAGO AGRIO PLAINTIFF RELATED PARTIES; (6) HAVOC's accreditation or lack thereof; (7) the preparation and use of HAVOC data; (8) HAVOC's quality assurance and/or quality control procedures and documentation; (9) the chain of custody documentation for HAVOC samples; (10) test results reported by HAVOC to any of the LAGO AGRIO PLAINTIFF RELATED PARTIES; and (11) HAVOC ownership or other financial interest in HAVOC by any of the LAGO AGRIO PLAINTIFF RELATED PARTIES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Donziger objects to this request as vague, ambiguous, overbroad, argumentative and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly in light of Chevron's use of the overbroad and vague defined term "LAGO AGRIO PLAINTIFF RELATED PARTIES." This request for all documents that in any way relate to HAVOC seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing. Donziger objects to this request as vague and ambiguous and subject to multiple interpretations in its use of the terms "work on behalf of," "accreditation," "preparation," "use," "HAVOC data," and "reported." Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion. In particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of

85

multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Civil Rules for the Southern District of New York.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

## REQUEST FOR PRODUCTION NO. 57:

All DOCUMENTS RELATED TO the preventing, impairing, protesting and/or canceling of any judicial inspections RELATED TO HAVOC, including but not limited to all DOCUMENTS RELATED TO ex parte COMMUNICATIONS between the LAGO AGRIO

PLAINTIFF RELATED PARTIES and Judge German Gonzalez del Pozo CONCERNING any judicial inspection of HAVOC's laboratory.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Donziger objects to this request as argumentative, assuming facts not in evidence, vague, ambiguous, overbroad, unduly burdensome, harassing, calling for legal interpretations and conclusions, and not reasonably tailored to seek the discovery of admissible evidence.  In particular, this request is argumentative, vague and ambiguous, subject to multiple interpretations, and calls for legal interpretations and conclusions in its use of the terms "preventing," "impairing," "protesting," and "canceling."  Donziger further objects to this request as argumentative and unduly prejudicial to the extent it implies any unlawful or wrongful conduct on the part of Donziger. Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion.  In particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger objects to this request on grounds that the phrase "judicial inspections RELATED TO HAVOC" is vague and ambiguous and subject to multiple interpretations.  Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Civil Rules for the Southern District of New York.  Donziger objects to the defined term

87

"RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York. Donziger further objects to this request as duplicative and cumulative. Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows: Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 58:**

All DOCUMENTS RELATED TO the WORK conducted by the SELVA VIVA LABORATORY on behalf of the LAGO AGRIO PLAINTIFF RELATED PARTIES and SELVA VIVA LABORATORY test results used in connection with the LAGO AGRIO LITIGATION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Donziger objects to this request as argumentative, assuming facts not in evidence, vague, ambiguous, overbroad, unduly burdensome, harassing, and not reasonably tailored to seek the discovery of admissible evidence. In particular, this request is vague and ambiguous and subject to multiple interpretations in its use of the term "used in connection with." Donziger objects on grounds that the defined term "SELVA VIVA LABORATORY" is vague, argumentative, and unduly prejudicial, in particular in its use of the terms "purportedly" "used" and "certain samples." By responding to Chevron's request, Donziger in no way admits Chevron's allegations related to the SELVA VIVA LABORATORY, as made in these requests or

88

elsewhere.  Donziger further objects to this request on grounds that the defined term "WORK" is overbroad and incomprehensibly vague in its use of the terms "supervision," "guidance," advising," "ideas," "assumption," "technique," and "fieldwork."  Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion.  In particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger objects to the definition of "LAGO AGRIO LITIGATION" as vague and ambiguous in its use of the phrase "any appeals and enforcement actions stemming therefrom."  Donziger objects to the definition of "LAGO AGRIO LITIGATION" as overbroad as to time and subject matter to the extent that it encompasses any "enforcement actions" and thus purports to call for the production of any documents pertaining to any enforcement actions. Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York. Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality

implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 59:**

All DOCUMENTS RELATED TO the SELVA VIVA LABORATORY's accreditation or lack thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Donziger objects to this request as vague and ambiguous and argumentative in its use of the phrase "accreditation or lack thereof." Donziger further objects on grounds that the defined term "SELVA VIVA LABORATORY" is vague, argumentative, and unduly prejudicial, in particular in its use of the terms "purportedly" "used" and "certain samples." By responding to Chevron's request, Donziger in no way admits Chevron's allegations related to the SELVA VIVA LABORATORY, as made in these requests or elsewhere. Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York. Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows: Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

677206

**REQUEST FOR PRODUCTION NO. 60:**

All DOCUMENTS RELATED TO any COMMUNICATIONS between the LAGO AGRIO PLAINTIFF RELATED PARTIES and the COURT EXPERTS, including but not limited to all AGREEMENTS with, payments or benefits conferred or to be conferred upon, the COURT EXPERTS, whether before, during, or after the COURT EXPERT's appointment by the LAGO AGRIO COURT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Donziger objects to this request as vague, argumentative, assuming facts not in evidence, overbroad, unduly burdensome, harassing, and not reasonably tailored to seek the discovery of admissible evidence, particularly in light of its use of multiple vague and overbroad defined terms. Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion. In particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations. Donziger objects to the definition of "COURT EXPERTS" as vague, ambiguous, subject to multiple interpretations, overbroad, and assuming facts not in evidence. Donziger further objects to the definition of "COURT EXPERTS" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "settling expert(s)," and "other experts considered but not ultimately appointed by the LAGO AGRIO COURT," or impose duties to ascertain the

identity, existence or relationships of or among any of the persons or entities listed or defined. Donziger objects to this request on grounds that the defined term "AGREEMENTS" is overbroad, vague, ambiguous, subject to multiple interpretations, calls for expert analysis and legal conclusions and argumentative.  In particular, this definition is overbroad incomprehensibly vague in its use of the phrase "regardless of whether or not the agreement was communicated or finalized."  Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Civil Rules for the Southern District of New York.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York. Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

## REQUEST FOR PRODUCTION NO. 61:

If YOU contend that CHEVRON had any ex parte COMMUNICATIONS with the COURT EXPERTS, then all DOCUMENTS RELATED TO that contention.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 61:

Donziger objects to this request on grounds that it is a contention interrogatory disguised as a request for production and is premature and violates Local Civil Rule 33.3 for the United

States District Court for the Southern District of New York, as discovery has just commenced. Donziger objects to this request on grounds that it seeks materials in Chevron's possession or equally or more readliy available to Chevron.  Donziger objects to this request as vague, ambiguous, overbroad, unduly burdensome, and harassing, particularly in light of Chevron's use of overbroad and vague defined terms.  Donziger objects to this request as vague, ambiguous, and subject to multipel interpretations in its use of the phrase "excluding those publicly disclosed."  Donziger objects to this request on grounds that the purportedly defined terms "YOU" and "YOUR" are vague, ambiguous, undefined, and overbroad.  Donziger further objects to the definition of "YOU" and "YOUR" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "agents," "attorneys," and "accountants," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger will interpret the terms "YOU" and "YOUR" consistent with Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York.  Donziger objects to the definition of "COURT EXPERTS" as vague, ambiguous, subject to multiple interpretations, overbroad, and assuming facts not in evidence.  Donziger further objects to the definition of "COURT EXPERTS" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "settling expert(s)," and "other experts considered but not ultimately appointed by the LAGO AGRIO COURT," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger objects to the definition of "CHEVRON" as vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to the definition of "CHEVRON" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "current and former subsidiaries, affiliates, partners, officers, directors, employees, representatives, agents, or any other PERSON acting, or purporting to act, on their behalf, or any predecessors or successors of the foregoing" or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger will interpret "CHEVRON" to have the meaning

set forth in Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York. Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows: Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 62:**

If YOU contend that CHEVRON entered into any AGREEMENTS with, made any payments to, or conferred any benefits on the COURT EXPERTS, excluding those publicly disclosed, all DOCUMENTS supporting that contention.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Donziger objects to this request on grounds that it is a contention interrogatory disguised as a request for production and is premature and violates Local Civil Rule 33.3 for the United States District Court for the Southern District of New York, as discovery has just commenced. Donziger objects to this request on grounds that it seeks materials in Chevron's possession or equally available to Chevron. Donziger objects to this request as vague, ambiguous, overbroad, unduly burdensome, and harassing, particularly in light of Chevron's use of overbroad and vague defined terms. Donziger objects to this request on grounds that the purportedly defined terms "YOU" and "YOUR" are vague, ambiguous, undefined, and overbroad. Donziger further objects to the definition of "YOU" and "YOUR" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "agents," "attorneys," and "accountants," or impose duties to ascertain the identity, existence or relationships of or among

94

any of the persons or entities listed or defined.  Donziger will interpret the terms "YOU" and "YOUR" consistent with Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request on grounds that the defined term "AGREEMENTS" is overbroad, vague, ambiguous, subject to multiple interpretations, calls for expert analysis and legal conclusions and argumentative.  In particular, this definition is overbroad incomprehensibly vague in its use of the phrase "regardless of whether or not the agreement was communicated or finalized."  Donziger objects to the definition of "COURT EXPERTS" as vague, ambiguous, subject to multiple interpretations, overbroad, and assuming facts not in evidence.  Donziger further objects to the definition of "COURT EXPERTS" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "settling expert(s)," and "other experts considered but not ultimately appointed by the LAGO AGRIO COURT," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger objects to the definition of "CHEVRON" as vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to the definition of "CHEVRON" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "current and former subsidiaries, affiliates, partners, officers, directors, employees, representatives, agents, or any other PERSON acting, or purporting to act, on their behalf, or any predecessors or successors of the foregoing" or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger will interpret "CHEVRON" to have the meaning set forth in Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality

implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 63:**

All DOCUMENTS RELATED TO any COMMUNICATIONS between the LAGO AGRIO PLAINTIFF RELATED PARTIES, on the one hand, and Miguel San Sebastian or Anna-Karin Hurtig, on the other hand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Donziger objects to this request as vague, argumentative, assuming facts not in evidence, overbroad, unduly burdensome, harassing, and not reasonably tailored to seek the discovery of admissible evidence, particularly in light of its use of vague and overbroad defined term "LAGO AGRIO RELATED PARTIES." Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion. In particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations. Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Civil Rules for the Southern District of New York. Donziger objects to

96

the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 64:**

All DOCUMENTS RELATED TO Miguel San Sebastian including (1) Miguel San Sebastian's employment with the LAGO AGRIO PLAINTIFF RELATED PARTIES or the FDA, and any payments, funding, or other compensation made by the LAGO AGRIO PLAINTIFF RELATED PARTIES or the FDA to or for the benefit of Miguel San Sebastian; (2) the participation or involvement of the LAGO AGRIO PLAINTIFF RELATED PARTIES or the FDA in any WORK by Miguel San Sebastian; and (3) any WORK by Miguel San Sebastian, including but not limited to the writing, drafting, creating, editing, or revising of any DOCUMENT or draft DOCUMENT submitted to the LAGO AGRIO COURT or submitted to any journal or other scientific publication.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Donziger objects to this request as vague, overbroad, argumentative, assuming facts not in evidence, and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  In particular, this request is vague

and ambiguous and subject to multiple interpretations in its use of the phrases "for the benefit

of," "participation or involvement," and "any journal or other scientific publication."  This

request for any and all documents in any way related to Miguel San Sebastian, regardless of

subject matter, seeks information that goes far beyond what is legitimately relevant to this case,

and is unduly burdensome, improper and harassing.  Donziger objects to the definition of

"LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous,

overbroad, assuming facts not in evidence, and calling for a legal conclusion.  In particular, this

definition is argumentative and incomprehensibly vague in its use of the term "working on behalf

of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in

turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT,"

"ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO

AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-

CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF

LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF

PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of

which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations.

Donziger further objects on grounds that the defined term "WORK" is overbroad and

incomprehensibly vague in its use of the terms "supervision," "guidance," advising," "ideas,"

"assumption," "technique," and "fieldwork."  Donziger further objects to the definition of

"WORK" in conjunction with the request for "any WORK by Miguel San Sebastian," as

Chevron's definition of "WORK" pertains only to certain specific litigation.  Donziger objects to

the term "FDA" as vague and ambiguous.  Donziger objects to the defined term "RELATED

TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose

obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules

for the Southern District of New York.  Donziger objects to this request to the extent it seeks

information protected from discovery by the attorney-client privilege, the attorney work product

doctrine, the common interest doctrine, or any other applicable privilege or immunity from

discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 65:**

All DOCUMENTS RELATED TO Fernando Reyes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  This request for any and all documents in any way related to Fernando Reyes, regardless of subject matter, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement

with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 66:**

All DOCUMENTS RELATED TO Gustavo Pinto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  This request for any and all documents in any way related to Gustavo Pinto, regardless of subject matter, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 67:**

All DOCUMENTS RELATED TO Julio Gonzalez.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Donziger objects to this request as overbroad and calling for documents and information

677206

that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  This request for any and all documents in any way related to Julio Gonzalez, regardless of subject matter, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

## REQUEST FOR PRODUCTION NO. 68:

All DOCUMENTS RELATED TO the Colegio de Ingenieros en Geología, Minas, Petróleos y Ambiente.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 68:

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  This request for any and all documents in any way related to the Colegio de Ingenieros en Geología, Minas, Petróleos y Ambiente, regardless of subject matter, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger objects to the defined term "RELATED TO" to the extent that

Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

## REQUEST FOR PRODUCTION NO. 69:

All DOCUMENTS RELATED TO any attempts by any of the LAGO AGRIO PLAINTIFF RELATED PARTIES, whether successful or not, to cancel, terminate, close, end, avoid, abandon or waive any judicial inspection or the judicial inspection process.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 69:

Donziger objects to this request as vague, ambiguous, overbroad, argumentative, and assuming facts not in evidence, particularly in light of Chevron's use of the overbroad and vague defined term "LAGO AGRIO PLAINTIFF RELATED PARTIES."  Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion.  In particular, this definition is argumentative, vague, and calls for legal conclusions in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," "PURPORTED

CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects on grounds that this request is vague, ambiguous, subject to multiple interpretations, calls for expert analysis and legal conclusions, argumentative, and assumes facts not in evidence.  In particular, this request is argumentative and incomprehensibly vague in its use of the undefined terms "cancel," "end," "avoid," "abandon," "waive," "judicial inspection," and "judicial inspection process."  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 70:**

If YOU contend that drinking water in the FORMER CONCESSION AREA is contaminated as a result of poor sanitation conditions, all DOCUMENTS that support YOUR contention.

677206

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

      Donziger objects to this request on grounds that it is a contention interrogatory disguised as a request for production and is premature and violates Local Civil Rule 33.3 for the United States District Court for the Southern District of New York, as discovery has just commenced. Donziger objects to this request as seeking the premature disclosure of expert opinion and analysis. Donziger objects to this request as vague, ambiguous, and subject to multiple interpretations in its use of the phrase "as a result of poor sanitation conditions." Donziger objects to this request on grounds that the defined term FORMER CONCESSION AREA is vague and ambiguous, overbroad, subject to multiple interpretations, and requires information that is not within Donziger's personal knowledge to interpret. Donziger objects to this request on grounds that the purportedly defined terms "YOU" and "YOUR" are vague, ambiguous, undefined, and overbroad. Donziger further objects to the definition of "YOU" and "YOUR" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "agents," "attorneys," and "accountants," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined. Donziger will interpret the terms "YOU" and "YOUR" consistent with Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York. Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

      Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows: Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 71:**

If YOU contend that drinking water in the FORMER CONCESSION AREA is contaminated as a result of any action by TEXPET, all DOCUMENTS that support YOUR contention that were not submitted on the record in the LAGO AGRIO LITIGATION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Donziger objects to this request on grounds that it is a contention interrogatory disguised as a request for production and is premature and violates Local Civil Rule 33.3 for the United States District Court for the Southern District of New York, as discovery has just commenced. Donziger objects to this request as seeking the premature disclosure of expert opinion and analysis. Donziger objects to this request on grounds that the defined term FORMER CONCESSION AREA is vague and ambiguous, overbroad, subject to multiple interpretations, and requires information that is not within Donziger's personal knowledge to interpret. Donziger objects to this request on grounds that the purportedly defined terms "YOU" and "YOUR" are vague, ambiguous, undefined, and overbroad. Donziger further objects to the definition of "YOU" and "YOUR" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "agents," "attorneys," and "accountants," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined. Donziger will interpret the terms "YOU" and "YOUR" consistent with Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York. Donziger objects to the definition of "LAGO AGRIO LITIGATION" as vague and ambiguous in its use of the phrase "any appeals and enforcement actions stemming therefrom." Donziger objects to the definition of "LAGO AGRIO LITIGATION" as overbroad as to time and subject matter to the extent that it encompasses any "enforcement actions" and thus purports to call for the production of any documents pertaining to any enforcement actions. Donziger objects to the phrase "on the record in the LAGO AGRIO LITIGATION" as vague, ambiguous, and subject to multiple interpretations in light of Chevron's open-ended definition of LAGO AGRIO LITIGATION. Donziger objects to this request to the extent it seeks information protected from discovery by

677206

the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 72:**

If YOU contend that streams, rivers, or other surface water in the FORMER CONCESSION AREA are contaminated as a result of any action by TEXPET, all DOCUMENTS that support YOUR contention that were not submitted on the record in the LAGO AGRIO LITIGATION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Donziger objects to this request on grounds that it is a contention interrogatory disguised as a request for production and is premature and violates Local Civil Rule 33.3 for the United States District Court for the Southern District of New York, as discovery has just commenced. Donziger objects to this request as seeking the premature disclosure of expert opinion and analysis.  Donziger objects to this request on grounds that the defined term FORMER CONCESSION AREA is vague and ambiguous, overbroad, subject to multiple interpretations, and requires information that is not within Donziger's personal knowledge to interpret.  Donziger objects to this request on grounds that the purportedly defined terms "YOU" and "YOUR" are vague, ambiguous, undefined, and overbroad.  Donziger further objects to the definition of "YOU" and "YOUR" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "agents," "attorneys," and "accountants," or impose duties to ascertain the identity, existence or relationships of or among any of the persons

or entities listed or defined.  Donziger will interpret the terms "YOU" and "YOUR" consistent with Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York.  Donziger objects to the definition of "LAGO AGRIO LITIGATION" as vague and ambiguous in its use of the phrase "any appeals and enforcement actions stemming therefrom."  Donziger objects to the definition of "LAGO AGRIO LITIGATION" as overbroad as to time and subject matter to the extent that it encompasses any "enforcement actions" and thus purports to call for the production of any documents pertaining to any enforcement actions.  Donziger objects to the phrase "on the record in the LAGO AGRIO LITIGATION" as vague, ambiguous, and subject to multiple interpretations in light of Chevron's open-ended definition of LAGO AGRIO LITIGATION.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 73:**

If YOU contend that any individual's cancer in the FORMER CONCESSION AREA was caused by any action by TEXPET, all DOCUMENTS that support YOUR contention that were not submitted on the record in the LAGO AGRIO LITIGATION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Donziger objects to this request on grounds that it is a contention interrogatory disguised as a request for production and is premature and violates Local Civil Rule 33.3 for the United States District Court for the Southern District of New York, as discovery has just commenced.

107

Donziger objects to this request as seeking the premature disclosure of expert opinion and analysis.  Donziger objects to this request on grounds that the defined term FORMER CONCESSION AREA is vague and ambiguous, overbroad, subject to multiple interpretations, and requires information that is not within Donziger's personal knowledge to interpret.  Donziger objects to this request on grounds that the purportedly defined terms "YOU" and "YOUR" are vague, ambiguous, undefined, and overbroad.  Donziger further objects to the definition of "YOU" and "YOUR" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "agents," "attorneys," and "accountants," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger will interpret the terms "YOU" and "YOUR" consistent with Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York.  Donziger objects to the definition of "LAGO AGRIO LITIGATION" as vague and ambiguous in its use of the phrase "any appeals and enforcement actions stemming therefrom."  Donziger objects to the definition of "LAGO AGRIO LITIGATION" as overbroad as to time and subject matter to the extent that it encompasses any "enforcement actions" and thus purports to call for the production of any documents pertaining to any enforcement actions.  Donziger objects to the phrase "on the record in the LAGO AGRIO LITIGATION" as vague, ambiguous, and subject to multiple interpretations in light of Chevron's open-ended definition of LAGO AGRIO LITIGATION.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged

documents.

**REQUEST FOR PRODUCTION NO. 74:**

If YOU contend that any medical doctor has diagnosed any individual in the FORMER

CONCESSION AREA with any illness caused by any action by TEXPET, all DOCUMENTS

that support YOUR contention that were not submitted on the record in the LAGO AGRIO

LITIGATION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Donziger objects to this request on grounds that it is a contention interrogatory disguised

as a request for production and is premature and violates Local Civil Rule 33.3 for the United

States District Court for the Southern District of New York, as discovery has just commenced.

