UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHEVRON CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>STEVEN DONZIGER *et al.*,<br><br>    Defendants. | 11-CV-0691<br><br>The Honorable Lewis A. Kaplan, U.S.D.J.<br>The Honorable James C. Francis, U.S.M.J. |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
CHEVRON'S RENEWED MOTION FOR REINSTATEMENT OF ITS
UNJUST ENRICHMENT CLAIM (COUNT 6)**

**PRELIMINARY STATEMENT**

Defendants' Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje hereby oppose Chevron's motion to reinstate Count 6 (DI 1471). There has been no material change of circumstances since the Court last denied reinstatement of this claim and therefore no basis to reinstate this claim. Furthermore, there is no cause of action for unjust enrichment under Ecuadorian law, the law that should apply in this case.

If the Court allows this reinstatement, Defendants should be allowed to conduct discovery on this claim, and further present evidence of environmental contamination at trial.

## I.   THE UNJUST ENRICHMENT CLAIM IS STILL PREMATURE

Earlier in the case, the Court ruled on three different occasions that any unjust enrichment claim against the Ecuadorian plaintiffs was premature before there was evidence that they had, in fact, been unjustly enriched. DI 468, 472, 634; DI 1471 at 3. When Chevron attempted to resurrect the claim because $358 had been restrained, the Court drew a distinction between "restraint of Chevron or subsidiaries' assets" and "enrichment of the LAP Representatives."

> Chevron's own witness claims only that 'the totality of those funds… have been segregated by Banco Pichincha into a separate account, not controlled by TexPet, for the benefit of the LAPs'-–not that the money has been paid to or placed under the control of the LAPs.

DI 889 at 2 (emphasis added). Now Chevron returns to the Court with the exact same prayer, but still with no evidence that any money or property "has been paid to or placed under the control of the LAPs." DIs. 1471, 1472. But this evidence is not just a requirement of the Court but a core element of the unjust enrichment cause of action—the missing element the Court has now been pointing out for years. This element is still missing, and the Court's position should not change. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur

1

as anticipated, or indeed, may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998).

To date, none of the LAPs have received any money or "enrichment" at Chevron's expense. Indeed, neither Camacho nor Piaguaje will ever recover anything in connection with this case, which is established such that any benefits from their claims as representative individuals will flow to a trust established for the benefit of the affected communities. And at present, there is no guarantee that any assets from the intellectual property of Chevron's subsidiaries will ever be turned over to the Amazon Defense Front to be placed in trust.

In addition, as Mr. Callejas' declaration makes clear, the Lago Agrio Judgment is presently on appeal before the Ecuador National Court of Justice. Until that appeal is over, Chevron has an adequate remedy at law, making equitable relief inappropriate. *E.g. Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506-07 (1959). And until that appeal is over, all discussions about what might happen to the property of Chevron's subsidiaries are contingent and speculative.

There is no material change in circumstances since the last time the Court ruled on this issue, and there is no reason for the Court to change its position.

## II. ECUADORIAN LAW APPLIES TO ANY CLAIM OF UNJUST ENRICHMENT

The law governing a claim for restitution to recover for unjust enrichment is that of the jurisdiction which, with respect to each issue, "has the most significant relationship to the occurrence and the parties." *In re Rezulin Prods. Liab. Litig.*, 392 F.Supp. 2d 597, 619 (S.D.N.Y. 2005) (Kaplan, J.). Factors to be taken into account include: (1) the place where a relationship between the parties was centered, provided that the receipt of enrichment was substantially related to the relationship; (2) the place where the benefit or enrichment was received; (3) the

place where the act conferring the benefit or enrichment was done; and (4) the domicile, residence, nationality, place of incorporation, and place of business of the parties. *Id.* If, as here, the claim for unjust enrichment does not stem from any contractual relationship between the parties, the contact of greatest importance is the place where the benefit or enrichment is received. *Id.*

Here, all the factors point to application of Ecuadorian law. Defendants will not belabor this point, as it is obvious, and addressed in earlier briefing. Under New York's choice-of-law rules, the law of Ecuador applies. *See In re Rezulin Products*, 392 F. Supp. 2d at 619.

### III. ECUADORIAN LAW DOES NOT PROVIDE CHEVRON A CLAIM OR REMEDY FOR UNJUST ENRICHMENT

Ecuadorian law does not provide Chevron any right or remedy for unjust enrichment. This is not a controversial point. In fact, Chevron has stated in court filings that the concept of unjust enrichment does not exist in Ecuador—at least when unjust enrichment is potentially applied against it. *See Chevron Memorandum of Points and Authorities in Support of Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery on Jonathan S. Shefftz for use in Foreign Proceedings* (D. Mass. Oct. 22, 2010), DI 873-1 at 8 ("the concept of unjust enrichment does not exist in Ecuador.")

