UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

CHEVRON CORPORATION,

        Plaintiff,

v.                                            11-CV-0691 (LAK)

STEVEN DONZIGER, et al.,

        Defendants.

------------------------------------x

**SUPPLEMENTAL DECLARATION OF ADOLFO CALLEJAS RIBADENEIRA IN FURTHER SUPPORT OF CHEVRON CORPORATION'S MOTION FOR REINSTATEMENT OF CHEVRON'S UNJUST ENRICHMENT CLAIM (COUNT 6)**

I, Adolfo Callejas Ribadeneira, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am an attorney licensed to practice law in the Republic of Ecuador and have been practicing law in Ecuador for over 30 years. I currently practice law at the law firm of Adolfo Callejas y Asociados, where I have been the senior partner since 1993.

2. In my capacity as senior partner at the law firm of Adolfo Callejas y Asociados, I have represented Chevron Corporation since 2003 as lead counsel of record in matters relating to the lawsuit entitled *Maria Aguinda, et al. v. Chevron Corporation*, Case No. 002-2003, which was originally filed in the court now known as the Provincial Court of Justice of Sucumbíos, in Lago Agrio, Ecuador, and which is currently on cassation appeal before

the National Court of Justice, while enforcement proceedings continue in the Provincial Court (the "Lago Agrio Litigation"). Accordingly, I have personal and first-hand knowledge of the facts set forth herein, and I could and would testify competently to these facts.

3. On October 15, 2012, the Ecuadorian Court issued an embargo order, which, among other things, attached Chevron Intellectual Property LLC's ("Chevron IP") "intellectual property assets," including those of "Chevron, Texaco, Ursa, Havoline, Doro, Geotex, Meropa, Motex, Multigear, Regal, Taro, Texatherm, Thuban and all their distinctive logos and/or [marks] associated with each of these, and consequently over all royalties and any type of income that has been generated or that may come to be generated by use, sale, distribution or other measure." Dkt. 785-2 at 5; Dkt. 785-3 (Order of October 25, 2012 clarifying the marks subject to the October 15, 2012 Order).

4. On September 9, 2013, the Ecuadorian Court issued a further Order and, on September 11, 2013, an official letter to the Ecuadorian Institute for Intellectual Property ("IEPI"), (1) instructing IEPI to "immediately make a margin note for each of the titles of the brands and distinctive signs so they reflect the ordered attachment" of 50 "brands and other distinctive signs" identified in the Order and (2) advising IEPI that it "is hereby established as the legal custodian of the attached property." Dkt. 1472-2 at 2-3.

5. On October 4, 2013, Chevron's legal team obtained from IEPI certified copies (as reflected in the annotation affixed to the registration for each trademark and signed, by hand or electronically, by Nathalie Rostan Palacios, "Experta Secretaria Abogada General") of the registrations for the Chevron IP trademarks at issue.

6. Upon reviewing each of the registrations for these trademarks, I note that the final page of each of the registrations reflects that between September 27, 2013 and October 1, 2013, IEPI annotated the registration of the trademarks to indicate that each mark is now subject to the Ecuadorian Court's Orders of October 15, 2012 (Dkt. 785-2) and September 9, 2013 (Dkt. 1472-2) (the "Embargo Orders"). As a result, each of the 50 trademarks owned by Chevron IP prior to the embargo is now attached pursuant to these orders, for the benefit of the LAPs. Attached hereto at Exhibit 4601 are true and correct copies of the un-translated registrations for the 50 trademarks at issue.

7. Attached hereto as Exhibit 4602 is a true and correct copy of a certified translation of the registration for the trademark "CHEVRON DESIGN IN BLUE WHITE AND RED," registered as number 419-1970 with an expiration date of August 13, 2014. The proof of attachment of this trademark pursuant to the Embargo Orders appears on page three of Exhibit 4602.

8. Attached hereto as Exhibit 4603 is a true and correct copy of a certified translation of the registration for the trademark "CHEVRON," registered as number 38-1947 with an expiration date of August 26, 2016. The proof of attachment of this trademark pursuant to the Embargo Orders appears on page three of Exhibit 4603.

9. Attached hereto as Ex. 4604 is a true and correct copy of a certified translation of a letter dated October 3, 2013 to the Provincial Court of Sucumbios from IEPI in which it lists the 50 trademarks owned by Chevron IP "prior to the attachment" but for which the registrations for these trademarks have now been "annotated with the attachment order" to reflect that they are now held in IEPI's custody, for the benefit of the Lago Agrio Plaintiffs. The letter and chart therein identifies eight Chevron IP trademarks previously

listed by the Ecuadorian court in its September 9, 2013 Order, but which have now expired. The letter and chart also identifies 13 Chevron IP trademarks that are subject to "precautionary measures" related to licenses granted in favor of Swissoil del Ecuador S.A. ("Swissoil").

10. Thirteen of the 50 trademarks subject to the Embargo Orders include an additional annotation on their registration identifying each as subject to a precautionary measure obtained by licensee Swissoil. This precautionary measure is a preliminary injunction that prohibits interference with Swissoil's right to use the trademarks under its license agreement with Chevron IP. The injunction order does not prohibit the trademark's sale at auction to a third party; any third party purchasing those trademarks would take them subject to Swissoil's license. Attached hereto as Exhibit 4605 is a true and correct copy of a certified translation of the October 5, 2012 Order granting precautionary measures to Swissoil as to these trademarks.

11. Attached hereto as Exhibit 4606 is a true and correct copy of a certified translation of an Order dated March 19, 2013, accepting for consideration Swissoil's Complaint in which it seeks entry of permanent relief in the form of continued recognition of their licensee status even after the license trademarks are attached and auctioned to a third party. I understand that while the precautionary measure remains in place, a final judgment has not yet been entered in the action initiated by Swissoil's Complaint.

12. The final page of each registration for the 13 trademarks licensed to Swissoil, and owned by Chevron IP prior to the embargo, reflects that on October 23, 2012, IEPI annotated the registration of each of the 13 trademarks to indicate that each is now subject to the Ecuadorian Court's Order of October 5, 2012, relating to the precautionary measures

ordered in favor of Swissoil. Each of the registrations for these 13 trademarks also reflects that between September 27, 2013 and September 30, 2013, IEPI annotated the registration of the trademarks to indicate each is now subject to the Embargo Orders. As a result, each of these 13 trademarks owned by Chevron IP prior to the embargo is now attached pursuant to these orders, for the benefit of the LAPs.

13. Attached hereto as Exhibit 4607 is a true and correct copy of a certified translation of the registration for the trademark "MOTEX," registered as number 514-1960 and with an expiration date of December 30, 2015. The proof of attachment of this trademark pursuant to the Embargo Orders appears on page three of Exhibit 4607.

14. As a result of the Ecuadorian Embargo Orders, representations by IEPI to the Ecuadorian Court, and annotated registrations identified and discussed above, Chevron IP no longer has the right to control the use, sale, or licensing of its trademarks in Ecuador, that have been attached pursuant to the Embargo Orders, or to receive income based on them.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 9th day of October, 2013 at New York, New York.

_____
Adolfo Callejas Ribadeneira