# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

CHEVRON CORPORATION,

               Plaintiff,

     v.

STEVEN DONZIGER *et al.*,

              Defendants.

11-CV-0691

The Honorable Lewis A. Kaplan, U.S.D.J.
The Honorable James C. Francis, U.S.M.J.

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF AN ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT DISMISS COUNTS 1 AND 2 IN LIGHT OF CHEVRON'S WAIVER OF ANY CLAIM TO MONEY DAMAGES

The Court and the parties are about to embark on a four week trial, which will entail the expenditure of significant resources for all involved. With Chevron's withdrawal of its money damages claims, there is a threshold question presented to this Court which will impact the scope of admissible evidence, and the amount of time the trial will take.

With the disappearance of Chevron's monetary damages claims went its standing on its RICO claim. It is elementary that federal courts are not permitted to render advisory opinions. "The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy. . . . [A] federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them. Its judgments must resolve a real and substantial controversy admitting of specific relief through a decree of a conclusive character . . . ." *Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S. Ct. 2330, 2334 (1975) (internal citations and quotations marks omitted; emphasis added).

"The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Steffel v. Thompson*, 415 U.S. 452, 459, n. 10, 94 S. Ct. 1209, 1216 (1974) (addressing whether a case and controversy existed where injunctive relief fell out of the case and plaintiff only had a cause of action for declaratory relief). On the RICO claim, a case and controversy no longer exists, as all the court could render on this claim is an advisory opinion.

Early on, this Court noted that whether a private litigant had the right to injunctive relief under RICO was an "open question," but found it did not need to reach the question at the time. Dkt. 468, p. 38. With money damages gone, the open question cannot be avoided. If Chevron has no right to equitable relief under RICO, there is no jurisdiction for this Court to adjudicate that claim—and this question of jurisdiction must be resolved before turning to the merits of the claim. *See Alliance for Environmental Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 85 (2nd Cir. 2006) (district court must generally resolve issues of constitutional jurisdiction and Article III standing, before deciding a case on the merits).

Putting aside issues of standing, judicial economy also counsels immediate resolution of the availability of RICO equitable relief. A RICO trial is very different than a simple fraud trial. As compared with a common law fraud trial, the elements necessary to prove a RICO cause of action are more complex and extensive, and the evidentiary net is much wider. To deal with the complex RICO issues for three or four weeks, only to learn that the RICO issues are out of the case would be unfortunate for all involved.

This Court has clearly been aware of the question now presented: whether equitable relief is available to a private plaintiff under RICO. The Court first pointed it out, and the parties have subsequently briefed it at various points in this litigation. Donziger will not repeat all of

this briefing, but simply point out that the great weight of authority is to the effect that no equitable relief is available to private litigants under RICO. *Religious Tech. Ctr. v. Wollersheim*, 796 F.2d 1076 (9th Cir. 1986) (injunction not available to private RICO plaintiff), cert. denied, 479 U.S. 1103 (1987). *See Sedima, S.P.R.L. v. Imrex Co., Inc.*, 741 F.2d 482, 490 (2d Cir. 1984), *rev'd, on other grounds*, 473 U.S. 479 (1985) ("While post-enactment legislative history is not by any means conclusive, it cannot merely be ignored. It thus seems altogether likely that § 1964(c) as it now stands was not intended to provide private parties injunctive relief.") (citations omitted); *Trane Co. v. O'Connor Secs.*, 718 F.2d 26, 28-29 (2d Cir. 1983) ("[I]t should be noted that courts which have commented on the issue have expressed serious doubt concerning the propriety of granting injunctive relief under any circumstances to private parties. . .We have the same doubts as to the propriety of private party injunctive relief, especially in a case of this nature alleging garden-variety securities law violations as predicates for the RICO violation.").

The court in *Am. Med. Ass'n v. United Healthcare Corp.*, 588 F. Supp. 2d 432 (S.D.N.Y. 2008) addressed this subject, and the primary cases cited by Chevron in support of a right to equitable relief:

> As it now stands, no Court controlling within this jurisdiction has recognized a right to injunctive relief for private litigants under Section 1964(a) of RICO—with one exception: *Motorola Credit Corp. v. Uzan*, 202 F. Supp. 2d 239, 242 (S.D.N.Y. 2002) (Rakoff, J.), *rev'd. on other grounds*, 322 F.3d 130 (2d Cir. 2003). Significantly, however, this case (as well as, *NOW, Inc. v. Scheidler*, 267 F.3d 687 (7th Cir. 2001), *rev'd on other grounds*, 537 U.S. 393, 123 S. Ct. 1057 (2003), the 7th Circuit precedent upon which it was based) was reversed on other grounds and is no longer considered good law.

*AMA*, 588 F. Supp. 2d 432 at 446. The court in *AMA* also stated that it was reaching its decision "based upon the weight of Second Circuit authority." *Id.*

A holding that injunctive relief is available in a private civil RICO suit would have repercussions far beyond this case. The Court should dismiss Chevron's RICO claim now,

before conducting a lengthy trial on the legally infirm claim.

Dated: October 10, 2013

Respectfully submitted,

_____/s/ Steven R. Donziger_____
Steven R. Donziger
245 W. 104th Street, #7D
New York, NY 10025
Tel: (917) 678-3943
Fax: (212) 409-8628
StevenRDonziger@gmail.com

*Pro Se*


_____/s/ Steven R. Donziger_____
Steven R. Donziger
245 W. 104th Street, #7D
New York, NY 10025
Tel: (212) 570-4499
Fax: (212) 409-8628
StevenRDonziger@gmail.com

*Attorney for Defendants Law Offices of Steven R. Donziger and Donziger & Associates, PLLC*


_____s/ Julio C. Gomez_____
Julio C. Gomez
GOMEZ LLC
The Sturcke Building
111 Quimby Street, Suite 8
Westfield, NJ 07090
Telephone:  908.789.1080
Facsimile:  908.789.1080
Email:  jgomez@gomezllc.com

*Counsel for Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje*

4