UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHEVRON CORPORATION,<br><br>      Plaintiff,<br><br>  v.<br><br>STEVEN DONZIGER *et al.*,<br><br>      Defendants. | 11-CV-0691<br><br>The Honorable Lewis A. Kaplan, U.S.D.J.<br>The Honorable James C. Francis, U.S.M.J. |

**DEFENDANTS' MOTION TO LIMIT THE PRESENTATION OF WITNESSES AT TRIAL TO A SINGLE WITNESS PER DAY WITH A BREAK BETWEEN CHEVRON'S CASE-IN-CHIEF AND DEFENDANTS' CASE**

Defendants Hugo Gerardo Camacho and Javier Piaguaje Payaguaje hereby respectfully request that the Court limit the presentation of witnesses at trial to a single witness per day with a break period in between plaintiff's and defendants' cases for the following reasons:

Defendants Camacho and Piaguaje are represented by a single person in this case: a solo practitioner with no paralegal, assistant or secretary. Since my entry of an appearance in 2011 defendants and their representatives have been unable to fund my firm's retention according to our agreements, rendering it impossible for my firm to hire any full time staff.

Presently, my firm is owed well over a $100,000 dollars in fees and owes more than $40,000 in unpaid bills to third parties on behalf of my clients; with less than $15,000 in a trust account and no guarantee of further funding. Defendants Camacho and Piaguaje have been without funds to pay for many of the deposition transcripts that they are designating from and may have no experts in this case simply because experts fees have not been fully paid.[1] My firm has no funds to hire an associate, a paralegal or even an assistant to help me through trial given the fact that I have insufficient funds to cover outstanding bills – much less fees going into trial. I have not even been able to contract the two assistants who aided me temporarily with the filing of Defendants' draft pretrial submissions in August.[2]

Since I was left as sole counsel in this case I have not been able to catch up with discovery or advance much preparation for trial. If I was not preparing for, taking or defending multiple consecutive depositions, I was laboring to oppose Chevron's motions, file motions on behalf of my clients to protect their rights, or otherwise comply with the requirements of this

---

[1] Despite defendants' requests, Chevron has not yet paid for the time spent by two of defendants' three experts answering Chevron's questions at their depositions, and flatly refuses to pay for any preparation or travel to their depositions.

[2] Furthermore, my family remains displaced from our home, *see* DI 1304, and likely will remain displaced for the duration of this trial, or, be required to move back when the trial is concluding, further disrupting my ability to focus upon and defend this matter.

Court's schedule or the Rules of Civil Procedure – a gargantuan undertaking considering the magnitude of the issues in this case, the number of witnesses and documents, and the fact that much of the critical discovery occurred this year.

As a result of the amount of daily work and attention that this case requires I am not adequately prepared to try this case under the procedures adopted by this Court. By this Court's use of taking direct testimony by written declaration, what would ordinarily have been a two month trial (at the rate of about 1 or 2 witnesses per day) is now a substantially compressed three week trial with the same number of witnesses. Worse, Chevron with all its attorneys, paralegals and resources have and will continue to submit perfectly crafted direct testimonies by written declaration (and their witnesses will be relieved of the burden of preparing and testifying to meet their burden live on the stand). Meanwhile defendants will need to prepare to cross-examine substantially more witnesses per day when this trial begins in 5 days.[3] All this begs the question, if I am reviewing lengthy declarations to assert objections to their contents and to prepare cross-examinations at the rate of approximately five witnesses per day, when will there be time to prepare the direct declarations of my clients' witnesses, much less prepare my clients and their witnesses to be cross-examined?

Add the fact that Chevron's substitute expert, Spencer Lynch, is scheduled to be deposed the day before trial.

Add further the fact that Judge Nicolas Zambrano is scheduled to be deposed October

---

[3] Yesterday at approximately 11:46 p.m., Chevron served the direct testimony by declaration of 19 witnesses for the first week of trial by posting them on a website. Their declarations total 659 pages of sworn statements referencing countless exhibits. They were served with no exhibits attached – but only with cross references to Chevron's exhibit numbers. To date undersigned counsel has not had the opportunity to print Chevron's exhibits since being served with a copy of each electronically only a few days ago. It would be impossible for undersigned counsel to print these declarations, and assemble them with their exhibits before trial even with a staff, much less without. And these declarations presumably represent only ½ of Chevron's case.

2

26th. The nature of this case, the current schedule, and the lack of resources make the defense of this trial unsustainable.

As a result of the use of direct testimony by written declaration, and the lack of resources that my firm possesses to defend this case, I cannot be adequately prepared to represent my clients by Tuesday, October 15th, or to keep up with the cross-examinations contemplated by the Court's trial plan, or to prepare to present a defense case by written declaration the moment cross-examinations end, presumably, in just two weeks.[4]

Defendants Camacho and Piaguaje maintain that this Court has no personal jurisdiction over them. They are appearing against their will in this case and this case has exhausted their resources and the resources of their representatives. Our adversary, Chevron Corporation, is one of the wealthiest companies in the world – richer than many countries – has spared no expense whatsoever and is committed to try this case until every attorney for the defense quits.

This Court has an obligation to take these disparities into consideration where they will result in an injustice, manage them and at least try to diminish them so that no party is prejudiced and a fair trial results. *See U.S. v. Bowie*, 142 F.3d 1301, 1306 (D.C. Cir. 1998) (holding that a "district court has an independent duty to ensure that trial procedures are fair"). The Ecuadorian defendants deserve at the very least a meaningful opportunity to defend themselves and under the current plan it is just not possible.

For these reasons, the Ecuadorian defendants respectfully request that the Court limit the presentation of witnesses at trial to no more than a single witness per day, with a break period between plaintiffs' and defendants' cases. This single accommodation will cause absolutely no

---

[4] In effect, this trial has been converted into a quasi-summary judgment proceeding, where defendants are asked to rebut these declarations in less time than they would likely have to respond to a summary judgment motion.

prejudice to Chevron. It will lengthen the trial but likely not beyond the amount of time the parties and the Court contemplated had a jury been seated as fact finder. And most importantly it will give the Ecuadorian defendants a modicum of an opportunity to mount a defense.

Chevron came to back to the Southern District of New York seeking justice. The Ecuadorian defendants who are forced to return here against their will, deserve the same. And undersigned counsel respectfully requests this modest accommodation to permit me some chance (now that all requests for continuance have been denied) to represent my clients in a dignified and meaningful manner at trial.

Pursuant to 28 U.S.C. § 1746, I declare that all factual statements here above are true and correct.

Respectfully submitted,
October 10, 2013

          GOMEZ LLC
          Attorney at Law

    By:    *s/ Julio C. Gomez*
             Julio C. Gomez

          The Sturcke Building
          111 Quimby Street, Suite 8
          Westfield, NJ
          T: 908-789-1080
          F: 908-789-1081
          E-mail: jgomez@gomezllc.com

          *Attorney for Defendants*
          *Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje*