UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
CHEVRON CORPORATION,

                    Plaintiff,

        -against-                                                 11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/10/13

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        The trial of this action is scheduled to begin on October 15, 2013. Today the Donziger Defendants have applied for an order to show cause to bring on a motion to dismiss Counts 1 and 2 of the complaint, which allege claims under the RICO statute, on the ground that Chevron now seeks only equitable relief and that there is no private right of action for equitable relief under that statute. They propose affording Chevron one day within which to respond.

        The only justification offered for this proposed rush to decide this important issue is the suggestion that the trial would be greatly simplified if the RICO claims were dismissed at the outset. But that is hardly self evident, and certainly is not established by the three sentences devoted to the subject in the Donziger Defendants' memorandum. Indeed, it seems quite likely, notwithstanding the differences in the elements of the plaintiff's fraud and other claims and the technical requirements of a RICO claim, that the overlap in proof as between the RICO and other claims would be very extensive. Accordingly, the Court is unpersuaded that the duration of the trial – which the parties only yesterday advised the Court was likely to be completed in about three weeks – would be materially affected even if the Donziger Defendants were to prevail on this egregiously belated motion. There are other considerations as well.

        First, in the event Chevron fails to prevail on the RICO claims for other reasons, there would be no need to decide the question whether equitable relief is available to private plaintiffs in RICO cases.

        Second, in the event Chevron prevails on its non-RICO claims, the relief afforded it on them may make the availability of private equitable relief on its RICO claims academic.

        Third, it is far from clear that the equitable relief question under RICO is remotely as clear as the Donziger Defendants would have it. As the Court previously has noted, there is a

circuit conflict and, in addition, a conflict among judges within this Circuit as to whether equitable relief is available in private RICO actions. The Second Circuit, moreover, has indicated that the availability of such relief, though perhaps doubtful, may depend upon the factual circumstances. *Trane Co. v. O'Connor Sec.*, 718 F.2d 26, 28–29 (2d Cir.1983).[1]

Accordingly, the Court declines to address the issue on the expedited basis sought by the Donziger Defendants, let alone to do so in the absence of a complete factual record that may inform its ultimate disposition. The Donziger Defendants' application for an order to show cause to bring on this motion on short notice [DI 1521] is denied. The Donziger Defendants of course may make an appropriate motion under Rule 50 at the close of plaintiffs' case and/or of all the evidence.

SO ORDERED.

Dated:        October 10, 2013

_____
Lewis A. Kaplan
United States District Judge

---

[1] In *Trane,* the Circuit in *dicta* stated that it had "doubts as to the propriety of private party injunctive relief, *especially in a case of this nature alleging at most, see supra note 2, garden-variety securities law violations as predicates for the RICO violation.*" 718 F.2d ast 28-29 (emphasis added). Thus, not only is the question whether equitable relief is available in RICO cases open in our circuit, the further question whether it is available in some but not all such cases, depending upon the facts, also is open.