UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
|                                              | :  |
|                                              | :  |
|                                              | :  |
| CHEVRON CORPORATION,                         | :  |
|                                              | :  |
|                    Plaintiff,                | :  |
|                                              | :  Case No. 11 Civ. 0691 (LAK)
|          v.                                  | :  |
|                                              | :  |
| STEVEN DONZIGER, et al.,                     | :  |
|                                              | :  |
|                    Defendants.               | :  |
|                                              | :  |
----------------------------------------------------------x

**PLAINTIFF CHEVRON CORPORATION'S BRIEF REGARDING
RELEVANCE AND ADMISSIBILITY OF SURVEILLANCE EVIDENCE**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
Telephone:   212.351.4000
Facsimile:     212.351.4035

*Attorneys for Plaintiff Chevron Corporation*

Pursuant to this Court's request yesterday, Chevron Corporation ("Chevron") respectfully provides the following summary of this Court's prior rulings regarding alleged surveillance and investigation by Chevron.

1.  With respect to the relevance of Chevron's alleged surveillance and investigation of Defendants, their agents, or others in Ecuador, this Court has ruled "that the subject of surveillance activities by Kroll was relevant only to Donziger's counterclaims," and that if Chevron's motion to dismiss those counterclaims were granted, the discovery on alleged surveillance activities "would not be relevant." Dkt. 1277 at 2; *see also* Dkt. 1130 at 2 (finding that any examination of Chevron's 30(b)(6) witness on the topic of surveillance "should be deferred unless and until the Court rejects Magistrate Judge Francis' recommendation that defendant Donziger's counterclaim be dismissed, as it is relevant only to that").[1] The Court was correct in its observation that Chevron does not assert surveillance by Defendants as a basis for any of its claims. This Court dismissed Donziger's counterclaims on July 29, 2013. Dkt. 1321. This order, under this Court's prior rulings, settled the question of whether Chevron's alleged surveillance was relevant to any claim or defense in this action.

2.  This Court has also ruled that work-product protection "extends to work prepared by a private investigator in anticipation of litigation, at least where the investigator is working at the direction of an attorney." Dkt. 1276 at 3; *see, e.g., United States v. Nobles*, 422 U.S. 225, 238–39 (1975) (noting that "attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial," and that the work-product "doc-

---

[1] As the Court has explained, when Chevron moved for a protective order on the issue of surveillance, the LAPs "did not contest Chevron's assertion that [the issue] was relevant, if at all, only to Donziger's counterclaims and that examination on that subject should be permitted only if the pending motion to dismiss those counterclaims were denied. The Donziger Defendants did not respond to Chevron's motion at all." Dkt. 1277 at 1 (citation omitted). Thus, "[i]n view of the lack of opposition from either the LAP Representatives or the Donziger Defendants, [the Court] deferred any examination with respect to [this issue of surveillance] unless and until the Court rejects Magistrate Judge Francis's recommendation." *Id.*

1

trine protect[s] material prepared by agents for the attorney as well as those prepared by the attorney himself"); *Gucci America, Inc. v. Guess?, Inc.*, 271 F.R.D. 58, 74 (S.D.N.Y. 2010).

3.    The LAPs, in their motion to compel production of Chevron's documents relating to private investigators, claimed they had a "substantial need" sufficient to overcome work-product protection. Dkt. 1193. This Court found that the LAPs' "substantial need" theories were "largely baseless," although the Court noted that one of the LAPs' points "theoretically might have a grain of merit." Dkt. 1276 at 5. In particular, the LAPs suggested "that Chevron presumably was surveilling Zambrano, Fajardo, Donziger, and Yanza constantly" during certain relevant periods, such that if the documents could show a "lack of observation of meetings referred to in Guerra's declaration," this could be "evidence that Guerra's account is not credible." *Id*. at 6. The LAPs' theory, however, was contingent on Chevron having done "constant surveillance," or something "remotely approaching it, through [the relevant] periods." *Id.* at 7. Accordingly, the Court conducted "an *in camera* inspection of documents sufficient to show the dates and hours, if any, during which Chevron, its attorneys, or any contractors employed by Chevron or its attorneys, had any of Messrs. Zambrano, Fajardo, Donziger, Yanza, and Guerra under physical surveillance in Ecuador during" the relevant periods. *Id*. at 7–8. Following that *in camera* inspection, the Court concluded that "any surveillance during the relevant period occurred over no more than a handful of days and observed no more than one of the individuals noted above." Dkt. 1311 at 1. For this reason, the Court held that the LAPs could not overcome work-product protection, and it denied the LAPs' motion to compel. *Id.*[2]

---

[2] Only the LAPs moved to compel on this topic. Donziger, however, raised the issue of alleged surveillance in objecting to the Special Master's rulings with respect to the scope of the Kroll deposition. Dkt. 1252. The Court overruled his objections and noted that the "issue of possible surveillance by Kroll of any of the alleged meetings between Guerra and Zambrano" would be resolved in connection the LAPs' motion to compel. Dkt. 1277 at 2.

2

To the extent that Defendants are attempting to reopen this settled issue and/or seek reconsideration of the Court's prior rulings, Chevron respectfully requests the opportunity to submit responsive briefing.

| | |
|---|---|
| Dated: October 16, 2013<br>New York, New York | Respectfully submitted,<br>GIBSON, DUNN & CRUTCHER LLP<br><br>By: /s/ Randy M. Mastro<br>Randy M. Mastro<br>Andrea E. Neuman<br>200 Park Avenue<br>New York, New York 10166<br>Telephone: 212.351.4000<br>Facsimile: 212.351.4035<br><br>William E. Thomson<br>333 South Grand Avenue<br>Los Angeles, California 90071<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>*Attorneys for Plaintiff Chevron Corporation* |

3