UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/16/13

------------------------------------- x
CHEVRON CORPORATION,

        Plaintiff,

v.

STEVEN DONZIGER, et al.,

        Defendants.
------------------------------------- x

Case No. 11 Civ. 0691 (LAK)

## STIPULATION AND PROPOSED ORDER

WHEREAS, on May 29, 2013, Chevron Corporation ("Chevron"), Steven Donziger, The Law Offices of Steven R. Donziger, and Donziger and Associates, PLLC (collectively "Donziger"), and Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje (collectively, "Camacho/Piaguaje") stipulated to reduce the issues in dispute with respect to the subpoena (the "Subpoena") served by Chevron on H5 on November 30, 2012, and to facilitate the production of responsive, non-privileged H5 documents to Chevron, while also preserving any and all applicable privileges held by Donziger and/or Camacho/Piaguaje with respect to all such documents; and

WHEREAS, on June 3, 2013, the Court entered a Stipulation and Order providing that the H5 documents responsive to the Subpoena, for which a claim of privilege or work product protection has been asserted on behalf of Donziger and/or Camacho and Piaguaje (hereinafter, the "H5 Documents"), shall be made available for inspection to Chevron, and Chevron shall not argue that such disclosure pursuant to that Stipulation and Order constitutes a document or

subject matter waiver of any privilege or protection, pursuant to Rule 502(d) of the Federal Rules of Evidence; and

WHEREAS, the June 3, 2013 Stipulation and Order further provided that, following the disclosure of the H5 Documents pursuant to that Stipulation and Order, Chevron shall review the H5 Documents and identify the subset of the H5 Documents for which it will continue to seek disclosure pursuant to Rule 502(d); and

WHEREAS, on June 6, 2013, H5 made the H5 Documents available to Chevron;

NOW, THEREFORE, IT IS STIPULATED, by and between Chevron, Donziger, Hugo Gerardo Camacho Naranjo, and Javier Piaguaje Payaguaje that Chevron may use a maximum of 1,000 H5 Documents (the "Selected H5 Documents") that Chevron selects at its discretion[1] for use in the above-captioned case—as well as in the arbitration currently pending in the Permanent Court of Arbitration (the Hague, Netherlands, under the U.S.-Ecuador Bilateral Investment Treaty, PCA Case No. 2009-23), and in any action relating to Lago Agrio litigation (including proceedings under 28 U.S.C. § 1782) (collectively with the aforementioned arbitration, "Related Litigations")—in any respect, including, but not limited to, at all depositions, in court submissions, at hearings, and trial, and Chevron shall not argue that such disclosure and use pursuant to this Stipulation and Order constitute a waiver or subject matter waiver of any privilege or protection pursuant to Rule 502(d) of the Federal Rules of Evidence, and such disclosure shall not constitute such a waiver; and

IT IS FURTHER STIPULATED that, immediately after signing this Stipulation and Order, Chevron shall promptly identify the Selected H5 Documents by control numbers to Donziger, Camacho/Piaguaje, and H5; and

---

[1] For purposes of calculating the number, an email with one or more attachments shall be considered one document.

2

IT IS FURTHER STIPULATED that, counsel for Donziger and Camacho/Piaguaje will instruct H5 to (i) use its best efforts to produce the Selected H5 Documents to Chevron within 4 business days of the entry of the Stipulation and Order in the same format as H5's earlier production; and (ii) export Chevron's work product (currently on H5's review platform) to Chevron within 4 business days of the entry of the Stipulation and Order; and

IT IS FURTHER STIPULATED that, within 48 hours of H5's production of the Selected H5 Documents to Chevron, Chevron shall produce the Selected H5 Documents to Defendants; and

IT IS FURTHER STIPULATED that, until October 31, 2013, Chevron shall continue to have access to the documents that H5 disclosed on its review platform on June 6, 2013, and to Chevron's work product on that review platform; and

IT IS FURTHER STIPULATED that, promptly following October 31, 2013, H5 shall destroy Chevron's work product from its review platform, H5 shall destroy any copies (both electronic and hard copy) of said work product (except that back-up copies may expire in their normal cycle), and H5 shall certify to Chevron that all of Chevron's work product on H5's review platform has been removed and destroyed; and

IT IS FURTHER STIPULATED that, H5 will invoice Chevron, through its counsel, and Chevron or its counsel will reimburse H5 for H5's charge of $1,961.56 for (i) the production of the Selected H5 Documents and the nonprivileged documents previously produced by H5 pursuant to Chevron's subpoena and (ii) for its use of H5's review platform; and

IT IS FURTHER STIPULATED that all of the Selected H5 Documents will be marked "Confidential" pursuant to the Protective Order in effect in this action (Dkt. 723) and that

Chevron reserves the right to challenge such "Confidential" designations pursuant to said Protective Order; and

IT IS FURTHER STIPULATED that Chevron may use the Selected H5 Documents for any purpose (the parties stipulate to the authenticity of the Selected H5 Documents), subject to the terms, conditions, and restrictions of the Protective Order in this action (Dkt. 723), and further subject to any objections to the relevance or admissibility of any document, all of which objections are expressly reserved; and

IT IS FURTHER STIPULATED that any objection to relevance or admissibility of the Selected H5 Documents in the above-captioned case shall be timely raised when Chevron seeks to use any Selected H5 Documents in depositions, court submissions, hearings, exhibit lists, trial, or otherwise, and any objections not so raised are waived; and

IT IS FURTHER STIPULATED that any objection to the use of the Selected H5 Documents in the Related Litigations shall be raised within 30 days after Chevron's production of the Selected H5 Documents to Defendants, in which case the parties shall meet and confer and seek judicial assistance if necessary in order to resolve any disputes, and any objections not so raised are waived, and the parties further stipulate that raising any such objection regarding the use of the Selected H5 Documents in the Related Litigations shall not itself preserve any objections in the above-captioned case; and

IT IS FURTHER STIPULATED that, except as explicitly stated herein, the parties to this stipulation do not waive any rights or protections afforded them by the Court's individual practices, applicable Local Civil Rules, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or other applicable authority, including, but not limited to, work product and

attorney-client privileges, and this Stipulation and Order is without prejudice to any parties' rights thereunder.

SO STIPULATED

Dated: October 11, 2013

By: *[signature: Randy M. Mastro /A.J.]*
RANDY M. MASTRO
ANDREA NEUMAN

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, New York 10166
Telephone: 212.351.4000
Facsimile: 212.351.4035
Email: rmastro@gibsondunn.com

*Attorney for Chevron Corporation*

By: *[signature: Julio C. Gomez /with permission]*
JULIO C. GOMEZ
GOMEZ LLC
Attorney At Law
111 Quimby Street, Suite 8
Westfield, NJ 07090
Telephone: 908.789.1080
Facsimile: 908.789.1081
Email: jgomez@gomezllc.com

*Attorney for Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje*

By: *[signature: Steven R. Donziger /with permission]*
STEVEN R. DONZIGER
DONZIGER & ASSOCIATES
245 W104th St., Suite 7d
New York, NY 10025
Telephone: (917)-678-3943

5

Email: StevenRDonziger@gmail.com

*Attorney for Defendants Steven Donziger, The Law Offices of Steven R. Donziger, and Donziger & Associates, PLLC*

IT IS SO ORDERED.

Dated: October 16, 2013         By: _____
                                    HONORABLE LEWIS A. KAPLAN
                                    UNITED STATES DISTRICT JUDGE