UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
:
CHEVRON CORPORATION, :
:
            Plaintiff, :
:
   v. : Case No. 11-CV-0691 (LAK)
:
STEVEN DONZIGER, et al., :
:
           Defendants. :
:
------------------------------------- x

**NOTICE OF CHEVRON'S REQUEST FOR MEASURES TO
PROTECT THE DOES**

In its October 14 Notice of the Parties' Failure to Reach Agreement on the Use of Confidential Information at Trial, Chevron stated that it would "apprise the Court . . . whether appropriate protective measures need to be implemented" to protect the Does. Dkt. 1551. Chevron hereby notifies the Court that the parties have repeatedly conferred and have been unable to reach an agreement with regard to protective measures for the Does should one or more of them testify. In particular, Dozinger's new counsel insists that Donziger himself have access to the Does' identities. Ex. 1. Chevron, therefore, seeks appropriate protective measures for the Does from the Court, and will raise the issue at the outset of the October 17 trial day.

The Doe witnesses have significant concerns for their welfare in Ecuador should they testify in these proceedings. Dkts. 802, 838, 1227. Indeed, in recent months, the Ecuadorian government and the LAPs' Ecuadorian attorneys have ratcheted up their campaign to intimidate Chevron's witnesses and supporters. Dkt. 1483. The Does fear harassment and retaliatory prosecution if their identities become known, and in particular, known to Mr. Donziger, who has the demonstrated ability to effect public pressure campaigns in Ecuador. Nevertheless, Chevron re-

mains in contact with the Doe witnesses, and Chevron hopes and believes it can convince one or more of them to testify as soon as possible once appropriate security protections are put in place.

However, neither Doe will agree to testify, absent appropriate protective measures.[1] Chevron proposes the following two procedures to balance the Does' interests in their own safety and Defendants' interests in presenting their defense.

*First*, as in the Court's protective order with respect to Doe 3, Chevron proposes that one individual counsel of record for Mr. Donziger and his law firms (but in no event Mr. Donziger himself) may receive the declaration of any Doe witness that will testify, and will agree to be bound by the protective orders entered by the Court. Dkts. 802, 838, 1227. Counsel of record receiving the Doe information will be barred from disclosing information about the Does to anyone else. Counsel of record for the Donziger Defendants and the LAPs must also expressly agree not to share Doe information with Mr. Donziger, despite the attorney-client and co-counsel relationships involved.

*Second*, Chevron requests that the Court order appropriate measures to protect the Does' identities. This includes (i) sealing documents, testimony, and lawyer argument concerning the Does; and (ii) closing the courtroom during any Doe's testimony and any other presentation of evidence or lawyer argument that could reveal the Does' identities. Mr. Donziger will not be permitted to remain in the courtroom while it is so closed. Chevron also respectfully requests any further measures that the Court deems proper and appropriate, given the Does' interest in their own safety, separate and apart from Chevron's private interest. Dkt. 838 at 33.

---

[1] Federal Rule of Evidence 804(b)(6) and an appropriate sealing order may provide an alternate route to admissibility of the Does' sworn statements.

Defendants refused to agree to this and prior proposals from Chevron to protect the Does. Counsel for Mr. Donziger represented that "we do not agree that there is any reason to keep anything about the[ Does] confidential." Ex. 1. That position is baseless. The Court has recognized that the Does "are justified in fearing reprisals at the hands of their own government if their identities become known." Dkt. 838 at 25. This is not just an idle fear. As the Court found, "Ecuador's record with respect to crime, violence, law enforcement, and the legal process gives little comfort that [the Does] . . . would be safe from retribution." *Id*. at 25.

Defendants also seek to include Donziger within the counsel permitted access to Doe information, but that would defeat the purpose of the protection. Donziger has demonstrated that he cannot be trusted with information that could possibly reveal the Does' identities. The Court has found as much: "Donziger's actions give little comfort that he would comply with confidentiality obligations imposed upon him [with respect to the Does], at least on those occasions where he is in Ecuador." Dkt. 838 at 34. Moreover, Donziger appears to have violated protective orders by sharing confidential information with the Republic of Ecuador on at least three separate occasions. Dkts. 1483 at 6-8 (Ecuadorian newspaper publishing confidential Chevron information); 1503 at 3 (Petito documents include emails to Correa attaching confidential Chevron documents); 1453 (OSC re Donziger's use of exhibits from ROE filings). In short, Donziger does not respect the Court's protective orders, and Chevron cannot risk the Does' safety by gambling that he will do so here.

In sum, Chevron is working diligently to secure the testimony of one or more Does at trial as soon as possible. As the Court has recognized, these witnesses address an issue relevant to both Plaintiff's and Defendants' cases: "corroborat[ing] Guerra." Dkt. 838 at 12. Indeed, counsel for Donziger claimed in opening that "Chevron's case . . . come[s] down to a story provided

3

by a single witness . . . Alberto Guerra." Trial Tr. 32:8-9 (Oct. 15, 2013).  Surely, then, that makes it all the more important for this Court to hear from witnesses who corroborate Guerra's account.  The Court should therefore be entitled to hear this relevant testimony through the implementation of appropriate protective measures.

Dated: October 16, 2013                                                     Respectfully submitted,


                                                            By:   /s/ Randy M. Mastro
Randy M. Mastro
Andrea E. Neuman
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Telephone: 212.351.4000
Facsimile: 212.351.4035

William E. Thomson
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520
*Attorneys for Chevron Corporation*

*Chevron v. Donziger*, No. 11 Civ. 691 (S.D.N.Y.)

**Index of Exhibits**

Exhibit 1: True and correct copy of an email chain among Jefferson Bell, Avi Weitzman, and Richard Friedman with the subject "Stipulation re Use of Confidential Material at Trial," dated October 8-16, 2013.