UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHEVRON CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN DONZIGER *et al.*,<br><br>Defendants. | 11-CV-0691<br><br>The Honorable Lewis A. Kaplan, U.S.D.J.<br>The Honorable James C. Francis, U.S.M.J. |

**DEFENDANTS' TRIAL BRIEF RE ENTITLEMENT TO PROVE
VALIDITY OF CRIMINAL CHARGES IF CRIMINAL CHARGES
REMAIN AT ISSUE IN THE LAWSUIT**

Exceptions to the *Noerr-Pennington* doctrine identified by the Court support Defendants' right to present evidence of the substance and validity of the criminal charges against Mssrs. Veiga and Perez that, Chevron alleges, Defendants' urged Ecuadorian authorities to reinstate— assuming any claims related to those charges remain at issue in this case. Defendants have maintained from the start that the validity of the criminal allegations is a defense to the claim that advocating for prosecution represents any wrongful conduct. Chevron has somewhat incredulously claimed that such advocacy constitutes tortious conduct *even if the allegations underlying the advocacy are true*. Under Chevron's—and apparently the Court's—view, truthfulness is of no import; only the motivation of the actor bringing them is relevant.

Without ruling definitively on the matter, the Court suggested that the clearest analogy to the parties' positions may lie in the exceptions to the *Noerr-Pennington* doctrine that precludes use of the judicial system from serving as the basis for liability. The Court analogized that the

"sham exception" to this doctrine may provide for liability even if the lawsuit has merit, if the party urging suit has untoward purposes. The Court suggested that the parties consider briefing this issue.

Federal law is unequivocal that the "sham litigation" exception to *Noerr-Pennington* can arise only if the legal action at issue is objectively meritless—that is, no reasonable basis for the action exists notwithstanding the motive for pursuing the action. In fact, the district court is not even to explore the motive for legal action unless an outsider's examination of the allegations would suggest the suit had no merit.[1] The United States Supreme Court adopted this interpretation of the sham litigation exception in *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.*, 508 U.S. 49 (1993), holding that "litigation cannot be deprived of immunity unless the litigation is objectively baseless." 508 U.S. at 51. In reaching that result, the Court noted a conflict among the circuits. In fact,

In *Professional Real Estate Investors*, the Supreme Court expressly rejected the holdings of the Fifth and Sixth Circuit Courts of Appeal to the effect that the motivation of the pursuer of litigation could establish the basis for an exception to the *Noerr-Pennington* doctrine even if the suit had merit. *Id.* at 55 n. 3 (citation omitted). The Court noted that it had held as early as *Noerr* that motive alone provides an insufficient basis to complain of judicial action. In particular, in *Noerr*, the Court held that the motive of lobbyists to enact a law to destroy their competitors could not destroy immunity. *Id.* at 508 U.S. at 57 (*citing Eastern Railroad Presidents Conference v Noerr Freight, Inc.*, 365 U.S. 127, 138 (1961)). And in *Pennington*, the Court affirmed that "*Noerr* shields from the Sherman Act a concerted effort to influence public

---

[1] As shown *infra*, this standard governs all variations of the "sham" exception to *Noerr-Pennington*.

2

officials regardless of intent or purpose." *Professional Real Estate Investors*, 508 U.S. at 58 (*quoting United Mine Workers of America v. Pennington*, 381 U.S. 657, 670 (1965)).

The Supreme Court could not be clearer on the topic at hand:

> We have consistently assumed that the sham exception contains an indispensable objective component. We have described a sham as "evidence by repetitive lawsuits carrying the hallmark of *insubstantial* claims."

*Professional Real Estate Investors*, 508 U.S. at 58 (emphasis in original). District courts may not even consider the motivation of the entity bringing suit unless the suit—on a purely objective level—has no merit.

> We now outline a two-part definition of "sham" litigation. First, the lawsuit must be objectively baseless in the sense that *no reasonable litigant could realistically expect success on the merits*. If an objective litigant could conclude that the suit is reasonably calculated to elicit a favorable outcome, the suit is immunized under *Noerr*, and an antitrust claim premised on the sham exception must fail. Only if challenged litigation is objectively meritless may a court examine the litigant's subjective motivation.

*Id.* at 60 (emphasis added).

The Second Circuit has followed *Professional Real Estate Investors* in holding that a lawsuit must be objectively meritless to give rise to liability. *Primetime 24 Joint Venture v. NBC*, 219 F.3d 92, 101-02 (2d Cir. 2000). This Court, with different judges presiding, has consistently concurred. *See Novo Nordisk of N. Am., Inc. v. Genetech, Inc.*¸ 885 F. Supp. 522, 525 (S.D.N.Y. 1995) (Motley, J., presiding); *Matsushita Electronics Corp. v. Loral Corp.*, 974 F. Supp. 345, 355 (S.D.N.Y. 1997) (Jones, J., presiding); *Estee Lauder, Inc. v. Fragrance Counter, Inc.*, 189 F.R.D. 269, 273 (S.D.N.Y. 1999) (Sweet, J., presiding).

Thus, even under the analogous circumstance of antitrust litigation, the fact that the criminal charges brought have merit means they cannot serve as the basis for liability. In fact, the merit of the charges would be dispositive of the matter.

Moreover, the *Noerr-Pennington* doctrine (with the same "sham" litigation exception) is a defense to a RICO claim as well as an antitrust claim. *See, e.g., Bath Petroleum Storage, Inc. v. Market Hub Partners, L.P.*, 229 F.3d 1135, at *1 (2d Cir. Oct. 11, 2000) (unpublished), *cert. denied*, 532 U.S. 1037 (2001); *Sosa v. DirecTV, Inc.*, 437 F.3d 923, 934 (9th Cir. 2006). Thus, the Court may not consider Mr. Donziger's motives in urging criminal charges in this case unless those charges are found objectively without merit. Evidence of merit is thus admissible—indeed, essential.

Of course, even if Mr. Donziger's subjective beliefs about the charges were the key issue, the actual validity of those charges is at least some circumstantial evidence supporting Mr. Donziger's claim that he genuinely believed the charges were valid. But the bottom line is that one cannot be found liable for tortious conduct in pursuing litigation that had merit regardless of his motives for bringing it. A "whistleblower" can have the most damning of intentions, but if his claims prove true, his pursuit of them cannot serve as the basis for liability.

Mr. Donziger's position from the beginning has been that to any extent he was involved in or aware of efforts reinstate the criminal charges, his motivations were entirely proper and valid: to apprise the relevant authorities of the substantial evidence from multiple sources that reflected that fraud regarding the remediation had indeed been committed and justice remained to be done. Despite this, Defendants were not permitted to cross-examine Mr. Veiga, the supervisor of these efforts, about the validity of the charges. If the issue of criminal charges remains in the case Defendants seek the ability to re-examine Mr. Veiga and to fully explore the substance underlying the criminal charges as necessary with any remaining witnesses.

Dated: October 22, 2013                                    Respectfully submitted,

New York, New York

*s/ Richard H. Friedman*                                   *s/ Steven R. Donziger*
Richard H. Friedman                                        Steven R. Donziger
Friedman | Rubin                                           245 W. 104th Street, #7D
1126 Highland Ave.                                         New York, NY 10025
Bremerton, WA  98337                                       Tel: (917) 678-3943
Tel: (360) 782-4300                                        Fax: (212) 409-8628
Fax: (360) 782-4358                                        Email: StevenRDonziger@gmail.com
Email: rfriedman@friedmanrubin.com

*s/ Zoe Littlepage*                                        *Pro Se*
Zoe Littlepage
Littlepage Booth                                           *s/ Julio C. Gomez*
2043A West Main                                            Julio C. Gomez
Houston, TX  77098                                         GOMEZ LLC
Tel: (713) 529-8000                                        The Sturcke Building
Fax: (713) 529-8044                                        111 Quimby Street, Suite 8
Email: zoe@littlepagebooth.com                             Westfield, NJ 07090
                                                           Telephone:  908.789.1080
                                                           Facsimile:  908.789.1080
*s/ Steven R. Donziger*                                    Email:  jgomez@gomezllc.com
Steven R. Donziger
245 W. 104th Street, #7D
New York, NY 10025                                         *Counsel for Defendants Hugo Gerardo*
Tel: (212) 570-4499                                        *Camacho Naranjo and Javier Piaguaje*
Fax: (212) 409-8628                                        *Payaguaje*
Email: StevenRDonziger@gmail.com

*Attorneys for Defendants Steven R. Donziger,*
*Law Offices of Steven R. Donziger and*
*Donziger & Associates, PLLC*