# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
CHEVRON CORPORATION,    :
          Plaintiff,    :
                                                                  Case No. 11 Civ. 0691 (LAK)
v.    :
STEVEN DONZIGER, et al.,    :
          Defendants.    :
------------------------------------x

### DIRECT TESTIMONY OF JAMES SPIGELMAN, AC QC

I, James Spigelman, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

    1.    I have approximately 42 years of experience in Australian law, including as Solicitor-General of New South Wales, Chief Justice of the Supreme Court of New South Wales.

    2.    I have been retained by Gibson, Dunn & Crutcher, LLP ("Gibson Dunn") on behalf of Chevron Corporation ("Chevron") in this case to analyze and compare the discussions of Australian law found in two documents: the Ecuadorian Judgment issued on February 14, 2011 (PX 399) and a February 2, 2009, memorandum entitled "The standard of proof in US common-law toxic tort negligence claims" ("Moodie Memo") (PX 1101).

### Summary of Expert Opinions

    3.    Based on my education, training, experience, and analysis, I have concluded, to a reasonable degree of certainty, that both the Ecuadorian Judgment and the Moodie Memo mistakenly conclude that the phrase "more than minimal, trivial or insignificant factor" is the test for contributing factor under Australian law. Based on my education, training, experience, and


PLAINTIFF'S EXHIBIT 5000
11 Civ. 0691 (LAK)

analysis, I have further concluded, to a reasonable degree of certainty, that that the Ecuadorian Judgment and the Moodie Memo contain similar text regarding a "process of inference" to determine causation and both mistakenly attribute this approach to Australian law.

### Background and Qualifications

4. I received my law degree from the University of Sydney with First Class Honors and the University Metal in 1971. I was admitted to practice as a solicitor in 1972 and admitted to the New South Wales bar in 1976. I served as a member of the Australian Law Reform Commission and was appointed Queen's Counsel in 1986. After serving as acting Solicitor-General of New South Wales in 1997, I was appointed Chief Justice of the Supreme Court of New South Wales and Lieutenant Governor of New South Wales in 1998. In 2013, I was appointed a Non-Permanent Judge of the Court of Final Appeal of Hong Kong.

5. I served as Chief Justice from 1998 until May 2011. During that tenure I delivered judgments on the full range of the Supreme Court's civil and criminal appellate jurisdiction including on commercial, personal injury, "toxic tort," corporate, insurance, arbitration and private international law. I have published articles in legal journals, principally Australian, but also of England, Hong Kong, Singapore and Japan, on a wide range of public and private law subjects including statutory and contractual interpretation, tort law, administrative law, commercial and corporate law, human rights, access to justice, criminal trials and sentencing, legal history, international commercial litigation, private international law and the Hague Conventions on service, evidence and choice of court.

6. I authored the opinion in the asbestos case captioned *Seltsam Pty Ltd v McGuinness*, (2000) 49 NSWLR 262, which is cited in the Moodie Memo (PX 1101). The Moodie Memo purports to rely on the *Seltsam* case for some of its characterization of Australian causation law. In the course of my career, including as Chief Justice, I have dealt with the issue

of legal causation under Australian law hundreds of times.

### Analysis

7. I was asked to analyze and compare the brief discussions of Australian law found in two documents: The Ecuadorian Judgment issued on February 14, 2011 (PX 399) and the Moodie Memo (PX 1101).

8. In analyzing their respective discussions of Australian law, I have formed the following opinions regarding the Moodie Memo and the Ecuadorian Judgment:

9. The Ecuadorian Judgment and the Moodie Memo both mistakenly conclude that the phrase "more than minimal, trivial or insignificant factor" is the test for contributing factor under Australian law.

10. The Ecuadorian Judgment and the Moodie Memo contain overlapping text regarding the "process of inference" rule for causation and both mistakenly attribute this rule to Australian law.

***OPINION 1: The Ecuadorian Judgment and the Moodie Memo Both Recite an Australian Legal Test for Contributing Factor that Does Not Exist***

11. Both the Ecuadorian Judgment and the Moodie Memo use the phrase "more than minimal, trivial or insignificant factor" as the operative test for "contributing factor" under Australian law. The Ecuadorian Judgment and Moodie Memo respectively state as follows:

    a. **Ecuadorian Judgment:** "[W]ith respect to the theory of the most probable cause, Australian case law tells us that causation can be established by a process of inference, which combines concrete facts even if the actual causation cannot be attributed to anyone of them by itself, which means that there is no need for the cause of the harm to be any one single contaminating substance, but that it is sufficient if this

3

contaminating substance has been *a contributing factor, which means that the defendant's participation must be more than minimal, trivial or an insignificant factor.*" PX 399 at 90 (emphasis added).

    b.    **Moodie Memo:** "*Australia: 'Contribution' means D's conduct was more than a minimal, trivial or insignificant factor.*" PX 1101 at WOODS-HDD-0012795 (emphasis added). "Probable contributing cause: More than 50% chance that D's conduct was more than a minimal, insignificant or trivial factor leading to P's injury." PX 1101 at WOODS-HDD-0012796.

12.    Prior to this matter I have never come across the formulation: "minimal, trivial or an insignificant factor" in Australian law. In forming my opinions offered here, I directed searches of all available databases of Australian law, including Casebase and Austlii. These searches confirm that this formulation, "minimal, trivial or an insignificant factor", has never been adopted by any Australian Court or Tribunal. Furthermore, a proximity search in Austlii of "w/10" shows no results for "minimal" and "insignificant factor" and no relevant results for minimal "w/10 trivial w/10 insignificant."

13.    It appears that the formulation "minimal, trivial or an insignificant factor" was derived by the author of the Moodie Memo (PX 1101), from an English language case note published in the *Medical Journal of Australia* in 2002 and which appears as footnote 17 of the Moodie Memo. The formulation is adopted in the Moodie Memo, with respect to the "probable contributing cause" test, in the two passages set out above. It is also adopted with respect to the "contributing factor" analysis in the Ecuadorian Judgment (*see* PX 399 at 90). Put differently, Nicholas Moodie, the author of the Moodie Memo, appears to have copied an inaccurate

4

description of Australian law on contribution from a medical journal article, and that same inaccurate description of Australian law also appears in the Ecuadorian Judgment.

14. There is some, limited, case law in Australia which uses similar language to determine what is "material" in the causation test applied in some contexts. For example: "Did the defendant's conduct more probably than not cause or materially contribute to the medical condition?" Some judgments state that "materiality" only requires something more than a "de minimis" or "negligible" contribution. However, a "minimal" or "negligible" threshold for "materiality" has not been treated in the case law as a general test of causation or contribution. These (few) judgments concern a situation in which a disease or injury is a result of the cumulative effect of multiple exposures and medical evidence cannot establish a causal link between the exposure by a particular defendant and the medical condition. I do not understand either the Moodie Memo or the Ecuadorian Judgment to contemplate such a situation.

15. The specific formulation: "more than a minimal, trivial or insignificant factor" for contribution as a principle of Australian law occurs (incorrectly), to my knowledge, only in the article referred to in footnote 17 of the Moodie Memo.

*OPINION 2: The Ecuadorian Judgment and the Moodie Memo Contain Word-For-Word Overlapping Text Regarding the "Process of Inference" Rule for Causation and Both Mistakenly Attribute this Rule to Australian Law*

16. There is one passage which appears in similar terms in both the Ecuadorian Judgment and the Moodie Memo, which I find so strange as to constitute another inaccuracy common to both documents. The Ecuadorian Judgment and Moodie Memo respectively state as follows:

    a.    **Ecuadorian Judgment:** "Australian case law tells us that causation can be established by a process of inference which combines concrete facts even if the actual causation cannot be attributed to anyone of them by

5

itself . . . ." PX 399 at 90.

  b. **Moodie Memo:** "Australia: Causation can be established by a process of inference that combines primary facts, even if each piece of evidence alone does not rise above the level of possibility." PX 1101 at WOODS-HDD-0012795.

17. A similar reference to this "strands in a cable" approach appears in the Moodie Memo (PX 1101 at WOODS-HDD-0012797). On both occasions the Moodie Memo refers, as authority for this proposition, to my own judgment in *Seltsam v McGuiness* (2000) 49 NSWLR 262, paragraphs 91 and 98.

18. Besides the similarity of the language, it is striking that both the Ecuadorian Judgment and the Moodie Memo attribute this approach to Australian law, whereas it is a well-established proposition throughout the common law world. It is usually attributed, as I did in *Seltsam v McGuiness*, paragraph 91, to the American text, *Wigmore on Evidence* 3rd Edition, paragraph 2497. To describe it as an Australian legal approach is inaccurate. It is a widely accepted common law approach, which has been adopted in Australian law.

### Conclusions

19. In analyzing the brief discussions of Australian law in the Ecuadorian Judgment (PX 399) and the Moodie Memo (PX 1101), I have formed the following opinions: (1) The Ecuadorian Judgment and the Moodie Memo both mistakenly conclude that the phrase "more than minimal, trivial or insignificant factor" is the test for contributing factor under Australian law; (2) the Ecuadorian Judgment and the Moodie Memo contain similar text regarding a "process of inference" to determine causation and both mistakenly attribute this approach to Australian law. The similar text and common idiosyncrasies between the Ecuadorian Judgment and the Moodie Memo are detailed below:

**Figure 1: Statements on Australian law in the Ecuadorian Judgment and the Moodie Memo** (line breaks added)

| Ecuadorian Judgment | Moodie Memo |
|---|---|
| "With respect to the theory of the most probable cause...." | "Probable Contributing Cause (US and Australian case law)...." |
| "Australian case law tells us that causation can be established by a process of inference, which combines concrete facts even if the actual causation cannot be attributed to any one of them by itself...." | • "Australia: Causation can be established by a process of inference that combines primary facts, even if each piece of evidence alone does not rise above the level of possibility" |
| "which means that there is no need for the cause of the harm to be any one single contaminating substance, but that it is sufficient if this contaminating substance has been a contributing factor...." | • "Need not require that the toxic agent be the sole cause: suffices if it is a contributing cause" |
| "which means that the defendant's participation must be more than minimal, trivial or an insignificant factor." | • "Australia: 'Contribution' means D's conduct was more than a minimal, trivial or insignificant factor" |

I declare that the foregoing is true and correct under penalty of perjury in accordance with the laws of Australia and the laws of the United States of America, that this sworn declaration was executed in the city of Sydney, New South Wales, Australia on October 4, 2013.

James Spigelman AC QC

7

*Chevron Corp. v. Donziger,*
No. 11 Civ. 0691 (LAK)

**<u>Exhibits Cited in James Spigelman Witness Statement (PX 5000)</u>**

<u>Not Offered for the Truth:</u>

- PX 399
- PX 400
- PX 1101
- PX 5001

