UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CHEVRON CORPORATION,

                Plaintiff,

       -against-                          11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

                Defendants.
------------------------------------------------------------------X

## SPECIAL MASTERS ORDER NO. 20

       Solely for purposes of the Zambrano deposition, currently scheduled for the weekend of November 1-3, 2013, our Order No. 3 (ECF No. 1058) is amended as set forth in the numbered paragraphs below, in order to afford all concerned the time allotments set forth in Judge Kaplan's Order of October 2, 2013 (ECF No. 1486), without the undue burden on the witness and other participants of unnecessarily long deposition days.

       (1) Given the expected subject matter of the witness's testimony, we expect that there will be few, if any, privilege objections, or, indeed, objections of any kind.  Objections may be no longer than one short phrase (e.g. "objection—privilege").  There shall be no speaking objections or extended speeches.  See Fed. R. Civ. P. 30(c)(2) ("An objection must be stated concisely in a nonargumentative and nonsuggestive manner.").  To the extent an objecting party wishes to be heard on a particular objection, that party shall simply state "argument requested" following an objection.  If the total of all argument by either side during the course of the entire examination exceeds one-half hour, any additional argument by that side automatically will be counted against its allotted examination time and, in any event, the Special Master shall have the

discretion to deny or limit any argument beyond that half hour.  Given the witness's lack of facility in English, the witness will not be asked to leave the room during arguments; instead, oral argument will not be translated.

(2) The Donziger Defendants and the Lago Agrio Plaintiff Representatives shall designate one counsel each to make objections or arguments during Chevron's examination (for a grand total of two counsel), and Chevron may make objections and argument through only one counsel during defendants' examination.

(3) The deposition may be attended by Mr. Gomez, Mr. Donziger's two newly-retained counsel, no more than three counsel for Chevron, and no more than one counsel for the witness.  One client representative from Chevron may attend, as shall Mr. Donziger himself.  No others (apart from the court reporter, videographer, and translator) will be permitted physically into the deposition room.

(4) The parties are directed to try to agree to a schedule that (a) satisfies all the allocated time terms set by Judge Kaplan's order of October 2 (including a total of 17.5 hours of total time for **actual testimony**); (b) allows 45 minutes for lunch and a 15 minute break in each of the morning and afternoon; and (c) starts at 2:30p.m. on Friday, November 1, and ends by 6:00 p.m. sharp on each deposition day.  Absent agreement, the schedule shall be as follows:

- Friday, November 1, 2013:  the deposition will begin at 2:30p.m. sharp and continue to 6:00p.m. sharp, with one break of 15 minutes;
- Saturday, November 2, 2013:  the deposition will begin at 8:30a.m. sharp and continue to 6:00p.m. sharp, with 45 minutes for lunch and two 15 minute breaks;

3

- Sunday, November 3, 2013: the deposition will begin at 8:30a.m. sharp and continue to conclusion, with the same lunch and two other breaks (not to exceed 17.5 hours of actual testimony in total, and in all events not to proceed past 6:00 p.m. sharp).

So ordered.

Dated: October 23, 2013
New York, New York

<u>/s/ Theodore H. Katz</u>            <u>/s/ Max Gitter</u>
Theodore H. Katz, Special Master     Max Gitter, Special Master