UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
CHEVRON CORPORATION,

              Plaintiff,

     -against-                                      11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

              Defendants.
------------------------------------x

                                        **ORDER**

LEWIS A. KAPLAN, *District Judge.*

        Defendants have requested that the Court take judicial notice of four Ecuadorian court decisions, copies of which have been received in evidence as PX 400 and PX 429-31. These exhibits were offered by the defendants, albeit not for the truth of the matters stated therein, and received on that limited basis. Tr. 195-98, 456-59.

        The point of this request is defendants' contention that the Ecuadorian court decisions, if judicially noticed by this Court, would become *prima facie* evidence of the facts and opinions stated therein. DI 1600, at 2 (citing *A. I. Trade Finance, Inc. v. Centro Internationale Handelsbank AG,* 926 F. Supp. 378, 387 (S.D.N.Y. 1996)).

        The law in this Circuit is abundantly clear:

> "A court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" *LaFleur v. Whitman,* 300 F.3d 256, 267 n.1 (2d Cir. 2002) (quoting *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.,* 969 F.2d 1364, 1388 (2d Cir. 1992)). *See also* 1 WEINSTEIN'S EVIDENCE § 201.12[3] ("records of other courts generally may be noticed only to establish the fact of the litigation and actions of that court. In general, documents may not be judicially noticed for the truth of the matters stated in them.").

Accordingly, taking judicial notice of the decisions that already are in evidence anyway would not have the effect of making them *prima facie* evidence of the facts and opinions stated therein.

        The Court recognizes that *A. I. Trade* contains a statement that seemingly supports defendants' position. But the statement was *dictum* and rested solely on a citation to the Sixth Circuit's decision in *United States v. Garland,* 991 F.2d 328 (6th Cir.1993). The Sixth Circuit in

*Garland* took judicial notice of a criminal judgment "as *prima facie* evidence of the facts adjudicated," where "the prosecution [did] not object, nor [did] it suggest[] that the findings of fact by the [foreign] tribunal [we]re wrong." *Id.* The court explicitly declined, however, to "judicially notice the truth of statements contained in the [foreign] judgment because some of these facts may remain in dispute." *Id.* It therefore limited that of which it took judicial notice to "the existence of the [foreign] judgment and the fact that the [foreign] criminal court . . . made detailed findings of fact on issues relevant to the case at hand." *Id.* at 333. The Sixth Circuit since has made clear that a district court may take judicial notice of a foreign judgment "as evidence of the proceeding," but need not judicially notice certain facts "within the judgment because they [a]re subject to dispute." *United States v. Collier*, 68 Fed. App'x 676, 683 (6th Cir. 2003); *see also* FED. R. EVID.. 201(b)(2) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

Thus, even if the Court were inclined to follow the broadest statement in *Garland*, it would not dictate the result defendants here seek. Defendants have not identified specific facts or statements within the four rulings of which they contend the Court should take judicial notice. *See Ackermann v. Levine*, 788 F.2d 830, 844 (2d Cir. 1986) ("courts are not limited to recognizing a judgment entirely or not at all"). The Court therefore is unable to determine (1) whether the decisions in question contain fact or statements that are relevant to the issues in this case and otherwise admissible at trial, or (2) to the extent they do, whether those facts or statements are subject to dispute.

Moreover, defendants fail to address the fact that, were the Court to take judicial notice of the decisions, it may be obliged to consider whether and to what extent the tribunals that issued them conducted fair and reliable proceedings. *See, e.g., Gabbanelli Accordions & Imports, L.L.C. v. Gabbanelli*, 575 F.3d 693, 696-97 (7th Cir. 2009) ("An American court can take judicial notice of a foreign judgment . . . . [But] the significance of the foreign judgment will depend on a variety of other considerations . . . having to do with the reliability of the foreign proceeding for determining the parties' rights.") (citing RESTATEMENT (THIRD) OF FOREIGN RELATIONS LAW § 482 (1987)).

Defendants' motion [DI 1600] therefore is denied. As there is no question as to the authenticity of PX 400 and 429-31, the fact that these decisions were rendered and contain the statements therein is undisputed. No purposes would be served by judicially noticing them, as doing so would establish nothing that is not otherwise established.

SO ORDERED.

Dated:    November 5, 2013

_____
Lewis A. Kaplan
United States District Judge