UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
                                      :
CHEVRON CORPORATION,                  :
                                      :
           Plaintiff,                 :
                                      :
     -against-                        :
                                      :  Case No. 11 Civ. 0691 (LAK)
                                      :
STEVEN R. DONZIGER, et al.,           :
                                      :
           Defendants.                :
                                      :
------------------------------------- x

# CHEVRON CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO DONZIGER DEFENDANTS' LETTER BRIEF [DKT. 1646]

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

*Attorneys for Plaintiff Chevron Corporation*

## PRELIMINARY STATEMENT

This Court has granted Defendants numerous extensions (*see, e.g.*, Dkt. 1384), modified its own bench trial rules in a manner beneficial to them (*see* Dkt. 1501), permitted the belated admission of unnoticed witnesses (*see* Dkts. 1539, 1681), and limited the motions to which Donziger must reply (*see, e.g.* Dkt. 1420 (limiting *sua sponte* motions *in limine* Donziger required to respond to); Dkt. 1362 (denying *sua sponte* Chevron's motion for summary judgment in substantial part). Despite these accommodations, Donziger continues to claim that this Court is fundamentally unfair. He attacks the Court, rather than the record, because he has no defense on the merits. The Court should not entertain Donziger's repetitive and baseless attacks.

## ARGUMENT

**I.     Donziger's Zambrano Allegations Are Unsupported and Baseless**

Donziger asserts that "when Judge Nicolas Zambrano arrived in New York recently, several unknown operatives met him at JFK airport and followed him around the New York area." Dkt. 1646 at 1. Donziger does not reveal the source of this "information," and Zambrano's deposition testimony does not support it. ███████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

1

████████████████████████████████████████████████

████████████████████████████

Moreover Donziger is wrong to assert that Chevron is the only "entity on earth" that would be interested in Zambrano's movements. The Republic of Ecuador has an interest, ██

████████████████████████████████████████████████

██████ And Defendants went to the trouble of hiring a criminal defense lawyer to represent him here in the United States. Dkt. 431-5 (dismissal order for Zambrano's release of Christian Ricardo Suquisupa); *see also* Dkts. 754-7 (Ex. 3120), 754-12 (Ex. 3125), 754-33 (Ex. 3146), 755-28 (Exs. 3285, 3287); PX 0525 (noting Christian Ricardo Suquisupa's connection to FARC). In any event, as this Court has already noted, New York law does not generally prohibit surveillance. Trial Tr. 164:15–19.

**II.    Donziger's Objection to Use of the Special Masters During Deposition Is Duplicative**

Once again, Donziger objects to the "use of either of the Special Masters" because of their supposed "track record of bias." Chevron has already addressed Donziger's baseless attacks on the integrity of these respected members of the New York bar and designated officers of this Court. *See* Dkt. 945. And Defendants appealed almost none of the Special Masters' rulings, *see* Dkt. 1402, and they cannot be heard to complain about them now.

**III.   Donziger's Demands Regarding the Lago Agrio Trial Record are Baseless and Unsupported**

Donziger claims he "believe[s] it is critical that the entire record of the Ecuador trial and appellate courts be submitted as evidence" (Dkt. 1646 at 2), but he does not explain why. Nor does he explain the basis for his supposition that Chevron has it all translated into English; after all, both of Chevron's expert witnesses who evaluated the record testified that they analyzed Spanish language materials (except where they appeared in the record in English). *See* Trial Tr.

1546:18–25 (testimony of Patrick Juola the he analyzed Spanish language documents); PX 3900 ¶ 23 (testimony of Samuel Hernandez that he used "bilingual reviewers fluent in spoken and written English and Spanish" to review trial court record). Nor does he support his assertion that a translation of the trial record would not constitute work product if one existed. S*ee In re Copper Market Antitrust Litig.*, 200 F.R.D. 213, 225 (S.D.N.Y. 2001) (finding work product protection for translations made at counsel's direction); *see also United States v. Kovel*, 296 F.2d 918, 921 (2d Cir. 1961) (work product protection extends to translators working as counsel's agent). Nor does he explain how he has not waived this request as a result of his failure to move to compel Chevron to produce the translated record when Chevron denied his request (*see* Ex. B (8.14.2012 CVX Resp. to Donziger First RFP, Request No. 2 & Response), or why he would be prejudiced if this supposed English translation were not put in the record. And it is Defendants who have sought to introduce a host of untranslated, Spanish-language-only materials, along with improper omnibus "exhibits" in this action, not Chevron. *See* Dkt. 1396.

Finally, Donziger mischaracterizes this action when he asserts that Chevron wants "to have a trial about a trial." Dkt. 1646 at 2. This trial is about Donziger's ongoing racketeering and fraud, directed, funded, and largely carried out in the United States.

### IV. Donziger Has Sufficient Clarity to Defend This Action and Delay in Deciding Evidentiary and Testimonial Matters Is of His Own Making

Chevron filed a detailed complaint nearly three years ago (Dkt. 1), has filed four summary judgment motions (Dkts. 396, 483, 583, 744), and filed various other motions detailing the basis of its claims. Few complex cases reach trial as with as much explanation by the plaintiff as to its theory of the case or as much extensive discussion of the evidence upon which it relies.

Furthermore, when Chevron filed 15 motions *in limine* and a motion to structure the trial into a series of discrete components (Dkts. 1388–1403, 1406), Defendants opposed the motions

3

*in limine* as premature (*see* Dkt.1446 at 3), and opposed the trial structure motion, insisting that everything be tried at once (*see* Dkt. 1445). When Chevron sought to exchange pre-trial order materials and reach agreement on witness and exhibit lists and objection, Defendants refused to participate. *See* Exs. C, D. Chevron was prepared to exchange witness direct testimony in advance of trial pursuant to this Court's individual practices, but Defendants demanded that they not be required to do so, and the Court accommodated them, with the result being that Defendants receive Chevron's during the preceding week, rather than pretrial. Dkt. 1501. And now, the Court has informed Donziger that he will be given "a certain amount of latitude" with respect to direct testimony, and expects to spend a full day giving live direct. Trial Tr. 1863:8–17. And as of the filing of this brief, Defendants have still not provided Chevron with any written direct statement for Mr. Donziger.

At Defendants' request, the Court is making rulings on specific testimony and specific exhibits (*see, e.g.*, Trial Tr. 638:7–13, 1025:20–28:10, 1028:22–29:7, 1040:17–41:11; Dkts. 1650, 1656, Dkt. 1683) as they are raised—rulings Defendants frequently do not accept (*see* Dkt. 1603, 1640). No doubt all parties would like to begin trial with specific knowledge as to the admissibility of every single document and statement in the case—but they are not entitled to it, and cannot complain that the court has reserved judgment where they have never presented a unified list of even their own exhibits.

**V.    The Court has Mooted Donziger's Objection Regarding Motion *In Limine* #1**

Donziger demands that the "Court must rule on Chevron's motion [*in limine* # 1] so that [he can] understand how to proceed." Dkt. 1646 at 4. The Court ruled on Chevron's Motion *in Limine* # 1 in Court on November 4, 2013. Trial Tr. 1394:4–95:1. Accordingly, Donziger's objection is moot.

### VI. Donziger Suffers No "General Prejudice," Just Lack of Evidence

Donziger asserts that he suffers a "general prejudice" because he must litigate this case before the bench, and may not play to a jury. But the Court has already considered and ruled on the supposed "prejudice" resulting from the dropping of money damages. Dkts. 1500, 1501. As the Court found, Chevron was under no obligation to preview its trial plans for Defendants, but it nonetheless has been clear since February that it was considering seeking only injunctive relief. Dkt. 1501 at 2.

Donziger's complaints about the use of written witness statements circulated in advance are absurd. The structure of the trial has been extraordinarily favorable to Defendants, who get all of Chevron's direct testimony days if not weeks before crossing the witnesses (whereas in a jury trial they would have no preview at all) while they need not disclose their own until Chevron has nearly completed its case. It makes no sense to complain that getting witness statements days or weeks in advance "hampered our ability to prepare effective cross-examinations[.]" Dkt. 1646 at 4. A bench trial is also shorter because of this procedure, something Defendants with their supposedly limited resources should welcome.

### VII. Donziger Has No Right to Demand the Court Decide Motions on His Schedule

Finally, Donziger demands the Court immediately rule on a number of his outstanding motions, a flurry of which he has filed during the trial. Nevertheless, with regard to Donziger's motion for "termination sanctions," the Court denied that motion on October 31, the same day Donziger penned this most recent attack on the Court. Dkt. 1650. Accordingly, his objection is moot as to the motion. With regard to his other pending, and meritless, motions filed on or after October 22, litigants have no basis to complain when the Court takes more than a matter of days to rule on motions, particularly where the Court is busy hearing a multiday, complex trial.

5

## CONCLUSION

For these reasons, the Court should deny Donziger's most recent objections.

Dated: November 7, 2013  
New York, New York

Respectfully submitted,

/s/ Randy M. Mastro  
Randy M. Mastro  
Andrea E. Neuman  
GIBSON, DUNN & CRUTCHER LLP  
200 Park Avenue  
New York, New York 10166  
Telephone: 212.351.4000  
Facsimile: 212.351.4035

William E. Thomson  
333 South Grand Avenue  
Los Angeles, California 90071  
Telephone: 213.229.7000  
Facsimile: 213.229.7520

*Attorneys for Chevron Corporation*