UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
::::::::::::::

CHEVRON CORPORATION,

               Plaintiff,

     v.

STEVEN DONZIGER, et al.,

               Defendants.

-----------------------------------------------------------x

Case No. 11 CV 0691 (LAK)


# PLAINTIFF CHEVRON CORPORATION'S MOTION TO STRIKE PORTIONS OF THE WITNESS STATEMENT OF DONALD RAFAEL MONCAYO JIMENEZ

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

*Attorneys for Plaintiff Chevron Corporation*

Plaintiff Chevron Corporation ("Chevron") moves to strike three new paragraphs added to the revised witness statement of Donald Rafael Moncayo Jimenez ("Moncayo") dated November 10, 2013 that purport to describe the role and decision-making process of the "Assembly of the Affected" ("Asamblea"). Chevron also renews its request that the Court limit Moncayo's testimony to relevant information that he possesses based on personal knowledge. *See* Dkt. 1648 at 12–15.[1]

The Court already has ruled that Defendants' efforts to include as trial exhibits selected "minutes" from the Asamblea that they had not produced in discovery, despite being ordered to do so, was evidence of the gamesmanship and bad faith of Defendants and their Ecuadorian counsel:

> [M]ere weeks ago, defendants produced 29 Ecuadorian documents that had not previously been produced to Chevron. Defendants included these documents – minutes from meetings of the "Asamblea" – on their list of exhibits they plan to introduce at trial. These documents clearly were responsive to Chevron's document requests, which explicitly called for all documents related to the Asamblea. Moreover, these documents – the property of the LAPs – likely would fall within the definition of materials the production of which was barred by *Córdova*. That these documents were not disclosed until the eve of trial underscores the gamesmanship and bad faith of defendants and their Ecuadorian counsel when it comes to production of key documents from Ecuador and reveals that their strategy has always been to produce materials when it suits their purposes and is most helpful to their case, notwithstanding Court orders for full production or prejudice to the plaintiff.

Dkt. 1529 at 94–95 (footnotes omitted).

Nonetheless at 6 p.m. last night (November 10, 2013), Defendants added three new paragraphs to Moncayo's revised witness statement that purport to describe the Asamblea, the Asamblea's role in the Lago Agrio case and this action, the Asamblea's decision-making process, and for the first time asserts—contrary to multiple statements by Donziger—that the Asamblea, ra-

---

[1] In response to Chevron's motion and the Court's order that Defendants strike portions of Moncayo's witness statement that were irrelevant (Trial Tr. 1857:25–1859:4), Defendants did not remove a single paragraph of Moncayo's prior witness statement.

1

ther than Donziger, Fajardo, and Yanza, made decisions about how and when to organize protests.  *See* Moncayo Witness Statement (November 10, 2013) ¶¶ 12–14.[2]  Even setting aside the impropriety of the last minute addition of this testimony to Moncayo's witness statement (which under this Court's procedures was due in finalized form on November 6, 2013), Defendants prevented Chevron from obtaining relevant discovery into the Asamblea, and it would be improper to allow Defendants now to offer selective testimony from Moncayo about the Asamblea that they believe is helpful to their case.

Accordingly, Chevron respectfully requests that the Court strike paragraphs 12–14 from Moncayo's revised witness statement.  Chevron also respectfully renews its request that Moncayo's testimony regarding environmental conditions in Ecuador and his "toxic tours" in paragraphs 2–4, 7, 15, 23–28 be stricken (Dkt. 1648 at 15), and that his testimony regarding claims of "ex parte" contacts between Chevron attorneys and judges in Ecuador in paragraphs 16–23 be limited to his personal knowledge, if any, of substantive ex parte contacts (*id.* at 14–15).  *See* Fed. R. Evid. 401(a).

| | |
|---|---|
| Dated:  November 11, 2013<br>New York, New York | Respectfully submitted,<br>GIBSON, DUNN & CRUTCHER LLP<br><br>By: /s/ Randy M. Mastro<br>Randy M. Mastro<br>Andrea E. Neuman<br>200 Park Avenue<br>New York, New York 10166<br>Telephone: 212.351.4000<br>Facsimile: 212.351.4035 |

---

[2]  This description of Moncayo's new testimony is based on the translation of the revised witness statement that Defendants provided to Chevron at noon on Monday, November 11, 2013.

3

        William E. Thomson
        333 South Grand Avenue
        Los Angeles, California 90071
        Telephone: 213.229.7000
        Facsimile: 213.229.7520

        *Attorneys for Plaintiff Chevron Corporation*