# EXHIBIT 4

From: Marco Simons [mailto:marco.b.simons@gmail.com] On Behalf Of Marco Simons
Sent: Friday, November 15, 2013 10:53 PM
To: Brodsky, Reed; Rick Herz; Russell Yankwitt; Sabovich, James M.; Champion, Anne
Subject: Re: Moncayo subpoena

Dear Mr. Brodsky,
I'm writing to clarify your position. You stated that you would oppose any motion we would make, but any such motion would only seek to preserve our right to assert privileges in this process, and that right is firmly established. This includes work product protection, which under the common law doctrine of Hickman v. Taylor extends to the work product of non-parties. See, for example, Abdell v. City of New York, No. 05 Civ. 8453, 2006 U.S. Dist. LEXIS 66114 (S.D.N.Y. Sept. 14, 2006).
If you believe that ERI and our clients are not entitled to assert privileges in this process, please explain your position and send any authority on which you rely so that we may evaluate it.

Indeed, no motion is likely even necessary. As you know, Rule
45(d)(2)(B) expressly contemplates that third parties can assert privileges in connection with the production of documents pursuant to a subpoena, by providing that any person can notify the receiving party that documents are subject to a claim of privilege or work product protection. "After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim."

Thus we believe it is most efficient simply to allow review of the documents referenced in our letters, and to honor claims of privilege made with respect to these documents until they can be determined by the court, if necessary. This is fairly routine in civil litigation where a third party has a claim of privilege. In fact, this is the same procedure that was used in the context of Chevron's subpoena to Trillium Asset Management, in which we were permitted to review several categories of documents before production, and Trillium withheld documents over which Amazon Watch, Rainforest Action Network, and Simon Billenness asserted privilege. Your colleague Jeff Bell took the position, at the time, that we were required to create a privilege log of the withheld documents, and the matter concluded when we provided the logs that Trillium had created that included all of the withheld documents.

In the event that any documents are produced before we resolve this issue, please take this as notification pursuant to Rule 45(d)(2)(B) that any document produced containing the search terms "EarthRights,"
"Earth /3 Rights," or "ERI," or the term "Marissa OR Marisa" with respect to any documents dating prior to September 1, 2013, is subject to a claim of work product protection. The basis for this claim is that ERI's involvement in the Lago Agrio matter is almost entirely in the capacity as a law firm representing clients, such that any ERI documents in Mr. Moncayo's possession are work product. Although work product protection may in some cases be lifted upon a showing of sufficient need, I have no idea what the conceivable relevance of such documents to Chevron's claims may be, or why Chevron is even including these search terms. Furthermore, any document produced containing the terms "Amazon /2 Watch", "AW", "Han /3 Shan", "Paz /3 Mino", "Leila /3 Salazar","Soltani", "Kevin", "Mitch*", "415-487-9600", "415-342-4783", "510-773-4635", "202-256-9795", "310-456-1340", "RAN" or "Rainforest Action Network" is subject to a claim of First Amendment privilege. The basis for this claim is that Amazon Watch and RAN have been engaged in protected First Amendment activities regarding Chevron's legacy in Ecuador. With respect to Amazon Watch, this privilege is already established as a matter of collateral estoppel against Chevron. See Chevron Corp. v. Donziger, No. 13-mc-80038, 2013 U.S. Dist. LEXIS 49753 (N.D. Cal. Apr. 5, 2013). Again, the privilege may be lifted under some

circumstances with respect to documents that are highly relevant, but Chevron has to date (and in the course of the trial) failed to establish the relevance of any information regarding Amazon Watch or RAN.

Please confirm your receipt of this and that you will comply with Rule 45(d)(2)(B).

Sincerely,
Marco Simons

On 11/15/2013 5:17 PM, Brodsky, Reed wrote:
> Mr. Herz:
>
> You sent our response to Mr. Simons' request at 4:47 pm to you, Mr. Simons, and others.
>
> Our response remains the same.
>
> If you did not receive that email, please let me know.
>
> Regards,
> -Reed Brodsky
>
> Reed Brodsky
>
> GIBSON DUNN
>
> Gibson, Dunn & Crutcher LLP
> 200 Park Avenue, New York, NY 10166-0193 Tel +1 212.351.5334 * Fax +1
> 212.351.6235 RBrodsky@gibsondunn.com * www.gibsondunn.com
>
>
> -----Original Message-----
> From: Rick Herz [mailto:rick@earthrights.org]
> Sent: Friday, November 15, 2013 5:04 PM
> To: Brodsky, Reed; Russell Yankwitt; Marco Simons; Sabovich, James M.;
> Champion, Anne
> Subject: RE: Moncayo subpoena
>
> Counsel:
> Please see the attached letters.
> Best,
> Rick Herz
>
>
> Richard Herz
> Senior Attorney
> EarthRights International
> 860-233-4938
>
> This message is intended only for the addressee and may contain attorney client or attorney work product protected information. If you are not the named addressee or an employee or agent responsible for delivering this message to the named addressee, you are not authorized to read, print, retain, copy or disseminate this transmission or any part of it.  If you have received this message in error, please contact the sender immediately and delete the message. Thank you.
> _____

\> This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.
\> _____
\>


--
Marco Simons
Legal Director, EarthRights International
1612 K Street NW #401
Washington, DC 20006
202-466-5188 x103
marco@earthrights.org