**GIBSON DUNN**

## MEMO ENDORSED

Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Randy M. Mastro
Direct: +1 212.351.3825
Fax: +1 212.351.5219
RMastro@gibsondunn.com

~~Courtesy Copy~~

November 18, 2013

VIA HAND DELIVERY

The Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/20/13

Re:  Chevron Corp. v. Donziger, et al. No. 11 Civ. 0691 (LAK)

Dear Judge Kaplan:

    We write as counsel for Plaintiff Chevron Corporation ("Chevron") and Defendants Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, Steven Donziger, The Law Offices of Steven R. Donziger and Donziger & Associates, PLLC to address a few corrections that need to be made to the trial transcript regarding exhibits that have been admitted.

    On October 15, 2013 (Day 1), the Court received DX 685 into evidence on page 139, line 19, but it is not listed as received as an exhibit at the end of the transcript. The parties agree that the transcript should be corrected to reflect that DX 685 has been received into evidence.

    On October 16, 2013 (Day 2), DX 741 was admitted into evidence on Page 286, line 22. Mr. Brodsky, counsel for Chevron, noted at the time that DX 741 was being offered under its original exhibit number as identified by Defendants on August 31, 2013. The next day, on October 17, 2013 (Day 3), Ms. Littlepage questioned Mr. Russell about a different document that had also been marked as DX 741. That document was not offered into evidence. The parties agree that the DX 741 in evidence is the one offered by Mr. Brodsky. To avoid confusion, the parties also agree that the transcript should be corrected on page 358, line 21 to refer to DX 741A, which was not received into evidence.

    On October 21, 2013 (Day 4), the Defendants moved DX 1327 into evidence without objection from Chevron on page 654, lines 4-6, but it is not listed as received as an exhibit at the end of the transcript. The parties agree that the transcript should be corrected to reflect that DX 1327 has been received into evidence.

# GIBSON DUNN

The Honorable Lewis A. Kaplan
November 18, 2013
Page 2

      On October 23, 2013 (Day 6), the Court received DX 1205 into evidence on page 906, line 5. The parties agree that the transcript needs to be corrected on page 906, line 6, to reflect DX 120**5** instead of 120**4**.

      Also, on October 31, 2013 (Day 9), the transcript refers to **Defendants'** Exhibit 1256 at page 1313, line 24. The parties agree that the transcript should be corrected to reflect that the exhibit was **Plaintiff's** Exhibit 1256.

      The parties would appreciate the Court's assistance in advising the court reporter of these necessary corrections. As always, we are grateful for the Court's time and consideration.

Respectfully,

*[signature]*

Randy M. Mastro
Counsel for Plaintiff Chevron Corporation

*[signature]*

Richard H. Friedman
Counsel for Steven Donziger and The Law Offices of Steven R. Donziger and Donziger & Associates, PLLC

*[signature]*

Julio C. Gomez
Counsel for Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje


cc: Southern District Reporters


SO ORDERED

*[signature]*

LEWIS A. KAPLAN, USDJ