UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHEVRON CORPORATION,<br><br>      Plaintiff,<br><br>   v.<br><br>STEVEN DONZIGER *et al.*,<br><br>      Defendants. | 11-CV-0691<br><br>The Honorable Lewis A. Kaplan, U.S.D.J.<br>The Honorable James C. Francis, U.S.M.J. |

**DEFENDANTS' MOTION FOR ADDITIONAL INFORMATION
NECESSARY TO PREPARE TO ADDRESS CHEVRON'S PURPORTED
REBUTTAL WITNESSES**

The Donziger defendants have rested their case (with the exception of moving into evidence exhibits and designated depositions). The Ecuadorian defendants have one remaining witness to present. Yesterday Defendants received notice of the names of the two rebuttal witnesses Chevron says it intends to present on Monday.

Despite numerous subsequent requests for information, Chevron has declined to provide any information beyond the individuals' names. Defendants are familiar with one of the two individuals: Spencer Lynch, a computer forensics expert with the Stroz Friedberg firm. Defendants have no information about the identity of the other individual, Daniel McGuire, other than his name, and no information about the anticipated scope of testimony of either witness. Defendants suspect that Chevron intends to present Mr. McGuire as an expert witness, but truly do not know.

The term "rebuttal" implies that these witnesses will be presenting testimony on a new

issue, not previously addressed in Chevron's case in chief.  *See United States v. Neary*, 733 F.2d 210, 220 (2d Cir. 1984).  Defendants will need time to understand the opinions of these experts, the basis for their opinions, and to research and prepare cross-examinations.  To allow adequate preparation, defendants should immediately be given a Rule 26 report and the right to a deposition from each expert.

Rule 26, of course, requires "not just that expert testimony be on notice, but that notice be given in the form of a written report which 'shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor.'"  *Giladi v. Strauch*, 2001 WL 388052 (S.D.N.Y. Apr. 16, 2001); *Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co., Ltd.*, 769 F. Supp. 2d 269, 279 (S.D.N.Y. 2011).  There is no reason why Chevron should be able to avoid the applicable requirements for expert testimony by bringing experts in rebuttal.

Chevron has admitted that its rebuttal testimony has nothing to do with Mr. Piaguaje.  Thus, there is no reason to withhold this information from defendants.  If the Court does not order disclosure of information now, on Monday it will most likely be faced with a request for a continuance, after each witness testifies, in order to allow adequate preparation to meet the new testimony.  At that point, the Court will be presented with two unappealing options:  force defendants to cross-examine expert witnesses on highly technical subjects, with no notice or opportunity to prepare, or grant a trial continuance on the eve of Thanksgiving.

In email exchanges, Chevron has offered no rationale for refusing to give provide discovery as to these two witnesses, and defendants can think of none—other to force the cross-examination of these witnesses by unprepared counsel.  Such a result should be rejected by the Court.

Defendants ask that the Court order a Rule 26 report be provided as to each expert

witness, and each witness be made available for deposition, whether or not the witness is an expert. Defendants ask for the right to an hour and a half deposition of each witness.

Dated: November 22, 2013                                                  Respectfully submitted,

New York, New York

*s/ Richard H. Friedman*                                                  *s/ Steven R. Donziger*
Richard H. Friedman                                                        Steven R. Donziger
Friedman | Rubin                                                           245 W. 104th Street, #7D
1126 Highland Ave.                                                         New York, NY 10025
Bremerton, WA 98337                                                        Tel: (917) 678-3943
Tel: (360) 782-4300                                                        Fax: (212) 409-8628
Fax: (360) 782-4358                                                        Email: StevenRDonziger@gmail.com
Email: rfriedman@friedmanrubin.com

*Pro Se*

*s/ Zoe Littlepage*                                                        *s/ Julio C. Gomez*
Zoe Littlepage
Littlepage Booth                                                           Julio C. Gomez
2043A West Main                                                            GOMEZ LLC
Houston, TX 77098                                                          The Sturcke Building
Tel: (713) 529-8000                                                        111 Quimby Street, Suite 8
Fax: (713) 529-8044                                                        Westfield, NJ 07090
Email: zoe@littlepagebooth.com                                             Telephone: 908.789.1080
                                                                           Facsimile: 908.789.1080
*s/ Steven R. Donziger*                                                    Email: jgomez@gomezllc.com
Steven R. Donziger
245 W. 104th Street, #7D
New York, NY 10025                                                         *Counsel for Defendants Hugo Gerardo*
Tel: (212) 570-4499                                                        *Camacho Naranjo and Javier Piaguaje*
Fax: (212) 409-8628                                                        *Payaguaje*
Email: StevenRDonziger@gmail.com

*Attorneys for Defendants Steven R. Donziger,*
*Law Offices of Steven R. Donziger and*
*Donziger & Associates, PLLC*