UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHEVRON CORPORATION,<br><br>    Plaintiff,<br><br> v.<br><br>STEVEN DONZIGER *et al.*,<br><br>    Defendants. | 11-CV-0691<br><br>The Honorable Lewis A. Kaplan, U.S.D.J.<br>The Honorable James C. Francis, U.S.M.J. |

**OPPOSITION TO CHEVRON'S MOTION BY ORDER TO SHOW CAUSE TO COMPEL PRODUCTION (DI 1776)**

Pursuant to the Court's Order dated December 4, 2013 (DI 1780), Defendants Hugo Gerardo Camacho and Javier Piaguaje Payaguaje and non-party Donald Moncayo ("Respondents") submit the following opposition in response to Chevron's motion to compel.

<u>Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the factual statements contained herein are true and correct.</u>

## BACKGROUND

I have assumed representation of Mr. Moncayo on a *pro bono* basis. Since that date I have worked to the best of my ability to confer with my clients, co-counsel, opposing counsel, and the vendor retained to extrapolate the responsive material from his computer, to review Mr. Moncayo's email and hard drive documents, to finalize a draft privilege log provided to me by Mr. Moncayo's former counsel, and now to address these remaining production and privilege issues.

I have never held any intent to delay the production of any material to prejudice Chevron in any way or to drag out this process beyond the trial; if Chevron requires additional time to incorporate this production into its post trial briefs, my clients have no objection to a request for an extension of time.

I have ordered the production of the 4 remaining responsive documents that are subject to the Fed. R. Evid. 502(d) stipulation. *See* DI 1776 at p.4. It is my understanding that Chevron now has those documents.

In good faith, Respondents made attempts to narrow the number of disputed entries on the privilege log through my communications with my adversary, but we were unable to reach agreement with Chevron. Thereafter, I worked with my adversary to prioritize documents for translation and in camera review by the Court; the Court is currently in possession of all the

documents that the parties have deemed a priority and the Court should have the balance of the disputed material by Monday, December 6, 2013.

Last, but certainly not least, Ms. Marissa Vahlsing is an attorney who volunteered entirely *pro bono* to assist the defendants during the trial. She graduated from Harvard Law School in 2011 and volunteered her services to all counsel of record to gain valuable trial experience in a case of substantial public and legal significance. She performed various tasks at the direction of all counsel of record for all defendants whenever her schedule (and stamina) permitted. She was invaluable because she is fluent in Spanish and was able to communicate directly with witnesses. In the brief period I have known her she has exhibited the highest degree of integrity and professionalism. She was never directed to engage in the furtherance of any crime fraud or to violate the Court's sequestration orders and has never done so. She exemplifies everything that is noble about our profession and is prepared to submit a sworn declaration on any matter the Court would like clarified. In the meantime, the Court is in possession of her email correspondence with Mr. Moncayo and I am confident the Court will find nothing inappropriate about her contacts with this witness. Filed contemporaneously herewith is also a declaration of Marco Simons, Legal Director of Earth Rights International, in support of Ms. Vahlsing.

## ARGUMENT

### A. Respondents Should Be Permitted to Assert Privilege of Attorney Work Product and Attorney-Client Communications.

The Court is fully aware of the arguments that have been made regarding the production of material from defendants' agents in Ecuador. It has been the subject of numerous motions and rulings by this Court and Respondents will not use this opportunity to reargue those matters.

Undersigned counsel has always requested more documents and information from agents in

Ecuador in accordance with obligations under the Federal Rules and this Court's orders, and based upon the good faith belief that it is in the best interests of the Ecuadorian defendants to present as much information as possible in response to Chevron's allegations.

Suffice it to say that whenever undersigned counsel has come into possession of responsive documents he has produced the material in compliance with the Court's orders and attempted to preserve any applicable privileges. In some instances, the Court has sustained those privileges. For example, the Court just recently only ordered disclosure of one set of redacted Asamblea Minutes and preserved defendants' redactions in others.

Respondents' respectfully request that this instance should be treated no differently. A blanket waiver of privilege should not apply. There will be no prejudice to Chevron if the Court is allowed to conduct an *in camera* review, and specific documents produced at the Court's discretion.

### B. Specific Assertions of Privilege

*Documents between Mr. Moncayo and Ecuadorian Counsel* (Privilege Log Entry Nos. 1-13, 22-25, and 27). I asserted privilege over these documents on the basis of Mr. Moncayo's right to have his communications with his counsel protected when those communications involved the exchange of legal advice or attorney mental impressions. These documents involve legal advice on a variety of issues, such as the need for confidentiality policies and written confidentiality agreements, views on the recent Ecuadorian Supreme Court decision, or mental impressions about various facts surrounding the Alberto Guerra investigation and forensic analysis. Mr. Moncayo should be entitled to have these discussions with his attorneys in Ecuador without disclosure to an adverse party. To the extent that counsel is commenting on press releases, those comments reveal an attorney's mental impressions regarding what is relevant or significant to the

matters which are also at issue in active litigation, therefore, such impressions should also be protected from disclosure, even though they were related in the context of commenting on a press release.

*Documents between Ms. Vahlsing and Mr. Moncayo* (Privilege Log Entry Nos. 18-21, 26 and 28). I have asserted work-product protection over these documents because they reveal Ms. Vahlsing's mental impressions and at the time she was assisting counsel of record in this case by communicating with Mr. Moncayo. Entry Nos. 26 and 28 should have denoted work product protection only; since neither I nor Ms. Vahlsing represented Mr. Moncayo at the time these communications were made, they are admittedly not attorney-client communications. To the extent that these exchanges reveal mental impressions they should be protected.

*Documents identified as "Irrelevant" on the Privilege Log* (Privilege Log Entry Nos. 14-17, 24). I received bates numbered email in PDF format from Mr. Moncayo's former counsel, ranging from MONCAYO 000001 to MONCAYO 001504. Among that bates-numbered material were documents that were nonresponsive and therefore marked irrelevant and removed from the production. Since I removed those documents from the production, I needed to note their absence on the privilege log. Respondents are not asserting privilege over them, they are simply nonresponsive, and therefore also irrelevant as indicated.

Regarding Chevron's purported need to secure production over Mr. Moncayo's assertions of privilege, Respondents do not dispute that there is no other means to secure the discovery at issue for the reasons already familiar to the Court. However, Respondents dispute that the material that is sought to be protected is "highly relevant" or material to any dispositive matter in this case. Respondents have a right to seek protection of confidential communications and work product whether it is relevant or not and are doing so. The Court is free to exercise its duty to

assess the weight of this material.

Finally, with respect to crime fraud, violation of the sequestration order and obstruction of justice and witness tampering implied in Chevron's moving papers, DI 1776 at 11, these assertions are simply unsupported. Chevron cites to Tr. at 2009:19-2101:7 to imply in its brief that Mr. Moncayo testified that he spoke with Ms. Calva to coordinate with her and share a copy of his witness statement. The transcript simply does not bear out Chevron's assertion. *See also* DI 1741-4.

Respectfully, Respondents' privileges should be preserved.

Furthermore, the record should be cleared of any appearance of impropriety implied by Chevron's filings upon Ms. Vahlsing's conduct; I trust that my adversary will join me on this latter request in a separate filing with the Court.

I declare under penalty of perjury that the foregoing are true and correct to the best of my knowledge.

Respectfully submitted,

December 6, 2013                    GOMEZ LLC
                                    Attorney at Law

                          By:       *s/ Julio C. Gomez*
                                    Julio C. Gomez

                                    The Sturcke Building
                                    111 Quimby Street, Suite 8
                                    Westfield, NJ
                                    T: 908-789-1080
                                    F: 908-789-1081
                                    E-mail: jgomez@gomezllc.com

                                    *Attorney for Defendants*
                                    *Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje and Non-party Donald Moncayo*