**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
CHEVRON CORPORATION,                                 :
:
Plaintiff,            :
:
v.                                 :          11 Civ. 0691 (LAK)
:
STEVEN DONZIGER, *et al.*,                             :
:
Defendants.            :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**MEMORANDUM OF LAW IN SUPPORT OF CHEVRON CORPORATION'S
MOTION FOR LEAVE TO ADD DOCUMENTS PRODUCED BY DONALD MONCAYO
TO THE TRIAL RECORD**


GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

*Attorneys for Plaintiff Chevron Corporation*

## PRELIMINARY STATEMENT

Chevron Corporation ("Chevron") respectfully seeks leave to add eight documents produced by witness Donald Moncayo ("Moncayo") to the trial record. As discussed at the penultimate date of trial, documents were not produced by Moncayo in time to be introduced at trial. Indeed, the last set of documents was produced only today. Accordingly, there is good cause to allow Chevron to add these few documents to the trial record.[1]

## BACKGROUND

On November 12, 2013, Donald Moncayo was called as Defendants' first witness at trial. Mr. Moncayo is one of Defendants' closest collaborators and a former employee of the Amazon Defense Front, a current Selva Viva employee, and the president of the Assembly of the Affected. During his testimony, Mr. Moncayo admitted that he had his computer, which contains documents and emails relevant to this matter, with him in New York. Tr. at 2102:1-2103:23. Mr. Moncayo consented on the witness stand to Chevron's review of the materials on his computer, requesting only that nothing be erased. Tr. at 2109:23–2110:2.

Chevron thus served Mr. Moncayo with a subpoena seeking the production and imaging of his hard drive and email accounts by 6 p.m. on November 12. Dkt. 1728-1. Mr. Moncayo, however, failed to produce his computer within that timeframe, with Defendants claiming they needed additional time to locate separate counsel for him.

Before the start of the trial day on November 14, Chevron agreed with Mr. Moncayo's then-attorney, Mr. Yankwitt, that Mr. Yankwitt would file a mirror-image of Mr. Moncayo's hard drive under seal with this Court and produce responsive materials on Monday, November 18, along with a privilege log. *See* Tr. at 2347:8–24. Although the mirror-image of

---

[1] Chevron has filed a separate motion to compel production of the documents withheld as privileged or work product on Mr. Moncayo's privilege log, by means of an order to show cause. *See* Dkt. 1776. That motion is currently pending, and the subject documents have been submitted to the Court for in camera review.

Mr. Moncayo's hard drive was delivered to the Court as agreed (Dkt. 1718), on November 17, Julio Gomez, the LAPs' counsel, notified Chevron that Mr. Moncayo's attorney would be withdrawing "due to a lack of funds"—an issue that did not seem to be a concern just 5 days earlier when Defendants' counsel used the importance of obtaining separate counsel for Mr. Moncayo to delay his hard-drive production. Dkt. 1728-6. Mr. Gomez also stated that he would be taking over the Moncayo production, had received a draft privilege log, and was "working hard to catch up on the responsiveness review, privilege review, etc…." *Id.*

On November 18, having learned that Mr. Moncayo had yet to produce his documents, the Court ordered Mr. Moncayo to produce his documents to Chevron "forthwith." Tr. 2440:11-15; Tr. 2666:20-22. That same day, pursuant to this Court's order, Mr. Moncayo produced to Chevron documents totaling 474 pages from his email account. *See* Dkt. 1741-3. Mr. Moncayo's counsel stated that he would be producing additional emails to Chevron "on a rolling basis." *Id.* Mr. Moncayo's counsel did not, however, produce a privilege log for Mr. Moncayo at that time, as previously promised.[2] As for Mr. Moncayo's hard drive, his counsel explained: "I do not have it. I believe it is still being indexed. So, I do not believe searches have been run as I understand it . . . ." Dkt. 1741-3.

On November 19, Chevron notified the Court of the status of the Moncayo production (Dkt. 1741), and also raised the issue during trial that day. Tr. at 2666:12-22. Mr. Moncayo's counsel represented to the Court that Mr. Moncayo would comply with the Court's order. *Id.* Nonetheless, contrary to repeated assurances that Mr. Moncayo would produce documents "on an extremely expedited schedule" (Tr. 2440:7-21), Mr. Moncayo did not produce the remaining

---

[2] Also on November 18, EarthRights International ("ERI") informed Chevron that it had "reviewed documents Bates stamped MONCAYO 000001-001504" and that with respect to those documents, it did not assert any privileges at all on behalf of itself, Amazon Watch, or Rainforest Action Network. Dkt. 1741-1. Mr. Moncayo's counsel has not explained why ERI received approximately 1,030 additional pages of emails that were not produced to Chevron.

email communications until three days later, on November 22. Mr. Moncayo withheld roughly 230 pages of email communications from production. With respect to documents located on Mr. Moncayo's hard drive, Chevron and Mr. Moncayo entered into a stipulation pursuant to Fed. R. Evid. 502(d) on November 26, *see* Dkt. 1744, after which Mr. Moncayo's counsel identified 33 responsive documents from Mr. Moncayo's hard drive, 29 of which were produced to Chevron on November 26. The remaining 4 responsive documents were produced today, Friday, December 6, 2013.

## ARGUMENT

A district court's decision to supplement the trial record "is subject to its sound discretion." *Matthew Bender & Co., Inc. v. West Pub. Co.*, 158 F.3d 674, 679 (2d Cir. 1998) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331 (1971)). "A district court should take into account . . . the character of the additional testimony and the effect of granting the motion. The court should also consider the diligence of the moving party, and any possible prejudice to the other party." *Weiland v. Allied Corp.*, 940 F.2d 670, 670 (9th Cir. 1991).

Here, Chevron easily meets the standard for adding materials to the trial record. As outlined above Chevron did not have these documents prior to the close to trial and so could not have introduced them at trial. Rather, the documents were under the control of the Defendants' agent, Moncayo, and were only just produced to Chevron. Thus, Chevron is at no fault for not having offered the documents earlier nor can Defendants claim any prejudice.

Accordingly, Chevron respectfully moves the admission of the following documents produced by Moncayo:

| PX # | Date | Exhibit Description | Bates or Source |
|---|---|---|---|
| **PX 7077** | 6/3/2013 | Email from P. Fajardo to D. Moncayo re "IMPRIMIR" ["PRINT"], with attachment and an English translation thereof | Moncayo 000748 |
| **PX 7087** | 10/15/2013 | Email from P. Fajardo to J. Prieto, J. Saenz, P. Romero, Vanessa, H. Piaguaje, L. Yanza, E. Chavez, M. Garcez, N. Rodriguez, G. Grefa, S. Laverde, and D. Moncayo re "Notificaction y Oficio IEPI" ["IEPI Notice and Official Letter"], with attachment and an English translation thereof | Moncayo 000722 |
| **PX 7088** | 1/21/2013 | Email from P. Fajardo to M. Garces, J. Rodriguez, G. Andres, L. Yanza, J. Prieto, J. Saenz, Vanessa, S. Donziger, Pamela, A. Centeno, copying H. Piaguaje, E. Chavez, R. Yumbo, J. Piaguaje, W. Meneses, J. Piaguaje, D. Moncayo, and V. Asimbaya re "EMBARGO" ["ATTACHMENT"], and an English translation thereof | Moncayo 000901 |
| **PX 8091** | 3/30/2013 | Email from L. Yanza to L. Yanza, P. Fajardo, M. Machetes, J. Saenz copying V. Asimbaya and D. Moncayo re "Importante" ["Important"], and an English translation thereof | Moncayo 000914 |
| **PX 8092** | 7/1/2013 | Email from P. Fajardo to L. Yanza, H. Piaguaje, E. Chavez, W. Meneses, G. Grefa, R. Yumbo, and D. Moncayo re "Washington Post" and an English translation thereof | Moncayo 000743 - Moncayo 000745 |

| | | | |
|---|---|---|---|
| **PX 8100** | 10/17/2013 | Email from L. Yanza to W. Meneses, E. Payaguaje, R. Aguinda, R. Yumbo, C. Maniguaje, C. Quimontari, D. Moncayo, G. Grefa copying "humjavi64@hotmail.com" re "Fotos, pies de fotos" ["Photos, photo captions"], and an English translation thereof | Moncayo 000698 - Moncayo 000699 |
| **PX 8101** | 8/28/2013 | Email from P. Fajardo to H. Piaguaje, E. Chavez, L. Yanza, R. Yumbo, G. Guillermo, D. Moncayo copying M. Garces, N. Rodriguez, S. Laverde, J. Saenz , P. Romero, and Vanessa re "PILAS PILAS" ["GET IT TOGETHER GET IT TOGETHER"], and an English translation thereof | Moncayo 000783 |
| **PX 8102** | 2/28/2013 | Email from S. Donziger to D. Moncayo copying P. Fajardo and L. Yanza re "pregunta" ["question"], and an English translation thereof | Moncayo 000788 |

## CONCLUSION

For the foregoing reasons, Chevron respectfully requests that the above listed documents be accepted into the trial record.

Dated: December 6, 2013                    Respectfully submitted,

New York, New York                         GIBSON, DUNN & CRUTCHER LLP

/s/ Randy M. Mastro

Randy M. Mastro
Andrea E. Neuman
200 Park Avenue
New York, New York 10166
Telephone: 212.351.4000
Facsimile: 212.351.4035

William E. Thomson
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Chevron Corporation