UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHEVRON CORPORATION,

                Plaintiff,

                -against-                                       11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

[USDS SDNY / DOCUMENT / ELECTRONICALLY FILED / DOC #: ___ / DATE FILED: 12/13/13]

### ORDER

LEWIS A. KAPLAN, *District Judge*.

        The Court on December 4, 2013 ordered Donald Moncayo, a witness at trial, to produce documents listed on his privilege log to the Court for *in camera* review. The Court has reviewed the documents and rules as follows:

        1.    *Documents Bates-labeled Moncayo 001463 – 001471 shall be produced to Chevron.* These documents reflect an email from Pablo Fajardo to Mr. Moncayo and others attaching a ruling from a criminal case in Ecuador. Although it is a communication between an attorney and a client, Mr. Moncayo has not sustained his burden of establishing that it was "made for the purpose of obtaining or providing legal advice" and therefore is not privileged.[1] Moreover, the Court previously has ruled that the criminal ruling at issue is relevant to this case.[2]

        2.    *Documents Bates-labeled Moncayo 001028 – 001175 shall be produced to Chevron.* These documents reflect an email chain among the LAPs' Ecuadorian lawyers regarding a press bulletin they drafted and were revising. Although the press bulletin relates to testimony and evidence that the LAPs' American lawyers considered presenting at trial in this case, the email chain is not protected by the attorney client privilege, and any work product protection has been overcome.

---

[1] *Chevron Corp. v. Donziger*, 11 CIV. 0691 LAK, 2013 WL 1087236, at *24 (S.D.N.Y. Mar. 15, 2013) (quoting *United States v. Constr. Products Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996)).

[2] Tr. at 2704:14-2705:25.

*First*, "[a] party invoking the attorney-client privilege must demonstrate that the communication as to which privilege is asserted was '(1) a communication between client and counsel, which (2) was intended to be and was in fact kept confidential, and (3) made for the purpose of obtaining or providing legal advice.'"[3] Mr. Moncayo has made no such showing. The emails in question were among the LAPs' Ecuadorian lawyers and reflect their revisions to and discussions concerning a press release. Although some of the lawyers' clients were copied on the emails, they contributed little if anything to the discussion and were not obtaining or seeking legal advice from the lawyers. The fact that a client and an attorney both appear on a communication does not transform that communication into a privileged one.[4]

*Second*, Mr. Moncayo's contention that "counsel . . . commenting on press releases. . . reveal an attorneys's mental impressions regarding what is relevant or significant to the matters which are . . . at issue in active litigation,"[5] and therefore qualify as attorney work product is misguided. Mr. Moncayo does not identify the "active litigation" to which he refers. To the extent he means this one, his argument is wide of the mark. The LAPs' Ecuadorian lawyers are not counsel in this case. Their discussions regarding press releases concerning media strategy as it relates to this case therefore were not "prepared in anticipation of [this] litigation" and do not qualify as attorney work product.[6]

Even if "active litigation" refers to a litigation in which the Ecuadorian lawyers *do* represent the LAPs, Moncayo's argument nonetheless fails. To be sure, the Court has recognized that communications regarding media strategy may consist of "at least ordinary work product . . . [i]f [the] document is prepared in anticipation of litigation."[7] But the protection for "ordinary" work product is overcome where the party seeking disclosure shows that it has a "substantial need" for the protected documents and "'that the party is unable without undue hardship to obtain the substantial equivalent of the material by other means.'"[8] Chevron has made this showing.

The email chain concerns topics that are highly relevant and of the utmost importance to Chevron's case – the alleged ghostwriting of the Lago Agrio Judgment, the LAPs' agents' alleged

---

[3] *Chevron Corp. v. Donziger*, 2013 WL 1087236, at *24 (quoting *Constr. Products Research, Inc.*, 73 F.3d at 473.

[4] *Id.*

[5] DI 1783, at 4-5.

[6] *Chevron Corp. v. Donziger*, 11 Civ. 0691 (LAK), 2013 WL 3294820 (S.D.N.Y. June 28, 2013)

[7] *Id.*

[8] *Chevron Corp. v. Donziger*, 2013 WL 1087236, at *24 (quoting *In re Grand Jury Subpoenas Dated March 19, 2002 & August 2, 2002*, 318 F.3d at 383 (quoting in turn FED. R. CIV. P. 26(b)(3))).

involvement in it, and their subsequent attempts to conceal that involvement. Chevron certainly has a substantial need for documents related to those topics. And Chevron is unable to obtain their substantial equivalent by alternative means. Defendants consistently and steadfastly have refused to produce virtually any document from Ecuador, despite orders by this Court to do so.[9] Trial has now concluded, subject to possible reopening to receive any documents belatedly produced by Mr. Moncayo, and post trial briefs are due in less than two weeks. There is simply no other way for Chevron to obtain these documents or their equivalent, and they now must be produced.

3. The remaining documents at issue contain material that is privileged, work product for which Chevron has no substantial need, or not relevant to any issue in this case.[10] The Court therefore declines to order production of the remaining documents listed on Mr. Moncayo's privilege log.

SO ORDERED.

Dated:   December 13, 2013

_____
Lewis A. Kaplan
United States District Judge

---

[9] *See Chevron Corp. v. Donziger*, 11 CIV. 0691 (LAK), 2013 WL 5575833 (S.D.N.Y. Oct. 10, 2013).

[10] FED. R. CIV. P. 26(b)(2)(C).