UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
:
:
:
CHEVRON CORPORATION, :
:
              Plaintiff, :
: Case No. 11 CV 0691 (LAK)
    v. :
:
STEVEN DONZIGER, et al., :
:
              Defendants. :
:
---------------------------------------------------------x

**PLAINTIFF CHEVRON CORPORATION'S OPPOSITION TO DEFENDANTS CAMACHO AND PIAGUAJE'S MOTION TO EXTEND POST-TRIAL BRIEFING SCHEDULE (DKT. 1843)**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

*Attorneys for Plaintiff Chevron Corporation*

After receiving every accommodation from the Court throughout this case—especially in the months leading up to and including trial—the LAPs (but not Donziger) now seek to extend the generous post-trial briefing schedule that was set nearly a month ago. But the LAPs must show good cause for such relief. As this Court put it: "It's important that I deal with this while everything is as fresh in my mind as it's ever going to be. It's not going to get fresher with time and you are all aware I have other commitments." Trial Tr. 2827–28. The LAPs have failed to show good cause for an extension that would delay resolution of this case and thus prejudice Chevron. The Court should deny their request and maintain the current schedule. If for any reason the Court determines to extend the LAPs' deadline, it should extend it for all parties, to maintain the simultaneous exchange of materials.

First, the LAPs seek an extension because "the trial required six weeks of exclusive attention" from their counsel, and while trial ended three weeks ago, "[p]rogress has been slower than expected given the number of issues involved and the amount of legal research required." Dkt. 1843 at 2. But Defendants have researched and briefed every conceivable issue in this case over the past 34 months that this case has been pending—in this Court, in related discovery proceedings, in the numerous appeals and writ proceedings that Defendants have filed, and in particular in the flurry of motions they filed immediately before and during the trial. *See* Dkts. 1489, 1490, 1521, 1523, 1525, 1590, 1593, 1600, 1601, 1603, 1631, 1640, 1642, 1645, 1646, 1660, 1665, 1699, 1755, 1761. The LAPs have not identified any particular legal issue or theory that they have been unable to research and argue fully during the course of this case. Indeed, Donziger appears to have published his post-trial brief on his website weeks ago.[1]

---

[1] *See* "Memo: Chevron's RICO Trial to Nowhere" (Nov. 26, 2013) available at: http://stevendonziger.com/2013/11/26/memo-chevrons-rico-trial-nowhere/.

1

Second, the LAPs contend that "the majority of the ad-hoc team that assembled and assisted for purposes of trial is no longer together; therefore the responsibility of preparing post-trial briefs falls upon a smaller group of persons." Dkt. 1843 at 2. The LAPs do not explain why their legal team, available in assist in every forum outside this Court and ready-and-willing to assist throughout trial, have ignored what is an essential component of any bench trial. If anything, Defendants have made a strategic allocation of resources, which is not a reason for further delay—particularly when these same lawyers choose to fill their time instead by drafting press releases critical of this Court.[2] In any event, the LAPs fail to explain why the "smaller group of persons" responsible for their post-trial briefing has been unable to meet the existing schedule. Dkt. 1843 at 2.

Third, the LAPs claim that their counsel has been unable to complete the post-trial briefing because he has "been occupied dealing with and responding to matters related to the production of the Moncayo documents, which until recently completed." Dkt.1843 at 2. But this was not an onerous task. Over the past 30 days since Mr. Moncayo's prior counsel withdrew, the LAPs' counsel needed to review a relatively small number of emails and hard drive documents, prepare a privilege log with 28 documents (Dkt. 1776-2), and file a five-page response to Chevron's motion to compel (Dkt. 1783). There is no plausible argument that these relatively minor obligations call for a delay of the post-trial briefing schedule.

---

[2] *See, e.g.*, 12/13/13 press release from Gowan Law Group: "Analysis: Why Chevron's RICO Case Won't Survive Appeal and Will Backfire Abroad" available at: http://chevrontoxico.com/news-and-multimedia/2013/1213-analysis-why-chevrons-rico-case-wont-survive-appeal-and-will-backfire-abroad; 12/12/13 posting on The Chevron Pit, titled, "After the Smoke Clears: What Chevron's RICO Show Trial Means, With Hindsight" available at: http://thechevronpit.blogspot.com/2013/12/after-smoke-clears-what-chevrons-rico_12.html ("Given the bias of Judge Kaplan and the utter arrogance in the idea that a U.S. judge could rule on issues in the case already decided by Ecuador's Supreme Court, Chevron is likely to face a ferocious backlash from foreign judges if it tries to peddle Kaplan's ruling abroad. . . . Letting Chevron get away with its final act of trickery – dropping $60 billion in money damages claims on the eve of trial – was the ultimate betrayal of his oath to administer justice fairly. That allowed Chevron to avoid a jury of impartial fact finders, which very likely would have meant another devastating courtroom setback for the company. Kaplan then heaped insult upon injury by letting Chevron's staff use the jury deliberation room as a private office during the trial.").

Finally, with respect to counsel's desire to spend time with family during the holiday season, Dkt. 1843 at 2, Chevron's counsel appreciates, understands, and agrees with that concern. But this Court set the briefing schedule nearly 30 days ago and Defendants raised no objection to the schedule until now. Chevron and its counsel have planned accordingly and have prepared to comply with the current deadlines. It would be unfair and disruptive to revisit that schedule at the last minute, with less than a week before briefs are due.

For these reasons, the Court should deny the LAPs' motion to extend the briefing schedule on the parties' post-trial briefs. If for any reason the Court determines to extend the LAPs' deadline, it should extend it for all parties, to maintain the simultaneous exchange of materials.

| | |
|---|---|
| Dated: December 18, 2013<br>New York, New York | Respectfully submitted,<br>GIBSON, DUNN & CRUTCHER LLP<br><br>By: /s/ Randy M. Mastro<br>Randy M. Mastro<br>Andrea E. Neuman<br>200 Park Avenue<br>New York, New York 10166<br>Telephone: 212.351.4000<br>Facsimile: 212.351.4035<br><br>William E. Thomson<br>333 South Grand Avenue<br>Los Angeles, California 90071<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>*Attorneys for Plaintiff Chevron Corporation* |

3