UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHEVRON CORPORATION,<br><br>  Plaintiff,<br><br>  v.<br><br>STEVEN DONZIGER *et al.*,<br><br>  Defendants. | 11-CV-0691<br><br>The Honorable Lewis A. Kaplan, U.S.D.J.<br>The Honorable James C. Francis, U.S.M.J. |

**DEFENDANTS' MOTION TO STAY PROCEEDINGS**

**INTRODUCTION**

Before it decides anything else, this Court should decide whether Chevron has satisfied its burden to demonstrate Article III standing. And because Chevron has failed to carry that burden, as the Defendants have already explained, this Court lacks subject-matter jurisdiction and has no choice but to "dismiss the action" under Federal Rule of Civil Procedure 12(h)(3).

But if the Court nevertheless concludes that it has jurisdiction, it should stay this case pending the Second Circuit's decision in *Sykes v. Harris & Assocs.*, No. 13-2742 (2d Cir.). In *Sykes*, the Second Circuit has been asked to decide whether a private party may lawfully obtain injunctive relief under RICO—the same relief that Chevron seeks here. Chevron cannot prevail on its RICO claims unless a private party may seek injunctive relief under the statute. And because that dispositive issue has already been briefed and argued to the Second Circuit, this Court—if and only if it determines that it still has jurisdiction—should await the Second Circuit's decision before proceeding any further in this case.

**ARGUMENT**

In this case, Chevron has repeatedly and vigorously argued that RICO permits private parties to seek injunctive relief. Chevron has argued that:

- "**[T]he text** of the [RICO] statute provides a clear answer [that] private plaintiffs can seek equitable and injunctive relief in civil RICO actions," DI 1847 at 331;

- "**T]he legislative history** . . . does not indicate that Congress intended to preclude injunctive relief in private civil RICO suits," dismissing analogies to the Clayton Act as "flawed" and arguing that the amendments noted by Defendants failed in Congress for procedural rather than substantive reasons, *id.* at 336-337; and

- "**[T]he weight of authority** . . . recognizes that RICO permits private plaintiffs to obtain

1

injunctive and other equitable relief," dismissing *Sedima*, *Trane Co.*, *Johnson*, and *In re Fredeman* as "unpersuasive dicta," and focusing instead on the reasoning from the vacated *Scheidler* decision, *id.* at 10, 338; DI 1855 at 80-81 (bold emphasis added).

Meanwhile, in *Skyes*, argued before the Second Circuit on February 7, 2013, counsel for defendants in that case—also from the Gibson, Dunn & Crutcher law firm—have put forward diametrically opposite arguments. As the Donziger defendants have done here, the defendants in *Sykes* argue that the civil RICO statute does not permit private parties to seek injunctive relief. They argue that:

- "**The Text** Of The RICO Statute Does Not Authorize Private Injunctive Relief" because "the 'plain wording' of Section 1964 'limit[s] private plaintiffs only to damages, costs, and fees'" and a contrary interpretation is "[im]permissible" because it would "render [other] portion[s] of Section 1964 entirely superfluous," DI 1866-1 at 45-46;

- "**The History** Of The RICO Statute Demonstrates That Private Parties Cannot Pursue Injunctive Relief"—indeed, "removes any doubt on the issue"—as evidence by contemporaneous understandings of the Clayton Act and the rejected amendments that would have allowed injunctive relief, *id.* at 47-49; and

- "**The Weight Of Authority** Confirms That RICO Does Not Authorize Injunctive Relief In Private Lawsuits"—a fact which is "[u]nsurprising[] given the text and history of the statute—citing the Ninth Circuit's conclusion in Wollersheim, as well as the language in *Sedima*, *Trane Co.*, *Johnson*, and *In re Fredeman Litig.*, while dismissing Scheidler as vacated and opposed by the United States and Uzan

2

as standing largely for the proposition that the Second Circuit "has 'never definitively ruled on the issue,'" *id.* at 45-49 (bold emphasis added).

If those arguments prevail in *Sykes*, then Chevron cannot obtain the principal relief it seeks here. Chevron has repeatedly argued to this Court that while the Second Circuit has expressed doubts about the availability of private party RICO injunctive relief, it has never conclusively decided the question. *See* DI 1847, 1533. In *Sykes,* it now appears the Second Circuit is poised to do just that. In that case, the issue is now fully briefed and argued, and the parties are awaiting the result.

While no one can say with certainty when or how the Second Circuit will rule, it seems obvious that if it rules on the RICO injunction issue, that ruling will be of great assistance to this Court in reaching the correct result here. Staying these proceedings until the Second Circuit rules would therefore conserve the resources of both the Court and the parties. "The decision whether or not to stay ... a proceeding rests within a district judge's discretion." *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991); *see also Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). Although the general rule is that "a litigant in one cause [will not] be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both," that rule is one of "moderation rather than limitations upon power," and especially in cases of "extraordinary public moment" it may be appropriate for a litigant "to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." *Id.* at 255-57. Factors relevant to the Court's exercise of discretion include: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Volmar Distribs. v. New York Post Co.*, 152 F.R.D. 36, 39

(S.D.N.Y.1993). "Balancing these factors is a case-by-case determination, with the basic goal being to avoid prejudice." *Id.* at 39.

The courts applying these factors are typically faced with demands for stays pending the outcomes of complex parallel litigation—stays that in many cases are tantamount to permanent stays. The far more limited stay sought here—a stay whose "force will be spent" as soon as the Second Circuit decides a case that has already been argued—presents a far lesser risk of prejudice. *Landis*, 299 U.S. at 257. Here, the five *Volmar* factors all counsel in favor of staying decision for the few months it may take the Second Circuit to rule in *Sykes*. Given the enormous time and effort the Court and the parties have invested in this case, everyone is best served by this Court "getting it right" on the central question of RICO relief. Balanced against all of the benefits of a correct decision by this Court on the RICO issue is the possibility that the Second Circuit will not reach the RICO injunction issue in *Sykes*. If that happens, the worst consequence will be a delay of a few months in the issuance of this Court's decision.

## CONCLUSION

If the Court decides not to immediately dismiss this case for lack of subject matter jurisdiction for the reasons given in the Defendants' motion to dismiss, it should stay the proceedings pending the Second Circuit's decision in *Sykes v. Harris & Assocs.*, No. 13-2742.

///

///

///

///

///

///

Dated: February 17, 2014                    Respectfully submitted,

New York, New York

*s/ Richard H. Friedman*                     *s/ Steven R. Donziger*
Richard H. Friedman                          Steven R. Donziger
Friedman | Rubin                             245 W. 104th Street, #7D
1126 Highland Ave.                           New York, NY 10025
Bremerton, WA  98337                         Tel: (917) 678-3943
Tel: (360) 782-4300                          Fax: (212) 409-8628
Fax: (360) 782-4358                          Email: StevenRDonziger@gmail.com
Email: rfriedman@friedmanrubin.com

*Counsel for Steven R. Donziger,*            *Counsel for Steven R. Donziger,*
*The Law Offices of Steven R. Donziger*      *The Law Offices of Steven R. Donziger*
*and Donziger & Associates, PLLC*            *and Donziger & Associates, PLLC*


*s/ Julio C. Gomez*
Julio C. Gomez
GOMEZ LLC
The Sturcke Building
111 Quimby Street, Suite 8
Westfield, NJ 07090
Telephone:  908.789.1080
Facsimile:  908.789.1080
Email:  jgomez@gomezllc.com

*Counsel for Defendants Hugo Gerardo*
*Camacho Naranjo and Javier Piaguaje*
*Payaguaje*

5