UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CHEVRON CORPORATION,

                 Plaintiff,

    -against-                                       11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

                 Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/4/14

## JUDGMENT AS TO DONZIGER DEFENDANTS
## AND DEFENDANTS CAMACHO AND PIAGUAJE

LEWIS A. KAPLAN, *District Judge*.

       This action was brought against defendants Steven Donziger, The Law Offices of Steven R. Donziger, Donziger Associates, PLLC (these three defendants referred to collectively as the "Donziger Defendants"), Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje (these two defendants referred to collectively as the "LAP Representatives"), Stratus Consulting, Inc., Douglas Beltman, Anne Maest (these three defendants being referred to collectively as the "Stratus Defendants"), and others. The case has been tried and the Court has rendered its findings of fact and conclusions of law with respect to all claims against the Donziger Defendants and the LAP Representatives. All claims against the Stratus Defendants have been settled and dismissed. All other defendants have defaulted, and certificate of default has been entered against them. Accordingly, it is hereby

       ORDERED, ADJUDGED, AND DECREED, with respect to the claims against the Donziger Defendants and the LAP Representatives, as follows:

       1.     The Court hereby imposes a constructive trust for the benefit of Chevron on

2

all property, whether personal or real, tangible or intangible, vested or contingent, that Donziger has received, or hereafter may receive, directly or indirectly, or to which Donziger now has, or hereafter obtains, any right, title or interest, directly or indirectly, that is traceable to the Judgment or the enforcement of the Judgment anywhere in the world including, without limitation, all rights to any contingent fee under the Retainer Agreement and all stock in Amazonia. Donziger shall transfer and forthwith assign to Chevron all such property that he now has or hereafter may obtain.

       2.       The Court hereby imposes a constructive trust for the benefit of Chevron on all property, whether personal or real, tangible or intangible, vested or contingent, that the LAP Representatives, and each of them, has received, or hereafter may receive, directly or indirectly, or to which the LAP Representatives, and each of them, now has, or hereafter obtains, any right, title or interest, directly or indirectly, that is traceable to the Judgment or the enforcement of the Judgment anywhere in the world. The LAP Representatives, and each of them, shall transfer and forthwith assign to Chevron all such property that he now has or hereafter may obtain.

       3.       Donziger shall execute in favor of Chevron a stock power transferring to Chevron all of his right, title and interest in his shares of Amazonia, and Donziger and the LAP Representatives, and each of them, shall execute such other and further documents as Chevron reasonably may request or as the Court hereafter may order to effectuate the foregoing provisions of this Judgment.

       4.       Donziger and the LAP Representatives, and each of them, is hereby enjoined and restrained from

           4.1.       Filing or prosecuting any action for recognition or enforcement of the Judgment or any New Judgment or seeking the seizure or attachment of assets based on the Judgment or any New Judgment, in each case in any court in the United

3

States.

  4.2. Seeking prejudgment seizure or attachment of assets based upon the Judgment or any New Judgment,

in each case in any court in the United States.

  5. Donziger and the LAP Representatives, and each of them, is hereby further enjoined and restrained from undertaking any acts to monetize or profit from the Judgment, as modified or amended, or any New Judgment, including without limitation by selling, assigning, pledging, transferring or encumbering any interest therein.

  6. Notwithstanding anything to the contrary in this Judgment, nothing herein enjoins, restrains or otherwise prohibits Donziger, the LAP Representatives, or any of them, from (a) filing or prosecuting any action for recognition or enforcement of the Judgment or any New Judgment, or any for prejudgment seizure or attachment of assets based in courts outside the United States; or (b) litigating this action or any appeal of any order or judgment issued in this action.

  7. The following terms are defined as follows for purposes of this Judgment:

  7.1 "ADF" means El Frente de Defensa de la Amazonia.

  7.2. "Amazonia" means Amazonia Recovery Limited, an entity registered in Gibralter, together with its successors and assigns.

  7.3. "Assembly" means Asamblea de Afectados Por Texaco together with its successors and assigns.

  7.4. "Chevron" means Chevron Corporation and its subsidiaries and affiliates.

  7.5. "Donziger" means the Donziger Defendants, and each of them, unless the text hereof otherwise provides.

4

7.6. The "Judgment" means the judgment entered in the Lago Agrio Case on February 14, 2011 as modified by subsequent proceedings.

7.7. "Lago Agrio Case" means Lawsuit No. 2003-0002, entitled *Maria Aguinda y Otros v. Chevron Corporation,* in the Sucumbíos Provincial Court of Justice of the Republic of Ecuador and all appeals with respect to any judgment, order or decree entered therein.

7.8. "New Judgment" means any judgment or order that hereafter may be rendered in the Lago Agrio Case any court in Ecuador in or by reason of the Lago Agrio Case, or any judgment or order issued by any other court that has recognized or enforced the Judgment or any such subsequent judgment .

7.9. "Retainer Agreement" means the agreement, dated as of January 5, 2011, between and among (a) each of the individual plaintiffs in the Lago Agrio Case, together with their respective successors and assigns,(b) the ADF, (c) the Assembly, and (d) Donziger & Associates, PLLC, together with its successors and assigns and all successors to and predecessors of the Retainer Agreement.

8. In accordance with Federal Rule of Civil Procedure 65(d)(2), this Judgment is binding upon the parties; their officers, agents, servants, employees, and attorneys; and other persons who are in active concert and participation with any of the foregoing.

It is hereby further

ORDERED, ADJUDGED AND DECREED, as follows:

9. Chevron shall recover of Donziger and the LAP Representatives, and each of them, jointly and severally, the costs of this action pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920.

5

10. This Judgment finally disposes of all claims between and among Chevron, Donziger and the LAP Representatives. All other defendants either have settled the action or defaulted. Accordingly, there is no just reason for delay, and the Clerk shall enter this Judgment as a final judgment with respect to all claims between and among Chevron, Donziger and the LAP Representatives. This Court retains jurisdiction of this case and over these parties for purposes of enforcing and resolving any disputes concerning this Partial Judgment.

Dated:      March 4, 2014
Issued at:  9:06 a.m.

_____
Lewis A. Kaplan
United States District Judge