UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CHEVRON CORPORATION,

                Plaintiff,

-against-

                11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/20/2014

## MEMORANDUM AND SCHEDULING ORDER

LEWIS A. KAPLAN, *District Judge.*

        In an opinion dated March 4, 2014 (the "Opinion"), this Court found that defendant Steven Donziger and others procured a multibillion Ecuadorian judgment against defendant Chevron Corporation ("Chevron") by fraud as well as bribery and coercion of Ecuadorian judges. It entered judgment against Donziger, his law practice, and two of the Ecuadorian clients on whose behalf Donziger acted. The judgment imposed a constructive trust on any property traceable to the Ecuadorian judgment and granted related relief in order to ensure that Donziger and these two Ecuadorian plaintiffs could not profit from their fraud. It also restrained them from seeking enforcement or recognition of the Ecuadorian judgment in the United States. DI 1875.

        Two weeks later, these defendants filed what they styled an emergency motion for a stay pending appeal or, in the alternative, a temporary administrative stay. The motion is extraordinary in at least two substantial procedural respects.

        *First*, the motion is unsupported by any affidavit or other evidence. It seeks a

decision by March 25, 2014. And it invites the Court to deny its motion, without hearing from Chevron and without issuing an opinion, so that it may bypass any reasoned consideration by the district court in favor of initial resort to the Court of Appeals.

The defendants' proposal is in flat contravention of the policy of Federal Rule of Appellate Procedure 8(a)(1). That rule requires initial resort to the district court precisely because that "court . . . is best and most conveniently able to exercise the nice discretion needed to determine th[e] balance of convenience" that must be considered in deciding whether to grant a stay pending appeal. *Cumberland Tel. Co. v. Pub. Serv. Comm.*, 260 U.S. 212, 219 (1922) (relied upon in Advisory Committee Note to Fed. R. App. P. 8(a)). That is so because the district court "is the one which has considered the case on its merits and, therefore, is familiar with the record," and it is especially so where, as here, the record is "very voluminous." *Id.* As the Second Circuit (per Judges Hand and Chase, and Chief Judge Swan) put it in another case relied upon by the Advisory Committee:

> "[I]t is obviously desirable that he [the movant] shall first apply to the trial judge, who necessarily knows more of the case than the circuit court of appeals can learn, certainly while the record remains in the district court, as it almost always does. His ruling will help us greatly, particularly if he states why he does not think the appeal raises any 'substantial question which should be reviewed.' In that event, the defendant will have to satisfy us that the judge's reasoned conclusion should not prevail, and we shall not be left in a welter of assertion and counter-assertion in affidavits from which we have no adequate means of emerging."

*United States v. Hansell*, 109 F.2d 613 (2d Cir. 1940) (per curiam).

*Second*, the motion does not comply with this Court's rules, which are quite clear. A party against whom a non-discovery motion is made and which is served electronically has 17 days in which to respond. The movant, assuming it too is served electronically, then has an additional ten days in which to reply. S.D.N.Y. Local R. 6.1(b). In appropriate circumstances of

urgency, a movant may seek an order to show cause to bring on a motion on shorter notice and interim relief pending the hearing of the motion. In such cases, however, the movant is obliged to support the application with an "affidavit of good and sufficient reasons why a procedure other than by notice of motion is necessary, and stating whether a previous application for similar relief has been made." *Id.* 6.1(d). No such affidavit has been submitted in support of the present motion.

The failure to submit the required affidavit might be overlooked, at least for purposes of scheduling the hearing of this motion, if the movants had made out a sufficient showing of likely irreparable injury *in the period between the making of the motion and its disposition on a schedule consistent with the rules.* But they have not. Indeed, they have not even sought to do so, resting instead on their claims of irreparable injury warranting a stay pending appeal, which naturally would require a much longer period. And those arguments, whatever merit they might have with respect to such a longer period, are unpersuasive with respect to a period of two to four weeks that would be required to hear and determine this motion in the ordinary course.[1] Indeed, that is evident from the fact that defendants did not seek relief for two full weeks after the judgment was entered against them.

---

[1] At least some of them appear to be downright frivolous whether considered in the context of a two to four week period of consideration of this motion or in a longer context. For example, they argue that "unless a stay issues, Mr. Donziger and the other defendants face the loss of real property—a loss that, even if temporary, is recognized as irreparable harm as a matter of law." DI 1888 at 18. But the judgment imposes a constructive trust only on real property "that is traceable to the Judgment or the enforcement of the Judgment." Judgment ¶¶ 1-2. There is no evidence that any of the defendants save Donziger himself owns any real property, let alone real property "that is traceable to the Judgment" or its enforcement. Nor is there any evidence that Donziger owns any real property other than real estate obtained by him in consequence of probate litigation he instituted in Florida against family members, which of course is not traceable to the Judgment or its enforcement. Opinion [DI 1874] at 263-64 n. 1098. So the claim that defendants face the loss of real property in consequence of the Judgment is spun entirely out of whole cloth.

4

Chevron is entitled to a proper opportunity to respond to defendants' motion. All parties (and the Court of Appeals, to which the loser is likely to proceed) are entitled to the Court's careful consideration, particularly where, as footnote 1 illustrates, familiarity with the enormous record in this case may prove quite important. There is no persuasive basis to think that any irreparable harm will befall these defendants if sufficient time were allowed to permit both. Accordingly, the motion will be heard on the following schedule, which conforms exactly to that provided by S.D.N.Y. Local R. 6.1(b), read as it must be in conjunction with Fed. R. Civ. P. 6 (including 6(d)) and S.D.N.Y. Local R. 6.4, unless the parties agree in writing to a different schedule:

> Chevron's opposing papers shall be filed and served no later than March 31, 2014.
>
> Movants' reply papers, if any, shall be served and filed no later than April 11, 2014.

SO ORDERED.

Dated:     March 20, 2014

_____
Lewis A. Kaplan
United States District Judge

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
CHEVRON CORPORATION,

                        Plaintiff,

        -against-                                  11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

                        Defendants.
------------------------------------x
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/4/14

## JUDGMENT AS TO DONZIGER DEFENDANTS
## AND DEFENDANTS CAMACHO AND PIAGUAJE

LEWIS A. KAPLAN, *District Judge.*

This action was brought against defendants Steven Donziger, The Law Offices of Steven R. Donziger, Donziger Associates, PLLC (these three defendants referred to collectively as the "Donziger Defendants"), Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje (these two defendants referred to collectively as the "LAP Representatives"), Stratus Consulting, Inc., Douglas Beltman, Anne Maest (these three defendants being referred to collectively as the "Stratus Defendants"), and others. The case has been tried and the Court has rendered its findings of fact and conclusions of law with respect to all claims against the Donziger Defendants and the LAP Representatives. All claims against the Stratus Defendants have been settled and dismissed. All other defendants have defaulted, and certificate of default has been entered against them. Accordingly, it is hereby

ORDERED, ADJUDGED, AND DECREED, with respect to the claims against the Donziger Defendants and the LAP Representatives, as follows:

1.  The Court hereby imposes a constructive trust for the benefit of Chevron on

2

all property, whether personal or real, tangible or intangible, vested or contingent, that Donziger has received, or hereafter may receive, directly or indirectly, or to which Donziger now has, or hereafter obtains, any right, title or interest, directly or indirectly, that is traceable to the Judgment or the enforcement of the Judgment anywhere in the world including, without limitation, all rights to any contingent fee under the Retainer Agreement and all stock in Amazonia. Donziger shall transfer and forthwith assign to Chevron all such property that he now has or hereafter may obtain.

        2.     The Court hereby imposes a constructive trust for the benefit of Chevron on all property, whether personal or real, tangible or intangible, vested or contingent, that the LAP Representatives, and each of them, has received, or hereafter may receive, directly or indirectly, or to which the LAP Representatives, and each of them, now has, or hereafter obtains, any right, title or interest, directly or indirectly, that is traceable to the Judgment or the enforcement of the Judgment anywhere in the world. The LAP Representatives, and each of them, shall transfer and forthwith assign to Chevron all such property that he now has or hereafter may obtain.

        3.     Donziger shall execute in favor of Chevron a stock power transferring to Chevron all of his right, title and interest in his shares of Amazonia, and Donziger and the LAP Representatives, and each of them, shall execute such other and further documents as Chevron reasonably may request or as the Court hereafter may order to effectuate the foregoing provisions of this Judgment.

        4.     Donziger and the LAP Representatives, and each of them, is hereby enjoined and restrained from

                4.1.     Filing or prosecuting any action for recognition or enforcement of the Judgment or any New Judgment or seeking the seizure or attachment of assets based on the Judgment or any New Judgment, in each case in any court in the United

3

States.

4.2. Seeking prejudgment seizure or attachment of assets based upon the Judgment or any New Judgment,

in each case in any court in the United States.

5. Donziger and the LAP Representatives, and each of them, is hereby further enjoined and restrained from undertaking any acts to monetize or profit from the Judgment, as modified or amended, or any New Judgment, including without limitation by selling, assigning, pledging, transferring or encumbering any interest therein.

6. Notwithstanding anything to the contrary in this Judgment, nothing herein enjoins, restrains or otherwise prohibits Donziger, the LAP Representatives, or any of them, from (a) filing or prosecuting any action for recognition or enforcement of the Judgment or any New Judgment, or any for prejudgment seizure or attachment of assets based in courts outside the United States; or (b) litigating this action or any appeal of any order or judgment issued in this action.

7. The following terms are defined as follows for purposes of this Judgment:

7.1 "ADF" means El Frente de Defensa de la Amazonia.

7.2. "Amazonia" means Amazonia Recovery Limited, an entity registered in Gibralter, together with its successors and assigns.

7.3. "Assembly" means Asamblea de Afectados Por Texaco together with its successors and assigns.

7.4. "Chevron" means Chevron Corporation and its subsidiaries and affiliates.

7.5. "Donziger" means the Donziger Defendants, and each of them, unless the text hereof otherwise provides.

Case 1:11-cv-00691-LAK-JCF   Document 1892   Filed 03/20/14   Page 8 of 9
Case 1:11-cv-00691-LAK-JCF   Document 1875   Filed 03/04/14   Page 4 of 5

4

7.6. The "Judgment" means the judgment entered in the Lago Agrio Case on February 14, 2011 as modified by subsequent proceedings.

7.7. "Lago Agrio Case" means Lawsuit No. 2003-0002, entitled *Maria Aguinda y Otros v. Chevron Corporation,* in the Sucumbíos Provincial Court of Justice of the Republic of Ecuador and all appeals with respect to any judgment, order or decree entered therein.

7.8. "New Judgment" means any judgment or order that hereafter may be rendered in the Lago Agrio Case any court in Ecuador in or by reason of the Lago Agrio Case, or any judgment or order issued by any other court that has recognized or enforced the Judgment or any such subsequent judgment.

7.9. "Retainer Agreement" means the agreement, dated as of January 5, 2011, between and among (a) each of the individual plaintiffs in the Lago Agrio Case, together with their respective successors and assigns,(b) the ADF, (c) the Assembly, and (d) Donziger & Associates, PLLC, together with its successors and assigns and all successors to and predecessors of the Retainer Agreement.

8. In accordance with Federal Rule of Civil Procedure 65(d)(2), this Judgment is binding upon the parties; their officers, agents, servants, employees, and attorneys; and other persons who are in active concert and participation with any of the foregoing.

It is hereby further

ORDERED, ADJUDGED AND DECREED, as follows:

9. Chevron shall recover of Donziger and the LAP Representatives, and each of them, jointly and severally, the costs of this action pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920.

5

10. This Judgment finally disposes of all claims between and among Chevron, Donziger and the LAP Representatives. All other defendants either have settled the action or defaulted. Accordingly, there is no just reason for delay, and the Clerk shall enter this Judgment as a final judgment with respect to all claims between and among Chevron, Donziger and the LAP Representatives. This Court retains jurisdiction of this case and over these parties for purposes of enforcing and resolving any disputes concerning this Partial Judgment.

Dated:      March 4, 2014
Issued at:  9:06 a.m.

_____
Lewis A. Kaplan
United States District Judge