UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHEVRON CORPORATION,

            *Plaintiff*,

    v.

STEVEN DONZIGER, *et al.*,

            *Defendants*.

No. 11-CIV-0691 (LAK)

**DEFENDANTS' OPPOSITION TO CHEVRON'S APPLICATION FOR ATTORNEYS' FEES AND DEFENDANTS' MOTION TO DEFER CONSIDERATION OF FEES**

      When Chevron first filed this case, it sought billions of dollars in damages. But on the eve of trial, faced with the prospect of having a jury evaluate its evidence, Chevron balked and dropped its claim for damages in its entirety. It did so for one reason: to deprive Mr. Donziger and the Ecuadorians of a jury, which the U.S. Constitution guarantees to every defendant in a federal case, so long as "the amount in controversy shall exceed twenty dollars." U.S. Const. amend. VII. By lowering its request from eight figures to zero, Chevron was able to deny them that constitutional right.

      Having made that decision, Chevron now seeks to destroy Mr. Donziger on the back end. It wants to hold him and his co-defendants liable for $32 million in attorneys' fees, which it says covers "only a limited set of activities at the core of its case," and which it claims entitlement to under the Racketeer Influenced and Corrupt Organizations Act (RICO). DI 1890, at 2. But that request is a non-starter. When Chevron dropped its damages claim, it also dropped any possibility of a fee award. As the Second Circuit squarely held in *Aetna Casualty & Surety Co. v. Liebowitz*, 730 F.2d 905, 907 (2d Cir. 1984), RICO's "plain language" does not "authorize an attorney's fee award for obtaining injunctive relief, as distinguished from damages." That binding

precedent—which Chevron's application simply ignores—makes clear that Chevron is not entitled to *any* fees. This Court should therefore deny Chevron's application outright.

If this Court has any doubts on that score, however, it may wish to "defer its ruling on the motion" until "after the appeal has been resolved," as contemplated by the federal rules. Fed. R. Civ. P. 54 advisory committee's note (1993 amendment). Indeed, the federal rules contemplate that "the district court may prefer to defer consideration of the claim for fees until after the appeal is resolved" where "the claim for fees involves substantial issues or is likely to be affected by the appellate decision." Fed. R. Civ. P. 58 advisory committee's note (1993 amendment). Chevron's claim for fees unquestionably fits that description. The "substantial issues" here include not only the threshold question of entitlement under *Aetna Casualty & Surety Co. v. Liebowitz*, but also the reasonableness of Chevron's $32 million request. Given the enormous amount of time and resources it would take to comb through hundreds of pages of Chevron's billing records to probe their reasonableness—and the real possibility that fee-related discovery will ensue—the interests of judicial economy favor deferral. And Chevron's fee application is "likely to be affected by the appellate decision" as well because that decision will necessarily address whether Chevron was lawfully entitled to relief under RICO in the first place. If the answer is no, then Chevron could not obtain fees—even setting aside *Aetna*.

Accordingly, this Court should summarily deny Chevron's fee application or defer its consideration pending appeal. If this Court nevertheless concludes that Chevron is legally entitled to fees, however, the defendants respectfully request an appropriate extension of time to contest the reasonableness of the fee request in detail. The defendants have not attempted to make that detailed showing here because, as explained below, (1) Chevron is not entitled to *any* fees (reasonable or not) and because (2) judicial efficiency would be served by waiting until after the appeal to determine their reasonableness (if necessary).

**ARGUMENT**

Under the "American rule," each party pays its own fees unless the legislature expressly provides otherwise. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 254 (1975). Chevron claims that it is entitled to attorneys' fees in this case because it is a "prevailing plaintiff" under RICO. DI 1890, at 3. But unlike the modern fee-shifting statutes that were enacted later, RICO does not award fees to the "prevailing" party. Rather, RICO's exception to the American rule applies only if the plaintiff is *awarded damages*. The statute provides that "[a]ny person injured . . . by reason of a [RICO violation] may sue . . . and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee." 18 U.S.C. § 1964(c).

The "plain language" of this provision, the Second Circuit has held, means that "a civil RICO plaintiff, in order to qualify for an attorney's fee," must "recover the damages sustained and the cost of the suit, of which the attorney's fee would be deemed part." *Aetna*, 730 F.2d at 907. The Second Circuit was emphatic on this point: "Nothing in the statute's language indicates an intent to authorize an attorney's fee award for obtaining injunctive relief, as distinguished from damages . . . . No general or flexible terms permitting such a construction are to be found; the statute says treble damages 'and' attorney's fees, not 'or' attorney's fees." *Id.*

This conclusion is confirmed by the history of the Clayton Act—the statute from which RICO's fee provision was "borrowed almost verbatim." *Id.*; *see also Holmes v. Sec. Investor Prot. Corp*, 503 U.S. 258, 267 (1992) ("We have repeatedly observed that Congress modeled § 1964(c) on the civil-action provision of the federal antitrust laws, § 4 of the Clayton Act."). Like RICO, the Clayton Act provides that "any person . . . injured . . . by reason of [an antitrust violation] may sue . . . and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee." 15 U.S.C. § 15. When RICO was enacted in 1970, this language in "the Clayton Act had long been construed by federal courts as not authorizing an attorney's fee

to be awarded to a plaintiff who only obtained injunctive relief." *Aetna*, 730 F.2d at 908; *see also Byram Concretanks, Inc. v. Warren Concrete Prods.*, 374 F.2d 649, 651 (3d Cir. 1967) ("[A] long line of cases have interpreted this section of the Clayton Act not to permit plaintiffs to recover attorneys' fees unless treble damages are awarded, regardless of whether injunctive relief is granted."). And "when judicial interpretations have settled the meaning of an existing statutory provision, repetition of the same language in a new statute indicates, as a general matter, the intent to incorporate its judicial interpretations as well." *Rowe v. N.H. Motor Transp. Ass'n*, 552 U.S. 364, 370 (2008) (internal quotation marks omitted).

That general rule applies with particular force here. In 1976, several years after RICO was enacted, "Congress amended [the Clayton Act] to allow for an award of attorney's fees in an action for injunctive relief" if the plaintiff "substantially prevails"—a "considerably broader" fee provision in line with the "prevailing party" provisions gaining popularity at the time. *Aetna*, 730 F.2d at 909. But Congress did not make the same change to RICO. That choice means something. Even if the Court disagrees as a policy matter, it "cannot change the law to shift attorney's fees" when Congress came to a different conclusion. *Id.*

Remarkably, Chevron's fee application ignores all of this. It does not even mention *Aetna*. Instead, Chevron simply asserts—without authority—that RICO "does not require that a plaintiff seek or obtain monetary damages for an award of attorneys' fees." DI 1890, at 7. And it relies on two cases interpreting the Clayton Act's *amended* fee provision—not the original language borrowed by RICO—to show that "proving injury is all that is required to obtain attorneys' fees." *Id.* at 8 (citing *U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 410 (2d Cir. 1989), and *Sciambra v. Graham News*, 892 F.2d 411, 415 (5th Cir. 1990)). But those cases do not establish the proposition for which Chevron cites them. In fact, they show just the opposite; they show that Congress *knew* how to authorize fees for injunction-only cases when it wanted to,

4

but never did so for RICO. *See also Aetna*, 730 F.2d at 908 (observing that if Congress wanted to award fees to all prevailing plaintiffs, it "knew how to say so, using such broad terms as 'substantially prevails' or the 'prevailing party.'").

Chevron did acknowledge *Aetna* in a footnote in its post-trial brief. There, Chevron claimed that two "post"-*Aetna* cases—the same two that interpret the *amended* version of the Clayton Act—"suggest that it was wrongly decided because it misinterpreted comparable language in the Clayton Act." DI 1847, at 346 n.102 (citing *U.S. Football League*, 887 F.2d at 411, and *Sciambra*, 892 F.2d at 415). But *Aetna* was not "wrongly decided." The different interpretations of the Clayton Act are the result of the different versions of the Clayton Act. The post-amendment Clayton Act cases thus provide no basis for discarding the Second Circuit's decision in *Aetna*. And, in any event, district courts must follow circuit precedent, not decide in the first instance whether it seems "rightly" or "wrongly" decided.

Chevron's post-trial brief further argued that *Aetna* "is inapposite because it arose in the context of a settlement and, therefore, did not involve a plaintiff prevailing after a trial on the merits." DI 1847, at 346 n.102. But, as *Aetna* makes clear, RICO is not a "prevailing party" statute. And the precise "context" in which *Aetna* arose is beside the point. What matters it its interpretation of RICO—that the statute simply does not "authorize an attorney's fee award for obtaining injunctive relief." 730 F.2d at 907.

## CONCLUSION

This Court should summarily deny Chevron's fee application now or defer its consideration pending resolution of the appeal on the merits, or, if the Court concludes that Chevron is entitled to attorneys' fees under RICO, grant the defendants an appropriate extension of time to contest the reasonableness of the rates and hours requested.

Dated: April 4, 2014                                                                 Respectfully submitted,

*Of Counsel:*
DEEPAK GUPTA
Gupta Beck PLLC
1625 Massachusetts Avenue, NW
Washington, DC 20036
(202) 888-1741

JOHN CAMPBELL
JUSTIN MARCEAU
University of Denver,
Sturm College of Law
2255 E. Evans Ave.
Denver, CO 80208
(303) 871-6000

*/s/ Richard H. Friedman*
RICHARD H. FRIEDMAN
Friedman | Rubin
1126 Highland Avenue
Bremerton, WA  98337
Tel: (360) 782-4300
Fax: (360) 782-4358

*/s/ Zoe Littlepage*
ZOE LITTLEPAGE
Littlepage Booth
2043A West Main
Houston, TX  77098
Tel: (713) 529-8000
Fax: (713) 529-8044

*/s/ Steven R. Donziger*
STEVEN R. DONZIGER
245 W. 104th Street, #7D
New York, NY 10025
Tel: (212) 570-4499
Fax: (212) 409-8628

*Attorneys for Defendants Steven R. Donziger, Law Offices of Steven R. Donziger, and Donziger & Associates, PLLC*

*/s/ Julio C. Gomez*
JULIO C. GOMEZ
Gomez LLC Attorney at Law
111 Quimby Street, Suite 8
Westfield, NJ 07090

*Attorneys for Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje*