USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/29/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHEVRON CORPORATION,

                Plaintiff,

    -against-                                          11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER

LEWIS A. KAPLAN, *District Judge*.

        Plaintiff Chevron Corporation ("Chevron") moves for attorneys' fees of more than $32 million against Steven Donziger and his law firm(s) ("Donziger") following the entry of judgment disposing of its claims against them. Donziger contends that Chevron is not entitled to attorneys' fees because it dropped its claim for damages under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Alternatively, he asks that the Court defer determination of the issue of Chevron's entitlement to attorneys' fees pending determination of his pending appeal or, if the Court determines that Chevron is entitled to attorneys' fees, for an extension of time within with to contest the reasonableness of the rates and hours for which compensation is sought.

        Chevron's motion for attorneys' fees depends entirely upon its RICO claim. As Donziger argued before this Court, albeit unsuccessfully, that Chevron had not made out a case under RICO, he may well press such an argument on appeal. Hence, it is possible that the Court of Appeals' decision could inform this Court's assessment of Chevron's fee claim or, theoretically, eliminate any basis for it. On the other hand, the judgment against Donziger does not rest only on the RICO claim. It rests also on an entirely independent and sufficient alternative basis. Thus, it is possible also that the Court of Appeals will dispose of the appeal without reaching the RICO claim at all. In essence, then, Donziger asks that the Court defer consideration of Chevron's motion on the uncertain possibility that the disposition of the appeal might affect the motion.

        In these circumstances, competing considerations point in different directions. There is a case for deciding the fee motion now so that the entire controversy will be before the Court of Appeals at one time, thus eliminating or at least minimizing the possibility of a second appeal (from a later fee determination). On the other hand, awaiting the outcome of the now-pending appeal in the Court of Appeals might alter the result or eliminate the need for a determination of the fee

motion altogether. There also are at least two other considerations.

First, determination of the fee motion now, were it to result in a fee award in favor of Chevron, would result in entry of a money judgment against Donziger. That in turn could afford Chevron the rights of a judgment creditor, which could benefit it vis-à-vis other creditors and perhaps hamper any efforts by Donziger to place any assets beyond the reach of process.

Second, it should be recognized that determination of the fee motion now would not entirely eliminate the possibility of a second appeal devoted entirely to fee questions. Should the RICO basis for the judgment withstand appeal, and should Chevron prevail on the issue whether it is entitled to fees, it would be quite reasonable for it to seek fees with respect to the appeal itself, a matter that cannot possibly be determined now.

The Advisory Committee Note to Rule 54(d), which governs attorneys' fee applications such as this one, states that the Rule authorizes a district court in this situation to "defer its ruling on the motion" pending the disposition of the appeal. FED. R. CIV. P. 54(d) advisory committee's note (1993). In all the circumstances, the Court exercises its discretion to do exactly that, given the record now before it.

Accordingly, determination of Chevron's motion for attorneys fees [DI 1889], which is fully submitted, is deferred pending the outcome of Donziger's appeal (No. 14-826) from the judgment in this case or further order of this Court, whichever first occurs. The Clerk shall terminate the motion for administrative purposes. Chevron may request that the motion be reactivated within two weeks after the determination of Donziger's appeal or, for good cause, at any other time.

SO ORDERED.

Dated:      April 29, 2014

_____
Lewis A. Kaplan
United States District Judge