UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**MEMO ENDORSED**

---

CHEVRON CORPORATION,

        Plaintiff,

v.

STEVEN DONZIGER *et al.*,

        Defendants.

Case No. 11 Civ 0691 (LAK)

**MOTION TO WITHDRAW
AS COUNSEL FOR DEFEDANTS
HUGO GERARDO CAMACHO AND
JAVIER PIAGUAJE PAYAGUAJE**

---

      **PLEASE TAKE NOTICE** that Julio C. Gomez of GOMEZ LLC Attorney At Law hereby moves to withdraw as counsel of record for defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje.

Dated:    May 30, 2014

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/10/2014

SO ORDERED

_____
LEWIS A. KAPLAN, U.S.D.J.

GOMEZ LLC
ATTORNEY AT LAW

By:   *s/ Julio C. Gomez*
      Julio C. Gomez

The Sturcke Building
111 Quimby Street, Suite 8
Westfield, NJ 07090
Tel. 908.789.1080
Fax 908.789.1081
E-mail: jgomez@gomezllc.com

*Attorney for Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje*

Memorandum Endorsement                        Chevron Corp. v. Donziger, 11 Civ. 0691 (LAK)

      Julio Gomez, Esq., moves for leave to withdraw as counsel to defendants Camacho and Piaguaje (the "LAP Representatives"), claiming that he is owed a substantial amount for services to date, that his clients and their allies are unable to pay, and that he cannot afford to continue without payment. He says that his clients have authorized him to make this motion.

      In other circumstances, such an application perhaps would occasion little if any discussion, at least if substitute counsel proposed to enter the case. But the circumstances here are not ordinary.

      As an initial matter, final judgment has been entered against the LAP Representatives. They have appealed, and they are represented by other counsel in the Court of Appeals. If the judgment ultimately were affirmed, it is unlikely that anything would remain to be done with respect to these defendants except taxation of costs and that only if the plaintiff were to seek to impose them. If the judgment ultimately were reversed and the complaint dismissed as to these defendants, the case presumably would be over insofar as they are concerned. In neither eventuality would there appear to be much if anything further for Mr. Gomez to do. Should there be a remand for further proceedings of any moment, it would be sufficient for Mr. Gomez to raise his concerns at that time.

      Second, it seems perfectly clear that the LAP Representatives never have paid, and never were intended to pay, any part of the cost of defending them here or, for that matter, pursuing the Ecuadorian litigation. Those costs, to the extent they have been paid, have been paid from monies raised from investors in exchange for shares in any eventual recovery on the Ecuadorian judgment. *E.g., Chevron Corp. v. Donziger*, __ F. Supp. 2d ___, No. 11 Civ. 0691 (LAK), 2014 WL 1663119, at *5 (S.D.N.Y. Apr. 25, 2014); *see id.* 974 F. Supp. 2d 362, 474-78 (2014) (describing some of fund raising activities). While Mr. Gomez again claims, as he has before, that his clients' allies are unable to pay him, there is no basis from which to conclude that he has any personal knowledge of the resources available to those bankrolling this and related cases on their behalf. 2014 WL 1663119, at *5 ("Although the LAP Representatives repeatedly have pleaded poverty in this case, and their lawyers here have claimed non-payment of fees, they never have produced any evidence of the financial condition of those who are bankrolling the case despite repeated invitations to do so. Thus, the claim of inability to pay is entirely unsubstantiated and appears to have been deployed in an effort to gain tactical advantage.") (emphasis omitted). Indeed, every indication – including his clients' pursuit (with others) of litigation against plaintiff in three other countries – is that those controlling the money simply have decided not to spend more for the defense of this action while using their resources elsewhere. *E.g.*, 2014 WL 1663119, at *6.

      Third, Mr. Gomez, who has been in this case virtually from its outset, knew what he was getting into when he took on the lead role for these clients in May 2013 when their former lead counsel sought leave to withdraw on the ground that *they* had not been paid. Those counsel then represented – without any disagreement from Mr. Gomez – that:

> "Camacho and Piaguaje will continue to be represented in the case by Mr. Julio Gomez, who was their attorney before they hired SKV and who has continued to represent them during SKV's and Mr. Smyser's tenure as attorney-in-charge. *See Callaway Golf Co. v. Corporate Trade Inc.*, 2011 WL 2899192, at *3 (S.D.N.Y. July 6, 2011) (granting motion to withdraw where defendant had other counsel). Mr. Gomez will be substituted in as attorney-in-charge." DI 1102, at 7.

While the Court is not unsympathetic to Mr. Gomez, he signed on for the voyage, knowing that he was unlikely to be paid. His effort to withdraw at this point, while understandable, therefore is less appealing

than it otherwise might have been. *See United States v. Stein*, 488 F. Supp. 2d 370, 374 (S.D.N.Y. 2007) (denying motion to withdraw on ground of non-payment of fees where, among other things, counsel undertook the representation, knowing of its likely cost and without obtaining sufficient assurance of payment).

Fourth, there is no proposal for substitute counsel to enter the case. If Mr. Gomez were permitted to withdraw, his clients would be unrepresented. Nor is this a case in which Mr. Gomez's clients would be in a position, from a practical matter, to proceed *pro se*. They live in Ecuador. Piaguaje, at least, does not speak English.

Finally, the fact that Mr. Gomez has not been paid, at least in full, is not sufficient, at least in these circumstances. The Second Circuit has articulated the applicable standard as follows:

> "'A client's refusal to pay attorney's fees *may* constitute 'good cause' to withdraw.' *See, e.g., McGuire v. Wilson*, 735 F. Supp. 83, 84 (S.D.N.Y.1990) (collecting cases). In most cases, however, courts have permitted counsel to withdraw for lack of payment only where the client either 'deliberately disregarded' financial obligations or failed to cooperate with counsel. *Id*. 'Non-payment of legal fees, without more, is not usually a sufficient basis to permit an attorney to withdraw from representation.' *In re Albert*, 277 B.R. 38, 50 (Bankr. S.D.N.Y.2002) (quoting *In re Revere Armored, Inc.*, 131 F.3d 132, 1997 WL 794460, at *3 (2d Cir. Dec. 30, 1997) (unpublished decision))." *United States v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006) (emphasis added); *see also United States v. Vilar*, 731 F.3d 255, 257 (2d Cir. 2013); *Stein*, 488 F. Supp. 2d at 373.

It is doubtful that Mr. Gomez's clients have "deliberately disregarded" financial obligations to Mr. Gomez. Indeed, it is doubtful that they ever had any. And while commitments may have been made to Mr. Gomez by persons other than his clients, it is unclear whether that is so, as it is unclear whether the refusal or inability, whatever actually is the case, of any such persons to live up to those commitments would justify relieving Mr. Gomez.

In all the circumstances, the appropriate course is to deny the motion, at least for the present. The outcome of the appellate process may well render the issue academic in the sense that Mr. Gomez may not be called upon to do anything else of substance. Should events turn out differently, he may file a renewed application, which perhaps will be on a fuller evidentiary showing.

The motion for leave to withdraw [DI 1903] is denied without prejudice to renewal at an appropriate time.

SO ORDERED.

Dated: July 10, 2014

_____
Lewis A. Kaplan
United States District Judge