UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHEVRON CORPORATION,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>STEVEN DONZIGER *et al.*,<br><br>　　　　　　　　Defendants. | 11 Civ. 0691 (LAK) |

## MOTION TO HOLD BILL OF COSTS IN ABEYANCE

On November 9, 2106, this Court declined to reactivate Chevron's motion for attorneys' fees, concluding that "Chevron may renew its application to reactivate its motion on or after January 26, 2017 or, if Donziger by then has filed a petition for a writ of certiorari, upon the determination of the petition and any ensuing consideration by the Supreme Court." DI 1916.

On December 5, 2016, Chevron Corporation, "out of an abundance of caution," filed a Notice of Application for Costs, expressing uncertainty as to whether "final disposition of the appeal" under Local Rule 54.1 sets the deadline for the application at 30 days from the issuance of the mandate from the Second Circuit Court of Appeals, or 30 days from "the exhaustion of any further proceedings in the United States Supreme Court." DI 1918 at 1 n.1.

This motion respectfully requests that the Court follow the same approach with respect to both the fees motion and the bill of costs—that is, defer their consideration until after the appellate process has been completed. In the interests of judicial efficiency, courts frequently hold bills of cost in abeyance until the full appellate process (including the disposition of a petition for certiorari) has been completed. *See Delgado v. Hajicek*, No. CIV.07-2186 RHK/RLE, 2009 WL 2366558, at *1 (D. Minn. July 30, 2009) (noting that "costs are not ordinarily taxed while an appeal

is pending," and "[t]hat includes the 90-day period during which a party may seek a writ of certiorari from the Supreme Court"); *Hance v. BNSF*, --- F. Supp. 3d ---, 2016 WL 7209860 (W.D. Tenn. Nov. 30, 2016) (noting order that bill of costs be held in abeyance pending disposition of petition for certiorari); *United States v. Lynd*, 334 F.2d 13, 15 (5th Cir. 1964) (noting order that "further action on the question of costs be deferred pending disposition of respondent's petition for writ of certiorari then still pending in the Supreme Court"); *see also Matter of Penn Cent. Transp. Co.*, 630 F.2d 183, 186 (3d Cir. 1980) ("Consideration of the bill of costs and objections was properly held in abeyance until the Supreme Court denied two petitions for writ of certiorari relevant to this litigation.").

This approach is consistent with longstanding practice in the Second Circuit. *See Ste. Marie v. E. R. Ass'n*, 650 F.2d 395, 408 (2d Cir. 1981) (Friendly, J.) ("We think it preferable to hold the question of costs on this appeal in abeyance."). It also avoids unnecessarily taxing costs where it may ultimately prove unnecessary to do so. *See Trans World Airlines, Inc. v. Hughes*, 515 F.2d 173, 177 (2d Cir. 1975) (allowing full recovery of costs to defendant after Supreme Court reversed judgment for plaintiff in the district court and court of appeals). Defendant respectfully reserves the right to make substantive objections to Chevron's bill of costs and will do so if necessary, at the appropriate time.

Dated: December 15, 2016         Respectfully submitted,
       New York, New York

                                          *s/ Steven Donziger*
                                          Steven R. Donziger
                                          245 W. 104th Street, #7D
                                          New York, NY 10025
                                          Tel: (917) 678-3943
                                          Email: sdonziger@donzigerandassociates.com