**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Randy M. Mastro
Direct: +1 212.351.3825
Fax: +1 212.351.5219
RMastro@gibsondunn.com

August 3, 2017

**VIA ECF**

Ms. Ruby J. Krajick
Clerk of the Court
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Chevron Corp. v. Donziger*, No. 11-cv-00691 (LAK)

Dear Ms. Krajick:

I write as counsel for Plaintiff Chevron Corporation ("Chevron") in response to the letter of Defendant Steven Donziger dated August 1, 2017. Dkt. 1925. Mr. Donziger purports to "object" to Chevron's notice of application for costs (Dkt. 1924) and to "request that any taxation be held in abeyance" until some unspecified date in the future following resolution of other unspecified proceedings. As explained below, Donziger's letter is untimely, improper, and ultimately irrelevant.

First, it is too late for Donziger to "object" to any item on Chevron's costs bill. Chevron filed its bill of costs on December 5, 2016 (Dkt. 1918), and rather than file any objection "prior to the date and time scheduled for taxation" (L. Civ. R. 54.1(b)), Donziger moved to hold Chevron's cost bill in abeyance pending the resolution of the appellate proceedings (Dkt. 1919). Although Chevron did not oppose that postponement, it noted that "[n]o defendant has filed any objections to Chevron's cost bill" and reserved arguments as to the untimeliness of any future objections. Dkt. 1920. The district court granted Donziger's motion only "to the extent that the Clerk shall not tax costs until . . . the determination of the petition [for certiorari]." Dkt 1921. The motion was denied in all other respects, and was "without prejudice to any contention by Chevron that any objections to its bill of costs are now untimely." *Id*.

Following the denial of certiorari on June 19, 2017, Chevron again filed its notice of application for costs, which was set for hearing "at 10:00 a.m. on August 1, 2017." Dkt. 1924. Donziger again failed to file *any* objection "prior to date and time scheduled for taxation" as required by Local Rule 54.1(b). Indeed, his belated letter "objection" does not even purport to be "a full opposition to the taxation request." Dkt. 1925 at 1. Accordingly,

# GIBSON DUNN

August 3, 2017
Page 2

Donziger's letter "objection" was untimely under this Court's rules and should be disregarded in its entirety.

Second, Donziger's letter raises a variety irrelevant and collateral issues that have nothing to do with the taxation of costs—that is, certain supposed "legal and factual issues that are now pending or will soon be presented to the district court." Dkt. 1925 at 1 n.1. Donziger concedes "the Clerk of the Court has no responsibility or authority to decide" those issues (*id.*), which in any event are based on Donziger's mischaracterizations of both the supposed "new" issues and the extensive evidentiary record that the district court found proved his liability for racketeering, bribery, fraud, and other misconduct. Chevron will not address any of these accusations again here because they have no possible bearing on the taxation of costs, as Donziger concedes.

Third, the only issue raised in Donziger's letter that resembles an "objection" to "any cost item" (L. Civ. R. 54.1(b)) is Donziger's discussion of special master fees (Dkt. 1925 at 3–5), which Chevron included in its bill of costs. Although Donziger does not take issue with the amount of those fees, he argues that Chevron "forfeited" any right to claim these fees as an item of costs by not timely moving for "for an allocation of the fees and costs" under Federal Rule of Civil Procedure 53(g)(3). *See* Dkt. 1287 at 2. Donziger's waiver argument is without merit: Chevron does not seek to apportion payment between itself and Donziger under Rule 53(g), which relates only to the "allocat[ion] of payment among the parties" for special master fees. Rather, as the prevailing party following trial and the exhaustion of all available appeals, Chevron now seeks an award of its costs pursuant to Rule 54(d)(1), and special master fees are specifically included among the types of recoverable costs. *See* L. Civ. R. 54.1(c)(8).

For these reasons, the Clerk should disregard Donziger's letter in its entirety because it is untimely. To the extent the letter is deemed an "objection" to the special master fees claimed by Chevron, the Clerk should overrule that objection. Nonetheless, if the Clerk would like Chevron to respond to any of the substantive contentions in Donziger's letter before costs are awarded, Chevron would be happy to do so promptly.

Respectfully,

*/s/ Randy M. Mastro*
Randy M. Mastro