AO 133   (Rev. 8/06) Bill of Costs

# UNITED STATES DISTRICT COURT

Southern   District of   New York

Chevron Corporation

V.

Donziger et al.

**BILL OF COSTS**

Case Number: 11-cv-0691-LAK

Judgment having been entered in the above entitled action on __3/4/2014__ against __Defendants__,
Date

the Clerk is requested to tax the following as costs:

| | |
|---|---|
| Fees of the Clerk . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 0.00 |
| Fees for service of summons and subpoena . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 1,550.00 ✓ |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case *See Receipts for Deposition & Transcripts  Cost for Briefs & Appendix is Taxable* | 47,126.22 ~~50,872.72~~ |
| Fees and disbursements for printing *in U.S. Court of Appeals Not District Court Rule 39(E)3 states the preparation & Transmission of the Record which is the Vist., Court Record, Not Brief & Appendix for U.S.C.A.* | 0  ~~10,487.00~~ |
| Fees for witnesses (itemize on page two) | 0.00 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case . . . . . . . . . . . . . . | 0.00 |
| Docket fees under 28 U.S.C. 1923 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 0.00 |
| Costs as shown on Mandate of Court of Appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 0.00 |
| Compensation of court-appointed experts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 872,387.63 ✓ |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 . . . . . | 23,400.00 ✓ |
| Other costs (please itemize) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 0.00 |

*Bill of Costs Done on Submission Objections Filed.*

TOTAL  $ ~~958,697.35~~
944,463.85

SPECIAL NOTE: Attach to your bill an itemization and documentation for requested costs in all categories.

## DECLARATION

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill has been served on all parties in the following manner:

☒   Electronic service by e-mail as set forth below and/or.

☐   Conventional service by first class mail, postage prepaid as set forth below.

s/ Attorney:   *s/ Randy M. Mastro*

Name of Attorney:   Randy M. Mastro

For:   Chevron Corporation                                Date: 12/5/2016
Name of Claiming Party

Costs are taxed in the amount of   $944,463.85   and included in the Judgment.

Ruby J. Krajick                          By: _____      8/8/2017
Clerk of Court                              Deputy Clerk           Date

AO 133   (Rev. 8/06) Bill of Costs

# UNITED STATES DISTRICT COURT

| WITNESS FEES (computation, cf. 28 U.S.C. 1821 for statutory fees) ||||||||
|---|---|---|---|---|---|---|---|
| NAME, CITY AND STATE OF RESIDENCE | ATTENDANCE || SUBSISTENCE || MILEAGE || Total Cost Each Witness |
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | TOTAL | $0.00 |

## NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."

"Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
"A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
Rule 54 (d)

"Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs, but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

Rule 6(e)

"Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."

Rule 58 (In Part)

"Entry of the judgment shall not be delayed for the taxing of costs."

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x
CHEVRON CORPORATION,                 :
                                     :
                Plaintiff,           :
                                     :
    v.                               :  11-CV-0691 (LAK)
                                     :
STEVEN DONZIGER, et al.,             :
                                     :
                Defendants.          :
------------------------------------ x

## DECLARATION OF RANDY M. MASTRO IN SUPPORT OF CHEVRON CORPORATION'S APPLICATION FOR COSTS

I, RANDY M. MASTRO, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am an attorney licensed to practice law in the State of New York and before this Court. I am a partner in the law firm of Gibson, Dunn & Crutcher LLP, and I am lead counsel for Chevron Corporation ("Chevron") in the above-captioned matter. I am personally familiar with the facts set forth herein, unless the context indicates otherwise.

2. I make this declaration in support of Chevron Corporation's Application for Costs pursuant to Rule 54 of the Federal Rules of Civil Procedure, Rule 54.1 of the Local Civil Rules of the Southern District of New York ("Local Rule 54.1"), and 28 U.S.C. § 1920.

3. This matter was tried in the Southern District of New York before the Honorable Lewis A. Kaplan at 500 Pearl Street, New York, New York 10007, from October 15, 2013 through November 26, 2013.

4. Chevron incurred costs in this matter of $958,697.35, as set forth in Chevron's December 5, 2016 Bill of Costs, attached hereto as Exhibit 1. These costs are correctly stated, are allowable by law, and were necessarily incurred as stated herein.

5. On March 4, 2014, the District Court entered an opinion constituting its findings of fact and conclusions of law in this matter following a bench trial. Dkt. 1874 ("Opinion"). In the Opinion, the Court found Steven Donziger, The Law Offices of Steven R. Donziger, and Donziger & Associates, PLLC (collectively the "Donziger Defendants") liable to Chevron under the substantive and conspiracy provisions of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. *Id.* at 353-407.

6. The Court also found that the Donziger Defendants and Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje (the latter two collectively the "LAP Representatives") should be subject to equitable relief generally preventing them from profiting from a fraudulent Ecuadorian judgment. *Id.* at 339.

7. Concurrent with the Opinion, the District Court issued a final judgment against the Donziger Defendants and the LAP Representatives. Dkt. 1875 ("Judgment"). A true and correct copy of the Judgment is attached hereto as Exhibit 2.

8. The Judgment provides: "Chevron shall recover of Donziger and the LAP Representatives, and each of them, jointly and severally, the costs of this action pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920." *Id.* at ¶ 9.

9. On August 8, 2016, a unanimous panel of the United States Court of Appeals for the Second Circuit affirmed the judgment in favor of Chevron in full. *Chevron Corp. v. Donziger*, 833 F.3d 74 (2d Cir. 2016). The Court of Appeals' mandate issued on November 3, 2016. Dkt. 1914.

10. Chevron's costs in this action totaled $958,697.35. This consisted of the following components.

2

11. Chevron incurred costs of $23,692.62 for daily trial transcripts. *See* Local Rule 54.1(c)(1) (allowing for recover of daily trial transcript costs); 28 U.S.C. § 1920(2) (same). Invoices for daily trial transcripts are attached hereto as Exhibit 3.

    a. "Although there is no bright-line rule for deciding whether a daily transcript was necessary, courts have considered several factors, including (1) the length and complexity of the trial; (2) the need for daily transcripts to examine witnesses; (3) the need for daily transcripts for summation; and (4) whether the credibility of witnesses was crucial in the case." *Close-Up Int'l, Inc. v. Berov*, Civil Action No. 02-CV-2363 (DGT), 2007 WL 4053682, at *10 (E.D.N.Y. Nov. 13, 2007); *see also Galella v. Onassis*, 487 F.2d 986, 999 n.22 (2d Cir. 1973); *United Rubber, Cork, Linoleum & Plastic Workers of Am., AFL-CIO v. Lee Nat'l Corp.*, 62 F.R.D. 194, 196 (S.D.N.Y. 1974); *Karibian v. Columbia Univ.*, No. 91 Civ. 3153 (TPG), 1997 WL 2538, at *2 (S.D.N.Y. Jan. 3, 1997) (holding daily trial transcript "entirely reasonable" based on substantial length of trial and important questions of credibility).

    b. The trial in this matter was long and complex. It lasted seven weeks, from October 15, 2013 through November 26, 2013. Chevron put on 24 witnesses and submitted thousands of exhibits. Defendants also put on six witnesses and submitted thousands of exhibits of their own. The parties also designated and counter-designated the deposition testimony of numerous deponents. The trial concerned several claims, including both substantive and conspiracy claims under RICO, a complex statute comprising numerous elements. *See* Dkt. 1874 (Opinion) at 353-407 (analyzing elements of Chevron's RICO claims under 18 U.S.C. § 1962(c) and (d)). Chevron's initial post-trial brief stretched 353 pages

3

and Defendants submitted a combined 114 pages. Dkts. 1847, 1850, 1851. The Court's opinion measured 485 pages, plus 85 pages of appendices, with more than 300 pages devoted to detailing the facts of a dispute that has spanned 20 years and three continents. See Dkts. 1874, 1874-1. It has been called, "the world's most intensely-litigated case." Michael D. Goldhaber, The Global Lawyer: Latest Twists in Chevron's Amazon Case Run Through Latin America, AMLAW LITIG. DAILY (Nov. 12, 2012), http://www.litigationdaily.com/id=1202578138704/The-Global-Lawyer:-Latest-Twists-in-Chevron's-Amazon-Case-Run-Through-Latin-America?slreturn=20140227163910.

c. Chevron required the use of daily transcripts in order to prepare for and examine subsequent witnesses, and to prepare its summation. See, e.g., Ex. 4 (Tr.) at 986:1-5, 1813:25-1814:3, 1814:17-20, 1816:8-11, 1828:1-6, 1828:18-1829:1 (counsel for Chevron questioning witnesses Guerra and Zambrano about their testimony from the preceding day and objecting to opposing counsel's questions on the basis that they did not respond to preceding day's testimony); Dkt. 1856-4 at 46-49 (slides from Chevron's closing argument reflecting that Donziger prepared himself to give evasive answers and gave such answers, including "I don't know" and "I don't remember," more than 100 times on cross examination while not once offering an evasive answer on redirect).

d. The credibility of witnesses was a crucial issue in the case. See Dkt. 1850 at 31-41 (Donziger Defendants' post-trial brief arguing that Guerra was not a credible witness); Opinion at 184 ("[T]he Court credits Guerra's explanation that they got Zambrano to sign it by bribing him."); Dkt. 1847 at 102–10 (Chevron post-trial brief challenging Zambrano's credibility); Opinion at 182 ("the Court examines

4

Zambrano's trial testimony and finds that it was not credible."); Dkt. 1847 at 303 (Chevron post-trial brief challenging Donziger's credibility); Dkt. 1856-4 at 46-49 (slides from Chevron's closing argument reflecting that Donziger prepared himself to give evasive answers and gave such answers, including "I don't know" and "I don't remember," more than 100 times on cross examination while not once offering an evasive answer on redirect); Opinion at 264–65 (finding Donziger's claims not to remember events not credible); *id.* at 279 (finding Donziger's testimony regarding the bribery of Zambrano was not credible).

12. Chevron incurred costs of $23,433.60 [handwritten correction over $27,180.10] for the deposition transcripts of the following witnesses, portions of which were designated or counter-designated by Chevron and admitted into evidence: Ramiro Fernando Reyes, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, Joe Silver, Daniel Karson, Sara McMillen, Ricardo Reis Veiga, John Watson, Rhonda Zygocki, Ed Scott, Andrew Woods, Aaron Marr Page, Donald Moncayo, Adolfo Callejas Ribadeneira, Santiago Escobar, Martin Beier, Donziger & Associates, PLLC (30(b)(6) deposition), John McDermott, James Tyrrell, and Ted Dunkelberger. Tr. 46:16-49:21 (admitting into evidence designations and counter-designations); *see also* Dkt. 1782 (joint notice of deposition designations). These costs are recoverable under 28 U.S.C. § 1920 and Local Rule 54.1. 28 U.S.C. § 1920(2) (allowing recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case"); Local Civ. R. 54.1(c)(2) ("Unless otherwise ordered by the Court, the original transcript of a deposition, plus one copy, is taxable if the

deposition was used or received in evidence at the trial, whether or not it was read in its entirety."). Invoices for copies of these deposition transcripts are attached hereto as Exhibit 5.[1]

13. Chevron incurred costs of $23,400.00 for interpretation services at depositions and at trial. *See* 28 U.S.C. § 1920(6) (allowing recovery of "compensation of interpreters"); Local Civ. R. 54.1(c)(4) (same). Invoices for interpretation services are attached hereto as Exhibit 6.

14. Chevron incurred costs of $872,387.63 for the services of the Special Masters, Max Gitter and the Honorable Theodore Katz. *See* Local Rule 54.1(c)(8) (allowing recovery of "[f]ees of masters, receivers, commissioners, and Court appointed experts"); 28 U.S.C. § 1920(6) (allowing recovery of "[c]ompensation of court appointed experts"); Dkt. 1287. The Court ordered that the Special Masters' fees and expenses were to be advanced 50 percent by Chevron and 50 percent by the defendants, jointly and severally, subject to an allocation under Federal Rule of Civil Procedure 53(g)(3). Dkt. 865. Because the defendants refused to pay, however, Chevron advanced 100 percent of the Special Masters' fees and expenses subject to a subsequent allocation. Dkt. 1287. Invoices for the fees of the Special Masters are attached hereto as Exhibit 7.

15. Chevron incurred costs in the amount of $1,550.00 for process server fees. *See* Local Rule 54.1(c)(10) (allowing for recovery of "process server [fees]")). Invoices for process server fees are attached hereto as Exhibit 8.

16. Chevron also incurred $10,487 in costs on appeal taxable in this Court. *See* Fed. R. App. P. 39(e) (providing that the "preparation and transmission of the record" is taxable in the District Court). [handwritten: These are cost for be taxed by the USCA, not the US.DC. 39e1 pertains to the U.S.D.C. Record to the U.S.C.A. This question as to these costs was one with the U.S.C.A.]

---

[1] Chevron has highlighted the portions of the invoices for which it seeks costs. Chevron does not seek to recover certain costs incurred in connection with the depositions, such as videotaping fees.

6

    a. Due to the complexity of the case and the extensive evidence, Chevron prepared and transmitted to the Second Circuit relevant portions of the record in the form of a Supplemental Appendix. The Supplemental Appendix included exhibits, deposition testimony, witness statements, and trial testimony.

    b. Chevron was required to submit six paper copies of the Supplemental Appendix. L.R.A.P. 30.1.

    c. Costs are taxable at the rate set in the Second Circuit's Fee Schedule: Reproduction 20¢ per page; Covers $125; and Binding $5.00 per copy. L.R.A.P. 39.1(b); Fee Schedule.[2]

    d. The taxable cost of the Supplemental Appendix was $10,487 ($10,332 to print six copies of the 8,610-page Supplemental Appendix, $125 for covers, and $30 for binding the six copies). The invoice for the preparation and transmission of the record is attached hereto as Exhibit 9.

17. WHEREFORE, Chevron respectfully requests the Clerk issue an order granting Chevron costs in the amount of $958,697.35.

Executed on this 18th day of July 2017 at New York, New York.

                                                                             /s/ Randy M. Mastro
                                                                             Randy M. Mastro

---

[2] Costs are taxable at the lesser of the actual cost or the rate set in the Fee Schedule. L.R.A.P. 39.1(b). Here, as reflected in the invoice, attached as Exhibit 9, Chevron's actual costs exceeded those taxable under the Fee Schedule.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
:
:
:
CHEVRON CORPORATION,                :
:
                Plaintiff,         :
:  11 CV 0691 (LAK)
v.                                   :
:
STEVEN DONZIGER, et al.,            :
:
                Defendant.         :
-----------------------------------------------------------x

**PLAINTIFF CHEVRON CORPORATION'S NOTICE OF APPLICATION FOR COSTS**

PLEASE TAKE NOTICE that upon the accompanying bill of costs, the declaration of Randy M. Mastro, dated July 18, 2017, and the exhibits attached thereto, and all other pleadings and proceedings herein, Plaintiff Chevron Corporation ("Chevron") will and hereby does move this Court before the Judgment Clerk, at the United States Courthouse, for the Southern District of New York, located at 500 Pearl Street, Room 120, New York, New York at 10:00 a.m. on August 1, 2017, or as soon thereafter as counsel may be heard for an order pursuant to Rule 54 of the Federal Rules of Civil Procedure, Rule 54.1 of the Local Rules of the Southern District of New York,[1] Rule 39 of the Federal Rules of Appellate Procedure, Rules 30.1, 31.1, and 39.1 of

---

[1] This Court's Local Rule 54.1 states that Chevron's notice of taxation of costs must be filed "within thirty (30) days after the final disposition of the appeal." Chevron filed its initial notice (Dkt. 1918) within 30 days of the issuance of the mandate of the Court of Appeals, and consideration of that notice was deferred until after resolution of Donziger's appeal by the Supreme Court (Dkt. 1921). The Supreme Court denied Donziger's petition for certiorari on June 19, 2017. Pursuant to this Court's order that the Clerk should now "proceed to tax costs" (Dkt. 1923), Chevron hereby refiles its notice of taxation of costs.

1

the Local Rules of the Court of Appeals for the Second Circuit, and 28 U.S.C. § 1920, granting costs sought by Chevron and granting such further relief as this Court deems proper.

Dated: July 18, 2017  
      New York, New York

Respectfully submitted,

*/s/ Randy M. Mastro*  
Randy M. Mastro  
Andrea E. Neuman  
GIBSON, DUNN & CRUTCHER LLP  
200 Park Avenue  
New York, New York 10166  
Telephone: 212.351.4000  
Facsimile: 212.351.4035

William E. Thomson  
333 South Grand Avenue  
Los Angeles, California 90071  
Telephone: 213.229.7000  
Facsimile: 213.229.7520  
Attorneys for Chevron Corporation

2