UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CHEVRON CORPORATION,

        Plaintiff,

   -against-

STEVEN R. DONZIGER, et al.,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. 11 Civ. 0691 (LAK)

**CHEVRON CORPORATION'S MOTION TO STRIKE DONZIGER'S
AUGUST 7, 2017 LETTER-BRIEF [DKT. 1927]**

In his August 7, 2017 letter-brief to this Court (Dkt. 1927), Donziger refuses to do the one thing the rules provide and the Court ordered: attempt to challenge the reasonableness of Chevron's claimed attorneys' fees. Instead, he (1) purports to "object" to this Court's July 17, 2017 order reactivating Chevron's attorneys' fees motion and setting a briefing schedule; (2) asks this Court to "dismiss" Chevron's motion; (3) alternatively requests that the question of the availability of attorneys' fees be "certified to the Court of Appeals"; and (4) seeks transfer of venue, recusal, and additional discovery. In the process, he repeats once again the same baseless PR talking points he and his team have peddled for years now—including the so-called "new" "evidence" that he put before the Second Circuit and that Chevron has long-since refuted. Rather than comply with the Court's order, Donziger continues to smear the Court, Chevron, and Chevron's lawyers, even after he failed to challenge the Court's factual findings, the Second Circuit upheld the racketeering judgment against him, and the Supreme Court denied review.

The Court should strike Donziger's brief as a violation of its July 17, 2017 order. Dkt. 1923 at 2. The Court should then proceed to decide Chevron's motion for attorneys' fees based

1

on the previously submitted briefing, as the deadline has now passed for Donziger to file any further objections to Chevron's fee request.  The Court has already given Donziger one extension of time to challenge the reasonableness of the fees Chevron claims—which represent only a small fraction of the funds that Chevron was forced to spend as a result of Donziger's now-proven wrongdoing.  In reactivating Chevron's motion for attorneys' fees, the Court granted Donziger's then-pending request for "an extension of time within which to 'contest the reasonableness of the rates and hours requested,'" giving Donziger another three weeks to do so, but making clear that "there shall be no papers filed that address subjects other than the reasonableness of the rates and hours requested absent leave of the Court."  Dkt. 1923 at 2.  Donziger has not sought leave of the Court to address any other subjects.  Yet his brief does just that—rehashing legal arguments regarding Chevron's entitlement to fees (Dkt. 1927 at 2–4), advancing irrelevant and false allegations about the evidentiary record and one of Chevron's witnesses (*id.* at 5–6), requesting a transfer of venue and the recusal of Your Honor (*id.* at 7–8), and demanding additional discovery (*id.* at 8).  In short, Donziger's brief does only what the Court's July 17 order prohibited.[1]

Donziger's request for "substantial additional time" to object to the reasonableness of Chevron's claimed fees does not comply with the Court's rules and is unwarranted.  Dkt. 1927

---

[1]  Chevron is happy to defend the reasonableness of its fee request, and unless Donziger's letter is stricken Chevron will fully respond to it on the previously set schedule.  But for now it suffices to note that Donziger's allegations of new evidence and misconduct are both false and nothing new.  Donziger made these same allegations before the Second Circuit under the guise of motions for judicial notice filed in 2015.  2d Cir. 14-826, Dkts. 353, 461.  Chevron explained in detail to the Second Circuit why Donziger's allegations were false, 2d Cir. 14-826, Dkts. 366, 464, and the Second Circuit denied both motions, 2d Cir. 14-826, Dkt. 490.  Donziger cannot relitigate these same issues now, after having done so unsuccessfully before the Second Circuit.  Nor can he contest any of this Court's factual findings—including the finding that Alberto Guerra's testimony was "extensively corroborated by independent evidence," *Chevron Corp. v. Donziger*, 974 F. Supp. 2d 362, 483 (S.D.N.Y. 2014)—at this stage, especially given his failure to challenge any of those findings on appeal.  *See Chevron Corp. v. Donziger*, 833 F.3d 74, 81, 86 (2d Cir. 2016).

at 8. He did not ask Chevron to stipulate to according him more time, and, as the Court has already noted, Donziger "long ago applied for an extension of time" to contest the reasonableness of the claimed fees and "already has had over three years since the trial court's decision on the merits and just about a full year since the Second Circuit affirmed this Court's judgment." Dkt. 1923 at 2. After having several *years* to review Chevron's motion for attorneys' fees, there is no reason for additional delay. Donziger has forfeited his right to object to the reasonableness of Chevron's fees, and the Court should therefore proceed to rule on Chevron's motion based on the previously submitted briefing.

In the event the Court does not strike Donziger's brief, Chevron requests that the Court order Donziger to immediately file the "referral letter" on which he bases his allegations of judicial "conflict of interest" that he claims would be the "basis for the recusal motion" against Your Honor. Dkt. 1927 at 7–8. Donziger himself has put this letter at issue, but Chevron does not have a copy, and accordingly cannot fully respond to Donziger's assertions.

Dated: August 10, 2017
New York, New York

Respectfully submitted,

    */s/ Randy M. Mastro*
Randy M. Mastro
Andrea E. Neuman
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Telephone: 212.351.4000
Facsimile: 212.351.4035
rmastro@gibsondunn.com

William E. Thomson
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

*Attorneys for Chevron Corporation*