UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHEVRON CORPORATION,

                       Plaintiff,

             -against-                                 11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

        The history of this case is well known, and the Court assumes familiarity with its opinion after trial and with the opinion of the Court of Appeals affirming the judgment in all respects.[1] The matter now is before the Court on the application of defendant Steven Donziger to review the Clerk's taxation of costs, the principal item of which is the Clerk's taxation of special master fees and expenses in the aggregate amount of $872,387.63. The amount that previously had been advanced by Chevron, pursuant to court order, in consequence of Donziger's refusal to comply with the Court's order that he and the other defendants advance half of the special master costs on an interim basis subject to possible later reallocation. Chevron contends that the entire amount is taxable as costs against Donziger and the other defendants and, in any case, that it can and should be imposed upon them pursuant to Fed. R. Civ. P. 53(g)(3).

---

[1] *Chevron Corp. v. Donziger,* 974 F. Supp.2d 362 (2014), *aff'd,* 833 F.3d 74, 126 (2d Cir. 2016), *cert. denied,* 137 S. Ct. 2268 (2017).

Donziger objects to the taxation against him of any costs. He claims that Chevron in any case forfeited any right to seek reallocation to him of any of the special master costs previously advanced by Chevron. The Court does not now decide those issues. Among other things, it awaits a recommendation from the special masters with respect to a factor that may prove significant to the Court's determination.[2] But one discrete group of issues now is ripe for determination – the propriety and reasonableness of the charges of the special masters and their assistant.

The hourly billing rates of the special masters and the law firm associate the Court authorized to assist them have been a matter of public record in this case since April 2013.[3] Chevron's notice of taxation of costs, filed December 5, 2016, contained (a) invoices showing the total number of hours, rates and amounts, for which the special masters and their assistant were compensated during the pretrial proceedings, and (b) the detailed time records of one of the special masters, retired Magistrate Judge Theodore H. Katz. Neither in opposing the taxation of costs before the Clerk nor in the present application has Donziger objected to the hourly rates the Court approved over four years ago or contested the reasonableness of the total hours for which Chevron advanced all of the fees of the special masters and their assistant as well as their expenses. Nevertheless, as far as the Court is aware, Donziger did not have the detailed time records of the second special master, Max Gitter, Esq., or the assistant. In the interest of affording Donziger a fully informed opportunity to be heard on the reasonableness of the time devoted to the matter, the Court directed that Mr. Gitter and his firm provide Donziger with the detailed time records of Mr. Gitter

---

[2] *See* DI 1939.

[3] DI 964, DI 1062.

3

and the assistant for the period in respect of which the Clerk taxed special master compensation. The order further required that Donziger file, on or before December 4, 2017, any objection with respect to the reasonableness of the hours for which the special masters and their assistant billed.[4]

The time records were provided on or about November 21, 2017. Donziger has not filed any objections to the reasonableness of the time for which Chevron previously advanced payment. Accordingly, the Court hereby finds that the hours for and the hourly rates at which the special masters and their assistant billed, as well as the expenses, all were reasonable and appropriate.[5] The Court, however, continues to reserve decision on Donziger's application to review the taxation of costs by the Clerk.

SO ORDERED.

Dated: December 6, 2017

_____
Lewis A. Kaplan
United States District Judge

---

[4] DI 1939.

[5] The hourly rates of $700 for the special masters and $630 for their assistant all were commensurate with 2013 average billing rates for partners and associates of major New York law firms. *See, e,g.,* Joralemon Decl. [DI 1891] ¶¶ 14-15 & Ex. G [DI 1891-7]. Special Master Katz billed at his regular rate. Mr. Gitter and the assistant both billed at rates discounted from those normally charged for their services by their firm. DI 964, DI 1062.