**STEVEN R. DONZIGER, ESQ.**

245 WEST 104TH STREET, SUITE 7D
NEW YORK, NEW YORK 10025

212-570-4499 (O)
917-566-2526 (CELL)

February 27, 2018

**VIA ECF**

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

   RE:   *Chevron v. Donziger*, Case No. 11 Civ. 691 (LAK)

Dear Judge Kaplan:

I file this supplemental request for information in response to the recent motion for admission *pro hac vice* by Mr. Herbert J. Stern to appear on behalf of Chevron. Dkt. 1953. Despite the fact that this matter is essentially concluded, I am not entirely surprised to see Mr. Stern's attempted appearance. As I have noted in several recent filings, the evidence now shows that the leading members of Chevron's trial and appellate counsel from Gibson Dunn & Crutcher—specifically, Randy Mastro, Andrea Neuman, Avi Weitzman, Reed Brodsky, William Thomson, and likely others—were all deeply involved in what appears to be a conspiracy to present paid-for "fact" testimony from Alberto Guerra to this Court, despite knowledge of or reckless disregard for the fact that Guerra's testimony was utterly false. This has been outlined in numerous submissions with citations to primary materials, *see, e.g.*, Dkt. 1927 at 5-6; Dkt. 1936 at 4-6, and additionally was the substance of a referral letter sent on behalf of my Ecuadorian clients in the Amazon rainforest to the U.S. Department of Justice and the offices of the U.S. Attorneys in New York, San Francisco, and Chicago. *See, e.g.*, Dkt. 1941-2.

In short, Chevron's existing counsel at Gibson Dunn & Crutcher is deeply tainted by the fraud Chevron and certain of its counsel now appear to have carried out as part of their desperate efforts to taint the Ecuador liability with allegations of fraud. Thus, on one level, it makes sense for new counsel to appear and I do not necessarily oppose such a development. There are, however, three profound problems with the present admission of Mr. Stern:

1. Within hours of the filing of Mr. Stern's admission motion, the Court granted it without giving me or other defendants any opportunity to oppose. As indicated below, the requested admission implicates the public interest and the ethical administration of justice, and defendants should be given sufficient time—and information—to consider an appropriate opposition. *Cf. E.E.O.C. v. Lockheed Martin*, 2007 WL 4468658, at *5 (D. Haw. Dec. 18,

Hon. Lewis A. Kaplan
February 27, 2018
Page 2 of 2

    2007) ("[A] court must balance the defendant's interest in retaining counsel of his choice against the public's interest in the prompt, fair and ethical administration of justice.").

2. Mr. Stern has been involved in the Ecuador litigation on behalf of Chevron over a period of several years. I do not know the full extent or nature of his involvement, but in his motion he provides no assurance that he is not in fact tainted by involvement with the same Guerra fraud as is the Gibson Dunn team. Accordingly, I respectfully request that the Court direct Mr. Stern to promptly notify the Court and undersigned as to whether he has had any participation in or exposure to efforts or discussions related to the recruitment, payment, preparation, presentation, or defense of Alberto Guerra and his testimony, either in this matter or any related matter, at any point in time.

3. Alleged untainted counsel have been admitted without the initiation of any corresponding process to begin investigating the nature and extent of the Guerra fraud on this Court, despite my repeated requests for such process in my earlier submissions. *See, e.g.*, Dkt. 1927 at 8, Dkt. 1936 at 4-6. Accordingly, I respectfully request that the Court grant my long-standing requests to begin a targeted discovery practice to elicit the facts regarding what persons at Chevron and its counsel (and outside private investigations firms and consultancies) were involved in the recruitment, payment, preparation, presentation, or defense of Alberto Guerra, either in this matter or any related matter, and the full extent of the evidence they had or should have had before them respecting the falsity of Guerra's testimony.

                                Sincerely,

                                / s /

                                Steven R. Donziger