UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
CHEVRON CORPORATION,                              :
:
             Plaintiff,                          :
:
  v.                                              :   11 Civ. 0691 (LAK)
:
STEVEN DONZIGER, *et al.*,                        :
:
             Defendants.                         :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**[PROPOSED] ORDER TO SHOW CAUSE TO GRANT CHEVRON CORPORATION'S EX PARTE APPLICATION FOR DISCOVERY AND A PRESERVATION ORDER IN FURTHERANCE OF THIS COURT'S MARCH 4, 2014 JUDGMENT AND TO SET A HEARING DATE SUBSEQUENT TO THAT DISCOVERY ON CHEVRON'S APPLICATION TO HAVE STEVEN DONZIGER HELD IN CONTEMPT**

WHEREAS, on March 19, 2018, petitioner Chevron Corporation ("Chevron") filed a Motion By Order to Show Cause to grant Chevron's *ex parte* application to (1) require Donziger, as well as any other person or entity acting at his direction or in concert with him, to preserve and maintain within the U.S. any and all documents or evidence relating to the Judgment or compliance therewith; (2) authorize Chevron *ex parte* to serve post-judgment discovery on Donziger and any other person or entity reasonably calculated to possess information relevant to enforcement of the Judgment, and; (3) set a prompt briefing schedule and hearing date to adjudicate Donziger's contempt and determine the appropriate remedy to compel Donziger's compliance with the Judgment, following an appropriate period of time for Chevron to conduct the requested discovery.

1

The Court has considered the accompanying Memorandum of Law In Support Of Chevron's Application, Declarations of Randy Mastro and Lee Grinberg (and attached exhibits), and arguments presented, and sufficient reason appearing, it is hereby:

ORDERED that Chevron shall serve on Donziger, by hand, facsimile, or e-mail a copy of this Order to Show Cause and all papers submitted in support thereof on or before ___:____ __.m. on March __, 2018; and

ORDERED that Donziger, as well as any other person or entity acting at his direction or in concert with him, including, without limitation, Katie Sullivan, Streamline Family Office, Inc., Jonathan Bush, and athenahealth, Inc., preserve and maintain within the United States any and all documents or evidence relating to the Judgment or compliance therewith;

ORDERED that Chevron may serve post-judgment discovery requests and subpoenas on Donziger and any other person or entity reasonably calculated to possess information relevant to enforcement of the Judgment, including, without limitation, Katie Sullivan, Streamline Family Office, Inc., Jonathan Bush, and athenahealth, Inc., in the form of the discovery requests and subpoenas submitted with this Application; and

ORDERED that the Court shall permit a reasonable period of 60 days or more for Chevron to conduct this discovery up to and including _____, 2018, and, afterward, permit briefing and then hold a hearing on Chevron's Application on the dates set forth below;

ORDERED that, after conducting discovery, Chevron shall file and serve additional papers in support of its Application to have Donziger held in contempt, if any, on or before _____, 2018; and

ORDERED that Donziger shall file and serve papers in opposition to Chevron's Application to have him held in contempt, if any, on or before _____, 2018; and

ORDERED that Chevron shall file reply papers in support of its Application to have Donziger held in contempt, if any, on or before _____, 2018;

ORDERED that Donziger must show cause before this Court, at the United States District Courthouse, Room 12D, 500 Pearl Street, New York, New York, on _____, 2018 at ___:____ __.m. why an order should not be entered holding Donziger in contempt for his refusal to comply with the Judgment and imposing sanctions.

IT IS SO ORDERED.

Dated: New York, New York
March __, 2018

_____
United States District Judge