UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CHEVRON CORPORATION,

          Plaintiff,

  v.

STEVEN DONZIGER, et al.,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

11 Civ. 0691 (LAK)

**DECLARATION OF RANDY M. MASTRO IN SUPPORT OF
CHEVRON CORPORATION'S EX PARTE APPLICATION BY ORDER TO SHOW
CAUSE FOR DISCOVERY AND A PRESERVATION ORDER IN FURTHERANCE OF
THIS COURT'S MARCH 4, 2014 JUDGMENT AND TO SET A HEARING DATE
SUBSEQUENT TO THAT DISCOVERY ON CHEVRON'S APPLICATION TO HAVE
STEVEN DONZIGER HELD IN CONTEMPT**

      I, RANDY M. MASTRO, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

      1.     I am an attorney licensed to practice law in the State of New York and before this Court. I am a partner in the law firm of Gibson, Dunn & Crutcher LLP, and I am lead counsel for Chevron Corporation ("Chevron") in the above-captioned matter. I am personally familiar with the facts set forth herein, unless the context indicates otherwise.

      2.     I make this declaration in support of Chevron Corporation's *ex parte* application by order to show cause for post judgment discovery, a preservation order, and the setting of a hearing date to hold Steven Donziger in contempt.

      3.     This matter was tried in the Southern District of New York before the Honorable Lewis A. Kaplan at 500 Pearl Street, New York, New York 10007, from October 15, 2013 through November 26, 2013.

4. On March 4, 2014, the District Court entered an opinion constituting its findings of fact and conclusions of law in this matter. Dkt. 1874 ("Opinion"). In the Opinion, the Court found Steven Donziger, The Law Offices of Steven R. Donziger, and Donziger & Associates, PLLC (collectively "Donziger") liable to Chevron under the substantive and conspiracy provisions of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*. *Id*. at 353-407. The Court also found that Donziger should be subject to equitable relief generally preventing him from profiting from a fraudulent Ecuadorian judgment. *Id.* at 475-84.

5. Concurrent with the Opinion, the District Court issued a final judgment against Donziger. Dkt. 1875 ("Judgment").

6. The Judgment provides that Donziger shall "execute in favor of Chevron a stock power transferring to Chevron all of his right, title and interest in his shares of Amazonia." Dkt. 1875 ¶ 3. On April 24, 2014, the Court amended the Judgment to require Donziger to transfer his Amazonia shares to the Clerk of the Court "pending the determination of the appeal in this case." Dkt. 1901 at 32.

7. On August 8, 2016, a unanimous panel of the United States Court of Appeals for the Second Circuit affirmed the judgment in favor of Chevron in full. *Chevron Corp. v. Donziger*, 833 F.3d 74 (2d Cir. 2016). The Court of Appeals' mandate issued on November 3, 2016. Dkt. 1914. On June 19, 2017, the Supreme Court denied certiorari. *Chevron Corp. v. Donziger*, No. 16-1178, 2017 WL 1198372 (U.S. June 19, 2017).

8. Since the date the Judgment entered (March 4, 2014), Donziger has not executed in favor of Chevron a stock power transferring all of his right title and interest in shares of Amazonia.

9.      Donziger has not at any point contacted me, or Chevron, to discuss complying with the Court's Judgment or transferring his Amazonia shares to Chevron.

10.     Earlier today, on March 19, 2018, we contacted the Office of the Clerk of Court for the U.S. District Court for the Southern District of New York to inquire whether Donziger had transferred any non-cash collateral or shares to the Clerk of Court. We spoke with Joey Roldan, a representative from the Clerk's Office. Ms. Roldan confirmed that Donziger has not transferred any non-cash collateral or shares to the Clerk of Court. Ms. Roldan further confirmed that any such transfer, if it were to occur, would be reflected on the docket for this matter. No such transfer is reflected on the docket.

11.     The docket for this matter, 11-cv-0691 (LAK), does not show that Donziger transferred his shares in Amazonia to the Clerk of Court. A true and correct copy of the current docket is attached to this declaration as **Exhibit 1**.

12.     As recently as January 2018, Donziger attempted to solicit funds in exchange for proceeds from the corrupt Ecuadorian judgment. On March 5, 2018, Lee Grinberg, a portfolio manager at Elliott Management Corporation, executed a declaration confirming Donziger's solicitation. *See* Declaration of Lee Grinberg (a true and correct copy of which is attached to this declaration as **Exhibit 2**). Jonathan Bush, who is CEO, president, and a director of athenahealth, Inc., a NASDAQ listed healthcare technology company headquartered in Watertown, Massachusetts, introduced Elliott to Donziger and Katie Sullivan, the founder and president of Streamline Family Office, Inc., a private financial advisory firm based in Dover, Massachusetts. A true and correct copy of Mr. Bush's email communication to Elliott concerning the Ecuador case is attached to this declaration as **Exhibit 3**. Ms. Sullivan then arranged the meeting on Donziger's behalf and attended in-person with Donziger. According to Grinberg's sworn account: "During that meeting, after informing us of his successful, ongoing efforts to raise

millions of dollars from third-party investors to fund his efforts to enforce the judgment he had obtained against Chevron in Ecuador, Mr. Donziger inquired whether Elliott would provide him with funds for that purpose in exchange for an interest in proceeds that may result from enforcement of the Ecuadorian judgment." Grinberg Decl. ¶ 6.

13. Attached as **Exhibit 4** are true and correct copies of a notice of post-judgment deposition and post-judgment discovery requests to Steven R. Donziger.

14. Attached as **Exhibit 5** are true and correct copies of a post-judgment deposition subpoena and a post-judgment document subpoena to Katie Sullivan.

15. Attached as **Exhibit 6** are true and correct copies of a post-judgment deposition subpoena and a post-judgment document subpoena to Jonathan Bush.

16. Attached as **Exhibit 7** are true and correct copies of a post-judgment deposition subpoena and a post-judgment document subpoena to athenahealth, Inc..

17. Chevron proceeds *ex parte* to ensure that Donziger and those acting in concert with him do not destroy or divert evidence confirming their contempt. Such relief is justified by Donziger's long record of obstruction and concealment—which is recounted in this Court's March 1 corrected memorandum opinion (*see e.g.*, Dkt. 1963 at 33)—and his persistent, ongoing violations of this Court's Judgment. *See* Declaration of Lee Grinberg.

18. No previous application has been made for the relief sought herein.

Executed on this 19th day of March 2018 at New York, New York.

/s/ Randy M. Mastro
Randy M. Mastro