# EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
: 
CHEVRON CORPORATION, :
:
            Plaintiff, :
:
   v. :   11 Civ. 0691 (LAK)
:
:
STEVEN DONZIGER, et al., :
:
           Defendants. :
:
:
------------------------------------- x

**CHEVRON CORPORATION'S NOTICE OF POST-JUDGMENT DEPOSITION OF
STEVEN R. DONZIGER**

      Pursuant to the Court Order dated _____ authorizing post-judgment discovery, Rules 26 and 30 of the Federal Rules of Civil Procedure, and the Local Rules of this Court, Plaintiff Chevron Corporation ("Chevron"), by and through its counsel, will take the deposition of Steven R. Donziger on _____ commencing at _____ at the offices of Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166-0193.

      PLEASE TAKE NOTICE that the deposition will be conducted before a notary public or other person authorized by law to administer oaths, and will be recorded by both stenographic means and audiovisual recording. LiveNote will be used during this deposition, and the transcript and video recording of the deposition may be transmitted through LiveNote's web streaming feature for real time viewing by counsel for Chevron.

Date: _____

Randy M. Mastro
Andrea E. Neuman
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, New York 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

William E. Thomson
333 South Grand Avenue
Los Angeles, California 90071
Telephone 213.229.7000

STERN, KILCULLEN & RUFOLO LLC
Herbert J. Stern
Joel M. Silverstein
325 Columbia Tpke, Ste 110
P.O. Box 992
Florham Park, New Jersey 07932-0992
Telephone:  973.535.1900
Facsimile:  973.535.9664

*Attorneys for Chevron Corporation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
:
CHEVRON CORPORATION,                :
:
Plaintiff,         :
:
v.                           :    11 Civ. 0691 (LAK)
:
STEVEN DONZIGER, et al.,            :
:
:
Defendants.        :
------------------------------------x

**CHEVRON CORPORATION'S FIRST SET OF POST-JUDGMENT REQUESTS FOR PRODUCTION TO DEFENDANTS STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, AND DONZIGER & ASSOCIATES, PLLC**

Pursuant to the Court Order dated _____ authorizing post-judgment discovery, Rules 26 and 34 of the Federal Rules of Civil Procedure, and Rules 26.2 and 26.3 of the Local Rules for the United States District Court for the Southern District of New York, Plaintiff Chevron Corporation ("CHEVRON"), by and through its undersigned counsel, hereby requests that Defendants Steven Donziger, LAW OFFICES OF STEVEN R. DONZIGER, and DONZIGER & ASSOCIATES ("Donziger Defendants") produce their responses and objections within thirty (30) days of service of these requests.

**INSTRUCTIONS**

1.      This First Set of Post-Judgment Requests for the Production of Documents ("Requests") calls for the production of documents in YOUR possession, or subject to YOUR custody or control, including documents in the possession, custody, or control of YOUR officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates (including but not limited to attorneys in this action, attorneys in the ECUADOR LITIGATION, Katie Sullivan, Luis Yanza, and the FDA). Possession, custody, or control includes documents stored in

1

electronic form by third-party service providers but accessible to YOU, including, but not limited to, e-mail accounts, FTP servers, portable storage media such as USB drives, cloud storage services such as Dropbox or SharePoint, and online workspaces such as WebEx.

2. If YOU cannot respond to any of the following requests in full after exercising due diligence to secure the information, YOU must so state and respond to the extent possible, specifying YOUR inability to respond to the remainder, and stating whatever information YOU have concerning the unanswered portion(s).

3. If YOUR response to any of these document requests is qualified in any particular manner, set forth the details of such qualification.

4. In responding to these requests, YOU must furnish all information and produce all documents that are available to YOU, including information and documents available to YOUR counsel. For purposes of this request, documents are available to YOU if they are in YOUR "possession, custody or control," including but not limited to circumstances where YOU have the right to acquire the document from another person or entity having possession of the document.

5. If YOU object to a portion or an aspect of a request, state the grounds for YOUR objection with specificity and respond to the remainder of the document request. If any documents, or portion thereof, are withheld because YOU claim that such information is protected under the attorney-client privilege, work product doctrine, or other privilege or doctrine, YOU are required to provide a privilege log, specifying for each such document or withheld information: (1) the type of document, e.g., letter or memorandum; (2) the general subject matter of the document; (3) the date of the document; and (4) the author of the document,

the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

6. If YOU object that a request is vague or ambiguous, identify the objectionable aspect of the request, state YOUR interpretation of the request and respond to that interpretation.

7. If YOU claim that a portion of a document is protected from disclosure for any reason, produce such document with redaction of only the portion claimed to be protected. Any document produced in redacted form should clearly indicate on its face that it has been redacted.

8. YOU must produce documents in such a manner as will facilitate their identification with the particular request to which they are responsive, for example, by labeling the documents to correspond with the requests set forth herein by number and, where applicable, subsection of request.

9. Responsive documents that exist only in paper form shall be organized as they have been kept in the ordinary course of business.

10. If with respect to any request there are no responsive documents, so state in writing.

11. Chevron will meet and confer with YOU to discuss the logistics of production, but absent an alternative agreement with Chevron, responsive documents shall be produced in TIFF format with metadata included, subject to the following:

    a. responsive documents that cannot be produced in TIFF format due to technical reasons shall be produced in a computer-readable and text searchable format to be mutually determined by the parties;

    b. Microsoft Excel files, PowerPoint files, and other responsive documents that can be meaningfully viewed only in their native electronic format shall be produced in their native electronic format; and

    c. to the extent data maintained in a database is responsive and not privileged or otherwise subject to protection, the parties shall meet and confer over the scope and format of production.

12.    YOU shall produce the following metadata associated with responsive documents (including Microsoft Word documents that preserve and reveal any hidden notations, creation or alteration records) and make it reasonably accessible to Chevron: BEG_PROD_NUM, END_PROD_NUM, BEGATTACH, ENDATTACH, FROM, RECIPIENT, CC, BCC, DATE (sent date for e-mail, create date for files), SUBJECT (subject line for e-mail, filename for file, title for hard copy), DOCTYPE, FILENAME, AUTHOR, and CUSTODIAN. This includes metadata that is stored as part of the responsive document, and metadata stored by the file system in which the responsive document is stored. YOU should preserve all metadata associated with all responsive documents, including metadata that is not produced pursuant to this instruction, and Chevron reserves the right to request the production of native copies of responsive documents for which the produced metadata is incomplete to the extent native copes are not already called for by these REQUESTS. This instruction should be read in accordance with the requirements and limitations imposed by Rules 26(b) and 34 of the Federal Rules of Civil Procedure. Chevron will meet and confer with YOU to discuss metadata, and expects to generally follow the guidance provided by the United States District Court for the Southern District of New York in *Nat'l Day Laborer Organizing Network v. U.S. Immigration and Customs Enforcement Agency*, 2011 WL 381625 (S.D.N.Y. Feb 7, 2011) (Scheindlin, J.).

13. If any document called for by the requests has been destroyed, lost, discarded, or is otherwise no longer in your possession, custody, or control, identify such document as completely as possible, and specify the date of disposal of the document, the manner of disposal, the reason for disposal, the person authorizing disposal, and the person disposing of the document.

14. YOU shall produce any and all drafts and copies of each document responsive to any Request, including but not limited to, copies containing handwritten notes, markings, stamps, or interlineations. The author(s) of all handwritten notes should be identified.

15. Except where expressly stated, the relevant time period for these requests is March 4, 2014 through the present.

**DEFINITIONS**

1. Incorporated herein by reference is Rule 26.3 of the Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York governing Uniform Definitions in Discovery Requests and the definitions set forth therein.

2. "AMAZON DEFENSE FRONT," "THE FRONT," "FRENTE DE DEFENSA DE LA AMAZONIA," "FDA," "ADF," "AMAZON DEFENSE COALITION," and "FRENTE" mean and refer to Defendant Frente de Defensa de la Amazonía a/k/a Amazon Defense Front, and include the Front's officers, directors, employees, agents, and attorneys.

3. "ECUADOR LITIGATION" means and refers to the proceeding *Maria Aguinda y Otros v. Chevron Corporation*, in the Provincial Court of Justice of Sucumbíos in Ecuador, and all appellate proceedings stemming therefrom.

4. "ECUADOR JUDGMENT" means and refers to the judgment entered in *Maria Aguinda y Otros v. Chevron Corporation*, in the Provincial Court of Justice of Sucumbíos in Ecuador, on February 14, 2011 as modified by subsequent proceedings.

5. "ECUADOR JUDGMENT TRUST" means and refers to the trust discussed in the March 30, 2012 filing of Pablo Fajardo Mendoza to the Provincial Court of Justice of Sucumbiós REGARDING the "Commercial Trust for the Administration of Funds ADAT, granted by Maria Victoria Aguinda Salazar, Lidia Alexandra Aguinda, et al., the Amazon Defense Front and Compañia Fiduciaria Ecuador FIDUECUADOR S.A. funds and trusts administrator" executed on March 1, 2012 by Dr. Sandra Veronica Barrazueta Molina.

6. "YOU" and "YOUR" mean and refer to STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, AND DONZIGER & ASSOCIATES, PLLC, where applicable, their officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

## DOCUMENTS REQUESTED

1. All documents reflecting YOUR compliance or lack of compliance with the Court's March 4, 2014 Judgment (ECF 1875), as modified, including the Court's April 25, 2014 Order (ECF 1901) requiring YOU to "execute in favor of the Clerk of this Court a stock power transferring to the Clerk all of [Donziger's] right, title and interest in his shares of Amazonia."

2. All documents relating to any property, whether personal or real, tangible or intangible, vested or contingent, that YOU have received, or hereafter may receive, directly or indirectly, or to which YOU have or hereafter obtain, any right, title or interest, directly or indirectly, that is traceable to the ECUADOR JUDGMENT or the enforcement of the ECUADOR JUDGMENT anywhere in the world.

6

3. All documents relating to any acts YOU have undertaken to monetize or profit from the ECUADOR JUDGMENT, including without limitation by selling, assigning, pledging, promising, transferring or encumbering any interest therein.

4. All documents relating to any bank account, investment account, or any other financial account into which YOU or anyone else acting on YOUR behalf deposited or maintained proceeds from any effort to monetize or profit from the ECUADOR JUDGMENT.

5. All documents relating to the approximately $33 million YOU and others acting on YOUR behalf have raised to fund the ECUADOR LITIGATION or fund enforcement of the ECUADOR JUDGMENT, including documents showing how much money or other assets YOU directly retained or benefited from.

6. All documents relating to any acts any of YOUR clients, agents, servants, employees, or attorneys, including but not limited to the FDA, and anyone else acting on behalf of or acting in concert with any of them, or any persons who are in active concert and participation with YOU or any of the foregoing, including, for example, attorneys and representatives of the foregoing, have undertaken to monetize or profit from the ECUADOR JUDGMENT, including without limitation by selling, assigning, pledging, promising, transferring, borrowing against, or encumbering any interest therein.

7. All documents relating to YOUR current purported interest in any potential recovery from enforcement of the ECUADOR JUDGMENT.

8. All documents relating to the current purported interest in any potential recovery from enforcement of the ECUADOR JUDGMENT on the part of the FDA, the Unión de los Afectados por Texaco ("UDAPT"), or the Asociación de los Afectados por Texaco ("ADAPT").

9. All documents relating to any change in your purported interest in any potential recovery of the ECUADOR JUDGMENT from your interest as memorialized in YOUR retainer agreement with the FDA and others dated January 5, 2011 (PX 559).

10. All documents relating to any attempted or completed sale, assignment, or transfer of rights, title, claims, or interest of any proceeds or other interest held by YOU, whether directly or indirectly, in the ECUADOR JUDGMENT or enforcement of the ECUADOR JUDGMENT, whether or not such attempt was successful.

11. All documents relating to any actual, contemplated, anticipated, or potential movie, book, television program, podcast, or other media project regarding any litigation relating to the ECUADOR JUDGMENT, including YOUR role and any portion of the gross or net profits YOU stand to receive.

12. All documents relating to any actual or potential past, present or future distribution of the proceeds from enforcement of the ECUADOR JUDGMENT.

13. All documents relating to any person who currently possesses any interest in any potential recovery of the ECUADOR JUDGMENT, including documents sufficient to show the terms of such interest and when it was acquired.

14. All documents relating to any interest in any potential recovery of the ECUADOR JUDGMENT held by any person at any time, including documents sufficient to show the terms of such interest and when it became disposed of, inoperative, defunct, superseded, inactive or lost.

15. All documents relating to any asset, payment, compensation, forgiveness of debt, revenue, or any other thing of value YOU have delivered, contracted to deliver, or have promised

relating to any person from any proceeds that may be received from the ECUADOR JUDGMENT or enforcement of the ECUADOR JUDGMENT.

16. All documents relating to the ECUADOR JUDGMENT TRUST, including documents relating to any person who currently has, who may have in the future, or has ever had, any interest of any kind, whether direct or indirect, in the ECUADOR JUDGMENT TRUST.

17. All documents relating to any trust, corporation, or other entity created to hold, distribute, administer, or otherwise affect any proceeds of the ECUADOR JUDGMENT, past or present.

18. All documents relating to the FDA in its capacity as beneficiary of the remediation award in the ECUADOR JUDGMENT and as recipient of the award of 10% of damages pursuant to the Ecuadorean Environmental Management Act of 1999.

19. All documents relating to Ermel Chavez in his capacity as President of the ECUADOR JUDGMENT TRUST.

20. All documents relating to any dispute concerning or relating to any monies raised in connection with the ECUADOR LITIGATION, the ECUADOR JUDGMENT, or the ECUADOR JUDGMENT TRUST, including any dispute regarding the beneficiary or beneficiaries of the ECUADOR JUDGMENT and ECUADOR JUDGMENT TRUST, and how funds relating to the ECUADOR LITIGATION, or ECUADOR JUDGMENT have been spent or accounted for.

21. All documents relating to any agreement between YOU, on the one hand, and one or more of the FDA, UDAPT, ADAPT, or the ECUADOR JUDGMENT TRUST, on the other hand, including any powers of attorney.

9

22. All documents relating to the statements or allegations in the September 12, 2017 UDAPT declaration and the August 20, 2016 UDAPT letter (attached as Exhibit 1 to these requests), including the allegation that "[o]n January 19, 2016, Mr. Steven Donziger and Mr. Luis Yanza, without informing and without authorization from the undersigned Nationalities, or from the plaintiffs, executed an agreement with financers from a so-called tax haven on behalf of the people affected and the nationalities, without any authorization to do so," and the letter's statement that YOU "do not represent any indigenous people or nationality of the Ecuadorian Amazon."

23. All documents relating to any retention agreement or any other agreement between YOU and the FDA.

24. All documents relating to any agreement signed by YOU on behalf of the FDA or the ECUADOR JUDGMENT TRUST.

25. All documents relating to any agreement in which YOU are named as or acting as the representative of the FDA, the ECUADOR JUDGMENT TRUST, or any entity investing in any actual or contemplated litigation relating to enforcement of the ECUADOR JUDGMENT.

26. All documents relating to any person who financially supported or invested in, was asked to financially support or invest in, or who offered to financially support or invest in any litigation relating to the ECUADOR JUDGMENT or the enforcement thereof.

27. All documents reflecting of or relating to the raising of money or any other assets, including through stevendonziger.com or any other website or fundraising tool, to fund or support any litigation relating to the ECUADOR JUDGMENT or enforcement of the ECUADOR JUDGMENT, to be used for any purpose in furtherance of any such litigation, including but not limited to litigation costs, attorneys' fees, expert and consulting fees, any

expenses associated with media and public relations, or any other expenses relating in any way, directly or indirectly, to the ECUADOR JUDGMENT or enforcement of the ECUADOR JUDGMENT.

28. All documents relating to any attempted or completed sale or transfer of any license or other right to exploit, market or publicize any media rights, including copyright, life rights, and trademark, related to YOU or the ECUADOR LITIGATION.

29. All documents relating to the utilization of the ECUADOR JUDGMENT, or any interest in or portion thereof, to raise funds in any manner whatsoever.

30. All documents reflecting any communication between YOU and Katie Sullivan, or any person or entity acting in concert with her, or anyone else acting on her behalf.

31. All documents reflecting any agreement, written or oral, between YOU and Katie Sullivan or Streamline Family Office, Inc., or any person or entity acting in concert with any of them, or anyone else acting on their collective or individual behalf.

32. All documents reflecting any communication between YOU and Jonathan Bush, or any person or entity acting in concert with him, or anyone else acting on his behalf.

33. All documents relating to any property, whether personal or real, tangible or intangible, vested or contingent, that Camacho or Piaguaje have received, or hereafter may receive, directly or indirectly, or to which Camacho or Piaguaje have or hereafter obtain, any right, title or interest, directly or indirectly, that is traceable to the ECUADOR JUDGMENT or the enforcement of the ECUADOR JUDGMENT anywhere in the world.

34. All documents relating to any acts Camacho or Piaguaje, or any agent, servant, employee, or attorney of Camacho or Piaguaje or any person who is in active concert and participation with any of the foregoing, have undertaken to monetize or profit from the

ECUADOR JUDGMENT, including without limitation by selling, assigning, pledging, promising, transferring or encumbering any interest therein.