UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/19/2018
```

------------------------------------x
CHEVRON CORPORATION,

        Plaintiff,

v.                                                  11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

        Defendants.

------------------------------------x

ORDER TO SHOW CAUSE ███████████████ AND PRESERVATION ORDER IN FURTHERANCE OF THIS COURT'S MARCH 4, 2014 JUDGMENT AND ███████ APPLICATION TO HAVE STEVEN DONZIGER HELD IN CONTEMPT

WHEREAS, on March 19, 2018, petitioner Chevron Corporation ("Chevron") filed a Motion By Order to Show Cause to grant Chevron's ex parte application to (1) require Donziger, as well as any other person or entity acting at his direction or in concert with him, to preserve and maintain within the U.S. any and all documents or evidence relating to the Judgment or compliance therewith; (2) authorize Chevron ex parte to serve post-judgment discovery on Donziger and any other person or entity reasonably calculated to possess information relevant to enforcement of the Judgment, and; (3) set a prompt briefing schedule and hearing date to adjudicate Donziger's contempt and determine the appropriate remedy to compel Donziger's compliance with the Judgment, following an appropriate period of time for Chevron to conduct the requested discovery.

1

The Court has considered the accompanying Memorandum of Law In Support Of Chevron's Application, Declarations of Randy Mastro and Lee Grinberg (and attached exhibits), and arguments presented, and sufficient reason appearing, it is hereby:

ORDERED that Chevron shall serve on Donziger, by hand, facsimile, or e-mail a copy of this Order to Show Cause and all papers submitted in support thereof on or before 5:00 ~~p~~.m. on March 20, 2018; and

ORDERED that Donziger, as well as any other person or entity [having actual notice of this order and] acting at his direction or in concert with him, including, without limitation, Katie Sullivan, Streamline Family Office, Inc., Jonathan Bush, and athenahealth, Inc., preserve and maintain within the United States any and all documents or evidence relating to the Judgment or compliance therewith;

~~ORDERED that Chevron may serve post-judgment discovery requests and subpoenas on Donziger and any other person or entity reasonably calculated to possess information relevant to enforcement of the Judgment, including, without limitation, Katie Sullivan, Streamline Family Office, Inc., Jonathan Bush, and athenahealth, Inc., in the form of the discovery requests and subpoenas submitted with this Application; and~~

~~ORDERED that the Court shall permit a reasonable period of 60 days or more for Chevron to conduct this discovery up to and including _____, 2018, and, afterward, permit briefing and then hold a hearing on Chevron's Application on the dates set forth below;~~

~~ORDERED that, after conducting discovery, Chevron shall file and serve additional papers in support of its Application to have Donziger held in contempt, if any, on or before _____, 2018; and~~

~~ORDERED that Donziger shall file and serve papers in opposition to Chevron's Application,~~



Chevron Corp. v. Donziger, 11-cv-0691 (LAK)

ORDERED, that Donziger SHOW CAUSE, on April 20, 2018 at 4 p.M. in Courtroom 26A, 500 Pearl Street, New York, New York, why orders should not be entered (1) adjudicating Donziger in civil contempt of court for failure to comply with the judgment as to Donziger defendants and others [DI 1875] ¶¶ 3 and 5 (the latter insofar as Chevron alleges in its memorandum of law [DI 1966] at 15 and in the Grinberg declaration), as supplemented (collectively, the "Judgment"), (2) granting Chevron leave to conduct post-judgment discovery of Donziger and any other person, including without limitation Katie Sullivan, Streamline Family Office, Inc., Jonathan Bush, and athenahealth, Inc., as to all matters relevant to enforcement of paragraphs 3 and 5 of DI 1875, *provided, however*, that nothing herein precludes Chevron from conducting discovery without leave to the Court as to all matters relevant to enforcement of the monetary provisions of the Judgment, and

ORDERED, that any papers in opposition to, and any reply papers in support of, this application shall be served and filed on or before April 3, 2018 and April 13, 2018, respectively.

SO ORDERED.

Dated:     March 19, 2018
Issued at:  4:15 p.m.

Lewis A. Kaplan
United States District Judge

<u>Memorandum Endorsement</u>　　　　　　　　　　　　<u>Chevron Corp. v. Donziger, 11-cv-0691 (LAK)</u>

Chevron has presented an ex parte application for an order (1) requiring Donziger and certain others to preserve and maintain within the United States certain evidence, (2) authorizing Chevron to serve post-judgment discovery on Donziger and others, and (3) requiring Donziger to show cause why he should not be held in contempt for his failure to comply with the judgment in this case and setting a briefing schedule and hearing date following a reasonable period within which to conduct discovery on the contempt charge.

1.　　The attached order grants, in somewhat modified form, so much of the application as seeks a preservation order.

2.　　It has stricken out the language that, if signed, would have authorized post-judgment discovery for the purpose of enforcing the Judgment, but solely on the grounds that it is superfluous in part and otherwise not relief that the Court will grant *ex parte* on the present showing.

2.1.　　Insofar as the judgment is for the payment of money, enforcement proceedings are governed by Fed. R. Civ. P. 69(a). That rule provides in relevant part and in substance that the procedure applicable to enforcement of a money judgment rendered by a federal court is governed by the procedure of the state where the court is located except where a federal statute otherwise provides. Thus, proceedings to enforce a money judgment of this Court generally are governed by the New York CPLR. CPLR § 5223 provides in relevant part that "[a]t any time before a judgment is satisfied or vacated, the judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena . . ." Rule 5224 provides for the service of subpoenas for depositions and for the production of documents, among other things. Accordingly, to the extent the discovery is sought in aid of enforcement of the monetary portion of the judgment, leave of court is not required.

2.2.　　Enforcement of judgments requiring a specific act is governed by Fed. R. Civ. P. 70, which among other things provides for contempt proceedings to enforce compliance. *Id.* 70(e). Contempt is available also for violations of injunctions, whether mandatory or prohibitory.

2.3.　　In one respect, Chevron's current motion is for contempt of a portion of the judgment that directed the performance of a specific act. In another, it contends that Donziger has violated a prohibitory portion of the judgment by virtue of its approach to one possible investor. And it seeks discovery, in part to prove up those contentions and in part to obtain evidence of any other such alleged violations.

2.4.　　In all the circumstances, the Court concludes that there is no need for a determination with respect to discovery with respect to enforcement of the non-monetary portions of the judgment that is so immediate that Donziger should not be afforded an opportunity respond to so much of the application as seeks discovery with respect to the alleged and possible contempts.

SO ORDERED.

Dated:　　　March 19, 2018

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Lewis A. Kaplan
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge