UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
CHEVRON CORPORATION,                                :
:
                 Plaintiff,                       :
:
  -against-                                      :   Case No.  11 Civ.  0691 (LAK)
:
:
STEVEN R. DONZIGER, et al.,                        :
:
                Defendants.                     :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CHEVRON CORPORATION'S OPPOSITION TO DONZIGER'S
REQUEST FOR AN EXTENSION OF TIME TO RESPOND TO THE
MARCH 19, 2018 ORDER TO SHOW CAUSE [DKT. 1969]**

      Chevron opposes Donziger's request for an additional three weeks to respond to the Court's March 19, 2018 Order to Show Cause regarding his ongoing contempt of the Court's Judgment in this action.  In accordance with Local Civil Rule 6.1(b), the Court provided Donziger with two weeks to file a response.  That is more than sufficient time for Donziger to respond to Chevron's 19-page brief, which established beyond doubt that he is in contempt of court based on facts well known to him.  And Donziger's letter identifies no good cause for any extension of the current April 3, 2018 deadline, much less an additional three-weeks.

      The only specific conflict Donziger identifies is an oral argument in Canada on April 17 and 18, which is two weeks after the current deadline for his response.  Dkt. 1969 at 1.  Any preparation Donziger needs to conduct for that hearing can be accomplished in the two weeks after he files the response in this Court.  Donziger also refers to a responsive brief in an attorney discipline proceeding that he is currently "finalizing," but Donziger does not reveal when that brief is due or what remains to be done before it is filed.  *Id.*  The only other reason Donziger advances for an extension is his assertion that he is "diligently exploring" "seeking outside ad-

1

vice and/or limited-purpose representation," but he fails to explain why obtaining that advice or representation cannot be achieved within the deadline set by the Court. *Id.* at 2.

By contrast, Chevron risks suffering substantial prejudice from further delay. As Chevron has explained, Donziger is engaged in an ongoing effort to monetize and profit from the fraudulently procured Ecuadorian judgment in New York, including as recently as January 2018. *See* Dkt. 1966 at 5–7. That conduct violates this Court's Judgment, which was designed to bring an end to Donziger's extortionate scheme and repeated acts of racketeering against Chevron by enjoining Donziger from "undertaking any act[] to monetize or profit from the [Ecuadorian] Judgment, as modified or amended, or any New Judgment, including without limitation by selling, assigning, pledging or encumbering any interest therein." Dkt. 1875 ¶ 5. Further delay—particularly in light of the Court's decision to permit Donziger to respond before allowing Chevron to conduct "discovery with respect to the alleged and possible contempts" (Dkt. 1968 at 4)—would allow Donziger to continue his illegal scheme and contempt of this Court's Judgment.

Accordingly, the Court should deny Donziger's extension request.

Dated:  March 26, 2018  
New York, New York

Respectfully submitted,

    */s/ Randy M. Mastro*  
Randy M. Mastro  
Andrea E. Neuman  
GIBSON, DUNN & CRUTCHER LLP  
200 Park Avenue  
New York, New York 10166  
Telephone: 212.351.4000  
Facsimile: 212.351.4035

William E. Thomson  
333 South Grand Avenue  
Los Angeles, California 90071  
Telephone: 213.229.7000  
Facsimile: 213.229.7520

*Attorneys for Chevron Corporation*