## STEVEN R. DONZIGER, ESQ.

245 West 104th Street, Suite 7D
New York, New York 10025

212-570-4499 (O)
917-566-2526 (Cell)

March 25, 2018

**VIA ECF**

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

Granted to the extent that the Court approves the proposed schedule for submission of papers.

Lewis A. Kaplan, USDJ 3/26/2018

RE: *Chevron v. Donziger*, Case No. 11 Civ. 691 (LAK)

Dear Judge Kaplan:

I write to request a brief extension of three weeks to the schedule set in response to Chevron's most recent attempt to gain access to properly confidential information on how my clients and I are continuing to finance efforts to achieve justice for communities devastated by Chevron's contamination in Ecuador. Chevron is perhaps understandably frustrated that it has spent significant sums to prosecute a collateral attack against me and the Ecuadorian environmental judgment in this Court, yet proceedings to enforce that judgment continue apace in Canada. While Chevron frustration may be comprehensible, it is deeply illegitimate and does not justify a baseless fishing expedition into the finances and arrangements of its adversaries in this global and historic controversy.

The requested extension is necessary because I am currently representing myself *pro se* in this case and related collateral litigation, including litigation before the First Department on an attempt at impose attorney discipline on me without a hearing. I am currently finalizing a responsive brief in that proceeding. There is also an important two-day argument on the enforcement of the Ecuadorian judgment before the Ontario Court of Appeals scheduled for April 17-18, 2018, that requires considerable coordination with my clients, our Canadian legal team, and a broad solidarity network of Canadian First Nations and civil society leaders.

I also request the extension to allow myself sufficient time to explore the feasibility of obtaining pro bono or low-cost counsel for limited-purpose representation to help ensure the protection of certain client interests at this juncture. The substantive issues in Chevron's motion are baseless and not facially concerning: (a) regarding my shares, I long ago crafted with counsel and communicated to Chevron a responsive approach that fully achieves the purpose of the Court's order while avoiding certain ethical conflicts and client prejudices—Chevron has never objected to that approach; (b) regarding litigation financing efforts, I have always been careful to stay within the letter and spirit of the Court's explanation of the contours of its judgment in its order dated