UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
:
CHEVRON CORPORATION, :
:
          Plaintiff, :
:
  v. : 11 Civ. 0691 (LAK)
:
STEVEN DONZIGER, *et al.*, :
:
          Defendants. :
:
------------------------------------- x

**CHEVRON CORPORATION'S NOTICE REQUESTING ENTRY OF DEFAULT AGAINST DEFENDANTS PABLO FAJARDO MENDOZA, LUIS YANZA, FRENTE DE DEFENSA DE LA AMAZONIA A/K/A AMAZON DEFENSE FRONT, SELVA VIVA SELVIVA CIA, LTDA., AND THE 45 DEFAULTING LAGO AGRIO PLAINTIFFS**

Pursuant to Federal Rule of Civil Procedure 55(a) and Local Civil Rule 55.1, Plaintiff Chevron Corporation ("Chevron") hereby requests the entry of default against defendants Pablo Fajardo Mendoza ("Fajardo"), Luis Yanza ("Yanza"), Frente de Defensa de la Amazonia (the "Front"), Selva Viva Selviva Cia, Ltda. ("Selva Viva"), and the 45 defaulting Lago Agrio Plaintiffs[1] (collectively the "Defaulting Defendants") on the ground that the Defaulting

---

[1] In total, there are 47 individual Ecuadorian defendants known as the "Lago Agrio Plaintiffs." Of these defendants, only the two Lago Agrio Representatives ("LAP Representatives")—Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje—have not defaulted. *See* Dkt. 129; Dkt. 181 at 87-88. The 45 defaulting Lago Agrio Plaintiffs are: Maria Aguinda Salazar, Carlos Grefa Huatatoca, Catalina Antonia Aguinda Salazar, Lidia Alexandra Aguinda Aguinda, Patricio Alberto Chimbo Yumbo, Clide Ramiro Aguinda Aguinda, Luis Armando Chimbo Yumbo, Beatriz Mercedes Grefa Tanguila, Lucio Enrique Grefa Tanguila, Patricio Wilson Aguinda Aguinda, Celia Irene Viveros Cusangua, Francisco Matias Alvarado Yumbo, Francisco Alvarado Yumbo, Olga Gloria Grefa Cerda, Lorenzo Jose Alvarado Yumbo, Narcisa Aida Tanguila Narvaez, Bertha Antonia Yumbo Tanguila, Gloria Lucrecia Tanguila Grefa, Francisco Victor Tanguilla Grefa, Rosa Teresa Chimbo Tanguila, Jose Gabriel Revelo Llore, Maria Clelia Reascos Revelo, Maria Magdalena Rodriguez Barcenes, Jose Miguel Ipiales Chicaiza, Heleodoro Pataron Guaraca, Luisa Delia Tanguila Narvaez, Lourdes Beatriz Chimbo Tanguila, Maria Hortencia Viveros Cusangua, Segundo Angel
[Footnote continued on next page]

Defendants have failed to appear or otherwise respond to Chevron's Amended Complaint (Dkt. 283) within the time prescribed by the Federal Rules of Civil Procedure. This request is based on this Notice Requesting Entry of Default; the accompanying Declaration of Randy M. Mastro and its supporting exhibits; the Clerk's prior Certificate of Default, effective March 11, 2011 (Dkt. 469); and all pleadings and papers filed herein.

On March 11, 2011, the Clerk of this Court entered a Certificate of Default against the Defaulting Defendants based on Chevron's original complaint (Dkt. 1). *See* Dkt. 469. As established in Chevron's previous Notice of Entry of Default (Dkt. 205)—accepted by the Clerk in entering the March 11, 2011 Certificate of Default—Chevron properly served the Defaulting Defendants with the Complaint and Summons by means of multiple authorized methods, and all deadlines for the Defaulting Defendants to respond to the Complaint elapsed.[2]

Chevron then filed its Amended Complaint on April 20, 2011. Dkt. 283. The deadline for the Defaulting Defendants to respond to the Amended Complaint has elapsed. *See* Fed. R. Civ. P. 12(a)(1). They again failed to respond.

The federal rules are clear that "[n]o service is required on a party who is in default for failing to appear." Fed. R. Civ. P. 5(a)(2). None of the Defaulting Defendants appeared. *See* Dkt. 469 at 3 (Clerk's Certificate of Default: "I further certify that the docket entries indicate that

---

[Footnote continued from previous page]
  Amanta Milan, Octavio Ismael Cordova Huanca, Elias Roberto Piyahuaje Payahuaje, Daniel Carlos Lusitande Yaiguaje, Benancio Fredy Chimbo Grefa, Guillermo Vicente Payaguaje Lusitante, Delfin Leonidas Payaguaje Payaguaje, Alfredo Donaldo Payaguaje Payaguaje, Teodoro Gonzalo Piaguaje Payaguaje, Miguel Mario Payaguaje Payaguaje, Fermin Piaguaje Payaguaje, Reinaldo Lusitande Yaiguaje, Luis Agustin Payaguaje Piaguaje, Emilio Martin Lusitande Yaiguaje, Simon Lusitande Yaiguaje, Armando Wilfrido Piaguaje Payaguaje, and Angel Justino Piaguage Lucitante. *Id.*

2  As authorized by the Court's orders, Chevron served all of the Defaulting Defendants by overnight mail and email. Dkt. 205 at 4-5. Chevron also personally served Yanza and Fajardo, both individually and on behalf of the LAPs, and the Front. *Id.* at 6.

Fajardo, Yanza, the Frente, Selva Viva, and the 45 defaulting Lago Agrio Plaintiffs have failed to appear"); *see also* Dkt. 127 (order rejecting Fajardo's purported effort to seek an extension to respond to the Complaint on behalf of the other Defaulted Defendants, because he was not licensed to practice in New York and because "[t]hese other Ecuadorian defendants have been represented by various licensed attorneys in related proceedings in this Court over the years.").[3]

Federal Rule of Civil Procedure 5(a)(2) also provides that "a pleading that asserts a new claim for relief against such a party must be served on [a defaulting] party under Rule 4." But Chevron's Amended Complaint did not assert any new claim for relief beyond the claims in the initial Complaint. Thus, Chevron did not need to serve the Amended Complaint on the Defaulting Defendants.

Under Rule 55(a), the Clerk of the Court is required to enter default against a party who has failed to plead or otherwise defend within the time required by law. *See* Fed. R. Civ. P. 55(a) (stating that "the clerk must enter the party's default"); Fed. R. Civ. P. 12(a)(1) ("defendant must serve an answer within 21 days after being served with the summons and complaint."). Therefore, because service of the Amended Complaint was not required and because the Defaulting Defendants have failed to respond to the Amended Complaint within the time required by law, Chevron respectfully requests that either the Clerk or Court enter default against them based on the Amended Complaint.

---

[3] Fajardo's letter seeking an extension to respond does not constitute an appearance for purposes of Rule 5(a)(2). *See New York v. Green*, 420 F.3d 99, 107 (2d Cir. 2005) (single letter seeking an extension of time to answer was not an appearance); *Bermudez v. Reid*, 733 F.2d 18, 22 n.8 (2d Cir. 1984) (same).

Dated: April 6. 2018
     New York, New York

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By:    *s/ Randy M. Mastro*

Randy M. Mastro
Andrea E. Neuman
200 Park Avenue, 47th Floor
New York, New York 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035
rmastro@gibsondunn.com

William E. Thomson
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7891
Facsimile: 213.229.6891


STERN, KILCULLEN & RUFOLO LLC
Herbert J. Stern
Joel M. Silverstein
325 Columbia Tpke, Ste 110
P.O. Box 992
Florham Park, New Jersey 07932-0992
Telephone: 973.535.1900
Facsimile: 973.535.9664

*Attorneys for Chevron Corporation*

4