UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4-23-18
```

---------------------------------------------------------x
CHEVRON CORPORATION,

    Plaintiff,

v.

STEVEN DONZIGER, *et al.*,

    Defendants.
---------------------------------------------------------x

11 Civ. 0691 (LAK)

## DEFAULT JUDGMENT AS TO DEFAULTED DEFENDANTS

This action having been commenced on February 1, 2011 by the filing of the Summons and Complaint; and a copy of the Summons and Complaint having been served on the Defaulted Defendants (as defined below) by overnight mail on February 3, 2011, by email on February 4, 2011 (as authorized by this Court), and by personal service on February 15, 2011, and proof of service having been filed on February 8, 2011 (Dkt. 75), February 15, 2011 (Dkts. 92, 93, 96, 98), February 17, 2011 (Dkts. 115, 116), February 18, 2011 (Dkt. 117), and March 11, 2011 (Dkt. 206) and the Defaulted Defendants not having answered the Complaint or the Amended Complaint, and the time for answering the Complaint and the Amended Complaint having expired, the Clerk having entered certificates of default (Dkts. 469, 1984), and the Court having concluded that it has personal jurisdiction over each of the Defaulting Defendants,[1] it is hereby

---

[1] The Court specifically held after trial that it had personal jurisdiction over the LAP Representatives, as that term is defined in DI 1875, at 1. DI 1874, at 343-355. The same reasoning applies to the other LAPs, a term defined at DI 1874, at 1, who are most of the Defaulted Defendants. It holds also that it has personal jurisdiction over all of the Defaulted Defendants, substantially for the reasons stated in DI 1977, at 15-18.

**ORDERED, ADJUDGED AND DECREED** that Chevron Corporation ("Chevron") have judgment as against the Defaulted Defendants as follows:

1. The Court hereby imposes a constructive trust for the benefit of Chevron on all property, whether personal or real, tangible or intangible, vested or contingent, that the Defaulted Defendants have received, or hereafter may receive, directly or indirectly, or to which the Defaulted Defendants now have, or hereafter obtain, any right, title or interest, directly or indirectly, that is traceable to the Judgment or the enforcement of the Judgment anywhere in the world including, without limitation, any and all stock they may hold in Amazonia. The Defaulted Defendants, and each of them, shall transfer and forthwith assign to Chevron all such property that he or she now has or hereafter may obtain.

2. The Defaulted Defendants shall execute in favor of Chevron a stock power transferring to Chevron all of their right, title and interest in his, her, or its shares of Amazonia, if any, and shall execute such other and further documents as Chevron reasonably may request or as the Court hereafter may order to effectuate the foregoing provisions of this Judgment.

3. The Defaulted Defendants are hereby enjoined and restrained from:

   3.1 Filing or prosecuting any action for recognition or enforcement of the Judgment or any New Judgment or seeking the seizure or attachment of assets based on the Judgment or any New Judgment, in each case in any court in the United States.

   3.2 Seeking prejudgment seizure or attachment of assets based upon the Judgment or any New Judgment, in each case in any court in the United States.

4. The Defaulted Defendants are hereby further enjoined and restrained from undertaking any acts to monetize or profit from the Judgment, as modified or amended, or any New

Judgment, including without limitation by selling, assigning, pledging, transferring, or encumbering any interest therein.

5. Notwithstanding anything to the contrary in this Judgment, nothing herein enjoins, restrains, or otherwise prohibits the Defaulted Defendants, or any of them, from (a) filing or prosecuting any action for recognition or enforcement of the Judgment or any New Judgment, or any for prejudgment seizure or attachment of assets based in courts outside the United States; or (b) litigating the action or any appeal of any order or judgment issued in this action.

6. The following terms are defined as follows for purposes of this Judgment:

6.1 "Amazonia" means Amazonia Recovery Limited; an entity registered in Gibraltar, together with its successors and assigns.

6.2 "Chevron" means Chevron Corporation and its subsidiaries and affiliates.

6.3 "Defaulted Defendants" means Pablo Fajardo Mendoza, Luis Yanza, Frente de Defensa de la Amazonia, Selva Viva Selviva Cia, Ltda., Maria Aguinda Salazar, Carlos Grefa Huatatoca, Catalina Antonia Aguinda Salazar, Lidia Alexandra Aguinda Aguinda, Patricio Alberto Chimbo Yumbo, Clide Ramiro Aguinda Aguinda, Luis Armando Chimbo Yumbo, Beatriz Mercedes Grefa Tanguila, Lucio Enrique Grefa Tanguila, Patricio Wilson Aguinda Aguinda, Celia Irene Viveros Cusangua, Franscisco Matias Alvarado Yumbo, Francisco Alvarado Yumbo, Olga Gloria Grefa Cerda, Lorenzo Jose Alvarado Yumbo, Narcisa Aida Tanguila Narvaez, Bertha Antonia Yumbo Tanguila, Gloria Lucrecia Tanguila Grefa, Francisco Victor Tanguilla Grefa, Rosa Teresa Chimbo Tanguila, Jose Gabriel Revelo Liore, Maria Clelia Reascos Revelo, Maria Magdalena Rodriguez Barcenes, Jose Miguel Ipiales Chicaiza, Heleodoro Pataron Guaraca, Luisa Delia Tanguila

Narvaez, Lourdes Beatriz Chimbo Tanguila, Maria Hortencia Viveros Cusangua, Segundo Angel Amanta Milan, Octavio Ismael Cordova Huanca, Elias Roberto Piyahuaje Payahuaje, Daniel Carlos Lusitande Yaiguaje, Benancio Fredy Chimbo Grefa, Guillermo Vicente Payaguaje Lusitante, Delfin Leonidas Payaguaje Payaguaje, Alfredo Donaldo Payaguaje Payaguaje, Teodoro Gonzalo Piaguaje Payaguaje, Miguel Mario Payaguaje Payaguaje, Fermin Piaguaje Payaguaje, Reinaldo Lusitande Yaiguaje, Luis Agustin Payaguaje Piaguaje, Emilio Martin Lusitande Yaiguaje, Simon Lusitande Yaiguaje, Armando Wilfrido Piaguaje Payaguaje, and Angel Justino Piaguage Lucitante, and each of them.

    6.4  The "Judgment" means the judgment entered in the Lago Agrio Case on February 14, 2011 as modified by subsequent proceedings.

    6.5  "Lago Agrio Case" means Lawsuit No. 2003-0002, entitled *Maria Aguinda y Otros v Chevron Corporation*, in the Sucumbios Provincial Court of Justice of the Republic of Ecuador and all appeals with respect to any judgment, order or decree entered therein.

    6.6  "New Judgment" means any judgment or order that hereafter may be rendered in the Lago Agrio Case by any court in Ecuador in or by reason of the Lago Agrio Case, or any judgment or order issued by any other court that has recognized or enforced the Judgment or any such subsequent judgment.

    7.  In accordance with Federal Rule of Civil Procedure 65(d)(2), this Judgment is binding upon the parties; their officers, agents, servants, employees, and attorneys; and other persons who are in active concert and participation with any of the foregoing.

    It is hereby further

    **ORDERED, ADJUDGED AND DECREED**, as follows:

8.  Chevron shall recover from the Defaulted Defendants, jointly and severally, the costs of this action pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920.

9.  This Judgment finally disposes of all claims in this action between and among Chevron and the Defaulted Defendants. All other defendants either have settled the action or judgment has already been entered as to them. Accordingly, there is no just reason for delay, and the Clerk shall enter this Judgment as a final judgment with respect to all claims between and among Chevron and the Defaulted Defendants. This Court retains jurisdiction of this case and over these parties for purposes of enforcing and resolving any disputes concerning this Judgment.

Dated: April 23, 2018
Issued at: 10:58 A.M.

_____
Lewis A. Kaplan
United States District Judge