# EXHIBIT 9

**STEVEN R. DONZIGER, ESQ.**

245 WEST 104TH STREET, SUITE 7D
NEW YORK, NEW YORK 10025

212-570-4499 (O)
917-566-2526 (CELL)

April 30, 3018

**VIA EMAIL**

Mr. Randy Mastro
Ms. Anne Champion
Gibson Dunn & Crutcher
200 Park Avenue
New York, NY 10166
rmastro@gibsondunn.com
achampion@gibsondunn.com

*Re: Objections and Responses to Subpoena dated Apr. 16, 2018*

Mr. Mastro and Ms. Champion:

Contained herein are my responses and objections to the subpoena dated April 16, 2018. Please note these are preliminary and subject to the general objections outlined. I suggest we meet and confer again by the end of this week to better identify any areas of dispute prior to the hearing before the district court scheduled for May 8.

**General Objections**

For the sake of efficiency and to avoid repetition, I hereby describe and assert a number of general objections that will be specified in response to specific document requests and "information subpoena" requests or interrogatories (together "requests"). I also provide additional specification as needed in light of the unreasonably short time allowed.

G1.  *Timing.* Discovery at this time is not appropriate in light of the fact that the supplemental judgment supposedly justifying discovery is currently on appeal. As a common sense matter, there is no basis to rush ahead with discovery when there remains a reasonable chance that the underlying judgment will be vacated. Nonetheless, despite this objection and without waiving any rights, objections, or defenses, I have in good faith taken a limited number of preliminary steps to collect, review, and organize documents. I provide such responsive information as I am able in light of the objectionable nature of essentially all of Chevron's requests and the timing of the requests.

Mr. Randy Mastro
Ms. Anne Champion
April 30, 2018

G2. ***Burdensome approach.*** The approach taken by Chevron with its requests is unduly burdensome. The only thing Chevron would be entitled to in a discovery process supporting enforcement of a monetary judgment is a clear picture of my available assets and net worth. Chevron's approach appears predicated on the false presumption that my finances are so complex and far-flung that it will require significant investigation to create such a clear picture. In fact, my financial situation is not much more complicated than that of an average household, and has remained relatively stable over the years. Furthermore, Chevron has access to substantial information and analysis from the RICO trial period where it conducted an extensive investigation of my bank records that cover at least some of the requests that are currently being made. Presently, I have personal bank accounts, a contingency interest in the Ecuador case, an apartment, a car, and some property in Florida that I inherited. (Chevron is already aware of the latter as it sent a lawyer to a legal proceeding relating to these properties.) As soon as possible after preliminary objections are addressed, I am prepared to provide Chevron with a short summary of my financial condition and assets, backed up by supporting documents. I can prepare this summary within a reasonable time taking into account I am operating pro se and have burdensome responsibilities in my legal practice. If Chevron has concerns or questions at that point, supported by concrete reason or evidence as opposed to mere speculation, I obviously will endeavor to be responsive. In light of the availability of this more appropriate way to proceed, Chevron's requests are each and all unduly burdensome and objectionable.

G3. ***Overbroad and irrelevant.*** Chevron's requests sweep broadly past what is necessary to establish a clear picture of my available assets and net worth and instead reveal themselves to be a fishing expedition to learn information about the financing of the process of enforcing the Ecuadorian environmental judgment in Canada and elsewhere, a process that the Second Circuit has recognized as valid. Chevron likely seeks this information to continue its well-documented pattern of initiating a blitzkrieg of SLAPP litigation on financial and other supporters of the Ecuadorian Indigenous peoples and communities, in order once again to seek to win by might what it is once again losing by merit. The obviously strategic purpose behind Chevron's overbroad requests should be acknowledged and must be rejected. Only requests narrowly tailored to give Chevron a clear picture of my financial condition are supportable in this post-judgment context, and very few of Chevron's requests evince such narrow tailoring.

G4. ***Privilege.*** Many of the requests are objectionable because they appear to call for the production of information subject to the attorney-client privilege, work product doctrine, or common interest doctrine privileges, or that otherwise may reflect the opinions, conclusions, legal theories, mental impressions, or strategic thinking of myself, other counsel, or other individuals whose assistance was required for the development and provision of informed advice protected by the attorney-client privilege. Additionally,

2

Mr. Randy Mastro
Ms. Anne Champion
April 30, 2018

    should any discovery beyond the sufficient approach I outline above (G2) be required, I object to any production until appropriate protections against waiver (Rule 501(d)) and inadvertent production are in place.

G5.   ***Logistical burden.*** To the extent that extensive document collection, review, and production is required beyond the more appropriate and entirely sufficient approach I outline above (G2), I have limited capacity to undertake the necessary effort and expense. Chevron, as the party requesting the information, must bear the burden by paying a retainer to a discovery or litigation support specialist who will work at my direction and under all applicable privileges.

G6.   ***Control.*** The requests are objectionable to the extent they seek production of documents not in my possession but rather allegedly in my "control" and actually in the possession of purported "agents" including those listed in paragraph 2 of the Instructions. Specifically, my objection is based on facts including that (1) I do not have "control" over many of the individuals so specified (*e.g.* Joseph Kohn); (2) to my knowledge, none of the individuals have any information responsive to the narrow inquiry about my present financial condition; and (3) to my knowledge, none of the individuals so specified have any documents or information responsive to any of the requests that would not be entirely duplicative of what I possess.

G7.   ***Present knowledge.*** The objections and responses provided here are accurate to the best of my present knowledge and recollection, informed by the diligent (albeit preliminary) inquiry and research into these issues I have been conducting and will continue to conduct. I will amend these objections and responses if I learn of or recall information that materially contradicts anything here.

G8.   ***No waiver.*** By objecting and responding herein, and by producing documents now or later, I expressly do not make any admission or waiver and reserve all rights with respect to any such response or documents, including as to relevance, authenticity, admissibility, privilege, or burden in light of the objections stated made above.

**Objections to Instructions**

I object to the request for production of documents from individuals specified in paragraph 2 of the Instruction for the reasons already described at G6.

Paragraphs 3, 4, 8, 9 and 12 of the Instructions are objectionable as unduly burdensome and requiring assistance as outlined in G5. *See also* G2, G3, G4.

I will note that despite the assertion that "Chevron will meet and confer with YOU to discuss the logistics of production" in paragraph 7 of the Instructions, Chevron did not in fact initiate any

3

Mr. Randy Mastro
Ms. Anne Champion
April 30, 2018

meet-and-confer, and the parties have only conferred in response to communication initiated by me as the return date of the subpoena approached and Chevron had failed to communicate.

**Specific Objections**

I hereby incorporate by reference all of the General Objections above into these Specific Responses and Objections below.

*Document Requests*

RFP1.   While Chevron may be entitled to some information responsive to this request, the information is more appropriately provided as outlined in G2 and thus this request as stated is unduly burdensome as well as overbroad. G2, G3. I will provide appropriate information responsive to this request as part of the process outlined at G2, when all timing issues have been resolved. G1. Without waiving any of objections, I note that my assets are limited as described at G2. Further, I note that I do not believe I have any foreign assets. G7. To the extent more significant documentation is required, privilege and work product protections must be preserved and Chevron must bear the logistical burden and expense. G4, G5. I am currently collecting, organizing, and reviewing documents, as diligently as a I can given my limited capacity, for potential production once timing issues are resolved. G5, G1. *See also* G7, G8.

RFP2.   Duplicative of RFP1. Same responses and objections. Despite but without waiving any of objections, *see* G7, G8, I note that I do not believe I have any foreign property.

RFP3.   Duplicative of RFP1. Same responses and objections. Despite but without waiving any of objections, *see* G7, G8, I note that I do not believe I have any foreign real estate interests.

RFP4.   Duplicative of RFP1. Same responses and objections. Despite but without waiving any of objections, *see* G7, G8, I note that I do not believe I have any interests in the categories listed, except my contingency interest in the Ecuador case.

RFP5.   Duplicative of RFP1. Same responses and objections. Despite but without waiving any of objections, *see* G7, G8, I note that I do not believe I have inheritance property or interests other than the Florida properties mentioned in G2.

RFP6.   Duplicative of RFP1. Same responses and objections. Despite but without waiving any of objections, *see* G7, G8, I note that I do not believe I have any interest in foreign entities or accounts.

RFP7.   I will provide appropriate information responsive to this request as part of the process outlined at G2. *Also:* G3, G4, G5, G7.

Mr. Randy Mastro
Ms. Anne Champion
April 30, 2018

RFP8.   I will provide appropriate information responsive to this request as part of the process outlined at G2. *Also:* G3, G4, G5, G7.

RFP9.   Overbroad and irrelevant. *See* G3, G4, G7.

RFP10.  I will provide appropriate information responsive to this request as part of the process outlined at G2. *Also:* G3, G4, G5, G7.

RFP11.  Overbroad and frankly incomprehensible. *Also:* G2, G3, G4, G7.

RFP12.  Same responses and objections as RFP1.

RFP13.  Overbroad and irrelevant, except as it may impact my present net worth. Same responses and objections as RFP1.

RFP14.  I am able to provide the requested information as soon as preliminary objections are addressed. Also: G2, G3, G5, G7.

RFP15.  I am able to provide the requested information as soon as preliminary objections are addressed. Also: G2, G3, G5, G7.

RFP16.  No corporate tax returns.

RFP17.  No corporate tax returns.

RFP18.  Duplicative of RFP1. Same responses and objections.

RFP19.  Duplicative of RFP1. Same responses and objections. Despite but without waiving any of objections, see G7, G8, I have not received any property "traceable to the Ecuador Judgment" as I understand that language.

RFP20.  Overbroad and irrelevant. *Also:* G2, G3, G4, G7.

RFP21.  Overbroad and irrelevant. *Also:* G2, G3, G4, G7.

RFP22.  Overbroad and irrelevant. *Also:* G2, G3, G4, G7.

RFP23.  Overbroad and irrelevant. *Also:* G2, G3, G4, G7.

RFP24.  Overbroad and irrelevant. *Also:* G2, G3, G4, G7.

RFP25.  Overbroad and irrelevant. *Also:* G2, G3, G4, G7.

RFP26.  Duplicative of RFP1. Same responses and objections.

5

Mr. Randy Mastro
Ms. Anne Champion
April 30, 2018

RFP27.   Overbroad and irrelevant. *Also:* G2, G3, G4, G7.

RFP28.   Overbroad and irrelevant. *Also:* G2, G3, G4, G7.

RFP29.   Overbroad and irrelevant. *Also:* G2, G3, G4, G7.

RFP30.   Overbroad and irrelevant. *Also:* G2, G3, G4, G7.

RFP31.   Overbroad and irrelevant. *Also:* G2, G3, G4, G7.

RFP32.   Overbroad and irrelevant. *Also:* G2, G3, G4, G7.

RFP33.   Overbroad and irrelevant. *Also:* G2, G3, G4, G7.

RFP34.   Overbroad and irrelevant. *Also:* G2, G3, G4, G7.

RFP35.   Overbroad and irrelevant. *Also:* G2, G3, G4, G7.

RFP36.   Overbroad and irrelevant. *Also:* G2, G3, G4, G7.

RFP37.   Duplicative of RFP1. Same responses and objections.

RFP38.   Overbroad and irrelevant. *Also:* G2, G3, G4, G7.

*Information Subpoena Requests / Interrogatories*

ROG1.   Duplicative of the RFPs. While Chevron may be entitled to some information responsive to this request, the information is more appropriately provided as outlined in G2 and thus this request as stated is unduly burdensome as well as overbroad. G2, G3. I will provide appropriate information responsive to this request as part of the process outlined at G2, when all timing issues have been resolved. G1. Despite but without waiving any of objections, I reference my notations and representations regarding my assets as stated above.

ROG2.   Duplicative of the RFPs. Overbroad. G2, G3. I will provide appropriate information responsive to this request as part of the process outlined at G2, when all timing issues have been resolved. G1. *Also:* G3, G4, G5, G7.

ROG3.   Duplicative of the RFPs. Overbroad. G2, G3. I will provide appropriate information responsive to this request as part of the process outlined at G2, when all timing issues have been resolved. G1. *Also:* G3, G4, G5, G7.

6

Mr. Randy Mastro
Ms. Anne Champion
April 30, 2018

ROG4.   Duplicative of the RFPs. Overbroad. G2, G3. I will provide appropriate information responsive to this request as part of the process outlined at G2, when all timing issues have been resolved. G1. *Also:* G3, G4, G5, G7.

ROG5.   Duplicative of the RFPs. Overbroad. G2, G3. I will provide appropriate information responsive to this request as part of the process outlined at G2, when all timing issues have been resolved. G1. *Also:* G3, G4, G5, G7.

ROG6.   Duplicative of the RFPs. Overbroad. G2, G3. I will provide appropriate information responsive to this request as part of the process outlined at G2, when all timing issues have been resolved. G1. *Also:* G3, G4, G5, G7.

ROG7.   Duplicative of the RFPs. Overbroad. G2, G3. I will provide appropriate information responsive to this request as part of the process outlined at G2, when all timing issues have been resolved. G1. *Also:* G3, G4, G5, G7.

ROG8.   Duplicative of the RFPs. Overbroad. G2, G3. I will provide appropriate information responsive to this request as part of the process outlined at G2, when all timing issues have been resolved. G1. *Also:* G3, G4, G5, G7.

ROG9.   Duplicative of the RFPs. Overbroad. G2, G3. I will provide appropriate information responsive to this request as part of the process outlined at G2, when all timing issues have been resolved. G1. *Also:* G3, G4, G5, G7.

ROG10.  Duplicative of the RFPs. Overbroad. G2, G3. I will provide appropriate information responsive to this request as part of the process outlined at G2, when all timing issues have been resolved. G1. *Also:* G3, G4, G5, G7.

ROG11.  Duplicative of the RFPs. Overbroad. G2, G3. I will provide appropriate information responsive to this request as part of the process outlined at G2, when all timing issues have been resolved. G1. *Also:* G3, G4, G5, G7.

ROG12.  Overbroad and irrelevant. *Also:* G2, G3, G4, G7.

ROG13.  Overbroad and irrelevant. Also: G2, G3, G4, G7.

ROG14.  Duplicative of the RFPs. Overbroad. G2, G3. I will provide appropriate information responsive to this request as part of the process outlined at G2, when all timing issues have been resolved. G1. *Also:* G3, G4, G5, G7.

ROG15.  Unknown. G7.

7

Mr. Randy Mastro
Ms. Anne Champion
April 30, 2018

ROG16. Duplicative of the RFPs. Overbroad. G2, G3. I will provide appropriate information responsive to this request as part of the process outlined at G2, when all timing issues have been resolved. G1. *Also:* G3, G4, G5, G7.

ROG17. Duplicative of the RFPs. Overbroad. G2, G3. I will provide appropriate information responsive to this request as part of the process outlined at G2, when all timing issues have been resolved. G1. Also: G3, G4, G5, G7.

ROG18. Overbroad and irrelevant. Also: G2, G3, G4, G7. Despite but without waiving any of objections, *see* G7, G8, I have not received any value for any such rights.

ROG19. Overbroad and irrelevant. Also: G2, G3, G4, G7. Despite but without waiving any of objections, *see* G7, G8, I have not received any value for any such media project.

ROG20. Duplicative of the RFPs. Overbroad. G2, G3. I will provide appropriate information responsive to this request as part of the process outlined at G2, when all timing issues have been resolved. G1. Also: G3, G4, G5, G7. Despite but without waiving any of objections, *see* G7, G8, I have not received any property "traceable to the Ecuador Judgment" as I understand that language.

ROG21. Overbroad and irrelevant. Also: G2, G3, G4, G7.

ROG22. Overbroad and irrelevant. Also: G2, G3, G4, G7.

ROG23. Overbroad and irrelevant. Also: G2, G3, G4, G7.

ROG24. Overbroad and irrelevant. Also: G2, G3, G4, G7.

ROG25. Overbroad and irrelevant. Also: G2, G3, G4, G7.

ROG26. Overbroad and irrelevant. Also: G2, G3, G4, G7.

ROG27. Overbroad and irrelevant. Also: G2, G3, G4, G7.

ROG28. Overbroad and irrelevant. Also: G2, G3, G4, G7.

ROG29. Overbroad and irrelevant. Also: G2, G3, G4, G7.

ROG30. Duplicative of the RFPs. Overbroad. G2, G3. I will provide appropriate information responsive to this request as part of the process outlined at G2, when all timing issues have been resolved. G1. Also: G3, G4, G5, G7.

ROG31. Overbroad and irrelevant. Also: G2, G3, G4, G7.

Mr. Randy Mastro
Ms. Anne Champion
April 30, 2018

After reviewing, please reach out about scheduling another "meet and confer" prior to the scheduled appearance before the district court.

                                                  Sincerely,

                                                  Steven R. Donziger

9