UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
CHEVRON CORPORATION,  :
:
          Plaintiff,  :
:
  v.  :   11 Civ. 0691 (LAK)
:
STEVEN DONZIGER, *et al.*,  :
:
          Defendants.  :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CHEVRON CORPORATION'S MOTION TO COMPEL DONZIGER
TO RESPOND TO POST-JUDGMENT DISCOVERY REQUESTS**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

STERN, KILCULLEN & RUFOLO LLC
325 Columbia Tpke, Ste 110
P.O. Box 992
Florham Park, New Jersey 07932-0992
Telephone:  973.535.1900
Facsimile:  973.535.9664

*Attorneys for Plaintiff Chevron Corporation*

i

On March 1, 2018, the Court confirmed the Clerk's taxation of costs against Steven Donziger, the Law Offices of Steven Donziger, and Donziger & Associates, PLLC. Dkt. 1963. A supplemental judgment in the amount of $813,602.71 was entered on February 28, 2018. Dkt. 1962; Dkt. 1963. On April 16, 2018, in aid of enforcement of the judgment, Chevron served Donziger with a restraining notice, information subpoena, requests for production of documents, and a deposition notice for May 7, 2018, under Fed. R. Civ. P. 69(a)(2) and CPLR 5223 and 5224. Ex. 1.[1] *See* Dkt. 1968 at 4 (noting leave of court not required for discovery in aid of enforcement). Given his claimed 6.3% stake in the Ecuadorian judgment (Dkt. 1901 at 16) and the fact that Donziger's own clients claim not to have been informed of the extent to which he has personally benefited from the tens of millions of dollars he has raised to support the Ecuadorian litigation and enforcement efforts (Ex. 3 at 3, Exs. 4–6), the discovery includes requests seeking information and documents related to those fundraising efforts. *See* Ex. 1.

The parties met and conferred on April 27 and May 4, 2018, with Donziger informing Chevron that he would not appear for his May 7 deposition and that he intended to move to quash the discovery requests. Donziger served objections and responses on April 30, 2018, interposing blanket "general" objections and failing to respond meaningfully to any of Chevron's information requests. Ex. 2. Earlier today, Donziger refused to commit to providing any discovery at all, much less to a schedule for providing discovery, absent an order of the Court.

Chevron will continue to meet and confer with Donziger to narrow disputes where possi-

---

[1] Chevron also served discovery on third parties it reasonably believes have information relevant to Donziger's ability to satisfy the money judgment: Katie Sullivan, Streamline Family Office, Inc., Jonathan Bush, athenahealth, Inc., Joshua Rizack, The Rising Group, and JP Morgan Chase Bank, N.A. Several of these targets have engaged in what appears to be a coordinated effort to frustrate Chevron's legitimate discovery requests. In a good-faith attempt to resolve the disputes, Chevron agreed to extend the return dates for some of these third party requests pending the Court's resolution of Donziger's objections regarding the permissible scope of discovery.

ble, but the parties are at an impasse on three threshold issues: (1) the appropriate scope of discovery; (2) whether Chevron is entitled to discovery now; and (3) the requirement that Donziger produce not just documents in his possession, but in his possession, custody, or control, including documents in the possession of his current and former agents.

**(1) Scope.** Donziger has taken the position that "[t]he only thing Chevron would be entitled to in a discovery process supporting enforcement of a monetary judgment is a clear picture of [his] available assets and net worth." Ex. 2 at 2. Moreover, he claims even that discovery should be restricted to "a short summary of [his] financial condition and assets, backed up by supporting documents." *Id*.

That is not the law. "The rules governing discovery in postjudgment execution proceedings are quite permissive." *Republic of Argentina v. NML Capital, Ltd.*, 134 S. Ct. 2250, 2254 (2014); *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (broad execution discovery "is the norm in federal and New York state courts"). A judgment creditor is entitled to "a 'very thorough examination' of a judgment debtor with respect to its assets." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, No. 88 CV 3039 (ILG), 1993 WL 50528, at *1 (E.D.N.Y. Feb. 23, 1993); *see also Banco Central Del Paraguay v. Paraguay Humanitarian Found. Inc.*, No. 01 Civ. 9649 (JFK), 2006 WL 3456521, at *9 (S.D.N.Y. Nov. 30, 2006) ("[E]ven if the discovery request is a 'fishing expedition,' . . . this Court recognized long ago that 'a judgment creditor is entitled to fish for assets of the judgment debtor.'") (citation omitted).

Setting aside that Donziger still has not committed to providing any discovery absent court order, his "vague assurances" of minimal compliance are "simply unacceptable." *Onyemaobi v. Covenant House*, No. 09 Civ. 2434 (PAC), 2011 WL 1044490, at *3–4 (S.D.N.Y. Mar. 21, 2011) ("A party is not permitted to produce only what the party chooses."). Donziger com-

2

plains that Chevron is improperly seeking to "learn information about the financing of the process of enforcing the Ecuadorian environmental judgment in Canada and elsewhere," Ex. 2 at 2, but Chevron is entitled to discovery regarding Donziger's ongoing monetization of the Ecuadorian judgment as part of the permitted "very thorough" examination of his assets. Efforts to monetize the judgment benefit Donziger directly, not just through his own percentage interest, but also through any payments he receives for work on the case and the transfer of shares or other proceeds obtained by monetizing the judgment to defray his debts, including to compensate his attorneys and accountants, and to provide other benefits to himself. As this Court has found, there is a direct line between enforcement of the fraudulent Ecuadorian judgment and Donziger receiving substantial amounts of money. *See Chevron Corp. v. Donziger*, 974 F. Supp. 2d 362, 602 (S.D.N.Y. 2014) ("[T]o the extent the Judgment is enforced in the future, Donziger will be enriched further at Chevron's expense to the extent of 6.3 percent of the property thus obtained.").

Indeed, Donziger's own purported clients have demanded an accounting of the tens of millions of dollars he has raised in their name, including following issuance of the RICO judgment, and claim to be uninformed as to how that money has been spent or the extent to which he has personally benefited. *See, e.g.*, Ex. 3 at 3 ($25 million); Ex. 4 (noting demand that Donziger "explain to the affected people how he has managed the funds he has raised on behalf of the case, and that he continues to raise, abusing the group's name, [because] the group knows nothing about how that money is actually used"); Ex. 5 (Donziger has "failed to" provide "detailed information about all of the money they have managed that belongs to the UDAPT"); Ex. 6 (Fajardo accusing Donziger of raising funds on behalf of the FDA and LAPs without authority).

Moreover, courts have recognized an expansive approach to post-judgment discovery is particularly appropriate where, as here, a defendant has "refus[ed] to obey orders of [the] court,"

such that his "voluntary compliance" with discovery is in doubt.  *Greyhound Exhibitgroup, Inc.*, 1993 WL 50528, at *2.  Donziger has a long history of non-compliance with discovery and court orders.  *See* Dkt. 1529 at 94 ("It is clear that the defendants have 'decided when [they] will be co-operative, and when [they] will not be cooperative, which [they] ha[ve] no right to do.'").

**(2) Timing.**  Donziger has thus far refused to commit to providing any discovery absent a court order, arguing that it would be wasteful because there is a "reasonable chance that the underlying judgment will be vacated."  Ex. 2 at 1.  The Court has confirmed that Chevron is permitted to seek discovery in support of its money judgment ***now***, and Donziger has neither sought a stay of enforcement on appeal nor posted a bond.  Dkt. 1968 at 4.  Donziger cannot unilaterally exempt himself from the normal requirements of civil litigation.

**(3) Documents in the Possession of Donziger's Agents.**  Finally, Donziger objects to the production of documents "not in [his] possession but rather . . . in the possession of purported 'agents[.]'"  On May 4, Donziger said that if he provides any discovery at all, he would attempt to get documents from his agents, but that he might not be able to because many no longer work for him.  These objections are meritless—discovery extends to all documents within his possession, custody, or control, including those he has the "legal right or the practical ability to obtain." *See Riddell Sports Inc. v. Brooks*, 158 F.R.D. 555, 558 (S.D.N.Y. 1994) (Francis, M.J.) ("If the producing party has the legal right or the practical ability to obtain the documents, then it is deemed to have 'control,' even if the documents are actually in the possession of a non-party.").

For the foregoing reasons, Chevron requests that the Court order Donziger to comply fully with Chevron's discovery requests, including by responding to the information subpoena, producing documents related to his efforts to monetize the judgment, and by producing all documents in his possession, custody, or control.

4

| | |
|---|---|
| Dated: May 4, 2018 | Respectfully submitted, |
| New York, New York | GIBSON, DUNN & CRUTCHER LLP |

*/s/ Randy M. Mastro*

Randy M. Mastro
Andrea E. Neuman
200 Park Avenue
New York, New York 10166
Telephone: 212.351.4000
Facsimile: 212.351.4035
Email: RMastro@gibsondunn.com

William E. Thomson
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520


STERN, KILCULLEN & RUFOLO LLC
Herbert J. Stern
Joel M. Silverstein
325 Columbia Tpke, Ste 110
P.O. Box 992
Florham Park, New Jersey 07932-0992
Telephone:  973.535.1900
Facsimile:  973.535.9664

*Attorneys for Plaintiff Chevron Corporation*

*Chevron v. Donziger*, No. 11 Civ. 0691-LAK (S.D.N.Y.)

**Index of Exhibits to Plaintiff Chevron Corporation's Motion to Compel Donziger to Respond to Post-Judgment Discovery Requests**

Exhibit 1: Chevron Corporation's April 16, 2018 Restraining Notice and Post-Judgment Subpoenas to Steven Donziger

Exhibit 2: Steven Donziger's April 30, 2018 Objections and Responses to Chevron Corporation's April 16, 2018 Post-Judgment Subpoenas

Exhibit 3: PX 7033A: Regular Meeting of the Executive Committee of the UDAPT, Minutes No. 3 dated January 15, 2013 and an English translation thereof

Exhibit 4: March 2, 2018 UDAPT Letter and an English translation thereof

Exhibit 5: August 20, 2016 Declaration by the "Affected Nationalities in the Province of Subumbios" and an English translation thereof

Exhibit 6: Undated Letter from Pablo Fajardo Mendoza of Fromboliere to the President of the Amazon Defense Front and an English translation thereof