# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

CHEVRON CORPORATION,            :

        Plaintiff,            :

      v.            :    11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,            :

        Defendants.            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CHEVRON CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS IN AID OF THE SUPPLEMENTAL JUDGMENT TO
DEFENDANTS STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R.
DONZIGER, AND DONZIGER & ASSOCIATES, PLLC**

    In the above entitled action in the United States District Court for the Southern District of

New York,[1] a supplemental judgment was entered on February 28, 2018 in favor of Chevron

Corporation against Steven Donziger, The Law Offices of Steven R. Donziger, Donziger &

Associates, PLLC, and others, for the sum of $813,602.71, which remains due and unpaid.

    **YOU ARE HEREBY COMMANDED**, pursuant to Rule 69 of the Federal Rules of

Civil Procedure and CPLR Sections 5223 and 5224, to produce on or before April 27, 2018

---

[1]  The parties to this action are Chevron Corporation (Plaintiff) and Defendants Steven Donziger, The Law Offices of Steven R. Donziger, Donziger & Associates, PLLC, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, Stratus Consulting, Inc. Douglas Beltman, Anne Maest, Pablo Fajardo Mendoza, Luis Yanza, Frente de Defensa de la Amazonia A/K/A Amazon Defense Front, Selva Viva Selviva Cia, Ltda, Maria Aguinda Salazar, Carlos Grefa Huatatoca, Catalina Antonia Aguinda Salazar, Lidia Alexandra Aguinda Aguinda, Patricio Alberto Chimbo Yumbo, Clide Ramiro Aguinda Aguinda, Luis Armando Chimbo Yumbo, Beatriz Mercedes Grefa Tanguila, Lucio Enrique Grefa Tanguila, Patricio Wilson Aguinda Aguinda, Celia Irene Viveros Cusangua, Francisco Matias Alvarado Yumbo, Francisco Alvarado Yumbo, Olga Gloria Grefa Cerda, Lorenzo Jose Alvarado Yumbo, Narcisa Aida Tanguila Narvaez, Bertha Antonia Yumbo Tanguila, Gloria Lucrecia Tanguila Grefa, Francisco Victor Tanguilla Grefa, Rosa Teresa Chimbo Tanguila, Jose Gabriel Revelo Liore, Maria Clelia Reascos Revelo, Maria Magdalena Rodriguez Barcenes, Jose Miguel Ipiales Chicaiza, Heleodoro Pataron Guaraca, Luisa Delia Tanguila Narvaez, Lourdes Beatriz Chimbo Tanguila, Maria Hortencia Viveros Cusangua, Segundo Angel Amanta Milan, Octavio Ismael Cordova Huanca, Elias Roberto Piyahuaje Payahuaje, Daniel Carlos Lusitande Yaiguaje, Benancio Fredy Chimbo Grefa, Guillermo Vicente Payaguaje Lusitante, Delfin Leonidas Payaguaje Payaguaje, Alfredo Donaldo Payaguaje Payaguaje, Teodoro Gonzalo Piaguaje Payaguaje, Miguel Mario Payaguaje Payaguaje, Fermin Piaguaje Payaguaje, Reinaldo Lusitande Yaiguaje, Luis Agustin Payaguaje Piaguaje, Emilio Martin Lusitande Yaiguaje, Simon Lusitande Yaiguaje, Armando Wilfrido Piaguaje Payaguaje, and Angel Justino Piaguage Lucitante.

responses and/or objections to each document request to counsel at Gibson, Dunn & Crutcher

LLP, 200 Park Avenue, New York, NY 10166-0193.

## INSTRUCTIONS

1.      The definitions and rules of construction set forth in Rule 26.3 of the Local Rules

for the Southern and Eastern Districts of New York are incorporated herein.

2.      This First Set of Requests for the Production of Documents ("REQUEST" or

"REQUESTS") calls for the production of all DOCUMENTS ("documents" INCLUDES

electronically stored information) in YOUR possession, or subject to YOUR custody or

CONTROL, INCLUDING DOCUMENTS in the possession, custody, or CONTROL of YOUR

agents, attorneys, or representatives (INCLUDING to attorneys in this action, attorneys in the

ECUADOR LITIGATION, Pablo Fajardo Mendoza, Servicios Fromboliere Compania Limitada,

Luis Yanza, Julio Prieto Méndez, Juan Pablo Sáenz, Andrew Woods, Aaron Marr Page, Laura

Garr, Brian Parker, Joseph Kohn, Patricio Salazar Cordova, Agustin Salazar, Serafin Angel Cajo,

and SELVA VIVA).  Possession, custody, or CONTROL INCLUDES DOCUMENTS stored in

electronic form by third-party service providers but accessible to YOU or YOUR agents,

attorneys, representatives, or others acting on YOUR behalf, INCLUDING email accounts, FTP

servers, instant messaging applications, texts, WhatsApp, portable storage media such as USB

drives, cloud storage services such as Dropbox, iCloud, Google Drive, or OneDrive, and online

workspaces such as WebEx.

3.      Each REQUEST herein constitutes a request for DOCUMENTS in their entirety,

with all enclosures and attachments, and without abbreviation, redaction, or expurgation.

DOCUMENTS attached to each other, INCLUDING by staple, clip, tape, email attachment, or

"Post-It" note, shall not be separated, although any page on which a Post-It note covers or

obscures text on the DOCUMENT shall be produced both with and without the Post-It note.  The

production must also INCLUDE, where applicable, any index tabs, file dividers, designations,

binder spine labels, or other similar information as to the source and/or location of the

DOCUMENTS.

4.      YOU shall produce any and all drafts and copies of each DOCUMENT that are

responsive to any REQUEST, INCLUDING copies containing handwritten notes, markings,

stamps, or interlineations.  The author(s) of all handwritten notes shall be identified.

5.      Responsive DOCUMENTS that exist only in paper form shall be organized as

they have been kept in the ordinary course of business.

6.      If with respect to any REQUEST there are no responsive DOCUMENTS, so state

in writing.

7.      Chevron will meet and confer with YOU to discuss the logistics of production,

but absent an alternative agreement with Chevron, responsive DOCUMENTS shall be produced

in TIFF format with the accompanying text of the DOCUMENTS in a load file that also

INCLUDES the metadata, subject to the following:

       a.   responsive DOCUMENTS that cannot be produced in TIFF format due to

         technical reasons shall be produced in a computer-readable and text searchable

         format to be mutually determined by the parties;

       b.   Microsoft Excel files, PowerPoint files, and other responsive DOCUMENTS that

         can be meaningfully viewed only in their native electronic format shall be

         produced in their native electronic format; and

c.  to the extent data maintained in a database is responsive and not privileged or otherwise subject to protection, the parties shall meet and confer over the scope and format of production.

8.  YOU shall produce the following metadata and production information associated with responsive DOCUMENTS (INCLUDING Microsoft Word DOCUMENTS that preserve and reveal any hidden notations, creation or alteration records) and make it reasonably accessible to Chevron:  BEG_PROD_NUM, END_PROD_NUM, BEGATTACH, ENDATTACH, FROM, RECIPIENT, CC, BCC, DATE (sent date for email, create date for files), SUBJECT (subject line for email, filename for file, title for hard copy), UNREAD (unread status of email messages) DOCTYPE, FILENAME, ALL CUSTODIANS FILE PATHS, MD5 HASH, REVISION (revision number of DOCUMENT), AUTHOR, MODIFY DATE, MODIFIED BY, TOTAL EDIT TIME, LAST PRINTED, and ALL CUSTODIANS.  This INCLUDES metadata that is stored as part of the responsive document, and metadata stored by the file system in which the responsive DOCUMENT is stored.  YOU shall preserve all metadata associated with all responsive DOCUMENTS, INCLUDING metadata that is not produced pursuant to this instruction, and Chevron reserves the right to request the production of native copies of responsive DOCUMENTS for which the produced metadata is incomplete to the extent native copies are not already called for by these REQUESTS.  This instruction shall be read in accordance with the requirements and limitations imposed by Rules 26(b) and 34 of the Federal Rules of Civil Procedure.  Chevron will meet and confer with YOU to discuss metadata and expects to generally follow the guidance provided by the United States District Court for the Southern District of New York in *Nat'l Day Laborer Organizing Network v. U.S. Immigration and Customs Enforcement Agency*, 2011 WL 381625 (S.D.N.Y. Feb 7, 2011) (Scheindlin, J.).

9.      If YOU object to a portion or an aspect of a REQUEST, state the grounds for YOUR objection with specificity and respond to the remainder of the REQUEST.  If any DOCUMENTS, or portion thereof, are withheld because YOU claim that such information is protected under the attorney-client privilege, work product doctrine, or other privilege or doctrine, YOU are required to PROVIDE a privilege log, specifying for each such DOCUMENT or withheld information:  (1) the type of DOCUMENT, e.g., letter or memorandum; (2) the general subject matter of the DOCUMENT; (3) the date of the DOCUMENT; and (4) the author of the DOCUMENT, the addressees of the DOCUMENT, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

10.      If YOU claim that a portion of a DOCUMENT is protected from disclosure for any reason, produce such DOCUMENT with redaction of only the portion claimed to be protected.  Any DOCUMENT produced in redacted form shall clearly indicate on its face that it has been redacted.

11.      If YOU object that a REQUEST is vague or ambiguous, identify the objectionable aspect of the REQUEST, state YOUR interpretation of the REQUEST and respond to that interpretation.

12.      If any DOCUMENT called for by the REQUESTS has been destroyed, lost, discarded, or is otherwise no longer in your possession, custody, or CONTROL, identify such DOCUMENT as completely as possible, and specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the PERSON authorizing disposal, and the PERSON disposing of the DOCUMENT.

13.      Defined terms may be capitalized for the convenience of the parties; the definitions herein apply whether or not the term is capitalized.

## DEFINITIONS

1.      The term "ACCOUNT" as used herein means and INCLUDES savings accounts, checking accounts, money market accounts, brokerage accounts, certificates of deposit, lines of credit, and any other credits or debits.

2.      The term "ACCOUNTING" means and refers to any record of financial information.  This INCLUDES accountings, financial statements, bank statements, ledgers, books, audits, registers, financial reconciliations, summaries of financial information, and reports of financial information.

3.      The term "ASSET" means any tangible or intangible PROPERTY, INCLUDING real PROPERTY, personal PROPERTY, intellectual PROPERTY, chattels, cash, securities, derivative products, ACCOUNTS, debts, contract rights, security interests, claims, and causes of action, anywhere in the world.

4.      The term "PROPERTY" means anything that may be the subject of OWNERSHIP.

5.      The terms "OWN" and "OWNERSHIP" mean owned directly or indirectly, in whole or in part, as sole owner or jointly with others, either of record or beneficially, including without limitation as a partner, general or limited, limited liability member, fiduciary, and as an equity or debt holder, or demand deposit holder.

6.      The term "CONTROL" (including, with correlative meanings, the terms "controlled by" and "under common control with"), as used with respect to any PERSON or ENTITY, shall mean the possession, directly or indirectly, of the power to direct or cause the actions, direction of the management, or policies of such PERSON or ENTITY, whether through the OWNERSHIP of voting securities, by contract or otherwise.

7.     The terms "ENTITY" and "ENTITIES" shall INCLUDE all corporations, associations, partnerships, joint ventures, companies, funds, trusts, limited liability companies, limited liability partnerships, any government or regulatory authority, and all other forms of incorporated and unincorporated organizations that are not natural persons.

8.     The terms "INCLUDE" and "INCLUDING" mean including, but not limited to. When the word "INCLUDE" or "INCLUDING" is followed by one or more specific examples, those examples are illustrative only and do not limit in any way the information requested.

9.     "AMAZONIA RECOVERY LIMITED" means and refers to Amazonia Recovery Limited, an organization registered and/or incorporated under the Companies Act of Gibraltar on or around May 4, 2012, and any current and former subsidiaries, affiliates, partners, officers, directors, employees, representatives, agents, and any other PERSON acting, or purporting to act, on their behalf, and any predecessors or successors of the foregoing and any parent, subsidiary, division, or successor ENTITY.

10.    "AMAZON DEFENSE FRONT" means and refers to the Frente de Defensa de la Amazonía a/k/a Amazon Defense Front and INCLUDES the Front's officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

11.    "AMAZONIA RECOVERY LIMITED STEERING COMMITTEE" means and refers to the "advisory steering committee [to Amazonia Recovery Limited] that will be appointed by the Claimants to advise and assist the Claimants in respect of the Claim (INCLUDING with respect to remediation efforts)" as defined in paragraph 95 of Amazonia Recovery Limited's February 27, 2013 amended Memorandum of Association.

12.    "ECUADOR ENFORCEMENT ACTIONS" means and refers to any proceeding seeking recognition and/or enforcement of the ECUADOR JUDGMENT anywhere in the world.

13.    "ECUADOR JUDGMENT TRUST" means and refers to the trust discussed in the March 30 filing of Pablo Fajardo Mendoza to the Provincial Court of Justice of Sucumbiós regarding the "Commercial Trust for the Administration of Funds ADAT, granted by Maria Victoria Aguinda Salazar, Lidia Alexandra Aguinda Aguinda, et al., the AMAZON DEFENSE FRONT and Compañia Fiduciaria Ecuador FIDUECUADOR S.A. funds and trusts administrator" executed on March 1, 2012 by Dr. Sandra Veronica Barrazueta Molina.

14.    "ECUADOR JUDGMENT" means and refers to the judgment entered in the ECUADOR LITIGATION on February 14, 2011, as modified by subsequent proceedings.

15.    "ECUADOR LITIGATION" means and refers to the proceeding *Maria Aguinda y Otros v. Chevron Corporation*, in the Provincial Court of Justice of Sucumbíos in Ecuador, and all appellate proceedings and subsequent proceedings stemming therefrom.

16.    "LAGO AGRIO PLAINTIFFS" means and refers to Defendants Alfredo Donaldo Payaguaje Payaguaje; Ángel Justino Piaguaje Lucitante; Armando Wilfrido Piaguaje Payaguaje; Beatriz Mercedes Grefa Tanguila; Benancio Freddy Chimbo Grefa; Bertha Antonia Yumbo Tanguila; Carlos Grega Huatatoca; Catalina Antonia Aguinda Salazar; Celia Irene Viveros Cusangua; Clide Ramiro Aguinda Aguinda; Daniel Carlos Lusitande Yaiguaje; Delfín Leonidas Payaguaje Payaguaje; Elias Roberto Piyahuaje Payahuaje; Emilio Martín Lusitande Yaiguaje; Fermin Piaguaje Payaguaje; Francisco Alvarado Yumbo; Francisco Matias Alvarado Yumbo; Francisco Victor Tanguila Grefa; Gloria Lucrecia Tanguila Grefa; Guillermo Vicente Payaguaje Lusitante; Heleodoro Pataron Guaraca; Hugo Gerardo Camacho Naranjo; Javier Piaguaje Payaguaje; José Gabriel Revelo Llore; José Miguel Ipiales Chicaiza; Lidia Alexandra Aguinda Aguinda; Lorenzo José Alvarado Yumbo; Lourdes Beatriz Chimbo Tanguila; Lucio Enrique Grefa Tanguila; Luis Agustín Payaguaje Piaguaje; Luis Armando Chimbo Yumbo; Luisa Delia

Tanguila Narvaez; Maria Aguinda Salazar; María Clelia Reascos Revelo; María Hortencia

Viveros Cusangua; Maria Magdalena Rodriguez Barcenes; Miguel Mario Payaguaje Payaguaje;

Narcisa Aida Tanguila Narváez; Octavio Ismael Córdova Huanca; Olga Gloria Grefa Cerda;

Patricio Alberto Chimbo Yumbo; Patricio Wuilson Aguinda Aguinda; Reinaldo Lusitande

Yaiguaje; Rosa Teresa Chimbo Tanguila; Segundo Ángel Amanta Milán; Simon Lusitande

Yaiguaje; and Teodoro Gonzalo Piaguaje Payaguaje.

17.     "PERSON" means and refers to any natural person or any business, legal or

governmental ENTITY, or association.

18.     "REPUBLIC OF ECUADOR" means and refers to the governing political body in

Ecuador, INCLUDING all branches of government and political subdivisions, its current and

former presidents, attorneys general, judges, prosecutors, other officials, politicians, partners,

contractors, employees, representatives, agents, agencies, officers, attorneys, accountants,

assigns, or any other person acting, or purporting to act, on the REPUBLIC OF ECUADOR's

behalf, either directly or indirectly, INCLUDING: Lenín Moreno; Rafael Correa; Martha

Escobar; Patricio Garcia; Alexis Mera; Alberto Acosta; Ana Alban; Galo Chiriboga; Rene

Vargas Pazos; Mauricio Montalvo Samaniego; Judge Alberto Guerra Bastidas; Judge Efrain

Novillo Guzmán; Judge Germán Yánez Ricardo Ruiz; Judge Juan Evangelista Núñez Sanabria;

Judge Leonardo Ordóñez Pina; Judge Nicolás Augusto Zambrano Lozada; Judge Juan Carlos

Encarnación Sanchez; Judge Cruz María Ávila Delgado; Judge Marco Antonio Yaguache Mora;

Judge Milton David Rafael Toral Zevallos; Judge Alejandro Kleber Orellana Pineda; Judge Lilia

Marlene Ortiz Vásquez; José María Borja; Washington Pesántez; Cecilia Armas Erazo de Tobar;

Jorge German; Diego Borja (former Economic Policy Minister); Esperanza Martinez; Diego

García Carrión; Alianza Pais; the National Intelligence Secretariat; and any current or former official at the offices of the Fiscal, Prosecutor General, or Attorney General.

19.     "SELVA VIVA" means and refers to Defendant Selva Viva Selviva Cia. Ltda., and its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

20.     "YOU" and "YOUR" mean and refer to Steven Donziger, The Law Offices of Steven R. Donziger, and Donziger & Associates, PLLC, and where applicable, their officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

## DOCUMENTS REQUESTED

1.     All DOCUMENTS evidencing or relating to any domestic or foreign ASSET that YOU OWN or CONTROL.

2.     All DOCUMENTS evidencing or relating to any information concerning the identity, location and/or value of YOUR domestic or foreign PROPERTY, domestic or foreign income, and/or domestic or foreign ASSETS.

3.     All DOCUMENTS evidencing or relating to YOUR OWNERSHIP or other interest in, and value of, any domestic or foreign real estate.

4.     All DOCUMENTS evidencing or relating to any OWNERSHIP interest, direct or beneficial, that YOU have in any real or personal PROPERTY, whether domestic or foreign, INCLUDING cooperative corporation shares, automobiles, trucks, other motor vehicles, boats, artwork, jewelry, aircraft, stocks, bonds, commodities, securities, partnership interests, patents, inventions, trade names, copyrights, royalty agreements, promissory notes, drafts or other commercial paper, or causes of action.

5.     All DOCUMENTS evidencing or relating to YOUR current OWNERSHIP of any inherited PROPERTY, INCLUDING those ASSETS YOU received or are entitled to future

receipt of, from any estates in which YOU may have or have had an interest, as well as the current value of such PROPERTY.

6.      All DOCUMENTS evidencing or relating to YOUR current OWNERSHIP interest in any domestic or foreign ENTITIES or ACCOUNTS, as well as the current value of such PROPERTY and, if the PROPERTY was sold or transferred since the issuance of the Court's March 4, 2014 Judgment (Dkt. 1875), as modified, the date of such transfer, the identity of the purchaser, and the value received for such transfer.

7.      All originals or copies of all financial statements, checks (fronts and backs of all checks) and/or wire transfers for bank, brokerage or trust ACCOUNTS, whether active or inactive, open or closed, relating to YOUR ASSETS, dated on or after the issuance of the Court's March 4, 2014 Judgment (Dkt. 1875), as modified.

8.      All DOCUMENTS evidencing or relating to any balance sheets, income statements, inventories, profit and loss statements, and any other documents or information showing YOUR ASSETS, PROPERTY, expenses, and/or liabilities, dated on or after the issuance of the Court's March 4, 2014 Judgment (Dkt. 1875), as modified.

9.      All DOCUMENTS evidencing or relating to any claims, lawsuits, proceedings, liens or demands that have been threatened and/or filed against YOU since the issuance of the Court's March 4, 2014 Judgment (Dkt. 1875), as modified.

10.     All DOCUMENTS evidencing or relating to any domestic or foreign savings ACCOUNTS, checking ACCOUNTS, money market ACCOUNTS, investment ACCOUNTS, certificates of deposit, or any other ACCOUNTS in which YOU have or have had an interest since March 4, 2014, wherever found.

11.    All DOCUMENTS evidencing or relating to any means by which YOU, since March 4, 2014, have transferred, paid, received, or conducted any financial transactions or any other transaction involving an exchange of value.

12.    All DOCUMENTS evidencing or relating to any interest in any ASSET that YOU have transferred, sold, assigned, pledged, gifted, encumbered, or otherwise disposed of since the issuance of the Court's March 4, 2014 Judgment (Dkt. 1875), as modified.

13.    All DOCUMENTS evidencing or relating to any debts or credits due, owing, or which will become due or owing to YOU, wherever found, including documents relating to any terms on which such debts may be, have been, are, or will be forgiven or not enforced.

14.    YOUR filed federal tax returns from 2014 until the present.

15.    YOUR filed state tax returns from 2014 until the present.

16.    All DOCUMENTS evidencing or relating to filed federal corporate tax returns from 2014 until the present that relate to YOUR ASSETS.

17.    All DOCUMENTS evidencing or relating to filed state corporate tax returns from 2014 until the present that relate to YOUR ASSETS.

18.    All DOCUMENTS evidencing or relating to any financing provided to YOU, INCLUDING all promissory notes, security agreements, and UCC-1 financing statements. This REQUEST INCLUDES documents sufficient to show the original amount of the financing, the PERSON or ENTITY to whom due, balance owing, payments, maturity and collateral, and any other DOCUMENTS relating to any such debt.

19.    All DOCUMENTS evidencing or relating to all PROPERTY, whether personal or real, tangible or intangible, vested or contingent that YOU have received, or hereafter may receive, directly or indirectly, or to which YOU have or hereafter obtain any right, title or

interest, directly or indirectly, that is traceable to the ECUADOR JUDGMENT or the enforcement of the ECUADOR JUDGMENT anywhere in the world.

20.    All DOCUMENTS evidencing or relating to any acts taken by YOU or the LAGO AGRIO PLAINTIFFS to monetize or profit from the ECUADOR JUDGMENT since March 4, 2014, INCLUDING by selling, assigning, pledging, promising, transferring, borrowing against, or encumbering any interest therein.

21.    All DOCUMENTS evidencing or relating to any communication between YOU and any PERSON or ENTITY since March 4, 2014 concerning the ECUADOR JUDGMENT or any attempts by anyone, successful or not, to monetize or profit from it.

22.    All DOCUMENTS evidencing or relating to any PERSON or ENTITY who financially supported or invested in, was asked to financially support or invest in, or who offered to financially support or invest in any aspect of the ECUADOR JUDGMENT or the enforcement thereof.

23.    All DOCUMENTS related to the ECUADOR JUDGMENT TRUST.

24.    All DOCUMENTS related to AMAZONIA RECOVERY LIMITED, INCLUDING:

      a.    All DOCUMENTS using or discussing the creation of any code names, alternate names, pseudonyms, nicknames or other naming conventions ("alternate names"), other than the legal name for AMAZONIA RECOVERY LIMITED;

      b.    All DOCUMENTS related to the appointment of any PERSON, INCLUDING Julian Jarvis, Ermel Gabriel Chavez Parra, Luis Francisco Yanza Angamarca, and Pablo Fajardo Mendoza to the board of directors of AMAZONIA RECOVERY LIMITED;

13

c.  All DOCUMENTS related to the membership, responsibilities and operations of the AMAZONIA RECOVERY LIMITED STEERING COMMITTEE;

d.  All ACCOUNTINGS related to AMAZONIA RECOVERY LIMITED;

e.  All DOCUMENTS related to any shares, rights, title, or interest in AMAZONIA RECOVERY LIMITED held directly or indirectly by YOU at any time;

f.  All DOCUMENTS related to GT Nominees Limited, Torvia Limited, or any other shareholder in AMAZONIA RECOVERY LIMITED;

g.  All DOCUMENTS related to the true beneficial OWNERS of the shares of AMAZONIA RECOVERY LIMITED;

h.  All DOCUMENTS, INCLUDING ACCOUNT opening documents and periodic statements, related to all savings, checking, money market, brokerage or any other credit or debit ACCOUNTS belonging to AMAZONIA RECOVERY LIMITED, operated by AMAZONIA RECOVERY LIMITED, CONTROLLED by AMAZONIA RECOVERY LIMITED or for which AMAZONIA RECOVERY LIMITED is a signatory; and

i.  All DOCUMENTS related to any PERSON or ENTITY, who financially supported or invested in, was asked to financially support or invest in, or who offered to financially support or invest in AMAZONIA RECOVERY LIMITED.

25.  All DOCUMENTS evidencing or relating to any past or present trust, corporation, or other ENTITY created to hold, distribute, administer, or otherwise affect any proceeds of the ECUADOR JUDGMENT.

26.  All DOCUMENTS evidencing or relating to any payment, proceeds, compensation, revenue, or any other thing of value YOU have received, contracted to receive, or

have been promised related to any aspect of YOUR involvement in the ECUADOR LITIGATION, ECUADOR JUDGMENT, and/or ECUADOR ENFORCEMENT ACTIONS.

27.     All DOCUMENTS evidencing or relating to any attempted or completed sale or transfer of any license, copyright, life rights, trademark, media rights, or other right to exploit, market or publicize any aspect of the ECUADOR LITIGATION, the ECUADOR JUDGMENT, and/or the ECUADOR ENFORCEMENT ACTIONS, and YOUR involvement or the involvement of any other PERSON or ENTITY therein.

28.     All DOCUMENTS evidencing or relating to any actual, contemplated, anticipated, or potential movie, documentary, book, television program, podcast, or other media project relating in any way to the ECUADOR LITIGATION, the ECUADOR JUDGMENT, or the ECUADOR ENFORCEMENT ACTIONS, INCLUDING YOUR role and any value YOU might receive in connection therewith.

29.     All DOCUMENTS evidencing or relating to any payment, compensation, revenue, or any other thing of value YOU have delivered, contracted to deliver, or have promised to any PERSON or ENTITY from any proceeds that may be received from the ECUADOR JUDGMENT or the ECUADOR ENFORCEMENT ACTIONS.

30.     All DOCUMENTS evidencing or relating to any attempted or completed sale, assignment, or transfer of rights, title, claims, or interest of any proceeds or other interest held by YOU, whether directly or indirectly, in the ECUADOR JUDGMENT or the ECUADOR ENFORCEMENT ACTIONS, whether or not such attempt was successful.

31.     All DOCUMENTS evidencing or relating to any distribution of the proceeds from enforcement of the ECUADOR JUDGMENT.

32.   All DOCUMENTS evidencing or relating to any dispute concerning or relating to any monies raised in connection with the ECUADOR LITIGATION, the ECUADOR JUDGMENT, the ECUADOR ENFORCEMENT ACTIONS, and/or the ECUADOR JUDGMENT TRUST, INCLUDING any dispute regarding the beneficiary or beneficiaries of the ECUADOR JUDGMENT and ECUADOR JUDGMENT TRUST.

33.   All DOCUMENTS evidencing or relating to funding commitments in support of the ECUADOR LITIGATION or ECUADOR ENFORCEMENT ACTIONS from any PERSON or ENTITY, INCLUDING from the following:

   a.  Kohn Swift & Graf, P.C.

   b.  Russell DeLeon

   c.  Orin Kramer

   d.  Torvia Limited

   e.  Burford

   f.  88 Capital

   g.  Equitable Outcomes

   h.  Jonaks Limited

   i.  Satee GMBH

   j.  David Sherman III

   k.  Glenn Krevlin

   l.  Michael Donziger

   m.  Russell O. Wiese

   n.  TC Payment Services International

   o.  AMAZONIA RECOVERY LIMITED

p.   Woodsford Litigation Funding Limited

34.    All DOCUMENTS evidencing or relating to how monies (totaling $32,360,647)

shown in the below chart as "commitments" from investors in the ECUADOR LITIGATION

were expended, the identification of any ACCOUNTS into which any portion of said monies

were deposited, or any specific amounts received or expended by YOU at any time:

### Funding for the Enterprise

| Investor | Investments Contributed | Commitment Amounts[1] |
|---|---|---|
| Kohn Swift & Graf, P.C. | $ 6,360,647 | $ 6,360,647 |
| Russell DeLeon | $ 1,500,000 | $ 2,000,000 |
| Orin Kramer | $ 150,000 | $ 150,000 |
| Torvia Limited | $ 3,413,367 | $ 7,250,000 |
| Burford | $ 4,000,000 | $ 15,000,000 |
| 88 Capital | | $ 250,000 |
| Equitable Outcomes | | $ 150,000 |
| Jonaks Limited | | $ 200,000 |
| Satee GMBH | | $ 300,000 |
| David Sherman III | | $ 250,000 |
| Glenn Krevlin | | $ 250,000 |
| Michael Donziger | | $ 150,000 |
| Russell O. Wiese | | $ 50,000 |
| TC Payment Services International | $ 424,948 | |
| Amazonia Recovery Limited | $ 149,000 | |
| TOTAL | $ 15,997,963 | $ 32,360,647 |

[1] Commitment amounts are amounts to be funded as defined in each individual or entity's respective funding agreement as "Commitment Amount" or "Capital Commitment." KSG's commitment amount is based upon Donziger's representation of investments contributed in his deposition testimony, as well as general ledger and bank records.

PX 2143    Confidential

PLAINTIFF'S EXHIBIT 2143 11-CIV-0691(LAK)

Plaintiff's Exhibit 2143  p. 1 of 1
Plaintiff's Exhibit 4900  p. 114 of 144

35.    All DOCUMENTS evidencing or relating to any ACCOUNTINGS, reports,

summaries, analyses, statements, ledgers, or any other kind of record relating to how funds

received in support of the ECUADOR LITIGATION, ECUADOR JUDGMENT, and/or

ECUADOR ENFORCEMENT ACTIONS have been received or expended, INCLUDING

anything prepared in response to a demand by the Union of People Affected by Texaco (aka UDAPT) and their agents and representatives.

36.     All DOCUMENTS evidencing or relating to any and all ASSETS, benefits, payments, or things of value that have been or will be conferred, offered, or promised to YOU or any agent, attorney, or representative of YOU or the LAGO AGRIO PLAINTIFFS (INCLUDING attorneys in this action, attorneys in the ECUADOR LITIGATION, Pablo Fajardo Mendoza, Servicios Fromboliere Compania Limitada, Luis Yanza, Julio Prieto Méndez, Juan Pablo Sáenz, Andrew Woods, Aaron Marr Page, Laura Garr, Brian Parker, Joseph Kohn, Patricio Salazar Cordova, Agustin Salazar, Serafin Angel Cajo, and SELVA VIVA), by the REPUBLIC OF ECUADOR, INCLUDING the date, description, medium and purpose of such benefits, payments, or things of value and the identification of all PERSONS and/or ENTITIES involved in, and documents concerning such ASSETS, benefits, payments, or things of value.

37.     All DOCUMENTS evidencing or relating to the current ASSETS or liabilities of the AMAZON DEFENSE FRONT.

38.     All DOCUMENTS evidencing or relating to YOUR current OWNERSHIP interest in AMAZONIA RECOVERY LIMITED.

Dated: April 16, 2018
     New York, New York

                    GIBSON, DUNN & CRUTCHER LLP

                    By: _____

                    Randy M. Mastro
                    Andrea E. Neuman
                    200 Park Avenue, 47th Floor
                    New York, New York 10166-0193
                    Telephone: 212.351.4000
                    Facsimile:  212.351.4035

                    William E. Thomson

333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7891
Facsimile:  213.229.6891


STERN, KILCULLEN & RUFOLO LLC
Herbert J. Stern
Joel M. Silverstein
325 Columbia Tpke, Ste 110
P.O. Box 992
Florham Park, New Jersey 07932-0992
Telephone: 973.535.1900
Facsimile: 973.535.9664

*Attorneys for Chevron Corporation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - X

CHEVRON CORPORATION,                            :

        Plaintiff,                            :

        v.                                   :    11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,                        :

        Defendants.                          :

- - - - - - - - - - - - - - - - - - - - - - - - - - x

**CHEVRON CORPORATION'S FIRST INFORMATION SUBPOENA IN AID OF THE
SUPPLEMENTAL JUDGMENT AND RESTRAINING NOTICE TO DEFENDANTS
STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER
AND DONZIGER & ASSOCIATES, PLLC**

In the above entitled action in the United States District Court for the Southern District of

New York,[1] a supplemental judgment was entered on February 28, 2018 in favor of Chevron

Corporation against Steven Donziger, The Law Offices of Steven R. Donziger, Donziger &

Associates, PLLC, and others, for the sum of $813,602.71, which remains due and unpaid.

---

[1] The parties to this action are Chevron Corporation (Plaintiff) and Defendants Steven Donziger, The Law Offices of Steven R. Donziger, Donziger & Associates, PLLC, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, Stratus Consulting, Inc. Douglas Beltman, Anne Maest, Pablo Fajardo Mendoza, Luis Yanza, Frente de Defensa de la Amazonia A/K/A Amazon Defense Front, Selva Viva Selviva Cia, Ltda, Maria Aguinda Salazar, Carlos Grefa Huatatoca, Catalina Antonia Aguinda Salazar, Lidia Alexandra Aguinda Aguinda, Patricio Alberto Chimbo Yumbo, Clide Ramiro Aguinda Aguinda, Luis Armando Chimbo Yumbo, Beatriz Mercedes Grefa Tanguila, Lucio Enrique Grefa Tanguila, Patricio Wilson Aguinda Aguinda, Celia Irene Viveros Cusangua, Francisco Matias Alvarado Yumbo, Francisco Alvarado Yumbo, Olga Gloria Grefa Cerda, Lorenzo Jose Alvarado Yumbo, Narcisa Aida Tanguila Narvaez, Bertha Antonia Yumbo Tanguila, Gloria Lucrecia Tanguila Grefa, Francisco Victor Tanguilla Grefa, Rosa Teresa Chimbo Tanguila, Jose Gabriel Revelo Liore, Maria Clelia Reascos Revelo, Maria Magdalena Rodriguez Barcenes, Jose Miguel Ipiales Chicaiza, Heleodoro Pataron Guaraca, Luisa Delia Tanguila Narvaez, Lourdes Beatriz Chimbo Tanguila, Maria Hortencia Viveros Cusangua, Segundo Angel Amanta Milan, Octavio Ismael Cordova Huanca, Elias Roberto Piyahuaje Payahuaje, Daniel Carlos Lusitande Yaiguaje, Benancio Fredy Chimbo Grefa, Guillermo Vicente Payaguaje Lusitante, Delfin Leonidas Payaguaje Payaguaje, Alfredo Donaldo Payaguaje Payaguaje, Teodoro Gonzalo Piaguaje Payaguaje, Miguel Mario Payaguaje Payaguaje, Fermin Piaguaje Payaguaje, Reinaldo Lusitande Yaiguaje, Luis Agustin Payaguaje Piaguaje, Emilio Martin Lusitande Yaiguaje, Simon Lusitande Yaiguaje, Armando Wilfrido Piaguaje Payaguaje, and Angel Justino Piaguage Lucitante.

**YOU ARE HEREBY COMMANDED,** pursuant to Rule 69 of the Federal Rules of Civil Procedure and CPLR Sections 5223 and 5224, to answer, in writing and under oath, separately and fully, each question in the questionnaire accompanying this subpoena, each answer referring to the question to which it responds; and that you return the answers together with the original questions within 10 days after your receipt of the questions and this subpoena to Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166-0193.  False swearing or failure to comply with this subpoena is punishable as a contempt of court.

I HEREBY CERTIFY THAT THIS INFORMATION SUBPOENA COMPLIES WITH RULE 5224 OF THE CIVIL PRACTICE LAW AND RULES AND SECTION 601 OF THE GENERAL BUSINESS LAW THAT I HAVE A REASONABLE BELIEF THAT THE PARTY RECEIVING THIS SUBPOENA HAS IN THEIR POSSESSION INFORMATION ABOUT THE DEBTOR THAT WILL ASSIST THE CREDITOR IN COLLECTING THE JUDGMENT.

Pursuant to Rule 69 of the Federal Rules of Civil Procedure and CPLR Section 5222, **YOU ARE HEREBY RESTRAINED**, as detailed below.

<u>**RESTRAINING NOTICE**</u>

**TAKE NOTICE** that, pursuant to CPLR 5222(b), which is set forth in full herein, you are hereby **FORBIDDEN** to make or suffer any sale, assignment, transfer or interference with any PROPERTY in which YOU have an interest, or pay over or otherwise dispose of any debt owed to YOU, except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice INCLUDES all PROPERTY in which YOU have an interest hereafter coming into YOUR possession or custody and all debts of any other PERSON hereafter coming due to YOU.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

## CIVIL LAW AND PRACTICE RULES

5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

## SUBPOENA DEFINITIONS AND INSTRUCTIONS

1.      The definitions and rules of construction set forth in Rule 26.3 of the Local Rules for the Southern and Eastern Districts of New York are incorporated herein.

2.      The term "ACCOUNT" as used herein means and INCLUDES savings accounts, checking accounts, money market accounts, brokerage accounts, certificates of deposit, lines of credit, and any other credits or debits.

3.      The term "ACCOUNTING" means and refers to any record of financial information.  This INCLUDES accountings, financial statements, bank statements, ledgers, books, audits, registers, financial reconciliations, summaries of financial information, and reports of financial information.

4.      The term "ASSET" means any tangible or intangible PROPERTY, INCLUDING real PROPERTY, personal PROPERTY, intellectual PROPERTY, chattels, cash, securities, derivative products, ACCOUNTS, debts, contract rights, security interests, claims, and causes of action, anywhere in the world.

5.      The term "PROPERTY" means anything that may be the subject of OWNERSHIP.

6.      The term "CONTROL" (INCLUDING, with correlative meanings, the terms "controlled by" and "under common control with"), as used with respect to any PERSON or ENTITY, shall mean the possession, directly or indirectly, of the power to direct or cause the actions, direction of the management, or policies of such PERSON or ENTITY, whether through the OWNERSHIP of voting securities, by contract or otherwise.

7.      The term "ENTITY" and "ENTITIES" shall INCLUDE all corporations, associations, partnerships, joint ventures, companies, funds, trusts, limited liability companies,

limited liability partnerships, any government or regulatory authority, and all other forms of incorporated and unincorporated organizations that are not natural persons.

8.      The terms "INCLUDE" and "INCLUDING" mean including, but not limited to. When the word "INCLUDE" or "INCLUDING" is followed by one or more specific examples, those examples are illustrative only and do not limit in any way the information requested.

9.      The terms "OWN" and "OWNERSHIP" mean owned directly or indirectly, in whole or in part, as sole owner or jointly with others, either of record or beneficially, INCLUDING as a partner, general or limited, limited liability member, fiduciary, and as an equity or debt holder, or demand deposit holder.

10.     "AMAZON DEFENSE FRONT" means and refers to the Frente de Defensa de la Amazonía a/k/a Amazon Defense Front, and INCLUDES the Front's officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

11.     "ECUADOR ENFORCEMENT ACTIONS" means and refers to any proceeding seeking recognition and/or enforcement of the ECUADOR JUDGMENT anywhere in the world.

12.     "ECUADOR JUDGMENT" means and refers to the judgment entered in the ECUADOR LITIGATION on February 14, 2011 as modified by subsequent proceedings.

13.     "ECUADOR JUDGMENT TRUST" means and refers to the trust discussed in the March 30 filing of Pablo Fajardo Mendoza to the Provincial Court of Justice of Sucumbíos regarding the "Commercial Trust for the Administration of Funds ADAT, granted by Maria Victoria Aguinda Salazar, Lidia Alexandra Aguinda, et al., the AMAZON DEFENSE FRONT and Compañia Fiduciaria Ecuador FIDUECUADOR S.A. funds and trusts administrator" executed on March 1, 2012 by Dr. Sandra Veronica Barrazueta Molina.

14.    "ECUADOR LITIGATION" means and refers to the proceeding *Maria Aguinda y Otros v. Chevron Corporation*, in the Provincial Court of Justice of Sucumbíos in Ecuador, and all appellate proceedings and subsequent proceedings stemming therefrom.

15.    "LAGO AGRIO PLAINTIFFS" means and refers to Defendants Alfredo Donaldo Payaguaje Payaguaje; Angel Justino Piaguaje Lucitante; Armando Wilfrido Piaguaje Payaguaje; Beatriz Mercedes Grefa Tanguila; Benancio Freddy Chimbo Grefa; Bertha Antonia Yumbo Tanguila; Carlos Grega Huatatoca; Catalina Antonia Aguinda Salazar; Celia Irene Viveros Cusangua; Clide Ramiro Aguinda Aguinda; Daniel Carlos Lusitande Yaiguaje; Delfin Leonidas Payaguaje Payaguaje; Elias Roberto Piyahuaje Payahuaje; Emilio Martin Lusitande Yaiguaje; Fermin Piaguaje Payaguaje; Francisco Alvarado Yumbo; Francisco Matias Alvarado Yumbo; Francisco Victor Tanguila Grefa; Gloria Lucrecia Tanguila Grefa; Guillermo Vicente Payaguaje Lusitante; Heleodoro Pataron Guaraca; Hugo Gerardo Camacho Naranjo; Javier Piaguaje Payaguaje; José Gabriel Revelo Llore; José Miguel Ipiales Chicaiza; Lidia Alexandra Aguinda Aguinda; Lorenzo José Alvarado Yumbo; Lourdes Beatriz Chimbo Tanguila; Lucio Enrique Grefa Tanguila; Luis Agustin Payaguaje Piaguaje; Luis Armando Chimbo Yumbo; Luisa Delia Tanguila Narvaez; Maria Victoria Aguinda Salazar; Maria Clelia Reascos Revelo; Maria Hortencia Viveros Cusangua; Maria Magdalena Rodriguez Barcenes; Miguel Mario Payaguaje Payaguaje; Narcisa Aida Tanguila Narvaez; Octavio Ismael Cordova Huanca; Olga Gloria Grefa Cerda; Patricio Alberto Chimbo Yumbo; Patricio Wuilson Aguinda Aguinda; Reinaldo Lusitande Yaiguaje; Rosa Teresa Chimbo Tanguila; Segundo Angel Amanta Milan; Simon Lusitande Yaiguaje; and Teodoro Gonzalo Piaguaje Payaguaje.

16.    "REPUBLIC OF ECUADOR" means and refers to the governing political body in Ecuador, INCLUDING all branches of government and political subdivisions, its current and

former presidents, attorneys general, judges, prosecutors, other officials, politicians, partners,

contractors, employees, representatives, agents, agencies, officers, attorneys, accountants,

assigns, or any other PERSON acting, or purporting to act, on the REPUBLIC OF ECUADOR's

behalf, either directly or indirectly, INCLUDING: Lenín Moreno; Rafael Correa; Martha

Escobar; Patricio Garcia; Alexis Mera; Alberto Acosta; Ana Alban; Galo Chiriboga; Rene

Vargas Pazos; Mauricio Montalvo Samaniego; Judge Alberto Guerra Bastidas; Judge Efrain

Novillo Guzmán; Judge Germán Yánez Ricardo Ruiz; Judge Juan Evangelista Núñez Sanabria;

Judge Leonardo Ordóñez Pina; Judge Nicolás Augusto Zambrano Lozada; Judge Juan Carlos

Encarnación Sanchez; Judge Cruz María Ávila Delgado; Judge Marco Antonio Yaguache Mora;

Judge Milton David Rafael Toral Zevallos; Judge Alejandro Kleber Orellana Pineda; Judge Lilia

Marlene Ortiz Vásquez; José María Borja; Washington Pesántez; Cecilia Armas Erazo de Tobar;

Jorge German; Diego Borja (former Economic Policy Minister); Esperanza Martinez; Diego

García Carrión; Alianza Pais; the National Intelligence Secretariat; and any current or former

official at the offices of the Fiscal, Prosecutor General, or Attorney General.

17.    "PERSON" means and refers to any natural person or any business, legal or

governmental ENTITY or association.

18.    "SELVA VIVA" means and refers to Defendant Selva Viva Selviva Cia. Ltda.,

and its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

19.    "YOU" and "YOUR" mean and refer to Steven Donziger, The Law Offices of

Steven R. Donziger, and Donziger & Associates, PLLC, and, where applicable, their officers,

directors, employees, partners, corporate parent, subsidiaries, or affiliates.

20.    Defined terms may be capitalized for the convenience of the parties; the

definitions herein apply whether or not the term is capitalized.

21.    If any information called for by this subpoena is withheld on the basis of privilege, please state the nature of the information being claimed as privileged, the type of privilege claimed, and all circumstances upon which you are relying to support each claim of privilege with enough specificity so that a court can determine the appropriateness of the objection.

## SUBPOENA

The following questions must be answered separately and fully, in writing under oath, and are to be returned as provided in the attached subpoena.  If you cannot give the full information called for by a particular question, so state and give the best information you have on the subject.

1.    Identify and describe in detail any domestic or foreign ASSET that YOU OWN or CONTROL, INCLUDING identifying the value of such ASSET, how and where the ASSET is held, and what documents relate to such ASSET.

2.    Identify and describe in detail any interest in any domestic or foreign ASSET that YOU have transferred, sold, assigned, pledged, gifted, encumbered, or otherwise disposed of since the issuance of the Court's March 4, 2014 Judgment (Dkt. 1875), as modified, INCLUDING describing in detail the relevant transactions and the circumstances surrounding such transfer, sale, assignment, pledging, gift, encumbrance, or other disposition.

3.    Identify and describe in detail all YOUR current sources of income or revenue of any nature, whether domestic or foreign.

4.    Identify and describe in detail the status of YOUR OWNERSHIP or other interest in, and value of, any domestic or foreign real estate.

5.      Identify and describe in detail any domestic or foreign savings ACCOUNTS, checking ACCOUNTS, money market ACCOUNTS, investment ACCOUNTS, certificates of deposit, or any other ACCOUNTS held, either directly or indirectly, by YOU, as well as the date each such ACCOUNT or certificate of deposit was opened, created, or closed, and their current and greatest historical value.

6.      Identify and describe in detail the status of YOUR OWNERSHIP interest, direct or beneficial, in any real or personal PROPERTY, whether domestic or foreign, INCLUDING cooperative corporation shares, automobiles, trucks, other motor vehicles, boats, artwork, jewelry, aircraft, stocks, bonds, commodities, securities, partnership interests, patents, inventions, trade names, copyrights, royalty agreements, promissory notes, drafts or other commercial paper, or causes of action.

7.      Identify and describe in detail the status of YOUR current OWNERSHIP in any inherited PROPERTY, INCLUDING those ASSETS YOU received or are entitled to future receipt of, from any estates in which YOU may have or have had an interest, as well as the current value of such PROPERTY.

8.      Identify and describe in detail any life interest or remainder interest, either vested or contingent, in any trust or estate.  If YOU are a beneficiary of any trust, furnish the: (a) name of trust or estate, (b) value of assets, (c) value of YOUR interest, and (d) any amounts received.

9.      Identify and describe in detail the status of YOUR current OWNERSHIP interest in any domestic or foreign ENTITIES or ACCOUNTS, as well as the current value of such PROPERTY and, if the PROPERTY was sold or transferred since the issuance of the Court's March 4, 2014 Judgment (Dkt. 1875), as modified, the date of such transfer, the identity of the purchaser, and the value received for such transfer.

10.     Identify and describe in detail all ACCOUNTS in which YOU have or have had an interest since March 4, 2014, wherever found, the location of those ACCOUNTS, the ACCOUNT number, the amount in said ACCOUNTS, the date/approximate date the ACCOUNT was opened, and the date/approximate date when the ACCOUNT was closed (if applicable).

11.     Identify all means by which YOU have transferred, paid, received, or conducted any financial transactions since March 4, 2014, or any other transaction involving an exchange of value.

12.     Identify any device, electronic or otherwise, that YOU have used to access any ACCOUNT or conduct any financial transaction since March 4, 2014, INCLUDING credit, debit, and/or automatic teller (ATM) cards, regardless of whether such device or card is titled in YOUR name.

13.     Identify all internet-based services used by YOU and/or the other Defendants for ACCOUNTING, banking, document storage, collaboration, file sharing, and creating and/or modifying documents.

14.     Identify and describe in detail all debts or credits due, owing, or which could or will become due or owing to YOU, wherever found, the location of those debts or credits, the amount of the debt or credit, and the date and time at which such debt or credit will be payable to YOU.

15.     Identify YOUR current net worth.

16.     State the total amount of money YOU have received from YOUR involvement in the ECUADOR LITIGATION and any subsequently related litigation and identify the source and date of all such payments.

17.     Identify and describe in detail any ASSET, payment, compensation, revenue, or any other thing of value YOU have received, contracted to receive, or have been promised at any time related to any aspect of YOUR involvement in the ECUADOR LITIGATION, the ECUADOR JUDGMENT, or the ECUADOR ENFORCEMENT ACTIONS.

18.     Identify and describe in detail any attempted or completed sale or transfer of any license, copyright, life rights, trademark, media rights, or other right to exploit, market or publicize any aspect of the ECUADOR LITIGATION, ECUADOR JUDGMENT, or ECUADOR ENFORCEMENT ACTIONS, and YOUR involvement or the involvement of any other PERSON therein.

19.     Identify and describe in detail any actual, contemplated, anticipated, or potential movie, documentary, book, television program, podcast, or other media project relating in any way to the ECUADOR LITIGATION, the ECUADOR JUDGMENT, or the ECUADOR ENFORCEMENT ACTIONS, INCLUDING YOUR role and any value YOU might receive in connection therewith.

20.     Identify and describe in detail any and all ASSETS that YOU CONTROL, that YOU have received, or hereafter may receive, directly or indirectly, or to which YOU have or hereafter obtain, any right, title or interest, directly or indirectly, that are traceable to the ECUADOR LITIGATION, the ECUADOR JUDGMENT or the enforcement of the ECUADOR JUDGMENT anywhere in the world.

21.     Identify and describe in detail any act that YOU, the LAGO AGRIO PLAINTIFFS, or any PERSON acting on YOUR behalf or on behalf of the LAGO AGRIO PLAINTIFFS, has undertaken to monetize or profit from the ECUADOR JUDGMENT, INCLUDING by selling, assigning, pledging, transferring, or encumbering any interest therein.

11

22.     Identify and describe in detail any communication after March 4, 2014, between
YOU and any PERSON concerning the ECUADOR JUDGMENT or any attempts by anyone,
successful or not, to monetize or profit from it.

23.     Identify any PERSON who financially supported or invested in, was asked to
financially support or invest in, or who offered to financially support or invest in any aspect of
the ECUADOR JUDGMENT or the enforcement thereof and describe in detail the terms or
proposed terms of such investment or support.

24.     Identify and describe in detail any funding commitments in support of the
ECUADOR LITIGATION or ECUADOR ENFORCEMENT ACTIONS from any PERSON or
ENTITY, INCLUDING from the following:

      a.  Kohn Swift & Graf, P.C.

      b.  Russell DeLeon

      c.  Orin Kramer

      d.  Torvia Limited

      e.  Burford

      f.  88 Capital

      g.  Equitable Outcomes

      h.  Jonaks Limited

      i.  Satee GMBH

      j.  David Sherman III

      k.  Glenn Krevlin

      l.  Michael Donziger

      m. Russell O. Wiese

     n.  TC Payment Services International

     o.  Amazonia Recovery Limited

     p.  Woodsford Litigation Funding Limited

     25.    Identify and describe in detail any ASSET, payment, proceeds, compensation, revenue, or any other thing of value YOU have delivered, contracted to deliver, or have promised to any PERSON or ENTITY from any proceeds received or that may be received from the ECUADOR JUDGMENT, enforcement of the ECUADOR JUDGMENT, or any investment in the ECUADOR JUDGMENT.

26.     Describe in detail how the monies (totaling $32,360,647) shown in the below

chart as "commitments" from investors in the ECUADOR LITIGATION were expended,

INCLUDING in YOUR description the identification of any ACCOUNTS into which any

portion of said monies were deposited and the specific amounts received or expended by YOU at

any time:

### Funding for the Enterprise

| Investor | Investments Contributed | Commitment Amounts[1] |
|---|---|---|
| Kohn Swift & Graf, P.C. | $ 6,360,647 | $ 6,360,647 |
| Russell DeLeon | $ 1,500,000 | $ 2,000,000 |
| Orin Kramer | $ 150,000 | $ 150,000 |
| Torvia Limited | $ 3,413,367 | $ 7,250,000 |
| Burford | $ 4,000,000 | $ 15,000,000 |
| 88 Capital | | $ 250,000 |
| Equitable Outcomes | | $ 150,000 |
| Jonaks Limited | | $ 200,000 |
| Satee GMBH | | $ 300,000 |
| David Sherman III | | $ 250,000 |
| Glenn Krevlin | | $ 250,000 |
| Michael Donziger | | $ 150,000 |
| Russell O. Wiese | | $ 50,000 |
| TC Payment Services International | $ 424,948 | |
| Amazonia Recovery Limited | $ 149,000 | |
| TOTAL | $ 15,997,963 | $ 32,360,647 |

PX 2143     Confidential     [1] Commitment amounts are amounts to be funded as defined in each individual or entity's respective funding agreement as "Commitment Amount" or "Capital Commitment." KSG's commitment amount is based upon Kohn's representation of investments contributed in his deposition testimony, as well as general ledger and other records.

PLAINTIFF'S
EXHIBIT
2143
11 Civ. 0691 (LAK)

Plaintiff's Exhibit 2143  p. 1 of 1
Plaintiff's Exhibit 4900  p. 114 of 144

27.     Identify and describe in detail any ACCOUNTINGS, reports, summaries,

analyses, statements, ledgers, or any other kind of record relating to how funds received in

support of the ECUADOR LITIGATION, ECUADOR JUDGMENT, or ECUADOR

ENFORCEMENT ACTIONS have been received or expended, INCLUDING anything prepared

in response to any demand by the Union of People Affected by Texaco (aka UDAPT) and their agents and representatives.

28.      Identify and describe in detail all ASSETS, benefits, payments, or things of value that have been or will be conferred, offered, or promised to YOU or any agent, attorney, or representative of YOU or the LAGO AGRIO PLAINTIFFS (INCLUDING attorneys in this action, attorneys in the ECUADOR LITIGATION, Pablo Fajardo Mendoza, Servicios Fromboliere Compania Limitada, Luis Yanza, Julio Prieto Méndez, Juan Pablo Sáenz, Andrew Woods, Aaron Marr Page, Laura Garr, Brian Parker, Joseph Kohn, Patricio Salazar Cordova, Agustin Salazar, Serafin Angel Cajo, and SELVA VIVA), by the REPUBLIC OF ECUADOR, INCLUDING the date, description, medium and purpose of such benefits, payments, or things of value, and identify all PERSONS and/or ENTITIES involved in, and documents concerning such ASSETS, benefits, payments, or things of value.

29.      Identify and describe in detail the ASSETS and liabilities of the AMAZON DEFENSE FRONT.

30.      Identify and describe in detail YOUR current OWNERSHIP interest in Amazonia Recovery Limited, INCLUDING identifying the value of such ASSET, how and where the ASSET is held, and what documents relate to such ASSET.

31.      Identify and describe in detail any past or present trust, corporation, or other ENTITY created to hold, distribute, administer, or otherwise affect any proceeds of the ECUADOR JUDGMENT.

Dated: April 16, 2018
       New York, New York

GIBSON, DUNN & CRUTCHER LLP

By: _____

Randy M. Mastro
Andrea E. Neuman
200 Park Avenue, 47th Floor
New York, New York 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

William E. Thomson
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7891
Facsimile: 213.229.6891

STERN, KILCULLEN & RUFOLO LLC
Herbert J. Stern
Joel M. Silverstein
325 Columbia Tpke, Ste 110
P.O. Box 992
Florham Park, New Jersey 07932-0992
Telephone: 973.535.1900
Facsimile: 973.535.9664

*Attorneys for Chevron Corporation*

## NOTICE TO JUDGMENT DEBTOR OR OBLIGOR

Money or property belonging to you may have been taken or held in order to satisfy a judgment or order which has been entered against you. Read this carefully.

### YOU MAY BE ABLE TO GET YOUR MONEY BACK

State and federal laws prevent certain money or property from being taken to satisfy judgments or orders. Such money or property is said to be "exempt". The following is a partial list of money which may be exempt:

1. Supplemental security income, (SSI);

2. Social security;

3. Public assistance (welfare);

4. Spousal support, maintenance (alimony) or child support;

5. Unemployment benefits;

6. Disability benefits;

7. Workers' compensation benefits;

8. Public or private pensions;

9. Veterans benefits;

10. Ninety percent of your wages or salary earned in the last sixty days;

11. Twenty-five hundred dollars of any bank account containing statutorily exempt payments that were deposited electronically or by direct deposit within the last forty-five days, including, but not limited to, your social security, supplemental security income, veterans benefits, public assistance, workers' compensation, unemployment insurance, public or private pensions, railroad retirement benefits, black lung benefits, or child support payments;

12. Railroad retirement; and

13. Black lung benefits.

If you think that any of your money that has been taken or held is exempt, you must act promptly because the money may be applied to the judgment or order. If you claim that any of your money that has been taken or held is exempt, you may contact the person sending this notice.

Also, YOU MAY CONSULT AN ATTORNEY, INCLUDING ANY FREE LEGAL SERVICES ORGANIZATION IF YOU QUALIFY. You can also go to court without an

attorney to get your money back. Bring this notice with you when you go. You are allowed to try to prove to a judge that your money is exempt from collection under New York civil practice law and rules, sections fifty-two hundred twenty-two-a, fifty-two hundred thirty-nine and fifty-two hundred forty. If you do not have a lawyer, the clerk of the court may give you forms to help you prove your account contains exempt money that the creditor cannot collect. The law (New York civil practice law and rules, article four and sections fifty-two hundred thirty-nine and fifty-two hundred forty) provides a procedure for determination of a claim to an exemption.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CHEVRON CORPORATION,
                                   :

                Plaintiff,        :

           v.                     :     11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,       :

              Defendants.    :

                                   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CHEVRON CORPORATION'S SUBPOENA AD TESTIFICANDUM TO
## <u>STEVEN R. DONZIGER</u>

In the above entitled action in the United States District Court for the Southern District of

New York,[1] a supplemental judgment was entered on February 28, 2018 in favor of Chevron

---

[1] The parties to this action are Chevron Corporation (Plaintiff) and Defendants Steven Donziger, The Law Offices of Steven R. Donziger, Donziger & Associates, PLLC, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, Stratus Consulting, Inc., Douglas Beltman, Anne Maest, Pablo Fajardo Mendoza, Luis Yanza, Frente de Defensa de la Amazonia A/K/A Amazon Defense Front, Selva Viva Selviva Cia, Ltda, Maria Aguinda Salazar, Carlos Grefa Huatatoca, Catalina Antonia Aguinda Salazar, Lidia Alexandra Aguinda Aguinda, Patricio Alberto Chimbo Yumbo, Clide Ramiro Aguinda Aguinda, Luis Armando Chimbo Yumbo, Beatriz Mercedes Grefa Tanguila, Lucio Enrique Grefa Tanguila, Patricio Wilson Aguinda Aguinda, Celia Irene Viveros Cusangua, Francisco Matias Alvarado Yumbo, Francisco Alvarado Yumbo, Olga Gloria Grefa Cerda, Lorenzo José Alvarado Yumbo, Narcisa Aida Tanguila Narváez, Bertha Antonia Yumbo Tanguila, Gloria Lucrecia Tanguila Grefa, Francisco Victor Tanguila Grefa, Rosa Teresa Chimbo Tanguila, José Gabriel Revelo Liore, María Clelia Reascos Revelo, María Magdalena Rodríguez Barcenes, José Miguel Ipiales Chicaiza, Heleodoro Pataron Guaraca, Luisa Delia Tanguila Narváez, Lourdes Beatriz Chimbo Tanguila, María Hortencia Viveros Cusangua, Segundo Ángel Amanta Milán, Octavio Ismael Córdova Huanca, Elías Roberto Piyahuaje Payahuaje, Daniel Carlos Lusitande Yaiguaje, Benancio Fredy Chimbo Grefa, Guillermo Vicente Payaguaje Lusitante, Delfín Leonidas Payaguaje Payaguaje, Alfredo Donaldo Payaguaje Payaguaje, Teodoro Gonzalo Piaguaje Payaguaje, Miguel Mario Payaguaje Payaguaje, Fermin Piaguaje Payaguaje, Reinaldo Lusitande Yaiguaje, Luis Agustín Payaguaje Piaguaje, Emilio Martín Lusitande Yaiguaje, Simon Lusitande Yaiguaje, Armando Wilfrido Piaguaje Payaguaje, and Ángel Justino Piaguage Lucitante.

Corporation against Steven Donziger, The Law Offices of Steven R. Donziger, Donziger &

Associates, PLLC, and others, for the sum of $813,602.71, which remains due and unpaid.

Pursuant to Rule 69 of the Federal Rules of Civil Procedure and Rules 5223 and 5224 of

the New York Civil Practice Law and Rules, **YOU ARE COMMANDED** to appear at the time,

date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are

an organization, you must designate one or more officers, directors, or managing agents, or

designate other persons who consent to testify on your behalf about the following matters, or

those set forth in an attachment.

> Place: Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York NY 10166
> Date: May 7, 2018
> Time: 9 AM

**PLEASE TAKE NOTICE** that the deposition will be conducted before a notary public

or other person authorized by law to administer oaths, and will be recorded by both stenographic

means and audiovisual recording.  LiveNote will be used during this deposition, and the

transcript and video recording of the deposition may be transmitted through LiveNote's web

streaming feature for real time viewing by counsel for Chevron.

**PLEASE TAKE NOTICE THAT** false swearing on such examination or failure to

comply with this SUBPOENA is punishable as a contempt of court under CPLR 5223.

Date:   April 16, 2018

> Randy M. Mastro
> Andrea E. Neuman
> GIBSON, DUNN & CRUTCHER LLP
> 200 Park Avenue, 47th Floor
> New York, New York 10166-0193
> Telephone: 212.351.4000
> Facsimile: 212.351.4035
>
> William E. Thomson

333 South Grand Avenue
Los Angeles, California 90071
Telephone 213.229.7000

STERN, KILCULLEN & RUFOLO LLC
Herbert J. Stern
Joel M. Silverstein
325 Columbia Tpke, Ste 110
P.O. Box 992
Florham Park, New Jersey 07932-0992
Telephone:  973.535.1900
Facsimile:  973.535.9664

*Attorneys for Chevron Corporation*