**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CHEVRON CORPORATION,

                Plaintiff,

    v.

STEVEN DONZIGER *et al.*,

                Defendants.

11 Civ. 0691 (LAK)

---

### OPPOSITION TO MOTION TO COMPEL (DKT. 1989)

This filing responds to Chevron's most recent motion to compel (Dkt. 1989). While I address issues raised by Chevron in its motion briefly below, my primary contention is that the issues are moot or potentially moot because I am preparing to post a supersedeas bond that will stay all proceedings on the Court's Supplemental Judgment (Dkt. 1962) pending resolution of my lodged appeal. If I am unsuccessful in the appeal, the bond will be used to satisfy the Supplemental Judgment. Accordingly, Chevron will soon be fully protected and there will remain no basis for discovery into my assets, or those of any other person, in aid of enforcement of the Supplemental Judgment. Because Chevron's discovery requests are now proceeding entirely and exclusively on the aid-of-enforcement basis, those requests should be suspended forthwith and withdrawn as soon as the bond is posted.

The only complication is that the posting of the bond presents some administrative difficulties in that I will need to use a certain inheritance property as collateral for surety payment of the bond. I have been assured that using the services of a bonding company is a workable solution. While I do not yet have a firm estimate of when that process can be completed, I am sure

the bond amount can be adjusted to address any concerns Chevron might have about this minor delay, and I will apprise the Court on a regular basis of the progress. I request an administrative stay of all discovery while I diligently pursue the posting of the bond.

To avoid inconvenience on the Court, I asked Chevron to agree to suspend its discovery requests in light of my intention to post a bond and my commitment to provide regular updates on the procedure. Counsel for Chevron refused.

To avoid any possibility of waiver or forfeiture, I also will respond briefly to the other two "threshold" issues (issues 1 and 3) raised by Chevron in its motion to compel. Chevron's first issue, "scope" is not, for the most part, a threshold issue. I have lodged individual relevance, overbreadth, and undue burden objections to Chevron's various requests; should discovery on the Supplemental Judgment ever proceed, the parties should first seek resolution of these objections through the meet-and-confer process rather than seek a resolution from the Court in the abstract.

My proposal to provide Chevron with a descriptive summary or guidance as to my relatively simple financial condition, backed up by documentation, should be seen in the context of this process. I submit that it would be a useful tool for narrowing and obviating the need for many of Chevron's requests. As I offered Chevron, were Chevron to have any concerns or objections as to the summary, it could raise them with me in a meet-and-confer process, and if necessary seek further relief from the Court. The summary/guidance furthermore would be useful to the Court—especially if Chevron is unable to make any specific challenges to it—in deciding on the substance of any particular relevance, overbreadth, or undue burden objections that the parties are unable to resolve privately. Thus my position regarding the proposed summary/guidance is at most a request for a reasonable period of time with which to prepare the summary (again, only if discovery properly proceeds on the Supplemental Judgment, which should

not be the case in light of my intention to post a bond).[1]

Chevron's third issue is also not really a threshold issue. There is no legal dispute in the abstract. I do not contest that, where discovery is proceeding appropriately, I am under an obligation to produce documents "within [my] possession, custody, or control, including those [I] ha[ve] the 'legal right or the practical ability to obtain.'" Dkt. 1989 at 4. This fact does not, however, exempt Chevron's discovery requests from the requirement that they be tailored to seek relevant, discoverable information without imposing an undue burden. Documents in the actual possession of other persons, even those I have a legal right or practical ability to obtain, may nonetheless be more burdensome to obtain than documents in my own actual possession. If all that can be shown is that other individuals have identical copies of documents in my actual possession, such as corresponding copies of email correspondence, then it might well be unduly burdensome to require production of such identical copies. Once again, the inquiry here is specific to the individuals and requests involved. Should discovery on the Supplemental Judgment ever need to proceed, the parties should first seek resolution of any such issues through the meet-and-confer process and only involve the Court as necessary to resolve any concrete disputes.

---

[1] I could also begin a rolling production of the most relevant non-privileged responsive documents during this time period, though of course such efforts would take time from the project of preparing the summary/guidance. I submit that it would be most efficient to focus on the summary first, and then begin rolling production as deemed necessary.

DATED:          May 10, 2018                    Respectfully submitted,

                                                *s/ Steven R. Donziger*
                                                Steven R. Donziger
                                                245 W. 104th Street, #7D
                                                New York, NY 10025
                                                Tel: (917) 678-3943
                                                Fax: (212) 409-8628
                                                Email: sdonziger@donzigerandassociates.com

                                                *Pro se*
                                                *Counsel to Donziger & Associates, PLLC, and*
                                                *the Law Offices of Steven R. Donziger*