**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Randy M. Mastro
Direct: +1 212.351.3825
Fax: +1 212.351.5219
RMastro@gibsondunn.com

May 10, 2018

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Chevron Corp. v. Donziger, et al.,* Case No. 11 Civ. 0691 (LAK)

Dear Judge Kaplan:

I write once again pursuant to Your Honor's instruction at the May 8, 2018 hearing on Chevron's motion for contempt that the parties inform the Court whether Chevron's motion is "moot" with respect to Donziger's transfer of his shares of Amazonia, and in response to Donziger's letter filed yesterday afternoon.  *See* Ex. A (Tr. 26:22–24); Dkt. 2000.  For the reasons explained below, Chevron's contempt motion relating to the transfer of Donziger's Amazonia shares is not only *not* moot; it is, by Donziger's own conduct in purporting to "agree" to transfer but then executing a document he revised to frustrate any actual transfer, now beyond dispute that he is in contempt.

By yesterday afternoon, despite Donziger's representation to the Court earlier of his compliance, we had not received a copy of any Share Transfer Form or other agreement from Donziger by either electronic or regular mail.  We contacted Donziger, who requested we send a courier to his apartment building to retrieve what he characterized as an "executed transfer of the Amazonia shares."  Ex. B.  While Donziger executed one of the three proposed agreements – a Share Transfer Form for his Amazonia shares – that we provided him to facilitate his compliance with the Court's RICO Judgment (Dkt. 1875), he amended that Form with an "Addendum of Understandings" that he appended to it.  A copy of what was received from Donziger is attached.  Ex. C.

The "Addendum of Understandings" (the "Addendum") that Donziger drafted and attached to the Share Transfer Form effectively nullifies the transfer of his shares in Amazonia and establishes his contempt in multiple ways.  First, the Addendum acknowledges that Donziger "executed" the Share Transfer Form "pursuant to an express order of judgment" of this Court, but then claims he did so "upon the specific threat of imposition of 'contempt of court' sanctions if Transferor fails to execute this Form," although no such threat was made.  Ex. C ¶ 1.  Second, in an obvious attempt to render the transfer ineffective, the Addendum states that Donziger "acknowledges that this Form is being executed" in violation of Amazonia's Articles of Association, which require the "written consent of a majority of the Directors," and provide that "[a]ny purported transfer in violation of these Articles shall

**GIBSON DUNN**

The Honorable Lewis A. Kaplan
May 10, 2018
Page 2

be null and void." *Id.* ¶ 3.  Yet Donziger identifies no steps he took to obtain the required consent or otherwise to effectuate a transfer of the shares that would be valid under Amazonia's Articles of Association.  Third, Donziger "take[s] the position" "that the AMAZONIA RECOVERY LIMITED entity is null and void" because it "is now being manipulated by an adverse party to serve purposes (frustration of prompt relief to the affected peoples of Ecuador) that are wholly contrary and opposite to the entity's fundamental purposes," in open defiance of this Court's order requiring him to transfer his interests in the judgment by transferring his shares in Amazonia.  *Id.* ¶ 3.

By his own admissions in the Addendum, then, Donziger is expressly continuing to refuse to "transfer and forthwith assign to Chevron" "all property, whether personal or real, tangible or intangible, vested or contingent, that Donziger has received, or hereafter may receive, directly or indirectly," or that he "now has, or hereafter obtains," "directly or indirectly, that is traceable to the Judgment or the enforcement of the Judgment," as required by the RICO Judgment. Dkt. 1875 ¶ 1.  After Donziger testified during trial that his interest in the judgment was held as shares of Amazonia, this Court ordered him to assign those shares (and thus his interest in the judgment) to Chevron.  Ex. D (Trial Tr. at 2490:23-2491:24).  Yet Donziger has once again refused to effectuate the transfer of his shares in Amazonia by modifying the form presented to him by adding language that seeks to nullify the transfer.  *Id.* ¶ 3.  Donziger now contends that Amazonia is "irrelevant," (Dkt. 1986 at 1), a "fake issue," and "completely meaningless," Ex. A (Tr. at 29:15-19), and fails to specify in what form he holds his contingency interest in the Ecuadorian judgment.  Following his statements in this regard at the contempt hearing, Chevron provided Donziger with a general assignment for any interest he has in the Judgment, however held, which provided in pertinent part that Donziger "does hereby irrevocably assign, set over and transfer to Assignee any and all Judgment Interests," with Judgment Interests defined in accordance with Paragraph 1 of the RICO Judgment.  Donziger refused to execute the general assignment.  Ex. B.

There can thus be no doubt that Donziger has not complied with the Court's Judgment to "transfer and forthwith assign to Chevron" "all property, whether personal or real, tangible or intangible, vested or contingent, that Donziger has received, or hereafter may receive, directly or indirectly," or that he "now has, or hereafter obtains," "directly or indirectly, that is traceable to the [Ecuadorian] Judgment or the enforcement of the [Ecuadorian] Judgment," including "all of his right, title and interest in his shares of Amazonia." Dkt. 1875 ¶¶ 1, 3.  Such interest includes not just the 6.3% contingency interest he asserted ownership of to Elliott, but any retainer payments or other fees paid to Donziger since the entry of the RICO Judgment whose source is traceable to the fraudulent Ecuadorian judgment, including funds provided by investors in exchange for an interest in that judgment.  *See* Ex. A (Tr. at 19:18-20:20).

GIBSON DUNN

The Honorable Lewis A. Kaplan
May 10, 2018
Page 3


Donziger's failure to assign "all" such interests to Chevron, however held, his execution of the Share Transfer Form on terms that on their face purport to render it ineffective, in addition to his acknowledgement that he executed the Share Transfer Form "pursuant to an express order" in the RICO Judgment, provide clear and convincing evidence of Donziger's intentional noncompliance with the unambiguous requirements of the RICO Judgment and dispel any doubt that he has not "diligently attempted to comply." *Paramedica Electromedecina Comercial, Ltda. v. GE Med. Sys. Info. Techs. Inc.*, 369 F. 3d 645, 655 (2d Cir. 2004).

Chevron thus respectfully requests that the Court impose contempt sanctions sufficient to compel Donziger's compliance with the RICO Judgment, and moreover, that it order discovery so that Chevron may discover the additional acts of contempt and any funds traceable thereto, the likely existence of which Chevron demonstrated in its moving papers and which Donziger effectively admitted at the hearing. *See* Ex. A (Tr. at 23:8-9; 26:3-8).

As always, we appreciate the Court's consideration.

Respectfully,

*/s/ Randy M. Mastro*
Randy M. Mastro

Cc: All Counsel of Record (via ECF)

GIBSON DUNN