UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
CHEVRON CORPORATION, :
:
           Plaintiff, :
:
   v. : 11 Civ. 0691 (LAK)
:
STEVEN DONZIGER, *et al.*, :
:
           Defendants. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CHEVRON CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL
DONZIGER TO RESPOND TO POST-JUDGMENT SUBPOENAS**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

STERN, KILCULLEN & RUFOLO LLC
325 Columbia Tpke, Ste 110
P.O. Box 992
Florham Park, New Jersey 07932-0992
Telephone:  973.535.1900
Facsimile:  973.535.9664

*Attorneys for Plaintiff Chevron Corporation*

As always, Donziger's strategy is delay.  Donziger requested and obtained an extension of time to respond to Chevron's discovery requests, then failed to respond substantively to any of them and refused to appear for deposition.  Instead, he seeks an "administrative stay" of judgment enforcement discovery based on a promise to arrange a bond to secure the costs awarded to Chevron.  Dkt. 2002 at 2.  Citing undescribed "complications" and "administrative difficulties," he admits he does "not yet have a firm estimate of when that [bonding] process can be completed," but says he "ha[s] been assured" that bonding "is a workable solution."  Dkt. 2002 at 1.  Whatever he claims to be "preparing" has no effect on his obligation to provide discovery now.  Chevron has a statutory right to discovery concerning its money judgment.  Fed. R. Civ. P. 69(a).  And Donziger ignores the obvious relevance of Chevron's pending motion for attorneys' fees and Chevron's request for leave to pursue Rule 70 discovery in order to prove the extent of Donziger's contempt in soliciting investor funding based on interests in the corrupt Ecuadorian judgment.  In sum, nothing Donziger says alters Chevron's discovery rights.

Donziger is not entitled to any stay of execution merely upon a promise to file a supersedeas bond someday in the future, as such a stay takes effect *only* when the appellant actually files a bond that is then approved by the Court.  *See Moore v. Navillus Tile, Inc.*, No. 14 Civ. 8326, 2017 WL 4326537, at *1 (S.D.N.Y. Sept. 28, 2017) ("[A] bond must be posted in order to stay execution of a judgment while that appeal is pending."); Fed. R. Civ. P. 62(d).  And, in any event, Donziger is wrong when he asserts that posting a bond stays "all proceedings on the Court's Supplemental Judgment (Dkt. 1962) pending resolution of [his] appeal."  Dkt. 2002 at 1.  Bonding stays only execution; it does not automatically stay discovery, whether in aid of execution or otherwise—for example, in furtherance of Chevron's motion for contempt.  *See Minpeco, S.A. v. Hunt*, No. 81 CIV. 7619 (MEL), 1989 WL 57704, at *2 (S.D.N.Y. May 24, 1989)

("[E]ven if [the appellee] could not execute the judgment at this time, it would still be entitled to conduct discovery in aid of execution."). In any event, Donziger has had ample time to post a bond, which will need to be in the "full amount of the judgment," "plus the interest which will accrue pending appeal," if he wanted the benefit of a stay of execution. *Liberty Mut. Ins. Co. v. Bankers Tr. Co.*, 769 F. Supp. 130, 132 (S.D.N.Y. 1991); *see also E.J. Brooks Co. v. Cambridge Sec. Seals*, No. 12-CV-2937 (LAP), 2016 WL 908633, at *1 (S.D.N.Y. Mar. 2, 2016); Dkt 1962 (judgment entered February 28, 2018); Dkt. 1972 (notice of appeal filed March 28, 2018).

And Donziger does not identify, much less attempt to satisfy, the criteria for a discretionary stay absent a bond, which is his burden. *See In re Nassau Cty. Strip Search Cases*, 783 F.3d 414, 417–18 (2d Cir. 2015) (identifying criteria for a stay of execution absent a bond, which include that the "defendant's ability to pay the judgment [be] so plain that the cost of the bond would be a waste of money"). It should go without saying that Donziger is entitled to no special solicitude. Even post-Judgment, he is unrepentant of his documented criminal conduct and mendacious toward this Court and those he has wronged. Accordingly, Donziger's request for an "administrative stay" of discovery should be denied.

As to the substance of Chevron's motion, Donziger addresses only two of Chevron's three points: (1) the appropriate scope of discovery, and (3) the requirement that he produce documents in the possession of his current and former agents. Donziger contends that scope is "not, for the most part, a threshold issue." Dkt. 2002 at 2. But Donziger took the position— during multiple meet and confers—that Chevron was either entitled to no collections discovery or only to what he chose to provide in the form of a "a short summary of [his] financial condition and assets." Ex. 2 at 2. He objected to every interrogatory and every document request, *id.*, and refused to appear for deposition. Moreover, Donziger apparently closed all of his Chase ac-

counts shortly after they were subject to discovery in the RICO action (*see* Ex. 9), and therefore Chevron cannot obtain account records for Donziger until he responds to discovery requests regarding those accounts. Donziger should be ordered to both provide good faith responses to Chevron's discovery requests and sit for deposition.

Donziger argues that discovery cannot extend to his efforts to monetize the judgment. *Id.* at 2. But as set forth in Chevron's motion, "[t]he rules governing discovery in postjudgment execution proceedings are quite permissive." *Republic of Argentina v. NML Capital, Ltd.*, 134 S.Ct. 2250, 2254 (2014). There can be no doubt that there is a good faith basis for discovery into monetization of the judgment, as Donziger effectively admitted at the hearing that he is "selling [his] clients' shares," and that there are "agreements for these deals . . . between people in Ecuador who own the judgment and the investors." Ex. 7 (Tr. at 26:3–7). He further admitted he has personally profited from these deals, stating "I am allowed if I sell the shares of my clients, to get paid for my work on this case." Ex. 7 (Tr. at 18:2–3). Yet Donziger's own purported clients have publicly accused him of failing to account for millions of dollars in funds raised for the case. *See, e.g.*, Exs. 3–6. Donziger attempted to distance himself from these serious allegations by claiming that they were coming from "a whole other group, UDAPT, that's not my client." Ex. 7 (Tr. at 31:16–18). But UDAPT—the Union of Those Affected By Texaco—indeed was Donziger's client until it fired him in 2013 (*see* Ex. 3 at 6), and was also a signatory to Donziger's 2011 retainer agreement, where it is identified by its former name (the Assembly of Communities Affected by Texaco) along with the FDA (which Donziger now claims is his client) as the Plaintiffs' Coordinators. *See* Ex. 8 (PX 558 at 1 & Ex. A).

As to (3), Donziger concedes his "obligation to produce documents within [his] possession, custody, or control, including those [he has] the legal right or the practical ability to ob-

3

tain." Dkt. 2002 at 3. His claim that the "inquiry here is specific to the individuals and requests involved" is simply another delay tactic and should be rejected. *Id*.

Consequently, Chevron respectfully requests that the Court grant its motion to compel in full, and order Donziger to respond immediately to Chevron's discovery requests and appear for deposition.

| | |
|---|---|
| Dated: May 14, 2018<br>New York, New York | Respectfully submitted,<br><br>GIBSON, DUNN & CRUTCHER LLP<br><br>*/s/ Randy M. Mastro*<br><br>Randy M. Mastro<br>Andrea E. Neuman<br>200 Park Avenue<br>New York, New York 10166<br>Telephone: 212.351.4000<br>Facsimile: 212.351.4035<br>Email: RMastro@gibsondunn.com<br><br>William E. Thomson<br>333 South Grand Avenue<br>Los Angeles, California 90071<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>STERN, KILCULLEN & RUFOLO LLC<br>Herbert J. Stern<br>Joel M. Silverstein<br>325 Columbia Tpke, Ste 110<br>P.O. Box 992<br>Florham Park, New Jersey 07932-0992<br>Telephone:  973.535.1900<br>Facsimile:  973.535.9664<br><br>*Attorneys for Plaintiff Chevron Corporation* |

4

*Chevron v. Donziger*, No. 11 Civ. 0691-LAK (S.D.N.Y.)

**Index of Exhibits to Plaintiff Chevron Corporation's Reply In Support of Its Motion to Compel Donziger to Respond to Post-Judgment Discovery Requests**

Exhibit 7: Excerpts from the Corrected Transcript of the May 8, 2018 Hearing on Chevron's Motion to Hold Donziger in Contempt

Exhibit 8: January 5, 2011 Retainer Agreement Among the Lago Agrio Plaintiffs, Represented by Pablo Fajardo, El Frente de Defensa de la Amazonia, Represented by Ermel Chavez, the Asamblea de Afectados por Texaco, Represented by Luis Yanza, and Donziger & Associates, PLLC (PX 558)

Exhibit 9: May 8, 2018 Letter from J.P. Morgan Chase Enclosing Copies of Donziger's Bank Records.