**STEVEN R. DONZIGER, ESQ.**

245 WEST 104TH STREET, SUITE 7D
NEW YORK, NEW YORK 10025

212-570-4499 (O)
917-566-2526 (CELL)

May 16, 2018

**VIA ECF**

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

RE:   *Chevron v. Donziger*, Case No. 11 Civ. 691 (LAK)

Dear Judge Kaplan:

I write to clarify two points in response to Chevron's recent reply in support of its motion to compel (Dkt. 2004) in which adversary counsel misstates case law and continues to try to smear me with suggestion of wrongdoing. First, the Chase bank accounts referenced in the reply were closed on instruction from Chase as a result, I believe, of the allegations in the RICO action. The limited personal funds therein were simply transferred to a different bank and have been used for life expenses in the normal course. There is nothing secretive, much less illegal, about this private transaction or any other aspect of my finances.

Second, the suggestion that Chevron should be allowed to conduct discovery even after I have posted the supersedeas bond is absurd. A supersedeas bond should and invariably does stay all proceedings during the pendency of the appeal; with the bond in place, the judgment creditor is fully protected and has no good cause to trouble the court or even the judgment debtor with pointless and burdensome discovery litigation. In the single, unpublished, 30-year-old dicta that Chevron cites as authority for its claim, the judgment debtor had in fact *failed to post a bond*:

> Fustok also contends that the discovery sought by Minpeco is premature. I do not agree. It is true that post-trial motions are pending before this court and appeals will undoubtedly follow. However, where, as in this case, the defendant has not posted a supersedeas bond or an affidavit detailing his inability to do so, the plaintiff may execute the judgment. Moreover, even if Minpeco could not execute the judgment at this time, it would still be entitled to conduct discovery in aid of execution.

*Minpeco, S.A. v. Hunt*, No. 81-cv-7619, 1989 WL 57704 *3 (S.D.N.Y. May 24, 1989). The court's reference in the last sentence to the creditor's inability to execute appears to refer to the pending

Hon. Lewis A. Kaplan
May 16, 2018
Page 2 of 2

post-trial motions, rather than to suggest the availability of discovery despite the posting of a bond.[1]

To the extent that the discretionary power of the court does allow it to authorize discovery notwithstanding a supersedeas bond, there could not be a more inappropriate case. The supplemental judgment at issue here is obviously a pittance to Chevron; the company probably spent that amount or more on an average RICO trial day. Chevron's obvious goal is to access information about specific funders in order to continue its deeply abusive, extrajudicial pattern of harassment and intimidation directed at allies and supporters of the Ecuador environmental cause. Chevron's conduct, if enabled by the court, raises profound First Amendment concerns, and in my view would obliterate a key pillar of the Second Circuit's affirmance of this court's RICO judgment—namely, the notion that RICO judgment was "confine[d]" to "merely" impact "the three defendants who appeared at trial," and "does not invalidate the Ecuadorian judgment." *Chevron Corporation v. Donziger*, 833 F.3d 74, 119, 145 (2016).

I am making progress in the financial arrangements necessary to post a supersedeas bond, including discussions with specific surety firms. In light of Chevron's reply, I will await the court's decision on the motion to compel—hopefully addressing the above contention—before proceeding formally with the process.

Sincerely,

/ s /

Steven R. Donziger

---

[1] In *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871 (10th Cir. 1986), cited by *Minpeco*, the judgment debtor posted only an insurance policy meeting a fraction of the judgment amount.