UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
CHEVRON CORPORATION,

                Plaintiff,

-against-                              11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

                Defendants.
------------------------------------x

## ORDER ON MOTION TO
## COMPEL POST-JUDGMENT DISCOVERY

LEWIS A. KAPLAN, *District Judge.*

        Chevron Corporation ("Chevron") holds a money judgment in excess of $800,000 against Steven Donziger, Donziger & Associates PLLC, and others. There is no stay of enforcement of the judgment. Chevron seeks post-judgment discovery. The matter is before the Court on Chevron's motion to compel compliance with its requests.

        Chevron served discovery requests on the Donziger Defendants in April of this year. These included a document request, an information subpoena, and a subpoena *ad testificandum* to take the deposition of Donziger. Donziger objected to every discovery request and ultimately took the position that he would not appear for a deposition. In the main, the discovery requests are directed to identifying assets with respect to which the judgment may be enforced and related matters (the "Money Judgment Discovery").[1] Some requests, however, seek information with respect to whether Donziger has violated paragraph 5 of the March 4, 2014 judgment in this case, which enjoined Donziger and the two Ecuadorian plaintiffs who appeared in this action (the "LAP Representatives") from seeking to monetize or profit from the March 4, 2014 judgment, including by selling, assigning, pledging, transferring or encumbering any interest therein. Those requests (the "Paragraph 5 Compliance Discovery")[2] seek information bearing on the civil contempt motion that the Court ruled upon in some but not all respects in a memorandum opinion dated May 16, 2018 (DI 2006).

---

[1] The specific document requests that the Court characterizes as Money Judgment Discovery are Requests 1 through 17, 19, 23 through 28 and 30. The specific information subpoena requests included within the term Money Judgment Discovery are paragraphs 1 through 20 and 26-31.

[2] The specific document requests that the Court deems to be Paragraph 5 Compliance Discovery are Requests 18, 21, 22 and 29. The specific information subpoena requests so deemed are numbers 21 through 25.

2

Chevron then moved to compel compliance and the matter was fully briefed. The Court now has had the benefit of written presentations by both sides and has decides the matter on submission.

Donziger's objections to the Money Judgment Discovery are almost entirely without merit, substantially for the reasons set out by Chevron, although the Court has modified certain of the requests as set forth in Schedule A (modifying aspects of the document request) and Schedule B (modifying aspects of the information subpoena). The Court, however, emphasizes the following points:

1. Donziger's contention that Chevron should not be permitted to conduct discovery for the purpose of enforcing the money judgment because he has appealed from it is frivolous. He is entitled under Fed. R. Civ. P. 62(d) to a stay of execution upon posting a supersedeas bond. He has not done so in the months since the money judgment was entered. Nor has he attempted to demonstrate that a stay without bond or on different security should be granted as a matter of discretion. *See, e.g., In re Nassau Cnty. Strip Search Cases*, 783 F.3d 414, 417–18 (2d Cir. 2015) (identifying criteria for a stay of execution absent a bond). Accordingly, execution on the judgment is not stayed. Discovery is entirely appropriate.

2. The contention that the discovery requests are unduly burdensome is entirely unsubstantiated. Moreover, Donziger's suggestion that Chevron is entitled to nothing more than "a short summary of [his] financial condition and assets, backed up by supporting documents" (DI 1989-2, at 2) is without merit. As the record in this case discloses, millions of dollars have passed through Donziger's hands over the years. Much of it is unaccounted for.[3] He has had years in which to move assets around. And it should be borne in mind that he was involved in the creation of an offshore entity, Amazonia Recovery Limited ("Amazonia"), to which he and others intended to funnel any proceeds of the Ecuadorian judgment that was a subject of this action. The trial record gives substantial basis for concluding that the purposes of the formation of Amazonia and its capital structure included placing any judgment proceeds beyond the territorial reach of the Ecuadorian courts to protect against the possibility that those courts would interfere with plaintiffs' "fee splitting" arrangements. Invictus memo, PX 1407, at 27-28; *see also Chevron Corp. v. Donziger*, 974 F. Supp. 2d at 528 (discussing Invictus Memo more generally). And it is reasonable to infer that the creation of Amazonia was intended also to place those proceeds beyond the reach of U.S. courts or, at least, to complicate efforts to reach them. Thus, there already is a record of willingness on the part of Donziger to shift assets in which he has an interest into foreign locations to avoid what he may regard as judicial "interference."

3. Donziger's contention that he cannot or should not be compelled to furnish documents and information that are within his control but not in his immediate physical possession is frivolous. *E.g., Chevron Corp. v. Donziger*, 296 F.R.D. 168, 189 (S.D.N.Y. 2013).

The Court has concluded also that Chevron is entitled to appropriate Paragraph 5

---

[3] *E.g., Chevron Corp. v. Donziger*, 2018 WL 1137119, at *8-9 (S.D.N.Y. Mar. 1, 2018).

Compliance Discovery. (DI 2006, at 14). The Court, however, will defer ruling on the specific discovery requests that constitute the Paragraph 5 Compliance Discovery for the time being in the expectation that the hearing with respect to the Elliott Management matter, which is scheduled to begin on May 22, 2018, will be completed swiftly.

Finally, having reviewed the various discovery requests, request numbers 8, 9, 11 and 12 of the document request and item 11 of the information subpoena are modified to read as set forth in Schedules A and B attached to this order, respectively. Request number 15 of the document request is stricken.

Chevron's motion [DI 1989] to compel Donziger to comply is granted to the following extent.

1. The Donziger Defendants, on or before June 15, 2018, shall comply fully with all of the Money Judgment Discovery Requests, as modified by this order, that are contained in Chevron's First Set of Requests for Production of Documents in Aid of the Supplemental Judgment ("the "RFP"). Full compliance includes, but is not limited to, production of all responsive documents within their possession, custody or control.

2. The Donziger Defendants, on or before June 15, 2018, shall answer fully all of the Money Judgment Discovery Requests, as modified by this order, that are contained in Chevron's First Information Subpoena in Aid of the Supplemental Judgment (the "Information Subpoena"). Full compliance includes, but is not limited to, production of all responsive documents within their possession, custody or control.

3. Donziger shall appear for and testify pursuant to Chevron's Subpoena *ad testificandum*. The deposition pursuant to the AT Subpoena shall commence on a date mutually agreed by the parties or, if no agreement is reached, on May 29, 2018 and, if complete responses to the RFP and the Information Subpoena, both as modified, have not been furnished before that date, may be adjourned until after that occurs. Any such adjourned date shall be fixed by mutual agreement of the parties or, if no agreement is reached, by the Court.

The Court defers decision with respect to the Paragraph 5 Compliance Discovery. The oral argument previously set for May 21, 2018 is cancelled.

SO ORDERED.

Dated: May 17, 2018

_____
Lewis A. Kaplan
United States District Judge

## SCHEDULE A

(Modifying Chevron Corporation's First Set of Requests for Production of Documents in Aid of the Supplemental Judgment to Defendants Steven Donziger, The Law Offices of Steven R. Donziger, and Donziger & Associates, PLLC)

8. All DOCUMENTS that are or contain balance sheets, income statements, inventories and/or profit and loss statements showing YOUR ASSETS, PROPERTY, expenses, and/or liabilities, dated on or after the issuance of the Court's March 4, 2014 Judgment (Dkt. 1875), as modified.

9. All DOCUMENTS evidencing or relating to any claims, lawsuits, proceedings, liens or demands that have been threatened and/or filed by YOU since the issuance of the Court's March 4, 2014 Judgment (Dkt. 1875), as modified.

11. All DOCUMENTS evidencing the source, date, and amount of any means by which YOU, since March 4, 2014, have transferred, paid, or received property equal to or in excess of $2,000 in value.

12. All DOCUMENTS evidencing or relating to any sale, assignment, pledge, gift, encumbrance, or other disposition by you of property since the issuance of the Court's March 4, 2014 Judgment (Dkt. 1875), as modified.

## SCHEDULE B

(Modifying Chevron Corporation's First Information Subpoena in Aid of the Supplemental Judgment and Restraining Notice fto Defendants Steven Donziger, The Law Offices of Steven R. Donziger, and Donziger & Associates, PLLC)

11. Identify the source, date, and amount of any means by which YOU, since March 4, 2014, have transferred, paid, received, or conducted any financial transactions in an amount or having a value of more than $2,000.