**STEVEN R. DONZIGER, ESQ.**

245 WEST 104TH STREET, SUITE 7D
NEW YORK, NEW YORK 10025

212-570-4499 (O)
917-566-2526 (CELL)

**MEMO ENDORSED**

May 18, 2018

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/21/18

**VIA ECF**

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

RE: *Chevron v. Donziger*, Case No. 11 Civ. 691 (LAK)
   ***Request for adjournment of May 22, 2018 evidentiary hearing***

Dear Judge Kaplan:

I write to request an adjournment of the evidentiary hearing that the Court scheduled as part of its recent decision on Chevron's civil contempt application.

The Court has provided little to no guidance to the parties regarding the scope of this hearing. *See* Dkt. 2006 at 14.[1] Yesterday, Chevron served me with a subpoena to appear to testify at the hearing. Judging from past experience, Chevron will attempt to subject me to a lengthy and wide-ranging cross-examination, aided by its usual barrage of carefully-edited snippets from documents and perhaps even manufactured witness testimony. *Cf.* Alberto Guerra.

As the Court knows, I have been litigating these post-judgment proceedings *pro se*. I do not have significant in-court federal litigation experience and I presently have no counsel capable of appearing on my behalf, or even merely to assist me, on Tuesday. As *pro se* counsel, I would have to cross-examine Mr. Grinburg and confront Chevron's other evidence whatever that may be. As a witness, I would have to make objections myself, from the witness stand. I would also have to

---

[1] As the Court knows, my position is that Paragraph 5 of the Court's RICO Judgment, as illuminated by the Court itself in Dkt. 1901, only applies to prevent the evasion of the constructive trust in Paragraphs 1-2, and thus only applies to the disbursement or management of funds received upon a collection or settlement of the Ecuador environmental judgment. At the very most, Paragraph 5 could only apply to enjoin the use of interests in the Ecuador Judgment specific to me (*i.e.*, my contingency interest) or the two Ecuadorian defendants. Chevron has presented *zero* evidence suggesting that the discussions with Elliott Management related specifically to those interests. It is thus unclear to me why Chevron is even entitled to a hearing on the question. Nonetheless, the Court has now ordered an evidentiary hearing, without providing any response to my position and without offering any clarification as to the basic scope of obligations in Paragraph 5 under which my compliance will purportedly be assessed. I object to this apparently well-considered failure to provide any guidance as it is deeply prejudicial and unfair to me as a *pro se* defendant on a contempt application.

Hon. Lewis A. Kaplan
May 18, 2018
Page 2 of 2

serve as my own counsel as regards protecting applicable attorney-client privileges, work product privileges, contractual and client-directed confidentiality obligations, and personal constitutional and other legal rights.[2]

I hope it is self-evident that I will need a reasonable amount of additional time to prepare for the challenges presented by an evidentiary hearing on these terms, and to seek counsel or at least assistance if possible. I respectfully ask the court for an adjournment of at least two weeks to allow for this preparation.

Sincerely,

/ s /

Steven R. Donziger

Without expressing any views as to the merits of any of these arguments and assertions, the application is granted to the extent that the hearing is adjourned until June 27, 2018 at 9:30 a.m. Chevron shall file a list of witnesses it plans to call no later than June 13, 2018. Mr. Donziger shall file a list of witnesses he plans to call no later than June 15, 2018. The Court anticipates a hearing lasting one day or less. If either party anticipates that more time will be devoted, it shall so advise the Court in writing no later than June 18, 2018.

SO ORDERED

/s/ Lewis A. Kaplan
LEWIS A. KAPLAN, USDJ
5/21/18

---

[2] See Dkt. 2006 at 13 n.25 ("The Court does not now express any view as to whether Donziger should be prosecuted for criminal contempt . . . .").