**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Randy M. Mastro
Direct: +1 212.351.3825
Fax: +1 212.351.5219
RMastro@gibsondunn.com

June 1, 2018

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Chevron Corp. v. Donziger, et al.*, Case No. 11 Civ. 0691 (LAK)

Dear Judge Kaplan:

I respectfully write as counsel for Plaintiff Chevron Corporation ("Chevron") regarding Steven Donziger's Motion for "Declaratory Relief" and Motion to "Dismiss" Chevron's contempt application (Dkt. 1966) filed last night.  Donziger's "Motion" is procedurally improper and substantively meritless.[1]  Because neither a "Motion to Dismiss" nor a Motion for "Declaratory Relief" is a permissible vehicle to challenge an opposing party's motion, Donziger's "motion" is at best an untimely opposition.  *See, e.g.*, *Int'l Broth. of Teamsters v. E. Conference of Teamsters*, 160 F.R.D. 452, 456 (S.D.N.Y. 1995) ("Because an action for a declaratory judgment is an ordinary civil action, a party may not make a motion for declaratory relief, but rather, the party must bring an action for a declaratory judgment.").  The Court should summarily deny Donziger's motion.

In addition, Donziger failed to challenge Chevron's entitlement to "Paragraph 5 Compliance Discovery" by this Court's deadline of May 30 or in his untimely motion.  Dkt. 2017.  Moreover, he now *admits* his ongoing contempt of Paragraph 5:  "Mr. Donziger and others have proceeded to raise funds from investors to cover litigation expenses and fees, in return for grants of interests in any recovery in a non-U.S. jurisdiction."  Dkt. 2018 at 7-8.  Accordingly, Chevron respectfully requests that the Court rule that Donziger must respond now to all of Chevron's outstanding discovery requests relating to his solicitation of Elliott Management.  Donziger clearly possesses documentary evidence critical to assessing the full extent of his contempt of this Court's March 4, 2014 Judgment (Dkt. 1875), including the "packet of materials" he told Lee Grinberg of Elliott Management he "generally send out to those doing due diligence on the opportunity" to fund recognition and enforcement efforts in exchange for an interest in the fraudulent Ecuadorean judgment.  Dkt. 1967-2 (Mastro Dec. Ex. 2, attaching Grinberg Dec. Ex. 4).  At a minimum, he should have to produce those documents now.

---

[1]   Donziger's Motion refers to the Court's April 2014 Order as a "Clarification Order."  Dkt. 2018 at 1.  The Court has expressly rejected this appellation at the May 8, 2018 hearing.

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

GIBSON DUNN

The Honorable Lewis A. Kaplan
June 1, 2018
Page 2

As always, we appreciate the Court's time and attention.

Respectfully,

*s/ Randy M. Mastro*

Randy M. Mastro

RMM/sh