Plaintiff,

-against-                                                                                11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

Defendants.

---------------------------------------x

## ORDER WITH RESPECT TO
## DISCOVERY FOR SCHEDULED HEARING

LEWIS A. KAPLAN, *District Judge.*

      In light of the adjournment at Donziger's request of the contempt hearing originally scheduled for May 22, 2018, Chevron by letter motion (DI 2016) sought to compel responses by June 15, 2018 with respect to what the Court has defined as Paragraph 5 Compliance Discovery. The Court then indicated that it would consider requiring such discovery insofar as it sought information Elliott Management Corporation ("Elliott") or the approach to or negotiations with it and required that Donziger submit any papers in response to that part of Chevron's request on or before May 30, 2018. Donziger submitted no such papers, timely or otherwise.[1]

      The Court has scheduled an evidentiary hearing, now set for June 28, 2018, with respect to Chevron's motion to hold Donziger in contempt of paragraph 5 of the final judgment issued March 4, 2014, on the basis of his conduct with respect to Elliott. Some of the Paragraph 5 Compliance Discovery that Chevron seeks, insofar as it relates Elliott, plainly is relevant to that hearing and, if granted, no doubt would facilitate an efficient determination of what precisely occurred. Accordingly, the Court grants Chevron's letter motion insofar as it relates to Paragraph 5 Compliance Discovery to the following extent:

---

[1] On May 31, 2018, Donziger moved for declaratory relief and to dismiss the contempt motion. DI 2018. The Court will deal with that motion in due course, after Chevron has responded and Donziger, should he wish to do so, reply to any such response. But the pendency of that motion does not affect this ruling.

2

    The Donziger Defendants, on or before June 15, 2018, shall produce the documents requested by Request Nos. 21, 22 and 29 of Chevron's First Set of Requests for Production of Documents in Aid of the Supplemental Judgment (the "RFP") and answer fully Items 21, 22, 23 and 25 of Chevron's First Information Subpoena in Aid of the Supplemental Judgment (the "Information Subpoena"). As this order is intended only to assist in preparation for the hearing now scheduled for June 28, 2018, the Donziger Defendants are required to comply with these requests and items only to the extent of producing documents and providing information bearing on the attempt to obtain funds from Elliott Management Company ("Elliott"), any affiliates of Elliott, and/or any funds managed by Elliott or its affiliates (collectively, the "Elliott Group").

    The Court continues to reserve judgment as to whether and when to require compliance with these and other parts of the RFP and the Information Subpoena that were defined in its May 17, 2018 order as Paragraph 5 Compliance Discovery that seek discovery with respect to matters and entities other than the attempt to obtain funding from the Elliott Group.

    SO ORDERED.

Dated:  June 1, 2018

                _____
                 Lewis A. Kaplan
                United States District Judge