# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Randy M. Mastro
Direct: +1 212.351.3825
Fax: +1 212.351.5219
RMastro@gibsondunn.com

# MEMO ENDORSED

June 8, 2018

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/11/2014

Re:   *Chevron Corp. v. Donziger, et al.*, Case No. 11 Civ. 0691 (LAK)

Dear Judge Kaplan:

I respectfully write as counsel for Plaintiff Chevron Corporation ("Chevron") regarding the ongoing discovery in this matter that Your Honor has authorized under Federal Rule of Civil Procedure 70 and under the Court's inherent authority in contempt proceedings.[1]

As Chevron has previously informed the Court, it is currently attempting to undertake post-judgment discovery from various third parties, including parties that facilitated and participated in Donziger's attempted fundraising from Elliott. Dkt. 1987 at 10 n.4. Chevron seeks this discovery by subpoena in furtherance of its pending contempt application against Donziger, as well as in furtherance of its money judgment. Despite Chevron's repeated attempts to meet-and-confer in good faith, several of those third parties—in particular Katie Sullivan, Jonathan Bush, and Joshua Rizack—have stonewalled us, responding, in nearly identical terms, with blanket refusals to comply with any aspect of Chevron's subpoenas.

An excuse these third parties have used is that the scope of contempt discovery Your Honor has permitted applies by order only to Donziger, making no reference to them. While that is nonsensical and a transparent discovery dodge, it is the place where we find ourselves: like deja vu all over again Donziger and his cronies are trying to evade discovery and hide the ball. Therefore, Chevron respectfully requests that the Court confirm that the scope of discovery under both Rule 70 and the pending contempt proceedings encompasses discovery

---

[1] *See* Dkt. 2006 at 14 ("This Court plainly has 'ample authority to issue [discovery] orders necessary for the enforcement of its order. Discovery may occur in connection with a pending contempt proceeding[.]' In all of the circumstances, Chevron's application, insofar as it seeks leave to conduct discovery with respect to Donziger's compliance with the Judgment is granted.") (quoting *State of New York v. Shore Realty Corp.*, 763 F.2d 49, 53 (2d Cir. 1985) and citing 28 U.S.C. § 1651) (alteration in original); *see also* Dkt. 2020 (granting, in part, Chevron's sought "Paragraph 5 Compliance Discovery" as it relates to Donziger's solicitation of funds from Elliott Management Company and its affiliates).

Memorandum Endorsement                                 Chevron v. Donziger, 11-cv-0691 (LAK)

    Granted.

    The order applies to discovery against non-party witnesses.

    SO ORDERED.

Dated:    June 11, 2018

                                                              Lewis A. Kaplan
                                                    United States District Judge