UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- x
:
CHEVRON CORPORATION, :
:
       Plaintiff, :
:
  v. :  11 Civ. 0691 (LAK)
:
STEVEN DONZIGER, *et al.*, :
:
       Defendants. :
:
---------------------------------- x

**CHEVRON CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO DONZIGER'S MOTION FOR DECLARATORY RELIEF AND MOTION TO DISMISS**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

STERN, KILCULLEN & RUFOLO LLC
325 Columbia Tpke, Ste 110
P.O. Box 992
Florham Park, New Jersey 07932-0992
Telephone: 973.535.1900
Facsimile: 973.535.9664

*Attorneys for Plaintiff Chevron Corporation*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

A.     Donziger's Motion Is Procedurally Defective ................................................................. 2

       **1.**     Declaratory Relief Cannot Be Sought by Motion ................................................... 2

       **2.**     Chevron's Contempt Motion Is Not a Pleading Subject to Dismissal Under Rule 12(b)(6) ............................................................................................... 3

B.     Donziger's Legal Arguments Are Baseless ..................................................................... 4

       **1.**     Neither the "Law of the Case" Doctrine Nor the Mandate Rule Bars Chevron's Contempt Application .......................................................................... 5

       **2.**     Donziger Is Effectively Seeking Reconsideration of This Court's Order Setting an Evidentiary Hearing, But There Is No Basis for Reconsideration ....................................................................................................... 8

CONCLUSION ............................................................................................................................... 9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Chevron Corp v. Donziger*,
   833 F.3d 74 (2d Cir. 2016) .................................................................................................5, 6

*Chevron Corp. v. Donziger*,
   974 F. Supp. 2d 362 (S.D.N.Y. 2014) ..........................................................................................7

*Clemmons v. Ga.-Pac. Corp.*,
   No. 3:14-00432, 2015 WL 9307272 (M.D. La. Dec. 21, 2015) ..................................................3

*Gonzalez v. J.P. Morgan Chase Bank, N.A.*,
   228 F. Supp. 3d 277 (S.D.N.Y. 2017) .........................................................................................2

*Int'l Broth. of Teamsters v. E. Conference of Teamsters*,
   160 F.R.D. 452 (S.D.N.Y. 1995) .................................................................................................2

*Johnson v. Holder*,
   564 F.3d 95 (2d Cir. 2009) ..........................................................................................................5

*Lichtenberg v. Besicorp Group, Inc.*,
   28 F. App'x 73 (2d Cir. 2002) .....................................................................................................8

*New Eng. Ins. Co. v. Healthcare Underwriters Mut. Ins. Co.*,
   352 F.3d 599 (2d Cir. 2003) ........................................................................................................5

*Quinn v. Altria Group, Inc.*,
   No. 07-cv-8783, 2008 WL 3518462 (S.D.N.Y. Aug. 1, 2008) ....................................................8

*RCC Ventures, LLC v. Brandtone Holdings Ltd.*,
   No. 17-cv-1585, 2017 WL 3638202 (S.D.N.Y. Aug. 23, 2017) ..................................................8

*Skinner v. Unknown Grandson*,
   No. 05-70556, 2006 WL 1997392 (E.D. Mich. July 14, 2006) ..................................................4

*Thomas v. Blue Cross and Blue Shield Ass'n*,
   594 F.3d 823 (11th Cir. 2010) .....................................................................................................2

*Tracy v. Freshwater*,
   623 F.3d 90 (2d Cir. 2010) ..........................................................................................................2

*Virgin Airways v. Nat'l Mediation Bd.*,
   956 F.2d 1245 (2d Cir. 1992) ......................................................................................................8

# TABLE OF AUTHORITIES
(continued)

Page(s)

**Statutes**

Fed. R. Civ. P. 7(a) ...........................................................................................................................3

Fed. R. Civ. P. 7(b) ...........................................................................................................................3

Fed. R. Civ. P. 12 .............................................................................................................................3

Fed. R. Civ. P. 70 .............................................................................................................................3

S.D.N.Y. Local Rule 6.3 ..................................................................................................................8

S.D.N.Y. Local Rule 7.1(a)(1) .........................................................................................................4

S.D.N.Y. Local Rule 7.1(a)(3) .........................................................................................................4

S.D.N.Y. Local Rule 83.6 ................................................................................................................3

**Treatises**

18B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §
    4478 (2d ed. 2011) ......................................................................................................................5

10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice
    and Procedure* § 2768 (3d ed. 1998) ..........................................................................................2

## PRELIMINARY STATEMENT

Even judged by the standards of his "outrageous" behavior in this litigation (Dkt. 1963 at 33), Donziger's latest filing is a milestone.  In a last-ditch attempt to avoid additional contempt findings, Donziger—a Harvard-educated lawyer who is currently a member of the New York Bar and of this Court—has filed a nearly incomprehensible "motion" in which he tries to recast Chevron's contempt application under Federal Rule of Civil Procedure 70 as a "claim" that can supposedly be dismissed under Rule 12(b)(6).  Dkt. 2018 at 10–12.  If that were not enough, Donziger purports to assert via motion a brand new claim—post-trial and post-judgment—for so-called declaratory relief.  *Id.* at 3–10.  The Court should deny Donziger's frivolous motion.

Donziger's failings here are numerous and dispositive.  Procedurally, a defendant cannot seek "declaratory" relief by motion, and Chevron's motion for contempt is not a new claim for relief subject to Rule 12.  Factually, Donziger's motion is rife with false and irrelevant statements.  And substantively, Donziger's legal arguments are baseless, especially because his desired relief—permission to continue fundraising and enriching himself off of the Ecuadorian judgment—is foreclosed by the March 2014 Judgment and the Court's entry of the same relief against the Defaulted Defendants (Dkt. 1985), which Donziger does not even bother to mention.

What Donziger appears to really be after is reconsideration of this Court's ruling that an evidentiary hearing is necessary to adjudicate his contempt.  Dkt. 2006 at 15.  Donziger appears to want to stop the evidentiary hearing at all costs.  But perhaps aware that he cannot possibly satisfy the strict standard for reconsideration, Donziger does not even attempt to meet it.  And given that Donziger is entitled to no special solicitude from this Court, his failure to adequately brief the relevant doctrine should be the end of the matter.

1

The Court should deny Donziger's motion and proceed with the June 28 evidentiary hearing to confirm his further contempt of this Court's Judgment.

## ARGUMENT

### A. Donziger's Motion Is Procedurally Defective

#### 1. Declaratory Relief Cannot Be Sought by Motion

Donziger purports to bring his motion for "declaratory relief" under 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57. Dkt. 2018 at 1. But he fails to overcome—or even acknowledge—the black-letter law that a party may **not** seek declaratory relief through a motion. Rather, a separate complaint, alleging entitlement to declaratory relief, is required. "Because an action for a declaratory judgment is an ordinary civil action, a party may not make a *motion* for declaratory relief, but rather, the party must bring an *action* for a declaratory judgment." *Int'l Bhd. of Teamsters v. E. Conference of Teamsters*, 160 F.R.D. 452, 456 (S.D.N.Y. 1995) (emphases in original); *see also, e.g.*, *Thomas v. Blue Cross and Blue Shield Ass'n*, 594 F.3d 823, 830 (11th Cir. 2010) ("'[T]he requirements of pleading and practice in actions for declaratory relief are exactly the same as in other civil actions,' including the requirement that 'the action is commenced by filing a complaint.'") (quoting 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2768 (3d ed. 1998)). Donziger's cited authorities confirm this basic point. *See* Dkt. 2018 at 4 ("[F]ederal district courts must entertain declaratory judgment **actions** when the **judgment** 'will serve a useful purpose in clarifying and settling the legal relations in issue . . . .'") (emphases added) (quoting *Gonzalez v. J.P. Morgan Chase Bank, N.A.*, 228 F. Supp. 3d 277, 286 (S.D.N.Y. 2017)).

While this Court would be required to liberally construe a true *pro se* litigant's improper motion, Donziger "is not entitled to any special indulgence as a *pro se* litigant." Dkt. 1963 at 10. After all, "a lawyer representing himself ordinarily receives no [*pro se*] solicitude at all." *Tracy*

2

*v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010). It is also worth noting that Donziger is not actually *pro se*, because two attorneys, Richard Friedman and Zoe Littlepage, filed appearances on Donziger's behalf (Dkts. 1543, 1616), and those attorneys have not withdrawn their appearances, nor sought leave to do so. There is thus no basis for excusing Donziger's failure to properly assert his claim for declaratory relief through a complaint.

### 2. Chevron's Contempt Motion Is Not a Pleading Subject to Dismissal Under Rule 12(b)(6)

Chevron premised its application by order to show cause to hold Donziger in contempt on Federal Rule of Civil Procedure 70(e) and district courts' "inherent power to enforce compliance with [their] lawful orders through civil contempt." Dkt. 1966 at 10 (citation omitted). This procedure is set out in Local Civil Rule 83.6, which states that "[a] proceeding to adjudicate a person in civil contempt . . . shall be commenced by the service of a notice of motion or order to show cause." Ignoring the express basis for Chevron's contempt motion, Donziger asserts that Chevron's "claims" in its application are equivalent to "claim[s] for relief" subject to Rule 12. Dkt. 2018 at 10. This contention is specious.

Rule 12(b) permits a party only to raise defenses to "a claim for relief in any ***pleading***." Rule 7(a), in turn, defines "pleadings" as excluding "motions and other papers." *Compare* Fed. R. Civ. P. 7(a), *with* Fed. R. Civ. P. 7(b); *see also, e.g.*, *Clemmons v. Ga.-Pac. Corp.*, No. 3:14-00432, 2015 WL 9307272, at *15 n.19 (M.D. La. Dec. 21, 2015) ("Federal Rule of Civil Procedure 7 makes clear that a pleading is not a motion.") (citation omitted). It is, therefore, beyond question that Rule 12 has no relevance to Chevron's contempt application under Rule 70.

The plain text of Rule 12 disposes of Donziger's attempt to defeat Chevron's contempt application by a separately filed motion. A motion to dismiss under Rule 12(b), or a motion to

3

strike under Rule 12(f), is only permitted against a "pleading," which Chevron's contempt application is not. The proper response to a motion is an opposition (which Donziger has already filed, *see* Dkt. 1986). *See, e.g.*, *Skinner v. Unknown Grandson*, No. 05-70556, 2006 WL 1997392, at *4 (E.D. Mich. July 14, 2006) ("In response to the defendants' motions to dismiss, plaintiff has filed motions to dismiss their motions. To the extent presented as motions, plaintiff's filings are procedurally improper. There is no procedure for 'dismissing' a motion filed by an opposing party. Rather, a party may file a response asking the Court to deny the motion.").

As if that were not enough, Donziger's "motion" violates Local Civil Rule 7.1(a)(1) and (a)(3) because it is not accompanied by a notice of motion or supporting affidavit. This Court has already noted Donziger's pattern of failing to support his factual claims with sworn affidavits. *See, e.g.*, May 8, 2018 Hearing Tr. at 21:1–5 ("THE COURT: In what affidavit by you does it explain exactly what's happening? MR. DONZIGER: I don't believe I should be obligated to present evidence . . . ."); Dkt. 1963 at 24 (noting Donziger's failure to submit evidence of his finances).

The Court need not, and should not, tolerate Donziger's continued and willful disregard of the basic rules of civil procedure, and it should deny Donziger's motion to dismiss on procedural grounds alone.

B.  **Donziger's Legal Arguments Are Baseless**

Donziger's procedural failures are dispositive, and there is no need to consider the substance of the motion. But even if considered, Donziger's legal assertions collapse under even minimal scrutiny. Neither "law of the case" nor the mandate rule has any application here, as Donziger's contempt has never been adjudicated. And under the only possible standard that could possibly apply to Donziger's arguments—reconsideration of the Court's Memorandum and Opinion setting the evidentiary hearing (Dkt. 2006)—he fails to engage with that strict standard or show any entitlement to relief.

4

### 1. Neither the "Law of the Case" Doctrine Nor the Mandate Rule Bars Chevron's Contempt Application

The "law of the case doctrine commands that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case." *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) (quotations and citation omitted). But where an issue has not been actually decided, the doctrine has no applicability. *See* 18B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4478 (2d ed. 2011) ("Actual decision of an issue is required to establish the law of the case. Law of the case does not reach a matter that was not decided."). This Court has never adjudicated whether the particular act at issue here—further encumbering the Ecuadorian judgment after the Paragraph 5's injunctive command was operative—is a violation of the Judgment. As such there is no prior "law of the case" that controls as to adjudication of Donziger's current contempt. The same is true of the "mandate rule," which "does not extend to issues [the] appellate court did not address." *New Eng. Ins. Co. v. Healthcare Underwriters Mut. Ins. Co.*, 352 F.3d 599, 606 (2d Cir. 2003); *see generally Chevron Corp v. Donziger*, 833 F.3d 74 (2d Cir. 2016).

Donziger insists that the Court's April 25, 2014 Order was a "clarification"[1] (Dkt. 2018 at 1) of the Judgment that permitted him to monetize the Ecuadorian judgment, so long as he wasn't selling his personal interest in the judgment (or claim against the judgment), and that the Second Circuit premised their affirmance on this understanding. He is mistaken. As Chevron has already explained (Dkt. 1987 at 6–7), that Order focused on whether a stay was appropriate *pending appeal* of the Judgment; it did not purport to definitively settle what would or would not constitute a

---

[1] The Court made clear at the May 8, 2018 hearing that its April 2014 Order was not a "clarification" of the Judgment. *See* May 8, 2018 Hearing Tr. at 17:10–12 ("THE COURT: Mr. Donziger, that was not a clarification order. That was a ruling on a motion for a stay pending appeal.").

5

violation Paragraph 5. Dkt. 1901 at 3 (describing the "principal focus" of the motion subject to decision as "whether movants will be harmed irreparably if the NY Judgment remains in effect until this appeal is decided").

The Second Circuit's affirmance did not turn on Donziger's artificially narrow reading of the Judgment; if anything, as Donziger's quotations from the Second Circuit's decision confirm, the Second Circuit understood that the relief entered would bar Donziger from "'profiting from [his] fraud.'" Dkt. 2018 at 9 (quoting *Chevron Corp.*, 833 F.3d at 119). And profit from his fraud is precisely what Donziger attempted to do with his solicitation of Elliott.[2]

Donziger's "law of the case" and mandate rule arguments are particularly inapt insofar as he requests that the Court "confirm" that he can solicit funds for the Lago Agrio litigation in the future. Dkt. 2018 at 1. Whether his reading of Paragraph 5 of the Judgment is correct—and it is not—it is now the combined effect of *two* judgments, not one, that restricts Donziger from additional fundraising.[3] On April 23, 2018, the Court entered a Default Judgment against Pablo Fajardo Mendoza, Luis Yanza, Frente de Defensa de la Amazonia, Selva Viva Selviva Cia, Ltda., and the non-appearing Lago Agrio Plaintiffs. Dkt. 1985 ¶ 6.3. The Default Judgment enjoins and

---

[2] There are several other fatal deficiencies with Donziger's position. For instance, Donziger does not explain how he could subordinate his interest in the Ecuadorian judgment to that of prospective funders without violating paragraph 1 of the Court's Judgment. Donziger also does not explain how he could avoid monetization of his own prohibited interest in the Ecuadorian judgment through any fundraising efforts. Indeed, Donziger has never provided evidence that he holds anything other than an undivided interest in the Ecuadorian judgment.

[3] The speciousness of Donziger's "declaratory relief" is evident from his request that the Court "declare that the NY Judgment in no way prevents [] Mr. Donziger or third-parties from exercising their legal rights in non-U.S. jurisdictions to obtain enforcement and related *recovery* on the Ecuador Judgment, consistent with the NY Judgment and the Second Circuit's affirmance thereof[.]" Dkt. 2018 at 3 (emphasis added). Paragraph 1 of the Court's Judgment unequivocally prohibits Donziger from *any* recovery traceable to the Ecuadorian judgment. Dkt. 1875 ¶ 1. The remainder of Donziger's claimed "declaratory relief" also fails, particularly in light of the Court's entry of default judgment against the non-appearing LAPs and others. Dkt. 1985; *see also* Dkt. 1987 (Chevron Contempt Application Reply) at 6-7, and n.2.

restrains those defendants from "undertaking any acts to monetize or profit from the Judgment, as modified or amended, or any New Judgment, including without limitation by selling, assigning, pledging, transferring, or encumbering any interest therein." *Id.* ¶ 4.

This Court has recognized that the "Lago Agrio Judgment provides for the payment of the entire award to the ADF." Dkt. 1901 at 13.[4]  But it is not possible for the ADF, whether acting on its own or through Donziger or any other agent, to attempt to monetize the Ecuadorian judgment by selling any interest in that judgment to third-party investors. Dkt. 1985 ¶ 7 ("In accordance with Federal Rule of Civil Procedure 65(d)(2), this Judgment is binding upon the parties; their officers, agents, servants, employees, and attorneys; and other persons who are in active concert and participation with any of the foregoing."); *see also* Dkt. 1875 ¶ 8 (entering same relief in March 2014 to make the Judgment "binding" upon Donziger's and the appearing LAPs' "officers, agents, servants, employees, and attorneys; and other persons who are in active concert and participation with any of [them]," which included the ADF). And, in addition to the ADF, the remaining LAPs are enjoined under the Default Judgment from "undertaking any acts to monetize or profit from the Judgment," including "selling, assigning, pledging, transferring, or encumbering any interest therein." Dkt. 1985 ¶ 4. Donziger's motion does not explain, let alone address, why the Judgment and Default Judgment do not foreclose his desired relief.

---

[4] Of course, Donziger and his co-conspirator had plans to siphon off this recovery into a trust under their control. Donziger's unrealized plan to control the proceeds of the Ecuadorian judgment included an agreement, reflected in Amazonia's shareholder agreements, by Amazonia's shareholders—including the ADF, Donziger's law firm, and Pablo Fajardo's law firm—to deposit all judgment proceeds into Amazonia and then use that vehicle to control and distribute those proceeds so as to personally enrich themselves and maintain an ability to control future distributions. *Chevron Corp. v. Donziger*, 974 F. Supp. 2d 362, 528 n.1110 (S.D.N.Y. 2014) ("The defendants in May 2012 did create a Gibralt[a]r company, Amazonia Recovery Limited . . . for receipt and distribution of any funds in consequence of the Judgment.") (citing PX 657).

> **2.    Donziger Is Effectively Seeking Reconsideration of This Court's Order Setting an Evidentiary Hearing, But There Is No Basis for Reconsideration**

Most of Donziger's arguments are recycled from his failed opposition to Chevron's contempt motion. *See* Dkt. 1986. In that filing, as here, Donziger argued that Chevron's contempt application failed as a matter of law because of the April 25, 2014 Order, and that it was bereft of sufficient factual allegations to justify a contempt finding. *See id.* at 5–9. The Court rejected these arguments and "concluded that an evidentiary hearing is appropriate with respect to this branch of the contempt motion." Dkt. 2006 at 14.

Donziger's motion thus effectively requests that the Court reconsider its prior ruling and grant the relief he originally asked for—denial of Chevron's contempt motion. But a party seeking reconsideration must proceed under Local Civil Rule 6.3, not repackage failed arguments into newly filed "motions" that seek the same relief. Indeed, a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *RCC Ventures, LLC v. Brandtone Holdings Ltd.*, No. 17-cv-1585, 2017 WL 3638202, at *2 (S.D.N.Y. Aug. 23, 2017); *see also Lichtenberg v. Besicorp Grp., Inc.*, 28 F. App'x 73, 75 (2d Cir. 2002) ("A motion for reconsideration is not an opportunity for the moving party 'to argue those issues already considered when a party does not like the way the original motion was resolved.'"). Donziger's rehash of his prior arguments violates Local Civil Rule 6.3.

Donziger's arguments also fail to satisfy the standard necessary to obtain reconsideration. "A movant for reconsideration bears the heavy burden of demonstrating [1] that there has been an intervening change of controlling law, [2] that new evidence has become available, or [3] that there is a need to correct a clear error or prevent manifest injustice." *Quinn v. Altria Grp., Inc.*, No. 07-cv-8783, 2008 WL 3518462, at *1 (S.D.N.Y. Aug. 1, 2008) (citing *Virgin Atl. Airways, Ltd. v.*

8

*Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).  Donziger does not even bother to engage with these standards, and he has not come anywhere close to meeting the "heavy burden" necessary to warrant reconsideration.

## CONCLUSION

The Court should deny Donziger's motion.

Dated:  June 14, 2018

New York, New York

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

*/s/ Randy M. Mastro*

Randy M. Mastro
Andrea E. Neuman
200 Park Avenue
New York, New York 10166
Telephone: 212.351.4000
Facsimile: 212.351.4035

William E. Thomson (admitted *pro hac vice*)
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

STERN, KILCULLEN & RUFOLO LLC
Herbert J. Stern (admitted *pro hac vice*)
Joel M. Silverstein
325 Columbia Tpke, Ste 110
P.O. Box 992
Florham Park, New Jersey 07932-0992
Telephone: 973.535.1900
Facsimile: 973.535.9664

*Attorneys for Plaintiff Chevron Corporation*