```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
CHEVRON CORPORATION,

                        Plaintiff,
        -against-                                           11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

                        Defendants.
------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/19/2018

### ORDER WITH RESPECT TO CERTAIN PRE-HEARING DISCOVERY

LEWIS A. KAPLAN, *District Judge.*

       This Order relates to Chevron's efforts to obtain discovery concerning Steven Donziger and those associated with him[1] in order to rule on a motion by Chevron to hold Donziger in civil contempt for alleged violation of the permanent injunction issued in this case.

       On May 16, the Court granted Chevron leave to "conduct discovery with respect to Donziger's compliance with the Judgment," but reserved ruling on the timing of such discovery. DI 2006. In addition, it scheduled a hearing on one branch of the contempt motion. *Id.* On May 22, Chevron moved to compel Donziger to respond to certain discovery requests relevant to the upcoming hearing. DI 2016. After Donziger failed to respond to the motion, the Court granted it to the extent of directing that he provide certain limited discovery in order to "assist in preparation for the hearing now scheduled for June 28." DI 2020. Then, in response to a request by Chevron, the Court clarified that the prior orders authorized discovery from non-party witnesses as well. DI 2022.

       Prior to or during the events just summarized, Chevron had sought discovery from non-party witnesses including Mary Katherine Sullivan and her company. On June 14, 2018, Ms. Sullivan and her company, through counsel, notified the Court "as to [her] understanding of the discovery obligations now incumbent upon her" and sought a protective order preventing Chevron from taking her deposition or, in the alternative, a limitation on the deposition's scope.

       Having considered all the submissions, it is hereby ORDERED as follows:

       1.    Ms. Sullivan and her company, without further delay, shall produce all requested documents and information concerning: (a) the attempt to obtain funds from Elliott Management Company ("Elliott"), any affiliates of Elliot, and/or any funds managed by Elliott or

---

[1] For the purposes of this order, the terms "Donziger" and "Donziger Defendants" refer to Steven Donziger, his PLLC, and The Law Offices of Steven R. Donziger.

its affiliates, (b) Donziger's assets, liabilities and financial situation, and (c) any payments to Donziger, past or anticipated, out of proceeds of financing granted in whole or in part in exchange for any portion of any future collections on the Ecuadorian judgment.

       2. Ms. Sullivan, individually and as representative of her company, shall appear for and testify at a deposition with respect to the foregoing subjects on a date mutually agreed by by her and the parties to this case or, if the parties cannot agree, on June 26, 2018.

       3. The Court continues to reserve decision on further Paragraph 5 Compliance Discovery and any other requested discovery as to which it has not yet ruled, including a possible deposition of Ms. Sullivan and her company on matters in addition to the subjects described in paragraph 1 of this order, until after the June 28, 2018 hearing.

       4. The application for a protective order is denied.

Dated:     June 19, 2018

                               /s/   Lewis A. Kaplan

                                   Lewis A. Kaplan
                              United States District Judge