UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHEVRON CORPORATION,

          Plaintiff,

  v.

STEVEN DONZIGER *et al.*,

          Defendants.

11 Civ. 0691 (LAK)

**MOTION FOR AN EMERGENCY ADMINISTRATIVE STAY OF PROVISION 1(c) THE COURT'S DISCOVERY ORDER [DKT. 2027] UNTIL THE COURT HAS RECEIVED BRIEFING AND DECIDED DONZIGER'S PENDING MOTION FOR A PROTECTIVE ORDER**

Defendant Steven Donziger hereby moves on an emergency basis for an administrative stay of provision 1(c) of the Court's Order with Respect to Certain Pre-Hearing Discovery, issued today directing disclosure of some certain responsive discovery by third-party Katie Sullivan. Dkt. 2027 ("Sullivan Order"). The partial stay requested is necessary to prevent the potential irreparable harm of the disclosure of certain information (such as the identity of funders) for which Mr. Donziger has sought protection by way of his recent Motion for a Protective Order, Dkt. 2026 ("First Amendment Motion" or "Motion"), at least until such time as the Court has been able to receive full briefing and issue a ruling on that Motion.[1]

---

[1] The ECF docket entry text for Dkt. 2027 indicates that the Sullivan Order is "denying 2026 Motion for Protective Order," i.e. the First Amendment Motion, which has not been fully briefed. However, no reference to Dkt. 2026 is made in the Sullivan Order itself; rather, the part of the Sullivan Order stating that "[t]he application for a protective order is denied" would appear to reference the application for a protective order made by Ms. Sullivan's counsel by letter dated June 13, 2018 (Dkt. 2025-1), which is otherwise the subject of the Sullivan Order.

Ms. Sullivan is a third-party who has worked closely with Mr. Donziger and others who directly and indirectly form the advocacy group that has sought to impose accountability on Chevron for the toxic contamination deliberately discharged in Ecuador by its predecessor Texaco. As set out in detail in the First Amendment Motion, this group ("Aguinda Supporters") faces a concrete and significant threat of reprisal from Chevron due to their advocacy. The Sullivan Order directs Ms. Sullivan to produce, "without further delay," discovery concerning (a) Elliott Management Corp.; (b) "Donziger's assets, liabilities, and financial situation"; and (c) any payments to Donziger, past or anticipated, out of proceeds of financing granted in whole or in part in exchange for any portion of any future collections of the Ecuadorian judgment." Dkt. 2027 at 1-2.[1]

Pursuant to a FRE 502(d) stipulation between the parties, Mr. Donziger has already produced discovery on the Elliott Management issue, the subject of the forthcoming hearing. Absent a threat of any claim of waiver of any privilege or protection, Mr. Donziger does not seek relief regarding this part of the Sullivan Order because he does not perceive any risk of disclosure of information that would be protected if relief were granted under the First Amendment Motion. Similarly, Mr. Donziger has already produced discovery regarding his present assets, liabilities, and financial situation, and so long as the discovery ordered by the Sullivan Order is limited to Mr. Donziger's personal finances, Mr. Donziger does not perceive a significant risk of disclosure of potentially protected information.

However, Mr. Donziger is concerned that the third category of discovery ordered by the Sullivan Order could contain information that should be protected by the Court in response to the

---

[1] Dkt. 2027 at 1. Mr. Donziger respectfully suggests that the note that Dkt. 2027 "den[ies]" Dkt. 2026 is a clerk's error and request confirmation regarding the same.

First Amendment Motion, such as the identity of specific funders or other Aguinda Supporters. Admittedly, Mr. Donziger does not know whether the information that Ms. Sullivan would produce would necessarily cause this harm. But counsel for Ms. Sullivan has declined to offer any assurances or allow Mr. Donziger to review the discovery to be produced prior to production. In fact, Ms. Sullivan's counsel has refused to offer any assurances regarding the timing of Ms. Sullivan's production, creating the severely urgent situation driving this Emergency Motion. As such, Mr. Donziger is compelled to seek the simple, temporary relief requested herein: that the Court stay provision 1(c) of the Sullivan Order, at least to the extent that responsive discovery thereto "would tend to reveal the identity of any funder or other material supporter of the Ecuador Litigation and/or the internal operational, organizational, administrative, or financial management practices of the [Aguinda Supporters]." *Cf.* Dkt. 2026 at 2.

The Court has the authority to issue the temporary, administrative stay requested here at its discretion, and indeed in its own interest in preventing an issue of constitutional dimension properly before the Court from being mooted by the actions of a third-party who has already sought the Court's guidance. To the extent additional analysis is necessary, the Court can consider this request under the factors concerning issuance of a stay pending appeal: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer irreparable injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected." *Torres v. N.Y. State Bd. of Elections*, 462 F.3d 161, 207 (2d Cir. 2006).

The first and most important factor compels issuance of the requested relief. Absent the narrow requested stay, discovery produced by Ms. Sullivan pursuant to the Sullivan Order could effectively moot the First Amendment Motion, expose the constitutionally protected materials

described in the Motion, expose Aguinda Supporters to the sorts of abusive reprisals for which Chevron is notorious (as described and supported with record evidence in the First Amendment Motion), and ultimately violate the essential and other First Amendment rights sought to be protected. The public interest weighs strongly against the imposition of such a result without even so much process as the briefing of, and reasoned decision on, a motion for protection. Chevron cannot pretend that it will suffer any cognizable harm, much less significant or irreparable harm, from a temporary administrative stay that would in fact just give Chevron the opportunity to make known its own views on the Motion. And without rehashing the substance of the Motion, Mr. Donziger submits that it sets out compelling facts fully justifying the prudent relief sought therein and thus raises "a substantial possibility" of success.

## CONCLUSION

For the foregoing reasons, Mr. Donziger respectfully requests that the Court stay provision 1(c) of the Sullivan Order, or otherwise issue instructions to Ms. Sullivan sufficient to ensure that she not produce discovery that would tend to reveal the identity of any funder or other material supporter of the Ecuador Litigation and/or the internal operational, organizational, administrative, or financial management practices of the Aguinda Supporters until Mr. Donziger's First Amendment Motion has been briefed and decided.

DATED: June 19, 2018 Respectfully submitted,

<u>*s/ Steven R. Donziger*</u>
Steven R. Donziger
245 W. 104th Street, #7D
New York, NY 10025
Tel: (917) 678-3943
Fax: (212) 409-8628
Email: sdonziger@donzigerandassociates.com

*Pro se*
*Counsel to Donziger & Associates, PLLC, and the Law Offices of Steven R. Donziger*

5