**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Randy M. Mastro
Direct: +1 212.351.3825
Fax: +1 212.351.5219
RMastro@gibsondunn.com

June 20, 2018

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Chevron Corp. v. Donziger, et al.*, Case No. 11 Civ. 0691 (LAK)

Dear Judge Kaplan:

I respectfully write as counsel for Chevron Corporation ("Chevron") regarding the "motion for a protective order" belatedly filed by Steven Donziger last Friday, June 15, at the same time he claimed to be responding to Chevron's discovery requests by producing only five documents consisting of a mere 18 pages. This Court previously granted Chevron's motion to compel, ordering Donziger to respond to Chevron's subpoenas (as modified by the Court) and to appear for deposition. Dkt. 2009. Donziger then made this paltry document production and refused to respond to the bulk of Chevron's information requests, objecting on "First Amendment," "relevance," and "undue burden" grounds—all of which this Court previously rejected. *Id.*; *Chevron Corp. v. Donziger*, 974 F. Supp. 2d 362, 579–81 (S.D.N.Y. 2014).

First, Donziger's "motion" is untimely, as it was filed after responses to the discovery were due and, even worse, after he was ordered to respond. Dkt. 2009. Moreover, Donziger's "motion" is procedurally defective. It fails if Donziger intended it to be a motion filed under Federal Rule of Civil Procedure 26(c)(1), in that he omitted from his motion papers the required notice of motion and "certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." And it also fails if Donziger intended his filing to be a discovery dispute submitted pursuant to Your Honor's individual practices, in that it far exceeds the allowable four-page limit. Finally, Donziger's "motion" is meritless, repeatedly mischaracterizing the record and attempting to re-litigate issues already decided against him, including his ludicrous First Amendment arguments previously raised and rejected by this Court. *See Chevron Corp.*, 974 F. Supp. 2d at 579–81; *see also* 05/08/18 Hr. Tr. at 24:21–22.

Accordingly, Donziger's "motion for a protective order" should either be stricken forthwith (*see, e.g.*, Dkt. 1937) or denied without need of any formal response from Chevron.

GIBSON DUNN

The Honorable Lewis A. Kaplan
June 20, 2018
Page 2

Since the filing of Donziger's motion, the Court issued an order denying Katie Sullivan's and Streamline's request for a protective order and ordering them, *inter alia*, to respond to discovery relating to three categories of information—"(a) the attempt to obtain funds from Elliott . . . , (b) Donziger's assets, liabilities and financial situation, and (c) any payments to Donziger, past or anticipated, out of proceeds of financing granted in whole or in part in exchange for any portion of any future collections on the Ecuadorian judgment"—"without further delay." Dkt. 2027. As Donziger's "motion" makes clear, the protective order that Sullivan and Streamline sought substantially overlaps with Donziger's. *See, e.g.*, Dkt. 2026 at 21 (explaining that Sullivan possesses "a number of confidential documents revealing and discussing the internal organizational, operational, and financial practices of the Ecuador Litigation Team and the Affected Communities"). Moreover, Donziger has admitted that there are "numerous actual and potential funders and supporters" (*id.*) that he and Sullivan have approached together since this Court enjoined Donziger from "undertaking any acts" to "monetize" "any interest" in the Ecuadorian judgment. Dkt. 1875 at 3. Now that the Court has ordered Sullivan and Streamline to respond to Chevron's subpoenas "without further delay," the Court should likewise order Donziger to produce all such information, as this Court previously compelled him to do. Dkt. 2009.

As always, we appreciate the Court's time and attention.

Respectfully,

*s/ Randy M. Mastro*

Randy M. Mastro

RMM/sh