**STEVEN R. DONZIGER, ESQ.**

245 WEST 104TH STREET, SUITE 7D
NEW YORK, NEW YORK 10025

212-570-4499 (O)
917-566-2526 (CELL)

June 22, 2018

**VIA ECF**

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

    RE:    *Chevron v. Donziger*, Case No. 11 Civ. 691 (LAK)

Dear Judge Kaplan:

I write in reference to Plaintiff Chevron Corp.'s letter dated June 20, 2018, Dkt. 2029 ("Letter"), objecting to my Motion for a Protective Order to Protect First Amendment Rights, Dkt. 2026 ("Motion"). Given the urgency in light of forthcoming depositions of the undersigned and third-parties now scheduled for early next week, and the hearing still scheduled for June 28, 2018 (albeit limited to the Elliott Management meeting), I respectfully suggest that the Court take the Letter as Chevron's opposition to the Motion, take this letter (subject to the requests below) as my reply, and decide the issue as soon as possible so that there is time for me digest the Court's ruling, and seek appellate review if necessary, before the events of next week.

The objections in the Letter are yet more technical objections, *cf.* Dkt 2032 at 1, and unbecoming *ad hominem* attacks. While I am doing by best to comply with the technical requirements of motion practice in this Court, I am not, as the Court knows, personally experienced with federal court litigation and do not have numerous associates and research assistants to aid my efforts. I respectfully suggest that none of the technical issues raised by Chevron bar the Court from exercising its discretion to proceed to the substance of my arguments and prayers for relief, which are necessary to protect the fundamental constitutional rights of myself and many others.

However, Chevron's observation that the Motion exceeds the four-page limit would appear to apply for a motion for protective orders under Rule 26(c). While this technical issue is not insurmountable for a ruling on the substance of my request, it does suggest that the more proper vehicle for the substance of the Motion would be a motion for a preliminary injunction enjoining Chevron from pursuing any discovery "that would tend to reveal, the identity of any funder or other material supporter of the Ecuador Litigation and/or the internal operational, organizational, administrative, or financial management practices of individuals and organizations who directly or indirectly oppose Chevron Corporation as regards the Ecuador Litigation or who otherwise support the Ecuador Litigation and/or the Ecuador Environmental Cause," Dkt. 2026 at 24 (using terms as defined in Dkt. 2026), at least until Chevron is able to demonstrate how such wide-ranging

Hon. Lewis A. Kaplan
June 22, 2018
Page 2 of 2

discovery is "crucial" to its efforts to enforce its money judgment or "prove" its baseless remaining contempt claims against me.

I will refile the Motion in the form of a Motion for a Preliminary Injunction within two business days of the date of this letter. I request that in the interim, the Court enter the prior requested protective order on a temporary basis, or enter a temporary restraining order precluding discovery as stated above, in order to preserve the status quo until the Court can fully rule on the requested relief.

If the Court is inclined to decide on the Motion between now and the refiling, I respectfully request that the Court construe the claims for relief in the Motion as a request for a preliminary injunction, the standard for which the Court is certainly familiar.[1] The likelihood of success and threatened irreparable injury are set out in the substance of the Motion; Chevron can point to no countervailing hardship because it is already being allowed to pursue the narrowly limited channels of discovery appropriate to its claims (discovery into my present finances and into the Elliott Management meeting); and the public interest not only would not be harmed by a protective injunction, but in fact the public interest demands that the First Amendment associational rights of undersigned and others be protected generally and specifically from being steamrolled by the press of litigation before the constitutional claims can be fully and properly considered and reviewed.

Thank you kindly for the consideration.

Sincerely,

_____/ s /_____

Steven R. Donziger

---

[1] *See, e.g.*, Dkt. 5 ("A preliminary injunction are proper where, as here, the movant shows by a preponderance that (1) there is "either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in [the movant's] favor"; (2) the movant "is likely to suffer irreparable injury in the absence of an injunction"; (3) "the balance of hardships tips in [its] favor"; and (4) "the public interest would not be disserved by the issuance of a preliminary injunction." *Salinger v. Colting*, 607 F.3d 68, 79-80 (2d Cir. 2010); *see Spencer Trask Software & Info. Servs., LLC v. RPost Int'l, Ltd.*, 190 F. Supp. 2d 577, 580 (S.D.N.Y. 2002) (standard for temporary restraining order is the same as for a preliminary injunction).")