# GIBSON DUNN

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6-25-18

**MEMO ENDORSED**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Randy M Mastro
Direct: +1 212.351.3825
Fax: +1 212.351.5219
RMastro@gibsondunn.com

June 24, 2018

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Chevron Corp. v. Donziger, et al.*, Case No. 11 Civ. 0691 (LAK)

Dear Judge Kaplan:

I respectfully write as counsel for Plaintiff Chevron Corporation ("Chevron") regarding Donziger's contempt of Paragraph 3 of the Court's Judgment. Paragraph 3 requires Donziger to "execute in favor of Chevron a stock power transferring to Chevron all of his right, title and interest in his shares of Amazonia . . . ." Dkt. 1875 ¶ 3. As of today, Donziger remains in contempt and has repeatedly refused to cure his contempt.

By way of background, on May 16, 2018, Your Honor adjudicated Donziger to be in civil contempt "based on his noncompliance with paragraph 3 of the Judgment." Dkt. 2006 at 9. Your Honor also ruled that, although Donziger eventually executed a stock transfer document, he added to the document a "so-called Addendum of Understandings" that had the "obvious purpose [of seeking to] negate the transfer of Donziger's Amazonia shares to Chevron . . . ." *Id.* at 10, 12. The Court ruled that Chevron was "free to request that Donziger execute a specific form of stock power without amendment or qualification and, should he fail promptly to do so, to seek an order of this Court requiring that he comply," and that "[a]ny failure to comply with any such order would be an appropriate subject of a new civil contempt motion." *Id.* at 13.

On June 16, 2018, Chevron delivered the attached letter and assignment form to Donziger by email. Ex. 1 at 1-2. The letter requested that Donziger execute the assignment form "without any alteration or addition" and return it on or before June 19. *Id.* at 3. Donziger failed to do so. On June 22, Chevron contacted Donziger again to request that he provide the share form by June 25. *Id.* at 1. Donziger responded by email, refusing to execute the form and stating that Chevron's request was "deeply repugnant to the First Amendment." *Id.*

Accordingly, pursuant to the Court's May 16 Memorandum Opinion (Dkt. 2006), Chevron respectfully requests that the Court issue an order requiring Donziger to execute the Amazonia assignment in the form presented to him by a date certain. *Id.* Should Donziger fail to timely comply, Chevron will then respectfully request that the Court hold him in contempt.

Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles · Munich
New York · Orange County · Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

# GIBSON DUNN

The Honorable Lewis A. Kaplan
June 24, 2018
Page 2

As always, we appreciate the Court's consideration.

Respectfully,

*s/ Randy M. Mastro*

Randy M. Mastro

RMM/sh

### MEMORANDUM ENDORSEMENT

The Federal Rules of Civil Procedure and the rules of this Court require that applications for relief be made by motion. Except in the case of motions that specifically may be made by letter, every motion is to be made by notice of motion or order to show cause and to be accompanied by a memorandum of law and, where the movant relies on factual information or portions of the record, supporting affidavits or declarations. S.D.N.Y. Civ. R. 7.1(a). Similar papers are required in oppositions to motions. *Id.* 7.1(b). The parties to this case with disturbing frequency have not complied with these rules, which places an unnecessary burden on the Court and, on occasion, adverse counsel.

This letter seeks relief in the form of an order of the Court. It is not among the applications permitted to be made by letter motion. S.D.N.Y. ECF Rules & Instructions Rule 13.1. Accordingly, the motion is denied without prejudice to the filing of a motion that complies with S.D.N.Y. Civ. R. 7.1.

        SO ORDERED.

Dated:      June 25, 2018

                                              Lewis A. Kaplan
                                         United States District Judge