**STEVEN R. DONZIGER, ESQ.**

245 WEST 104TH STREET, SUITE 7D
NEW YORK, NEW YORK 10025

212-570-4499 (O)
917-566-2526 (CELL)

June 26, 2018

**VIA ECF**

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

   RE:   *Chevron v. Donziger*, Case No. 11 Civ. 691 (LAK)

Dear Judge Kaplan:

I write to request that the upcoming evidentiary hearing now scheduled for June 28, 2018, be continued to either of July 16, 17, or 18, 2018, or to a later date at the Court's convenience. The main bases for my request are a) due process violations by Chevron related to a secret deposition which occurred last week of Ms. Katie Sullivan without notice to me; and b) the fact that the court has yet to issue its opinions regarding my Motion for Declaratory Judgment and my Motion for a Protective Order.

In terms of the first issue, at my deposition in this matter yesterday, something very surprising occurred. I learned for the first time—in fact, I was blindsided—that Ms. Sullivan was deposed by Chevron on June 21, 2018. In flagrant violation of Fed. R. Civ. P. 45, I was never provided notice of the scheduled deposition by plaintiff Chevron or obviously Ms. Sullivan's counsel who apparently had decided to cut off communication with me as of several days ago without even providing me the courtesy of a notification. Ms. Sullivan also produced a massive quantity of documents last week, a fact that I only learned of when I inquired of Chevron on Sunday, June 24, 2018. (Chevron turned over the Sullivan production mere hours before my deposition and I was unable to fully review these documents prior to answering questions under oath.) During my deposition, Chevron's counsel presented me with numerous documents from Ms. Sullivan's production, while refusing to provide a copy of Ms. Sullivan's deposition transcript for me to examine. Ms. Sullivan and her counsel, now apparently cooperating hand-in-glove with Chevron, have refused even the courtesy of returning emails seeking an explanation of Ms. Sullivan's position.

To be clear, I repeatedly have advised counsel for Ms. Sullivan and Chevron that I believed and continue to believe that some of Ms. Sullivan's documents and her testimony would *(a)* be subject to the attorney-client privilege by virtue of her role as a "consultant [] involved in the activities

Hon. Lewis A. Kaplan
June 26, 2018
Page 2 of 2

which were the subject matter of [] ensuing litigation,"¹ and that a substantial number of her documents *(b)* contain confidential and strongly protected opinion work product by me and other attorneys reflecting our mental impressions, opinions, and legal theories. I also repeatedly advised Ms. Sullivan's counsel that any production by her was subject to my pending motions for declaratory relief and for a protective order necessary to protect First Amendment rights, which seeks a preliminary injunction and temporary restraining order and an administrative stay. Dkts. 2018, 2026, 2032, 2028.

The prejudice to me from this situation is undeniable. The failure to notify me of the Sullivan deposition deprived me of the right to interpose objections to Ms. Sullivan's testimony and to her production in a timely way, or before her documents are used any further in this process. It deprived me of the ability to adequately prepare for my own deposition four days later, which I entered unawares that Ms. Sullivan had been deposed. Further, I did not receive from Chevron (or obviously from Ms. Sullivan's counsel) her substantial production until Sunday evening; I am still reviewing this production.

Further, the Court has yet to issue an opinion in connection with its denials of my motions for relief noted above. Depending on the grounds of the denial of the motions, I may be need to seek appellate review, especially where the denials leave fundamental First Amendment rights of myself and others at imminent risk. Again, this is another compelling reason to postpone the hearing.

For these reasons, to some degree a function of the bad faith of Chevron in not notifying me of the Sullivan deposition, I am seeking additional time to acquire, read, and digest Ms. Sullivan's deposition testimony and Your Honor's opinions before proceeding. I also am gathering more documents for production in light of the Court's decisions yesterday denying my motions. I simply am unable to prepare properly for my testimony Thursday because of these issues and the inadequate time involved.

For the foregoing reasons, I request that the June 28 evidentiary hearing be continued to July 16, 17 or 18, 2018, or a later date at the Court's convenience.

                                        Sincerely,

                                        / s /

                                        Steven R. Donziger

---

[1] *Am. Mfrs. Mut. Ins. Co. v. Payton Lane Nursing Home, Inc.*, 2008 WL 5231831 (E.D.N.Y. Dec. 11, 2008).