**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Randy M. Mastro
Direct: +1 212.351.3825
Fax: +1 212.351.5219
RMastro@gibsondunn.com

June 27, 2018

The Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:     *Chevron Corp. v. Donziger, et al.*, Case No. 11 Civ. 0691 (LAK)

Dear Judge Kaplan:

I respectfully write as counsel for Plaintiff Chevron Corporation ("Chevron") in opposition
to Donziger's eleventh-hour request to postpone the June 28  evidentiary hearing before
Your Honor.  *See* Dkt. 2039.  Donziger presents no legitimate reason for further delay.
Moreover, it would result in prejudice to Chevron, given the ongoing misconduct revealed in
post-judgment discovery.

Donziger admitted at his deposition yesterday that he has failed to retain evidence, including
his notes of the Elliott meeting and other related documents.  In addition, Donziger admitted
to sending an email urging others to delete emails relating to the Elliott meeting to prevent its
discovery.  Donziger also testified that he intends to continue to seek to monetize the interest
he claims is held by the Frente de Defensa de la Amazonia ("FDA") in the Ecuadorian
judgment, notwithstanding this Court's recent entry of a default judgment against the
FDA.  Third-party discovery confirmed Donziger's misconduct.

Given Donziger's ongoing misconduct and contempt of this Court's judgment, the
evidentiary hearing should proceed as scheduled.  Donziger identifies no legitimate reason
for a continuance.

Donziger's claim that he was "blindsided" by Ms. Sullivan's deposition is unfounded.  First,
even though not required, Chevron provided its third-party subpoenas to Donziger, and he
received the subpoenas served on Ms. Sullivan on April 16, 2018.[1]  Despite having actual

---

[1] Chevron served its subpoenas under Federal Rule of Civil Procedure 69(a)(2) and N.Y.
CPLR §§ 5223 and 5224.  Dkt. 1989 at 1.  Subpoenas served under these rules need not be
disclosed to judgment debtors like Donziger.  *See, e.g.*, *Kerr v. John Thomas Fin.*, No. 14-cv-
9168, Dkt. 144 at 4 (S.D.N.Y. Oct. 7, 2016) ("[N]otice is not necessary before service of a
subpoena pursuant to Section 5224.").  The subpoenas are enforceable under Federal Rule of
Civil Procedure 45, but that Rule does not require notice of subpoenas in this post-trial

# GIBSON DUNN

The Honorable Lewis A. Kaplan
June 27, 2018
Page 2

notice of the subpoenas, Donziger did not object to those subpoenas (or any others) by their respective return dates, nor did he ever ask Chevron's counsel about the deposition.  Donziger did, however, work behind the scenes to obstruct Chevron's ability to obtain discovery from Ms. Sullivan and others.  *See* Dkt. 2025 at 2.  Indeed, Donziger's recent stay motion reveals that he has been in direct contact with Ms. Sullivan's counsel regarding her production, and it was only after Donziger's extra-judicial efforts to obstruct that discovery failed that he sought relief from the Court.  Dkt. 2028 at 3.[2]

As for the documents produced by Ms. Sullivan, Donziger knew from this Court's June 19 order that she was ordered to produce documents (Dkt. 2027) but chose not to request the documents until June 24.  Chevron promptly provided them to him that same day, even though Chevron was under no duty to do so.

Finally, Donziger's excuse that he cannot "prepare properly" for this hearing because of his discovery obligations is frivolous.  Donziger has had Chevron's subpoenas since April and has been aware of this hearing date for the past month (see Dkt. 2017). Yet despite this Court's orders that he comply with Chevron's document production requests (*see* Dkt. 2009, 2020), he has thus far produced only five documents in total (consisting of just 18 pages), and deposition testimony makes clear that he has failed to preserve documents or exercise reasonable diligence to search for them. In addition, Donziger agreed during his June 25 deposition to produce additional documents but has failed to do so.

Accordingly, the Court should deny Donziger's latest belated attempt at delay and go forward with the evidentiary hearing as scheduled tomorrow, June 28.

As always, we appreciate the Court's consideration.

Respectfully,

*/s/ Randy M. Mastro*

Randy M. Mastro

---

proceeding.  *See, e.g.*, *United States v. Chomos*, No. 4:08-CR-0092, 2015 WL 5233333, at *1 (N.D. Ohio Sept. 8, 2015).

[2]  Donziger's complaints about third-party depositions also fall flat.  Indeed, he testified at his June 25 deposition that he had no objection to Chevron deposing Joshua Rizack prior to the June 28 hearing and that such a deposition would be "between" Chevron and Rizack.