**STEVEN R. DONZIGER, ESQ.**

245 WEST 104TH STREET, SUITE 7D
NEW YORK, NEW YORK 10025

212-570-4499 (O)
917-566-2526 (CELL)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6-27-18

June 26, 2018

**MEMO ENDORSED**

<u>**VIA ECF**</u>

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

RE: *Chevron v. Donziger*, Case No. 11 Civ. 691 (LAK)

Dear Judge Kaplan:

I write to request that the upcoming evidentiary hearing now scheduled for June 28, 2018, be continued to either of July 16, 17, or 18, 2018, or to a later date at the Court's convenience. The main bases for my request are a) due process violations by Chevron related to a secret deposition which occurred last week of Ms. Katie Sullivan without notice to me; and b) the fact that the court has yet to issue its opinions regarding my Motion for Declaratory Judgment and my Motion for a Protective Order.

In terms of the first issue, at my deposition in this matter yesterday, something very surprising occurred. I learned for the first time—in fact, I was blindsided—that Ms. Sullivan was deposed by Chevron on June 21, 2018. In flagrant violation of Fed. R. Civ. P. 45, I was never provided notice of the scheduled deposition by plaintiff Chevron or obviously Ms. Sullivan's counsel who apparently had decided to cut off communication with me as of several days ago without even providing me the courtesy of a notification. Ms. Sullivan also produced a massive quantity of documents last week, a fact that I only learned of when I inquired of Chevron on Sunday, June 24, 2018. (Chevron turned over the Sullivan production mere hours before my deposition and I was unable to fully review these documents prior to answering questions under oath.) During my deposition, Chevron's counsel presented me with numerous documents from Ms. Sullivan's production, while refusing to provide a copy of Ms. Sullivan's deposition transcript for me to examine. Ms. Sullivan and her counsel, now apparently cooperating hand-in-glove with Chevron, have refused even the courtesy of returning emails seeking an explanation of Ms. Sullivan's position.

To be clear, I repeatedly have advised counsel for Ms. Sullivan and Chevron that I believed and continue to believe that some of Ms. Sullivan's documents and her testimony would *(a)* be subject to the attorney-client privilege by virtue of her role as a "consultant [] involved in the activities

Case 1:11-cv-00691-LAK-JCF Document 2044 Filed 06/27/18 Page 2 of 4
Case 1:11-cv-00691-LAK-JCF Document 2039 Filed 06/26/18 Page 2 of 2

Hon. Lewis A. Kaplan
June 26, 2018
Page 2 of 2

which were the subject matter of [] ensuing litigation,"[1] and that a substantial number of her documents *(b)* contain confidential and strongly protected opinion work product by me and other attorneys reflecting our mental impressions, opinions, and legal theories. I also repeatedly advised Ms. Sullivan's counsel that any production by her was subject to my pending motions for declaratory relief and for a protective order necessary to protect First Amendment rights, which seeks a preliminary injunction and temporary restraining order and an administrative stay. Dkts. 2018, 2026, 2032, 2028.

The prejudice to me from this situation is undeniable. The failure to notify me of the Sullivan deposition deprived me of the right to interpose objections to Ms. Sullivan's testimony and to her production in a timely way, or before her documents are used any further in this process. It deprived me of the ability to adequately prepare for my own deposition four days later, which I entered unawares that Ms. Sullivan had been deposed. Further, I did not receive from Chevron (or obviously from Ms. Sullivan's counsel) her substantial production until Sunday evening; I am still reviewing this production.

Further, the Court has yet to issue an opinion in connection with its denials of my motions for relief noted above. Depending on the grounds of the denial of the motions, I may be need to seek appellate review, especially where the denials leave fundamental First Amendment rights of myself and others at imminent risk. Again, this is another compelling reason to postpone the hearing.

For these reasons, to some degree a function of the bad faith of Chevron in not notifying me of the Sullivan deposition, I am seeking additional time to acquire, read, and digest Ms. Sullivan's deposition testimony and Your Honor's opinions before proceeding. I also am gathering more documents for production in light of the Court's decisions yesterday denying my motions. I simply am unable to prepare properly for my testimony Thursday because of these issues and the inadequate time involved.

For the foregoing reasons, I request that the June 28 evidentiary hearing be continued to July 16, 17 or 18, 2018, or a later date at the Court's convenience.

                                                Sincerely,

                                                / s /

                                                Steven R. Donziger

---

[1] *Am. Mfrs. Mut. Ins. Co. v. Payton Lane Nursing Home, Inc.*, 2008 WL 5231831 (E.D.N.Y. Dec. 11, 2008).

Memorandum Endorsement                                Chevron Corp. v. Donziger, 11-cv-691 (LAK)

Defendant Donziger's letter motion, filed last night, for a continuance of the hearing scheduled to take place tomorrow is denied. His arguments are unpersuasive.

1.      He complains that he learned a few days ago that Ms. Sullivan recently produced documents to Chevron and that he now needs more time to review them in order to prepare for the hearing. The fact of the production could have come as no surprise, as he was well aware that this Court on June 19 ordered Ms. Sullivan to produce a subset of the documents Chevron had subpoenaed "without further delay." Moreover, that document production was not made under the pretrial discovery provisions of the Federal Rules of Civil Procedure. It was made pursuant to a subpoena under NY CPLR Article 52, which governs here pursuant to Fed. R. Civ. P. 69 and which does not require notice to judgment debtors like Donziger of subpoenas issued in judgment enforcement proceedings such as this. *E.g., Kerr v. John Thomas Fin.*, No. 14-cv-9168 (KBF) (HBP), slip op. (DI 144), at 3-5 (S.D.N.Y. Oct. 7, 2016) (Pitman, M.J.); *ITT Commercial Fin. Corp. v. Bailey*, 166 M.2d 24, 25, 631 N.Y.S. 2d 225 (Sup. Ct. Chaut. Cty. 1995); *Salvan v. Lewis*, 50 M.2d 122 (table), 2015 WL 9906076, at *2 (Civ. Ct. N.Y. Co. 2015); 9B CARMODY-WAIT 2D NEW YORK PRACTICE WITH FORMS § 64:329 (2018) (judgment debtor not entitled to notice of examination of third persons). Despite the fact that he was not entitled to notice of the subpoena nor to receive copies of the documents produced, he received both as a matter of courtesy. And since he was not entitled to receive the documents at all, the fact that he was questioned at his deposition about some of them is of no moment. Witnesses are questioned about documents they have not been shown in advance in many of cases. Finally, as the scope of the production that the Court ordered was limited to the attempt to obtain funds from Elliott, Donziger's personal finances, and payments to Donziger out of funds obtained in whole or in part in exchange for any portions of future collections on the Ecuadorian judgment – all matters well within his personal knowledge – the claim that he needs more time to prepare rings hollow.

2.      Hollow too is Donziger's claim the Sullivan document production, without Sullivan affording him an opportunity to review the documents in advance, prevented him from asserting privilege and work product claims. As Chevron notes, Donziger has had copies of the subpoenas served on Ms. Sullivan for more than two months. And although he sought a protective order on other grounds with respect to certain of the disclosure sought by those subpoenas [DI 2026], privilege and work product were not among the grounds he asserted. Moreover, it bears mention that the filing of the protective order motion, even if it had asserted privilege, would not have stayed disclosure as Donziger never obtained a court order to that effect. *See Pioche v. Mines Consol., Inc., v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964) ("[U]nless [the party] has obtained a court order that postpones or dispenses with his duty to appear, that duty remains."); *see also Albert v. Starbucks Coffee Co* , 213 F. App'x 1, 1 (D.C. Cir. 2007); *King v. Fidelity Bank of Baton Rouge*, 712 F.2d 188, 191(5th Cir. 1983); *Fed. Aviation Admin. v. Landy*, 705 F.2d 624, 634-35 (2d Cir. 1983). Thus, his assertion that he advised Ms. Sullivan's counsel that "any production by her was subject to [his] pending motions for declaratory relief and for a protective order" [DI 2039, at 2] was either devoid of meaning or, if it was intended to mean that Ms. Sullivan was precluded from producing documents until those motions were decided, simply incorrect. To the contrary, as Donziger well knew, Ms.Sullivan was subject to this Court's June 19 order, which required her to produce the

2

documents within its ambit "without further delay." It was not within Donziger's power to suspend the effect of that order simply by moving for a protective order.

3. There is one point in Donziger's letter that may have some merit – the assertion that he was not notified of the occurrence of the Sullivan deposition and therefore was deprived of the ability to attend and object to questions asked of her. Of course, all the Court has on the claim of lack of notice is Donziger's unsworn assertion. It remains to be seen what may be said on the other side of that issue.

Passing the question of whether Donziger did or did not have notice of the deposition, the fact remains that, as a matter of the New York law that applies here, he had no right to such notice. He therefore cannot credibly claim any cognizable prejudice simply because Ms. Sullivan was deposed in his absence. That said, however, this Court's June 19, 2018 order, which directed Ms. Sullivan to sit for a deposition on or before June 26, contemplated the possible use of her deposition testimony at the hearing. It assumed that Donziger would be permitted to participate, regardless of whether he had a right to notice or to do so. That is why the order required the deposition to take place on a date to be agreed by the parties or, if they could not agree, on June 26. Accordingly, if Donziger lacked notice of the deposition date or did not agree with it, and if Chevron seeks to offer any part of the deposition as evidence at the hearing, the Court will consider any objection to any portion of it that may be offered.

I have considered Donziger's remaining arguments and concluded that they are without merit.

The letter motion for a continuance of the hearing [DI 2039] is denied.

SO ORDERED.

Dated: June 27, 2018

_____
Lewis A. Kaplan
United States District Judge