**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Randy M. Mastro
Direct: +1 212.351.3825
Fax: +1 212.351.5219
RMastro@gibsondunn.com

July 5, 2018

The Honorable Lewis A. Kaplan
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, New York, NY 10007-1312

Re:   *Chevron Corp. v. Donziger, et al.*, Case No. 11 Civ. 0691 (LAK)

Dear Judge Kaplan:

I respectfully write as counsel for Plaintiff Chevron Corporation ("Chevron"), pursuant to Your Honor's directive at the June 28, 2018 hearing. Chevron submits that further briefing is warranted as to the implications of Donziger's retention agreements and other agreements among entities with interests in the Ecuadorian judgment, particularly in light of Donziger's production of a November 1, 2017 agreement between himself and the Frente de Defensa de la Amazonia ("FDA") for the first time at the conclusion of the June 28th hearing.

The newly-produced November 1, 2017 retention agreement between Donziger and the FDA (Ex. A) is dated just five days before (and obviously in anticipation of) the Elliott meeting. But Chevron never had an opportunity to brief the significance of the agreement, or question Donziger about it, because Donziger intentionally withheld it until after the June 28th hearing, in violation of this Court's discovery order. *See* Dkt. 1989-1 at 12–13 (Request No. 19 re: Donziger's interest in the Ecuadorian judgment); Dkt. 2009 at 1 n.1, 3 (requiring production responsive to Request No. 19 by June 15). Nor did he admit to its existence during his deposition. *See* Donziger Dep. Tr. at 29, 60, 62 (attached as Ex. B). And earlier today, Donziger produced for the first time yet another FDA agreement that he had withheld—dated January 29, 2016, regarding investment solicitations. *See* Ex. C. Donziger says he obtained it *from Ecuador*.

The November 1, 2017 retention agreement purports to grant Donziger for the first time a *personal* 6.3% interest in any "funds recovered in connection with the *AGUINDA* CASE or the

**GIBSON DUNN**

*AGUINDA* JUDGMENT" (Ex. A at 3), as opposed to the interest granted his law firm under the 2011 agreement. This new agreement grants him an interest as an "alternative" to "Mr. DONZIGER's existing contractual INTEREST," and also contains a new contractual commitment that the FDA "irrevocably acknowledges, confirms and undertakes to support Mr. DONZIGER's existing contractual INTEREST." *Id.* at 1, 3. The upshot of these provisions is that they give Donziger the ability to directly benefit from any investment by funders such as Elliot, and as Donziger has admitted, he uses these investment funds to make "retainer" and other payments to himself. June 28, 2018 Tr. at 33, 64. That violates the RICO judgment, as does the contractual commitment that Donziger extracted from the FDA to "irrevocably" assist him in committing contempt by ensuring he personally receives "his share." As this Court confirmed in its April 2014 order, the judgment prohibits "collections . . . made in respect of the Lago Agrio Judgment" that are "funneled to Donziger as retainer payments." Dkt. 1901 at 7.

Additional briefing is also warranted because the new retention agreements, as well as the 2011 retention agreement, the 2010 intercreditor agreement, and the Amazonia documents, all refute Donziger's contempt defense—that he was only representing the FDA at the Elliot meeting and was not monetizing his own interest or otherwise profiting from the investments. *See* June 28, 2018 Tr. at 50, 54–55. On its face, the November 1, 2017 retention agreement confirms that the FDA has only a 10% interest in the Ecuadorian judgment (Ex. A at 1), but Donziger told Elliot that 15% to 20% of the judgment had already been pledged to investors. June 28, 2018 Tr. at 21, 38. Moreover, by operation of the prior agreements, Donziger monetizes and profits from his interest in the judgment whenever new monies are received (either by agreeing to a lower collection priority and/or amount in exchange for funder investment), which are then used to pay himself what he claims are monthly retainers, expenses, or reimbursements.

Respectfully,

/s/ Randy M. Mastro
    Randy M. Mastro