UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
: 
CHEVRON CORPORATION, :
:
          Plaintiff, :
:
   v. : 11 Civ. 0691 (LAK)
:
STEVEN DONZIGER, *et al.*, :
:
          Defendants. :
:
------------------------------------x

**CHEVRON CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL DONZIGER TO EXECUTE AN UNQUALIFIED TRANSFER OF AMAZONIA SHARES AND A GENERAL TRANSFER AND ASSIGNMENT OF ALL JUDGMENT INTERESTS**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

STERN, KILCULLEN & RUFOLO LLC
325 Columbia Tpke, Ste 110
P.O. Box 992
Florham Park, New Jersey 07932-0992
Telephone: 973.535.1900
Facsimile: 973.535.9664

*Attorneys for Chevron Corporation*

Donziger's latest set of excuses for his continued refusal to transfer his Amazonia shares and any of his other interests in the Ecuadorian judgment to Chevron are unavailing for multiple reasons.  First, consistent with his pattern of ignoring this Court's rules, Donziger's opposition to Chevron's motion was untimely.  That is reason enough to grant Chevron the relief it seeks.  Second, even if considered on the merits, Donziger's opposition fails because it is premised on groundless First Amendment objections.  The Court should grant Chevron's motion and order Donziger to execute an unmodified transfer of his Amazonia shares and a general transfer and assignment of all of his judgment interests by a date certain.

A.     **Donziger's Opposition Was Untimely, and No Opposition Was Filed on Behalf of His Law Firms.**

The Court should grant Chevron's motion on the ground that it was not timely opposed.  Local Civil Rule 6.1(b) sets a fourteen-day deadline to file an opposition to a motion.  Here, Chevron filed its motion on June 27, 2018 (Dkt. 2047) but Donziger did not oppose until fifteen days later on July 12 (Dkt. 2054).  Donziger did not seek leave from this Court for an extension of time and did not move for permission to file a belated opposition.  Moreover, there still has been no response filed to Chevron's motion from either Donziger & Associates PLLC (the entity in whose name the Amazonia shares are held, Dkt. 2003-3) or the Law Offices of Steven R. Donziger.  Donziger's opposition was filed only on behalf of himself "*pro se*," not on behalf of his two law firms.  *See* Dkt. 2054 at 3.  That is likely because Donziger has been suspended from practicing law in New York (Dkt. 2053-1), and the firms can appear in this Court only through counsel.  *See, e.g.*, *Lattanzio v. COMTA*, 481 F.3d 137, 139–40 (2d Cir. 2007) (holding that "a layperson may not represent a separate legal entity such as a corporation," "partnerships and single shareholder corporations," or "a limited liability company").

1

The Court therefore can and should grant Chevron's motion because it was not timely opposed by Donziger, and not opposed at all by Donziger's law firms.

**B.     On the "Merits," Donziger's Arguments Fail.**

First, Donziger ignores the Court's prior order regarding his purported transfer of the Amazonia shares to Chevron (Dkt. 2006 at 10–13), as well as the plain language of the documents in question (Dkt. 2003-3), in arguing that he has "already executed a transfer of [the Amazonia] 'shares' that was without any legal reservation." Dkt. 2054 at 1. The Court has already rejected this argument, correctly explaining that "rather than simply signing an unequivocal stock transfer form conveying all of his right, title and interest in the Amazonia shares as required by the judgment in this case – and putting the lie to his May 8, 2018 representation to this Court that 'if they want me to sign my shares over, . . . I'm happy to do it' – [Donziger] still seeks to retain the shares by inviting Amazonia to reject the transfer document on at least two grounds." Dkt. 2006 at 12. Donziger is effectively seeking reconsideration of that ruling, but has made no effort to satisfy the strict standards for reconsideration.

Second, Donziger once again challenges the Court's RICO judgment on First Amendment grounds, repeating his pattern of raising frivolous First Amendment arguments. *See* Dkt. 2045 at 32–35 (rejecting Donziger's previous First Amendment argument as "wrong on the merits"). There is no First Amendment issue here because Chevron does not seek an order "barring [Donziger] from acknowledging the existence of" the circumstances under which Donziger transferred the Amazonia shares. Dkt. 2054 at 2. Donziger is free to tell anyone in the world whatever he wants about the Amazonia share transfer. What he cannot do is attach documents to the transfer *itself* that, as the Court has already ruled, "seek to negate the transfer." Dkt. 2006 at 12. Instead, Donziger must fulfil his obligations to "execute a specific form of stock power without amendment or qualification." *Id*. at 13; *see also* Dkt. 1875 ¶ 3 (requiring Donziger to

"execute such other and further documents as Chevron reasonably may request or as the Court hereafter may order to effectuate the foregoing provisions of this Judgment").

Third, Donziger offers no valid reason for why the Court should deny Chevron's request for the general transfer and assignment of his interests in the Ecuadorian judgment. Donziger suggests, based on an out-of-context quotation from the Court's April 2014 stay order, that he is only required to assign to Chevron "collection[s]" from the Ecuadorian judgment. Dkt. 2054 at 3. The plain language of the RICO judgment provides otherwise, as it ordered Donziger to "transfer and forthwith assign to Chevron" "all property, whether personal or real, tangible or intangible, vested or contingent" that is "traceable to the Judgment"—including, specifically, Donziger's "rights to any contingent fee under the Retainer Agreement." Dkt. 1875 ¶ 1. Donziger is thus wrong that "there is no property to be assigned to Chevron at this time" (Dkt. 2054 at 3), as this Court has already ordered him to assign to Chevron his contingency fee interests, as well as any other interests in the Ecuadorian judgment he may have.

The Court should thus order Donziger to execute an unmodified transfer of his Amazonia shares and a general transfer and assignment of all of his judgment interests by a date certain.

Dated: July 18, 2018
New York, New York

        Respectfully submitted,

        GIBSON, DUNN & CRUTCHER LLP

        */s/ Randy M. Mastro*
        Randy M. Mastro
        Andrea E. Neuman

        200 Park Avenue
        New York, New York 10166
        Telephone: 212.351.4000
        Facsimile: 212.351.4035
        rmastro@gibsondunn.com

William E. Thomson
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

STERN, KILCULLEN & RUFOLO LLC
Herbert J. Stern
Joel M. Silverstein
325 Columbia Tpke, Ste 110
P.O. Box 992
Florham Park, New Jersey 07932-0992
Telephone: 973.535.1900
Facsimile: 973.535.9664

*Attorneys for Chevron Corporation*