UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CHEVRON CORPORATION,

                                        Plaintiff,

                    –against–                                    11-cv-0691 (LAK)

STEVEN DONZIGER, et al..

                                        Defendants
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/7/18

## ORDER

LEWIS A. KAPLAN, *District Judge.*

      Some time ago, Chevron Corporation ("Chevron") moved to hold Donziger in civil contempt of court for violating paragraphs 3 and 5 of the judgment entered March 4, 2014 (the "Judgment"). DI 1968. Insofar as the motion was based on alleged violations of paragraph 3, the Court denied it without prejudice to certain further proceedings. Insofar as it was based on alleged violation of paragraph 5, it scheduled an evidentiary hearing that ultimately was adjourned until June 28, 2018. DI 2006; Minute entry, June 28, 2018.

      At the conclusion of the proceedings on June 28, 2018, the Court noted that neither party had addressed whether the contempt application regarding paragraph 5 of the Judgment was affected by "by the terms of Mr. Donziger's retention agreement, by the inter-creditor agreement, [and] by investment agreements that were in place at relevant times" and afforded both sides an opportunity to apply for permission to address those issues if either so wished. June 28 Tr., at 70.

      In due course, Chevron applied to make such a submission and the Court granted leave to do so by July 24. DI 2050, DI 2052. The Court gave Donziger until August 7 to respond and Chevron until August 14 to reply. DI 2052. Moreover, it added that:

> "Memoranda by either side shall be double spaced and shall not exceed 12 pages. Any further evidentiary material shall be submitted in the form of double spaced affidavits or declarations to which appropriate exhibits may be attached. The Court will reject any papers that do not conform to these requirements"

Although the last of the submissions contemplated by that order is not yet due, two problems have appeared thus far:

2

First, Chevron's memorandum in response to the leave granted after the June 28 hearing has raised a new and independent ground for holding Donziger in contempt – an alleged violation of paragraph 1 of the Judgment by virtue of his alleged refusal "to turn over his interest in the Ecuadorian judgment to Chevron." DI 2057, at 7.

Second, Donziger's response – an unsworn memorandum (DI 2061) – to Chevron's post-hearing submission is shot through with factual assertions and thus contains evidentiary material. But he has not submitted any affidavit, declaration or exhibits in support of those factual assertions.

These actions are inappropriate on both sides.

As far as Chevron is concerned, fair notice and good order require that each and every alleged contempt be charged in a notice of motion or an order to show cause as indicated by S.D.N.Y. Civ. R. 83.6, which provides in relevant part:

> " A proceeding to adjudicate a person in civil contempt, including a case provided for in Fed. R. Civ. P. 37(b)(1) and 37(b)(2)(A)(vii), shall be commenced by the service of a notice of motion or order to show cause.   The affidavit upon which such notice of motion or order to show cause is based shall set out with particularity the misconduct complained of, the claim, if any, for damages occasioned thereby and such evidence as to the amount of damages as may be available to the moving party."

Accordingly, the Court will not consider Chevron's claim of a violation of paragraph 1 of the Judgment in ruling on the pending motion, the only portion of which that remains for decision is that relating to paragraph 5. Chevron is at liberty to file a new motion charging contempt of paragraph 1.

As far as Donziger is concerned, this is not the first time that he has disregarded specific admonitions of the Court to conform to local rules, orders, and otherwise to submit papers in proper form. In this instance, he specifically was told that "[a]ny further evidentiary material shall be submitted in the form of double spaced affidavits or declarations to which appropriate exhibits may be attached" and that "[t]he Court will reject any papers that do not conform to these requirements." Accordingly, the Court will not consider any of the factual assertions in his most recent filing. Should he wish to file an affidavit or declaration, he may do so provided it is filed on or before August 14, 2018. The time within which Chevron may reply is extended to and including August 21, 2018 to permit it to take into account this ruling and, if Donziger files an affidavit or declaration, any such filing.

SO ORDERED.

Dated:        August 7, 2018

Lewis A. Kaplan
United States District Judge