UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHEVRON CORPORATION,<br><br>                  Plaintiff,<br><br>    v.<br><br>STEVEN DONZIGER *et al.*,<br><br>                  Defendants. | 11 Civ. 0691 (LAK) |

**MOTION TO STAY DISCOVERY PENDING APPEAL**

      As the Court is aware, I have lodged an appeal against the Court's persistent refusal to rule on the precise scope of the injunctive terms of its RICO Judgment (Dkt. 1875) while allowing Chevron to proceed with wide-ranging and constitutionally problematic discovery against me based on contempt allegations that cannot be assessed without an understanding of the RICO Judgment's scope. This is SLAPP-style harassment in violation of the First Amendment because the RICO Judgment as this Court explained it in April 2014, and as Second Circuit affirmed it, was clear that raising money to pay litigation expenses for judgment enforcement purposes is, necessarily, permissible.

      Your Honor's refusal to rule on the central issue of the RICO injunction—while forcing me to produce discovery and participate as defendant, counsel, and witness at the June 28 hearing—is a clear violation of due process. Further, the Court's refusal to offer protective and/or injunctive relief necessary to protect the associational rights of myself and others under the First Amendment is unconstitutional. The court's discovery orders conclusively and adversely determine my right to not be subject to discovery where the fundamental procedural requirements

have not been met, and the discovery would inflict harm that would be effectively unreviewable on appeal and imperil a substantial public interest. Furthermore, because Chevron's contempt allegations are undeniably baseless under the original scope of the RICO Judgment as explained by the Court in its Memorandum Opinion dated April 25, 2014 ("Clarification Opinion"), the Court's allowance of constitutionally injurious discovery on the contempt allegations indicates that the Court has implicitly modified the scope of its permanent injunction, and done so in violation of the mandate rule of the law of the case doctrine as well as the scope of its own authority.

      Rule 62(c) of the Federal Rules of Civil Procedure provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction." Four factors are considered: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer irreparable injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected." *Torres v. N.Y. State Bd. of Elections*, 462 F.3d 161, 207 (2d Cir. 2006), *rev'd on other grounds*, 552 U.S. 196 (2008). "The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff will suffer absent the stay. Simply stated, more of one excuses less of the other." *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002) (brackets and internal quotation marks omitted).

      For the reasons set out above and in the underlying motions, *see* Dkt. 2018, 2032 (motion and reply in support of prayer for declaratory relief and to dismiss); Dkt. 2026, 2034 (motion and reply in support of prayer for protective order and injunctive relief necessary to protect First Amendment rights, describing Chevron's history of retaliatory litigation), and in light of the

unprecedented and frankly shocking and harassing nature of the way the Court has managed these post-judgment proceedings, I submit that I have a strong likelihood of success on the appeal—and certainly have the lesser "substantial possibility" of success required by Rule 62(c). Additionally, the possibility of success required is less still in light of a) the severe irreparable injury threatened by forced but entirely unwarranted disclosure of confidential internal documents and information that would allow Chevron to infiltrate the activity of its opponents in this globally-important public interest litigation and chill if not freeze their First Amendment associational rights; and b) allow Chevron to continue its well-documented campaign of bad faith retaliatory litigation and public "demonization" that it appears to think is the best way to insulate itself from liability for its contamination in Ecuador. Even if I am forced to go into contempt in order to protect against this outcome, the threat still remains regarding Chevron's ongoing attempts to obtain the discovery from non-parties; additionally, the harm of enduring a contempt citation from this Court is significant in its own right. On the other side of the ledger, Chevron has no basis—zero—to claim irreparable injury if a stay is issued.

For the foregoing reasons, I respectfully request a stay of all discovery directed at myself and third-parties pending resolution of the interlocutory appeal (2d Cir., No. 18-2191) of this Court's collateral orders and implicit modification of the RICO injunction.

DATED:   August 13, 2018           Respectfully submitted,

*s/ Steven R. Donziger*
Steven R. Donziger
245 W. 104th Street, #7D
New York, NY 10025
Tel: (917) 678-3943
Fax: (212) 409-8628
Email: sdonziger@donzigerandassociates.com

*Pro se*

3