UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CHEVRON CORPORATION,

        Plaintiff,

  -against-

                                Case No.  11 Civ.  0691 (LAK)

STEVEN R. DONZIGER, et al.,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CHEVRON CORPORATION'S OPPOSITION TO DONZIGER'S
MOTION TO STAY DISCOVERY PENDING APPEAL [DKT. 2067]**

This Court has already admonished Steven Donziger's "efforts . . . to block any meaningful inquiry with respect to whether he is defying this Court's injunction and to frustrate collection of the money judgment against him." Dkt. 2045 at 16.  This belated "stay" motion is his latest attempt to do so, coming as it does on the eve of his court-ordered deadline of August 15 to produce his responsive documents.  None of the relevant factors support a stay of discovery pending resolution of Donziger's attempted appeal of this Court's orders denying his prior attempts to block discovery and delay these proceedings.  Hence, this Court should deny Donziger's meritless motion forthwith.

"A stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken v. Holder*, 556 U.S. 418, 427 (2009) (quotation marks and citations omitted). In determining whether to grant a stay pending appeal, the Court must consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the

1

stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434 (quotation marks and citation omitted). "The first two factors . . . are the most critical." *Id.*

    ***Likelihood of Success on the Merits.*** Donziger has made no showing, much less the requisite strong showing, that he is likely to succeed in his attempted appeal. Far from likely to succeed, Donziger's appeal is likely to either be dismissed on jurisdictional grounds, or rejected on the merits.

    The Second Circuit lacks jurisdiction over Donziger's appeal. In fact, the Second Circuit has repeatedly dismissed appeals of orders, like those here, "issued in the context of a pending contempt motion." *Wilder v. Bernstein*, 49 F.3d 69, 72 (2d Cir. 1995); *see also In re Tronox Inc.*, 855 F.3d 84, 96–97 (2d Cir. 2017). The orders he seeks to appeal are not final orders appealable under 28 U.S.C. § 1291, a fact that Donziger himself appears to concede by characterizing his appeal as "interlocutory." Dkt. 2067 at 3. Chevron's contempt motion remains pending, and as a result the orders this Court has issued related to that motion (which Donziger seeks to appeal) are not final within the meaning of § 1291. *See Wilder*, 49 F.3d at 72 (rejecting "28 U.S.C. § 1291 as a basis of jurisdiction" where the district court's "order was issued in the context of a pending contempt motion, and there ha[d] not been a finding of contempt, much less an assessment of sanctions"); *Tronox*, 855 F.3d at 96 ("[T]he District Court's order was issued in the context of a pending contempt motion but made no contempt finding . . . . Therefore, it is not 'final' as contemplated by § 1291."). Moreover, in post-judgment proceedings, "[a]bsent defiance and contempt," appellate review of a discovery order "is generally unavailable until the [post-judgment] proceedings terminate, at which point the order will merge into the final judg-

ment effecting *that* termination." *Vera v. Republic of Cuba*, 802 F.3d 242, 247 (2d Cir. 2015) (dismissing appeal of post-judgment discovery orders for lack of jurisdiction under § 1291).

The Second Circuit also lacks jurisdiction over Donziger's appeal under 28 U.S.C. § 1292(a)(1), which permits interlocutory appeals of orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." This provision is inapplicable here because Donziger has not sought any modification to the injunction. Rather, Donziger sought only an "interpretation of the language" of the injunction. Dkt. 2018 at 4; *see also id.* at 12 (requesting "that this Court issue declaratory relief sufficient to *confirm the interpretations* of NY Judgment established by the Clarification Order, and relied on by the Second Circuit" (emphasis added)). In fact, Donziger argued *against* modifying the injunction. *Id.* at 8 (claiming "modification" of the injunction would "disturb the Circuit's mandate"). The Court therefore could not, and did not, "refus[e] to . . . modify" the injunction. Nor has the Court issued any order modifying the injunction; it issued an order confirming the meaning of the injunction's plain language. Orders interpreting injunctions, however, do not fall within the scope of § 1292(a)(1). *See Tronox*, 855 F.3d at 107 (holding there was no jurisdiction under § 1292(a)(1) where "the District Court's order interpreted, but did not modify, the Injunction"); *Wilder*, 49 F.3d at 75 (holding "there [wa]s no jurisdiction for [an] appeal under 28 U.S.C. § 1292(a)(1)" where "the District Court interpreted rather than modified [a consent decree]").

Donziger's invocation of the collateral order doctrine (Dkt. 2067 at 3) is also misplaced. For an order to be immediately reviewable under the collateral order doctrine, it must "resolve an important issue completely separate from the merits of the action" and "be effectively unreviewable on appeal from a final judgment." *Fischer v. New York State Dep't of Law*, 812 F.3d 268, 273 (2d Cir. 2016) (quotation marks and citation omitted). The orders at issue here are anything

but collateral—they all relate directly to the pending contempt proceedings—and nothing about them renders them unreviewable after the conclusion of the contempt proceedings.

Even if Donziger were somehow able to overcome these threshold jurisdictional hurdles and avoid dismissal of his appeal, it is bound to fail on the merits, for the same reasons that the Court has already identified in detail in its June 27 opinion. *See generally* Dkt. 2045. Despite having the burden to establish a basis for issuance of a stay pending appeal (*Nken*, 556 U.S. at 433–34), Donziger's motion does not acknowledge any of the multiple independent grounds—both procedural and substantive—that led the Court to deny his various motions, much less identify any error that might lead to reversal on appeal.

**Irreparable Injury to Donziger.** Donziger's claim that he faces a risk of irreparable injury absent a stay fares no better. Donziger has submitted no evidence in support of any claimed irreparable injury that might result from the continuation of discovery. Instead, he rehashes, in conclusory fashion and without any supporting evidence, the same assertions of purported injury stemming from disclosure of information and continued litigation that the Court already held would not constitute any "cognizable injury." Dkt. 2045 at 28.

There remains no evidentiary "support" for Donziger's "claim that . . . post-judgment discovery is likely to result in cognizable injury to Donziger or others" (*id.* at 29)—much less *irreparable* injury. As the Court has already found, no cognizable injury results from Chevron's use of "the justice system – in an appropriate manner – to assert claims against and seek discovery from such people and organizations" assisting Donziger, or from its efforts to "enforce the judgment [against Donziger] in its favor through appropriate discovery requests and take appropriate legal action." *Id.* at 30–31; *see also id.* at 27 (rejecting claim of injury from "Chevron's vindication of, or possible future efforts to vindicate, its legal rights through proper means").

4

*Injury to Chevron and the Public Interest.*  Donziger is wrong that Chevron would not be injured if all discovery is stayed pending appeal.  Such a stay would frustrate Chevron's ability to obtain enforcement of the equitable relief that this Court issued to prevent "additional and irreparable injury" resulting from Donziger's RICO violations and continuing fraudulent scheme. *Chevron Corp. v. Donziger*, 974 F. Supp. 2d 362, 636 (S.D.N.Y. 2014).  Donziger's requested stay would block Chevron's attempt to determine "whether he is defying this Court's injunction" (Dkt. 2045 at 16), and thus would raise the risk of irreparable injury stemming from any defiance of the injunction.  As set forth in related filings (Dkt. 2057 at 12, Dkt. 2065 at 3–5), Donziger is hiding funds and falsifying the few discovery responses he has provided for the sole purpose of attempting to ensure that Chevron's injuries are not redressed.  And emails already obtained from third parties show that Donziger and his cohorts have taken steps to destroy evidence (Dkt. 2058–14)—efforts that will likely continue and be rendered more difficult to uncover and countermand if a stay is granted.

The public interest also does not support Donziger's bid for further delay with respect to discovery related to the enforcement of this Court's two judgments against him.  This discovery is designed to further the enforcement of those judgments, and "'[t]he public has an interest in the enforcement of judgments.'" *Black v. Owen*, No. 3:14-CV-23 (RNC), 2018 WL 806511, at *3 (D. Conn. Feb. 9, 2018) (quoting *State Farm Mut. Auto. Ins. Co. v. Am. Rehab & Physical Therapy, Inc.*, 376 F. App'x 182, 184 (3d Cir. 2010)); *see also, e.g.*, *New Pac. Overseas Grp. (USA) Inc. v. Excal Int'l Dev. Corp.*, No. 99 CIV. 2436 (DLC), 2000 WL 802907, at *3 (S.D.N.Y. June 21, 2000) (noting that "the public interest plainly lies in ensuring that court orders are enforced").  The public interest in favor of enforcing court judgments is particularly heightened here given the nature of the RICO judgment, which concerns Donziger's egregious

misconduct and fraud. The interest of the public in providing effective relief to a victim of RICO violations strongly supports denial of Donziger's stay motion.

Accordingly, the Court should deny Donziger's motion for a stay pending appeal.

Dated: August 14, 2018　　　　　　　　　　　Respectfully submitted,
New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Randy M. Mastro
　　　　　　　　　　　　　　　　　　　　Randy M. Mastro
　　　　　　　　　　　　　　　　　　　　Andrea E. Neuman
　　　　　　　　　　　　　　　　　　　　GIBSON, DUNN & CRUTCHER LLP
　　　　　　　　　　　　　　　　　　　　200 Park Avenue
　　　　　　　　　　　　　　　　　　　　New York, New York 10166
　　　　　　　　　　　　　　　　　　　　Telephone: 212.351.4000
　　　　　　　　　　　　　　　　　　　　Facsimile: 212.351.4035

　　　　　　　　　　　　　　　　　　　　William E. Thomson
　　　　　　　　　　　　　　　　　　　　333 South Grand Avenue
　　　　　　　　　　　　　　　　　　　　Los Angeles, California 90071
　　　　　　　　　　　　　　　　　　　　Telephone: 213.229.7000
　　　　　　　　　　　　　　　　　　　　Facsimile: 213.229.7520

　　　　　　　　　　　　　　　　　　　　*Attorneys for Chevron Corporation*