UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
:
CHEVRON CORPORATION, :
 :
       Plaintiff, :
 :
  v. : 11 Civ. 0691 (LAK)
 :
STEVEN DONZIGER, *et al.*, :
 :
       Defendants. :
 :
------------------------------------- x

**CHEVRON CORPORATION'S SECOND MOTION TO COMPEL DONZIGER
TO RESPOND TO POST-JUDGMENT DISCOVERY REQUESTS**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

STERN, KILCULLEN & RUFOLO LLC
325 Columbia Tpke, Ste 110
P.O. Box 992
Florham Park, New Jersey 07932-0992
Telephone:  973.535.1900
Facsimile:  973.535.9664

*Attorneys for Plaintiff Chevron Corporation*

i

Donziger is in blatant violation of multiple discovery orders.  The Court ordered him to respond to Chevron's Money Judgment Discovery requests by June 15, 2018 (Dkt. 2009), and to Paragraph 5 Compliance requests by August 15 (Dkt. 2056), but instead of serving good-faith responses (or in the case of the August 15 deadline, serving any responses at all), Donziger has concealed bank accounts and assets, and failed to conduct even the most basic document searches.  Indeed, after months of delay, Donziger has produced a mere 22 pages worth of documents—relying on previously overruled scope and First Amendment objections, unsubstantiated privilege claims, and a supposed lack of resources. Ex. 1 at 25:11-26:2; Dkt. 2045 at 21-35; Ex. 2.  And he refused to answer dozens of questions at his June 25 deposition, stalled the deposition with speeches, took four breaks even before lunch, and made multiple threats to terminate the deposition.  *See, e.g.*, Ex. 1 at 8:18-9:7; 13:5-18; 34:12-17; 38:16-18; 70:11; 87:5; 89:19-90:4; 99:4-13; 102:2-103:1; 123:22-124:7; 128:11-129:12;139:23-143:18.

Discovery obtained from third parties leaves no doubt that these tactics are intended to prevent Chevron from discovering his assets and his receipt of at least $1.4 million traceable to the Ecuadorian Judgment since entry of the RICO injunction.  Chevron thus respectfully requests that the Court order Donziger to fully comply with Chevron's subpoenas (Dkt. 1988-1) (including another deposition regarding both Money Judgment and Compliance topics), and provide adequate assurances that relevant records have been preserved by presenting his laptop and other electronic devices for forensic imaging to be lodged with the Court. Chevron also requests a finding that he has waived privilege in view of his failure to serve a privilege log.

**Information Requests.**  Donziger's responses to Chevron's Information Requests are an exercise in obfuscation.  Rather than provide substantive responses, Donziger reiterates the positions that led to Chevron's last motion to compel—that he is entitled to determine the extent of

1

permissible discovery unilaterally despite the law to the contrary. *Compare EM Ltd. v. Republic of Argentin*a, 695 F.3d 201, 207 (2d Cir. 2012) (broad execution discovery "is the norm in federal and New York state courts") *with* Ex. 6 at 2 ("the only discovery 'relevant to the satisfaction of the judgment' is discovery into the present whereabouts and extent of assets potentially available to satisfy the judgment" and "past payments are not relevant"). Donziger also refuses to respond based on First Amendment objections this Court has overruled. *See, e.g.*, Ex. 3 (Responses to Requests 14, 16, 17, 26-29); Ex. 9 (email chain showing Donziger's failure to reply or produce documents after the Court overruled his discovery objections); Dkt. 2045 at 20, 22 n.52, 35. And despite the August 15 deadline, Donziger has failed altogether to respond to Paragraph 5 Compliance requests. Dkt. 2067. Donziger should be required to provide full responses to Chevron's Information Requests.

     Consistent with a longstanding pattern, Donziger also concealed material information until confronted with contradictory documents. For example, Donziger disclosed five TD Bank accounts he claimed were "the only bank accounts [he had] used since March 4, 2014." Ex. 3 at 1 (response to RFP 1). But Documents produced by Sullivan reveal Donziger's use of at least seven TD Bank accounts, including one Donziger did not disclose from which hundreds of thousands of dollars were paid to him and to co-conspirators. Ex. 4 (showing incoming transfers from Streamline Family Office Inc. (Katie Sullivan's company) of $25,000, $25,000, and $75,000); Ex. 7 (showing incoming transfers from Lenczner Slaght Royce Smith Griffin LLP (the LAPs' enforcement counsel in Canada) of $74,990, $104,990, $143,490, $99,990, $64,9990, and a transfer from an unknown source of $404,049.67); Dkt. 2059-4. Having received a copy of Sullivan's production before his deposition, he admitted that there "might be have been other [TD] accounts," and that he did receive payments from post-RICO raised "case funds." Ex. 1 at

110:11-13; 100:8-18; Ex. 3 (RFPs 1, 7, 11, 19, 25-26; Information Requests 1, 3, 11, 16-17, 20); Ex. 8.

**Document Requests.** In response to more than 30 requests, Donziger has produced 22 pages of documents, and not a single financial account statement, tax return, or document related to his receipt of over a million dollars from post-RICO financing of the Ecuadorian judgment. "Reasonable diligence, at the very least, requires a party to develop reasonably effective methods of compliance." *Zino Davidoff SA v. CVS Corp.*, No. 06 CN 15332 (RJS), 2008 WL 1775410, at *8 (S.D.N.Y. Apr. 17, 2008). Yet Donziger admits to the inadequacy of his search, Ex. 1 at 48:3-5 ("I have not searched for documents responsive to every request"), claiming he is a "sole practitioner with limited time and limited technical capacity to effectuate the kind of search that, say, Chevron would do or you guys would do at Gibson Dunn on behalf of Chevron," *id*. at 47:3-8; 53:16-20. He admits to withholding "a few hundred pages" of responsive document on the basis of First Amendment objections that had already been rejected, *id*. at 47:16-22, that he has Elliott-related emails he failed to produce, *id*. at 83:15-17 ("I have realized now with Katie Sullivan's production there are some other e-mails that I obviously missed in my search. So yes, I do have other e-mails."), and that "if Judge Kaplan were to order me to produce everything that you are asking for, it obviously would be a lot more than that," *id*. at 47:16-22. But this Court *had already* ordered him to respond fully to Chevron's Money Judgment Discovery requests and now to the Paragraph 5 requests. Dkts. 2009; 2045; 2056. Donziger also admitted he "may" have destroyed emails related to the Elliott solicitation. Ex. 1 at 84:20-85:19. Given these admissions, the Court should order Donziger to comply fully with Chevron's document requests and to present his electronic devices for forensic imaging, with the images to be lodged with the Court. *See Super Future Equities, Inc. v. Wells Fargo Bank Minnesota, N.A.*, No. CIV.A.3:06-CV-

3

0271-B, 2008 WL 3261095, at *3 (N.D. Tex. Aug. 8, 2008) (ordering party who refused to "agree not to destroy any electronic documents" "to preserve as evidence [his] hard drives," "image the hard drives, and file the images with the Court under seal").

**Donziger Has Waived Privilege.**  On June 15, 2018, Donziger and Chevron stipulated under Rule 502(d) of the Federal Rules of Evidence at Donziger's request supposedly to relieve him of the burden of a privilege review.  Dkt. 2030.  But as Donziger testified, he hasn't "produced" his documents "under the 502," instead withholding documents on the basis of unspecified claims of privilege, for which he has provided no log.  Ex. 1 at 48:17-49:8.  Donziger's failure to provide a log waives any claim of privilege.  *See, e.g.*, *Rahman v. Smith & Wollensky Rest. Group, Inc.*, No. 06 Civ. 6198, 2007 WL 1521117, at *3 (S.D.N.Y. May 24, 2007).

**Deposition.**  At his deposition, Donziger was evasive[1] and refused to answer questions on his finances and numerous other topics on the basis of the "First Amendment" and baseless scope objections.[2]  "[A] judgment creditor is entitled to "a 'very thorough examination' of a judgment debtor."  *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, No. 88 CV 3039 (ILG), 1993 WL 50528, at *1 (E.D.N.Y. Feb. 23, 1993).  Donziger should be required to sit for an additional deposition of 7 hours (exclusive of breaks).

Dated: August 16, 2018   Respectfully submitted,

New York, New York   GIBSON, DUNN & CRUTCHER LLP

*Randy M. Mastro*

---

[1] *See, e.g.*, Ex. 1 at 99:24-100:7; 100:23-101:18; 69:11-70:5; 112:25-113:7; 31:8-9 ("I don't believe so. It is possible. I'm not really sure."); 68:21-22 ("I don't believe that it was executed, although I'm not sure.").

[2] *See, e.g.*, *id*. at 63:2-13 (refusing to identify his role in Canadian enforcement proceeding); 68:23-69:5 (refusing to respond why Sullivan was hired); 80:6-81:5 (refusing to describe disposition of funds in the CWP ("Chevron Will Pay") case account); 127:18-128:8 (refusing to respond to whether he entered into a funding agreement).

Randy M. Mastro
Andrea E. Neuman
Anne Champion
200 Park Avenue
New York, New York 10166
Telephone: 212.351.4000
Facsimile: 212.351.4035
Email: rmastro@gibsondunn.com
Email: aneuman@gibsondunn.com
Email: achampion@gibsondunn.com

William E. Thomson (*pro hac vice*)
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520
Email: wthomson@gibsondunn.com

STERN, KILCULLEN & RUFOLO LLC
Herbert J. Stern (*pro hac vice*)
Joel M. Silverstein
325 Columbia Tpke, Ste 110
P.O. Box 992
Florham Park, New Jersey 07932-0992
Telephone:  973.535.1900
Facsimile:  973.535.9664
Email: hstern@sgklaw.com
Email: jsilverstein@sgklaw.com

*Attorneys for Plaintiff Chevron Corporation*

*Chevron v. Donziger*, No. 11 Civ. 0691-LAK (S.D.N.Y.)

**Index of Exhibits to Plaintiff Chevron Corporation's Second Motion to Compel Donziger to Respond to Post-Judgment Discovery Requests**

Exhibit 1: Excerpts from the Deposition of Steven Donziger (June 25, 2018)

Exhibit 2: Email Chain Between A. Champion, S. Donziger, R. Mastro, and A. Herrera (June 29, 2018 to July 24, 2018)

Exhibit 3: Chart of Chevron's Discovery Requests and Steven Donziger's Responses

Exhibit 4: Document Produced by Mary Katherine Sullivan (Redacted)

Exhibit 5: Steven Donziger's Objections and Responses to Subpoena dated Apr. 16, 2018 (Apr. 30, 2018)

Exhibit 6: Steven Donziger's Supplemental Objections and Responses to Subpoena dated Apr. 16, 2018 (June 15, 2018)

Exhibit 7: Excerpts from July 13, 2018 Document Production of TD Bank (Redacted)

Exhibit 8: Emails from A. Champion to S. Donziger (June 24, 2018)

Exhibit 9: Email Chain Between A. Champion, S. Donziger, R. Mastro, A. Neuman, and A. Herrera (June 25, 2018 to June 27, 2018)

Exhibit 10: [Proposed] Order