# EXHIBIT 6

**STEVEN R. DONZIGER, ESQ.**

245 WEST 104TH STREET, SUITE 7D
NEW YORK, NEW YORK 10025

212-570-4499 (O)
917-566-2526 (CELL)

June 15, 2018

**VIA EMAIL**

Anne Champion
Alejandro Herrera
Randy Mastro
Gibson Dunn & Crutcher
200 Park Avenue
New York, NY 10166
achampion@gibsondunn.com
AHerrera@gibsondunn.com
rmastro@gibsondunn.com

*Re: Supplemental Objections and Responses to Subpoena dated Apr. 16, 2018*

Dear Anne, Alejandro, and Randy:

Below are my responses and revised and further objections to the subpoenas dated April 16, 2018 ("Subpoenas"). These responses are produced subject to the terms and protections of the FRE Rule 502(d) stipulation we have signed and that you are submitting to the Court. We agree to be bound by this stipulation irrespective of the Court's treatment of the Order. All of these responses are also being designated as Confidential Information. By objecting and responding herein, and by producing documents, I expressly do not make any admission or waiver and reserve all rights with respect to any such response or document, including objections as to privilege, relevance, authenticity, admissibility, or burden.

The Subpoenas interpose document requests (RFPs) and interrogatory-type information subpoena requests (ROGs) (together "Requests"), divided into what the Court has now called Money Judgment Requests and Compliance Requests. As you know, the Court has effectively stayed all discovery on the Compliance Requests with the exception of the materials related to a meeting with representatives of Elliott Management. The material responsive to the Elliott meeting is being produced today. Thus, the objections and responses only address the Money Judgment Requests.

Please note that I am still collecting responsive materials for some requests, as noted below. I will keep you apprised and of course timely supplement these responses as appropriate.

Supplemental Objections & Responses
June 15, 2018
Page 2

**General Objections**

I hereby incorporate and re-assert my General Objections and Objections to Instructions as stated in my April 30, 2018 Objections and Responses. I add the following General Objections:

G9. *First Amendment.* After careful review of materials potentially responsive to your Requests, I have concluded that the forced production of many of these materials in this context would violate First Amendment associational rights of me and others. Specifically, it would be using the authority of the court to authorize intrusion and infiltration into the organizational and operational practices and strategies of a targeted social and political advocacy group by an avowed opponent of that group, and, based on a well-established record of abusive and threatening conduct by your client Chevron and your own law firm working in the service of Chevron, would likely give rise to reprisals, harassment, and economic extortion by your client against group members in retaliation for their associational activity. I am stating these concerns in a motion for a protective order that is being filed with the Court simultaneously with these Objections. Without waiving any objections, I nonetheless endeavor herein to provide as much responsive information as I can subject to these objections. I may be able to provide additional information depending on the nature of the Court's resolution of the motion and/or any protection the Court offers.

G10. *Money Judgment Relevance / Undue Burden.* Many of the Money Judgment Requests sweep drastically beyond the legitimate scope of inquiry permitted by NY CPLR 5223 (authorizing discovery "relevant to the satisfaction of the judgment") or FRCP 69(a)(2) (authorizing discovery "by the procedure of the state where the court is located"). Chevron is seeking to enforce a money judgment that is on appeal (note that I am in the process of seeking funds derived from the real property described below to be able to post a supersedeas bond that would guarantee Chevron's interest in the money judgment, if upheld on appeal). Thus, the only discovery "relevant to the satisfaction of the judgment" is discovery into the present whereabouts and extent of assets potentially available to satisfy the judgment, which would be assets I currently possess or in which I have a vested (attachable) legal right or interest. This is a relatively simple inquiry which is essentially satisfied by response to RFP1 as stated below. I have bank accounts, real property, and a car. I described these assets to Chevron in my first responses that were provided shortly after receiving the subpoena. There is no evidence of, or basis to claim, any fraudulent transfer or conveyance that would require any additional scrutiny or investigation. Indeed, Chevron has a complete record of my financial condition as of five years ago, based on unfettered access to all my accounts and transactions. In sum, there is no evidence that my present financial condition is anything other than what I represent and document in these responses, and thus there is no basis to consider the details of my financial history as at all relevant to the appropriate inquire of what assets are presently available to satisfy the money judgment. Chevron's attempt to sweep far beyond the

Supplemental Objections & Responses
June 15, 2018
Page 3

narrow appropriate scope of inquiry into the detailed operational history and practices of not just me but the entire public interest and advocacy sphere in which I operate, *see, e.g.*, Interrogatory 26 ("Identify and describe in detail the assets and liabilities of the Amazon Defense Front."), is plainly irrelevant to the simple question of what assets are in my possession or legal control to satisfy the money judgment. The narrow focus on the availability of money or attachable assets means that at least where I can attest to the non-existence of any such money or attachable asset, the inquiry is irrelevant such that the task of collecting documents regarding, and/or describing in detail, the subject of the request is unduly burdensome.

**Specific Objections**

I hereby incorporate by reference all of my General Objections into these Specific Responses and Objections below.

*Document Requests*

RFP1.   I do not, to my knowledge, own or control any foreign assets. My domestic assets consist of bank accounts, real property, and a car.

My bank accounts are as follows: TD Bank x8174; TD Premier Checking x8132; TD Relationship Checking x3420; TD Business Premier Checking x8783; and TD Select Savings x9857. A printout from the TD Bank website reflecting the current status of these accounts is attached. I hereby attest that these are the only bank accounts I presently use and the only bank accounts I have used since March 4, 2014.

My real property interests are as follows: co-ownership with my wife of our primary and sole residence, 245 W 104th Street, Unit #7D; a co-ownership interest in a property referred to as Argyle Knoxville (responsive documents attached); a co-ownership interest in a property in Saint Augustine, Florida, referred to as State Road 210 (relevant documents have been requested); and an interest in a real estate holding company, Lewmike LLC (responsive documents attached).

My car is a 2010 Jeep Wrangler.

RFP2.   See response to RFP1.

RFP3.   See response to RFP1.

RFP4.   See response to RFP1.

RFP5.   See response to RFP1.

RFP6.   See response to RFP1.

Supplemental Objections & Responses
June 15, 2018
Page 4

RFP7.   See response to RFP1.

RFP8.   [As modified by the Court, *see* Dkt. 2009.] No responsive documents. G7.

RFP9.   [As modified by the Court, *see* Dkt. 2009.] No responsive documents. G7.

RFP10.  See response to RFP1.

RFP11.  [As modified by the Court, *see* Dkt. 2009.] I object on First Amendment grounds. G9.

RFP12.  [As modified by the Court, *see* Dkt. 2009.] No responsive documents. G7.

RFP13.  No responsive documents. G7.

RFP14.  I am unable to provide the requested information at this time. My tax accountant has informed me that he does not have a copy of my 2014 tax returns. I have not maintained copies myself. My accountant has agreed to request copies from the IRS (and the New York State Department of Taxation and Finance) and I will produce the information as soon as I receive it. I have sought extensions and not yet filed tax returns for tax years 2015, 2016, and 2017.

RFP15.  See response to RFP 14.

RFP16.  No responsive documents. G7.

RFP17.  No responsive documents. G7.

RFP18.  No response required.

RFP19.  No responsive documents.

RFP20.  This appears to be a Compliance Request. No response required until further clarification provided.

RFP21.  No response required.

RFP22.  No response required.

RFP23.  I object on Money Judgment Relevance / Undue Burden and First Amendment grounds. G10, G9. Despite but without waiving any of objections, I hereby respond that I have no rights to or role with respect to the Ecuador Judgment Trust, nor does the Trust have, nor is it capable of having, any assets other than collections on Ecuador Judgment, which have not occurred. G7.

Supplemental Objections & Responses
June 15, 2018
Page 5

RFP24. I object on First Amendment and Money Judgment Relevance / Undue Burden grounds. G9, G10. I have explained my lack of familiarity with ARL and its current status in other briefing in these post-judgment proceedings, and Chevron has shown that it has vastly more knowledge and documentation regarding ARL than I do. Despite and without waiving any objections, I hereby attest that I have not received anything of value, as I understand it, from ARL (other than my "shares," which I consider null and void because the entity itself is null and void). G7.

RFP25. I object on First Amendment grounds. G9. Despite and without waiving any objections, I hereby respond that I have no responsive documents because to the best of my knowledge no such entity exists. G7.

RFP26. The only payments I have received potentially responsive to the Request are in the nature of the remuneration described in response to ROG3, *infra*. To the extent the Request seeks detailed information on such payments, I object on both First Amendment grounds, G9, and Money Judgment Relevance / Undue Burden grounds, G10, because past payments are not relevant to the inquiry into what assets of mine are presently available to satisfy the judgment. Despite and without waiving any objections, I further attest that the only interest I have "been promised" as described in the Request is my contingency interest in the Ecuador Judgment, which is largely as described by the Court in its final RICO judgment. G7. *See* Dkt 1874 at 404. To the extent the Request seeks further details about that interest, I object on both First Amendment and Money Judgment Relevance / Undue Burden grounds. G9, G10.

RFP27. I object on First Amendment grounds, G9, and specifically object to the word "attempted" on First Amendment and Money Judgment Relevance / Undue Burden grounds. G9, G10. Despite and without waiving any objections, I hereby attest that I have not received any value in connection with any sale or transfer as described in the Request. G7.

RFP28. I object on First Amendment grounds, G9 and specifically object to the phrase "contemplated, anticipated, or potential" on First Amendment and Money Judgment Relevance / Undue Burden grounds. G9, G10. This Request would require me to disclose any and all of my private thoughts, conversations, and strategies with friends and associates about actual and even just potential or hypothetical avenues of expressive advocacy and strategy in the global campaign for environmental justice and corporate accountability directed at Chevron. The use of civil justice discovery procedures to effectuate this kind of intrusion is patently offensive to the First Amendment. Despite and without waiving any objection, I hereby respond that I have not received any value in connection with any actual or potential project as described in the Request. G7.

RFP29. No response required.

Supplemental Objections & Responses
June 15, 2018
Page 6

RFP30.   This appears to be a Compliance Request. Despite and without waiving any objections, I hereby respond that I have not attempted nor completed any sale or assignment of my interest in the Ecuador Judgment at any point since March 4, 2014. G7.

RFP31.   This appears to be a Compliance Request. No response required until further clarification provided.

RFP32.   This appears to be a Compliance Request. No response required until further clarification provided.

RFP33.   This appears to be a Compliance Request. No response required until further clarification provided.

RFP34.   This appears to be a Compliance Request. No response required until further clarification provided.

RFP35.   This appears to be a Compliance Request. No response required until further clarification provided.

RFP36.   This appears to be a Compliance Request. No response required until further clarification provided.

RFP37.   This appears to be a Compliance Request. No response required until further clarification provided.

RFP38.   This appears to be a Compliance Request. No response required until further clarification provided.

*Information Subpoena Requests / Interrogatories*

ROG1.   See response to RFP1.

ROG2.   See responses to RFP1, RFP12.

ROG3.   My only sources of income are remuneration authorized by my clients and paid out of litigation expense funds raised with my assistance (but not based on my interest in the Ecuador Judgment), and modest monthly income generated by two properties: Argyle Knoxville (~$5,000/month) and Lewmike LLC (~$2,000/month which automatically goes to another individual to service a personal debt). G7.

ROG4.   See response to RFP1, RFP3.

ROG5.   See response to RFP1, RFP6.

Supplemental Objections & Responses
June 15, 2018
Page 7

ROG6. See response to RFP1, RFP4.

ROG7. See response to RFP1, RFP5.

ROG8. See response to RFP1.

ROG9. See response to RFP1, RFP6.

ROG10. See response to RFP1. RFP6.

ROG11. [As modified by the Court, *see* Dkt. 2009.] I object on First Amendment grounds. G9.

ROG12. I object on Money Judgment Relevance / Undue Burden grounds. G10. It would be extraordinarily burdensome for me to try to catalog all the "devices" potentially encompassed by the language of the Request, and it would be purposeless to do so because there is no reason to think that my assets presently available to satisfy the money judgment are other than what I have represented in RFP1.

ROG13. I object on Money Judgment Relevance / Undue Burden grounds. G10. The Request is wildly overbroad and disconnected from the only appropriate inquiry of what assets are presently available to satisfy the money judgment. Despite and without waiving any objections, I note that I periodically access my bank account information through my banks' websites.

ROG14. I have not been reimbursed for certain *Aguinda* case expenses over the years. Given the nature of these "debts," I must object on First Amendment grounds to the demand for a "detailed" description and itemization of them.

ROG15. I am not able to calculate my net worth with any confidence at this point in time. My assets are those listed in response to RFP1. However, my personal liabilities include significant debts to the Keker Van Nest firm (~$2 million), the Kaplan Friedman firm (~$700,000), and others for their services for me and/or my clients in this case. I thus believe my net worth is negative. G7.

ROG16. I specifically object on Undue Burden grounds because the Request has no temporal limitation, even though I have worked on the Ecuador case for over 25 years. The only payments I have received potentially responsive to the Request, since March 4, 2014, are in the nature of the remuneration described in response to ROG3, *infra*. To the extent the Request seeks detailed information on such payments, I object on both First Amendment grounds, G9, and Money Judgment Relevance / Undue Burden grounds, G10, because past payments are not relevant to the inquiry into what assets are presently available to satisfy the judgment, and it would highly burdensome to calculate the total amount of money I have received in my 25 years of work on the Ecuador case.

Supplemental Objections & Responses
June 15, 2018
Page 8

ROG17. Same response as ROG16. Despite and without waiving any objections, I further attest that the only interest I have "been promised" as described in the Request is my contingency interest in the Ecuador Judgment, which is largely as described by the Court in its final RICO judgment. *See* Dkt 1874 at 404. G7. To the extent the Request seeks further details about that interest, I object on both First Amendment and Money Judgment Relevance / Undue Burden grounds. G9, G10.

ROG18. See response to RFP27.

ROG19. See response to RFP28.

ROG20. See response to RFP1. There are no assets traceable to the Ecuador Judgment because that judgment has not yet been enforced. I further object to the phrase "traceable to the ECUADOR LITIGATION" as overbroad to the extent it goes beyond what is "traceable to the ECUADOR JUDGMENT" as the Court has defined that phrase. G9, G10.

ROG21. No response required.

ROG22. No response required.

ROG23. No response required.

ROG24. No response required.

ROG25. No response required.

ROG26. I object on First Amendment grounds and Money Judgment Relevance / Undue Burden grounds. G9, G10.

ROG27. I object on First Amendment grounds and Money Judgment Relevance / Undue Burden grounds. G9, G10. The Request is particularly burdensome in that it contains no temporal limitation.

ROG28. I object on First Amendment grounds and Money Judgment Relevance / Undue Burden grounds. G9, G10. The Request is particularly burdensome in that it contains no temporal limitation.

ROG29. I object on First Amendment grounds and Money Judgment Relevance / Undue Burden grounds. G9, G10.

ROG30. See response to RFP24; Dkt. 1986 at 1 n.1. ( "[ARL is] null and void. The whole purpose of the entity was to aid in the enforcement of the affirmed environmental judgment against Chevron, structure the subsequent remediation of Chevron's massive

Supplemental Objections & Responses
June 15, 2018
Page 9

> contamination, and offer relief to the tens of thousands of affected indigenous peoples and farmers suffering the impacts of Chevron's contamination. It would be utterly contrary to the entity's fundamental purpose for it be used by Chevron as some sort of litigious device to frustrate that enforcement, delay that remediation, and deny Chevron's victims timely relief. While it is unclear where such voidature would need to be established, [there is] little concern that Chevron's apparent strategy to abuse the captured entity will be embraced by any legitimate court where judgment enforcement is being effectuated, such as those in Canada.")

ROG31.  See response to RFP25.


                                              Sincerely,

                                              _____
                                              Steven R. Donziger