UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

CHEVRON CORPORATION,

                Plaintiff,

-against-                                    11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

                Defendants.

------------------------------------------x

**MEMORANDUM AND ORDER DENYING**
**SULLIVAN MOTION FOR A PROTECTIVE ORDER**

LEWIS A. KAPLAN, *District Judge.*

        By letter dated August 9, 2018, Attorney Frank Libby, on behalf of Katherine Sullivan, a non-party witness, wrote to the Court for what he described as two reasons: to (1) "notify the court as to Ms. Sullivan's understanding of the nature and scope of discovery obligations now incumbent upon her, as a function of the Court's July 23 'Memorandum and Order,'" and (2) request a protective order.[1] (DI 2065-1) Chevron responded a few days later. DI 2065-2066.[2]

        1.     The Court declines to comment on Mr. Libby's exposition as to Ms. Sullivan's understanding of the Court's order beyond this: As a result of the Federal Rules of Civil Procedure, the New York Civil Practice Law and Rules, and the various orders of this Court, Chevron now is free to conduct discovery against parties and non-parties alike with respect to (a) all matters relevant to the enforcement and collection of the monetary portion of the judgment and (b) compliance or non-compliance with all other portions of the judgment.

        2.     The Court has reviewed the papers submitted by Chevron, including excerpts from the brief deposition by Ms. Sullivan, as well as Mr. Libby's letter. <u>Ms. Sullivan's motion for</u>

---

[1] The letter does not appear to have been filed electronically. A copy is attached as Exhibit 1.

[2] A portion of its response was filed under seal in light of designations of portions as Confidential.

a protective order is denied in all respects. She is to appear for an submit to a further deposition on a date agreed upon by her and the parties in writing or, if no such agreement on a date is reached by August 27, 2018, on a date fixed by the Court.

        3.      Counsel for Ms. Sullivan is reminded of the provisions of Fed. R. Civ. P. 30(c)(2):

> "An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." (Emphasis added).

The fact that the Court has noted that Chevron is free to conduct discovery "with respect to (a) all matters relevant to the enforcement and collection of the monetary portion of the judgment and (b) compliance or non-compliance with all other portions of the judgment" shall not be construed as a limitation ordered by the court, as the Court in so stating does no more than summarize the relevant law. N.Y. CPLR 5223 ("judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment") (applicable to satisfaction of the money judgment); *State of New York v. Shore Realty Co.,* 763 F.2d 49, 53 (2d Cir. 1985) ("The District Court had ample authority to issue all orders necessary for the enforcement of its October order. 28 U.S.C. § 1651. Discovery may occur in connection with a pending contempt proceeding . . .") (applicable to compliance with all aspects of the judgment).

        SO ORDERED.

Dated:      August 20, 2018

                                  /s/     Lewis A. Kaplan

                                         Lewis A. Kaplan
                                United States District Judge