# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

CHEVRON CORPORATION,

                    Plaintiff,

        v.                                                    11 Civ. 0691 (LAK)

STEVEN DONZIGER *et al.*,

                    Defendants.

## OPPOSITION TO CHEVRON'S LATEST MOTION TO COMPEL
## AND REITERATED MOTION TO STAY

Undersigned Steven Donziger opposes Chevron's latest motion to compel (Dkt. 2073) primarily on the grounds that a stay of all discovery is necessary for the reasons set forth in undersigned's motion (Dkt. 2067). As described therein, by permitting Chevron's discovery thus far, the Court has necessarily and dramatically modified the scope of the permanent injunction in the RICO Judgment (Dkt. 1875) as interpreted by the Clarification Opinion (Dkt. 1901), and relied on by the Second Circuit Court of Appeals as a critical basis for its affirmance.[1] The modification

---

[1]   The Court's recent order at Dkt. 2072 only highlights how utterly incompatible Chevron's discovery and contempt efforts in these proceedings are with the scope of the RICO injunction as interpreted by this Court in the Clarification Opinion. In the Clarification Opinion, the Court repeatedly narrowed its judgment by interpreting the phrase "traceable to the Lago Agrio Judgment" to mean traceable to proceeds from a ***collection*** of the Lago Agrio Judgment. It was only thus that the Court could declare that "as long as no collections are made . . . the [RICO] Judgment would not prevent Donziger from being paid, ***just as he has been paid*** . . . over the past nine or ten years." Dkt. 1901 at 7-8; *id.* at 14 ("This case ***always has been financed*** on the movants' side by outside investors.") (emphases added). The Court's radically new definition of traceability at page 6 of Dkt. 2072 would perforce apply to any retainer payments to undersigned drawn from outside investor funds, and thus stands in flagrant contradiction to the definition in the Clarification Opinion that not only assured and guided undersigned's post-judgment conduct, but provided critical assurance to the Second Circuit that the Court's injunctive relief was narrowly "confined" to what would happen with proceeds on a collection and would not be used to debilitate or "disturb" the process of enforcing the Ecuadorian Judgment in

runs afoul of the mandate and profoundly exacerbates the numerous jurisdictional and comity problems with the RICO Judgment that barely passed muster with the Second Circuit on direct appeal; thus, the modified RICO injunction is very likely to be overturned on appeal, and the balance of hardships and the public interest weigh strongly in favor of a stay under Fed. R. Civ. P. 62(c).

The Court's continued and obstinate refusal to rule on the scope of the RICO Injunction as necessary to properly decide undersigned's Rule 12(b)(6) motion, and its refusal to grant relief necessary to preserve First Amendment associational rights, also conclusively and adversely determine my right to avoid discovery where the fundamental procedural requirements have not been met and where they threaten to produce grievous harm that would be effectively unreviewable on appeal. The direct appeal justified by the Court's orders in the context of these post-judgment proceedings "divests the district court of its control over those aspects of the case involved in the appeal," *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982), and precludes it from ruling "on any motion affecting an aspect of the case that [is] before [the appellate court] ... while that appeal [is] pending." *Hom Sui Ching v. United States*, 298 F.3d 174, 180 n. 5 (2d Cir. 2002). While the Court may of course proceed with ruling on the substance of Chevron's contempt motion under the applicable authority (the RICO Judgment as interpreted by the Clarification Opinion)— as undersigned has been asking the Court to do for many months—a ruling on Chevron's motion to compel the very discovery that is the subject of a requested protective order on appeal (without resolving the contempt motion) would clearly affect that part of the case now on appeal.

Accordingly, Chevron's latest motion to compel should be denied or held in abeyance

---

other countries (a process that obviously and necessarily requires financing given the indigency of the judgment creditors). The court's radical re-interpretation as outlined herein is in fact a re-invention of its own RICO Judgment and an obvious end-run around the Second Circuit's affirmance.

without any consideration as to its contents. Without prejudicing this position, undersigned provides the following responses:

- The deposition transcripts show that undersigned cooperated in the utmost good faith during deposition, at most trying to restrain Gibson Dunn attorneys from reaching wildly past the guidelines for the deposition set out by the Court, just as the Court itself has had to restrain these attorneys repeatedly during hearings in these proceedings. No further deposition time is warranted.

- Chevron's assertion that undersigned "hasn't 'produced' his documents 'under the 502'" is completely false and disingenuous. I have noted privilege claims as appropriate (and to the best of my understanding as a sole practitioner) throughout the process, and my entire cooperation with Chevron's discovery up to the present has been "under the 502," pursued as part of a good faith effort to reduce litigation burdens on the parties and the Court. While we have not yet reached a stage where specific claims of privilege are necessary (including in this motion, which rests on the necessity of an overall stay of discovery pending appeal), undersigned maintains and preserves all applicable claims of privilege and protection—which claims are necessary, of course, to protect not only undersigned's interests as an attorney but the interests of many clients who are not before the Court.

- Regarding the number of TD Bank accounts, my online banking system indicates that I have only the five accounts that I listed for Chevron in my discovery responses. I also confirmed that these were the only accounts in existence directly with the bank around the time of the responses. There are no other accounts and there is no hidden money. The two additional accounts Chevron thinks it has

identified must have been renumbered or somehow adjusted into the existing accounts, or perhaps administratively closed for some reason with funds shifted to the new accounts. I don't know and do not have the ability to find out until I return from travel after Labor Day). Based on information and belief, there are currently no TD Bank accounts other than the ones I identified. I am sure that there are no hidden funds or assets anywhere.

- I have not and will not destroy or otherwise fail to maintain any documents or materials in accordance with the preservation order entered by the Court. There is zero evidence before the Court that I have done so. Whether documents were maintained or not prior to entry of the preservation order, when there was no applicable order or obligation, is entirely beside the point. Chevron's request that forensic images be taken of my electronic devices is drastically intrusive and unreasonable, supported by no evidence whatsoever, and must be denied.

I hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that all the foregoing statements of fact are true and correct to the best of my present recollection and understanding.

DATED:        August 21, 2018            Respectfully submitted,

                                                     _s/ Steven R. Donziger_____
                                                     Steven R. Donziger
                                                     245 W. 104th Street, #7D
                                                     New York, NY 10025
                                                     Tel: (917) 678-3943
                                                     Fax: (212) 409-8628
                                                     Email: sdonziger@donzigerandassociates.com

                                                     *Pro se*