**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Randy M. Mastro
Direct: +1 212.351.3825
Fax: +1 212.351.5219
RMastro@gibsondunn.com

August 30, 2018

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:     *Chevron Corp. v. Donziger, et al.*, Case No. 11 Civ. 0691 (LAK)

Dear Judge Kaplan:

I respectfully write as counsel for Plaintiff Chevron Corporation ("Chevron") regarding Steven Donziger's failure to comply with your August 21, 2018 order granting in part and denying in part his letter motion to extend the time to execute and obtain notarization of two instruments transferring certain property to Chevron.  *See* Dkt. 2079.

The Court ordered Donziger to "acknowledge his signatures on the two documents constituting the second set of originals before a consular official at a U.S. Embassy or consulate no later than August 28, 2018," and further ordered Donziger to "place that fully executed, acknowledged, and notarized set of originals in the hands of an overnight courier for the speediest available delivery to Chevron's lead counsel" by "[n]o later than August 29, 2018." Dkt. 2079 at 5–6.

It is now past the close of business on August 30, 2018, but my office has yet to receive any overnight delivery from Donziger.  And Donziger has indicated in correspondence that he does not intend to comply with the deadline set by the Court.  Instead, Donziger says that "[n]otarized versions and originals will be provided as soon as practicable given my location and family obligations, but no later than September 4, 2018."  Exhibit A.

Donziger also included in his correspondence a litany of baseless objections to the Court's judgment and orders, all of which the Court has already rejected.  None of those objections justifies his noncompliance with the Court's August 21, 2018 order.

In short, it appears that Donziger has unilaterally given himself the extension of time that this Court refused to grant him, consistent with his pattern of "delay[] at every step."  Dkt. 2079 at 1.  If Donziger does not cure his contempt of the Court's order immediately, Chevron intends to file a motion seeking to hold him in contempt.

As always, we appreciate the Court's consideration.

Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles · Munich
New York · Orange County · Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

GIBSON DUNN

The Honorable Lewis A. Kaplan
August 30, 2018
Page 2


Respectfully,


/s/ Randy M. Mastro

RMM/sh

# EXHIBIT A

STEVEN R. DONZIGER, ESQ.

245 WEST 104TH STREET, SUITE 7D
NEW YORK, NEW YORK 10025

212-570-4499 (O)
917-566-2526 (CELL)

August 22, 2018

**VIA EMAIL**

Mr. Randy Mastro
Gibson Dunn & Crutcher
200 Park Avenue
New York, New York  10166

   RE:   *Chevron v. Donziger*, Case No. 11 Civ. 691 (LAK)

Mr. Mastro:

I attach forthwith via email two executed transfer agreements related to my contingent interest in the Ecuador judgment that I sign under order from the district court and under threat of contempt. Notarized versions and originals will be provided as soon as practicable given my location and family obligations, but no later than September 4, 2018.

I also wish to make the following points about my First Amendment-protected view of the transfer agreements:

- I sign each of these agreements under duress and under threat of contempt of court based on a RICO judgment that is contradicted by the findings of four layers of courts in Ecuador and 17 appellate judges in that country. Ecuador is the venue in which your client, Chevron, insisted this matter be resolved and where it had accepted jurisdiction.

- My client in Ecuador, the Amazon Defense Coalition ("FDA"), prevents any equity-holder in the Ecuador judgment issued against your client to transfer any interest in the judgment without the permission of the organization. The FDA has ordered me not to transfer any interest (apart from shares in Amazonia, which the FDA considers a defunct organization) to Chevron under the current coercive circumstances or in any way that might enrich Chevron. The FDA also considers any share transfer by me or any other equity-holder to Chevron to be null and void from a legal standpoint, with said interests reverting to the FDA.

- My view is that the RICO judgment on which the court's recent order is based is the product of false witness testimony from Alberto Guerra resulting from a bribe paid to him by your client with the cooperation and planning of yourself and others at Gibson Dunn & Crutcher. As you are aware, you and several of your colleagues in the Gibson Dunn firm are the subject of a criminal referral letter to the U.S. Department of Justice for this abhorrent, shocking, and I believe illegal behavior. As a result of the false witness testimony and for

Hon. Lewis A. Kaplan
August 22, 2018
Page 2 of 2

      other reasons, I personally consider the RICO judgment to be the product of your law firm's fraud, although as a U.S. lawyer and resident of New York I am required to abide by its terms. I reiterate that I do so under duress.

- The RICO findings are not the last word on enforcement of the Ecuador judgment and on enforcement of contracts the FDA has with its equity-holders. As indicated, the Ecuador judgment against your client is backed by voluminous scientific evidence and has been affirmed unanimously by three appellate courts in your client's preferred forum of Ecuador. Factual findings of "bribery" and "ghostwriting" are contradicted by evidence and by findings of courts in other jurisdictions. Further, courts in Canada and an international arbitration proceeding are currently reviewing the facts that formed the basis of RICO findings in the context of independent proceedings, with likely results inconsistent with the RICO findings.

As a result of these reasons and others, I reserve the right to challenge any of these coercively executed transfer agreements in the context of other legal proceedings relating to the Ecuador judgment. I also maintain my rights relative to you personally, that of your law firm, that of Mr. Guerra, and that of your client Chevron and the individuals in that corporation who participated in producing the false evidence in the RICO matter designed to taint my reputation and frame me with false accusations of wrongdoing.

That said, I hereby transfer clean copies of both transfer documents consistent with the order of the district court. Again, notarized versions and originals will be provided as soon as practicable, but no later than September 4, 2018.

                     Sincerely,

                     ____/ s /_____

                     Steven R. Donziger

SHARE TRANSFER FORM

We: Donziger & Associates, PLLC of 245 West 104th Street, Suite 7D, New York, New York 10025, UNITED STATES (hereinafter called 'the Transferor')

DO HEREBY transfer to:

Chevron Corporation (hereinafter called 'the Transferee'):

63,000 fully paid up Class B1 Participation Shares of US$0.001 each in the undertaking called:

AMAZONIA RECOVERY LIMITED (incorporation number 107788)

We the Transferee DO HEREBY agree to take the said shares.

<u>IN WITNESS</u> whereof the parties hereto have executed this Share Transfer Form as a deed as follows

Executed as a deed on __ June 2018
by the Transferor
acting by its authorized representative Steven R. Donziger

BEFORE ME

**NOTARY PUBLIC**

Executed as a deed on __ June 2018
by the Transferee
acting by its authorized representative                        ...........................

**BEFORE ME**

NOTARY PUBLIC

This **TRANSFER AND ASSIGNMENT** (this *"Agreement"*) is made effective as of August 14, 2018 by and among Steven Donziger, The Law Offices of Steven R. Donziger, and Donziger & Associates, PLLC also known as Donziger Associates, PLLC (collectively *"Assignor"*), on the one hand, and Chevron Corporation (*"Assignee"*), on the other hand (*Assignor* and *Assignee* collectively referred to as the *"Parties"*).

IT IS HEREBY AGREED, between and among the *Parties*, as follows:

1.    Assignment. *Assignor* (including each person and entity included within that collective term) does hereby irrevocably assign, set over, and transfer to *Assignee* all right, title, and interest *Assignor* has, directly or indirectly, to any contingent fee under that certain Retainer Agreement, dated as of January 5, 2011, between and among (a) each of the individual plaintiffs in Lawsuit No. 2003-2002, entitled *Maria Aguinda y Otros v. Chevron Corporation,* in the Sucumbios Provincial Court of Justice of the Republic of Ecuador (including all appeals or subsequent proceedings with respect to any judgment, order or decree), (b) El Frente de Defense de la Amazonia also known as the Amazon Defense Front, the ADF, and the FDA, (c) Asamblea de Afectados Por Texaco, and (d) Donziger Associates, PLLC (the *"Retainer Agreement"*), together with its successors and assigns and all successors to and predecessors of the *Retainer Agreement*, and *Assignee* hereby accepts such assignment.

2.    Counterparts. This *Agreement* may be executed in counterparts, each of which shall be deemed an original, but all of which shall constitute the same document.

IN WITNESS WHEREOF, the *Parties* have executed this Transfer and Assignment as of August 14, 2018.

Steven Donziger
in his individual capacity and in his capacities as authorized representative of The Law Offices of Steven R. Donziger and Donziger Associates PLLC

STATE OF NEW YORK  )
                                          ) ss.:
COUNTY OF NEW YORK)

On the _____ day of August 2018, before me, the undersigned notary public, personally appeared Steven Donziger, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his individual capacity and as his capacities as authorized representative of The Law Offices of Steven R. Donziger and Donziger Associates PLLC, and by