UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
CHEVRON CORPORATION, :
:
           Plaintiff, :
:
  v. :  11 Civ. 0691 (LAK)
:
STEVEN DONZIGER, *et al.*, :
:
           Defendants. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN SUPPORT OF CHEVRON CORPORATION'S MOTION TO HOLD STEVEN DONZIGER IN CONTEMPT OF COURT FOR HIS FAILURE TO COMPLY WITH THE COURT'S AUGUST 15 AND 21, 2018 ORDERS**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

STERN, KILCULLEN & RUFOLO LLC
325 Columbia Tpke, Ste 110
P.O. Box 992
Florham Park, New Jersey 07932-0992
Telephone: 973.535.1900
Facsimile: 973.535.9664

*Attorneys for Chevron Corporation*

Steven Donziger's defiance of this Court's commands continues unabated. The latest example of Donziger's intransigence is his refusal to execute and deliver to Chevron a single-page notarized document transferring his shares of Amazonia Recovery Limited to Chevron, as this Court ordered him to do weeks ago. He continues to assert baseless excuses to justify noncompliance. As this Court has already recognized, "Donziger has obfuscated and delayed at every step." Dkt. 2079 at 1. Donziger's delay tactics continue, likely because they are "part of a plan to benefit from further delay." *Id.* They are also a reflection of Donziger's open disrespect for this Court. *See, e.g.*, Dkt. 2068 at 1–2 ("[T]his Court continues to strut in the echo-chamber of New York, safe in the indulgent assumption that the global destiny of an Ecuadorian court decision now unanimously affirmed by four layers of Ecuadorian courts will be determined by the will of an American judge . . . .").

Enough is enough. The Court should now find that Donziger is in civil contempt of the Court's August 15 and 21, 2018 orders, and impose sanctions sufficient to compel compliance. Courts in comparable circumstances have imposed monetary sanctions increasing in amount if noncompliance continues, and increasingly coercive sanctions up to and including imprisonment.

**BACKGROUND**

For years now, Donziger has refused to comply with the directive in this Court's March 4, 2014 Judgment that he "execute in favor of Chevron a stock power transferring to Chevron all of his right, title and interest in his shares of" "Amazonia Recovery Limited, an entity registered in Gibraltar, together with its successors and assigns." Dkt. 1875 ¶¶ 3, 7.2. Based on his failure to execute this transfer, the Court held on May 16, 2018 that Donziger was in civil contempt of court from March 4, 2014 through May 8, 2018. Dkt. 2006 at 9. Although Donziger eventually executed an Amazonia stock transfer document on May 9, 2018, he added

1

to the document a "so-called Addendum of Understandings" that had the "obvious purpose [of seeking to] negate the transfer of Donziger's Amazonia shares to Chevron." *Id*. at 10–12; *see also* Dkt. 2003-3 (Amazonia share transfer form with "Addendum of Understandings").

The Court noted that Chevron was "free to request that Donziger execute a specific form of stock power without amendment or qualification and, should he fail promptly to do so, to seek an order of this Court requiring that he comply," and that "[a]ny failure to comply with any such order would be an appropriate subject of a new civil contempt motion." Dkt. 2006 at 13. Donziger, however, still refused to voluntarily execute an unqualified transfer of his Amazonia shares, which required Chevron to move this Court for an order requiring him to execute such a transfer. Dkt. 2046.

Over a month ago, on August 15, 2018, this Court granted Chevron's motion in relevant part, and ordered Donziger to "execute, acknowledge before a notary public, and deliver to Chevron's counsel of record in this case, on or before August 21, 2018 . . . [a] transfer document for the Amazonia shares in the form annexed as Exhibit 2 to the declaration of Anne Champion [DI 2048-2] (save that the correct date shall be included in the executed document rather than "__ June 2018")." Dkt. 2072 at 9. The Court also ordered Donziger to execute, obtain notarization of, and deliver to Chevron's counsel an additional transfer document which was annexed to the August 15, 2018 order as Exhibit 1 on or before August 21, 2018. *Id.*

Rather than comply with the August 21, 2018 deadline, Donziger—"[w]aiting until the last moment, as he often has done" (Dkt. 2079 at 1)—filed a letter motion late in the day on August 20, 2018 in which he sought an extension of time to September 7, 2018 to comply with the August 15, 2018 order, claiming that he had "no way to access a U.S.-qualified notary" because he was "out of the country through Labor Day." Dkt. 2075. The Court granted in part and de-

2

nied in part Donziger's extension motion on August 21, 2018. Dkt. 2079. The Court ordered Donziger to "acknowledge his signatures on the two documents constituting the second set of originals before a consular official at a U.S. Embassy or consulate no later than August 28, 2018," and further ordered Donziger to "place that fully executed, acknowledged, and notarized set of originals in the hands of an overnight courier for the speediest available delivery to Chevron's lead counsel" by "[n]o later than August 29, 2018." *Id.* at 5–6.

Donziger refused to comply with the deadline set by the August 21, 2018 order. Instead, as Chevron previously informed the Court, Donziger sent Chevron's counsel a letter in which he stated that "[n]otarized versions and originals will be provided as soon as practicable given my location and family obligations, but no later than September 4, 2018." Dkt. 2081, Ex. A at 2.

On September 4, 2018, Donziger belatedly delivered to Chevron's counsel an executed and notarized version of the transfer document that was annexed to the August 15, 2018 order as Exhibit 1, but he failed to deliver an executed and notarized version of the Amazonia stock transfer document. Champion Dec. ¶ 2, Ex. 1. Despite repeated inquiries from Chevron's counsel, Donziger has still not provided to Chevron's counsel this document. He first stated in an email of September 9, 2018 that he would "do this tomorrow," only to claim on September 10, 2018 that "the arbitral ruling and the holiday changed my sked" and that he "will have it by close of biz Thursday or latest Friday." Champion Dec., Ex. 2. Then, when the evening of Thursday September 13 came, Donziger feigned ignorance as to the orders, asking for the "legal basis" of the request that he provide an executed and notarized version of the Amazonia stock transfer document (even though his prior communications make it clear that he is aware that he is required to execute an unannotated, notarized version of the document). Champion Dec., Ex. 3.

Chevron's counsel responded on September 14, 2018, stating that "The Court ordered you to execute and notarize the Amazonia share transfer document on August 15 (Dkt. 2072 at 9) and again on August 21 (Dkt. 2079 at 5), dates that have long passed," and warning Donziger that he was "in contempt of the Court's orders, and if we do not receive the signed, notarized document by 4 PM today, we will proceed to address this issue with the Court." Champion Dec., Ex. 3. Donziger responded that he will not comply "unless ordered by the Court." *Id.* Donziger attempted to justify his noncompliance by invoking the May 9, 2018 Amazonia share transfer document, and suggesting that the Court "was unaware I had already executed the order several weeks earlier when it issued the order you cite." *Id.* Chevron's counsel responded that "The Court was indeed aware of this as it was filed with the Court in May (Dkt. 2003-3, attached), and is quoted in the Court's May 16 order (Dkt. 2006, attached)," and explained to Donziger that he had failed to comply with the August 15 and 21, 2018 orders because "[t]he share transfer form you executed in August—also attached—is not notarized." *Id.* Chevron's counsel again warned Donziger that Chevron would "be seeking relief from the Court" because Donziger was "refusing to provide a notarized version of the Amazonia share transfer as ordered." *Id.*

## ARGUMENT

This Court has already noted that if Donziger failed to comply with an order compelling him to provide an unqualified transfer of his Amazonia shares, such noncompliance "would be an appropriate subject of a new civil contempt motion." Dkt. 2006 at 13. This Court's August 15 and 21, 2018 orders compelled Donziger to execute, obtain notarization of, and deliver to Chevron an unqualified transfer of his Amazonia shares, and set a deadline of August 29, 2018 for Donziger to comply. It is now over two weeks since that deadline has lapsed, but Donziger still has not complied. Donziger is therefore in clear contempt of this Court's August 15 and 21,

4

2018 orders, and this Court should put an end to that contempt now by issuing coercive sanctions.

"A party may be held in civil contempt for failure to comply with a court order if (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Paramedics Electromedecina Comercial, Ltda. v. GE Med. Sys. Info. Techs, Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) (quotation marks and citation omitted). All three criteria are satisfied here.

The Court's August 15 and 21, 2018 orders were unequivocal: they directed Donziger to deliver to Chevron's counsel an executed and notarized transfer of his Amazonia shares by a date certain (initially August 21, and later August 29), and ordered Donziger not to "qualify, affix or add anything" to that document other than his signature and a certificate from a notary public. Dkt. 2072 at 9; Dkt. 2079 at 5–6.

Donziger's noncompliance, as documented by the accompanying Declaration of Anne Champion, is undisputed and intentional. Donziger's only excuse for his noncompliance is his frivolous assertion that this Court was "unware" of the Amazonia share transfer document he executed on May 9, 2018 when it issued the August 15 and 21, 2018 orders. Champion Dec., Ex. 3. This Court was fully aware of that document, which was filed in this action (Dkt. 2003-3) and quoted in the Court's May 16, 2018 order (Dkt. 2006 at 10–12). And even if the Court had made some mistake in its August 15 and 21, 2018 orders (it did not), Donziger's remedy was to promptly seek reconsideration of those orders, not to defy them. *See Huber v. Marine Midland Bank*, 51 F.3d 5, 8 (2d Cir. 1995) (rejecting "attempted reargument" of underlying order in contempt proceeding because "'a contempt proceeding does not open to reconsideration the legal or

5

factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy'" (quoting *United States v. Rylander*, 460 U.S. 752, 756 (1983)).

And Donziger has engaged in the opposite of diligence—he has delayed at every turn, first offering vague promises of future compliance, then feigning confusion as to the legal basis for Chevron's demand that he provide an executed and notarized transfer of his Amazonia shares, and then asserting a baseless excuse for his defiance of the Court's directives.

Donziger's failure to provide a notarized transfer of his Amazonia shares to Chevron is not an inconsequential formality. This share transfer—which the Court in the RICO Judgment expressly ordered Donziger to make—is at the heart of preventing him from profiting from his pattern of racketeering, as Amazonia was designed to be the vehicle through which Donziger would obtain proceeds of the Ecuadorian judgment. *See Chevron Corp. v. Donziger*, 974 F. Supp. 2d 362, 528 n.1110 (S.D.N.Y. 2014). Donziger has continued to assert that he plans to contest the validity of the transfer of his Amazonia shares. *See* Dkt. 2081, Ex. A at 2 ("I reserve the right to challenge any of these coercively executed transfer agreements in the context of other legal proceedings relating to the Ecuador judgment."). Given his steadfast refusal to provide a notarized transfer document to Chevron, the only reasonable assumption is that a lack of notarization is part of Donziger's plan to undermine the effectiveness of the transfer.

This Court has multiple options to ensure that Donziger complies with the August 15 and 21, 2018 orders. A court is "free to consider the full record in the case in order to choose the appropriate sanction." *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (quotation marks and citation omitted). The notion that Chevron will have to continue to return to this Court—and that this Court will have to continue to waste its valuable time and re-

sources—to compel Donziger's compliance with unequivocal court orders is both preposterous and untenable.

Given the brazen and years-long refusal by Donziger to properly execute a transfer of his Amazonia shares to Chevron, Chevron submits that the Court should impose monetary sanctions on Donziger until he provides to Chevron's counsel a fully executed, acknowledged, and notarized original of Dkt. 2048-2.  *See, e.g.*, *United States v. City of Yonkers*, 856 F.2d 444, 459–60 (2d Cir. 1988) (modifying a coercive sanction to impose on defendant a fine of $100 that doubled each day of continued non-compliance until it reached $1 million, at which point a daily fine of $1 million would be imposed for each continued day of non-compliance), *rev'd on other grounds sub nom. Spallone v. United States*, 493 U.S. 265 (1990); *F.T.C. v. Verity Intern., Ltd.*, 140 F. Supp. 2d 313 (S.D.N.Y. 2001) (Kaplan, J.) (imposing coercive fines of $5,000 per day on each of two individual defendants, which increased to $10,000 per day after 9 days of non-compliance).

If monetary sanctions are insufficient to bring an end to Donziger's contempt of court, then it is only appropriate for Donziger to be arrested and imprisoned until he complies.  *See, e.g.*, *Cordius Tr. v. Kummerfeld Assocs., Inc.*, 658 F. Supp. 2d 512, 525 (S.D.N.Y. 2009) ("Arrest is an appropriate coercive sanction for civil contempt, so long as its purpose is not punitive but is instead to compel the contemnor to perform the required act.") (quotation marks and citation omitted)).  The purpose of such imprisonment would be limited to coercing Donziger to take the simple step of executing and notarizing the Amazonia share transfer document, and Donziger could both avoid and end any imprisonment by completing that act.

## CONCLUSION

The Court should find that Donziger is in civil contempt of the Court's August 15 and 21, 2018 orders, and impose monetary sanctions on Donziger until he provides to Chevron's counsel a fully executed, acknowledged, and notarized original of Dkt. 2048-2, and if noncompliance continues, the Court should order Donziger arrested and imprisoned until such time as he complies, or such other relief as the Court deems just and proper.

Dated:  September 17, 2018  
New York, New York

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

/s/ Randy M. Mastro

Randy M. Mastro  
Andrea E. Neuman  
200 Park Avenue  
New York, New York 10166  
Telephone: 212.351.4000  
Facsimile: 212.351.4035

William E. Thomson  
333 South Grand Avenue  
Los Angeles, California 90071  
Telephone: 213.229.7000  
Facsimile: 213.229.7520

STERN, KILCULLEN & RUFOLO LLC  
Herbert J. Stern  
Joel M. Silverstein  
325 Columbia Tpke, Ste 110  
P.O. Box 992  
Florham Park, New Jersey 07932-0992  
Telephone: 973.535.1900  
Facsimile: 973.535.9664

*Attorneys for Chevron Corporation*