**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/25/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHEVRON CORPORATION,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>STEVEN DONZIGER *et al.*,<br><br>　　　　　　Defendants. | 11 Civ. 0691 (LAK) |

**MOTION TO STAY DISCOVERY PENDING APPEAL**

　　As the Court is aware, I have lodged an appeal against the Court's persistent refusal to rule on the precise scope of the injunctive terms of its RICO Judgment (Dkt. 1875) while allowing Chevron to proceed with wide-ranging and constitutionally problematic discovery against me based on contempt allegations that cannot be assessed without an understanding of the RICO Judgment's scope. This is SLAPP-style harassment in violation of the First Amendment because the RICO Judgment as this Court explained it in April 2014, and as Second Circuit affirmed it, was clear that raising money to pay litigation expenses for judgment enforcement purposes is, necessarily, permissible.

　　Your Honor's refusal to rule on the central issue of the RICO injunction—while forcing me to produce discovery and participate as defendant, counsel, and witness at the June 28 hearing—is a clear violation of due process. Further, the Court's refusal to offer protective and/or injunctive relief necessary to protect the associational rights of myself and others under the First Amendment is unconstitutional. The court's discovery orders conclusively and adversely determine my right to not be subject to discovery where the fundamental procedural requirements

<u>Memorandum Endorsement</u>                                  <u>Chevron Corp. v. Donziger, 11-cv-691 (LAK)</u>

Donziger moves to stay post-judgment discovery pending appeal. The post-judgment discovery is aimed at (a) discovering assets to satisfy the outstanding money judgment in Chevron's favor against Donziger, (b) determining the sources of his income so that it may be applied to satisfaction, and (c) determining whether Donziger has complied with injunctive and other provisions of the judgment.

The pending appeals (notices of appeal DI 1972 and DI 2060) challenge

(1) the taxation of costs that resulted in the money judgment (DI 1962),

(2) the Court's order of June 25, 2018 (DI 2037) denying Donziger's motions for (a) a declaratory judgment with respect to the basis for, or to dismiss, a civil contempt motion filed by Chevron that remains *sub judice*, and (b) a protective order foreclosing any discovery that:

> "would tend to reveal the identity of any funder or other material supporter of the Ecuador Litigation and/or the internal operational, organizational, administrative, or financial management practices of the teams of individuals and organizations that directly and indirectly oppose Chevron in the Ecuador Litigation ('Ecuador Litigation Team'), and/or more broadly engage in Ecuador Litigation-related advocacy ('Aguinda Supporters')" (DI 2045, at 13 (quoting Donziger submission DI 2026, at 2)), and

(3) the Court's order of July 23, 2018 (DI 2056) that required Donziger, on or before August 15, 2018, to (a) produce to Chevron each and every document and thing within his possession, custody or control that is described by Chevron document requests 18, 21, 22 and 29, and (b) answer fully and completely Chevron information subpoena paragraphs 21 through 25.

Donziger's motion is frivolous for a host of reasons including these:

1. Insofar as the post-judgment discovery is directed at obtaining information relevant to enforcement of the money judgment, I note that Donziger has neither posted a supersedeas bond nor applied for a stay of enforcement on any other basis. The judgment creditor has every right to seek to collect on that judgment notwithstanding the pendency of the appeal and to conduct discovery for the purpose of doing so. Moreover, as the Court's opinion with respect to the taxation of costs (DI 1963) demonstrates, the underlying money judgment was the result of careful deliberation and, in my view, is entirely supported by the law. Certainly Donziger's conclusory papers in support of this motion offer no colorable ground for its reversal.

2. The Second Circuit has squarely held that the Court has "ample authority to issue [discovery] orders necessary for the enforcement of its [] order[s]." *State of N.Y. v. Shore Realty Corp.*, 763 F.2d 49, 53 (2d Cir. 1985); *see also* 28 U.S.C. § 1651. It therefore properly has

required discovery for the purpose of determining whether Donziger is in compliance with the Court's permanent injunction.

    3. This Court's opinion denying Donziger's declaratory judgment and protective order motions (DI 2045) amply demonstrate that the rulings were well grounded in fact and in law. Among other things, Donziger's contention that otherwise appropriate discovery designed to obtain information relevant to enforce the money judgment and/or to determine whether Donziger is violating the Court's injunction, which was affirmed by the Court of Appeals – to the extent that it might reveal the identity of any funder or supporter of his efforts – would violate the First Amendment would be unsupportable even if he had not forfeited those arguments and even if he had standing to raise them, which in important or all respects he does not. (DI 2045, *passim*). In any case, his conclusory papers in support of this motion offer no colorable ground for supposing that he might prevail on appeal.

    4. Donziger's claims of irreparable injury are unsubstantiated. Moreover, allowing him to continue to prevent enforcement of the money judgment against him and to frustrate efforts to determine whether he is violating the injunction against him threaten Chevron with irreparable injury.

    Accordingly, this motion is denied in all respects.

    SO ORDERED.

Dated:   September 25, 2018

                          Lewis A. Kaplan
                          United States District Judge