UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
:
CHEVRON CORPORATION, :
:
        Plaintiff, :
:
  v. : 11 Civ. 0691 (LAK)
:
STEVEN DONZIGER, et al., :
:
        Defendants. :
:
------------------------------------x

**NOTICE OF CHEVRON CORPORATION'S MOTION TO HOLD STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, AND DONZIGER ASSOCIATES, PLLC IN CONTEMPT OF COURT FOR THEIR FAILURE TO COMPLY WITH THE RICO AND DEFAULT JUDGMENTS AND THE APRIL 16, 2018 RESTRAINING NOTICE**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

STERN, KILCULLEN & RUFOLO LLC
325 Columbia Tpke, Ste 110
P.O. Box 992
Florham Park, New Jersey 07932-0992
Telephone: 973.535.1900
Facsimile: 973.535.9664

*Attorneys for Plaintiff Chevron Corporation*

1

PLEASE TAKE NOTICE that upon the Memorandum of Law in Support of Chevron Corporation's ("Chevron") Motion to Hold Steven R. Donziger, The Law Offices of Steven R. Donziger, and Donziger Associates PLLC (collectively "Donziger") in Contempt of Court for Their Failure to Comply with this Court's RICO and Default Judgments and Chevron's April 16, 2018 Restraining Notice; the Declaration of Anne Champion, dated October 1, 2018; the Declaration of John A. Slavek, dated September 30, 2018; the Declaration of Dr. Santiago Velázquez Coello, dated September 27, 2018; and the Declaration of Mary K. Sullivan, dated September 28, 2018; and all prior pleadings and proceedings in this matter, Chevron respectfully moves this Court for entry of an order holding Donziger in civil contempt pursuant to Federal Rule of Civil Procedure 70(e), Local Civil Rule 83.6 of the Local Rules of the United States District Court for the Southern District of New York, and CPLR § 5251.

More specifically, to bring Donziger into compliance with the RICO Judgment (Dkt. 1875) and the Default Judgment (Dkt. 1985) Chevron seeks an order requiring that Donziger: (i) within seven days of the Court's order on this motion, execute a notarized, unamended Transfer and Assignment (attached to the Champion Declaration as Exhibit 88), transferring to Chevron the contingency interests granted to him under the 2017 retainer agreement; (ii) transfer ▮▮▮▮▮ in funds traceable to the Ecuadorian judgment to Chevron; (iii) provide to Chevron a complete statement of his net worth and all assets in his possession or under his control (including all agreements granting Donziger an interest in the Ecuadorian judgment); and (vi) execute a sworn affidavit that complies with the requirements outlined in 28 U.S.C. § 1746, without any amendments thereto, verifying that the information provided in the statement of net worth is complete and accurate.

To ensure Donziger's compliance with this Court's Judgments going forward, Chevron seeks an order: (i) that Donziger be required to submit quarterly reports to Chevron and the Court to include (a) an updated and complete statement of his net worth and all assets in his possession or under his control, and (b) any new or amended agreements granting Donziger an interest in the Ecuadorian judgment; (ii) that Donziger be required to provide a sworn affidavit that complies with the requirements outlined in 28 U.S.C. § 1746, without any amendments thereto, verifying that the information provided in the quarterly reports is complete and accurate and to certify that he has complied with paragraphs 1 and 5 of the RICO Judgment and paragraphs 1 and 4 of the Default Judgment; (iii) that Chevron is entitled to ongoing discovery to confirm Donziger's compliance with the RICO Judgment and Default Judgment; and (iv) appointing a special master to monitor ongoing discovery and Donziger's compliance with the RICO Judgment and the Default Judgment.

To bring Donziger into compliance with Chevron's April 16, 2018 Restraining Notice, Chevron seeks an order that Donziger: (i) within seven days of this Court's order on this motion, identify for Chevron each and every bank account for which Donziger or his law firms have had, since April 16, 2018, directly or indirectly, access to, control of or an interest in; (ii) provide a complete accounting of all funds that have entered or exited those accounts since April 16, 2018; and (iii) and provide a sworn affidavit that complies with the requirements outlined in 28 U.S.C. § 1746, without any amendments thereto, verifying that the information provided is complete and accurate.

To the extent Donziger refuses to comply with any of the aforementioned orders, Chevron asks that the Court impose monetary sanctions on Donziger until such time as he fully complies with the RICO and Default Judgments and Chevron's April 16, 2018 Restraining Notice.

Chevron further requests compensatory damages, a reasonable award of attorneys' fees and costs (including expert costs), and such other relief as the Court deems just and proper.

Dated: October 1, 2018  
New York, New York

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

/s/ Randy M. Mastro

Randy M. Mastro  
Andrea E. Neuman  
200 Park Avenue  
New York, New York 10166  
Telephone: 212.351.4000  
Facsimile: 212.351.4035

William E. Thomson  
333 South Grand Avenue  
Los Angeles, California 90071  
Telephone: 213.229.7000  
Facsimile: 213.229.7520

STERN, KILCULLEN & RUFOLO LLC  
Herbert J. Stern  
Joel M. Silverstein  
325 Columbia Tpke, Ste 110  
P.O. Box 992  
Florham Park, New Jersey 07932-0992  
Telephone: 973.535.1900  
Facsimile: 973.535.9664

*Attorneys for Chevron Corporation*