# EXHIBIT 3

I6SJCHE1

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

CHEVRON CORPORATION,

            Plaintiff,

       v.                                 11 Civ. 691 LAK JCF

STEVEN DONZIGER, et al.,

            Defendants.

------------------------------x
                                              June 28, 2018
                                              9:30 a.m.


Before:

                   HON. LEWIS A. KAPLAN,

                                              District Judge

                        APPEARANCES


GIBSON, DUNN & CRUTCHER, LLP
     Attorneys for plaintiff
BY:  RANDY M. MASTRO, Esq.
     HERBERT J. STERN, Esq.
     JOEL SILVERSTEIN, Esq.
     ANDREA NEUMAN, Esq.
     ANNE MARIE CHAMPION, Esq.
     ALEJANDRO HERRERA, Esq.
     JEFFERSON BELL, Esq.


STEVEN ROBERT DONZIGER,
     Appearing pro se


Also Present:
     ANDREW R. ROMERO-DELMASTRO, Supv. Counsel Chevron
```

what he recalls and understood happened at the November 6, 2017 meeting that you and Ms. Sullivan had with him and one of his colleagues.

A.  Yes.

Q.  So is there anything about Mr. Grinberg's testimony about what he recalled and understood happened at that meeting with which you disagree?  Yes or no.

A.  Yes.

Q.  Sir, was Mr. Grinberg's testimony accurate as to what he said you described as the opportunity for Elliott at that meeting?

A.  I -- my testimony is that what he put in his affidavit and what he testified today with regard to those events was accurate, although not complete.

Q.  Now, Mr. Donziger, I'd like to ask you a few follow-up questions.  Am I correct that since March 2014, you have raised money to support the enforcement efforts of the Ecuadorian judgment by selling interests in the judgment?

A.  I have helped my clients in Ecuador sell interests in the judgment to raise funds to pay litigation expenses since that day, yes.

Q.  Thank you, sir.  Am I also correct that, out of the funds you have raised by selling interests in the judgment, you have paid yourself since March 2014, correct?

A.  That is correct.

1  Q.  Am I correct, sir, that you have sold interests in the
2  judgment, since March 2014, to multiple investors?
3         MR. DONZIGER:  Objection.
4  Q.  Yes or no.
5         THE COURT:  Yes or no.
6  A.  Well, there's a presumption in the question that's not
7  accurate.  Can I explain?
8  Q.  No.  I'll rephrase the question, sir.
9         In selling interests in the judgment, am I correct
10 that you have sold interests in the judgment to multiple
11 investors since March 2014?
12 A.  First of all, I am not selling interests in the judgment.
13 I am arranging for my clients to sell their interests in the
14 judgment.  But the rest of your question, have there been
15 multiple investors, the answer is yes.
16 Q.  So the record is clear, you have sold on behalf of your
17 clients interests in the Ecuadorian judgment to multiple
18 investors since March 2014, correct?
19        MR. DONZIGER:  Objection.
20        THE COURT:  I think that's been asked and answered.
21 Q.  How many investors have you arranged to sell an interest in
22 the judgment on behalf of your client or clients since March
23 2014?
24 A.  To the best of my recollection, approximately six.
25 Q.  Am I correct, sir, that you have raised millions of dollars

1  understand that.

2  Neither side has attempted to address whether any of
3  this is impacted by the terms of Mr. Donziger's retention
4  agreement, by the inter-creditor agreement, by investment
5  agreements that were in place at relevant times.  The bottom
6  line, maybe you haven't addressed it because you thought about
7  it and you don't think it has any impact, but I just wondered
8  about that now.

9  If anybody thinks any further submissions about that
10  might be useful, you are to write me a letter within 10 days as
11  to what and why, and the letter is no more than two pages, and
12  it is double-spaced, and then I will see whether I think any
13  further submission will be useful, okay?

14  MR. MASTRO:  Yes, your Honor, we will definitely do
15  that.  I just wanted to point out that Mr. Donziger did testify
16  that he has a new retention agreement as of 2016-17 with the
17  Frente, and he has not produced that to us.  We are prepared to
18  do this analysis, but it would be even more constructive if he
19  actually produced his --

20  THE COURT:  Why shouldn't that be produced?

21  MR. DONZIGER:  It is, and I have it right here.  I
22  will produce it right now.  I am not going to argue against Mr.
23  Mastro.  As a lawyer and officer of the court, I will direct
24  this to you directly.  This is a contempt hearing.  I don't
25  want to be in contempt of the court.  I am not at this point

1    arranging any more financing, and I can't until I get clarity,
2    some sort of clarification from your Honor what is, in your
3    view, permissible or not permissible.  I want to be clear about
4    that because --
5             THE COURT:  Look, I appreciate that, but you seriously
6    need to consider whether, even if you are right as to what
7    happened in days of yore, whatever that argument has any
8    traction at all from the minute the judgment was entered
9    against all your clients, including the Frente, which I won't
10   prejudge it, but it certainly is a different set of facts.  I
11   am not going to give you a declaratory judgment.
12            MR. DONZIGER:  On that point, you're referring to the
13   default judgment?
14            THE COURT:  Yes, sure.
15            MR. DONZIGER:  Just to be clear, I testified in my
16   deposition that I thought that it did not change the landscape
17   in terms of fund raising.  I, upon further reflection, realized
18   that that is a mistake and not my position.  I didn't quite
19   understand the situation when I said that.  To the extent you
20   read my deposition or they raise it, I want to be clear about
21   that.
22            THE COURT:  I am nodding not to evidence agreement,
23   but to acknowledge the fact you have said something.
24            MR. DONZIGER:  Thank you.
25            THE COURT:  I think everybody will have to think about