# EXHIBIT 32

STJ – Electronic Petition (PET) 00126547/2015 received on 04/06/2015 10:10 p.m.                    (e-STJ PAGE 1920)
Left Sidebar – Electronic Petition added to case record on 04/07/2015 at 9:56 a.m. by user: LAURA CUNHA DE ALENCAR

ESCRITÓRIO DE ADVOCACIA
SÉRGIO BERMUDES

SÉRGIO BERMUDES
MARCELO FONTES
ALEXANDRE SIGMARINGA SEIXAS
GUILHERME VALDETARO MATHIAS
ROBERTO SARDINHA JUNIOR
MARCELO LAMEGO CARPENTER
ANTONIO CARLOS VELLOSO FILHO
FABIANO ROBALINHO CAVALCANTI
MARIA AZEVEDO SALGADO
MARCO AURÉLIO DE ALMEIDA ALVES
ERIC CÉRANTE PESTRE
VÍTOR FERREIRA ALVES DE BRITO
ANDRÉ SILVEIRA
RODRIGO TANNURI
FREDERICO FERREIRA
ANTONELLA MARQUES CONSENTINO
MARCELO GONÇALVES
RICARDO SILVA MACHADO
RICARDO JUNQUEIRA DE ANDRADE
ANDRÉ TAVARES
CAROLINA CARDOSO FRANCISCO
MARIANNA FUX
ANDRÉ CHATEAUBRIAND MARTINS
PHILIP FLETCHER CHAGAS

LUÍS FELIPE FREIRE LISBÔA
PEDRO PAULO DE BARROS BARRETO
WILSON PIMENTEL
RICARDO LORETTI HENRICI
JAIME HENRIQUE PORCHAT SECCO
GRISHA RIBEIRO VENÂNCIO
MARCELO BORJA VEIGA
ADILSON VIEIRA MACABU FILHO
CAETANO BERENGUER
RAFAEL DIREITO SOARES
ANA PAULA DE PAULA
ALEXANDRE FONSECA
PEDRO HENRIQUE CARVALHO
RAFAELA FUCCI
GABRIEL LÓS
LOUIS DE CASTRA
HENRIQUE ÁVILA
RENATO RESENDE BENEDIDJI
DIEGO BARBOSA CAMPOS
ALESSANDRA MARTINI
MARIANA ARRUDA DE SOUZA
DANIEL CHACUR DE MIRANDA
PEDRO HENRIQUE NUNES
GABRIEL DE ORLÉANS E BRAGANÇA
LUIZA LOURENÇO BIANCHINI

GABRIEL PRISCO PARAISO
GLEIDSAR FEITOSA LIMA MENDES
FLÁVIO JARDIM
GUILHERME COELHO
ANA LÚCIA COMPARATO
LÍVIA IKEDA
LÍVIA SAAD
JULLIANA CUNHA
ALLAN BARCELLOS L. DE OLIVEIRA
PAULO BONATO
RENATO CALDEIRA GRAVA BRAZIL
VICTOR NADER BUJAN LAMAS
GUILHERME REGUEIRA PITTA
LUÍZA PERRELLI BARTOLO
JOÃO ZACHARIAS DE SÁ
SÉRGIO SANTOS DO NASCIMENTO
GIOVANNA MARSSARI
OLAVO RIBAS
MATHEUS PINTO DE ALMEIDA
FERNANDO NOVIS
LUIS TOMÁS ALVES DE ANDRADE
MARCOS MARES GUIA
ROBERTA RASCIO SAITO
ANTONIA DE ARAÚJO LIMA
GUSTAVO FIGUEIREDO GSCHWEND

ANA LUÍSA BARBOSA BARRETO
PAULA MELLO
RAFAEL MOCARZEL
CONRADO RAUNHEITTI
LUIZA DIAS MARTINS
THAÍS VASCONCELOS DE SÁ
BRUNO TABERA
FÁBIO MANTUANO PRÍNCIPE

CONSULTORES
AMARO MARTINS DE ALMEIDA (1914-1998)
HÉLIO CAMPISTA GOMES (1925-2004)
SALVADOR CÍCERO VELLOSO PINTO
JORGE FERNANDO LORETTI
REINA LANDAU
CAIO LUIZ DE ALMEIDA VIEIRA DE MELLO
PEDRO MARINHO NUNES

THE HONORABLE JUSTICE REPORTER OF PETITION NO. 9815

MARÍA AGUINDA SALAZAR, Ecuadorian, widow, homemaker, ID Card no. CC 150007906-4, CARLOS GREFA HUATATOCA, Ecuadorian, married, farmer, ID Card no. CC 150024060-9, CATALINA ANTONIA AGUINDA ZALAZAR, Ecuadorian, married, homemaker, ID Card no. CC 150020056-1, LIDIA ALEXANDRA AGUINDA AGUINDA, Ecuadorian, married, homemaker, ID Card no. CC 150053509-9, PATRICIO ALBERTO CHIMBO YUMBO, Ecuadorian, single, farmer, ID Card no. CC 150032278-7, CLIDE RAMIRO AGUINDA AGUINDA, Ecuadorian, married, farmer, ID Card no. CC 150037013-3, LUÍS ARMANDO CHIMBO YUMBO, Ecuadorian, married, farmer, ID Card no. CC 150020354-0, BEATRIZ MERCEDES GREFA TANGUILA, Ecuadorian, married, homemaker, ID Card no. CC 150051885-5, LUCIO ENRIQUE GREFA TANGUILA, Ecuadorian, married, farmer, ID Card no. CC 150056375-2, PATRICIO WUILSON AGUINDA AGUINDA, Ecuadorian, married, farmer, ID Card no. 150032679-6, CELIA IRENE VIVEROS

Electronic document e-Pet nos. 1083599 with digital signature
Signatory: ANDRE LUIZ SOUZA DA SILVEIRA: 52872157115 Certificate Series No.: 599698618441351007525533240990019158213
Time Stamp ID: 239885 Date and Time: 04/06/2015 10:10 p.m.

CERT. MERRILL VER: JD

STJ – Electronic Petition (PET) 00126547/2015 received on 04/06/2015 10:10 p.m.                    (e-STJ PAGE 1921)
Left Sidebar – Electronic Petition added to case record on 04/07/2015 at 9:56 a.m. by user: LAURA CUNHA DE ALENCAR

2

CUSANGA, Ecuadorian, married, homemaker, ID Card no. CC 040084856-0, FRANCISCO MATIAS ALVARADO YUMBO, Ecuadorian, married, farmer, ID Card no. CC 15009328-9, FRANCISCO ALVARADO YUMBO, Ecuadorian, married, farmer, ID Card no. 150011615-5, OLGA GLORIA GREFA CERDA, Ecuadorian, married, homemaker, ID Card no. CC 160020225-1, LORENZO JOSÉ ALVARADO YUMBO, Ecuadorian, married, farmer, ID Card no. CC 150021110-5, NARCISA AIDA TANGUILA NARVAÉZ, Ecuadorian, married, homemaker, ID Card no. CC 150030173-2, BERTHA ANTONIA YUMBO TANGUILA, Ecuadorian, married, homemaker, ID Card no. CC 150025954-2, GLORIA LUCRECIA TANGUILA GREFA, Ecuadorian, married, homemaker, ID Card no. 150014256-5, FRANCISCO VICTOR TANGUILA GREFA, Ecuadorian, married, farmer, ID Card no. CC 150011193-3, ROSA TERESA CHIMBO TANGUILA, Ecuadorian, married, homemaker, ID Card no. CC 150015652-4, JOSÉ GABRIEL REVELO LLORE, Ecuadorian, single, farmer, ID Card no. CC 170181991-2, MARÍA CLELIA REASCOS REVELO, Ecuadorian, married, homemaker, ID Card no. CC 170705717-8, MARÍA MAGDALENA RODRIGUEZ BARCENES, Ecuadorian, married, homemaker, ID Card no. CC 170937767-3, HUGO GERARDO CAMACHO NARANJO, Ecuadorian, married, farmer, ID Card no. CC 020056932-5, HELEODORO PATARON GUARACA, Ecuadorian, married, farmer, ID Card no. CC 060055304-4, LUISA DELIA TANGUILA NARVÁEZ, Ecuadorian, married, homemaker, ID Card no. CC 150008487-4, LOURDES BEATRIZ CHIMBO TANGUILA, widow, homemaker, ID Card no. 150025494-9, MARÍA HORTENCIA VIVEROS CUSANGUA, Ecuadorian, married, homemaker, ID Card no. CC 040097554-6, SEGUNDO ANGEL AMANTA MILÁN, Ecuadorian, married, farmer, ID Card no. CC 02006608-9, OCTAVIO ISMAEL CÓRDOVA HUANCA, Ecuadorian, married, farmer, ID Card no. CC 110076783-7, ELÍAS ROBERTO PIYAHUAJE PAYAHUAJE, Ecuadorian, married, farmer, ID Card no. CC 150014131-0, JAVIER PIAGUAJE PAYAHUAJE, Ecuadorian, single, driver, ID Card no. CC 210004527-3, DANIEL CARLOS LUSITANDE YAIGUAJE, Ecuadorian, single, farmer, ID Card no. CC 210004562-0,

Electronic document e-Pet no. 1083599 with digital signature
Signatory: ANDRE LUIZ SOUZA DA SILVEIRA: 52872157115 Certificate Series No.: 59969861844135100752553324099019158213
Time Stamp ID: 239885 Date and Time: 04/06/2015 10:10 p.m.

CERT. MERRILL VER: JD

STJ – Electronic Petition (PET) 00126547/2015 received on 04/06/2015 10:10 p.m.                    (e-STJ PAGE 1922)
Left Sidebar – Electronic Petition added to case record on 04/07/2015 at 9:56 a.m. by user: LAURA CUNHA DE ALENCAR

3

BENANCIO FREDY CHIMBO GREFA, Ecuadorian, single, farmer, ID Card no. CC 210004574-5, GUILLERMO VICENTE PAYAGUAJE LUSITANTE, Ecuadorian, single, farmer, ID Card no. CC 150025906-2, DELFÍN LEONIDAS PAYAGUAJE PAYAGUAJE, Ecuadorian, single, farmer, ID Card no. CC 150029880-5, ALFREDO DONALDO PAYAGUAJE PAYAGUAJE, Ecuadorian, single, student, ID Card no. CC 150026016-9, TEODORO GONZALO PIAGUAJE PAYAGUAJE, Ecuadorian, single, farmer, ID Card no. CC 150028717-0, MIGUEL MARIO PAYAGUAJE PAYAGUAJE, Ecuadorian, single, farmer, ID Card no. CC 150035312-1, FERMIN PIAGUAJE PAYAGUAJE, Ecuadorian, single, farmer, ID Card no. CC 210004522-4, REINALDO LUSITANDE YAIGUAJE, Ecuadorian, single, farmer, ID Card no. CC 150025902-1, LUIS AGUSTÍN PAYAGUAJE PIAGUAJE, Ecuadorian, single, garment cutting machine operator, ID Card no. CC 150015571-6, EMILIO MARTÍN LUSITANDE YAIGUAJE, Ecuadorian, single, farmer, ID Card no. CC 150029879-7, SIMON LUSITANDE YAIGUAJE, Ecuadorian, unemployed, single, ID Card no. CC 150025908-8, ARMANDO WILFRIDO PIAGUAJE PAYAGUAJE, Ecuadorian, single, farmer, ID Card no. CC 210004556-2, and ANGEL JUSTINO PIAGUAJE, Ecuadorian, single, student, ID Card no. CC 210010299-1, all domiciled in Ecuador, at Calle Baltra, no. 002, y Fernandina, sector 6, in the city of Nueva Loja, province of Sucumbíos, all hereby, through their undersigned counsel (doc.1), with reference to the order on page 1,913,  present their response to the objection against their right to file *in forma pauperis* submitted by CHEVRON CORPORATION, as follows:

## HOMOLOGATION OF FOREIGN JUDGMENT
## PROCEDURE IS INDEPENDENT OF PAYMENT OF COURT COSTS

1.      Before any argument is made before this esteemed Court regarding the need to grant the benefit of filing *in forma pauperis* to the appellees, it is worth noting the uselessness of the claim filed by CHEVRON CORPORATION.

Electronic document e-Pet no. 1083599 with digital signature
Signatory: ANDRE LUIZ SOUZA DA SILVEIRA: 52872157115 Certificate Series No.: 59969861844135100752553324099019158213
Time Stamp ID: 239885 Date and Time: 04/06/2015 10:10 p.m.
CERT. MERRILL VER: JD

STJ – Electronic Petition (PET) 00126547/2015 received on 04/06/2015 10:10 p.m.                    (e-STJ PAGE 1923)
Left Sidebar – Electronic Petition added to case record on 04/07/2015 at 9:56 a.m. by user: LAURA CUNHA DE ALENCAR

4

2.      Based on the requests formulated therein, it can be seen that the purpose behind the objection now being answered is merely to force the appellees *"(i) to bear the costs of the litigation and its procedural expenses, disbursing at once the value regarding the court costs; and (ii) to pay ten times the judicial costs, pursuant article 4, §1 of Law No. 1060/50."* (page 22).

3.      However, when it filed the request transcribed above, CHEVRON CORPORATION did not pay attention to the fact that the foreign judgment homologation procedure, and the granting of an <u>exequatur</u> for letters rogatory, do not require payment of court costs, pursuant to the sole paragraph of art. 1 of the STJ Resolution no. 9/2005:

> "Art. 1 The procedural classes of Recognition of Foreign Awards and Letters Rogatory are hereby created and added to the list of suits referred to the Superior Court of Justice; which will be subject to the provisions of this Resolution, on a temporary basis, until the Plenary Board of this Court approves specific statutory rules therefore.
> Sole paragraph. **Payment of court costs will be suspended in relation to cases dealt with in this Resolution and filed in this Court after publication of the aforementioned Constitutional Amendment until the resolution referred to in the main section of this article is enacted.**"

4.      Just to confirm the practical application of the legal provision transcribed above, the appellees hereby present, as examples, some summaries of judgments issued by this esteemed Superior Court of Justice that waive payment of court costs in foreign judgment homologation proceedings, with all of the judgments cited containing the following phrase: "*No court costs, pursuant to the terms of art. 1, sole paragraph, of STJ Resolution no. 9/2005.*"

> "CIVIL PROCEDURE. FAMILY LAW. HOMOLOGATION OF FOREIGN JUDGMENT. DIVORCE. CONSENT OF THE DEFENDANT WITHOUT CONSULAR STAMP OF APPROVAL. SERVICE OF PROCESS BY LETTER ROGATORY. APPOINTMENT OF SPECIAL TRUSTEE AD LITEM. FULFILLMENT OF THE REQUIREMENTS

Electronic document e-Pet no. 1083599 with digital signature
Signatory: ANDRE LUIZ SOUZA DA SILVEIRA: 52872157115 Certificate Series No.: 599698618441351007525533240990019158213
Time Stamp ID: 239885 Date and Time: 04/06/2015 10:10 p.m.
CERT. MERRILL VER: JD

STJ – Electronic Petition (PET) 00126547/2015 received on 04/06/2015 10:10 p.m.                    (e-STJ PAGE 1924)
Left Sidebar – Electronic Petition added to case record on 04/07/2015 at 9:56 a.m. by user: LAURA CUNHA DE ALENCAR

5

ESTABLISHED IN STJ RESOLUTION 9/2005. CONSENSUAL DIVORCE DECREE HOMOLOGATED.

1.      The objection regarding the questioned authenticity of the foreign documents was legally set aside, given the application of art. 11 of Law no. 11.419/2006, as well as by the consolidation of the understanding of this Superior Court, pursuant to the precedents mentioned.

2.      The absence of the consular stamp of approval for the provisional judgment is overruled by the stamp on the final judgment, over which there was no objection.

3.      Compliance with all the requirements set forth in arts. 3, 5 and 6 of STJ Resolution 09/2005 has been proven.

4.      Foreign judgment homologated. **Court costs pursuant to the terms of STJ Resolution no. 9/2005**. Respondent ordered to pay attorney's fees, in the amount of R$1,000.00." (SEC 8959/EX, Special Court, Reporter Justice NAPOLEÃO NUNES MAIA FILHO, judgment dated 12.17.14).

. - . - . -.

"HOMOLOGATION OF FOREIGN JUDGMENT. UNITED STATES OF AMERICA. DIVORCE. REQUIREMENTS MET. REQUEST GRANTED.

1.      Service of process by publication was granted, pursuant to the terms of § 2 of article 220 of the RISTF, because the Respondent no longer resided at the address listed in the judgment being homologated, and the Petitioner, who did not have children, nor assets to divide with the ex-spouse, affirmed that she did not know of his whereabouts. After all, since more than eight years had passed between the judgment and the filing of this homologation request, the alleged lack of knowledge of the current address of the ex-spouse is natural and justifiable, and for this reason, the argument of nullity is not applicable. Precedents of the Special Court.

2.      The requirements in the court regulations have been met in regard to confirming the regularity of the service of process for a proceeding judged by a judge with jurisdiction, whose judgment, which has become final, was authenticated by the Brazilian consular authority and translated by a sworn professional in Brazil, with the other legal formalities fulfilled.

3.      Homologation request granted. **Court costs *ex lege***. Respondent ordered to pay attorney's fees." (SEC 7,536/EX, Special Court, Reporter Justice LAURITA VAZ, judgment dated 10.15.14)

. - . - . -.

"CIVIL PROCEDURE - HOMOLOGATION OF FOREIGN JUDGMENT – CUSTODY RIGHT – ART. 5 OF STJ RESOLUTION NO. 09/2005 – FORMAL REQUIREMENTS FULFILLED. 1. Once the requirements set forth in art. 5 of Resolution no. 9/2005 of this Court have been met, and since the hypotheses listed in art. 6 of this regulation do not apply, the homologation of the judgment

Electronic document e-Pet no. 1083599 with digital signature
Signatory: ANDRE LUIZ SOUZA DA SILVEIRA: 52872157115 Certificate Series No.: 59969861844135100752553324099019158213
Time Stamp ID: 239885 Date and Time: 04/06/2015 10:10 p.m.
CERT. MERRILL VER: JD

STJ – Electronic Petition (PET) 00126547/2015 received on 04/06/2015 10:10 p.m.                              (e-STJ PAGE 1925)
Left Sidebar – Electronic Petition added to case record on 04/07/2015 at 9:56 a.m. by user: LAURA CUNHA DE ALENCAR

6

issued by a foreign Court granting custody must be approved. 2. Homologation granted. **No court costs.** Legal fees to be paid by the Respondent." (SEC 8158, Special Court, Reporter Justice ELIANA CALMON, judgment dated 04.25.13)

5.      Thus, we see the inapplicability of the objection raised, since no practical effect will result from it. Thus, the appellees could conclude their response in this paragraph, however, in the following sections, they will not fail to respond to each of the points raised by CHEVRON CORPORATION, none of which are capable of removing the appellees' right to file *in forma pauperis*.

## RIGHT TO FILE *IN FORMA PAUPERIS* IN THE COUNTRY OF ORIGIN

6.      CHEVRON CORPORATION bases its objection on the affirmation that Law no. 1,060/50, which governs the right to file *in forma pauperis* in Brazil, restricts its application to citizens and foreigners who reside in the country, which would exclude the appellees from its benefits.

7.      In fact, the appellees  are not included in the possible beneficiaries of this law, but this does not prevent them from being granted the right to file *in forma pauperis.*

8.      Pursuant to the terms of article 5 of the Inter-American Convention on Extraterritorial Validity of Foreign Judgments and Arbitral Decisions, ratified by both Brazil and Ecuador, "**A declaration in forma pauperis recognized in the State of origin of the judgment shall be recognized in the State of destination.**"

9.      In a twisted effort to avoid the applicability of this legal provision, the appellant lies when it affirms that "at no time did the Claimants make a request for free justice (in forma pauperis) in the Ecuadorian action" (page 15).

Electronic document e-Pet no. 1083599 with digital signature
Signatory: ANDRE LUIZ SOUZA DA SILVEIRA: 52872157115 Certificate Series No.: 59969861844135100752553324099019158213
Time Stamp ID: 239885 Date and Time: 04/06/2015 10:10 p.m.
CERT. MERRILL VER: JD

STJ – Electronic Petition (PET) 00126547/2015 received on 04/06/2015 10:10 p.m.                    (e-STJ PAGE 1926)
Left Sidebar – Electronic Petition added to case record on 04/07/2015 at 9:56 a.m. by user: LAURA CUNHA DE ALENCAR

7

10.     This false and inconsequential affirmation is struck down when we examine the Ecuadorian judgment issued on 10.15.12, under the following terms:

> "In relation to the filing of judicial proceedings in forma pauperis in Ecuador, it is declared that the Constitution of 2008 effectively confirms that court filings in Ecuador are free of charge (Art. 75), and even the Constitution of 1998, which was in effect at the time the litigation began, had a similar provision. In this regard, what is before this Court on the record, is that in this enforcement proceeding, the plaintiffs have not been required to pay any amount, fee, pledge or bond of any type."[1] (doc. 2).

11.     The ruling transcribed above results from the express request presented by the now appellees in the original proceeding, who, foreseeing the need to request the right to file *in forma pauperis* in the countries in which they would be requesting homologation of the Ecuadorian judgment, specifically requested a clear statement by that jurisdictional body about this matter so that they could take advantage of the provision in article 5 of the Inter-American Convention on Extraterritorial Validity of Foreign Judgments and Arbitral Awards mentioned above.

12.     Following is a transcription of the request presented by the appellees:

> "However, in order for a plaintiff to avail itself of the exemption in the other member countries of the Inter-American Conventions, it must demonstrate to the judges of those States that it proceeded in forma pauperis in the country of origin. And that is why we ask the Court to declare that the plaintiffs have litigated this lawsuit without having to pay costs, court fees and/or bonds of any kind, a situation that continues in the enforcement stage."[2] (doc. 3).

13.     As can be seen from the section transcribed above, the affirmation that the appellees never presented a request to file *in forma pauperis* in their country of origin is false,

---

[1] Free translation
[2] Free translation

Electronic document e-Pet no. 1083599 with digital signature
Signatory: ANDRE LUIZ SOUZA DA SILVEIRA: 52872157115 Certificate Series No.: 599698618441351007525533240990019158213
Time Stamp ID: 239885 Date and Time: 04/06/2015 10:10 p.m.

CERT. MERRILL VER: JD

STJ – Electronic Petition (PET) 00126547/2015 received on 04/06/2015 10:10 p.m.                    (e-STJ PAGE 1927)
Left Sidebar – Electronic Petition added to case record on 04/07/2015 at 9:56 a.m. by user: LAURA CUNHA DE ALENCAR

8

and the affirmation that this benefit was not granted by the Ecuadorian courts is equally false.

14.      Applying the provision of article 5 of the Inter-American Convention on Extraterritorial Validity of Foreign Judgments and Arbitral Awards, the need to grant the benefit of filing *in forma pauperis* to the appellees is unquestionable.

<u>IRRELEVANT ARGUMENTS</u>

15.      Having proven that the right to file *in forma pauperis* was granted in the country of origin, the other arguments presented by CHEVRON CORPORATION in its objection become even more irrelevant; even so, the appellees will dedicate a section of their petition to respond to them.

16.      As it did in its answer to the request for homologation of the foreign decision (SEC no. 8542), and in their objection to the right to file *in forma pauperis,* CHEVRON CORPORATION raised a series of non-existent procedural frauds in order to justify its claim. If the allegations made in the answer to the request for homologation made little sense then, they make absolutely no sense in the context of this objection.

17.      We see that the appellant seeks to use the alleged "*fraudulent acts committed by the Appellees and their counsel*" to remove the right to file *in forma pauperis* requested by the appellees, arguing for this purpose that "*[t]he Brazilian people should not have to pay for a lawsuit to confirm an Ecuadorian decision that arises out of acts that, according to North-American courts, were tainted by fraud committed by the Claimants and their counsel*". (page 04).

Electronic document e-Pet no. 1083599 with digital signature
Signatory: ANDRE LUIZ SOUZA DA SILVEIRA: 52872157115 Certificate Series No.: 599698618441351007525533240990191158213
Time Stamp ID: 239885 Date and Time: 04/06/2015 10:10 p.m.
CERT. MERRILL VER: JD

STJ – Electronic Petition (PET) 00126547/2015 received on 04/06/2015 10:10 p.m.                                    (e-STJ PAGE 1928)
Left Sidebar – Electronic Petition added to case record on 04/07/2015 at 9:56 a.m. by user: LAURA CUNHA DE ALENCAR

9

18.     It is quite obvious that the request is not grounded in any legal provision or jurisprudential understanding, since the existence or inexistence of procedural fraud — which was deeply and extensively debated in the case record for the request for homologation — does not have any bearing on whether to grant or deny the request for the right to file *in forma pauperis.*

19.     In regard to this point, the appellees will limit themselves to affirming that there was no procedural fraud, and refer the Honorable Justices of this esteemed Court to their reply filed in the case record of SEC no. 8,542, where each of the accusations of fraud made by CHEVRON CORPORATION is rebutted in a succinct and objective manner. The appellees can say no more, if for no other reason than the fact that they cannot see the relevance of this argument for this objection to the right to file *in forma pauperis.*

20.     In regard to the affirmation that "[t]he Claimants have received massive resources from investment funds and other investors to finance this sophisticated and complex saga perpetrated against the Defendant", no denial is necessary.

21.     In fact, the appellees have no alternative but to turn to third parties to finance the costly battle fought against them by CHEVRON CORPORATION in the courts throughout the world. On certain occasions, when they found themselves in situations in which payment of court costs or fees is essential— which is not the case in a procedure for homologation of a foreign judgment—, the appellees have sought external financing, since it is true that they do not have the funds to cover the proceedings.

22.     It is obvious that obtaining these funds greatly hinders the subsistence and support of the appellees, who live under very precarious conditions and maintain this fight for a question of survival and for redress of the harm caused to the environment of the

Electronic document e-Pet no. 1083599 with digital signature
Signatory: ANDRE LUIZ SOUZA DA SILVEIRA: 52872157115 Certificate Series No.: 599698618441351007525533240990019158213
Time Stamp ID: 239885 Date and Time: 04/06/2015 10:10 p.m.

CERT. MERRILL VER: JD

STJ – Electronic Petition (PET) 00126547/2015 received on 04/06/2015 10:10 p.m.                                    (e-STJ PAGE 1929)
Left Sidebar – Electronic Petition added to case record on 04/07/2015 at 9:56 a.m. by user: LAURA CUNHA DE ALENCAR

10

region where they live. It should be noted that Brazilian law does not require that a person have no resources nor the ability to obtain them in order to grant the right to file *in forma pauperis*; for the purpose of the law, it is sufficient for the person to not be able to pay court costs without harm to his subsistence or his family's, which is clearly applicable in this case.

23.     Accustomed to the U.S. practice of suffocating needy litigants until they give up on the action and sign a settlement agreement that is not at all in their best interests, CHEVRON CORPORATION is using every means it has at its disposal to bleed the now appellants, forcing them to obtain financing to allow them to continue their fight, which has lasted for more than two decades.

24.     On the aforementioned and customary practice mentioned above, Richard L. Marcus made the following diagnosis:

> "Whether or not the orientation of American procedure has tended toward delay, it certainly could lead to heightened costs in its aspiration to do perfect justice. (...) The cost of American litigation is hence a matter of enduring importance. (...) Repeatedly, there have been complaints that the American system makes substantial settlements cheaper than the large cost of litigating."[3]

25.     The hiring of "elite law firms" by the appellees, in turn, was made feasible by an agreement to pay success fees.

---

[3] Free translation. Original version: "Whether or not the orientation of American procedure has tended toward delay, it certainly could lead to heightened costs in its aspiration to do perfect justice. (...) The cost of American litigation is hence a matter of enduring importance. (...) Repeatedly, there have been complaints that the American system makes substantial settlements cheaper than the large cost of litigating." (MARCUS, Richard L., Malaise of the Litigation Superpower in Civil Justice in Crisis: Comparative Perspectives of Civil Procedure, Edited by Adrian Zuckerman, Oxford University Press, 1999, pp. 92/93)

Electronic document e-Pet no. 1083599 with digital signature
Signatory: ANDRE LUIZ SOUZA DA SILVEIRA: 52872157115 Certificate Series No.: 59969861844135100752553324099019158213
Time Stamp ID: 239885 Date and Time: 04/06/2015 10:10 p.m.

CERT. MERRILL VER: JD

STJ – Electronic Petition (PET) 00126547/2015 received on 04/06/2015 10:10 p.m.                    (e-STJ PAGE 1930)
Left Sidebar – Electronic Petition added to case record on 04/07/2015 at 9:56 a.m. by user: LAURA CUNHA DE ALENCAR

11

26.     In relation to the Sergio Bermudes law firm, it was hired solely and exclusively based on its success in this case, and the counsel to the appellees have not received any compensation for their work on this case to the present.

27.     It should be clarified that the collection in the amount of US$ 40 thousand added to the record by the appellant refers to the reimbursement of expenses paid in advance by the law firm for the sworn translation of the documents that accompanied the initial petition for homologation of the foreign decision and other costs that are not covered by the right to file *in forma pauperis*, and no part of this amount refers to attorney's fees.

28.     Regardless of the explanations now presented and of the amount spent by the appellees to seek their rights around the world, licitly obtained through third party financing, it is undeniable that the appellees themselves do not have the means to pay all the procedural costs, and for this reason, they should be granted the right to file *in forma pauperis*.

*       *       *

29.     Based on the foregoing, considering that the benefit of filing *in forma pauperis* was granted in Ecuador and that the payment of procedural costs by the appellees would clearly hurt their subsistence and that of their families, they trust that the objection to the right to file *in forma pauperis* will be denied, and that they will be granted this benefit, already recognized by the Ecuadorian courts.

30.     They request the right to present all the evidence allowed under the law, and to later add a sworn translation of the documents presented in a foreign language.

Electronic document e-Pet no. 1083599 with digital signature
Signatory: ANDRE LUIZ SOUZA DA SILVEIRA: 52872157115 Certificate Series No.: 59969861844135100752553324099019158213
Time Stamp ID: 239885 Date and Time: 04/06/2015 10:10 p.m.
CERT. MERRILL VER: JD

STJ – Electronic Petition (PET) 00126547/2015 received on 04/06/2015 10:10 p.m.          (e-STJ PAGE 1931)
Left Sidebar – Electronic Petition added to case record on 04/07/2015 at 9:56 a.m. by user: LAURA CUNHA DE ALENCAR

12

31.     Finally, they declare that their counsel receive any notifications in the Federal District, at the address contained in the letterhead.

Respectfully submitted,

Brasília, April 6, 2015

[Signature]                                        [Signature]

Sergio Bermudes                          Marcio Vieira Souto Costa Ferreira

OAB/DF 2.192-A                               OAB/RJ 59.384


[Signature]                                        [Signature]

Fabiano Robalinho Cavalcanti              Caetano Berenguer

OAB/RJ 95.237                                   OAB/RJ 135.124


[Signature]                                        [Signature]

Andre Silveira                          Antonia de Araujo Lima

OAB/DF 16.369                                OAB/RJ 171.377


T:\VAL\AFECTADOS VS. CHEVRON - RESPOSTA IMPUGNAÇÃO GRATUIDADE JUSTIÇA VF.DOC

Electronic document e-Pet no. 1083599 with digital signature
Signatory: ANDRE LUIZ SOUZA DA SILVEIRA: 52872157115 Certificate Series No.: 59969861844135100752553324099019158213
Time Stamp ID: 239885 Date and Time: 04/06/2015 10:10 p.m.

CERT. MERRILL VER: JD

**ULG**
**UNITED LANGUAGE GROUP**

**United Language Group**
1600 Utica Avenue South
Suite 750
Minneapolis, MN 55416
+1 855-7UNITED
legaltranslations@ulgroup.com

State of Minnesota                    )
Estado de Minnesota

                                      )              ss:
                                      )          a saber:
County of Hennepin                    )
Condado de Hennepin

## Certificate of Accuracy
## Certificado de Exatidão

This is to certify that the attached translation is, to the best of our knowledge and belief, a true and accurate translation from Portuguese into English of the attached document.

Pelo presente, certifico que a tradução anexa é, segundo meu conhecimento e entendimento, uma tradução fiel e completa do idioma português ao inglês do documento anexo.

Dated: September 27, 2018
Data: 27 de setembro de 2018

Kate Kaurova
Project Manager – Legal Translations
United Language Group

[firmado]

Kate Kaurova
Gerente de Projeto – Traduções Jurídicas
United Language Group



MAKENZIE ANN SHOFNER
NOTARY PUBLIC
MINNESOTA
My Commission Expires Jan. 31, 2021

Sworn to and signed before
Juramentado e assinado em
Me, this ____27th_____day of
mina presença aos __27__ dias do
_____September_____ 2018
mês de ___setembro__ de 2018

Notary Public
Notário Público

[assinado]
[selo]

ESCRITÓRIO DE ADVOCACIA

S E R G I O   B E R M U D E S

| | | | |
|---|---|---|---|
| SERGIO BERMUDES | LUÍS FELIPE FREIRE LISBÔA | GABRIEL PRISCO PARAÍSO | ANA LUÍSA BARBOSA BARRETO |
| MÁRCIO VIEIRA SOUTO COSTA FERREIRA | PEDRO PAULO DE BARROS BARRETO | GUIOMAR FEITOSA LIMA MENDES | PAULA MELLO |
| MARCELO FONTES | WILSON PIMENTEL | FLÁVIO JARDIM | RAFAEL MOCARZEL |
| ALEXANDRE SIGMARINGA SEIXAS | RICARDO LORETTI HENRICI | GUILHERME COELHO | CONRADO RAUNHEITTI |
| GUILHERME VALDETARO MATHIAS | JAIME HENRIQUE PORCHAT SECCO | ANA LUIZA COMPARATO | LUIZA DIAS MARTINS |
| ROBERTO SARDINHA JUNIOR | GRISSIA RIBEIRO VENÂNCIO | LÍVIA IKEDA | THAÍS VASCONCELLOS DE SÁ |
| MARCELO LAMEGO CARPENTER | MARCELO BORJA VEIGA | LÍVIA SAAD | BRUNO TABERA |
| ANTONIO CARLOS VELLOSO FILHO | ADILSON VIEIRA MACABU FILHO | JULLIANA CUNHA | FÁBIO MANTUANO PRÍNCIPE |
| FABIANO ROBALINHO CAVALCANTI | CAETANO BERENGUER | ALLAN BARCELLOS L. DE OLIVEIRA | |
| MARIA AZEVEDO SALGADO | RAFAEL DIREITO SOARES | PAULO BONATO | |
| MARCO AURÉLIO DE ALMEIDA ALVES | ANA PAULA DE PAULA | RENATO CALDEIRA GRAVA BRAZIL | |
| ERIC CERANTE PESTRE | ALEXANDRE FONSECA | VICTOR NADER BUJAN LAMAS | |
| VITOR FERREIRA ALVES DE BRITO | PEDRO HENRIQUE CARVALHO | GUILHERME REGUEIRA PITTA | |
| ANDRÉ SILVEIRA | RAFAELA FUCCI | LUIZA PERRELLI BARTOLO | |
| RODRIGO TANNURI | GABRIEL LÓS | JOÃO ZACHARIAS DE SÁ | |
| FREDERICO FERREIRA | LOUIS DE CASTEJA | SÉRGIO SANTOS DO NASCIMENTO | |
| ANTONELLA MARQUES CONSENTINO | HENRIQUE ÁVILA | GIOVANNA MARSSARI | |
| MARCELO GONÇALVES | RENATO RESENDE BENEDUZI | OLAVO RIBAS | CONSULTORES |
| RICARDO SILVA MACHADO | DIEGO BARBOSA CAMPOS | MATHEUS PINTO DE ALMEIDA | AMARO MARTINS DE ALMEIDA (1914-1998) |
| RICARDO JUNQUEIRA DE ANDRADE | ALESSANDRA MARTINI | FERNANDO NOVIS | HELIO CAMPISTA GOMES (1925-2004) |
| ANDRÉ TAVARES | MARIANA ARRUDA DE SOUZA | LUIS TOMÁS ALVES DE ANDRADE | SALVADOR CÍCERO VELLOSO PINTO |
| CAROLINA CARDOSO FRANCISCO | DANIEL CHACUR DE MIRANDA | MARCOS MARES GUIA | JORGE FERNANDO LORETTI |
| MARIANNA FUX | PEDRO HENRIQUE NUNES | ROBERTA RASCIO SAITO | ELENA LANDAU |
| ANDRÉ CHATEAUBRIAND MARTINS | GABRIEL DE ORLEANS E BRAGANÇA | ANTONIA DE ARAUJO LIMA | CAIO LUIZ DE ALMEIDA VIEIRA DE MELLO |
| PHILIP FLETCHER CHAGAS | LUIZA LOURENÇO BIANCHINI | GUSTAVO FIGUEIREDO GSCHWEND | PEDRO MARINHO NUNES |

EXMO. SR. MINISTRO RELATOR DA PETIÇÃO N° 9815

 

MARÍA AGUINDA SALAZAR, equatoriana, viúva, do lar, identidade n.° CC 150007906-4, CARLOS GREFA HUATATOCA, equatoriano, casado, agricultor, identidade n.° CC 150024060-9, CATALINA ANTONIA AGUINDA ZALAZAR, equatoriana, casada, do lar, identidade n.° CC 150020056-1, LIDIA ALEXANDRA AGUINDA AGUINDA, equatoriana, casada, do lar, identidade n.° CC 150053509-9, PATRICIO ALBERTO CHIMBO YUMBO, equatoriano, solteiro, agricultor, identidade n.° CC 150032278-7, CLIDE RAMIRO AGUINDA AGUINDA, equatoriano, casado, agricultor, identidade n.° CC 150037013-3, LUÍS ARMANDO CHIMBO YUMBO, equatoriano, casado, agricultor, identidade n.° CC 150020354-0, BEATRIZ MERCEDES GREFA TANGUILA, equatoriana, casada, do lar, identidade n.° CC 150051885-5, LUCIO ENRIQUE GREFA TANGUILA, equatoriano, casado, agricultor, identidade n.° CC 150056375-2, PATRICIO WUILSON AGUINDA AGUINDA, equatoriano, casado, agricultor, identidade n.° 150032679-6, CELIA IRENE VIVEROS

Rua São José, 90 – 5° andar – Centro – 20010-020 – Rio de Janeiro – RJ – Tel. (21) 3221 9000 – Fax. (21) 3221 9001 – e-mail: rjbermudes@sbadv.com.br
Rua Joaquim Floriano, 1052 – 6° andar – 04534-004 – São Paulo – SP – Tel. (11) 3549 6900 – Fax. (11) 3288 1843 – e-mail: spbermudes@sbadv.com.br
SHIS QL 14 – Conjunto 05 – Casa 01 – 71640-055 – Brasília – DF – Tel. (61) 3212 1200 – Fax. (61) 3248 0449 – e-mail: dfbermudes@sbadv.com.br

CUSANGUA, equatoriana, casada, do lar, identidade n.º CC 040084856-0, FRANCISCO MATIAS ALVARADO YUMBO, equatoriano, casado, agricultor, identidade n.º CC 15009328-9, FRANCISCO ALVARADO YUMBO, equatoriano, casado, agricultor, identidade n.º 150011615-5, OLGA GLORIA GREFA CERDA, equatoriana, casada, do lar, identidade n.º CC 160020225-1, LORENZO JOSÉ ALVARADO YUMBO, equatoriano, casado, agricultor, identidade n.º CC 150021110-5, NARCISA AIDA TANGUILA NARVÁEZ, equatoriano, casada, do lar, identidade n.º CC 150030173-2, BERTHA ANTONIA YUMBO TANGUILA, equatoriano, casada, do lar, identidade n.º CC 150025954-2, GLORIA LUCRECIA TANGUILA GREFA, equatoriano, casada, do lar, identidade n.º 150014256-5, FRANCISCO VICTOR TANGUILA GREFA, equatoriano, casado, agricultor, identidade n.º CC 150011193-3, ROSA TERESA CHIMBO TANGUILA, equatoriano, casada, do lar, identidade n.º CC 150015652-4, JOSÉ GABRIEL REVELO LLORE, equatoriano, solteiro, agricultor, identidade n.º CC 170181991-2, MARÍA CLELIA REASCOS REVELO, equatoriana, casada, do lar, identidade n.º CC 170705717-8, MARÍA MAGDALENA RODRIGUEZ BARCENES, equatoriana, casada, do lar, identidade n.º CC 170937767-3, HUGO GERARDO CAMACHO NARANJO, equatoriano, casado, agricultor, identidade n.º CC 020056932-5, HELEODORO PATARON GUARACA, equatoriano, casado, agricultor, identidade n.º CC 060055304-4, LUISA DELIA TANGUILA NARVÁEZ, equatoriana, casada, do lar, identidade n.º CC 150008487-4, LOURDES BEATRIZ CHIMBO TANGUILA, viúva, do lar, portadora da carteira de identidade n.º 150025494-9, MARÍA HORTENCIA VIVEROS CUSANGUA, equatoriana, casada, do lar, identidade n.º 040097554-6, SEGUNDO ANGEL AMANTA MILÁN, equatoriano, casado, agricultor, identidade n.º CC 02006608-9, OCTAVIO ISMAEL CÓRDOVA HUANCA, equatoriano, casado, agricultor, identidade n.º CC 110076783-7, ELÍAS ROBERTO PIYAHUAJE PAYAHUAJE, equatoriano, casado, agricultor, identidade n.º CC 150014131-0, JAVIER PIAGUAJE PAYAHUAJE, equatoriano, solteiro, motorista, identidade n.º CC 210004527-3, DANIEL CARLOS LUSITANDE YAIGUAJE, equatoriano, solteiro, agricultor, identidade n.º CC 210004562-0,

Petição Eletrônica juntada ao processo em 07/04/2015 as 09:56:57 pelo usuário: LAURA CUNHA DE ALENCAR

Documento eletrônico e-Pet nº 1083599 com assinatura digital
Signatário(a): ANDRE LUIZ SOUZA DA SILVEIRA:52872157115 NºSérie Certificado: 59969861844135100752553324099019158213
Id Carimbo de Tempo: 239885 Data e Hora: 06/04/2015 22:10:46hs

BENANCIO FREDY CHIMBO GREFA, equatoriano, solteiro, agricultor, identidade n.º CC 210004574-5, GUILLERMO VICENTE PAYAGUAJE LUSITANTE, equatoriano, solteiro, agricultor, identidade n.º CC 150025906-2, DELFÍN LEONIDAS PAYAGUAJE PAYAGUAJE, equatoriano, solteiro, agricultor, identidade n.º CC 150029880-5, ALFREDO DONALDO PAYAGUAJE PAYAGUAJE, equatoriano, solteiro, estudante, identidade n.º CC 150026016-9, TEODORO GONZALO PIAGUAJE PAYAGUAJE, equatoriano, solteiro, agricultor, identidade n.º CC 150028717-0, MIGUEL MARIO PAYAGUAJE PAYAGUAJE, equatoriano, solteiro, agricultor, identidade n.º CC 150035312-1, FERMIN PIAGUAJE PAYAGUAJE, equatoriano, solteiro, agricultor, identidade n.º CC 210004522-4, REINALDO LUSITANDE YAIGUAJE, equatoriano, solteiro, agricultor, identidade n.º CC 150025902-1, LUIS AGUSTÍN PAYAGUAJE PIAGUAJE, equatoriano, solteiro, operador de corte e confecção, identidade n.º CC 150015571-6, EMILIO MARTÍN LUSITANDE YAIGUAJE, equatoriano, solteiro, agricultor, identidade n.º CC 150029879-7, SIMON LUSITANDE YAIGUAJE, equatoriano, desempregado, solteiro, identidade n.º CC 150025908-8, ARMANDO WILFRIDO PIAGUAJE PAYAGUAJE, equatoriano, solteiro, agricultor, identidade n.º CC 210004556-2, e ANGEL JUSTINO PIAGUAJE, equatoriano, solteiro, estudante, identidade n.º CC. 210010299-1, todos domiciliados no Equador, na Calle Baltra, n.º 002, y Fernandina, sector 6, Ciudad Nueva Loja, Provincia de Sucumbíos, vêm, por seus advogados abaixo assinados (doc. 1), em atenção ao r. despacho de fls. 1.913, apresentar a sua resposta à impugnação à gratuidade de justiça apresentada pela CHEVRON CORPORATION, nos termos a seguir expostos:

HOMOLOGAÇÃO DE SENTENÇA ESTRANGEIRA
PROCEDIMENTO QUE INDEPENDE DO PAGAMENTO DE CUSTAS JUDICIAIS

1.      Antes de apresentar qualquer argumento no sentido de convencer essa e. Corte da necessidade de concessão do benefício da gratuidade de justiça aos impugnados, destaca-se desde já a inutilidade do pleito formulado pela CHEVRON CORPORATION.

Petição Eletrônica juntada ao processo em 07/04/2015 às 09:56:57 pelo usuário: LAURA CUNHA DE ALENCAR

Documento eletrônico e-Pet nº 1083599 com assinatura digital
Signatário(a): ANDRE LUIZ SOUZA DA SILVEIRA:52872157115 NºSérie Certificado: 5996986184413510075255332409901915 82213
Id Carimbo de Tempo: 239885 Data e Hora: 06/04/2015 22:10:46hs

2.　　　　　Perceba-se que o intuito da impugnação ora respondida, segundo os pedidos nela formulados, é tão somente obrigar os impugnados *"(i) a arcar com as custas e despesas processuais, desembolsando desde logo o valor referente às custas judiciais; e (ii) a efetuar o pagamento do décuplo das custas judiciais, nos termos do art. 4°, §1° da Lei n° 1.060/50"* (fls. 22).

3.　　　　　Ocorre que, ao formular o pedido transcrito acima, não atentou a CHEVRON CORPORATION para o fato de que o processo de homologação de sentença estrangeira, e também o de concessão de <u>exequatur</u> às cartas rogatórias, independem do recolhimento de custas processuais, nos termos do parágrafo único do art. 1° da Resolução STJ n° 9/2005:

> "Art. 1° Ficam criadas as classes processuais de Homologação de Sentença Estrangeira e de Cartas Rogatórias no rol dos feitos submetidos ao Superior Tribunal de Justiça, as quais observarão o disposto nesta Resolução, em caráter excepcional, até que o Plenário da Corte aprove disposições regimentais próprias.
> Parágrafo único. **Fica sobrestado o pagamento de custas dos processos tratados nesta Resolução que entrarem neste Tribunal após a publicação da mencionada Emenda Constitucional, até a deliberação referida no caput deste artigo."**

4.　　　　　Apenas para confirmar a aplicação prática do dispositivo legal transcrito acima, os impugnados apresentam a seguir, exemplificativamente, algumas ementas desse e. Superior Tribunal de Justiça que dispensam o pagamento de custas em processos de homologação de sentença estrangeira, sendo comum ao inteiro teor de todos os julgados citados abaixo a seguinte frase: *"Sem custas, nos termos do art. 1.°, parágrafo único, da Resolução STJ no. 9/2005"*.

> "PROCESSUAL CIVIL. FAMÍLIA. HOMOLOGAÇÃO DE SENTENÇA ESTRANGEIRA. DIVÓRCIO. ANUÊNCIA DO REQUERIDO SEM A CHANCELA CONSULAR. CITAÇÃO POR CARTA ROGATÓRIA. NOMEAÇÃO DE CURADOR ESPECIAL. PREENCHIMENTO DOS REQUISITOS

Petição Eletrônica juntada ao processo em 07/04/2015 às 09:56:57 pelo usuário: LAURA CUNHA DE ALENCAR

Documento eletrônico e-Pet n° 1083599 com assinatura digital
Signatário(a): ANDRE LUIZ SOUZA DA SILVEIRA:52872157115 N°Série Certificado: 599698618441351007525533240990019158213
Id Carimbo de Tempo: 239885 Data e Hora: 06/04/2015 22:10:46hs

5

PREVISTOS NA RESOLUÇÃO STJ 9/2005. SENTENÇA DE DIVÓRCIO CONSENSUAL HOMOLOGADA.

1.    A impugnação sobre a dúvida na autenticidade dos documentos estrangeiros foi juridicamente afastada dada a incidência do art. 11 da Lei no. 11.419/2006, e também pela consolidação do entendimento dessa Corte Superior, conforme os precedentes que menciona.

2.    A ausência de chancela consular sobre a sentença provisória é suprida pela chancela havida na sentença definitiva, sobre a qual inclusive, não se verificou qualquer impugnação.

3.    Comprovado o cumprimento de todos os requisitos previstos nos arts. 3o., 5o. e 6o. da Resolução STJ 09/2005.

4.    Sentença estrangeira homologada. **Custas nos termos da Resolução STJ 9/2005**. Condenação do requerido em verba honorária, no valor de R$ 1.000,00." (SEC 8.959/EX, Corte Especial, Rel. Min. NAPOLEÃO NUNES MAIA FILHO, j. 17.12.14)

.-.-.-.

"HOMOLOGAÇÃO DE SENTENÇA ESTRANGEIRA. ESTADOS UNIDOS DA AMÉRICA. DIVÓRCIO. REQUISITOS PREENCHIDOS. PEDIDO DEFERIDO.

1. A citação editalícia foi deferida, nos termos do § 2.º do art. 220 do RISTF, porque o Requerido não mais residia no endereço constante na sentença homologanda, e a Requerente, que não teve filhos nem bens a partilhar com o ex-cônjuge, afirmou não saber o seu paradeiro. Afinal, passados mais de oito anos desde a sentença até o ajuizamento deste pedido de homologação, é natural e justificável o alegado desconhecimento do endereço atual do ex-cônjuge, razão pela qual não procede a arguição de nulidade. Precedentes da Corte Especial.

2. Restaram atendidos os requisitos regimentais com a constatação da regularidade da citação para processo julgado por juiz competente, cuja sentença, transitada em julgado, foi autenticada pela autoridade consular brasileira e traduzida por profissional juramentado no Brasil, com o preenchimento das demais formalidades legais.

3. Pedido de homologação deferido. **Custas ex lege**. Condenação do Requerido ao pagamento dos honorários advocatícios." (SEC 7.536/EX, Corte Especial, Rel. Min. LAURITA VAZ, j. 15.10.14)

.-.-.-.

"PROCESSO CIVIL - HOMOLOGAÇÃO DE SENTENÇA ESTRANGEIRA - DIREITO DE GUARDA - ART. 5º DA RESOLUÇÃO N° 09/2005 DO STJ - REQUISITOS FORMAIS PRESENTES. 1. Uma vez atendidos os requisitos do art. 5° da Resolução n.° 9/2005 desta Corte, bem assim inocorrentes as hipótese do art. 6° do citado regramento, é imperiosa a homologação da sentença

Documento eletrônico e-Pet nº 1083599 com assinatura digital
Signatário(a): ANDRE LUIZ SOUZA DA SILVEIRA:52872157115 NºSérie Certificado: 5996986184413510075255324099019158213
Id Carimbo de Tempo: 239885 Data e Hora: 06/04/2015 22:10:46hs

Petição Eletrônica juntada ao processo em 07/04/2015 às 09:56:57 pelo usuário: LAURA CUNHA DE ALENCAR

> de guarda proferida por Corte Judicial estrangeira. 2.
> Homologação deferida. **Sem custas**. Honorários de
> sucumbência por conta da parte requerida." (SEC 8158,
> Corte Especial, Rel. Min. ELIANA CALMON, j. 25.04.13)

5.        Revela-se assim a imprestabilidade da impugnação que ora
se responde, uma vez que nenhum efeito prático dela resultará.
Sendo assim, poderiam os impugnados terminar a sua resposta neste
parágrafo, mas nos capítulos que seguem não se furtarão a responder
cada um dos pontos levantados pela CHEVRON CORPORATION, nenhum
deles capaz de afastar a gratuidade de justiça a que fazem jus.

GRATUIDADE DE JUSTIÇA NO PAÍS DE ORIGEM

6.        A CHEVRON CORPORATION principia a sua impugnação pela
afirmação de que a Lei nº 1.060/50, que disciplina a gratuidade de
justiça no Brasil, restringe a sua aplicação aos nacionais e
estrangeiros residente no país, o que excluiria os impugnados de
seus benefícios.

7.        De fato os impugnados não se enquadram nos possíveis
beneficiários da referida lei, mas isso não impede que a eles seja
concedida a gratuidade de justiça.

8.        Com efeito, nos termos do art. 5º da Convenção
Interamericana Sobre Eficácia Extraterritorial das Sentenças e
Laudos Arbitrais Estrangeiros, ratificada tanto pelo Brasil quanto
pelo Equador, "**o benefício de justiça gratuita reconhecido no
Estado de origem da sentença será mantido no de sua apresentação**".

9.        Na tentativa canhestra de evitar a incidência do referido
dispositivo legal a impugnante mente ao afirmar que "em momento
algum os Impugnados formularam o pedido de gratuidade de justiça
(*in forma pauperis*) na ação equatoriana" (fls. 15).

Petição Eletrônica juntada ao processo em 07/04/2015 às 09:56:57 pelo usuário: LAURA CUNHA DE ALENCAR

Documento eletrônico e-Pet nº 1083599 com assinatura digital
Signatário(a):  ANDRE LUIZ SOUZA DA SILVEIRA:52872157115 NºSérie Certificado: 59969861844135100752553324099019158213
Id Carimbo de Tempo: 239885 Data e Hora: 06/04/2015 22:10:46hs

STJ Petição Eletrônica (PET) 00126547/2015 recebida em 06/04/2015 22:10:45

7

10.      A afirmação falsa e leviana cai por terra quando se examina a decisão equatoriana proferida em 15.10.12 nos seguintes termos:

> "Com relação à gratuidade dos processos judiciais no Equador, declara-se que, efetivamente, a Constituição de 2008 confirma a gratuidade de justiça no Equador (art. 75), e até mesmo a constituição de 1998, vigente à época do início deste litígio, dispunha em sentido similar. Neste ponto, o que perante este juiz consta do expediente, é que neste processo de execução não se exigiu dos demandantes o pagamento de valor, taxa, penhora ou qualquer garantia."[1] (doc. 2)

11.      A decisão transcrita acima decorre de expresso pedido formulado pelos impugnados no processo de origem, que, antevendo a necessidade de pleitear o benefício da gratuidade de justiça nos países onde fossem buscar a homologação do julgado equatoriano, requereram a manifestação expressa daquele órgão jurisdicional sobre o assunto a fim de que pudessem se valer do disposto no art. 5º da Convenção Interamericana Sobre Eficácia Extraterritorial das Sentenças e Laudos Arbitrais Estrangeiros mencionada acima.

12.      Confira-se abaixo a transcrição do pedido formulado pelos impugnados:

> "No entanto, para efeitos de aplicação da isenção nos demais países membro das mencionadas Convenções Interamericanas, faz-se necessário provar respectivos juízes destes Estados a vigência do benefício no país de origem. E é por isso que se solicita ao Sr. Juiz Presidente que declare que os demandantes litigaram perante este juízo sem que que lhes tenham sido exigidas taxas, despesas, custos e/ou garantias processuais de nenhum tipo, situação que se mantém vigente na fase de execução."[2] (doc. 3)

13.      Conforme se extrai do trecho reproduzido acima, é falsa a afirmação de que os impugnados jamais formularam pedido de

---

[1] Tradução livre
[2] Tradução livre

Documento eletrônico e-Pet nº 1083599 com assinatura digital
Signatário(a):  ANDRE LUIZ SOUZA DA SILVEIRA:52872157115 NºSérie Certificado: 5996986184413510075255332409901915 8213
Id Carimbo de Tempo: 239885 Data e Hora: 06/04/2015 22:10:46hs

Petição Eletrônica juntada ao processo em 07/04/2015 às 09:56:57 pelo usuário: LAURA CUNHA DE ALENCAR

gratuidade de justiça no país de origem, e é igualmente falsa a afirmação de que o referido benefício não foi concedido pela justiça equatoriana.

14.      Aplicando-se ao presente caso o disposto no art. 5º da Convenção Interamericana Sobre Eficácia Extraterritorial das Sentenças e Laudos Arbitrais Estrangeiros, é inquestionável a necessidade de concessão do benefício de gratuidade de justiça aos impugnados.

<u>ARGUMENTOS IRRELEVANTES</u>

15.      Comprovada a concessão da gratuidade de justiça do país de origem, ainda mais irrelevantes se tornam os demais argumentos apresentados pela CHEVRON CORPORATION em sua impugnação, mas ainda assim os impugnados dedicarão um capítulo de sua petição para respondê-los.

16.      Tal qual fez em sua contestação ao pedido de homologação de sentença estrangeira (SEC nº 8.542), também em sua impugnação à gratuidade de justiça a CHEVRON CORPORATION suscita uma séria de inexistentes fraudes processuais a fim de justificar o seu pleito. Se pouco sentido faziam as alegações na contestação ao pedido de homologação, absolutamente nenhum sentido fazem na impugnação que hora se responde.

17.      Veja-se que impugnante pretende utilizar as supostas "*fraudes cometidas pelos Impugnados e seus advogados*" para afastar o benefício da gratuidade de justiça solicitada pelos impugnados, argumentando para tanto que "*o povo brasileiro não deve custear ação que visa a homologação de sentença que foi exarada como resultados de atos que, de acordo com corte norte-americanas, foram maculados por fraudes cometidas pelos Impugnados e seus advogados*" (fls. 04).

Documento eletrônico e-Pet nº 1083599 com assinatura digital
Signatário(a): ANDRE LUIZ SOUZA DA SILVEIRA:52872157115 NºSérie Certificado: 59969861844135100752553324099019158213
Id Carimbo de Tempo: 239885 Data e Hora: 06/04/2015 22:10:46hs

Petição Eletrônica juntada ao processo em 07/04/2015 às 09:56:57 pelo usuário: LAURA CUNHA DE ALENCAR

18.        Muito por óbvio o pedido não é embasado por qualquer dispositivo legal ou entendimento jurisprudencial, uma vez que a existência ou inexistência de fraude processual ── já longa e profundamente debatida nos autos do pedido de homologação ── não guarda qualquer relação com concessão ou não do pedido de gratuidade de justiça.

19.        Sobre este ponto os impugnados se limitarão a afirmar que inexistiu qualquer fraude processual, remetendo os eminentes ministros dessa e. Corte à sua réplica apresentada nos autos da SEC n° 8.542 onde cada uma das acusações de fraude feitas pela CHEVRON CORPORATION é rebatida de forma sucinta e objetiva. Mais não podem falar os impugnados, até mesmo porque não se compreende qual seria a relevância deste argumento para a discussão travada nos autos da impugnação à gratuidade de justiça.

20.        Quanto à afirmação de que "*os impugnados têm recebido volumosos recursos de fundos de investimentos e outros investidores para financiar essa sofisticada e complexa saga perpetrada contra a Impugnante*", nenhuma negativa é cabível.

21.        De fato aos impugnados não resta alternativa senão recorrer a terceiros para financiar a dispendiosa batalha contra eles travada pela CHEVRON CORPORATION em cortes de todo o mundo. Em certas ocasiões, quando se deparam com situações em que o pagamento de custas ou taxas judiciais é imprescindível ── o que não ocorre no caso do processo de homologação de sentença estrangeira ──, os impugnados buscam financiamentos externos, uma vez que de fato não dispõem de verba para custear os procedimentos.

22.        É óbvio que a obtenção desses recursos prejudica, em muito, a subsistência e o sustento dos impugnados que vivem em condições muito precárias e mantém essa luta por uma questão de sobrevivência e reparo dos prejuízos causados ao meio ambiente da

Petição Eletrônica juntada ao processo em 07/04/2015 as 09:56:57 pelo usuário: LAURA CUNHA DE ALENCAR

Documento eletrônico e-Pet n° 1083599 com assinatura digital
Signatário(a):  ANDRE LUIZ SOUZA DA SILVEIRA:52872157115 N°Série Certificado: 599698618441351007525533240990019158213
Id Carimbo de Tempo: 239885 Data e Hora: 06/04/2015 22:10:46hs

STJ Petição Eletrônica (PET) 00126547/2015 recebida em 06/04/2015 22:10:45

10

região onde vivem, valendo lembrar que a lei brasileira não exige que a pessoa não tenha recursos ou capacidade de obtê-los para conceder o benefício da gratuidade de justiça; para efeitos da lei basta que a pessoa não tenha condições de arcar com as custas judiciais sem o prejuízo sem prejuízo do sustento próprio ou da sua família, o que claramente é o caso dos autos.

23.      Acostumados com a prática norte-americana de sufocar os litigantes hipossuficientes até que desistam da ação e firmem um acordo nada vantajoso ou conveniente, a CHEVRON CORPORATION se vale de todos os expedientes ao seu alcance para sangrar os ora impugnados, forçando-os a busca de financiamentos que permitam a sua sobrevivência na luta que já dura mais de duas décadas.

24.      Sobre a referida e costumeira prática referida acima, assim a diagnosticou Richard L. Marcus:

> "Sendo ou não verdade que a orientação procedimental estadunidense tende à demora, é certo que pode acarretar custos mais elevados na sua ânsia de aplicar uma justiça perfeita. (…) O custo de litígio nos Estados Unidos é, portanto, uma questão de importância duradoura. (…) São frequentes as reclamações de que o sistema estadunidense resulta numa situação em que acordos com valores expressivos, são mais baratos que o custo alto de litígio."[3]

25.      A contratação de "escritórios de advocacia de elite" pelos impugnados, por sua vez, se viabiliza com o acordo de pagamento de honorários de êxito.

---

[3] Tradução livre. Versão original: "Whether or not the orientation of American procedure has tended toward delay, it certainly could lead to heightened costs in its aspiration to do perfect justice. (…)  The cost of American litigation is hence a matter of enduring importance. (…) Repeatedly, there have been complaints that the American system makes substantial settlements cheaper than the large cost of litigating." (MARCUS, Richard L., Malaise of the Litigation Superpower in Civil Justice in Crisis: Comparative Perspectives of Civil Procedure, Edited by Adrian Zuckerman, Oxford University Press, 1999, pp. 92/93)

Documento eletrônico e-Pet nº 1083599 com assinatura digital
Signatário(a):  ANDRE LUIZ SOUZA DA SILVEIRA:52872157115 NºSérie Certificado: 59969861844135100752553324099019158213
Id Carimbo de Tempo: 239885 Data e Hora: 06/04/2015 22:10:46hs

Petição Eletrônica juntada ao processo em 07/04/2015 às 09:56:57 pelo usuário: LAURA CUNHA DE ALENCAR

STJ Petição Eletrônica (PET) 00126547/2015 recebida em 06/04/2015 22:10:45

11

26.          Com relação ao Escritório de Advocacia Sergio Bermudes, a contratação se deu única e exclusivamente com base no êxito, não tendo os patronos dos impugnados percebido qualquer remuneração pela sua atuação nos autos até o presente momento.

27.          Esclareça-se que a cobrança no valor de US$ 40 mil juntada aos autos pela impugnante se refere ao reembolso de despesas adiantadas pelo escritório para a tradução juramentada dos documentos que acompanharam a petição inicial do pedido de homologação de sentença estrangeira e outros custos que não estão cobertos pela gratuidade de justiça, não sendo nenhuma parte deste valor referente a honorários advocatícios.

28.          Independentemente das explicações ora expostas e do valor já despendido pelos impugnados para tentar valer o seu direito ao redor do mundo, obtido licitamente através de financiamentos de terceiros, é inegável que os próprios impugnados não dispõem de meios para arcar com todas as despesas processuais, motivo pelo qual lhes deve ser concedido o benefício da gratuidade de justiça.

*     *     *

29.          Por todo o exposto, considerando que o benefício da gratuidade de justiça foi concedido no Equador e que o pagamento de despesas processuais pelos impugnados claramente lhes causaria prejuízo ao sustento próprio e de suas famílias, confiam em que será desprovida a impugnação à gratuidade de justiça ora respondida, concedendo-se aos impugnados o benefício já reconhecido pela justiça equatoriana.

30.          Protestam pela produção de todas as provas em direito admitidas e também pela posterior juntada da tradução juramentada dos documentos apresentados em língua estrangeira.

Petição Eletrônica juntada ao processo em 07/04/2015 às 09:56:57 pelo usuário: LAURA CUNHA DE ALENCAR

Documento eletrônico e-Pet nº 1083599 com assinatura digital
Signatário(a): ANDRE LUIZ SOUZA DA SILVEIRA:52872157115 NºSérie Certificado: 5996986184413510075255332409901915821³
Id Carimbo de Tempo: 239885 Data e Hora: 06/04/2015 22:10:46hs

12

31.     Por fim, declaram que os seus advogados recebem intimações no Distrito Federal, no endereço constante do timbre.

Nestes termos,
P. deferimento.
Brasília, 6 de abril de 2015

Sergio Bermudes
OAB/DF 2.192-A

Marcio Vieira Souto Costa Ferreira
OAB/RJ 59.384

Fabiano Robalinho Cavalcanti
OAB/RJ 95.237

Caetano Berenguer
OAB/RJ 135.124

André Silveira
OAB/DF 16.379

Antonia de Araujo Lima
OAB/RJ 171.377

T:\AAL\AFECTADOS VS. CHEVRON - RESPOSTA IMPUGNAÇÃO GRATUIDADE JUSTIÇA VF.DOC

Documento eletrônico e-Pet nº 1083599 com assinatura digital
Signatário(a): ANDRE LUIZ SOUZA DA SILVEIRA:52872157115 NºSérie Certificado: 5996986184413510075255332409901915821 3
Id Carimbo de Tempo: 239885 Data e Hora: 06/04/2015 22:10:46hs