# EXHIBIT 67

IN THE CIRCUIT COURT IN AND FOR
DUVAL COUNTY, FLORIDA
PROBATE DIVISION

CASE NO.: 89-1102-CP
DIVISION: PR-A

IN RE:   ESTATE OF

LEON DONZIGER,

Deceased

---

### STEVEN DONZIGER'S DEFENSES TO THE MOTION TO APPROVE ACCOUNTING FEES, ATTORNEYS' FEE APPLICATION, AND PETITION FOR TRUSTEE FEE

COMES NOW, Petitioner, Steven Donziger, beneficiary of the Leon S. Donziger Family Trust (hereinafter the "Trust"), by and through the undersigned counsel, and files his Defenses to the Motion to Approve Accounting Fees, Attorneys' Fee Application, and Petition for Trustee Fee, and states:

### DEFENSE ONE

Michael Schneider became the Trustee only as the result of an amendment to the Trust. The Trust was procured through a consent document containing the forged signature of Steven Donziger. This amendment was a fraud upon the Court and it *void ab initio*. Without the fraud upon the Court, there would be no trustee as all Trust assets should have been distributed to Steven Donziger.

### DEFENSE TWO

Due to the fraud upon the Court, at the time Michael Schneider purportedly served as Trustee, the Trust did not exist by its own terms as Steven Donziger was the sole beneficiary upon the death of his father, Michael Donziger. Michael Schneider is claiming fees for services rendered after Michael Donziger's death.

## DEFENSE THREE

Steven Donziger was an innocent party to the fraud and should not be required to pay for services that arose from the fraud upon the Court.

## DEFENSE FOUR

Due to the fraud upon the Court, at the time that Michael Schneider employed the legal services of Charles Pillans, III, Esquire, Michael Schneider was not legally acting as the Trustee as the Trust no longer existed by its own terms upon the death of Michael Donziger. Charles Pillans, III is claiming fees for services allegedly rendered to the Trust after Michael Donziger's death.

## DEFENSE FIVE

Due to the fraud upon the Court, at the time that Michael Schneider employed the accounting services of Jim Lipham, Michael Schneider was not legally acting as the Trustee.

## DEFENSE SIX

Due to the fraud upon the Court, at the time that Michael Schneider employed the accounting services of Jim Lipham, the Trust did not exist by its own terms. Steven Donziger was the sole beneficiary upon the death of his father, Michael Donziger. Jim Lipham is claiming fees for services allegedly rendered to the Trust after Michael Donziger's death.

## DEFENSE SEVEN

Accounting fees requested by Jim Lipham relating to any work performed with respect to the opinion that the undistributed income belonged to the Estate of Michael Donziger should not be paid by the assets of the Trust as this advice was not correct.

## DEFENSE EIGHT

After Michael Schneider became aware of the fraud upon the Court thereby rendering the amendment void *ab initio*, he then sought legal counsel to advise him of, *inter alia*, the conflicts of interest involved in being the trustee, attorney for the estate, and attorney for Michael Donziger. As the amendment was void *ab initio*, Michael Schneider was not legally acting as Trustee and did not have the right to retain legal counsel on his own behalf as Trustee.

## DEFENSE NINE

Prior to retaining legal counsel, Mr. Schneider offered to step down as trustee as repeatedly requested by Steven Donziger, but then refused to do so for two (2) months and instead hired legal counsel and charged the Trust. Steven Donziger is not required to pay for attorney's fees that arose from a fraud upon the Court and additionally, when Mr. Schneider had been repeatedly asked to step down as trustee as a result of the fraud upon the Court.

## DEFENSE TEN

Michael Schneider was only acting as the Trustee as a result of a fraud upon the Court. Michael Schneider was not legally acting as the Trustee, he had no authority to retain legal counsel, especially since the Trust no longer existed after the death of Michael Donziger and Mr. Schneider was aware there was a fraud upon the Court. It was the duty of Mr. Schneider to step down as Trustee.

## DEFENSE ELEVEN

The fees being sought in the motions/petition are not reasonable.

## DEFENSE TWELVE

Respondent requests all costs associated with the defense of this claim.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to Charles Pillans, III, Esquire via electronic service at cpp@bedellfirm.com this 25th day of February 2013.

FORD, MILLER & WAINER, P.A.

P. CAMPBELL FORD, ESQUIRE
Florida Bar No.: 0480495
ford@fordmiller.com
servicefmw@fordmiller.com
1835 N. Third Street
Jacksonville Beach, Florida 32250
Telephone: (904) 390-1970
Facsimile: (904) 390-1975
Attorney for Steven Donziger