# EXHIBIT 87

# COURT OF APPEAL FOR ONTARIO

CITATION: Yaiguaje v. Chevron Corporation, 2017 ONCA 827
DATE: 20171031
DOCKET: M48342 (C63309 and C63310)

Hoy A.C.J.O., Cronk and Hourigan JJ.A.

BETWEEN

Daniel Carlos Lusitande Yaiguaje, Benancio Fredy Chimbo Grefa, Miguel Mario Payaguaje Payaguaje, Teodoro Gonzalo Piaguaje Payaguaje, Simon Lusitande Yaiguaje, Armando Wilmer Piaguaje Payaguaje, Angel Justino Piaguaje Lucitante, Javier Piaguaje Payaguaje, Fermin Piaguaje, Luis Agustin Payaguaje Piaguaje, Emilio Martin Lusitande Yaiguaje, Reinaldo Lusitande Yaiguaje, Maria Victoria Aguinda Salazar, Carlos Grefa Huatatoca, Catalina Antonia Aguinda Salazar, Lidia Alexandria Aguinda Aguinda, Clide Ramiro Aguinda Aguinda, Luis Armando Chimbo Yumbo, Beatriz Mercedes Grefa Tanguila, Lucio Enrique Grefa Tanguila, Patricio Wilson Aguinda Aguinda, Patricio Alberto Chimbo Yumbo, Segundo Angel Amanta Milan, Francisco Matias Alvarado Yumbo, Olga Gloria Grefa Cerda, Narcisa Aida Tanguila Narvaez, Bertha Antonia Yumbo Tanguila, Gloria Lucrecia Tanguila Grefa, Francisco Victor Tanguila Grefa, Rosa Teresa Chimbo Tanguila, Maria Clelia Reascos Revelo, Heleodoro Pataron Guaraca, Celia Irene Viveros Cusangua, Lorenzo Jose Alvarado Yumbo, Francisco Alvarado Yumbo, Jose Gabriel Revelo Llore, Luisa Delia Tanguila Narvaez, Jose Miguel Ipiales Chicaiza, Hugo Gerardo Camacho Naranjo, Maria Magdalena Rodriguez Barcenes, Elias Roberto Piyahuaje Payahuaje, Lourdes Beatriz Chimbo Tanguila, Octavio Ismael Cordova Huanca, Maria Hortencia Viveros Cusangua, Guillermo Vincente Payaguaje Lusitande, Alfredo Donaldo Payaguaje Payaguaje and Delfin Leonidas Payaguaje Payaguaje

Plaintiffs (Appellants)

and

Chevron Corporation, Chevron Canada Limited and Chevron Canada Finance Limited

Defendants (Respondents)

Page: 2

Alan Lenczner, Brendan Morrison, Kirk Baert and Celeste Poltak, for the appellants (see Schedule I)

Peter Grant, for the appellants (see Schedule II)[1]

Benjamin Zarnett, for the respondent Chevron Canada

Larry Lowenstein, for the respondent Chevron Corporation

Heard: October 11, 2017

On motion to vary the security for costs order of the motion judge, dated September 21, 2017, with reasons reported at 2017 ONCA 741.

## REASONS FOR DECISION

### Introduction

[1]     The appellants bring a motion to vary the order of the motion judge requiring them to post $942,951 as security for costs of the proceeding and the appeals in *Yaiguaje v. Chevron Corporation* (C63309 and C63310), both now pending in this court, prior to the hearing of the appeals.

[2]     For the reasons that follow, we grant the motion and vacate the order of the motion judge.

---

[1] Mr. Grant filed a Notice of Change of Lawyers on October 5, 2017. He purported to represent 10 of the 47 representative plaintiffs and sought to make brief oral submissions to supplement those of Mr. Lenczner. As an indulgence, the court permitted him to do so, without determining that a sub-group of representative plaintiffs, all of who advance the same claim, can be represented by different counsel.

## Facts

[3]     The dispute among the parties has a long and complex history.  For present purposes, the following brief factual summary provides sufficient context.

[4]     The appellants are residents of Ecuador who hold a judgment of US$9.5 billion against Chevron Corporation obtained in 2011.  The judgment was the result of a claim for environmental damage that the appellants allege was caused by Texaco Inc., a company that later merged with Chevron Corporation.  The appellants are representative plaintiffs for approximately 30,000 indigenous Ecuadorian villagers who have been affected by the environmental pollution.

[5]     The appellants first commenced proceedings against Texaco Inc. in 1993 in New York. That proceeding was eventually dismissed on *forum non conveniens* and international comity grounds. The decision was upheld on appeal, in part, because Texaco Inc. had agreed to submit to the jurisdiction of the Ecuadorian courts.

[6]     The appellants commenced proceedings against Chevron Corporation in Ecuador in 2003. By then, Texaco Inc. had merged with Chevron Corporation.  It was in that proceeding that the appellants obtained their judgment. Chevron Corporation has resisted enforcement of the judgment in courts around the world on the basis of the assertion, among others, that the judgment was obtained by fraud.

Page:  4

[7]     In 2012, the appellants commenced an action in the Ontario Superior Court of Justice for the recognition and enforcement of the Ecuadorian judgment against Chevron Corporation and Chevron Canada, a seventh level, indirect subsidiary of Chevron Corporation.

[8]     In the Ontario proceeding, Chevron Corporation and Chevron Canada challenged the jurisdiction of the Superior Court of Justice to recognize and enforce the Ecuadorian judgment.   Justice David Brown (as he then was) dismissed that motion and concluded that the Ontario court had jurisdiction to recognize and enforce the judgment against these defendants. However, Brown J. also concluded that this was an appropriate case in which to exercise the court's power to stay the proceedings pursuant to s. 106 of the *Courts of Justice Act,* R.S.O. 1990, c. C.43.

[9]     This court overruled the imposition of the stay and upheld the decision on the jurisdictional issue: *Yaiguaje v. Chevron Corporation,* 2013 ONCA 758. The Supreme Court of Canada affirmed this court's decision with respect to the Ontario court's jurisdiction: *Chevron Corporation v. Yaiguaje,* 2015 SCC 42*.*

[10]   Following the Supreme Court's decision, Chevron Corporation and Chevron Canada filed defences in the action. The defences raised by Chevron Corporation include that the Ecuadorian judgment cannot be recognized or enforced in Ontario

Page:  5

because, as the United States District Court for the Southern District of New York found in 2014, it was obtained by fraudulent means. [2]

[11]   Chevron Corporation and Chevron Canada then moved for summary judgment, submitting that the shares and assets of Chevron Canada are not exigible pursuant to the *Execution Act,* R.S.O. 1990, c. E.24 and that there is no basis to pierce the corporate veils between Chevron Canada and its indirect parent Chevron Corporation so that Chevron Canada's shares and assets become available to satisfy the Ecuadorian judgment against Chevron Corporation. Justice Glenn Hainey accepted these submissions, granted summary judgment in favour of Chevron Corporation and Chevron Canada, and dismissed the plaintiffs' claim against Chevron Canada: *Yaiguaje v. Chevron Corporation*, 2015 ONSC 135.

[12]   The appellants have appealed the order of Hainey J. to this court, and Chevron Corporation and Chevron Canada brought a motion for security for costs of the proceeding and the appeals.

[13]   Whether the Ecuadorian judgment can or should be recognized or enforced in Ontario remains to be determined.

---

[2] As the motion judge noted, the decision f the United States District Court for the Southern District of New York was upheld by the United States Court of Appeal for the Second Circuit, and the Supreme Court declined to grant *certiorari* for a further appeal.

Page: 6

**Decision of the Motion Judge**

[14]   The motion judge granted the motion and ordered security for costs be posted before the appeals could be heard.

[15]   In so ruling, the motion judge found that the appellants had not established that they were impecunious or that third party litigation funding was unavailable. Because she found that impecuniosity had not been established, the motion judge ruled that the appellants had to demonstrate that their claim has a good chance of success. On a review of the merits of the claim, she found that the appellants had not met that onus.

[16]   The motion judge went on to reject the appellants' other submissions, including that the order should not be made on the basis that this is an action for the enforcement of a foreign judgment or because it is essentially a class proceeding.

**Analysis**

**(i)      Standard of Review**

[17]   Chevron Corporation and Chevron Canada relied on rules 61.06(1)(b) and 56.01(1)(a) of the *Rules of Civil Procedure*, R.R.O 1990, Reg. 194, in support of their motion for security for costs. In an appeal, rule 61.06(1)(b) authorizes this court to make such an order for security for costs of the proceeding and the appeal "as is just" where an order for costs could be made under r. 56.01.

Page:  7

[18]   Rule 61.06 is permissive, not mandatory. In an appeal, there is no entitlement as of right to an order for security for costs. Even where the requirements of the rule have been met, a motion judge has discretion to refuse to make the order: *Pickard v. London Police Services Board*, 2010 ONCA 643, 268 O.A.C. 153, at para. 17.

[19]   In determining whether an order should be made for security for costs, the "overarching principle to be applied to all the circumstances is the justness of the order sought": *Pickard,* at para. 17 and *Ravenda Homes Ltd. v. 1372708 Ontario Inc.*, 2017 ONCA 556, at para. 4.

[20]   The appellants move pursuant to s. 7(5) of *Courts of Justice Act* to review and vary the motion judge's order. In fact, although the motion uses the term "vary", they ask the court to set aside the order. No evidence of change in circumstances was tendered. The appellants acknowledge that the impugned order was discretionary. Therefore, the motion judge's decision is afforded deference: *DeMarco v. Nicoletti,* 2017 ONCA 417, at para. 3.

[21]   The appellants raise numerous grounds in support of their motion. For present purposes, it is only necessary to consider one: whether the motion judge erred in principle in determining the justness of the order sought. An error in principle is one of the bases on which this court may interfere with a discretionary order: *DeMarco*, at para.3.

Page:  8

[22]   In deciding motions for security for costs judges are obliged to first consider the specific provisions of the Rules governing those motions and then effectively to take a step back and consider the justness of the order sought in all the circumstances of the case, with the interests of justice at the forefront. While the motion judge concluded that an order for security for costs would be just, with respect, she failed to undertake the second part of that analysis. The failure to consider all the circumstances of the case and conduct a holistic analysis of the critical overarching principle on the motion before her constitutes an error in principle. It therefore falls to this panel to conduct the necessary analysis of the justness of the order sought.

**(ii)   Justness of the Order**

[23]   The Rules explicitly provide that an order for security for costs should only be made where the justness of the case demands it. Courts must be vigilant to ensure an order that is designed to be protective in nature is not used as a litigation tactic to prevent a case from being heard on its merits, even in circumstances where the other provisions of rr. 56 or 61 have been met.

[24]   Courts in Ontario have attempted to articulate the factors to be considered in determining the justness of security for costs orders. They have identified such factors as the merits of the claim, delay in bringing the motion, the impact of actionable conduct by the defendants on the available assets of the plaintiffs,

Page:  9

access to justice concerns, and the public importance of the litigation.  See: *Hallum v. Canadian Memorial Chiropractic College* (1989), 70 O.R. (2d) 119 (H.C.); *Morton v. Canada (Attorney General)* (2005), 75 O.R. (3d) 63 (S.C.); *Cigar500.com Inc. v. Ashton Distributors Inc.* (2009), 99 O.R. (3d) 55 (S.C.); *Wang v. Li*, 2011 ONSC 4477 (S.C.); and *Brown v. Hudson's Bay Co.,* 2014 ONSC 1065, 318 O.A.C. 12 (Div. Ct.).

[25]   While this case law is of some assistance, each case must be considered on its own facts. It is neither helpful nor just to compose a static list of factors to be used in all cases in determining the justness of a security for costs order. There is no utility in imposing rigid criteria on top of the criteria already provided for in the Rules. The correct approach is for the court to consider the justness of the order holistically, examining all the circumstances of the case and guided by the overriding interests of justice to determine whether it is just that the order be made.

[26]   Having undertaken that analysis, we conclude that the unique factual circumstances of this case compel the conclusion that the interests of justice require that no order for security for costs be made.  To conclude otherwise, in our view, would result in an unjust order for security for costs. The pertinent circumstances include the following:

(a) The appellants are seeking to enforce a judgment in which they have no direct economic interest. Funds collected on the judgment will be paid into a

Page:  10

trust and net funds are to be used for environmental rehabilitation or health care purposes. This is public interest litigation.

(b) Although there was no direct evidence of impecuniosity before the motion judge, it would be highly impractical to obtain this evidence from the representative plaintiffs, let alone the 30,000 people who would indirectly benefit from the enforcement of the judgment. There can be no doubt that the environmental devastation to the appellants' lands has severely hampered their ability to earn a livelihood. If we accept the findings that underlie the Ecuadorian judgment – findings that have not yet been undermined in our courts – Texaco Inc. contributed to the appellants' misfortune.

(c) In contrast to the position of the appellants, Chevron Corporation and Chevron Canada have annual gross revenues in the billions of dollars. It is difficult to believe that either of these two corporations, which form part of a global conglomerate with approximately 1,500 subsidiaries, require protection for cost awards that amount or could amount to a miniscule fraction of their annual revenues.

(d) While the question whether the Ecuadorian plaintiffs have third party litigation funding available to them was left unanswered, there should be no bright line rule that a litigant must establish that such funding is unavailable to successfully resist a motion in an appeal for security for costs. This is especially

Page:  11

so in this case, where counsel for the appellants has advised the court he is operating under a contingency arrangement and where there is evidence that Chevron Corporation has sued some of the appellants' former third party funders, and the funders withdrew their financial support.

(e) It cannot be said, at this stage, that this is a case that is wholly devoid of merit. The motion judge herself acknowledged, at para. 51 of her reasons, that it might be possible to establish that Chevron Canada's shares are exigible under the *Execution Act*.

(f) There is no doubt that the legal arguments asserted by the appellants are innovative and untested, especially with regard to piercing the corporate veil. But this does not foreclose the possibility that one or more of them may eventually prevail. That is how the common law evolves. Innovative or novel arguments are made and the law develops, either gradually or in leaps and bounds. For obvious reasons, substantive changes in the law usually take place in our intermediate appeal courts and at the Supreme Court. Lower courts are often bound by precedent that restrains them from changing the common law. It is hardly just that potential advancements in or restatements of the law be thwarted for procedural or tactical reasons.

(g) The history of this litigation, which has been ongoing for almost twenty-five years, makes clear that Chevron Corporation has and, it may be anticipated,

Page:  12

will employ all available means to resist enforcement of the Ecuadorian judgment. This, of course, is within its rights. However, this reality makes it difficult to accept that the motion for security for costs was anything more than a measure intended to bring an end to the litigation.

**Disposition**

[27]   For all these reasons, the motion is granted and the order of the motion judge requiring the appellants to post security for costs and pay costs of the motion for security for costs is set aside.

[28]   The appellants are entitled to their costs of the motion for security for costs and this motion in the agreed all-inclusive sums of $4,000 and $7,500, respectively, payable by Chevron Corporation and Chevron Canada.

Page:  13

## SCHEDULE I
### LENCZNER SLAGHT ROYCE SMITH GRIFFIN LLP/ KOSKIE MINSKY LLP
37 plaintiffs

Daniel Carlos Lusitande Yaiguaje
Benancio Fredy Chimbo Grefa
Miguel Mario Payaguaje Payaguaje
Teodoro Gonzalo Piaguaje Payaguaje
Simon Lusitande Yaiguaje
Armando Wilmer Piaguaje Payaguaje
Angel Justino Piaguaje Lucitante
Javier Piaguaje Payaguaje
Fermin Piaguaje
Luis Agustin Payaguaje Piaguaje
Emilio Martin Lusitande Yaiguaje
Reinaldo Lusitande Yaiguaje
Maria Victoria Aguinda Salazar
Carlos Grefa Huatatoca
Catalina Antonia Aguinda Salazar
Lidia Alexandria Aguinda Aguinda
Clide Ramiro Aguinda Aguinda
Luis Armando Chimbo Yumbo
Beatriz Mercedes Grefa Tanguila
Lucio Enrique Grefa Tanguila
Patricio Wilson Aguinda Aguinda
Patricio Alberto Chimbo Yumbo
Francisco matias Alvarado Yumbo
Olga Gloria Grefa Cerda
Narcisa Aida Tanguila Narvaez
Bertha Antonia Yumbo Tanguila
Gloria Lucrecia Tanguila Grefa
Celia Irene Viveros Cusangua
Lorenzo Jose Alvarado Yumbo
Francisco Alvarado Yumbo
Luisa Delia Tanguila Narvaez
Elias Roberto Piyahuaje Payahuaje
Lourdes Beatriz Chimbo Tanguila
Octavio Ismael Cordova Huanca
Guillermo Vincente Payaguaje Lusitande
Alfredo Donaldo Payaguaje Payaguaje
Delfin Leonidas Payaguaje Payaguaje

Page:  14

### SCHEDULE II
GRANT HUBERMAN BARRISTERS & SOLICITORS
10 plaintiffs (as per Notice of Change of October 4, 2017)

Segundo Angel Amanta Milan
Heleodoro Pataron Guaraca
Hugo Gerardo Camacho Naranjo
Maria Clelia Reascos Revelo
Maria Magdalena Rodriguez Barcenes
Francisco Victor Tanguila Grefa
Rosa Teressa Chimbo Tanguila
Maria Hortencia Viveros Cusangua
Jose Gabriel Revelo Llore
Jose Miguel Ipiales Chicaiza