STEVEN R. DONZIGER, ESQ.

245 WEST 104TH STREET, SUITE 7D
NEW YORK, NEW YORK 10025

212-570-4499 (O)
917-566-2526 (CELL)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-9-18

**MEMO ENDORSED**

Without necessarily accepting the accuracy of any part of this letter, Mr. Donziger's time to respond to the contempt motion is extended until October 31, 2019.

SO ORDERED
/s/ Lewis A. Kaplan
LEWIS A. KAPLAN, USDJ
10/9/18

October 5, 2018

**VIA ECF**

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

RE: *Chevron v. Donziger*, Case No. 11 Civ. 691 (LAK)

Dear Judge Kaplan:

I write for two reasons. First, I wish to inform the Court that I am re-executing the Amazon shares transfer document per the Court's order. As seen in my email correspondence with Chevron counsel, I believed I was in compliance with the Court's order on that point as I had already executed and notarized the document in May of this year. Chevron counsel did not adequately explain, or at least I did not understand, why re-executing the document was necessary. In any event, I have re-executed and notarized the document for delivery to Chevron.

Second, I have just finished reviewing Chevron's latest motion to hold me in contempt— by my count, the tenth such motion filed against me by adversary counsel. This is a voluminous 46-page motion, supported by four detailed factual and legal declarations and hundreds of exhibits. Obviously, the motion represents a significant amount of work that likely took hundreds of hours by numerous attorneys at Gibson Dunn to assemble. I am tasked with countering it *pro se*, with the limited support and assistance I can muster, much of it *pro bono*. I also need to counter the motion—which is brimming with falsehoods, well-crafted distortions, and attacks on my character—while simultaneously representing myself *pro se* in ongoing discovery in this case (*e.g.*, I had to spend almost an entire day last week defending the deposition of Ms. Sullivan), preparing for a critical upcoming post-suspension hearing under the auspices of the Appellate Division of the New York Supreme Court, filing appeals briefs currently due on October 19 and November 9, and attending to my multifaceted (and entirely legitimate) work with my clients in Ecuador who still are suffering the deepening effects of the public health crisis in which they live due to oil pollution and environmental contamination.

Accordingly, I respectfully request an extension to respond to Chevron's contempt motion to November 21, 2018. The extension is absolutely necessary to preserve my ability to defend myself from Chevron's vigorous attack, which it has been preparing for months if not years. Moreover, Chevron is in the midst of a new round of intensive discovery purportedly in support of its motion