**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Randy M. Mastro
Direct: +1 212.351.3825
Fax: +1 212.351.5219
RMastro@gibsondunn.com

October 17, 2018

<u>VIA ECF</u>

The Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, 10007

Re:   *Chevron Corp. v. Donziger*, No. 11 Civ. 0691 (LAK)

Dear Judge Kaplan:

I write as counsel for Plaintiff Chevron Corporation ("Chevron") to request permission to file unredacted, unsealed versions of materials filed under seal in connection with Chevron's Motion to Hold Steven Donziger, The Law Offices of Steven R. Donziger, and Donziger Associates PLLC in Contempt of Court for Their Failure to Comply with the RICO and Default Judgments and the April 16, 2018 Restraining Notice (Dkt. 2089-2094). We also request permission to file unredacted and unsealed versions of materials filed under seal in opposition to Katie Sullivan's letter motion for a protective order (Dkts. 2065-3 & 2065-7).

Chevron initially sought to file these materials under temporary seal as required by the Protective Order because they consisted of or reflected documents produced by Sullivan that Donziger had indiscriminately designated "confidential." This Court granted the requests for temporary sealing on August 14, 2018 and October 3, 2018, respectively. Dkts. 2069, 2096. Sullivan has now withdrawn all confidentiality designations applicable to her documents. Donziger has failed to make any attempt to substantiate the confidentiality of these materials within seven days of their filing as required by Paragraph 19 of the Protective Order, which provides that the designating party "shall have at least seven (7) days to submit a declaration explaining why the Information should remain under seal." Fourteen days have passed since Chevron filed the contempt motion under seal, and several months have passed since it filed its opposition to Sullivan's motion for a protective order, but Donziger has not submitted a declaration to explain why any of these materials should remain under seal. Nor has he provided any justification in meet-and-confer correspondence with Chevron for his blanket designation of Sullivan's entire production as confidential. Ex. A.

Accordingly, Donziger has waived any confidentiality that might have applied to the specific documents filed under seal with Chevron's motion and opposition referenced above. Even if Donziger had not, however, the documents still are not confidential for the reasons set forth in the contemporaneously filed motion to strike confidentiality designations as to all other

GIBSON DUNN

October 17, 2018
Page 2

documents produced by Katie Sullivan in response to Chevron's subpoena issued in this action.[1]

As always, we appreciate Your Honor's consideration.

Sincerely,

*/s/ Randy M. Mastro*
Randy M. Mastro

---

[1] Chevron's unsealed filings would retain any redactions required to comply with the privacy protections of Federal Rule of Civil Procedure 5.2(a), including social security numbers and bank account numbers.

GIBSON DUNN