UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**MEMO ENDORSED**

------------------------------------x
:
CHEVRON CORPORATION,           :
:
Plaintiff,           :
:
v.                             :    11 Civ. 0691 (LAK)
:
STEVEN DONZIGER, et al.,       :
:
Defendants.          :
:
------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/18/2018

# CHEVRON CORPORATION'S SECOND MOTION TO COMPEL DONZIGER TO RESPOND TO POST-JUDGMENT DISCOVERY REQUESTS

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

STERN, KILCULLEN & RUFOLO LLC
325 Columbia Tpke, Ste 110
P.O. Box 992
Florham Park, New Jersey 07932-0992
Telephone: 973.535.1900
Facsimile: 973.535.9664

*Attorneys for Plaintiff Chevron Corporation*

i

Memorandum Endorsement                          Chevron Corp. v. Donziger, 11-cv-691 (LAK)

Chevron moves again to compel Donziger to respond to post-judgment discovery requests. It asserts that he has (1) withheld responsive documents on the basis of scope and purported First Amendment objections that the Court already has rejected, unsubstantiated privilege claims, and a supposed lack of resources, (2) refused to answer dozens of questions at his deposition, (3) failed to provide substantive responses to Chevron's Information Requests, (4) concealed the existence of and failed to produce documents from a TD Bank account reflecting payments of hundreds of thousands of dollars to him and alleged co-conspirators, and (5) admittedly failed to make a reasonable search for documents responsive to Chevron's requests and withheld "a few hundred pages" of other responsive documents. Donziger's response essentially is that he has appealed earlier orders in this case and that he should not be required to comply with these discovery requests.

The short answer to Donziger's position is that this Court ordered Donziger to respond to certain of Chevron's discovery requests by August 15, 2018. (DI 2056) That order remains in effect and has not been stayed. Donziger is obliged to comply with it in each and every respect on pain of contempt.

Without limiting the generality of the foregoing, it is further

ORDERED, that Chevron's motion is granted in its entirety. Without limiting the generality of the foregoing, it is further

ORDERED, as follows:

1. As Donziger has failed to comply with Fed. R. Civ. P. 26(b)(5) and S.D.N.Y. Civ. R. 26.2 – and as (a) this is not the first time that he has ignored the requirements of those rules, *e.g.*, *In re Chevron Corp.*, 749 F. Supp. 2d 170 (S.D.N.Y. 2010), *aff'd sub nom. Lago Agrio Plaintiffs v. Chevron Corp.*, 409 Fed. App'x 393 (2d Cir. 2010), and (b) Donziger failed to comply even after Chevron asserted that his prior failure should result in waiver of any otherwise applicable privileges – the Court holds that Donziger has waived or forfeited any claim of privilege to responsive documents and information that otherwise might have applied. Accordingly, Donziger shall comply fully with the outstanding discovery requests forthwith without withholding any responsive documents or information on privilege grounds.

2. Donziger shall appear for and respond to questions at a further deposition on a date to be agreed upon in writing by the parties or, failing such an agreement on or before October 25, 2018, on a date to be fixed by the Court.

3. Given Donziger's stonewalling of post-judgment discovery and the other circumstances described in Chevron's memorandum, it is appropriate that Donziger's electronic devices be imaged and examined for any responsive documents that Donziger has not thus far produced under appropriate safeguards of the interests of all parties. The parties, on or before October 26, 2018, shall agree upon or, in default of an agreement, notice for settlement an order

providing for the selection, compensation and precise duties of a third party to whom Donziger will be obliged to produce for forensic imaging all computers and electronic, optical and magnetic storage devices and media within his possession, custody or control (a "Third Party"). Any such Third Party, at a minimum, will be obliged to retain any forensic images in confidence pending further order of the Court.

SO ORDERED.

Dated:     October 18, 2018

_____
Lewis A. Kaplan
United States District Judge