UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CHEVRON CORPORATION,  :
:
Plaintiff,  :
:
v.  :     11 Civ. 0691 (LAK)
:
STEVEN DONZIGER, et al.,  :
:
:
Defendants.  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DECLARATION OF ANNE CHAMPION IN SUPPORT OF CHEVRON CORPORATION'S MOTION TO HOLD STEVEN DONZIGER IN CONTEMPT OF COURT FOR HIS FAILURE TO COMPLY WITH THE RICO AND DEFAULT JUDGMENTS AND THE APRIL 16, 2018 RESTRAINING NOTICE

I, ANNE CHAMPION, hereby declare under penalty of perjury pursuant to 28 U.S.C.

§ 1746, that the following is true and correct:

1.     I am an attorney licensed to practice law in the State of New York and before this

Court.  I am a partner in the law firm of Gibson, Dunn & Crutcher LLP, and I am counsel for

Chevron Corporation ("Chevron") in the above-captioned matter.  I am personally familiar with

the facts set forth herein, unless the context indicates otherwise.

2.     Chevron has not received from Steven Donziger any transfer or assignment of

proceeds traceable to the Ecuadorian judgment.  Nor has Chevron received any part of the

$813,602.71 owed to it pursuant to the supplemental judgment entered against Steven Donziger,

The Law Offices of Steven R. Donziger, Donziger & Associates, PLLC, and others on February

28, 2018.

3.     Attached to this declaration as **Exhibit 1** is a true and correct copy of a document

titled "Chevron's RICO Fraud:  An Abuse of Indigenous Peoples, the Environment, and U.S.

Courts," retrieved from the website http://stevendonziger.com/wp-content/uploads/2017/05/KaplanRebuttal.pdf on September 26, 2018.

4.      Attached to this declaration as **Exhibit 2** are excerpts from a true and correct copy of the transcript of the deposition of Steven Donziger on June 25, 2018.

5.      Attached to this declaration as **Exhibit 3** are excerpts from a true and correct copy of the transcript of the contempt hearing held in this matter on June 28, 2018.

6.      Attached to this declaration as **Exhibit 4 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of a document titled Ecuador Judgment Investment Agreement dated May 2, 2016 and signed by Alan Lenczner and Glenn Krevlin, produced by M. K. Sullivan and bearing Bates numbers MKS-0002570–74.  The document purports to grant a 0.125% interest in the Ecuadorian judgment "in consideration of investment of $250,000," and to a right to invest subsequently "at a 25% discount."

7.      Attached to this declaration as **Exhibit 5 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of a document titled Ecuador Judgment Investment Agreement dated July 11, 2016 and signed by the FDA's client representative, Alan Lenczner, and Clifford Eisler, produced by M. K. Sullivan and bearing Bates numbers MKS-0002599–2602.  The document purports to grant a 0.125% interest in the Ecuadorian judgment "in consideration of investment of $250,000" and has similar terms to **Exhibit 4.**

8.      Attached to this declaration as **Exhibit 6 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of a document produced by M. K. Sullivan and bearing Bates numbers MKS-0002654–85.  Beginning on the second page is a document titled "Ecuador Judgment Investment Agreement" and signed by Carlos Guaman (President, FDA), Ermel Gabriel Chavez Parra (Board President, Ecuador Trust), Alan Lenczner, and a representative of the funder.  The funder is identified at MKS-0002665 as WDIS Finance LLC.  **Exhibit 49** at MKS-0002045

indicates that this entity is associated with John van Merkensteijn.  The agreement purports to grant a 0.165% interest in the Ecuadorian judgment" in consideration of an investment of $300,000 and provides that "final authority over distribution of . . . funds will rest with the U.S. Representative."  **Exhibit 6** at ¶ 9(a).  The U.S. Representative is identified in Appendix 2 on page MKS-0002665 as Steven R. Donziger.

9.     Attached to this declaration as **Exhibit 7 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of a document titled Ecuador Judgment Investment Agreement dated August 24, 2016, and signed by Carlos Guaman (President, FDA), Ermel Gabriel Chavez Parra (Board President, Ecuador Trust), Alan Lenczner, and a representative of Wellbeck Partners, LLC, produced by M. K. Sullivan and bearing Bates numbers MKS-0001618–24.  The agreement purports to grant a 0.110% interest in the Ecuadorian judgment in consideration of an investment of $200,000 and has similar terms to **Exhibit 6**.

10.     Attached to this declaration as **Exhibit 8 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of a document titled Ecuador Judgment Investment Agreement dated November 24, 2016 and signed by Carlos Guaman (President, FDA), Ermel Gabriel Chavez Parra (Board President, Ecuador Trust), Alan Lenczner, and a representative of Indigenous People Limited, produced by M. K. Sullivan and bearing Bates numbers MKS-0001690–99.  **Exhibit 49** at MKS-0002045 indicates that Indigenous People Limited is associated with Ian Watson.  The document purports to grant a 0.1375% interest in the Ecuadorian judgment in consideration of an investment of $250,000 and has similar terms to **Exhibit 6**.  Steven R. Donziger is identified as the U.S. Representative in Appendix 2 on page MKS-0001697.

11.     Attached to this declaration as **Exhibit 9 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of a January 8, 2018 email from Aaron Marr Page to Katie Sullivan, produced by M. K. Sullivan and bearing Bates numbers MKS-0001736–37.  At the bottom of the

chain is an email from Alan Lenczner explaining that there is "some confusion re the Eisler Agreement," including the point that an "addendum" presented to Lenczner for signature "speaks to the interest increasing from .175% not .125%." In a subsequent email, Katie Sullivan notes, "In our 'audit' we noted Cliff & FDA signed an enhancement letter dated Jan 3, 2017 that reflects a new total of 0.195% vs. 0.1375%."

12.    Attached to this declaration as **Exhibit 10 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of a document titled Ecuador Judgment Investment Agreement signed by the funder on January 31, 2017, produced by M. K. Sullivan and bearing Bates numbers MKS-0002718–31. The document purports to grant a 0.076% interest in the Ecuadorian judgment in consideration of an investment of $152,000 and has similar terms to **Exhibit 6**. **Exhibit 49** at MKS-0002045 indicates that an investment agreement granting a 0.076% interest in the Ecuadorian judgment in consideration of a $152,000 investment was entered with Roger Waters on February 3, 2017. The difference in the date reflected in **Exhibit 49** at MKS-0002045 and the date of the funder's signature in **Exhibit 10** reflects the fact that the Spanish version of the agreement was signed on a later date.

13.    Attached to this declaration as **Exhibit 11 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of a letter agreement dated November 10, 2016 Carlos Guaman (President, FDA), Ermel Gabriel Chavez Parra (Board President, Ecuador Trust), Alan Lenczner, and a representative of WDIS Finance LLC (associated with John van Merkensteijn), produced by M. K. Sullivan and bearing Bates numbers MKS-0002647-50. The document purports to grant an additional interest of 0.055% in exchange for an additional investment of $100,000.

14.    Attached to this declaration as **Exhibit 12** is a true and correct copy of an email chain dated October 22, 2016, forwarding a July 10, 2016 email chain among Steven Donziger, Bill Twist, and John van Merkensteijn, produced by J. van Merkensteijn and bearing Bates

numbers JVM 002161–68.  In a July 10, 2016 email, Steven Donziger explains to Twist, "Shares are a percentage of the total claim owed which is now a little over $11b with statutory interest in Canada.  Expenses come off the top upon recovery . . . . The larger point is that absent an some unforeseen event, there will be plenty of funds to pay investors should there be a recovery."

15.      Attached to this declaration as **Exhibit 13 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of a December 10, 2016 email chain between Steven Donziger and Katie Sullivan, produced by M. K. Sullivan and bearing Bates number MKS-0002031.  Sullivan asks, "Is it 250k for an 0.125% of the percent you would retain (1/3 of the collected judgement)?" Donziger responds, "250,000 gives on eigth [sic] of a point in a 12b judgment[.]  full recovery is a 50x multiple."

16.      Attached to this declaration as **Exhibit 14 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of a document dated May 2017, titled "Confidential Memorandum," describing an "Investment Opportunity" in which "Investors will receive the right to an agreed upon share of the proceeds received by the Claimants" in the Lago Agrio litigation.  This document was produced by M. K. Sullivan and bears Bates numbers MKS-0000596–601.

17.      Attached to this declaration as **Exhibit 15 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of an email chain dated November 28, 2017 with subject line "Important Ecuador Investor Call," produced by M. K. Sullivan and bearing Bates numbers MKS-0001296– 97.  At the bottom of the chain, Donziger provides an agenda for a proposed call with investors, including explaining his intent to "source funding from a significant capital partner or partners who will give our team the ability to put additional pressure on Chevron in and out of the courtroom."

18.      Attached to this declaration as **Exhibit 16 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of a document produced by M. K. Sullivan and bearing Bates numbers

MKS-0006682–6686.  Beginning at MKS-0006685 is a letter from Alan Lenczner to Steven Donziger dated November 11, 2016 summarizing investment agreements, monies received by the Lenczner firm pursuant to those agreements, and monies remitted to Donziger out of those funds.

19.    Attached to this declaration as **Exhibit 17** is a true and correct copy of an email dated December 17, 2016 from Steven Donziger to John van Merkensteijn, produced by J. van Merkensteijn and bearing Bates number JVM 003276, in which Donziger asks van Merkensteijn to send an instruction to Lenczner asking that Lenczner "allocate $65,000 of the $95,000 from ENTITY to the law firm of Steven Donziger for expenses related to work on the Ecuador environmental case against Chevron."

20.    Attached to this declaration as **Exhibit 18** is a true and correct copy of an email dated September 9, 2016 from Steven Donziger to John van Merkensteijn, produced by J. van Merkensteijn and bearing Bates numbers JVM 003447, in which Donziger asks van Merkensteijn to "send an instruction to Alan Lenczner, via email, that 50% of the investor funds under the Agreement received by his law firm are to be forwarded [to] Steven R. Donziger for expenses related to the Ecuador litigation . . . . Alan has indicated he needs said instructions directly from you or your representative."

21.    Attached to this declaration as **Exhibit 19 (filed under seal pursuant to Dkt. 723)** are excerpts from a true and correct copy of the transcript of the deposition of Mary M. K. Sullivan on June 21, 2018.

22.    Attached to this declaration as **Exhibit 20** is a true and correct copy of a document titled "AGREEMENT TO DISPUTE A CASE AGAINST CHEVRON TEXACO, NOW CHEVRON, IN ECUADOR," dated January 2, 2006, produced by S. Donziger and bearing Bates number DONZ00022907.  This Agreement is signed by Steven Donziger, Joseph Kohn, a representative of the FDA, and representatives of several Ecuadorian indigenous nations.

23.     Attached to this declaration as **Exhibit 21** is a true and correct copy of trial exhibit PX 558, a retainer agreement dated January 5, 2011 among the LAPs, the FDA, the Asamblea de Afectados por Texaco (ADAT), and Donziger & Associates, PLLC.

24.      Attached to this declaration as **Exhibit 22** is a true and correct copy of trial exhibit PX 556, a draft Master Agreement dated December 10, 2010 among the LAPs, the FDA, the ADAT, Donziger & Associates, PLLC, and other lawyers and law firms.

25.     Attached to this declaration as **Exhibit 23** is a true and correct copy of a document produced by S. Donziger and Bates stamped DONZPJD-0000019-27 and a certified translation thereof, titled "DURABLE INTERNATIONAL POWER OF ATTORNEY and AGREEMENT FOR THE CONTINUOUS INVESTMENT OF PROFESSIONAL SERVICES," dated November 1, 2017, between Steven Donziger and the Amazon Defense Front (FDA).  Under the agreement, the FDA "irrevocably acknowledges, confirms and undertakes to support Mr. DONZIGER'S existing contractual INTEREST . . . and/or hereby grants Mr. DONZIGER an INTEREST in his own right equal to his existing contractual interest."

26.     Attached to this declaration as **Exhibit 24** is a true and correct copy of excerpts from the transcript of the deposition of Josh Rizack on June 27, 2018.

27.     Attached to this declaration as **Exhibit 25 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of a document produced by M. K. Sullivan and bearing Bates numbers MKS-000375–410, containing financial records.  Included at MKS-0000407 and MKS-0000384 are invoices marked "OK to send SRD 3/13/18" and "1/17/18 Per SRD do not send anything," respectively.

28.     Attached to this declaration as **Exhibit 26** are excerpts from a true and correct copy of excerpts from the transcript of the contempt hearing held on May 8, 2018 in this matter.

29.     Attached to this declaration as **Exhibit 27** are excerpts from a true and correct copy of excerpts from the trial transcript for November 18, 2013 in this matter.

30.     Attached to this declaration as **Exhibit 28** is a true and correct copy of Exhibit 5315 to Steven Donziger's deposition, an undated letter from Pablo Fajardo to Carlos Guaman.  Fajardo writes, "On January 19, 2016, Mr. Luiz Yanza and Mr. Steven Donziger signed a contract for the management of financial resources on behalf of the FDA and the plaintiffs.  This is extremely serious, since neither of these two persons represents the plaintiffs."

31.     Attached to this declaration as **Exhibit 29 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of an email chain between Katie Sullivan and Steven Donziger on March 19, 2018, produced by M. K. Sullivan and bearing Bates number MKS-0006038, and a certified translation thereof.  Donziger forwards an email from Luis Yanza, in which Yanza states, "Here is the account information but it is in my daughter's name.  That could be a problem."  The account details include the name Shuyana Natalia Yanza Allauca.

32.     Attached to this declaration as **Exhibit 30** is a true and correct copy of Exhibit 5316 to Steven Donziger's deposition, a document dated August 20, 2106, titled DECLARATION OF THE AFFECTED NATIONALITIES IN THE PROVINCE OF SUCUMBIOS, and a certified translation thereof.  In the declaration, representatives of the "affected nationalities" in Ecuador declare Luis Yanza and Steven Donziger "personae non gratae" and demand a "detailed report accounting for all of the money they have managed on behalf of the people affected or the people in the case that our people have against Chevron."

33.     Attached to this declaration as **Exhibit 31 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of a document titled "SUPERSEDING RETAINER AGREEMENT" dated November 1, 2016 and signed by Carlos Guaman and Ermel Gabriel Chavez Parra, produced by M. K. Sullivan and bearing Bates number MKS-0001700-01.  The agreement directs Lenczner

Slaght "to act only upon" the instructions of the FDA and the Trust and "to no longer act upon the instructions of Pablo Fajardo or any others not acting pursuant to express authority from the FDA or the Trust." The document does not reflect a signature for Lenczner.

34.     Attached to this declaration as **Exhibit 32** is a true and correct copy of the Lago Agrio Plaintiffs' Brief on Proceeding in Forma Pauperis, filed on April 6, 2015 in Brazil, and a certified translation thereof. In the brief, the LAPs represent that they should not be required to pay court costs because "it is sufficient for the person not to be able to pay court costs without harm to his subsistence or his family's, which is clearly the case here," that it is "undeniable" that the LAPs "themselves do not have the means to pay all the procedural costs," and their counsel "have not received any compensation for their work on the case." ¶¶ 22, 26, 28

35.     Attached to this declaration as **Exhibit 33** is a true and correct copy of the Lago Agrio Plaintiffs' Complaint, filed on November 21, 2012 in Argentina, and a certified translation thereof.

36.     Attached to this declaration as **Exhibit 34 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of a timeline summarizing Representations to Canadian Courts and Payments To/From Canadian Counsel.

37.     Attached to this declaration as **Exhibit 35** is a true and correct copy of a document titled "Factum of the Applicants on the Motion to Vary," filed October 3, 2017 in the Court of Appeal for Ontario in the Canadian Enforcement Action. In this filing, Alan Lenczner represented that "the actions by Chevron against third party funders and against the applicants' U.S. law firm, resulting in the funders withdrawing financial and other support," had the "effect of discouraging any other third party funder," and that "any funding assistance that the plaintiffs had in place has long since evaporated." ¶¶ 27, 29.

38.     Attached to this declaration as **Exhibit 36** is a true and correct copy an email from Steven Donziger to John van Merkensteijn dated September 5, 2017, produced by J. van Merkensteijn and bearing Bates numbers JVM 002465–66, with an attachment titled "ENFORCEMENT OF ECUADOR JUDGMENT IN CANADA:  Profit and Loss Detail May 1, 2016 through February 2, 2017."

39.     Attached to this declaration as **Exhibit 37 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of an undated, unsigned draft contract titled "Ecuador Judgment Investment Agreement" with handwritten notes, produced by M. K. Sullivan and bearing Bates numbers MKS-0000627–32.  The handwritten notes include, on the last page, "not having Alan sign" and "Alan doesn't need to know."

40.     Attached to this declaration as **Exhibit 38 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of a January 11, 2018 email chain between Aaron Marr Page, Steven Donziger and Katie Sullivan, produced by M. K. Sullivan and bearing Bates number MKS-0001722.  Page writes, in reference to a draft investor letter, "Took out Alan because, yeah."

41.     Attached to this declaration as **Exhibit 39** is a true and correct copy of a motion record dated October 10, 2017 that Peter Grant attempted to file with the Court of Appeal for Ontario and served on Chevron's counsel.  The court did not accept the motion record.  The motion record includes a sworn affidavit from attorney Patricio Salazar providing tax data for the individual plaintiffs and representing that "all of them have very limited financial resources."

42.     Attached to this declaration as **Exhibit 40 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of a document titled "Funding Opportunity – Ecuador Litigation," produced by M. K. Sullivan and bearing Bates numbers MKS-0000588–90.  The document explains that the "campaign to force Chevron to pay the $12 billion Ecuador pollution judgment

in Canada is entering a critical phase where a relatively modest amount of financial support can dramatically increase pressure on the company."

43.     Attached to this declaration as **Exhibit 41 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of a document titled "How New Capital Can Compress Time Frame," produced by M. K. Sullivan and bearing Bates number MKS-0002111.  The document identifies "**Strategies** that need to be funded" (emphasis in original) including "[w]ork with Chevron shareholder to pressure company management via shareholder resolutions and the like," "[l]aunch other legal actions designed to pressure the company," and a "Truth and Reconciliation Conference" with world leaders to be held in Calgary" that "[w]ill put enormous pressure on Chevron to come to the table if executed well."

44.     Attached to this declaration as **Exhibit 42 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of the transcript of the deposition of Mary K. Sullivan on September 28, 2018.

45.     Attached to this declaration as **Exhibit 43 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of a document produced by M. K. Sullivan and bearing Bates numbers MKS-0006404–05 and containing, at MKS-0006405, an invoice from Simon Billenness dated January 8, 2018.  The invoice includes $1,122.21 for expenses for attending the "Chevron AGM in Midland, Texas:  May 2017" and $5,000 for consulting services.  The work to be performed is "organiz[ing] further shareholder pressure on Chevron" through multiple initiatives.

46.     Attached to this declaration as **Exhibit 44** is a true and correct copy of a letter signed by Bruce T. Herbert of Investor Voice and Newground Social Investment and Pat Miguel Tomaino of Zevin Asset Management, LLC to Chevron Chairman of the Board and CEO Michael K. Wirth with subject line "Investor Letter on Risks from Ecuador Litigation," dated April 30,

2018, retrieved from the website http://www.newground.net/Chevron-Investor-Letter-2018.pdf on September 26, 2018.

47.     Attached to this declaration as **Exhibit 45 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of a document produced by M. K. Sullivan and bearing Bates numbers MKS-0006466–69, containing financial records relating to Simon Billenness, including invoices totaling $12,000 and a wire transfer record in the amount of $5000.

48.     Attached to this declaration as **Exhibit 46 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of an email dated March 12, 2018 from Steven Donziger to Katie Sullivan including a draft press release titled "Facing Critical Court Showdown, Chevron Selling Oil Assets in Canada While Trying to Evade $9.5 Billion Pollution Liability," produced by M. K. Sullivan and bearing Bates numbers MKS-0005817-18.

49.     Attached to this declaration as **Exhibit 47** is a true and correct copy of an article, dated April 25, 2018, titled "Canada's First Nations join Amazon fight against Chevron," and available at the website https://nowtoronto.com/news/first-nations-%C2%ADamazon-chevron/. The article quotes Phil Fontaine, "Clearly Chevron has caused significant harm to the environment and to the health of the Indigenous peoples in this area and must be held accountable."

50.     Attached to this declaration as **Exhibit 48 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of an email from Steven Donziger to Katie Sullivan and Aaron Marr Page with subject line "urgent – contracts for trip to Ecuador.  Donziger lists multiple names including Eva Golinger, "Simon Billiness [sic] for equivalent of $100k," "Peter Grant," "Phil Fontaine, Kathleen Mahoney, Ed John, and Rex Weyler, produced by M.K. Sullivan and bearing Bates number MKS-0002258.

51.     Attached to this declaration as **Exhibit 49 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of a document produced by M.K. Sullivan and bearing Bates numbers

MKS-0002044–73, containing charts of "Contingency Interests" in the Ecuadorian judgment. Pages MKS-0002044-58 summarize "Non-Recourse Investment Agreements," pages MKS-0002059-82 summarize "Attorney Contingency Fee Agreements," pages MKS-0002064-69 summarize "Payments out of Steven Donziger's share," and pages MKS-0002072-73 summarize "Service Providers Contingency Fee Agreements."

52.     Attached to this declaration as **Exhibit 50** is a true and correct copy of an article dated May 15, 2014 and titled "Periodista estadounidense se une a la campaña 'La mano sucia de Chevron'" ("U.S. Journalist Joins 'The Dirty Hand of Chevron' Campaign"), available at http://www.eldiario.ec/centro/noticias-santodomingo-ecuador/316010-periodista-estadounidense-se-une-a-la-campana-la-mano-sucia-de-chevron/, and a certified translation thereof.  The article shows journalist Eva Golinger participating in the "dirty hand of Chevron" campaign and quotes her referring to contamination as "the hand of death."

53.     Attached to this declaration as **Exhibit 51** is a true and correct copy of an article dated October 10, 2017, titled "Roger Waters lends star power to Ecuadorians' $9.5B Chevron fight,'" available at https://www.thestar.com/business/2017/10/10/roger-waters-lends-star-power-to-ecuadorians-95b-chevron-fight.html.

54.     Attached to this declaration as **Exhibit 52** is a true and correct copy of an Amazon Watch press release dated May 31, 2017, titled "Chevron's CEO Clings To 'Alternative Facts' When Confronted With Truth About Ecuador Mismanagement," available at https://amazonwatch.org/news/2017/0531-chevron-ceo-clings-to-alternative-facts-when-confronted-with-truth-about-ecuador-mismanagement.

55.     Attached to this declaration as **Exhibit 53 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of a budget titled "Ecuador Case Management – 12 MONTH EXPENSE PROJECTION," dated December 2017, produced by M. K. Sullivan bearing Bates bearing Bates

number MKS-0006010.  The document includes a handwritten markup increasing the amount budgeted for "PR Costs" relating to reporter Cristina Munoz and to "[p]ress releases" from $1,500 to $2,500.

56.    Attached to this declaration as **Exhibit 54 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of a November 8, 2017 email from Katie Sullivan to Steven Donziger regarding a press release titled "Chevron Faces Criminal Investigation Over $2m Witness Bribery Payments in Ecuador Pollution Dispute," produced by M. K. Sullivan and bearing Bates numbers MKS-0003270–75.

57.    Attached to this declaration as **Exhibit 55** is a true and correct copy of a press release titled "Chevron and Gibson Dunn Face Potential Criminal Probe Over $2m Witness Bribery Plot in Ecuador Pollution Case," published on November 9, 2017, available at http://www.csrwire.com/press_releases/40553-Chevron-and-Gibson-Dunn-Face-Potential-Criminal-Probe-Over-2m-Witness-Bribery-Plot-in-Ecuador-Pollution-Case.

58.    Attached to this declaration as **Exhibit 56 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of a February 1, 2018 email from Steven Donziger to Katie Sullivan, regarding a press release titled "U.S. Judge Authorized Secret Payments From Chevron to Court Official Who Swayed Discredited RICO Case in Company's Favor," produced by M. K. Sullivan and bearing Bates numbers MKS-0005844–55.

59.    Attached to this declaration as **Exhibit 57 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of a document produced by M. K. Sullivan and bearing Bates numbers MKS-0006401–03, containing a wire transfer record in the amount of $10,000 and invoices in the amounts of $10,000 and $2,500, relating to Forum Nobis.

60.    Attached to this declaration as **Exhibit 58 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of a document produced by M. K. Sullivan and bearing Bates numbers

MKS-0006464–65, containing a wire transfer record and invoice, both in the amount of $7,500, relating to Forum Nobis.

61.     Attached to this declaration as **Exhibit 59** is a true and correct copy of a June 6, 2017 email from Steven Donziger to Clifford Eisler and John van Merkensteijn, produced by J. van Merkensteijn and bearing Bates number JVM 002526.  Donziger links to a press release titled "Facing Bribery Charges, Chevorn Trying to Mislead U.S. Supreme Court with Fake Facts and Flawed Arguments" and writes, "Chevron starting to feel serious pressure.  We can get them to the table if we keep this up and implement the strategy, in my opinion."

62.     Attached to this declaration as **Exhibit 60** is a true and correct copy of an October 16, 2017 email from Steven Donziger to Ian Watson and John van Merkensteijn, produced by J. van Merkensteijn, bearing Bates numbers JVM 002886–87.  Donziger forwards comments from Kathleen Elizabeth Mahoney that "[i]f we could get representation from the oil industry here in Calgary, . . ., that would, . . ., bring significant pressure to bear on Chevron to come to the table . . . ."

63.     Attached to this declaration as **Exhibit 61** is a true and correct copy of a press release dated September 14, 2018 titled "Global Conference on Indigenous Solutions for Environmental Challenges Set for November in Canada," retrieved from http://www.csrwire.com/press_releases/41356-Global-Conference-on-Indigenous-Solutions-for-Environmental-Challenges-Set-for-November-in-Canada on September 28, 2018.

64.     Attached to this declaration as **Exhibit 62** is a true and correct copy of the program for the November 2018 conference Indigenous Solutions for Environmental Challenges, retrieved from https://banffconference2018.com/ on September 27, 2018.

65.     Attached to this document as **Exhibit 63** is a true and correct copy of the speaker list for the November 2018 conference Indigenous Solutions for Environmental Challenges, retrieved from https://banffconference2018.com/speakers/ on September 27, 2018.

66.     Attached to this declaration as **Exhibit 64 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of a document titled "Ecuador Case Management – 12 MONTH EXPENSE PROJECTION," dated December 2017, produced by M. K. Sullivan and bearing Bates number MKS-0000533.  This document shows that Donziger budgeted $200,000 for "Calgary conference – Oct 2018."

67.     **Exhibits 61, 62 and 63** identify speakers for the conference, including Simon Billenness, Juan Aulestia, Rex Weyler, Phil Fontaine and Aaron Marr Page.  **Exhibit 64** shows also that Donziger budgeted thousands of dollars to pay individuals expected to speak at the conference, including Simon Billenness, Juan Aulestia, and Rex Weyler.  **Exhibit 3 to the Sullivan Declaration** confirms that several individuals expected to speak at the conference, including Phil Fontaine and Aaron Marr Page, hold interests in the Ecuadorian judgment.

68.     Attached to this declaration as **Exhibit 65 (filed under seal pursuant to Dkt. 723)** is a March 18, 2018 email from Katie Sullivan to Kathleen Elizabeth Mahoney, copying Steven Donziger, confirming a wire transfer in the amount of $27,012.50, toward a total contract amount of "50k" relating to the conference, produced by M. K. Sullivan and bearing Bates number MKS-0000811.

69.     Attached to this declaration as **Exhibit 66 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of an email dated December 13, 2017 from Katie Sullivan to Steven Donziger, copying Aaron Marr Page, produced by M. K. Sullivan and bearing Bates number MKS-0001141.  Sullivan writes, "The loan conversions are currently tied to SRD shares unless converted pro-rata to equity."

70.     Attached to this declaration as **Exhibit 67** is a true and correct copy of a pleading filed by Steven Donziger in *In re Estate of Leon Donziger*, Case No. 89-1102-CP (Fla. Circuit Court, Duval Cnty), by his attorney, Campbell Ford.

71.     Attached to this declaration as **Exhibit 68** is a true and correct copy of a docket from the District of Columbia Court of Appeals Case Number 18-BG-0967 stating that Donziger is "suspended from the practice of law in the District of Columbia" as of September 20, 2018. Attached as **Exhibit 69** is the order of the District of Columbia Court of Appeals imposing the suspension.

72.     Attached to this declaration as **Exhibit 70** is a true and correct copy of Chevron's First Information Subpoena in Aid of the Supplemental Judgment and Restraining Notice to Defendants Steven Donziger, the Law Offices of Steven Donziger and Donziger & Associates, PLLC dated April 16, 2018.  This document was served by personal service on April 16, 2018.  A true and correct copy of the proof of service is attached as **Exhibit 71**.

73.     Attached to this declaration as **Exhibit 72 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of a March 12, 2018 email chain between Katie Sullivan and Steven Donziger, discussing a forwarded email from Bruce Herbert of Newground Social Investment, produced by M. K. Sullivan and  bearing Bates numbers MKS-0015817-18.  Bruce Herbert writes to Steven Donziger and Anton Tabuns (an attorney working with Donziger) that a (misleading) 60 Minutes segment was "deeply meaningful."

74.     Attached to this declaration as **Exhibit 73 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of a document produced by M. K. Sullivan and bearing Bates numbers MKS-0000327, showing a wire transfer from Lenczner Slaght Royce Smith to Donziger of $74,990 on May 10, 2016.

75.     Attached to this declaration as **Exhibit 74 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of a bank statement produced by M. K. Sullivan and bearing Bates numbers MKS-0000328, showing a wire transfer from Lenczner Slaght Royce Smith to Donziger of $104,990 on July 19, 2016.

76.     Attached to this declaration as **Exhibit 75 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of a bank statement produced by M. K. Sullivan and bearing Bates numbers MKS-0000331, showing wire transfers from Lenczner Slaght Royce Smith to Donziger of $143,490 on October 6, 2016 and $99,990 on October 21, 2016.

77.     Attached to this declaration as **Exhibit 76 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of a bank statement produced by M. K. Sullivan and bearing Bates numbers MKS-0000333, showing a wire transfer from Lenczner Slaght Royce Smith to Donziger of $64,990 on December 19, 2016.

78.     Attached to this declaration as **Exhibit 77** is a true and correct copy of bank records bearing Bates numbers TD BANK 00000133, showing a wire transfer from Lenczner Slaght Royce Smith to Donziger of $137,490 on February 21, 2017.

79.     Attached to this declaration as **Exhibit 78** is a true and correct copy of bank records bearing Bates numbers TD BANK 00000128-30, showing a wire transfer from Donziger to Patricio Salazar of $3,179 on December 12, 2016.

80.     Attached to this declaration as **Exhibit 79 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of bank records produced by M. K. Sullivan and bearing Bates numbers MKS-0006477-82 showing at MKS-0006480:

        a.     a wire transfer of $101,849.59 to Peter R. Grant Law Corporation on January 1, 2018

        b.     a wire transfer of $4,642.74 to Patricio Salazar Cordova on January 16, 2018

        c.     a wire transfer of $4,732.12 to Peter R. Grant Law Corporation on January 17, 2018.

81.     Attached to this declaration as **Exhibit 80** is a true and correct copy of bank records bearing Bates numbers TD BANK 0000651-52 and showing a wire transfer of $1,834.51 on May 10, 2018 to Patricio Salazar Cordova.

82.     Attached to this declaration as **Exhibit 81** is a true and correct copy of an order of the Ontario Superior Court of Justice dated January 20, 2017 in the action brought by the LAPs against Chevron Corporation, Chevron Canada Limited, and Chevron Canada Finance Limited ("Canadian Enforcement Action").  This order grants motions for summary judgment by Chevron Canada Limited and Chevron Corporation (¶¶ 74-75).

83.     Attached to this declaration as **Exhibit 82** is a true and correct copy of an order of the Ontario Superior Court of Justice dated February 10, 2017 in the Canadian Enforcement Action.  This order dismisses the LAPs' claims against Chevron Canada Limited and certain claims against Chevron Corporation and provides that "the issue of costs will be addressed in a separate order."  **Exhibit 82** at 3.

84.     Attached to this declaration as **Exhibit 83** is a true and correct copy of an order of the Ontario Superior Court of Justice entered June 2, 2017 in the Canadian Enforcement Action. This order awards costs in the amount of $533,001.81 to Chevron Canada Limited and $313,283 to Chevron Corporation.

85.     Attached to this declaration as **Exhibit 84** is a true and correct copy of a document titled "Factum of the Respondents on the Motion for Security of Costs," filed on June 19, 2017 in the Court of Appeal for Ontario in Canada in the Canadian Enforcement Action, in which Alan

Lenczner represents on behalf of the LAPs that "Chevron has known about past third party funding and has impeded any future funding."  ¶ 25.

86.    Attached to this declaration as **Exhibit 85** is true and correct copy of a document titled "Further Supplementary Joint Motion Record of Chevron Canada Limited and Chevron Corporation" filed June 23 2017 in the Canadian Enforcement Action.  Included at Tab 2 is a letter from Alan Lenczner to Benjamin Zernett of Goodmans LLP (counsel to Chevron Canada Limited) and Larry Lowenstein of Osler, Hoskin & Harcourt (counsel to Chevron Corporation) dated June 22, 2017.  Lenczner wrote that his firm's fee contingency arrangements is reimbursement "at the rate of $1,000 per docketed hour."

87.    Attached to this declaration as **Exhibit 86** is a true and correct copy of an order of the Court of Appeal for Ontario dated September 21, 2017 in the Canadian Enforcement Action, ordering the LAPs to post security for costs for Chevron Canada Limited in the amount of $50,000 for the appeal and $541,335.14 for the proceedings below, and for Chevron Corporation in the amount of $30,000 for the appeal and $321,616.33 for the proceedings below.

88.    Attached to this declaration as **Exhibit 87** is a true and correct copy of an order of the Court of Appeal for Ontario dated October 31, 2017 in the Canadian Enforcement Action.  The court held, "While the question of whether the Ecuadorian plaintiffs have third party litigation funding available to them was left unanswered, there should be no bright line rule that a litigant must establish that such funding is unavailable to successfully resist a motion in an appeal for security for costs.  This is especially so in this case, where counsel for the appellants has advised the court he is operating under a contingency arrangement and where there is evidence that Chevron Corporation has sued some of the appellants' former third party funders, and the funders withdrew their financial support."

89.     Attached to this declaration as **Exhibit 88** is a true and correct copy of a form for the assignment to Chevron of (a) any contingent fee and (b) any interest in any judgment or funds related to or arising out of the enforcement, collection, or settlement of any judgment under the Durable International Power of Attorney and Agreement for the Continuous Investment of Professional Services (also known as "Poder Legal Internacional Duradero y Acuerdo Para Inversión Continua De Los Servicios Profesionales"), dated November 1, 2017, between and among the Amazon Defense Front (also known as "the FDA" and "el Frente de Defensa de la Amazonía") and Steven R. Donziger, Esq., together with their successors and assigns and all successors to and predecessors of that agreement.

90.     Attached to this declaration as **Exhibit 89** is a true and correct copy of an email from Bill Twist to John van Merkensteijn dated August 3, 2016, produced by J. van Merkensteijn and bearing Bates numbers JVM 004911-14.  In an August 2, 2016 email at the bottom of the chain, Derek Stoldt of Kaye Scholar writes to John van Merkensteijn regarding escrow and confidentiality arrangements in a draft investor agreement, "All in all, it is a very odd arrangement and gives me some pause . . . There is some part of this that feels like the steps people may take when they are laundering money.  It does give me some pause."  JVM 004913.

91.     Attached to this declaration as **Exhibit 90 (filed under seal pursuant to Dkt. 723)** is a true and correct copy of a document produced by M. K. Sullivan and bearing bates numbers MKS-0006507-6535 and containing financial records.  At MKS-0006527 is an invoice from Rex Weyler dated August 31, 2017 in the amount of $4,905.44.  The work covered by the invoice includes "article, **'Chevron's Amazon Chernobyl Case moves to Canada.'**"  (emphasis in original).

92.     Attached to this declaration as **Exhibit 91** is a true and correct copy of an email from Michael Ben Jacob (Kaye Scholer LLP), counsel to John van Merkensteijn, to Alan Lenczner,

copying John van Merkensteijn and Steven Donziger, produced by J. van Merkensteijn and bearing Bates number JVM 002498.  Ben-Jacob writes, "This confirms that Steven is authorized to give instructions to you regarding the allocation and disbursement of funds to counsel to pay legal fees."

93.     Attached to this declaration as **Exhibit 92** is a true and correct copy of an email chain between Steven Donziger, John van Merkensteijn, and Bill Twist, dated August 4, 2016, produced by J. van Merkensteijn and Bates stamped JVM 004865.  Donziger writes, quoting his "partner Aaron Page," that internal LAP work product copied in the Ecuadorian judgment were "advocacy documents that were designed to get before the court."

Executed on this 1st day of October, 2018 at New York, New York.

/s/  *Anne Champion*

Anne Champion