# EXHIBIT 21

| | |
|---|---|
| **From:** | Aaron Marr Page <aaron@forumnobis.org> |
| **Sent:** | Monday, November 6, 2017 9:38 AM |
| **To:** | Steven Donziger <sdonziger@donzigerandassociates.com>; Peter Grant <pgrant@grantnativelaw.com>; lfontaine <lfontaine@ishkonigan.com>; edjohn@fns.bc.ca; John Phillips <john.phillips@legaladvocates.ca>; Ian Watson <iw@genagro.net>; Victoria Watson <victoriawatson@me.com>; Rex Weyler <rexweyler1@gmail.com>; Lisa Gibbons <lisaweylergibbons@gmail.com>; lbmiller104@gmail.com; Luis Yanza <lfya62@gmail.com>; Karen Hinton <karen@fenton.com>; Howard Glaser <hglaser1@gmail.com>; juanaulestia01@gmail.com; lupitadeheredia@gmail.com; cristina muñoz <crisamunoz@gmail.com>; patriciosalazarcordova@gmail.com; agustin.salazar@salazarcordova.com; Katie Sullivan <Katie@Streamlinefamilyoffice.com> |
| **Subject:** | RE: Chevron case: Meeting today FYI |

I'll add one more email to the chain, which is simply to clarify that the request for deletion does not reflect anything problematic about the meeting itself, but rather the fact that Chevron has in the past improperly used information about perfectly legitimate funding discussions to start put pressure on potential funders and kill off potential deals. Confidentiality here is important to protect a process that is not only perfectly legitimate but also as we all know an important piece of delivering access to justice for the affected clients in this case.


**From:** Steven Donziger [mailto:sdonziger@donzigerandassociates.com]
**Sent:** Monday, November 6, 2017 9:18 AM
**To:** Peter Grant <pgrant@grantnativelaw.com>; lfontaine <lfontaine@ishkonigan.com>; edjohn@fns.bc.ca; John Phillips <john.phillips@legaladvocates.ca>; Ian Watson <iw@genagro.net>; Victoria Watson <victoriawatson@me.com>; Rex Weyler <rexweyler1@gmail.com>; Lisa Gibbons <lisaweylergibbons@gmail.com>; lbmiller104@gmail.com; Luis Yanza <lfya62@gmail.com>; Aaron Marr Page <aaron@forumnobis.org>; Karen Hinton <karen@fenton.com>; Howard Glaser <hglaser1@gmail.com>; juanaulestia01@gmail.com; lupitadeheredia@gmail.com; cristina muñoz <crisamunoz@gmail.com>; patriciosalazarcordova@gmail.com; agustin.salazar@salazarcordova.com; Katie Sullivan <katie@streamlinefamilyoffice.com>
**Subject:** Re: Chevron case: Meeting today FYI


I second that.  Please delete all emails related to this and again, keep the info confidential.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER
PROTECTED BY FED R. EVID. 502(d)

Thanks, Steven

---

**From:** Peter Grant <pgrant@grantnativelaw.com>
**Sent:** Monday, November 6, 2017 10:10:17 AM
**To:** Steven Donziger; lfontaine; edjohn@fns.bc.ca; John Phillips; Ian Watson; Victoria Watson; Rex Weyler; Lisa Gibbons; lbmiller104@gmail.com; Luis Yanza; aaron@forumnobis.org; Karen Hinton; Howard Glaser; juanaulestia01@gmail.com; lupitadeheredia@gmail.com; cristina muñoz; patriciosalazarcordova@gmail.com; agustin.salazar@salazarcordova.com; Katie Sullivan
**Subject:** RE: Chevron case: Meeting today FYI

I give you very best wishes on this and will now delete all emails relating to this. I recommend others do as well after what I saw the opposition acquired.

PETER R. GRANT

Grant Huberman

Barristers & Solicitors

Suite 1620 - 1075 W. Georgia Street

Vancouver, BC V6E 3C9

Phone: 604-685-1229

Fax: 604-685-0244

website: www.grantnativelaw.com

CONFIDENTIALITY CAUTION

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged and confidential.  If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone and delete your copy.

**From:** Steven Donziger [mailto:sdonziger@donzigerandassociates.com]
**Sent:** Monday, November 06, 2017 6:47 AM
**To:** lfontaine; edjohn@fns.bc.ca; John Phillips; Peter Grant; Ian Watson; Victoria Watson; Rex Weyler;
Lisa Gibbons; lbmiller104@gmail.com; Luis Yanza; aaron@forumnobis.org; Karen Hinton; Howard Glaser;
juanaulestia01@gmail.com; lupitadeheredia@gmail.com; cristina muñoz;
patriciosalazarcordova@gmail.com; agustin.salazar@salazarcordova.com; Katie Sullivan
**Subject:** Re: Chevron case: Meeting today FYI

Friends,

Please keep this information that Katie sent strictly confidential.

As with most institutional investors, this is a heavy lift with a very uncertain outcome.  If this
information goes beyond our tight circle, it likely will be counterproductive in terms of our
objectives.

Also, please know there are many interested parties out there who want to meet with us, not
just this particular group.

But thanks to all for the good wishes.  We will keep you posted on any progress.

Thanks, Steven

---

**From:** lfontaine <lfontaine@ishkonigan.com>
**Sent:** Monday, November 6, 2017 9:38:10 AM
**To:** edjohn@fns.bc.ca; John Phillips; Peter Grant; Ian Watson; Victoria Watson; Rex Weyler; Lisa
Gibbons; lbmiller104@gmail.com; Luis Yanza; aaron@forumnobis.org; Karen Hinton; Howard Glaser;
juanaulestia01@gmail.com; lupitadeheredia@gmail.com; cristina muñoz;
patriciosalazarcordova@gmail.com; agustin.salazar@salazarcordova.com; Katie Sullivan
**Cc:** Steven Donziger
**Subject:** Re: Chevron case: Meeting today FYI

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER
PROTECTED BY FED R. EVID. 502(d)

Best wishes!

Get Outlook for Android

---

**From:** Katie Sullivan <Katie@Streamlinefamilyoffice.com>
**Sent:** Monday, November 6, 2017 5:59:46 AM
**To:** lfontaine; edjohn@fns.bc.ca; John Phillips; Peter Grant; Ian Watson; Victoria Watson; Rex Weyler; Lisa Gibbons; lbmiller104@gmail.com; Luis Yanza; aaron@forumnobis.org; Karen Hinton; Howard Glaser; juanaulestia01@gmail.com; lupitadeheredia@gmail.com; cristina muñoz; patriciosalazarcordova@gmail.com; agustin.salazar@salazarcordova.com
**Cc:** Steven Donziger
**Subject:** Chevron case: Meeting today FYI

Hi all,

I hope this email finds you all in great health and spirits. It was such an honor to spend time with you in Ecuador at the end of September and to witness the powerful momentum since then has been amazing.

I've been helping Steven strategize how to connect financial capital with the case. I wanted to share with you that late on Friday through one of my clients, we coordinated a meeting with Elliott Management in NYC for today at 4pm with Jesse Cohn and Lee Grinberg. Jesse is a partner and leads the US equity activist investments and Lee led the team in the Argentina bond deal. Elliott is a hedge fund with approx. $34B under management. We are hopeful that their tenacity, courage, influence and power in the financial markets will be a complement to this case and allow Steven & team to supercharge their efforts.

Please send along any positive thoughts & vibes to keep this momentum moving in the right direction!

With gratitude,
Katie

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been auto matically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

DISCLAIMER: The information contained in this email is private, confidential, copyright and proprietary to Ishkonigan and its affiliated organizations. If you have received this message or any files transmitted with it in error, please notify the Sender immediately and delete it permanently from your system. If you are not the intended recipient disclosing, copying or distributing the information enclosed is strictly prohibited.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER
PROTECTED BY FED R. EVID. 502(d)

MKS-0000094

PETER R. GRANT
Grant Huberman
Barristers & Solicitors
Suite 1620 - 1075 W. Georgia Street
Vancouver, BC V6E 3C9
Phone: 604-685-1229
Fax: 604-685-0244
website: www.grantnativelaw.com
CONFIDENTIALITY CAUTION
This message is intended only for the use of the individual or entity to which it is addressed and may contain information
that is privileged and confidential.  If the reader of this message is not the intended recipient, or the employee or agent
responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination,
distribution or copying of this communication is strictly prohibited.  If you have received this communication in error,
please notify us immediately by telephone and delete your copy.

**From:** Steven Donziger [mailto:sdonziger@donzigerandassociates.com]
**Sent:** Monday, November 06, 2017 6:47 AM
**To:** lfontaine; edjohn@fns.bc.ca; John Phillips; Peter Grant; Ian Watson; Victoria Watson; Rex Weyler; Lisa Gibbons;
lbmiller104@gmail.com; Luis Yanza; aaron@forumnobis.org; Karen Hinton; Howard Glaser; juanaulestia01@gmail.com;
lupitadeheredia@gmail.com; cristina muñoz; patriciosalazarcordova@gmail.com; agustin.salazar@salazarcordova.com;
Katie Sullivan
**Subject:** Re: Chevron case: Meeting today FYI


Friends,


Please keep this information that Katie sent strictly confidential.


As with most institutional investors, this is a heavy lift with a very uncertain outcome.  If this information goes
beyond our tight circle, it likely will be counterproductive in terms of our objectives.


Also, please know there are many interested parties out there who want to meet with us, not just this
particular group.


But thanks to all for the good wishes.  We will keep you posted on any progress.


Thanks, Steven

**From:** lfontaine <lfontaine@ishkonigan.com>
**Sent:** Monday, November 6, 2017 9:38:10 AM

**To:** edjohn@fns.bc.ca; John Phillips; Peter Grant; Ian Watson; Victoria Watson; Rex Weyler; Lisa Gibbons; lbmiller104@gmail.com; Luis Yanza; aaron@forumnobis.org; Karen Hinton; Howard Glaser; juanaulestia01@gmail.com; lupitadeheredia@gmail.com; cristina muñoz; patriciosalazarcordova@gmail.com; agustin.salazar@salazarcordova.com; Katie Sullivan
**Cc:** Steven Donziger
**Subject:** Re: Chevron case: Meeting today FYI

Best wishes!

Get Outlook for Android

---

**From:** Katie Sullivan <Katie@Streamlinefamilyoffice.com>
**Sent:** Monday, November 6, 2017 5:59:46 AM
**To:** lfontaine; edjohn@fns.bc.ca; John Phillips; Peter Grant; Ian Watson; Victoria Watson; Rex Weyler; Lisa Gibbons; lbmiller104@gmail.com; Luis Yanza; aaron@forumnobis.org; Karen Hinton; Howard Glaser; juanaulestia01@gmail.com; lupitadeheredia@gmail.com; cristina muñoz; patriciosalazarcordova@gmail.com; agustin.salazar@salazarcordova.com
**Cc:** Steven Donziger
**Subject:** Chevron case: Meeting today FYI

Hi all,

I hope this email finds you all in great health and spirits. It was such an honor to spend time with you in Ecuador at the end of September and to witness the powerful momentum since then has been amazing.

I've been helping Steven strategize how to connect financial capital with the case. I wanted to share with you that late on Friday through one of my clients, we coordinated a meeting with Elliott Management in NYC for today at 4pm with Jesse Cohn and Lee Grinberg. Jesse is a partner and leads the US equity activist investments and Lee led the team in the Argentina bond deal. Elliott is a hedge fund with approx. $34B under management. We are hopeful that their tenacity, courage, influence and power in the financial markets will be a complement to this case and allow Steven & team to supercharge their efforts.

Please send along any positive thoughts & vibes to keep this momentum moving in the right direction!

With gratitude,
Katie

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

DISCLAIMER: The information contained in this email is private, confidential, copyright and proprietary to Ishkonigan and its affiliated organizations. If you have received this message or any files transmitted with it in error, please notify the Sender immediately and delete it permanently from your system. If you are not the intended recipient disclosing, copying or distributing the information enclosed is strictly prohibited.

# EXHIBIT 22

| | |
|---|---|
| **From:** | Katie Sullivan <Katie@Streamlinefamilyoffice.com> |
| **Sent:** | Monday, November 20, 2017 11:21 AM |
| **To:** | Steven Donziger <sdonziger@donzigerandassociates.com> |
| **Cc:** | Abbiati, Tony <tabbiati@scsfinancial.com> |
| **Subject:** | Re: Ecuador/Chevron |

Wednesday at 10am is great.
Use this conference #
1-866-802-6672
446620#

On Nov 20, 2017, at 11:14 AM, Steven Donziger <sdonziger@donzigerandassociates.com> wrote:

> Sure.  I'll be driving so that will work well.  Katie, let us know if that works for you and we can circulate a call-in number.  Either of those two times will work for me.  Thanks much.
>
> ---
>
> **From:** Abbiati, Tony <tabbiati@scsfinancial.com>
> **Sent:** Monday, November 20, 2017 10:32:24 AM
> **To:** Steven Donziger
> **Cc:** Katie Sullivan
> **Subject:** Re: Ecuador/Chevron
>
> Thanks Steven.  I am going to be running around a bit on Wednesday so I think a call will work better.  Any chance 10 or 11 am would work on your end?
>
> Thanks,
>
> Tony
>
> Tony Abbiati
> 617-306-7142
> Sent from my iPad
>
> On Nov 20, 2017, at 6:59 AM, Steven Donziger <sdonziger@donzigerandassociates.com <mailto:sdonziger@donzigerandassociates.com>> wrote:
>
> Thanks Tony for the interest.
>
> Yes, this Wednesday would definitely work for a conversation.  I will be in Cambridge (for the holiday) so let me know if it would be worth it to meet in person (including lunch) or we can talk by phone that afternoon. I think Katie is available then as well.  If more convenient, next week also would work although I will be in NYC.
>
> I look forward to talking.
>
> Best, Steven
>
> ---
> **From:** Abbiati, Tony <tabbiati@scsfinancial.com <mailto:tabbiati@scsfinancial.com>>
> **Sent:** Sunday, November 19, 2017 12:42:32 PM
> **To:** Katie Sullivan
> **Cc:** Steven Donziger
> **Subject:** Re: Ecuador/Chevron
>
> Hi Katie,
>
> Thanks for sending this all over.  I have now read or skimmed through much of it. Very interesting.
>
> Steven, when convenient I would love to speak to learn a little more about this from your perspective.  It's really a remarkable story.
>
> Do you by chance have any time on Wednesday?  If not, maybe next week sometime?
>
> Thanks - and Happy Thanksgiving to you both.
>
> Tony
>
> Tony Abbiati
> SCS Financial
> 617-204-6445
>
> On Nov 15, 2017, at 3:44 PM, Katie Sullivan
> <Katie@Streamlinefamilyoffice.com <mailto:Katie@Streamlinefamilyoffice.com> <mailto:Katie@Streamlinefamilyoffice.com>> wrote:
>
> Tony,

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER
PROTECTED BY FED R. EVID. 502(d)

MKS-0017007

As promised, here is some information related to the Ecuador/Chevron case. I was introduced to Steven (copied) on my trip to Ecuador last August when I traveled with a group deep into the rainforest. At that time, my known objective was to spend time with Lynne Twist, author of Soul of Money<https://www.amazon.com/Soul-Money-Reclaiming-Wealth-Resources/dp/039332950X>, and witness the contrast of wealth (material and spiritual). Needless to say, I now see the world through new lenses and my compassion runs deeper. In late September, I had an opportunity to join Steven and the Canadian delegates to Ecuador where we witnessed the unfathomable destruction that was left behind. See pictures: one of over 1,000 open pits of oil, an auger pulling oil from the ground and press conference with the Ecuadorian and Canadian indigenous leaders.

I have yet to meet someone more resilient and courageous than Steven. It became clear that Chevron's claim would never be supported by the facts so they resorted to personally attacking him, the genius architect behind winning the judgement. I have committed to helping Steven create capital partnerships so he can focus his time and energy on the strategy to get this case over the finish line. There is really great momentum building in Canada.

It is my pleasure to be a bridge to your interest and Steven's life's work and passion. This is an incredible opportunity for investors who are financially savvy, care about the environment, human rights and accountability. Once this case come to closure, the ripple effect will be tremendous. I look forward to hearing your thoughts and I know Steven would be happy to speak with you and/or meet with you to discuss further.

Below are links to articles from Rolling Stone and The Nation that give a general overview of the Ecuador/Chevron case. Another link concerns a request to the DOJ for a criminal investigation of Chevron, the other is a blog posting that recounts how they have a 21-0 record among appellate judges in Canada.

With gratitude,
Katie


http://www.rollingstone.com/politics/news/sludge-match-chevron-legal-battle-ecuador-steven-donziger-20140828
[http://img.wennermedia.com/social/rs-163718-479535467_v1.jpg]<http://www.rollingstone.com/politics/news/sludge-match-chevron-legal-battle-ecuador-steven-donziger-20140828;https://linkprotect.cudasvc.com/url?a=http://img.wennermedia.com/social/rs-163718-479535467_v1.jpg]%3chttp://www.rollingstone.com/politics/news/sludge-match-chevron-legal-battle-ecuador-steven-donziger-20140828&c=E,1,s8MPfEloKyK0uJVDQ55lR--SV6q5sxzwZleSZbMJR97H3K--vPWqlM_Dnf7SGfKD-myU7ou9mkfpW04c4WkaIpDRu6e29XUDevlknaJk&typo=0>

Inside Chevron's 9 Billion Dollar Legal ... - Rolling Stone<http://www.rollingstone.com/politics/news/sludge-match-chevron-legal-battle-ecuador-steven-donziger-20140828>
www.rollingstone.com<http://www.rollingstone.com>
Sludge Match: Inside Chevron's $9 Billion Legal Battle With Ecuadorean Villagers. For more than two decades, energy giant Chevron and Ecuadorean activists, led by ...

https://www.thenation.com/article/ecuadors-battle-environmental-justice-against-chevron/<https://linkprotect.cudasvc.com/url?a=https://www.thenation.com/article/ecuadors-battle-environmental-justice-against-chevron/&c=E,1,Y49b2sTwtIJBLVHHG-_UPfRop5yj47HSezWC3Ma5uObBv3TdT2_iOqfpRahxKKdzI_exXpiO6Fq6LBsm8d7sgZuuYh-t1UUz_kV5Yzx8ea3XEb8vmDYQTlbE&typo=0>[https://www.thenation.com/wp-content/uploads/2015/06/ecuador_james_north_otu_img.jpg]<https://www.thenation.com/article/ecuadors-battle-environmental-justice-against-chevron/<https://linkprotect.cudasvc.com/url?a=https://www.thenation.com/wp-content/uploads/2015/06/ecuador_james_north_otu_img.jpg]%3chttps://www.thenation.com/article/ecuadors-battle-environmental-justice-against-chevron/&c=E,1,cTe2yWlBZe3Hy0L6fpziW-wutQ0hx70kwTfP2ifc77HbaExsoPaL-OMVIiyLvboznopf2IY4iPp78O7pln_vn1XbT_9IJyCXNixfLH-aarFPLGMt&typo=0>

Ecuador's Battle for Environmental Justice Against Chevron<https://www.thenation.com/article/ecuadors-battle-environmental-justice-against-chevron/<https://linkprotect.cudasvc.com/url?a=https://www.thenation.com/article/ecuadors-battle-environmental-justice-against-chevron/&c=E,1,iINOtPHCS_UP3XDqkVMi-i6_aqDWkXUBkgFShoPqzCoA6mKv-hGc7Pye23Jw0fwzujkv6dfjV5tUSy28e9BY9Mxmwdap-Ab-SkEJ1zj4Xx9kPnQ,&typo=0>>
www.thenation.com<https://linkprotect.cudasvc.com/url?a=https://www.thenation.com&c=E,1,nwXCodVCjt4e7Cn8heLpNgXfCoCS3swe0au0xrHXDdgmiPlHkkWu0oTpIkzAx1839A-mPTdj3EfdDGykLoD6ZLWJD5rU8SsAeDalW3uKheKJ&typo=0>::http://www.thenation.com<https://linkprotect.cudasvc.com/url?a=http://www.thenation.com&c=E,1,xAUYfFPekuuIFE09OReQKUz2IZZUwE_ISzv1uSMEqfWAaAoqS7i35-aNSZkPl0heAOydBZ1YyarYJh-8E1phu3VhmsjoB_tTLq4dA0X0Ag,&typo=0>
For more than two decades, impoverished indigenous people have been seeking restitution from the oil giant for polluting their region.

http://www.csrwire.com/press_releases/40553-Chevron-and-Gibson-Dunn-Face-Potential-Criminal-Probe-Over-2m-Witness-Bribery-Plot-in-Ecuador-Pollution-Case<https://linkprotect.cudasvc.com/url?a=http://www.csrwire.com/press_releases/40553-Chevron-and-Gibson-Dunn-Face-Potential-Criminal-Probe-Over-2m-Witness-Bribery-Plot-in-Ecuador-Pollution-Case&c=E,1,ehE72ThZugprzvpk1UKVIjxxWhOyGFjboaodv0D0XWde42L58GsOI4Lz-FDTL_voFQYzFH2L40-VFZR49sZHqsCVMxahyq3sgET_OQ,&typo=0>
Chevron and Gibson Dunn Face Potential Criminal Probe Over ...<http://www.csrwire.com/press_releases/40553-Chevron-and-Gibson-Dunn-Face-Potential-Criminal-Probe-Over-2m-Witness-Bribery-Plot-in-Ecuador-Pollution-Case<https://linkprotect.cudasvc.com/url?a=http://www.csrwire.com/press_releases/40553-Chevron-and-Gibson-Dunn-Face-Potential-Criminal-Probe-Over-2m-Witness-Bribery-Plot-in-Ecuador-Pollution-Case&c=E,1,-TmNur5BgmCY43Jvl7nULW7egXGjx160jJCs4ujkDO4eH03GBukgnFEABsraDDzeEtpzG53vbPAQtfw_pOYXI_1UpznckyAgqY60wCCMVg,&typo=0>
www.csrwire.com<https://linkprotect.cudasvc.com/url?a=http://www.csrwire.com&c=E,1,OI-7-6GBPp4QGcXYMhFfkeIHjInS_RsOuiyRMbv4tAwEat9je9wF4uF-XgqY9COMnCvNIei8ANDvdN6NuNBt7fqe3yhHnLmX-9-E2CMA47fJfM7fCVTGNTvd8Q,,&typo=0>::http://www.csrwire.com<https://linkprotect.cudasvc.com/url?a=http://www.csrwire.com&c=E,1,QrRyRoUz9vrP5DbfURyuwl_Bx-nOuQ69DsI4OKjAksMaFs8-jOeGgcdoI1CR_7QYU562AGRnk5bxrQl3kSAlRhMkL6CCBEl-e8uFUFX1c3che6zKzoLOzEw,&typo=0>
WASHINGTON, D.C., Nov. 09 /CSRwire/ - Amazon indigenous groups and farmer communities in Ecuador have requested that the U.S. Department of Justice open a ...

http://thechevronpit.blogspot.com/2017/11/21-0-ecuadorian-aboriginals-are.html<https://linkprotect.cudasvc.com/url?a=http://thechevronpit.blogspot.com/2017/11/21-0-ecuadorian-aboriginals-are.html&c=E,1,OtnXkpwZUgTFJIfMngGUaxfzfwBDqoUL0Nxv-Qd30bRHBPaT1chxYeEWGzh2BjK8zvO16Jza6gv693XwDCoaFztpgFtUNsJTVkGrOg,,&typo=0>
21-0: Ecuadorian Communities Are Dominating Chevron In Canada's Appellate Courts<http://thechevronpit.blogspot.com/2017/11/21-0-ecuadorian-aboriginals-are.html<https://linkprotect.cudasvc.com/url?a=http://thechevronpit.blogspot.com/2017/11/21-0-ecuadorian-aboriginals-are.html&c=E,1,O6Fd2ApnMapK_lyGJkH16hfsI5sbtS8Mu6D160ZuYT-dGyW5kiWn75SfZVxPVZuej7Nok2vfhjWJeAyCCok6TSd7qs_VmNgXnmXmwrHrkoP2ZUlJfWekhdkb&typo=0>
thechevronpit.blogspot.com<https://linkprotect.cudasvc.com/url?a=http://thechevronpit.blogspot.com&c=E,1,JjbrCUpGNY_BORockrDkXViaLaz&xYY9SNrWmIsQJg3QfxwFSiyho1HuZFJb-1NEGLftUqaPe_jNXB6kjIVQBZgy0z_Fuesm0xQxXcQv5-7QbBZzm4B30,&typo=0>::http://thechevronpit.blogspot.com<https://linkprotect.cudasvc.com/url?a=http://thechevronpit.blogspot.com&c=E,1,ZsOSYJQDwkvkqO-D2-UZuXZC8jm0_m2tenM5QXlfncGsuIe1nl2Bv4Dwuor8pNX20NL8ee5PaA_KwPTx9tsLRFRUf0Uq7kz2X7x82sMbPXl3gdlI5LV2Tso&typo=0>

Chevron's strategy to block enforcement of its $9.5 billion environmental liability in Canada is on the rocks. The company now has lost thre...

[cid:image002.png@01D35E28.7094F770]

Katie Sullivan
Streamline Family Office Inc.
PO Box 823
Dover MA 02030
508-785-2399 office
508-319-3021 fax

Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast Ltd, an innovator in Software as a Service (SaaS) for business. Providing a safer and more useful place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here<http://www.mimecast.com/products/<https://linkprotect.cudasvc.com/url?a=http://www.mimecast.com/products/&c=E,1,rnSf9IxdRoIO-CX8RyQkh-m4aPjLHeRKMT4xbVjuFpMwqi4d3Lq_ewZH0-Iex7ThIXZuAzwNs9PL0wzwVyPxWjby6be6BgAqGqXLMqQWf4neNHtfTQ,,&typo=0>>.

<Fund.Proposal.Nov2017.pdf>
<INVEST.LongSummary.May2017.pdf>
<IMG_2239.PNG>
<IMG_1582.jpg>
<IMG_1552.JPG>

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER
PROTECTED BY FED R. EVID. 502(d)

# EXHIBIT 23

| | |
|---|---|
| **From:** | Katie Sullivan <Katie@Streamlinefamilyoffice.com> |
| **Sent:** | Monday, November 27, 2017 1:31 PM |
| **To:** | John van Merkensteijn <jhvm@rossteq.com> |
| **Subject:** | Re: Chat later today? |

---

Thanks John. I think you are referencing the rebuttal which is great to pass along. I'm going to speak to him as well and knowing how others have framed it is helpful.

Tony said he could raise $500k in about 30 seconds and is sitting in the quandary of he said/he said. Dang it, I wish there was a 'she said'!!

On Nov 27, 2017, at 11:40 AM, John van Merkensteijn <jhvm@rossteq.com> wrote:

By the way Steven has addressed the RICO thing in some memo I cant find which I thought was useful

Have you asked him for what he gives to people who ask about the litigation against him?

John H. van Merkensteijn lll

Managing Director

Rossi Technologies LLC

60 Riverside Boulevard

Suite 2101

New York, NY. 10069

Phone (212) 769-4055

jhvm@rossteq.com

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER
PROTECTED BY FED R. EVID. 502(d)

**From:** Katie Sullivan <Katie@Streamlinefamilyoffice.com>
**Date:** Monday, November 27, 2017 at 10:40 AM
**To:** John van Merkensteijn <jhvm@rossteq.com>
**Subject:** Chat later today?


Hi John,

Hope you had a wonderful Thanksgiving!

Do you have time to connect this afternoon around 2:30? Would love to get som insight from you on how to address the RICO with investors who do not have first hand knowledge of the strength of character.

Thanks!

Katie


**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been auto matically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER
PROTECTED BY FED R. EVID. 502(d)

MKS-0001360

# EXHIBIT 24

| | |
|---|---|
| **From:** | Abbiati, Tony <tabbiati@scsfinancial.com> |
| **Sent:** | Tuesday, November 28, 2017 5:05 PM |
| **To:** | Katie Sullivan <Katie@Streamlinefamilyoffice.com> |
| **Subject:** | RE: Steven |

Thanks Katie. Very helpful. I look forward to hearing the Dedham CC story that involved Hoff's friend!

I will be back in touch.

Tony

**Tony Abbiati | *Managing Director***
**SCS Financial Services, LLC**
888 Boylston Street, Suite 1010 | Boston, MA | 02199
Direct: 617-204-6445 | Mobile: 617-306-7142
tabbiati@scsfinancial.com
www.scsfinancial.com

 SCS FINANCIAL

**\*\*We moved!  SCS Financial is now located at 888 Boylston Street, Suite 1010, Boston, MA 02199**

**From:** Katie Sullivan [mailto:Katie@Streamlinefamilyoffice.com]
**Sent:** Tuesday, November 28, 2017 5:14 PM
**To:** Abbiati, Tony <tabbiati@scsfinancial.com>
**Subject:** RE: Steven

Tony,

As a follow-up to our discussion yesterday, I wanted to share with you the following:

- Press release from May 2017 http://www.csrwire.com/press_releases/39995-New-Report-Details-How-U-S-Courts-Endorsed-Chevron-s-Fabricated-Evidence-In-Historic-Amazon-Pollution-Case

- See attached 33 page detailed rebuttal to the civil judgement against Steven.
- The expectation is that the Canadian courts will honor all the evidence in the US trial and it will be used against Chevron.
- Chevron has spent over $2B defending this case and trying to destroy Steven by any means possible. Why would Chevron go to such lengths to destroy the one person they believe is behind the judgement?
- I met Steven in Ecuador in August 2016 with about 30 other travelers. We all heard about his work + had an opportunity to get to know everyone in a condensed and somewhat confined timeframe – like adult camp! In fact, I have two friends from that trip coming out from CA this weekend to visit. After learning about the case and personally getting to know Steven, I have spent a lot of time trying to understand the complexities, the why, the how. Here are some character data points:
  - I have heard him speak at Harvard Law School and Pomona College.
  - We have shared many conversations and meals when I travelled to NYC for charity events for the Pachamama Alliance (sponsor of the original trip) + a training program that I participated in this past year. Same for the investor who spent $75k for due diligence prior to his investment.
  - In Sept 2017, I spent four days in Ecuador with Steven, his wife & 11 year old son, the Canadian First Nations leaders and lawyers, Ecuadorian leaders, investor + founder of Greenpeace. Again, you get to

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER
PROTECTED BY FED R. EVID. 502(d)

MKS-0001914

know people well sitting on a 9 hour bus ride through Ecuador.  I was excited for the opportunity to see what I have only learned about by reading and hearing. On this trip, I was able to see the incredible support that Steven has from the top to bottom, from Ecuador, the US and Canada.

- I do my best to see from a different perspective. To see the light when most people only see dark. Ask Greg Hoffmeister about his experience with me as Admissions Chair for his candidate at the Dedham Club. In most instances, it would have been pushed aside but I did my own due diligence, read a friggin book and confronted the issues directly. Needless to say, after my 2 year stint on the Board and trip to Ecuador, my relationship with the Club has shifted! :)

- Unless someone has been either involved or following this case from the start, it is near impossible to both understand and appreciate the inherent complexities that have occurred; especially in the US court system that is the foundation of our own personal justice. It doesn't make any logical sense and trust me, I've asked Steven all the questions even though I know it's a super personal and sensitive subject – like calling someone's child ugly X one million.

- Why are investors not flocking to this? From what I can tell, raising money to date has been very, very stealth for fear of Chevron finding out. They learned of the investors when they subpoenaed all of Steven's documents, emails, diaries, etc. They used whatever pressure possible to eliminate funding and create future fear of funding. With the $9B judgment now won, the case against Steven over (still pressuring him personally), it's a new phase. It's been an incredible 'bootstrapped' effort with an enormous judgement. From where I sit, it is critical to create alliances with strategic capital partners to get this over the finish line. Steven's best asset is his ability to orchestrate the strategy and manage the relationships vs. sourcing funds. Therefore, I am helping him create meaningful conversations to keep momentum. If we had the financial freedom to make a meaningful investment personally, I would do so.

- Happy to connect you to a couple very sophisticated investors and attorneys that supported him personally during the trial period.

Hope this perspective helps!

Thanks!
Katie

**From:** Abbiati, Tony [mailto:tabbiati@scsfinancial.com]
**Sent:** Monday, November 27, 2017 9:07 AM
**To:** Katie Sullivan <Katie@Streamlinefamilyoffice.com>
**Subject:** Steven

Hi Katie,

When is a good time to ring today?

Tony

Tony Abbiati | *Managing Director*
SCS Financial Services, LLC
888 Boylston Street, Suite 1010 | Boston, MA | 02199
Direct: 617-204-6445 | Mobile: 617-306-7142
tabbiati@scsfinancial.com
www.scsfinancial.com

 SCS FINANCIAL

**\*\*We moved!  SCS Financial is now located at 888 Boylston Street, Suite 1010, Boston, MA 02199**

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER
PROTECTED BY FED R. EVID. 502(d)

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER
PROTECTED BY FED R. EVID. 502(d)

# EXHIBIT 25

| **From:** | Katie Sullivan <Katie@Streamlinefamilyoffice.com> |
|---|---|
| **Sent:** | Monday, January 8, 2018 1:59 PM |
| **To:** | Jennifer Friesen <Jennifer@Streamlinefamilyoffice.com> |
| **Subject:** | FW: Here you go |
| **Attach:** | TA Investment Agreement fully executed [english] 2017.12.20.pdf; ATT00001.htm; TA Investment Agreement fully executed [spanish] 2017.12.20.pdf; ATT00002.htm; Ecuador Wire Instructions Dec 2017.pdf; ATT00003.htm |

**From:** Katie Sullivan
**Sent:** Saturday, December 23, 2017 6:56 PM
**To:** Abbiati, Tony <tabbiati@scsfinancial.com>
**Subject:** Re: Here you go

Tony,

Counter signatures attached in both Spanish & English. It is not necessary for you to sign the Spanish version but wanted you to have for your files.

Wire instructions attached as well. Let me know when initiated so I can confirm receipt.

Here is the link to Appendix 1: https://www.dropbox.com/s/bzf7zi2bflxz5jw/APPENDIX%201.pdf?dl=0

Wishing you and yours a wonderful Christmas!

Cheers!
Katie

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER
PROTECTED BY FED R. EVID. 502(d)

# EXHIBIT 26

## Ecuador Judgment Investment Agreement

In consideration of an investment of $500,000 from the Funder (defined below) to help obtain a monetary recovery of the Ecuador Judgment (defined below) against Chevron Corporation and its subsidiaries and related entities ("Chevron"), the Frente de Defensa de la Amazonía (FDA), in its capacity as the sole beneficiary of the environmental remediation award under the Ecuador Judgment and the Ecuador Trust (defined below), and the Funder, hereby agree as follows:

1. Definitions:

   a. "Ecuador Judgment": The final judgment and award in the case of *Maria Aguinda et al. v. Chevron Corp.*, rendered in the first instance by the Provincial Court of Justice of Sucumbíos, 14 Feb. 2011, affirmed on appeal by the Sole Chamber of the Provincial Court of Justice of Sucumbíos, 3 Jan. 2012, certified for enforcement on 17 Feb. 2012, and affirmed by the National Court of Justice on 12 Nov. 2013. "Ecuador Judgment" in this Agreement refers to the legal obligation imposed on Chevron by the Ecuadorian courts as reflected in the aforementioned decisions (attached in Appendix 1) collectively.

   b. "Ecuador Trust": "FIDEICOMISO MERCANTIL DE ADMINISTRACIÓN DE FLUJOS ADAT," created 1 March 2012 in Quito, Ecuador, pursuant to instructions in the Ecuador Judgments, in which the individual claimants in the *Aguinda* case placed the entirety of their interest in trust for the implementation of remediation and payment of related expenses, naming the Frente de Defensa de la Amazonía (FDA) as the sole beneficiary.

   c. "Judgment Proceeds": "Judgment Proceeds" as used herein shall mean the total amount of any and all funds actually collected by the Ecuador Parties or any of their agents or related parties related to the Ecuador Judgment. This includes, without limitation, any settlement monies paid by Chevron; any judicial orders obtained by claimants against Chevron that result in the recovery of funds, non-monetary assets, or anything of value; the additional 10% Award to the FDA entitled by Ecuador's Environmental Management Law; any post-judgment interest payments or penalties awarded by the Canadian courts or any court; and any additional award of fees or expenses by the Ecuadorian, Canadian, or any other court. Ecuador Judgment Gross Proceeds includes, without limitation, any interest payments on either of the pending judgment, fees, penalties, and the 10% Award.

1 / 5

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER
PROTECTED BY FED. R. EVID. 502(d)

MKS-0016398

2. <u>Parties and Agents</u>:

    a. "<u>FDA</u>": Frente de Defensa de la Amazonia, Eloy Alfaro No. 801 y Progreso, Nueva Loja, Ecuador.

    b. "<u>Trust Board President</u>": The individual identified in Appendix 2B appointed upon the establishment of the Ecuador Trust and responsible for carrying out duties and exercising authority specified therein.

    c. "<u>Ecuador Parties</u>": The FDA and the Trust Board President.

    d. "<u>Funder</u>": As identified in Appendix 2A, to be provided by the Funder upon completion and execution of this Agreement.

    e. "<u>U.S. Representative</u>": As identified in Appendix 2B.

3. <u>Investment</u>: In satisfaction of the obligations under this Agreement, the Funder shall cause the Investment amount to be paid to the Funding Escrow Account. Once Funder transfers and clears the full amount of the Investment, the Investment will be deemed to have been made and the Funder will be entitled irrevocably to the Funder's Interest and immediately will become the co-owner of the Ecuador Judgment, subject to the conditions and limitations outlined herein.

4. <u>Grant of Interest</u>: In consideration for the Investment, the FDA hereby grants, and the Trust President hereby acknowledges, an Interest owing to the Funder of .25% of the total amount of the Ecuador Judgment and the Judgment Proceeds as further set forth herein (Funder's Interest).

5. <u>Co-ownership of Ecuador Judgment</u>: As per this Agreement, the Funder will be a co-owner of the Ecuador Judgment up to the amount of his Interest in the Judgment. The Funder will not have the independent power to enforce his ownership Interest against Chevron or its subsidiaries. The Ecuador Parties, together with the *Aguinda* claimants and the communities affected by Chevron's contamination, retain ultimate authority over settlement and disposition of the dispute.

6. <u>Guarantee of Obligations</u>: The FDA warrants that it is the sole beneficiary of the Ecuador Judgment in trust and the FDA hereby irrevocably warrants that the Funder is legally entitled to receive its Interest in accordance with this Agreement.

7. <u>Ecuador Parties' Recognition of Existing Equity Holders</u>: The Ecuador Parties hereby acknowledge that over the course of the litigation against Chevron, they have entered

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER
PROTECTED BY FED R. EVID. 502(d)

MKS-0016399

into various agreements with funders, lawyers, and other service providers (known collectively as the Existing Equity Holders). These agreements also provide a grant of interest in the Judgment Proceeds. The Ecuador Parties guarantee to the Funder that the Funder's interest does not infringe directly and/or indirectly on any obligations under these agreements and that the Funder's interest will be paid out of the Judgment Proceeds recovered.

8.  Priority: The Ecuador Parties hereby irrevocably warrant that all obligations to the Funder and the Existing Equity Holders will be satisfied in accordance with this Agreement prior to any distributions to the Ecuador Parties or the Ecuador Trust.

9.  FDA Guarantee Regarding the 10% Award: The FDA hereby irrevocably warrants that in addition to the other obligations outlined herein, the additional 10% Award due under the judgment, as well as any interest on the judgment collected in any enforcement jurisdiction and available for dispensation by the FDA, shall be used to guarantee full payment to the Funder as per this Agreement.

10. Escrow Accounts: Two escrow accounts shall be created by the FDA and the U.S. Representative, as follows:

    a.  The Funding Escrow Account will be created to hold investment monies transferred under this Agreement to be distributed per the instructions of the U.S. Representative.

    b.  A second escrow account ("Distribution Escrow Account") shall be created in due course to collect the Judgment Proceeds and distribute the same to satisfy the interests of the Funder and all other equity holders. This Account, or a separate escrow or trust, shall then distribute the remaining funds (after all Agreements of the equity holders have been paid) to the Ecuador Trust to implement the environmental remediation ordered by the Ecuador Judgment.

11. Use of funds: The investment shall be used by the FDA and U.S. Representative to fund legal efforts to collect the Ecuador Judgment in Canada and in other jurisdictions as chosen by the Ecuador Parties. Funds also will be used for various purposes, including (but not limited to): to defend against retaliatory actions brought by Chevron; maintain communication with affected community groups in Ecuador; media relations; public education about the facts of the case; and outreach to the investment community.

12. Obligations of the Funder: Once the Funder has made its investment, the Funder will be under no obligation whatsoever as per this Agreement.

3 / 5

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER
PROTECTED BY FED R. EVID. 502(d)

MKS-0016400

13. No Dilution: Following the making of the Investment, the Funder's interest will not be subject to dilution absent the express and written consent of the Funder.

14. Partial Recovery in Non-Settlement Scenario: If the collection of funds from the Ecuador Judgment takes place on a partial or incremental basis (for example, if Chevron assets are seized in an enforcement jurisdiction incrementally over time, while the litigation continues in other jurisdictions in an effort to realize a full recovery of the judgment), the Ecuador Parties irrevocably warrant that the Funder (along with other Existing Equity Holders) will be compensated *pro rata* a percentage of any funds recovered corresponding to its respective interest. Said payments shall be made promptly upon receipt of any funds recovered under the terms of this Agreement.

15. Binding and Irrevocable Authority of the FDA: The signatory of the FDA to this Agreement affirms he/she has the authority, upon ratification by the FDA Executive Committee, to fully and irrevocably bind the organization.

16. Information: Investor will be kept apprised on a regular basis of all material developments in the litigation.

17. Common Legal Interest: The FDA, the Ecuador Trust, the Funder, and the U.S. Representative have a "common legal interest" in the Claim, this Agreement and any discussion, evaluation and negotiation or other communications and exchanges of information relating thereto.

18. Counterparts: This Agreement may be signed in multiple counterparts. Each counterpart shall be considered an original instrument, but all of them in the aggregate shall constitute one Agreement.

19. Confidentiality: The Parties agree that the details of this Agreement, and all related communications, will be kept confidential as between the Parties and will not be divulged to third parties.

20. Conflict of Language: To the extent there is a conflict between the English and Spanish versions of the Agreement, the English version shall apply.

21. Assignment: This Agreement shall inure to the benefit of, and shall be binding upon, the parties and their respective assignees, transferees and successors-in-title or interest. References to the parties include their assignees, transferees and successors-in-title or interest, and shall include both corporate and unincorporated associations, partnerships, and individuals.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER
PROTECTED BY FED R. EVID. 502(d)

MKS-0016401

22. <u>Severability & Invalidity</u>: If any term or provision in this Agreement shall in whole or part be held to be illegal or unenforceable under any judicial decision or legal act, that term or provision shall be deemed to be excluded from this Agreement and the enforceability of the remainder of this Agreement will not be affected.

23. <u>Entire Agreement</u>: This Agreement shall constitute the entire agreement between the parties and shall supersede all prior agreements, understandings and negotiations between the parties with respect to the subject matter of this Agreement.

24. <u>Governing law</u>: This Agreement shall be governed by the laws of Ontario, Canada. The courts of Ontario shall have exclusive jurisdiction to hear any claim or dispute related to this Agreement.

DATED: 12/20/17

Carmen Cartuche
President, FDA

DATED: 12/20/2017

Ermel Gabriel Chavez Parra
Board President, Ecuador Trust

DATED: 12/20/12

U.S. Representative

DATED: 12/16/17

Funder        On behalf of CHV, LLC

5 / 5

# EXHIBIT 27

# PURRINGTON MOODY WEIL LLP

245 EAST FRIENDLY AVENUE, SUITE 200, GREENSBORO, NC 27401  ■  TEL 336-510-5880  FAX 336-510-5888

May 9, 2012

<u>By Federal Express and Email</u>

Mr. Glenn J. Krevlin
1185 Park Avenue
Apartment 12-D
New York, 10128

Re:   <u>Replacement Notes</u>

Dear Glenn:

As per your request, enclosed are original counterparts of (i) Replacement Promissory Note #1 and (ii) Replacement Promissory Note #2, both of which have been executed by Steven.  Please countersign each of the enclosed, and also arrange for the trustee to do likewise, and send me a PDF copy of the fully executed replacement notes.

You should retain the enclosed originals for your files.  However, please send Steven the initial February 2011 notes so that he can marked them as replaced or otherwise destroy them.

Let me know if you have any questions or need anything else.

Sincerely,

William J. Carmody

Enclosures

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER
PROTECTED BY FED R. EVID. 502(d)

<u>REPLACEMENT PROMISSORY NOTE #1</u>

This Replacement Promissory Note #1 (this "<u>Replacement Note #1</u>"), dated as of March __, 2012, is made by and between Glenn J. Krevlin Irrevocable Trust FBO Adam W. Krevlin dated October 29, 2007, as holder ("<u>Holder</u>"), and Steven R. Donziger, as maker ("<u>Donziger</u>").

<u>RECITALS.</u>

A.    Pursuant to that certain Convertible Promissory Note dated February 17, 2011 (the "<u>Initial Note</u>"), Glenn Krevlin, an individual resident of New York ("<u>Krevlin</u>") loaned Donziger the principal amount of $250,000 (the "<u>Advance</u>"), on the terms and conditions contained in the Initial Note. The proceeds of the Advance were utilized by Donziger to pay for third party expenses incurred by or on behalf of the Claimants in the case *Maria Aguinda y Otros v. Chevron Corporation,* which is currently pending in the courts of Ecuador (in particular, for certain legal actions instituted in the United States of America by Chevron Corporation against the Claimants and various of its advisors and counsel).

B.    The Unpaid Amount (as defined in the Initial Note) was not repaid by the Due Date (as defined in the Initial Note). Accordingly, the Unpaid Amount automatically converted into the right of Krevlin to receive from Donziger the Pro-Rata Portion (as defined in the Initial Note) of Donziger's interest in the Net Recoveries (as defined in the Funding Agreement dated as of October 31, 2010 by and among Treca Financial Solutions and the various claimants listed in Schedule 1 thereof). As of the Due Date, the Unpaid Amount was equal to Two Hundred Fifty-Seven Thousand Five Hundred Dollars ($257,500).

C.    On or about the date of this Replacement Note #1, Krevlin assigned (i) fifty percent (50%) of his interest in and to the Initial Note to the Holder, and (ii) fifty percent (50%) of his interest in and to the Initial Note to Glenn J. Krevlin Irrevocable Trust FBO Sam A. Krevlin dated October 29, 2007 (the "<u>Other Trust</u>"). Accordingly, as of the date of this Replacement Note #1, Donziger is indebted to Holder in the amount of $128,750.

D.    Holder, Donziger and Krevlin desire to evidence the foregoing conversion and assignment, as set forth below.

NOW, THEREFORE, for and in consideration of the foregoing premises, the mutual covenants set forth herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the undersigned hereby agree as follows:

1.    Donziger hereby makes and issues (a) this Replacement Note #1 and (b) Replacement Promissory Note #2 dated as of even date herewith made by and between Glenn J. Krevlin Irrevocable Trust FBO Sam A. Krevlin dated October 29, 2007, as holder, and Donziger, as maker (Replacement Note #2), in full substitution for and replacement of the Initial Note. Donziger further acknowledges that Krevlin has assigned (i) 50% of his interest in and to the Initial Note to the Holder and (ii) 50% of his interest in and to the Initial Note to the Other Trust, and agrees that Holder is the proper holder of this Replacement Note #1 as of the date hereof. The undersigned agree that this Replacement Note #1 and Replacement Promissory Note #2 collectively amend and restate the Initial Note in its entirety.

2.    As of the date hereof, Donziger is justly indebted to Holder in the amount of One Hundred Twenty Eight Thousand Seven Hundred Fifty and 00/100ths Dollars ($128,750). Interest shall not accrue on or in respect of the foregoing amount, and no interest shall be payable in respect of the foregoing amount (other than interest that accrued under the Initial Note prior to August 17, 2011).

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER
PROTECTED BY FED R. EVID. 502(d)

3.      Donziger hereby agrees to pay to Holder an amount (the "Payment Amount") equal to fifty percent (50%) of the amount, in U.S. Dollars, obtained by dividing (a) the Unpaid Amount by (b) $250,000, and multiplying the resulting fraction by the product of (i) 0.000642 times (ii) the Net Recoveries.  The Payment Amount shall be paid to Holder within thirty (30) days of the receipt by Donziger of any amount of his interest in Net Recoveries as follows: (y) if the amount of Net Recoveries received by Donziger are less than the Payment Amount, then Donziger shall pay to Holder an amount equal to one-half of the Net Recoveries received by Donziger, and (z) if the Net Recoveries received by Donziger are greater than or equal to the Payment Amount, then Donziger shall pay to Holder an amount equal to the Payment Amount.

4.      This Replacement Note #1 shall be governed by the laws of the State of New York.

MAKER:

Steven R. Donziger

HOLDER:

The Glenn J. Krevlin Irrevocable Trust FBO Adam W. Krevlin

By:

Name:
Title:

ACKNOWLEDGED AND AGREED:

Glenn Krevlin

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER
PROTECTED BY FED R. EVID. 502(d)

## REPLACEMENT PROMISSORY NOTE #2

This Replacement Promissory Note #2 (this "Replacement Note #2"), dated as of March __, 2012, is made by and between Glenn J. Krevlin Irrevocable Trust FBO Sam A. Krevlin dated October 29, 2007, as holder ("Holder"), and Steven R. Donziger, as maker ("Donziger").

### RECITALS.

A.       Pursuant to that certain Convertible Promissory Note dated February 17, 2011 (the "Initial Note"), Glenn Krevlin, an individual resident of New York ("Krevlin") loaned Donziger the principal amount of $250,000 (the "Advance"), on the terms and conditions contained in the Initial Note. The proceeds of the Advance were utilized by Donziger to pay for third party expenses incurred by or on behalf of the Claimants in the case *Maria Aguinda y Otros v. Chevron Corporation*, which is currently pending in the courts of Ecuador (in particular, for certain legal actions instituted in the United States of America by Chevron Corporation against the Claimants and various of its advisors and counsel).

B.       The Unpaid Amount (as defined in the Initial Note) was not repaid by the Due Date (as defined in the Initial Note). Accordingly, the Unpaid Amount automatically converted into the right of Krevlin to receive from Donziger the Pro-Rata Portion (as defined in the Initial Note) of Donziger's interest in the Net Recoveries (as defined in the Funding Agreement dated as of October 31, 2010 by and among Treca Financial Solutions and the various claimants listed in Schedule 1 thereof). As of the Due Date, the Unpaid Amount was equal to Two Hundred Fifty-Seven Thousand Five Hundred Dollars ($257,500).

C.       On or about the date of this Replacement Note #2, Krevlin assigned (i) fifty percent (50%) of his interest in and to the Initial Note to the Holder, and (ii) fifty percent (50%) of his interest in and to the Initial Note to Glenn J. Krevlin Irrevocable Trust FBO Adam W. Krevlin dated October 29, 2007 (the "Other Trust"). Accordingly, as of the date of this Replacement Note #2, Donziger is indebted to Holder in the amount of $128,750.

D.       Holder, Donziger and Krevlin desire to evidence the foregoing conversion and assignment, as set forth below.

NOW, THEREFORE, for and in consideration of the foregoing premises, the mutual covenants set forth herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the undersigned hereby agree as follows:

1.       Donziger hereby makes and issues (a) this Replacement Note #2 and (b) Replacement Promissory Note #1 dated as of even date herewith made by and between Glenn J. Krevlin Irrevocable Trust FBO Adam W. Krevlin dated October 29, 2007, as holder, and Donziger, as maker (Replacement Note #2), in full substitution for and replacement of the Initial Note. Donziger further acknowledges that Krevlin has assigned (i) 50% of his interest in and to the Initial Note to the Holder and (ii) 50% of his interest in and to the Initial Note to the Other Trust, and agrees that Holder is the proper holder of this Replacement Note #2 as of the date hereof. The undersigned agree that this Replacement Note #2 and Replacement Promissory Note #1 collectively amend and restate the Initial Note in its entirety.

2.       As of the date hereof, Donziger is justly indebted to Holder in the amount of One Hundred Twenty Eight Thousand Seven Hundred Fifty and 00/100ths Dollars ($128,750). Interest shall not accrue on or in respect of the foregoing amount, and no interest shall be payable in respect of the foregoing amount (other than interest that accrued under the Initial Note prior to August 17, 2011).

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER
PROTECTED BY FED R. EVID. 502(d)

3.      Donziger hereby agrees to pay to Holder an amount (the "Payment Amount") equal to fifty percent (50%) of the amount, in U.S. Dollars, obtained by dividing (a) the Unpaid Amount by (b) $250,000, and multiplying the resulting fraction by the product of (i) 0.000642 times (ii) the Net Recoveries.  The Payment Amount shall be paid to Holder within thirty (30) days of the receipt by Donziger of any amount of his interest in Net Recoveries as follows: (y) if the amount of Net Recoveries received by Donziger are less than the Payment Amount, then Donziger shall pay to Holder an amount equal to one-half of the Net Recoveries received by Donziger, and (z) if the Net Recoveries received by Donziger are greater than or equal to the Payment Amount, then Donziger shall pay to Holder an amount equal to the Payment Amount.

4.      This Replacement Note #2 shall be governed by the laws of the State of New York.

MAKER:

Steven R. Donziger

HOLDER:

The Glenn J. Krevlin Irrevocable Trust FBO Adam W. Krevlin

By:

Name:
Title:

ACKNOWLEDGED AND AGREED:

Glenn Krevlin

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER
PROTECTED BY FED R. EVID. 502(d)

MKS-0002568

# EXHIBIT 28

**From:** Steven Donziger <sdonziger@donzigerandassociates.com>
**Sent:** Tuesday, January 2, 2018 7:58 AM
**To:** Katie Sullivan <Katie@Streamlinefamilyoffice.com>
**Cc:** Aaron Marr Page <aaron@forumnobis.org>
**Subject:** Re: other funder -- important

---

ill talk to carmody and try to figure it out

**From:** Katie Sullivan <Katie@Streamlinefamilyoffice.com>
**Sent:** Tuesday, January 2, 2018 8:43:46 AM
**To:** Steven Donziger
**Cc:** aaron@forumnobis.org
**Subject:** Re: other funder -- important

We segregated the two personal loans (GK & DS) from the cap table since they had not yet been converted to equity. SD, you were going to reach out to the Carmody to understand how he came up with the #'s so we could make a relevant conversion from your % to an investor. If you want to delegate this, I'm happy to reach out.

Agree that it wouldn't be fair to convert 2011 $ to a 2018 valuation. Has the $250K loan come up in conversation over that last couple years? Key would be to also understand G's expectations which in the end is backed up with the loan agreement.

0.34165% sans $250k loan

On Jan 2, 2018, at 8:26 AM, Steven Donziger <sdonziger@donzigerandassociates.com> wrote:

> With regard to the promissory note for GK dating back to his 250k loan to me personally in 2011, Katie is proposing we just convert that into equity at the current valuation.  I am not so sure -- that might give him a windfall.
>
> Note that in May of 2012 we executed a replacement agreement which obligates me to repay Krevlin personally a certain amount out of my net recoveries from any collection of the judgment. Carmody (our lawyer then) came up with a formula of dividing the unpaid amt of the loan by 250k, "and multiplying the resulting fraction by the product of .000642 times the Net Recoveries". I have no idea how he came to this number or how that might be translated into equity at this point, as distinct from something based on my net recoveries.  My guess is that Carmody based this on the valuation of the case back then as we were selling shares to investors.
>
> My recommendation is that we not mix the 600k with the prior loan in the current agreement, but

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER
PROTECTED BY FED R. EVID. 502(d)

that we try to convert the prior loan into equity in the near future once we figure out a fair valuation based on what carmody was thinking.

thoughts?  maybe the three of us should talk.  please advise I am available

**From:** Katie Sullivan <Katie@Streamlinefamilyoffice.com>
**Sent:** Monday, January 1, 2018 3:44:52 PM
**To:** Steven Donziger
**Cc:** aaron@forumnobis.org
**Subject:** Re: other funder -- important

With percentages below:
0.125 - $250k note if converted at current valuation
0.125 - $250k May 2016
0.05 - $100k July 2016 - assumption as there is only a Spanish addendum in files
0.16675 - $250k Jan 2018

0.46665 total

On Jan 1, 2018, at 3:23 PM, Katie Sullivan <Katie@Streamlinefamilyoffice.com> wrote:

> From the files:
> 250 Feb 2011 - as a note & need to convert to equity
> 250 May 2016
> 100 Addendum signed July 2016
> 600 total
>
> On Jan 1, 2018, at 2:24 PM, Steven Donziger <sdonziger@donzigerandassociates.com> wrote:
>
>> Is the aggregate investment amount of the other guy (not TA) now 600,000?
>>
>> He put in 250,100, now 250 which equals 600
>>
>> please confirm

**Disclaimer**
The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER
PROTECTED BY FED R. EVID. 502(d)

unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

# EXHIBIT 29

| **From:** | Steven Donziger <sdonziger@donzigerandassociates.com> |
| **Sent:** | Friday, March 9, 2018 3:35 PM |
| **To:** | Katie Sullivan <Katie@Streamlinefamilyoffice.com> |
| **Subject:** | Re: FYI |

Equity.  I'll explain.  100k of services

Sent from my iPhone

On Mar 9, 2018, at 4:29 PM, Katie Sullivan <Katie@Streamlinefamilyoffice.com> wrote:

> An equity contract or something else?
>
> On Mar 9, 2018, at 4:19 PM, Steven Donziger <sdonziger@donzigerandassociates.com> wrote:

>> Yes!!  Sorry I've been behind.  Copying Katie Sullivan who will prepare draft. Hope you're well.
>>
>> Sent from my iPhone
>>
>> On Mar 9, 2018, at 2:55 PM, Campbell Ford <campbell@fordmiller.com> wrote:

>>> Steven,
>>>
>>>     Hope you are well. Can you get me the agreement back before the Gators get to the Final Four (this year, of course)?
>>>
>>>
>>> Campbell
>>>
>>>
>>> **From:** Steven Donziger [mailto:sdonziger@donzigerandassociates.com]
>>> **Sent:** Thursday, December 14, 2017 4:13 PM
>>> **To:** Campbell Ford
>>> **Subject:** FYI

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER
PROTECTED BY FED. R. EVID. 502(d)

Will get back to you shortly on your email.  See below.  Best, SRD

http://www.csrwire.com/press_releases/40655-Ecuadorians-Demand-Action-on-Chevron-s-Bribery-and-RICO-Fraud-From-U-S-Department-of-Justice

Ecuadorians Demand Action on Chevron's Bribery and RICO Fraud From U.S. Department of Justice – Press Releases on CSRwire.com

www.csrwire.com

Press Releases get your corporate social responsibility news and information out to journalists, investors, and industry professionals utilizing CSRwire's targeted reach.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER
PROTECTED BY FED R. EVID. 502(d)

# EXHIBIT 30

Message:   This Document has been Produced
            Natively

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER
PROTECTED BY FED R. EVID. 502(d)

**PRIVLEDGED & CONFIDENTIAL**



*Frente de Defensa de la Amazonia*
Amazon Defense Coalition
Donziger & Associates

Readers of this memorandum are familiar with the history and context of the *Aguinda* case and the judgment enforcement action in Canada (the "*Yaiguaje*" action). The following timeline details for convenience the most significant filing and decisional events of the *Yaiguaje* case and provides the plaintiffs legal team's current estimate of timing of future events based on currently available events and applying a cautiously optimistic framework analysis.

| LEGAL | US phase jurisdictional battle. Chevron insists on trial in Ecuador and accepts jurisdiction. | Trial in Ecuador 2/1/2011 Chevron tries to preempt enforcement with RICO claim. 2/14/11 $9.5B judgement awarded in Ecuadorian court. | Ecuador appellate court certifies the environmental judgment for international enforcement. | Recognition and enforcement action filed in the Ontario Superior Court in Toronto. | Judge Brown of the Ontario Superior Court dismisses action on grounds that recognition would be futile in light of alleged corporate separateness between Chevron Corp. and Chevron Canada. | Ontario Court of Appeal unanimously reverses Judge Brown's decision. **Court rules:** "After all these years, the Ecuadorian plaintiffs deserve to have recognition and enforcement of the Ecuadorian judgment heard in an appropriate jurisdiction. At this juncture, Ontario is that jurisdiction." | Chevron appeal of Judge Brown decision goes to Canada Supreme Court. | Canada Supreme Court unanimously affirms Court of Appeal decision that Judge Brown was wrong and Chevron must stand trial. Action returns to the Superior Court and randomly assigned to different judge. | Superior Court holds a three-day hearing on corporate separateness arguments, i.e. whether to dismiss Chevron Canada from the action and only proceed against Chevron Corp. | Judge Hainey of the Superior Court dismisses Chevron Canada on corporate separateness grounds, allows action to proceed against Chevron Corp. **Court rules:** A corporation is not an "asset" subject to seizure under the Execution Act. In fact, a corporation is "is not an asset of any other person including its own parent." | Ecuadorians appeal Hainey decision. | To try block the case, Chevron seeks an order imposing $1M in costs. | One judge on the Court of Appeal grants Chevron's request for cost order. | A full Appeals Court panel lifts the cost order and rejects Chevron's attempt to leverage the RICO findings into Canada. **Court rules:** The enforcement case is paradigmatic "public interest litigation" and "reality makes it difficult to accept that the motion for security for costs was anything more than a measure intended to bring an end to the litigation." | Court of Appeal will hear argument of Hainey's extreme interpretation of limited corporate liability under the Execution Act. | Per AL on 11/29/17: April decision by Sept 1, '18 Chevron (losing side) file appeal end of Oct '18 6-7 month process | Oct - case in front of Supreme Court Dec/Jan '20 - decision by Supreme Court |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **DATES** | **1993-2002** | **2003-2011** | **Mar-12** | **May-12** | **May-13** | **Dec-13** | **2014** | **Sep-15** | **Sep-16** | **Jan-17** | **Mar-17** | **Jun-17** | **Sep-17** | **Oct-17** | **Apr-18** | **Sep-Dec-18** | **2019** |

| FUNDERS | $7M Fund I | $23M Fund II | | | | | $6.5M Fund III | | | | $1.5M Fund IV | | | | $500K-$1M bridge *in process* | | Strategic capital partners Fund V |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| TEAM | **US** -Steven Donziger -Aaron Marr Page -Karen Hinton -Eva Golinger -Ben Barnes -Simon Billiness -Amazon Watch -CRS Media | **Ecuador** -FDA -Carmen Tartuche -Jamie Vargas -Marlin Vargas -Juan Aulestia -Luis Yanza -Patricio Salazar -Augustin Salazar | **Canada** -Alan Lenczner & team -Peter Grant & team -Phil Fontaine, AFN -Edward John, AFN -Wilton Littlechild, AFN -Prof. Kathleen Mahoney - Rex Wyler, Greenpeace co-founder | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**PRIVILEGED & CONFIDENTIAL**

## Ecuador Case Management - 12 MONTH EXPENSE PROJECTION
### DECEMBER 2017

prepared by 

| | | Projected Budget 2018 Monthly | | Projected Budget 2018 Annual | |
|---|---|---:|---|---:|---|
| **EXPENSES** | | | | | |
| | | | | | |
| | | | | | |
| ***Legal Fees*** | | | | | |
| | Steven Donziger | $ 25,000 | | $ 300,000 | |
| | Aaron Marr Page | $ 5,625 | | $ 67,500 | |
| | Full time attorney | $ 10,000 | | $ 120,000 | |
| | Peter Grant | $ 8,333 | | $ 100,000 | |
| | John Phillips | $ - | | $ - | |
| | Legal contingency | $ 4,000 | | $ 48,000 | |
| | | | $ 52,958 | | $ 635,500 |
| | | | | | |
| ***PR costs*** | | | | | |
| | Cristina Munoz - Ecuador | $ 500 | | $ 6,000 | |
| | Press releases | $ 2,000 | | $ 24,000 | |
| | Website mgt | $ 500 | | $ 6,000 | |
| | Media coverage | $ 850 | | $ 10,200 | |
| | | | $ 3,850 | | $ 46,200 |
| ***Stipend Payments*** | | | | | |
| | Simon Billiness - shareholder support/resolutions | $ 850 | | $ 10,200 | |
| | Streamline - administrative/accounting | $ 2,000 | | $ 24,000 | |
| | Juan Aulestia - Ecuador management | $ 1,000 | | $ 12,000 | |
| | Luis Yanza - Ecuador community/client relations | $ - | | $ - | |
| | FDA - client group | $ 4,333 | | $ 51,996 | |
| | Rex Weyler | $ 2,000 | | $ 24,000 | |
| | | | $ 10,183 | | $ 122,196 |
| ***Travel*** | | | | | |
| | Travel - Ecuador in country | $ 1,000 | | $ 12,000 | |
| | Travel - Ecuadorians outside country | $ 4,000 | | $ 48,000 | |
| | Travel & Entertainment - fundraising/case mgt | $ 8,000 | | $ 96,000 | |
| | Travel - Canadian attorneys | $ 4,000 | | $ 48,000 | |
| | | | $ 17,000 | | $ 204,000 |
| | | | | | |
| Contingency | | $ 5,000 | | $ 60,000 | |
| | | | | | |
| **TOTAL** | | **$ 88,991** | | **$ 1,067,896** | |
| | | | | | |
| ***Onetime payments*** | | | | | |
| | Sept 2017 Canadian Delegate trip reimbursement to SRD | | | $ 50,000 | |
| | Peter Grant legal retainer | | | $ 100,000 | |
| | Reimburse SRD (back salary, direct expenses) | | | $ 150,000 | |
| | Travel - Chief trip to Ecuador | | | $ 20,000 | |
| | Calgary conference - Oct 2018 | | | $ 200,000 | |
| | | | | | $ 520,000 |
| | | | | | |
| **2018 projected expenses** | | | | | $ 1,587,896 |
| | | | | | |
| **2019 projected expenses** | | | | | $ 1,067,896 |
| | | | | | |
| **TOTAL capital funding required thru Dec 2019** | | | | | $ 2,655,792 |

**PRIVILEGED & CONFIDENTIAL**

**Ecuador Case Management - Accounts Payable Summary**
**DECEMBER 2017**



**DUE to**

| | |
|---|---|
| Sept trip reimbursement SRD | 45,000 |
| Peter Grant legal fees | 125,000 |
| Payment to X for X | 2,500 |
| Payment to X for X | 2,500 |
| Payment to X for X | 2,500 |
| Payment to X for X | 2,500 |
| | |
| *Total  Expenses* | $ 180,000 |