Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Randy M. Mastro
Direct: +1 212.351.3825
Fax: +1 212.351.5219
RMastro@gibsondunn.com

October 26, 2018

<u>VIA ECF</u>

The Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, 10007

Re:     *Chevron Corp. v. Donziger*, No. 11 Civ. 0691 (LAK)

Dear Judge Kaplan:

I write as counsel for Plaintiff Chevron Corporation ("Chevron") to provide the Court with Chevron's proposed Forensic Inspection Protocol (the "Protocol") (attached hereto as Exhibit A) and to respectfully request that the Court order Donziger to appear for deposition on December 12, 2018, pursuant to this Court's October 18, 2018 order granting Chevron's Second Motion to Compel Donziger to Respond to Post-Judgment Discovery Requests. Dkt. 2108. Chevron also requests that the Court appoint a Special Master to preside over the deposition given Donziger's stated intent to limit the scope of the deposition improperly.

In its October 18 Order, the Court directed Donziger to appear for a deposition on a date agreed to by the parties by October 25, 2018, or on a date fixed by the Court. The Court also ordered that Donziger's electronic devices be forensically imaged and examined, and directed the parties to agree on a procedure for the imaging and examination of Donziger's electronic information by October 26, 2018. Chevron's counsel attempted to meet and confer with Donziger.[1] *See* Exhibit B. Donziger, however, refused to engage in any substantive discussion regarding either issue during the scheduled meet and confer teleconference (which was delayed twice at his request). Instead, he insisted that he was going to send Chevron's counsel an email. *Id.* at 1.

Donziger then sent an email in which he states that he intends to "go into contempt" with respect to this Court's order. *Id.* at 2. Donziger also stated that "I would like to see any deposition as an opportunity to help you understand the nature (and legitimacy) of the litigation finance efforts. If you choose to use the deposition differently, i.e. to harangue me

---

[1]   Attached hereto as Exhibit B is a true and correct copy of email correspondence between Chevron's counsel and Donziger dated October 25, 2018.

The Honorable Lewis A. Kaplan
October 26, 2018
Page 2

about miscellaneous topics unrelated to the financing or my assets, I will probably choose not to cooperate for very long." *Id*. at 2.

Counsel for Chevron followed up with Donziger in writing, asking him to consent to a date for a deposition, seeking to confirm that he did not intend to comply with this Court's order regarding the forensic imaging of his electronic devices, and requesting that he confirm no devices or information had been destroyed. *Id*. Donziger did not respond, and yesterday, confirmed his intention to refuse to comply with this Court's order in a letter to the Court. Dkt. 2118 at 1.[2]

Accordingly, Chevron is providing the Court with its proposed Protocol for the collection, imaging, and analysis of Donziger's electronic devices without Donziger's input. The Protocol proposes the appointment of Alix Partners as a Neutral Forensic Expert that will collect and image Donziger's devices and accounts. *See* Protocol at ¶ 1. Alix Partners is a highly qualified vendor that has provided no prior services in this litigation or related litigation.[3] The Protocol also provides for the inspection and analysis of the forensic images of Donziger's devices and accounts by Chevron's Forensic Expert. *See* Protocol at ¶ 11–16, 19. This inspection and analysis is necessary to identify relevant documents, as well as to investigate any potential attempts to delete or hide relevant information. Chevron will be filing proposed search terms and a brief in support of the adoption of its proposed Protocol shortly.

Additionally, Chevron respectfully requests that the Court order Donziger to appear for a deposition on December 12, 2018. Chevron proposes the date of December 12, 2018 on the assumption that the imaging and searching of Donziger's devices for responsive documents, as well as their production, will be complete by then. Chevron reserves the right to request that the Court order the deposition to take place on a later date should circumstances change. In view of Donziger's stated intention to limit the scope of the deposition improperly, Chevron also requests that the Court appoint a Special Master to preside over the deposition.

---

[2]  Chevron disputes the allegation that it has "repeatedly refused to narrow" the document Request identified by Donziger in his letter, or any other Request. Dkt. 2118 at 1. Rather, it is Donziger that has refused to engage in any cooperative discovery process, necessitating two motions to compel, and he still has yet to produce even those documents he apparently does not dispute he must produce, documents regarding "litigation finance efforts and the existence of [his] assets." *Id*. at 1-2. It is far too late for Donziger to fall back on the meet and confer process to further avoid or delay compliance with his discovery obligations, as set forth in this Court's orders.

[3]  Attached hereto as Exhibit C is an email dated October 25, 2018 from Sean Dowd of Alix Partners, providing a rate range for Alix Partners' work.

The Honorable Lewis A. Kaplan
October 26, 2018
Page 3

Sincerely,

Randy M. Mastro

RMM/sdb