# EXHIBIT 16

**Champion, Anne**

| | |
|---|---|
| **From:** | Champion, Anne |
| **Sent:** | Thursday, October 25, 2018 4:04 PM |
| **To:** | 'Steven Donziger' |
| **Cc:** | Neuman, Andrea E. |
| **Subject:** | RE: Correspondence from Steven Donziger |

Dear Mr. Donziger,

    This is to confirm that Ms. Neuman and I called you this morning to meet and confer on the Court's recent forensic imaging order (Dkt. #2108 at 2-3) and you refused to engage on any substantive issue – insisting instead that you would be sending us an email.  I asked during our call that you discuss both a mutually agreeable forensic expert and a deposition date.  You refused to discuss either.  We are now in receipt of your email below regarding the pending order that we were scheduled (yesterday and this morning) to meet and confer on.

    In reference to the Court's October 18, 2018 order, you state below that you are "going into contempt".  We understand this to mean that you are (1.) refusing to jointly recommend a forensic expert to the Court to conduct the imaging of your devices and accounts, (2.) refusing to discuss or agree to protocols pursuant to which that imaging will take place, and (3.) refusing to produce your devices and accounts.  If this is not correct, please inform us of which, if any, of these items you are not refusing to do immediately.  As to your deposition, it needs to take place after your devices and accounts have been imaged and searched and responsive documents have been produced.  We have thus proposed the date of December 6, 2018, but we do not agree to your purported exercise of unilateral control over the subject matter of the deposition as described below.  We will inform the Court today of this exchange and Chevron's proposed deposition date and request that the deposition take place in the presence of a Special Master.

    In addition, please confirm that you have not altered or otherwise disposed of any devices and accounts at any time during these proceedings, including but not limited to since the issuance of the Court's most recent order.

Best regards,


**Anne Champion**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.5361 • Fax +1 212.351.5281
AChampion@gibsondunn.com • www.gibsondunn.com

---

**From:** Steven Donziger <sdonziger@donzigerandassociates.com>
**Sent:** Thursday, October 25, 2018 10:02 AM
**To:** Champion, Anne <AChampion@gibsondunn.com>; Neuman, Andrea E. <ANeuman@gibsondunn.com>
**Subject:** Correspondence from Steven Donziger

[External Email]
Anne and Andrea,

I write to advise you of my anticipated course of action regarding Judge Kaplan's order regarding the motion to compel that waived all of my privileges. To be clear, I continue to assert all of my privileges and my position is that I have not waived any of my privileges.

As you know, I have yet to receive a ruling from the court regarding your client's original motion to hold me in contempt filed in March of this year. This is highly unusual and violates my due process rights, among other problems, in that it prevents me and my clients in Ecuador from knowing what the court considers appropriate fundraising in light of the RICO judgment and the later clarification order issued in April 2014 that clearly authorized fundraising for the case and payments to me for my work on the same.

As a result, I presently see no choice other than to go into contempt until I can get a ruling on the most basic issues that are driving what I believe to be your entirely inappropriate, over-broad, intrusive, and constitutionally infirm discovery rampage targeting financial supporters and others of the Ecuadorians that is clearly designed to dry up funding for the case and to intimidate those who support both the litigation and the broader corporate accountability campaign (what you call a "pressure" campaign) against your client Chevron.

I don't want to go into contempt, but I genuinely feel that the court has given me no choice in light of its failure to rule, which is obviously designed to shield its many problematic decisions from appellate review. I will be apprising Judge Kaplan of my position as soon as I can.

That said, I am not unwilling to cooperate with you on getting you information sufficient for you to fully understand the litigation finance efforts of the past few years and the full extent of my assets, especially in light of the extent of the disclosures made by Ms. Sullivan.  I am also fine coming in for a deposition. Again, in light of Ms. Sullivan's disclosures, I would like to see any deposition as an opportunity to help you understand the nature (and legitimacy) of the litigation finance efforts. If you choose to use the deposition differently, i.e. to harangue me about miscellaneous topics unrelated to the financing or my assets, I will probably choose not to cooperate for very long.

Steven