# STEVEN R. DONZIGER

245 WEST 104TH STREET, SUITE 7D
NEW YORK, NEW YORK 10025

212-570-4499 (O)
917-566-2526 (CELL)

November 8, 2018

**VIA ECF**

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312

   RE:   *Chevron v. Donziger*, Case No. 11 Civ. 691 (LAK)

Dear Judge Kaplan:

That dripping sound is the drool coming off of Chevron's motion (Dkt. 2120) as it describes how it soon hopes to obtain my computer, all my "devices," passwords to all my email and social media accounts, and more, so as to begin scrutinizing the entirety of my digital life as it pleases, freely and pruriently browsing through confidential and privileged work product as well as utterly personal material, ever searching for more fuel for the increasingly demonic "demonization" campaign it has besieged me with for so many years now.

As I have argued repeatedly, discovery in these post-judgment proceedings has been illegitimate from the start. For six months, I have sought a basic explanation from the Court of how my litigation finance efforts can possibly be found in contempt of court given the assurances provided in the April 25, 2014 Opinion. Dkt. 1901. The Court has refused to rule for over six months, clearly boxed-in by its own words. Five months ago, I also sought a protective order "to prevent discovery in this case from turning into a private 'blank warrant' allowing Chevron to intrude and infiltrate itself into the First Amendment-protected political activities, associations, speech, operational practices, and strategic deliberations of [myself] and others." Dkt. 2026. The Court refused to provide relief and what I feared would happen is precisely what has happened.

The notion that Chevron's "protocol" would in any way protect my "legitimate privacy interests and the integrity of [my] data" is ludicrous. First, Chevron only proposes to use a "neutral" forensic expert for the "imaging" phase of its fantasized process; after that, the data apparently gets handed over to a "Chevron" expert who appears to answer to Chevron

Hon. Lewis A. Kaplan
November 8, 2018
Page 2 of 2

and Chevron alone. The notion that Chevron would be in any way limited in scope by its protocol is a pretense revealed by even a cursory review of its list of 1000 or more comically overbroad proposed search terms: "Chevron"; "Draft*"; "Indigenous"; "Sell*"; "Send"; "Settle"; "Credit card"; "Money"; "Paragraph"; and so on. The protocol targets hundreds of colleagues, supporters, and friends and family members, and specifically targets communications to and from my clients (e.g. "FDA," "Ermel Chavez," "Medardo Zhingre," all "Lago Agrio Plaintiffs (collectively, or individually by name)"), my colleagues on the Ecuador matter (e.g. "Patricio Salazar," "Alan Lenczner"), my personal counsel in related and unrelated matters (e.g., "Deepak Gupta," "Friedman Rubin," "Martin Garbus," "Gerald Lefcourt"), political supporters (e.g. "Jaime Vargas" [the current president of the national Ecuadorian indigenous alliance], "Luis Macas" [distinguished Ecuadorian indigenous leader]) allied organizations (e.g. "Global Witness," "Earth Rights International," "Pachamama"). It seeks documents going all the way to March 2010. The idea that Chevron would be in any limited by terms of this "protocol" is preposterous.

While I could make countless other objections to the abusiveness and disingenuousness of Chevron's protocol and desired search (and attack) methodology, any and all objections are pointless or at least premature at this point in light of my intended course of action, as I openly informed the Court on October 25, 2018. Dkt. 2118. There I indicated that my position is that I am not ethically able to comply with the Court's order to produce mountains of confidential and privileged material to Chevron under a wholly improper purported privilege waiver ruling and before the Court has even ruled on the core issue in Chevron's original contempt motion. If the Court is unwilling to rule on the legal basis of Chevron's motion and continues to refuse to allow me to assert any privilege whatsoever, I intend to openly and ethically refuse to comply with any production order and to take an immediate appeal of any resulting contempt finding the Court issues against me.

If that appeal is decided adverse to me and I am left with no choice but to produce the documents, the terms and scope of an appropriate protocol genuinely calculated to protect my legitimate privacy interests and the integrity of my data can be negotiated at that point in time and I reserve all rights and objections.

          Sincerely,

          /s_____

          Steven R. Donziger