UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x
                                                :

CHEVRON CORPORATION,           :

                 Plaintiff,                :

      v.                                :   11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,         :

                 Defendants.           :
---------------------------------------- x

**CHEVRON CORPORATION'S RESPONSE TO
STEVEN DONZIGER'S LETTER MOTION TO EXPEDITE (DKT. 2118)**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

STERN, KILCULLEN & RUFOLO LLC
325 Columbia Tpke, Ste 110
P.O. Box 992
Florham Park, New Jersey 07932-0992
Telephone: 973.535.1900
Facsimile: 973.535.9664

*Attorneys for Plaintiff Chevron Corporation*

On October 25, 2018, Donziger filed a letter that he docketed as a "Letter Motion to Expedite" in which he indicates that he "will be unable to comply with the order dated October 18, 2018 directing me to produce a potentially massive quantity of confidential and privileged documents and communications to Chevron." Dkt. 2118 at 1; *see also* Dkt. 2119-2 at 2 (Donziger claiming in email to Chevron that he "see[s] no choice other than go into contempt"). Although it is unclear what Donziger seeks to "expedite" through this letter, it appears that he is asking the Court to hold him in contempt for refusing to comply with the Court's October 18, 2018 order. Chevron does not oppose Donziger's request that the Court hold him in contempt of the October 18, 2018 order. To date, Donziger has refused to comply with any aspect of that order, and continues his brazen and intentional "stonewalling of post-judgment discovery." Dkt. 2108 at 2.

While Donziger's letter expresses various disagreements with the scope of Chevron's discovery requests—arguments the Court has already rejected—and the Court's finding that "Donziger has waived or forfeited any claim of privilege to responsive documents and information that otherwise might have applied" (*id.*), those disagreements cannot justify his refusal to comply with this Court's directives. As the Supreme Court has held, it is a "basic proposition" that "all orders and judgments of courts must be complied with promptly." *Maness v. Meyers*, 419 U.S. 449, 458 (1975). Thus, "[i]f a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal," and "[p]ersons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect." *Id.*; *see also Huber v. Marine Midland Bank*, 51 F.3d 5, 8 (2d Cir. 1995) (rejecting "attempted reargument" of underlying order in contempt proceeding); *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) ("An order issued by a court must be obeyed, even if it is later

1

shown to be erroneous.").

Donziger had a full and fair opportunity to raise any objections he may have had to Chevron's discovery requests, and to assert any applicable privileges, and he cannot at this stage excuse his refusal to comply with a clear order from this Court simply because he disagrees with it.

On the current record the Court would be justified in holding Donziger in contempt. However, Chevron respectfully suggests that, if the Court were inclined to give him a final opportunity to cure his contempt, the Court should order Donziger to appear at a hearing and bring with him all of the documents and devices he is obligated to produce to Chevron under the October 18, 2018 order. Should Donziger re-think his defiance, as he ultimately did with his Amazonia share transfers, he could bring himself into compliance, and the forensic expert retained pursuant to the proposed protocol submitted to the Court could be in attendance to take custody of Donziger's electronic devices for imaging.[1] In the event that Donziger refuses to appear, or appears and states his stubborn intention to defy the Court's order to bring those documents and devices to the hearing, his contempt would be established in open court.

If Donziger's defiance of the October 18, 2018 order continues, the Court should impose coercive sanctions to compel his compliance. The Court of course has many potential tools at its disposal. In addition to coercive contempt sanctions, the Court could also impose sanctions under Federal Rule of Civil Procedure 37(b)(2), such as denying Donziger's recently filed motion to compel regarding Ms. Sullivan's declaration (Dkt. 2124). *See, e.g.*, *In re Rogers*, 583 B.R. 604, 621–25 (Bankr. D. Mass. 2018) (denying contempt motion as a sanction under Rule 37 for movant's prior failure to comply with discovery orders).

---

[1] If ordered by the Court, this procedure would supplant the procedure for initially delivering Donziger's devices to the Neutral Forensic Expert for imaging under Chevron's proposed Forensic Inspection Protocol. *See* Dkt. 2120-1 ¶¶ 2, 4–5.

Finally, Chevron welcomes the resolution of this issue that Donziger has requested, particularly given the risk that Donziger might destroy the documents or devices subject to the October 18, 20018 order. As the Court is aware, Donziger has gone to great lengths to obstruct justice and frustrate discovery. *See, e.g.*, *Chevron Corp. v. Donziger*, 974 F. Supp. 2d 362, 594 (S.D.N.Y. 2014) (finding that Donziger obstructed justice); *Chevron Corp. v. Donziger*, 296 F.R.D. 168, 210–20 (S.D.N.Y. 2013) (discussing Donziger's efforts to block discovery of documents from Ecuador over which he had control). Donziger has also instructed his co-conspirators to destroy relevant documents. Dkt. 2058-14 at MKS-0000090 (Donziger: "Please delete all emails related to this and again, keep the info confidential.") And Donziger's frequent travel abroad heightens the risk that he will remove documents or devices from the United States. *See* Dkt. 2128-2 at 49-65 (travel timeline).

Dated: November 8, 2018

New York, New York

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

  *s/ Randy M. Mastro*
Randy M. Mastro
Andrea E. Neuman
Anne M. Champion
200 Park Avenue
New York, New York 10166
Telephone: 212.351.4000
Facsimile: 212.351.4035
Email: RMastro@gibsondunn.com
Email: ANeuman@gibsondunn.com

William E. Thomson
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520
Email: WThomson@gibsondunn.com

3

STERN, KILCULLEN & RUFOLO LLC
Herbert J. Stern
Joel M. Silverstein
325 Columbia Tpke, Ste 110
P.O. Box 992
Florham Park, New Jersey 07932-0992
Telephone:  973.535.1900
Facsimile:  973.535.9664
Email: hstern@sgklaw.com
Email: jsilverstein@sgklaw.com

*Attorneys for Chevron Corporation*