**STEVEN R. DONZIGER**

245 WEST 104TH STREET, SUITE 7D
NEW YORK, NEW YORK 10025

212-570-4499 (O)
917-566-2526 (CELL)

**MEMO ENDORSED**

October 25, 2018

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/26/2018
```

**VIA ECF**

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312

RE:   *Chevron v. Donziger*, Case No. 11 Civ. 691 (LAK)

Dear Judge Kaplan:

I write to respectfully inform the Court that I will be unable to comply with the order dated October 18, 2018 directing me to produce a potentially massive quantity of confidential and privileged documents and communications to Chevron.

I note that I have firmly asserted privilege over these documents in a manner consistent with the context of the proceedings and my abilities as a sole practitioner facing an onslaught of litigation in multiple fora. Many of Chevron's requests are ridiculously overbroad. For example, Request No. 21: "All DOCUMENTS evidencing or relating to any communication between YOU and any PERSON or ENTITY since March 4, 2014 concerning the ECUADOR JUDGMENT." As the Court knows, largely the entirety of my professional life revolves around the Ecuador case, which in turns revolves around the Ecuador Judgment. This one request sweeps in unknown thousands or tens of thousands of documents and communications, many of which are obviously likely to reflect highly protected attorney opinion work product and attorney-client communications or confidential information derived from such communications. Chevron has repeatedly refused to narrow this Request or any other Request. The Court cannot with a straight face suggest that I should be required to fully log, describe, and individually assert privilege regarding each of these documents and communications in order to maintain the privilege, especially when key preliminary legal questions remain unresolved (see below). If Chevron wishes to proceed with discovery, it should work with me to narrowly target its requests to information relevant to its claims regarding the litigation finance efforts and the existence

<u>Memorandum Endorsement</u>					<u>Chevron Corp. v. Donziger, 11-cv-0691 (LAK)</u>

      Donziger's letter motion overlooks or ignores so much that already is of record in prior decisions by this Court and elsewhere that no purpose would be served by a point-by-point refutation, the preparation of which could serve only to delay that which he seeks to have expedited. It suffices to say that the contempt motions now before the Court will be decided in due course, bearing in mind that this is not the only case on the Court's docket.

      The motion [DI 2118] is denied.

      SO ORDERED.

Dated:		November 26, 2018

_____<br>
Lewis A. Kaplan<br>
United States District Judge