UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
: 
CHEVRON CORPORATION, :
:
            Plaintiff, :
:
  v. : 11 Civ. 0691 (LAK)
:
STEVEN DONZIGER, *et al.*, :
:
           Defendants. :
:
------------------------------------- x

# CHEVRON CORPORATION'S MOTION TO COMPEL GARY GREENBERG TO RESPOND TO POST-JUDGMENT DISCOVERY REQUESTS

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

STERN, KILCULLEN & RUFOLO LLC
325 Columbia Tpke, Ste 110
P.O. Box 992
Florham Park, New Jersey 07932-0992
Telephone: 973.535.1900
Facsimile: 973.535.9664

*Attorneys for Plaintiff Chevron Corporation*

i

Steven Donziger has failed to produce tax records in response to Chevron's discovery, so on August 17, 2018, Chevron Corporation ("Chevron") served Gary Greenberg with post-judgment subpoenas in this matter. Exhibit ("Ex.") 1. Donziger has testified that Mr. Greenberg is his tax accountant (Ex. 2 at 54:12-22), and that he relies "on Mr. Greenberg . . . to keep my tax records" (*id*. at 55:4-5), thus implying that Mr. Greenberg would have them. Ex. 3 at 4 (response to RFP 14). Chevron has made numerous attempts to secure Mr. Greenberg's voluntary cooperation, but to no avail. Mr. Greenberg has refused to comply with Chevron's subpoenas, and thus must be compelled to do so.

After receiving no response from Mr. Greenberg during the weeks following service of the subpoenas, Chevron reached out to him on September 6 and 7, 2018, and spoke with him by phone. Ex. 4. After Mr. Greenberg confirmed that he was not represented by counsel, *id.*, he acknowledged that he possessed some of Donziger's tax returns. On September 7, Chevron sent him a follow-up email, requesting that he comply with the subpoenas and agreeing to additional time for him to produce documents and appear for deposition. *Id*. Mr. Greenberg never responded, and, on September 13, Chevron again requested that he comply. *Id*. Mr. Greenberg again failed to respond.

On October 18, 2018, Chevron again contacted Mr. Greenberg. Ex. 5. It notified him that, in light of his ongoing non-compliance with the subpoenas, it would have no choice but to proceed with a motion to compel, yet invited him to "avoid the necessity of motion practice" by confirming the timeline for his compliance. *Id*. Rather than doing so, Mr. Greenberg responded that he was "on vacation in China," that he would "not be back until [November] 28," and that he has "not filed any tax returns since 2014." Ex. 6.

On November 29, 2018, Chevron again reached out to Mr. Greenberg to provide him

with a final opportunity to comply with the subpoenas. Ex. 7. Mr. Greenberg responded that, in his view, he did not have any relevant information because he had "not filed any tax returns for [Donziger] since 2014." *Id.* Chevron responded and explained to Mr. Greenberg that the subpoenas' requests included Donziger's 2014 tax return, along with other potentially relevant information Mr. Greenberg might have access to. *Id.* Chevron also noted that Mr. Greenberg had previously represented that he had at least some responsive information. *Id.* In light of that inconsistency, Chevron requested that Mr. Greenberg respond to the subpoenas and told Mr. Greenberg that, if he had no responsive information, he should say so in his response to the subpoenas. *Id.* Mr. Greenberg did not respond.

Under these circumstances, the Court should order Mr. Greenberg to comply. "'[A] valid subpoena is a legal instrument, non-compliance with which can constitute contempt of court.'" *Ametek, Inc. v. N. Shore Int'l, Inc.*, No. 16-cv-2258, 2017 WL 3172821, at *2 (E.D.N.Y. July 26, 2017) (citations omitted); *see also United States ex rel. Ortiz v. Mount Sinai Hosp.*, 169 F. Supp. 3d 538, 544 (S.D.N.Y. 2016) ("Where . . . the objecting party has not made (much less won) a motion to quash or for a protective order, the subpoena, if otherwise enforceable, remains so, and the non-party ignores its dictates at some peril, including a risk of contempt pursuant to Fed. R. Civ. P. 45(g)."). Notwithstanding Chevron's repeated, good-faith efforts, Mr. Greenberg has refused to comply with the subpoenas served upon him in any respect.

Mr. Greenberg's non-compliance is not excusable. Both he and Donziger have confirmed that Mr. Greenberg likely possesses materials responsive to the subpoenas, and there is no dispute that he has failed to make any timely objection or motion to quash. Thus, there is no basis to relieve him of the obligation to formally respond, and no basis for Mr. Greenberg to persist in his refusal to comply. *See Kohler Co. v. Weiss*, No. 90 Civ. 3188, 1993 WL 307775, at *2

2

(S.D.N.Y. Aug. 9, 1993) ("All three witnesses elected to ignore the subpoenas rather than to challenge their sufficiency. Such flagrant disregard for the judicial process is totally unacceptable."); *see also Debellis v. Bize*, No. 11 Civ. 7113, 2013 WL 935764, at *2 (S.D.N.Y. Mar. 11, 2013) (compelling post-judgment discovery and awarding fees and costs).  Any future objections that he (or Donziger) may raise have been waived. *Carey v. Air Cargo Assocs., Inc.*, Nos. M18-302, 09-2353, 2011 WL 446654, at *3 (S.D.N.Y. Feb. 7, 2011) ("The recipient of a subpoena may not ignore the subpoena and then later question its validity . . . .").

Chevron respectfully requests that the Court order Mr. Greenberg to respond to Chevron's information subpoena and document subpoena by December 10, 2018 and require him to appear for deposition by December 17, 2018.  Although Chevron contends it would be entitled to an award of the attorney's fees and costs it incurred in securing Mr. Greenberg's compliance, it does not seek such an award at this time.

| | |
|---|---|
| Dated: December 3, 2018<br>New York, New York | Respectfully submitted,<br><br>GIBSON, DUNN & CRUTCHER LLP<br><br>/s/ Randy M. Mastro<br><br>Randy M. Mastro<br>Andrea E. Neuman<br>200 Park Avenue<br>New York, New York 10166<br>Telephone: 212.351.4000<br>Facsimile: 212.351.4035<br>Email: RMastro@gibsondunn.com<br><br>William E. Thomson<br>333 South Grand Avenue<br>Los Angeles, California 90071<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>STERN, KILCULLEN & RUFOLO LLC |

3

Herbert J. Stern
Joel M. Silverstein
325 Columbia Tpke, Ste 110
P.O. Box 992
Florham Park, New Jersey 07932-0992
Telephone:  973.535.1900
Facsimile:  973.535.9664

*Attorneys for Plaintiff Chevron Corporation*

*Chevron v. Donziger*, No. 11 Civ. 0691-LAK (S.D.N.Y.)

**Index of Exhibits to Plaintiff Chevron Corporation's Motion to Compel Gary Greenberg to Respond to Post-Judgment Discovery Requests**

Exhibit 1: Chevron Corporation's August 17, 2018 Post-Judgment Subpoenas to Gary Greenberg.

Exhibit 2: Excerpts from June 25, 2018 Deposition of Steven Donziger.

Exhibit 3: Steven R. Donziger's June 15, 2018 Supplemental Objections and Responses to Subpoena dated April 16, 2018.

Exhibit 4: Emails from Alejandro Herrera to Gary Greenberg dated September 7, 2018 and September 13, 2018.

Exhibit 5: Letter from Andrea E. Neuman to Gary Greenberg dated October 18, 2018.

Exhibit 6: Emails from Gary Greenberg dated October 19, 2018.

Exhibit 7: Emails from Shane Baumgardner to Gary Greenberg dated November 29, 2018 and November 30, 2018.