UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHEVRON CORPORATION,

        Plaintiff,

  v.

STEVEN DONZIGER, *et al.*,

        Defendants.

11 Civ. 0691 (LAK)

---

**CHEVRON CORPORATION'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MODIFIED PROPOSED FORENSIC INSPECTION PROTOCOL**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

STERN, KILCULLEN & RUFOLO LLC
325 Columbia Tpke, Ste 110
P.O. Box 992
Florham Park, New Jersey 07932-0992
Telephone: 973.535.1900
Facsimile: 973.535.9664

*Attorneys for Plaintiff Chevron Corporation*

Donziger's Opposition to Chevron Corporation's ("Chevron") Modified Proposed Forensic Inspection Protocol (Dkt. 2151) suffers from numerous distortions and misrepresentations. Chevron will not attempt to address them all, many of which will be familiar to the Court. But Donziger invents several new and baseless attacks on Chevron's Proposed Forensic Expert, Spencer Lynch, that merit a brief response. Mr. Lynch is a highly qualified digital forensics expert,[1] and, as the below demonstrates, Donziger's accusations against his ethics and professionalism are unfounded and should have no bearing on this Court's decision to adopt Chevron's Modified Proposed Forensic Inspection Protocol (the "Protocol").

*First*, Donziger accuses Mr. Lynch of being "at the heart of the egregious fraud that Chevron and Gibson Dunn appear to have worked with Alberto Guerra in the RICO proceeding." Opp. at 9. For this proposition, Donziger cites himself—(1) a letter motion he filed on September 12, 2017 (Dkt. 1936) and (2) a letter that he sent to the Department of Justice on November 9, 2017 (Dkt. 1941-2) that he likes to call a "criminal referral." Donziger's self-references assert that testimony elicited before the BIT Tribunal somehow discredits Mr. Lynch's forensic analysis. But, as set forth in Chevron's Letter of September 14, 2018 (Dkt. 2082), and ignored by Donziger, the BIT Tribunal's Second Partial Award (the "Award") expressly *credits* Mr. Lynch's forensic analysis. Dkt. 2082-1 ¶¶ 5.80-.85, 5.111-.115, 6.12-.104 (crediting Mr. Lynch's findings on the Selva Viva database, pit count, the computer file Providencias.docx, among topics).

---

[1] Among other things, Mr. Lynch "ha[s] testified as an expert in digital forensics in courts including the Northern, Eastern, and Southern Districts of New York, the High Court of Justice in the United Kingdom, criminal court in Italy, and before international tribunals." Decl. of Spencer Lynch ("Lynch Decl."), Dkt. 2144 ¶ 1. In fact, this Court has previously credited his testimony on matters related to those at issue here. *See Chevron Corp. v. Donziger*, 974 F. Supp. 2d 362, 685 (S.D.N.Y. 2014), *aff'd*, 833 F.3d 74 (2d Cir. 2016).

Contrary to Donziger's assertion, the BIT Tribunal's reliance on Mr. Lynch's testimony underscores the importance of his forensic expertise here.

It is ironic that Donziger continues to reference the BIT Tribunal to conjure some specter of conspiracy or fraud against him rather than by him. The Tribunal itself came to the opposite conclusion, finding that "[s]hort of a signed confession by the miscreants . . . , the evidence establishing 'ghostwriting' in this arbitration 'must be the most thorough documentary, video, and testimonial proof of fraud ever put before an arbitral tribunal.'" *Id.* ¶ 8.54.

***Second***, Donziger claims it is "likely" that Mr. Lynch encountered and withheld from the Court unidentified "substantial evidence that disproved or at least challenged Guerra's invented story." Opp. at 9-10. Donziger offers no evidence to support this claim, betraying that he just made it up

***Third***, Donziger accuses Mr. Lynch of "highly irregular and unprofessional conduct" before the BIT Tribunal, *see* Opp at 10, but that conduct never occurred. Donziger asserts that Mr. Lynch "'forg[ot]' to list the serial numbers" of certain USB devices exchanged between former judges Guerra and Zambrano. *Id.* But Mr. Lynch did not. *See* Champion Decl., Ex. A (Expert Report of S. Lynch) Ex. 2 (table listing "Serial Numbers of Guerra Media"). And far from finding Mr. Lynch guilty of "irregular and unprofessional conduct," the BIT Award credited Mr. Lynch's analysis as revealing Donziger's fraud. *See id.* ¶¶ 6.90, .92, .95, .98, .109 (concluding on the basis of the forensic evidence that "Zambrano's account as to how he wrote personally the full Lago Agrio Judgment . . . is inaccurate, incomplete and unreliable.").

***Fourth***, Donziger accuses Mr. Lynch of being "a long-time dedicated agent of Chevron," Opp. at 11, who "has repeatedly demonstrated his willingness to subordinate himself fully to Chevron's Guerra fraud and larger litigation attack strategy," *id.* This attack is as unfounded as

2

the others: Mr. Lynch has an unblemished professional reputation and a successful track record in court-ordered forensic inspections with confidentiality concerns, working for a range of clients including the Government of the United States, and has not served as an expert for Chevron in any unrelated matter. *See* Lynch Decl., Dkt. 2144 ¶¶ 1, 20-22. Although there may be some other firms "in the United States that possess the same technical expertise as Stroz Friedberg," Opp. at 11, only Mr. Lynch has the case-specific knowledge required, and in any event Donziger would similarly attack any of them. Moreover, given the length and complexity of the proceedings and number of parties involved, there is no assurance that those vendors would not be conflicted.

These baseless attacks on Mr. Lynch's and Stroz Friedberg's professional ethics are simply a part of Donziger's strategy. As this Court knows from his many screeds, Donziger smears as "corrupt" or "biased" anyone who dares shine a light on his extensive wrongdoing by ruling or testifying against him. For example:

- After the Honorable Jed S. Rakoff dismissed a predecessor of this suit, Donziger decried Judge Rakoff as "corrupt . . . totally biased against us." *Chevron Corp. v. Donziger*, 974 F. Supp. 2d 362, 390–91 (S.D.N.Y. 2014), *aff'd*, 833 F.3d 74 (2d Cir. 2016)

- Donziger has condemned the integrity of this Court, stating, "Rather than serving as an impartial tribunal to adjudicate claims and mete out justice, this Court . . . has fast become Chevron's greatest ally." Dkt. 285 at 34.

- Donziger and his affiliates have impugned the authority and impartiality of the BIT Tribunal, calling it a "Kangaroo Court" that "ha[s] no legal authority to decide major

3

questions of international law." *Chevron Corporation v. Donziger*, Nos. 14-826, 14-832, Dkt. 366-11 (Apr. 1, 2015).

- In a letter to the Attorney Grievance Committee of the First Judicial Department—a letter which Donziger subsequently published to his website—he accused the Honorable P. Kevin Castel, Chair of the Southern District of New York Grievance Committee, who had submitted a referral letter to the Grievance Committee of the First Department, of taking "an entirely inappropriate and injudicious approach to [Donziger's disciplinary proceedings]," which Donziger described as "in stark contrast to the judicial obligation of impartiality." In his letter, Donziger further accused Judge Castel of "an attempt to assert inappropriate personal influence in this matter." Letter from Steven R. Donziger to the Attorney Grievance Committee (Feb. 6, 2017), http://stevendonziger.com/wp-content/uploads/2018/01/20170206-Ltr-to-Naomi-Goldstein.pdf.

- Later, in a press release, he called out the attorneys of the Grievance Committee by name, charging that they were "fighting to deny" him fair process and comparing his bar proceedings to "a legal proceeding in China or North Korea." *See* Press Release, New York Bar Trying to Block Donziger From Presenting Evidence of Chevron Fraud and Witness Bribery in Secret Licensing Hearing (Nov. 30, 2018), http://www.csrwire.com/press_releases/41589-New-York-Bar-Trying-to-Block-Donziger-From-Presenting-Evidence-of-Chevron-Fraud-and-Witness-Bribery-in-Secret-Licensing-Hearing.

4

Donziger's baseless accusations against Mr. Lynch should carry no weight in this Court's consideration of Chevron's Modified Proposed Forensic Inspection Protocol.[2] Accordingly, for the reasons described herein, and for the reasons set forth in Chevron's Memorandum of Law in Support of Its Modified Proposed Forensic Inspection Protocol (Dkt. 2142), Chevron respectfully requests that this Court enter the Protocol to govern the forensic imaging and inspection of Donziger's electronic devices.

| | |
|---|---|
| Dated: February 4, 2019 | Respectfully submitted, |
| New York, New York | GIBSON, DUNN & CRUTCHER LLP |
| |     /s/ Randy M. Mastro |
| | Randy M. Mastro<br>Andrea E. Neuman<br>Anne Champion<br>200 Park Avenue<br>New York, New York 10166<br>Telephone: 212.351.4000<br>Facsimile: 212.351.4035<br>Email: rmastro@gibsondunn.com |

---

[2]  In fact, Donziger's Opposition makes several telling admissions that underscore the need for Mr. Lynch's expertise and case-specific knowledge, including Donziger's attempts to justify "delet[ion of] sensitive information" for fear that it "might be improperly obtained and viciously distorted by Chevron," and that Chevron might "move to kill [] off" deals with potential investors in the Judgment. Opp at 16. Donziger tries to justify his conduct by pointing to the absence of a preservation order before March of 2018, but it is established law that "[t]he obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *United States v. Barnes*, 411 F. App'x 365, 368 (2d Cir. 2011). By Donziger's own admission, he was concerned that his "sensitive information" might be relevant to future litigation to "kill [] off" deals with potential investors. Notwithstanding that this Court entered a specific preservation order on March 19, 2018, by Donziger's admission, he was under a duty to preserve long before that date, and by his admission, he appears to have violated it. Similarly, Donziger admits to using code words, which he terms "non-specific descriptors," to try to prevent Chevron from "learning about the identities" of his associates. Opp. at 15-16. As set forth in Chevron's Memorandum of Law in Support of Its Modified Proposed Forensic Inspection Protocol (Dkt. 2142), such attempts to conceal or destroy responsive information necessitate broad examination of Donziger's electronic media by Mr. Lynch.

Email: aneuman@gibsondunn.com
Email: achampion@gibsondunn.com

William E. Thomson (pro hac vice)
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520
Email: wthomson@gibsondunn.com

STERN, KILCULLEN & RUFOLO LLC
Herbert J. Stern (pro hac vice)
Joel M. Silverstein
325 Columbia Tpke, Ste 110
P.O. Box 992
Florham Park, New Jersey 07932-0992
Telephone:  973.535.1900
Facsimile:  973.535.9664
Email: hstern@sgklaw.com
Email: jsilverstein@sgklaw.com

*Attorneys for Plaintiff Chevron Corporation*