**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Randy M. Mastro
Direct: +1 212.351.3825
Fax: +1 212.351.5219
RMastro@gibsondunn.com

February 28, 2019

VIA ECF

The Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, 10007

Re:   *Chevron Corp. v. Donziger*, 11 Civ. 0691 (LAK) (S.D.N.Y.)

Dear Judge Kaplan:

I write on behalf of Chevron Corporation pursuant to the Court's order (dated February 21, 2019) that, if the parties failed to file by today "an executed instrument of assignment" of Donziger's purported contingency interest under his agreement with the Amazon Defense Front (the "ADF Agreement"), then "each party shall file a letter . . . explaining why no such instrument has been filed." Dkt. 2165 at 3. The reason that the parties have not filed an executed instrument is that Donziger refuses to comply with the Court's order. Indeed, he has refused even to timely meet-and-confer on the issue. Chevron hereby requests that the Court order Donziger to execute and notarize the transfer and assignment form attached hereto as **Exhibit 1**.

On February 25, 2019, counsel for Chevron, Andrea E. Neuman, emailed Donziger the attached transfer and assignment form for his signature. *See* Exhibit 1, Exhibit 2 at 2–3. Chevron earlier filed this document in support of its pending contempt motion. *See* Dkts. 2091-88, 2114-9. The document provides that Donziger, The Law Offices of Steven R. Donziger, and Donziger & Associates, PLLC (a.k.a. Donziger Associates, PLLC) ("Assignor") "irrevocably assign, set over, and transfer to [Chevron] all right, title, and interest

GIBSON DUNN

The Honorable Lewis A. Kaplan
February 28, 2019
Page 2

Assignor has, directly or indirectly, under [the ADF Agreement]." Exhibit 1. This language accords with the Court's order that Donziger "assign to Chevron all of his right, title and interest to any contingent fee under the ADF Agreement." Dkt. 2165 at 2.

Ms. Neuman's February 25 email requested that Donziger "date, execute, and notarize th[e] document" by close of business on February 26, or if he was "unwilling to execute the proposed document," that he "propose a time to discuss the matter further." Exhibit 2 at 3. Donziger did not respond.

On February 27, 2019, Ms. Neuman emailed Donziger again, noting that she "ha[d] received no response" and asking if he was "available this afternoon to meet and confer or will you be providing an executed copy of the assignment today?" *Id.* at 2. Mr. Donziger proposed meeting and conferring on February 28, the day by which the Court had ordered the agreement to be filed, because Donziger supposedly "need[ed] to analyze this further." *Id.* Donziger subsequently wrote that he "need[ed] time to read the order and understand this in light of [his] previous assignments under protest." *Id.* at 1.

Donziger's belated request for additional time was baseless and intended only to delay his compliance with the Court's order. Donziger has had Chevron's proposed form of assignment since Chevron filed its contempt motion in early October 2018, and he received (for the second time) Chevron's request that he sign the document on February 25. Indeed, in the week since the Court issued its order, Donziger found time to make at least 15 on-line postings about Chevron and its attorneys, which contain false statements and include photos

**GIBSON DUNN**

The Honorable Lewis A. Kaplan
February 28, 2019
Page 3

of counsel and of Your Honor, and to publish (on behalf of the ADF) a hit piece about Chevron on CSRWire.  *See* Exhibits 3, 4.  Further, Chevron's short proposal contains little more than language to effectuate the transfer of Donziger's interest.  Donziger should not have needed more than a few hours to decide whether he would sign the document.

Nonetheless, to accommodate Donziger's request, Ms. Neuman offered multiple times to meet and confer with Donziger, but he responded only that he would "attempt to reach out by end of day," which he has not done.  Ex. 2 at 1.

Donziger's entering into the ADF Agreement was an act of contempt in and of itself.  His refusal to assign his interest under the Agreement is further evidence that his contempt was intentional, and it represents a separate act of contempt.  As the Court recognized in its order, Donziger did not even produce the ADF Agreement, executed on November 1, 2017, until June 28, 2018.  Dkt. 2165 at 2.  His refusal to assign it and his delay tactics flout the Court's Judgment and harm Chevron by withholding its property.  Chevron hereby requests that the Court order Donziger to execute and notarize Chevron's proposed form of transfer and assignment (Exhibit 1).

Sincerely,

*/s/ Randy M. Mastro*
Randy M. Mastro

Enclosures