# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CHEVRON CORPORATION,

                   Plaintiff,

     v.

STEVEN DONZIGER, *et al.*,

                Defendants.

                                        11 Civ. 0691 (LAK)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CHEVRON CORPORATION'S MOTION TO COMPEL LAURA MILLER TO APPEAR FOR DEPOSITION

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

STERN, KILCULLEN & RUFOLO LLC
325 Columbia Tpke, Ste 110
P.O. Box 992
Florham Park, New Jersey 07932-0992
Telephone: 973.535.1900
Facsimile: 973.535.9664

*Attorneys for Plaintiff Chevron Corporation*

Chevron Corporation ("Chevron") hereby brings this motion to compel Laura Miller to comply with Chevron's Subpoena Ad Testificandum dated Oct. 9, 2018.  Ms. Miller has twice refused to appear at depositions scheduled on dates consistent with her indicated availability, and she now is taking the position that she is immune from deposition until this Court resolves Chevron's motion to compel her production of documents.  Ms. Miller's attempt to parlay her failure to fulfill her document obligations into a basis to evade deposition is obstructive and must end.

1.      On October 17, 2018, Chevron served on Ms. Miller a subpoena to testify at a deposition. Exs. 1, 2.  After many months of meet and confers, Chevron noticed Ms. Miller's deposition on March 12, 2019, for April 10, 2019, consistent with dates provided by Ms. Miller.  Ex. 3.  Then, at 11:06 p.m. on April 9, Ms. Miller informed Chevron by email that she would not appear for her deposition as noticed, but would agree to appear on April 29.  Ex. 4.  Chevron took a notice of her nonappearance on April 10th for the record.  Miller April 10 Dep. Tr. 2:18–20. On April 25, four days before her second scheduled deposition date, Ms. Miller emailed Chevron's counsel, claiming she "would need to await an order of the court on the [Motion to Compel Laura Miller to Respond to Post-Judgment Discovery Requests, Dkt. 2187 (April 19, 2019)] before proceeding with any deposition."  Ex. 5.  Chevron responded that it did not agree with Ms. Miller's position, after which Ms. Miller sent an additional email to Chevron's counsel on April 26, asserting that she is "entitled to wait for the guidance the court will provide [on the pending motion] before proceeding with the deposition" and that she "intends to request," in her opposition to the motion, "that the court . . . deny [Chevron] the right to a deposition entirely."  Ex. 6.  Ms. Miller subsequently failed to appear on April 29, and Chevron again took a notice of her nonappearance on the record.  Miller April 29 Dep. Tr.

2.      That Ms. Miller has already forced Chevron to file a motion to compel production

of documents that is now pending before this Court does not give her license to ignore a proper deposition subpoena at an agreed-upon deposition date.  *See, e.g.*, *Lymon v. Levy*, No. 84 CIV. 7000 (VLB), 1990 WL 160671, at *1 (S.D.N.Y. Oct. 12, 1990) (rejecting the argument that "it would be appropriate for the Court to resolve unspecified attorney-client and work product privilege issues before any deposition was held" because "[i]n the absence of questions asked and the withholding of documents upon specific claims of privilege, it is premature to resolve such issues in the abstract."); *see also John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 148 (S.D.N.Y. 2014) (holding, in the context of a motion for sanctions, that defendants did not have "the authority to cancel the . . . deposition at the last minute . . . based solely on their separate discovery disputes with plaintiffs.").  Ms. Miller should not be permitted to bootstrap her failures to fulfill her document production obligations into further delay of Chevron's ability to gather non-documentary information that Ms. Miller without question possesses relevant to Donziger's efforts to evade this Court's judgment.  This is particularly true in view of the frivolous nature of her "objections" to Chevron's document requests, *see* April 19 Mot. to Compel, Dkt. 2187, at 2–3, and the evidence that she is working with Donziger and his cohorts to hide and dissipate funds to which Chevron is lawfully entitled.

**Relief Requested.**  Chevron thus respectfully requests that this Court compel Ms. Miller to appear for her deposition on June 6 or 11, 2019.

Dated: May 3, 2019                                      Respectfully submitted,

New York, New York                              GIBSON, DUNN & CRUTCHER LLP

                                                                /s/ *Randy M. Mastro*
                                                                Randy M. Mastro
                                                                Andrea E. Neuman

200 Park Avenue
New York, New York 10166
Telephone: 212.351.4000
Facsimile: 212.351.4035
Email: ANeuman@gibsondunn.com

William E. Thomson
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

STERN, KILCULLEN & RUFOLO LLC
Herbert J. Stern
Joel M. Silverstein
325 Columbia Tpke, Ste 110
P.O. Box 992
Florham Park, New Jersey 07932-0992
Telephone:  973.535.1900
Facsimile:  973.535.9664

*Attorneys for Plaintiff Chevron Corporation*

### INDEX OF EXHIBITS

| Ex. No. | Date | Document |
|---------|------|----------|
| 1 | 10/9/2018 | Subpoena to Laura Miller |
| 2 | 10/29/2018 | Affidavit of Service of Subpoena |
| 3 | 3/12/2019 | Letter from Andrea Neuman to Laura Miller |
| 4 | 4/9/2019 | Email from Laura Miller to Chevron |
| 5 | 4/25/2019 | Email from Laura Miller to Chevron |
| 6 | 4/26/2019 | Email from Laura Miller to Chevron |