# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

---------------------------------- x
CHEVRON CORPORATION,

          Plaintiff,

  v.

STEVEN DONZIGER, *et al.*,

          Defendants.

---------------------------------- x

11 Civ. 0691 (LAK)

**CHEVRON CORPORATION'S OPPOSITION TO DONZIGER'S MOTION TO FOR RECONSIDERATION**

STERN, KILCULLEN & RUFOLO LLC
325 Columbia Tpke, Ste 110
P.O. Box 992
Florham Park, New Jersey 07932-0992
Telephone: 973.535.1900
Facsimile: 973.535.9664

*Attorneys for Plaintiff Chevron Corporation*

The Court should summarily deny Donziger's Motion for Reconsideration [ECF Dkt. 2206] because it does not identify "matters or controlling decisions which counsel believes the Court has overlooked," as required by Local Civil Rule 6.3.  Donziger nowhere argues that the Court overlooked any "controlling decisions." The only "matter" he mentions – his complaint that "[t]he Court denied my motion to quash the Chevron subpoena served on AT&T before I had a chance to respond to Chevron's opposition" – was not "overlooked": According to Your Honor's Individual Rules of Practice concerning discovery disputes, Donziger, like other moving parties, had no right of reply.  Donziger's motion thus represents nothing more than an expression of his disagreement with this Court's rulings on his "overbreadth" and "associational activity" arguments, but "[a] motion for reconsideration cannot be granted … solely on a party's disagreement with the Court's ruling." *McAnaney v. Astoria Fin. Corp.*, 233 F.R.D. 285, 287 (E.D.N.Y. 2005) (quoting *Colodney v. Continuum Health Partners, Inc.*, No. 03 Civ. 7276 (DLC), 2004 WL 1857568, at *3 (S.D.N.Y. Aug. 8, 2004)) (internal quotation marks omitted).

Donziger's motion not only fails to satisfy the basic prerequisites of such a motion, it also fails to assert any viable basis for quashing Chevron's AT&T subpoena:

1. Contrary to Donziger's claim, the Court did not overlook his argument that the Subpoena was overbroad in requesting his "call and text messaging records from AT&T for nearly a decade period" (Dkt. 2206 at 1).  Far from it.  The Court expressly stated its understanding that the Subpoena "does not call for the production of the content of any text message" and left open the ability for Donziger to move again if responsive documents contain such content.  Dkt. 2205 at 2.  The Court also considered Donziger's argument regarding the time period for responsive documents and "modified" the period "to begin on March 4, 2012." *Id.*

2. Donziger's arguments that Chevron has no legitimate need for certain information it could glean from the documents subpoenaed from AT&T are equally unavailing. First, Donziger argues that Chevron does not need his bill payment records or information regarding money transfers because now—after a year of resisting Chevron's discovery—he says his deficient, previously produced list of bank accounts, together with a list that could be produced by AT&T, would suffice. Dkt. 2206 at 1–3. Indeed, he goes farther, claiming that Chevron "already has a complete picture of [his] finances." Dkt. 2206 at 4. But this both (i) ignores the absence of any obligation on the part of AT&T to provide such a list in response to a document subpoena, and the burden on AT&T of doing so, and (ii) conflicts with Donziger's acknowledgement (Dkt. 2206 at 2–3) that he omitted crucial information about his assets when he provided lists in the past (Dkt. 2204 at 2–3). And while Donziger suggests he omitted only accounts that were closed prior to the RICO Judgment, that is not true. *See* Dkt. 2115-1, Ex. 4-A. His savings account x6418 carried a balance as recently as April 2018. *See id.* Moreover, prior to closing his personal checking account x2265 in or about January 2017, Donziger transferred into that account from his law firm checking account x8783 at least $195,000 received from investors in the Ecuador Judgment *in 2016*, long after entry of the RICO Judgment. *See id.* Further, Chevron has shown that Donziger raised many millions of dollars from investments in the Ecuadorian judgment (Dkt. 2115-1, Ex. 9), but has never meaningfully, much less fully or accurately, accounted for those funds (*see* Ex. 1 (Donziger Depo. Tr.) at 66:17–67:18; Dkt. 2115 ¶¶ 54–61). In fact, the evidence shows that Donziger is actively working to divert assets and conceal them from Chevron, including by signing over third-party checks to his wife. *See* Dkt. 2198 ¶¶ 6–7. Chevron is not required to accept Donziger's "representations" that he has disclosed the full extent of his assets.

3.     Although the Court has already rejected Donziger's argument that the First Amendment protects against Chevron's discovery of his communications with potential investors (*see Chevron Corp. v. Donziger*, 325 F.Supp. 3d 371, 385-87, 391-93 (S.D.N.Y. 2018)), Donziger raises it again. Dkt. 2206 at 1–2. He denies ever claiming not to have spoken to any potential investors in the last year. *Id.* But he has, in fact, claimed that ever since the April 23, 2018 default judgment—in his words—"change[d] the landscape in terms of fund raising" (Ex. 2 (6/28/2018 Hr'g Tr.) at 71:5–21), he knows he has been "unable . . . to obtain financing in exchange for future interests in the judgment until the Court clarifies what is permissible." Dkt. 2051 at 3; *accord* Ex. 1 at 19:5–14; 22:21-23:10 (Donziger's testimony that, to the best of his recollection, he had not solicited any investments in the Ecuador litigation since April 23, 2018). Now, apparently, Donziger is going to claim that he understood it was permissible to "talk to" potential investors, but not "solicit" them. This pedantic hair-splitting, however, is not a defense to discovery, and provides no basis to quash Chevron's Subpoena to AT&T.

4.     Finally, Donziger's contention that Chevron should not be permitted to use the AT&T subpoena to discover the length and frequency of his admitted "calls with witnesses before their depositions" because those calls were not "unlawful or improper" (Dkt. 2206 at 3) misses the point. The lawfulness and propriety of those calls is precisely what that discovery is designed to test. Witnesses have testified that, although Donziger was not their attorney, he discussed with them particular topics that might arise during their depositions. *See* Dkts. 2204-2, 2204-3. He even warned his probate attorney, Campbell Ford, to be wary of Chevron's counsel "[r]eading things into the record that might make Mr. Donziger look bad." Dkt. 2204-3 at ECF 4 (47:7–8). Donziger cannot ward off discovery into this area by baldly denying that the calls in question were "unlawful or improper."

3

In short, Donziger's motion for reconsideration should be summarily denied because it fails to satisfy the basic prerequisites of such a motion, fails to assert any legitimate basis to quash or narrow the AT&T subpoena, and fails to refute the Court's conclusion that Donziger has brought on himself Chevron's "pursu[it] [of] information from other sources" because he "largely refuses to comply with discovery responsibilities" and has "obstructed [Chevron's] efforts to obtain appropriate disclosure from him."  Dkt. 2205 at 2.

Dated: May 22, 2019

                                                             Respectfully submitted,

                                                             STERN, KILCULLEN & RUFOLO LLC

                                                             /s/ *Joel M. Silverstein*

                                                             Herbert J. Stern (*pro hac vice*)
                                                            Joel M. Silverstein
                                                            325 Columbia Tpke, Ste 110
                                                            P.O. Box 992
                                                            Florham Park, New Jersey 07932-0992
                                                            Telephone:  973.535.1900
                                                           Facsimile:  973.535.9664

                                                           *Attorneys for Plaintiff Chevron Corporation*

**INDEX OF EXHIBITS**

| Ex. No. | Date | Document |
|---|---|---|
| 1 | 6/25/18 | Excerpts from the transcript of Steven Donziger's deposition |
| 2 | 6/28/18 | Excerpts from the transcript of the 6/28/18 hearing in this action |