**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Randy M. Mastro
Direct: +1 212.351.3825
Fax: +1 212.351.5219
RMastro@gibsondunn.com

May 28, 2019

<u>VIA ECF</u>

The Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, 10007

Re:  *Chevron Corp. v. Donziger*, 11 Civ. 0691 (LAK) (S.D.N.Y.)

Dear Judge Kaplan:

I write as counsel for Plaintiff Chevron Corporation ("Chevron") in response to Defendant Steven Donziger's May 27, 2019 letter request for a "10-day extension of time in which to fully digest the [Court's contempt] opinion." Dkt. 2212. Donziger has willfully disobeyed this Court's judgments and orders for years, and his letter does not offer good cause for further delay.

Donziger claims he needs ten additional days before he can decide whether he "will comply with the Court's directives or fully explain why [he] cannot." Dkt. 2212 at 1–2. It is unclear what decision Donziger needs more time to make, and why he needs ten more days to make it. As the Court's opinion described, Donziger has been in willful contempt of the Court's judgments and orders for some time, and he has had ample opportunity to purge himself of his contemptuous conduct. His dilatory motives are transparent here because his letter goes on to describe, in some depth, the Court's opinion and what it requires of him. His desire not to comply is no reason for further delay.

Take, for example, Donziger's 2017 retainer agreement with the ADF, about which he says he "expect[s]" to comply. Dkt. 2212 at 2. Donziger claims he needs more time, but as early as October 31, 2018, Donziger acknowledged the requirement to assign his contingent interest when he wrote in his declaration that he was "not taking the position that the November 2017 [retainer] is protected or separable from the Court's other orders with respect to [his] contingency interest." Dkt. 2122-1 ¶ 21.  *At that time*, he expressed willingness to provide "additional documentation with respect to the November 2017 [retainer]." *Id*.  Yet in the nearly seven months that have passed, Donziger has not assigned his interest as required by

# GIBSON DUNN

May 28, 2019
Page 2

Paragraph 1 of the RICO Judgment. His sudden request for further delay comes only on the heels of the Court's contempt ruling and when he faces impending fines.[1]

Donziger also states that he "expect[s]" to "clarify the non-contemptuous status of the purported Zelman agreement." Dkt. 2212 at 2. But his contempt here is obvious and his time to argue the point is over. In fact, Donziger pledged long ago to cure his contempt regarding Zelman, but never did. In his April 8, 2019 opposition brief, Donziger wrote that he was preparing and "believe[d] [he] w[ould] . . . file[] with the Court shortly" "an agreement with Mr. Zelman that w[ould] make clear that he never had, and/or forfeits and relinquishes, any right, interest, or entitlement he might have, in the Ecuador Judgment." Dkt. 2184 at 8. What such an "agreement" would show, he never said, and none has been submitted. There is no need to further delay Donziger's purported corrective action.

Donziger then states that he "find[s] [him]self in necessary contempt" of at least portions of the Forensic Inspection Protocol. Dkt. 2122 at 2. Donziger does not really need additional time to decide whether he will do what the Court ordered, because he expressly says he has decided that he will not comply. Nonetheless, to try to buy himself some more time, Donziger proposes to negotiate an alternative version of the Forensic Inspection Protocol. Donziger does so only because he now faces daily fines, whereas before he refused to participate when the Court required the parties to meet-and-confer about the terms of a Forensic Inspection Protocol and declined to engage on the particulars in his briefing when the Court gave him the opportunity. *See* Dkts. 2073 ¶ 3, 2119-2. In any event, Paragraph 5 of the Protocol already provides, as Donziger requests, that his devices and passwords be turned over to a Neutral Forensic Expert (Dkt. 2172 ¶ 5), a "third-party, not controlled by Chevron" (Dkt. 2212 at 2). And aside from turning over the devices themselves, Donziger never explains why he "cannot" comply with Paragraph 4 of the Protocol, which requires only that he produce a complete, sworn list of the devices and accounts he has used since March 2012. Paragraph 4, at least at present, appears to be the sole Paragraph of the Protocol subject to enforcement by coercive fines. Dkt. 2209 ¶ 2(b). There is no apparent reason that Donziger cannot provide this list, or why Donziger needs more time to make up his mind.

Instead of complying with the Court's order forthwith, Donziger has spent the three days since the Court issued its decision making *ten* separate posts on his Twitter account related to the Court's opinion (Exhibit 1), releasing a "Statement of Steven Donziger In Response To Contempt Finding" (Exhibit 2), and apparently publishing a press release on behalf of the ADF that criticized the Court's opinion (Exhibit 3). Donziger's "Statement" says it includes "[his] response to each of Judge Kaplan's contempt findings," indicating that Donziger has,

---

[1] In fact, Donziger did manage late today to supply Chevron with a signed and notarized transfer form, contrary to his claimed need for additional time.

GIBSON DUNN

May 28, 2019
Page 3

in fact, been able to "grasp" the purported "nuances of the Court's lengthy and complex opinion." Dkt. 2122 at 2. He does not need additional time for digestion. He needs to act.

Accordingly, the Court should deny Donziger's request for any further delay.

As always, we appreciate Your Honor's consideration.

Respectfully,

*/s/ Randy M. Mastro*
Randy M. Mastro

Enclosures

cc: All Counsel of Record via ECF