**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

|  |  |  |
|---|---|---|
| | x | |
| CHEVRON CORPORATION, | : | |
| Plaintiff, | : | |
| v. | : | 11 Civ. 0691 (LAK) |
| STEVEN DONZIGER, et al., | : | |
| Defendants. | : | |
| | x | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**DECLARATION OF ANDREA E. NEUMAN IN RESPONSE TO MAY 23, 2019
OPINION HOLDING DONZIGER IN CIVIL CONTEMPT OF COURT (DKT. 2209)**

I, ANDREA E. NEUMAN, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.       I am an attorney licensed to practice law in the State of New York and before this Court.  I am a partner in the law firm of Gibson, Dunn & Crutcher LLP, and I am counsel for Chevron Corporation ("Chevron") in the above-captioned matter.  I am personally familiar with the facts set forth herein, unless the context indicates otherwise.

2.       I make this declaration in response to the questions set forth in the Court's order dated May 23, 2019 (Dkt. 2209, or "the Contempt Order") granting Chevron's motions to hold Donziger and Donziger & Associates, PLLC (collectively, "Donziger") in civil contempt of court (Dkts. 1968, 2089, 2175, 2178).

3.       Paragraph 1(a) of the Contempt Order states that Donziger "is in willful civil contempt of paragraph 1 of the RICO Judgment by virtue of his failure to assign and transfer to Chevron all rights to any contingent fee that he now has or hereafter may obtain including without limitation all such rights under the 2017 Retainer."  Paragraph 1(b) allows Donziger to

purge himself of this contempt by executing, acknowledging and delivering to Chevron the assignment form attached as Exhibit 88 to Dkt. 2091 "without any additions, alterations, attachments or addenda (other than to accurately reflect the year in which the document was signed)."

4.      On May 28, 2019, Donziger provided an executed copy of the assignment form without additions, alterations, attachments or addenda, other than to accurately reflect the year in which the document was signed.  A true and correct copy of the executed assignment form is attached as **Exhibit 1**.  Donziger appears, therefore, to have purged himself of this contempt with respect to the 2017 Retainer Agreement.

5.      Paragraph 1(c) of the Contempt Order holds Donziger in willful contempt of paragraph 1 of the RICO Judgment "by virtue of his profiting in the amount of $666,476.34 from the sale of interests in the Ecuador Judgment and his failure to assign and transfer to Chevron that profit" and orders a second supplemental judgment awarding that sum to Chevron and against Donziger and Donziger & Associates, PLLC.

6.      Donziger has not transferred this profit, or any portion thereof, to Chevron and has not satisfied the second supplemental judgment.  Donziger therefore has not purged himself of this contempt.

7.      Paragraph 2(a) of the Contempt Order holds Donziger in willful civil contempt of paragraph 4 of the Court's March 5, 2019 order (Dkt. 2172).  Paragraph 2(b) provides that Donziger may purge himself of this contempt by fully complying with each duty imposed by paragraph 4 of the March 5, 2019 order.  Paragraph 4 of the March 5, 2019 order requires Donziger to provide "to both the Neutral and Chevron's Forensic Experts a representation listing under penalty of perjury all devices he has used to access or store information for communication since March 4, 2012, . . . indicating whether he has possession, custody, or

control of the Devices, and, if not, stating the reason why that is so," and the present location of the devices.  Paragraph 4 also requires Donziger to provide "under penalty of perjury a list of all accounts" that he has used since March 4, 2012, "indicating whether he presently has the ability to access those accounts and, if not, stating the reason why that is so."

8.        Attached hereto as **Exhibit 2** is an email to counsel from the Neutral Forensic Expert, Mr. Ondrej Krehel, sent at 11:38 AM this morning, which states, "Mr. Donziger did not comply with paragraph 4 of the Forensic Protocol order, and has not contacted me since May 23, 2019 regarding [the] Forensic Protocol Order."  Chevron's Forensic Expert, Mr. Spencer Lynch, has also reported by telephone that he has not received the requisite lists from Donziger.  And based upon these communications, Donziger has not turned over any, much less all, of his electronic devices to the Neutral Forensic Expert.  Donziger has therefore not purged himself of this contempt.

Executed on this 29th day of May 2019 at New York, New York.


                                                            */s/ Andrea E. Neuman*
                                                            Andrea E. Neuman