UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHEVRON CORPORATION,

        Plaintiff,

   v.

STEVEN DONZIGER *et al.*,

        Defendants.

11 Civ. 0691 (LAK)

**DECLARATION OF STEVEN DONZIGER**

With respect to the Court's recent contempt opinion (Dkt. 2209), I hereby state pursuant to paragraph 5 (*id.* at 71) that I have provided Chevron with the assignment described by paragraph 1 (*id.* at 69) and have provided the appointed expert Mr. Krehel (both orally over a month ago and in writing today) with information as required by paragraph 2 (*id.* at 70) and paragraph 4 of Dkt. 2172. I understand that the clerk has already entered a supplemental judgment as regards paragraph 1(c) of Dkt. 2209. I thus understand that I am in compliance with the limited "coercive" orders in the recent opinion (Dkt. 2209 at 69-71).

While I am in compliance with these limited orders, I note for the record that I have filed a notice of appeal as to the Court's contempt opinion, which seeks to radically and unlawfully expand the scope of the limited RICO Injunction that was affirmed by the Second Circuit in 2016. As expanded, the RICO Injunction now appears to target all efforts, anywhere in the world, to generate support for the thousands of Indigenous peoples and others in Ecuador's Amazon who are fighting for survival by trying to enforce their landmark pollution judgment against Chevron. Despite overwhelming efforts by Chevron and this Court to "change the narrative" and "blame the

victims," the facts behind the judgment are palpably obvious, which is why global civil society and the public at large continue to support the affected Ecuadorian communities and myself. The contamination left by Chevron while it was (as Texaco) the legal operator of the oil fields in Ecuador is overt (a person can fall right into it), deadly (as shown by elevated cancer statistics in villages surrounding the contamination), and intolerable. The judgment won by the Amazon communities in Ecuador has been upheld by Ecuador's highest courts (both the National Court of Justice and the Constitutional Court) in the forum where Chevron insisted the trial be held and where Chevron had accepted jurisdiction. No matter how much the attacks on me escalate, the problem is not going away either for Chevron, for the Gibson Dunn firm (which manufactured the core evidence in the RICO trial), or for the Court, which has facilitated this SLAPP-style sabotage effort for almost a decade now. The fight for justice represented by the Ecuador Judgment is far too big to be "tainted" by attacks on me in this Court. Chevron will only find repose when it recognizes the suffering of the communities, holds itself accountable the past actions of it and its subsidiaries, and takes steps necessary to realize justice on the substantive environmental claims that the communities have advanced for over 25 years now.

     I hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

  DATED:     May 29, 2019         Respectfully submitted,

                                                *s/ Steven R. Donziger*
                                                Steven R. Donziger
                                                245 W. 104th Street, #7D
                                                New York, NY 10025
                                                Tel: (917) 678-3943
                                                Fax: (212) 409-8628
                                                Email: sdonziger@donzigerandassociates.com

                                                *Pro se*