**STEVEN R. DONZIGER, ESQ.**

245 WEST 104TH STREET, SUITE 7D
NEW YORK, NEW YORK 10025

212-570-4499 (O)
917-566-2526 (CELL)

*\* Not presently admitted to practice*

June 6, 2019

**VIA ECF**

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

   RE:   *Chevron v. Donziger*, Case No. 11 Civ. 691 (LAK)

Dear Judge Kaplan:

I respectfully move the Court to continue its scheduled hearing on its coercive fines (*see* Dkts. 2218, 2223) for at least 10 days to allow the parties to continue ongoing efforts to resolve differences as to whether I have "purged" myself of one of the contempts (as to paragraph 4 of Dkt. 2172), and to allow the Court sufficient time to rule on the pending to motion to vacate the other contempt finding (as to paragraph 5 of Dkt. 2172).

As to the first ("Paragraph 4 Contempt"), which requires me to submit a declaration regarding my devices and online accounts to Mr. Krehel, the so-called "neutral" expert appointed by the Court, I have made repeated efforts to comply with the Court's instructions. I submitted a first draft of the declaration to Mr. Krehel on May 29, 2019, and notified the Court the same day. Chevron subsequently sent me a "deficiency" letter arguing that my declaration was not in compliance with the Court's instructions for various reasons. *See* Dkt. 2220-1. I responded promptly, explaining that I thought Chevron was largely just manufacturing complaints for strategic purposes or pure frustration over the unalterable fact that I simply don't have any information about devices or accounts that I may have used years in the past. Nonetheless, in the spirit of cooperation, I revised my declaration to address some of Chevron's concerns and asked for Chevron counsel's input regarding the same before I formally submitted it to Mr. Krehel.

Chevron responded yesterday, essentially complaining that I had not sufficiently indicated the extent of my efforts to search and find information on various accounts and devices. While I realize that this is part of Chevron's larger harassment strategy, I intend to continue in the same spirit of cooperation and will revise my declaration to address the new concerns. The larger point is that I am trying to get into compliance on this point, I expect to be able to address Chevron's concerns, whatever their merit, and thus there is no need for the Court's involvement.

Hon. Lewis A. Kaplan
June 6, 2019
Page 2 of 2

As to the second ("Paragraph 5 Contempt"), the Court will recognize that my motion to vacate challenges the Court's issuance of this contempt on May 29, 2019 at the most fundamental level as *ultra vires*. My argument is that the order is in plain violation of the divestment-of-jurisdiction rule given that it issued after I filed my notice of appeal on May 27. Indeed, the motion to vacate is founded not just on my own argument but on *the Court's own recognition* that the divestment-of-jurisdiction rule barred it from amending its May 23, 2019 contempt claim. If that rule is to have any meaning, it cannot be bypassed simply by issuing the otherwise prohibited amendment in a separate order. Because of the fundamental lack of jurisdiction for issuance of the Paragraph 5 Contempt, I should not be subject to coercive fines on this finding until the issue has been fully resolved by the Court of Appeals.[1]

I also note that the Court's briefing schedule regarding the motion provides me with *zero* working days to file my reply. This is extremely perplexing to me given that the Court has a legal obligation to assist a pro se non-lawyer litigant—especially one going up against one of the most powerful companies and largest law firms in the United States. Chevron can be expected to file its response to my motion just before midnight on Friday, June 7, 2019. My reply is due at 8:30 a.m. Monday morning. This is patently unfair on its face. I do not think it is fair for the Court to require me—a father of a young son and a person with enormous responsibilities for a multi-jurisdictional litigation to hold Chevron accountable for its undisputed pollution of Ecuador's Amazon—to dedicate a weekend to preparing this reply. There is simply no conceivable way that Chevron can make a credible claim of urgency at this point given the length of the proceedings, my pending appeals, and the lack of any imminent enforcement of the Ecuador judgment.

                          Sincerely,

                          / s /

                          Steven R. Donziger

---

[1] If instead the point of the hearing is *argument* on the motion to vacate (which does not appear to be the case from the Court's recent order, Dkt. 2223) then I have no objection other than the lack of adequate briefing time noted above.