UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
: 
CHEVRON CORPORATION, :
:
         Plaintiff, :
:
    v. :   11 Civ. 0691 (LAK)
:
STEVEN DONZIGER, et al., :
:
:
         Defendants. :
------------------------------------- x

**DECLARATION OF ANNE CHAMPION
IN SUPPORT OF CHEVRON CORPORATION'S STATEMENT REGARDING
STEVEN DONZIGER AND DONZIGER & ASSOCIATES, PLLC'S CONTEMPT OF
THE FORENSIC INSPECTION PROTOCOL**

I, ANNE CHAMPION, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am an attorney licensed to practice law in the State of New York and before this Court. I am a Partner at the law firm of Gibson, Dunn & Crutcher LLP and counsel of record for Chevron Corporation ("Chevron") in this matter. I make this declaration, based on personal knowledge, in support of Chevron Corporation's Statement Regarding Steven Donziger and Donziger & Associates, PLLC's Contempt of the Forensic Inspection Protocol. If called as a witness, I could and would testify competently as to the content of this declaration.

2. On March 5, 2019, the Court issued its Forensic Inspection Protocol, which ordered Steven Donziger to "provide to both the Neutral and Chevron's Forensic Experts via email a representation listing under penalty of perjury all devices he has used to access or store information or for communication since March 4, 2012 including, but not limited to, personal computers, tablets, phones, and external storage devices, such as external hard drives and thumb drives (the

"Devices"), indicating for each of the Devices whether he has possession, custody, or control of the Devices and, if not, stating the reasons why that is so, i.e., whether they were destroyed, lost, etc. and the present location of the Devices. Additionally, Donziger shall produce under penalty of perjury a list of all accounts including, but not limited to, email accounts (including web-based email accounts); accounts (including web- or cloud-based) related to any document management services, such as Dropbox; and accounts related to any messaging services, such as WhatsApp, Facebook Messenger, instant messages, etc. Donziger has used since March 4, 2012 (the "Media"), indicating whether he presently has the ability to access those accounts and, if not, stating the reasons why that is so." Dkt. 2172 ¶ 4.

3. On May 23, 2019, the Court found that Donziger "made no effort whatever to comply" with the March 5, 2019 order and found that "[u]nless Donziger previously shall have complied fully with each duty imposed upon him by paragraph 4 of the March 5, 2019 order, he shall pay a coercive civil fine to the Clerk of Court with respect to May 28, 2019 and each subsequent day from that date until the date on which he fully purges himself of this contempt by doing so." Dkt. 2209 at 63, 70.

4. On May 29, 2019, Donziger submitted to the Neutral Forensic Expert a two-page declaration in which he made representations regarding his devices and online accounts. Attached to this declaration as **Exhibit A** is a true and correct copy of the May 29, 2019 Declaration of Steven Donziger.

5. On May 30, 2019, counsel for Chevron Corporation sent a letter to Mr. Donziger explaining why the declaration was deficient and did not comply with Paragraph 4 of the Forensic Protocol. Dkt. 2220-2.

6. On June 3, 2019, Donziger executed a second declaration regarding his devices and online accounts, which he submitted to the Neutral Forensic Expert on June 5, 2019. Attached to this declaration as **Exhibit B** is a true and correct copy of the second declaration.

7. On June 5, 2019, Chevron sent Donziger a letter to explain why Donziger's second declaration was not compliant with the Forensic Protocol. Attached to this declaration as **Exhibit C** is a true and correct copy of Chevron's June 5, 2019 letter to Donziger.

8. In emailing his second declaration to the Neutral Forensic Expert, Donziger also attached to his email a letter to the Neutral Forensic Expert, dated June 5, 2019, demanding a written response to a number of hypothetical questions about the Forensic Protocol. At 11:50 a.m., counsel for Chevron, who was copied on the email, replied to request that the Neutral Forensic Expert await a substantive response from Chevron before responding the Donziger. At 12:31 p.m., the Neutral Forensic Expert replied and said he would await Chevron's response. At 5:09 p.m., counsel for Chevron emailed its substantive response to the Neutral Forensic Expert, copying Donziger, and objected to Donziger's June 5, 2019 letter to the Neutral Forensic Expert. Attached to this declaration as **Exhibit D** is a true and correct copy of Donziger's June 5, 2019 letter to the Neutral Forensic Expert as well as of the email correspondence described in this paragraph.

9. As explained in detail below, and in Chevron's June 5, 2019 letter, and in Chevron Corporation's Statement Regarding Steven Donziger and Donziger & Associates, PLLC's Contempt of the Forensic Inspection Protocol of even date herewith, Donziger's declarations fail to provide the information required by Paragraph 4 of the Forensic Protocol.

**Donziger's Computers**

10. In his revised declaration, Donziger represents, "The only computer I have is a Macbook, serial no. C02Q8NQTG940. I have used this computer since at least 2012. I have no specific recollection or information about any other computers I may have used." Ex. B ¶ 1.

11. Attached to this declaration as **Exhibit E** is a true and correct copy of excerpts from a certified business record produced to Chevron by Apple Inc., bearing the Bates Stamp APL000001. Counsel for Chevron sent Donziger a file transfer of this record on May 15, 2019, which he has not accessed. The full record consists of an Excel spreadsheet containing nine worksheets. The excerpts consist of two worksheets entitled "GCRM" (Ex. E at 1–2) and "Registration" (Ex. E at 3–6).[1]

12. The spreadsheet lists, among other things, Apple devices purchased by, and registered to, Donziger. The worksheet "GCRM" (Ex. E at 1–2) shows that Donziger purchased the following three computers, which are not identified in Donziger's declarations:

   a. A MacBook Pro with serial number W871627RW0G on May 30, 2007;

   b. A MacBook Air with serial number C02DQJMCDDQX on January 2, 2011; and

   c. A MacBook Air with serial number C02GW5S6DJYD on February 1, 2012.

13. Further, the "Registration" worksheet (Ex. E at 3–6) shows that Donziger registered a fourth computer, a MacBook Air with serial number C02Q8NQTG940, on September 8, 2015. This serial number matches the number of the laptop that Donziger refers to in his declaration as his "only computer" and one that he "ha[s] used . . . since at least 2012." *See* Ex. B ¶ 1.

---

[1] Chevron can produce, at the Court's request, all nine worksheets produced by Apple Inc. and/or a native Excel version of the spreadsheet.

14.     Neither of Donziger's declarations make any mention or provide any details regarding his use of the computers Apple records show he purchased in 2011 and 2012. *See* Exs. A, B.

15.     Attached to this declaration as **Exhibit F** is a true and correct copy of excerpts from the June 6, 2019 deposition of Laura Miller. Laura Miller testified at her deposition that, although both she and her son have computers, she purchased her own computer and Donziger does not have access to either computer. Ex. F at 80:12–81:8.

**Donziger's iPad**

16.     The "GCRM" worksheet of the Apple record shows that Donziger purchased an iPad 2 on September 5, 2011. Ex. E at 1.

17.     Neither of Donziger's declarations make any mention or provide any details regarding his use of this iPad 2. *See* Exs. A, B. Laura Miller testified that neither she nor her son use an iPad. Ex. F at 81:19–83:2.

**Donziger's iPhones**

18.     Donziger claims to currently "have and use" an "iPhone, serial no. C39WLE4OJCM2" without clarifying when he started using it. Ex. B, ¶ 2. He further claims to "have used other phones since 2012 that have been lost or damaged and replaced by new phones (and ultimately by my current phone) but I have no specific recollection or information about these other phones." *Id*. He does not indicate the present location of any of these devices or whether he is in possession, custody, or control of the devices he claims to be damaged.

19.     Donziger provided no other information regarding his "other phones," such as identifying information, which ones were lost and which were damaged, the dates when he stopped using them, or the current location of any of them. *See id*. Laura Miller testified that Donziger

lost a phone in France in 2018. Ex. F at 105:8–106:7. And in response to leading questions by Donziger, Miller testified that Donziger loses phones frequently, but she could not identify another specific occasion on which Donziger had lost his phone. *Id.* at 180:10–181:11.

20.   On May 30, 2019, AT&T produced to Chevron copies of Donziger's phone records. Counsel for Chevron sent Donziger a file transfer of these records on May 31, 2019, which he has not accessed. Attached to this declaration as **Exhibit G** is a true and correct copy of excerpts of those phone records.[2]

21.   The full AT&T phone records contain call and SMS text information for six telephone numbers currently or formerly associated with Donziger's account:

    a.   ATT_PJD_00000010 – ATT_PJD_00000011 relate to ███████-7967 and contain call and non-substantive text data for the period 8/18/16 to 10/23/18.

    b.   ATT_PJD_00000012 – ATT_PJD_00000015 relate to ███████-2457 and contain call and non-substantive text data for the period 1/4/15 to 9/27/18

    c.   ATT_PJD_00000016 – ATT_PJD_00000017 related to ███████-1715 and contain call and non-substantive text data for the period 3/15/12 to 6/8/12.

    d.   ATT_PJD_00000018 – ATT_PJD_00000405 related to ███████-1731 and contain call and non-substantive text data for the period 6/14/12 to 11/28/15.

    e.   ATT_PJD_00000406 – ATT_PJD_00008122 related to ███████-2526 and contain call and non-substantive text data for the period 3/4/12 to 4/9/19.[3]

22.   The AT&T records contain a column labeled IMEI. According to AT&T's records, IMEI is an abbreviation for International Mobile Equipment Identifier, a "15-digit number that

---

[2]   Chevron can produce, at the Court's request, all of the phone records produced by AT&T.
[3]   Further records relate to a sixth number that Chevron understands pertains to Donziger's minor son, which Chevron does not believe to be relevant at this time.

6

uniquely identifies an individual wireless device." ATT_PJD_00000002. The IMEI column, when populated, contains IMEI numbers as well as information regarding the make and model of the telephone device.

23. Preliminary review of the AT&T records demonstrates that at least eighteen devices were linked to phone numbers on Donziger's AT&T accounts since 2012. Analysis of the phone records is ongoing and may yet reveal additional devices.

**Devices Associated with ▮▮▮▮-1731**

24. AT&T records indicate that the number ▮▮▮▮-1731 was utilized with at least five devices between June 2012 and November 2015:

    a. Beginning on June 14, 2012, the number ▮▮▮▮-1731 was utilized with a BlackBerry RIM Curve 8520 device. Ex. G at ATT_PJD_00000018-19.

    b. On or about June 16, 2012, the number ▮▮▮▮-1731 was utilized with an Apple iPhone 4. *Id.* at ATT_PJD_00000019.

    c. On or about June 23, 2012, the number ▮▮▮▮-1731 was utilized with a Nokia C3-00 device. *Id*. at ATT_PJD_000000115.

    d. One or about June 28, 2012, the number ▮▮▮▮-1731 was utilized with a Nokia 2610 device. *Id.*

    e. On or about January 25, 2013, the number ▮▮▮▮-1731 was utilized with a Huawei U8665. *Id.* at ATT_PJD_00000032.

25. Donziger has not provided any information regarding these devices that utilized the number ▮▮▮▮-1731. Laura Miller testified that she did not recognize this number and had no information regarding it. Ex. F at 93:7–13.

**Devices Associated with ▇▇▇-2526**

26.  AT&T records indicate that the number ▇▇▇-2526, Donziger's only identified cell phone number, was utilized with at least thirteen devices between March 2012 and April 2019, as follows:

a.  On or about March 4, 2012, the number ▇▇▇-2526 was utilized with a BlackBerry RIM Bold 9700.  Ex. G at ATT_PJD_00000406.

b.  On or about March 17, 2012, the number ▇▇▇-2526 was utilized with a BlackBerry RIM 9900.  *Id.* at ATT_PJD_00000458.

c.  On or about October 18, 2013, the number ▇▇▇ 2526 was utilized with an Apple iPhone 5.  *Id.* at ATT_PJD_00002210.

d.  On or about May 27, 2014, the number ▇▇▇-2526 was utilized with a Samsung SM-G900A.  *Id.* at ATT_PJD_00002426.

e.  On or about September 8, 2014, the number ▇▇▇-2526 was utilized with an HTC PM33100.  *Id.* at ATT_PJD_00002557.

f.  On or about September 14, 2014, the number ▇▇▇-2526 was utilized with another Samsung SM-G900A.  *Id.* at ATT_PJD_00002561

g.  On or about January 10, 2016, the number ▇▇▇-2526 was utilized with an Apple iPhone 6s Plus.  *Id.* at ATT_PJD_00003354.

h.  On or about October 26, 2016, the number ▇▇▇-2526 was utilized with an Apple iPhone 7.  *Id.* at ATT_PJD_00004127.

i.  On or about February 17, 2017, the number ▇▇▇-2526 was utilized with an Apple iPhone 7 Plus.  *Id.* at ATT_PJD_00004408.

    j.   On or about May 28, 2018, the number ███-2526 was utilized with an Apple iPhone 8 Plus. *Id.* at ATT_PJD_00004408.

    k.   On or about June 6, 2018, the number ███-2526 was utilized with a ZTE z831. *Id.* at ATT_PJD_00005417.

    l.   On or about June 7, 2018, the number ███-2526 was utilized with an Apple iPhone SE. *Id.* at ATT_PJD_00005419.

    m.   On or about June 10, 2018, the number ███-2526 was utilized with an Apple iPhone 8 Plus. *Id.* at ATT_PJD_00005427.

27.    Donziger refers to his current iPhone in the June 3 declaration, Ex. B ¶ 2, but has not otherwise provided identifying information regarding these devices that utilized the number ███-2526.

**Accounts Omitted from Donziger's Declaration**

28.    Attached to this declaration as **Exhibit H** is a true and correct copy of a May 24, 2007 email from Bill Powers to Steven Donziger and other recipients, produced from Donziger's hard drive and bearing Bates numbers DONZ-HDD-0112888–91. Within the chain is an email sent by Steven Donziger on April 21, 2005 from the email account, sdonziger@yahoo.com. Ex. H at DONZ-HDD-0112889. Donziger's signature block for that email also indicates his email address as sdonziger@yahoo.com. *Id.* at DONZ-HDD-0112890. Donziger's declarations do not list this email account.

29.    Attached to this declaration as **Exhibit I** is a true and correct copy of a LinkedIn account profile for Steven Donziger (https://www.linkedin.com/in/steven-donziger-19b121a5), last viewed on June 6, 2019. Donziger's declarations do not list this account.

30. Attached to this declaration as **Exhibit J** is a true and correct copy of a second LinkedIn account profile for Steven Donziger (https://www.linkedin.com/in/steven-donziger-00ab476), last viewed on June 6, 2019.  Donziger's declarations do not list this account.

31. Attached to this declaration as **Exhibit K** is a true and correct copy of a document titled "Skype Logs," produced by Steven Donziger and bearing Bates Number DONZ00133934.  The document contains a table showing chat messages sent between Steven Donziger, with the User Name "donziger," and Luis Yanza, with the User Name "bosquedor," on April 29, 2005 and May 18, 2005.  Donziger's declarations do not list this account.

Executed on this 7th day of June, 2019 at New York, New York.

                                                                */s/ Anne Champion*
                                                                  Anne Champion