**MEMO ENDORSED**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

CHEVRON CORPORATION,

Plaintiff,

v.

STEVEN DONZIGER *et al.*,

Defendants.

11 Civ. 0691 (LAK)

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:
> DATE FILED: 7/2/2019

## EMERGENCY MOTION TO STAY FINES AND SANCTIONS PENDING APPEAL OR IN THE ALTERNATIVE FOR AN ADMINISTRATIVE STAY

Undersigned moves the Court to stay (a) the draconian coercive fines imposed on me, a human rights advocate and sole practitioner, for making good-faith efforts to protect the core constitutional rights of me and my Ecuadorian clients, Indigenous peoples and farmer communities who are victims of extensive oil pollution in the Amazon rainforest; and (b) its recent order that I turn over my passport pending resolution of the pending motion to vacate (Dkt. 2221). I ask for a stay pending resolution of my appeal of the Court's May 23, 2019 contempt opinion ("Contempt Opinion") and potentially resolution of any forthcoming appeal of the Court's one-page "Paragraph 5" contempt finding (Dkt. 2219) ("Paragraph 5 Contempt Order") or two-page Passport Order (Dkt. 2232), depending on the outcome of the motion to vacate and whether I need to separately notice appeals of those orders. I further request an immediate administrative stay of all fines and coercive orders to allow for resolution of the instant motion and if necessary an emergency stay motion to the Second Circuit. This matter implicates my fundamental constitutional rights and the fundamental rights of thousands of Indigenous peoples in Ecuador,

Memorandum Endorsement                    Chevron Corp.. v. Donziger, 11-cv-0691 (LAK)

I

This matter is before the Court in consequence of Steven Donziger's virtually absolute refusal to comply with court orders requiring him to produce documents for the purpose of permitting his judgment creditor to locate assets that may be used to satisfy its unstayed money judgment against Donziger and to determine whether and to what extent Donziger has violated an injunction already affirmed by the Court of Appeals and seek contempt remedies as may be appropriate.

Donziger has been held in civil contempt for his failure to comply with two provisions of a court order (the "Forensic Inspection Protocol" or "Protocol"), among other misconduct. The Protocol provisions of which he is in contempt (paragraphs 4 and 5) require him to identify his electronic devices and storage media and to turn them over to a court appointed expert for a brief period to permit the devices to be imaged. DI 2172, ¶¶ 4-5. The imaging of these media would protect the integrity of the electronically stored information ("ESI") they contain, detect any spoliation of evidence and permit a technologically assisted search of their contents for "documents" responsive to a document subpoena with which Donziger has not complied despite court orders that he do so.

The Court, following a brief grace period, imposed increasing coercive fines for each day during which Donziger failed to comply with the identification and temporary turnover provisions of the Protocol. DI 2209, DI 2219. The fines are to be expunged if and when Donziger purges himself of contempt. Nevertheless, when the coercive fines did not result in Donziger's compliance, the Court suspended the further accumulation of the fines. DI 2252. But in a further and measured attempt to coerce compliance, it directed Donziger to surrender his passport(s) to the Clerk of the Court, the passport to be returned to Donziger upon full compliance with the Court's orders. Donziger initially agreed to turn over the passport(s) if the Court so required but then reneged and refused to comply with the Court's order.

Donziger now seeks a stay pending appeal of the coercive fines imposed for his refusal to comply with the relevant provisions of the Protocol until he complies fully with their terms. While he has been held in civil contempt for other misconduct, those determinations are not implicated by the present motion because they did not result in any coercive relief or, in one instance, was purged. Moreover, the further accumulation of coercive fines was suspended after he filed this motion.

II

In determining whether to issue a stay pending appeal, the Court considers "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'"[1]  "The necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of

---

[1]

*In re World Trade Ctr. Disaster Site Litig,* 503 F.3d 167, 170 (2d Cir. 2007) (quoting *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987)).

the other [stay] factors."[2]

Donziger is not entitled to any stay pending appeal under this standard, substantially for the reasons set forth in Chevron's memorandum. DI 2237. In addition to the reasons advanced by Chevron, the Court emphasizes an additional point with respect to each of the passport order and the order holding Donziger in contempt of paragraph 5 of the Forensic Inspection Protocol (the "Protocol").

1.     Donziger has been stalling perfectly legitimate post-judgment discovery since Chevron served its information subpoenas many, many months ago. The Court first directed him to comply with parts of the subpoenas. When Donziger made no serious effort to comply with his court-directed obligations, the Court adopted in principle the proposal that Donziger's electronically stored information be located, imaged to protect its integrity and to return Donziger's devices to him as quickly as possible, and searched. Despite Donziger's refusal to play any meaningful role in formulating a process for doing so, the Court laboriously developed the process reflected in the Forensic Inspection Protocol, which is highly protective of Donziger. *See generally* DI 2171, DI 2172. When Donziger refused to comply with the Protocol, Chevron moved successfully to hold Donziger in civil contempt. As there was no meritorious defense to that motion, it was granted. The Court first resorted to coercive fines to induce compliance. But that measure failed. So the Court elected to require Donziger to surrender his passport(s) pending his compliance with paragraphs 4 and 5 of the Protocol. After initially stating on the record that he would surrender the passport(s), he refused.

In this posture, there is no real merit to the stay motion. The further accumulation of coercive fines has been suspended, essentially on the ground that it has been ineffective. DI 2252. So all that remains of the stay motion is the order to turn over the passport.

District courts have broad discretion to formulate remedies to coerce compliance with their orders. As the Second Circuit has said, "[t]o the extent that a contempt sanction is coercive, the court has 'broad discretion to design a remedy that will bring about compliance.'" *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 657 (2d Cir. 2004) (quoting *Perfect Fit Indus., Inc. v. Acme Quilting Co.*, 673 F.2d 53, 57 (2d Cir. 1982)). Given that coercive fines had failed, it is difficult to imagine any other remedy short of incarceration that might be effective. In my judgment, there is no meaningful possibility that the passport surrender order would be overturned on appeal.

2.     Donziger's position is even weaker as to the contempt holding with respect to the provision of the Protocol requiring him to turn over his devices and media to the Neutral Forensic Expert, paragraph 5. DI 2219. He has not appealed either from that order (which in any case probably was not appealable) or from the order holding him in civil contempt for failing to comply with paragraph 5. The time within which to have done so has expired with respect to both orders. Quite

---

2

*Mohammed v. Reno*, 309 F.3d 95,101 (2d Cir. 2002) (quoting *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977) (internal quotation marks omitted)).

3

apart from that, there was no merit to his substantive argument.

*   *   *

All of that said, it is relevant to focus on the two different parts of the Forensic Inspection Protocol. The first part involves Donziger adequately identifying and accounting for his devices and media, Donziger turning them over to the Neutral Forensic Expert ("NFE"), and the NFE then imaging the devices and media in order to preserve the integrity of the data and permit return of the original items to Donziger. The second involves the analytical and search process that is designed to result in the production to Chevron of the documents that the Court ordered produced a very long time ago and that Donziger has not produced. Any further delay in the first part would be dangerous to the integrity of the data and, moreover, entirely unjustified. A modest further delay of the second part would be inconvenient but tolerably so if any appeal were pursued and resolved promptly.

In all the circumstances, Donziger's motion for a stay pending appeal of certain relief granted in the Court's contempt ruling (DI 2234) is granted to the extent that those portions of the Protocol as require or permit disclosure to Chevron of information obtained from Donziger – specifically, paragraphs 7(b), 7(d)-(f), and 8 through 10 – are stayed pending appeal. In order to avoid unnecessary additional delay, this stay is conditioned explicitly on the following conditions:

1.      Donziger shall file his appellate brief and appendix in support of his appeal from the decision of May 23, 2019 no later than July 31, 2019 and his reply brief no later than 14 days after the filing of Chevron's brief.

2.      Donziger shall not oppose any motion for the Second Circuit to expedite that or any related appeal.

Donziger's motion is denied in all other respects. Without limiting the foregoing, he remains obligated to comply fully with paragraphs 4 and 5 of the Protocol and to surrender his passport(s) to the Clerk as previously directed.

SO ORDERED.

Dated:        July 2, 2019

_____
Lewis A. Kaplan
United States District Judge