**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                  :
CHEVRON CORPORATION,                                              :
                                                                  :
        Plaintiff,        :
                                                                  :
    v.                                        :   11 Civ. 0691 (LAK)
                                                                  :
STEVEN DONZIGER, *et al.*,                                        :
                                                                  :
        Defendants.       :
                                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CHEVRON CORPORATION'S REPLY IN SUPPORT**
**OF ITS MOTION FOR ATTORNEYS' FEES (DKT. 2243)**

 

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

STERN, KILCULLEN & RUFOLO LLC
325 Columbia Tpke, Ste 110
P.O. Box 992
Florham Park, New Jersey 07932-0992
Telephone: 973.535.1900
Facsimile: 973.535.9664

*Attorneys for Chevron Corporation*

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT.......................................................................................................................... 1

I.    Chevron's Motion Was Timely Because It Was Filed on the Date Set by the Court............ 1

II.   Donziger Has Not Even Attempted to Satisfy His Burden of Showing Why Chevron
      Should Not Be Awarded All the Fees It Seeks to Recover...................................................... 3

III.  Donziger's Remaining Arguments Have Either Already Been Rejected by the Court
      or Are Irrelevant.................................................................................................................... 4

IV.   There Is No Reason to Wait Until Donziger's Appeal Is Resolved ...................................... 5

CONCLUSION......................................................................................................................... 5

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aetna Cas. & Surety Co. v. Liebowitz*,
    730 F.2d 905 (2d Cir. 1984)..................................................................................................5

*Baker v. Urban Outfitters, Inc.*,
    249 F. App'x 845 (2d Cir. 2007) ........................................................................................2

*Bergerson v. N.Y. State Office of Mental Health*,
    652 F.3d 277 (2d Cir. 2011)................................................................................................3

*Cardona v. City of N.Y.*,
    No. 04 Civ. 955(GEL), 2007 WL 690126 (S.D.N.Y. Mar. 7, 2007)......................................2

*Carrion v. City of N.Y.*,
    No. 01–CIV–2255 (NT), 2003 WL 22519438 (S.D.N.Y. Nov. 4, 2003) .............................3, 4

*Dietz v. Bouldin*,
    136 S. Ct. 1885 (2016)........................................................................................................2

*Grant v. Martinez*,
    973 F.2d 96 (2d Cir. 1992)..................................................................................................3

*Orthopedic Assocs. of 65 Pa. Ave., Binghamton, N.Y., P.C. v. Sedor*,
    No. 3:00-CV-238 GLS, 2011 WL 4074320 (N.D.N.Y. Sept. 13, 2011) ...................................3

*Sea Spray Holdings, Ltd. v. Pali Fin. Grp., Inc.*,
    277 F. Supp. 2d 323 (S.D.N.Y. 2003)..................................................................................4

*Versace v. Versace*,
    No. 98 CIV. 0123PKLTHK, 2000 WL 739569 (S.D.N.Y. June 8, 2000)................................3

**Rules**

Fed. R. Civ. P. 26.......................................................................................................................2

Fed. R. Civ. P. 54....................................................................................................................1, 2

Fed. R. Civ. P. 65.......................................................................................................................2

## PRELIMINARY STATEMENT

Steven Donziger has failed to contest the merits of Chevron Corporation's ("Chevron's") motion for attorneys' fees (Dkt. 2243).  Donziger does not challenge the reasonableness of the hourly rates that Chevron paid for the work performed.  Nor does Donziger identify even a single task performed by Chevron's counsel and experts that was unnecessary or unreasonable.  The fees Chevron seeks—which are only a subset of those it paid during the relevant proceedings—were necessary and reasonable, particularly in light of Donziger's "virtually absolute refusal to comply with court orders requiring him to produce documents."  Dkt. 2254 at 1.

Instead of explaining why the fees Chevron seeks are unwarranted, Donziger's principal argument (besides heaping rhetoric) is that Chevron's motion is supposedly untimely.  According to Donziger, the default 14-day deadline under Federal Rule of Civil Procedure 54(d)(2)(B)(i) applies because "nothing in the Contempt Decision provided any alternative deadline."  Dkt. 2253 at 1.  But Donziger is wrong.  The Court's contempt order stated that "[a]ny application for attorneys' fees shall be filed no later than June 18, 2019."  Dkt. 2209 at 69.  Donziger's untimeliness argument is thus frivolous.  The remainder of Donziger's opposition just rehashes arguments that this Court has long-rejected or posits arguments that are irrelevant.   The Court should, therefore, grant Chevron's fee motion in its entirety.

## ARGUMENT

**I.      Chevron's Motion Was Timely Because It Was Filed on the Date Set by the Court**

Rule 54 provides that "[u]nless a statute or a court order provides otherwise, the motion [for attorneys' fees] must: (i) be filed no later than 14 days after the entry of judgment."  Fed. R. Civ. P. 54(d)(2)(B).  Here, the express terms of the Court's contempt order "provide[d] otherwise," as it set a specific deadline of June 18, 2019.  Dkt. 2209 at 69.  Chevron filed its motion on that

date, in full compliance with the Court-ordered deadline. That fact is fatal to Donziger's claim of untimeliness.

Donziger does not even acknowledge the Court-ordered deadline of June 18, 2019, and instead premises his entire argument on the false assertion that the Court set no "alternative deadline" for Chevron's motion—even though this Court did just that. Dkt. 2253 at 1. As a result, Donziger makes no effort to contest the Court's setting of that alternative deadline, nor could he, given that Rule 54(d)(2)(B), as well as Rule 6(b)(1)(A) and the Court's inherent authority, provided the Court with ample power to set a June 18 deadline for the filing of Chevron's motion. *See* Fed. R. Civ. P. 54(d)(2)(B) (permitting a "court order" to alter the deadline for filing an attorneys' fee motion); Fed. R. Civ. P. 6(b)(1)(A) (permitting extension of deadlines "with or without motion or notice if the court acts . . . before the original time . . . expires"); *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (noting that "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases").[1]

The only case Donziger cites—*Cardona v. City of N.Y.*, No. 04 Civ. 955(GEL), 2007 WL 690126 (S.D.N.Y. Mar. 7, 2007)—is inapposite because it addressed a situation where a party filed an attorneys' fee motion *after* the deadline lapsed and where, unlike here, the Court set no alternative deadline *before* the deadline lapsed. *See id.* at *1, *3 (addressing timeliness of attorneys'

---

[1] The 14-day deadline set forth in Rule 54(d)(2)(B)(i) applies only to motions seeking attorneys' fees—not to expert fees—which means that Donziger's challenge to the timeliness of Chevron's motion as to its request for expert fees fails even if it had any merit. Moreover, Donziger's assumption that Rule 54 governs the deadlines for *any* part of Chevron's motion is wrong, as Rule 54(d)(2)(E) expressly states that its deadline does "not apply to claims for fees and expenses as sanctions for violating" the Federal Rules. Fed. R. Civ. P. 54(d)(2)(E). Because Donziger is being sanctioned for violating the Federal Rules—specifically, Rule 26 (governing discovery) and Rule 65 (governing injunctions)—"no timeliness concerns arise." *Baker v. Urban Outfitters, Inc.*, 249 F. App'x 845, 846 n.3 (2d Cir. 2007) (finding 14-day deadline under Rule 54(d)(2)(B) did not apply to sanctions imposed under Rule 11).

fee motion filed "more than twelve weeks after the entry of judgment" and finding there was "no claim that anyone was confused as to the due date for [the fees] motion" under Rule 52(d)(2)(B)). By contrast, Chevron filed its motion by the deadline that the Court set, which made that motion timely.

**II.      Donziger Has Not Even Attempted to Satisfy His Burden of Showing Why Chevron Should Not Be Awarded All the Fees It Seeks to Recover**

Chevron submitted a fee motion with ample supporting evidence demonstrating it was entitled to a "presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours." *Bergerson v. N.Y. State Office of Mental Health*, 652 F.3d 277, 289 (2d Cir. 2011). As "the party advocating an upward or downward departure" from that presumptively reasonable fee, Donziger "bears the burden of establishing that 'an adjustment is necessary to the calculation of a reasonable fee.'" *Orthopedic Assocs. of 65 Pa. Ave., Binghamton, N.Y., P.C. v. Sedor*, No. 3:00-CV-238 GLS, 2011 WL 4074320, at *4 (N.D.N.Y. Sept. 13, 2011) (quoting *Grant v. Martinez*, 973 F.2d 96, 101 (2d Cir. 1992)). Donziger has not even attempted to meet that burden.

Donziger's only response to the merits of Chevron's fees motion is in a cursory footnote, where he claims, in conclusory fashion, that Gibson Dunn's and Stern Kilcullen's fees "are egregiously excessive" because "only minimal legal work" was (in Donziger's view) necessary. Dkt. 2253 at 4 n.1. But "vague accusations of 'excessiveness, impropriety, overstaffing and other infirmities'" are not enough where, as is the case here, the party failed to "lodge[] a single, specific objection to the quantum of" the fee request. *Versace v. Versace*, No. 98 CIV. 0123PKLTHK, 2000 WL 739569, at *3 (S.D.N.Y. June 8, 2000). Because Donziger has failed to properly "challenge the reasonableness of the hours expended or the proposed hourly rates," this Court should "grant[] [Chevron's] motion for attorney's fees" in its entirety. *Carrion v. City of N.Y.*, No. 01–

3

CIV–2255 (NT), 2003 WL 22519438, at \*3 (S.D.N.Y. Nov. 4, 2003); *see also, e.g.*, *Sea Spray Holdings, Ltd. v. Pali Fin. Grp., Inc.*, 277 F. Supp. 2d 323, 325 (S.D.N.Y. 2003) (finding rates charged by individual attorneys and legal assistants "to be within the range of reasonable fees," where the plaintiff did "not challenge [those] hourly rates").

Even if Donziger had attempted to substantiate his vague assertion of "egregiously excessive" fees and his claim that "only minimal legal work" was required, he would have failed. Indeed, the fees Chevron incurred were the direct result of Donziger's conscious decisions to violate the RICO Judgment and other orders of this Court and "stonewall[] Chevron's efforts" to obtain discovery. Dkt. 2209 at 2. Given Donziger's obstruction, Chevron was forced to file multiple contempt motions and discovery motions and to pursue discovery through third-party subpoenas. Dkt. 2244 at 5–6, 8–10. That required Chevron's counsel to engage in meet-and-confer negotiations with dozens of individuals and entities, to analyze their productions, and to prepare for their depositions. And Donziger increased Chevron's costs through his efforts to thwart that discovery. For example, Donziger designated every single document in Sullivan's production as "confidential" (*id.* at 5), and he instructed third parties to withhold responsive documents from Chevron (*id.* at 7). Chevron was forced to contest these and other instances of obstructive behavior by Donziger at great cost. Moreover, Chevron's fee request was very conservative, as it has sought only a portion of its discovery and contempt related attorneys' fees (*id.* at 6–7), its fees relating to third-party discovery motions (*id.* at 8), or its fees for responding to a number of meritless motions that Donziger filed (*id.*).

## III. Donziger's Remaining Arguments Have Either Already Been Rejected by the Court or Are Irrelevant

The rest of Donziger's opposition is devoted largely to rehashing old arguments that the Court has already rejected. For example, Donziger argues that fees should not be awarded because

4

he "reasonably and in good faith relied on" the Court's "Stay/Clarification Opinion."  Dkt. 2253

at 2–3.  The Court should reject these arguments, which are nothing more than untimely and im-

proper requests for reconsideration of the Court's contempt order, in which the Court already found

that Chevron "is entitled to recover its reasonable attorneys' fees, disbursements, and expert wit-

ness fees with respect to the discovery and litigation of those civil contempts that the Court has

found to have been wilful."  Dkt. 2209 at 68–69.

Donziger's remaining argument is irrelevant.  According to Donziger, *Aetna Casualty &*

*Surety Company v. Liebowitz*, 730 F.2d 905 (2d Cir. 1984), precludes an attorneys' fee award

under RICO because Chevron did not seek damages at trial.  *See* Dkt. 2253 at 3–4.  But Chevron

has not sought to recover its contempt-related attorneys' fees under the RICO statute, but instead

as a contempt sanction, as the Court's order made clear.  *See* Dkt. 2209 at 68.  Donziger's argument

regarding *Aetna* and attorneys' fees under RICO is therefore beside the point.  Moreover, it is also

meritless, as Chevron has explained elsewhere.  *See* Dkt. 1897.

## IV.    There Is No Reason to Wait Until Donziger's Appeal Is Resolved

Donziger asks, in the alternative, that the Court dismiss Chevron's application "without

prejudice pending resolution of [his] appeals."  Dkt. 2253 at 5.  There is no reason to change the

schedule that the Court already set in the contempt order.  That is particularly so given that there

is no likelihood that Donziger will succeed on appeal, as Chevron has explained and the Court has

recognized.  *See* Dkt. 2237 at 10–24; Dkt. 2254 at 2.

## CONCLUSION

The Court should grant Chevron's fee motion in its entirety.

Dated:  July 8, 2019

New York, New York

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

*/s/ Randy M. Mastro*

Randy M. Mastro
Andrea E. Neuman
200 Park Avenue
New York, New York 10166
Telephone: 212.351.4000
Facsimile: 212.351.4035

William E. Thomson
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

STERN, KILCULLEN & RUFOLO LLC
Herbert J. Stern
Joel M. Silverstein
325 Columbia Tpke, Ste 110
P.O. Box 992
Florham Park, New Jersey 07932-0992
Telephone: 973.535.1900
Facsimile: 973.535.9664

*Attorneys for Chevron Corporation*