UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

CHEVRON CORPORATION,

    Plaintiff,

v.

STEVEN DONZIGER, *et al.*,

    Defendants.

------------------------------------- x

**MEMO ENDORSED**

11 Civ. 0691 (LAK)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/16/2019

**NOTICE OF CHEVRON CORPORATION'S
MOTION FOR AWARD OF ATTORNEYS' FEES**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

STERN, KILCULLEN & RUFOLO LLC
325 Columbia Tpke, Ste 110
P.O. Box 992
Florham Park, New Jersey 07932-0992
Telephone: 973.535.1900
Facsimile: 973.535.9664

*Attorneys for Chevron Corporation*

Memorandum Endorsement                                    Chevron Corp. v. Donziger, 11-cv-0691 (LAK)

On May 23, 2019, the Court granted in whole or in part four motions by Chevron Corporation ("Chevron") to hold Steven Donziger and Donziger & Associates, PLLC in civil contempt and found that at least some of those contempts were wilful and ruled that Chevron was entitled to recover reasonable attorneys' fees in prosecuting those applications. DI 2209, at 69-71 & ¶ 4. The same order stated that any application for attorneys' fees was to be filed on or before June 18, 2019. *Id.* at 69. On June 18, 2019, Chevron timely filed this application for attorneys' fees pursuant to the May 23, 2019 decision. DI 2243.

Donziger & Associates, PLLC, which has been unrepresented here at least since Steven Donziger was suspended from the practice of law, has not opposed the motion. Donziger himself opposes it on the ground that it is untimely. Donziger's argument is both frivolous and deceptive.

Donziger contends that the motion is untimely because:

"Fed. R. Civ. P. Rule 54(d)(2)(B) states that '[u]nless a statute or a court order provides otherwise, [a claim for attorney's fees] must . . . be filed no later than 14 days after the entry of judgment.' A 'judgment' is defined to 'include[ ]a decree and any order from which an appeal lies.' Fed. R. Civ. P. 54(a). The Court issued its final opinion and order on the contempt motions on May 23, 2019 ('Contempt Decision'), and the clerk formally entered the new supplemental money judgment associated with the order on May 24, 2019. Nothing in the Contempt Decision provided any alternative deadline. Thus, any attorney's fee motion was due June 6, 2019 or at the latest June 7, 2019. Chevron neglected to file its motion until June 18, 2019—almost twice the time allowed under the rules. It has forfeited any claim to fees regarding the Contempt Decision."[1]

Nowhere does he acknowledge that the Court's May 23 order, as expressly permitted by Fed. R. Civ. P. 54(d)(2)(B), specifically and unequivocally fixed June 18 as the date by which Chevron's motion had to be filed. Thus, his timeliness argument is utterly without merit.

I have considered Donziger's other submissions. All are without merit. Indeed, he has not made an serious attempt to address the merits of Chevron's motion. He does not, for example, challenged the reasonableness of the hourly rates charged or, beyond his use of pejorative and conclusory adjectives, address the reasonableness of the services performed or the time devoted to providing them. As a review the chronology provided by Chevron [DI 2245-2] demonstrates, Donziger's intransigence is directly responsible for the considerable efforts Chevron was forced to undertake to get at the pertinent facts. The Court finds that the rates charged, the services performed, and the time devoted to those services were reasonable.

Accordingly, Chevron's motion [DI 2243] is granted in all respects. The Clerk shall enter a supplemental judgment awarding to Chevron and against Donziger and Donziger & Associates, PLLC, jointly and severally, the sum of $3,433,384.30 as reasonable attorneys' fees incurred.

SO ORDERED.

Dated:   July 16, 2019

                                                    /s/    Lewis A. Kaplan
                                                    _____
                                                           Lewis A. Kaplan
                                                    United States District Judge

---

[1] DI 2253, at 1.