# EXHIBIT 6

# AGREEMENT
## *for*
## COMPENSATION
### *and*
## INVESTMENT OF PROFESSIONAL SERVICES

This **AGREEMENT** is made on the undersigned dates of November 2016, by and between, on the one hand, the *Frente de Defensa de la Amazonía* (the **FDA**) and the President of its Administrative Board (the **TRUST BOARD PRESIDENT**) of *Fideicomiso Mercantil de Administración de Flujos ADAT* (the **ECUADOR TRUST**) (together with the FDA, the **GUARANTORS**), and, on the other hand, The Rising Group Consulting, Inc. (**TRGC**). In consideration for professional services *(a)* provided in the past and *(b)* to be provided in the future, with respect to the prosecution of the claims in the *AGUINDA* **CASE** (defined below) in the courts of Ecuador, efforts to enforce the *AGUINDA* **JUDGMENT** (defined below) in Canada and other countries, and efforts to respond to related litigation, public relations, and other activities by Chevron and its subsidiaries and agents (**CHEVRON**), as set forth below, the **GUARANTORS** by this **AGREEMENT** hereby irrevocably grant an **INTEREST** to **TRGC** as set forth below and irrevocably instruct **CANADIAN COUNSEL** (defined below) to make payments to satisfy that **INTEREST** in accordance with this **AGREEMENT** and/or any **DISTRIBUTION ESCROW AGREEMENT** being signed herewith.

WHEREAS the FDA was deemed to be the prevailing party behind the successful claim in the *María Aguinda Salazar v. Chevron Corporation* case in the Provincial Court of Justice of Sucumbíos (Case No. 2003-0002), as affirmed on appeal by the Sole Chamber of the Provincial Court of Justice of Sucumbíos (Case No. 2011-0106) and by the National Court of Justice (Ecuador) (Case No. 174-2012), and as the subject of enforcement proceedings in the Ontario Court of Justice (Canada) (File No. CV-12-9808-00CL) (collectively, the *AGUINDA* **CASE**);

WHEREAS the *AGUINDA* **JUDGMENT** in this AGREEMENT refers to the legal obligation imposed on Chevron by Ecuadorian courts, now being enforced in other countries, as reflected by the foregoing decisions and proceedings;

WHEREAS the FDA is the recipient of an award under Ecuador's Environmental Management Law in the amount of 10% of environmental award in the *AGUINDA* JUDGMENT (the **10% AWARD**), to be paid by CHEVRON;

WHEREAS the FDA is the exclusive beneficiary of the ECUADOR TRUST, which was created on instructions from the Ecuadorian courts to receive, hold, and disburse funds paid on the judgment by Chevron, in order to implement and achieve environmental remediation and pay legal and administrative expenses as deemed necessary by its Administrative Board;

WHEREAS the **TRUST BOARD PRESIDENT** was duly named and appointed upon the establishment of the ECUADOR TRUST and is responsible for carrying out certain duties and exercising certain authority regarding the ECUADOR TRUST as specified therein, and thus his execution of this AGREEMENT reflects only his commitment to act to the full extent of his

RIZACKPJD-0000205

authority and abilities to fulfill, in good faith and in both letter and spirit, the obligations and warranties herein granted;

HAVING REGARD for TRGC's existing record of service to the FDA and its representatives, namely: consulting and other business services to the FDA and its representatives, in particular **Mr. Steven DONZIGER**, from 2012 to present, including accounting, budgeting, capital development and management (recruitment of investors, meetings with investors, preparation of presentations, assistance with due diligence, ongoing investor relations), strategic advice, public relations advocacy, and logistics and administrative services;

WHEREAS TRGC has not been provided significant compensation for the aforementioned service, and that it has been understood by all relevant parties that TRGC would be reimbursed to a competitive level of compensation whenever funds became available;

WHEREAS that it has been understood by all relevant parties that TRGC's efforts have been important to the advancement of the *AGUINDA* CASE and have earned it a claim in equity to a percentage of any recovery in the case reflective of the value of its efforts proportional to others who have invested their money and/or services in the case;

WHEREAS the GUARANTORS desire to keep TRGC involved in efforts to enforce and implement the *AGUINDA* JUDGMENT going forward;

WHEREAS the GUARANTORS, despite some recent funding, lack the funds to provide full-rate compensation to TRGC and other professionals while still keeping sufficient funds in reserve for future requirements, and therefore, after due consideration of all relevant factors including TRGC's value and the uncertainty regarding the number of hours that may be required of TRGC in the future, prefer to compensate MR. PAGE by means of the GRANT OF INTEREST set forth below;

NOW, THEREFORE, in consideration of these premises, it is agreed as follows:

1. **GRANT OF INTEREST**: In consideration of past and expected future, professional services as set forth above, GUARANTORS hereby grant to TRGC an **INTEREST** constituting **0.25%** of any **RECOVERY**, defined as any collection of funds related to the *AGUINDA* JUDGMENT or the *AGUINDA* CASE, whether by judicial order or by settlement agreement, in Canada or in any country, including, without limitation, monies recovered as actual/environmental damages to the extent permitted by law; monies recovered on the 10% AWARD to the FDA; monies recovered as post-judgment enforcement interest or any other statutory interest-based award; or monies recovered as part of any additional award of fees or expenses awarded by an Ecuadorian, Canadian, U.S., or any other court. For the avoidance of doubt, if no RECOVERY is achieved related to the *AGUINDA* JUDGMENT or the *AGUINDA* CASE, no amount is owed by the GUARANTORS under this AGREEMENT.

RIZACKPJD-0000206

2. **IRREVOCABLE WARRANTY**: The GUARANTORS hereby irrevocably warrant that they will, to the full extent of their ability under the law, pay, or cause to be paid, the INTEREST set forth above in a timely fashion upon the receipt of any RECOVERY funds, including a partial RECOVERY, in accordance with this AGREEMENT and the IRREVOCABLE INSTRUCTION to CANADIAN COUNSEL set forth below, and/or with any DISTRIBUTION ESCROW AGREEMENT signed herewith. In the event of a partial RECOVERY, the INTEREST will be paid *pari passu* with respect to all other investors and equity holders.

3. **IRREVOCABLE INSTRUCTION**: The GUARANTORS hereby irrevocably instruct and authorize Alan Lenczner and the firm Lenczner Slaght Royce Smith Griffin LLP (**CANADIAN COUNSEL** and **ESCROW AGENT**) to pay the INTEREST set forth above out of any RECOVERY funds, including partial RECOVERY funds, collected by CANADIAN COUNSEL pursuant to any enforcement action or any settlement agreement, in accordance with this AGREEMENT and/or the terms of any DISTRIBUTION ESCROW AGREEMENT signed herewith.

4. **COMMITMENT OF EFFORT**: TRGC hereby commits to continue to provide services of a similar nature to those already provided, as outlined above, both to the FDA directly and through DONZIGER, to assist and serve the GUARANTORS in efforts to enforce and implement the *AGUINDA* JUDGMENT and related advocacy efforts. TRGC shall make itself available to consult with the GUARANTORS at their request, and shall provide its services in response to all reasonable requests, as shall be determined in consultation with the GUARANTORS and DONZIGER.

5. **MODIFICATIONS:** No modification, amendment, refutation, or exemption from any provision of this AGREEMENT, or any right, obligation, claim, or course of action thereto, shall be valid or binding for any purpose except where it is agreed to in writing, duly articulated and signed by the party whom the modification shall bind.

6. **DISPUTES**: Any dispute, controversy or claim arising out of or relating to this AGREEMENT, including any question regarding its existence, interpretation, validity, application, breach, termination, or amounts payable hereunder (**DISPUTE**) shall be resolved by means of good-faith negotiation and compromise, except that TRGC and the GUARANTORS each individually hereby agree that if either of them reaches the conclusion, after due consultation, that no compromise is likely to be reached, either of them may submit the DISPUTE, first, to mediation with the Canadian Arbitration Association (**CAA**), and second, if the DISPUTE is still not resolved, to binding arbitration with the CAA under the CAA Arbitration Rules. The place of arbitration shall be Toronto, Ontario, Canada.

RIZACKPJD-0000207

7. **LANGUAGES**: This AGREEMENT is being executed in both English and Spanish. To the extent there is a conflict between the versions of this Agreement, the English version shall apply.

8. **COUNTERPARTS**: This AGREEMENT may be executed in counterparts, each of which will be deemed an original for all purposes and will collectively constitute one AGREEMENT.

IN WITNESS WHEREOF, the GUARANTORS and TRGC have executed this AGREEMENT on the day and year indicated below.

DATED: 11- Enero -2017

_____
Carlos Guamán Gaibor
FDA PRESIDENT

DATED: 11 - Enero - 2017

_____
Ermel Gabriel Chávez Parra
TRUST BOARD PRESIDENT

DATED: 1/11/17

_____
Josh Rizack
The Rising Group Consulting, Inc.

DATED: _____

_____
Alan Lenczner
Lenczner Slaght Royce Smith Griffin LLP

*Instructions at Paragraph 3 above Acknowledged and Accepted*

RIZACKPJD-0000208

# ACUERDO
*para*
# COMPENSACIÓN
*e*
# INVERSIÓN DE SERVICIOS PROFESIONALES

Este **ACUERDO** se celebra en las fechas abajo señaladas en las firmas de diciembre de 2016, entre, por un lado, el *Frente de Defensa de la Amazonía* (el **FDA**) y el Presidente de la Junta Administrativa, Ermel Gabriel Chávez Parra (**PRESIDENTE DE LA JUNTA**) del *Fideicomiso Mercantil de Administración de Flujos ADAT* (el **FIDEICOMISO DE ECUADOR**) (conjunto con el FDA, los **GARANTES**), y por otro lado, The Rising Group Consulting, Inc. (**TRGC**). En consideración de los servicios profesionales (a) proporcionados en el pasado y (b) que se proporcionará en el futuro, relacionados con el procesamiento de las demandas en el **CASO AGUINDA** (se define a continuación) en las cortes de Ecuador, los esfuerzos de ejecución con respecto a la **SENTENCIA AGUINDA** (se define a continuación) en Canadá y en otros países, y los esfuerzos para responder a los relacionados litigios, relaciones públicas, y otras actividades de Chevron y sus filiales y agentes (**CHEVRON**), como se indica a continuación, los **GARANTES** por el presente **ACUERDO** de manera irrevocable conceder a **TRGC** un **INTERÉS**, como se indica a continuación, y de manera irrevocable instruir al **ABOGADO CANADIENSE** (se define a continuación) para hacer pagos para satisfacer ese **INTERÉS** de conformidad con el presente **ACUERDO** y / o cualquier **ACUERDO DE FIDEICOMISO DE DISTRIBUCIÓN** que se firmó con la presente.

CONSIDERANDO que el FDA se consideró como la parte que prevalece en el caso exitoso que se alude como *María Aguinda Salazar v. Chevron Corporation*, dictada en primera instancia por la Corte Provincial de Justicia de Sucumbíos (N° de expediente 2003-0002), 14 feb. 2011, confirmada en segunda instancia por la Sala Única de la Corte Provincial de Justicia de Sucumbíos (N° de expediente 2011-0106), 3 enero 2012, certificada para la ejecución, 17 feb. 2012, y confirmado por la Corte Nacional de Justicia (N° de expediente 174-2012), 12 nov. 2013, y también el objeto de los procedimientos de ejecución en la Corte de Justicia de Ontario (Canadá) (N° de expediente CV-12-9808-00CL) (colectivamente, el **CASO AGUINDA**);

CONSIDERANDO que la **SENTENCIA AGUINDA** en el presente ACUERDO se refiere a la obligación legal impuesta a CHEVRON por la justicia ecuatoriana y puesto que se busca a la ejecución de la misma sentencia en otros países como se desprende de las decisiones y procedimientos antes mencionadas conjuntamente;

CONSIDERANDO que el FDA es el destinatario de un concedido al amparo de la Ley de Gestión Ambiental de Ecuador en la cantidad de 10% de la cantidad de los daños ambientales en la SENTENCIA *AGUINDA* (el **10% CONCEDIDO**) que se abonará por CHEVRON;

CONSIDERANDO que el FDA es el beneficiario del FIDEICOMISO DE ECUADOR, que fue creado por instrucciones de las cortes ecuatorianas para recibir, mantener y desembolsar los fondos pagados por CHEVRON en ejecución de la SENTENCIA *AGUINDA*, con el fin de poner en práctica y lograr la remediación ambiental y pagar los gastos legales y administrativos que se consideren necesarias por su Junta Administrativa;

RIZACKPJD-0000209

CONSIDERANDO que el PRESIDENTE DE LA JUNTA fue debidamente nombrado y designado con el establecimiento del FIDEICOMISO DE ECUADOR y que es responsable de desempeñar ciertas funciones y ejercer cierta autoridad con respecto al FIDEICOMISO DE ECUADOR como se especifica en el mismo, y por lo tanto la ejecución del presente refleja solamente su compromiso de actuar en toda la extensión de su autoridad y sus capacidades para cumplir, de buena fe, textualmente y espíritu, las obligaciones y garantías aquí concedidas;

TENIENDO EN CUENTA la historia de TRGC (The Rising Group Consulting, Inc.) de servicios para el FDA y sus representantes, a saber: consultoría y otros servicios empresariales para el FDA y sus representantes, en particular al **Sr. Steven DONZIGER**, desde el año 2012 hasta la actualidad, incluyendo contabilidad, presupuesto, desarrollo y administración de capital (reclutamiento de inversores, reuniones con inversionistas, preparación de presentaciones, asistencia con la debida diligencia, relaciones continuas con inversionistas), asesoramiento estratégico, defensa de relaciones públicas y servicios logísticos y administrativos;

CONSIDERANDO que a TRGC no se proporcionaba compensación por sus servicios profesionales y que se lo ha sido entendido por todas las partes pertinentes que TRGC sería reembolsado a un nivel competitivo de compensación cuando los fondos llegarán a estar disponibles;

CONSIDERANDO que han sido entendido por todas las partes pertinentes que los esfuerzos del TRGC han sido importante para el avance del CASO *AGUINDA* y le han ganado un crédito en acciones a una porcentaje de cualquier recaudación en el caso reflectante del valor de sus esfuerzos proporcionales a otras personas que han invertido su dinero y / o servicios en el caso;

CONSIDERANDO los GARANTES desean de mantener el TRGC involucrado en esfuerzos para la ejecución e implementación de la SENTENCIA *AGUINDA* en el futuro;

CONSIDERANDO que los GARANTES, a pesar de algún financiamiento reciente, carecen de los fondos para proporcionar una compensación a tasa completa a TRGC y otros profesionales al mismo tiempo mantener fondos suficientes en reserva para necesidades futuras, y por lo tanto, tras la debida consideración de todos los factores relevantes, incluyendo el valor del TRGC y la incertidumbre en cuanto al número de horas de trabajo que pueden ser necesarios de TRGC en el futuro, prefieren para compensar el TRGC por medio de la CONCESIÓN DE UN INTERÉS establecido a continuación;

POR LO TANTO, en consideración de estas premisas, se acuerdan lo siguiente:

1. **CONCESIÓN DE UN INTERÉS**: En consideración de los servicios profesionales proporcionados en el pasado y servicios profesionales que serán proporcionados en el futuro, como se expuso anteriormente, los GARANTES conceden al TRGC un **INTERÉS** que constituye el **0.25%** de cualquier **FONDOS RECAUDADOS** que se define como cualquier colección de fondos relacionados con el CASO *AGUINDA* o la SENTENCIA *AGUINDA*, ya sea por orden judicial o por acuerdo privado extrajudicial, en Canadá o en cualquier país, incluyendo, sin limitación, los FONDOS RECAUDADOS como daños reales/ambientales a la medida permitida por la ley como gastos del FIDEICOMISO DE ECUADOR; los FONDOS RECAUDADOS del 10% CONCEDIDO de la FDA; los FONDOS RECAUDADOS como interés post-juicio o cualquier otro concedido basado en los

RIZACKPJD-0000210

intereses legales; o los FONDOS RECAUDADOS como parte de cualquier derecho concedido adicional de honorarios o gastos adjudicados por un corte de Ecuador, Canadá, EE.UU., o cualquier otro país. Para evitar cualquier duda, si no se recuperan los FONDOS RECAUDADOS relacionados a la SENTENCIA *AGUINDA* o el CASO *AGUINDA*, ninguna cantidad se le debe por los GARANTES bajo este ACUERDO.

2. **GARANTÍA IRREVOCABLE**: Los GARANTES de manera irrevocable garantizan que serán, con todo el rigor de su capacidad bajo la ley, pagar, o hacer que se pague, el INTERÉS establecido anteriormente de manera oportuna después de la recepción de cualquier **FONDOS RECAUDADOS**, incluyendo una recepción parcial, de conformidad con este ACUERDO y la INSTRUCCIÓN IRREVOCABLE al ABOGADO CANADIENSE establecido a continuación, y / o con los términos del ACUERDO DE DISTRIBUCIÓN DE FIDEICOMISO que se firmó con la presente. En el caso de una recepción parcial, el INTERÉS se pagará *parí passu* con respecto a todos los otros inversores y titulares de acciones en la SENTENCIA *AGUINDA*.

3. **INSTRUCCIÓN IRREVOCABLE**: Los GARANTES de manera irrevocable instruyen y autorizar a Alan Lenczner y la firma Lenczner Slaght Royce Smith Griffin LLP (**ABOGADO CANADIENSE** y **AGENTE DE CUSTODIA**) para pagar el INTERÉS que se ha indicado anteriormente, de cualquier FONDOS RECAUDADOS, incluidos los FONDOS RECAUDADOS parcial, recaudado por el ABOGADO CANADIENSE en cualquier acción de ejecución o cualquier acuerdo privado extrajudicial, de conformidad con este ACUERDO y/o con los términos de cualquier ACUERDO DE DISTRIBUCIÓN DE FIDEICOMISO se firmó con la presente.

4. **COMPROMISO DE ESFUERZO**: El TRGC se compromete a seguir prestando servicios de naturaleza similar a los ya previstos, como se indica más arriba, tanto al FDA directamente ya través de DONZIGER para asistir y servir los GARANTES en los esfuerzos para ejecutar e implementar la SENTENCIA *AGUINDA* y varias actividades de promoción relacionadas. El TRGC se pondrá a disposición para consultar con los GARANTES cuando le solicitan, y proporcionará sus servicios en respuesta a todas las solicitudes razonables, según se determinen en consulta con los GARANTES y DONZIGER.

5. **MODIFICACIONES**: Ninguna modificación, enmienda, renuncia o exención de ninguna de las disposiciones de este ACUERDO o de ningún derecho, obligación, demanda o curso de acción que surja por el presente será válida o vinculante para ningún fin a menos que esté por escrito, debidamente formalizada y firmada por la parte contra la cual la obligación es afirmada.

6. **DISPUTAS**: Cualquier disputa, controversia o reclamación que surja de o esté relacionada con **este ACUERDO,** incluida cualquier cuestión relativa a su existencia, interpretación, validez, aplicación, incumplimiento, rescisión o cantidades a pagar en virtud del presente ("**DISPUTA**"), deberá ser resuelta por medio de negociación y el compromiso, salvo que TRGC y los GARANTES y cada

RIZACKPJD-0000211

uno individualmente acuerdan que si alguno de ellos llega a la conclusión, después de la debida consulta, que no existe la menor probabilidad de ser alcanzado un compromiso, cualquier de ellos podrá someter la DISPUTA, en primer lugar, a la mediación con la Asociación de Arbitraje de Canadá (**CAA**), y en segundo lugar, si la DISPUTA no se resuelve, a un arbitraje vinculante con la CAA bajo las Reglas de Arbitraje de la CAA. La sede del arbitraje será Toronto, Ontario, Canadá.

7. **IDIOMAS**: El presente ACUERDO se está instrumentando en inglés y español. En la medida en que haya un conflicto entre las versiones de este ACUERDO, se aplicará la versión en inglés.

8. **EJEMPLARES**: El presente ACUERDO podrá ser instrumentado en ejemplares, cada uno de los cuales se considerará un original para todos los fines y en su conjunto constituirán un ACUERDOEN FE DE LO CUAL, los GARANTES y el TRGC han suscrito este ACUERDO en el día y el año que se indica a continuación.

FECHA: 11-Enero-2017

Carlos Guamán Gaibor
PRESIDENTE DEL FDA

FECHA: 11-Enero-2017

Ermel Gabriel Chávez Parra
PRESIDENTE DE LA JUNTA

FECHA: 1/11/17

Josh Rizack
The Rising Group Consulting, Inc.

FECHA: _____

Alan Lenczner
LENCZNER SLAGHT ROYCE SMITH GRIFFIN LLP

*Las Instrucciones al Párrafo 3 anterior Reconocidos y Aceptados*

RIZACKPJD-0000212