# EXHIBIT 3-06

## Campbell Ford

**From:** Steven Donziger <sdonziger@donzigerandassociates.com>
**Sent:** Thursday, December 18, 2014 5:13 PM
**To:** Campbell Ford
**Subject:** outstanding fee issue

Campbell –

I think the amount you want is too much given the circumstances. I wanted to propose another way to approach this and I think it would be easier to do in writing so you can think about it.

Please remember that I am out for a lot of funds – the fees I have paid you so far (the precise amount of which I still can't figure out, but I assume must be in the neighborhood of $75,000 or more); plus the money I paid Schneider for his work on the trust (which I think is $15,000 but might be more); plus the money for Schneider's counsel, which I think is about $80,000 or more. Plus I had travel costs to get down there. In all, I am out about $150,000 to $200,000 or more over a fight for a $15,000 fee to Schneider. Worse, this comes at the worst possible time given my situation with the RICO case and my inability for the time being to work as a lawyer on new matters.

I recognize I share part of the responsibility for going forward against Schneider. We no doubt had what appeared to be a good case. But I never understood prior to going forward that my chances of losing were so great given the "hometown risk" that obviously existed given Schneider's relationships down there. And I never understood – and I don't believe you ever explained to me – that if I lost I would be liable for Schneider's attorney's fees. That was just devastating to me. Had I really known the risk of losing would involve paying fees of opposing counsel, I would like to think I would not have proceeded given the paltry amount at stake. I believe the risk assessment on our side was lacking and that the complete risk was not understood by me.

Given the amount of the fees you already have received representing me plus the circumstances, I think it would be fair for you to forego the rest of your fees and we just agree to close out the case as is. I also want you to send me the money in the account which in any event should be closed out (or instruct me how I can do it myself). I've lost track of the account and have not received any statements nor do I know whom to contact at the bank.

In recognition of your good faith and hard work, I will offer you a back-up plan. If I get a recovery in the Ecuador matter – and I hope this happens soon but as you know there are no guarantees– I will pay you something toward your existing invoice.

Along those lines, I would propose that you lower your outstanding invoice by one-third (to around $40,000 as I understand it) and hold the amount frozen and in abeyance. If I get a recovery from the Ecuador matter, I will pay you

1

PCFord_000018

that amount outstanding at that time. If I get a windfall from that matter, I would consider paying you a bonus in my complete discretion. If I don't get a recovery from the Ecuador matter, we will agree I will have no obligation in that respect.

Any additional work you do to help me on any real estate stuff will be billed and paid separately. I hope you will be open to continuing to do work on those matters as they arise.

Please understand that this is not a commentary on the work you and your associate did in the courtroom. I appreciate the obvious hard work and skill involved. That said, I believe we have a shared responsibility for the result and the huge amount it has cost me. I think my proposal is reasonable in light of these circumstances.

Let me know if this would be acceptable. Call me if you want to discuss. Most importantly, let's get the bank account closed out.

Thanks much.


xx
--
Steven Donziger
212-570-4499 (land)
917-566-2526 (cell)
212-409-8628 (fax)

Steven R. Donziger
Law Offices of Steven R. Donziger, P.C.
245 W. 104th St., #7D
New York, New York 10025

To learn more about Steven and the Ecuador matter please visit StevenDonziger.com.
Follow on Twitter: @SDonziger
Like on Facebook: Steven Donziger
------------------------

This e-mail is confidential and privileged. If the reader is not the intended recipient, any review, dissemination or copying of any part of this e-mail is prohibited. If you received this e-mail in error, please notify the sender by e-mail or at 212-570-4499.

PCFord_000019