# EXHIBIT 3-20

## Joshua Rizack

| | |
|---|---|
| **From:** | Steven Donziger <sdonziger@donzigerandassociates.com> |
| **Sent:** | Monday, October 08, 2018 2:36 PM |
| **To:** | Joshua Rizack |
| **Subject:** | Fw: legal basis for funding Ecuador case |
| **Attachments:** | Summary re Import of the April 2014 Order.docx; 20140425 1901 Kaplan Clarification Opinion re mot stay.pdf |

You should keep this for your records, if needed.

SRD

---

**From:** Steven Donziger
**Sent:** Monday, October 8, 2018 2:33 PM
**To:** Sharon L. McCarthy
**Cc:** aaron@forumnobis.org
**Subject:** legal basis for funding Ecuador case

Sharon,

Regarding a question you raised on our phone call today, attached is a memo prepared by my colleague Aaron Page (copied) that in our view provides the legal justification from Judge Kaplan's order dated April 25, 2014 for fundraising from outside investors such as your client. I note that two of the orders from Judge Kaplan cited in the Chevron subpoena to your client post-date the date of his investment and therefore do not apply. The one order that applies (from April 25, 2014) is ignored in the Chevron subpoena for the obvious reason that, in our view, it expressly authorized fundraising from third parties at the time your client invested. Aaron's memo focuses on the order. Judge Kaplan has never ruled this order does not apply, despite repeated Chevron attempts to get him to do so.

I also note that we have submitting multiple filings to Judge Kaplan on precisely the issue in Aaron's memo for the last six months. As indicated, the court conspicuously has declined to rule. Instead, Judge Kaplan authorized Chevron to engage in broad and we believe wholly unjustified and harassing discovery of non-parties that is part of the company's SLAPP-style intimidation effort designed to dry up funding for the rainforest communities in Ecuador. This is taking place simultaneous to decisions in Canadian courts authorizing the Ecuadorians to proceed with the enforcement of the Ecuador judgment, with Chevron's assets in that country potentially at risk.

I remind you that your client hired a major law firm to engage in extensive due diligence on this issue and others prior to investing. This law firm had access to all the critical documents at the time, including Judge Kaplan's RICO judgment and his clarification order from April 25, 2014. Your client's investment in this matter is still active and the affected Ecuadorian communities (as with all third party investors) will continue to make best efforts to see that his agreement is honored based on a collection in a non-U.S. jurisdiction as expressly authorized by the Second Circuit in this very case.

RIZACKPJD-0001132

Best, Steven

RIZACKPJD-0001133