**STEVEN R. DONZIGER, ESQ.**

245 WEST 104TH STREET, SUITE 7D
NEW YORK, NEW YORK 10025

212-570-4499 (O)
917-566-2526 (CELL)

*\* Not presently admitted to practice*

August 5, 2019

**VIA ECF**

Honorable Loretta Preska
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

   RE:   *Chevron v. Donziger*, Case No. 11 Civ. 691 (LAK)

Dear Judge Preska:

I have been informed by an order in the above-captioned matter that Your Honor has been assigned to adjudicate criminal contempt allegations or charges recently filed against me by Judge Lewis A. Kaplan. The order also informs me that a status conference has been set for August 6, 2019.

I have defended myself *pro se* in this civil matter for the last several years. The initiation of criminal process obviously makes it impossible for me to continue this approach. I have no funds for counsel—Judge Kaplan has issued millions of dollars in judgments and fines against me and Chevron has frozen and seized my bank accounts—but I am endeavoring to find *pro bono* counsel. If I am not able to secure counsel, I will need to request appointed counsel. (I understand that I am able to do so given the nature of the charges against me.) I respectfully request a continuance of 14 days to secure private *pro bono* counsel of my choice and avoid the need for appointed counsel.

I intend to vigorously defend against these new charges, the substance of which are already before the Second Circuit in a fully-briefed interlocutory appeal (No. 18-2191) and a noted direct appeal (No. 19-1584), both of which challenge at a fundamental level the legitimacy of post-judgment discovery campaign I have endured in the last 18 months.[1] Indeed, nine months ago I apprised Judge Kaplan that I did not see how I could ethically comply with an order to turn over my devices in light of the purported waiver of all attorney-client privilege that he had ordered, and stated my willingness to undertake a civil contempt finding as a way to quickly facilitate appellate review of the lawfulness of the proceedings.[2]

---

[1] My merits brief in the interlocutory appeal (No. 18-2191, Doc. 43, Dec. 10, 2018) is attached hereto for convenience.

[2] *See* Dkt. 2118; 2151 ("I have openly told the Court I am willing to do so and undertake a civil contempt finding if it is the only way I can achieve full appellate review of what I believe to be an unlawful course of conduct by Chevron and this Court.").

Hon. Loretta Preska
August 5, 2019
Page 2 of 2

Judge Kaplan has now decided to add urgently-scheduled criminal contempt charges on top of everything else, despite the pending appellate review. I believe there are numerous complex issues raised by this move, including Judge Kaplan's jurisdiction in light of the pending appeals,[3] fairness to a *pro se* litigant facing extraordinary burdens generated by this litigation,[4] and efficient use of judicial resources. I hope *pro bono* counsel will be able to at least assist me in respectfully raising these preliminary issues before Your Honor.

For all these reasons, I respectfully request a continuance of 14 days to secure counsel and otherwise prepare to defend against these charges.

Sincerely,

\_\_\_\_\_/ s /_____

Steven R. Donziger

---

[3] I would also respectfully ask for confirmation that Your Honor was assigned to adjudicate these criminal contempt charges in accordance with Rule 6(b) of the Southern District's Rules for the Division of Business Among District Judges, which requires a "random[] draw from the criminal wheel, in open court."

[4] Other than this criminal contempt matter, which might include a jury trial, I am faced with deadlines within and outside of this litigation including: preparations for a three-day post-suspension bar proceeding scheduled to begin September 16, with multiple witnesses; post-judgment RICO proceedings initiated by Chevron involving document requests and depositions of at least 15 people, including myself, my wife, and other family members; two appeals of Judge Kaplan's orders that I turn over my devices, which are the basis for this action; a matter before Judge Lehrburger precisely regarding the "Paragraph 4" issue included in Judge Kaplan's criminal contempt charges; and opposition to various Chevron motions, including one demanding I pay the company's legal fees.