# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Randy M. Mastro
Direct: +1 212.351.3825
Fax: +1 212.351.5219
RMastro@gibsondunn.com

August 5, 2019


VIA ECF

The Honorable Robert W. Lehrburger
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

Re:     *Chevron Corp. v. Donziger*, 11 Civ. 0691 (LAK) (S.D.N.Y.)

Dear Judge Lehrburger:

I write respectfully as counsel for Chevron Corporation ("Chevron") in response to Steven
Donziger's request to stay proceedings regarding his compliance with Paragraph 4
indefinitely or, in the alternative, to continue the August 7, 2019 evidentiary hearing for a
period of three weeks.  The Court should deny Donziger's request and require him to appear
for the August 7 hearing as scheduled.  Donziger belatedly seeks a stay or continuance
because he claims that he "cannot show up and openly testify in a civil proceeding when a
criminal charge has just been filed on precisely the same issue" and he is seeking counsel to
determine whether he "may need to assert [his] constitutional testimonial rights."   This is
just another instance of the delay tactics Donziger has used throughout these post-judgment
proceedings—including failing to file his appellate brief in accordance with the expedited
deadline Judge Kaplan imposed, *see* Dkt. 2286—and the Court should reject it.

As an initial matter, the criminal contempt charges against Donziger do not relate to
"precisely the same issue" as the scheduled hearing.  Donziger has been criminally charged
with failing to comply with Paragraph 4 "for all or part of the period commencing on March
8, 2019 and including May 28, 2019."  See Dkt. 2276 at 2–3.  Thus, the criminal contempt
period ends one day before Donziger submitted his first Paragraph 4 declaration on May 29,
2019.  By contrast, the August 7 hearing will address whether Donziger is currently in
compliance with Paragraph 4.

Additionally, Donziger should be required to appear at the hearing and formally assert his
Fifth Amendment rights, to the extent that is what he intends to do.  Donziger's declarations
and numerous public statements regarding the Paragraph 4 issues have waived his Fifth
Amendment rights with respect to these topics. *See OSRecovery Inc. v. One Groupe Intern.,
Inc.*, 262 F.Supp.2d 302, 307 (S.D.N.Y. 2003) (Kaplan, J.) (citing *Mitchell v. United States*,

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

GIBSON DUNN

The Honorable Robert W. Lerhburger
August 5, 2019
Page 2


526 U.S. 314, 321 (1999)) ("An individual may not use the Fifth Amendment as both a
shield and a sword, answering some questions related to a particular topic in a given
proceeding and avoiding others, as dictated by whim or self-interest.").  As a result, he
should be required to appear, formally assert his Fifth Amendment rights, and explain why
his prior conduct has not waived those rights.  Only then would the Court be in a position to
meaningfully consider them.


Respectfully,


*/s/ Randy M. Mastro*
Randy M. Mastro

cc: All counsel of record