# EXHIBIT 7

| | |
|---|---|
| **From:** | Aaron Marr Page |
| **To:** | Barrett, Claudia M. |
| **Cc:** | Neuman, Andrea E.; Champion, Anne |
| **Subject:** | RE: Chevron Corp. v. Donziger, 11 Civ. 0691 (LAK) (SDNY) - Aaron Marr Page production |
| **Date:** | Tuesday, April 16, 2019 12:43:36 PM |

[External Email]

You are consistently taking positions that unreasonably and unnecessarily add burden and complication to this process.

As I have explained, my understanding from the language of the 502 is that the produced documents were categorically subject to the "protections" of the protective order, i.e. confidential treatment. You advised that you saw it differently and I have tried in numerous ways to address your concerns in a less burdensome manner. You have rejected anything but the most burdensome approach, a complete re-review of the documents for confidentiality. That review, which requires good faith determinations based on the nature of the information, is also burdensome because it requires me to consult with other persons competent to gauge the confidentiality of certain information. So I am doing that now, but it will take some time. No documents have been "deemed non-confidential" by me at this point in time, although I will try to de-designate as many as possible.

You set the deposition for Thursday with full knowledge of my schedule limitations. I have offered to go late if necessary. An hour lunch break is customary, so at most I am asking for an indulgence of an extra 30 minutes at lunch (compensated by staying late) to take my child to a one-time kindergarten enrollment event. Your attempt to leverage some advantage out of that is unreasonable and unprofessional and frankly you should be ashamed of yourself. I do not have any time available on Friday.

I will inform Mr. Donziger of your decision and I expect he will choose to participate in the deposition by phone. Should you have any complaints regarding Mr. Donziger's use of your 7-hour time limit for deposition (a rule-based time limit that I intend to strictly hold you to), you alone are answerable. I offered a solution to this perceived potential issue and you have rejected it. The record is clear.

**From:** Barrett, Claudia M. <CBarrett@gibsondunn.com>
**Sent:** Tuesday, April 16, 2019 2:08 PM
**To:** Aaron Marr Page <aaron@forumnobis.org>
**Cc:** Neuman, Andrea E. <ANeuman@gibsondunn.com>; Champion, Anne <AChampion@gibsondunn.com>
**Subject:** RE: Chevron Corp. v. Donziger, 11 Civ. 0691 (LAK) (SDNY) - Aaron Marr Page production

Dear Mr. Page:

As we have already conveyed, the Court has already ruled that the producing party must make the designations, so we do not agree with your process of having Mr. Donziger make your confidentiality designations for you.  But do we understand your position to be that any document not specifically

designated confidential is deemed non-confidential?

As for your engagements as counsel, they are necessary to support your claims of privilege and work product protections.

With regard to the scope of your production, we understand that you may "disagree" with the requests as written, but your disagreement does not excuse you from producing all responsive documents. Please advise us as soon as possible of the volume of responsive documents that you have yet to produce because you do not agree with the scope of the subpoena and produce all such responsive documents in advance of your deposition.  As we have previously noted, if you do not complete your production before your deposition, we reserve the right to call you again for testimony.

Given the already late start time of 11 AM, the 90-minute break you request in the afternoon requires us to reserve the right to continue the deposition on Friday or another day.

We do not agree that Mr. Donziger may "cross" you based on any off the record conversation in which you convey the "scope of the deposition."  Mr. Donziger can participate in the deposition or not according to the normal procedures.

**Claudia M. Barrett**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3642 • Fax +1 202.530.9619
CBarrett@gibsondunn.com • www.gibsondunn.com

---

**From:** Aaron Marr Page <aaron@forumnobis.org>
**Sent:** Tuesday, April 16, 2019 1:14 PM
**To:** Barrett, Claudia M. <CBarrett@gibsondunn.com>
**Cc:** Neuman, Andrea E. <ANeuman@gibsondunn.com>; Champion, Anne <AChampion@gibsondunn.com>
**Subject:** RE: Chevron Corp. v. Donziger, 11 Civ. 0691 (LAK) (SDNY) - Aaron Marr Page production

[External Email]
Steven says he will be able to review the documents for confidentiality this week. That should allow me to complete the process of designating anything I think must be individually designated by early next week. I am being extraordinarily liberal (in favor of not designating) in regards to all information that I feel competent to make designations on.

My engagements as counsel are set forth in the agreements you have, as supplemented and confirmed orally over the years both with Steven and Ecuadorian representatives. Your various comments below are uninformed and irrelevant. If you want to inquire at deposition, that is your choice – I think it would be an unwise use of your time, since it is really none of your business, but up to you.

Re the scope of my production, all you are doing is repeating your position. Fine, I get it. I disagree. I have objected and continue to object, on the same grounds that I have set forth in writing and that we have discussed in conference. It is not feasible or appropriate for me to produce all documents concerning "pressuring Chevron to settle" and various other overbroad requests (by the way, you have never sent me an electronic copy of the subpoena as I have requested several times), because such requests arguably sweep in everything and certainly sweep in stuff unrelated to the substance of your pending contempt motions or the money judgment enforcement, etc etc.

Logistical notes re Thursday: I am going to need a 90-minute lunch break roughly 215-345 to take my 5-year-old to "kindergarten roundup" (an obligation that only recently was put on me and that I have not been able to relinquish despite efforts), however I am fine compensating for the time by pushing into the evening (as warranted by the substance of course).

"On the other hand" I have confirmed that Steven will not participate in the deposition if you can stipulate to the following: at the end of your time, I will briefly (and privately) apprise him of the scope of the deposition so as to allow him to join by phone and "cross" me on subjects within the scope as he wishes. You will still be able to object if you consider his cross to be outside the scope. Is this agreeable?

I am continuing to QC the document production and will send along any additional documents I come up with.

---

**From:** Barrett, Claudia M. <CBarrett@gibsondunn.com>
**Sent:** Saturday, April 13, 2019 1:36 PM
**To:** Aaron Marr Page <aaron@forumnobis.org>
**Cc:** Neuman, Andrea E. <ANeuman@gibsondunn.com>; Champion, Anne <AChampion@gibsondunn.com>
**Subject:** RE: Chevron Corp. v. Donziger, 11 Civ. 0691 (LAK) (SDNY) - Aaron Marr Page production

Mr. Page,

The protective order in this case is very clear that the producing party has the burden of designating each document it considers confidential, in good faith, as confidential.  You cannot change those terms unilaterally or use the protective order if you are unwilling to undertake the burden it imposes to designate material confidential based on the specific presence of protectable information.  Nor does the 502 stipulation suffice to render them confidential.  At this point, we have challenged all of your designations as they are not made in good faith.  If you do not wish to meet and confer or withdraw any of those designations, we will move as to all of them.  Accordingly, please let us know if you are available to meet and confer on Monday or we will proceed with motion practice.

As to the retainer, you have not provided us with a copy of a retainer with Steven Donziger. Is there no such retainer between you and him?  Under what authority do you purport to represent him?

Additionally, please advise how the 2010 and 2011 retainers you produced were ever valid retention agreements.  Neither are signed by another party or client.  By his own testimony, Donziger did not have a power of attorney to act on behalf of the individual plaintiffs, the UDAPT or the FDA in 2010 or 2011.  Moreover, Donziger has represented that he currently does not represent UDAPT or the LAPs, but only the FDA, which as you know is no longer aligned with the LAPs, so it is unclear how the retainers you provided, if they ever were valid retainers, remain valid.

Finally, points 2 and 4 relate to the fact that it is not clear that your production is complete. As we have consistently informed you throughout this process, we are not limiting your subpoena to DR6, so please advise if and when you expect to complete your production of any other documents responsive to the rest of the subpoenas.

Thank you.

**Claudia M. Barrett**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3642 • Fax +1 202.530.9619
CBarrett@gibsondunn.com • www.gibsondunn.com

---

**From:** Aaron Marr Page <aaron@forumnobis.org>
**Sent:** Friday, April 12, 2019 2:10 PM
**To:** Barrett, Claudia M. <CBarrett@gibsondunn.com>; Champion, Anne <AChampion@gibsondunn.com>
**Cc:** Neuman, Andrea E. <ANeuman@gibsondunn.com>
**Subject:** RE: Chevron Corp. v. Donziger, 11 Civ. 0691 (LAK) (SDNY) - Aaron Marr Page production

[External Email]
Your response on confidentiality doesn't genuinely engage the issue, namely that it I don't see how I can make a good faith determination as to "confidential business information" regarding information that I am not closely associated with (but that was given to me in confidence) without consulting with the individual who gave me the information. While I may be the person responsible for making the designation, nothing in the protective order prevents me from engaging in such consultations. I am saying that it seems required both has a practical matter and as a matter of legal ethics – not assertion of attorney-client privilege per se (that is addressed to an extent by the 502) but by the ethical duty of confidentiality (which as you know is broader than the privilege). I am also saying that I strongly prefer not to add additional burden on myself in the terms of additional review, and on all of us in terms of adding a third party's review of the information, and seeking a negotiated compromise that as a practical matter addresses our concerns. How many of my documents are you actually going to use? Why not just agree to categorical preliminary application of confidentiality, and for any documents you want to use, just present them to me and I may be able to de-designate. If I can't, then we litigate it at that point. This approach avoids rushing to litigate something we might not need to. I don't see the downside for you, and the upside is avoiding the burdens just mentioned.

Not sure what issue you are trying to generate re the retainer. I represent both Steven and the FDA, although both are limited-scope/enumerated-task type representations.

We have debated issues 2/4 extensively in writing and in our telephonic meet-and-confer. I am not sure what it behind the repeated questioning.

---

**From:** Barrett, Claudia M. <CBarrett@gibsondunn.com>
**Sent:** Thursday, April 11, 2019 9:14 PM
**To:** Aaron Marr Page <aaron@forumnobis.org>; Champion, Anne <AChampion@gibsondunn.com>
**Cc:** Neuman, Andrea E. <ANeuman@gibsondunn.com>
**Subject:** RE: Chevron Corp. v. Donziger, 11 Civ. 0691 (LAK) (SDNY) - Aaron Marr Page production

Mr. Page,

With regard to confidentiality, the onus remains on you to determine what is properly designated as "confidential" pursuant to the Protective Order in this case and we view your attempt to pass this task on to Steven Donziger improper and not permissible by the language of the Protective Order. As you might be aware, the court already held that the Protective Order does not give anyone but the producing party the right to advocate for the confidentiality of a third-party production. Dkt. 2109; Dkt. 2111. Accordingly, Donziger's position on the confidentiality of *your* documents is not relevant here and your stated position below is inconsistent with the language of the protective order and Judge Kaplan's holdings. I also note that Donziger's privilege was waived in any event (*see* Dkt. 2108), so the notion that you are trying to preserve his privilege is unavailing in light of this holding.

Your email below also suggests that you are representing Donziger individually—a statement you have raised previously but then backed off from—can you please confirm once and for all if Steven Donziger is your client, separate from your representation of the Lago Agrio Plaintiffs. If so, please also let us know if there is a please produce any agreement that you have that evidences your representation of Steven Donziger, separate from the LAPs.

Finally, you have yet to respond to Ms. Champion's request that you remove your confidentiality designation from certain retainer agreements that have been produced by other parties, or to issues 2 and 4 in the email below from March 22. We would appreciate a response to know where you stand on each these issues.

Thank you.

**Claudia M. Barrett**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3642 • Fax +1 202.530.9619
CBarrett@gibsondunn.com • www.gibsondunn.com

**From:** Aaron Marr Page <aaron@forumnobis.org>
**Sent:** Tuesday, April 9, 2019 1:43 PM
**To:** Barrett, Claudia M. <CBarrett@gibsondunn.com>; Champion, Anne <AChampion@gibsondunn.com>
**Cc:** Neuman, Andrea E. <ANeuman@gibsondunn.com>
**Subject:** RE: Chevron Corp. v. Donziger, 11 Civ. 0691 (LAK) (SDNY) - Aaron Marr Page production

[External Email]
I am wading into my confidentiality review and realizing why this is so difficult if we don't agree to just characterize the whole batch as confidential. More precise confidentiality designations require good faith belief re confidential business information, i.e. making calls based on how interlinked the information is with non-public information re strategies, deliberative processes, relationships, etc. I can make such calls for my own information and some portion of the information involved in my own work. But I am exposed to a lot of information where I am not the competent person to be making these calls. If this were a company, a single GC or outside counsel would be making these calls and probably relying on follow-up with individuals at the company as necessary. I have thus far not found it necessary to consult with Steven about this additional confidentiality review. But I don't see how I can make good faith confidentiality calls regarding his information that I may have been exposed to, both because I would substantively need to seek his views and because I don't understand myself to be "representing him" in a process regarding my responses to your subpoena.

I am not trying to make an issue, I am trying to find a defensible ethical way to proceed, but I am stuck. In a normal situation the application of attorney-client privilege just obviates all this, but we have set that aside under the 502. My understanding was that categorical treatment of my production as confidential would serve the same function. Introducing a confidentiality review process opens it all up. The only way I can see to proceed is to provide the productions to Steven (which I have not thus far done, because unlike confidentiality I don't see that his involvement in required in reviewing what are essentially my relevance calls within the protected environment of a 502) and let him make his own good faith confidentiality designations. I can still go through the material and make my own designations regarding material that I am more responsible for. But I don't think I can ethically produce as non-confidential, or de-designate, potentially confidential information in my possession. Again this is an uncertain environment because normally this is all off-the-table in the context of attorney-client privilege or a more structured custodial environment.

I am willing to hear any suggestions or positions you have on this, hoping that you genuinely see the ethical issue I am facing and offer good faith possible solutions. The most obviously solution, looking back, is to treat the productions as categorically confidential and have you come to me with specific de-designation requests like the retainers Anne asked about (I haven't turned to that yet). Please reconsider whether we can proceed in that fashion. In the meantime, I will look at the WhatsApp messages and continue with my confidentiality production. I will advise you if/when I feel I am going to need to provide the production to Steven.

**From:** Aaron Marr Page

**Sent:** Monday, April 8, 2019 1:14 PM
**To:** Barrett, Claudia M. <CBarrett@gibsondunn.com>; Champion, Anne
<AChampion@gibsondunn.com>
**Cc:** Neuman, Andrea E. <ANeuman@gibsondunn.com>
**Subject:** RE: Chevron Corp. v. Donziger, 11 Civ. 0691 (LAK) (SDNY) - Aaron Marr Page production

In response to both this and Anne's note, I have set aside tomorrow afternoon and most of
Wednesday (except a kids doctor appt) to re-reviewing for confidentiality and addressing other
issues. The WhatsApp texts are utterly substance-less as you will see so they are not at the top of my
priority list, but given your repeated insistence I will focus on them first.

---

**From:** Barrett, Claudia M. <CBarrett@gibsondunn.com>
**Sent:** Monday, April 8, 2019 8:50 AM
**To:** Aaron Marr Page <aaron@forumnobis.org>; Champion, Anne <AChampion@gibsondunn.com>
**Cc:** Neuman, Andrea E. <ANeuman@gibsondunn.com>
**Subject:** RE: Chevron Corp. v. Donziger, 11 Civ. 0691 (LAK) (SDNY) - Aaron Marr Page production

Mr. Page,

I am following up on items 2-4 below, to which you have not yet responded.  Please let us know your
position on these issues as soon as possible.

In particular, you had said your texts and chats were "minimal" so we do not understand the reason
for your delay in producing them.  Please produce your texts and chats today.

Thank you.
**Claudia M. Barrett**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3642 • Fax +1 202.530.9619
CBarrett@gibsondunn.com • www.gibsondunn.com

---

**From:** Aaron Marr Page <aaron@forumnobis.org>
**Sent:** Monday, March 25, 2019 3:58 PM
**To:** Barrett, Claudia M. <CBarrett@gibsondunn.com>; Champion, Anne
<AChampion@gibsondunn.com>
**Cc:** Neuman, Andrea E. <ANeuman@gibsondunn.com>
**Subject:** RE: Chevron Corp. v. Donziger, 11 Civ. 0691 (LAK) (SDNY) - Aaron Marr Page production

[External Email]
April 15 should work fine. Iowa City. I need a 10 am start time given kid drop-off schedules etc.

I believe the 502 designates produced material confidential, if not sufficiently clearly then I

designate the production as confidential. These are private work emails. Obviously you are still able to use them in litigation, and if you have the material from another source you can use it with whatever limits are in place regarding that source. I explained below why the material is confidential and deserves to be protected – work emails by a lawyer on strategy matters on a legal case are sensitive business information not readily ascertainable elsewhere. If you believe any particular documents do not qualify as confidential, I believe it is your burden under paragraph 14 of the order to identify those documents to me in writing and we will confer regarding them. Absent that, you should consider them confidential (but again, that doesn't prevent appropriate use of them in litigation, so I don't really see the problem).

---

**From:** Barrett, Claudia M. <CBarrett@gibsondunn.com>
**Sent:** Friday, March 22, 2019 1:14 PM
**To:** Aaron Marr Page <aaron@forumnobis.org>; Champion, Anne <AChampion@gibsondunn.com>
**Cc:** Neuman, Andrea E. <ANeuman@gibsondunn.com>
**Subject:** RE: Chevron Corp. v. Donziger, 11 Civ. 0691 (LAK) (SDNY) - Aaron Marr Page production

Dear Mr. Page:

1. A conflict has arisen and 4/1 may no longer work from our end for the deposition.  Would 4/15 work for you?  Either in New York or Iowa, let us know.

2. The subpoenas are not limited to the specific financing deals.  Please go back through the subpoena to make sure you have produced everything responsive during the gaps we noted below, and not just documents relating to the financing deals or Donziger's assets.  As to your assertion that the requests are over broad, attached again is Judge Kaplan's order approving several requests similar to those issued to you**.**  As to your proposed cut-off date, we disagree that there is an October 1, 2018 cut off—and in all events you have not produced any documents beyond August 6, 2018.

3. We appreciate your response on the WhatsApp messages and ask that you produce those message immediately.  Given that you say the volume is "minimal," please send them over today.  Additionally, please respond to the second part of our questions in No. 3 below – have you been preserving all such texts and chats?

4. We are not sure what you mean by "[t]he issue is where it is." We have been quite clear from the start that we expect you to produce documents responsive to the entire subpoena, not just to DR6 as amended, or that you should only produce documents "related to the substance of your pending motion."  We purposefully narrowed DR6 substantially due to your burden concerns about a request that asked for all communications with Donziger, but you cannot now rely on our good faith attempt to ease your burden on one request by claiming you do not have to produce documents responsive to the other requests.  Please confirm that you will produce any additional responsive documents by March 27.

5. We are not confusing the protective order and the FRE502 stipulation, rather, you are abusing

both.  We agree with you that the purpose of the 502 stipulation is that your production of something cannot be argued to be a waiver of any privilege.  Producing something under the 502 stipulation does not mean that it is entitled to confidential treatment under the Protective Order, and that is not what the language in the Rule 502 stipulation states.  You must still separately designate a document as confidential under the Protective Order, and you must have a good faith basis for doing so. Instead, you have taken the position that anything you produce under the Rule 502 stipulation is also entitled to confidential treatment under the Protective Order.  That is not tenable.  It is also an abuse of the Rule 502 stipulation for you to produce every document under that stipulation even if it is not arguably privileged (thus giving rise to the waiver concerns that the Rule 502 stipulation is intended to avoid).

You contend that "my impression is that basically the entire production consists entirely of professional communications with colleagues that qualify as sensitive business information under the standard you have used in defense of your own client's material."  This position is not supportable, including because we have the same or similar documents produced from other sources with no confidentiality designations, many of which have been publicly filed.  Please indicate which documents within your production you contend are confidential under the protective order or we will file a motion to remove the confidentiality designations from all of them.

Please respond with your position on each of the items above or let us know if you have questions or would like to discuss.

**Claudia M. Barrett**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3642 • Fax +1 202.530.9619
CBarrett@gibsondunn.com • www.gibsondunn.com

---

**From:** Aaron Marr Page <aaron@forumnobis.org>
**Sent:** Thursday, March 21, 2019 11:49 AM
**To:** Barrett, Claudia M. <CBarrett@gibsondunn.com>; Champion, Anne <AChampion@gibsondunn.com>
**Cc:** Neuman, Andrea E. <ANeuman@gibsondunn.com>
**Subject:** RE: Chevron Corp. v. Donziger, 11 Civ. 0691 (LAK) (SDNY) - Aaron Marr Page production

[External Email]
1. I'll be in Iowa City and can't travel at that time. Besides I can't deny Anne the opportunity for a visit home. Kidding.

2. The financing deals, to my knowledge, started in 2016. Before that the only financing I am aware of was Deleon/Woodsford/etc, stuff you have fully explored and litigated and resolved. Re recent material, I have been using the date of the subpoena as a cut-off date. I recognize that the appropriate cut-off date can be an issue. I know it came up last time (and that a cut-off date of the date of the subpoena was used). I haven't had time to fully consider it. If you want to send me your position in writing, specifically why this should be different that the subpoena cut-off date approach

we used last time, I will consider it and figure out where I stand on it. As a practical matter, it should not matter because there are no financing deals in progress and I have not encountered any additional information related to Steven's assets. But we will have to figure this issue out in due course.

3. I have found only a few "responsive" WhatsApp texts that non-substantively mention a funder or other responsive issue. They are truly non-substantive. I am not accustomed to producing WhatsApp material, but I will figure something out. I will probably send you screenshots. It is minimal and non-substantive.

4. This issue is where it is. I have produced under the initial subparts of your revised DR6. I have also produced more broadly, including in response to specific requests from you. I am genuinely trying to get you all information broadly but reasonably related to the substance of your pending motions so we can avoid unnecessary burden on ourselves, our clients, and the court. The requests you served were unreasonable broad and just unworkable, which is why we started focusing on DR6. We can expand as needed on reasonable terms. As I think I said before, I can continue to produce information in response to reasonable specific requests – the punchlist approach. But obviously I am not pretending to be able to produce everything responsive to every request at this point.

5. I think you are confusing the 502e and the protective order/confidentiality. At least I am confused. The purpose of the 502e is to categorically bar any ability by you to use any part of my production to argue waiver of privilege or work product. I am going to need confirmation that this is your understanding, too, before we proceed with the deposition. (Also, that the 502e will apply to my deposition testimony.) The 502e is what has allowed me to produce a very significant amount of privileged and confidential material and hopefully what will allow me to provide testimony regarding the same. The 502e also states that your use of any documents is limited "to the terms, conditions and restrictions of the
protective order in this action." I think we agree that this means that the production is designated confidential. It appears you are claiming that the specific documents I have produced are not "entitled to confidential treatment" by their substance. But my impression is that basically the entire production consists entirely of professional communications with colleagues that qualify as sensitive business information under the standard you have used in defense of your own client's material.

> Sensitive business information prepared with "substantial time and effort" and "not readily ascertainable elsewhere," is protected from disclosure based on four factors: "(1) the extent to which information is known outside the business; (2) the extent to which information is known to those inside the business; (3) the measures taken to guard the secrecy of the information; and (4) the value of the information to the business and its competitors." *ABC Rug & Carpet Cleaning Serv. Inc. v. ABC Rug Cleaners, Inc.*, 2009 WL 105503, at *3-*4 (S.D.N.Y. Jan. 14, 2009); *Sullivan Mark'g, Inc. v. Valassis Comm's, Inc.*, 1994 WL 177795, at *2 (S.D.N.Y. May 5, 1994).

Internal communications about strategy, financial matters, and similar are clearly "confidential" from public view under the protective standard used by the order. You would clearly make the same assertions with regards to similar information held by your client. I hope this is obvious and we can put this issue aside. If there are some documents that don't meet this standard, I don't think they

are worth our time identifying and segregating and fighting over. After all, the order allows you to make reasonable use of all the material under its terms. That should be perfectly sufficient for what you need.

---

**From:** Barrett, Claudia M. <CBarrett@gibsondunn.com>
**Sent:** Tuesday, March 19, 2019 7:53 PM
**To:** Aaron Marr Page <aaron@forumnobis.org>; Champion, Anne <AChampion@gibsondunn.com>
**Cc:** Neuman, Andrea E. <ANeuman@gibsondunn.com>
**Subject:** RE: Chevron Corp. v. Donziger, 11 Civ. 0691 (LAK) (SDNY) - Aaron Marr Page production

Dear Mr. Page,

I write to follow up on outstanding items relating to your production and deposition:

1. Per the email correspondence below, we have scheduled your deposition for April 1 at 9 a.m.  We can take the deposition in Iowa City or New York and would be amenable to paying your air fare to travel to New York and do it there. Please advise which option you prefer.

2.  With regard to the gaps in your production, we find it difficult to believe that given your role in the Ecuador case, you have zero documents for certain date ranges, particularly when it is months at a time.  For example, although the subpoenas called for documents from March 4, 2014 through the present, you have not produced a single document dated prior to January 22, 2016—a period of nearly two years.  And you have not produced any documents dated after August 6, 2018, despite the fact that in the past several months this matter, including an appeal at the Second Circuit by Steven Donziger and a petition you filed on his behalf in late September 2018.  We thus ask that you please ensure that all responsive materials have been produced with respect to the gaps we noted.

3.  Please let us know when you will produce any responsive texts and chats, including WhatsApp chats and SMS messages, as we will need those in advance of the deposition.  We understand from post-judgment discovery that you have communicated with others via these methods in connection with funding for the Ecuador case.  Accordingly, please produce those texts and chats as soon as possible, and please also confirm that you have been preserving all such texts and chats.

4. You have yet to confirm that you will search and produce documents that are responsive to the other requests and not captured by DR6. Please produce such documents by March 22 to allow us sufficient time to review them before your deposition.

5. On February 20, we sent an email asking you about your Rule 502 designations. As we noted, your attempt to designate your entire productions subject to the 502 agreement is improper, and at the time we asked you to provide a list identifying any documents that you contend may be privileged and properly produced under the 502 (or, alternatively, simply re-produce any such documents) by March 7.  That date passed a week ago and we have not had any response from you in this regard. Accordingly, we can only assume that you are not claiming that any documents you have produced are subject to the 502.  If that is not correct, please let us know and provide a list specifying which

documents are indeed privileged by March 22.  If we do not hear from you by that date, we will consider your silence to mean that no documents in your production are privileged and protected under the 502.  To be clear, our primary concern here is that documents produced under the 502 are confidential, but we do not think that the documents you have produced are entitled to confidential treatment.  If you would prefer to withdraw the confidentiality designations and are willing to stipulation to such withdrawal in writing, we could address this issue that way as well.

Please let us know if you have any questions or would like to discuss. We do not want to continue to drag out this process, so we ask that you please respond with your position on all items above.

Thank you.

**Claudia M. Barrett**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3642 • Fax +1 202.530.9619
CBarrett@gibsondunn.com • www.gibsondunn.com

---

**From:** Aaron Marr Page <aaron@forumnobis.org>
**Sent:** Tuesday, March 5, 2019 2:58 PM
**To:** Champion, Anne <AChampion@gibsondunn.com>
**Cc:** Barrett, Claudia M. <CBarrett@gibsondunn.com>; Neuman, Andrea E. <ANeuman@gibsondunn.com>
**Subject:** RE: Chevron Corp. v. Donziger, 11 Civ. 0691 (LAK) (SDNY) - Aaron Marr Page production

[External Email]
April 1 is fine. I have almost no paper documents so that's not an issue. I'll take a look for anything response on WhatsApp – I'd be surprised, but I'll look. As for the "gaps," I think I need some explanation as far as what you're getting at. Your chart just indicates that there aren't responsive documents for those periods. Okay....so what? If you have documents to/from me in those "gaps" that you have received from other subpoena recepients, i.e. a concrete indication that my review has missed something, then please let me know specifically and I'll do some more searching. (In general, if there are any clearly relevant documents to/from me that you've received from others but not from me, I would appreciate it if you would give me the benefit of the doubt that it was in error and let me know ahead of time – this would allow me to use the document to identify potential errors or genuine "gaps" in my search terms, errors I could fix in order to make a supplemental production prior to the deposition.)

If there is nothing concrete, just the chronological "gap," my assumption is that it is just because there are no responsive documents for that time period. As you can tell from the documents you've received, I was not deeply involved in most of the financing details but only brought in (or only focused myself) pretty late in the process to draft or review contract language. So I am not particularly surprised by the idea that there are various chronological "gaps." Let me know if this makes sense.

If you have other suggestions, or proposed search terms related to the finance deals or Steven's assets that you think it makes sense to search for, please let me know.

---

**From:** Champion, Anne <AChampion@gibsondunn.com>
**Sent:** Sunday, March 3, 2019 7:56 AM
**To:** Aaron Marr Page <aaron@forumnobis.org>
**Cc:** Barrett, Claudia M. <CBarrett@gibsondunn.com>; Neuman, Andrea E. <ANeuman@gibsondunn.com>
**Subject:** RE: Chevron Corp. v. Donziger, 11 Civ. 0691 (LAK) (SDNY) - Aaron Marr Page production

Dear Mr. Page:  We disagree that the proposal to schedule your deposition in March is "unreasonable"—indeed, that is the time frame you yourself proposed in your February 8, 2019 email, in which you stated that "[t]he second week of March is better re deposition dates." Nonetheless, we agree to the date of April 1 for your deposition with your confirmation that you will have fully completed your production including any necessary QC by March 15.  In view of the fact that the subpoena was served five months ago, this is ample time.

I also reiterate here our request that:
1. You produce responsive documents in the missing ranges listed below; and
2. Your production include hard copy documents as well as texts, including but not limited to WhatsApp chats.

Please confirm this is acceptable.  Thank you.

**Anne Champion**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.5361 • Fax +1 212.351.5281
AChampion@gibsondunn.com • www.gibsondunn.com

---

**From:** Aaron Marr Page <aaron@forumnobis.org>
**Sent:** Thursday, February 28, 2019 3:06 PM
**To:** Champion, Anne <AChampion@gibsondunn.com>
**Cc:** Barrett, Claudia M. <CBarrett@gibsondunn.com>; Neuman, Andrea E. <ANeuman@gibsondunn.com>
**Subject:** RE: Chevron Corp. v. Donziger, 11 Civ. 0691 (LAK) (SDNY) - Aaron Marr Page production

[External Email]
No and that timing is unreasonable. In part because I still need to QC my production a bit, which I hope to do next week. March 25-26 may be available, and April 1/2 is definitely available. I should know about March 25/26 by mid next week.

---

**From:** Champion, Anne <AChampion@gibsondunn.com>

**Sent:** Thursday, February 28, 2019 1:55 PM
**To:** Aaron Marr Page <aaron@forumnobis.org>
**Cc:** Barrett, Claudia M. <CBarrett@gibsondunn.com>; Neuman, Andrea E.
<ANeuman@gibsondunn.com>
**Subject:** Re: Chevron Corp. v. Donziger, 11 Civ. 0691 (LAK) (SDNY) - Aaron Marr Page production

Sorry I meant I can't do 3/8.  Do the other March dates work?
On Feb 28, 2019, at 2:53 PM, Aaron Marr Page <aaron@forumnobis.org> wrote:

[External Email]
April 9 is okay. The rest of that week is bad. April 15-16 also okay.

---

**From:** Champion, Anne <AChampion@gibsondunn.com>
**Sent:** Thursday, February 28, 2019 12:58 PM
**To:** Barrett, Claudia M. <CBarrett@gibsondunn.com>
**Cc:** Aaron Marr Page <aaron@forumnobis.org>; Neuman, Andrea E. <ANeuman@gibsondunn.com>
**Subject:** Re: Chevron Corp. v. Donziger, 11 Civ. 0691 (LAK) (SDNY) - Aaron Marr Page production

Apologies, I have a commitment on 4/7 which would prevent me from traveling that day, so 4/8 will not work. The other days are available. Thanks.

**Anne Champion**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.5361 • Fax +1 212.351.5281
AChampion@gibsondunn.com • www.gibsondunn.com

On Feb 27, 2019, at 1:08 PM, Barrett, Claudia M. <CBarrett@gibsondunn.com> wrote:

Dear Mr. Page – I write to follow up on some outstanding issues relating to our subpoenas.

First, you have yet to let us know what dates you are available for deposition.  Please let us know if you are available March 8, 11, 12, or 13.

Second, we have identified what appear to be several significant date gaps in your production. Please produce as soon as possible any responsive documents in your possession, custody or control that fall within the following date ranges:

| Date Range | No. of Documents Produced | Length of Gap |
|---|---|---|
| 3/4/2014 – 1/21/2016 | 0 | nearly 2 years |
| 3/12/2016 – 4/11/2016 | 0 | 1 month |
| 5/12/2016 – 7/2/2016 | 0 | 6 weeks |

| 4/3/2017 – 4/23/2017 | 0 | 3 weeks |
|---|---|---|
| 5/24/2017 – 6/24/2017 | 0 | 1 month |
| 8/18/2017 – 9/10/2017 | 0 | 3 weeks |
| 5/10/2018 – 6/24/2018 | 0 | 6 weeks |
| 7/6/2018 – 8/4/2018 | 0 | 1 month |
| 8/6/2018 – Present | 0 | 6.5 months |

I note that your productions to date have consisted mainly of emails and some scanned PDF files. Any hard copy documents as well as text and phone messages (including Whatsapp chats) that are responsive need to be produced as well.  Please confirm that you will do so.

You also have yet to respond to the request in my February 20 email that you confirm that you will search for additional materials responsive to the other requests in our subpoenas and that you will produce any such responsive documents as soon as possible.  Accordingly, I reiterate that request and ask that you please respond to this inquiry.

Please confirm you will complete your production no later than March 4, 2019.  to the extent you do not do so, we reserve the right to depose you again after all documents are produced.

Thank you.

**Claudia M. Barrett**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3642 • Fax +1 202.530.9619
CBarrett@gibsondunn.com • www.gibsondunn.com

---

**From:** Barrett, Claudia M.
**Sent:** Wednesday, February 20, 2019 4:41 PM
**To:** 'Aaron Marr Page' <aaron@forumnobis.org>
**Cc:** Neuman, Andrea E. <ANeuman@gibsondunn.com>; Champion, Anne <AChampion@gibsondunn.com>
**Subject:** Chevron Corp. v. Donziger, 11 Civ. 0691 (LAK) (SDNY) - Aaron Marr Page production

Mr. Page,

I write to follow up on the attempt to misuse the parties' 502 agreement as applied to both of your productions.

The parties' Rule 502 agreement provides in pertinent part that you may produce pursuant to the 502 stipulation only those documents that you and/or Forum Nobis contend in good faith "are privileged and/or work product."  *See* 502 Stip. at p. 2.  You thus cannot make a blanket designation of your entire production as "subject to the 502d" and we reject your attempt to misuse the parties' 502 agreement in this manner.  Specifically, you originally indicated that some portion of your December 17, 2018 production was privileged and thus being produced pursuant to the 502.  *See* A.

Page email (Dec. 17, 2018).  You failed however to provide any follow-up identifying the portion of that production that you asserted was privileged and thus subject to the parties' 502.  Taking an even broader position, your February 18 email accompanying your second production states that "everything is confidential and subject to the 502d."  *See* A. Page email (Feb. 18, 2019).  These are not valid 502 designations.  Accordingly, we request that you promptly provide a list that identifies any documents that you contend are privileged or work product and are therefore properly being produced under the parties' 502 agreement.  Alternatively, if it is less burdensome, you can reproduce only those documents you properly contend are subject to the 502 agreement with the understanding that the balance of your two prior productions are not subject to the 502.  Please confirm this week that you will provide this list or make this additional production by no later than March 7th.

Finally, please also confirm that you are in the process of searching for any additional materials responsive to the other requests in our subpoenas and that you will produce any such responsive materials as soon as possible.

Thank you.

**Claudia M. Barrett**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3642 • Fax +1 202.530.9619
CBarrett@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

**Anne Champion**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.5361 • Fax +1 212.351.5281
AChampion@gibsondunn.com • www.gibsondunn.com