# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
:
CHEVRON CORPORATION, :
:
            Plaintiff, :
:
  *v*. : Case No. 11 Civ. 0691 (LAK)
:
STEVEN DONZIGER, *et al*, :
:
            Defendants. :
:
---------------------------------------------------------x

## STIPULATION

WHEREAS, on October 1, 2018, plaintiff Chevron Corporation ("Chevron"), issued subpoenas, attached hereto as Exhibits A and B (the "Subpoenas") for, among other things, the production of documents and information to non-parties Aaron Marr Page ("Page") and Forum Nobis PLLC ("Forum Nobis"); and

WHEREAS, Page and Forum Nobis may maintain that certain documents responsive to Chevron's subpoenas are subject to the attorney-client privilege and/or work product doctrine and therefore may be withheld from production; and

WHEREAS, Chevron may dispute Page's and Forum Nobis' privilege and work product designations, including on the grounds that any such privilege or work product protection has already been waived pursuant to the Court's order of October 18, 2018 (Dkt. 2108); and

WHEREAS, the parties wish to avoid costly and time-consuming disputes or litigation regarding privilege and work product claims; and

WHEREAS, the parties currently disagree on which court has jurisdiction over the two subpoenas and compliance therewith, with Chevron's position being that as these subpoenas relate to acts of contempt and aiding and abetting acts of contempt, jurisdiction lies with Judge

Lewis A. Kaplan in the matter of *Chevron Corp. v. Donziger*, pending in the U.S. District Court for the Southern District of New York, Case No. 11 Civ 0691 (*see Waffesnchmidt v. MacKay*, 763 F.2d 711, 714 (5th Cir. 1985); *Eli Lilly & Co. v. Gottstein*, 617 F.3d 186, 194 (2d Cir. 2010)), while Page's and Forum Nobis' position is that jurisdiction lies within the U.S. District Court for the Southern District of Iowa or with the U.S. District Court for the District of Columbia;

NOW, THEREFORE, without either party waiving any argument as to which court has jurisdiction over any dispute that arises out of this discovery, the parties have agreed to enter into this Stipulation regarding the production of documents by both Aaron Marr Page and Forum Nobis pursuant to the subpoenas attached hereto as Exhibits A and B:

IT IS STIPULATED by and between Chevron, Page and Forum Nobis, that Page and Forum Nobis may produce responsive documents that either or both contend are privileged and/or work product to Chevron pursuant to this stipulation and Chevron shall not argue that such production constitutes a subject matter waiver of any privilege or protection pursuant to Rule 502(e) of the Federal Rules of Evidence; and

IT IS FURTHER STIPULATED that Chevron may use any documents produced pursuant to this Stipulation for any purpose subject to the terms, conditions and restrictions of the protective order in this action (Dkt. 723), to the extent such documents are subject to that protective order, and further subject to any objections to the relevance, authenticity or admissibility of any document, all of which objections are expressly reserved; and

IT IS FURTHER STIPULATED that, except as explicitly stated herein, the parties to this Stipulation do not waive any other rights or protections afforded them by the applicable rules and

law, including, but not limited to, work product and attorney-client privileges, and this Stipulation is without prejudice or any parties' rights thereunder.

SO STIPULATED

Dated: December 2, 2018

By: _____
ANDREA NEUMAN
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, New York 10166
Telephone: 212.351.3883
Facsimile: 212.351.5303
Email: aneuman@gibsondunn.com

*Attorneys for Plaintiff Chevron Corporation*

By: _____
AARON MARR PAGE
FORUM NOBIS PLLC
513 Capitol Court, NE
Suite 100
Washington, DC 20002
Telephone: 202.618.2218
Email: aaron@forumnobis.org

*Attorney for Aaron Marr Page and Forum Nobis PLLC*