THE LAW OFFICES OF
# ANDREW J. FRISCH, PLLC

ONE PENN PLAZA
53rd FLOOR
NEW YORK, NEW YORK 10119
(212) 285-8000
FAX: (646) 304-0352

November 4, 2019

JASON D. WRIGHT
ADMITTED IN NEW YORK, VIRGINIA
AND THE DISTRICT OF COLUMBIA
OF COUNSEL

*By ECF*
The Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:  *Chevron Corp. v. Steven Donziger, et al.;*
            *Criminal Docket Number 19-561 (LAP);*
            *Civil Docket Number 11-0691*

Dear Judge Preska:

        On behalf of Steven Donziger, I write to request that his conditions of pretrial release be modified to eliminate home detention and electronic monitoring. A fully-secured $800,000 bond co-signed by three sureties has been in place since August.

        Two weeks ago, Pretrial Services Officer Lea Harmon told Mr. Donziger that she favored a curfew in lieu of home detention and electronic monitoring and confirmed to me that she consented to the change, suggesting a curfew of 10:00 p.m. to 7:00 a.m. While we appreciate Officer Harmon's consent to a curfew, and while Mr. Donziger fully realizes that confinement to home is preferable to the alternative, we believe that the fully-secured bond in place, without any additional condition, by itself far exceeds "the least restrictive further condition" that serves reasonably to ensure Mr. Donziger's appearances in Court as required. *See* 18 U.S.C. §3142(c)(1)(B)(xii). Had I appeared at Mr. Donziger's initial appearance, and had I then been sufficiently steeped in the case, I would have urged release of Mr. Donziger on his own recognizance.

        With the fully-secured bond in place, and for reasons discussed below, any reasonable concern about any risk of Mr. Donziger's flight is amply addressed without any restriction on his liberty. Even if not, about eighteen additional sureties are ready, willing and able to co-sign Mr. Donziger's bond in support of this application to eliminate home detention and electronic monitoring. These sureties include (1) people who have known Mr. Donziger since childhood; (2) respected attorneys who have known Mr. Donziger since law school; and (3) other attorneys and highly-accomplished professionals who have known Mr. Donziger for years. It would truly be impossible to conclude that the complete confidence in Mr. Donziger of

so many respected people who know him so well is misplaced, or that Mr. Donziger would violate their trust and attempt to flee, with or without his devoted wife and son, who is in eighth grade on the Upper West Side.

Mr. Donziger is 58 years-old and an accomplished attorney for 25 years before recently suspended because of the underlying civil case; he had never before been charged with a crime or even a violation of any disciplinary rule. With Mr. Donziger's active participation and daily (often hourly) contact, I continue to explore the weeds of the civil case and the relevant issues of law and fact raised by the criminal charges. While we do not yet know whether the case will be resolved without a trial, I believe that we will be making a compelling presentation in mitigation if a disposition is reached or, if not, a compelling defense. Meanwhile, at my direction, and in an abundance of caution to protect interests in the civil case, images of the devices referred to in Count II of the pending criminal complaint have been made and are secure.

Even without the eighteen proposed additional sureties, the record shows that Mr. Donziger is fully engaged in his defense and not a risk of flight. When Mr. Donziger received notice of the criminal charges, he was working in Canada and wrote to your Honor (Doc 2285) requesting a continuance so that he could secure counsel. When that application was denied, Mr. Donziger appeared on August 6, 2019, as required. At that appearance, the Court gave Mr. Donziger three weeks to find counsel to represent him, but he identified and engaged me as his counsel with such dispatch that I was able to appear in Court for the first time less than a week later on August 12, 2019. Meanwhile, upon learning of the criminal charges, Mr. Donziger wrote two letters to Magistrate Judge Lehrburger (Docs 2289, 2292) requesting a stay of a hearing then scheduled for August 7, 2019, in light of the new criminal charges.

Mr. Donziger is as engaged in the proceedings in this District as he is in the disciplinary charges pressed by the District's Grievance Committee based on the civil judgment against him. On December 2, 2016, the District's Grievance Committee referred Mr. Donziger to the First Department's Grievance Committee, expressing the hope that the First Department's Committee would discipline Mr. Donziger for misconduct in the civil case. Over the last two months, while the criminal case has been pending before your Honor, Mr. Donziger has appeared at four days of a hearing before the First Department's Committee to answer the disciplinary charges.

Whether this case is resolved with or without a trial, the parties will have an opportunity to press their views of relevant issues arising from the civil case. Meanwhile, Mr. Donziger's conduct since the filing of the criminal charges undermines any claim that he is a risk of flight, or that any restriction on his liberty is necessary. The prospective sureties, who are willing to co-sign Mr. Donziger's bond to address any remaining concerns, include the following:

- a childhood friend and her mother who have known Mr. Donziger for over fifty years;

- the chief executive officer of a major non-profit organization of 300 investors focused on corporate responsibility who has known Mr. Donziger for 20 years;

- a law school classmate who is an executive in a leading global organization dedicated to human rights and has known Mr. Donziger for 25 years;

- a law school classmate who directs a center for economic and social rights and has known Mr. Donziger for 25 years;

- the founder of an internationally-known environmental organization who has known Mr. Donziger for 15 years;

- an accomplished author who served as chief economist for a major international consulting firm who has known Mr. Donziger for 15 years; and

- an associate professor at the University of California at Davis who has known Mr. Donziger for 25 years.

Jennifer Wynn is one of the people who has already co-signed Mr. Donziger's bond. She is a tenured associate professor of criminal justice at John Jay College and LaGuardia Community College and holds a doctorate in criminal justice. At Mr. Donziger's recent disciplinary hearing, she testified that she met Mr. Donziger about 20 years ago when he asked to meet inmates participating in a program she was running for sentenced defendants at Riker's Island. The inmates so appreciated Mr. Donziger's presentation that they asked him to return to their graduation as keynote speaker.

At the graduation, Mr. Donziger met an inmate about to be deported to Jamaica where he had been born but had never lived. Mr. Donziger volunteered to help the inmate and was able to get him re-sentenced to a misdemeanor so he would not be eligible for deportation. Mr. Donziger thereafter joined a prison monitoring program created to assess conditions of confinement in New York State prisons; visited upstate prisons to meet with and understand the concerns of prisoners, guards and civilian staff; and helped the program achieve prison reforms. Ms. Wynn, who also teaches law enforcement personnel seeking masters degrees in criminal justice, is just one of many people who understand the nature of criminal charges and know from personal experience that it is unfathomable that Mr. Donziger poses any risk of flight.

We appreciate that Mr. Donziger's compliance with a Judge's orders is at issue in this criminal case, which will be the subject of substantial discussion as we move forward. But those issues are separate from any risk of flight, as Mr. Donziger has himself demonstrated since learning of the criminal charges.

Upon previewing this application with Ms. Glavin, she advised me that she will assess it and independently advise the Court of her position.

Respectfully submitted,

/s/
Andrew J. Frisch

cc: Ms. Rita Glavin
    Special Prosecutor