THE LAW OFFICES OF
# ANDREW J. FRISCH, PLLC

ONE PENN PLAZA
53rd FLOOR
NEW YORK, NEW YORK 10119
(212) 285-8000
FAX: (646) 304-0352

December 3, 2019

*By ECF*

The Honorable Lewis A. Kaplan
United States District Judge
The Honorable Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Chevron Corp. v. Steven Donziger, et al.*
Civil Docket Number 11-0691 (LAK)

Dear Judge Kaplan and Magistrate Judge Lehrburger:

On October 7, 2019, the Court responded to Steven Donziger's motion to stay a civil contempt hearing then scheduled for October 11, 2019, by adjourning the hearing to a date after a status conference in the criminal contempt case scheduled for December 4, 2019. Doc 2363. On October 8, 2019, Judge Kaplan issued an order denying the motion for a stay without prejudice to renewal after rescheduling the hearing. Doc 2364. Thereafter, the civil contempt hearing was adjourned to December 12, 2019. Meanwhile, on November 19, 2019, the Chevron Corporation moved *in limine* to preclude Mr. Donziger from asserting his Fifth Amendment rights at the civil contempt hearing. This letter is respectfully submitted as a renewed request for a stay or, alternatively, for a further adjournment of the hearing, and a stay or adjournment of Chevron's motion *in limine*.

In denying the motion for a stay without prejudice to renewal, Judge Kaplan ordered that, should the motion be renewed, defense counsel should make clear whether he is appearing on Mr. Donziger's behalf. Doc 2364. Defense counsel seeks to appear in this civil case for the limited purpose of protecting Mr. Donziger's rights in the criminal case in counsel's limited role as Mr. Donziger's criminal defense attorney. Generally speaking, an "appearance" is "[a] coming into court as a party or interested person, or as a lawyer on behalf of a party or interested person . . . ." Black's Law Dictionary 113 (9th ed. 2009). Appearances come in several types, including "general" and "special." A "general appearance" is "[a] general-purpose appearance that waives a party's ability later to dispute the court's authority to enter a binding judgment against him or her." Black's Law Dictionary 114 (9th ed. 2009). By contrast, a

"special" or "limited" appearance has traditionally been defined as "[a] defendant's showing up in court for the sole purpose of contesting the court's assertion of personal jurisdiction over the defendant." Black's Law Dictionary 114 (9th ed. 2009).

While the traditional special appearance has been abolished in federal court due to promulgation of the Federal Rules of Civil Procedure [*see generally* Fed. R. Civ. P. 12(b); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1344 (3d ed. 2004)], "special appearance" lives on to encompass an attorney's appearance for a limited purpose. For example, in the criminal context, trial courts may appoint standby counsel to aid criminal defendants who represent themselves. *See, e.g., Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) (citation omitted). The United States Supreme Court has characterized standby counsel's limited representation of a *pro se* defendant as a "special appearance[]." *See McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984); *see also United States v. Martin-Trigona*, 684 F.2d 485, 491 n.7 (7th Cir. 1982) (stating that "an attorney may make a limited appearance" to represent a criminal defendant). Likewise, in the civil context, at least one state court of last resort has held that "the trial court has the discretionary authority to permit counsel, retained by a pro se litigant, to appear in a short-lived capacity and for a particular purpose . . . ." *Urciolo v. Urciolo*, 449 A.2d 287, 290 (D.C. 1982), *overruled on other grounds by In re Estate of Chuong*, 623 A.2d 1154 (D.C. 1993); *see also United States v. Ligas*, 549 F.3d 497, 503–04 (7th Cir. 2008) (holding that a party did not waive a service of process objection where he "consistently maintained his objection to personal jurisdiction and only entered limited appearances for that purpose").

In both the criminal and civil context, it is within the court's discretion to allow counsel to enter a limited appearance on behalf of a *pro se* litigant. *United States v. Gellis*, Nos. 89-5025, 89-5084, 1990 WL 139341, at *6 (4th Cir. Sep. 25, 1990) ("Just as the appointment of standby counsel is solely within the discretion of the district court, the subsequent extent of standby counsel's participation is also a matter of discretion."); *United States v. Mosely*, 810 F.2d 93, 97–98 (6th Cir. 1987) (citing cases) ("[W]hether to allow a defendant to participate in his own defense along with counsel in 'hybrid representation' is a matter committed to the sound discretion of the trial court."); *Urciolo*, 449 A.2d at 290. This protocol fits with the broad discretion of courts over appointment and withdrawal of counsel. *See, e.g., United States v. Mullen*, 32 F.3d 891, 895 (4th Cir.1994) (the decision whether to allow substitute counsel in a criminal case rests in the trial court's sound discretion); *Huang v. Bd. of Governors of Univ. of N.C.*, 902 F.2d 1134, 1143 (4th Cir. 1990) (citing cases) (the decision whether to grant or deny counsel's motion to withdraw in a civil case "lies within the sound discretion of the trial judge"); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 n.5 (4th Cir. 1985) (citation omitted) ("[The] appointment of counsel in pro se cases is a matter for the discretion of the district court").

Mr. Donziger renews his motion for a stay or, alternatively, for a further adjournment of the hearing for the following reasons. Magistrate Judge Lehrburger adjourned the hearing for a new date shortly after the conference scheduled for December 4, 2019, before Judge Preska, but the conference on December 4, 2019, will not change the *status quo ante* on which Mr. Donziger applied for a stay, and on which Magistrate Judge Lehrburger adjourned the hearing. Though this letter is filed today as a timely response to Chevron's motion *in limine*, the expectation of the parties to the criminal case is that on December 4, 2019, Judge Preska will set a briefing schedule for pretrial motions and a trial date. Thus, it will remain the case on December 12, 2019, as it did when Magistrate Judge Lehrburger adjourned the civil contempt

hearing to that date, that, at the very least, the risk of implicating Mr. Donziger's Fifth Amendment rights at the hearing will not be "wholly speculative at this time." Doc 2363 at 1.

As explained in a case favorably cited by then-District Judge Bianco in *Parker v. Dawson*, 2007 U.S. Dist. LEXIS 63068 (E.D.N.Y. 2007), the weight of authority in this Circuit favors a stay of a civil proceeding in the face of an overlapping criminal charge because

> [a] noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case. If delay of the noncriminal proceeding would not seriously injure the public interest, a court may be justified in deferring it. See, e.g., United States v. Henry, 491 F.2d 702 (6th Cir. 1974); Texaco, Inc. v. Borda, 383 F.2d 607, 608-609 (3d Cir. 1967); Silver v. McCamey, 95 U.S. App. D.C. 318, 221 F.2d 873, 874-875 (D.C. Cir.1955).

*SEC v. Dresser Industries, Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980). All of the factors cited in *Dresser* weigh strongly here in favor of a stay (or a further adjournment) for the reasons explained in Mr. Donziger's earlier submissions. *See* Doc 2344, 2356, 2361. As for Chevron's *in limine* motion that Mr. Donziger waived his Fifth Amendment rights and should be precluded from asserting his Fifth Amendment rights at a civil contempt hearing, Chevron made substantially the same argument in opposing a stay [Doc 2351] and before Magistrate Judge Lehrburger adjourned the hearing, and it can press its view once the criminal case is resolved and if and when the civil contempt proceedings resume. Meanwhile, a substantive response to Chevron's motion by Mr. Donziger would cause precisely the harms described in *Dresser* that a stay (or further adjournment) would address. Chevron, of course, itself urged charges of criminal contempt, has already secured a civil judgment against Mr. Donziger, and, as one of the world's largest corporations, can likely survive without the pyrrhic victory of a further uncollectible money judgment against Mr. Donziger. Chevron cannot show that a stay or further adjournment would cause it cognizable prejudice. "[T]he public interest in the criminal case is entitled to precedence over the civil litigant." *In re Ivan F. Boesky Securities Litig.*, 128 F.R.D. 47, 49 (S.D.N.Y. 1989); *see also United States v. Mellon Bank, N.A.*, 545 F.2d 869, 873 (3d Cir. 1976) ("resolution of the criminal case may moot, clarify, or otherwise affect various contentions in the civil case").

For these reasons, defense counsel's limited appearance should be permitted, the civil contempt hearing now scheduled for December 12, 2019, should be stayed or further adjourned, and Chevron's motion *in limine* should be held in abeyance. Alternatively, Mr. Donziger should have an opportunity either to address the substance of Chevron's motion or pursue appellate rights.

Respectfully submitted,

/s/
Andrew J. Frisch

cc: All Counsel