**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Randy M. Mastro
Direct: +1 212.351.3825
Fax: +1 212.351.5219
RMastro@gibsondunn.com

December 10, 2019

VIA ECF

The Honorable Robert W. Lehrburger
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

Re:     *Chevron Corp. v. Donziger*, 11 Civ. 0691 (LAK) (S.D.N.Y.)

Dear Judge Lehrburger:

I write respectfully as counsel for Chevron Corporation ("Chevron") in response to the Court's December 9, 2019 order, denying without prejudice Chevron's motion *in limine* (Dkt. 2391) to preclude Steven Donziger from raising a Fifth Amendment defense at the upcoming December 12, 2019 evidentiary hearing before your Honor. Dkt. 2412. For Your Honor's convenience, Chevron attaches here its memorandum of law in support of its motion *in limine* and supporting declaration and exhibits (Ex. A), its reply brief in support of the same (Ex. B), the letters submitted by Donziger's attorney Andrew Frisch on these issues (Ex. C) and the Court's December 9, 2019 order (Ex. D).

In its order of yesterday, the Court denied Chevron's motion *in limine*, without prejudice. Dkt. 2412 at 4. In doing so, the Court noted that the December 12 hearing relates to Paragraph 4 of the Forensic Inspection Protocol Order and "whether Donziger, after he was held in civil contempt on May 23, 2019, purged himself of that civil contempt of that provision of the Protocol" and noted that the December 12 hearing "has nothing to do with whether he defied paragraph 4 of the Protocol between March 2019 and May 23, 2019," the time period during which he is accused of criminal contempt in the parallel criminal proceeding. The Court elaborated:

> [T]there is no real overlap or relationship between Count I of the criminal contempt case and the December 12 hearing apart from the obvious background fact that both arise in the context of Protocol paragraph 4. They concern two different time periods. Moreover, the crime of criminal contempt is completed at the first moment the contemnor violated the order in question, and that is so regardless of any subsequent compliance. As the criminal contempt charge

**GIBSON DUNN**

The Honorable Robert W. Lehrburger
December 10, 2019
Page 2

>concerns a different and earlier time period than the December 12 hearing, there is no overlap between the two matters at all.

Dkt. 2412 at 7. The Court's finding that there is no overlap between the December 12 hearing and the criminal proceeding undermines any attempt on Donziger's part to invoke the Fifth Amendment at the December 12 hearing, which we have argued he should be precluded from asserting in any event because it is a pretext for avoiding cross examination about purported *current* compliance of Paragraph 4 on matters as to which he has already given sworn statements and is testifying elsewhere.

Should Donziger attempt to invoke the Fifth Amendment at the hearing, that request should be denied as he has waived any such claim and there is no basis for him to do so in any event. In particular, as Chevron noted in its motion, it would be unfair and contrary to settled case law for Donziger to be permitted to rely on his three declarations to try to show compliance with Paragraph 4 while, at the same time, avoiding cross-examination by virtue of invoking the Fifth Amendment.

Chevron intends to renew its motion *in limine*, as permitted by the Court's order of yesterday, seeking to preclude Donziger from using the Fifth Amendment to avoid answering questions about his declarations (*see* Dkt. 2392). As Judge Kaplan held yesterday, "Donziger has been stonewalling appropriate post-judgment discovery for month after month" and "made clear from outset that he would not comply with the Protocol." Dkt. 2412 at 5. For him to try to avoid cross-examination here is to be expected given his past conduct. To the extent Donziger attempts to rely on the Fifth Amendment to avoid cross examination, Chevron respectfully submits that, as Judge Kaplan noted, Your Honor will "consider disregarding the three declarations." Dkt. 2412 at 9.

As Judge Kaplan further noted, "that remedy might be coupled with the drawing of an inference adverse to Donziger from his assertion of the privilege." Dkt. 2412 at 8. Indeed, courts have consistently held that such adverse inferences are proper and constitutionally permissible. *See Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976) ("Our conclusion is consistent with the prevailing rule that the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them: the Amendment 'does not preclude the inference where the privilege is claimed by a party to a Civil cause'"); *see also Mitchell v. United States*, 526 U.S. 314, 328 (1999); *LiButti v. United States*, 107 F.3d 110, 121 (2d Cir. 1997) (same); *JSC Foreign Economic Assoc. Technostroyexport v. Int'l Development & Trade Servs., Inc.*, 386 F. Supp. 2d 461, 464 (S.D.N.Y. 2005) (same in context of a civil contempt proceeding); *OSRecovery, Inc. v. One Groupe Intern., Inc.*, 262 F. Supp. 2d 302, 306 n. 22 (S.D.N.Y. 2003) (Kaplan, J.), 262 F. Supp. 2d at 306 n. 22 (invocation of the Fifth Amendment would not "protect [Donziger] from the

GIBSON DUNN

The Honorable Robert W. Lehrburger
December 10, 2019
Page 3

consequences of an adverse inference"). Here, such an adverse inference would be amply warranted given Donziger's willful disobedience of the Forensic Inspection Protocol order.

As always, we appreciate Your Honor's consideration.

                                      Respectfully,

                                      */s/ Randy M. Mastro*
                                      Randy M. Mastro

cc: All counsel of record