THE LAW OFFICES OF
ANDREW J. FRISCH, PLLC

ONE PENN PLAZA
53rd FLOOR
NEW YORK, NEW YORK 10119
(212) 285-8000
FAX: (646) 304-0352

December 30, 2019

By ECF
The Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *Chevron Corp. v. Steven Donziger, et al.*;
     Criminal Docket Number 19-561 (LAP);
     Civil Docket Number 11-0691

Dear Judge Preska:

  I write on behalf of Steven Donziger to request that the Court conduct an inquiry of the prosecutors, directing them to disclose the full extent of their firm's ties to the Chevron Corporation.

  The charges of criminal contempt against Mr. Donziger brought by Judge Kaplan arise from an underlying, longstanding and especially contentious civil litigation between Chevron and Mr. Donziger. The United States Attorney in this District declined Judge Kaplan's request that he prosecute Mr. Donziger for criminal contempt, and so Judge Kaplan invoked Rule 42 of the Federal Rules of Criminal Procedure to appoint three lawyers from the firm of Seward & Kissel LLP ("Seward"), including Ms. Glavin, a Seward partner, to prosecute Mr. Donziger.

  It appears from publicly-available information learned by counsel over the past three weeks that Ms. Glavin's law partner was a member of Chevron's Board of Directors as recently as 2018; at least two clients of Seward currently receive or have recently received significant funding from an investment fund, whose Vice Chairman is currently a member of Chevron's Board of Directors and served on the Board concurrently with Ms. Glavin's law partner; and at least one other Seward client receives significant income from Chevron.

  As Professors Bruce A. Green and Rebecca Roiphe have noted,

  Because prosecutors themselves define the relevant public interests and objectives of a criminal investigation or prosecution, determining whether an interest is likely to

distort the prosecutor's judgment or conduct is complicated. For private lawyers, a conflicting interest is typically an interest or relationship that may make the lawyer disloyal to the client - that is, an interest that may divert the lawyer from servicing the client's interests or furthering the client's objectives as defined by the client. For prosecutors, the idea of loyalty is more abstract and less salient.

The concept of disinteredness rather than loyalty better captures the imperative for prosecutors . . . .

[B]roadly construed, prosecutorial conflicts of interest can include any personal or professional interests, relationships, or beliefs that might lead prosecutors to act in their own self-interest or in others' interests, rather than disinterestedly. These might conceivably include personal or professional relationships, legal obligations or other motivations, inducements or incentives that might lead prosecutors to serve their own or private interests in the context of a criminal investigation or prosecution . . .

Bruce A. Green and Rebecca Roiphe, *Rethinking Prosecutors' Conflicts of Interest*, Boston College Law Review, Volume 58, Issue 2, April 3, 2017, at 471-72. *See also, e.g., Young v. United States ex rel. Vuitton et Fils, S.A.*, 481 U.S. 787 (1987); *FTC v. American Nat'l Cellular*, 868 F.2d 315, 318-19 (9th Cir. 1989) ("In *Vuitton*, the Court found that selection of a prosecutor must be informed by the importance of impartiality, public confidence in the judicial process, and the need to avoid even the appearance of impropriety . . . . The Court in *Vuitton* stressed that a prosecutor seeking a contempt conviction must be both impartial in fact and appear to be so").

My understanding of the ties between Seward and Chevron is limited to the results of my research of publicly-available information that I have thus far discovered on my own over the past few weeks. Ms. Glavin has declined to answer any of my questions about Seward's ties to Chevron. Thus, I respectfully request that the Court inquire to determine the full extent of Seward's ties to Chevron. Counsel's research into the Seward-Chevron ties is continuing. I believe that it is best practice to first request this inquiry before deciding whether to seek disqualification.

When I raised this issue with Ms. Glavin, I also asked that she disclose whether and the extent to which she or her Office has been in contact with Judge Kaplan or his Honor's Chambers during the pendency of this criminal case. She declined to answer. I believe it important to clarify whether and the extent to which Judge Kaplan has played or is playing a continuing role in this prosecution.

Respectfully submitted,

/s/
Andrew J. Frisch

cc: Ms. Rita Glavin