# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Randy M. Mastro
Direct: +1 212.351.3825
Fax: +1 212.351.5219
RMastro@gibsondunn.com

January 3, 2020

VIA ECF

The Honorable Robert W. Lehrburger
United States Magistrate Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

Re:     *Chevron Corp. v. Donziger*, 11 Civ. 0691 (LAK) (S.D.N.Y.)

Dear Judge Lehrburger:

I write as counsel for Chevron Corporation ("Chevron") regarding Steven Donziger's delay in pursuing his appeal of Judge Kaplan's order denying his application for a stay. Through his counsel, Donziger represented to this Court that he would file an emergency stay application in the Second Circuit by Monday, December 16, 2019. Ex. 1 to Declaration of Randy M. Mastro ("Mastro Decl.") at 90:2–25. To date, however, Donziger has not filed any substantive brief seeking a stay or any other relief from the civil proceedings before Your Honor or even an appellant's opening brief in his appeal of Judge Kaplan's order. By representing that he would file for expedited relief but then failing to pursue his appeal expeditiously, Donziger appears to be engaged in a strategic attempt to grant himself a unilateral, indefinite stay of the civil proceedings before Your Honor, despite Judge Kaplan's refusal to grant Donziger such a stay. In light of Donziger's inaction, Chevron requests that the proceedings to address whether Donziger has purged his contempt of Paragraph 4 of the Forensic Inspection Protocol Order resume without further delay.

As the Court will recall, on December 9, 2019, Judge Kaplan denied Donziger's application for a stay of the civil contempt proceedings concerning whether Donziger has cured his contempt of Paragraph 4 of the Court's Forensic Protocol Order pending resolution of related criminal proceedings. Dkt. 2412. On December 12, 2019—the day the civil proceedings were to resume with an evidentiary hearing before Your Honor—Donziger filed a notice of appeal of Judge Kaplan's denial of the stay application (Dkt. 2420) and further represented to this Court in writing that he would be filing an "emergency" application for a stay "in the Second Circuit" later that "morning" (Dkt. 2419). The purported application was attached to Donziger's letter to this Court. Dkt. 2419-1. But Donziger did not file such application with the Second Circuit on December 12.

**GIBSON DUNN**

The Honorable Robert W. Lehrburger
January 3, 2020
Page 2

Instead, at the December 12 hearing itself, Donziger asked the Court for additional relief. Donziger's attorney stated that the "Circuit has not yet seen" the application, and that in light of Your Honor's rulings that day, he would "supplement [the] papers and submit them to the Second Circuit" "by Monday," December 16, 2019. Ex. 1 to Mastro Decl. at 90:2–25. Based at least in part on this representation, the Court held off scheduling the prompt completion of the evidentiary hearing begun that day.

However, Donziger did not file any papers with the Second Circuit on December 16, 2019. He has not submitted any substantive papers—stay application, writ of mandamus, or opening brief—since then. And he has not filed any application for emergency or expedited relief in the Second Circuit, as is permitted under Second Circuit Local Rule 27.1(d). Indeed, in the three weeks that have elapsed, Donziger has slow-walked his "emergency" appeal, filing his Civil Appeal Pre-Argument Statement (Form C) and Transcript Information Form (Form D) a week after they were due, based on what appears to be his negotiations with the court clerk. *See* 2d Cir. No. 19-4091 Dkts. 17, 20 (Form C), 21 (Form D).[1] Despite the fact that the transcript of the December 12 hearing has been available from the court reporter since December 13 (*see* Mastro Decl., para. 2), Donziger has not even informed the Second Circuit when he intends to file his opening brief, as set forth in Second Circuit Local Rule 31.2(a)(1)(A).

Donziger's inaction shows that there is no "emergency" and no reason for further delay. Donziger has been provided with more than enough time to seek relief from the Second Circuit and has instead chosen not to pursue his appeal expeditiously. Given that strategic decision, and Judge Kaplan's order denying Donziger's request for a stay, the Court should resume the proceedings regarding Donziger's alleged compliance with Paragraph 4 of the Forensic Inspection Protocol Order.

As always, we appreciate Your Honor's consideration.

Respectfully,

*/s/ Randy M. Mastro*
Randy M. Mastro

cc: All counsel of record

---

[1] On January 2, 2020, Donziger's Form C was deemed deficient because he failed to include one of the requisite addendums, as well as the district court's docket sheet. *See* 2d Cir. No. 19-4091 Dkt. 22 at 2.