# EXHIBIT B



EXHIBIT
PX 9100

# FORUM NOBIS PLLC
PROFESSIONAL LIMITED LIABILITY COMPANY
THE LAW OFFICE OF AARON MARR PAGE, ESQ.

1629 K Street NW, Suite 300
Washington D.C. 20006
(202) 618-2218

Aaron Marr Page
*Managing Attorney*
Direct Dial: (202) 251 2218
aaron@forumnobis.org

\*\*\*PRIVILEGED & CONFIDENTIAL\*\*\*
\*\*\*LAWYER-CLIENT COMMUNICATION\*\*\*

March 10, 2010

Steven R. Donziger
Law Offices of Steven R. Donziger, P.C.
245 W. 104th Street, #7D
New York, NY 10025
sdonziger@gmail.com

Re:  Engagement Letter

Dear Steven:

This engagement letter will confirm the terms of my engagement with the plaintiffs' team in the *Aguinda* environmental litigation in the Superior Court of Nueva Loja, Ecuador, and related proceedings in the United States and internationally (collectively, the "Chevron Litigation"), as we discussed last week in Quito and this week in New York.

1) Nature and Scope of Representation. We agreed that I will be available to represent and assist you in any and all aspects of the Chevron Litigation, at your direction, on behalf of yourself and, pursuant to your existing authority as well as existing and/or additional future authority I may secure, on behalf of the affected clients in the Chevron Litigation, including but not limited to the named plaintiffs in the *Aguinda* action, their agents Luis Yanza and Pablo Fajardo Mendoza, the Frente de Defensa de Amazonía, the Asamblea de Afectados, and Selva Viva (collectively, the "Affected Clients").

Steven R. Donziger
Engagement Letter
March 10, 2010
Page 2 of 3

2) <u>Potential for Conflict of Interest.</u> We agreed that your interests and the interests of the Affected Clients in the Chevron Litigation are, and are likely to remain, fundamentally aligned and substantially unconflicted such that I have justifiably concluded in good faith that I can properly represent the interests of you and them simultaneously, though I will continue to periodically reassess the situation and will raise, discuss, and take steps to resolve any possible conflict of interest that might arise. You expressly agreed and acknowledged that I may take such steps as I deem necessary conform my representation to the professional obligations under which I practice, including withdrawal of representation of you, or them, if necessary and possible without undue prejudice to your or their interests.

3) <u>Privilege and Confidentiality.</u> We agreed and acknowledged that any and all of my confidential communications related to the Chevron Litigation, and documents related thereto, with you and/or with the Affected Clients, are fully within the scope of and protected by the attorney-client privilege; and further that any and all of my confidential communications related to the Chevron Litigation, and documents related thereto, with any and all other counsel, advisors, experts, or case-related agents or associates, are fully protected as attorney work product in anticipation of or preparation for litigation. I will of course keep all confidential information provided to me in the course of this engagement in the strictest confidence.

4) <u>Jurisdiction.</u> We agreed that I will provide the aforementioned representation and services to you and to the Affected Clients in the jurisdiction of Washington, D.C., where I am a member in good standing of the bar of the District of Columbia Court of Appeals, although of course we may agree to meet and to communicate as necessary in New York, Quito, or any other convenient location from time to time.

5) <u>Fees and Expenses.</u>

   a. *Retainer Fee.* We agreed that I will be paid a retainer in the amount of $5,000 per month to be regularly available to work on all aspects of the Chevron Litigation.

   b. *Recorded Hours.* We agreed that I will record the hours that I dedicate to any and all aspects of the Chevron Litigation, and that in the event of a recovery these hours will be compensated at an hourly rate to be determined by you and me in the event depending on the circumstances at the time; we further agreed that an appropriate benchmark for a minimum level of compensation is the "revised Laffey matrix" for public interest civil practice in the Washington,

Steven R. Donziger
Engagement Letter
March 10, 2010
Page 3 of 3

        D.C. area, as published at www.laffeymatrix.com, although appropriate compensation may be higher in light of specialized expertise and other factors. In the event the recorded hours are compensated, the amount paid to me as a retainer fee as above shall be subtracted from the compensation.

   c. *Expenses.* We agreed that I will be reimbursed for any and all out-of-pocket expenses, including but not limited to all reasonable travel expenses, telephone charges, photocopying and document production costs, postage and courier costs, translation costs, transcription costs, court and public records costs, technology costs, and computerized legal research, as well as for any and all disbursements made, after consultation with you, to experts, investigators, or additional counsel.

   d. *Personal Legal Expenses.* We agreed that in the event I am subject to direct legal action in connection with my involvement in the Chevron Litigation, my legal fees and costs incurred in defending myself in such action will be fully paid either directly to counsel of my choosing or as reimbursement for fees and costs paid by me.

   e. *Billing.* We agreed that I will bill you directly and periodically, either quarterly or as we mutually determine to be convenient in light of scheduling issues, availability of funds, and other factors.

6) <u>Modification.</u> We agreed that we may modify or update these terms of engagement in the future by mutual consultation and agreement at any time and for any reason.

    Upon agreeing to these terms in principle last week and upon reviewing them specifically earlier today, you indicated your agreement. **<u>This engagement letter will serve as your memorial of our agreement for your records.</u>**

    Of course, do not hesitate to contact me at 202-251-2218 with any questions.

                                     Very truly yours,

                                     Aaron Marr Page

AMPagePJD_0009559

Case 1:11-cv-00691-LAK-RWL   Document 2453-2   Filed 02/10/20   Page 5 of 5