# EXHIBIT F



**EXHIBIT PX 9115**

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER
PROTECTED BY FED R. EVID. 502(d)

MKS-0002713

**PROMISSORY NOTE**
(Limited recourse)

$102,000                                                                                          January 22, 2016

     FOR VALUE RECEIVED, STEVEN R. DONZIGER, (the "**Borrower**") hereby promises to pay to the order of ROGER WATERS (the "**Lender**") the principal sum of One Hundred Two Thousand Dollars ($102,000) (the **Principal Amount**), together with interest, in accordance with the following terms.

ARTICLE I
TERMS OF PAYMENT

     SECTION 1.01. Payment of Principal and Interest.       (a) The Principal Amount, together with all accrued and unpaid interest shall be due and payable on (i) the last business day (each a "**Payment Date**") of each calendar month in which the Borrower receives any payment constituting Gross Receipts (as defined below), to the extent of all Gross Receipts received in such calendar month, and (ii) on each Payment Date thereafter (to the extent of all Gross Receipts received in the calendar month then ended), until the Principal Amount and all accrued and unpaid interest, and all other amounts payable on or in respect of this promissory note (this "**Note**") have been paid in full.

     (b)     "**Gross Receipts**" shall mean all revenue received by or credited (on a non-refundable basis) to the Borrower, and to the Borrower's affiliates, from all sources in connection with Borrower's legal representation as plaintiff's counsel in the lawsuit pending against Chevron Corp. relative to environmental and social harms in the Amazon region of Ecuador (known as the "Lagos Agrio" case).

     (c)     The Borrower acknowledges the prior receipt form Lender of loan proceeds of Fifty Two Thousand Dollars ($52,000) on or about October 28, 2013 and of Fifty Thousand Dollars ($50,000) contemporaneously with the execution of the this Note, which collective comprise the Principal Amount hereunder.

     SECTION 1.02. Interest. The outstanding Principal Amount bear interest from and after the date hereof at a rate per annum of one and one-half percent (1.5%) compounded annually and calculated on the basis of actual days elapsed over a year of 360 days. All accrued and unpaid interest on the outstanding Principal Amount shall be payable in arrears on each payment Date

     SECTION 1.03. Prepayments; Application. The Borrower may prepay the then outstanding Principal Amount of this Note, together with any accrued and unpaid interest thereon, in whole or in part at any time without penalty or premium. All payments under this Note shall first be applied to accrued and unpaid interest and thereafter to the Principal Amount.

     SECTION 1.04. Payments and Computations. The Borrower shall make all payments hereunder not later than at 3:00 P.M. (New York City time) on the due date therefor in same day funds that are immediately available for use by Lender.

1465503                                                                                                    *[signature]*

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER
PROTECTED BY FED R. EVID. 502(d)

MKS-0002714

SECTION 1.05. Non-Recourse Obligation of the Borrower. The Principal Amount and all other amounts payable on or in respect of this Note shall constitute non-recourse obligations of the Borrower payable solely from the Gross Receipts. All the Borrower's obligations shall be extinguished under this Note after the Gross Receipts, if any, have been reduced to zero (if ever) or the Principal Amount and all other amounts payable on or in respect of this Note have been paid in full, whichever occurs sooner. None of the Borrower's agents, partners, beneficiaries, members, officers, directors, employees, successors or assigns or any affiliate of any of them (or any affiliate of the Borrower) shall be personally liable for any amounts payable, or performance due, under this Note, except to the extent of any Gross Receipts.

## ARTICLE II
## REPRESENTATIONS, WARRANTIES & COVENANTS

SECTION 2.01. Representations and Warranties. The Borrower hereby represents and warrants to the Lender that:

(a) The Borrower has full power and authority to execute and deliver this Note and to incur the obligations provided for herein, all of which have been duly authorized by all proper and necessary action by the Borrower. No consent or approval of any third party or of any governmental or administrative authority, instrumentality, or agency is required as a condition to the validity of this Note, other than those that have already been obtained.

(b) This Note is legal, valid, and contains binding obligations of the Borrower enforceable against the Borrower in accordance with its terms, subject to the effect of any applicable bankruptcy, insolvency, reorganization or moratorium or similar laws affecting the rights of creditors generally and general principles of equity.

(c) The execution, delivery and performance by the Borrower of this Note and the borrowing hereunder by the Borrower, do not and will not (i) violate or contravene any provisions of any existing law, statute, rule, regulation or ordinance or of the charter documents or operating agreement of the Borrower, (ii) violate or contravene any provision of any order or decree of any court, governmental authority, bureau or agency to which the Borrower or any of its properties or assets is subject, (iii) violate or contravene any provision of any material mortgage, indenture, security agreement, contract, undertaking or other agreement or instrument to which the Borrower is a party or which purports to be binding upon it or any of its properties or assets, or (iv) result in the creation or imposition of any lien, encumbrance or security interest in, any of its properties pursuant to the provisions of any mortgage, indenture, security agreement, contract, undertaking or other agreement or instrument.

SECTION 2.02. Covenants. So long as any amount of principal or other fees due under this Note remains outstanding, the Borrower shall promptly advise Lender of his receipt of any Gross Receipts and the amount thereof.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER
PROTECTED BY FED R. EVID. 502(d)

MKS-0002715

## ARTICLE III
## MISCELLANEOUS

SECTION 3.01. Amendments. No amendment or waiver of any provision of this Note, and no consent to any departure by any party herefrom, shall be effective unless the same shall be in writing and signed by the other party, and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

SECTION 3.02. No Offsets, Etc. Presentment, demand, protest, notice of protest, dishonor and nonpayment of this Note and all notices of every kind are hereby waived, whether to the undersigned principal or any surety, guarantor or endorser, except as provided herein.

SECTION 3.03. Successors and Assigns. This Note shall inure to the benefit of each party and its successors and assigns, and shall bind the heirs, legal representatives, successors and assigns of each party; provided, however, that the obligations of the Borrower under this Note may not be assigned by the Borrower.

SECTION 3.04. Governing Law. The provisions of this Note shall in all respects be construed in accordance with and governed by the laws of the State of New York, including Section 5-1401 of the New York General Obligations Law (or any similar successor provision thereto), but excluding any other conflicts-of-law rules.

SECTION 3.05. Consent to Jurisdiction; Waivers. In any action or other legal proceeding relating to this Note, the Borrower and Lender (i) consent to the personal jurisdiction of any State or Federal court located in New York County, the State of New York, (ii) waive objection to the laying of venue, (iii) waive personal service of process, and (iv) WAIVE ANY RIGHT TO TRIAL BY JURY.

SECTION 3.06. Lender's Address for Notices and Payments. Unless and until otherwise instructed by Lender in writing, Borrower shall send any notices and shall make any payments to Lender by hand, overnight courier, or via registered or certified mail, return receipt requested, at the following address:

> c/o Peter Fairley, CPA, FCA
> CohnReznick
> 1212 Avenue of the Americas
> 14th Floor
> New York, NY  10036

with a copy via email to peter.fairley@cohnreznick.com. Payments may also be made by wire transfer as may be directed by Lender.

SECTION 3.07. Expenses; indemnification. The Borrower will upon demand pay to the Lender the amount of any and all reasonable expenses (including the reasonable fees and disbursements of its counsel) which the Lender may incur in connection with the exercise or enforcement of any of the rights of the Lender hereunder.

*[Signature appears on next page.]*

1465503

3

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER
PROTECTED BY FED R. EVID. 502(d)

MKS-0002716

IN WITNESS WHEREOF, the Borrower and the Lender have caused this Note to be duly executed and delivered by its officer thereunto duly authorized as of the date first above written.

STEVEN R. DONZIGER

1-22-16

1465503

4

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER
PROTECTED BY FED R. EVID. 502(d)

MKS-0002717