UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
CHEVRON CORPORATION,

                     Plaintiff,

           -against-                               11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

                     Defendants.
------------------------------------------------x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge*.

        Steven Donziger filed a pretrial motion in the criminal contempt prosecution that the undersigned initiated in this action by order to show cause and that will be tried by Judge Loretta A. Preska, who accepted that assignment from the undersigned pursuant to Rule 14 of the Court's Rules for the Division of Business. The motion seeks to require disqualification of Judge Preska and all other judges of this Court.[1] The theory, apparently, is that the undersigned is biased against him.

        The events upon which Donziger's memorandum relies occurred nearly a decade ago. They were raised then in an effort to recuse the undersigned, but were rejected by this Court and the Second Circuit. Nevertheless, Section 455(a) of the Judicial Code[2] provides that "[a]ny . . . judge

---

[1] At least one motion seeking disqualification of all judges of a district court has been rejected previously in this Circuit. *United States v. Cutler*, 796 F. Supp. 710, 712 (E.D.N.Y. 1992).

[2] 28 U.S.C. § 455(a).

of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[3] As Donziger has renewed his argument concerning the undersigned's impartiality, it is appropriate for the Court to consider whether anything in his latest motion warrants recusal.

Donziger's argument begins under the heading:

> "Before a Bench Trial, Judge Kaplan Expressed Allegiance with Chevron and Suggested the Cause of Action that Judge Kaplan Later Sustained"

A couple of pages of allegedly supporting material follow.[4] But there is no merit whatsoever in any of these assertions, which either are false or rest on distortions of the facts.

1. Donziger cites nothing whatsoever to support his contention that the undersigned ever "expressed allegiance with Chevron."

2. The contention that the undersigned "suggested the [RICO] cause of action that" the Court "later sustained" is a canard that Donziger and his team have been making for years. It is contradicted by the record and has been rejected repeatedly.

Donziger relies for this assertion on a misleadingly edited excerpt from a question by the Court to counsel at a motion argument almost ten years ago.[5] A similar argument based on part of the same excerpt was made in 2011 in a recusal motion by the two Donziger clients who appeared

---

[3] *See also Liteky v. United States*, 510 U.S. 540, 549 (1994) (judge obliged to identify grounds for recusal even in the absence of a motion).

[4] Dkt. 2463 at 11 ("Donziger Motion").

[5] *Id.* at 12.

in this action.[6] The Court thoroughly debunked it in an opinion filed years ago, and little purpose would be served by repeating what it then wrote.[7] Donziger's clients then sought mandamus to require recusal, in part on the basis of the false argument that Donziger makes here — that the Court suggested the RICO theory to Chevron.[8] Chevron refuted that argument on the basis of the record, as had this Court.[9] The Circuit denied mandamus.[10]

    3.    In a similar vein, Donziger claims that "years before trial, Judge Kaplan expressed dismay that Mr. Donziger might succeed in enforcing the Ecuadorian judgment and impairing the business of Chevron."[11] This too is false. There was no expression of dismay.

The passage quoted in the present motion comes from the Court's ruling in February 2011 on Chevron's motion for a temporary restraining order ("TRO"). As is well known, any court presented with a motion for temporary injunctive relief is obliged to consider the applicant's likelihood of success on the merits, the threat of irreparable injury absent relief, the balance of

---

[6] Dkt. 285 at 17-18.

[7] *Chevron Corp. v. Donziger*, 783 F. Supp. 2d 713, 724-26 (S.D.N.Y. 2011).

[8] Petition for a Writ of Mandamus 25, *In re Naranjo*, No. 11-2259 (Dkt. 1) (2d Cir. filed Jun. 2, 2011) ("2011 Pet.").

[9] Chevron Corporation's Answer to Petition 28, *Chevron Corp. v. Narajano*, Nos. 11-1150, 11-2259 (Con), 11-1264 (Con) (Dkt. 507) (2d Cir. filed Aug. 8, 2011) ("Chevron Answer"). The item number is from the docket in No. 11-1150, into which the mandamus petition and another appeal had been consolidated after the petition was filed.

[10] Order, No. 11-2259 (Dkt. 75) (2d Cir. filed Sept. 19, 2011).

[11] Donziger Motions at 12.

hardships between the parties, and the public interest.[12] Thus, in considering Chevron's TRO application, the Court was *obliged* to consider the potential harm to Chevron of a denial of a TRO as well as the public interest. Accordingly, the Court's observations upon which Donziger relies, which were included in what the Court said was "a provisional interim view,"[13] were entirely appropriate and unremarkable. In any case, as the Supreme Court made clear in *Liteky v. United States,* comments based on evidence adduced before a judge are not a basis for recusal even where they reflect a disposition with respect to a litigant.[14]

Nor is this the first time that this portion of the Court's 2011 TRO ruling been relied upon as a basis for an attempt to disqualify the undersigned. It was made in the 2011 recusal motion as well,[15] rejected by this Court,[16] repeated in the 2011 mandamus petition,[17] and contested in the

---

[12] *E.g., Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 24-25 (2008) ("[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." (quoting *Weinberger v. Romero–Barcelo,* 456 U.S. 305, 312 (1982)).

[13] Tr., Feb. 8, 2011, at 46:2-3 (Dkt. 165); *see also id.* at 48:18-22 ("[T]here is no doubt in my mind, at least for the moment[,] for the purpose of a temporary restraining order, there has been a persuasive showing of a likelihood of irreparable injury to Chevron in the absence of a TRO.").

[14] 510 U.S. 540, 550-52

[15] Dkt. 285 at 6-7.

[16] *Chevron,* 783 F. Supp. 2d at 729-30.

[17] 2011 Pet. at 11 n.7.

answer to the petition,[18] which, as noted, the Second Circuit denied.

        3.      Finally, every ruling, question, and comment relied upon in Donziger's motion relates to events prior to trial and final judgment in this action, in some cases in the Section 1782 proceedings that came before them. Donziger appealed from the 2014 final judgment on the merits, which the Court of Appeals affirmed in 2016.[19] Although he challenged several of this Court's legal rulings in that appeal, he did not contest the undersigned's denial of his recusal motion or otherwise argue that the undersigned should have recused himself, although that argument was available to him on direct appeal. That failure alone is fatal to this attempt to breathe new life into the issue.[20] As the Second Circuit has held, "a [district court's] legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time."[21]

        The vintage of Donziger's allegations defeats them, as well. An argument for recusal

---

[18] Chevron Answer at 34.

[19] *Chevron Corp. v. Donziger*, 833 F.3d 74 (2d Cir. 2016).

[20] *See, e.g., United States v. Twentieth Century Fox Film Corp.*, 926 F.2d 227, 230 (2d Cir. 1991) ("There is no justification for permitting Fox to bring this second appeal to raise a claim fully available on the prior appeal."); *Hardy v. United States*, 878 F.2d 94, 98 (2d Cir. 1989) ("[A] non-constitutional and non-jurisdictional claim may not be raised collaterally under section 2255 where it could have been, but was not, raised on direct appeal"); *see also McWilliams v. New York City Bd. of Educ.*, 162 F.3d 1148 (2d Cir. 1998) (summary order) ("Since this contention was available on the prior appeal, it may not be asserted now under Rule 60(b)." (citation omitted)).

[21] *North River Ins. Co. v. Philadelphia Reins. Corp.*, 63 F.3d 160, 164 (2d Cir. 1995) (quoting *Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 250 (D.C. Cir. 1987)).

"must be made 'at the earliest possible moment after obtaining knowledge of such facts demonstrating the basis for such a claim.'"[22] Donziger's motions rely statements and questions that occurred primarily in 2011.

\* \* \*

The Court holds that it is not obliged to recuse itself under 28 U.S.C. § 455.

SO ORDERED.

Dated:   March 11, 2020

_____
Lewis A. Kaplan
United States District Judge

---

[22]   *E.g.*, *Felker v. Pepsi-Cola Co.*, 101 F.3d 109 (2d Cir. 1996) (citation omitted).