# EXHIBIT 11

Message

| | |
|---|---|
| **From**: | Jay Goldstein [jg@bertralaw.com] |
| **Sent**: | 10/7/2016 1:47:41 PM |
| **To**: | Joshua Rizack [/o=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=cac40543c733439e85b4aba5fb77f118-jrizack] |
| **CC**: | David Yass [davidyass@dyass.com] |
| **Subject**: | RE: Wellbeck Partners Signatures |
| **Attachments**: | Ecuadir Judgment Inv Agmt.pdf |

Joshua:

    Please see the attached signed paperwork per your request.

    Regards,

JAY L. GOLDSTEIN, ESQ.
Berkowitz, Trager & Trager, LLC
8 Wright Street              747 Third Avenue
2nd Floor                    23rd Floor
Westport, CT 06880      New York, NY 10017
203-226-1001

IRS Circular 230 Tax Related Disclaimer:  To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The information contained in this e-mail may be privileged, confidential and protected from disclosure.  If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited.  If you think that you have received this e-mail in error, please notify the sender by reply e-mail and delete the message and any attachments.

-----Original Message-----
From: Joshua Rizack [mailto:jrizack@therisinggroup.com]
Sent: Wednesday, October 5, 2016 11:50 AM
To: Jay Goldstein <jg@bertralaw.com>
Subject: Re: Wellbeck Partners Signatures

Jay Goldstein,

I had a meeting with David Yass and he asked me to send the attached documents for your signature.  I have indicated the two places your signature is needed.  Sorry for the confusion with the other documents.  I was trying to send a complete set but failed to indicate that your signature is not needed on the Spanish versions of the documents as the english version is the ruling document.

If you have any questions, don't hesitate to call me at (203) 227-4115.

Best,

Joshua Rizack

The Rising Group Consulting, Inc.
T: (203) 227-4115
JRizack@TheRisingGroup.com

RIZ00006601

October 5, 2016

Alan Lenczner
Lenczner Slaght Royce Smith Griffin LLP
130 Adelaide St. W, Suite 2600
Toronto, ON
Canada M5H 3P5

Dear Alan;

Reference is made to the Ecuador Judgment Investment Agreement (the "Investment Agreement") from the Funder executing this letter, to help fund the collection of the Ecuador Judgment (as defined in such agreement) against Chevron and/or its subsidiaries by the Frente de DeFensa de la Amazonia.

This letter serves to memorialize our acknowledgment and agreement that notwithstanding paragraph 10 of the Investment Agreement, that your firm is not required to carry on its work on the enforcement of the Ecuador Judgment unless your firm is being paid to do so.

Additionally, all funds to be wired into attorney escrow account should be distributed in accordance with the US Representative instructions. US Representative is identified in Appendix 2.

Sincerely,

Jay L. Goldstein, Esq., Manager
Wellbeck Partners, LLC

*Privileged and Confidential*

## Ecuador Judgment Investment Agreement

This Agreement is effective as of August 24, 2016. In consideration of an Investment of $200,000 from the Funder (defined below) to help fund the collection of the Ecuador Judgment (defined below) against Chevron and/or its subsidiaries ("Chevron"), the Frente de Defensa de la Amazonia ("FDA"), in its capacity as both the exclusive interest-holder of the 10% award made by the Ecuador Judgment under Ecuador's Environmental Management Law ("the 10% Award") and the beneficiary of the environmental remediation award and related awards under the Ecuador Judgment and the Ecuador Trust (defined below), together with the President of the Board of the Ecuador Trust (defined below), and the Funder, hereby agree as follows:

1. Definitions:

    a. Ecuador Judgment: The final judgment and award in the case of *Maria Aguinda et al. v. Chevron Corp.*, rendered in the first instance by the Provincial Court of Justice of Sucumbíos, 14 Feb. 2011, affirmed on appeal by the Sole Chamber of the Provincial Court of Justice of Sucumbíos, 3 Jan. 2012, certified for enforcement on 17 Feb. 2012, and affirmed by the National Court of Justice, 12 Nov. 2013. "Ecuador Judgment" in this Agreement refers to the legal obligation imposed on Chevron by the Ecuadorian courts as reflected in the aforementioned decisions (attached in Appendix 1) collectively.

    b. Ecuador Trust: "FIDEICOMISO MERCANTIL DE ADMINISTRACIÓN DE FLUJOS ADAT," created 1 March 2012 in Quito, Ecuador, pursuant to instructions in the Ecuador Judgments, in which the individual claimants in the *Aguinda* case placed the entirety of their interest in trust for the implementation of remediation and payment of related expenses, naming the Frente de Defensa de la Amazonia (FDA) as the sole beneficiary. Attached in Appendix 1.

2. Parties and Agents:

    a. "FDA": Frente de Defensa de la Amazonia

    b. "Trust Board President": Mr. Ermel Gabriel Chávez  Parra, duly appointed President of the Board of the Ecuador Trust.

    c. "Ecuador Parties": The FDA and the Trust Board President.

    d. "Canadian Counsel": Lenczner Slaght Royce Smith Griffin LLP.

    e. "Funder": As identified in Appendix 2, in the possession of Canadian Counsel.

    f. "U.S. Representative": As identified in Appendix 2, in the possession of Canadian Counsel.

3. Grant of Interest:

1

a. <u>Grant</u>: The FDA and the Trust President hereby grant the Funder an Interest ("<u>Funder's Interest</u>") of 0.110% of the total amount of the Ecuador Judgment and the Ecuador Judgment Gross Proceeds (defined below) as further set forth herein.

b. <u>Definition of Ecuador Judgment Gross Proceeds</u>: "<u>Ecuador Judgment Gross Proceeds</u>" means the total amount of any and all funds actually collected by the Ecuador Parties or any of their agents or related parties related to the Ecuador Judgment, including, without limitation, any settlement monies paid by Chevron; any judicial orders obtained by claimants against Chevron that result in the recovery of funds, non-monetary assets, or anything of value; the 10% Award to the FDA; any post-judgment interest payments or penalties awarded by the Canadian courts or any court, and any additional award of fees or expenses by the Ecuadorian, Canadian, or any other court.  Ecuador Judgment Gross Proceeds includes, without limitation, any interest payments on the pending judgment, fees, penalties, and the 10% Award.

4. <u>Ecuador Parties' Guarantee of Obligations</u>:  The FDA warrants that it is the sole beneficiary of the Ecuador Judgment in trust and FDA hereby irrevocably warrants that the Funder is legally entitled to receive, and will receive, its Interest in accordance with this Agreement.  Other than the Parties to this Agreement, as defined above, the Funder will have no obligations to third parties.  Notwithstanding that the Ecuador Parties acknowledge that over the course of the litigation against Chevron, they have entered into various contracts with funders, lawyers, and other service providers (including the Priority Existing Equity Holders identified by the Ecuador Parties in Appendix 3 to this Agreement and the Distribution Escrow Agreement), which also provide a grant of interest in the Ecuador Judgment Gross Proceeds, the Ecuador Parties guarantee to the Funder that the Funder's Interest does not infringe directly and/or indirectly on those contracts and that its Interest will absolutely be honored out of the Gross Proceeds recovered.

5. <u>Co-ownership of Ecuador Judgment</u>:  As per this Agreement, the Funder will be a co-owner of the Ecuador Judgment up to the amount of his Interest in the Judgment.  The Funder will not have the independent power to enforce his ownership Interest against Chevron or its subsidiaries. The Ecuador Parties, together with the *Aguinda* claimants and the communities affected by Chevron's contamination, retain ultimate authority over settlement and disposition of the dispute.

6. <u>Investment Deemed to be Made</u>:  Once Funder transfers and clears the full amount of the investment to the Funding Escrow Account, the investment will have been deemed to be made and the Funder will be absolutely and irrevocably entitled to the Funder's Interest as defined above and will immediately become the co-owner of the Ecuador Judgment as also defined above, subject only to the conditions and limitations outlined herein.

7. <u>Agreements of Ecuador Parties</u>:  The Ecuador Parties hereby agree with Funder as follows:

a. <u>Settlement Process</u>:  The FDA will lead the establishment of a Settlement Oversight Committee to facilitate and advise on any settlement opportunities.

2

Members will include Canadian Counsel, two representatives appointed by the FDA, and the U.S. Representative.

b.  Additional Representations: The Ecuador Parties hereby represent, warrant and confirm that:

    i.  they have (A) full power and authority to enter into and perform their obligations under this Agreement, (B) duly authorised the execution, delivery and performance of their obligations under this Agreement, and (C) obtained all necessary registrations, consents and approvals related to their execution, delivery and performance of their obligations under this Agreement;

    ii.  the execution and the delivery of this Agreement does not in any way contravene any laws, rulings, or public policies whether in Ecuador or Canada, nor contravene any of the Ecuador Parties' constituent or other governing documents or another contracts, commitments, or obligations of the Ecuador Parties or their affiliates or representatives (on their behalf) with any third parties; and

c.  The Ecuador Parties agree and confirm that upon the receipt of the Ecuador Judgment Gross Proceeds the Funder will be entitled to and will receive promptly the Funder's Interest in accordance with the "Grant of Interest" provision of this Agreement.

d.  Escrow Agent Provisions:

    i.  The Ecuador Parties irrevocably authorize Canadian Counsel to be the Exclusive Distribution Escrow Agent to collect any of the Ecuador Judgment Gross Proceeds and to distribute said proceeds in accordance with this Agreement.

    ii.  Canadian Counsel hereby confirms that the execution and the delivery of this Agreement does not contravene any laws, rulings and public policies in Canada.

    iii.  The Canadian Counsel confirms, as the Exclusive Distribution Escrow Agent, that upon collection of any of the Ecuador Judgment Gross Proceeds, the Funder will receive the Funder's Interest in accordance with this Agreement and in accordance with the Distribution Escrow Agreement (defined below) that shall be approved and executed by the Funder and the Ecuador Parties no later than three (3) weeks from the Notice to Fund.

8.  Conditions to Requirement to Transfer Funds: The investment will be in the amount of $200,000. The Funder shall cause an amount equal to $200,000 in connection with this Agreement to be paid to Canadian Counsel to hold in escrow until use pursuant to paragraph 12 of this Agreement. The transfer of the investment by the Funder is subject to: (i) the Notice to Fund; (ii) delivery of a certificate by the Ecuador Parties certifying that

3

RIZ00006605

this Agreement has been approved by the FDA Executive Committee the Trust, and each other governing body of an Ecuador Party and that all other representations and warranties made by the Ecuador Parties made in or incorporated into this Agreement remain true, correct and complete as of the date of the funding; and (iii) confirmation given by Canadian Counsel as articulated in this Agreement.

9. Escrow Accounts: Two escrow accounts will be created by Canadian Counsel, as follows:

   a. The first escrow account ("Funding Escrow Account") will be created by Canadian Counsel to hold investment monies transferred under this Agreement in escrow to be distributed per the instructions of the U.S. Representative, the Funder, and a representative to be appointed by the FDA. Upon due consultation, final authority over distribution of said funds will rest with the U.S. Representative.

   b. The second escrow account ("Distribution Escrow Account") will be created by Canadian Counsel to collect the Ecuador Judgment Gross Proceeds and distribute said proceeds to satisfy the Funder's Interest and other equity holders as set forth above and then distribute funds to the Ecuador Trust for environmental remediation and/or to otherwise implement the remediation ordered by the Ecuador Judgment.

10. No Further Funding Requirement: Canadian Counsel, the Ecuador Parties, and the US Representative hereby confirm to the Funder that upon the Investment being made, under no circumstances, will there be a requirement for further funding from the Funder in order to conclude all of the procedures in Canada related to the enforcement of the Ecuador Judgment and the collection of the Ecuador Judgment Gross Proceeds.

11. Use of funds: From time to time, and in order to determine how the Investment will be spent, a budget shall be agreed upon and approved by the US Representative and the Funder, with the US Representative having final authority in the event of a conflict. The Investment shall be used to fund litigation and other expenses dedicated to securing collection of the Ecuador Judgment in Canada and other jurisdictions as may be determined.

12. Obligations of the Funder: Once the Funder has made its investment, the Funder will be under no other obligation whatsoever as per this Agreement.

13. No Dilution: The Funder will not be subject to any dilution of Funder's Interest as defined above.

14. No responsibility for environmental remediation: The Funder will have no responsibility whatsoever for environmental remediation in the area of Ecuador affected by the Ecuador Judgment.

15. Obligations towards the Funder: The Ecuador Parties hereby irrevocably warrant that all obligations towards the Funder will be satisfied in accordance with this Agreement and the Distribution Escrow Agreement prior to any distributions to the Ecuador Parties, the Ecuador Trust, or any Claimants, based on its Interest in the total amount collected from

4

RIZ00006606

the Ecuador Judgment Gross Proceeds by the Canadian Counsel or any other Counsel for and on behalf of the Ecuador Parties anywhere in the world.

16. <u>Partial Recovery in Non-Settlement Scenario</u>: To the extent the collection of funds from the Ecuador Judgment takes place without a settlement and on a partial or incremental basis, the Ecuador Parties hereby irrevocably warrant that the Funder (along with other Priority Existing Equity Holders as listed in Appendix 3) will be compensated a percentage of funds corresponding to their respective interests assuming a full recovery, prior to any payments to the Ecuador Parties or any other party or stake-holder receiving any interest with respect to such funds. Such payments shall be made forthwith upon receipt of any funds recovered under the terms of this Agreement.

17. <u>Collection of Judgment Funds Outside Canada</u>: Should any part of the Ecuador Judgment Gross Proceeds be collected from Chevron from any jurisdiction outside Canada, Canadian Counsel as the Exclusive Distribution Escrow Agent will collect and distribute any such funds to the Funder and any Priority Existing Equity Holders as listed in Appendix 3 in accordance with their respective interests and in accordance with the Distribution Escrow Agreement.

18. <u>Obligations of the FDA</u>: The FDA hereby irrevocably warrants that the full amount of its 10% award due under the judgment against Chevron plus any interest on the judgment collected in any enforcement jurisdiction, shall be used to guarantee full payment to the Funder and any Priority Existing Equity Holders as listed in Appendix 3 until all have fully received their Interests as per this Agreement and others referenced in the Appendix.

19. <u>Obligations of Canadian Counsel</u>: Canadian Counsel hereby accepts irrevocable instructions to adhere to all of the terms of this Agreement and will abide by those instructions.

20. <u>Binding and Irrevocable Authority of the FDA</u>: The signatory of the FDA to this Agreement (upon ratification of the FDA Executive Committee) affirms he has the authority to bind the organization.

21. <u>Instructions</u>: The FDA and its representatives will, in a timely fashion and as frequently as necessary, instruct the Canadian Counsel in Canada and other Counsels elsewhere involved in the collection of the Ecuador Judgment of the obligations under this Agreement, so that its terms will be effectuated forthwith upon collection of any funds under the Ecuador Judgment. In any event, the Ecuador Parties agree that any payments due to the Funder from any recovery under the Ecuador Judgment will be transferred in full within one week of the final receipt of any funds in accordance with this Agreement and the Distribution Escrow Agreement.

22. <u>Information</u>: Investor will be kept apprised on a regular basis of all material developments in the litigation and shall provide all documents or others information as are reasonably requested by Funder.

23. <u>Common Legal Interest</u>: The FDA, Trust and Funder have a "common legal interest" in the Claim, this Agreement and any discussion, evaluation and negotiation or other communications and exchanges of information relating thereto.

5

RIZ00006607

24. <u>Counterparts</u>: This Agreement may be signed in multiple counterparts. Each counterpart shall be considered an original instrument, but all of them in the aggregate shall constitute one Agreement.

25. <u>Confidentiality</u>: The Parties agree that the details of this Agreement, and all related communications, will be kept confidential as between the Parties and will not be divulged to third Parties.

26. <u>Conflict of Languages</u>: To the extent there is a conflict between the English and Spanish versions of this Agreement, the English version shall apply.

27. <u>Assignment</u>: This Agreement shall inure to the benefit of, and shall be binding upon the parties hereto and their respective assignees, transferees and successors-in-title or interest. References to the parties include their assignees, transferees and successors-in-title or interest, and shall include both corporate and unincorporated associations, partnerships, and individuals. Neither this Agreement, nor any rights, interests, obligations and duties arising hereunder may be assigned or conveyed; provided, however, that nothing in this agreement can be construed to block the Funder from assigning all or part of his interest to a member of his immediate family, or to a trust, pension plan or other entity for the benefit of the Funder or one or more individuals in his immediate family.

28. <u>Severability & Invalidity</u>: If any term or provision in this Agreement will in whole or in part be held to any extent to be illegal or unenforceable under any enactment or rule of law, that term or provision or part shall to that extent be deemed not to form part of this Agreement and the enforceability of the remainder of this Agreement will not be affected.

29. <u>Other Third-party commitments</u>: The Parties warrant to each other that the execution and the delivery of this Agreement are not against any commitments, contracts and / or other obligations that they have with other third Parties.

30. <u>Authority</u>: Canadian Counsel confirms that the undersigned representatives of the FDA and the Ecuador Trust have the authority to enter into this Agreement and to provide the assurances contained in this Agreement.

31. <u>Entire Agreement</u>: This Agreement shall constitute the entire agreement between the parties hereto, and shall supersede all prior agreements, understandings and negotiations between the parties with respect to the subject matter of this Agreement.

32. <u>Governing law</u>: This Agreement shall be governed by the law of Ontario, Canada. The courts of Ontario shall have exclusive jurisdiction to hear any claim or dispute related to this Agreement.

6

RIZ00006608

DATED: 24/08/2016 _____    _Carlos Guaman_

Carlos Guaman Gaibor
President, FDA

DATED: 24/08/2016 _____    _Ermel Gabriel Chávez Parra_

Ermel Gabriel Chávez Parra
BOARD PRESIDENT, ECUADOR TRUST

DATED: 10-7-16 _____    _Solicitor Manager_

FUNDER  WOLLEBCK PARTNERS, LLC

**SIGN HERE**

DATED: _____

Alan Lenczner
Lenczner Slaght Royce Smith Griffin LLP
*All Instructions Acknowledged and Accepted*

7

RIZ00006609

## APPENDIX 2

### Ecuador Judgment Investment Agreement

WHEREAS an Investment Agreement for the investment of $200,000 to help fund the collection of the Ecuador Judgment against Chevron Corp. and/or its subsidiaries was agreed to August 24, 2016, by and between, on the one hand, the Frente de Defensa de la Amazonia ("FDA"), in its capacity as both the exclusive interest-holder of the 10% award made by the Ecuador Judgment under Ecuador's Environmental Management Law and the beneficiary of the environmental remediation award and related awards under the Ecuador Judgment and the Ecuador Trust, and the President of the Board of the Ecuador Trust, and on the other hand, the Funder, as set forth herein;

WITH REFERENCE TO that Investment Agreement, the following terms shall apply to its understanding and interpretation as if such terms were incorporated expressly into that Agreement and made a part thereof:

1. <u>Funder</u> means:

   Wellbeck Partners, LLC
   Jay L. Goldstein, Esq., Manager
   c/o Berkowitz, Trager & Trager, LLC
   8 Wright Street
   Westport, CT 06880

2. <u>U.S. Representative</u> means:

   Steven R. Donziger
   245 W. 104th St., #7D
   New York, New York 10025.

### DISTRIBUTION APPENDIX
### (APPENDIX 3)

This is Appendix 3 referred to in the **Ecuador Judgment Investment Agreement**, dated as of August 24, 2016 among the Funder (as identified in such agreement) to help fund the collection of the Ecuador Judgment (as defined in such agreement) against Chevron and/or its subsidiaries, by the Frente de Defensa de la Amazonía ("FDA"), in its capacity as both the exclusive interest-holder of the 10% award made by the Ecuador Judgment under Ecuador's Environmental Management Law and the beneficiary of the environmental remediation award and related awards under the Ecuador Judgment and the Ecuador Trust (defined in such agreement), together with the President of the Board of the Ecuador Trust (defined in such agreement). In accordance with and subject to the terms and of Section 4 of such agreement, the FDA identifies that it has previously allocated the following interests:

| Name | Interest† |
|---|---|
| Funder I | 0.125% |
| Funder II | 0.050% |
| Funder IV | 0.110% |
| Funder V | 0.165% |

*† Percentage of Ecuador Judgment Gross Proceeds*

1 / 2

RIZ00006611

DISTRIBUTION APPENDIX | APPENDIX 3

DATED: 16 - 09 - 2016

_____
Carlos Guaman Gaibor
President, FDA

DATED: 16-09-2016

_____
Esmel Gabriel Chavez Parsa
President of the Board, ECUADOR TRUST

DATED: _____

_____
Alan Lenczner
Lenczner Slaght Royce Smith Griffin LLP
*Acknowledged and Accepted*

2 / 2

RIZ00006612