```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CHEVRON CORPORATION,                           :
                                               :      11 Civ. 691 (LAK) (RWL)
                        Plaintiff,             :
                                               :
         - against -                           :      ORDER ON FEES PAYABLE
                                               :      TO NON-PARTIES JOSHUA
STEVEN DONZIGER, et al.                        :      RIZACK AND THE RISING
                                               :      GROUP CONSULTING, INC.
                        Defendants.            :
---------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This Order resolves the motion of non-parties Joshua Rizack and The Rising Group Consulting, Inc. (collectively "Rizack"), pursuant to Fed. R. Civ. P. 45(d), for payment of reasonable attorneys' fees and costs incurred by Rizack in complying with the third-party subpoena served on him by Plaintiff Chevron (the "Subpoena"). The Court previously issued an order dated January 6, 2020, awarding Rizack reasonable attorneys' fees and costs in complying with the Subpoena from December 3, 2019 forward (the "First Fee Order").[1]  (Dkt. 2438.)  The First Fee Order provided that Rizack could renew at a later time his application for fees and costs incurred prior to December 3, 2019.  Rizack has done so.  (Dkt. 2470.)  The Court has considered all relevant submissions, including sur-replies filed as recently as May 12, 2020.

The amount of fees and costs incurred in connection with the Subpoena – several hundred thousand dollars – are substantial for a third-party subpoena.  That is primarily due to Chevron's aggressive litigation efforts and its insistence on, and extensive

---

[1] December 3, 2019 is when Rizack first filed his motion for attorneys' fees and costs.

1

negotiation and implementation of, an intensive protocol for retrieving and searching electronic documents similar to that applied to the defendant in this case (Dkt. 2362, the "Protocol").

Chevron, a large, multinational corporation, has placed a hefty burden on Rizack, an individual non-party.  Perhaps recognizing the unreasonableness of refusing to cover any of Rizack's costs, Chevron agreed to pay some, including those for Rizack to retain a forensic data recovery expert (approved by Chevron) and, more recently, legal costs of first-level document review.  Chevron's principal argument as to why Rizack should not receive additional fees and costs, however, is that Rizack allegedly obstructed Chevron's discovery efforts, purposefully deleted documents, and testified untruthfully at his deposition.  Chevron's attempt to portray Rizack as a dissembler based on his discovery lapses falls flat.  While unrepresented, Rizack produced documents multiple times and submitted to two depositions.[2]  His efforts to comply with burdensome demands were forthcoming, particularly for an unrepresented individual.  Because Rizack was unrepresented, it is understandable that his early efforts to comply were less than perfect. And Chevron's theory that Rizack intentionally deleted incriminating documents concerning Donziger and himself, or withheld responsive documents at Donziger's direction, remains speculative and unsubstantiated.[3]

---

[2] Rizack's receipt of informal advice from a lawyer friend during that time cannot be equated with Rizack's later retention of litigation counsel as Chevron would have it.

[3] Chevron also portrays Rizack as an interested non-party, a factor weighing against cost shifting.  But Rizack has no interest in this case, which is about Chevron's efforts to collect on its RICO judgment against Donziger.  To be sure, Rizack has a direct connection with Donziger, having performed work for him in the underlying Ecuadorian litigation that the Court found to have been fraudulently obtained by Donziger.  But Rizack is not a named defendant or co-conspirator in any related proceeding, and he recently assigned to

Nor is the Court persuaded by Chevron's arguments that fees and costs incurred by Rizack should not be reimbursed to the extent they were incurred by Rizack in resisting the subpoena. Again, as an unrepresented non-party, Rizack sought to comply with the subpoena. Ultimately, Rizack was compelled to retain counsel to protect his rights. And Rizack's resistance, while represented, to a protocol that would have essentially removed his attorney from the review of Rizack's own documents is a problem of Chevron's own making.

Chevron also takes an unduly restrictive view of the term "compliance." The Court includes within that term all costs and fees incurred by Rizack in connection with the Subpoena, Chevron's motion to compel to produce mirror images of electronic devices for inspection (Dkt. 2265), the negotiation and implementation of the Protocol (Dkt. 2362), and motion for payment of attorneys' fees and costs in connection with the Subpoena (Dkt. 2402 and 2470.).

Fees and costs must, of course, be reasonable. The Court has reviewed the billing records, fee information provided by Rizack's counsel and forensic expert, and other relevant evidence, with due consideration for the relevant factors.[4]

---

Chevron his .25% interest in the judgment from the Ecuadorian litigation. And even if Rizack were deemed an interested non-party in some respects, that interest is far outweighed by other factors, such as the parties' relative ability to fund compliance with the Subpoena, and Chevron's challenging virtually every aspect of Rizack's attempts to protect his rights.

[4] An attorneys' fee award is based on a "presumptively reasonable fee," which is calculated by multiplying "a reasonable hourly rate by the reasonable number of hours expended on the case." *Sandoval v. Materia Bros. Inc.,* No. 11 Civ. 4250, 2013 WL 1767748, at *3 (S.D.N.Y. March 5, 2013) (quoting *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, 522 F.3d 182, 189-90 (2d Cir. 2008)). Determining a reasonable hourly rate involves "a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel," which may include "judicial notice of the rates awarded in prior cases and the court's own

In light of the foregoing, the Court awards fees and costs as follows:

1. Chevron shall pay the attorneys' fees and costs incurred by Rizack prior to December 3, 2013 expended in connection with the Subpoena, including but not limited to negotiation, review and implementation of the Protocol, any motions filed by Chevron or Rizack in connection with the Subpoena or Protocol, and the motions filed by Rizack for recovery of attorneys' fees and costs. To be clear, Chevron remains obligated to also pay the fees and costs incurred by Rizack from December 3, 2019 forward, as previously ordered in the First Fee Order. Chevron shall also pay all costs incurred by Rizack's forensic expert, Crypsis Group, in attempting to collect fees and costs from Chevron.

2. The fees and costs incurred by Rizack, including but not limited to those of counsel Carlton Fields, P.A. and forensic expert Crypsis Group, are reasonable. The only charges that Chevron shall not be required to pay are those for (a) reviewing and discussing the contempt order against Aaron Marr Page, and (b) discussing, studying, communicating about, and implementing assignment of Rizack's .25% interest in the Ecuador judgment to Chevron.

---

familiarity with the rates prevailing in the district." *Farbotko v. Clinton County*, 433 F.3d 204, 209 (2d Cir. 2005). After establishing the appropriate hourly rate, a court determines how much time was reasonably expended in order to arrive at the presumptively reasonable fee. "The relevant issue ... is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992). A court should exclude from the lodestar calculation "excessive, redundant or otherwise unnecessary hours." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999). The Court has followed this analysis in determining the reasonable fee and cost award to be paid by Chevron. Among other things, a review of the monthly billing records shows that Rizack's counsel staffed this matter leanly and conducted it efficiently.

3. By June 2, 2020, Rizack and Crypsis Group shall provide Chevron with revised invoices for fees and costs reflecting deduction of the charges identified in the previous paragraph. Chevron shall pay the awarded fees and costs no later than June 30, 2020.

4. To the extent not discussed herein, the Court has considered all other arguments raised by Chevron and finds them to be without merit.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: May 13, 2020
      New York, New York

Copies transmitted to all counsel of record.