UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    -versus-

STEVEN DONZIGER,

        Defendant.

19-CR-561 (LAP)
11-CV-691 (LAK)

ORDER

LORETTA A. PRESKA, SENIOR UNITED STATES DISTRICT JUDGE:

    Before the Court are Mr. Donziger's letters asking the Court to reconsider its August 17 order (dkt. no. 124) declining to postpone the long-set September 9 trial date in this case. (Dkt. nos. 130, 132.)  Those motions are denied.

    "The standard for granting motions for reconsideration is strict, and a court may grant reconsideration only where the moving party demonstrates an 'intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  United States v. Alvarez-Estevez, No. 13 Cr. 380 (JFK), 2014 WL 12681364, at *1 (S.D.N.Y. Nov. 6, 2014).  Under Local Criminal Rule 49.1(d), the party seeking reconsideration must "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked."  Local Crim. Rule 49.1(d)(1).  "Where a motion restates arguments already presented or attempts to

1

advance new facts, however, 'the motion for reconsideration must be denied.'" Alvarez-Estevez, 2014 WL 12681364, at *1.

In his letters requesting reconsideration, Mr. Donziger identifies no facts[1] or law that the Court overlooked and simply rehashes the same points raised and rejected in his motion to continue the trial date. Reconsideration is therefore denied.

Even if the Court were to reconsider, however, the parties' submissions add even more grist to the Court's decision to start trial on September 9 as long scheduled. For example, while Mr. Donziger asserts that criminal trials are not being held "really anywhere in the country" because of the COVID-19 pandemic and that requiring his out-of-state lawyers to travel to New York City is not "the reasonable thing" to do (dkt. no. 132 at 2),

---

[1] This afternoon at 3:57 p.m., Martin Garbus (one of the four lawyers who undertook to represent Mr. Donziger after his original attorney, Andrew Frisch, was allowed to withdraw on the condition that his withdrawal would "not affect the trial date") sent an email to chambers saying that although he professes to be "essential to [Mr. Donziger's] defense in [this] matter," he is unwilling to travel to New York and reportedly unable to gain remote video access for the trial and thus objects to the trial's proceeding as long scheduled, including before Mr. Garbus appeared. This does not change the Court's view that, for the reasons set out in its August 24 order (dkt. no. 138), the trial shall proceed as long scheduled. If anything, it underscores that Mr. Donziger's counsel's collective actions are yet a further attempt to delay the trial. Accordingly, Mr. Frisch again is notified that if Mr. Donziger's present lawyers are for any reason -- their refusal to travel, failure of Mr. Donziger to waive any conflicts the Court might find to exist, or any other reason -- not prepared to try the case as scheduled on September 9, the condition of Mr. Frisch's discharge will have failed, and therefore he shall try the case.

2

the Government notes that criminal trials -- both bench and jury -- have taken place in federal and state court over the past few weeks, and that in one trial set to begin on September 14 in the Northern District of Illinois, the lawyers and defendants will be flying into Chicago from New York and abroad.  (See dkt. no. 142 at 1-2.)[2]  Additionally, while one of Mr. Donziger's lawyers, Richard Friedman, voices concerns about the health risks posed by air travel during the COVID-19 pandemic, he does not dispute that he traveled to Mexico once in May and once in July in pandemic conditions.  (See id. at 2; dkt. no. 144.)  Given Mr. Friedman's apparent willingness to travel internationally -- twice -- during the pandemic, it ill-becomes him now to invoke concerns about air travel as a reason for delaying Mr. Donziger's trial.[3]

---

[2]   Here in the Southern District of New York, a remote patent bench trial was held before Chief Judge Colleen McMahon in July, and a civil ERISA jury trial is set to begin before Judge P. Kevin Castel in late September.  See Ferring Pharm. Inc. v. Serenity Pharm., LLC, No. 17 Civ. 9922 (CM) (S.D.N.Y.); Cunningham v. Cornell Univ., No. 16 Civ. 6525 (PKC) (S.D.N.Y.).  As the Court previously noted in its decision denying Mr. Donziger's continuance motion, the current COVID-19 situation in New York City complicates trials but does not mean that they cannot or should not go forward -- even in civil cases and even in criminal misdemeanor cases, like this one.  (See dkt. no. 124.)

[3]   As the Government notes in its letter, one of its witnesses has already flown from California to New York and is now in quarantine in anticipation of trial. (Dkt. no. 142 at 2.)

For the foregoing reasons, Mr. Donziger's motions for reconsideration (dkt. nos. 130, 132) are DENIED.

**SO ORDERED.**

Dated: August 26, 2020
       New York, New York

_____
LORETTA A. PRESKA, U.S.D.J.

4