UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      -versus-

STEVEN DONZIGER,

           Defendant.

19-CR-561 (LAP)
11-CV-691 (LAP)

ORDER

---

LORETTA A. PRESKA, SENIOR UNITED STATES DISTRICT JUDGE:

Before the Court is Mr. Donziger's motion for a jury trial.
(Dkt. no. 143.)  For the reasons set forth below, the motion is
DENIED, and Mr. Donziger's trial will be by the Court.

### I.    Background[1]

This is not Mr. Donziger's first request for a jury trial.
On February 27, 2020, he filed an omnibus pretrial motion in
which he asked the Court to empanel a jury if a judge from the
Southern District of New York were to preside over his case.
(Dkt. no. 60 at 16-17.)  In an order dated May 7, 2020, the
Court denied that motion, reasoning as follows:

> [Mr. Donziger] does not dispute . . . that contempt
> defendants charged under 18 U.S.C. § 401 are not
> entitled to a jury trial when the possible punishment
> does not exceed six-months' incarceration or a $5,000
> fine.  There is no reason to depart from that rule
> here.  If the Court concludes before trial that, in
> the event of a conviction, it would not impose a

---

[1]     The Court assumes the parties' familiarity with the facts
of the case and only includes details as needed to resolve the
instant motion.

> sentence above the six-month or $5,000 thresholds, Mr.
> Donziger will receive a bench trial.  Mr. Donziger's
> request for a jury trial is therefore denied subject
> to renewal pending the Court's determination of the
> potential sentencing and fine range.

(Dkt. no. 68 at 9-10 (citations omitted).)

Following entry of that order, the Court invited the

parties to address a number of open issues, including "whether

they wish[ed] to be heard further about the potential sentence

and fine if Mr. Donziger is convicted," as that issue would bear

on whether Mr. Donziger was entitled to a jury trial.  (See dkt.

no. 69.)  Defense counsel submitted a response asking "that the

Court advise Mr. Donziger of the maximum sentence and fine that

he faces" and reiterating "Mr. Donziger's view that he is

entitled to a jury . . . even if the maximum possible sentence

is six months."  (Dkt. no. 73 at 1.)

On May 18, 2020, the Court held a pretrial conference at

which it ruled that Mr. Donziger's possible sentence would not

exceed six-months' imprisonment or a $5,000 fine and that, given

the sentencing cap, Mr. Donziger would receive a bench trial:

> [T]he Court has reviewed the parties' submissions on
> the topic of possible punishment, and although 18,
> U.S.C. Section 401 does not prescribe any maximum
> penalty, a review of the cases, particularly United
> States v. Cutler, 796 F. Supp. 710 (E.D.N.Y. 1992),
> persuades the Court that, if convicted, [Mr. Donziger]
> should be sentenced to no more than six months'
> imprisonment or a $5,000 fine.  Accordingly, trial
> will be by the Court.

(Dkt. no. 87 at 5-6.)

Mr. Donziger never moved for reconsideration of that order and never signaled that he planned to challenge the Court's bench trial ruling.  Indeed, with the exception of the instant motion, all of Mr. Donziger's submissions have treated the bench vs. jury trial issue as settled.  (See, e.g., dkt. no. 110 at 1 (opposing the Government's motion in limine on grounds that such motions "are primarily designed to prevent the jury from hearing prejudicial evidence or argument," a "consideration [that] does not exist here" (emphasis added)).)  Nevertheless, Mr. Donziger has filed the motion for a jury trial now before the Court.

## II.  Discussion

Mr. Donziger's motion raises two arguments.  First, he contends that he has a statutory right to a jury trial under 18 U.S.C. §§ 402 and 3691 because the accusations in Counts I and II of the charging instrument purportedly constitute obstruction of justice in violation of 18 U.S.C. § 1503.  (Dkt. nos. 143 at 6-7 & 160 at 4-11.)  Second, he contends that the Constitution guarantees him a jury trial because the charges against him cannot properly be classified as "petty" offenses.  (Dkt. nos. 143 at 7-6 & 160 at 12-15.)  Both arguments fail.

### a.  Jury Trial Under 18 U.S.C. §§ 402 and 3691

Mr. Donziger's first argument relies on 18 U.S.C. §§ 402 and 3691, which operate in tandem to give contempt defendants

the right to a jury trial when their allegedly contemptuous

conduct also "constitute[s]" an independent criminal offense.

18 U.S.C. §§ 402, 3691;[2] see also, e.g., United States v. Pyle,

518 F. Supp. 139, 146 (E.D. Pa. 1981) ("[Sections] 402 and 3691

. . . creat[e] a right to a jury trial in favor of a person

charged with criminal contempt . . . where the conduct

constituting the contempt charged also happens to constitute a

federal or state criminal offense.")  Mr. Donziger argues that

---

[2]     Section 402, captioned "Contempts constituting crimes,"
provides in relevant part:

> Any person . . . willfully disobeying any lawful writ,
> process, order, rule, decree, or command of any
> district court . . . by doing any act or thing
> therein, or thereby forbidden, if the act or thing so
> done be of such character as to constitute also a
> criminal offense under any statute of the United
> States or under the laws of any State in which the act
> was committed, shall be prosecuted for such contempt
> as provided in [18 U.S.C. § 3691] . . . .

18 U.S.C. § 402 (emphasis added).

In turn, § 3691, captioned "Jury trial of criminal
contempts," provides in relevant part:

> Whenever a contempt charged shall consist in willful
> disobedience of any lawful writ, process, order, rule,
> decree, or command of any district court . . . by
> doing or omitting any act or thing in violation
> thereof, and the act or thing done or omitted also
> constitutes a criminal offense under any Act of
> Congress, or under the laws of any state in which it
> was done or omitted, the accused, upon demand
> therefor, shall be entitled to trial by a jury . . . .

18 U.S.C. § 3691 (emphasis added).

§§ 403 and 3691 give him the right to a jury trial because the "alleged conduct underlying Counts I and II of [the] contempt charges 'constitute[s]' criminal obstruction of justice."  (See dkt. nos. 143-1 at 6, 160 at 5.)  The Court disagrees.

The federal obstruction of justice statute, 18 U.S.C. § 1503, prohibits "endeavor[ing]" to "influence[], obstruct[], or impede[] the due administration of justice."  18 U.S.C. § 1503; see also United States v. Rosner, 352 F. Supp. 915, 918 (S.D.N.Y. 1972) (stating that § 1503 is "designed to meet any corrupt conduct in an endeavor to obstruct or interfere with the due administration of justice" (quoting United States v. Solow, 138 F. Supp. 812 (S.D.N.Y. 1956)).  To convict for obstruction of justice under § 1503, the Government must make a mens rea showing "that the defendant corruptly intended to impede the administration of [the] judicial proceeding."  United States v. Quattrone, 441 F.3d 153, 170 (2d Cir. 2006) (quoting United States v. Fassnacht, 332 F.3 440, 447 (7th Cir. 2003)).

Here, the alleged conduct underlying Counts I and II does not violate 18 U.S.C. § 1503 because, at a minimum, it does not satisfy the mens rea requirement.  Those counts accuse Mr. Donziger of "knowingly and willfully" failing to comply with court orders, not of "corruptly intending" to obstruct or impede the judicial proceeding.  (See dkt. no. 1 at ¶¶ 1-6.)  The Court acknowledges that when a party refuses to follow a court order,

5

he or she is arguably gumming up the smooth administration of
justice to one degree or another.  That assessment is perhaps
reflected in some of the statements Judge Kaplan made about Mr.
Donziger's alleged contempts, including that Mr. Donziger was
"acting to 'prevent enforcement of the money judgment against
him and to frustrate efforts to determine whether he is
violating the injunction.'"  (See dkt. no. 160 at 7.)  This does
not mean, however, that every act of disobedience that elicits a
contempt charge constitutes obstruction of justice under 18
U.S.C. § 1503 or that all such alleged contemnors are
automatically entitled to a jury trial.  The obstruction of
justice statute requires more than mere intent to disobey an
order; it requires "corrupt" intent, something not alleged here.
See Quattrone, 441 F.3d at 170 ("As used in the statute, the
word corruptly is 'normally associated with wrongful, immoral,
depraved, or evil.'").  Indeed, the obstruction of justice cases
Mr. Donziger cites in his brief, all of which involved an
intentionally deceptive act, make clear that his case is not in
the same class.  See, e.g., United States v. Bonanno, 177 F.
Supp. 106 (S.D.N.Y. 1959) (defendants concealed information);
United States v. Cohn, 452 F.2d 881 (2d Cir. 1971) (same).
Because the Court finds that Mr. Donziger's alleged contempt
does not constitute criminal obstruction of justice, 18 U.S.C.
§§ 402 and 3691 do not give him a right to a jury trial.

6

### b. <u>Constitutional Right to Jury Trial</u>

Mr. Donziger is also incorrect in arguing that the he has a constitutional right to a jury trial.  While the Sixth Amendment states in broad terms that defendants shall have a right to a trial by jury "in all criminal prosecutions," U.S. Const. amend. VI, a long line of precedent holds that "petty" offenses -- including criminal contempt charges in which the defendant faces under six months' incarceration -- do not automatically require a jury trial.  <u>See</u> <u>United States v. Twentieth Century Fox Film Corp.</u>, 882 F.2d 656, 661-62 (2d Cir. 1989) (citing <u>Frank v. United States</u>, 395 U.S. 147, 148 (1969)).

As one illustrative example, <u>United States v. Agajanian</u>, 852 F.2d 56 (2d Cir. 1988) involved an attorney convicted after a bench trial on criminal contempt charges under 18 U.S.C. § 401, the statute under which Mr. Donziger is charged.  The Court of Appeals addressed the defendant's argument that he should have received a jury trial as follows:

> Agajanian's first argument on appeal is that he was entitled to a jury trial on the contempt charges. However, trial by jury is not guaranteed when a defendant is charged with a petty offense.  <u>Taylor v. Hayes</u>, 418 U.S. 488, 495, 94 S.Ct. 2697, 2701-02, 41 L.Ed.2d 897 (1974).  We previously have held "that a criminal contempt can be deemed a petty offense when the penalty authorized for it does not exceed six months' imprisonment."  <u>Musidor, B.V. v. Great American Screen</u>, 658 F.2d 60, 65 (2d Cir.1981), cert. <u>denied</u>, 455 U.S. 944, 102 S.Ct. 1440, 71 L.Ed.2d 656 (1982); <u>see</u> <u>also</u> <u>Sassower v. Sheriff of Westchester County</u>, 824 F.2d 184, 188-89 (2d Cir.1987).  Section 401 does not fix a maximum penalty for violation.

> When a statute does not itself provide a maximum
> penalty, the court will look to the sentence actually
> imposed.  Bloom v. Illinois, 391 U.S. 194, 211, 88
> S.Ct. 1477, 1487-88, 20 L.Ed.2d 522 (1968); Musidor,
> 658 F.2d at 66.  Here the United States included in
> its order to show cause a provision that the sentence
> would not exceed six months.  The actual penalty that
> was imposed (three months), coupled with the notice to
> Agajanian that the maximum penalty sought was six
> months, see United States v. Marthaler, 571 F.2d 1104,
> 1105 (9th Cir.1978), makes it clear that Agajanian was
> not entitled to a jury trial.

Agajanian, 852 F.2d at 57-58.

Mr. Donziger's case presents a fact pattern that is functionally indistinguishable from Agajanian and that merits the same outcome.  As noted above, the Court already determined that if Mr. Donziger is convicted on the contempt charges, his sentence will not exceed six-months' imprisonment or a $5,000 fine.  (Dkt. no. 87 at 5-6.)  Given that cap on the potential punishment, this is a "petty" contempt case not subject to the Sixth Amendment's jury trial guarantee.[3]  Although Mr. Donziger invites the Court to consider a wide range of factors extraneous to his potential punishment in assessing whether he is charged with a "petty" or "serious" offense, he provides no compelling reason for the Court to apply a different set of rules in his

---

[3]     The Court cannot help but notice how dramatically Mr.
Donziger's position on whether the charges against him are
"petty" or "serious" shifts to suit his needs on a given day.
In his arguments on this motion, he vigorously argues that the
charged offenses are "serious," but in his motions for an
indefinite adjournment of the trial date, he argued with equal
vigor that this case involves only "petty" offense.  (See, e.g.,
dkt. nos. 111 at 3, 130 at 1, 132 at 2.)

case from those applied in Agajanian or in other similar

contempt actions.  The Court declines the invitation.[4]

    There is one last issue the Court must address.  As one of

his extraneous factors, Mr. Donziger argues that the secondary

effects of a contempt conviction on his ability to practice law

weigh in favor of treating his offense as "serious" rather than

"petty."  Mr. Donziger notes in this regard that he was recently

disbarred and that a contempt conviction might provide another

basis for disbarment.  (Dkt. no. 143-1 at 11-12.)  In support of

his argument, Mr. Donziger cites Blanton v. City of N. Las

Vegas, 489 U.S. 538 (1989), which states that district courts

should not focus exclusively on an offense's "maximum prison

---

[4]    Even if the Court were to consider Mr. Donziger's
extraneous factors -- which include, among other things, the
purported "moral opprobrium" of a contempt charge, that the
alleged contempt "arguably" constitutes obstruction of justice,
and that Mr. Donziger is in pretrial home confinement -- it would
not impact the Court's ruling on the jury trial issue.  For one,
the Court finds Mr. Donziger's characterization of the "moral
and social opprobrium" of the charges against him to be grossly
overstated, especially given Mr. Donziger's repeated insistence
that his alleged disobedience reflected "ethically-grounded"
advocacy and his emphasis that "this is a misdemeanor case,
where the 'crime' alleged is violating civil discovery orders."
(See, e.g., dkt. nos. 60 at 24 & 111 at 3.)  Second, as the
Court already found, Mr. Donziger's point that his alleged
conduct could be prosecuted as obstruction of justice is
misguided.  Lastly, Mr. Donziger's pretrial release conditions
do not indicate that his charges are "serious" for Sixth
Amendment purposes; they instead reflect the Court's assessment
that he is a flight risk given his ties to Ecuador, the strength
of the evidence, his past refusal to abide by court orders, and
the fact that he now faces possible incarceration.  (See, e.g.,
dkt. no. 18 at 27.)

term" in deciding whether the offense is "serious" or "petty,"
but should also take account of the "other penalties that [the
legislature] attaches to the offense."  Id. at 541 (finding that
penalties for driving under the influence of alcohol ("DUI"),
including, among other things, a prison term up to six months
and a driver's license suspension, were not so severe as to make
DUI a "serious" offense to which the jury trial right attaches).

The possibility that a contempt conviction might adversely
affect Mr. Donziger's disbarment case does not convert his
charges into "serious" offenses requiring a jury trial.  Unlike
in Blanton, which examined statutory penalties for the DUI
offense, the disbarment risk Mr. Donziger flags in his motion is
not a legislative sanction for a contempt conviction.  Indeed,
because criminal contempt in violation of 18 U.S.C. § 401 has no
statutorily prescribed penalties, the Supreme Court and Court of
Appeals have instructed that "the penalty actually imposed" --
which, as the Court already ruled, will in no event exceed six-
months in prison for Mr. Donziger -- is "the best evidence of the
seriousness of the offense."  Twentieth Century Fox Film Corp.,
882 F.2d at 662 (quoting Bloom v. Illinois, 391 U.S. 194, 211
(1968)).  Additionally, the parties cite multiple contempt cases
that, like this action, involved a lawyer as the defendant and a
potential sentence of under six months' incarceration.  Although
the same risk of potential disbarment that Mr. Donziger now

10

highlights was presumably at play in those cases, not one of them ruled that the contempt charges were "serious" such that the defendant was entitled to a jury trial.  There is no good reason for reaching an alternative outcome here.

### III. Conclusion[5]

For the foregoing reasons, Mr. Donziger's renewed motion for a trial by jury (dkt. no. 143) is <u>DENIED</u>.

**SO ORDERED.**

Dated:   September 3, 2020
         New York, New York

_Loretta A. Preska_
_____
LORETTA A. PRESKA, U.S.D.J.

---

[5]   To the extent they are not expressly addressed above, the Court has considered Mr. Donziger's remaining arguments and finds them unavailing.