UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    -versus-

STEVEN DONZIGER,

        Defendant.

19-CR-561 (LAP)
11-CV-691 (LAP)

ORDER

LORETTA A. PRESKA, SENIOR UNITED STATES DISTRICT JUDGE:

    Before the Court is Mr. Frisch's motion (dkt. no. 157) asking the Court to vacate its order directing him to appear as Mr. Donziger's counsel at trial set to begin next Wednesday. For the following reasons, Mr. Frisch's motion is GRANTED, and trial is continued to November 3.

**I. Background**

    Over the past few weeks, Mr. Donziger and his counsel have employed virtually every conceivable tactic to stop trial from starting as long-scheduled on September 9.  First they moved for a continuance, and, when the Court denied that motion, they moved for reconsideration.  (See dkt. nos. 111, 124, 130, 132.) Then at a Curcio hearing held after the Court declined to reconsider the continuance order, Mr. Donziger refused to waive potential conflicts of interest affecting two of his lawyers, Richard Friedman and Zoe Littlepage, even though he had known of the potential conflicts since Mr. Friedman and Ms. Littlepage

1

first appeared in this case and had never voiced any objection, even after the Government raised the issue in May.  (Dkt. nos. 145, 149.)[1]  Because Mr. Donziger refused to waive the potential conflict, the Court disqualified Mr. Friedman and Ms. Littlepage as counsel, which left Mr. Donziger with one lawyer, Martin Garbus, who refuses to attend trial in person, and another lawyer, Lauren Regan, who is purportedly not prepared to serve as lead counsel.  (See, e.g., dkt. no. 149.)

In that context, the Court ordered that "if Mr. Garbus or Ms. Regan decline to appear at trial or the circumstances of their appearance are unacceptable to Mr. Donziger or they are not in a position to act as lead counsel, Mr. Frisch will represent Mr. Donziger at trial commencing on September 9."  (Dkt. no. 149.)  Mr. Frisch had previously been Mr. Donziger's lead lawyer through most of this case but was permitted to withdraw on July 4 on the express condition that his withdrawal would "not affect the trial date."  (Dkt. no. 99.)  On September 2, Mr. Frisch filed the motion at issue here arguing that he cannot represent Mr. Donziger at trial on September 9 or on any

---

[1]  As previously noted, the Court took dim view of the motives behind Mr. Donziger's waiver decision and suspected it was yet another instance of gamesmanship.  (See dkt. no. 149 at 4-5.)  In light of the declaration Mr. Frisch submitted with the instant motion, in which Mr. Frisch states that he himself "had no reason to believe that Mr. Donziger would elect not to waive Mr. Friedman's potential conflict," the Court's view of Mr. Donziger's motives grows even dimmer. (See dkt. no. 157-2 ¶ 16.)

later date because "fundamental disagreements" have damaged their "relationship" and "ability to communicate" to a point "beyond repair." (Dkt. no. 157-2 ¶ 4.)

## II. Discussion

That we find ourselves in this situation is deeply disturbing, especially given the Court's view that it is largely the result of the machinations of Mr. Donziger and his legal team (not including Mr. Frisch). Regrettable as it is, the Court concludes that it must grant Mr. Frisch's motion and postpone the upcoming trial.

Whether to grant a motion to withdraw as counsel, which is how the Court construes Mr. Frisch's motion, "falls to the sound discretion of the trial court." Karimian v. Time Equities, Inc., 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011) (quoting Stair v. Calhoun, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010)). It is well-established that "[t]he existence of an irreconcilable conflict between attorney and client" like those articulated in Mr. Frisch's motion papers "is a proper basis for the attorney to cease representing his client." Id. (quoting United States v. Lawrence Aviation Industries, No. 06 Civ. 4818, 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011) (collecting cases).[2] The Court is mindful that in deciding a withdrawal motion, it must

---

[2] Although Mr. Frisch offers to submit a supplemental declaration with additional details regarding his differences with Mr. Donziger (see letter from H. Protass dated Sept. 4, 2020), the Court finds that no additional information is needed.

"also consider the posture of the case" and whether the withdrawal will "disrupt[]" the proceedings.  See id. at *3.  There is no question that Mr. Frisch's withdrawal will cause a major disruption to this case given that none of Mr. Donziger's other lawyers is willing to lead the defense at trial starting next week and a Government witness has already arrived in New York to quarantine for two weeks.  Nevertheless, having weighed the countervailing factors, the Court concludes that permitting Mr. Frisch to withdraw so that Mr. Donziger can have a trial lawyer with whom he is not at total loggerheads is the appropriate course.

Mr. Donziger has identified Ronald L. Kuby as a lawyer who can act as his lead counsel.  In a declaration dated August 25, Mr. Kuby informed that he will be in a position to try this case beginning on December 7, 2020.  (Dkt. no. 148-1.)  For the same reasons set forth in the orders denying Mr. Donziger's motions for a continuance, the Court will not delay trial for the three-month period Mr. Kuby requests.  Trial will begin on November 3, which is 70 days from the date of Mr. Kuby's declaration.  Cf. 18 U.S.C. § 3161(c) (requiring a criminal defendant's trial to begin within 70 days of his indictment or initial appearance).

### III. Conclusion

For the foregoing reasons, Mr. Frisch's motion to vacate (dkt. no. 157) is GRANTED, and trial is adjourned to November 3,

2020, at 10:00 a.m. in Courtroom 12A or such other courtroom as is designated. Counsel shall confer and inform the Court whether they wish to submit trial memoranda and/or proposed findings of fact and conclusions of law and, if so, when they propose to do so.

**SO ORDERED.**

Dated: September 4, 2020
       New York, New York

_____
LORETTA A. PRESKA, U.S.D.J.

5