```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------
 UNITED STATES OF AMERICA

         -against-                      19-CR-561 (LAP)
                                        11-CV-691 (LAK)
 STEVEN DONZIGER,
                                             ORDER
                  Defendant.
------------------------------------
```

LORETTA A. PRESKA, UNITED STATES DISTRICT JUDGE:

    Before the Court is Mr. Donziger's letter dated September 14, 2020 asking the Court to recuse itself. (Dkt. no. 171.) For the reasons set forth below, his request is DENIED.

I.    BACKGROUND

    This is Mr. Donziger's second motion to disqualify the Court. In the first one, filed last February, Mr. Donziger argued for recusal on grounds that Judge Kaplan had assigned this case directly to the undersigned instead of using a random assignment procedure and raised concerns that Judge Kaplan was improperly involving himself in this action and/or communicating with the Court. (Dkt. no. 60 at 15-16; dkt. no. 65 at 12-16.) In an order dated May 7, 2020, the Court denied Mr. Donziger's motion, holding that there was nothing inappropriate about the way Judge Kaplan assigned this case and that disqualification was unwarranted. (See dkt. no. 68 at 10-12 & n.3.)

    Now, six months later, in yet another attempt to derail his trial, Mr. Donziger has filed the instant motion supplementing

his earlier recusal arguments with some new ones.  As in the first go-around, Mr. Donziger contends that the Court must recuse itself in light of "the circumstances surrounding [its] acceptance of this case" from Judge Kaplan and Mr. Donziger's factually unsupported suspicion that Judge Kaplan is playing a "secretive role" in the case and covertly communicating with the Court and the Government.  (Dkt. no. 171 at 1-2.)  Mr. Donziger also argues that recusal is required because the Court has "mistreat[ed]" him and showed "[f]avoritism" to the Government, including by using the word "machinations" to describe aspects of Mr. Donziger's litigation strategy, imposing conditions on his pretrial release, and postponing trial to November 3, which is election day and earlier than Ronald Kuby (Mr. Donziger's counsel of choice who, the Court notes, has not yet filed a notice of appearance) would prefer.  (Id. at 3-4.)

II.  ANALYSIS

    Mr. Donziger's arguments fall into two primary buckets.  First there are the complaints about Judge Kaplan -- i.e., how he assigned this case to the undersigned and how he is allegedly conspiring behind the scenes with the prosecution and the Court against Mr. Donziger.  Then there is the grab bag of complaints about the Court's rulings and how the Court has purportedly treated Mr. Donziger unfairly.  None of these arguments provides a basis for disqualification.

As an initial matter, because Mr. Donziger's arguments about Judge Kaplan are just a repackaged version of the theories the Court previously rejected in denying Mr. Donziger's first recusal motion, the Court construes the renewed arguments as a motion for reconsideration. (See dkt. nos. 60, 68.) To prevail on such a motion, "the moving party [must] point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Mr. Donziger has not done that here. He identifies no facts or law that the Court ignored and simply elaborates on the same speculations the Court rejected months ago. Reconsideration is therefore unwarranted. See United States v. Lisi, No. 15 Cr. 457 (KPF), 2020 WL 1331955, at *2 (S.D.N.Y. Mar. 23, 2020) ("The Second Circuit has made clear that a motion for reconsideration 'is not a vehicle for litigating old issues, presenting the case under new theories . . . or otherwise taking a second bite at the apple.'").

Mr. Donziger's remaining arguments are equally meritless. Boiled down, Mr. Donziger's theory is that the Court must be biased against him because it has made multiple rulings that did not go his way, including, for example, its orders imposing conditions on his pretrial release and setting an earlier trial date than Mr. Donziger would like. (See Dkt. no. 171 at 3-4.)

It is black letter law, however, that a party's unhappiness with the judge's decisions is not a basis for recusal. See, e.g., Petrucelli v. United States, No. 14 Civ. 9310, 2015 WL 5439356, at *5 (S.D.N.Y. Sept. 15, 2015) ("A district judge's prior decisions adverse to a defendant do not merit recusal."); Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Instead, recusal for bias is only required when the district court determines that "a reasonable person, knowing all the facts, [would] conclude that the trial judge's impartiality could reasonably be questioned." United States v. Lovaglia, 954 F.2d 811, 815 (2d Cir 1992). Taking all the facts into account, even Mr. Donziger's recycled arguments regarding Judge Kaplan, no reasonable person would reach that conclusion here. Mr. Donziger's recusal motion therefore fails.

There is one last item the Court must address. As Mr. Donziger notes in his motion, the Court recently adjourned the start of trial to November 3, which happens to be election day. (See dkt. no. 168.) While Mr. Donziger characterizes this decision as an "attempt to diminish public scrutiny and media coverage of [the] bench trial" (dkt. no. 171 at 3), it was, in reality, a simple oversight. The Court calculated 70 days from August 25 (the date of Mr. Kuby's affidavit), which is the presumptive time from indictment to trial, see 18 U.S.C.

4

§ 3161(c)(1), and which led to November 3. Trial shall instead begin on Wednesday, November 4.

III. CONCLUSION

For the foregoing reasons, Mr. Donziger's motion to disqualify the Court (dkt. no. 171) is DENIED, and the start of trial is adjourned to November 4.

SO ORDERED.

Dated: September 16, 2020
       New York, New York

_____
LORETTA A. PRESKA, U.S.D.J.