# SEWARD & KISSEL LLP

ONE BATTERY PARK PLAZA
NEW YORK, NEW YORK  10004

TELEPHONE:  (212) 574-1200
FACSIMILE:  (212) 480-8421
WWW.SEWKIS.COM

RITA GLAVIN
PARTNER
(212) 574-1309
glavin@sewkis.com

901 K STREET, N.W.
WASHINGTON, DC  20005
TELEPHONE:  (202) 737-8833
FACSIMILE:  (202) 737-5184

October 21, 2020

**VIA ECF**
Hon. Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *United States v. Steven Donziger*, No. 19 Cr. 561 (LAP); 11 Civ. 691 (LAK)

Dear Judge Preska:

      We write on behalf of the United States in response to the defendant's October 18 and 20, 2020 letters regarding potential remote testimony by nine defense witnesses who are currently abroad: five in Ecuador, two in Spain, and two in Canada.[1]  *See* Dkts. 180, 182.  Without specific information by the defense as to the materiality of such witnesses' testimony and proposals to ensure reliability of their testimony the Government opposes such remote testimony at this time.

      As a preliminary matter, the defense has not made any showing to the Court as to the relevance and materiality of the testimony sought from these witnesses abroad, and how that testimony would further the interests of justice in this case.  *See United States v. Gigante*, 166 F.3d 75, 81 (2d Cir. 1999) ("Closed-circuit television should not be considered a commonplace substitute for in-court testimony by a witness . . . Upon a finding of exceptional circumstances . . . a trial court may allow a witness to testify via two-way closed circuit television when this furthers the interest of justice."); Dkt. 152 (applying *Gigante* and granting Government's motion for remote testimony of witness).  Absent any such proffer from the defense to the Court about the subject matter of the proposed testimony, the defense has failed to demonstrate any compelling need for that testimony or that the testimony would further the interests of justice in this case.  *See United States v. Buck*, 271 F. Supp. 3d 619, 623 (S.D.N.Y. 2017) (denying defense motion for live videoconference testimony from Swiss nationals citing, among other things, the failure to show that the testimony was material); *United States v. Mostafa*, 14 F. Sup. 3d 515, 521 (S.D.N.Y. 2014) (finding testimony via two-way closed-circuit television allowed only when the witness's testimony is material, the witness is unavailable, and that allowing testimony by such means

---

[1] The defense referenced seven witnesses residing in the United States for whom the defense is in the process of serving subpoenas.  Because the defense made no application for remote testimony by those witnesses in its October 18, 2020 submission, we do not address those witnesses in this letter.

Hon. Loretta A. Preska
October 21, 2020
Page 2

furthers the interests of justice). While a movant is not required to produce "affidavits from the witnesses as to their proposed testimony," the movant must at minimum make some proffer concerning the anticipated testimony sufficient to permit the district court to determine whether the anticipated testimony is material. *See United States v. Vilar*, 568 F. Supp. 2d 429, 440-41 (S.D.N.Y. 2008) (finding that Government's "broad[]" assertions failed to "describe with any particularity" the nature of testimony of two of four witnesses, leaving the court an insufficient basis to conclude that their anticipated testimony was material for purposes of a Rule 15 motion) (citing *United States v. Des Mareau*, 162 F.R.D. 364, 368 (M.D. Fla. 1995) for the proposition that a showing of materiality "may be made by several means including affidavit, proffered testimony, or calling a witness to the stand; at the very least, the proffer must alert the district court to the substance of the evidence that is at peril of being excluded").

Further, the defense has not made any showing or proposal regarding procedures for the introduction of remote testimony by defense witnesses residing abroad to ensure the reliability and integrity of such testimony in this federal criminal proceeding. To the extent that testimony cannot be taken at a United States embassy or consulate, the defense should propose procedures to ensure "there are measures in place to safeguard the important interests at stake in criminal proceedings." *United States v. Guild*, No. 07-cr-404, 2008 U.S. Dist. LEXIS 3605, at *7 (E.D. Va. Jan. 17, 2008).

With respect to the five witnesses from Ecuador,[2] because of Ecuador's constitutional prohibition against extradition of its citizens, allowing testimony from those witnesses would essentially be free of any penalty of perjury.[3] *See Buck*, 271 F. Supp. 3d at 624 (denying defense motion for videoconference testimony from Swiss nationals citing, among other things, the fact that the witnesses were not subject to extradition and that their testimony "may essentially be free of any penalty of perjury"); *United States v. Banki*, 2010 U.S. Dist. LEXIS 27116, at *7 (S.D.N.Y. 2010) (denying defense motion for videoconference testimony citing, among other things, the fact that the witnesses could not be extradited and "there is no way to ensure truth-telling as the Government cannot prosecute the witnesses for perjury or for the making of false statements"). While the defense asserts that all five of those witnesses "are voluntary witnesses willing to appear in the SDNY for trial on or about November 6-11, 2020" but cannot travel due to the pandemic,

---

[2] In an October 20, 2020 letter, (Dkt. 182), the defense indicated that it sought testimony from Ecuadorian attorney Augustin Salazar, instead of his brother Patricio Salazar as the defense had previously informed the Court in its October 18, 2020 letter (Dkt. 180). Presumably the defense decided against calling Patricio Salazar Cordova because he remains in noncompliance with an order issued on February 11, 2020 in the Civil Case denying his motion to quash a subpoena served on him by Chevron while he was visiting New York from Ecuador in 2019. Civ. Dkt. 2455. Judge Lewis A. Kaplan directed Patricio Salazar to: (1) produce all documents responsive to the subpoena for which there is not an assertion of privilege; (2) for any responsive documents for which there is a privilege assertion, produce a privilege log; and (3) appear for a deposition. *Id.* at 16. On March 27, 2020, Patricio Salazar's attorney in New York moved to withdraw as counsel, citing to Salazar's failure to pay any of his fees and Salazar's termination of his representation. Civ. Dkt. 2467. Also on March 27, 2020, Patricio Salazar's attorney sent an email message to Chevron's attorneys on behalf of his client in which Salazar stated, among other things, compliance as directed would be a violation of Ecuadorian law and "no order of a Foreign Judge can rule over that [attorney-client] relationship." Civ. Dkt. 2476-1.

[3] The Government assumes that these five witnesses are Ecuadorian citizens.

Hon. Loretta A. Preska
October 21, 2020
Page 3

the Government questions the defense's unsupported assertion with respect to, at least, Luis Yanza. As described in the Government's October 14, 2020 letter, Yanza, a defendant in the Civil Case who was accused of having (and later found to have) participated with Donziger in the fraud and corruption in obtaining the Ecuadorian judgment, never appeared in the Civil Case and is a defaulted defendant. Indeed, although Yanza had been listed by Donziger on his witness list for his New York Bar disciplinary hearing in 2019, Yanza did not appear to testify.

Accordingly, the Government opposes remote testimony by the nine witnesses who are currently abroad absent a further showing from the defense.

Respectfully submitted,

_____/s/_____
Rita M. Glavin
Brian P. Maloney
Sareen K. Armani
*Special Prosecutors on behalf of the*
*United States of America*