## SEWARD & KISSEL LLP

ONE BATTERY PARK PLAZA
NEW YORK, NEW YORK 10004

TELEPHONE: (212) 574-1200
FACSIMILE: (212) 480-8421
WWW.SEWKIS.COM

RITA GLAVIN
PARTNER
(212) 574-1309
glavin@sewkis.com

901 K STREET, N.W.
WASHINGTON, DC 20005
TELEPHONE: (202) 737-8833
FACSIMILE: (202) 737-5184

October 27, 2020

**VIA ECF**
Hon. Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *United States v. Steven Donziger*, No. 19 Cr. 561 (LAP); 11 Civ. 691 (LAK)

Dear Judge Preska:

      We write on behalf of the United States in opposition to the defendant's October 22 renewed motion for an indefinite continuance of this trial, scheduled to proceed on November 4. The defense principally argues that: (1) COVID-19 will prevent foreign defense witnesses, over whom there is no power of compulsory process, from attending the November 4th trial in-person; and (2) COVID-19 safety measures may undermine Donziger's right to effective assistance of counsel in the courtroom during the trial.[1] The defendant has identified nine defense witnesses who reside abroad—five in Ecuador, two in Spain, and two in Canada—who the defense argues would show up voluntarily in New York but for COVID-19 issues and that the schedules of those foreign witnesses who cannot be compelled to come to New York should control the trial date.[2] *See* Dkts. 180, 182. With respect to the safety measures, the defense speculates that COVID-19 courtroom protocols may impede the ability of the defendant to freely communicate with his counsel during trial. For the reasons set forth below, the defense motion should be denied.

---

[1] The defense's continuance motion also sought to have the Court readdress its prior decision granting the Government's motion to take remote testimony from Government witness David Zelman. *See* Mot. at 12-13. By order dated October 23, 2020, the Court denied that aspect of the defense motion. *See* Dkt. 188.

[2] The defense has also previously referenced seven witnesses residing in the United States for whom the defense is in the process of serving Rule 17(c) subpoenas. Dkt. 180, 182. As the defense has compulsory process over those witnesses and has made no application for remote testimony by those witnesses, we do not address those witnesses at this time.

Hon. Loretta A. Preska
October 27, 2020
Page 2


I.     **The Availability of In-Person Testimony from Witnesses Over Whom There Is No Power of Compulsory Process Does Not Require an Indefinite Adjournment**

   A.    **The Witnesses Residing in Ecuador**

The defense states that they have five witnesses residing in Ecuador (the "Ecuadorian Witnesses")[3] who are purportedly willing to voluntarily come to the United States to testify at the November 4 trial but are not "able to come to the United States at the present time because of travel restrictions imposed by both the United States Government and the Republic of Ecuador." Dkt. 187 at 6-7. The defense argues that because of "prohibitions put in place by their government and ours," the Ecuadorian witnesses will be essentially be precluded from testifying at the November 4 trial. As a result, the defense contends, Mr. Donziger's Sixth Amendment right to present his defense is infringed. This argument should be rejected.

The United States has instituted no ban against Ecuadorians travelling to the United States and the defense cites to none. *See* Centers for Disease Control and Prevention, *Travelers Prohibited from Entry to the United States* (Sept. 14, 2020) (available at https://www.cdc.gov/coronavirus/2019-ncov/travelers/from-other-countries.html) (noting restrictions on travelers from China, Iran, the European Schengen Area, the UK, Ireland, and Brazil). The Ecuadorian Witnesses are free to come to the United States for the November 4 trial. The issue is that those witnesses, who are beyond the power of compulsory process and this Court's jurisdiction, are purportedly choosing not to travel to the United States at this time because of COVID issues including "burdensome quarantines." Dkt. 187 at 8.

The defendant's argument is essentially a complaint that he does not have the right to compel testimony from the Ecuadorian Witnesses, and therefore his Sixth Amendment right to present a defense will be violated if the Court does not indefinitely adjourn the trial until those witnesses purportedly decide conditions are such that they would travel to the United States. In *United States v. Greco*, 298 F.2d 247, 251 (2d Cir. 1962), the Second Circuit pointed out: "the Sixth Amendment can give the right to compulsory process only where it is in the power of the federal government to provide it. Otherwise any defendant could forestall trial simply by specifying that a person living where he could not be forced to come to this country was required as a witness in his favor." *Id.* That is precisely the situation here. The Sixth Amendment does not give a criminal defendant the right to indefinitely adjourn his trial until a foreign witness over whom there is no power of compulsory process decides he will voluntarily appear in the United States to testify at trial. *See, e.g.*, *United States v. Epskamp*, No. 15-2028-cr, 2016 U.S. App. LEXIS 14472, at *6 (2d Cir. Aug. 5, 2016) (denying defendant's due process and compulsory process claims due to government's alleged failure to secure testimony of an individual incarcerated in another country, finding "[t]hat such testimony was ultimately unattainable due to

---

[3] The representation regarding proposed defense witness Luis Yanza's willingness to come to New York to testify at this trial on November 4 but for COVID-19 is dubious, given his failure to come to the United States to appear in the Civil Case 11 Civ. 691 and his status as a defaulted defendant. *See* Dkt. 184 at 3. A recent search of U.S. border entry records for Mr. Yanza by the FBI case agents working on this case indicates that Mr. Yanza has not traveled to the United States since 2012.

Hon. Loretta A. Preska
October 27, 2020
Page 3

circumstances beyond the power of the government and the District Court does not result in a violation of [the defendant's] rights."); *United States v. Yousef*, 327 F.3d 56, 114 (2d Cir. 2003) (district court did not abuse discretion in denying defendant's request for adjournment to permit a foreign witness in the Philippines to travel to New York to testify).

Because there is no power of compulsory process over the five Ecuadorian Witnesses and the defense cannot compel them to travel to New York to testify in-person for the November 4, the defendant can seek to present their testimony through a legally-sanctioned alternative. *United States v. Saipov*, 412 F. Supp. 3d 295, 300 (S.D.N.Y. 2019); *United States v. Mohamed Tahlil Mohamed*, No. 18-cr-603, 2020 U.S. Dist. LEXIS 58113, at *4-8 (E.D.N.Y. April 1, 2020) (discussing the legal standards where the defendant proposes to present defense witness testimony either by videoconference or Rule 15 depositions, in a case where the defense witnesses at issue resided in Somalia and were unable to travel to the United States to testify).

Here, the only alternative that the defendant has raised is "videoconferencing." Dkt. 153 (listing names of witnesses "the defense would like to call via online videoconferencing"). The Second Circuit has made clear what the standards are for the presentation of remote witness testimony at a criminal trial via video conferencing: "Upon a finding of exceptional circumstances . . . a trial court may allow a witness to testify via two-way closed circuit television when this furthers the interest of justice." *United States v. Gigante*, 166 F.3d 75, 81 (2d Cir. 1999). The defendant argues that he should not have to make any such showing to have the witnesses testify remotely, and this amounts to an unconstitutional "pre-screening" process. Dkt. 187 at 8-11. To the extent there is no compulsory process to compel the witness's testimony, the defendant must work within the legally-sanctioned alternatives to live testimony—which require a showing in this Circuit that "exceptional circumstances" exist such that testimony from that particular witness would further "the interest of justice." *Id.* "Exceptional circumstances" exist if the witness's testimony is material and the witness is unavailable. *United States v. Johnpoll*, 739 F.2d 702, 709 (2d Cir. 1984); *see also Mohamed Tahlil Mohamed*, No. 18-cr-603, 2020 U.S. Dist. LEXIS 58113, at *7-8 (E.D.N.Y. April 1, 2020).

The Court has already stated that the defendant may make a materiality proffer to the Court, *ex parte* and *in camera*, to the extent the defense does not want to disclose trial strategy to the prosecution in advance of the trial. *See* Dkt. 186 at 2. Notably, the defense cites to no caselaw for his argument that his Sixth Amendment rights are somehow infringed if he must make an *ex parte* showing to the Court on materiality if he seeks to admit remote videoconference testimony for any witnesses beyond the reach of compulsory process. Making an evidentiary proffer to the Court, *ex parte* and *in camera*, does not amount to a Sixth Amendment violation. *Cf.* Fed. R. Evid. 104 ("The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible.").

### B. The Witnesses Residing in Canada and Spain

With respect to the three purported defense witnesses in Canada and Spain cited in the defendant's motion, the same analysis set forth above applies because there is similarly no

Hon. Loretta A. Preska
October 27, 2020
Page 4

compulsory power over those witnesses. If those witnesses choose not to travel to the United States for the November 4 trial, the defendant can make application to present their testimony through legally-sanctioned alternative means. To the extent that is by remote videoconference, the defense needs to meet the *Gigante* standard.

Two of those three witnesses have supplied declarations, which fail to set forth sufficient information for this Court to make a finding regarding "exceptional circumstances." Prospective defense witness John Phillips states only "I believe I have material evidence to offer and would attend as a witness for Steven Donziger but for the state of the current pandemic and my personal medical situation." Dkt. 187-1 at 2. The defense previously informed the Court on September 4, 2020 that Mr. Phillips "will not travel to the U.S. until a vaccine is available" (*see* Dkt. 166 at 2-3), and no proffer of Mr. Phillips' expected testimony has been made or even attempted on an *ex parte* basis. Likewise, prospective defense witness Simon Taylor demands that the trial be adjourned "until and only after the Covid 19 situation has improved to the extent that all who need to participate can do so safely and in person" (Dkt. 187-2), but the defense offers no information about the testimony he is expected to provide with respect to the criminal contempt charges in this case.

## II. Courtroom Safety Measures Do Not Violate the Defendant's Sixth Amendment Rights

The defendant argues that "social distancing and other safety measures may create a violation of Mr. Donziger's right to the effective assistance of counsel," noting that the defendant's ability to communicate with his counsel during trial could be constitutionally impaired by wearing masks in a "small courtroom" and remaining six feet apart. Dkt. 187 at 14-15. This defense contention is speculative and premature. The Court can address issues regarding the defendant's ability to communicate with his counsel as they arise at trial. Notably, on the issue of communicating with counsel while social distancing, the courtroom is set up such that counsel and the defendant will be seated at counsel table with "whisper" phones on the table to allow them to communicate freely during the trial. Last week the Southern District completed a criminal jury trial and another one began this week with safety measures in place. *See United States v. Collins*, 19 Cr. 395 (PKC) (S.D.N.Y.); *United States v. Petit*, 19 Cr. 850 (JSR) (S.D.N.Y.); *cf. United States v. Vorley et al.,* 18 Cr. 35 (N.D. Ill.) (criminal jury trial held from September 14 to September 25, 2020 in Chicago, with defense attorneys traveling to Chicago from New York and London, and defendants traveling to Chicago from abroad).

Finally, the defense again seeks to adjourn the trial date so that attorney Ronald Kuby might attend in addition to defense trial counsel of record Lauren Regan—an issue this Court previously addressed in September and again on October 5. The defendant has known of the November trial date since September 4, yet has not retained counsel who can appear for the November 4 trial in addition to Ms. Regan—if that is indeed what the defendant wants to do.[4] Mr. Donziger has also

---

[4] At the October 5, 2020 status conference, defense counsel stated that "Mr. Donziger is a human rights lawyer, he is not a criminal defense lawyer. . . ." Oct. 5, 2020 Tr. at 8. The record should reflect that the defendant worked as a criminal defense attorney in the Office of the District of Columbia Public Defender Service from 1991 to 1993, and

Hon. Loretta A. Preska
October 27, 2020
Page 5

declined to fill out a CJA affidavit.  Oct 5, 2020 Tr. at 2.  This Court informed the defendant on October 5 that he "will not be permitted to manipulate the proceedings by your choice or nonchoice of counsel. . . the November 4 trial date is a firm date."  *See Id.* at 3; *see also United States v. Bentvena*, 319 F.2d 916, 936 (2d Cir. 1963) ("accused's right to select his own counsel…cannot be insisted upon or manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice.").

        The motion to adjourn the trial should be denied.

        Respectfully submitted,

        _____/s/_____
        Rita M. Glavin
        Brian P. Maloney
        Sareen K. Armani
        *Special Prosecutors on behalf of the*
        *United States of America*

---

from 1997-1999 he worked as an associate for noted criminal defense attorney Gerald B. Lefcourt.  Defense Trial Exhibit 1750 ¶¶ 3, 5 (Donziger direct testimony affidavit), *Chevron Corp. v. Donziger et al.*, 11 Civ. 691.