```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
-------------------------------------------------------------

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| -against- | 19-CR-561 (LAP) |
| | 11-CV-691 (LAK) |
| STEVEN DONZIGER, | |
| Defendant. | ORDER |

LORETTA A. PRESKA, UNITED STATES DISTRICT JUDGE:

    Before the Court is Mr. Donziger's latest, but probably not last, request to adjourn the trial. (Dkt. no. 200-1.) Construing the request as a motion for reconsideration, the motion is denied.

    In this latest request, Mr. Donziger relies on the same arguments he has made before: 1) his counsel situation, and 2) the COVID-19 pandemic. As to Mr. Donziger's counsel situation, as the Court has noted before (e.g., dkt. nos. 149, 168, 176, 196), Mr. Donziger's current representation by Ms. Regan alone is a result of his prior refusal to waive a potential conflict with Mr. Friedman and Ms. Littlepage, counsel to him in the underlying civil case, at a Curcio hearing. As noted previously, the prosecution raised the issue with Mr. Donziger and his then-current counsel, Andrew Frisch, in May. Indeed, Mr. Frisch has recently stated that he himself "had no reason to believe that Mr. Donziger would elect not to waive Mr. Friedman's potential conflict." (Dkt. no. 157-2 ¶ 16.) Mr.

Donziger's subsequent failure formally to waive what the Court found to be only a potential conflict -- usually a pro forma matter -- caused the disqualification of Mr. Friedman and Ms. Littlepage.[1]  Mr. Donziger's refusal in the 70-plus days since disqualification to retain New York counsel able to try the case as scheduled[2] or to fill out a CJA Financial Affidavit was his choice.

As to the COVID-19 pandemic, as the Court noted in its order of October 28, the Southern District of New York has consulted with several medical specialists and implemented numerous measures that have allowed the Court to return to safe, socially-distant operation, including jury trials and grand jury proceedings.  (Dkt. no. 196 at 8-9 & n.4.)  Already, juries have been selected in at least seven cases, and one criminal jury trial has been completed.  Because this case is a bench trial and, as noted in the order of November 4, will be conducted in one of the large courtrooms, the safety of the participants will be ensured at all points.  (Dkt. no. 199.)

---

[1]   Mr. Donziger's apparent inability to agree with Mr. Frisch on strategy caused Mr. Frisch to move to withdraw, a motion the Court was constrained to grant.  (Dkt. nos. 157, 168.)

[2]   During the August 27, 2020 Curcio hearing, Mr. Donziger asked the Court to adjourn trial until December 7 so that another attorney, Ronald Kuby, could represent him.  The Court has denied that request and similar subsequent requests in multiple orders.  (Dkt. nos. 158, 168, 176, 196.)

Finally, the Court notes the apparent inconsistency in Mr. Donziger's arguments. On one hand, he seeks a delay, apparently until the conclusion of the COVID-19 pandemic, which he says "shows no sign of breaking." (Dkt. no. 200-1 at 2.) On the other hand, he asks that Mr. Kuby--who said in late August he could not appear before December 7 but who has been working with Mr. Regan as "of counsel" on behalf of Mr. Donziger (dkt. no. 185)--be allowed to consult with Ms. Regan and the Special Prosecutors "about a date to do the trial when they can appear and have adequate time to prepare." (Dkt. no. 200-1 at 4.) At bottom, this is yet another request for delay in which Mr. Donziger has not raised any facts or law overlooked by the Court in its prior orders.

Mr. Donziger's request (dkt. no. 200-1) to reconsider its orders denying his motions to adjourn trial is denied.

<u>SO ORDERED.</u>

Dated: November 5, 2020
       New York, New York

*Loretta A. Preska*
_____
LORETTA A. PRESKA, U.S.D.J.