UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
CHEVRON CORPORATION,

                 Plaintiff,

      -against-                                            11-cv-691 (LAK)

STEVEN DONZIGER, et al.,

                 Defendants.
------------------------------------x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        On July 31, 2019, the Court issued an order in this case (the "July 31 Order"), pursuant to Fed. R. Crim. P. 42, that directed Steven Donziger to show cause, before the Honorable Loretta A. Preska, why he should not be held in criminal contempt of court. (11-cv-691, DI 2276) The criminal contempt matter was assigned to Judge Preska, who graciously agreed pursuant to Rule 14 of this Court's Rules for the Division of Business Among District Judges, to try the criminal contempt charges. Judge Preska thereafter (1) directed that the Clerk of Court assign a criminal docket number to the contempt matter, (2) prescribed a new caption for that matter, and (3) required that all papers thenceforth filed in the criminal contempt matter bear the new caption, the new criminal docket number, and contain the notation [11-cv-691] beneath the new criminal number.[1] (19-cr-561, DI 2)

        On November 16, 2020, Attorney Ronald Kuby, who previously had not appeared in this case, filed a notice of appearance on behalf of the defendant in the criminal contempt matter before Judge Preska. The caption of that document bears the docket numbers both of that matter and of this one as required by an order issued by Judge Preska in 19-cr-561 on August 5, 2019. The notice of appearance itself, however, stated that the attorney "hereby appears in 19-CR-561 (LAP)" (19-cr-561, DI. 215), which suggests the possibility that the attorney wished to avoid appearing in this 11-cv-691 action, an action in which his client has proceeded *pro se* for some time.

---

[1] Such an order in a criminal contempt prosecution commenced by notice, pursuant to Fed. R. Crim. P. 42, in a civil case is "administrative" in nature. *United States v. Brennerman,* No. 17-cr-155 (LAK), 2017 WL 3421397, at *4 (S.D.N.Y. Aug. 8, 2017).

On the same day, the same attorney e-filed only in the criminal contempt matter, but did not e-file or docket in this case, a letter addressed to the undersigned rather than to Judge Preska, who is presiding over the matter in which he filed it. The letter seeks various forms of relief, most notably vacatur of so much of the July 31 Order as designated Judge Preska to try the criminal contempt matter. And its filing only in the criminal contempt matter and not it this case is perplexing, as the July 31 Order was entered in this case and may be vacated, if at all, only here.

In the circumstances, the effect of the attorney's actions to date, and his actual intention, are unclear. If he appears, or by his actions to date has appeared, on behalf of Donziger in 11-cv-691, then he would have standing to make the motion. If, on the other had, he neither has done so, nor does so in the future, he would lack any standing to speak or otherwise participate in 11-cv-691. Fortunately, it is unnecessary to resolve this issue now.

The letter motion as it now stands must be denied – regardless of whether the attorney has standing to make it – because it does not comply with Instruction 13.1 of this District's ECF Rules and Instructions and Local Civ. R. 7.1. Instruction 13.1 enumerates those motions that may be made by letter. It specifically prohibits letter motions for relief that is not explicitly allowed by that Instruction. The letter motion is not among those enumerated in Instruction 13.1. It therefore must be made by a motion in the regular course. Rule 7.1 requires that a motion be made by notice of motion or an order to show cause and that it be accompanied by (a) a memorandum of law and (b) "[s]upporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion." The latter requirement is especially significant in view of the factual assertions, references to hearsay sources, and suppositions contained in the attorney's letter.

Accordingly, the motion (19-cr-561, DI 216) is denied without prejudice to the filing in 11-cv-691 of a motion that complies with Local Civ. R. 7.1. Donziger and his attorneys presumably will resolve, before any such motion is filed, the question of what attorney(s), if any, now appear for him in this case or whether instead he will continue *pro se*.

SO ORDERED.

Dated:      November 20, 2020

_____
Lewis A. Kaplan
United States District Judge