# SEWARD & KISSEL LLP

ONE BATTERY PARK PLAZA
NEW YORK, NEW YORK  10004

TELEPHONE:  (212) 574-1200
FACSIMILE:  (212) 480-8421
WWW.SEWKIS.COM

RITA GLAVIN
PARTNER
(212) 574-1309
glavin@sewkis.com

901 K STREET, N.W.
WASHINGTON, DC  20005
TELEPHONE:  (202) 737-8833
FACSIMILE:  (202) 737-5184

December 9, 2020

**VIA ECF**
Hon. Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

   Re: *United States v. Donziger*, 19 Cr. 561 (LAP); 11 Civ. 691 (LAK)

Dear Judge Preska:

  We write in opposition to the defendant's November 24, 2020 letter requesting that the Court modify its July 22, 2020 order (Dkt. 108) directing the special prosecutors to disclose certain information for each paid invoice in this matter.  Dkt. 218.  Specifically, the defendant requests that, "[t]o prevent the prosecution from frustrating this Court's [July 22, 2020] Order," the Court modify its order as follows: "1) Seward & Kissel[] must submit any invoice for which payment is requested no later than one month following the calendar month in which the services were performed[,] 2) to the extent that Seward & Kissel has outstanding invoices that currently fall outside of this window, said invoices must be submitted within 5 (five) business days of this Order, and 3) failure to follow this Order will result in precluding compensation for the period in question."[1]  *Id*. at 2.  The defense request should be denied.

  As a preliminary matter, the defendant cites to no legal authority in support of his request that the Court set certain procedures for (a) the timing by which special prosecutors submit invoices in this matter and (b) a proposed penalty if invoices are not submitted within a particular time frame.  After briefing on the issue of the public's right of access to the special prosecutors' invoices this past summer, this Court ruled that *for each paid invoice*, certain information from those invoices must be disclosed: (1) the billing totals; (2) the page of the billing statement showing "Total Hours," Total Services," Total Disbursements," and "Total Amount Due;" and

---

[1] The defense also requests, "If there is a different body or judicial officer involved in the review and approval of any invoices in addition to this Court, please identify that person or entity." Dkt. 218 at 3.  This Court addressed this specific issue in an August 18, 2020 order, stating: "upon reviewing each invoice from the special prosecutors and finding that it was in good order, the Court sent a letter to the District Executive's Office approving the invoice for payment.  The invoice approval letters are attached to this order at Appendix A." Dkt. 129 at 1.  The invoice payment approval letters, attached to that Order at Appendix A, were all signed by the Honorable Loretta A. Preska and addressed to the District Court Executive's Office.

Hon. Loretta A. Preska
December 9, 2020
Page 2

(3) the final page of the invoice showing the hours, rates and amount attributable to each individual lawyer.  Dkt. 108 at 3.  The special prosecutors have complied with that order and disclosed that information *for each paid invoice* and will continue to do so.  Thus, to the extent the defendant argues that the special prosecutors' billing practices might somehow "frustrate" the Court's order directing disclosure of information regarding amounts paid to Seward & Kissel LLP, nothing about the special prosecutors' billing practices frustrate what this Court directed must be disclosed and which the prosecution has since disclosed.

      Continuing his longstanding pattern of attacking the professionalism and integrity of the special prosecutors, the defendant asserts—incorrectly—that the special prosecutors are "deliberately delaying their billing to conceal" public disclosure of payments for their legal work until after this case is over.  The special prosecutors have not delayed billing to avoid public disclosure.  Suffice it to say there are outstanding invoices and when those invoices are paid, disclosure will be made of each paid invoice as the Court directed.  As we previously informed the defense, we plan to provide redacted copies of each paid invoice within a week after we receive notice of the invoice payment from our accounting department.   The defendant's request should be denied in its entirety.

      Respectfully submitted,

      _____/s/_____
      Rita M. Glavin
      Brian P. Maloney
      Sareen K. Armani
      *Special Prosecutors on behalf*
      *of the United States*