UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
: 
CHEVRON CORPORATION, :
:
Plaintiff, :
:
v. : 11 Civ. 0691 (LAK)
:
STEVEN DONZIGER, et al., :
:
:
Defendants. :
------------------------------------- x

DECLARATION OF ANNE CHAMPION IN SUPPORT OF
CHEVRON CORPORATION'S REPLY TO
AARON MARR PAGE'S RESPONSE PURSUANT TO DKT. 2610

I, ANNE CHAMPION, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.  I am an attorney licensed to practice law in the State of New York and before this Court. I am a partner at the law firm of Gibson, Dunn & Crutcher LLP and counsel of record for Chevron Corporation ("Chevron") in this matter. I make this declaration, based on personal knowledge, in support of Chevron Corporation's Reply to Aaron Marr Page's Response Pursuant to Dkt. 2610. If called as a witness, I could and would testify competently as to the content of this declaration.

2.  On April 23, 2021, Aaron Marr Page asserted in his Supplemental Brief that Chevron "never, as it did with Mr. Donziger, provided a form it would consider sufficient to execute a 'transfer'" of his 0.25% interest in the Ecuadorian judgment. Dkt. 2621 at 5.

3.  That statement was incorrect. In its motion to hold Page in contempt, Chevron expressly noted that it was providing Page a form to effect the transfer: "The Court should order

Page to execute a transfer and assignment of his 0.25% interest in the Ecuadorian judgment to Chevron in the form attached to the Champion Declaration as Exhibit 113." Dkt. 2316 at 34. Chevron then included the form as Exhibit 113 to the declaration I filed in support of Chevron's motion for contempt. Dkt. 2317-113.

4. On April 21, 2021, Mr. Page emailed me to ask if I had any "thoughts" on the transfer of his 0.25% interest in the Ecuadorian judgment, stating, "I assumed Chevron has no real interest. If you need a paper 'transfer' just send me something." I responded to Mr. Page the same day, reminding him that "Chevron attached a copy of a proposed transfer form to its original motion to hold [him] in contempt" and that he "did not execute that transfer form at that time and still have not executed it in the more than a year-and-a-half since that filing." I also attached the form to my email and sent it to Mr. Page again. Mr. Page responded by stating, "I don't recall seeing this before. Anyway here you go, let's be done with it."

5. On April 22, 2021, Mr. Page sent me via email a signed copy of the Transfer and Assignment form, assigning his 0.25% interest in the Ecuadorian judgment to Chevron Corp. I responded the same day, asking him to confirm that he would send a signed, notarized original version.

6. On April 23, 2021, Mr. Page sent an email stating that he would send the notarized original by mail. He also sent a photocopy of the notarized form.

7. The exchange described in Paragraphs 4–6 herein is from an email chain between Anne Champion and Aaron Marr Page, copying Andrea E. Neuman, starting on April 22, 2021, and ending on April 23, 2021, with the subject "Arrangement re 0.25% contingency interest," a true and correct copy of which is attached hereto as **Exhibit A**.

8. I received the notarized original Transfer and Assignment from Mr. Page on April 30, 2021.

Executed on this 30th day of April 2021 at New York, New York.

*/s/ Anne Champion*
Anne Champion
