# GLAVIN PLLC
2585 Broadway #211
New York, New York 10025
646-693-5505

June 18, 2021

**VIA ECF**
Honorable Loretta A. Preska
U.S. District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Donziger*, 19 Cr. 561 (LAP); [11 Civ. 691 (LAK)]

Dear Judge Preska:

    I write in response to defendant Steven Donziger's June 3, 2021 motion to dismiss the criminal contempt charges and for recusal of the Court under 28 U.S.C. § 455. Dkt. 324. The motion should be denied.

### A. The Motion to Dismiss

    The defendant's latest motion to dismiss (*see, e.g.*, Dkts. 60, 225, 258, 274) argues for dismissal based on: (1) the Court's rulings regarding discovery in this criminal case; (2) the fact that the Special Prosecutor did not submit an affidavit in response to the defendant's April 12, 2021 motion for dismissal, recusal and/or discovery; (3) the claim that this is a "Chevron-orchestrated and Chevron-financed prosecution—the first corporate prosecution in U.S. history"; and (4) the claim that "there has never been a case like this in the entire history of the United States." Dkt. 324.

    On the issue of discovery from the Court and the Special Prosecutors, the issues raised by the defense were already litigated in the defendant's April 12, 2021 motion (Dkt. 259), which this Court denied on May 6, 2021 because the defendant had not made the necessary showing and a number of his allegations were premised on "innuendo and conjecture." Dkt. 297 at 21, 23-24. Displeasure with the Court's rulings is not a basis for dismissal. With respect to the Special Prosecutors' communications with Judge Kaplan, the answer remains the same as it was when we addressed this issue in January 2020: "the prosecution does not work for Judge Kaplan and makes its own decisions in this case" (Dkt. 50 at 2); and "the prosecution does not seek Judge Kaplan's input with respect to our prosecution decisions or our strategy, and Judge Kaplan does not weigh in on our prosecution decisions or strategy." Dkt. 52 (Jan. 6, 2020 Hearing Tr.)

Hon. Loretta A. Preska
June 18, 2021
Page 2

at 16-17.  The Court has ruled on this issue at least three times.  Dkts. 52 at 18; 150 at 2; 297 at 23-24.

As for the Special Prosecutor's decision not to file an affidavit in response to the defendant's April 12, 2021 motion seeking dismissal, recusal, and/or discovery, the defendant cites to no legal authority that such an affidavit was required.  The Special Prosecutors addressed the merits of the defendant's arguments for discovery in a lengthy April 27, 2021 opposition brief.

The defendant's claim that this is a "Chevron-orchestrated and Chevron-financed prosecution—the first corporate prosecution in U.S. history" (Dkt. 324 at 2) is belied by the record.  First, as the defendant and his attorneys are well-aware, the Special Prosecutors are not paid by Chevron—they are paid by the federal judiciary.  Dkt. 106 n.1 ("To be clear, Seward is not being paid by any source other than the federal judiciary.").  The Special Prosecutors submit invoices to the Southern District of New York for payment, and we provide the defendant with copies of the paid invoices pursuant to this Court's July 22, 2020 order.  Dkts. 108, 129, 220, 222.  Second, the law firm Gibson Dunn & Crutcher LLP—not Chevron—is bearing the cost for the time spent by the subpoenaed partners who met with the Special Prosecutors.  *See* May 10, 2021 Trial Tr. at 17, 464, 466, 717; Dkts. 304, 305.  Third, this criminal contempt prosecution was initiated by Judge Lewis A. Kaplan—not Chevron—pursuant to Federal Rule of Criminal Procedure 42 following Donziger's repeated and deliberate disobedience of court orders.  *See* 2d Cir. No. 20-464, Dkt. 28 (J. Kaplan Response to Petition for a Writ of Mandamus) at 1-3, 7-16, 17-19, 44, 48; Dkt. 1.

Finally, as for the defendant's claim "there has never been a case like this in the entire history of the United States," the fact that any case is unique is not a basis for dismissal.

### B. The Recusal Motion

The defendant's latest motion for recusal (*see e.g.,* Dkts. 60, 171, 258, 267) consists primarily of complaints about the Court's rulings with which the defense disagrees. Dkt. 324 at 1.  As this Court has already ruled, "a party's unhappiness with the judge's decisions is not a basis for recusal." Dkt. 172 at 4.

The defendant also makes a general claim—alleging no facts—that the Court's "personal involvement with the Chevron private prosecutor. . .is an appalling display of misconduct."  Dkt. 324 at 1. The defendant previously filed a motion arguing purported impropriety over the fact that I, along with the Court and more than one hundred others, serve on the Board of Directors of the Fordham Law School Alumni Association.  Dkt. 259 at 7.  The Court found that this was not a basis for recusal, citing to Canon 4 of the Code of Conduct of United States Judges and numerous cases. Dkt. 297 at 23-25.

Hon. Loretta A. Preska
June 18, 2021
Page 3

 

Finally, the defendant again complains about the manner in which case was assigned to the Court. For the reasons set forth in the Court's May 7, 2020 decision addressing the defendant's first recusal motion, that is not a basis for recusal. Dkt. 68 at 10-12.

Accordingly, Donziger's motion to dismiss the criminal contempt charges and for recusal of the Court should be denied.

Respectfully submitted,

_____/s/_____
Rita M. Glavin

*Special Prosecutor on behalf
of the United States*