Amicus Brief

United States Supreme Court
&
Department of Justice

08/28/2021

Prepared By Troy R Prouty

In the case of

No. 19-CR-561 (LAP) No. 11-CV-691 (LAK)

01-10-2021

UNITED STATES OF AMERICA, v. STEVEN DONZIGER, Defendant.

"This criminal contempt case is an outgrowth of Chevron Corp. v. Donziger, 11-CV-691 (S.D.N.Y.), over which Judge Lewis A. Kaplan presides. (Id. at 2.) In 2014, following a lengthy trial, Judge Kaplan issued a decision and judgment in Chevron's favor. See Chevron Corp. v. Donziger, 974 F. Supp. 2d 362 (S.D.N.Y. 2014). Four years later--following the Court of Appeals' affirming that judgment and the Supreme Court's denying certiorari--Judge Kaplan issued a supplemental judgment for costs in the amount of $813,602.71 against Mr. Donziger and others. (See dkt. no. 1962 in 11-CV-691 at 2.)"

Let me start by saying that many people have shared opinions that they are in shock by everything that has transpired regarding this case. Many people see a manipulation and abuse of Justice at the hands of a powerful company.

I'm not shocked at all.

Truth be told, I have seen abuse at the hands of Attorneys, Judges and Corporations much of my life. There is never a shortage of it. In fact just recently I saw this one case where the Judge had previously been a prosecutor and disliked the defense and did everything in his power to discredit her in trial. At the end, the person was convicted for a crime he hadn't done at the abuse of this judge and the case was sent on appeal and was overturned.

I often say that the innocent prefer facts and the guilty never do. That however, loses meaning when the justice system itself becomes corrupt. As we know the famous John Locke Quote. "Where law ends tyranny begins". My personal belief is, we need our justice system to be held more accountable, not less or we will become anything but justice.

I have studied this case and believe it to be based on bias, a violation of ethics for code of conduct and even possibly a violation of guidelines set by the American Bar Association and any outcome should be tossed out by the courts.

Let me start with the canon violations.

Canon 1. A Judge should uphold the integrity and independence of the Judiciary.

*Integrity is defined as being honest and having moral principles.*

*Judicial independence is the ability of courts and judges to perform their duties free of influence or control by other actors.*

A lot of people have brought up that Judge Loretta Preska is a member of the Federalist Society that is in part funded by Chevron and that could violate Canon 1 of outside influence? It certainly could be an issue. I don't think there is really an answer to that, it's like saying a sentence after a victim statement is suppose to be independent from that statement, but we all know there are cases where judges probably feel an emotion that leads to more or less a sentence based on that. It's pretty hard to prove one way or another.

I'm more interested in Judge Preska and her relationship with Hertzog, Calamari and Gleason that in the past have represented Chevron.

"Anthony L. Paccione, New York, N.Y. (Loretta Shaw-Lorello, Hertzog, Calamari & Gleason, New York, N.Y., Of Counsel), for Respondents-Appellees, Chevron (Nig.) Ltd. and Chevron Corp., Inc."

I would like to know how a judge with both these ties or relationships can uphold integrity without a personal belief that can sway bias in this case. Especially since we know that thoughts equal feelings and ultimately behavior?

Judge Preska worked at Hertzog, Calamari & Gleason from 1982 until her appointment to the federal bench.

<u>I believe that Judge Preska should have excused herself from this case based on these two possible conflicts. Even if she felt she could seperate her relationships from the case. It's not always that easy cognitive speaking. The possibility of bias was there and it should have been put to rest, but wasn't, thus any decision by Judge Preska in this case, is suspect of bias as defined below.</u>

*Bias. Unfaily prejuduced for or against someone or something.*

This leads to:

Canon 2. A Judge should avoid impropriety and appearance of impropriety in all activities.

*Impropriety is defined as improper or indecorous act or remark.*

I believe Judge Preska's failure to not excuse herself was and is an improper act, and was of bad taste, rather bias occurred or not, because it tainted the outcome of any opinion she may have had in this case.

Canon 3. A Judge Should perform the duties of the office fairly, impartially and diligently.

We already touched on impartially and I believe with conflicts listed above, we have proven to at least make a case she should have excused herself. So let's talk about the others.

The Duties of office for Judges is the responsibility to enforce the rule of law by deciding criminal, civil, family, and other types of legal disputes. To interpret and apply state and federal constitutions and statues in decisions on cases. So basically to resolve something and to do it fairly, "Proper, unbiased" between all parties and do it diligently (conscientiousness) "Quality to do well"

<u>Well if they violated Canon one and Canon two, they would have to had violate Canon three, since there is simply no way not to.</u>

Canon 4, A Judge may engage in extra judicial activities that are consistent with obligations of judicial office.

Obligations of judicial office is defined to uphold and promote the independence, integrity and impartiality of the judiciary and avoid impropriety and appearance of impropriety. We will talk more about this is in the summary of Judge Preska.

Canon 5. A Judge should refrain from political activity.

The Federalist Society is based on Conservative and Libertarian views. Many of the views offered from the Federalist Society events discuss topics within our political system and how they apply to their limited view of things that I believe can be construed as political activity. I myself have taken part in such in their events on limiting government spending and restrictions on cost of license fee's and property tax How much Judge Preska was involved in them is unknown by me.

Summary of Judge Preska and Canon Codes of Conduct:

If I lived in a small town many miles away from any other town and had only one gas station and it was a Chevron would I have a partnership with Chevron?

Yes, probably so, but would I be limited by circumstance of that partnership? Certainly. We do not know the extent of Judge Preska's involvement with Chevron or even the Federalist Society or even if it affected the outcome in this case?

In law, I noted the importance of "Fact" innocent vs guilty, but in the code of conducts, there is allowance for perception that could interfere within judgments.

As previously mentioned Justice must not be equal or less, but must meet standards of "More", in order for justice to be served, beyond reasonable doubt. After all all we use that term "beyond reasonable doubt" in those that are guilty.

Lawyers have a high degree of accountability and Judges are suppose to have more than lawyers. If there was ever a chance of question regarding the outcome of a trial and special interest involved in that outcome, it is the duty of that Judge to excuse themselves not to taint the outcome of the decision and sadly Judge Preska didn't do that.

Judge Preska's ties to Chevron might just be circumstance, but it's reasonable to assume that there is enough question, that if Judge Preska had used Due Diligence, she would have excused herself to satisfy any question from all parties.

A Judge should maintain and enforce high standards of conduct and should personally observe those standards so that the integrity and independence of the judiciary may be preserved. Because Judge Preska didn't, she diminished public confidence in the judicial system. In doing so, she put at risk her personal interest above law; rather justified or at the very least, questioned in the courts relationship of political, financial, or private interest regarding this case; leading to the question of faithful duty under the law that might have been swayed by partisan interest.

One issue regarding this case that hinders any justification of Judge Preksa not to excuse herself. Is the direct violation of Article III Section 2. The right of trial by Jury which she denied. Unlike my example above of living in a small town miles away from another gas station and having to get gas at the only gas station in town which is a Chevron, If Judge Praska wasn't going to excuse herself and wanted to attempt, separating herself from possible complaints of bias in attempt to easing both parties concerns equally. It would seem reasonable to allow a jury trial in order to do so, but Judge Preska did the very opposite of that and denied the defendant his right under the Constitution allowing the only decision of guilt or innocence to be left with her.

Sincerely,

[signature]

Troy Prouty
1786 SW Fellows # 48
McMinnville, OR 97128

CC:  United States Ditrict Court/ Southern District N.Y.

Creative Chevron
Terry Mouth
1786 SW Falcon Hts
Dunsmuir, OR
7/28

RECEIVED

United States District Court
Southern District of New York
500 Pearl St
New York, NY 10007-1312

Cim JUR
DLA