# LAW OFFICE OF RONALD L. KUBY

ATTORNEYS AT LAW
119 WEST 23RD STREET, SUITE 900
NEW YORK, NEW YORK 10011

TELEPHONE: (212) 529-0223
FAX: (212) 529-0644
WWW.KUBYLAW.COM

RONALD L. KUBY
RHIYA TRIVEDI

OF COUNSEL
GEORGE WACHTEL
LEAH BUSBY

STAFF
SUSAN BAILEY

PROCESS SERVER
LUIS R. AYALA 1952-2012

January 20, 2022

Hon. Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, N.Y. 10007
Via ECF.

Re: United States v. Donziger, No. 19-cr-561 (LAP), 11-civ-691 (LAK)

Dear Judge Preska:

Gosh! Within hours of writing to the Court, the Document Fairy appears with invoices dated September 21, 2021, September 22, 2021, and September 29, 2021, covering work performed in July and August of last year. We of course have no idea when these invoices were submitted and when they were paid.
Nor has the prosecution deigned to inform us how long these have been sitting around or whether their production today was simply a delightful manifestation of coincidence. But we are happy to receive them.

The June 29, 2021 email to which the private prosecutor refers contains invoices dated April 29, 2021 and May 25, 2021. The private prosecutor now informs us that these invoices were for work done from January 2021 through March 2021. There is nothing in those documents that would give anyone a clue as to the work period covered. I attach them for your review. Unlike many of the other invoices, which provide for the work period covered, these do not.

These difficulties are a direct result of the prosecution's efforts to release the least possible information, as late as possible, pursuant to an Order that was designed to be circumvented.

1

Today's disclosure notes work through August 31, 2021. We would request 1) An affirmative statement that all work performed from July 31, 2019 through August 31, 2021 has been submitted for payment and has been paid; 2) that invoices (whether submitted or not) for September-December of last year be disclosed; and 3) a commitment to submit additional invoices with two weeks of every monthly billing cycle.

Finally, as we have stated before, all adjournments that were sought were sought in order to protect Mr. Donziger's rights and to make it reasonably likely that none of us would die of Covid prior to the development of the vaccine. This Court rightfully saw the wisdom in those adjournments and granted them. That was not Mr. Donziger's fault. Further, as this Court will recall, the prosecution's case-in-chief consisted almost exclusively of witnesses reading documents from the trial record of the civil RICO proceeding. It is unclear to me how much "re-prep" is needed to have a witnesse read a document, especially when those witnesses are highly-compensated partners at a large law firm and wrote the documents themselves. Indeed, the Court itself suggested the entire trial could have been done on paper. The prosecution eschewed this suggestion and conducted a show trial.

It is true that nothing the defense did or did not do was going to move Good Ship Justice a single compass point from its appointed course. We all knew that from the beginning. But we make no apologies for at least rowing against the inexorable and merciless current.

Sincerely,

Ronald L. Kuby

(attachment)

```
The Court is in receipt of Mr. Donziger's
letter dated January 20, 2022 (dkt. no. 395)
and the Special Prosecutors' letter dated
January 20, 2022 (dkt. no. 394).  Because the
Special Prosecutors have proffered "each paid
invoice" in the matter, nothing else is
required.

SO ORDERED.

Dated:    January 21, 2022
          New York, New York
```

*Loretta A. Preska*
LORETTA A. PRESKA
Senior United States District Judge

2