Donziger objects to this request as seeking the premature disclosure of expert opinion and

analysis.  Donziger objects to this request on grounds that the defined term FORMER

CONCESSION AREA is vague and ambiguous, overbroad, subject to multiple interpretations,

and requires information that is not within Donziger's personal knowledge to interpret.  Donziger

objects to this request on grounds that the purportedly defined terms "YOU" and "YOUR" are

vague, ambiguous, undefined, and overbroad.  Donziger further objects to the definition of

"YOU" and "YOUR" to the extent it purports to impute to Donziger any knowledge of persons

or entities falling within the scope of the terms "agents," "attorneys," and "accountants," or

impose duties to ascertain the identity, existence or relationships of or among any of the persons

or entities listed or defined.  Donziger will interpret the terms "YOU" and "YOUR" consistent

with Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York.  Donziger

objects to the definition of "LAGO AGRIO LITIGATION" as vague and ambiguous in its use of

the phrase "any appeals and enforcement actions stemming therefrom."  Donziger objects to the

definition of "LAGO AGRIO LITIGATION" as overbroad as to time and subject matter to the

extent that it encompasses any "enforcement actions" and thus purports to call for the production

of any documents pertaining to any enforcement actions.  Donziger objects to the phrase "on the

record in the LAGO AGRIO LITIGATION" as vague, ambiguous, and subject to multiple

interpretations in light of Chevron's open-ended definition of LAGO AGRIO LITIGATION. Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 75:**

If YOU contend that the groundwater in the FORMER CONCESSION AREA is contaminated by any action by TEXPET, all DOCUMENTS that support YOUR contention that were not submitted on the record in the LAGO AGRIO LITIGATION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Donziger objects to this request on grounds that it is a contention interrogatory disguised as a request for production and is premature and violates Local Civil Rule 33.3 for the United States District Court for the Southern District of New York, as discovery has just commenced. Donziger objects to this request as seeking the premature disclosure of expert opinion and analysis.  Donziger objects to this request on grounds that the defined term FORMER CONCESSION AREA is vague and ambiguous, overbroad, subject to multiple interpretations, and requires information that is not within Donziger's personal knowledge to interpret.  Donziger objects to this request on grounds that the purportedly defined terms "YOU" and "YOUR" are vague, ambiguous, undefined, and overbroad.  Donziger further objects to the definition of "YOU" and "YOUR" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "agents," "attorneys," and "accountants," or

110

impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined. Donziger will interpret the terms "YOU" and "YOUR" consistent with Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York. Donziger objects to the definition of "LAGO AGRIO LITIGATION" as vague and ambiguous in its use of the phrase "any appeals and enforcement actions stemming therefrom." Donziger objects to the definition of "LAGO AGRIO LITIGATION" as overbroad as to time and subject matter to the extent that it encompasses any "enforcement actions" and thus purports to call for the production of any documents pertaining to any enforcement actions. Donziger objects to the phrase "on the record in the LAGO AGRIO LITIGATION" as vague, ambiguous, and subject to multiple interpretations in light of Chevron's open-ended definition of LAGO AGRIO LITIGATION. Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows: Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 76:**

If YOU contend that soil in the FORMER CONCESSION AREA is contaminated by any action by TEXPET and poses a significant risk to human health or the environment, all DOCUMENTS that support your contention that were not submitted on the record in the LAGO AGRIO LITIGATION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Donziger objects to this request on grounds that it is a contention interrogatory disguised

as a request for production and is premature and violates Local Civil Rule 33.3 for the United States District Court for the Southern District of New York, as discovery has just commenced. Donziger objects to this request as seeking the premature disclosure of expert opinion and analysis. Donziger objects to this request on grounds that the phrase "poses a significant risk to human health or the environment" is vague, ambiguous, subject to multiple interpretations, and calls for expert analysis and legal conclusions. Donziger objects to this request on grounds that the defined term FORMER CONCESSION AREA is vague and ambiguous, overbroad, subject to multiple interpretations, and requires information that is not within Donziger's personal knowledge to interpret. Donziger objects to this request on grounds that the purportedly defined terms "YOU" and "YOUR" are vague, ambiguous, undefined, and overbroad. Donziger further objects to the definition of "YOU" and "YOUR" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "agents," "attorneys," and "accountants," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined. Donziger will interpret the terms "YOU" and "YOUR" consistent with Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York. Donziger objects to the definition of "LAGO AGRIO LITIGATION" as vague and ambiguous in its use of the phrase "any appeals and enforcement actions stemming therefrom." Donziger objects to the definition of "LAGO AGRIO LITIGATION" as overbroad as to time and subject matter to the extent that it encompasses any "enforcement actions" and thus purports to call for the production of any documents pertaining to any enforcement actions. Donziger objects to the phrase "on the record in the LAGO AGRIO LITIGATION" as vague, ambiguous, and subject to multiple interpretations in light of Chevron's open-ended definition of LAGO AGRIO LITIGATION. Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows: Donziger is willing to meet and

677206

confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 77:**

All DOCUMENTS that were not submitted on the record in the LAGO AGRIO LITIGATION that are RELATED TO the following claims made by the LAGO AGRIO PLAINTIFF RELATED PARTIES that were not submitted on the record in the LAGO AGRIO LITIGATION that are:

a. produced water is toxic waste (*e.g.*, TEXPET "dumped 18 billion gallons of toxic waste into the rainforest");

b. TEXPET "abandoned more than 1,000 toxic waste pits;"

c. TEXPET pits are "filled with carcinogens;"

d. "Chevron destroyed over 1,700 square miles of once pristine rain forest with petrochemicals and seepage;"

e. CHEVRON "poisoned generations of people;"

f. drinking water in the area is contaminated with petroleum-related compounds (*e.g.*, "We can no longer drink the water in our villages and towns because the water is contaminated" );

g. TEXPET operations "caused more than 1,400 deaths from cancer;"

h. "In this area of Ecuador the water, soil, and air on which thousands of people depend for almost every aspect of their daily sustenance is for the most part poisoned."

i. Total Petroleum Hydrocarbons are life-threatening toxins (*e.g.*, "One soil sample at a Chevron well-site inspected by the Ecuadorian court, for example, contains life-threatening toxins that exceed maximum amounts permitted by U.S. law by 3,250 times");

j. petroleum-related compounds have leached from pits into rivers and streams (*e.g.*, "Chevron used unlined waste pits in Ecuador

113

and the toxins leeched [sic] into rivers and streams that local populations still depend on for drinking, bathing, watering their crops and nourishing their animals.");

k.     "[T]he pollution has cost hundreds of people their lives, contributing to the extinction of one indigenous group and the endangerment of two others;"

l.     "Contamination of soil, groundwater, and surface streams has caused local indigenous and campesino people to suffer a wave of mouth, stomach and uterine cancer, birth defects, and spontaneous miscarriages;" and

m.     "[E]xperts have called the damage the worst oil related contamination on the planet."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Donziger objects to this request as vague, ambiguous, subject to multiple interpretations, and nonsensical.  In particular, it is unclear what Chevron means by "the following claims ... that were not submitted on the record in the LAGO AGRIO LITIGATION that are:"  Donziger objects to this request on grounds that it is compound and argumentative.  In particular, this request is argumentative to the extent it purports to attribute certain statements to Donziger.  The cited press releases are not press releases by Donziger.  Donziger objects to this request on grounds that it is a contention interrogatory disguised as a request for production and is premature and violates Local Civil Rule 33.3 for the United States District Court for the Southern District of New York, as discovery has just commenced.  Donziger objects to this request as calling for the premature disclosure of expert opinions and analysis.  Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion. In particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," PURPORTED

114

CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger objects to the definition of "LAGO AGRIO LITIGATION" as vague and ambiguous in its use of the phrase "any appeals and enforcement actions stemming therefrom."  Donziger further objects to the definition of "LAGO AGRIO LITIGATION" as overbroad as to time and subject matter to the extent that it encompasses any "enforcement actions" and thus purports to call for the production of any documents pertaining to any enforcement actions.  Donziger objects to the phrase "on the record in the LAGO AGRIO LITIGATION" as vague, ambiguous, and subject to multiple interpretations in light of Chevron's open-ended definition of LAGO AGRIO LITIGATION.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections state above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

## REQUEST FOR PRODUCTION NO. 78:

All DOCUMENTS that were not submitted on the record in the LAGO AGRIO LITIGATION identifying all the "experts" who have allegedly "called the damage the worst oil

related contamination on the planet," determinations rendered by these "experts", and the basis for their determinations.  *See* About the Campaign: Affected Communities Fight for Justice, ChevronToxico.com, http://chevrontoxico.com/about/rainforest-chernobyl/affected-communities-fight-for-justice.html.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 78:

Donziger objects to this request as vague, ambiguous, overbroad, unduly burdensome, and argumentative. In particular, this request is argumentative to the extent it purports to attribute certain statements to Donziger.  The cited press release is not a press release by Donziger. Donziger objects to this request on grounds that it is a contention interrogatory disguised as a request for production and is premature and violates Local Civil Rule 33.3 for the United States District Court for the Southern District of New York, as discovery has just commenced. Donziger objects to this request as calling for the premature disclosure of expert opinions and analysis.  Donziger objects to this request to the extent it is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by Rules 26(a)(2) and (b)(4) of the Federal Rules of Civil Procedure.  Donziger objects to the definition of "LAGO AGRIO LITIGATION" as vague and ambiguous in its use of the phrase "any appeals and enforcement actions stemming therefrom."  Donziger further objects to the definition of "LAGO AGRIO LITIGATION" as overbroad as to time and subject matter to the extent that it encompasses any "enforcement actions" and thus purports to call for the production of any documents pertaining to any enforcement actions.  Donziger objects to the phrase "on the record in the LAGO AGRIO LITIGATION" as vague, ambiguous, and subject to multiple interpretations in light of Chevron's open-ended definition of LAGO AGRIO LITIGATION.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality

116

implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

## REQUEST FOR PRODUCTION NO. 79:

All DOCUMENTS RELATED TO the consideration of, or planning, pressure, or advocacy for, the appointment of a global assessment expert and/or order requiring a global expert report or peritaje global RELATED TO the LAGO AGRIO LITIGATION.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 79:

Donziger objects to this request as vague, ambiguous, overbroad, unduly burdensome, harassing, argumentative, and assuming facts not in evidence. In particular, this request is argumentative and vague in its use of the terms "pressure" and "advocacy." Donziger objects to the definition of "LAGO AGRIO LITIGATION" as vague and ambiguous in its use of the phrase "any appeals and enforcement actions stemming therefrom." Donziger further objects to the definition of "LAGO AGRIO LITIGATION" as overbroad as to time and subject matter to the extent that it encompasses any "enforcement actions" and thus purports to call for the production of any documents pertaining to any enforcement actions. Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York. Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections state above, but rather specifically subject to them, Donziger responds as follows: Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement

117

with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 80:**

All DOCUMENTS RELATED TO any THREATS, attacks, crimes of violence, surveillance, or thefts targeted at, affecting, or attempted upon any LAGO AGRIO PLAINTIFF RELATED PARTIES, LAGO AGRIO PLAINTIFF LAW FIRMS, CABRERA, any member of the PURPORTED CABRERA TEAM, or CHEVRON, including all DOCUMENTS RELATED TO actions taken in response to such THREATS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Donziger objects to this request as vague, ambiguous, overbroad, unduly burdensome, harassing, argumentative, assuming facts not in evidence, calling for legal analysis and conclusions, and not reasonably tailored to seek the discovery of admissible evidence. In particular, this request is argumentative and vague in its use of the undefined terms "attacks," "crimes of violence," and "thefts targeted at, affecting, or attempted upon." Moreover, read literally, this request calls for any document in any way related to any kind of threat, attack, crime, theft, etc. involving Chevron, a multi-national corporation doing business in dozens of countries around the world, and dozens of other individuals and entities, regardless of the timing, location, nature, context, or underlying purpose of the threat, attack, crime, theft, etc. This request thus seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing. Donziger objects to this request on grounds that it seeks information that is already in Chevron's possession, is publicly available, or is equally or more readily available to Chevron. Donziger objects to this request on grounds that it is compound. Donziger objects to the definition of "THREATS" as vague, ambiguous, subject to multiple interpretations, and calling for legal analysis and conclusions. Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion. In particular, this definition is argumentative and incomprehensibly vague in its use of the term

"working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger objects to the definition of "LAGO AGRIO PLAINTIFF LAW FIRMS" as argumentative, vague, ambiguous, overbroad, subject to multiple interpretations, and calling for a legal conclusions.  In particular, this definition is argumentative and incomprehensibly vague in its use of the term "otherwise assisting" and in its incorporation of multiple other definitions, each of which in turn has multiple vague and ambiguous component parts.  Donziger further objects to the definition of "LAGO AGRIO PLAINTIFF LAW FIRMS" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "any law firm or lawyer providing professional services or otherwise assisting . . . "any of the RICO DEFENDANTS or CO-CONSPIRATORS, or any party adverse to CHEVRON in any of the "CHEVRON LITIGATIONS" or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger objects to the defined term "PURPORTED CABRERA TEAM" as vague, ambiguous, subject to multiple interpretations, overbroad, argumentative, and assumes facts not in evidence.  Donziger objects to the definition of "CHEVRON" as vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to the definition of "CHEVRON" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "current and former subsidiaries, affiliates, partners, officers, directors, employees, representatives, agents, or any other PERSON acting, or purporting to act, on their behalf, or any predecessors or successors of the foregoing" or impose

duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger will interpret "CHEVRON" to have the meaning set forth in Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 81:**

All DOCUMENTS RELATED TO CABRERA or the PURPORTED CABRERA TEAM, including but not limited to:

      a.      all DOCUMENTS RELATED TO the selection and appointment of CABRERA as an expert in the LAGO AGRIO LITIGATION;

      b.      all DOCUMENTS RELATED TO the inclusion of any PERSON in Annex V of the CABRERA REPORT;

      c.      all COMMUNICATIONS with CABRERA or any member of the PURPORTED CABRERA TEAM;

      d.      all DOCUMENTS RELATED TO meetings with CABRERA or any member of the PURPORTED CABRERA TEAM;

      e.      all DOCUMENTS RELATED TO the planning, drafting, writing,

120

revision, finalization, translation, and submission of THE CABRERA REPORTS, including but not limited to Annex H-1 of the CABRERA REPORT;

f.      all DOCUMENTS RELATED TO the CABRERA WORKPLAN;

g.      all DOCUMENTS RELATED TO the planning, drafting, writing, revision, finalization, translation, and submission of any and all filings submitted in the LAGO AGRIO LITIGATION purportedly by or in the name of CABRERA;

h.      all DOCUMENTS RELATED TO payments or compensation to CABRERA or any member of the PURPORTED CABRERA TEAM, including but not limited to payments made through the bank account referred to as the "secret account" in DONZ-HDD-0124585;

i.      all DOCUMENTS RELATED TO WORK by any of the LAGO AGRIO PLAINTIFF CONSULTANTS appearing in whole or in part in THE CABRERA REPORTS or any DOCUMENT filed in the LAGO AGRIO LITIGATION by CABRERA;

j.      all DOCUMENTS RELATED TO revisions, edits, modifications or changes made by any and all lawyers to THE CABRERA REPORTS, including but not limited to changes made by or at the direction of any LAGO AGRIO PLAINTIFF RELATED PARTY who is or purports to be a lawyer;

k.      all DOCUMENTS RELATED TO CABRERA's independence or lack thereof or claims or statements made by any PERSON or entity relating to CABRERA's independence or lack thereof;

l.      all DOCUMENTS RELATED TO any claims that any member of the PURPORTED CABRERA TEAM acted independent of the LAGO AGRIO PLAINTIFF RELATED PARTIES;

m.      all DOCUMENTS RELATED TO the independence or lack of independence of any member of the PURPORTED CABRERA TEAM;

n.      all DOCUMENTS RELATED TO public comments on the CABRERA REPORT;

o.      all COMMUNICATIONS with the ROE RELATED TO CABRERA or THE CABRERA REPORTS;

p.      all COMMUNICATIONS RELATED TO CABRERA or the CABRERA REPORT with any PERSON who financially supported

121

or invested in, was asked to financially support or invest in, or offered to financially support or invest in the LAGO AGRIO LITIGATION;

q.     all DOCUMENTS RELATED TO samples taken for THE CABRERA REPORTS; and

r.     all DOCUMENTS RELATED TO CABRERA'S scheduled deposition, including but not limited to COMMUNICATIONS among any of the LAGO AGRIO PLAINTIFF RELATED PARTIES REGARDING pressuring the LAGO AGRIO COURT to prevent the deposition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Donziger objects to this request as vague, ambiguous, overbroad, unduly burdensome, harassing, argumentative, assuming facts not in evidence, and not reasonably tailored to seek the discovery of admissible evidence.  In particular, this request is argumentative and vague in its use of the terms "appearing," "changes made," "independence," "lack of independence," "independent," "public comments," "taken for," "pressuring," and "prevent."  Donziger further objects to this request on grounds that it is compound, duplicative, and cumulative.  This request also is incomprehensible vague and ambiguous in its use of the purportedly defined, but in fact undefined, term "CABRERA REPORTS," and the phrase "samples taken for the CABRERA REPORTS."  This request also is vague in its use of the undefined phrases "any PERSON who financially supported or invested in, was asked to financially support or invest in, or offered to financially support or invest in the LAGO AGRIO LITIGATION," "any and all lawyers," and "any LAGO AGRIO PLAINTIFF RELATED PARTY who is or purports to be a lawyer." Donziger objects to the defined term "PURPORTED CABRERA TEAM" as vague, ambiguous, subject to multiple interpretations, overbroad, argumentative, and assumes facts not in evidence. Donziger objects to the definition of "LAGO AGRIO LITIGATION" as vague and ambiguous in its use of the phrase "any appeals and enforcement actions stemming therefrom."  Donziger further objects to the definition of "LAGO AGRIO LITIGATION" as overbroad as to time and subject matter to the extent that it encompasses any "enforcement actions" and thus purports to call for the production of any documents pertaining to any enforcement actions.  Donziger

122

further objects on grounds that the defined term "WORK" is overbroad and incomprehensibly vague in its use of the terms "supervision," "guidance," advising," "ideas," "assumption," "technique," and "fieldwork."  Donziger objects to the defined term "LAGO AGRIO PLAINTIFF CONSULTANTS" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion.  In particular, this definition is argumentative and incomprehensibly vague in its use of the terms "affiliated with" and "analysis," and in its incorporation of multiple other definitions, each of which in turn has multiple component parts. Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion.  In particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

677206

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 82:**

If YOU contend that CABRERA drafted, edited, reviewed or PREPARED any part of THE CABRERA REPORTS prior to their being filed with the LAGO AGRIO COURT, all DOCUMENTS that support YOUR contention.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Donziger objects to this request on grounds that it is a contention interrogatory disguised as a request for production and is premature and violates Local Civil Rule 33.3 for the United States District Court for the Southern District of New York, as discovery has just commenced. Donziger objects to the definition of "PREPARED" as overbroad, vague, ambiguous, subject to multiple interpretations, argumentative, and unduly prejudicial.  In particular, this definition is argumentative, unduly prejudicial, and incomprehensibly vague in its use of the terms "proposing," "editing," "ghostwriting," "advance knowledge," and "revising."  Donziger objects to this request incomprehensibly vague and ambiguous in its use of the purportedly defined, but in fact undefined, term "CABRERA REPORTS."  Donziger objects to this request on grounds that the purportedly defined terms "YOU" and "YOUR" are vague, ambiguous, undefined, and overbroad.  Donziger further objects to the definition of "YOU" and "YOUR" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "agents," "attorneys," and "accountants," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger will interpret the terms "YOU" and "YOUR" consistent with Rule 26.3(c)(5) of the Local Civil

Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 83:**

All DOCUMENTS RELATED TO STRATUS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Donziger objects to this request as vague, ambiguous, overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  This request for all documents that in any way relate to STRATUS, particularly in light of Chevron's vague and overbroad definition of that term, regardless of subject matter, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger objects to the definition of "STRATUS" as vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to the definition of "STRATUS" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "partners," "contractors," "employees," "servants," "representatives," "agents," "insurance companies," "attorneys," "accountants," "assigns," "and any other PERSON or entity acting, or purporting to act on Stratus's behalf, either directly or indirectly, whether as an employee or as an independent contractor," or impose duties to ascertain the identity, existence

or relationships of or among any of the persons or entities listed or defined.  Donziger will

interpret "STRATUS" to have the meaning set forth in Rule 26.3(c)(5) of the Local Civil Rules

for the Southern District of New York.  Donziger objects to the defined term "RELATED TO" to

the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations

on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the

Southern District of New York.  Donziger objects to this request to the extent it seeks

information protected from discovery by the attorney-client privilege, the attorney work product

doctrine, the common interest doctrine, or any other applicable privilege or immunity from

discovery.

Without waiving any of the general and specific objections stated above, but rather

specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and

confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality

implications of this request, and the timing and manner of production of any relevant,

responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement

with respect to the foregoing issues, to produce any relevant, responsive, non-privileged

documents.

## REQUEST FOR PRODUCTION NO. 84:

All DOCUMENTS RELATED TO E-TECH.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 84:

Donziger objects to this request as vague, ambiguous, overbroad and calling for

documents and information that are neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence.  This request for all documents that in any way relate to E-

TECH, particularly in light of Chevron's vague and overbroad definition of that term, regardless

of subject matter, seeks information that goes far beyond what is legitimately relevant to this

case, and is unduly burdensome, improper and harassing.  Donziger objects to the definition of

"E-TECH" as vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger

objects to the definition of "E-TECH" to the extent it purports to impute to Donziger any

126

knowledge of persons or entities falling within the scope of the terms "partners," "contractors," "employees," "servants," "representatives," "agents," "insurance companies," "attorneys," "accountants," "assigns," "and any other PERSON or entity acting, or purporting to act on E-Tech International's behalf, either directly or indirectly, whether as an employee or as an independent contractor," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 85:**

All DOCUMENTS RELATED TO William Powers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Donziger objects to this request as vague, ambiguous, overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  This request for all documents that in any way relate to William Powers, regardless of subject matter, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger

677206

objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York. Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows: Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 86:**

All DOCUMENTS RELATED TO UHL & ASSOCIATES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Donziger objects to this request as vague, ambiguous, overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. This request for all documents that in any way relate to UHL & ASSOCIATES, particularly in light of Chevron's vague and overbroad definition of that term, regardless of subject matter, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing. Donziger objects to the definition of "UHL & ASSOCIATES" as vague, ambiguous, overbroad, and subject to multiple interpretations. Donziger further objects to the definition of "UHL & ASSOCIATES" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "former parents," "subsidiaries," "affiliates," "partners," "employees," "associates," "interns," "representatives," "agents," "and any other PERSON acting, or

128

677206

purporting to act on their behalf, and any predecessors or successors of the foregoing," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

## REQUEST FOR PRODUCTION NO. 87:

All DOCUMENTS RELATED TO Juan Cristóbal Villao Yépez.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 87:

Donziger objects to this request as vague, ambiguous, overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  This request for all documents that in any way relate to Juan Cristóbal Villao Yépez, regardless of subject matter,  seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing. Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York. Donziger objects to this request to the extent it seeks information protected from discovery by

the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections state above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 88:**

All DOCUMENTS RELATED TO the HIDDEN PITS REPORT including but not limited to all DOCUMENTS that identify the PERSONS who contributed to the HIDDEN PITS REPORT and the date(s) of the contributions made by each PERSON.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Donziger objects to this request as vague, ambiguous overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  In particular, this request is vague in its use of the terms "contributed" and "contributions."  This request for all documents that in any way relate to the "HIDDEN PITS REPORT" seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger further objects to the term "HIDDEN PITS REPORT" as argumentative and unduly prejudicial.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather

130

specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

## REQUEST FOR PRODUCTION NO. 89:

All DOCUMENTS RELATED TO the SELVA VIVA DATABASES, including but not limited to all unique versions of the SELVA VIVA DATABASES and the distribution of copies of the SELVA VIVA DATABASES and any output or reports therefrom.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 89:

Donziger objects to this request as vague, ambiguous, overbroad, unduly burdensome, harassing, and not reasonably tailored to seek the discovery of admissible evidence, particularly in light of Chevron's use of the vague and overbroad defined term "SELVA VIVA DATABASES."  Donziger further objects to the definition of "SELVA VIVA DATABASES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusions.  In particular, this definition is argumentative and incomprehensibly vague in its use of the terms "working on behalf of," "or any other agent," "or their agents," "purported pits," and in its incorporation of multiple other vague and overbroad definitions, each of which in turn has multiple component parts, including "CHEVRON LITIGATIONS," "LAGO AGRIO PLAINTIFFS CONSULTANTS, "LAGO AGRIO PLAINTIFFS LAW FIRMS," FORMER CONCESSION AREA," "PREPARED," and "STRATUS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger objects to this request and vague and ambiguous in its use of the undefined term "any outputs or reports." Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.

131

Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 90:**

All DOCUMENTS RELATED TO the work of SELVA VIVA RELATED TO the CHEVRON LITIGATIONS, including but not limited to any WORK RELATED TO the SELVA VIVA DATABASES or THE CABRERA REPORTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Donziger objects to this request as vague, ambiguous, overbroad, unduly burdensome, harassing, and not reasonably tailored to seek the discovery of admissible evidence.  This request for all documents that in any way relate to any of the work of SELVA VIVA in any way related to the CHEVRON LITIGATIONS, particularly as those terms are broadly and vaguely defined by Chevron, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper, and harassing.  Donziger objects to this request on grounds that the defined term "CHEVRON LITIGATIONS" is vague, ambiguous, overbroad, and includes proceedings and events that are beyond the scope of the claims and defenses at issue in this litigation.  Donziger further objects on grounds that the defined term "WORK" is overbroad and incomprehensibly vague in its use of the terms "supervision," "guidance," advising," "ideas," "assumption," "technique," and "fieldwork."  Donziger further objects to the definition of "WORK" in conjunction with this request as Chevron's definition of "WORK" pertains only to certain specific litigation.  Donziger objects to the definition of "SELVA VIVA" as vague,

ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to the definition of "SELVA VIVA" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "current and former subsidiaries," "affiliates," "partners," "representatives," "agents," "and any other PERSON acting, or purporting to act on [Defendant Selva Viva Selviva Cia. Ltda.'s]" behalf," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger further objects to the definition of "SELVA VIVA DATABASES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for legal conclusions.  In particular, this definition is argumentative and incomprehensibly vague in its use of the terms "working on behalf of," "or any other agent," "or their agents," "purported pits," and in its incorporation of multiple other vague and overbroad definitions, each of which in turn has multiple component parts, including "CHEVRON LITIGATIONS," "LAGO AGRIO PLAINTIFFS CONSULTANTS, "LAGO AGRIO PLAINTIFFS LAW FIRMS," FORMER CONCESSION AREA," "PREPARED," and "STRATUS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger objects to this request incomprehensibly vague and ambiguous in its use of the purportedly defined, but in fact undefined, term "CABRERA REPORTS."  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

      Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement

133

with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 91:**

All DOCUMENTS RELATING TO the identification or recruitment by any LAGO AGRIO PLAINTIFF RELATED PARTY of any person other than CABRERA to potentially serve as the global expert and any COMMUNICATIONS with such person, including Fernando Reyes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

Donziger objects to this request as vague, ambiguous, overbroad, unduly burdensome, harassing, and not reasonably tailored to seek the discovery of admissible evidence, particularly in light of Chevron's use of the vague and overbroad defined term "LAGO AGRIO PLAINTIFF RELATED PARTIES." Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion. In particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations. Donziger objects to this request as argumentative and vague in its use of the terms "identification," "recruitment," and "potentially serve." Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of

134

677206

New York.  Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

## REQUEST FOR PRODUCTION NO. 92:

All DOCUMENTS RELATED TO the POST-CABRERA CLEANSING CONSULTANTS.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 92:

Donziger objects to this request as argumentative, assuming facts not in evidence, vague, overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  This request for all documents that in any way relate to the "POST-CABRERA CLEANSING CONSULTANTS," particularly in light of Chevron's vague and overbroad definition of that term, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing. Donziger further objects to the term "POST-CABRERA CLEANSING CONSULTANTS" as argumentative and unduly prejudicial.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the

135

Southern District of New York.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 93:**

All DOCUMENTS RELATED TO the POST-CABRERA CLEANSING CONSULTANTS that are COMMUNICATIONS with, or mention, PATTON BOGGS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Donziger objects to this request as vague, ambiguous, overbroad, unduly burdensome, harassing, and not reasonably tailored to seek the discovery of admissible evidence.  This request for all documents that in any way relate to the "POST-CABRERA CLEANSING CONSULTANTS," particularly in light of Chevron's vague and overbroad definition of that term, that are communications with or mention non-party PATTON BOGGS seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger objects to this request on grounds that it is duplicative and cumulative.  Donziger further objects to the term "POST-CABRERA CLEANSING CONSULTANTS" as argumentative and unduly prejudicial.  Donziger objects to the definition of "PATTON BOGGS" as vague, ambiguous, overbroad, and subject to multiple interpretations. Donziger further objects to the definition of "PATTON BOGGS" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "former parents," "subsidiaries," "affiliates," "partners," "representatives," "agents," "and any

other PERSON acting, or purporting to act on [Patton Boggs LLP's] behalf," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 94:**

All DOCUMENTS RELATED TO COMMUNICATIONS between the LAGO AGRIO PLAINTIFFS or LAGO AGRIO PLAINTIFF RELATED PARTIES, or any other representative, agent, or advocate for the LAGO AGRIO PLAINTIFFS, on the one hand, and any judge, official, or employee of the LAGO AGRIO COURT, on the other hand, RELATED TO the reports submitted by the POST-CABRERA CLEANSING CONSULTANTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Donziger objects to this request as overbroad, unduly burdensome, harassing, argumentative, assuming facts not in evidence, and not reasonably tailored to seek the discovery of admissible evidence.  Donziger objects to this request on grounds that it is duplicative and

cumulative.  Donziger objects to this request as vague, ambiguous, and calling for a legal conclusion in its use of the terms "representative," "agent," and "advocate."  Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion.  In particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to the term "POST-CABRERA CLEANSING CONSULTANTS" as argumentative and unduly prejudicial.  Donziger objects to this request to the extent it seeks information that is already a matter of public record, in the record of the LAGO AGRIO COURT or otherwise.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather

138

specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 95:**

All DOCUMENTS RELATED TO the writing, drafting, creation, editing, or revision of any DOCUMENT or draft DOCUMENT or other writing filed with the LAGO AGRIO COURT under the signature of, in the name of, or purported to be authored by, any of the POST-CABRERA CLEANSING CONSULTANTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Donziger objects to this request as vague, ambiguous, overbroad, unduly burdensome, harassing, argumentative, assuming facts not in evidence, and not reasonably tailored to seek the discovery of admissible evidence.  Donziger objects to this request on grounds that it is duplicative and cumulative.  Donziger further objects to the term "POST-CABRERA CLEANSING CONSULTANTS" as argumentative and unduly prejudicial.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

139

**REQUEST FOR PRODUCTION NO. 96:**

All DOCUMENTS RELATED TO the POST-CABRERA CLEANSING CONSULTANTS' independence or lack thereof or claims or statements made by any PERSON or entity RELATING TO the POST-CABRERA CLEANSING CONSULTANTS' independence or lack thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Donziger objects to this request as overbroad, unduly burdensome, harassing, argumentative, assuming facts not in evidence, and not reasonably tailored to seek the discovery of admissible evidence.  Donziger objects to this request on grounds that it is duplicative and cumulative.  Donziger objects to this request as argumentative and incomprehensibly vague in its use of the phrase "independence or lack thereof."  Donziger further objects to the term "POST-CABRERA CLEANSING CONSULTANTS" as argumentative and unduly prejudicial.  objects to the defined term "RELATED TO" and "RELATING TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York. Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 97:**

All DOCUMENTS RELATED TO the drafting, editing, researching, creating, or revising of the CULTURAL DAMAGES REPORT.

140

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Donziger objects to this request as overbroad, unduly burdensome, harassing, argumentative, assuming facts not in evidence, and not reasonably tailored to seek the discovery of admissible evidence.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 98:**

All DOCUMENTS RELATED TO any COMMUNICATIONS between the LAGO AGRIO PLAINTIFFS or any of the LAGO AGRIO PLAINTIFF RELATED PARTIES, or any other representative, agent, or advocate for the LAGO AGRIO PLAINTIFFS, on the one hand, and any judge, official, or employee of the LAGO AGRIO COURT, or any judge, official, or employee of any other court in the ROE, on the other hand, RELATED TO the CHEVRON LITIGATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Donziger objects to this request as vague, ambiguous, argumentative, assuming facts not in evidence, calling for a legal conclusion, and not reasonably tailored to seek the discovery of admissible evidence, particularly in light of Chevron's use of the overbroad and vague defined

677206

term "LAGO AGRIO PLAINTIFF RELATED PARTIES" and the phrase "any judge, official, or employee of any other court in the" in conjunction with the defined term "ROE."  Donziger objects to this request to the extent it seeks information that is already a matter of public record, in the record of the LAGO AGRIO COURT or otherwise.  Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion.  In particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to this request as argumentative, vague, and calling for a legal conclusion in its use of the terms "representative," "agent," and "advocate."  Donziger objects to this request on grounds that the defined term "CHEVRON LITIGATIONS" is vague, ambiguous, overbroad, and includes proceedings and events that are beyond the scope of the claims and defenses at issue in this litigation.  Donziger objects to the definition of "ROE" as vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to the definition of "ROE" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "current and former presidents, attorneys general, judges, other officials, politicians, partners, contractors, employees, servants, representatives, agents, agencies, officers, insurance companies, attorneys, accountants, assigns, or any other PERSON acting, or purporting to act on [the ROE's]" behalf, either directly or indirectly" or impose duties to ascertain the identity, existence or relationships of or among any

142

of the persons or entities listed or defined.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 99:**

All DOCUMENTS RELATED TO Judge Alberto Guerra Bastidas; Judge Efrain Novillo Guzmán; Judge Germán Yánez Ricardo Ruiz; Judge Juan Evangelista Núñez Sanabria; Judge Leonardo Ordóñez Pina; and Judge Nicolás Augusto Zambrano Lozada in both their judicial and nonjudicial capacities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  This request for any and all documents in any way related to the nine individuals named therein, regardless of subject matter, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger further objects to this request on grounds that it is compound, duplicative, and cumulative. Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported

definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York. Donziger further objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 100:**

All DOCUMENTS provided by any LAGO AGRIO PLAINTIFF RELATED PARTY for use in any way by the author(s) of the LAGO AGRIO JUDGMENT, but not contained in the RECORD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Donziger objects to this request as vague, ambiguous, argumentative, assuming facts not in evidence, calling for a legal conclusion, particularly in light of Chevron's use of the overbroad and vague defined term "LAGO AGRIO PLAINTIFF RELATED PARTIES."  Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion. In particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," "PURPORTED

144

CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to this request as vague and ambiguous in its use of the terms "provided" "for use in any way by" and "author(s) of the LAGO AGRIO JUDGMENT," and to the extent it purports to impute knowledge of such "author(s)" to Donziger.  Donziger further objects to this request as argumentative and unduly prejudicial to the extent it implies any unlawful or wrongful conduct on the part of Donziger.  Donziger objects to this request as vague and ambiguous in its use of the term "RECORD," especially in combination with the defined term "LAGO AGRIO LITIGATION," which purports to include proceedings beyond those occurring on the "LAGO AGRIO COURT."  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 101:**

All DOCUMENTS sufficient to identify any DOCUMENTS provided to, filed with, or otherwise transmitted to the LAGO AGRIO COURT, including any judge on that court, by or on behalf of the LAGO AGRIO PLAINTIFFS, or by any of the LAGO AGRIO PLAINTIFF RELATED PARTIES, in connection with the LAGO AGRIO LITIGATION that are not

677206

contained in the RECORD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

Donziger objects to this request as vague, ambiguous, argumentative, assuming facts not in evidence, calling for a legal conclusion, and not reasonably tailored to seek the discovery of admissible evidence, particularly in light of Chevron's use of the overbroad and vague defined term "LAGO AGRIO PLAINTIFF RELATED PARTIES" and "LAGO AGRIO LITIGATION." Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion.  In particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger objects to the definition of "LAGO AGRIO LITIGATION" as vague and ambiguous in its use of the phrase "any appeals and enforcement actions stemming therefrom."  Donziger further objects to the definition of "LAGO AGRIO LITIGATION" as overbroad as to time and subject matter to the extent that it encompasses any "enforcement actions" and thus purports to call for the production of any documents pertaining to any enforcement actions.  Donziger objects to this request as vague and ambiguous in its use of the term "RECORD," especially in combination with the defined term "LAGO AGRIO LITIGATION," which purports to include proceedings beyond those occurring on the "LAGO AGRIO COURT."  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common

interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 102:**

All DOCUMENTS RELATED TO the "evidence against Chevron" that YOU contend was presented to "Ecuadorian trial and appellate courts [which] demonstrated that Chevron/Texaco (hereinafter 'Chevron') (a) recklessly adopted sub-standard operational practices in Ecuador to cut production costs to the bare minimum, creating what experts believe could be the largest and most damaging oil related disaster of all time; (b) flagrantly violated multiple Ecuadorian laws, its own contractual obligations, and oil industry standards in effect at the time; and thereby (c) caused massive environmental damage to an area the size of Rhode Island that for decades to come will create myriad health risks for thousands of rainforest inhabitants unless there is a comprehensive clean up" and the "independent third-party sources" for such "evidence."  See Defendants Steven Donziger, the Law Offices of Steven R. Donziger, and Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, and Hugo Gerardo Camacho Naranjo's Opposition to Chevron Corporation's Renewed Motion for an Order of Attachment and Other Relief at 24 n.20.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Donziger objects to this request as vague and incomprehensible in that cited footnote to Defendants Steven Donziger, the Law Offices of Steven R. Donziger, and Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, and Hugo Gerardo Camacho Naranjo's Opposition to Chevron Corporation's Renewed Motion for an Order of Attachment and Other

147

Relief does not contain the referenced language.  Donziger assumes that Chevron inteded to refer to footnote 24 on page 27.  Donziger objects to this request on grounds that it is a contention interrogatory disguised as a request for production and is premature and violates Local Civil Rule 33.3 for the United States District Court for the Southern District of New York, as discovery has just commenced.  Donziger objects to this request as calling for the premature disclosure of expert opinions and analyses.  Donziger objects to this request to the extent it seeks information already provided to Chevron or equally available to Chevron, including the materials cited in the referenced pleading.  Donziger objects to this request on grounds that the purportedly defined terms "YOU" and "YOUR" are vague, ambiguous, undefined, and overbroad.  Donziger further objects to the definition of "YOU" and "YOUR" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "agents," "attorneys," and "accountants," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger will interpret the terms "YOU" and "YOUR" consistent with Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger further objects to this request as calling for information protected from discovery by the attorney-client privilege, and the attorney work product doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

677206

**REQUEST FOR PRODUCTION NO. 103:**

All DOCUMENTS FILED with the LAGO AGRIO COURT by the LAGO AGRIO

PLAINTIFFS or LAGO AGRIO PLAINTIFF RELATED PARTIES REGARDING the

CALIFORNIA ASBESTOS CAUSATION TEST.

**RESPONSE TO REQUEST FOR REQUEST FOR PRODUCTION NO. 103:**

Donziger objects to this request as vague, ambiguous, argumentative, assuming facts not

in evidence, unduly burdensome, and not reasonably tailored to seek the discovery of admissible

evidence, particularly in light of Chevron's use of the overbroad and vague defined term "LAGO

AGRIO PLAINTIFF RELATED PARTIES."  Donziger objects to this request to the extent it

purports to require Donziger to review all documents filed with the LAGO AGRIO COURT to

determine by whom they were filed and whether or not they relate in some way to the

"CALIFORNIA ASBESTOS CAUSATION TEST" as unduly burdensome, improper, harassing,

and inconsistent with the rules and obligations imposed upon a respondent to discovery by the

Rules.  Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED

PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and

calling for a legal conclusion.  In particular, this definition is argumentative and

incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of

multiple other vague and ambiguous definitions, each of which in turn has multiple component

parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE

AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF

CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA CLEANSING

CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO

PLAINTIFF LOBBYISTS," "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS

CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms

are vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger objects to

the the definition of "CALIFORNIA ASBESTOS CAUSATION TEST" as vague, ambiguous,

and requiring expert analysis.  Donziger further objects to the term "REGARDING" used in

connection with the term "CALIFORNIA ASBESTOS CAUSATION TEST" as requiring expert

opinions and analysis.  Donziger further objects to this request on grounds that it is cumulative,

duplicative, and seeks materials that are publicly available or equally available to Chevron.

Donziger objects to the defined term "REGARDING" to the extent that Chevron's purported

definition is inconsistent with, or seeks to impose obligations on Donziger greater than that

imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.

Donziger further objects to this request as calling for information protected from discovery by

the attorney-client privilege, the attorney work product doctrine, and the common interest

doctrine.

Without waiving any of the general and specific objections stated above, but rather

specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and

confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality

implications of this request, and the timing and manner of production of any relevant,

responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement

with respect to the foregoing issues, to produce any relevant, responsive, non-privileged

documents.

**REQUEST FOR PRODUCTION NO. 104:**

All DOCUMENTS FILED with the LAGO AGRIO COURT by the LAGO AGRIO

PLAINTIFFS or LAGO AGRIO PLAINTIFF RELATED PARTIES REGARDING the

PURPORTED AUSTRALIAN MOST PROBABLE CAUSE TEST.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

Donziger objects to this request as vague, ambiguous, argumentative, assuming facts not

in evidence, unduly burdensome, and not reasonably tailored to seek the discovery of admissible

evidence, particularly in light of Chevron's use of the overbroad and vague defined term "LAGO

AGRIO PLAINTIFF RELATED PARTIES."  Donziger objects to this request to the extent it

purports to require Donziger to review all documents filed with the LAGO AGRIO COURT to

determine by whom they were filed and whether or not they relate in some way to the

"PURPORTED AUSTRALIAN MOST PROBABLE CAUSE TEST" as unduly burdensome, improper, harassing, and inconsistent with the rules and obligations imposed upon a respondent to discovery by the Rules.  Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion.  In particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to this request on grounds that it is cumulative, duplicative, and seeks materials that are publicly available or equally available to Chevron.  Donziger objects to the the definition of "PURPORTED AUSTRALIAN MOST PROBABLE CAUSE TEST" as vague, ambiguous, and requiring expert analysis.  Donziger further objects to the term "REGARDING" used in connection with the term "CALIFORNIA ASBESTOS CAUSATION TEST" as requiring expert opinions and analysis.  Donziger further objects to the defined term "PURPORTED AUSTRALIAN MOST PROBABLE CAUSE TEST" as argumentative and unreasonably prejudicial.  Donziger objects to the defined term "REGARDING" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger further objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 105:**

All DOCUMENTS and COMMUNICATIONS of the LAGO AGRIO PLAINTIFF RELATED PARTIES RELATED TO the proposing, writing, drafting, creation, editing, advance knowledge, or revision of any order, statement, ruling, report, or other writing RELATED TO the LAGO AGRIO LITIGATION and issued by the LAGO AGRIO COURT or the LAGO AGRIO APPELLATE PANEL, including but not limited to the LAGO AGRIO JUDGMENT, the LAGO AGRIO APPELLATE DECISION, the LAGO AGRIO APPELLATE CLARIFICATION ORDER, the February 17, 2012 Order of the LAGO AGRIO APPELLATE PANEL, and the March 1, 2012 Order of the LAGO AGRIO APPELLATE PANEL, including any commenting or advising as to the content of the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

Donziger objects to this request as vague, ambiguous, argumentative, assuming facts not in evidence, harassing, unduly burdensome, and not reasonably tailored to seek the discovery of admissible evidence, particularly in light of Chevron's use of the overbroad and vague defined term "LAGO AGRIO PLAINTIFF RELATED PARTIES."  Read literally, this request calls for every document and communication in any way related to any writing issued by the LAGO AGRIO COURT or the LAGO AGRIO APPELLATE PANEL concerning the LAGO AGRIO LITIGATION.  Moreover, this request seeks every document and communication in any way related to orders issued by the Ecuadorian appellate court which are not at issue in this action. This request thus seeks information that goes far beyond what is legitimately relevant to this

case, and is unduly burdensome, improper, and harassing.  Donziger further objects to this request as argumentative and unduly prejudicial to the extent it implies any unlawful or wrongful conduct on the part of Donziger.  Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion.  In particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to this request on grounds that it argumentative and incomprehensibly vague in its use of the terms "advance knowledge, "commenting," and "advising."  Donziger objects to the definition of "LAGO AGRIO LITIGATION" as vague and ambiguous in its use of the phrase "any appeals and enforcement actions stemming therefrom."  Donziger further objects to the definition of "LAGO AGRIO LITIGATION" as overbroad as to time and subject matter to the extent that it encompasses any "enforcement actions" and thus purports to call for the production of any documents pertaining to any enforcement actions.  Donziger objects to the defined term "LAGO AGRIO APPELLATE PANEL" as vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects that the use of defined term "LAGO AGRIO APPELLATE PANEL" renders this request vague and ambiguous.  Donziger objects to the defined term "REGARDING" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to the defined

153

term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Civil Rules for the Southern District of New York.  Donziger further objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

## REQUEST FOR PRODUCTION NO. 106:

All DOCUMENTS and COMMUNICATIONS of the ROE RELATED TO the proposing, writing, drafting, creation, editing, advance knowledge, or revision of any order, statement, ruling, report, or other writing RELATED TO the LAGO AGRIO LITIGATION and issued by the LAGO AGRIO COURT or the LAGO AGRIO APPELLATE PANEL, including but not limited to the LAGO AGRIO JUDGMENT, the LAGO AGRIO APPELLATE DECISION, the LAGO AGRIO APPELLATE CLARIFICATION ORDER, the February 17, 2012 Order of the LAGO AGRIO APPELLATE PANEL, and the March 1, 2012 Order of the LAGO AGRIO APPELLATE PANEL, including any commenting or advising as to the content of the same.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 106:

Donziger objects to this request as vague, ambiguous, argumentative, assuming facts not in evidence, harassing, unduly burdensome, and not reasonably tailored to seek the discovery of admissible evidence, particularly in light of Chevron's use of the defined term "ROE." Moreover, this request seeks every document and communication in any way related to orders

issued by the Ecuadorian appellate court which are not at issue in this action.  This request thus seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper, and harassing.  Donziger further objects to this request on grounds that it argumentative and incomprehensibly vague in its use of the terms "of the ROE," "advance knowledge, "commenting," and "advising."  Donziger objects to the definition of "ROE" as vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to this request as argumentative and unduly prejudicial to the extent it implies any unlawful or wrongful conduct on the part of Donziger.  Donziger objects to the definition of "ROE" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "current and former presidents, attorneys general, judges, other officials, politicians, partners, contractors, employees, servants, representatives, agents, agencies, officers, insurance companies, attorneys, accountants, assigns, or any other PERSON acting, or purporting to act on [the ROE's]" behalf, either directly or indirectly" or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger objects to the definition of "LAGO AGRIO LITIGATION" as vague and ambiguous in its use of the phrase "any appeals and enforcement actions stemming therefrom." Donziger further objects to the definition of "LAGO AGRIO LITIGATION" as overbroad as to time and subject matter to the extent that it encompasses any "enforcement actions" and thus purports to call for the production of any documents pertaining to any enforcement actions. Donziger objects to the defined term "LAGO AGRIO APPELLATE PANEL" as vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects that the use of defined term "LAGO AGRIO APPELLATE PANEL" renders this request vague and ambiguous.  Donziger objects to the defined term "REGARDING" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York. Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than

that imposed by, Rule 26.3(c)(1) of the Local Civil Rules for the Southern District of New York. Donziger further objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 107:**

If YOU contend that any of the UNFILED LAGO AGRIO PLAINTIFFS' WORK PRODUCT is in the RECORD, all DOCUMENTS that support your contention.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

Donziger objects to this request on grounds that it is a contention interrogatory disguised as a request for production and is premature and violates Local Civil Rule 33.3 for the United States District Court for the Southern District of New York, as discovery has just commenced. Donziger further objects to this request as Donziger objects to this request as vague, ambiguous, overbroad, unduly burdensome, harassing, and not reasonably tailored to seek the discovery of admissible evidence.  Donziger objects to the defined term "UNFILED LAGO AGRIO PLAINTIFFS' WORK PRODUCT" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion.  In particular, this definition is argumentative and incomprehensibly vague in its incorporation of multiple other definitions, each of which in turn has multiple component parts, which are vague, ambiguous, overbroad, subject to multiple interpretations, and call for legal conclusions.  Donziger objects to this request on grounds that the phrase "in the RECORD" is non-sensical in light of Chevron's

156

definition of "RECORD" and the incorporation into that definition of Chevron's open-ended defined term "LAGO AGRIO LITIGATION."  Donziger objects to this request on grounds that the purportedly defined terms "YOU" and "YOUR" are vague, ambiguous, undefined, and overbroad.  Donziger further objects to the definition of "YOU" and "YOUR" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "agents," "attorneys," and "accountants," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger will interpret the terms "YOU" and "YOUR" consistent with Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 108:**

All DOCUMENTS RELATED TO the drafting, use and distribution of the UNFILED LAGO AGRIO PLAINTIFFS' WORK PRODUCT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

Donziger objects to this request as Donziger objects to this request as vague, ambiguous, overbroad, unduly burdensome, harassing, and not reasonably tailored to seek the discovery of admissible evidence.  Donziger further objects to this request as argumentative and incomprehensibly vague in its use of the terms "use" and "distribution."  Donziger objects to the

defined term "UNFILED LAGO AGRIO PLAINTIFFS' WORK PRODUCT" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion. In particular, this definition is argumentative and incomprehensibly vague in its incorporation of multiple other definitions, each of which in turn has multiple component parts, which are vague, ambiguous, overbroad, subject to multiple interpretations, and call for legal conclusions. Donziger further objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 109:**

All DOCUMENTS RELATED TO the MOODIE MEMO including copies of all English and Spanish translations of the MOODIE MEMO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

Donziger objects to this request as Donziger objects to this request as vague, ambiguous, overbroad, unduly burdensome, harassing, and not reasonably tailored to seek the discovery of admissible evidence.  Donziger further objects to this request on grounds that it is duplicative and cumulative.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger further objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common

interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 110:**

All DOCUMENTS RELATED TO payments of any kind made or given by any person or entity to any official, employee, representative or agent of the LAGO AGRIO COURT, including but not limited to compensation, bonuses, bribes, awards, honorariums, or gifts or exchanges of money, goods or services, regardless of form and regardless of whether such payments were ever actually offered or delivered.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

Donziger objects to this request as Donziger objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably tailored to seek the discovery of admissible evidence.   This request for all documents that in any way relate to any kind of payment by anyone to anyone affiliated with the LAGO AGRIO COURT, regardless of who made the payment, to whom, or the purpose, nature or context of the payment, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger further objects to this request on grounds that it is duplicative and cumulative.  Donziger objects to this request as argumentative, vague, ambiguous, and calling for a legal conclusion in its use of the terms "representative," "agent," "compensation," "bonuses," "bribes," "awards," and "gifts."  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules

for the Southern District of New York.  Donziger objects to this request to the extent it seeks

information protected from discovery by the attorney-client privilege, the attorney work product

doctrine, the common interest doctrine, or any other applicable privilege or immunity from

discovery.

Without waiving any of the general and specific objections stated above, but rather

specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and

confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality

implications of this request, and the timing and manner of production of any relevant,

responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement

with respect to the foregoing issues, to produce any relevant, responsive, non-privileged

documents.

**REQUEST FOR PRODUCTION NO. 111:**

All DOCUMENTS RELATED TO the writing, drafting, editing, advance knowledge of,

or revision of the LAGO AGRIO JUDGMENT by any of the LAGO AGRIO PLAINTIFF

RELATED PARTIES that are COMMUNICATIONS with, or mention, PATTON BOGGS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

Donziger objects to this request as vague, ambiguous, argumentative, assuming facts not

in evidence, harassing, unduly burdensome, and not reasonably tailored to seek the discovery of

admissible evidence, particularly in light of Chevron's use of the overbroad and vague defined

term "LAGO AGRIO PLAINTIFF RELATED PARTIES."  Donziger objects to the definition of

"LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous,

overbroad, assuming facts not in evidence, and calling for a legal conclusion.  In particular, this

definition is argumentative and vague in its use of the term "working on behalf of," and in its

incorporation of multiple other vague and ambiguous definitions, each of which in turn has

multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY

OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO

PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA

160

CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to this request on grounds that it is duplicative and cumulative.  Donziger further objects to this request on grounds that it argumentative and incomprehensibly vague in its use of the term "advance knowledge."  Donziger objects to the definition of "PATTON BOGGS" as vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to the definition of "PATTON BOGGS" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "former parents," "subsidiaries," "affiliates," "partners," "representatives," "agents," "and any other PERSON acting, or purporting to act on [Patton Boggs LLP's] behalf," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement

with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 112:**

All DOCUMENTS RELATED TO the writing, drafting, creating, advance knowledge, or revision of the ELAW AMICUS BRIEF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Donziger objects to this request as vague, ambiguous, overbroad, unduly burdensome, harassing, and not reasonably tailored to seek the discovery of admissible evidence. In particular, this request is vague and ambiguous in its use of "creating" and "advance knowledge." Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York. Donziger further objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows: Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 113:**

All DOCUMENTS RELATED TO the writing, drafting, creating, editing, advance knowledge or revision of Amicus Curiae Brief; 2006.7.21 CL 1070 fojas 116436-41 in connection with the LAGO AGRIO LITIGATION.

162

**RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

Donziger objects to this request as vague, ambiguous, overbroad, unduly burdensome, assuming facts not in evidence, harassing, and not reasonably tailored to seek the discovery of admissible evidence.  In particular, this request is argumentative and incomprehensibly vague in its use of "creating" and "advance knowledge."  Donziger objects to the definition of "LAGO AGRIO LITIGATION" as vague and ambiguous in its use of the phrase "any appeals and enforcement actions stemming therefrom."  Donziger further objects to the definition of "LAGO AGRIO LITIGATION" as overbroad as to time and subject matter to the extent that it encompasses any "enforcement actions" and thus purports to call for the production of any documents pertaining to any enforcement actions.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 114:**

All DOCUMENTS RELATED TO the CITED HEALTH REPORTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

Donziger objects to this request as vague, ambiguous, overbroad, and not reasonably

tailored to seek the discovery of admissible evidence. Read literally, given Chevron's definitions of "REATED TO" and "CITED HEALTH REPORTS," this request calls for any and all documents in any way related to TEXPET's operations and activities in ECUADOR, and thus seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing. Donziger objects to this request to the extent it imputes to him any knowledge of the CITED HEALTH REPORTS or seeks to impose upon him a duty or oblgation to ascertain what documents may or may not in some way relate to the CITED HEALTH REPORTS. Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York. Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows: Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

## REQUEST FOR PRODUCTION NO. 115:

All DOCUMENTS RELATED TO the allocation or distribution of, division of, interest in, or responsibility for any proceeds, revenue, award, penalty, cost or expense RELATED TO the LAGO AGRIO LITIGATION, including DOCUMENTS RELATED TO any PERSON who has any interest in or shares in any distribution of any proceeds RELATED TO the LAGO AGRIO JUDGMENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  This request seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger objects to the definition of "LAGO AGRIO LITIGATION" as vague and ambiguous in its use of the phrase "any appeals and enforcement actions stemming therefrom."  Donziger further objects to the definition of "LAGO AGRIO LITIGATION" as overbroad as to time and subject matter to the extent that it encompasses any "enforcement actions" and thus purports to call for the production of any documents pertaining to any enforcement actions.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger further objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 116:**

All DOCUMENTS RELATED TO YOUR allocation or distribution of any of the proceeds RELATED TO the LAGO AGRIO JUDGMENT including all COMMUNICATIONS RELATING TO the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. This request seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing. Donziger objects to this request on grounds that the purportedly defined terms "YOU" and "YOUR" are vague, ambiguous, undefined, and overbroad. Donziger further objects to the definition of "YOU" and "YOUR" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "agents," "attorneys," and "accountants," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined. Donziger will interpret the terms "YOU" and "YOUR" consistent with Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York. Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Civil Rules for the Southern District of New York. Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York. Donziger further objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows: Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

677206

**REQUEST FOR PRODUCTION NO. 117:**

All DOCUMENTS RELATED TO the release, disposal, sale, transfer or gift whether through contract or otherwise of any interest in any of the proceeds from the LAGO AGRIO JUDGMENT to any individual or entity by any of the LAGO AGRIO PLAINTIFFS, any of the RICO DEFENDANTS or any of the CO-CONSPIRATORS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. This request seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing. Donziger further objects on grounds that the defined term "CO-CONSPIRATORS" is argumentative, unreasonably prejudicial, assumes facts not in evidence, and calls for a legal conclusion. In responding to Chevron's requests, Donziger interprets "CO-CONSPIRATORS" to refer to the persons and entities that Chevron alleges acted in concert with the "RICO DEFENDANTS," as defined by Chevron, but Donziger in no way admits Chevron's allegations. Donziger further objects to this request on grounds that it is duplicative and cumulative. Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections state above, but rather specifically subject to them, Donziger responds as follows: Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 118:**

All DOCUMENTS CONCERNING the concept of, necessity or desirability of, or the

167

creation of any trust, account, or legal entity created or to be created for the purposes of holding, managing or administering any of the proceeds of the LAGO AGRIO LITIGATION, including but not limited to all DOCUMENTS concerning the JUDGMENT TRUST discussed in the LAGO AGRIO JUDGMENT, and all COMMUNICATIONS with the LAGO AGRIO COURT concerning the JUDGMENT TRUST.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

Donziger objects to this request as vague, ambiguous, overbroad, and neither relevant nor reasonably tailored to seek the discovery of admissible evidence.  Whether and to what extent any person considered, contemplated, analyzed, or created a legal entity in any way relating to the LAGO AGRIO LITIGATION seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger objects to this request as vague, ambiguous, subject to multiple interpretations and calling for legal conclusions in its use of the defined term "JUDGMENT TRUST."  Donziger objects to the definition of "LAGO AGRIO LITIGATION" as vague and ambiguous in its use of the phrase "any appeals and enforcement actions stemming therefrom."  Donziger further objects to the definition of "LAGO AGRIO LITIGATION" as overbroad as to time and subject matter to the extent that it encompasses any "enforcement actions" and thus purports to call for the production of any documents pertaining to any enforcement actions.  Donziger objects to the defined term "CONCERNING" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

168

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 119:**

All DOCUMENTS RELATED TO COMMUNICATIONS with foreign governments in connection with any attempt to enforce the LAGO AGRIO JUDGMENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

Donziger objects to this request as vague, ambiguous, overbroad, unduly burdensome, harassing, and not reasonably tailored to seek the discovery of admissible evidence.  This request seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger objects to this request on grounds that it seeks information that is already in Chevron's possession, is publicly available, or is equally or more readily available to Chevron.  Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Civil Rules for the Southern District of New York.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and

confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 120:**

All DOCUMENTS RELATED TO the constitution or make-up of the LAGO AGRIO APPELLATE COURT or LAGO AGRIO APPELLATE PANEL in connection with the LAGO AGRIO LITIGATION, including but not limited to the nomination, appointment, removal, dismissal, or recusal of Judge Wilfrido Enrique Erazo Araujo, Judge Luis Alberto Legña Zambrano, Judge Juan Carlos Encarnación Sanchez, Judge Cruz María Ávila Delgado, Judge Marco Antonio Yaguache Mora, Judge Milton David Rafael Toral Zevallos, and Judge Alejandro Kleber Orellana Pineda, including any "sorteos" (lotteries) and COMMUNICATIONS between the LAGO AGRIO PLAINTIFF RELATED PARTIES and the ROE REGARDING the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

Donziger objects to this request as vague, ambiguous, argumentative, overbroad, assuming facts not in evidence, harassing, unduly burdensome, and not reasonably tailored to seek the discovery of admissible evidence, particularly in light of Chevron's use of the overbroad and vague defined term "LAGO AGRIO PLAINTIFF RELATED PARTIES" and "ROE."  The "constitution or make up" of the "LAGO AGRIO APPELLATE COURT or LAGO AGRIO APPELLATE PANEL" are not relevant to, and fall outside the relevant time period for, Chevron's claims and allegations in its Amended Complaint in this action.  Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion.  In particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous

170

definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger objects to the definition of "ROE" as vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to the definition of "ROE" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "current and former presidents, attorneys general, judges, other officials, politicians, partners, contractors, employees, servants, representatives, agents, agencies, officers, insurance companies, attorneys, accountants, assigns, or any other PERSON acting, or purporting to act on [the ROE's]" behalf, either directly or indirectly" or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger objects to the definition of "LAGO AGRIO LITIGATION" as vague and ambiguous in its use of the phrase "any appeals and enforcement actions stemming therefrom."  Donziger further objects to the definition of "LAGO AGRIO LITIGATION" as overbroad as to time and subject matter to the extent that it encompasses any "enforcement actions" and thus purports to call for the production of any documents pertaining to any enforcement actions.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from

discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows: Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 121:**

All DOCUMENTS RELATED TO any COMMUNICATIONS between the LAGO AGRIO PLAINTIFFS or LAGO AGRIO PLAINTIFF RELATED PARTIES, or any other representative, agent, or advocate for the LAGO AGRIO PLAINTIFFS, on the one hand, and any judge, official, or employee of the LAGO AGRIO APPELLATE COURT or LAGO AGRIO APPELLATE PANEL, or any judge, official, or employee of any other court in the ROE, on the other hand, RELATED TO the CHEVRON LITIGATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

Donziger objects to this request as vague, ambiguous, argumentative, overbroad, assuming facts not in evidence, harassing, unduly burdensome, and not reasonably tailored to seek the discovery of admissible evidence, particularly in light of Chevron's use of the overbroad and vague defined term "LAGO AGRIO PLAINTIFF RELATED PARTIES" and the phrase "any judge, official, or employee of any other court in the" in conjunction with the defined term "ROE." The appellate proceedings in the LAGO AGRIO LITIGATION are not relevant to, and fall outside the relevant time period for, Chevron's claims and allegations in its Amended Complaint in this action. Donziger objects to this request to the extent that it seeks information that is already in Chevron's possession or is publicly available, in the LAGO AGRIO LITIGATION record or otherwise. Donziger objects to this request as cumulative and

172

duplicative.  Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion.  In particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to this request as vague, argumentative, and calling for a legal conclusion in its use of the terms "representative," "agent," and "advocate."  Donziger objects to this request on grounds that the defined term "CHEVRON LITIGATIONS" is vague, ambiguous, overbroad, and includes proceedings and events that are beyond the scope of the claims and defenses at issue in this litigation.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and

confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 122:**

All DOCUMENTS RELATED TO Judge Milton David Toral Cevallos, Judge Luis Alberto Legña Zambrano, Judge Alejandro Kleber Orellana Pineda, Judge Juan Carlos Encarnación Sanchez, Judge Cruz María Ávila Delgado, Judge Wilfrido Enrique Erazo Araujo or Judge Marco Antonio Yaguache Mora in both their judicial and nonjudicial capacities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. This request for any and all documents in any way related to the seven individuals named therein, regardless of subject matter, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing. Moreover, information concerning the judges involved in the appellate phase of the LAGO AGRIO LITIGATION are not relevant to, and fall outside the relevant time period for, Chevron's claims and allegations in its Amended Complaint in this action. Donziger objects to this request on grounds that it seeks information that is already in Chevron's possession, is publicly available, or is equally or more readily available to Chevron. Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York. Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

174

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 123:**

All DOCUMENTS outside of the RECORD and provided by the LAGO AGRIO PLAINTIFF RELATED PARTIES which were used in any way by the LAGO AGRIO APPELLATE COURT or LAGO AGRIO APPELLATE PANEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

Donziger objects to this request as vague, ambiguous, argumentative, assuming facts not in evidence, calling for a legal conclusion, and not reasonably tailored to seek the discovery of admissible evidence, particularly in light of Chevron's use of the overbroad and vague defined term "LAGO AGRIO PLAINTIFF RELATED PARTIES."  The appellate proceedings in the LAGO AGRIO LITIGATION are not relevant to, and fall outside the relevant time period for, Chevron's claims and allegations in its Amended Complaint in this action.  Donziger objects to this request to the extent it purports to require Donziger to review the "RECORD" and to attempt to determine what documents may or may not be within the "RECORD" that may or may not have been used in some way by the LAGO AGRIO APPELLATE COURT of LAGO AGRIO APPELLATE PANEL as unduly burdensome, improper, harassing, and inconsistent with the rules and obligations imposed upon a respondent to discovery by the Rules.  Donziger further objects to this request as argumentative and unduly prejudicial to the extent it seeks to impute to Donziger any knowledge regarding what documents and information was used in any way by the LAGO AGRIO APPELLATE COURT and the LAGO AGRIO APPELLATE PANEL. Donziger objects to this request on grounds that the phrase "in the RECORD" is non-sensical in

light of Chevron's definition of "RECORD" and the incorporation into that definition of Chevron's open-ended defined term "LAGO AGRIO LITIGATION." Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion. In particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations. Donziger objects to this request on grounds that it is vague and ambiguous in its use of the terms "provided to" and "used in any way by." Donziger objects to the defined terms "LAGO AGRIO APPELLATE COURT" and "LAGO AGRIO APPELLATE PANEL" as vague, ambiguous, overbroad, and subject to multiple interpretations. Donziger further objects that the use of defined terms "LAGO AGRIO APPELLATE COURT" and "LAGO AGRIO APPELLATE PANEL" renders this request vague and ambiguous. Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows: Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement

with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

## REQUEST FOR PRODUCTION NO. 124:

All DOCUMENTS sufficient to identify any DOCUMENTS provided to, filed with, or otherwise transmitted to the LAGO AGRIO APPELLATE COURT or LAGO AGRIO APPELLATE PANEL by or on behalf of the LAGO AGRIO PLAINTIFFS, or by any of the LAGO AGRIO PLAINTIFF RELATED PARTIES in connection with the LAGO AGRIO LITIGATION that are not incorporated into the RECORD.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 124:

Donziger objects to this request as vague, ambiguous, argumentative, assuming facts not in evidence, calling for a legal conclusion, and not reasonably tailored to seek the discovery of admissible evidence, particularly in light of Chevron's use of the overbroad and vague defined term "LAGO AGRIO PLAINTIFF RELATED PARTIES."  The appellate proceedings in the LAGO AGRIO LITIGATION are not relevant to, and fall outside the relevant time period for, Chevron's claims and allegations in its Amended Complaint in this action.  Donziger objects to this request to the extent it purports to require Donziger to review the "RECORD" and to attempt to determine what documents may or may not be incorporated into the "RECORD" that may or may not have been transmitted by someone on behalf of teh LAGO AGRIO PLAINTIFFS or by any of the many persons or entities falling within Chevron's definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" to the LAGO AGRIO APPELLATE COURT of LAGO AGRIO APPELLATE PANEL as unduly burdensome, improper, harassing, and inconsistent with the rules and obligations imposed upon a respondent to discovery by the Rules.  Donziger objects to this request on grounds that the phrase "in the RECORD" is non-sensical in light of Chevron's definition of "RECORD" and the incorporation into that definition of Chevron's open-ended defined term "LAGO AGRIO LITIGATION."Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion.  In particular, this

677206

definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations. Donziger objects to the defined terms "LAGO AGRIO APPELLATE COURT" and "LAGO AGRIO APPELLATE PANEL" as vague, ambiguous, overbroad, and subject to multiple interpretations. Donziger further objects that the use of defined terms "LAGO AGRIO APPELLATE COURT" and "LAGO AGRIO APPELLATE PANEL" renders this request vague and ambiguous. Donziger objects to the definition of "LAGO AGRIO LITIGATION" as vague and ambiguous in its use of the phrase "any appeals and enforcement actions stemming therefrom." Donziger further objects to the definition of "LAGO AGRIO LITIGATION" as overbroad as to time and subject matter to the extent that it encompasses any "enforcement actions" and thus purports to call for the production of any documents pertaining to any enforcement actions. Donziger objects to this request as vague and ambiguous in its use of the term "RECORD," especially in combination with the defined term "LAGO AGRIO LITIGATION," which purports to include proceedings beyond those occurring on the "LAGO AGRIO COURT." Donziger further objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows: Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality

178

implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 125:**

All DOCUMENTS RELATED TO the DRAFT SECOND INSTANCE SENTENCIA including COMMUNICATIONS with the ROE and/or counsel for the ROE including Winston & Strawn LLP RELATED TO the DRAFT SECOND INSTANCE SENTENCIA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

Donziger objects to this request as vague, ambiguous, overbroad, unduly burdensome, harassing, assuming facts not in evidence, and not reasonably tailored to seek the discovery of admissible evidence.  Read literally, this request calls for any and all documents related in any way to the LAGO AGRIO LITIGATION, including all of the underlying evidence that existed and/or now exists pertaining to that litigation, all of the pleadings and filings in that litigation, and all of the work product and attorney-client communications of the attorneys involved in that litigation.  Donziger objects to the defined term "DRAFT SECOND INSTANCE SENTENCIA" as vague, overbroad, ambiguous, assuming facts not in evidence, and calling for expert analysis and legal conclusions.  Donziger objects to the definition of "ROE" as vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to the definition of "ROE" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "current and former presidents, attorneys general, judges, other officials, politicians, partners, contractors, employees, servants, representatives, agents, agencies, officers, insurance companies, attorneys, accountants, assigns, or any other PERSON acting, or purporting to act on [the ROE's]" behalf, either directly or indirectly" or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on

Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Civil Rules for the Southern District of New York.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 126:**

All DOCUMENTS RELATED TO the actual or potential involvement of PATTON BOGGS in the PREPARATION of any brief, motion, or pleading in connection with the LAGO AGRIO LITIGATION or the appeal of the LAGO AGRIO JUDGMENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Whether and to what extent non-party "PATTON BOGGS" was actually or "potentially" involved in the PREPARATION of any brief, motion, pleading in connection with the LAGO AGRIO LITIGATION, especially as these terms are broadly defined by Chevron in these requests, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger further objects to this request on grounds it is argumentative and incomprehensibly vague in its use of the term "potential

involvement." Donziger objects to the definition of "PATTON BOGGS" as vague, ambiguous, overbroad, and subject to multiple interpretations. Donziger further objects to the definition of "PATTON BOGGS" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "former parents," "subsidiaries," "affiliates," "partners," "representatives," "agents," "and any other PERSON acting, or purporting to act on [Patton Boggs LLP's] behalf," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined. Donziger objects to the definition of "PREPARATION" as overbroad, vague, ambiguous, subject to multiple interpretations, argumentative, and unduly prejudicial. In particular, this definition is argumentative, unduly prejudicial, and incomprehensibly vague in its use of the terms "proposing," "editing," "ghostwriting," "advance knowledge," and "revising." Donziger objects to the definition of "LAGO AGRIO LITIGATION" as vague and ambiguous in its use of the phrase "any appeals and enforcement actions stemming therefrom." Donziger further objects to the definition of "LAGO AGRIO LITIGATION" as overbroad as to time and subject matter to the extent that it encompasses any "enforcement actions" and thus purports to call for the production of any documents pertaining to any enforcement actions. Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York. Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows: Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged

documents.

**REQUEST FOR PRODUCTION NO. 127:**

All DOCUMENTS RELATED TO COMMUNICATIONS and/or meetings with

CHEVRON officers, Board of Directors, shareholders or institutional investors REGARDING

CHEVRON or the CHEVRON LITIGATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

Donziger objects to this request as unduly burdensome, harassing, and not reasonably

tailored to seek the discovery of admissible evidence, particularly in light of Chevron's use of the

defined terms CHEVRON and CHEVRON LITIGATIONS.  Donziger further objects to this

request as vague, ambiguous, and overbroad because it is not limited to any identified person's

or entity's communications and/or meetings with CHEVRON officers, Board of Directors,

shareholders or institutional investors.  Donziger objects to this request to the extent it purports

to impute to Donziger any knowledge of persons or entities falling within the scope of the terms

"shareholders" and "institutional investors," or impose duties to ascertain the identity, existence

or relationships of or among any of the persons or entities listed or defined.  Donziger objects to

the definition of "CHEVRON" as vague, ambiguous, overbroad, and subject to multiple

interpretations.  Donziger further objects to the definition of "CHEVRON" to the extent it

purports to impute to Donziger any knowledge of persons or entities falling within the scope of

the terms "current and former subsidiaries, affiliates, partners, officers, directors, employees,

representatives, agents, or any other PERSON acting, or purporting to act, on their behalf, or any

predecessors or successors of the foregoing" or impose duties to ascertain the identity, existence

or relationships of or among any of the persons or entities listed or defined.  Donziger will

interpret "CHEVRON" to have the meaning set forth in Rule 26.3(c)(5) of the Local Civil Rules

for the Southern District of New York.  Donziger objects to this request on grounds that the

defined term "CHEVRON LITIGATIONS" is vague, ambiguous, overbroad, and includes

proceedings and events that are beyond the scope of the claims and defenses at issue in this

litigation.  Donziger objects to this request as seeking documents and information already in

Chevron's possession or equally or more readily available to Chevron.  Donziger objects to this request to the extent that it enquires about, and ostensibly seeks to exert a chilling effect upon, activities constituting free speech, free association, and free expression on matters of public concern, as well as petitioning the government, all of which activities are protected by the First Amendment to the United States Constitution.  Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Civil Rules for the Southern District of New York.  Donziger objects to the defined term "REGARDING" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 128:**

All DOCUMENTS RELATED TO COMMUNICATIONS with stock market analysts, energy industry analysts, energy industry journalists, or other media professionals RELATED TO CABRERA, alleged remediation costs or remediation damages in the Oriente attributable to Chevron, the extent of alleged environmental harms in the Oriente attributable to Chevron, any alleged fraud in connection with the TEXPET REMEDIATION AND RELEASE, the supposed independence of the LAPs from the Ecuadorian Government, the supposed independence or

677206

integrity of the Ecuadorian judiciary in adjudicating the CHEVRON LITIGATIONS, the LAGO AGRIO JUDGMENT, the LAGO AGRIO APPELLATE DECISION, the LAGO AGRIO APPELLATE CLARIFICATION ORDER, enforcement of the LAGO AGRIO JUDGMENT and attachment of CHEVRON's assets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

Donziger objects to this request as vague, ambiguous, overbroad, unduly burdensome, and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Read literally, this request calls for any and all communications by any person with any media professional related in any way to the LAGO AGRIO LITIGATION. This broad thus request seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing. Donziger further objects to this request on grounds it is argumentative, assumes facts not in evidence, and is unduly prejudicial. Donziger objects to this request to the extent that it enquires about, and ostensibly seeks to exert a chilling effect upon, activities constituting free speech, free association, and free expression on matters of public concern, as well as petitioning the government, all of which activities are protected by the First Amendment to the United States Constitution. Donziger objects to the definition of "CHEVRON" as vague, ambiguous, overbroad, and subject to multiple interpretations. Donziger further objects to the definition of "CHEVRON" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "current and former subsidiaries, affiliates, partners, officers, directors, employees, representatives, agents, or any other PERSON acting, or purporting to act, on their behalf, or any predecessors or successors of the foregoing" or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined. Donziger will interpret "CHEVRON" to have the meaning set forth in Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York. Donziger objects to this request on grounds that the defined term "CHEVRON LITIGATIONS" is vague, ambiguous, overbroad, and includes proceedings and events that are beyond the scope of the

claims and defenses at issue in this litigation.  Donziger objects to this request on grounds that the defined term TEXPET REMEDIATION AND RELEASE is argumentative, vague, ambiguous, overbroad, and calls for a legal conclusion, in particular in its use of the phrases "performance of any legal obligation" and "scope of work."  Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Civil Rules for the Southern District of New York.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 129:**

All DOCUMENTS RELATED TO the WORK of Graham Erion in connection with CHEVRON or the CHEVRON LITIGATIONS including but not limited to his memorandum REGARDING a securities strategy directed against CHEVRON and all COMMUNICATIONS RELATED TO this memorandum and strategy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

Donziger objects to this request as overbroad, argumentative, assuming facts not in

evidence, and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. This broad request for all documents related to the WORK of non-party attorney Graham Erion in connection with CHEVRON or the CHEVRON LITIGATIONS, particularly as those terms are defined by Chevron, regardlessof the subject matter, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing. Donziger objects to this request as vague, ambiguous, subject to multiple interpretations and calling for a legal conclusion in its use of the phrase "his memorandum REGARDING a securities strategy directed against CHEVRON." Donziger objects to the definition of "CHEVRON" as vague, ambiguous, overbroad, and subject to multiple interpretations. Donziger further objects to the definition of "CHEVRON" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "current and former subsidiaries, affiliates, partners, officers, directors, employees, representatives, agents, or any other PERSON acting, or purporting to act, on their behalf, or any predecessors or successors of the foregoing" or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined. Donziger will interpret "CHEVRON" to have the meaning set forth in Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York. Donziger objects to this request on grounds that the defined term "CHEVRON LITIGATIONS" is vague, ambiguous, overbroad, and includes proceedings and events that are beyond the scope of the claims and defenses at issue in this litigation. Donziger further objects on grounds that the defined term "WORK" is overbroad and incomprehensibly vague in its use of the terms "supervision," "guidance," advising," "ideas," "assumption," "technique," and "fieldwork." Donziger further objects to the definition of "WORK" in conjunction with the definition of the term "CHEVRON LITIGATIONS," as Chevron's definition of "WORK" pertains only to certain specific litigation. Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Civil Rules for the Southern District of New York.

186

Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York. Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 130:**

All DOCUMENTS RELATED TO any protests, rallies, marches, demonstrations, grassroots events, and other forms of activism (as well as all DOCUMENTS RELATED TO the entities which have organized, promoted, financed or otherwise furthered these activities) in connection with CHEVRON or the CHEVRON LITIGATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Read literally, this request calls for any and all documents relating in any way to any form of activism by any person relating to CHEVRON or the CHEVRON LITIGATIONS.  This broad request seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger objects to this request to the extent that it enquires about, and ostensibly seeks to exert a chilling effect upon, activities constituting free speech, free association, and free expression on matters of public concern, as well as petitioning the government, all of which activities are protected by the First Amendment

to the United States Constitution.   Donziger objects to the definition of "CHEVRON" as vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to the definition of "CHEVRON" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "current and former subsidiaries, affiliates, partners, officers, directors, employees, representatives, agents, or any other PERSON acting, or purporting to act, on their behalf, or any predecessors or successors of the foregoing" or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger will interpret "CHEVRON" to have the meaning set forth in Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request on grounds that the defined term "CHEVRON LITIGATIONS" is vague, ambiguous, overbroad, and includes proceedings and events that are beyond the scope of the claims and defenses at issue in this litigation.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 131:**

All DOCUMENTS RELATED TO any COMMUNICATIONS between any of the LAGO AGRIO PLAINTIFF RELATED PARTIES, on the one hand, and any non-governmental

organization ("NGO") or its employees, on the other hand, REGARDING CHEVRON or the CHEVRON LITIGATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

Donziger objects to this request as vague, ambiguous, overbroad, unduly burdensome, harassing, and not reasonably tailored to seek the discovery of admissible evidence, particularly in light of Chevron's use of the overbroad and vague defined term "LAGO AGRIO PLAINTIFF RELATED PARTIES." Read literally, this request seeks any documents in any way related to any communications between any one of the dozens of individuals and entities, including dozens of non-parties to this action encompassed within Chevron's definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" and any non-governmental organization in any way related to Chevron. This request thus seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing. Donziger objects to this request to the extent that it enquires about, and ostensibly seeks to exert a chilling effect upon, activities constituting free speech, free association, and free expression on matters of public concern, as well as petitioning the government, all of which activities are protected by the First Amendment to the United States Constitution. Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion. In particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations.

Donziger objects to the definition of "CHEVRON" as vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to the definition of "CHEVRON" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "current and former subsidiaries, affiliates, partners, officers, directors, employees, representatives, agents, or any other PERSON acting, or purporting to act, on their behalf, or any predecessors or successors of the foregoing" or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined. Donziger will interpret "CHEVRON" to have the meaning set forth in Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request on grounds that the defined term "CHEVRON LITIGATIONS" is vague, ambiguous, overbroad, and includes proceedings and events that are beyond the scope of the claims and defenses at issue in this litigation.  Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Civil Rules for the Southern District of New York.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

677206

**REQUEST FOR PRODUCTION NO. 132:**

All DOCUMENTS RELATED TO Joseph Berlinger, Michael Bonfiglio, @Radical Media or any PERSONS employed by them or working at their direction, CONCERNING the CHEVRON LITIGATIONS or the film Crude: The Real Price of Oil.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

Donziger objects to this request as vague, ambiguous, overbroad, unduly burdensome, harassing, and not reasonably tailored to seek the discovery of admissible evidence.  Donziger objects to this request to the extent that it enquires about, and ostensibly seeks to exert a chilling effect upon, activities constituting free speech, free association, and free expression on matters of public concern, as well as petitioning the government, all of which activities are protected by the First Amendment to the United States Constitution.  Donziger objects to this request to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "employed by them" or "working at their direction," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed.  Donziger objects to this request on grounds that the defined term "CHEVRON LITIGATIONS" is vague, ambiguous, overbroad, and includes proceedings and events that are beyond the scope of the claims and defenses at issue in this litigation.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant,

191

responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 133:**

All DOCUMENTS RELATED TO Duncan MacLean, Lou Dematteis or Kelly Hearn CONCERNING the CHEVRON LITIGATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. This request for any and all documents in any way related to Duncan MacLean, Lou Dematteis or Kelly Hearn and the CHEVRON LITIGATIONS, regardless of the subject matter, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing. Donziger objects to this request to the extent that it enquires about, and ostensibly seeks to exert a chilling effect upon, activities constituting free speech, free association, and free expression on matters of public concern, as well as petitioning the government, all of which activities are protected by the First Amendment to the United States Constitution. Donziger objects to this request on grounds that the defined term "CHEVRON LITIGATIONS" is vague, ambiguous, overbroad, and includes proceedings and events that are beyond the scope of the claims and defenses at issue in this litigation. Donziger objects to the defined term "RELATED TO" and "CONCERNING" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York. Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows: Donziger is willing to meet and

192

confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 134:**

All DOCUMENTS RELATED TO any COMMUNICATION by any of the LAGO AGRIO PLAINTIFF RELATED PARTIES with any State Attorney General's Office or its employees REGARDING CHEVRON.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Whether and to what extent any LAGO AGRIO PLAINTIFF RELATED PARTY, especially as that term is broadly and vaguely defined by Chevron, had any communication with any State Attorney General's Office or employee thereof in any way regarding CHEVRON seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing. Donziger objects to this request to the extent that it enquires about, and ostensibly seeks to exert a chilling effect upon, activities constituting free speech, free association, and free expression on matters of public concern, as well as petitioning the government, all of which activities are protected by the First Amendment to the United States Constitution. Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion. In particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF

193

CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger objects to the definition of "CHEVRON" as vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to the definition of "CHEVRON" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "current and former subsidiaries, affiliates, partners, officers, directors, employees, representatives, agents, or any other PERSON acting, or purporting to act, on their behalf, or any predecessors or successors of the foregoing" or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger will interpret "CHEVRON" to have the meaning set forth in Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York.  Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Civil Rules for the Southern District of New York.  Donziger objects to the defined terms "RELATED TO" and "REGARDING" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement

194

with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 135:**

All DOCUMENTS RELATED TO any COMMUNICATIONS by any of the LAGO AGRIO PLAINTIFF RELATED PARTIES with any current or former elected or appointed government official of the government of the United States or any state, territory, or possession thereof including any city or town, related to CABRERA, alleged remediation costs or remediation damages in the Oriente attributable to Chevron, the extent of alleged environmental harms in the Oriente attributable to Chevron, any alleged fraud in connection with the TEXPET REMEDIATION AND RELEASE, the supposed independence of the LAGO AGRIO PLAINTIFFS from the Ecuadorian Government, and the supposed independence or integrity of the Ecuadorian judiciary in adjudicating the CHEVRON LITIGATIONS. This includes but is not limited to any COMMUNICATIONS with the President, any ambassador, governor, attorney general, mayor, legislator, controller, or comptroller.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 135:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Donziger objects to this request on grounds it is compound and duplicative.  Whether and to what extent any LAGO AGRIO PLAINTIFF RELATED PARTY, especially as that term is broadly and vaguely defined by Chevron, has had any communication with any current or former elected or appointed government official relating in any way to the broadly defined topic areas referenced in this request seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger objects to this request to the extent that it enquires about, and ostensibly seeks to exert a chilling effect upon, activities constituting free speech, free association, and free expression on matters of public concern, as well as petitioning the government, all of which activities are protected by the First Amendment to the United States Constitution.  Donziger further objects to this request on

grounds it is argumentative, assumes facts not in evidence, and is unduly prejudicial.  Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion.  In particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger objects to this request on grounds that the defined term "CHEVRON LITIGATIONS" is vague, ambiguous, overbroad, and includes proceedings and events that are beyond the scope of the claims and defenses at issue in this litigation.  Donziger objects to this request on grounds that the defined term TEXPET REMEDIATION AND RELEASE is argumentative, vague, ambiguous, overbroad, and calls for a legal conclusion, in particular in its use of the phrases "performance of any legal obligation" and "scope of work."  Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Civil Rules for the Southern District of New York.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

196

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows: Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 136:**

All DOCUMENTS RELATED TO any COMMUNICATION by any of the LAGO AGRIO PLAINTIFF RELATED PARTIES with any State's Office of the Comptroller or its employees including the Office of the New York State Comptroller, and the California State Controller's Office REGARDING CHEVRON.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 136:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Donziger objects to this request on grounds it is duplicative and cumulative. Whether and to what extent any LAGO AGRIO PLAINTIFF RELATED PARTY, especially as that term is broadly and vaguely defined by Chevron, has had any communication with any State's Office of the Comptroller relating in any way to CHEVRON, regardless of the subject matter, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing. Donziger objects to this request to the extent that it enquires about, and ostensibly seeks to exert a chilling effect upon, activities constituting free speech, free association, and free expression on matters of public concern, as well as petitioning the government, all of which activities are protected by the First Amendment to the United States Constitution. Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion. In particular, this definition is argumentative and

197

incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger objects to the definition of "CHEVRON" as vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to the definition of "CHEVRON" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "current and former subsidiaries, affiliates, partners, officers, directors, employees, representatives, agents, or any other PERSON acting, or purporting to act, on their behalf, or any predecessors or successors of the foregoing" or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger will interpret "CHEVRON" to have the meaning set forth in Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York.  Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Civil Rules for the Southern District of New York.  Donziger objects to the defined term "REGARDING" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 137:**

All DOCUMENTS RELATED TO any COMMUNICATIONS with Joshua Rizack by any of the LAGO AGRIO PLAINTIFF RELATED PARTIES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 137:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Whether and to what extent any LAGO AGRIO PLAINTIFF RELATED PARTY, especially as that term is broadly and vaguely defined by Chevron, has had any communicationwith Joshua Rizack, regardless of the subject-matter, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger objects to this request to the extent that it enquires about, and ostensibly seeks to exert a chilling effect upon, activities constituting free speech, free association, and free expression on matters of public concern, as well as petitioning the government, all of which activities are protected by the First Amendment to the United States Constitution.  Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion.  In particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO

677206

PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," PURPORTED

CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO

PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO

PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF

ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to

multiple interpretations.  Donziger objects to the defined term "COMMUNICATIONS" to the

extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on

Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Civil Rules for the Southern

District of New York.  Donziger objects to the defined term "RELATED TO" to the extent that

Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger

greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of

New York.  Donziger objects to this request to the extent it seeks information protected from

discovery by the attorney-client privilege, the attorney work product doctrine, the common

interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather

specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and

confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality

implications of this request, and the timing and manner of production of any relevant,

responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement

with respect to the foregoing issues, to produce any relevant, responsive, non-privileged

documents.

**REQUEST FOR PRODUCTION NO. 138:**

All DOCUMENTS RELATED TO the creation, development, or management of "You

Break It, You Fix It."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 138:**

Donziger objects to this request as vague, ambiguous, overbroad, unduly burdensome,

harassing, and not reasonably tailored to seek the discovery of admissible evidence.  The

creation, development, and management of "You Break It, You Fix It" are not relevant to the claims and defenses at issue in this matter. Donziger objects to this request to the extent that it enquires about, and ostensibly seeks to exert a chilling effect upon, activities constituting free speech, free association, and free expression on matters of public concern, as well as petitioning the government, all of which activities are protected by the First Amendment to the United States Constitution. Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York. Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows: Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 139:**

All DOCUMENTS RELATED TO contemplated and actual COMMUNICATIONS with CHEVRON EXPERT WITNESSES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

Donziger objects to this request as vague, ambiguous, overbroad, unduly burdensome, harassing, and not reasonably tailored to seek the discovery of admissible evidence. Whether and to what extent any person has "contemplated" or had communications with any CHEVRON EXPERT WITNESS, especially as that term is defined by Chevron, at any point in time on any subject is not relevant to the claims and defenses at issue in this matter. Donziger objects to this

request on grounds it is vague and ambiguous in its use of the term "contemplated . . .

COMMUNICATIONS."  Donziger objects to this request as seeking information already in

Chevron's possession or equally or more available to Chevron.  Donziger objects to the defined

term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or

seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the

Local Civil Rules for the Southern District of New York.  Donziger objects to the defined term

"COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with,

or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the

Local Civil Rules for the Southern District of New York.  Donziger objects to this request as

calling for information protected from discovery by the attorney-client privilege, the attorney

work product doctrine, and the common interest doctrine.

 Without waiving any of the general and specific objections stated above, but rather

specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and

confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality

implications of this request, and the timing and manner of production of any relevant,

responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement

with respect to the foregoing issues, to produce any relevant, responsive, non-privileged

documents.

**REQUEST FOR PRODUCTION NO. 140:**

 All DOCUMENTS RELATED TO any submission of letters, requests, complaints, or

petitions on behalf of any of the LAGO AGRIO PLAINTIFF RELATED PARTIES to any

international agency, including the International Commission of Jurists; the Inter-American

Commission on Human Rights; the Organization of American States; Hina Jilani; or the United

Nations and sub-agencies, commissions, and committees thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

 Donziger objects to this request as overbroad and calling for documents and information

that are neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence, particularly in light of Chevron's use of the overbroad and vague defined term "LAGO AGRIO PLAINTIFF RELATED PARTIES."  Whether and to what extent any person has submitted any materials on behalf of any LAGO AGRIO PLAINTIFF RELATED PARTY to any international agency seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger objects to this request to the extent that it enquires about, and ostensibly seeks to exert a chilling effect upon, activities constituting free speech, free association, and free expression on matters of public concern, as well as petitioning the government, all of which activities are protected by the First Amendment to the United States Constitution.  Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion.  In particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather

specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 141:**

All DOCUMENTS RELATED TO the factual support for the statements and assertions in the video entitled "Chevron's Amazon Chernobyl: How Chevron Poisoned Ecuador's Rainforest," available for viewing as of April 24, 2012 at http://www.chevrontoxico.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 141:**

Donziger objects to this request on grounds that it is a contention interrogatory disguised as a request for production and is premature and violates Local Civil Rule 33.3 for the United States District Court for the Southern District of New York, as discovery has just commenced. Donziger objects to this request to the extent it seeks the premature disclosure of expert opinions and analyses.  Donziger further objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Donziger objects to this request to the extent it purports to impute to Donziger any knowledge of or responsibility for the referenced video, or to impose duties to ascertain any information relating to such video.  Donziger objects to this request to the extent it seeks information or materials equally or more readily available to Chevron.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows: Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 142:**

All DOCUMENTS RELATED TO any statement or testimony prepared or given to any committee within the United States Congress RELATED TO CHEVRON or the CHEVRON LITIGATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 142:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Read literally, this request calls for any and all documents in any way related to any statement or testimony prepared or given by any person relating in any way to "CHEVRON" or the "CHEVRON LITIGATIONS," regardless of the subject matter. This request thus seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing. Donziger objects to this request to the extent that it enquires about, and ostensibly seeks to exert a chilling effect upon, activities constituting free speech, free association, and free expression on matters of public concern, as well as petitioning the government, all of which activities are protected by the First Amendment to the United States Constitution. Donziger objects to the definition of "CHEVRON" as vague, ambiguous, overbroad, and subject to multiple interpretations. Donziger further objects to the definition of "CHEVRON" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "current and former subsidiaries, affiliates, partners, officers, directors, employees, representatives, agents, or any other PERSON acting, or

205

purporting to act, on their behalf, or any predecessors or successors of the foregoing" or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger will interpret "CHEVRON" to have the meaning set forth in Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request on grounds that the defined term "CHEVRON LITIGATIONS" is vague, ambiguous, overbroad, and includes proceedings and events that are beyond the scope of the claims and defenses at issue in this litigation.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 143:**

All DOCUMENTS RELATED TO the drafting of material REGARDING the Latin American Law Institute, a/k/a the Center for Multinational Civil Justice, RELATED TO CHEVRON or the CHEVRON LITIGATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**

Donziger objects to this request as vague, ambiguous, overbroad, unduly burdensome, harassing, and not reasonably tailored to seek the discovery of admissible evidence.  Whether

and to what extent any person has drafted any material in any way relating to the Latin American Law Institute and "CHEVRON" or the "CHEVRON LITIGATIONS," especially as these terms are broadly defined by Chevron in these requests, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger objects to this request to the extent that it enquires about, and ostensibly seeks to exert a chilling effect upon, activities constituting free speech, free association, and free expression on matters of public concern, as well as petitioning the government, all of which activities are protected by the First Amendment to the United States Constitution.  Donziger objects to the definition of "CHEVRON" as vague, ambiguous, overbroad, and subject to multiple interpretations. Donziger further objects to the definition of "CHEVRON" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "current and former subsidiaries, affiliates, partners, officers, directors, employees, representatives, agents, or any other PERSON acting, or purporting to act, on their behalf, or any predecessors or successors of the foregoing" or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger will interpret "CHEVRON" to have the meaning set forth in Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request on grounds that the defined term "CHEVRON LITIGATIONS" is vague, ambiguous, overbroad, and includes proceedings and events that are beyond the scope of the claims and defenses at issue in this litigation. Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York. Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and

confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

## REQUEST FOR PRODUCTION NO. 144:

All DOCUMENTS RELATED TO the AMAZON DEFENSE FRONT, including but not limited to all DOCUMENTS RELATED TO the formation, structure, and management of the AMAZON DEFENSE FRONT, WORK RELATED TO the CHEVRON LITIGATIONS, any payments made by the AMAZON DEFENSE FRONT to any PERSON or entity providing any WORK or assistance RELATED TO the CHEVRON LITIGATIONS, and payments made to the AMAZON DEFENSE FRONT by any PERSON or entity for any WORK or assistance RELATED TO the CHEVRON LITIGATIONS.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 144:

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. This request for all documents in any way related to the AMAZON DEFENSE FRONT, especially as that term is broadly and vaguely defined by Chevron in these requests, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing. Donziger objects to this request to the extent that it enquires about, and ostensibly seeks to exert a chilling effect upon, activities constituting free speech, free association, and free expression on matters of public concern, as well as petitioning the government, all of which activities are protected by the First Amendment to the United States Constitution. Donziger objects to the definition of "AMAZON DEFENSE FRONT" as vague, ambiguous, and subject to multiple interpretations. Donziger further objects to the definition of "AMAZON DEFENSE FRONT" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "members," "partners," "contractors,"

208

"servants" "representatives," "agents," "insurance companies," "attorneys" "accountants,"
"assigns," "and any other PERSON or entity acting, or purporting to act on the Front's behalf,
either directly or indirectly" or impose duties to ascertain the identity, existence or relationships
of or among any of the persons or entities listed or defined.  Donziger objects to this request on
grounds that the defined term "CHEVRON LITIGATIONS" is vague, ambiguous, overbroad,
and includes proceedings and events that are beyond the scope of the claims and defenses at
issue in this litigation.  Donziger further objects on grounds that the defined term "WORK" is
overbroad and vague in its use of the terms "supervision," "guidance," advising," "ideas,"
"assumption," "technique," and "fieldwork."  Donziger further objects to the definition of
"WORK" in conjunction with the definition of the term "CHEVRON LITIGATIONS," as
Chevron's definition of "WORK" pertains only to certain specific litigation.  Donziger objects to
the defined term "RELATED TO" to the extent that Chevron's purported definition is
inconsistent with, or seek to impose obligations on Donziger greater than that imposed by, Rule
26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to
this request as calling for information protected from discovery by the attorney-client privilege,
the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather
specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and
confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality
implications of this request, and the timing and manner of production of any relevant,
responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement
with respect to the foregoing issues, to produce any relevant, responsive, non-privileged
documents.

## REQUEST FOR PRODUCTION NO. 145:

All DOCUMENTS RELATED TO AMAZON WATCH, including but not limited to all
DOCUMENTS RELATED TO the formation, structure, and management of AMAZON
WATCH, WORK RELATED TO the CHEVRON LITIGATIONS, any payments made by

AMAZON WATCH to any PERSON or entity providing any WORK or assistance RELATED TO the CHEVRON LITIGATIONS, and any payments made to AMAZON WATCH by any PERSON or entity for any WORK or assistance RELATED TO the CHEVRON LITIGATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. This request for all documents in any way related to AMAZON WATCH, especially as that term is defined by Chevron in these requests, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing. Donziger objects to this request to the extent that it enquires about, and ostensibly seeks to exert a chilling effect upon, activities constituting free speech, free association, and free expression on matters of public concern, as well as petitioning the government, all of which activities are protected by the First Amendment to the United States Constitution. Donziger objects to the definition of "AMAZON WATCH" as vague, ambiguous, overbroad, and subject to multiple interpretations. Donziger further objects to the definition of "AMAZON WATCH" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "members," "partners," "contractors," "servants," "representatives," "agents," "insurance companies," "attorneys, "accountants," "assigns," "or any other PERSON or entity acting for, at the direction of, or on behalf of AMAZON WATCH," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined. Donziger objects to this request on grounds that the defined term "CHEVRON LITIGATIONS" is vague, ambiguous, overbroad, and includes proceedings and events that are beyond the scope of the claims and defenses at issue in this litigation. Donziger further objects on grounds that the defined term "WORK" is overbroad and incomprehensibly vague in its use of the terms "supervision," "guidance," advising," "ideas," "assumption," "technique," and "fieldwork." Donziger further objects to the definition of "WORK" in conjunction with the definition of the term "CHEVRON LITIGATIONS," as Chevron's definition of "WORK"

pertains only to certain specific litigation.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seek to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 146:**

All DOCUMENTS RELATED TO the RAINFOREST ACTION NETWORK, including but not limited to all DOCUMENTS RELATED TO the formation, structure, and management of the RAINFOREST ACTION NETWORK, WORK RELATED TO the CHEVRON LITIGATIONS, any payments made by the RAINFOREST ACTION NETWORK to any PERSON or entity providing any WORK or assistance RELATED TO the CHEVRON LITIGATIONS, and any payments made to the RAINFOREST ACTION NETWORK by any PERSON or entity for any WORK or assistance RELATED TO the CHEVRON LITIGATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  This request for all documents in any way related to RAINFOREST ACTION NETWORK, especially as that term is broadly defined by Chevron in these requests, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly

burdensome, improper and harassing.  Donziger objects to this request to the extent that it

enquires about, and ostensibly seeks to exert a chilling effect upon, activities constituting free

speech, free association, and free expression on matters of public concern, as well as petitioning

the government, all of which activities are protected by the First Amendment to the United States

Constitution.  Donziger objects to the definition of "RAINFOREST ACTION NETWORK" as

vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects

to the definition of "RAINFOREST ACTION NETWORK" to the extent it purports to impute to

Donziger any knowledge of persons or entities falling within the scope of the terms "members,"

"partners," "contractors," "servants," "representatives," "agents," "insurance companies,"

"attorneys, "accountants," "assigns," "or any other PERSON or entity acting for, at the direction

of, or on behalf of RAINFOREST ACTION NETWORK," or impose duties to ascertain the

identity, existence or relationships of or among any of the persons or entities listed or defined.

Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported

definition is inconsistent with, or seek to impose obligations on Donziger greater than that

imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.

Donziger objects to this request on grounds that the defined term "CHEVRON LITIGATIONS"

is vague, ambiguous, overbroad, and includes proceedings and events that are beyond the scope

of the claims and defenses at issue in this litigation.  Donziger further objects on grounds that the

defined term "WORK" is overbroad and incomprehensibly vague in its use of the terms

"supervision," "guidance," advising," "ideas," "assumption," "technique," and "fieldwork."

Donziger further objects to the definition of "WORK" in conjunction with the definition of the

term "CHEVRON LITIGATIONS," as Chevron's definition of "WORK" pertains only to certain

specific litigation.  Donziger objects to this request as calling for information protected from

discovery by the attorney-client privilege, the attorney work product doctrine, and the common

interest doctrine.

   Without waiving any of the general and specific objections stated above, but rather

specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and

confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

## REQUEST FOR PRODUCTION NO. 147:

All DOCUMENTS RELATED TO the WORK of Ermel Chávez RELATED TO the CHEVRON LITIGATIONS.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 147:

Donziger objects to this request as vague, ambiguous, overbroad, unduly burdensome, harassing, and not reasonably tailored to seek the discovery of admissible evidence.  This request for all documents in any way related to non-party Ermel Chávez's work relating in any way to the "CHEVRON LITIGATIONS," as that term is broadly defined by Chevron, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger objects to this request on grounds that the defined term "CHEVRON LITIGATIONS" is vague, ambiguous, overbroad, and includes proceedings and events that are beyond the scope of the claims and defenses at issue in this litigation.  Donziger further objects on grounds that the defined term "WORK" is overbroad and incomprehensibly vague in its use of the terms "supervision," "guidance," advising," "ideas," "assumption," "technique," and "fieldwork."  Donziger further objects to the definition of "WORK" in conjunction with the definition of the term "CHEVRON LITIGATIONS," as Chevron's definition of "WORK" pertains only to certain specific litigation.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seek to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 148:**

All DOCUMENTS RELATED TO the WORK of Donald Moncayo RELATED TO the CHEVRON LITIGATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 148:**

Donziger objects to this request as vague, ambiguous, overbroad, unduly burdensome, harassing, and not reasonably tailored to seek the discovery of admissible evidence.  This request for all documents in any way related to non-party Donald Moncayo work relating on any to the "CHEVRON LITIGATIONS," as that term is broadly defined by Chevron, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger objects to this request on grounds that the defined term "CHEVRON LITIGATIONS" is vague, ambiguous, overbroad, and includes proceedings and events that are beyond the scope of the claims and defenses at issue in this litigation.  Donziger further objects on grounds that the defined term "WORK" is overbroad and incomprehensibly vague in its use of the terms "supervision," "guidance," advising," "ideas," "assumption," "technique," and "fieldwork."  Donziger further objects to the definition of "WORK" in conjunction with the definition of the term "CHEVRON LITIGATIONS," as Chevron's definition of "WORK" pertains only to certain specific litigation.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seek to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request as

214

calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows: Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 149:**

All DOCUMENTS RELATED TO the ASSEMBLY OF THE AFFECTED, including but not limited to any DOCUMENTS RELATED TO the formation, structure, and management of the ASSEMBLY OF THE AFFECTED, WORK RELATED TO the CHEVRON LITIGATIONS, any payments made by the ASSEMBLY OF THE AFFECTED to any PERSON or entity providing any WORK or assistance RELATED TO the CHEVRON LITIGATIONS, and any payments made to the ASSEMBLY OF THE AFFECTED by any PERSON or entity for any WORK or assistance RELATED TO the CHEVRON LITIGATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 149:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. This request for all documents in any way related to the ASSEMBLY OF THE AFFECTED, especially as that term is broadly and vaguely defined by Chevron in these requests, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing. Donziger objects to this request to the extent that it enquires about, and ostensibly seeks to exert a chilling effect upon, activities constituting free speech, free association, and free expression on matters of public concern, as well as petitioning the government, all of which activities are protected by the First Amendment to the United States

215

Constitution.  Donziger objects to the definition of "ASSEMBLY OF THE AFFECTED" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion.  In particular, this definition is argumentative and incomprehensibly vague in its use of the term "purports to represent," and in its incorporation of multiple other definitions, each of which in turn has multiple component parts.  Donziger objects to this request on grounds that the defined term "CHEVRON LITIGATIONS" is vague, ambiguous, overbroad, and includes proceedings and events that are beyond the scope of the claims and defenses at issue in this litigation.  Donziger further objects on grounds that the defined term "WORK" is overbroad and incomprehensibly vague in its use of the terms "supervision," "guidance," advising," "ideas," "assumption," "technique," and "fieldwork."  Donziger further objects to the definition of "WORK" in conjunction with the definition of the term "CHEVRON LITIGATIONS," as Chevron's definition of "WORK" pertains only to certain specific litigation.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seek to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 150:**

All DOCUMENTS RELATED TO SELVA VIVA including but not limited to

677206

DOCUMENTS RELATED TO the solicitation and/or receipt of funding in connection with CHEVRON or the CHEVRON LITIGATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 150:**

Donziger objects to this request as vague, ambiguous, overbroad, unduly burdensome, harassing, and not reasonably tailored to seek the discovery of admissible evidence  Donziger objects to the definition of "SELVA VIVA" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "current and former subsidiaries," "affiliates," "partners," "representatives," "agents," "and any other PERSON acting, or purporting to act on [Defendant Selva Viva Selviva Cia. Ltda.'s]" behalf," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger objects to the definition of "CHEVRON" as vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to the definition of "CHEVRON" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "current and former subsidiaries, affiliates, partners, officers, directors, employees, representatives, agents, or any other PERSON acting, or purporting to act, on their behalf, or any predecessors or successors of the foregoing" or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger will interpret "CHEVRON" to have the meaning set forth in Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York. Donziger objects to this request on grounds that the defined term "CHEVRON LITIGATIONS" is vague, ambiguous, overbroad, and includes proceedings and events that are beyond the scope of the claims and defenses at issue in this litigation.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seek to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

677206

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 151:**

All DOCUMENTS RELATED TO the identity or opinion of any person called an "expert" whether by name or reference whose opinion is contained or referenced in any press release issued by the FDA and/or AMAZON WATCH or any pleading, motion, or other document filed in the United States or Ecuador by any LAGO AGRIO PLAINTIFF RELATED PARTY REGARDING TEXPET's operations or practices in Ecuador.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 151:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Donziger objects to this request on grounds that it is argumentative and assumes facts not in evidence.  Donziger objects to this request to the extent it purports to impute to Donziger any knowledge of or responsibility for the referenced press releases, pleadings, motions or other and documents, or to impose duties to ascertain any information relating to such materials. Donziger objects to this request as vague, ambiguous and subject to multiple interpretations in its use of the undefined phrase "any person called an "expert" whether by name or reference . . . ." Donziger objects to this request to the extent it is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by Rules 26(a)(2) and (b)(4) of the Federal Rules of Civil Procedure.  Donziger objects to this request to the extent it seeks information or materials equally available to Chevron.  Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming

218

facts not in evidence, and calling for a legal conclusion.  In particular, this definition is

argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in

its incorporation of multiple other vague and ambiguous definitions, each of which in turn has

multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY

OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO

PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA

CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO

AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS

CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms

are vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger objects to

the definition of "FDA" as vague, ambiguous, overbroad, and subject to multiple interpretations.

Donziger further objects to the definition of "FDA" to the extent it purports to impute to

Donziger any knowledge of persons or entities falling within the scope of the terms "members,"

"partners," "contractors," "servants" "representatives," "agents," "insurance companies,"

"attorneys" "accountants," "assigns," "and any other PERSON or entity acting, or purporting to

act on the Front's behalf, either directly or indirectly" or impose duties to ascertain the identity,

existence or relationships of or among any of the persons or entities listed or defined.  Donziger

objects to the definition of "AMAZON WATCH" as vague, ambiguous, overbroad, and subject

to multiple interpretations.  Donziger further objects to the definition of "AMAZON WATCH"

to the extent it purports to impute to Donziger any knowledge of persons or entities falling within

the scope of the terms "members," "partners," "contractors," "servants," "representatives,"

"agents," "insurance companies," "attorneys, "accountants," "assigns," "or any other PERSON

or entity acting for, at the direction of, or on behalf of AMAZON WATCH," or impose duties to

ascertain the identity, existence or relationships of or among any of the persons or entities listed

or defined.  Donziger objects to the defined term "REGARDING" to the extent that Chevron's

purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than

that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.

Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows: Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

## REQUEST FOR PRODUCTION NO. 152:

All DOCUMENTS RELATED TO any fee arrangement between PATTON BOGGS and the LAGO AGRIO PLAINTIFFS.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 152:

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Whether the LAGO AGRIO PLAINTIFFS and non-party PATTON BOGGS have a fee arrangement, and the nature of any such arrangement, goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing. Donziger objects to the definition of "PATTON BOGGS" as vague, ambiguous, overbroad, and subject to multiple interpretations. Donziger further objects to the definition of "PATTON BOGGS" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "former parents," "subsidiaries," "affiliates," "partners," "representatives," "agents," "and any other PERSON acting, or purporting to act on [Patton Boggs LLP's] behalf," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined. Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern

District of New York.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 153:**

All DOCUMENTS RELATED TO the scope of PATTON BOGGS's representation of the LAGO AGRIO PLAINTIFFS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 153:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Donziger objects to this request as duplicative and cumulative.  The scope of PATTON BOGGS'S representation of the LAGO AGRIO PLAINTIFFS is not relevant, and Chevron's request for such information and is unduly burdensome, improper and harassing. Donziger objects to the definition of "PATTON BOGGS" as vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to the definition of "PATTON BOGGS" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "former parents," "subsidiaries," "affiliates," "partners," "representatives," "agents," "and any other PERSON acting, or purporting to act on [Patton Boggs LLP's] behalf," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  .  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks

221

to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 154:**

All DOCUMENTS RELATED TO any attempt or plan to enforce the LAGO AGRIO JUDGMENT or attach CHEVRON's assets anywhere in the world, including but not limited to COMMUNICATIONS with current or former government officials, analyses of CHEVRON's assets, analyses of legal systems, and the retention of agents for the purpose of obtaining an interest in any CHEVRON asset.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 154:**

Donziger objects to this request as vague, ambiguous, overbroad, unduly burdensome, harassing, and not reasonably tailored to seek the discovery of admissible evidence.  Documents related to any existing or contemplated efforts to gain recognition of and the LAGO AGRIO JUDGMENT outside of the territorial boundaries of the United States goes far beyond what is legitimately relevant to this case, both in terms of time frame and subject matter, and is unduly burdensome, improper and harassing.  Donziger objects to this request on grounds it is argumentative and vague in its use of the terms "attempt," "plan," "enforce," and "retention of agents for the purpose of obtaining an interest in any CHEVRON asset."  Donziger further objects to this request on grounds it is overbroad and vague because it is not limited to

222

"attempts" or "plans" by any specific persons.  Donziger objects to the definition of "CHEVRON" as vague, ambiguous, overbroad, and subject to multiple interpretations. Donziger further objects to the definition of "CHEVRON" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "current and former subsidiaries, affiliates, partners, officers, directors, employees, representatives, agents, or any other PERSON acting, or purporting to act, on their behalf, or any predecessors or successors of the foregoing" or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger will interpret "CHEVRON" to have the meaning set forth in Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York.  Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Civil Rules for the Southern District of New York.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 155:**

All DOCUMENTS RELATED TO any attempt or plan for the LAGO AGRIO

677206

PLAINTIFF RELATED PARTIES to enforce the LAGO AGRIO JUDGMENT or attach

CHEVRON's assets anywhere in the world that are COMMUNICATIONS with, or mention,

PATTON BOGGS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 155:**

Donziger objects to this request as vague, ambiguous, overbroad, unduly burdensome,

harassing, and not reasonably tailored to seek the discovery of admissible evidence.  Documents

related to any existing or contemplated efforts to gain recognition of and/or enforce the LAGO

AGRIO JUDGMENT, particularly outside of the territorial boundaries of the United States, goes

far beyond what is legitimately relevant to this case, both in terms of time frame and subject

matter, and is unduly burdensome, improper and harassing.  Donziger objects to this request as

cumulative and duplicative.  Donziger objects to this request on grounds it is argumentative and

vague in its use of the terms "attempt," "plan," "enforce," and "retention of agents for the

purpose of obtaining an interest in any CHEVRON asset."  Donziger objects to the definition of

"LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous,

overbroad, assuming facts not in evidence, and calling for a legal conclusion.  In particular, this

definition is argumentative and incomprehensibly vague in its use of the term "working on behalf

of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in

turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT,"

"ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO

AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-

CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF

LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF

PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of

which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations.

Donziger objects to the definition of "CHEVRON" as vague, ambiguous, overbroad, and subject

to multiple interpretations.  Donziger further objects to the definition of "CHEVRON" to the

extent it purports to impute to Donziger any knowledge of persons or entities falling within the

scope of the terms "current and former subsidiaries, affiliates, partners, officers, directors, employees, representatives, agents, or any other PERSON acting, or purporting to act, on their behalf, or any predecessors or successors of the foregoing" or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined. Donziger will interpret "CHEVRON" to have the meaning set forth in Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York.  .  Donziger objects to the definition of "PATTON BOGGS" as vague, ambiguous, overbroad, and subject to multiple interpretations. Donziger further objects to the definition of "PATTON BOGGS" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "former parents," "subsidiaries," "affiliates," "partners," "representatives," "agents," "and any other PERSON acting, or purporting to act on [Patton Boggs LLP's] behalf," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Civil Rules for the Southern District of New York.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York. Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 156:**

All DOCUMENTS RELATED TO COMMUNICATIONS with the MEDIA REGARDING any attempt or plan for the LAGO AGRIO PLAINTIFF RELATED PARTIES to enforce the LAGO AGRIO JUDGMENT or attach CHEVRON'S assets anywhere in the world.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 156:**

Donziger objects to this request as vague, ambiguous, overbroad, unduly burdensome, harassing, and not reasonably tailored to seek the discovery of admissible evidence. Documents related to any existing or contemplated efforts to gain recognition of and/or enforce the LAGO AGRIO JUDGMENT, particularly outside of the territorial boundaries of the United States, goes far beyond what is legitimately relevant to this case, both in terms of time frame and subject matter, and is unduly burdensome, improper and harassing. Donziger objects to this request on grounds it is argumentative and incomprehensibly vague in its use of the terms "attempt," "plan," and "enforce." Donziger objects to this request as duplicative and cumulative. Donziger objects to this request to the extent that it enquires about, and ostensibly seeks to exert a chilling effect upon, activities constituting free speech, free association, and free expression on matters of public concern, as well as petitioning the government, all of which activities are protected by the First Amendment to the United States Constitution. Donziger further objects to this request on grounds it is overbroad and vague because it is not limited to any specific person's communications with the media. Donziger objects to this request to the extent it seeks information and documents already in Chevron's possession or equally or more readily available to Chevron. Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion. In particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF

226

CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations. Donziger objects to the definition of "CHEVRON" as vague, ambiguous, overbroad, and subject to multiple interpretations. Donziger further objects to the definition of "CHEVRON" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "current and former subsidiaries, affiliates, partners, officers, directors, employees, representatives, agents, or any other PERSON acting, or purporting to act, on their behalf, or any predecessors or successors of the foregoing" or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined. Donziger will interpret "CHEVRON" to have the meaning set forth in Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York. Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Civil Rules for the Southern District of New York. Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York. Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows: Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement

677206

with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 157:**

All DOCUMENTS RELATED TO the seizure, attachment, obstruction, or prevention of movement of any property of CHEVRON.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 157:**

Donziger objects to this request as vague, ambiguous, argumentative, overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Donziger further objects to this request as duplicative and cumulative. Read literally, this request calls for any and all documents in any way related to impairment of any property of CHEVRON and seeks information that goes far beyond what is legitimately relevant to this case, both in terms of time frame and subject matter, and is unduly burdensome, improper and harassing. Donziger objects to the definition of "CHEVRON" as vague, ambiguous, overbroad, and subject to multiple interpretations. Donziger further objects to the definition of "CHEVRON" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "current and former subsidiaries, affiliates, partners, officers, directors, employees, representatives, agents, or any other PERSON acting, or purporting to act, on their behalf, or any predecessors or successors of the foregoing" or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined. Donziger will interpret "CHEVRON" to have the meaning set forth in Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York. Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern District of New York. Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather

228

specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 158:**

All DOCUMENTS RELATED TO COMMUNICATIONS among the LAGO AGRIO PLAINTIFF RELATED PARTIES REGARDING any plan on the part of any LAGO AGRIO PLAINTIFF RELATED PARTIES, COURT EXPERTS, or other deponents, to avoid providing responsive answers to questioning during depositions conducted in the CHEVRON LITIGATIONS, including but not limited to the 1782 ACTIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 158:**

Donziger objects to this request as argumentative, overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Whether and to what extent any deponent had any "plan" regarding how to answer questions during any depositions seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger further objects to this request as argumentative and unduly prejudicial to the extent it implies any unlawful or wrongful conduct on the part of Donziger.  Donziger objects to this request as overbroad, assuming facts not in evidence, calling for a legal conclusion, and vague in its use of the terms "plan," "avoid providing," and "responsive answers."  Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion.  In particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-

229

CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO

PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," PURPORTED

CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO

PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO

PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF

ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to

multiple interpretations.  Donziger objects to this request on grounds that the defined term

"CHEVRON LITIGATIONS" is vague, ambiguous, overbroad, and includes proceedings and

events that are beyond the scope of the claims and defenses at issue in this litigation.  Donziger

objects to the definition of "COURT EXPERTS" as vague, ambiguous, subject to multiple

interpretations, overbroad, and assuming facts not in evidence.  Donziger further objects to the

definition of "COURT EXPERTS" to the extent it purports to impute to Donziger any

knowledge of persons or entities falling within the scope of the terms "settling expert(s)," and

"other experts considered but not ultimately appointed by the LAGO AGRIO COURT," or

impose duties to ascertain the identity, existence or relationships of or among any of the persons

or entities listed or defined.  Donziger objects to the defined term "REGARDING" to the extent

that Chevron's purported definition is inconsistent with, or seeks to impose obligations on

Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Civil Rules for the Southern

District of New York.  Donziger objects to this request to the extent it seeks information

protected from discovery by the attorney-client privilege, the attorney work product doctrine, the

common interest doctrine, or any other applicable privilege or immunity from discovery.

      Without waiving any of the general and specific objections stated above, but rather

specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and

confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality

implications of this request, and the timing and manner of production of any relevant,

responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement

with respect to the foregoing issues, to produce any relevant, responsive, non-privileged

documents.

## REQUEST FOR PRODUCTION NO. 159:

All DOCUMENTS RELATED TO any tampering or influencing of any witness' testimony in any of the CHEVRON LITIGATIONS whether made or contemplated, including the discouragement of witnesses from appearing for their depositions.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 159:

Donziger objects to this request as argumentative, overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Whether and to what extent any witnesses' testimony was "tampered" or "influenced" by any person in connection with any of the CHEVRON LITIGATIONS, especially as that term is defined by Chevron, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger further objects to this request as argumentative and unduly prejudicial to the extent it implies any unlawful or wrongful conduct on the part of Donziger.  Donziger further objects to this request as argumentative, assuming facts not in evidence, calling for a legal conclusion, and vague in its use of the terms "tampering," "influencing," "whether made or contemplated," and "discouragement."  Donziger objects to this request on grounds that the defined term "CHEVRON LITIGATION" is vague, ambiguous, overbroad, and includes proceedings and events that are beyond the scope of the claims and defenses at issue in this litigation.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Rules of the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and

231

677206

confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 160:**

All DOCUMENTS RELATED TO any THREATS made by any of the LAGO AGRIO PLAINTIFF RELATED PARTIES to any individual who has testified, or been deposed during the LAGO AGRIO LITIGATION or the 1782 ACTIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 160:**

Donziger objects to this request as argumentative vague, ambiguous, overbroad, unduly burdensome, assuming facts not in evidence, harassing, and not reasonably tailored to seek the discovery of admissible evidence, particularly in light of Chevron's use of the overbroad and vague defined term "LAGO AGRIO PLAINTIFF RELATED PARTIES." Donziger further objects to this request as argumentative and unduly prejudicial to the extent it implies any unlawful or wrongful conduct on the part of Donziger. Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion. In particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations.

Donziger objects to the term "THREATS" as vague, ambiguous, subject to multiple interpretations, and calling for legal conclusions.  Donziger objects to the definition of "LAGO AGRIO LITIGATION" as vague and ambiguous in its use of the phrase "any appeals and enforcement actions stemming therefrom."  Donziger further objects to the definition of "LAGO AGRIO LITIGATION" as overbroad as to time and subject matter to the extent that it encompasses any "enforcement actions" and thus purports to call for the production of any documents pertaining to any enforcement actions.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Rules of the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 161:**

All DOCUMENTS RELATED TO COMMUNICATIONS between and among the LAGO AGRIO PLAINTIFF RELATED PARTIES, whether or not including any third party, REGARDING efforts to delay CHEVRON'S discovery efforts in any of the CHEVRON LITIGATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 161:**

Donziger further objects to this request as vague, ambiguous, subject to multiple

233

interpretations, argumentative, and assuming facts not in evidence.  In particular, this request is argumentative and vague in its use of the terms "delay" and "discovery efforts."  Read literally, this request calls for any and all documents in any way related to the timing or content of discovery responses or other evidentiary matters in the CHEVRON LITIGATIONS, including all related attorney work product.  Donziger further objects to this request as argumentative and unduly prejudicial to the extent it implies any unlawful or wrongful conduct on the part of Donziger.  Donziger objects to this request on grounds that the defined term "CHEVRON LITIGATION" is vague, ambiguous, overbroad, and includes proceedings and events that are beyond the scope of the claims and defenses at issue in this litigation.  Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion.  In particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger objects to the definition of "CHEVRON" as vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to the definition of "CHEVRON" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "current and former subsidiaries, affiliates, partners, officers, directors, employees, representatives, agents, or any other PERSON acting, or purporting to act, on their behalf, or any predecessors or successors of the foregoing" or impose duties to ascertain the identity, existence or relationships of or among any of the

persons or entities listed or defined.  Donziger will interpret "CHEVRON" to have the meaning set forth in Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York. Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Civil Rules for the Southern District of New York. Donziger objects to the defined term "REGARDING" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Rules of the Southern District of New York.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 162:**

All DOCUMENTS RELATED TO YOUR affirmative defenses and counterclaims asserted in response to the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 162:**

Donziger objects to this request as overbroad and unduly burdensome, and fails to specify the with "reasonable particularity" the documents requests as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure.  Donziger further objects to this request as premature, as discovery has just commenced.  Donziger objects to this request to the extent it seeks the premature disclosure of expert opinions and analyses.  Donziger objects to this request on grounds that the purportedly defined terms "YOU" and "YOUR" are vague, ambiguous,

undefined, and overbroad.  Donziger further objects to the definition of "YOU" and "YOUR" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "agents," "attorneys," and "accountants," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined. Donziger will interpret the terms "YOU" and "YOUR" consistent with Rule 26.3(c)(5) of the Local Rules of the Southern District of New York.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Rules of the Southern District of New York.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 163:**

All DOCUMENTS YOU intend to rely upon or introduce at trial of this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 163:**

Donziger objects to this request as overbroad and unduly burdensome.  Donziger further objects to this request as premature, has just commenced.  Donziger objects to this request on grounds that the purportedly defined terms "YOU" and "YOUR" are vague, ambiguous, undefined, and overbroad.  Donziger objects to this request to the extent it seeks the premature disclosure of expert opinions and analyses.  Donziger further objects to the definition of "YOU" and "YOUR" to the extent it purports to impute to Donziger any knowledge of persons or entities

falling within the scope of the terms "agents," "attorneys," and "accountants," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger will interpret the terms "YOU" and "YOUR" consistent with Rule 26.3(c)(5) of the Local Rules of the Southern District of New York.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger will produce documents responsive to this request as and when required by the Federal Rules of Civil Procedure, the Local Civil Rules for the Southern District of New York, and the Court's orders in this action.

## REQUEST FOR PRODUCTION NO. 164:

All DOCUMENTS that support YOUR assertion that "Chevron threatened the Ecuadorian trial court judge with imprisonment if he did not rule in the company's favor, . . . orchestrated an illegal scheme to entrap the Ecuadorian judge, had improper ex parte contacts with Ecuadorian judges despite its sworn interrogatory answers to the contrary" or otherwise acted improperly toward the LAGO AGRIO COURT or other Ecuadorian judges. See Defendants Steven Donziger, the Law Offices of Steven R. Donziger, and Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, and Hugo Gerardo Camacho Naranjo's Opposition to Chevron Corporation's Renewed Motion for an Order of Attachment and Other Relief at 30 (citations omitted).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 164:

Donziger objects to this request on grounds that it is a contention interrogatory disguised as a request for production and is premature and violates Local Civil Rule 33.3 for the United States District Court for the Southern District of New York, as discovery has just commenced. Donziger objects to this request to the extent it seeks the premature disclosure of expert opinions and analyses.  Donziger objects to this request to the extent it seeks information already provided to Chevron or equally available to Chevron, including the materials cited in the referenced pleading.  Donziger objects to this request on grounds that the purportedly defined terms "YOU" and "YOUR" are vague, ambiguous, undefined, and overbroad.  Donziger further objects to the

237

definition of "YOU" and "YOUR" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "agents," "attorneys," and "accountants," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger will interpret the terms "YOU" and "YOUR" consistent with Rule 26.3(c)(5) of the Local Rules of the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 165:**

All DOCUMENTS that support YOUR assertion that "Chevron deceived the Ecuadorian Court by arranging for inspection results that could not show contamination" through, among other things, "direct[ing] its experts to limit their testing to areas earlier determined to be 'clean' and ma[king] false representations to the Ecuadorian court about its testing protocol." See Defendants Steven Donziger, the Law Offices of Steven R. Donziger, and Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, and Hugo Gerardo Camacho Naranjo's Opposition to Chevron Corporation's Renewed Motion for an Order of Attachment and Other Relief at 30 (citations omitted).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 165:**

Donziger objects to this request on grounds that it is a contention interrogatory disguised as a request for production and is premature and violates Local Civil Rule 33.3 for the United

238

States District Court for the Southern District of New York, as discovery has just commenced. Donziger objects to this request to the extent it seeks the premature disclosure of expert opinions and analyses.  Donziger objects to this request to the extent it seeks information already provided to Chevron or equally available to Chevron, including the materials cited in the referenced pleading.  Donziger objects to this request on grounds that the purportedly defined terms "YOU" and "YOUR" are vague, ambiguous, undefined, and overbroad.  Donziger further objects to the definition of "YOU" and "YOUR" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "agents," "attorneys," and "accountants," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger will interpret the terms "YOU" and "YOUR" consistent with Rule 26.3(c)(5) of the Local Rules of the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

## REQUEST FOR PRODUCTION NO. 166:

All DOCUMENTS that support YOUR assertion that "Chevron used its ties to the Ecuadorian military to improperly postpone a judicial inspection site inspection that had drawn the interest of the public and international media." See Defendants Steven Donziger, the Law Offices of Steven R. Donziger, and Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, and Hugo Gerardo Camacho Naranjo's Opposition to Chevron Corporation's Renewed Motion

239

for an Order of Attachment and Other Relief at 30 (citations omitted).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 166:**

Donziger objects to this request on grounds that it is a contention interrogatory disguised as a request for production and is premature and violates Local Civil Rule 33.3 for the United States District Court for the Southern District of New York, as discovery has just commenced. Donziger objects to this request to the extent it seeks the premature disclosure of expert opinions and analyses. Donziger objects to this request to the extent it seeks information already provided to Chevron or equally available to Chevron, including the materials cited in the referenced pleading. Donziger objects to this request on grounds that the purportedly defined terms "YOU" and "YOUR" are vague, ambiguous, undefined, and overbroad. Donziger further objects to the definition of "YOU" and "YOUR" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "agents," "attorneys," and "accountants," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined. Donziger will interpret the terms "YOU" and "YOUR" consistent with Rule 26.3(c)(5) of the Local Rules of the Southern District of New York. Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows: Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 167:**

All DOCUMENTS RELATED TO Diego Borja.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 167:**

Donziger objects to this request to the extent it seeks documents and information in Chevron's possession or equally or more available to Chevron. Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Rules of the Southern District of New York. Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows: Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 168:**

All DOCUMENTS RELATED TO Santiago Escobar.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 168:**

Donziger objects to this request to the extent it seeks documents and information in Chevron's possession or equally or more available to Chevron. Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Rules of the Southern District of New York. Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 169:**

All DOCUMENTS RELATED TO Wayne Hansen.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 169:**

Donziger objects to this request to the extent it seeks documents and information in Chevron's possession or equally or more available to Chevron.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Rules of the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 170:**

All DOCUMENTS RELATED TO AGREEMENTS, if any, between any of the LAGO

AGRIO PLAINTIFF RELATED PARTIES, on the one hand, and Diego Borja, Juan Evangelista Núñez Sanabria, Carlos Patricio García Ortega, Aulogelio Servio Tulio Ávila Cartagena, Rafael Juan Pablo Almeida Norat, Juan Pablo Novoa Velasco, Ruben Dario Miranda Martinez, Santiago Ernesto Escobar Escobar, Hartmut Bock, Juan Carlos Maldonado, or Pablo Villamar, on the other hand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 170:**

Donziger objects to this request as vague, ambiguous, overbroad, unduly burdensome, harassing, and not reasonably tailored to seek the discovery of admissible evidence, particularly in light of Chevron's use of the overbroad and vague defined term "LAGO AGRIO PLAINTIFF RELATED PARTIES." Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion. In particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations. Donziger objects to this request on grounds that the defined term "AGREEMENTS" is overbroad, vague, ambiguous, subject to multiple interpretations, calls for expert analysis and legal conclusions and argumentative. In particular, this definition is overbroad incomprehensibly vague in its use of the phrase "regardless of whether or not the agreement was communicated or finalized." Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that

243

imposed by, Rule 26.3(c)(7) of the Local Rules of the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections state above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 171:**

All DOCUMENTS RELATED TO COMMUNICATIONS between any of the LAGO AGRIO PLAINTIFF RELATED PARTIES, on the one hand, and Diego Borja, Juan Evangelista Núñez Sanabria, Carlos Patricio García Ortega, Aulogelio Servio Tulio Ávila Cartagena, Rafael Juan Pablo Almeida Norat, Juan Pablo Novoa Velasco, Ruben Dario Miranda Martinez, Santiago Ernesto Escobar Escobar, Hartmut Bock, Juan Carlos Maldonado, or Pablo Villamar (including their agents and any other person or entity acting on their behalf or for their benefit), on the other hand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 171:**

Donziger objects to this request as vague, ambiguous, overbroad, unduly burdensome, harassing, and not reasonably tailored to seek the discovery of admissible evidence, particularly in light of Chevron's use of the overbroad and vague defined term "LAGO AGRIO PLAINTIFF RELATED PARTIES."  Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion.  In particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of

244

677206

multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Rules of the Southern District of New York.  In particular, this definition is overbroad incomprehensibly vague in its use of the phrase "regardless of whether or not the agreement was communicated or finalized."  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Rules of the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

677206

**REQUEST FOR PRODUCTION NO. 172:**

If YOU contend that CHEVRON engaged in any ex parte COMMUNICATIONS with the LAGO AGRIO COURT including all judges, judicial officials, court employees or judicial bodies REGARDING the LAGO AGRIO LITIGATION, then all DOCUMENTS that support such a contention.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 172:**

Donziger objects to this request on grounds that it is a contention interrogatory disguised as a request for production and is premature and violates Local Civil Rule 33.3 for the United States District Court for the Southern District of New York, as discovery has just commenced. Donziger objects to this request on grounds that it seeks materials in Chevron's possession or equally available to Chevron. Donziger objects to the definition of "LAGO AGRIO LITIGATION" as vague and ambiguous in its use of the phrase "any appeals and enforcement actions stemming therefrom." Donziger further objects to the definition of "LAGO AGRIO LITIGATION" as overbroad as to time and subject matter to the extent that it encompasses any "enforcement actions" and thus purports to call for the production of any documents pertaining to any enforcement actions. Donziger objects to this request on grounds that the purportedly defined terms "YOU" and "YOUR" are vague, ambiguous, undefined, and overbroad. Donziger further objects to the definition of "YOU" and "YOUR" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "agents," "attorneys," and "accountants," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined. Donziger will interpret the terms "YOU" and "YOUR" consistent with Rule 26.3(c)(5) of the Local Rules of the Southern District of New York. Donziger objects to the defined term "REGARDING" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Rules of the Southern District of New York. Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on

Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Rules of the Southern District of New York.  Donziger objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity from discovery.

Without waiving any of the general and specific objections state above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 173:**

All DOCUMENTS and COMMUNICATIONS among the LAGO AGRIO PLAINTIFF RELATED PARTIES REGARDING the judicial inspection of the Guanta Station conducted on March 26, 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 173:**

Donziger objects to this request as vague, ambiguous, overbroad, unduly burdensome, harassing, and not reasonably tailored to seek the discovery of admissible evidence, particularly in light of Chevron's use of the overbroad and vague defined term "LAGO AGRIO PLAINTIFF RELATED PARTIES."  Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion.  In particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA CLEANSING

CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO

PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS

CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms

are vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger objects to

the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is

inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule

26.3(c)(1) of the Local Rules of the Southern District of New York.  Donziger objects to this

request as calling for information protected from discovery by the attorney-client privilege, the

attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather

specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and

confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality

implications of this request, and the timing and manner of production of any relevant,

responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement

with respect to the foregoing issues, to produce any relevant, responsive, non-privileged

documents.

**REQUEST FOR PRODUCTION NO. 174:**

All DOCUMENTS RELATED TO any COMMUNICATION by any of the LAGO

AGRIO PLAINTIFF RELATED PARTIES with any United States Government Agency or its

employees including the Securities and Exchange Commission, the Department of Justice, and

the Office of the United States Trade Representative RELATED TO CABRERA, alleged

remediation costs or remediation damages in the Oriente attributable to Chevron, the extent of

alleged environmental harms in the Oriente attributable to Chevron, any alleged fraud in

connection with the TEXPET REMEDIATION AND RELEASE, the supposed independence of

the LAPs from the Ecuadorian Government, the supposed independence or integrity of the

Ecuadorian judiciary in adjudicating the CHEVRON LITIGATIONS, the LAGO AGRIO

JUDGMENT, the LAGO AGRIO APPELLATE DECISION, the LAGO AGRIO APPELLATE

CLARIFICATION ORDER, enforcement of the LAGO AGRIO JUDGMENT and attachment of CHEVRON's assets. All DOCUMENTS RELATED TO the WORK of Karen Hinton on behalf of any of the LAGO AGRIO PLAINTIFF RELATED PARTIES RELATING in any way to the CHEVRON LITIGATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 174:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Donziger objects to this request on grounds it is compound. Donziger objects to this request on grounds that it is duplicative. Whether and to what extent any LAGO AGRIO PLAINTIFF RELATED PARTY has had any communication with any United States Government Agency in any way related to the Chevron's conduct in Ecuador and the litigation in Ecuador seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing. Chevron's request for all documents in any way relating to Karen Hinton's "WORK" on behalf of the LAGO AGRIO PLAINTIFF RELATED PARTIES also goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing. Donziger objects to this request to the extent that it enquires about, and ostensibly seeks to exert a chilling effect upon, activities constituting free speech, free association, and free expression on matters of public concern, as well as petitioning the government, all of which activities are protected by the First Amendment to the United States Constitution. Donziger further objects to this request on grounds it is argumentative, assumes facts not in evidence, and is unduly prejudicial. Donziger objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion. In particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO

249

PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger objects to this request on grounds that the defined term "CHEVRON LITIGATION" is vague, ambiguous, overbroad, and includes proceedings and events that are beyond the scope of the claims and defenses at issue in this litigation.  Donziger objects to the definition of "CHEVRON" as vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to the definition of "CHEVRON" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "current and former subsidiaries, affiliates, partners, officers, directors, employees, representatives, agents, or any other PERSON acting, or purporting to act, on their behalf, or any predecessors or successors of the foregoing" or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger will interpret "CHEVRON" to have the meaning set forth in Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York. Donziger objects to this request on grounds that the defined term TEXPET REMEDIATION AND RELEASE is argumentative, vague, ambiguous, overbroad, and calls for a legal conclusion, in particular in its use of the phrases "performance of any legal obligation" and "scope of work."  Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Rules of the Southern District of New York.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Rules of the Southern District of New York.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 175:**

All DOCUMENTS RELATED TO the lobbying WORK performed by Ben Barnes and the Ben Barnes Group, Christopher Lehane, Kerry Kennedy, Karen Hinton, YOU or anyone from PATTON BOGGS RELATED TO the CHEVRON LITIGATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 175:**

Donziger objects to this request as overbroad and calling for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Whether and to what extent the persons or entities listed performed any lobbying activities in connection with the "CHEVRON LITIGATIONS," especially as that term is broadly defined by Chevron in these requests, seeks information that goes far beyond what is legitimately relevant to this case, and is unduly burdensome, improper and harassing.  Donziger objects to this request to the extent that it enquires about, and ostensibly seeks to exert a chilling effect upon, activities constituting free speech, free association, and free expression on matters of public concern, as well as petitioning the government, all of which activities are protected by the First Amendment to the United States Constitution.  Donziger further objects on grounds that the defined term "WORK" is overbroad and incomprehensibly vague in its use of the terms "supervision," "guidance," advising," "ideas," "assumption," "technique," and "fieldwork." Donziger further objects to the definition of "WORK" in conjunction with the definition of the term "CHEVRON LITIGATIONS," as Chevron's definition of "WORK" pertains only to certain specific litigation.  Donziger objects to the definition of "PATTON BOGGS" as vague,

ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to the definition of "PATTON BOGGS" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "former parents," "subsidiaries," "affiliates," "partners," "representatives," "agents," "and any other PERSON acting, or purporting to act on [Patton Boggs LLP's] behalf," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger objects to this request on grounds that the purportedly defined terms "YOU" and "YOUR" are vague, ambiguous, undefined, and overbroad.  Donziger further objects to the definition of "YOU" and "YOUR" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "agents," "attorneys," and "accountants," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger will interpret the terms "YOU" and "YOUR" consistent with Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Rules of the Southern District of New York.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 176:**

All DOCUMENTS RELATED TO the contents of the INVICTUS MEMO including any

252

DOCUMENTS that are COMMUNICATIONS with, or mention, PATTON BOGGS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 176:**

Donziger objects to this request as vague, ambiguous, overbroad, unduly burdensome, harassing, and not reasonably tailored to seek the discovery of admissible evidence. Donziger objects to the definition of "PATTON BOGGS" as vague, ambiguous, overbroad, and subject to multiple interpretations. Donziger further objects to the definition of "PATTON BOGGS" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "former parents," "subsidiaries," "affiliates," "partners," "representatives," "agents," "and any other PERSON acting, or purporting to act on [Patton Boggs LLP's] behalf," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined. Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Rules of the Southern District of New York. Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Rules of the Southern District of New York. Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows: Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant, responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 177:**

All DOCUMENTS RELATED TO any attempt or plan for the LAGO AGRIO PLAINTIFF RELATED PARTIES to enforce the LAGO AGRIO JUDGMENT or attach CHEVRON'S assets anywhere in the world that are COMMUNICATIONS with, or mention, PATTON BOGGS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 177:**

Donziger objects to this request as vague, ambiguous, overbroad, unduly burdensome, harassing, and not reasonably tailored to seek the discovery of admissible evidence. Documents related to any existing or contemplated efforts to gain recognition of and/or enforce the LAGO AGRIO JUDGMENT, particularly outside of the territorial boundaries of the United States, goes far beyond what is legitimately relevant to this case, both in terms of time frame and subject matter, and is unduly burdensome, improper and harassing. Donziger objects to this request as cumulative and duplicative. Donziger objects to this request on grounds it is argumentative and incomprehensibly vague in its use of the terms "attempt," "plan," and "enforce." Donziger further objects to this request on grounds it is overbroad and vague because it is not limited to "attempts" or "plans" by any specific persons. objects to the definition of "LAGO AGRIO PLAINTIFF RELATED PARTIES" as argumentative, vague, ambiguous, overbroad, assuming facts not in evidence, and calling for a legal conclusion. In particular, this definition is argumentative and incomprehensibly vague in its use of the term "working on behalf of," and in its incorporation of multiple other vague and ambiguous definitions, each of which in turn has multiple component parts, including "CO-CONSPIRATORS," "THE FRONT," "ASSEMBLY OF THE AFFECTED," "LAGO AGRIO PLAINTIFF LAW FIRMS," "LAGO AGRIO PLAINTIFF CONSULTANTS," PURPORTED CABRERA TEAM," "POST-CABRERA CLEANSING CONSULTANTS," LAGO AGRIO PLAINTIFF LABORATORIES," "LAGO AGRIO PLAINTIFF LOBBYISTS, "LAGO AGRIO PLAINTIFF PUBLIC RELATIONS CONSULTANTS," "LAGO AGRIO PLAINTIFF ACTIVISTS," each of which defined terms are vague, ambiguous, overbroad, and subject to multiple interpretations. Donziger objects to

the definition of "CHEVRON" as vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to the definition of "CHEVRON" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "current and former subsidiaries, affiliates, partners, officers, directors, employees, representatives, agents, or any other PERSON acting, or purporting to act, on their behalf, or any predecessors or successors of the foregoing" or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger will interpret "CHEVRON" to have the meaning set forth in Rule 26.3(c)(5) of the Local Civil Rules for the Southern District of New York.  Donziger objects to the definition of "PATTON BOGGS" as vague, ambiguous, overbroad, and subject to multiple interpretations.  Donziger further objects to the definition of "PATTON BOGGS" to the extent it purports to impute to Donziger any knowledge of persons or entities falling within the scope of the terms "former parents," "subsidiaries," "affiliates," "partners," "representatives," "agents," "and any other PERSON acting, or purporting to act on [Patton Boggs LLP's] behalf," or impose duties to ascertain the identity, existence or relationships of or among any of the persons or entities listed or defined.  Donziger objects to the defined term "COMMUNICATIONS" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(1) of the Local Rules of the Southern District of New York.  Donziger objects to the defined term "RELATED TO" to the extent that Chevron's purported definition is inconsistent with, or seeks to impose obligations on Donziger greater than that imposed by, Rule 26.3(c)(7) of the Local Rules of the Southern District of New York.  Donziger objects to this request as calling for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, and the common interest doctrine.

Without waiving any of the general and specific objections stated above, but rather specifically subject to them, Donziger responds as follows:  Donziger is willing to meet and confer with Chevron regarding the scope, relevance, and privilege, privacy and confidentiality implications of this request, and the timing and manner of production of any relevant,

responsive, non-privileged documents, and thereafter, assuming the parties can reach agreement with respect to the foregoing issues, to produce any relevant, responsive, non-privileged documents.

Dated:  July 9, 2012

Respectfully submitted,

By: _____
ELLIOT R. PETERS
JOHN W. KEKER (*pro hac vice*)
JAN NIELSEN LITTLE (*pro hac vice*)
MATTHEW WERDEGAR (*pro hac vice*)
633 Battery Street
San Francisco, CA  94111-1809
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188
Email:   epeters@kvn.com
Email:   jkeker@kvn.com
Email:   jlittle@kvn.com

Attorneys for STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER AND DONZIGER & ASSOCIATES, PLLC

677206

## CERTIFICATE OF SERVICE

I, Alisa Thompson, hereby certify, under penalty of perjury pursuant to 28 U.S.C. § 1746, that on this 9th day of July, 2012, I caused true and correct copies of the following documents to be served in the manner indicated upon all counsel of record:

**Defendants Steven Donziger, The Law Office of Steven R. Donziger and Donziger & Associates, PLLC's Responses and Objections to Chevron Corporation's First Set of Requests for Production of Documents**

by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery.

| | |
|---|---|
| Randy M. Mastro<br>GIBSON, DUNN & CRUTCHER, LLP<br>200 Park Avenue, 47th Floor<br>New York, NY 10166-0193 | Attorneys for Plaintiff CHEVRON CORP.<br><br>Tel:   (212) 351-4000 (Main)<br>Fax:   (212) 351-4035 (Main)<br>Email: rmastro@gibsondunn.com |

And

by **E-MAIL VIA PDF FILE,** by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

| | |
|---|---|
| Andrea E. Neuman<br>GIBSON, DUNN & CRUTCHER, LLP<br>3161 Michelson Drive<br>Irvine, CA 92612 | Attorneys for Plaintiff CHEVRON CORP.<br><br>Tel:   (949) 451-3800 (Main)<br>Fax:   (949) 475-4653<br>Email: aneuman@gibsondunn.com |
| Randy M. Mastro<br>GIBSON, DUNN & CRUTCHER, LLP<br>200 Park Avenue, 47th Floor<br>New York, NY 10166-0193 | Attorneys for Plaintiff CHEVRON CORP.<br><br>Tel:   (212) 351-4000 (Main)<br>Fax:   (212) 351-4035 (Main)<br>Email: rmastro@gibsondunn.com |
| Joe L. Silver<br>Martin Beier<br>SILVER & DEBOSKEY, P.C.<br>1801 York Street<br>Denver, CO 80206 | Attorneys for Defendant STRATUS<br>CONSULTING, INC.; DOUGLAS<br>BELTMAN; ANN MAEST<br><br>Tel:   (303) 399-3000<br>Fax:   (303) 399-2650<br>Email: silverj@s-d.com<br>          beierm@s-d.com |
| Stuart Alan Krause<br>Benjamin J. Green<br>ZEICHNER ELLMAN & KRAUSE LLP<br>575 Lexington Avenue<br>New York, NY 10024 | Attorneys for Defendant STRATUS<br>CONSULTING, INC.; DOUGLAS<br>BELTMAN; ANN MAEST<br><br>Tel:   (212) 223-0400<br>Fax:   (212) 753-0396 |

1

Email: skrause@zeklaw.com
Email: bgreen@zeklaw.com

Tyler G. Doyle
Craig Smyser
Larry R. Veselka
SMYSER KAPLAN & VESELKA, L.L.P.
700 Louisiana, Suite 2300
Houston, TX 77002

Julio C. Gomez
GOMEZ LLC
The Trump Building
40 Wall Street, 28th Floor
New York, NY 10005

Attorneys for Defendants HUGO
GERARDO CAMACHO NARANJO and
JAVIER PIAGUAJE PAYAGUAJE (the
"Ecuadorian Plaintiffs")

Tel:   (713) 221-2330
Fax:   (713) 221-2320
Email: tydoyle@skv.com
Email: csmyser@skv.com
Email  lveselka@skv.com

Tel:   (212) 400-7150
Fax:   (212) 400-7151
Email: jgomez@gomezllc.com

Executed on July 9, 2012, at San Francisco, California.

_____
Alisa Thompson