As there is no remedy for unjust enrichment available to Chevron under Ecuador law, this is an independently sufficient reason to deny Chevron's motion. *See Scientech, Inc. v. Metro-N.R.R.*, 2002 WL 1813854, at *1 (S.D.N.Y. Aug. 7, 2002) ("As the claim for punitive damages on this counterclaim is legally insufficient, leave to amend to assert that claim would be futile and will be denied.").

**IV.    IF NEW YORK LAW APPLIES, CHEVRON HAS FAILED TO SHOW A SUBSTANTIAL BASIS FOR ITS CLAIM**

When the Court denied Chevron's last motion to reinstate its unjust enrichment claim, it stated its ruling was without prejudice to "reinstate the previously dismissed claim … [i]f, as and when there is a substantial basis for a claim of unjust enrichment." DI 889 at 2.  Chevron has still not made such a showing.

If the Court were to apply New York law to Chevron's unjust enrichment claim, the elements would be: "(1) defendant was enriched; (2) the enrichment was at plaintiff's expense; and (3) the circumstances were such that equity and good conscience require defendants to make restitution."  DI 468 at 49.

As noted above, there is still no evidence that the LAPs have been enriched in any manner to warrant reinstatement of this claim on the eve of trial.

**V.     IF THE COURT REINSTATES THE UNJUST ENRICHMENT CLAIM, DEFENDANTS MUST BE ALLOWED DISCOVERY AND EVIDENCE OF CONTAMINATION IN ECUADOR IS RELEVANT AT TRIAL**

If the Court reinstates the unjust enrichment claim because the facts have changed, then defendants must be allowed discovery on those facts and that claim.  Chevron says the only remedies it seeks on its unjust enrichment claim are to "have its trademarks restored and a constructive trust to ensure that any ill-gotten gains obtained by the LAPs are disgorged." DI 1496 at 12.

To be entitled to any such relief, this court must resolve key issues: which defendant has been enriched?  By how much?  What is the correct way to apportion disgorgement as between parties with an interest in the property who are defendants, and those that are not?  Which trademarks will be restored?  Exactly who is Chevron asking that this Court enjoin?  Ecuadorian judges?  The Ecuadorian Institute for Intellectual Property?  The unknown third parties who may

4

at some point, in the future purchase some of this property? Defendants are entitled to discovery on these matters.

In addition, defendants must be allowed to conduct discovery on the third prong of an unjust enrichment claim—that "the circumstances [are] such that equity and good conscience require defendants to make restitution." DI 468 at 47.

This is made clear by Restatement (Third) of Restitution and Unjust Enrichment §18, comment (e):

> The rule of this section recognizes a judgment debtor's entitlement to restitution only "as necessary to avoid unjust enrichment." *An invalid or erroneous judgment that gives effect to a valid liability does not create unjust enrichment*: the ensuing transfer has a sufficient legal basis in the underlying liability, notwithstanding the deficiencies of the judgment. This means that the merits of the underlying claim will sometimes be litigated in the defendant's subsequent action for restitution.

(emphasis added). This means that if the unjust enrichment claim is reinstated, defendants must be allowed to conduct discovery and present evidence on the justness of holding Chevron liable for polluting the Amazon: on whether defendants are truly "unjustly" enriched despite the environmental pollution ignored by Chevron and its predecessor. In the past, Chevron has never wanted an American court to explore the evidence on this issue. In fact, it has never wanted *any court* to explore the evidence on this issue. But if the unjust enrichment claim is reinstated, there will be no avoiding the necessity of discovery of this evidence and its presentation at trial. A continuance of the trial will, of course, be necessary.

## CONCLUSION

Chevron is attempting to lead the Court out onto a legally infirm and rotten limb. As in the past, the Court should decline the invitation. But if it does not, Defendants must be allowed to conduct discovery on the issues described above, that will necessarily be injected into the case

if reinstatement is granted.

Respectfully submitted,

Date: October 8, 2013                           GOMEZ LLC
                                                Attorney At Law

                                          By:   *s/ Julio C. Gomez*
                                                Julio C. Gomez

                                                The Sturcke Building
                                                111 Quimby Street, Suite 8
                                                Westfield, NJ
                                                Telephone: 908.789.1080
                                                Facsimile: 908.789.1081
                                                Email: jgomez@gomezllc.com

                                                *Attorney for Defendants*
                                                *Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje*